UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: ANTHEM, INC., CUSTOMER DATA
SECURITY BREACH LITIGATION                                              MDL No. 2617


**TRANSFER ORDER**


**Before the Panel:**[*]  Plaintiff in an action pending in the Southern District of Indiana moves under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in the Southern District of Indiana. This litigation consists of seventeen actions—seven actions pending in the Southern District of Indiana, five actions in the Central District of California, and one action each in the Northern District of Alabama, the Eastern District of California, the Northern District of California, the Northern District of Georgia, and the Southern District of Ohio—as listed on Schedule A.[1]

With one exception,[2] all responding parties agree that centralization is warranted, but disagree about the most appropriate transferee district. In addition to the movant, plaintiffs in twenty-one actions and potential tag-along actions support centralization in the Southern District of Indiana, as does common defendant Anthem, Inc. (Anthem) and numerous affiliated entities, each of which is named in one or more of the actions or potential tag-alongs.[3] Plaintiffs in eleven actions

---

[*] Certain Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

[1] The Panel has been notified of 89 related actions pending in 29 different districts. These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1, and 7.2.

[2] Plaintiff in a potential tag-along action pending in the Northern District of Illinois (*Ross*), which involves allegations against a defendant class of Blue Cross Blue Shield entities that are not affiliated with Anthem, opposes inclusion of *Ross* in this MDL. Plaintiff's objections are premature. The proper approach is for plaintiff to present her arguments by moving to vacate if we issue an order conditionally transferring her action to the MDL. *See* Rule 7.1. Or plaintiff may request that the transferee judge remand her action to the transferor court. *See* Rule 10.1.

[3] Each of the following Anthem-affiliated entities is named in one or more of the actions on the motion and support centralization in the Southern District of Indiana: The Anthem Companies, Inc.; The Anthem Companies of California, Inc.; Anthem Blue Cross Life and Health Insurance Company; Blue Cross of California, d/b/a Anthem Blue Cross; Blue Cross and Blue Shield of Georgia, Inc.; Community Insurance Company d/b/a Anthem Blue Cross and Blue Shield; Empire Healthchoice Assurance d/b/a Empire Blue Cross and Blue Shield; Empire Healthchoice HMO, Inc.
(continued...)

-2-

and potential tag-along actions suggest instead that this litigation be centralized in the Northern District of California. Plaintiffs in another five actions and potential tag-along actions suggest centralization in the Central District of California, while plaintiffs in five potential tag-along actions advocate for centralization in the Southern District of California. The Eastern District of California and the District of Connecticut are each proposed as the transferee district by one potential tag-along plaintiff. Finally, several plaintiffs alternatively suggest the Central, Northern, or Southern Districts of California, respectively.

On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact, and that centralization in the Northern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions arising from a data security breach that allegedly occurred sometime between December 10, 2014, and February 4, 2015, and resulted in the electronic theft of personally identifiable information and personal health information of, by one estimate, some 80 million current and former health insurance plan members and employees of Anthem or its affiliated health insurance companies. All of the actions are putative class actions, many of which are nationwide in scope. Centralization will eliminate duplicative discovery, prevent inconsistent pretrial rulings, particularly with respect to class certification, and conserve the resources of the parties, their counsel, and the judiciary.

We are presented with a number of potential transferee districts, as this litigation is nationwide in scope. After weighing all relevant factors, we select the Northern District of California as the transferee district for this litigation. Numerous plaintiffs support centralization in this district, both in the first instance and in the alternative. And, although headquartered in Indiana, Anthem has significant ties to California, where it is the largest for-profit health insurer and maintains several offices. Eleven of the more than one hundred actions are pending in the Northern District of California. This district thus presents a convenient and accessible forum with the necessary judicial resources and expertise to manage this litigation efficiently. By appointing the Honorable Lucy H. Koh to preside over this matter, we select a jurist with multidistrict litigation experience and the ability to steer this large and potentially complicated litigation on an efficient and prudent course.

---

[3](...continued)
d/b/a Empire Blue Cross and Blue Shield; Anthem Health Plans of Kentucky, Inc. d/b/a Anthem Blue Cross and Blue Shield; Anthem Health Plans of Virginia, Inc. d/b/a Anthem Blue Cross and Blue Shield; Rocky Mountain Hospital and Medical Service, Inc. d/b/a Anthem Blue Cross and Blue Shield; Anthem Life Insurance Company; Anthem Health Plans, Inc. d/b/a Anthem Blue Cross Blue Shield; and Anthem Insurance Companies, Inc. Additional Anthem-affiliated entities are named in certain potential tag-along actions.

-3-

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Northern District of California are transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Lucy H. Koh for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

| | |
|---|---|
| Marjorie O. Rendell | Charles R. Breyer |
| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |

IN RE: ANTHEM, INC., CUSTOMER DATA
SECURITY BREACH LITIGATION                                        MDL No. 2617

## SCHEDULE A

Northern District of Alabama

JULIANO v. ANTHEM, INC., C.A. No. 2:15-00219

Central District of California

KIRBY v. ANTHEM, INC., ET AL., C.A. No. 2:15-00820
HOOD v. ANTHEM, INC., ET AL., C.A. No. 2:15-00918
DOE v. ANTHEM, INC., ET AL., C.A. No. 2:15-00934
MORRIS v. ANTHEM, INC., ET AL., C.A. No. 8:15-00196
LIU v. ANTHEM, INC., ET AL., C.A. No. 8:15-00215

Eastern District of California

POWELL, ET AL. v. ANTHEM, INC., ET AL., C.A. No. 2:15-00314

Northern District of California

GIOTTA v. ANTHEM, INC., ET AL., C.A. No. 5:15-00618

Northern District of Georgia

D'ANGELO, ET AL. v. ANTHEM, INC., ET AL., C.A. No. 1:15-00371

Southern District of Indiana

MEADOWS v. ANTHEM, INC., C.A. No. 1:15-00163
KEYSER v. ANTHEM, INC., C.A. No. 1:15-00178
GARSON v. ANTHEM, INC., ET AL., C.A. No. 1:15-00180
PANTUSO v. ANTHEM INSURANCE COMPANIES, INC., C.A. No. 1:15-00181
KASLOWITZ v. ANTHEM, INC., C.A. No. 1:15-00188
WEINBERGER v. ANTHEM, INC., ET AL., C.A. No. 1:15-00201
BRESCIA v. ANTHEM, INC., ET AL., C.A. No. 1:15-00203

Southern District of Ohio

MCKINLEY, ET AL. v. ANTHEM, INC., C.A. No. 1:15-00096