MICHAEL P. LEHMANN (State Bar No. 77152)
BONNY E. SWEENEY (State Bar No. 176174)
CHRISTOPHER L. LEBSOCK (State Bar No. 184546)
HAUSFELD LLP
600 Montgomery St., Suite 3200
San Francisco, CA  94111
Telephone:  (415) 633-1908
Facsimile:   (415) 358-4980
mlehmann@hausfeldllp.com
bsweeney@hausfeldllp.com
clebsock@hausfeldllp.com

[Additional Counsel Listed In Signature Block]

*Counsel for Plaintiff Rosalynn C. Krissman
and the Putative Class*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE ANTHEM, INC., CUSTOMER DATA SECURITY BREACH LITIGATION | Case No. 5:15-md-02617-LHK<br><br>**ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to Civil L.R. 3-12 and Civil L.R. 7-11, Plaintiff Rosalynn C. Krissman submits this Administrative Motion to Consider Whether Cases Should be Related pursuant to Civil Local Rule 3-12.

### **RELATED ACTIONS**

The Court has created this docket to receive numerous cases that arise from Anthem, Inc.'s January 29, 2015, discovery that its databases containing personal, health and financial records of 78.8 million subscribers had been compromised and that data concerning these subscribers had been stolen. On June 12, 2015, the Judicial Panel on Multidistrict Litigation transferred at least 89 related actions pending in 29 different districts to this Court for pretrial proceedings. All of "[t]hese actions share factual questions arising from a data security breach that allegedly occurred sometime between December 10, 2014, and February 4, 2015, and resulted in the electronic theft of personally identifiable information and personal health information of, by one estimate, some 80 million current and former health insurance plan members and employees of Anthem or its affiliated health insurance companies." *See* Dkt. No. 1.

Plaintiff Krissman has filed a related action, captioned *Krissman v. Anthem, Inc. et al.* on June 18, 2015, Case No. 5:15-cv-02741 ("*Krissman*"). The complaint arises out of the same common nucleus of facts that give rise to the 89 other actions. However, unlike the prior complaints, it provides detailed and specific allegations of Anthem, Inc.'s promises to protect subscriber data, its breach of duties owed to subscribers (*Krissman* Compl. at ¶¶ 21-22), its negligence in failing to protect this data (*id.* at ¶¶ 19-20, its prior notice that its security protection systems were deficient (*id.* at ¶¶ 11-18), its refusal to cooperate with the Office of the Inspector General's requests for database security audits (both before and after the breach) (*id.* at ¶ 20), its failure to heed specific indicators that an attack was about to commence (*id.* at ¶¶ 23-26), its failure to conform its data security protocols to industry best practices (*Id.* at ¶¶ 30, 39-45), and its failure to provide specific, identifiable, and industry accepted remedies to

its subscribers that account for serious nature of the breach, including the loss of names, addresses, and social security numbers, in the face of evidence that potential buyers of this data have been seeking to obtain it on internet sites frequented by the hacking community. *Id.* at ¶¶ 32, 38, 46-53.  The complaint further alleges causes of action under Indiana and California law that provide statutory nominal damages to subscribers for the costs incurred by them to remediate the data breach, among other things.  *Id.* at ¶¶ 54-58, 107-114.  A copy of the *Krissman* Complaint is attached hereto as Exhibit A.

Civil Local Rule 3-12 provides that actions are related when:

(1) The actions concern substantially the same parties, property, transaction or event; and

(2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges.

Here, both criteria of Rule 3-12 are satisfied.  If the transferred actions and the *Krissman* action were to proceed independently it would result in duplicative motions and discovery because the complaints raise many of the same questions of fact and law.  In contrast, consolidation before a single judge will allow conservation of the parties' resources and judicial resources, and avoid the potential for conflicting results.[1]

## CONCLUSION

In light of the closely related nature of the cases identified herein, the actions should be deemed related and assigned to Judge Lucy H. Koh.

Dated: June 18, 2015                             Respectfully submitted,

HAUSFELD LLP

By: /s/ *Christopher L. Lebsock*

---

[1] Additionally, counsel in *Krissman* will separately notify the JPML of the existence of this litigation and ask for it to be formally transferred to this Court as part of the MDL proceedings.

MICHAEL P. LEHMANN (State Bar No. 77152)
BONNY E. SWEENEY (State Bar No. 176174)
CHRISTOPHER L. LEBSOCK
(State Bar No. 184546)
HAUSFELD LLP
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
Telephone: 415-633-1908
Facsimile:  415-217-6813
mlehmann@hausfeldllp.com
bsweeney@hausfeldllp.com
clebsock@hausfeldllp.com

MICHAEL D. HAUSFELD
(*pro hac vice* to be filed)
JAMES J. PIZZIRUSSO (*pro hac vice* to be filed)
HAUSFELD LLP
1700 K St. NW, Suite 650
Washington, DC 20006
Telephone: 202-540-7200
Facsimile:  202-540-7201
mhausfeld@hausfeldllp.com
jpizzirusso@hausfeldllp.com
ngiddings@hausfeldllp.com

*Attorneys for Plaintiff Rosalynn C. Krissman and the Putative Class*