

RECEIVED
July 30, 2015
Clerk's Office - San Jose

www.gelaw.com

| 123 Justison Street | 485 Lexington Avenue | 30 N. LaSalle Street, Suite 2350 |
| --- | --- | --- |
| Wilmington, Delaware 19801 | New York, New York 10017 | Chicago, Illinois 60602 |
| Tel: 302-622-7000 · Fax: 302-622-7100 | Tel: 646-722-8500 · Fax: 646-722-8501 | Tel: 312-214-0000· Fax: 312-214-0001 |

Direct Dial: (312) 610-5402
earonowitz@gelaw.com

July 30, 2015

BY .PDF EMAIL AND
OVERNIGHT COURIER

The Honorable Lucy H. Koh
United States District Court
  for the Northern District of California
San Jose Courthouse
Courtroom 8, Fourth Floor
280 South First Street
San Jose, California 95113
lhkcrd@cand.uscourts.gov

    Re:    *In re Anthem, Inc. Data Breach Litigation*, **Case No. 15-md-02617 (N.D. Cal.)**
           and *Ross v. Blue Cross Blue Shield Association et al.*, **Case No. 1:15-cv-02006
           (N.D. Ill.) – Full Briefing on Ross Plaintiff's Motion to Vacate CTO-1**

Dear Judge Koh:

    I am writing on behalf of Plaintiff Wendy Ross in the action *Ross v. Blue Cross Blue Shield Association et al.*, Case No. 1:15-cv-2006 (N.D. Ill.) ("*Ross*"), to provide the Court with electronic and physical courtesy copies of the fully submitted briefing on Ms. Ross' Motion to Vacate Conditional Transfer Order (MDL Dkt. No. 306), presently pending before the United States Judicial Panel on Multidistrict Litigation and to note Ms. Ross' counsel's intent to appear at the July 31, 2015 Preliminary Case Management Conference.

    For the reasons set forth in the attached brief in support (MDL Dkt. No. 306-1), responses in opposition (MDL Dkt. Nos. 324 and 325), and reply in support (MDL Dkt. No. 327), Ms. Ross requested that the Panel vacate its conditional transfer order as it pertains to her case while

The Honorable Lucy H. Koh
July 30, 2015
Page 2

Anthem, Independence Blue Cross n/k/a Independence Health Group, and the Blue Cross Blue Shield Association ("BCBSA") requested that the Panel deny Ms. Ross' motion and transfer the *Ross* action to this Court pursuant to 28 U.S.C. § 1407.

As noted in our prior June 17, 2015 correspondence to this Court, Ms. Ross: (1) alleges claims against different defendants (non-Anthem BCBSA licensees and the BCBSA itself) for different conduct (failure to provide promised data security independently of Anthem's data security shortcomings) in the *Ross* complaint; (2) seeks to vacate conditional transfer of her case to this Court for that reason; and (3) intends, even if the Panel grants her motion to vacate and declines to transfer the *Ross* action to this Court, to coordinate any overlapping discovery she addresses to Anthem while litigating in the Northern District of Illinois with discovery in this MDL.

In the event that the Panel denies Ms. Ross' motion to vacate, we continue to respectfully suggest that prosecution of the allegations in the *Ross* action be kept separate from prosecution of the very different conduct at issue in the cases already pending before this Court where Anthem is named as a defendant.

Now that Ms. Ross' motion to vacate the conditional transfer order as it pertains to her case is fully briefed to the Panel, it is ripe for decision. Pursuant to JPML Rule 7.1(h), "CTOs are effective when filed with the clerk of the transferee court." At this point in time, no CTO listing the *Ross* action has been filed with the clerk of the Northern District of California, and thus, jurisdiction over the *Ross* case remains with the Panel and the Northern District of Illinois. *See* JPML Rule 2.1(d) ("The pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court. An order to transfer or remand pursuant to 28 U.S.C. § 1407 shall be effective only upon its filing with the clerk of the transferee district court."). Indeed, Ms. Ross is not presently a formal party in proceedings before this Court at this point in time. However, the *Ross* action has been listed as related in the Table of Cases appended to the Preliminary Joint Case Management Statement (Dkt. No. 113) requested by the Court in its Order re Preliminary Case Management Conference (Dkt. No. 16), and counsel for Ms. Ross has been coordinating with temporarily designated liaison counsel for plaintiffs Eve H. Cervantes and Andrew N. Friedman.

Because the procedural posture of and allegations within the *Ross* action are different from all the other actions comprising this MDL, counsel for Ms. Ross (David S. Senoff and I) intend to appear in person at the preliminary case management conference set for Friday, July 31, 2015 at 1:00pm in San Jose, so that we may address any questions the Court may have about the unique *Ross* action.

The Honorable Lucy H. Koh
July 30, 2015
Page 3

    Should your honor have any questions regarding this letter or any other aspect of the *Ross* litigation, we stand ready to respond.

                                         Sincerely,

                                          Edmund S. Aronowitz

CC (by email):

*Counsel for Ms. Ross*
    Adam J. Levitt
    Jay Edelson
    Ari J. Scharg
    David S. Senoff

*Temporarily Designated Attorneys for Plaintiffs*
    Eve Cervantes
    Andrew N. Friedman

*Attorneys for Defendants Anthem, Inc. and Related Parties*
    Craig A. Hoover
    E. Desmond Hogan
    Peter R. Bisio
    Allison M. Holt
    Michael Maddigan
    Maren J. Clouse

*Attorneys for Defendant The Blue Cross Blue Shield Association*
    Brian P. Kavanaugh
    Katherine Warner

*Attorney for Defendant Independence Blue Cross n/k/a Independence Health Group, Inc.*
    Mathieu Shapiro

Enclosures /Attachments