1   Vincent J. Esades (admitted *pro hac vice*)
    *vesades@heinsmills.com*
2   David Woodward (Cal. Bar No. 68073)
    *dwoodward@heinsmills.com*
3   **HEINS MILLS & OLSON, P.L.C.**
4   310 Clifton Avenue
    Minneapolis, MN 55403
5   Telephone:  (612) 338-4605
    Facsimile:  (612) 338-4692
6
7   *Attorneys for Plaintiffs Bellegarde, et al.*

8              **UNITED STATES DISTRICT COURT**
               **NORTHERN DISTRICT OF CALIFORNIA**
9                    **SAN JOSE DIVISION**

10

11                                          Case No. 15-MD-02617-LHK

12  **IN RE ANTHEM, INC. DATA BREACH**      **NOTICE OF MOTION AND MOTION**
    **LITIGATION**                          **OF VINCENT J. ESADES FOR**
13                                          **APPOINTMENT AS INTERIM LEAD**
                                            **PLAINTIFFS' COUNSEL**
14

15                                          Date:        September 10, 2015
                                            Time:        1:30 p.m.
16                                          Courtroom:   8, 4th Floor

17

18

19

20

21

22

23

24

25

26

27

28

### NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

      PLEASE TAKE NOTICE that on September 10, 2015, at 1:30 p.m., or as soon thereafter as the matter may be heard by the Court, before the Honorable Lucy H. Koh, Courtroom 8, 4th Floor, San Jose Courthouse, 280 South 1st Street, San Jose, California, Plaintiffs Gary Bellegarde, Catherine Den Bleyker, Lillian Brisko, Gregory Burke, Rachel Calo, Claudia Cass, Maryann Daigle, Thomas Dubyna, Isabelle Freda, Matthew Gates, Barbara Gold, Brenda Harrington, Stephanie Kaufman, Gerald Keaton, Alvin Lawson, Gary Mares, Kevin Organ, Ronald Percy, Wanda Pratt, Daniel Randrup, Kenneth Solomon, and Martin Williams will move the Court for an Order pursuant to Fed. R. Civ. P. 23(g) appointing Vincent J. Esades of Heins Mills & Olson, P.L.C. ("Heins Mills") as interim lead counsel for the class plaintiffs in the above-captioned action.

### MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

      Vincent J. Esades, an equity partner of Heins Mills & Olson, P.L.C., respectfully moves the Court for appointment as interim lead counsel for the class plaintiffs.[1] As lead counsel for the consumer class in another massive data breach action against Target stores, Mr. Esades has demonstrated that he is eminently qualified to lead the prosecution of this case. There, he has used superior leadership skills to surmount a motion to dismiss—a significant achievement in data breach cases—and quickly bring Target to the settlement table. The result was a negotiated resolution favorable to the class within a year of Mr. Esades' appointment.

      This result was the product of a two-barrel litigation strategy that Mr. Esades will use if chosen to lead plaintiffs in this case. One track, of course, is to carefully plead and aggressively but fairly prosecute plaintiffs' claims to mount the strongest possible defense to a motion to dismiss and

---

[1] Mr. Esades currently represents 22 Anthem subscribers residing in all parts of the country, from California to Maine, as co-counsel for the putative class in *Bellegarde, et al. v. Anthem, Inc., et al.*, originally filed in the Southern District of Indiana on April 13, 2015 as Case No. 1:15-cv-00587-TWP-TAB. The action was transferred to this Court for coordinated or consolidated pretrial proceedings by order of the Judicial Panel on Multidistrict Litigation and assigned Case No. 5:15-cv-02862-LHK.

then develop the case for trial—all within an accelerated time frame.[2] In parallel with this pretrial litigation, Mr. Esades will remain open to pursuing settlement negotiations under the supervision of an experienced mediator in a determined effort to rapidly and efficiently resolve the dispute and remedy plaintiffs' injuries.  He knows that time is not on the side of consumers whose personal and financial information, including their social security numbers, has been stolen by hackers and sold to criminals intent on exploiting it. Not only must class members be compensated for the losses they have already suffered, but it is imperative that they be assured as soon as possible that Anthem is taking and will continue to take adequate measures to secure their private information against any further invasion.

High-stakes, complex litigation voraciously consumes time and resources, another reason for seeking an early resolution. But Mr. Esades is keenly aware that an early settlement adequate to fully remedy the class members' injuries is often not possible. And so he is firmly committed for the long haul and he will ably marshal the financial, technological and human resources necessary to litigate the victims' claims, as he has done numerous times before.

