1  Raymond P. Boucher, State Bar No. 115364
     *ray@boucher.la*
2  Shehnaz M. Bhujwala, State Bar No. 223484
     *bhujwala@boucher.la*
3  BOUCHER LLP
   21600 Oxnard Street, Suite 600
4  Woodland Hills, California 91367-4903
   Tel:   (818) 340-5400
5  Fax:   (818) 340-5401

6  *Attorneys for Plaintiffs Kelly Tharp, Daniel*
   *Tharp, and Kenneth Coonce, Individually and On*
7  *Behalf of All Others Similarly Situated*

8 **UNITED STATES DISTRICT COURT**

9 **NORTHERN DISTRICT OF CALIFORNIA**

10 **SAN JOSE DIVISION**

| 11 | IN RE ANTHEM, INC. DATA BREACH LITIGATION | Case No. 15-MD-02617-LHK |
|---|---|---|
| 12 | | <u>CLASS ACTION</u> |
| 13 | | **NOTICE OF MOTION AND MOTION BY THARP PLAINTIFFS FOR ORDER TO ESTABLISH A PLAINTIFFS' STEERING COMMITTEE AND APPOINT THEIR COUNSEL AS A MEMBER THERETO** |
| 14 | | |
| 15 | | |
| 16 | | *Filed Concurrently with Declaration of Shehnaz M. Bhujwala in Support of Motion and [Proposed] Order* |
| 17 | | |
| 18 | | Date:   September 10, 2015<br>Time:   1:30 P.M.<br>Crtrm.:   8 |
| 19 | | |
| 20 | | *Assigned to Judge Lucy H. Koh* |
| 21 | | Trial Date:        Not Set |

22 TO THE HONORABLE COURT, ALL PARTIES AND THEIR RESPECTIVE

23 COUNSEL OF RECORD IN THIS PROCEEDING:

24 PLEASE TAKE NOTICE that plaintiffs Kelly Tharp, Daniel Tharp, and Kenneth Coonce,

25 individually and on behalf of all others similarly situated in the matter entitled *Tharp, et al. v.*

26 *Anthem, Inc., et al.*, Case Number 5:15-cv-01046 ("Tharp Plaintiffs"), will move the Court for an

27 order establishing a Plaintiffs' Steering Committee ("PSC") and appointing Shehnaz M. Bhujwala,

28 Boucher, LLP to serve as a member thereof pursuant to Federal Rules of Civil Procedure, Rule

23(g)(3) on September 10, 2015, at 1:30 p.m., in Courtroom 8 of the United States District Court for the Northern District of California, San Jose Division. The Tharp Plaintiffs seek this order because the proposed establishment of a PSC and proposed appointment of their counsel of record to serve as a member thereof will assist with the efficient and effective representation of the proposed classes in this multi-district litigation.

This Motion is based on this notice, the memorandum of points and authorities submitted herewith, the accompanying declaration of Shehnaz M. Bhujwala, the proposed order thereon, and such other matters as may be presented to the Court at the time of the hearing.

DATED: August 20, 2015              Respectfully submitted,

                                    BOUCHER LLP


                                    By:      /s/ Shehnaz M. Bhujwala
                                         RAYMOND P. BOUCHER
                                         SHEHNAZ M. BHUJWALA

                                         *Attorneys for Plaintiffs Kelly Tharp, Daniel Tharp, and Kenneth Coonce, Individually and On Behalf of All Others Similarly Situated*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs Kelly Tharp, Daniel Tharp, and Kenneth Coonce, individually and on behalf of all others similarly situated in the matter entitled *Tharp, et al. v. Anthem, Inc., et al.*, Case Number 5:15-cv-01046 ("Tharp Plaintiffs"), respectfully move the Court for an order establishing a Plaintiffs' Steering Committee ("PSC") and appointing their counsel of record, Shehnaz M. Bhujwala of Boucher, LLP, to serve as a member thereof pursuant to Federal Rules of Civil Procedure, Rule 23(g)(3). The Tharp Plaintiffs support the appointment of interim lead class counsel and the establishment by the Court of a small, supporting PSC, rather than establishment by a pre-requested slate of counsel, to help ensure that the prosecution of the cases is streamlined for the benefit of the Court, the parties, and all counsel of record. All factors are met for the appointment of Shehnaz Bhujwala of Boucher, LLP as a member of the proposed PSC. The proposed PSC structure supporting lead counsel, and appointment thereto, will promote the efficient and economical management of this multi-district litigation ("MDL").

