ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
MARK S. REICH
WILLIAM J. GEDDISH
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
STUART A. DAVIDSON
MARK J. DEARMAN
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: 561/750-3000
561/750-3364 (fax)

Attorneys for Plaintiff Kimberly T. Hyde

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: ANTHEM, INC. DATA BREACH LITIGATION | ) Case No. 15-MD-02617-LHK<br>)<br>) APPLICATION OF ROBBINS GELLER<br>) RUDMAN & DOWD LLP FOR<br>) APPOINTMENT AS LEAD COUNSEL, OR<br>) IN THE ALTERNATIVE, LIAISON<br>) COUNSEL |

Pursuant to the Court's Order Regarding Preliminary Case Management Conference dated July 6, 2015 (Dkt. No. 16) ("Pretrial Order #1"), plaintiff Kimberly T. Hyde ("Plaintiff"), by and through her counsel, respectfully submits this Application of Robbins Geller Rudman & Dowd LLP ("Robbins Geller" or the "Firm") for Appointment as Lead Counsel, or in the alternative, Liaison Counsel.

## I.   INTRODUCTION

Plaintiff respectfully requests that the Court appoint Robbins Geller as Lead Counsel in this multidistrict litigation ("MDL") proceeding relating to the data breach experienced by Anthem, Inc. ("Anthem" or "Defendant") to its computer systems, servers, and databases that occurred on or about December 2014.

As detailed herein, Robbins Geller, has a proven track record of experience, knowledge, dedication and success in leading the prosecution of consumer class actions, especially in MDL proceedings. This track record extends to cases prosecuted in this District, including *In re Dynamic Random Access Memory (DRAM) Antitrust Litigation*, 02 MDL No. 1486 (N.D. Cal.), where Robbins Geller attorneys served on the executive committee in a multi-district class action in which a class of purchasers of dynamic random access memory (or DRAM) chips alleged that the leading manufacturers of semiconductor products fixed the price of DRAM chips. The case settled for more than $300 million. With nearly 200 lawyers in New York, Florida, California, and elsewhere, amassing decades of experience in litigating some of the nation's largest class actions and complex litigation matters, Robbins Geller is well qualified to serve as Lead Counsel. To this end, Robbins Geller has recovered billions of dollars for millions of class members, including from jury verdicts in complex class actions.[1] Robbins Geller intends to do the same here.

---

[1] *See*, *e.g.*, Order, *Lawrence E. Jaffe Pension Plan v. Household Int'l, Inc.*, Case No. 02 C 5893 (N.D. Ill. Oct. 4, 2013) ("*Jaffee Pension Plan*") (entering post-trial partial final judgment of $2.4 billion in favor of the class). On May 21, 2015, the United States Court of Appeals for the Seventh Circuit remanded on very narrow issues. *Glickenhaus & Co. v. Household Int'l*, No. 13-3532, 2015 WL 2408028 (7th Cir. May 21, 2015). Robbins Geller attorneys also recently secured a favorable post-trial decision against investment bank Warburg Pincus following a non-jury trial before the Delaware Court of Chancery in *In re: Rural/Metro Corp. Shareholders Litigation*, No. 6350 (Del. Ch. Mar. 7, 2014).

Of particular relevance here, Robbins Geller has served in leadership positions, and obtained extraordinary results, in a number of consumer data security breach and consumer privacy class actions, including serving as a court-appointed member of the Plaintiffs' Steering Committee in *In re Sony Gaming Networks & Customer Data Security Breach Litigation*, MDL No. 3:11-md-02258-AJB-MDD (S.D. Cal.) ("*Sony Data Breach*").[2]  Given the unique and novel nature of the claims at issue in this case, Robbins Geller's experience and knowledge of applicable law relating to consumer data security breach and privacy litigation, as evidenced in the results it has obtained previously, will prove an invaluable resource in advancing this matter in an efficient and prudent manner.  To be sure, with a putative class in *Sony Data Breach* consisting of 40 million consumers from all 50 states in the U.S., the District of Columbia, and the U.S. territories, Robbins Geller, led by Paul J. Geller, already possesses extensive knowledge of the laws in all of these jurisdictions pertaining to cases such as this.  Said differently, there would not need to be any "reinvention of the wheel" were Robbins Geller to be appointed as Lead Counsel, which inures directly to the Anthem customers' benefit.

