JOSEPH W. COTCHETT (SBN 36324)
jcotchett@cpmlegal.com
NANCI E. NISHIMURA (SBN 152621)
nnishimura@cpmlegal.com
ADAM J. ZAPALA (SBN 245748)
azapala@cpmlegal.com
MATTHEW K. EDLING (SBN 250940)
medling@cpmlegal.com
TIFFANY B. WONG (SBN 280620)
twong@cpmlegal.com
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, California 94010
Telephone:    (650) 697-6000
Facsimile:    (650) 697-0577

*Attorneys for Beryl and Stephen Fisse*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| **IN RE ANTHEM, INC. DATA BREACH LITIGATION** | 15-MD-02617-LHK<br><br>**NOTICE OF MOTION and MOTION TO APPOINT COTCHETT, PITRE & McCARTHY, LLP LEAD PLAINTIFFS' COUNSEL MEMORANDUM IN SUPPORT**<br><br>DATE:   SEPTEMBER 10, 2015<br>TIME:    1:30 P.M.<br>CTRM    8, 4TH FLOOR<br>JUDGE:  HON. LUCY H. KOH |

LAW OFFICES
COTCHETT, PITRE
& MCCARTHY, LLP

**NOTICE OF MOTION AND MOTION TO APPOINT COTCHETT, PITRE & McCARTHY, LLP AS LEAD PLAINTIFFS' COUNSEL, AND MEMORANDUM IN SUPPORT; CASE NO. 15-MD-02617-LHK**

# NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on September 10, 2015, at 1:30 p.m. or as soon thereafter as this matter may be heard before the Honorable Lucy H. Koh of the United States District Court, Northern District of California, Courtroom 8, 280 South 1st Street, San Jose, California, Cotchett, Pitre & McCarthy, LLP ("CPM") will move and hereby does move the Court for an order appointing it to serve as interim Lead Plaintiffs' Counsel for the proposed Class.

This motion is brought under Federal Rule of Civil Procedure 23(g) and the Court's July 6, 2015 Preliminary Case Management Conference Order (ECF No. 16) ("CMO"). Cotchett, Pitre & McCarthy, LLP satisfy all of the criteria under Rule 23(g) as well as the Court's identified criteria in the CMO: (1) extensive knowledge and experience in prosecuting complex litigation, including class actions; (2) willingness and ability to commit to a time-consuming process; (3) ability to work cooperatively with others; and (4) access to sufficient resources to prosecute this action in a timely manner.

This motion is based on this notice, the accompanying memorandum of points and authorities, and the declaration of Joseph W. Cotchett and attached exhibit, and any additional argument and evidence the Court may consider at the hearing.

DATED: August 20, 2015            **COTCHETT PITRE & McCARTHY, LLP**

/s/ *Joseph W. Cotchett*
Joseph W. Cotchett
Nanci E. Nishimura
Adam J. Zapala
Matthew K. Edling
Tiffany B. Wong
840 Malcolm Road, Suite 200
Burlingame, CA 94010
jcotchett@cpmlegal.com
nnishimura@cpmlegal.com
azapala@cpmlegal.com
medling@cpmlegal.com
twong@cpmlegal.com
Telephone: (650) 697-6000
Fax: (650) 697-0577

*Attorneys for Beryl and Stephen Fisse*

LAW OFFICES
COTCHETT, PITRE
& McCARTHY, LLP

NOTICE OF MOTION AND MOTION TO APPOINT COTCHETT, PITRE & McCARTHY, LLP AS LEAD PLAINTIFFS' COUNSEL, AND MEMORANDUM IN SUPPORT; CASE NO. 15-MD-02617-LHK     i

# TABLE OF CONTENTS

                                            **Page**

I. **INTRODUCTION** .................................................................................................. 1

II. **ARGUMENT** ........................................................................................................ 1

    A. Knowledge and Experience in Prosecuting Complex Litigation ............................ 2

    B. Willingness and Ability to Commit to a Time-Consuming Process ....................... 5

    C. Ability to Work Cooperatively With Others .......................................................... 6

    D. Access to Sufficient Resources to Prosecute the Litigation in a Timely Manner .......................................................................................................................... 7

