Bonny E. Sweeney (State Bar No. 176174)
Michael P. Lehmann (State Bar No. 77152)
Christopher L. Lebsock (State Bar No. 184546)
HAUSFELD LLP
600 Montgomery St., Suite 3200
San Francisco, CA  94111
Telephone:  (415) 633-1908
Facsimile:   (415) 358-4980
mlehmann@hausfeld.com
bsweeney@hausfeld.com
clebsock@hausfeld.com

James J. Pizzirusso (*pro hac vice* to be filed)
Swathi Bojedla (*pro hac vice* to be filed)
HAUSFELD LLP
1700 K St. NW, Suite 650
Washington, DC 20006
Telephone: 202-540-7200
Facsimile:  202-540-7201
jpizzirusso@hausfeld.com
sbojedla@hausfeld.com

*Attorneys for Rosalynn C. Krissman,
Whitney R. Babbit, Jillian J. Szalankiewicz,
and Mark J. Plantan*

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| IN RE ANTHEM, INC., DATA BREACH LITIGATION | Case No. 15-MD-02617-LHK  **NOTICE OF MOTION AND MOTION TO APPOINT HAUSFELD LLP AS CO-LEAD PLAINTIFFS' COUNSEL**  Date:   September 10, 2015 Time:   1:30 p.m. Ctrm:   8, 4th Floor Judge: The Honorable Lucy H. Koh |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on September 10, 2015, at 1:30 p.m. or as soon thereafter as this matter may be heard before the Honorable Lucy H. Koh of the United States District Court, Northern District of California, Courtroom 8, 280 South 1st Street, San Jose, California, Hausfeld LLP will move and hereby does move the Court for an order appointing it to serve as interim Lead Plaintiffs' Counsel for the proposed Class.

This motion is brought under Federal Rule of Civil Procedure 23(g) and the Court's July 6, 2015 Preliminary Case Management Conference Order (ECF No. 16) ("CMO").  Hausfeld, LLP satisfy all of the criteria under Rule 23(g) as well as the Court's identified criteria in the CMO: (1) extensive knowledge and experience in prosecuting complex litigation, including class actions; (2) willingness and ability to commit to a time-consuming process; (3) ability to work cooperatively with others; and (4) access to sufficient resources to prosecute this action in a timely manner.

This motion is based on this notice, the accompanying memorandum of points and authorities and attached exhibits, and any additional argument and evidence the Court may consider at the hearing.

Dated: August 20, 2015                      Respectfully submitted,

                                            HAUSFELD LLP

                                    By:     /s/  *Bonny E. Sweeney*
                                            Bonny E. Sweeney (State Bar No. 176174)
                                            Michael P. Lehmann (State Bar No. 77152)
                                            Christopher L. Lebsock (State Bar No. 184546)
                                            HAUSFELD LLP
                                            600 Montgomery St., Suite 3200
                                            San Francisco, CA  94111
                                            Telephone:  (415) 633-1908
                                            Facsimile:   (415) 358-4980
                                            mlehmann@hausfeld.com
                                            bsweeney@hausfeld.com
                                            clebsock@hausfeld.com

                                            James J. Pizzirusso (*pro hac vice* to be filed)

1
2
3

Swathi Bojedla (*pro hac vice* to be filed)
HAUSFELD LLP
1700 K St. NW, Suite 650
Washington, DC 20006
Telephone: 202-540-7200
Facsimile:  202-540-7201

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

NOTICE OF MOTION AND MOTION TO APPOINT HAUSFELD LLP AS CO-LEAD PLAINTIFFS' COUNSEL

ii

CASE NO. 15-MD-02617-LHK

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to the Court's "Order re Preliminary Case Management Conference" (July 6, 2015) ("July 6 Order") (Dkt. No. 16), Hausfeld LLP ("Hausfeld"), by and though its attorneys Bonny E. Sweeney, James J. Pizzirusso, and Christopher L. Lebsock, seeks appointment as co-lead plaintiffs' counsel.[1]  A copy of Hausfeld's CV is attached as Exhibit A.

