Laurence D. King (SBN 206423)
Linda M. Fong (SBN 124232)
Matthew B. George (SBN 239322)
**KAPLAN FOX & KILSHEIMER LLP**
350 Sansome Street, Suite 400
San Francisco, CA 94104
Telephone:  (415) 772-4700
Facsimile:   (415) 772-4707
*lking@kaplanfox.com*
*lfong@kaplanfox.com*
*mgeorge@kaplanfox.com*

Robert N. Kaplan (*admitted pro hac vice*)
Lauren D. Dubick (*admitted pro hac vice*)
**KAPLAN FOX & KILSHEIMER LLP**
850 Third Ave., 14th Floor
New York, NY  10022
Telephone:  (212) 687-1980
Facsimile:   (212) 687-7714
*rkaplan@kaplanfox.com*
*ldubick@kaplanfox.com*


*Counsel for Plaintiff Jeffrey Kaslowitz*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| IN RE ANTHEM, INC. DATA BREACH LITIGATION | Case No.: 5:15-MD-02617-LHK<br><br>**PLAINTIFF JEFFREY KASLOWITZ'S NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF KAPLAN FOX & KILSHEIMER LLP AS INTERIM LEAD OR CO-LEAD COUNSEL**<br><br>Date:  September 10, 2015<br>Time: 1:30 p.m.<br>Place: Courtroom 8, 4th Floor<br>Judge: The Honorable Lucy H. Koh |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on September 10, 2015 at 1:30 p.m., or as soon thereafter as this matter may be heard before the Honorable Lucy H. Koh of the United States District Court, Northern District of California, Courtroom 8, 4th floor, 280 South 1st Street, San Jose, California, Plaintiff Jeffrey Kaslowitz will and hereby does move the Court for entry of an order appointing his attorneys Kaplan Fox & Kilsheimer LLP ("Kaplan Fox") as interim lead or co-lead counsel in this multi-district litigation.

Plaintiff brings his motion for appointment of Kaplan Fox as interim lead or co-lead counsel pursuant to Federal Rule of Civil Procedure 23(g) and this Court's July 6, 2015 Order re Preliminary Case Management Conference. Kaplan Fox meets all of the requirements for appointing interim lead counsel. Kaplan Fox has broad and notable experience leading complex class actions cross the country in securities, antitrust, and consumer protection litigation. More specifically, Kaplan Fox has experience managing coordinated litigation in data breach and information privacy cases, including cases in which healthcare providers and insurers failed to adequately secure patients' confidential personal and medical information. With 28 attorneys nationwide, Kaplan Fox also has the necessary resources to prosecute the litigation in a timely manner and will work (and has in the past) cooperatively with plaintiffs' and defense counsel to efficiently manage the litigation. While Kaplan Fox believes it can manage this case efficiently as a sole lead counsel, Kaplan Fox is also willing to work as a co-lead counsel should the Court deem a multi-lead structure is appropriate. Should the Court select alternative lead counsel firms, Kaplan Fox requests appointment to Plaintiffs' executive or steering committees so that the class will benefit from Kaplan Fox's expertise and experience in order to bring this case to a successful resolution.

Plaintiff's motion is based on this notice, the accompanying memorandum of points and authorities, the Declaration of Laurence D. King and exhibits thereto, and any additional arguments and evidence that the Court may consider at the hearing.

**STATEMENT OF ISSUES TO BE DECIDED**

Should the Court appoint Kaplan Fox & Kilsheimer LLP ("Kaplan Fox") as lead or co-lead counsel in this multidistrict litigation pursuant to Federal Rule of Civil Procedure 23(g)?  Alternatively, should the Court appoint Kaplan Fox to plaintiffs' executive or steering committees?

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

Kaplan Fox has an excellent track record of prosecuting complex litigation throughout the United States and can provide a vital combination of experience and subject matter expertise to best represent consumers impacted by Anthem, Inc.'s ("Anthem") data breach.  The firm maintains offices in New York, San Francisco, Los Angeles, Chicago, and New Jersey, and it has been successful for more than 60 years.  In that time, Kaplan Fox has led coordinated litigation that achieved many notable recoveries for plaintiff classes, including a $2.425 billion settlement obtained from Bank of America in a securities fraud class action.

