ALTSHULER BERZON LLP
EVE CERVANTEZ (SBN 164709)
ecervantez@altshulerberzon.com
JONATHAN WEISSGLASS (SBN 185008)
jweissglass@altshulerberzon.com
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064

COHEN MILSTEIN SELLERS & TOLL PLLC
ANDREW N. FRIEDMAN (admitted *pro hac vice*)
afriedman@cohenmilstein.com
DOUGLAS J. MCNAMARA (admitted *pro hac vice*)
dmcnamara@cohenmilstein.com
SALLY M. HANDMAKER (SBN 281186)
shandmaker@cohenmilstein.com
1100 New York Ave. NW
Suite 500, West Tower
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699

*Attorneys for Plaintiffs Kathryn Leniski and Nanette Douglass and the Proposed Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| **IN RE ANTHEM, INC. DATA BREACH LITIGATION** | Case No. 15-MD-02617-LHK <br><br> **MOTION FOR APPOINTMENT OF EVE H. CERVANTEZ AND ANDREW N. FRIEDMAN AS PLAINTIFFS' LEAD COUNSEL AND A STEERING COMMITTEE** <br><br> **(Fed. R. Civ. P. 23(g))** <br><br> **Date: September 10, 2015** <br> **Time: 1:30 p.m.** <br> **Judge: Lucy H. Koh** <br> **Courtroom: 8, 4th Floor** |

Eve H. Cervantez of Altshuler Berzon LLP and Andrew N. Friedman of Cohen, Milstein, Sellers & Toll PLLC seek appointment as Plaintiffs' Co-Lead Counsel.  We bring complementary expertise in managing complex class actions, litigating cutting edge legal issues, crafting creative injunctive relief when monetary relief alone is insufficient, and prosecuting cases involving data breaches and other privacy issues.  In working together on case management since the Court appointed us to temporarily represent Plaintiffs, we have developed a litigation plan to secure a meaningful result in this complex case in an efficient manner.  To advance that strategy, we have selected a team of lawyers who bring important strengths that will help us expeditiously prosecute this large case in the face of significant opposition.  Whether overtly acknowledged or not, the scope of this case will (or should) require anyone selected as lead or co-lead counsel to draw on the ample pool of competent counsel who have filed Anthem actions.  In the interests of transparency, we respectfully request that the Court appoint these attorneys to a Plaintiffs' Steering Committee: Stephen R. Basser of Barrack Rodos & Bacine; Eric Gibbs of Girard Gibbs LLP; Norman Siegel of Stueve Siegel Hanson LLP; Michael Sobol of Lieff Cabraser Heimann & Bernstein, LLP; J. Gerard Stranch, IV, of Branstetter, Stranch & Jennings, PLLC; and Lynn Toops of Cohen & Malad, LLP.

**The Nature Of The Case**

The Anthem data breach compromised a database containing highly confidential information of up to 80 million individuals whose personal information Anthem maintained without adequate security measures.  Unlike data breaches involving credit card numbers or other information that individuals can readily change and monitor for fraud, the Anthem breach exposed data – such as social security numbers, birthdates, home addresses, and employment information – that cannot be changed and cannot be easily monitored for fraud.  Victims of the Anthem data breach – including children – face a lifetime risk of interference with their business and financial affairs.

**Reasons For Appointment Of Co-Lead Counsel And A Steering Committee**

It is essential that this case enjoy leadership devoted to achieving a meaningful result that includes safeguarding the personal data Anthem maintains from this and future data breaches; remediating to the extent possible the loss of that data; and obtaining compensation for the theft of personal and financial information, for the costs associated with the detection and prevention of

1

MOTION FOR APPOINTMENT OF EVE H. CERVANTEZ AND ANDREW N. FRIEDMAN AS PLAINTIFFS' LEAD COUNSEL AND A STEERING COMMITTEE; Case No. 15-MD-02617-LHK

identity theft, and for the portion of the monies paid to Anthem that should have been used for data security but were not. Although each firm described below has litigated large cases on its own, because of the need for simultaneous movement on many fronts and the significant resources needed to do so, this case is best prosecuted by a group of firms with different strengths and geographic bases litigating as a cohesive unit, as proposed Plaintiffs' Lead Counsel suggest here.

