Mark P. Robinson, Jr. (SBN 054426)
mrobinson@rcrsd.com
Daniel S. Robinson (SBN 244245)
drobinson@rcrsd.com
Wesley K. Polischuk (SBN 254121)
wpolischuk@rcrsd.com
**ROBINSON CALCAGNIE ROBINSON
SHAPIRO DAVIS, INC.**
19 Corporate Plaza Dr.
Newport Beach, CA 92660
Telephone:  (949) 720-1288
Facsimile:  (949) 720-1292

*Attorneys for Plaintiffs George Macros, Steve
Kawai, Terrell Adamson, Joseph Beckerman, Tara
Dozier, Candyce Kelley, Cynthia and Cary Kelley,
James O'Toole, Jack Wenglewick, Cheri and
David Williams, David Liu, Brian Slater, and Fazi
Zand*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| **IN RE ANTHEM, INC. DATA BREACH LITIGATION**<br><br>This Document Relates to All Cases | Case No. 15-MD-02617-LHK<br><br>**MOTION BY PLAINTIFFS GEORGE MACROS, STEVE KAWAI, TERRELL ADAMSON, JOSEPH BECKERMAN, TARA DOZIER, CANDYCE KELLEY, CYNTHIA KELLEY, CARY KELLEY, JAMES O'TOOLE, JACK WENGLEWICK, CHERI WILLIAMS AND DAVID WILLIAMS FOR APPOINTMENT OF DANIEL S. ROBINSON AS PLAINTIFFS' LEAD COUNSEL**<br><br>Date: September 10, 2015<br>Time: 1:30 p.m.<br>Judge: Hon. Lucy H. Koh |

MOTION BY PLAINTIFFS GEORGE MACROS, *ET AL.* FOR APPOINTMENT OF DANIEL S.
ROBINSON AS PLAINTIFFS' LEAD COUNSEL

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on September 10, 2015, at 1:30 p.m. in Courtroom 8, 4th Floor of the United States District Court for the Northern District of California, San Jose Division, located at 280 South 1st Street, San Jose, California 95113, Plaintiffs George Macros, Steve Kawai, Terrell Adamson, Joseph Beckerman, Tara Dozier, Candyce Kelley, Cynthia and Cary Kelley, James O'Toole, Jack Wenglewick, and Cheri and David Williams (collectively, the "*Macros* Plaintiffs")[1] will move the Court for appointment of Daniel S. Robinson of Robinson Calcagnie Robinson Shapiro Davis, Inc. ("RCRSD") as Plaintiffs' Lead Counsel (or in the alternative, as a member of the Plaintiffs' Steering Committee or any other role that the Court deems appropriate) on behalf of the proposed Class of individuals whose personal and medical information has been compromised as a result of the data breach at issue in this litigation. Plaintiffs' motion is based on this notice, the following memorandum of points and authorities, the accompanying declaration of Daniel S. Robinson, and such other matters as the Court may consider.[2]

## I.     INTRODUCTION

The *Macros* Plaintiffs respectfully request that the Court appoint Daniel S. Robinson of RCRSD as Plaintiffs' Lead Counsel, or alternatively, as a member of the Plaintiffs' Steering Committee or any other role that the Court deems appropriate. Mr. Robinson and RCRSD are ideally suited to represent the proposed Class ("Class"), and the appointment of Mr. Robinson will ensure that the prosecution of this litigation is streamlined for the benefit of all Plaintiffs, the proposed Class and the Court.

---

[1] Plaintiffs George Macros, Steve Kawai, Terrell Adamson, Joseph Beckerman, Tara Dozier, Candyce Kelley, Cynthia and Cary Kelley, James O'Toole, Jack Wenglewick, and Cheri and David Williams are the named plaintiffs in *Macros, et al. v. Anthem, Inc., et al.*, 4:15-cv-00674 (filed Feb. 12, 2015), originally filed in the Northern District of California. Robinson Calcagnie Robinson Shapiro Davis, Inc. is also counsel for plaintiffs in the following actions: *Slater v. Anthem, Inc., et al.*, 3:15-cv-00279 (filed Feb. 10, 2015), originally filed in the Southern District of California; *Zand v. Anthem, Inc., et al.*, 5:15-cv-00638 (filed Feb. 10, 2015), filed in the Northern District of California; and *Liu v. Anthem, Inc., et al.*, 8:15-cv-00215 (filed Feb. 6, 2015), originally filed in the Central District of California, Southern Division.