Mr. Esades appreciates that this case is an important one in the nascent but rapidly evolving area of data breach jurisprudence.  At stake are not only the parties' own interests in obtaining a just result but also the public interest in seeing the application of traditional common law remedies and statutory protections to a fact pattern that has become too familiar as electronic storage of highly sensitive information has become ubiquitous. The need to wisely and clearly define the rights and duties implicated in data breach cases will only grow as more and more private information is stored electronically and people are at the mercy of computer technologies that can be compromised in the absence of reasonable security measures. This action, like the Target action and others like it, are not

---

[2] Although this action should be litigated expeditiously, Mr. Esades respectfully submits that a deadline for filing the consolidated complaint 30 days after appointment of lead counsel, as hypothetically suggested by the Court, will be difficult—no matter how diligent the effort. That timeframe may not allow sufficient time to adequately vet plaintiffs from every state, which will be appropriate for pleading state law claims on behalf of the statewide classes.

just crucibles for adjudicating plaintiffs' claims but also cradles of the jurisprudence that hopefully will adequately protect everyone's privacy.

As Mr. Esades represents 22 individuals who have been injured by the theft of their personal information from Anthem, he understands that the best representation for them, for the other plaintiffs, and for putative class members demands close cooperation among all class counsel. If appointed lead counsel, Mr. Esades will actively collaborate with co-counsel in the same way he has in every class action he has led. He is esteemed by his peers for his ability to work cooperatively and effectively with other attorneys. He takes pride in working closely with his colleagues and efficiently delegating tasks to make the most of the skills and experience that each lawyer brings to the litigation team and avoid duplication of effort.

Mr. Esades' leadership experience in data breach cases is not limited to the Target case. He is also a member of the financial institution plaintiffs' steering committee in the class action arising from infiltration of Home Depot's computer system, another of the largest data breaches in U.S. history. And he has broad experience in leading consumer class actions and myriad complex cases involving antitrust violations and securities fraud. A crucial dimension of this background is Mr. Esades' service as lead or co-lead counsel for classes with as many as 100 million members, some led by class representatives from virtually every state. His management of these multifaceted cases has made him thoroughly familiar with the practical challenges inherent in supervising up to 50 statewide classes in federal court and has honed his litigation and administrative skills to meet these challenges. Mr. Esades is thus well equipped to steward the multiple classes asserting state law claims against Anthem. This record is illustrated by the representative cases summarized below.

Perhaps most important of all, Mr. Esades possesses enormous integrity. He has earned the respect of his peers as an attorney who acts scrupulously in the best interests of the class members. He does this while treating opposing counsel with courtesy and consummate professionalism and according respect to the courts that have entrusted him with leadership positions. Mr. Esades unfailingly communicates clearly, candidly and timely with the Court, which is essential in managing complex litigation.

## II.   MEASURED BY THE CRITERIA IDENTIFIED BY THE COURT AND OTHERS PRESCRIBED BY RULE 23, MR. ESADES IS EMINENTLY QUALIFIED TO SERVE AS LEAD COUNSEL.

Combining the experience, talents and attributes just described, Mr. Esades rates highly under each of the chief criteria for selecting lead plaintiffs' counsel identified by Court in its July 6, 2015 case management order (ECF No. 16) and under the additional criteria set forth in Rule 23(g)(1)(A). He is exceedingly well qualified to serve as interim lead counsel.

### A.   <u>Knowledge and Experience in Prosecuting Complex Litigation</u>.

The practice of Mr. Esades and Heins Mills is devoted almost exclusively to complex litigation, primarily plaintiffs' class actions. In dozens of these cases, a number of them consumer cases, Mr. Esades and other attorneys in the firm have achieved success while acting as lead or co-lead counsel.[3]

### 1.   <u>Leadership of Consumer Classes in Data Breach Litigation</u>

Most relevant to this motion, Mr. Esades is currently serving in leadership roles in two of the largest security breaches in U.S. history. Through his work in those cases, he has become knowledgeable about the applicable law, about the defenses asserted and the issues raised in data breach cases, and about computer systems and their security features, how they are breached, and the types of harm that result.[4]

***Target Stores***

On May 15, 2014, Mr. Esades was appointed sole lead counsel for the consumer class in *In Re: Target Corporation Customer Data Security Breach Litig.*, MDL No. 14-2522 (PAM/JJK) (D. Minn.). In that case, hackers invaded Target's computer system with malicious software over a period of several weeks during the 2013 holiday shopping season. Before Target acted, the hackers had siphoned credit- and debit-card information and other personal data of as many as 110 million customers and made it available to eager criminals on the black market.