## II. BACKGROUND

### A. The Tharp Plaintiffs

On May 28, 2015, the Tharp Plaintiffs, by and through the undersigned counsel of record, filed a Class Action Complaint against Anthem, Inc. d/b/a Anthem Health, Inc., the Anthem Companies, Inc., The Anthem Companies of California, Inc., Anthem Blue Cross Life and Health Insurance Company, and Does 1 through 10, inclusive ("Defendants") for claims arising from a massive data breach announced by Defendants on February 4, 2015, whereby the personal information of the Tharp Plaintiffs and other putative class members was allegedly accessed and exposed. Declaration of Shehnaz M. Bhujwala at ¶ 2, Ex. 1: Complaint. The Tharp Plaintiffs sought to certify a plaintiff class of all current and former members of Defendants' affiliated health insurance plans in California whose personal information was compromised as a result of the data breach announced on February 4, 2015 ("Class"). *Id.*

The three named plaintiffs in this action are members of the proposed class. Bhujwala Decl. at ¶ 2: Ex. 1. Plaintiffs Kelly and Daniel Tharp, a couple that resides in Hesperia, San

Bernardino County, California, were members of Defendants' Anthem Blue Cross health insurance plan offered through Plaintiff Daniel Tharp's work. *Id.* at ¶ 6. Defendants obtained the Tharps' personal information including their names, dates of birth, Social Security numbers, medical identification numbers, home addresses, e-mail addresses, and employment information including income data, as a result of their membership in Defendants' health insurance plan. *Id.* In early February, 2015, the Tharps learned of the Anthem data breach from news reports. *Id.* In early April, 2015, the Tharps discovered that they were victims of identity theft when they learned some third party had used their personal information to file a false tax return, and when they started to receive calls from bill collectors about a debt they did not owe. *Id.* Following this discovery, the Tharps contacted Defendants using the toll-free number provided on Defendants' website, *www.anthemfacts.com*, but Defendants' representative would not confirm or deny whether their personal information was accessed in the breach. *Id.* The Tharps have been forced to take measures to protect themselves and their credit from the data breach incident and subsequent identity theft, including freezing their credit for approximately $60, and have suffered harm and incurred damages as a result of Defendants' alleged conduct. *Id.*

Plaintiff Kenneth Coonce resides in the city of Sanger, Fresno County, California. *Id.* at ¶ 7. Mr. Coonce has been a member of Defendants' Anthem Blue Cross health insurance plan offered through his work. *Id.* Defendants obtained his personal information including his name, date of birth, Social Security number, medical identification number, home address, e-mail address, and employment information including income data, as a result of his membership in Defendants' health insurance plan. *Id.* In early February, 2015, Plaintiff Coonce first learned of the Anthem data breach from news reports. *Id.* Thereafter, he received a letter from Defendants dated March 19, 2015, notifying him in writing of the breach. *Id.* Plaintiff Coonce has also suffered harm and incurred damages as a result of Defendants' alleged conduct. *Id.*

**B.     Centralization and Transfer of Cases to the Northern District of California**

On June 8, 2015, the United States Judicial Panel on Multi-District Litigation ("JPML") issued an order transferring numerous putative class actions against Anthem, Inc. and related entities for claims arising from a data security breach announced in early February, 2015 to the

1 Northern District of California, and assigning the actions to the Honorable Lucy H. Koh for

2 coordinated or consolidated pre-trial proceedings. (MDL No. 2617: Doc. 262.) The Tharp

3 Plaintiffs' case, *Tharp, et al. v. Anthem, Inc., et al.,* Case Number 5:15-cv-01046, which was filed

4 in the Central District of California, was one of the cases identified for transfer pursuant to

5 Conditional Transfer Order (CTO-1). (Doc. 2.) At this time, well over a hundred cases involving

6 similar class claims are pending before this Court as part of the MDL established by the JPML.