Robbins Geller is also equipped and willing to spend the necessary time and resources to effectively and efficiently litigate this matter, and has already invested significant time and resources in identifying and investigating the potential claims relating to Anthem's failure to adequately safeguard its customers' sensitive personal information.  This investigation caused Robbins Geller to prepare a far more robust complaint than many of the other copy-cat, "me-too" complaints filed by many others who now seek a leadership position.  And, in any event, every firm seeking a leadership appointment from this Court will have had access to basically the same publicly-available information regarding the Anthem data breach, whether from news clippings, or elsewhere.

For these reasons and as detailed further herein, Plaintiff respectfully requests that this Court appoint Robbins Geller as Lead Counsel.  In the alternative, in light of Robbins Geller's office

---

[2]  Judge Battaglia in *Sony Data Breach* did not appoint any "lead counsel," but rather appointed only a Plaintiffs' Steering Committee consisting of five lawyers, including Paul J. Geller, of Robbins Geller, and Plaintiffs' Liaison Counsel, consisting of two lawyers, creating a unique leadership structure from the various leadership motions.  *See* Order re Appointment of Liaison Counsel and the Plaintiffs' Steering Committee at 3, *Sony Data Breach*, MDL No. 3:11-md-02258-AJB-MDD (S.D. Cal. Nov. 29, 2011).

presence in this District, intimate familiarity with this District's Local Rules and practices, and tremendous success litigating complex class actions before this District's judges, Robbins Geller should be appointed Liaison Counsel for the plaintiffs in this litigation.[3]

## II. FACTUAL AND PROCEDURAL BACKGROUND

As Your Honor is certainly aware, these nationwide MDL proceedings arise from a breach involving the second largest health insurer in the United States. On or about December 2014, Anthem sustained a massive breach to its computer systems, servers, and databases (the "Security Breach"). As a result of the Security Breach, hackers gained the personal information of Anthem's customers, including the customers' names, birthdays, medical IDs/social security numbers, street addresses, email addresses and employment information. The attack compromised information for up to 80 million customers, making it one of the largest data breaches in U.S. history. As a result of the Security Breach, a series of lawsuits were filed in various District Courts across the United States, including this action filed in the Southern District of Indiana on February 24, 2015. In Plaintiff's Class Action Complaint,[4] Plaintiff alleges that she personally became aware of the Security Breach through a series of emails from the SunTrust Bank Human Resources Department. *See* Class Action Complaint, ¶¶45-49, *Hyde v. Anthem Inc., et al.*, Case No. 1:15-cv-319 (S.D. Ind.).

The parties from the related actions filed briefs and appeared before the JPML on May 28, 2015, to argue their transfer motions. The JPML ultimately issued its Transfer Order to the Northern District of California on June 9, 2015.

## III. LEGAL ARGUMENT

Rule 23(g) of the Federal Rules of Civil Procedure dictates that in appointing interim class counsel, the Court must consider: "(i) the work counsel has done in identifying or investigating

---

[3] Robbins Geller recognizes that the Court would have preferred for all plaintiffs' counsel to reach an agreement on a leadership structure. Unfortunately, such an agreement was not possible in this case, as there are simply too many lawyers and law firms intent on seeking this Court's appointment. Nonetheless, Robbins Geller has worked exceptionally well with many of the other firms likely to seek appointment.

[4] Plaintiff is an employee of SunTrust Bank, and is a customer of Anthem Blue Cross Blue Shield of Georgia. Plaintiff, represented by Robbins Geller in this litigation, is precisely the type of individual whose understanding of her fiduciary obligations to the Class cannot be seriously questioned.

potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A).[5] The Court may also "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

As set forth below, Robbins Geller not only satisfies, but exceeds the qualifications set forth in Rule 23(g).

### A.  Robbins Geller, as Lead Counsel, Can Adequately and Efficiently Represent the Class

Robbins Geller is exceptionally capable of representing Anthem customers as lead counsel. With a team of lawyers dedicated to this type of litigation and nearly 200 lawyers nationwide, Robbins Geller is especially suited for this task.