    E. Fees, Time and Cost Controls ................................................................................ 8

III. **CONCLUSION** .................................................................................................... 9

LAW OFFICES
COTCHETT, PITRE
& MCCARTHY, LLP

NOTICE OF MOTION AND MOTION TO APPOINT COTCHETT, PITRE & McCARTHY, LLP AS LEAD PLAINTIFFS' COUNSEL, AND MEMORANDUM IN SUPPORT; CASE NO. 15-MD-02617-LHK    iii

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Levitte v. Google, Inc.*,
  2009 WL 482252 (N.D. Cal. Feb. 25, 2009) .............................................................................. 1

**Other Authorities**

*Manual for Complex Litig.* (4th ed. 2004)
  § 10.221............................................................................................................................... 1, 7
  § 21.11..................................................................................................................................... 1

**Rules**

Federal Rules of Civil Procedure
  Rule 23(g) ............................................................................................................................ 1, 9
  Rule 23(g)(3)........................................................................................................................... 1

LAW OFFICES
COTCHETT, PITRE
& MCCARTHY, LLP

**NOTICE OF MOTION AND MOTION TO APPOINT COTCHETT, PITRE & McCARTHY, LLP AS LEAD PLAINTIFFS' COUNSEL, AND MEMORANDUM IN SUPPORT; CASE NO. 15-MD-02617-LHK**   iv

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Pursuant to this Court's July 6, 2015 Case Management Order ("CMO"), Cotchett, Pitre & McCarthy, LLP ("CPM") hereby files this motion to serve as Plaintiffs' Lead Counsel. According to the Manual for Complex Litigation, the primary concern in appointing leadership in a complex action "is achieving efficiency and economy without jeopardizing fairness to the parties." *Manual for Complex Litig*. § 10.221 (4th ed. 2004). This case is best litigated by a lean leadership structure that will achieve maximum efficiencies for the Class.

CPM has been one of the nation's leading plaintiffs' law firms practicing complex litigation for the last 45 years, and has recovered substantial damages and settlements for injured plaintiffs. *See* Declaration of Joseph W. Cotchett, Exhibit A ("CPM Representative Case Listings") ("Cotchett Decl."). CPM has successfully litigated myriad complex cases, including cases in fields as varied as securities, antitrust, environmental, privacy, mass tort, consumer and complex business litigation, amongst other practice areas. CPM has extensive experience litigating the types of claims asserted in this case, and has the resources necessary to vigorously prosecute this Action and protect the interests of the Class. As explained more fully below, Joseph W. Cotchett and CPM's lawyers satisfy the criteria identified by this Court in its CMO and by the factors outlined in Fed. R. Civ. P. 23(g).

## II.  ARGUMENT

Rule 23(g) authorizes courts to "designate interim counsel to act on behalf of a putative class before determining whether to certify the actions as a class action." Fed. R. Civ. P. 23(g)(3); *see also Levitte v. Google, Inc*., Nos. C 08-03369 et al., 2009 WL 482252, at *2 (N.D. Cal. Feb. 25, 2009). The designation of interim counsel "clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." *Manual for Complex Litig*. § 21.11 (4th ed. 2004).

LAW OFFICES
COTCHETT, PITRE
& MCCARTHY, LLP

NOTICE OF MOTION AND MOTION TO APPOINT COTCHETT, PITRE & McCARTHY, LLP AS LEAD PLAINTIFFS' COUNSEL, AND MEMORANDUM IN SUPPORT; CASE NO. 15-MD-02617-LHK      1

### A. Knowledge and Experience in Prosecuting Complex Litigation

CPM has substantial experience litigating and trying class actions and other complex actions, and has been repeatedly acknowledged by courts for handling cases efficiently and effectively. *See* Cotchett Decl., Ex. A. CPM has offices in the San Francisco Bay Area, Los Angeles and New York, but the attorneys that will handle this case are located in its offices in Burlingame, California. CPM currently serves in leadership positions in many major class actions and other ground-breaking complex litigation. CPM's reputation is one reason large institutional investors and public entities, such as the California State Teachers' Retirement System and The Regents of the University of California, have selected CPM as counsel in some of their most important cases.[1]