### I.     *Introduction.*

Hausfeld readily satisfy all of the criteria identified by the Court in its July 6 Order. Hausfeld's lawyers have unmatched expertise prosecuting complex class actions, are willing and able to commit the time and effort necessary to prosecute this complex case, have demonstrated an ability to work cooperatively with other lawyers, and have more than sufficient resources to prosecute this action in a timely manner.  They also satisfy the overlapping criteria set forth in Rule 23(g)(1) of the Federal Rules of Civil Procedure, which are applicable both at class certification and before certification. *See e.g., Manual for Complex Litigation (Fourth)* § 21.11 (2004).[2]

### II.     *Knowledge and Experience Prosecuting Complex Class Actions.*

Hausfeld has extensive experience in class actions of all types, and in litigation across the globe, with offices in San Francisco, Washington D.C., New York, Philadelphia, London and Brussels.  It currently serves in leadership positions in dozens of major class actions, including many involving sensitive data breach or privacy issues;[3] many with recoveries of

---

[1] With apologies to the Court, Ms. Sweeney has a long-scheduled trip that conflicts with the Court's September 10th hearing and she will not be able to attend in person.  Her partners, Christopher Lebsock and James Pizzirusso, will present Hausfeld's argument at this hearing on the firm's behalf.

[2] Under Fed.R.Civ.P. 23(g)(1), courts must consider four factors in appointing lead counsel: (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action; (3) counsel's knowledge of the applicable law, and (4) the resources counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A)(i-iv).

[3] *E.g., In re Target Corporation Customer Data Security Breach Litig.*, MDL No. 14-2522 (PAM/JJK) (D. Minn.) ("*Target*") (Hausfeld serves on the Financial Institutions Cases Steering Committee); *In re: The Home Depot, Inc., Customer Data Security Breach Litig.*, No. 1:14-md-

over one billion dollars;[4] and many involving highly publicized trials or other important issues in this district.[5] *See* Exhibit A at 1-3.

The firm has won numerous accolades from commentators and courts for its work on behalf of plaintiff classes and other claimants. Exhibit A at 3-9. *Legal 500*, for example, has called the firm a "thought leader on the plaintiffs' side of the bar," and a "market transformer." For six years running, it has identified Hausfeld as among the top five firms in the U.S. for antitrust and class action litigation. And the *National Law Journal* repeatedly has named the firm to the "Plaintiffs' Hot List." In September of 2014, it named Hausfeld as one of a select group of America's Elite Trial Lawyers, as determined by "big victories in complex cases that have a wide impact on the law and legal business." In July of 2015, *Chambers & Partners* gave Hausfeld the highest ranking for its work on behalf of claimants in competition cases.

Similarly, courts have repeatedly praised Hausfeld and its attorneys for their high quality work and commitment to the clients they represent. After Hausfeld's trial victory in *In re Vitamin C Antitrust Litig.*, No. 06-MD-1738 (E.D.N.Y.) ("*Vitamin C*"), for example, Judge Brian M. Cogan said: "[a]s to the quality of the plaintiffs' representation, I really can't say enough. I just think the way this case was handled was as good as it gets . . . it would be a pleasure to have any of you in front of me again on any case . . . [t]he representation could not have been any better." Hearing Transcript, at 11:24-25, 12:1-5 (Oct. 2, 2013) (Dkt. No. 799).

---

02583-TWT (N.D. Ga.) ("*Home Depot*") (Hausfeld serves as Chair of the Financial Institutions Plaintiffs' Steering Committee).

[4] *E.g.*, *In re Air Cargo Shipping Services Antitrust Litig.*, No. 06-md-1775 (JG) (VVP) (E.D.N.Y.) (Hausfeld is co-lead counsel in a case that has resulted so far in settlements exceeding $1 billion); *In re Foreign Exchange Benchmark Rates Antitrust Litig.*, 13 Civ. 0789 (LGS) (S.D.N.Y.) ("*Forex*") (Hausfeld serves as co-lead counsel with one other firm in a case that has resulted so far in settlements exceeding $2 billion).