Kaplan Fox possesses all the necessary skills to best represent the class in this case, including: (1) decades of experience leading class and multidistrict litigation; (2) expertise in data breach cases, and in particular claims against health insurers for the loss of confidential personal information and medical records; and (3) sufficient resources and experience to litigate this case through trial.  With its consumer protection practice headquartered in San Francisco, Kaplan Fox also has successfully litigated many cases in the Northern District, and recently obtained class certification here on behalf of consumers alleging Yahoo!'s email scanning practices violate state and federal wiretap laws.

The primary team of Kaplan Fox attorneys working on this case has an exceptional combination of complex litigation and trial experience, familiarity with the substantive consumer and medical privacy laws at issue, and technical proficiency in data management and security issues that will strengthen targeted discovery efforts.  As in prior cases, Kaplan Fox is committed to working cooperatively with counsel and the Court in order to efficiently manage and prosecute this case and obtain a successful result for consumers impacted by Anthem's data breach.  Accordingly, Plaintiff Jeffrey Kaslowitz respectfully requests that the Court appoint Kaplan Fox as interim lead or co-lead class counsel.  Alternatively, the Court should appoint Kaplan Fox to Plaintiffs' executive or steering committees.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

Anthem is one of the largest providers of health benefits in the United States.  Declaration of Laurence D. King ¶ 3 ("King Decl."), Ex. 1 (Compl.), ¶ 2.  During the week of January 26, 2015, Anthem discovered that its IT system had been compromised by hackers in a cyberattack.  *Id*. Ex. 1, ¶ 3.  Anthem disclosed the data breach on February 4, 2015, announcing that hackers had obtained "personal information from our current and former members such as their names, birthdays, medical IDs/social security numbers, street addresses, email addresses and employment information, including income data."  *Id*. Ex. 1, ¶ 4.  Anthem's data breach has impacted an estimated 70-80 million current and former subscribers.  *Id*. Ex. 1, ¶ 3.

Plaintiff Jeffrey Kaslowitz is a subscriber of Anthem Blue Cross Blue Shield who was impacted by the data breach.  *Id*. ¶ 3.  He retained Kaplan Fox to represent him and other Anthem subscribers in a proposed class action, which he filed on February 9, 2015, in the U.S. District Court for the Southern District of Indiana, No. 1:15-cv-188, where Anthem maintains its corporate headquarters.  *Id*.  Plaintiff Kaslowitz's case was subsequently centralized in this Court by the Judicial Panel on Multidistrict Litigation.  *Id*.  In addition to investigating the facts pertinent to his suit and the legal claims implicated by Anthem's conduct, Kaplan Fox has actively monitored and engaged in the progress of this litigation; drafted a brief in support of consolidation; appeared at the MDL hearing in Minneapolis, Minnesota; attended the preliminary case management conference; conferred with Plaintiffs' counsel regarding case strategy; and conducted further investigation.  *Id*.

## III.   ARGUMENT

### A.   The Court Should Appoint Kaplan Fox as Interim Lead or Co-Lead Counsel

In appointing interim class counsel under Federal Rule of Civil Procedure 23(g)(3), the Court may consider the factors set forth in Rule 23(g)(1)(A) that include: "(i) the work counsel has done in identifying or investigating claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the type of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class[.]"  Fed. R. Civ. P. 23(g)(1)(a); *Paraggua v. LinkedIn Corp*., No. 5:12-cv-03088-EJD, 2012 WL 3763889, *1 (N.D. Cal. Aug. 29, 2012).  This Court's July 6, 2015 Order re Preliminary Case Management Conference

1    identified the following similar "chief criteria" for appointment of interim lead plaintiffs' counsel:

2    (1) knowledge and experience in prosecuting complex litigation, including class actions; (2) willingness

3    and ability to commit to a time-consuming process; (3) ability to work cooperatively with others; and

4    (4) access to sufficient resources to prosecute the litigation in a timely manner.  ECF No. 16 at 3.  The

5    Court may also consider any other matter pertinent to counsel's ability to represent the class and "must"

6    appoint the applicant best able to represent the class when there are multiple contenders.  Fed. R. Civ.

7    P. 23(g)(1)(B), (g)(2).  As set forth below, Kaplan Fox is demonstrably one of the firms best able to

8    represent the class and should be appointed lead or co-lead counsel.