Given the nature of the data accessed, and the unique ways in which it has already been used – for instance, filing of false tax returns – that may not be captured by conventional credit report and identity theft programs, remediation will be difficult. Anthem still maintains and uses the sensitive data at issue, leaving class members vulnerable to continued breaches of their personal information. Ensuring the proper protection of this type of information – which is often shared among a network of health providers – will likely be much more complex than securing credit card information compromised in retailer-centered data breach cases. In short, this is not a typical data breach case.

This case will be an extremely large undertaking. Because Anthem maintains data for individuals across the country, the case will require communication with hundreds of class members who have already stepped forward as class representatives and others who desire to do so, as well as extensive legal research and briefing on the statutory and common law of the majority of states. The case will also involve voluminous discovery, including the exchange and review of potentially millions of pages of documents, analysis to decipher Anthem's complicated web of affiliated entities and information-sharing arrangements among health plans, depositions around the country, discovery involving Anthem's former information technology personnel and outside security providers, and coordination with governmental entities investigating Anthem. Discovery may be complicated by the confidentiality of the data involved. The case will likely involve multiple experts on topics such as cybersecurity systems design and development, health insurer policies for data use and protection, identity theft protection and repair, and damages, among others. Remediation may raise novel legal and technical issues, such as how to best craft injunctive relief to deal with the inability to change social security numbers and other personal information.

To expeditiously obtain a meaningful result in this lawsuit – which could include moving for preliminary injunctive relief if discovery reveals that Anthem has not taken immediate common-

sense precautions, such as multi-level data encryption – many of the necessary tasks will need to be performed simultaneously. As this Court has already recognized, the case should proceed quickly, with discovery commencing before the pleadings are settled. To that end, we have prepared a task list with specific plans of action to move this case forward efficiently without duplication of work. *See* Ex. A. These tasks include (a) vetting hundreds of potential class representatives located across the country; (b) reviewing news sources, investigative reports, and other sources to prepare a timeline of facts surrounding the breach; (c) researching state-specific common law and statutory claims to determine the most viable causes of action and later to oppose Anthem's anticipated motion to dismiss; (d) coordinating with opposing counsel regarding an ESI protocol, protective order, preservation of documents, custodians, and case management; (e) preparing initial disclosures and defending multiple named plaintiff depositions; (f) promulgating written discovery, including to third-party security providers; (g) taking depositions regarding Anthem's security systems, the breach, detection of the breach, and Anthem's reaction to the breach; (h) developing document production databases and document review protocols to ensure efficient and non-duplicative review of documents; (i) identifying, retaining, and working with experts who can trace the stolen data back to Anthem's possession, analyze Anthem's security measures in place before the breach, help to craft meaningful injunctive relief including the implementation of adequate security measures, and help to craft a damages model that accounts for various types of damages (such as those relating to fraudulent tax returns, medical fraud, identity theft, credit fraud, credit monitoring, and failure to use premiums to pay for security); (j) if warranted by discovery, moving for preliminary injunctive relief; (k) moving for class certification and perhaps summary judgment; and (l) preparing for trial.

This case is likely to be hard fought. Anthem is a massive insurance company with billions of dollars in resources. Its chief counsel, Hogan Lovells, has more than 2,600 lawyers. Five attorneys for Anthem attended the first hearing, and many more are undoubtedly working behind the scenes. Anthem's predecessor company, Wellpoint, was the subject of a data breach that resulted in litigation, but did not cause Anthem to take reasonable steps to prevent future data breaches.

For these reasons, although we are mindful of the Court's admonition to keep Plaintiffs' counsel structure "lean," and understand that the Court is seeking to appoint lead counsel, this case

3

calls for more than one or two firms to ensure rapid and thorough work.  We have carefully selected a relatively small group of experienced class action litigators whom we believe should be appointed to assist us in undertaking this extensive and essential work.  Proposed Co-Lead Counsel are cognizant of the issues that can arise with multiple firms involved in litigation and have developed a system to guard against inefficiency and duplication by assigning work carefully and monitoring that work and all firms' billing, while protecting the class's interests through a diverse and talented team that has the experience and resources to resolve this case expeditiously and successfully.