[2] This application is being brought as a motion at the request of the Court. Given the Court's instructions that it would be selecting leadership from the various applicants, Plaintiffs seek leave from the requirement of submitting a proposed order with any noticed motion.

MOTION BY PLAINTIFFS GEORGE MACROS, *ET AL.* FOR APPOINTMENT OF DANIEL S. ROBINSON AS PLAINTIFFS' LEAD COUNSEL

1         For one, Mr. Robinson and RCRSD are highly experienced in complex litigation, serving as

2 lead counsel multiple times in coordinated litigations in both federal and state courts, demonstrating a

3 willingness and ability to commit resources to intensive litigation, and the ability to work cooperatively

4 and efficiently with other counsel. *See, e.g., In re Toyota Motor Corp. Unintended Acceleration Mktg.,*

5 *Sales Practices, & Prods. Liab. Litig.* ("*In re Toyota*"), MDL 2151 (C.D. Cal.); *In Re Zoloft (Sertraline*

6 *Hydrochloride) Products Liability Litigation* ("*In re Zoloft*"), MDL 2342 (E.D. Pa.).[3] Moreover, Mr.

7 Robinson and RCRSD have experience serving as lead counsel in data breach class actions with

8 allegations very similar to the allegations in this case. Mr. Robinson currently serves as Co-Lead

9 Counsel in *St. Joseph Health System Medical Information Cases*, JCCP 4716 (Super Ct. Cal.),

10 representing a class of almost 32,000 patients whose confidential medical information was released on

11 the Internet. *See* Robinson Dec. ¶ 4. The case recently entered the initial stages of resolution, and is

12 expected to result in a cash payment (in the form of a check) of at least $240 to *each* class member. *See*

13 *id.* ¶ 6.

14         More importantly, unlike any of the otherwise qualified firms seeking appointment as Plaintiffs'

15 Lead Counsel in this action, Mr. Robinson already has experience as lead counsel prosecuting a data

16 breach class action against the same defendants here—Anthem and its subsidiaries. From 2012 to

17 2013, Mr. Robinson and RCRSD successfully litigated and settled a coordinated class action against

18 WellPoint, Inc. (Defendant Anthem, Inc.'s predecessor entity prior to 2014) in which the plaintiffs

19 alleged their confidential personal information and medical information were accessible and released

20 on the Internet. *See Blue Cross of California Website Security Cases*, JCCP 4647 (Super. Ct. Cal.

21 2012). As a result, Mr. Robinson has institutional knowledge of several areas pertinent to this

22 litigation, including the design of Anthem's network infrastructure, Anthem's security measures in

23 place during the breach, Anthem's breach response protocols, the hierarchy of Anthem's security and

24 information technology personnel, and the history of Anthem's procedures and measures for securing

25 the proposed Class members' confidential information. *See* Robinson Dec. ¶¶ 7-9.

26

27   [3] *See* Declaration of Daniel S. Robinson ("Robinson Dec.") ¶ 3, Ex. A for additional information

28 regarding Mr. Robinson's educational and professional background.

MOTION BY PLAINTIFFS GEORGE MACROS, *ET AL.* FOR APPOINTMENT OF DANIEL S.
ROBINSON AS PLAINTIFFS' LEAD COUNSEL

1    RCRSD also has the resources necessary to vigorously prosecute this action. RCRSD consists

2    of 28 attorneys and a sizeable staff.  RCRSD has working relationships and experience with some of

3    the finest experts in the country on the issues of data security, including experts who can determine the

4    extent to which compromised information has been accessed by unauthorized entities. *See id.* ¶ 12.