---

[3] What follows is a partial summary of the complex litigation in which Mr. Esades has played a lead role. A more comprehensive list can be found in the Heins Mills resume attached as Exhibit A.

[4] This knowledge is relevant to two of the factors enumerated in Rule 23 for selecting lead counsel: experience handling "the types of claims asserted in the action" and "counsel's knowledge of the applicable law." Fed. R. Civ. P. 23(g)(1)(A)(ii) and (iii).

On December 18, 2014, the court denied in large part Target's motion to dismiss the consolidated complaint. Surmounting the motion to dismiss was particularly challenging in the wake of decisions dismissing the vast majority of other cases where retail customers sought compensation for theft of their personal data. To distinguish his clients from the crowd of consumers who were claiming potential for future injury, Mr. Esades conceived and executed a strategy to meticulously collect and allege facts that detailed actual injuries to the class representatives. The complaint carefully described harm to the plaintiffs in the form of unauthorized charges on their cards, lost access to their accounts, and payment of late fees, card-replacement fees, credit monitoring costs and other financial harm, as well as harm flowing from additional future abuse of their sensitive information arising from sale of consumers' data on the Internet black market.

As in *Target*, it is vitally important to clearly and fully plead (a) the entire range of plaintiffs' injuries, including actual injury in the form of economic damages and certainly impending future injury stemming, for example, from misuse of stolen data sold on the Internet black market, and (b) the additional standing requirements that plaintiffs' injuries are fairly traceable to Anthem's conduct and redressable by a judgment in plaintiffs' favor. Many of the putative class members victimized by the breach in this case have already been harmed. A prime example is the theft of social security numbers, which cannot be easily changed – and even if a new number is issued, the Social Security Administration does not invalidate the original. People who spent their lives carefully guarding their private information found themselves helpless to prevent the ensuing theft of their identities after the immediate sale of their social security numbers to criminals expert in exploiting them. Some victims were unable to file their 2014 tax returns because thieves had already filed returns in their names and made off with the refunds. Fraudulent charges were placed on the credit cards of other Anthem subscribers, and still others found their credit ratings ruined.  If appointed lead counsel, Mr. Esades will ensure that plaintiffs' claims are adequately supported by facts such as these.

### *Home Depot*

On February 17, 2015, Mr. Esades was appointed to the Financial Institutions Plaintiffs' Steering Committee in *In re: The Home Depot, Inc., Customer Data Security Breach Litigation*, Case No.: 1:14-md-02583-TWT (N.D. Ga.). In this position Mr. Esades is helping to lead another of

the largest payment-card security breaches that has ever occurred in this country, with tens of millions of customers affected. Home Depot has filed a motion to dismiss, which the parties are currently briefing. Mr. Esades and Heins Mills have been heavily involved in that process.

2.    Leadership in Other Consumer Cases

Mr. Esades and Heins Mills have also represented consumers injured by violations of a wide variety of deceptive trade practices and consumer protection laws.  The firm has brought claims on behalf of all types of consumers, including purchasers of prescription drugs, long distance telephone service, air compressors, smoke detectors, lawn mower engines and hearing aids.

In particular, Mr. Esades acted as co-lead counsel for numerous classes of consumers nationwide in *In re Lawnmower Engines Horsepower Marketing & Sales Practices Litig.*, MDL No. 1999 (E.D. Wis.). In that role, he managed separate actions in states across the country alleging consumer fraud, civil conspiracy and unjust enrichment claims against manufacturers of lawn mowers and lawn mower engines. The result was final approval of settlements with all of the defendants. This experience is valuable in a case like this one.

Other examples of the leadership appointments of Mr. Esades and Heins Mills in consumer cases include:

- Co-lead counsel in *Glaberson (formerly Behrend) v. Comcast Corp.*, No. 03-6604 (E.D. Pa.), a long-running antitrust case alleging that Comcast restrained trade and monopolized the cable television market in the Philadelphia area.  On December 12, 2014, the court certified a settlement class and granted preliminary approval of a $50 million settlement comprising both cash payments for former subscriber class members and bill credits and services for current subscribers.

- Co-lead counsel in *In re Fiber Optic Cable Litig.*, which comprises multi-state litigation against major telecommunications companies and utilities to vindicate the rights of landowners whose property was used for the installation of fiber optic cable without compensation. In that capacity, Heins Mills participated in fashioning an innovative global

settlement that comprises separate agreements on a state-by-state basis. To date, a total of 42 state settlements have been finally approved in an aggregate amount of nearly $150 million.