### C. Court's Invitation to Submit Motions for Proposed Leadership for Plaintiffs

On July 6, 2015, the Court issued an Order Re: Preliminary Case Management Conference, setting forth a briefing and hearing schedule for the appointment of lead plaintiffs' counsel. (Doc. 16.) The Court advised, among other things, that it will only consider attorneys who have filed an action in this litigation and that the chief criteria for these appointments are: (1) Knowledge and experience in prosecuting complex litigation, including class actions; (2) Willingness and ability to commit to a time-consuming process; (3) Ability to work cooperatively with others; and (4) Access to sufficient resources to prosecute the litigation in a timely manner.

## III. THE ESTABLISHMENT OF A PLAINTIFFS' STEERING COMMITTEE AND PROPOSED APPOINTMENT WILL BENEFIT THE PLAINTIFF CLASSES AND COURT.

Federal Rule of Civil Procedure section 23(g)(3) provides for the appointment of interim counsel "to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). In doing so, the Court should "inquire into the work counsel has done in investigating and identifying the particular case; counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action; counsel's knowledge of the applicable law; the resources counsel will commit to representing the class; and any other factors that bear on the attorney's ability to represent the class fairly and adequately." Manual for Complex Litigation, Fourth, § 21.271. Courts may also "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). While "[n]o single factor should necessarily be determinative in a given case," Fed. R. Civ. P. 23 Advisory Committee Note (2003), the experience and ability of the firms to handle class action litigation becomes crucial when all firms have undertaken

1 independent investigations into the underlying facts and legal claims. If more than one adequate
2 applicant seeks to be designated, "the court must appoint the applicant *best able* to represent the
3 interests of the class." See Fed. R. Civ. P. 23(g)(2) (emphasis added).

4     A court may appoint more than one firm to act in a leadership capacity as part of a PSC
5 "when group members' interests and positions are sufficiently dissimilar to justify giving them
6 representation in decision making." Manual for Complex Litigation 4th at ¶ 10.221. "The court or
7 lead counsel may task committees with preparing briefs or conducting portions of the discovery
8 program if one lawyer cannot do so adequately." *Id.* The overall goal is to achieve efficiency and
9 economy without jeopardizing fairness to the parties. *Id.*

10     Here, putative class members may include individuals who are current or former members
11 of Defendants' health plans, who reside in different states and may be members of a proposed
12 nationwide class as well as proposed statewide classes, and who may have already suffered
13 identity theft as a result of the data breach or may be at imminent risk thereof. Thus, there may be
14 great benefit to the appointment of counsel to the PSC who represent the interests of these sub-
15 groupings of individuals to help ensure that there is fair representation in decision-making. The
16 Court might consider, for example, having members appointed who represent consumers in states
17 where a significant portion of the cases were filed, such as a California representative and an
18 Indiana representative.

19     The establishment of a PSC may also allow the appointed interim lead class counsel to
20 draw upon the individual strengths and collective experience of its members, while also
21 maintaining efficiencies and preventing duplicative efforts, in the prosecution of this case. For
22 example, the PSC may include a member appointed to act as a liaison with plaintiffs' counsel
23 regarding discovery matters, whereas another member may be appointed to assist lead counsel
24 with research and drafting of briefings and statements. Another member might be tasked with
25 helping lead counsel to manage the receipt of timely and regular submission of time records to
26 ensure adherence to the Court's rules.

27     The Court has requested that parties seeking appointment to leadership to chiefly address
28 four factors, all of which are met by Ms. Bhujwala and her firm, Boucher, LLP, as set forth herein.