As numerous courts have recognized, Robbins Geller has the ability to manage complex litigation, effectively and efficiently. *See, e.g., IBEW Local 90 Pension Fund v. Deutsche Bank AG*, No. 11 Civ. 4209, 2011 U.S. Dist. LEXIS 141007, at *9 (S.D.N.Y. Dec. 2, 2011) ("Robbins Geller has the experience and resources to prosecute and manage this litigation effectively"); *Pompano Beach Police & Firefighters' Ret. Sys. v. Comtech Telecomms. Corp.*, No. CV09-3007, 2010 U.S. Dist. LEXIS 103218, at *16 (E.D.N.Y. Aug. 17, 2010) (finding Robbins Geller "has extensive experience" and "therefore, has the ability to conduct the litigation effectively"). This experience and ability can only benefit Anthem customers.

In connection with its ability to efficiently and effectively manage complex litigations, Robbins Geller, if appointed lead counsel, would ensure that work isn't being duplicated, and that time is being well spent, by all firms involved. In order to accomplish this task, Robbins Geller would request regular time entries from all firms involved and review them, with an eye towards ensuring that time isn't being wasted, and efforts aren't being duplicated.[6]

---

[5] Robbins Geller also seeks concurrent appointment as interim Class Counsel in accordance with Rule 23(g)(3).

[6] Robbins Geller would not opposing submitting such time entries to the Court, *in camera*, should the Court also wish to review the time entries of all involved firms.

Additionally, Robbins Geller has a proven record of working cooperatively and efficiently with other firms, including firms seeking a leadership role in this Action, to successfully represent the interests of putative classes in other similar cases.[7] For example, Robbins Geller has successfully acted with Cohen Milstein Sellers & Toll PLLC as appointed class counsel in the past. *See, e.g., Luther v. Countrywide Fin. Corp.*, No. 12-cv-05125 (C.D. Cal.) (resulting in $500 million settlement for a class of mortgage-backed securities purchasers). Robbins Geller has also successfully acted as class counsel with Altshuler Berzon LLP. *See, e.g., Veliz v. Cintas Corp., et al.*, No. C 03-1180 (N.D. Cal.) (resulting in a $22.75 million settlement for a class of workers related to wage, hour and related claims). Thus, the appointment of Robbins Geller as Lead Counsel will not result in any inefficiencies and instead will further enhance the representation of the Class.

Finally, Robbins Geller has the most extensive resources of any plaintiffs' law firm in the country, increasing its effectiveness and efficiency. Supporting the attorneys are scores of experienced paralegals, investigators and litigation support specialists with access to cutting-edge information technology resources. Robbins Geller's technological capabilities boast an unparalleled high-speed disk system capable of securely hosting more than 150 terabytes of data. The secure system is highly scalable and can host, onsite, a nearly limitless amount of data. The firm also uses the most advanced document review platforms. Combined with Robbins Geller's disk storage capabilities, the firm is able to host extremely large document productions and dramatically reduce the cost paid to outside vendors, especially, in an Action like this, when many millions of documents will be produced.

Robbins Geller, has demonstrated the ability to serve as Lead Counsel with the experience, competence, resources and vigor Anthem customers deserve.[8]

---

[7] To the extent the Court seeks to appoint only one firm as sole lead counsel, Robbins Geller is ready, willing and able to serve in such a capacity. *See Iron Workers Mid-South Pension Fund v. Oberhelman*, No. 13-cv-01104, 2014 U.S. Dist. LEXIS 158103, at *5 (C.D. Ill. Nov. 7, 2014) (appointing Robbins Geller sole lead counsel when court expressed "concerns about the inefficiency of having multiple law firms directing" the litigation).

[8] Robbins Geller, will of course, keep all plaintiffs and their counsel apprised of the status of the action and will seek their input and assistance when necessary and appropriate.