While CPM works to resolve cases efficiently before trial, if the firm cannot reach a settlement that is in the best interests of the Class, it has not (and will not) hesitate to bring the case to trial. In addition to numerous other trials and jury verdicts, just in the last few years, CPM has successfully tried two class action cases. In 2011, CPM went to trial in one of only 15 class actions ever tried under the Private Securities Litigation Reform Act (PLSRA). The jury returned a verdict of $64.6 million on behalf of the class. In *Massoyan v. HL Leasing, Inc.*, Case No. 09-CECG 01839 (Fresno Cty. Super. Ct.), unable to obtain an acceptable settlement for the class, CPM tried a Ponzi scheme case to a jury verdict of $151.7 million. In addition, in 2013 CPM secured a ground-breaking $1.15 billion judgment against the lead paint industry after a two-month trial in Santa Clara Superior Court. *See People of the State of California v. Atlantic Richfield, et al.*. Santa Clara Sup. Ct, Case No. 1-00-CV-788657 *("Lead Paint")*. As discussed in

---

[1] *See In re Worldcom, Inc. Securities Litig.*, 02 Civ. 3288 (DLC) (S.D.N.Y.): *The Regents of the University of California v. Salomon Smith Barney, Inc., et al.*; *Regents of the Univ. of California v. Superior Court,* 165 Cal.App.4th 672 (2008); *California State Teachers' Retirement System v. Qwest Communications*; *California State Teachers' Retirement System v. AOL Time Warner*; *In re Libor-Based Financial Instruments Antitrust Litig.,* Case No. 11 MDL 2262 (NRB) (S.D. N.Y.) (representing the Counties of San Mateo and San Diego, the cities of Richmond and Riverside, East Bay Municipal Utility District, and other public entities); *In re Municipal Derivatives Antitrust Litig.*, MDL No. 1950 (S.D. N.Y.) (representing Los Angeles and numerous public entities); *People of the State of California v. Atlantic Richfield, et al. ("Lead Paint ")*, Case No. 1-00-CV-788657 (represented the People of the State of California alongside ten California cities and counties).

LAW OFFICES
COTCHETT, PITRE
& MCCARTHY, LLP

**NOTICE OF MOTION AND MOTION TO APPOINT COTCHETT, PITRE & McCARTHY, LLP AS LEAD PLAINTIFFS' COUNSEL, AND MEMORANDUM IN SUPPORT; CASE NO. 15-MD-02617-LHK**   2

1  more detail, *infra* at 5-6, the *Lead Paint* verdict was the result of 13-years of hard-fought
2  litigation, including multiple trips to the California Court of Appeal and the Supreme Court of
3  California, and stands as the only successful trial against the lead paint industry for creating a
4  public nuisance threatening the health and well-being of children.  *See, e.g.*, *County of Santa
5  Clara et al. v. Atlantic Richfield, et al.*, 50 Cal.4th 35 (2010); *County of Santa Clara et al. v.
6  Atlantic Richfield, et al.*, 161 Cal.App.4th 1140 (2008); *County of Santa Clara et al. v. Atlantic
7  Richfield, et al.*, 137 Cal.App.4th 292 (2006).

8        CPM also has experience in the relevant subject area.  CPM has served, or is serving, as
9  lead counsel in other data privacy and consumer cases.  For example, CPM was recently
10 appointed lead counsel in the data security case pending in this District, *In re: Lenovo Adware
11 Litigation*, Case No. 5:15-md-02624 (N.D. Cal.) (Whyte, J.).  In its order appointing the Firm,
12 Judge Whyte found CPM "particularly suitable" given its experience and ability to cooperatively
13 work with other counsel.  ECF No. 43; *see also* Cotchett Decl., Ex. A (listing of consumer and
14 technology-related cases).