[5] *E.g., O'Bannon v. NCAA*, No. C09-1967 CW (NC) (N.D. Cal.) ("*O'Bannon*") (Hausfeld achieved a ground-breaking trial victory finding that the NCAA violated the Sherman Act by setting rules that bar student-athletes from receiving payments for the use of their name, image or likeness); *In re Transpacific Passenger Air Transport Antitrust Litig.*, No. 3:07-cv-05634 CRB (N.D. Cal.) ("*Transpacific*") (Hausfeld serves as co-lead counsel in a case involving complex issues of the application of antitrust laws to air carriers with partial settlements of nearly $40 million).

Similarly, Judge Charles R. Breyer described the firm's lawyers as "outstanding" and praised the firm for achieving "really, an outstanding settlement in which a group of lawyers from two firms coordinated the work . . . and brought an enormous expertise and then experience in dealing with the case." Hearing Transcript, at 5:20-25, 7:11-12 (Jan. 29, 2009) in *In re International Air Passenger Surcharge Antitrust Litig.*, No. M 06-01793 CRB (N.D. Cal.). And in a decision appointing Hausfeld co-lead counsel for a class of tomato purchasers, Judge Morrison C. England Jr. said the firm has "the breadth of experience, resources and talent necessary to navigate a case of this import." *Four In One Co. v. SK Foods, L.P.*, 08-cv-03017 MCE, 2009 WL 747160, at *3 (E.D. Cal. Mar. 19, 2009). In that case (as will likely be the case here), several firms sought appointment as interim lead counsel. The court held that "[a]lthough there [was] no question that the other firms proposed as co-lead counsel are also well qualified," Hausfeld and one other firm "st[ood] out from the rest," leading the court to appoint Hausfeld and the other firm as interim co-lead counsel. *Id.*

Many class action practitioners have little to no actual class action trial experience; that is not the case with Hausfeld. Hausfeld was most recently lead class and trial counsel in *O'Bannon* before former Chief Judge Claudia Wilken—one of the most closely watched and important class action trials of this century. Following its victory in that trial, Magistrate Judge Nathaniel Cousins wrote, in his order approving attorneys' fees and costs, that plaintiffs' counsel achieved "excellent results." *O'Bannon v. NCAA*, No. C09-1967 CW (NC), 2015 WL 4274370, at * 5 (N.D. Cal. July 13, 2015). As he went on to say, "[t]his win against a behemoth of an institution like the NCAA could significantly change American college sports; in particular, the way the NCAA treats its student-athletes." *Id*. That "landmark ruling" led *AmLaw Litigation Daily* to comment: "[t]he decision doesn't just pave the way for college athletes to share in the revenue they generate. It also bolsters the consensus among courtroom observers that Michael Hausfeld [and co-counsel] got the best of a parade of NCAA witnesses at trial."

In short, the firm's breadth of class action expertise, trial experience, and the quality of

NOTICE OF MOTION AND MOTION TO APPOINT HAUSFELD LLP AS CO-LEAD PLAINTIFFS' COUNSEL 3 CASE NO. 15-MD-02617-LHK

its representation warrant its appointment as plaintiffs' co-lead class counsel. Additional information about the firm, including its work on human rights and in other significant public interest litigation, is supplied in Exhibit A.

The Hausfeld partners who will be principally working on the case are Bonny Sweeney, James Pizzirusso and Christopher Lebsock. All have significant experience in class litigation and/or data breach/privacy matters.

Ms. Sweeney is a highly-respected veteran litigator with more than 25 years of litigation experience, including nearly 20 years of experience in complex class action litigation. She recently joined Hausfeld's San Francisco office as a partner after 19 years at Robbins Geller Rudman & Dowd and its predecessor firm, which specializes in complex class action litigation. During that time, Ms. Sweeney served as lead or co-lead counsel in numerous class actions. She served, for example, as co-lead counsel for several classes in the *Bank Privacy Cases* (S.F. Cty. Super. Ct.), before Judge Richard Kramer. Plaintiffs in those cases successfully challenged credit card issuers' release of their customers' personally identifiable information, which resulted in better bank privacy policies, funding to non-profit groups advocating for privacy rights, and benefits to credit cardholders. She also was co-lead counsel in *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litig.*, No. 1:05-md-1720-JG-JO (E.D.N.Y.) ("*Interchange*"), which settled shortly before trial for more than $7.2 billion (before reductions for opt-outs), the largest-ever settlement in an antitrust class action. Ms. Sweeney was named as one of the Top Women Lawyers in California by the *Daily Journal* in May of 2014, was named Litigator of the Week by *Global Competition Review* in October of 2014, and was named as an Outstanding Woman in Antitrust by *Competition Law 360* in 2007. Ms. Sweeney also has class action trial experience, having tried *In re Apple iPod iTunes Antitrust Litig.,* No. 05-CV-0037 YGR (N.D. Cal.) ("*iPod*") in this district, as well as *Law v. NCAA,* No. 94-2053-KHV (D. Kan.) ("*Law*"). Ms. Sweeney's biography is attached as Exhibit B.