9                       **1.      Kaplan Fox Is Experienced in Successfully Litigating Complex Class Actions**

10          Kaplan Fox has a rich history of success in complex securities, antitrust, and consumer

11   protection class actions, and its attorneys are well-versed in class certification and other procedural steps

12   necessary to bring this case to a successful resolution.  King Decl. ¶ 5.  The firm currently has over two-

13   dozen attorneys at offices throughout the United States.  *Id*. ¶ 4.  San Francisco is the headquarters of

14   Kaplan Fox's consumer protection practice group, which is managed by Laurence D. King, an

15   experienced trial lawyer and former prosecutor.  *Id*. ¶¶ 4, 15.

16          Kaplan Fox has been appointed as lead or co-lead counsel in dozens of cases throughout the

17   United States and has obtained over $5 billion on behalf of its clients and plaintiff classes.  *Id*. ¶ 6.

18   Some notable successes include:

19          •   *In re Bank of America Corp. Sec. Deriv., and ERISA Litig*., No. 1:09-md-020508-PKC

20   (S.D.N.Y.):  As one of three co-lead counsel, Kaplan Fox recovered $2.425 billion for investors just

21   weeks before trial.  The result is one of the largest recoveries in the history of securities class actions.

22   At the settlement approval hearing in April 2013, Judge P. Kevin Kastel praised "the quality of the

23   representation."  King Decl. ¶ 6, Ex. 3 (Apr. 5, 2013 Hearing Tr. at 60:3-6).

24          •   *In re Air Cargo Shipping Servs., Antitrust Litig*., No. 06-md-1775 (JG) (VVP)

25   (E.D.N.Y.):  As one of four co-lead counsel representing direct purchasers alleging violations of

26   antitrust laws, Kaplan Fox has recovered more than $1 billion in settlements to date and is in summary

27   judgment proceedings against the remaining defendants.  King Decl. ¶ 6.

28

CASE NO. 5:15-MD-02617-LHK
PLAINTIFF KASLOWITZ'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPOINTMENT
OF KAPLAN FOX & KILSHEIMER LLP AS INTERIM LEAD COUNSEL

- *In re Baycol Prods. Litig.*, MDL No.1431-MJD/JGL (D. Minn.):  As a member of plaintiffs' steering committee, Kaplan Fox recovered $350 million for victims of a defective cholesterol control drug.  King Decl. ¶ 6.

- *In re Merrill Lynch & Co.*, *Inc., Sec. Litig.*, No. 07-CV-9633 (JSR)(DFE) (S.D.N.Y.):  As co-lead counsel, Kaplan Fox recovered $475 million on claims that Merrill Lynch fraudulently failed to disclose to investors its toxic exposure to sub-prime mortgage backed securities.  King Decl. ¶ 6.

- *In re High Fructose Corn Syrup Antitrust Litig.*, MDL No. 1087, No. 95-1477 (C.D. Ill.):  Kaplan Fox was one of three co-lead counsel appointed to represent a direct purchaser class alleging violations of antitrust laws.  After successfully winning an appeal at the Seventh Circuit, the case ultimately recovered $531 million for plaintiffs on the eve of trial.  In approving plaintiffs' requested attorneys' fees, Judge Michael M. Mihm concluded Kaplan Fox was "as good as it gets" and that the litigation was managed efficiently.  King Decl. ¶ 6, Ex. 4 (Oct. 4, 2004 Hearing Tr. 45:10-16).

In obtaining these results, Kaplan Fox has demonstrated a commitment to fight through lengthy, protracted litigation against well-represented and resourceful defendants, including some of the largest banks and pharmaceutical companies.  *Id.* ¶ 7.  In these and other cases Kaplan Fox has displayed all of the procedural and substantive lawyering skills necessary to achieve a successful result in this case— maneuvering through consolidation and coordination proceedings, overseeing and executing e-discovery and deposition strategies, fighting through contested class certification and summary judgment proceedings, and obtaining successful rulings on appeal.  *Id.*  And, Kaplan Fox has experience taking several class action cases to trial.  *Id.*

## 2.   Kaplan Fox Is Experienced in Managing and Prosecuting Data Breach and Information Privacy Litigation

Kaplan Fox also has substantial experience managing and prosecuting data breach litigation, including cases involving the loss and exposure of personal and medical information by health insurers. *Id.* ¶ 8.  Kaplan Fox is currently appointed to the Plaintiffs' Steering Committee representing a proposed class of financial institutions impacted by Home Depot's massive data breach in *In re Home Depot, Inc. Customer Data Security Breach Litig.*, No. 1:14-md-02583-TWT (N.D. Ga.).  King Decl. ¶ 8.  The firm also serves as co-lead counsel in *In re Horizon Healthcare Services Inc. Data Breach Litig.*, No. 13-