Proposed Co-Lead Counsel and Plaintiffs' Steering Committee members (as well as others in their firms) are experienced in complex litigation and bring diverse experiences to successfully prosecute this case.  We satisfy the requirements of this Court's July 6, 2015 Order Re Preliminary Case Management Conference and F.R.C.P. 23(g).  As described below and in the accompanying declarations (attached as Exhibits C-J), Mr. Friedman and others have extensive experience in data breach cases.  That experience will be critical to ensuring that the case is litigated efficiently, without having to repeat lessons already learned.  Ms. Cervantez and others have extensive class action experience, including crafting of complex injunctive relief and litigating novel legal issues, but have not litigated data breach cases, and will thus bring a new perspective and fresh ideas to this case.

Counsel are geographically disparate, which will promote efficiency in litigation, particularly discovery: Three (including Ms. Cervantez) have offices in the Bay Area, near the Court; Mr. Friedman's office is in Washington, D.C., where Anthem's lead defense counsel is located; Ms. Toops's office is in Indianapolis, where Anthem is based and many depositions are likely to occur; Mr. Siegel is based in Missouri and Mr. Stranch in Tennessee; Mr. Basser is based in San Diego, and his firm also has offices in Pennsylvania, New York, New Jersey, and Michigan.  Given that depositions of named plaintiffs and others will occur around the country, it makes sense to have lawyers knowledgeable about the case in various locales to minimize travel.

Some counsel, in particular Mr. Siegel and Ms. Toops, have been in contact with hundreds of victims of the data breach, many of whom are likely to serve as named representatives in this case. Fully vetting these individuals, which has already begun, will be important to ensure that a consolidated complaint can be filed shortly after the appointment of lead counsel.  Mr. Basser has

4

MOTION FOR APPOINTMENT OF EVE H. CERVANTEZ AND ANDREW N. FRIEDMAN AS PLAINTIFFS' LEAD COUNSEL AND A STEERING COMMITTEE; Case No. 15-MD-02617-LHK

already been spearheading the retention of cybersecurity expert consultants with a specific expertise pertinent to healthcare insurers. Mr. Stranch has a unique perspective from his work in advising health insurers on appropriate data protection measures. Mr. Gibbs, Mr. Sobol, and Mr. Siegel are all lead counsel in other data breach cases, and will bring valuable experience.

### Experience Of Proposed Co-Lead Counsel And Steering Committee Members

Co-Lead Counsel are well suited to undertake the necessary work. Mr. Friedman and Ms. Cervantez both have extensive experience managing complicated class actions, including multi-district litigation. We strive to promote courteous and professional relations among all Plaintiffs' counsel, as well as with opposing counsel. Since this Court chose us to craft the preliminary case management statement, we have been working well with each other and other Plaintiffs' counsel: We reached out to 388 attorneys with Anthem suits, accommodated different viewpoints in drafts of the preliminary and second case management statement we provided for comment, and kept all counsel informed about the meet and confer process with defense counsel. If appointed Co-Lead Counsel, we will continue to cooperate with hundreds of counsel, and to complement each other's skills by bringing important and different experiences to this case.

**Eve Cervantez** clerked in this District, and has since spent more than 20 years prosecuting complex class actions, many involving the need for creative injunctive relief in such diverse areas as prisoners' rights, employment discrimination, and Medicaid beneficiaries' access to benefits, as well as cases involving the right to privacy and to fair treatment by insurance companies. Ms. Cervantez has often been the attorney charged with organizing teams of attorneys and staff (including co-counsel firms) to keep assignments on track, as well as briefing and arguing class certification. Her cases include *Oster v. Lightbourne* (N.D. Cal.) (court ordered injunctive relief in certified class action); *Holloway v. Best Buy* (N.D. Cal.) (settlement for comprehensive injunctive relief in discrimination class action); *Satchell v. Federal Express Corp.* (N.D. Cal.) (settlement of $55 million, plus comprehensive injunctive relief, for discrimination); *Pryor v. OAS* (six-week arbitration trial in class action); and *Rosenburg v. International Business Machines Corp.* (N.D. Cal.) ($65 million settlement of wage and hour class action). Altshuler Berzon is experienced in bringing and defending against class actions and arguing novel and precedent setting cases, including at the

5

United States and California Supreme Courts. For example, the firm brought a series of consumer privacy cases against several financial institutions and credit card companies that had disseminated their customers' personal account information to third party telemarketers without the customers' knowledge or authorization, which settled for injunctive relief and multimillion dollar *cy pres* payments to privacy and consumer organizations. *See* Ex. C.