5    RCRSD also has the resources to successfully try cases to verdict in complex coordinated actions. *See,*

6    *e.g., Barnett v. Merck*, No. 06-485 (D. La 2006) ($51 million verdict against Merck for claims related

7    to cardiovascular risks caused by Vioxx).   Because of Mr. Robinson's and RCRSD's experience

8    prosecuting data breach class actions, their ability to work cooperatively with others, their familiarity

9    with Defendants, and the resources RCRSD can devote to the litigation, the appointment of Mr.

10   Robinson as Plaintiffs' Lead Counsel in this action will enable the litigants and the Court to achieve an

11   efficient, timely and just resolution of this matter.

12   **II.    ARGUMENT**

13        **A.    Standard for Appointment as Lead Plaintiffs' Counsel**

14        As the Court indicated in its July 6, 2015 Order Re Preliminary Case Management Conference,

15   the chief criteria for the appointment of Lead Plaintiffs' Counsel are as follows:

16        •  Knowledge and experience in prosecuting complex litigation, including class actions;

17        •  Willingness and ability to commit to a time-consuming process;

18        •  Ability to work cooperatively with others; and

19        •  Access to sufficient resources to prosecute the litigation in a timely manner.

20   *See* Order Re Prelim. Case Management Conference at 3, July 6, 2015 (Dkt. No. 16); *accord* Fed. R.

21   Civ. Proc. 23(g) (listing primarily the same criteria).

22        **B.    Mr. Robinson and RCRSD Have Extensive Experience Handling Class Actions,**

23             **Including Data Breach Class Actions**

24             **1.    *St. Joseph Health System Medical Information Cases***

25        Mr. Robinson is currently Co-Lead Counsel representing a certified class of almost 32,000

26   patients in *St. Joseph Health System Medical Information Cases*, *supra*, a coordinated class action in

27   Orange County Superior Court in front of the Honorable Kim G. Dunning.  Plaintiffs alleged that the

28

MOTION BY PLAINTIFFS GEORGE MACROS, *ET AL.* FOR APPOINTMENT OF DANIEL S.
ROBINSON AS PLAINTIFFS' LEAD COUNSEL

1    defendant hospitals violated California's Confidentiality of Medical Information Act ("CMIA"), Cal.

2    Civ. Code § 56, *et seq.*, by negligently releasing plaintiffs' confidential medical information on the

3    Internet. Since being appointed Co-Lead Counsel of the coordinated proceeding, Mr. Robinson and

4    RCRSD have led the steering committee of five law firms, appeared at all hearings, initiated and

5    conducted discovery, briefed and argued numerous motions and appeals, worked with experts, prepared

6    for trial, and coordinated with defense counsel about resolution. *See* Robinson Dec. ¶ 4.

7        During the course of the litigation, Mr. Robinson and RCRSD have obtained multiple favorable

8    decisions, including denial of defendants' demurrer, denial of defendants' motion for summary

9    judgment on plaintiffs' CMIA, Negligence and Unfair Competition Law claims, and certification of the

10   class. In addition, the defendants sought appellate review of each of the trial court's demurrer,

11   summary judgment, and class certification decisions, all of which the Court of Appeal denied. *See id.* ¶

12   5 and Ex. B; *St. Joseph Health System v. Superior Court of Orange County*, No. D068083 (Cal. Ct.

13   App. June 18, 2015); *St. Joseph Health System v. Superior Court of Orange County*, No. G048570 (Cal

14   Ct. App. Sept. 13, 2013). *Compare Sutter Health v. Superior Court*, 227 Cal. App. 4th 1546, 1550

15   (overruling trial court decision to deny demurrer on class-wide CMIA claim); *Regents of the University*

16   *of California*, 220 Cal. App. 4th 549, 554 (same).

17       Recently, shortly before the start of trial, the parties reached an agreement to settle the case.

18   The settlement will provide an estimated value of over $28 million to the class (excluding attorneys'

19   fees, costs and incentive awards), including, amongst other benefits, a check of at least $240 to each

20   class member (which may be higher depending on the number of opt outs). To plaintiffs' knowledge,

21   this is the highest per person cash component provided in a data breach case to date. The parties are

22   currently finalizing a master settlement agreement, a notice plan, and other related documents, and plan

23   to file a motion for preliminary approval soon. *See* Robinson Dec. ¶ 6.[4]

24   **2.    *Blue Cross of California Website Security Cases***

25       Mr. Robinson also served as Plaintiffs' Lead Counsel in *Blue Cross of California Website*

26

27   ---
     [4] RCRSD advanced nearly $300,000 to litigate this case. *See id.* RCRSD's ability to put forth
     substantial amounts of resources to litigate a case for three years shows it has sufficient access to

28   resources to litigate complex class actions.