- Co-lead counsel in *In re Universal Service Fund Telephone Billing Practices Litig.*, MDL No. 1468 (D. Kan.), representing business and residential customers nationwide alleging a conspiracy among long-distance telephone companies to fix USF surcharges.  The November 2008 trial resulted in a verdict for the class, which was affirmed on appeal.

- Co-lead counsel for nationwide consumer classes in *In re Aftermarket Filters Antitrust Litig.*, MDL No. 1957 (N.D. Ill.), which alleged antitrust, consumer protection and unfair competition claims against leading manufacturers of replacement vehicle filters on behalf of consumer purchasers from multiple states.  Settlements with all defendants were reached and received final approval.

### 3.  Leadership in Other Complex Litigation

In addition to this leadership in consumer cases, Mr. Esades has been honored to serve in leadership roles in many other class actions.[5] Most relevant are his leadership positions in cases

---

[5] For example, Mr. Esades has served as co-lead counsel in *Fond Du Lac Bumper Exchange, Inc. v. Jui Li Enterprise Co., Ltd.*, No. 09-cv-0852 (E.D. Wis.) (asserting claims of nationwide price fixing of automotive sheet metal parts by aftermarket sheet metal parts manufacturers); *In re Puerto Rican Cabotage Antitrust Litig.*, MDL No. 1960 (D.P.R.) (alleging price-fixing of shipping services between the U.S. and Puerto Rico).

Mr. Esades has also served as a member of plaintiffs' executive committees in numerous other nationwide class actions including *In re TFT-LCD (Flat Panel) Antitrust Litigation* (N.D. Cal.) (price-fixing claims against producers of Thin Film Transistor Liquid Crystal Displays); *In re Municipal Derivatives Antitrust Litigation* (S.D.N.Y.) (claims on behalf of local governments against brokers, banks and insurance companies alleging bid-rigging and other anti-competitive practices in the municipal derivatives industry); *In re Rail Freight Fuel Surcharge Antitrust Litigation* (D.D.C.) (claims alleging conspiracy among major domestic railroads to fix prices for rail freight surcharges); and *In re Intel Corp. Microprocessor Antitrust Litigation* (D. Del) (claims alleging monopolistic practices by Intel in the x86 microprocessor market).  He is also participating in *In re: LIBOR-Based Financial Instruments Antitrust Litigation* (S.D.N.Y.) (claims alleging that member banks of the British Bankers' Association conspired to manipulate the London InterBank Offered Rate) and *In re Air Cargo Shipping Services Antitrust Litigation* (E.D.N.Y) (claims against major airlines alleging price-fixing of fuel surcharges for freight transportation), as well as serving on plaintiffs' steering committee in *In re Pool Products Distribution Market Antitrust Litigation*, MDL No. 2328 (E.D. La.) (claims of monopolization and attempted monopolization of the U.S. pool products distribution market).

1  challenging anticompetitive conduct violating antitrust laws, the core purpose of which is the

2  promotion of consumer welfare.[6]

3  **B.   Willingness and Ability to Commit to Time-consuming Process.**

4  While exploring all avenues to settle this case expeditiously, in particular mediation

5  supervised by a highly respected neutral, Mr. Esades and Heins Mills are thoroughly committed to

6  prosecuting this action as long and hard as necessary to redress plaintiffs' injuries. This dedication is

7  evidenced in their track record of trying class actions when a negotiated resolution was not possible.

8  Mr. Esades' substantial trial experience in class actions includes trying consumer law and price

9  fixing claims against major telecommunication companies with other Heins Mills attorneys and as

10  co-lead counsel in *In re Universal Service Fund Telephone Billing Practices Litigation*, MDL No.

11  1468 (D. Kan.) and trying a price-fixing case to verdict as a member of the multi-firm trial team in

12  *In re High Pressure Laminates Antitrust Litigation*, MDL No. 1368 (S.D.N.Y.).

13  **C.   Ability to Work Cooperatively with Others.**

14  Mr. Esades' numerous leadership appointments year after year are a testament to his ability

15  to work cooperatively and amicably with all counsel, court personnel, experts and others involved in

16  the litigation. Even after hotly contested leadership battles, Mr. Esades has succeeded in maintaining

17  cordial and mutually rewarding relationships with his colleagues in the plaintiffs' class action bar.

18  Attorneys he vies with in one case often support him in another. Mr. Esades does not allow

19  interpersonal conflicts to impede prosecution of an action. Instead, his decisions promote the best

20  interests of the class by fairly and efficiently allocating tasks among co-counsel in a manner that best

21  leverages the deep pool of experience, talent and resources the team offers.