### A. The proposed appointee has both knowledge and experience in prosecuting complex litigation, including class actions.

Ms. Bhujwala and her firm, Boucher, LLP, have significant experience with prosecuting complex class and mass action litigation on behalf of plaintiffs. A copy of the firm's resume, name partner Raymond P. Boucher's CV, and Ms. Bhujwala's CV, are attached to Ms. Bhujwala's declaration as Exhibits 2-4, respectively. Bhujwala Decl. at ¶ 3: Exs. 2-4. As set forth therein, both the firm and Ms. Bhujwala have wide-ranging experience leading and managing a variety of complex litigation matters in state and federal courts, including Judicial Council Coordinated Proceedings ("JCCPs") in California state court, MDLs involving mass tort matters and class actions in federal courts, and state and nationwide class action lawsuits. *Id.*

Over the past several years, Ms. Bhujwala has acquired experience in representing consumers in class actions involving privacy issues, such as illegal wiretapping and recording of telephone calls and loss of privacy from data breaches. Bhujwala Decl. at ¶ 4. She keeps informed about recent decisions in this new and emerging area of law, and recently gave a presentation to members of the American Association of Justice on the issue of damages in class actions involving data breaches. *Id.* Recent examples of complex privacy, consumer protection, and employment cases in which Ms. Bhujwala has acted in a leadership capacity in state and federal courts include:

- *In re: Adobe Systems, Inc. Privacy Litigation:* N.D. Cal. Case No. 5:13-cv-05226. Court-appointed to PSC in putative class action against Adobe Systems, Inc. for claims arising from data breach resulting in theft of personal information of Adobe customers. Settled.

- *In re: Chevron Refinery Fire Cases:* Cal. Super. Ct., Contra Costa Cty, Case No. MSC12-01841. Court-appointed as Plaintiffs' Co-Liaison Counsel in coordinated actions involving thousands of individuals with personal injury and/or property damage claims against Chevron U.S.A., Inc. arising from August 6, 2012 refinery fire incident in Richmond, California. Served in this role from approximately December, 2013 to December, 2014. Cases are pending.

- *In re: Pellicano Cases*: Cal. Super. Ct., Los Angeles Cty, Case No. BC316318. Carried out responsibilities on behalf of Co-Lead Class Counsel in class action against AT&T for its role in alleged wiretappings in violation of California Penal Code, which involved case management responsibilities including discovery on common issues among related, individual cases. Settled.

- *In re Transient Occupancy Tax Cases*, Cal. Super. Ct., Los Angeles Cty, JCCP 4472. Carried out responsibilities on behalf of Interim Class Counsel in putative class action and related individual actions on behalf of thirty-nine California cities to recover unremitted occupancy taxes from several online travel companies. Served in this role between approximately 2009 and 2012. Cases are pending.

- *In Re Wellpoint, Inc., Out-of-Network "UCR" Rates Litigation,* C.D. Cal. Case No. 2:09-ml-02074-PSG-FFM. Presently carrying out responsibilities on behalf of Co-Lead Class Counsel for Plaintiffs in MDL on behalf of physicians and physician groups to recover payments from insurers who allegedly violated federal anti-trust laws by artificially fixing low reimbursement rates for treatment provided to out-of-network patients. Pending.

- *Lopez, et al. v. Citrus Valley Health Partners, Inc.,* Super. Ct., Los Angeles County, Case Nos. BC544139 and BC545110. Court-appointed as Class Counsel in wage and hour class actions against large California hospital entity. Preliminary approval of settlement granted.

- *Skeen, et al. v. BMW of North America LLC, et al*., Dist. N.J., Pending, No. 2:13-cv-1531-WHW-CLW. Presently carrying out responsibilities on behalf of Interim Co-Lead Class Counsel in putative class action on behalf of owners and lessees of MINI Cooper vehicles manufactured with defective "timing chain tensioner" parts that cause premature engine damage and failure. Pending.