### B. Robbins Geller has Already Expended Substantial Efforts to Investigate and Identify Claims on Behalf of Plaintiff and the Class

Robbins Geller has expended a substantial amount of time and effort in investigating the legal claims that may be raised against Defendant in this litigation. Among other things, this investigation included the gathering and review of numerous relevant documents from available public sources (including public filings, newspaper articles, and other materials) and consulting with numerous victims of the Security Breach at issue, including Plaintiff. Robbins Geller continues to expend considerable resources to identify and investigate pertinent factual and legal issues relating to Plaintiff's claims through discussions with potential witnesses and Class members.

In sum, the work already performed by Robbins Geller demonstrates leadership, commitment, and the application of unparalleled experience and knowledge in this very type of security breach, and has positioned this litigation to secure maximum recovery and protections for the Class.

### C. Robbins Geller Has Experience in Handling Similar Complex Class Actions

Robbins Geller is made up of some of the most experienced and successful attorneys in the nation in litigating class actions, and have extensive experience in the litigation of the types of claims asserted in this MDL. Robbins Geller specializes in the nationwide litigation of complex class actions including those related to privacy, consumer, securities, insurance, healthcare, and antitrust claims and have taken a leading role in many of the largest federal and state consumer fraud class actions throughout the United States.

Robbins Geller, headquartered in San Diego, has successfully prosecuted thousands of class action lawsuits.[9] As a result, Robbins Geller attorneys have been responsible for recoveries of more than $45 billion for millions of class members. Some of Robbins Geller's noteworthy privacy and consumer class actions include:

- ***Sony Data Breach***. This case spawned 65 separate actions, which were eventually consolidated in the Southern District of California. Robbins Geller was appointed to serve as one of the Co-Lead Counsel and secured a

---

[9] Attached hereto as Exhibit A to the Declaration of Mark S. Reich, filed herewith, is the Firm Résumé of Robbins Geller.

recovery for the class valued at over $15 million. The settlement, granted final approval in May 2015 over no objections, was reached only after plaintiffs defeated Sony's challenge to their standing – a landmark victory that has served as a blueprint for subsequent data breach cases, including *In re Target Corp. Customer Data Security Breach Litigation*, MDL No. 2522 (D. Minn.).

- ***Drivers' Privacy Protection Act***. In this first of its kind consumer privacy case, Robbins Geller represented a class of drivers against a national bank that purchased private information in violation of a federal statute. After appeals to the Eleventh Circuit and the United States Supreme Court, Robbins Geller successfully negotiated a $50 million all-cash settlement. *Kehoe v. Fid. Fed. Bank & Trust*, 421 F.3d 1209 (11th Cir. 2005).

- ***Trans Union Privacy Litigation***. Robbins Geller served as Class Counsel in MDL proceedings against one of the nation's largest credit reporting agencies under the Fair Credit Reporting Act and various state laws challenging the sale of personal consumer credit information. A class-wide settlement providing for a $75 million settlement fund and credit monitoring services was approved in September 2008. *In re Trans Union Corp. Privacy Litig.*, No. 00-cv-4729, MDL Dkt. No. 1350 (N.D. Ill.).

- ***In re JP Morgan Chase Bank Home Equity Line of Credit Litigation***. In a settlement valued between $3 and $4 billion, Robbins Geller successfully litigated a case against Chase Bank for unilaterally suspending consumer home equity line of credit accounts and harming consumers. *In re JP Morgan Chase Bank Home Equity Line of Credit Litig.*, No. 1:10-cv-03647 (N.D. Ill.).

- ***In re Morning Song Bird Food Litigation***. Robbins Geller is currently litigating the nationwide class action against Scotts Miracle-Gro for Scotts' illegal marketing and sale of toxic bird seed. Robbins Geller has defeated Scotts' attempts at dismissal of the case, and continues to press forward after recently receiving an order certifying the class. *In re Morning Song Bird Food Litig.*, No. 12cv1592 JAH (S.D. Cal.).

- ***Fraser v. ASUS Computer International***. As Co-Lead Counsel representing a class of consumers who purchased tablet computers that contained defective GPS and wi-fi technology, Robbins Geller achieved a settlement awarding both cash payments to class members and providing a replacement for the defective GPS. *Fraser v. ASUS Computer Int'l*, No. 3:12cv00652 (N.D. Cal.).