15       The National Law Journal has stated that the Firm and its members are regarded by the
16 industry as one of the foremost trial firms in the nation.  CPM is routinely named to the National
17 Law Journal's "Litigation Boutiques Hot List" and the "Plaintiffs' Hot List."  Recently, the
18 National Law Journal named CPM to its inaugural list of Elite Trial Lawyers.  The Daily Journal,
19 California's leading legal publication, has named CPM one of the top law firms in Northern
20 California—the only plaintiffs' class action firm to be given that honor.  No less than 18 of
21 CPM's attorneys have been named as "Superlawyers" this year, with Joseph W. Cotchett named
22 as the number one lawyer in Northern California.  CPM placed 6 attorneys in the top 100 in
23 California – the most of any single firm.

24       **CPM Senior Partner Joseph W. Cotchett** is lead counsel and team supervisor of the
25 CPM attorneys.  As stated by The National Law Journal, Mr. Cotchett is considered by plaintiffs
26 and defense attorneys alike to be one of the foremost trial lawyers in the country.  He is the
27 author of several books, including Federal Courtroom Evidence, California Courtroom Evidence
28 and others.  In 50 years of practice, he has tried over 100 cases to verdict in jurisdictions across

LAW OFFICES
COTCHETT, PITRE
& MCCARTHY, LLP

NOTICE OF MOTION AND MOTION TO APPOINT COTCHETT, PITRE & McCARTHY, LLP AS
LEAD PLAINTIFFS' COUNSEL, AND MEMORANDUM IN SUPPORT; CASE NO. 15-MD-02617-LHK

3

the country, while settling hundreds more.  As reported in the San Francisco / Los Angeles *Daily Journal*, he is "considered one of the best trial strategists in the state" and has built a career out of representing the underdog against powerful interests.  He is known nationally as the lead trial lawyer for 23,000 plaintiffs in the *Lincoln Savings & Loan Association/American Continental Corp.* case in 1990 involving Charles Keating, his lawyers, accountants and bankers. He won one of the then-largest jury verdicts in U.S. history, $3.3 billion. He obtained nearly $300 million in settlements from lawyers, accountants and other professionals caught up in the scandal in the jury trial in Tucson, Arizona.  Mr. Cotchett was the lead trial counsel in the *Lead Paint* litigation and tried the case with a team of attorneys.

**CPM Partner Nanci E. Nishimura** has vast experience prosecuting class actions and other complex cases.  She has also specialized in representing public entities in complex litigation.  Ms. Nishimura has experience in consumer, antitrust and complex business litigation cases.  She has also served in several advisory capacities in the legal industry and to the State Bar.  She was appointed by Governor Jerry Brown to the 11-member Commission on Judicial Performance (2011-2015) and formerly served on the State Bar Judicial Nominees Evaluation Commission (JNE) from 2005-2008.  She has also been named one of the Top 100 Women Lawyers in the State of California by the Los Angeles *Daily Journal*.

**CPM Partner Matthew K. Edling** has served as lead or co-counsel in several nationwide class actions, including *In Re: Lenovo Adware Litigation*, 15-md-02624 (N.D. Cal.) (Whyte, J.), *In Re: Lumber Liquidators Chinese-Manufactured Flooring Products Marketing, Sales Practices and Products Liability Litigation*, 15-md-02627 (E.D. VA) (Trenga, J.); *Shephard v. Lowe's, HIW, Inc.*, 12-cv-03893 (N.D. Cal.) (White, J.); *In re BP Securities Litigation*, 10-md-2185 (S.D. Tex.); and *In re Lehman Bros. Sec. and ERISA Litig*., 09-md-02017 (SDNY)) (liaison counsel).  Additionally, Mr. Edling currently serves or has served as lead or co-lead counsel in multiple class actions in state and federal courts in California as well as primary counsel in multiparty actions throughout the country.  Mr. Edling has multiparty trial experience.  Most recently, he recovered nearly $6 million for retail investors after a six week arbitration (*Kim v. Pacific West Financial Group, Pacific West Securities Inc.* (FINRA Case No.

LAW OFFICES
COTCHETT, PITRE
& MCCARTHY, LLP

NOTICE OF MOTION AND MOTION TO APPOINT COTCHETT, PITRE & McCARTHY, LLP AS LEAD PLAINTIFFS' COUNSEL, AND MEMORANDUM IN SUPPORT; CASE NO. 15-MD-02617-LHK

4

10-05466)) and several million dollars in a bad faith insurance coverage arbitration for the policy holder and creditor assignees (*Illinois Union Insurance Company, Endurance American Specialty Insurance Company v. Pacific West Securities Inc.*, ICDR Case No. 50 195 T 00143 12, AAA Case No. 13 195 00425 12).