Mr. Pizzirusso heads the Consumer Protection/Privacy practice group for Hausfeld. He

NOTICE OF MOTION AND MOTION TO APPOINT HAUSFELD LLP AS CO-LEAD PLAINTIFFS' COUNSEL     4     CASE NO. 15-MD-02617-LHK

currently serves in a leadership role in several prominent data breach cases, including *Target* and *Home Depot* and is also heavily involved in the *Premera* and *Kmart* data breach cases. He also has served as lead counsel in numerous other consumer protection class actions including many in this district.[6] In 2012, Mr. Pizzirusso was named as one of four "Rising Stars under 40" by Law360 in Consumer Protection and Privacy law. He has also been named one of the top 16 antitrust lawyers in the country by *Benchmark Guide to Plaintiffs' Lawyers* (2012); a Washington, D.C. "litigation star" from 2012 to 2014; and one of the leading United States antitrust lawyers for plaintiffs by *International Who's Who of Competition Lawyers & Economists* (2014). Mr. Pizzirusso's biography is attached as Exhibit C.

Mr. Lebsock is a partner in Hausfeld's San Francisco office. He is serving as lead or co-lead counsel in the following class actions: *Transpacific* (pending before Judge Breyer), *In Re Korean Ramen Antitrust Litig.*, No. C-13-04115 (N.D. Cal.) ("*Korean Ramen*") (pending before Judge William Orrick), *District Council #16 Northern Cal. Health & Welfare Fund v. Sutter Health*, No. RG15753647 (Alameda Cty. Super. Ct.) (UCL claim concerning alleged fraudulent billing practices by Sutter Health and its affiliates). In addition, Mr. Lebsock represents both plaintiffs and defendants in a variety of non-class business disputes in courts throughout the United States, serves on the firm's new case committee, and serves as the administrative partner for the firm's San Francisco office. Mr. Lebsock has previously tried class and non-class matters to verdict, including an employment class action against Wal-Mart that resulted in an important $172 million judgment and an injunction requiring the nation's largest employer to abide by California's meal and rest period laws. *See Savaglio v. Wal-Mart Stores, Inc.*, No. C-835687 (Alameda Cty. Super. Ct.) ("*Savaglio*"). Mr. Lebsock's biography is attached as Exhibit D.

---

[6] *E.g., In re: Warner Music Group Corp. Digital Downloads Litig.*, No. 12-CV-0559-RS (N.D. Cal.) ($11.5 million nationwide settlement); *Wolph v. Acer America Corp.*, No. 09-CV-01314-VRW (N.D. Cal.) (disputed class involving defective computers certified on a nationwide basis, $22.7 million settlement later achieved); *James v. UMG Recordings, Inc.*, No. 11-CV-1613-SI (N.D. Cal.) (settlement pending); *In re Sony PS3 "Other OS" Litig.*, No. 10-CV-1811-RS (N.D. Cal.) (one of three co-leads, dismissal overturned on appeal, currently pending).

### III.  Willingness And Ability To Commit To A Time-Consuming Process.

Hausfeld has also demonstrated its willingness and ability to devote the necessary time and effort on behalf of the class, in this case and in many others.  In this case, Hausfeld serves as one of the counsel of record in three of the class actions against Anthem.[7]  The *Krissman* complaint, a copy of which is attached as Exhibit E, is the most recent of these and is more detailed and comprehensive than the other complaints on file in this MDL and reflects Hausfeld's original, extensive, and careful investigative work.