4

7418 (CCC) (D.N.J.), a consolidated case alleging that plaintiffs' personal and medical information was exposed by their health insurance company.  King Decl. ¶ 8.  In that case, Kaplan Fox is currently litigating novel issues before the Third Circuit that may positively develop data breach and consumer privacy law under the Fair Credit Reporting Act, 15 U.S.C. § 1681, and state consumer protection laws. King Decl. ¶ 8.  Kaplan Fox's attorneys also have considerable experience working on lead counsel teams in data breach cases against Target, Adobe, LinkedIn, and Health Net.  *Id.*

As part of their work in these data breach cases, Kaplan Fox attorneys have developed a broad knowledge of consumer and medical privacy law and litigated cases from inception through settlement. *Id.* ¶ 9.  Among other things, Kaplan Fox's attorneys have directed the litigation, class certification, and settlement strategies, researched and briefed the application of consumer protection and information security laws at issue in this case, implemented discovery strategy of defendants and third-parties, taken depositions of corporate information technology personnel, responded to defendants' discovery, defended class representative depositions, and worked closely with cybersecurity experts to understand the technical issues implicated in these cases.  *Id.* ¶ 9.  All of this experience will directly benefit the class of Anthem subscribers impacted by the data breach and weighs in favor of appointing Kaplan Fox as lead or co-lead class counsel.

### 3.    Kaplan Fox Is Experienced Practicing in the Northern District of California

Kaplan Fox is familiar with the Northern District of California Court and its procedures. Working as co-lead counsel, Kaplan Fox recently obtained class certification in *In re Yahoo Email Litigation*, No. 5:13-cv-4980-LHK, a case alleging Yahoo's email scanning practices violate state and federal wiretap laws.  *In re Yahoo Email Litigation*, No. 5:13-cv-4980-LHK, 2015 WL 3523908 (N.D. Cal. May 26, 2015); King Decl. ¶ 10.  Kaplan Fox was also recently appointed co-lead counsel and defeated a motion to dismiss in a consumer protection case alleging Bayer misrepresents the health benefits of its vitamins.  *See Gallagher v. Bayer*, No. 14-cv-04061-WHO, ECF No. 78 (Aug. 18, 2015 Order Den. Mot. to Dismiss); King Decl. ¶ 10.  Kaplan Fox has also litigated more than a dozen other successful cases in the Northern District on behalf of consumers and investors over the past 18 years. King Decl., ¶ 10.  Other cases Kaplan Fox is currently litigating in the Northern District include *In re LinkedIn User Privacy Litig.*, No. 5:12-cv-03088-EJD (pending final approval of cash settlement to

5

consumers for violations of privacy policies), *In re Violin Memory Sec. Litig.*, No. 13-CV-05486-YGR (proposed securities class action currently in discovery), and *In re Rocket Fuel Sec. Litig.*, No. 4:14-CV-03998-PJH.  King Decl. ¶ 10.  Past cases Kaplan Fox has successfully litigated in the Northern District include *In re 3Com Sec. Litig.* No. C-97-21083-EAI (N.D. Cal.) (recovered $259 million), *In re Informix Sec. Litig.*, No. C-97-0129-CRB (N.D. Cal.) (recovered $136.5 million), and *In re Sunpower Sec. Litig.*, No. CV 09-5473-RS (recovered $19.7 million).  King Decl. ¶ 10.

### 4.     Kaplan Fox Is Willing and Able to Commit Significant Time and Resources to Prosecute This Litigation

Kaplan Fox has the personnel and financial resources required to litigate this case to a successful conclusion.  King Decl. ¶ 11.  The firm's accomplishments in prior class actions required a similar, if not greater, expenditure of resources than will be required in this case.  Kaplan Fox has many well-qualified attorneys who can and will contribute to obtaining a successful result here, and has developed a primary litigation and trial team for this matter consisting of partners Robert Kaplan and Laurence King, and attorneys Linda Fong, Matthew George, and Lauren Dubick.  *Id*. ¶ 11.