**Andrew Friedman** has focused exclusively on class action and complex litigation in his 30 years at Cohen Milstein. He is Co-Chair of the Consumer Protection & Unsafe Products practice group. He has played significant roles in privacy and data breach cases, such as: *In re the Home Depot, Inc. Customer Data Security Breach Litig.* (N.D. Ga.) (member of Plaintiffs' Steering Committee and head of Expert Committee on financial institution side of data and privacy case); *In re Heartland Payment Systems, Inc. Securities Litigation* (D.N.J.) (Steering Committee member on financial institution side of data and privacy case); *In Re: Science Applications International Corp. (SAIC) Backup Tape Data Theft Litigation* (D.D.C.) (played significant role in case on data breach of medical and personal health information of 4.7 million former and active military personnel; case dismissed on standing grounds). Mr. Friedman has also been instrumental in securing significant recoveries on behalf of millions of consumers in other areas. He is currently lead counsel in *Khoday v Symantec Corp.* (D. Minn.), where he secured a cash settlement of $60 million on behalf of a class of millions of consumers (motion for preliminary approval pending). Mr. Friedman was one of the principal counsel in *Snyder v. Nationwide Mutual Insurance Company* (Sup. Ct., Onondaga Cnty, N.Y.), a class action on behalf of insurance policyholders that resulted in a settlement valued at between $85 million and $103 million. Mr. Friedman was also lead counsel in a case in this Court involving unauthorized monthly credit and debit charges as the result of post-transaction marketing, which resulted in a settlement offering virtually 100% cash refunds for those who made claims. *Ferrington v. McAfee, Inc.* (N.D. Cal.). Cohen Milstein has been one of the nation's leading plaintiffs' class action firms for more than 40 years. The firm has extensive experience representing individuals, businesses, and employees in class action cases for violations of antitrust, securities, consumer protection, civil rights, environmental, and ERISA laws. *See* Ex. D.

Co-Lead Counsel will be able to handle this case more efficiently by involving additional

6

attorneys with particular expertise and their firms. Co-Lead Counsel will assign and authorize all work to ensure that work is not duplicative. The following attorneys will bring to this case important skillsets and resources to effectively and efficiently represent the proposed class:

**Stephen Basser** has been practicing law for almost 39 years. Mr. Basser, as a co-lead attorney, achieved the largest securities class action settlement and recovery ($1.05 billion) in the history of the Northern District of California. *In re McKesson HBOC, Inc. Securities Litigation* (N.D. Cal.). Mr. Basser possesses trial tested experience against formidable defense counsel, as exemplified by his achieving as lead trial counsel a unanimous jury verdict in the District of Arizona, ultimately recovering $145 million for class members. *In re Apollo Group, Inc. Sec. Litig.* (D. Az.). Mr. Basser has achieved as a co-lead or co-counsel team member settlements in "Senior Annuities" class actions in various district courts in California, conferring benefits with a valuation collectively ranging in excess of $500 million. Mr. Basser has received accolades from jurists presiding over class action cases that he has led, who have cited his "exemplary" lawyering, "professionalism," "civility," and "integrity." Barrack, Rodos & Bacine, where Mr. Basser practices, is a nationally renowned law firm specializing in complex class-actions. *See* Ex. E.

**Eric Gibbs** has been practicing law for 20 years. He and his firm – Girard Gibbs LLP – have extensive experience serving as lead or supporting counsel in complex MDL and consolidated class actions. They have particular expertise in cases at the crossroads of data breach and health care litigation, with Mr. Gibbs having served as lead and co-lead counsel in *Smith v. Regents of the Univ. of California, San Francisco* (Cal. Sup. Ct., Alameda Cnty.) (negotiated post-certification injunction to prevent privacy disclosures, require privacy procedures, and remedial training) and *Shurtleff v. Health Net of California, Inc.* (Cal. Sup. Ct., Sacramento Cnty.) (class damages settlement). Girard Gibbs also occupies leadership roles in other significant data breach MDLs, including *In re Target Corp. Customer Data Sec. Breach Litig.* (D. Minn.); *In re The Home Depot, Inc., Customer Data Security Breach Litig*, (N.D. Ga.); and *In re Lenovo Adware Litig.* (N.D. Cal.). *See* Ex. F.