MOTION BY PLAINTIFFS GEORGE MACROS, *ET AL.* FOR APPOINTMENT OF DANIEL S.
ROBINSON AS PLAINTIFFS' LEAD COUNSEL

1   *Security Cases, supra*, another coordinated class action in Orange County Superior Court.  Filed in

2   March 2010, this class action involved allegations that WellPoint, Inc. (the former name of Anthem,

3   Inc.) failed to protect the confidential personal and medical information of over 600,000 customers,

4   enrollees and subscribers by electronically storing applications for insurance coverage on its servers

5   without any username, password, or encryption protection.  *See id.* ¶ 7.  Mr. Robinson and RCRSD

6   successfully obtained a temporary restraining order enjoining WellPoint from the "continued public

7   disclosure of the health insurance applications of the Plaintiff and Class that contains private and

8   confidential medical and financial information." *Id.* ¶ 8.

9          In July 2010, only four months after plaintiffs filed the lawsuit, the parties agreed to participate

10   in mediation.  As part of the resolution, plaintiffs conducted confirmatory discovery aimed at (1)

11   evaluating what WellPoint asserted to be the cause of how the data breach occurred; (2) determining

12   the number of affected individuals whose confidential personal information and medical information

13   were allegedly released; and (3) identifying and evaluating corrective actions undertaken by WellPoint

14   to prevent future lapses in security, and to enhance security measures in place for customer information

15   entrusted to WellPoint. The confirmatory discovery included deposing WellPoint Information

16   Technology personnel, reviewing documents and conducting a two-day audit of WellPoint's national

17   network servers located in Virginia.  *See Id.* ¶ 9.  Following the confirmatory discovery, the parties

18   reached a settlement which provided numerous benefits for class members, including: (1) 2 years of

19   free credit monitoring; (2) reimbursement of up to $50,000 for any losses incurred as a result of identity

20   theft attributable to the breach; and (3) reimbursement of certain out-of-pocket expenses, such as costs

21   of opening new bank accounts.  *Id.* ¶ 10 and Ex. C.

22          Mr. Robinson's institutional knowledge of Anthem's data security systems when Anthem

23   engaged in business under the name WellPoint is invaluable to this case.  Mr. Robinson can help the

24   proposed Class of Anthem customers streamline and target selective discovery to quickly answer key

25   questions about how the data breach occurred, who was responsible, whether the remedial measures

26   were timely and effective, and whether class members' information is currently at risk; this type of

27   targeted discovery can give the parties a better understanding of the key issues, and ultimately lead to

28

MOTION BY PLAINTIFFS GEORGE MACROS, *ET AL.* FOR APPOINTMENT OF DANIEL S.
ROBINSON AS PLAINTIFFS' LEAD COUNSEL

1   timely resolution discussions. Largely because of the aforementioned discovery efforts, Mr. Robinson

2   was able to work cooperatively with current Anthem defense counsel Chad R. Fuller (Troutman

3   Sanders LLP) and Anthem Senior Vice President and Counsel, Pamela Williams, to craft the settlement

4   in *Blue Cross of California Website Security Cases*, *supra*. Although Anthem was required to take

5   remedial measures to ensure this type of data breach would never happen again, the instant breach calls

6   into question whether or not Anthem took their obligations seriously and lived up to their

7   responsibilities to protect their customers' information with state of the art methods. As stated in the

8   application submitted today of temporary counsel for plaintiffs, a key issue in this case will be whether

9   or not the lessons from the prior data breach "cause[d] Anthem to take reasonable steps to prevent

10  future data breaches" such as this date breach. Mr. Robinson is singularly poised to assist in evaluating

11  that issue (Dkt. No. 190). *See id.* ¶ 10.