---

22
23  Mr. Esades has also actively participated in many other complex class actions outside the leadership group, including *In re Hydrogen Peroxide Antitrust Litigation*, MDL No. 1682 (E.D. Pa.) (price-fixing claims); *In re Vitamins Antitrust Litigation*, MDL No. 1285 (D.D.C.) (discovery co-chair); *In re NASDAQ Market-Makers Antitrust Litigation*, MDL No. 1023 (S.D.N.Y.); and *In re Motorsports Merchandise Antitrust Litigation*, MDL No. 1212 (N.D. Ga.).

24
25

26  [6] This wealth of experience has earned Mr. Esades, Heins Mills and other attorneys in the firm many accolades. For example, Mr. Esades has been repeatedly recognized as a top antitrust litigator in *The Legal 500 US* and has been a perennial selection as a "Super Lawyer" by *Minnesota Law & Politics* in the area of class actions. Other individual and firm recognition is summarized in the Heins Mills resume attached as Exhibit A.

27
28

Case No. 15-MD-02617-LHK
MOTION OF VINCENT J. ESADES FOR APPOINTMENT AS INTERIM LEAD COUNSEL

Based on his experience leading cases like this one, Mr. Esades recommends a single level of leadership composed of a single lead or co-lead counsel to optimally coordinate this litigation and contain fees and expenses. Consolidating decision-making in that manner is preferable to a decentralized committee structure, which can be cumbersome and inefficient, and is best suited "when group members' interests and positions are sufficiently dissimilar to justify giving them representation in decision making." *Manual for Complex Litigation (Fourth)* § 10.221 (2013).

**D.     Access to Sufficient Resources to Prosecute Litigation in Timely Manner**

As demonstrated by its successful litigation of other large class actions, Heins Mills has ample resources to vigorously prosecute this case to its conclusion. The firm has proven its ability to capably muster the financing, personnel and other resources necessary to litigate even the biggest cases. A prominent example is *In re AOL Time Warner, Inc. Securities Litig.*, MDL No. 1500 (S.D.N.Y.), where Heins Mills commanded a small army of attorneys to achieve a $2.65 billion settlement. Document discovery alone entailed the review and analysis of some 100 million pages. If chosen by the Court, Mr. Esades will use his ability to work cooperatively with other plaintiffs' law firms to maximize the significant pool of legal talent and resources they possess.

**III.    ATTORNEY FEES**

At this early juncture, it is premature to venture any specific proposal for the attorney fees class counsel would seek from a common fund. The fee application will ultimately be based on a variety of factors, including work and contributions benefiting the class, the length and complexity of the litigation, the number of hours and hourly rates of attorney and paralegal time devoted to prosecuting the action, and the result obtained. Regardless of the rate or percentage ultimately sought, Mr. Esades recommends that class counsel's billings be reported to the Court on a monthly basis (as they are in *Target* and *Home Depot*) to keep the Court informed, ensure timely recording of time, and identify any time recording issues early.

If designated by the Court as the lead attorney responsible for reviewing all billing records on a monthly basis, Mr. Esades will vigilantly monitor compliance with the Court's July 16, 2015 Order Re Plaintiffs' Counsel's Billing Records (ECF No. 46), which requires contemporaneous billing, and delete any duplicative, inefficient or otherwise inappropriate billing. Mr. Esades appreciates the

importance of submitting only reasonable and necessary services to the Court and has performed this duty in other class actions.

**IV.       CONCLUSION**

Mr. Esades recognizes that "complex litigation places greater demands on counsel in their dual roles as advocates and officers of the court," and takes seriously the reality that "added demands and burdens of complex litigation place a premium on attorney professionalism." *Manual for Complex Litigation (Fourth)* § 10.21 (2013).  Mr. Esades and Heins Mills would be privileged to represent class plaintiffs, committing the necessary time and resources to pursue the matter to its conclusion, cooperating with co-counsel to prosecute the litigation efficiently and effectively, and faithfully meeting our fiduciary obligations to all class members.

Respectfully submitted,

Dated: August 20, 2015

By: s/ *Vincent J. Esades*
Vincent J. Esades (admitted *pro hac vice*)
David Woodward (Bar No. 68073)
**HEINS MILLS & OLSON, P.L.C.**
310 Clifton Avenue
Minneapolis, MN 55403
Telephone: (612) 338-4605
Facsimile: (612) 338-4692
*vesades@heinsmills.com*
*dwoodward@heinmills.com*