- *The Clergy Cases*, Cal. Super. Ct., JCCP Nos. 4286, 4297, 4359. Carried out fact and expert discovery-related responsibilities on behalf of Plaintiffs' Liaison Counsel representing almost 1,000 individuals and their families in significant personal injury

claims involving molestation at the hands of Catholic priests. Settlements totaled in excess of $1.5 billion.

- *Zoloft Cases,* Cal. Super. Ct., JCCP No. 4771. Presently carrying out responsibilities on behalf of Co-Lead Counsel for Plaintiffs in coordinated proceedings involving claims against pharmaceutical manufacturers and distributors arising from mother plaintiffs' ingestion of Zoloft/sertraline during pregnancies.

*Id.* at ¶ 5.

### B. The proposed appointee is willing and able to commit to a time-consuming process.

Ms. Bhujwala and Boucher, LLP are willing and able to commit to devoting sufficient time to co-prosecute this case with other appointed attorneys and firms. Bhujwala Decl. at ¶ 6.

### C. The proposed appointee is able to work cooperatively with others.

Ms. Bhujwala and Boucher, LLP have a demonstrated track record of working collaboratively and cooperatively with co-counsel in many complex cases, as well as in committees and bar organizations. Bhujwala Decl. at ¶ 7.

### D. The proposed appointee has access to sufficient resources to prosecute the litigation in a timely manner.

Ms. Bhujwala's firm, Boucher, LLP, has the resources, both financially and personnel-wise, to pursue this type of litigation. Bhujwala Decl. at ¶ 8. Boucher, LLP employs six lawyers, works with two attorneys who are of counsel to the firm, in addition to employing several litigation assistants, paralegals, and other support staff. *Id.* The firm has committed to utlizing advanced technology and has invested in complex litigation software tools that allow it to litigate a case of any size and scope. *Id.* The firm's lawyers are also widely acknowledged by their peers as possessing the skills and resources to litigate class actions effectively and efficiently. *Id.*

## IV. CONCLUSION

For the foregoing reasons, the Tharp Plaintiffs respectfully request that the Court establish a Plaintiffs' Steering Committee and appoint Shehnaz M. Bhujwala of Boucher, LLP to serve as a member thereof.

| | | |
|---|---|---|
| 1 | DATED:  August 20, 2015 | Respectfully Submitted, |
| 2 | | BOUCHER LLP |
| 3 | | By:       /s/ Shehnaz M. Bhujwala |
| 4 | | RAYMOND P. BOUCHER |
| 5 | | SHEHNAZ M. BHUJWALA |
| 6 | | *Attorneys for Plaintiffs Kelly Tharp, Daniel Tharp, and Kenneth Coonce, Individually and On Behalf of All Others Similarly Situated* |

00046034.1                                                    10                                    Case No. 15-MD-02617-LHK
NOTICE OF MOTION AND MOTION FOR ORDER TO ESTABLISH A PLAINTIFFS' STEERING
COMMITTEE AND APPOINT COUNSEL AS MEMBER THERETO

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 21600 Oxnard Street, Suite 600, Woodland Hills, CA 91367-4903.

On August 20, 2015, I served true copies of the following document(s) described as **NOTICE OF MOTION AND MOTION BY THARP PLAINTIFFS FOR ORDER TO ESTABLISH A PLAINTIFFS' STEERING COMMITTEE AND APPOINT; DECLARATION OF SHEHNAZ M. BHUJWALA IN SUPPORT OF THARP PLAINTIFFS' MOTION FOR ORDER TO ESTABLISH A PLAINTIFFS' STEERING COMMITTEE AND APPOINT THEIR COUNSEL AS A MEMBER THERETO; PROPOSED ORDER** on the interested parties in this action.

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 20, 2015, at Woodland Hills, California.

_____
Sandra Haro

00046034.1                                                               Case No. 15-MD-02617-LHK

NOTICE OF MOTION AND MOTION FOR ORDER TO ESTABLISH A PLAINTIFFS' STEERING COMMITTEE AND APPOINT COUNSEL AS MEMBER THERETO