Further, Robbins Geller served as sole lead counsel in the massive securities fraud class action *In re Enron Corp. Securities, Derivative & "ERISA" Litigation*, where Robbins Geller attorneys secured the largest recovery ever obtained in a shareholder class action (over $7 billion). Notably, the court in *Enron* stated of the firm's attorneys:

> The firm is comprised of probably the most prominent securities class action attorneys in the country. It is not surprising that Defendants have not argued that counsel is not adequate. Counsel's conduct in zealously and efficiently prosecuting

this litigation with commitment of substantial resources to that goal evidences those qualities is evident throughout this suit.

529 F. Supp. 2d 644, 675 (S.D. Tex. 2006).

Robbins Geller's class action trial experience is likewise noteworthy. Indeed, the firm achieved the highest jury verdict ever returned in favor of a shareholder class following a six-week jury trial in *Jaffe Pension Plan* – a case which Robbins Geller intends to try again on the narrow issues the Seventh Circuit remanded on.[10]

### D.   Robbins Geller Possesses Proven Knowledge of the Applicable Law in This Type of Litigation

Robbins Geller has extensive knowledge of the applicable federal and state laws involved in this action, as its success in past MDL proceedings, privacy cases, and general complex consumer class action litigation demonstrates. Indeed, Robbins Geller has litigated numerous consumer class actions in state and federal courts across the country. As such, its attorneys have the requisite knowledge to lead this matter.

Robbins Geller is routinely named among the leading class action firms by virtually every study published by unaffiliated third parties. For example, in May 2015, Chambers USA gave Robbins Geller its highest ranking, praising it as the "preeminent plaintiff firm." Similarly, in comparing the dollar value of recoveries by all plaintiffs' firms for 2014, Institutional Shareholder Services' recent "Top 50 Report" named Robbins Geller as its highest ranked firm, noting that it recovered over $300 million more than the second place firm.

As discussed above, Robbins Geller has obtained significant recoveries on behalf of tens of millions of consumers in consumer privacy cases. Of significant import is the *Kehoe v. Fidelity Federal Bank and Trust* case from the Southern District of Florida. No. 03-80593-CIV (S.D. Fla.).

---

[10]   In addition to securing the largest class action settlement in history and the largest jury verdict in a securities class action, Robbins Geller has also achieved the largest settlement ever in the context of a corporate takeover class case (*In re Kinder Morgan, Inc. S'holders Litig.*, No. 06-C-801 (Shawnee Cnty. Dist. Ct., Kan.) – $200 million), the largest stock options backdating class settlement ever (*In re UnitedHealth Grp. Inc. PSLRA Litig.*, No. 06-CV-1691 (D. Minn.) – $925 million), the largest ever antitrust settlement (*In re Payment Card Interchange Fee & Merchant Discount Antitrust Litig.*, No. 1:05-md-01720 (E.D.N.Y.) – $5.7 billion), and the largest ever opt-out (aggregated individual) recovery (*In re WorldCom Sec. Litig.*, No. 03 Civ. 8269 (S.D.N.Y.) – $657 million).

1  There, Robbins Geller served as lead counsel on behalf of nearly 550,000 Florida residents whose
2  personal, private information was purchased by a national bank from the Florida Department of
3  Highway Safety and Motor Vehicles for solicitation and marketing purposes, in alleged violation of
4  the federal Driver's Privacy Protection Act ("DPPA"). After many years of hard-fought litigation
5  surrounding rarely-litigated claims under the DPPA, including two rounds of class certification and
6  summary judgment briefing, and appeals to, and published decisions by the Eleventh Circuit and the
7  United States Supreme Court, Robbins Geller attorneys secured a $50 million all-cash settlement on
8  behalf of the class. Adding the result in *Kehoe*, the $75 million achieved by Robbins Geller in the *In*
9  *re Trans Union Privacy Litigation* case, Robbins Geller clearly has substantial experience
10 successfully prosecuting consumer privacy cases, recovering over $100 million in damages as well
11 as achieving equitable relief for privacy breach class members.