**CPM Principal Adam J. Zapala** has served as lead counsel in several high-profile, nationwide class action cases. The Firm, along with Mr. Zapala, is presently prosecuting a complex price-fixing conspiracy case against defendants in the freight forwarding industry. *Precision Associates, Inc. et al. v. Panalpina World Transport (Holding) Ltd. et al.*, Case No. 1:08-cv-00042-JG-VVP (E.D. N.Y.) (Gleeson, J.). Plaintiffs have recovered substantial settlements for that class. Mr. Zapala also serves as co-lead counsel, along with the Hausfeld firm, in *In re Transpacific Passenger Air Transportation Antitrust Litigation*, Case No. 3:07-cv-05634-CRB (N.D. Cal.) (Breyer, J.). The case has resulted in large settlements and several trailblazing rulings by District Court Judge Charles Breyer. Mr. Zapala also assists the Firm as co-lead counsel in what the Department of Justice has said is the largest price-fixing and bid-rigging conspiracy in the history of the Sherman Act. *See In re Automotive Parts Antitrust Litigation*, MDL 2311 (E.D. Mich.) (Battani, J.) (CPM lead counsel for indirect purchasers). Mr. Zapala has served as trial counsel in countless proceedings and arbitrations on behalf of employees and unions and has argued cases before the courts of appeal.

CPM's firm resume is attached as Exhibit A to the Cotchett Declaration.

**B.      Willingness and Ability to Commit to a Time-Consuming Process**

CPM has the resources and experience to litigate complex cases of this magnitude and, as history has demonstrated, is committed to expending the time, energy and financial resources necessary to lead this litigation. CPM has a sufficient numbers of attorneys and other professionals to staff this case, and has successfully managed complex, resource-intensive cases in the past. As an example, the Firm represented several municipalities across California in highly complex public nuisance litigation against the lead paint industry. *See People of the State of California v. Atlantic Richfield, et al*., Santa Clara Sup. Ct., Case No. 1-00-CV-788657. The case was filed in 2000 and was tried in 2013. All along that 13-year path, the defendants pursued

LAW OFFICES
COTCHETT, PITRE
& MCCARTHY, LLP

NOTICE OF MOTION AND MOTION TO APPOINT COTCHETT, PITRE & McCARTHY, LLP AS LEAD PLAINTIFFS' COUNSEL, AND MEMORANDUM IN SUPPORT; CASE NO. 15-MD-02617-LHK

5

an extreme "scorched-earth" strategy, fighting each and every legal theory and motion, filing repeated appeals and attempting to get the Firm disqualified from the case. The case involved—like many complex cases—extraordinary volumes of documents (5 million total, with countless pages more) and over 150 depositions. Despite the scorched-earth tactics, CPM persevered. Senior CPM partner Joseph W. Cotchett, along with a team of CPM attorneys and staff, tried the case in 2013, with a resulting landmark judgment against the defendants and a $1.15 billion verdict.

CPM has invested in the information technology support necessary to handle complex matters, and has designated a primary team of attorneys who will bring their unique skills and experience to representing the proposed Class. The Firm routinely advances the costs of litigation, consistently litigates cases on a contingency basis and has demonstrated an ability and willingness to dedicate substantial resources to vigorously prosecute the claims of proposed class members. CPM is prepared to commit the resources necessary to prosecute this case to a successful conclusion.