In addition, Hausfeld's work as lead or co-lead counsel in other cases demonstrates its willingness and ability to devote whatever resources are necessary to advance the interests of its clients.   Hausfeld attorneys, along with co-counsel, have tried numerous class actions to verdict in recent years.[8]  As commentators and judges have noted, some of these cases appeared initially to be quixotic quests, with high hurdles to conquer. In the opinion cited above, Magistrate Judge Cousins analogized Hausfeld's 2014 trial victory over the NCAA to George R.R. Martin's *Game of Thrones*, "where individuals with seemingly long odds overcome unthinkable challenges, but suffer stark losses along the path to victory," and held that plaintiffs' "trial victory in this adventurous, risky suit," warranted an award of attorneys' for work spent on all claims.  *O'Bannon*, 2015 WL 4274370, at *6. In this vein, Hausfeld attorneys have also successfully helped Holocaust victims recover more than $1.25 billion in litigation from Swiss banks that collaborated with the Nazi regime, collected another $5.2 billion from German companies that utilized slave labor during World War II, and represented Japanese Comfort Women forced into sexual slavery during World War II, among other *pro bono* efforts on behalf of those in need of legal representation.  *See* Exhibit A at pp. 12-13; 23.   Hausfeld has time and again demonstrated its willingness and ability to take on risky, difficult cases and

---

[7] *Szalankiewicz v. Anthem, Inc.*, No. 1:15-cv-00393-SEB-DKL (S.D. Ind.); *Babbit v. Anthem, Inc.*, No. 1:15-cv-0394-RLY-MJD (S.D. Ind.); and *Krissman v. Anthem, Inc.,* No. 5:15-cv-02741 LHK (N.D. Cal.).

[8] *Law* in 1998,  *In re Vitamins Antitrust Litig.,* MDL No. 1285 (D.D.C.) in 2003, *Savaglio* in 2005,  *In re High Pressure Laminates Antitrust Litig.* MDL No. 1368 (S.D.N.Y.) in 2006, *Vitamin C* in 2013, *O'Bannon* in 2014, and  *iPod* in 2014.

pursue those cases all the way through trial and appeals if necessary.

### IV. Ability To Work Cooperatively.

In all of their cases, Hausfeld lawyers have demonstrated their ability to work cooperatively with other attorneys. They have served as co-lead counsel in many cases, as reflected in the firm's CV. As just one example, in *O'Bannon*, although Hausfeld was appointed sole lead counsel for the antitrust plaintiffs, its lawyers worked cooperatively with dozens of other plaintiffs' firms. And in *Interchange*, Ms. Sweeney was co-lead counsel with two other law firms, and helped manage the work of nearly 60 additional law firms. Hausfeld has worked closely with many of the other firms that represent plaintiffs in this litigation, and expects to do so in this case as well.[9]

### V. Access To Sufficient Resources To Prosecute Litigation In A Timely Manner.

Hausfeld has sufficient resources to prosecute this litigation in a timely manner. Given the fact that that this is a relatively simple case involving a single defendant, a complex structure of many firms is likely not necessary.[10] With an office in San Francisco and more than 30 lawyers in the United States, Hausfeld has the attorney resources to litigate the case. In addition, with a successful track record in some of the most complex class actions ever tried or

---

[9] Notably, Hausfeld is co-counsel with Kim Stephens in the *In re: Premera Blue Cross Customer Data Security Breach Litig.*, 3:15-md-2633-SI (D. Or.). News reports have suggested that the Premera data breach is very similar to and may be linked to the data breach that occurred with respect to Anthem. *See, e.g.,* http://www.computerworld.com/article/2898419/data-breach/premera-anthem-data-breaches-linked-by-similar-hacking-tactics.html. Mr. Stephens was recently appointed sole lead plaintiffs' counsel in the *Premera* litigation with authority to appoint a steering committee. Given the similarity and overlap between those two matters, it will be important for lead counsel here to be able to work cooperatively and coordinate with lead counsel in that case. Mr. Stephens has given authority to Hausfeld to state that he fully supports the application of Hausfeld in this matter.

[10] Hausfeld supports the separate co-leadership application of Cotchett Pitre & McCarthy LLP with which it has worked successfully in the past.