Robert Kaplan is a recognized leader among the plaintiffs' bar, currently serves on the Plaintiffs' Steering Committee in the *Home Depot Data Breach Litigation*, and has served as a lead counsel or executive committee member in class actions that have recovered billions of dollars.  *See In re Air Cargo Shipping Servs., Antitrust Litig.*, No. 06-md-1775 (JG) (VVP) (E.D.N.Y.) (recovered more than $1 billion to date); *In re Bank of America Corp. Sec. Deriv., and ERISA Litig.*, No. 1:09-md-020508-PKC (S.D.N.Y.) (recovered $2.425 billion); *In re Flat Glass Antitrust Litig.*, 385 F. 3d 350 (3d Cir. 2004) (recovered $122 million shortly before trial); *In re Hydrogen Peroxide Antitrust Litig.*, 05-cv-666, MDL No. 1682 (E.D. Pa.) ($97 million recovered); *In re NBR Antitrust Litig.*, 03-1898 (W.D. Pa.) ($34.3 million recovered); *In re Plastics Additives Antitrust Litig.*, 03-CV-2038, MDL No. 1684 (E.D. Pa.) ($46.8 million recovered); King Decl. ¶ 12.  Mr. Kaplan has also been recently appointed to lead counsel teams in *In re Cast Iron Soil Pipe & Fittings Antitrust Litig.*, MDL No. 2508, No. 1:14-md-2508-HSM-WBC (E.D. Tenn.), *In re Ductile Iron Pipe Fittings Antitrust Litig.*, No. 3:12-cv-00169-AET-LHG (D.N.J.), and *In re Keurig Green Mountain Single-Serve Antitrust Litig.*, 1:14-md-2542-VSB

CASE NO. 5:15-MD-02617-LHK
PLAINTIFF KASLOWITZ'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPOINTMENT
OF KAPLAN FOX & KILSHEIMER LLP AS INTERIM LEAD COUNSEL

(S.D.N.Y).  Mr. Kaplan also took a multidistrict litigation class action to trial in *In re Fleets Antitrust Litig.*, MDL No. 65 (N.D. Ill.).  King Decl. ¶ 12.

Prior to engaging in private practice, Mr. Kaplan worked as a trial attorney for the Antitrust Division of the United States Department of Justice.  *Id.* ¶ 13.  He was recently listed as one of the top 75 plaintiffs' attorneys in the United States, and was recognized by Legal 500 as one of the top six securities litigators in the United States.  *Id.*

Laurence King is the partner in charge of Kaplan Fox's San Francisco office for the past fifteen years, and is an accomplished attorney representing consumers and investors.  He is currently appointed as co-lead counsel on behalf of a certified class in *In re Yahoo Email Litigation*, Case No. 5:13-cv-4980-LHK (N.D. Cal.), and serves as co-lead counsel in *Gallagher v. Bayer*, No. 14-cv-04061-WHO (N.D. Cal.), *In re Violin Memory Sec. Litig.*, No. 13-CV-05486-YGR (N.D. Cal.), and *In re Rocket Fuel Sec. Litig.*, No. 4:14-CV-03998-PJH (N.D. Cal.).  King Decl. ¶ 14.  Mr. King has also served as co-lead counsel in successful consumer protection cases challenging deceptive sales and marketing practices. *Id.*; *Berry v. Mega Brands Inc.*, No. 08-CV-1750 (D.N.J.) (consumers obtained full refunds for defective products); *Wolf v. Red Bull GMBH,* No. 1:13-cv-08008 (S.D.N.Y.) ($13 million settlement pending appeal); *In re Pre-Filled Propane Tank Mktg. & Sales Practices Litig.*, Case No. 4:09-cv-00465-GAF (W.D. Mo.) (cash settlement for purchasers of under-filled propane tanks).

Mr. King was part of successful co-lead counsel teams in *In re 3Com Sec. Litig.*, No. C-97-21083-EAI (N.D. Cal.) (recovered $259 million) and *In re Informix Sec. Litig.*, No. C-97-0129-CRB (N.D. Cal.) (recovered $136.5 million).  King Decl. ¶ 14.  He played a key role in cases that resulted in some of the firm's most significant recoveries in consumer protection cases in *In re Baycol Prods. Litig.* (E.D. Pa.) ($350 million recovered), and *Providian Credit Card Cases*, MDL No. 1301-WY (E.D. Pa.) ($105 million recovered).  King Decl. ¶ 14.  He was also a member of the Kaplan Fox trial team for two securities class actions tried to verdict and tried numerous felony prosecutions at the Manhattan District Attorney's Office.  *Id.* ¶¶ 14-15.  Mr. King also co-wrote an article on digital information privacy.[1]  *Id.*

---

[1] Laurence King and David Straite, *Google and the Digital Privacy Perfect Storm*, 13 E-Commerce Law Reports 6, at 3-6 (Dec. 2013).