**Norman Siegel** co-founded Stueve Siegel Hanson LLP, a 30-lawyer firm based in Kansas City, Missouri. Mr. Siegel has been practicing for more than 20 years, and has been selected to serve in leadership roles in several data breach cases, including *In re: Target Corporation Customer*

7

*Data Security Breach Litigation* (D. Minn.) and *In re: The Home Depot, Inc., Customer Data Security Breach Litigation* (N.D. Ga.). In both cases, Mr. Siegel and his firm led the team that vetted more than 1,000 class representatives, including developing and managing a database that served as a platform for client management, document collection, and discovery. Given the efficiency with which he can perform this work and the need to move quickly, Mr. Siegel has already initiated the process for intaking and evaluating potential class representatives to be considered for inclusion in a consolidated complaint in this case. In *Target*, Mr. Siegel helped lead the settlement negotiations that resulted in a comprehensive class-wide settlement. In *Home Depot*, the firm took the lead on briefing the response to Home Depot's Motion to Dismiss. *See* Ex. G.

**Michael Sobol** has been practicing law for more than 25 years, and is in his thirteenth year as the chair of the Consumer Protection practice group at Lieff, Cabraser, Heimann & Bernstein, LLP ("LCHB"). Mr. Sobol has developed an expertise in privacy cases, including data breach litigation. Cases in which he plays or played a lead role include *Corona v. Sony Pictures Entertainment, Inc.* (C.D. Cal.) (Co-Lead Class Counsel in data breach case); *Campbell v. Facebook* (N.D. Cal.) (Lead Counsel and Liaison Counsel in privacy class action); *In re Google Inc. Street View* (N.D. Cal.) (Liaison Counsel in privacy MDL); *Perkins v. LinkedIn Corp.* (N.D. Cal.) (privacy class action, settlement pending); and *Shurtleff v. Health Net of Cal*. (Sacramento Cnty. Super. Ct.) (settled data loss class action). Mr. Sobol served as trial counsel in a case that resulted in a $203 million judgment in which Judge Alsup said that LCHB's trial performance "ranks as one of the best this judge has seen in sixteen years on the bench." *Gutierrez v. Wells Fargo Bank, N.A*. (N.D. Cal.). LCHB also utilizes cutting-edge technology, including in-house databases used for time and expense submissions in MDLs that can generate reports that track lodestar and expenses by firms, dates, timekeepers, or type of work. This helps prevent duplication and ensure efficiency. *See* Ex. H.

**J. Gerard Stranch, IV**, has been practicing law at Branstetter, Stranch & Jennings, PLLC, in Nashville for 12 years. Mr. Stranch is one of the lawyers who has been at the center of the firm's efforts to educate pension and health and welfare funds on data security issues, and will bring knowledge of best practices in that specialized area to bear in this litigation. He also runs the firm's Class Action, Complex Litigation and Mass Tort practice group. He has extensive experience with

8

complex litigation throughout the United States and will effectively address the unique tasks that such litigation entails, such as the management of complex electronic discovery and the review of million-plus page document productions. Examples include: *Klein v. Bain Capital Partners, LLC* (D. Mass.) (Plaintiffs' Executive Committee of antitrust class action that settled for $590.5 million); *In re: Alpha Corp. Securities Litigation* (Ala. State Court) (Co-Lead Counsel in securities suit that settled for $161 million); and *In re Omnivision Technologies, Inc. Securities Litigation* (N.D. Cal.) (Co-Lead Counsel in case that resulted in $12.5 million settlement). His firm has successfully brought class actions for consumer protection, securities, antitrust, and ERISA violations. *See* Ex. I.