12  **C.    RCRSD Has Experience Prosecuting Other Complex Litigations in Both Federal and**

13  **California State Courts**

14          In addition to the aforementioned data breach class actions, RCRSD has extensive experience

15  handling other complex litigations. Mr. Robinson currently serves as Co-Lead Counsel in *In re*

16  *Risperdal and Invega Product Liability Cases*, JCCP 4775 (Super Ct. Cal) (involving product liability

17  claims related to the antipsychotic drugs Risperdal and Invega), an action in which many other

18  distinguished firms participating in this action—including Eric Gibbs, Girard Gibbs, LLP and Norm

19  Siegel, Stueve Siegel Hanson LLP— also have leadership positions. *See* Robinson Dec. ¶ 13.

20          RCRSD serves as Co-Lead Counsel in *In re Toyota*, *supra*, for claims related to personal injury,

21  wrongful death, and/or property damage. As of July 2015, the parties have successfully settled

22  approximately 338 cases in state and federal court, which includes the vast majority of cases filed in the

23  MDL and coordinated state proceedings. *See id.* ¶ 14. RCRSD also currently serves as Co-Lead

24  Counsel in *In re Zoloft*, *supra*, an MDL involving claims that the antidepressant drug Zoloft's caused

25  birth defects in the children of mothers who took the drug while pregnant. *See id.* ¶ 15.

26          In addition, RCRSD attorneys have argued significant class action cases in California state

27  court, *see, e.g. In re Tobacco II cases*, 46 Cal.4th 298, 306 (Cal. 2009) (successfully arguing that

28

MOTION BY PLAINTIFFS GEORGE MACROS, *ET AL.* FOR APPOINTMENT OF DANIEL S.
ROBINSON AS PLAINTIFFS' LEAD COUNSEL

1    unnamed class members need not satisfy standing requirements in an Unfair Competition Law Class

2    Action), and currently serve or have served as co-lead counsel in multiple California state coordinated

3    proceedings, *see, e.g. Actos Product Liability Cases*, JCCP 4696 (involving product liability claims

4    related to the diabetes drug Actos); *Yaz, Yasmin and Ocella Contraceptive Cases*, JCCP 4608 (Super.

5    Ct. Cal) (involving product liability claims related to the oral contraceptive products Yaz, Yasmin and

6    Ocella).  *See* Robinson Dec. ¶ 16.

7         RCRSD attorneys also serve or have served as members of Plaintiffs' Executive Committees in

8    multiple federal MDLs, including *In re General Motors LLC Ignition Switch Litigation*, MDL 2543

9    (S.D.N.Y); *In re Actos (Pioglitazone) Products Liability Litigation*, MDL 2299 (W.D. La.) (resulting in

10   a $2.4 billion settlement); *In re DePuy ASR*, MDL 2197 (N.D. Oh.) (resulting in over $2.5 billion

11   settlement); and *In re Biomet M2A Magnum Hip Implant Products Liability Litigation*, MDL 2391

12   (N.D. Ind.) (resulting in $56 million settlement).  *See* Robinson Dec. ¶ 17.

13        The leadership work performed in these matters further demonstrate not only Mr. Robinson's

14   and RCRSD's knowledge, experience, and willingness to prosecute complex litigations, but their

15   ability to work efficiently and cooperatively with other experienced attorneys, including many of the

16   plaintiffs' attorneys who have filed cases in this action.

17   **D.    RCRSD Has the Necessary Resources to Efficiently Prosecute this Action, Including**

18        **Trying the Case if in the Best Interests of the Class**

19        RCRSD, which has three offices in California, has 28 attorneys and nearly all of them are based

20   out of and licensed to practice in California.  RCRSD also employs a sizeable staff of paralegals,

21   litigation assistants, investigators, and others who can assist in the management of this action.  *See id.* ¶

22   18.  RCRSD also has working relationships with experts on data security-related issues, including

23   experts who can testify as to whether Anthem's security related practices complied with industry

24   standards, and the extent to which individuals' personal information has been accessed or misused.  *See*

25   *id.*¶ 12.