### E. Robbins Geller is Well-Capitalized and Able to Commit the Resources and Effort Necessary to Advance This Litigation in a Fair and Timely Manner

14 Robbins Geller is prepared to devote significant human and financial resources to
15 representing the interests of Plaintiffs and the proposed Class in this action. The Firm already
16 committed a number of lawyers, investigators and paraprofessionals to the effort collectively, and
17 will devote whatever further resources are necessary to litigate this case through pre-trial, trial, and
18 any appeals that may be necessary. In addition, Robbins Geller has the financial wherewithal to
19 fund this litigation – and absorb whatever expenses may be required, including expert expenses –
20 through the entire length of the case, even if this case were to take several years or more to resolve.
21 Robbins Geller has demonstrated its willingness to successfully fund – and try – these types of cases
22 in the past, and will do so here as well. With such a capacity to go forward, any settlement
23 possibility is enhanced. In fact, that result, a settlement that is fair, reasonable and adequate, has
24 been reached on multiple occasions by Robbins Geller, all inuring to the benefit of consumers and
25 the judicial system.
26 The importance of selecting the most experienced attorney and law firm to represent the
27 Class is even more pressing when considering the resources and representation of the litigants on the
28 other side of the bar. Defendant is a well-capitalized corporate litigant, with vast resources and is

represented by well-qualified counsel. To ensure that the Class is best represented against impressive defense counsel, Class Members here need an aggressive, well-funded and experienced advocate willing to litigate this case effectively to its conclusion, up to and including trial, if necessary. As evidenced by their past successes, Robbins Geller is more than capable of filling that role, as it possesses the means and talent to aggressively represent the Class in these proceedings. History should be the guide of what resources class counsel will bring to bear on a new case.[11]

Accordingly, Robbins Geller has a proven track record and possesses the qualifications, resources, and ability to fulfill an important role as Lead Counsel in these MDL proceedings to bring this litigation to a successful conclusion.

## IV. CONCLUSION

In sum, Robbins Geller is nationally recognized as leading plaintiffs' class action attorneys, not simply because of its size and resources, but because of its expertise and talent in prosecuting complex class actions. It will expend the time and resources necessary to successfully prosecute the case on behalf of Plaintiffs and the Class, including trial and appeal if necessary. For all of the foregoing reasons, Plaintiff respectfully requests that the Court appoint Robbins Geller as Lead Counsel, or in the alternative, Liaison Counsel.

DATED: August 20, 2015

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
MARK S. REICH
WILLIAM J. GEDDISH

*s/ Mark S. Reich*
MARK S. REICH

---

[11] Notably, in *Enron*, District Judge Harmon appointed Robbins Geller as sole lead counsel, commenting that Robbins Geller is a "law firm with exceptional resources and capability to prosecute this action." *In re Enron Corp. Sec. Litig.*, 206 F.R.D. 427, 454 (S.D. Tex. 2002).

|   |   |
|---|---|
| 1 | 58 South Service Road, Suite 200 |
| 2 | Melville, NY 11747<br>Telephone: 631/367-7100 |
|   | 631/367-1173 (fax) |
| 3 | srudman@rgrdlaw.com |
|   | mreich@rgrdlaw.com |
| 4 | wgeddish@rgrdlaw.com |
| 5 | ROBBINS GELLER RUDMAN |
|   | & DOWD LLP |
| 6 | STUART A. DAVIDSON |
|   | MARK J. DEARMAN |
| 7 | 120 East Palmetto Park Road, Suite 500 |
|   | Boca Raton, FL 33432 |
| 8 | Telephone: 561/750-3000 |
|   | 561/750-3364 (fax) |
| 9 | sdavidson@rgrdlaw.com |
|   | mdearman@rgrdlaw.com |
| 10 |   |
| 11 | *Attorneys for Plaintiff Kimberly T. Hyde* |

CERTIFICATE OF SERVICE

I hereby certify that on August 20, 2015, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such public filing to all counsel registered to receive such notice.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on August 20, 2015

          *s/ Mark S. Reich*
MARK S. REICH

ROBBINS GELLER RUDMAN
    & DOWD LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

E-mail:  mreich@rgrdlaw.com