### C. Ability to Work Cooperatively With Others

CPM has the ability and willingness to work cooperatively with other law firms, including other plaintiffs' lawyers and the defense counsel in this case. CPM understands that professional and courteous relations amongst joint counsel, as well as between opposing counsel, are essential to the conduct and management of complex multidistrict litigation such as this one. CPM regularly leads cases with co-lead counsel or co-counsel and has a very good relationship with many of the plaintiffs' lawyers that have filed in this case. Indeed, CPM has worked as counsel with Hausfeld, LLP.[2]; Lieff, Cabraser, Heimann & Bernstein, LLP.; Cohen Milstein Sellers & Toll PLLC; Girard Gibbs LLP; Hagens Berman Sobol & Shapiro, LLP; Lockridge, Grindal, Nauen; and many of the other firms filing cases in this Action. CPM has also worked

---

[2] As discussed in the leadership application of the Hausfeld LLP. firm, CPM supports Hausfeld's separate co-leadership application. The firms have successfully worked together as co-lead counsel on several complex class action cases. *See In re Transpacific Passenger Air Transportation Antitrust Litigation*, Case No. 3:07-cv-05634-CRB (N.D. Cal.) (Breyer, J.) (co-lead counsel in large price-fixing action); *In re International Air Transportation Antitrust Litigation*, Case No. M 06-01793 CRB (N.D. Cal.) (Breyer, J.).

LAW OFFICES
COTCHETT, PITRE
& MCCARTHY, LLP

NOTICE OF MOTION AND MOTION TO APPOINT COTCHETT, PITRE & McCARTHY, LLP AS LEAD PLAINTIFFS' COUNSEL, AND MEMORANDUM IN SUPPORT; CASE NO. 15-MD-02617-LHK    6

cooperatively with Hogan Lovells LLP, the defense attorneys in this case, in previous cases. *See In re Transpacific Passenger Air Transportation Antitrust Litig.*, Case 3:07-cv-05634-CRB (N.D. Cal.) (Breyer, J.). Additionally, as is evident from the Firm resume, CPM regularly serves as lead counsel or co-lead counsel in multiparty antitrust actions, which often require the resources of many plaintiffs' firms because of the number of defendants and the complexity in those litigations. Those cases also frequently require coordination and cooperation amongst counsel for groups of plaintiffs at the varying levels of the distribution chain (*e.g.*, direct purchasers, distributor plaintiffs, and end-payer or indirect purchaser plaintiffs). CPM has successfully managed cases with the involvement of close to 60 law firms and has obtained excellent results for those classes. *But see* Section D, *infra* (this case does not require the involvement of large committees and a plethora of law firms). CPM clearly meets the Court's criteria for an ability to work cooperatively with other counsel.

### D. Access to Sufficient Resources to Prosecute the Litigation in a Timely Manner

CPM has the resources necessary to prosecute this litigation in a timely manner. In light of the unique facts of this case and the likely naming of a single Defendant in the eventual consolidated complaint, CPM does not believe this case calls for an overly top-heavy leadership structure with steering committees, discovery committees and the like. CPM believes the Class will be best served by a lean and efficient leadership structure, ensuring that counsel avoid duplication of effort and an excessive lodestar to the detriment of the Class and the resolution of the litigation. As discussed, the chief concern in appointing leadership in complex cases "is achieving efficiency and economy without jeopardizing fairness to the parties." *Manual for Complex Litigation* § 10.221 (4th Ed. 2004). Committees "are most commonly needed when group members' interests and positions are sufficiently dissimilar to justify giving them representation in the decision making." *Id.* But committees can "lead to substantially increased costs, and … unnecessary duplication of efforts . . . ." *Id.* This is not an instance where group members' interests and positions are dissimilar. Rather, this case focuses on the conduct of Defendants and their inability to keep the Class's information private and out of the hands of

LAW OFFICES COTCHETT, PITRE & MCCARTHY, LLP

NOTICE OF MOTION AND MOTION TO APPOINT COTCHETT, PITRE & McCARTHY, LLP AS LEAD PLAINTIFFS' COUNSEL, AND MEMORANDUM IN SUPPORT; CASE NO. 15-MD-02617-LHK

7

would-be criminals, despite Defendants' representations to the contrary. Consequently, CPM has advocated appointment to a leadership position along with the Hausfeld firm.

CPM also has a sufficient number of attorneys and other professionals to staff the case, and has successfully managed complex, resource-intensive cases in the past. CPM has invested in the information technology support necessary to handle complex matters and has designated a primary team of attorneys to this matter. The firm routinely advances the costs of litigation and has historically demonstrated an ability and willingness to dedicate substantial resources to vigorously prosecute the claims of proposed class members.