NOTICE OF MOTION AND MOTION TO APPOINT HAUSFELD LLP AS CO-LEAD PLAINTIFFS' COUNSEL            7            CASE NO. 15-MD-02617-LHK

settled, Hausfeld has the financial resources necessary to litigate this case in the best interests of the class. *See e.g.,* "Order" at 3-4 (Aug. 3, 2009) (Dkt. No. 57) in *In re Honey Transhipping*, No. 1:13-cv-02905 (N.D. Ill.) (noting "substantial experience handling class action litigation" and "greater resources" in appointing Hausfeld and one other firm as co-lead class counsel); "Memorandum & Order Amending Practice & Procedure Orders 2, 3 and 4" at 2 (Nov. 26, 2008) (Dkt. No. 872) in *In re Air Cargo Services Antitrust Litig.,* No. 06-MD-1775, (E.D.N.Y) (it was shown that "that the firm possesses the financial resources to assure its viability well into the future and its ability to fund any necessary expenses associated with a lead counsel role in this action.").

## VI. *Avoiding Duplication of Effort, Attorney Rates and Time-Keeping*

Hausfeld is mindful of the concerns this Court has expressed about attorney time-keeping and overly-large plaintiffs' counsel leadership groups, both in this case and in other cases, such as *Halpain v. Adobe Sys., Inc*., No. C-13-05226 LHK (N.D. Cal.) (Dkt. No. 40). *See* "Order Re Plaintiffs' Counsel's Billing Records And Briefs In Opposition To Motions For Appointment as Lead Plaintiffs' Counsel" (July 16, 2015) (Dkt. No. 46) ("July 16 Order").

Hausfeld shares these concerns. The facts of what happened in this case are not likely to be in substantial dispute and are detailed in the *Krissman* complaint, attached hereto. Furthermore, there is at least one legal theory (under Cal. Civ. Code §§56.101 and 56.36(b), part of the California Confidentiality of Medical Information Act) that would conceivably permit a claim of $1000 for each affected California class member (estimated to be 13.5 million in number) regardless of proof of actual damage. Therefore, this is not a case where there should be substantial numbers of law firms each billing thousands of hours.

Hausfeld lawyers are well-positioned to litigate this case effectively and efficiently.  In other cases, Hausfeld lawyers have instituted billing protocols that have minimized duplicative

and excessive billing.  In *Interchange*, for example, Ms. Sweeney was one of the co-lead counsel who managed the work of more than 60 law firms in an eight-year litigation.  By imposing stringent time reporting protocols and reviewing participating firms' time submissions, she helped ensure that the fee application ultimately submitted to the court in connection with the settlement in that case minimized duplicative, unnecessary and non-productive attorney time.

If appointed as co-lead plaintiffs' counsel, Hausfeld proposes imposing similarly strict controls here—in a case that is far simpler and can be resolved much sooner—to avoid unnecessary and duplicative work.  Specifically, Hausfeld proposes implementing the following requirements if it is appointed as plaintiffs' co-lead counsel.

> a. Given the specific nature of this case, no attorney working on it can be billed at more than $600 per hour.
>
> b. Associates can be billed at no more than $300 per hour for document review and legal research (contract attorneys performing document review will similarly be capped at no more than $250 per hour).
>
> c. All pre-leadership time from non-lead firms has to be submitted to the lead counsel promptly and such counsel has the discretion to edit it and, if necessary, eliminate parts of it.[11]
>
> d. Firms and consultants that do work on the case must maintain detailed time records prepared within seven days after the work reflected in each time entry occurred, as required in the July 16 Order.
>
> e. Those time records must be submitted to the lead counsel each month on a specified schedule.
>
> f. Attorneys will not be reimbursed for "read and review" time, except as it relates to a specific pre-authorized work assigned by lead counsel.
>
> g. Billing in quarter-hour increments will not be accepted.  All billing must be recorded in tenth of an hour increments.
>
> h. Non-lead firms can only bill time for assignments expressly authorized by the lead

---

[11] *See In re Packaged Ice Antitrust Litig.*, No. 08-MDL-01952, 2011 WL 6209188, at *18 (E.D. Mich. Dec. 3, 2011) (limiting recovery of such hours).