1    Linda Fong has practiced in consumer protection and class action litigation with Kaplan Fox

2    since 2001.  *Id.* ¶ 16.  Ms. Fong has extensive deposition experience, law and motion practice, with

3    expertise in class certification, and has worked on lead counsel teams with Mr. King in *In re Pre-Filled*

4    *Propane Tank Mktg. & Sales Practices Litig.*, Case No. 4:09-cv-00465-GAF (W.D. Mo.), *Berry v. Mega*

5    *Brands Inc.*, No. 08-CV-1750 (D.N.J.), and *Wolf v. Red Bull GMBH*, No. 1:13-cv-08008 (S.D.N.Y.).

6    King Decl. ¶ 16.  She also has experience litigating consumer data breach matters in the *In re LinkedIn*

7    *User Privacy Litig.*, No. 5:12-cv-03088-EJD, researched various state law claims ultimately plead in the

8    *In re Target Corp. Customer Data Security Breach Litig.*, No. 0:14-md-02522-PAM (D. Minn.), and

9    investigated Plaintiff Kaslowitz's claims and drafted his complaint in this matter.  King Decl. ¶ 16.

10   Ms. Fong is a recipient of the Presidential Award of Merit from the Consumer Attorneys' of California

11   and has been selected as a Northern California Super Lawyer from 2011 through 2015.  *Id.*

12   Matthew George has successfully represented consumers and employees in complex litigation,

13   including successful data breach and information privacy matters.  *Id.* ¶ 17.  Mr. George worked with

14   the lead counsel team in the *Target Data Breach MDL* where he co-managed the third-party discovery

15   committee.  *Id.*  He was also part of the teams appointed as lead counsel on behalf of consumers in *In re*

16   *Adobe Sys., Inc. Privacy Litig.*, No. 5:13-cv-05226-LHK (N.D. Cal.) and in *In re Yahoo! Mail Litig.*,

17   where he engaged in discovery and deposition practice.  King Decl. ¶ 17.  Mr. George has also litigated

18   two medical data breach cases in California state courts against a nationwide HMO and a San Francisco

19   hospital that alleged similar claims to this case.  *Id.*  As part of his work in data breach litigation,

20   Mr. George has worked closely with a number of data security experts, deposed corporate data security

21   personnel, and developed a firm understanding of the technological issues involved with data security

22   and management.  *Id.*  Mr. George has been a frequent speaker on emerging privacy law issues, and

23   recently published an article for the California State Bar on the private enforcement of consumer privacy

24   rights.[2]  *Id.*

25

26

---

27   [2] Matthew George, *How Viable Is the Prospect of Private Enforcement of Privacy Rights In The Age of*
     *Big Data? An Overview of Trends and developments In Privacy Class Actions*, Competition, The Journal

28   of the Antitrust and Unfair Competition Law Section of the State Bar of California, Vol. 24, No. 1
     (Spring 2015).

8

Lauren Dubick is a senior associate at Kaplan Fox who has been litigating the *Home Depot Data Breach MDL* and *Horizon Healthcare* cases as part of the leadership teams.  King Decl. ¶ 18.  She is also an experienced antitrust litigator, having served as a Special Assistant U.S. Attorney for the U.S. Attorney's Office for the Eastern District of Virginia and a trial lawyer with the United States Department of Justice's Antitrust Division.  *Id.*  During her tenure at the Justice Department, Ms. Dubick investigated and prosecuted violations of civil and criminal antitrust laws, playing significant roles on some of the Division's largest investigations and litigations and leading two software merger investigations.  *Id.*  She also served as a Special Assistant U.S. Attorney where she gained trial experience, including two verdicts for the government as a first-chair.  *Id.*  Ms. Dubick also clerked for the late Hon. Ann Aldrich of the U.S. District Court for the Northern District of Ohio.  *Id.*