**Lynn Toops** has focused on class actions for the more than seven years she has been with Cohen & Malad. Last year, she played a leading role in the prosecution and over $15 million resolution of a class action on behalf of nearly 2,000 families who adopted special needs children out of Indiana's foster care system but were denied subsidies. *Moss v. Indiana Dep't of Child Services, Inc.* (LaPorte Superior Court). She has participated in briefing in several data breach cases, including *In re: Science Applications Int'l Corp. (SAIC) Backup Tape Data Theft Litig.* (D.D.C.) and *Young v. Medical Informatics Engineering, Inc.* (N.D. Ind.). Ms. Toops recently obtained a significant judgment on behalf of a certified class of independent owner-operator truck drivers denied fuel discounts. *Wilmoth v. Celadon Trucking Servs., Inc.* (Marion Superior Court). Cohen & Malad filed the first class action against Anthem, and Ms. Toops has personally spoken to hundreds of class members and oversees a database of people who have contacted her firm. Cohen & Malad is located within three blocks of Anthem's headquarters, where many documents are located and significant deponents reside, thus providing for the efficient conduct of discovery. *See* Ex. J.

No doubt, other very-well qualified lawyers will also be vying for leadership positions or seeking to carve out niches in the case for special consideration. Undersigned counsel respectfully urge that the team discussed above, which has committed to work together on this challenging case, will bring a unified and complementary approach that is critical to achieving a significant result quickly. To the extent other counsel seek to represent a portion of the class, the counsel named above have been retained by clients that cover all aspects of this case, including both non-government and government employees; people who have suffered identity theft in the form of false

9

tax returns filed; people who have experienced other forms of identity theft; people who have not yet, to their knowledge, experienced identity theft, but have been forced to use scarce time and resources to guard against identity theft; and individuals residing in 25 states.

**Attorneys' Fees**

Proposed Co-Lead Counsel and Plaintiffs' Steering Committee members make the following commitments with respect to attorneys' fees.

First, pursuant to the Court's July 16, 2015 Order Re Plaintiffs' Counsel's Billing Records (Dkt. No. 46), counsel will maintain contemporaneous billing records. Counsel will eliminate time spent unnecessarily through scrutiny of monthly bills first by review internally at each firm. Then Ms. Cervantez, whose firm spends the vast majority of its time on cases where it bills clients on an hourly basis, will review all time from all firms on a monthly basis to eliminate duplicative or inefficient billing, as she would for any client paying fees. For example, Ms. Cervantez will eliminate time spent on multiple levels of review of drafts and unnecessary meetings or phone calls.

Second, proposed Co-Lead Counsel and Plaintiffs' Steering Committee members have agreed to a set of "best practices" for billing in accordance with Ninth Circuit guidelines. *See* Ex. B.

Third, no firm will bill for any work not specifically assigned by Co-Lead Counsel.

Fourth, we will not seek compensation for more than two attorneys at any Court hearing or status conference unless Co-Lead Counsel determine it is necessary to address different motions.

Fifth, we will not seek compensation for time spent on seeking leadership roles in this case.

Sixth, although counsel cannot determine whether a lodestar or common fund percentage measure of attorneys' fees (if any) will be appropriate, as it depends on the nature and scope of relief obtained, the hourly rates used for the lodestar or cross-check on the percentage will be based on Bay Area market rates. Counsel will not apply for a fee greater than 1.75 times the lodestar.

No one other than the attorneys and firms proposed here will necessarily work on this case. Undersigned counsel have made no promises that any firm will receive assignments in exchange for support of this motion or otherwise. If it would benefit the class to bring in other attorneys (for instance, to defend depositions of plaintiffs who are their clients), any firm that Co-Lead Counsel assigns work on this matter on an as-needed basis will need to agree to the above six points.

| | | |
|---|---|---|
| Dated: August 20, 2015 | By: | */s/ Eve H. Cervantez* |
| | | Eve H. Cervantez |

ALTSHULER BERZON LLP
EVE H. CERVANTEZ
JONATHAN WEISSGLASS

| | | |
|---|---|---|
| Dated: August 20, 2015 | By: | */s/ Andrew N. Friedman* |
| | | Andrew N. Friedman |

COHEN MILSTEIN SELLERS & TOLL PLLC
ANDREW N. FRIEDMAN
DOUGLAS J. MCNAMARA
SALLY M. HANDMAKER

## ECF ATTESTATION

I hereby attest that I have received permission to sign from every attorney corresponding to any signatures indicated by a conformed signature (/S/) within this e-filed document and the attached declarations.

Dated: August 20, 2015     By:     */s/ Eve H. Cervantez*
                                   Eve H. Cervantez