26        When in the best interests of its clients, RCRSD has been able to efficiently resolve cases in a

27   timely manner. For instance, in *Blue Cross of California Website Security Cases, supra,* Mr. Robinson

28

MOTION BY PLAINTIFFS GEORGE MACROS, *ET AL.* FOR APPOINTMENT OF DANIEL S.
ROBINSON AS PLAINTIFFS' LEAD COUNSEL

gained preliminary approval of the class action settlement approximately 16 months after the first lawsuit was filed against the defendants. *See id.* ¶ 11 and Ex. D. Conversely, RCRSD is not afraid to litigate complex issues, or take cases to trial when necessary. As previously mentioned, Mr. Robinson obtained multiple favorable decisions prior to reaching a resolution in *St. Joseph Health System Medical Information Cases, supra.* RCRSD attorneys also have a substantial track record trying cases, obtaining numerous multi-million dollar verdicts at trial. *See e.g., Poole v.* Picazo, TC 022353 (Cal. Super Ct. 2010) (Mr. Robinson secured a $14.5 million verdict in a case involving a motorcycle accident); *Anderson v. General Motors Corp.*, BC 116929 (Cal. Super. Ct. 1999) (RCRSD and co-counsel secured a $4.9 billion verdict against an auto manufacturer for defective vehicle design). *See* Robinson Dec. ¶ 19.

**E.    RCRSD Has Already Researched and Investigated Potential Claims Related to Anthem's Data Breach in Numerous Jurisdictions**

In addition to the Court's stated criteria for the appointment of Lead Counsel, Federal Rule of Civil Procedure 23(g) suggests consideration of "the work counsel has done in identifying or investigating potential claims in the action."

In a class action of this scope, which involves potential Class members situated across the entire country, Plaintiffs' counsel has to know about the similarities (and any relevant differences) between consumer-protection laws in various jurisdictions. RCRSD has already investigated related but varying state-law claims in multiple jurisdictions. For example, in *Macros et al. v. Anthem, Inc., et al., supra* n.1, RCRSD filed a complaint on behalf of plaintiffs in nine (9) separate jurisdictions: California, Texas, Washington, Idaho, Minnesota, Connecticut, Alabama, Colorado, and Ohio, alleging that Anthem violated the various consumer-protection laws of each of these states. *See* Robinson Dec. ¶ 20, Ex. E.

Further, Mr. Robinson has consistently supported centralization of this action in California. Mr. Robinson was one of three attorneys who presented oral argument to the JPML in favor of transferring this case to California. Mr. Robinson filed a response in support of consolidation and transfer to the Central District of California, and the Northern and Southern Districts alternatively. *See id.* ¶ 21, Ex. F.

MOTION BY PLAINTIFFS GEORGE MACROS, *ET AL.* FOR APPOINTMENT OF DANIEL S. ROBINSON AS PLAINTIFFS' LEAD COUNSEL

1   Some of Mr. Robinson's arguments were incorporated in the JPML's Transfer Order assigning the case

2   to this Court, including the argument that California is a convenient forum because Anthem has several

3   offices located here. *See id.* ¶ 21; *see also In Re: Anthem, Inc., Customer Data Security Breach*

4   *Litigation*, MDL 2617, 2015 WL 3654267, at *1 (J.P.M.L. 2015).

5   **F.   RCRSD Will Limit Recovery of Attorneys' Fees if Appointed Plaintiffs' Lead Counsel**

6           If appointed as Plaintiffs' Lead Counsel, RCRSD will limit attorneys' fees to the lesser of 20

7   percent of the common fund, or 2 times the lodestar—well within the "benchmark" approved by the

8   Ninth Circuit, and previously awarded in the Northern District of California. *See, e.g. Van Vranken v.*

9   *Atlantic Richfield Co.*, 901 F.Supp. 294, 297 (9th Cir. 1995) ("The Ninth Circuit has established a

10  benchmark of 25 percent for awards of attorneys' fees in common fund cases."); *id.* at 299 (approving

11  Northern District Court's fee award equivalent to 3.6 times the lodestar).  In a class action involving

12  potentially millions of widely dispersed Class members such as this (where Class members themselves

13  have little ability to monitor the work of their attorneys), limiting the maximum recovery and/or

14  lodestar will (1) incentivize all counsel participating in the litigation to work efficiently in a manner

15  that actually advances the litigation; and (2) maximize the return to Class members.