### E. Fees, Time and Cost Controls

CPM is committed to litigating the case efficiently, economically and its lawyers intend to use their experience and background in similar cases to streamline the litigation. *See, e.g.*, *In re Lenovo Adware Litigation*, Case No. 5:15-md-02624 (CPM appointed lead counsel in separate privacy and consumer protection case). CPM is well-versed in using case management strategies to focus litigation. If appointed, **CPM intends to submit a timekeeping and cost reporting protocol for approval by the Court** that will require all plaintiffs' counsel to maintain a daily record of their time and expenses incurred in connection with this litigation and provide monthly reports for review by interim class counsel (and the Court, if requested). This is not a case where a substantial number of law firms should be billing thousands of hours.

If appointed as Co-Lead Plaintiffs' counsel, CPM intends to propose a protocol with guidelines similar to the following:

   a. No attorney working on the case may be billed at more than $600 per hour.

   b. Document review work performed by associates may be billed at no more than $300 per hour (with contract attorneys being capped at $250 per hour).

   c. All pre-leadership and MDL time from non-lead firms has to be submitted to lead counsel who have the discretion to eliminate or edit such time.

   d. All firms, attorneys, experts and consultants working on the case must maintain detailed, contemporaneous time records, prepared at the most within seven days after the work reflected in each time entry occurred, as required in the July 16 Order. Such reports must be recorded in tenth of an hour increments. These time records must be submitted to lead counsel each month.

   e. Lead counsel will exercise appropriate billing judgement and eliminate time for "read and review", unless it was authorized by lead counsel or necessary for a particular project. Lead counsel will also exercise billing judgment for "attorney conferences" to ensure that excessive hours are not billed in meetings or teleconference calls;

LAW OFFICES
COTCHETT, PITRE
& MCCARTHY, LLP

NOTICE OF MOTION AND MOTION TO APPOINT COTCHETT, PITRE & McCARTHY, LLP AS
LEAD PLAINTIFFS' COUNSEL, AND MEMORANDUM IN SUPPORT; CASE NO. 15-MD-02617-LHK        8

f. In an attorneys' fee request, lead counsel will submit to the Court, (1) contemporaneous billing records, including a breakdown of hours spent on specific tasks by each attorney; (2) each attorney's, paralegal's, and staff member's billing rates; (3) justifications for those billing rates, and (4) any other information this Court desires.

CPM also proposes that in light of the facts of this case, law firms that work on the case be compensated at no more than 20% of any common fund created through settlement or no more than a multiplier of two in the event of a favorable judgment.

Finally, CPM is headquartered in this District and as such the Class will not have to pay for the time and expense to fly lawyers in for hearings, depositions and meetings. Second, because CPM regularly practices in this District, it is fully familiar with the Local Rules and practices of this Court.

## III. CONCLUSION

For the foregoing reasons, Cotchett, Pitre & McCarthy, LLP meet the criteria set forth in this Court's Order and in Rule 23(g) and respectfully request appointment as Lead Plaintiffs' Counsel in this litigation.

**DATED**:  August 20, 2015                     **Respectfully submitted,**

*/s/ Joseph W. Cotchett*
Joseph W. Cotchett
Nanci E. Nishimura
Adam J. Zapala
Matthew K. Edling
Tiffany B. Wong
**COTCHETT PITRE & McCARTHY, LLP**
840 Malcolm Road, Suite 200
Burlingame, CA 94010
jcotchett@cpmlegal.com
nnishimura@cpmlegal.com
azapala@cpmlegal.com
medling@cpmlegal.com
twong@cpmlegal.com
Telephone: (650) 697-6000
Fax: (650) 697-0577

*Attorneys for Beryl and Stephen Fisse*

LAW OFFICES
COTCHETT, PITRE
& MCCARTHY, LLP

NOTICE OF MOTION AND MOTION TO APPOINT COTCHETT, PITRE & McCARTHY, LLP AS LEAD PLAINTIFFS' COUNSEL, AND MEMORANDUM IN SUPPORT; CASE NO. 15-MD-02617-LHK       9