counsel.[12]

i. On a quarterly basis beginning on December 1, 2015, and on the first business day of each March, June, September and December, lead counsel shall submit to the Court *in camera* reports reflecting hours billed in this matter by all counsel. These reports shall include a one-page summary of counsel time and expenses to date. Failure to maintain and submit records with sufficient descriptions of the time spent and expenses incurred may be grounds for denying attorneys' fees and expenses for the period that relates to the missing or inadequate submissions.[13]

j. In any fee reimbursement request, lead counsel shall submit to the Court, at a minimum: (1) contemporaneous billing records, including a breakdown of hours spent on specific tasks by each attorney in this matter; (2) each attorney's, paralegal's, and staff member's billing rates; and (3) justifications for those billing rates.[14]

While these are all relatively modest proposals, most of which follow precedents set by this Court or other courts, they are directly responsive to the concerns expressed previously by the Court and shared by Hausfeld.

As requested in the July 6 Order, Hausfeld also proposes that, given the specific nature of this case, law firms who work on it be compensated at no more than 20% of any common fund created for the benefit of the class, or in the event no common fund is created, no more than a multiplier of two in the event of a favorable settlement or judgment.

Dated: August 20, 2015                      Respectfully submitted,

HAUSFELD LLP

By:   /s/  *Bonny E. Sweeney*
      Bonny E. Sweeney (State Bar No. 176174)
      Michael P. Lehmann (State Bar No. 77152)

---

[12] This restriction was adopted in the "Order Appointing Leadership for the Consumer Cases," at ¶8 (Feb. 13, 2015) (Dkt. No. 60) in *Home Depot* ("*Home Depot* Order").

[13] This is modeled on a provision found in the *Home Depot* Order at ¶9.

[14] This requirement is based on the Court's "Order To File Motion for Attorney's Fees" (June 10, 2015) (Dkt. No. 90) in *In re Adobe Sys., Inc. Privacy Litig.*, No. 13-CV-05226-LHK (N.D. Cal.) and the Court's "Order To File Billing Records Supporting Lodestar Calculation For The Joseph R. Saveri Law Firm, Inc.," (July 20, 2015) (Dkt. No. 1107) in *In re High-Tech Employee Antitrust Litig.*, No. 11-CV-02509-LHK (N.D. Cal.).

Christopher L. Lebsock (State Bar No. 184546)
HAUSFELD LLP
600 Montgomery St., Suite 3200
San Francisco, CA  94111
Telephone:  (415) 633-1908
Facsimile:   (415) 358-4980
mlehmann@hausfeld.com
bsweeney@hausfeld.com
clebsock@hausfeld.com

James J. Pizzirusso (*pro hac vice* to be filed)
Swathi Bojedla (*pro hac vice* to be filed)
HAUSFELD LLP
1700 K St. NW, Suite 650
Washington, DC 20006
Telephone: 202-540-7200
Facsimile:  202-540-7201
jpizzirusso@hausfeld.com
sbojedla@hausfeld.com

*Attorneys for Plaintiffs Rosalynn C. Krissman, Whitney R. Babbit, Jillian J. Szalankiewicz, and Mark J. Plantan*

# CERTIFICATE OF SERVICE

I, Bonny E. Sweeney, declare that I am over the age of eighteen (18) and not a party to the entitled action. I am a partner at the law firm of HAUSFELD LLP, and my office is located at 600 Montgomery Street, Suite 3200, San Francisco, California 94111.

On August 20, 2015, I caused to be filed the following:

1) **NOTICE OF MOTION AND MOTION TO APPOINT HAUSFELD LLP AS CO-LEAD PLAINTIFFS' COUNSEL**

2) **[PROPOSED] ORDER GRANTING MOTION TO APPOINT HAUSFELD LLP AS CO-LEAD PLAINTIFFS' COUNSEL**

with the Clerk of the Court using the Official Court Electronic Document Filing System which served copies on all interested parties registered for electronic filing.

I declare under penalty of perjury that the foregoing is true and correct.

*/s/ Bonny E. Sweeney*
Bonny E. Sweeney