**B.      Kaplan Fox Will Work Efficiently and Cooperatively With Counsel and the Court**

Kaplan Fox's experience demonstrates that it is well-qualified to present case management suggestions to the Court, to work with plaintiffs' and defense counsel to develop and implement a litigation plan, to initiate and complete discovery, to conduct the principal examination of deponents, to employ experts, to arrange for litigation support services (including document review platforms), and to ensure that all deadlines are timely met—all of which weigh in favor of appointing Kaplan Fox as interim lead (or co-lead) counsel.  *See* Manual For Complex Litigation (Fourth) § 10.221; King Decl., ¶ 19.  Kaplan Fox will also manage the litigation effectively and efficiently, avoid duplication of labor, assign tasks to attorneys and other firms commensurate with their experience and expertise, and employ a timekeeping and reporting protocol compliant with this Court's orders.  *Id.* ¶ 19.

Kaplan Fox has a proven track record of working cooperatively and collegially with other counsel and courts, and it will do the same here if the Court decides that a co-lead or committee based leadership structure is warranted in this case.  *Id.* ¶ 20.  Several Kaplan Fox lawyers profiled in the firm's resume previously served as federal law clerks, state and federal prosecutors, and defense counsel, thus giving them an understanding of (and appreciation for) the work that defense counsel, the Court, and its staff will perform in this litigation.  *Id.* ¶ 20.  Kaplan Fox also has worked as co-lead counsel and on executive/steering committee teams with a number of firms that have filed cases in this action (including temporary co-lead Cohen Milstein), and it is willing and able to work with these firms

9

1  again.  *Id.* ¶ 20.  Alternatively, should the Court designate other firms as lead or co-lead counsel, Kaplan

2  Fox would welcome selection to an executive or steering committee.  *Id.* ¶ 21.

3        **C.**      **Kaplan Fox Will Follow the Ninth Circuit Attorneys' Fees Benchmarks**

4        Should Plaintiffs' obtain a common fund recovery in this action, Kaplan Fox would generally

5  request attorneys' fees within the range of the standard Ninth Circuit benchmark of 25%, absent unusual

6  circumstances necessitating a greater deviation.  *In re Bluetooth Headset Products Liability Litigation*,

7  654 F.3d 935, 942-943 (9th Cir. 2011); King Decl., ¶ 22.  Should Plaintiffs seek recovery of attorneys'

8  fees based on the lodestar or other method, Kaplan Fox would seek payment at or near its regular hourly

9  rates, adjusted as appropriate for the relevant legal market or by other factors considered by the Court.

10  Legal industry publications may be a useful guiding point to ultimately determine the reasonableness of

11  counsel's rates.  *See, e.g.*, *Syers Properties III, Inc., v. Ann Rankin*, 226 Cal. App. 4th 691, 702 (2014)

12  (approving use of adjusted Laffey Matrix to determine reasonable rates); *In re HPL Techs., Inc., Sec.*

13  *Litig.*, 366 F. Supp. 2d 912, 919-22 (N.D. Cal. 2005); King Decl., ¶¶ 22-24, Ex. 5 (Laffey Matrix), Ex. 6

14  (published hourly rates of Anthem's counsel Hogan Lovells).

15  **IV.**    **CONCLUSION**

16        Based on the foregoing, Plaintiff Kaslowitz respectfully requests that the Court grant his motion

17  to appoint Kaplan Fox as a lead or co-lead counsel, or alternatively appoint Kaplan Fox to Plaintiffs'

18  steering or executive committees.

19  DATED:  August 20, 2015

20  **KAPLAN FOX & KILSHEIMER LLP**      **KAPLAN FOX & KILSHEIMER LLP**

21

22                                                By:     */s/ Laurence D. King*
                                                       Laurence D. King

23

24  Robert N. Kaplan (admitted *pro hac vice*)      Laurence D. King (SBN 206423)
   Lauren Dubick (admitted *pro hac vice*)        Linda M. Fong (SBN 124232)

25  850 Third Ave., 14th Floor                    Matthew B. George (SBN 239322)
   New York, NY  10022                   350 Sansome Street, Suite 400

26  Telephone:  (212) 687-1980               San Francisco, CA 94104
   Facsimile:   (212) 687-7714               Telephone:  (415) 772-4700

27                                                         Facsimile:  (415) 772-4707

28                                                 *Attorneys for Plaintiff Jeffrey Kaslowitz*

10