16          In addition, if appointed as Lead Plaintiffs' Counsel, Mr. Robinson intends to propose the

17  following guidelines: (1) no attorney working on the case may be billed at more than $600 per hour; (2)

18  document review work performed by associates may be billed at no more than $300 per hour (with

19  contract attorneys being capped at $250 per hour); (3) all pre-leadership and MDL time from non-lead

20  firms has to be submitted to lead counsel who have the discretion to eliminate or edit such time; (4) all

21  firms, attorneys, experts and consultants working on the case must maintain detailed, contemporaneous

22  time records in tenth of an hour increments, prepared at the most within seven days after the work

23  reflected in each time entry occurred, as required in the July 16 Order, and submitted to Plaintiffs' Lead

24  Counsel each month; (5) Plaintiffs' Lead Counsel will exercise appropriate billing judgment and

25  eliminate time for "read and review" and "attorney conferences", unless it was authorized by Plaintiffs'

26  Lead Counsel or necessary for a particular project; and (6) in an attorneys' fee request, Plaintiffs' Lead

27  Counsel will submit to the Court, (i) contemporaneous billing records, including a breakdown of hours

28

MOTION BY PLAINTIFFS GEORGE MACROS, *ET AL.* FOR APPOINTMENT OF DANIEL S.
ROBINSON AS PLAINTIFFS' LEAD COUNSEL

1 | spent on specific tasks by each attorney; (ii) each attorney's, paralegal's, and staff member's billing

2 | rates; (iii) justifications for those billing rates, and (iv) any other information this Court desires.

3

4 | / / /

5 | / / /

6 | / / /

7 | / / /

8 | **III.    CONCLUSION**

9 |     For the reasons stated above, Plaintiffs respectfully request that the Court appoint Daniel S.

10 | Robinson of Robinson Calcagnie Robinson Shapiro Davis, Inc. as Plaintiffs' Lead Counsel (or in the

11 | alternative, as a member of the Plaintiffs' Steering Committee or any other role that the Court deems

12 | appropriate) of *In re Anthem, Inc. Data Breach Litigation.*

13

14 | Dated: August 20, 2015      By:         _/s/ Daniel S. Robinson_

                                    Daniel S. Robinson

15 |                                       ROBINSON CALCAGNIE ROBINSON
SHAPIRO DAVIS, INC.

16 |                                       *Attorneys for Plaintiffs George Macros, Steve Kawai,
Terrell Adamson, Joseph Beckerman, Tara Dozier,*

17 |                                       *Candyce Kelley, Cynthia and Cary Kelley, James O'Toole,
Jack Wenglewick, Cheri and David Williams, David Liu,*

18 |                                       *Brian Slater, and Fazi Zand*

19

20

21

22

23

24

25

26

27

28

MOTION BY PLAINTIFFS GEORGE MACROS, *ET AL.* FOR APPOINTMENT OF DANIEL S.
ROBINSON AS PLAINTIFFS' LEAD COUNSEL

## CERTIFICATE OF SERVICE

I hereby certify that on August 20, 2015, I caused to be filed the foregoing MOTION BY PLAINTIFFS GEORGE MACROS, STEVE KAWAI, TERRELL ADAMSON, JOSEPH BECKERMAN, TARA DOZIER, CANDYCE KELLEY, CYNTHIA KELLEY, CARY KELLEY, JAMES O'TOOLE, JACK WENGLEWICK, CHERI WILLIAMS AND DAVID WILLIAMS FOR APPOINTMENT OF DANIEL S. ROBINSON AS PLAINTIFFS' LEAD COUNSEL. This document is being filed electronically using the Court's electronic case filing (ECF) system, which will automatically send a notice of electronic filing to the email addresses of all counsel of record.

Dated: August 20, 2015

/s/ Jennifer D. Rogers
Jennifer D. Rogers

MOTION BY PLAINTIFFS GEORGE MACROS, *ET AL.* FOR APPOINTMENT OF DANIEL S. ROBINSON AS PLAINTIFFS' LEAD COUNSEL