THE SKEPNEK LAW FIRM, P.A.
William J. Skepnek (admitted *pro hac vice*)
bskepnek@skepneklaw.com
1 Westwood Road
Lawrence, KS 66044
Telephone: (785) 856 – 3100
Facsimile: (785) 856 – 3099

*Attorneys for Plaintiffs Julie Stanturf,
Jill Noble, Christina Novak, and Jim Gioia*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| **IN RE ANTHEM, INC. DATA BREACH LITIGATION** | Case No. 15-MD-02617-LHK<br><br>**NOTICE OF MOTION AND MOTION FOR APPOINTMENT AS LEAD PLAINTIFFS' COUNSEL**<br><br>Date:   September 10, 2015<br>Time:   1:30 p.m.<br>Judge: Lucy H. Koh |

# NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE: on September 10, 2015 at 1:30 p.m., or as soon thereafter as this matter may be heard by the Honorable Lucy H. Koh of the United States District Court, Northern District of California, the undersigned, William J. Skepnek will move and hereby does move the Court for an order appointing him to serve as Lead Plaintiffs' Counsel for the proposed Class.

This motion is brought under Federal Rule of Civil Procedure 23(g) and the Court's July 6, 2015 Preliminary Case Management Conference Order (Dkt. No. 16). This motion is based on this notice, the accompanying memorandum of points and authorities, and any additional argument and evidence the Court may consider at the hearing.

Dated: August 20, 2015.                    Respectfully submitted,

The Skepnek Law Firm, P.A.

By:  /s/ William J. Skepnek

William J. Skepnek (admitted *pro hac vice*)
bskepnek@skepneklaw.com
The Skepnek Law Firm, P.A.
1 Westwood Road
Lawrence, KS 66044
Telephone: (785) 856 – 3100
Facsimile: (785) 856 – 3099

2

**Motion for Appointment as Lead Plaintiff's Counsel**
Case No. 15-MD-02617-LHK

**MEMORANDUM OF POINTS AND AUTHORITIES**

Pursuant to the Court's "Order re: Preliminary Case Management Conference" (Dkt. No. 16) ("Order"), William J. Skepnek seeks appointment as lead plaintiffs' counsel.

## I.  INTRODUCTION

Mr. Skepnek's law firm represents two actions – *Noble v. RightChoice, et. al* and *Stanturf v. Amerigroup, et, al* – both of which were filed in state court under *CAFA* exceptions. Defendants removed both cases to federal court and they were subsequently transferred to this Court by the Judicial Panel on Multidistrict Litigation. Mr. Skepnek believes these cases fit squarely within their respective *CAFA* exceptions. The *Noble* case is fully briefed and set for oral argument at the September hearing. A motion to remand in the *Stanturf* case, in which Mr. Skepnek is listed as counsel, will be filed promptly. Obviously, if the Court grants both motions for remand, then this request for appointment as lead counsel will be rendered moot. However, in the event either motion for remand is denied, the undersigned counsel respectfully requests consideration of this motion to appoint Mr. Skepnek as lead counsel.

The factors the Court is required to consider for class counsel appointment are set forth in Rule 23(g)(1)(A). In addition, the Court may consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Rule 23(g)(1)(B). Mr. Skepnek provides a unique skill set that appears to align with the Court's expressed desire in a lead class counsel. As such, this motion is submitted for the Court's consideration.

## II.  MR. SKEPNEK FULFILLS THE RULE 23(G)(1)(A) FACTORS

The Court must consider four factors: (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in this action; (3) counsel's knowledge of the applicable law; and (4) the resources counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A). Mr. Skepnek satisfies these criteria.

### a.  Work Completed Identifying or Investigating Potential Claims

Mr. Skepnek's identification and investigation of potential claims was aided by his understanding of Anthem Blue Cross and Blue Shield's corporate structure. This knowledge is a

1  direct result of his representation of an ambulatory surgical center in its lawsuit against Anthem's
2  Missouri subsidiaries for underpayments. *32nd Street Surgery Center, LLC v. RightChoice Managed
3  Care, Inc.*, 3:12-cv-05134-GAF; 15-1727, Eighth Circuit Court of Appeals. Mr. Skepnek was
4  therefore able to evaluate facts underlying the claim, and immediately identify individuals
5  potentially impacted. For example, through research, preparation, meeting with experts, and
6  depositions, Mr. Skepnek understands Anthem's Blue Card program. As a result, he understands this
7  data breach impacts individuals who never even bought insurance from Anthem, Inc. The value of
8  this inside information, from an attorney who has been prosecuting a claim against Anthem's
9  subsidiaries, is invaluable and will enable the plaintiffs to better focus their discovery and case
10 strategy.

11         Additionally, Mr. Skepnek partnered with two law firms – Forbes Law Group, LLC and
12 Fagan Emert & Davis, LLC – in order to further supplement his knowledge. Forbes Law Group,
13 LLC is a boutique health law firm that represents healthcare providers across Missouri and Kansas.
14 This strategic partnership provided invaluable access to industry-specific knowledge. Fagan Emert &
15 Davis, LLC boasts Paul Davis, who ran for Governor of Kansas in the 2014 gubernatorial election.
16 This connection enabled Mr. Skepnek to understand this data breach's connection with Medicaid
17 insureds in the State of Kansas – a group of individuals ignored in the other filed lawsuit. Mr. Davis'
18 connections throughout the State of Kansas help to mobilize Medicaid beneficiary advocates to alert
19 these individuals of the breach and how to enroll in data breach protection services. Despite the
20 knowledge Mr. Skepnek possesses, he recognizes the benefits to be gained by strategically
21 partnering with a diversified group of attorneys who each bring a different niche to the table.

22              **b.  Experience Handling Class Actions, Other Complex Litigation, and Types of**
23                    **Claims Asserted in this Action**

24         Mr. Skepnek has extensive experience in complex litigation. More specifically, he is
25 experienced in litigating the issues related to aggregate settlements in mass tort cases. In his thirty-
26 seven year career, Mr. Skepnek has handled a variety of complex cases, including criminal antitrust
27 litigation, professional and product liability litigation, False Claims Act litigation, and multi-plaintiff
28 claims. In addition, Mr. Skepnek has defended a mass tort litigation, having acted as regional

4

**Motion for Appointment as Lead Plaintiff's Counsel**
Case No. 15-MD-02617-LHK

defense counsel in the national asbestos litigation. He has also prosecuted civil claims that led to the development of clients' rights in aggregate settlements. *Burrow, et al. v. Arce, et al.*, 997 S.W.2d (Tex. 1999); *Lederman v. Prudential Life Ins. Co. of Am.*, 385 N.J. Super. 324, 897 A.2d 373 (App. Div. 2006); *Tilzer v. Davis, Bethune & Jones, LLC*, 288 Kan. 477, 204 P.3d 617 (2009); *Booth v. Davis*, 10-CV-4010-SAC, 2010 WL 4160116; 2014 WL 5465322 (D. Kan. Aug. 31, 2010).

For the past 25 years, Skepnek has advocated for the rights of clients, and consequently criticized settlement practices of the mass tort bar that have not served client interests. Skepnek has filed and successfully prosecuted cases based on the conflicts of interest arising between lawyers and clients in mass tort settlement settings. The reality is that the vast majority of MDL's settle and few settle as class actions anymore. The Quasi-Class Action Method of Managing Multi-District Litigation, Problems and a Proposal, Silver and Miller, 63 Vanderbilt L. R. 107 (2010). Indeed, only 3% of MDL cases ever return to their original District. Judging Multi-District Litigation, Burch, 90 NYU L. R. 71 (2015). Consequently, it is important for the Court to consider the experience and knowledge of lawyers concerning settlement issues when appointing lead counsel. Utilization of Skepnek as lead counsel will assist in satisfying the mandate of Rule 23(g)(4): "Class counsel must fairly and adequately represent the interests of the class."

    **c.  Knowledge of Applicable Law**

Mr. Skepnek's knowledge of the applicable law is garnered from three sources. First, he has extensive experience in mass torts, and a solid foundation of medical knowledge. Second, his partnership with Forbes Law Group, LLC provides him with the availability of attorneys with extensive healthcare-specific legal knowledge. Not only does Forbes Law Group, LLC advise their healthcare clients on HIPAA, they also conduct security risk assessments for their clients, helping to ensure risks are mitigated and minimal security features – such as encryption – are employed. Third, his partnership with Fagan Emert & Davis, LLC. With Mr. Davis' run in the gubernatorial race, Mr. Davis provided Mr. Skepnek with knowledge and connections to individuals with intimate knowledge regarding privacy and security. These connections, combined with Mr. Skepnek's own thirty-seven year career, ensures he is abreast of this case's applicable law.

    **d.  Willingness and Ability to Commit Resources**

Mr. Skepnek's conduct in this case alone evidences his willingness and ability to devote the time and energy necessary to properly prosecute the plaintiffs' claims. Here, Mr. Skepnek represents four named plaintiffs in two separate class actions. Each of these pleadings was the result of intensive analysis and drafting to ensure the appropriate *CAFA* exception was properly plead to prevent removal. Additionally, Mr. Skepnek maintains a full case load of various size, complexity, and cost. Mr. Skepnek will also continue to utilize the expertise and resources of Forbes Law Group, LLC and Fagan Emert & Davis, LLC. Finally, as explained above, Mr. Skepnek's experience in mass tort aggregate settlement litigation has made him unpopular with the mass torts plaintiffs' bar. Rarely do attorneys embrace having their actions questioned. Despite the impact these lawsuits have on Mr. Skepnek's referrals from other plaintiffs' counsel, he found them necessary to fulfill his obligations to do whatever necessary to advance the interests of his clients. Mr. Skepnek will do the same in this action.

### III.     MR. SKEPNEK FULFILLS THE RULE 23(G)(1)(B) FACTOR

Pursuant to Rule 23(g)(1)(B), the Court can consider other matters pertinent to counsel's ability to fairly and adequately represent the interests of the Class. Two such factors should be considered by the Court.

#### a. Aggregate Settlement Experience

Mr. Skepnek's extensive experience in mass tort aggregate settlement litigation is just such a factor which should be considered by the Court. Given the odds of this litigation settling, Mr. Skepnek's intimate knowledge of the Rules of Professional Conduct and their obligations with respect to aggregate settlements, as explained above, will be invaluable as this litigation moves forward.

#### b. Duplicative and Overbilling of Attorney Hours

The Court has already expressed concerns regarding attorney time-keeping and inflated attorney hours. This type of behavior is common in mass litigation, where attorneys are searching for their bite of the apple. Unfortunately, this greed overshadows the client and the attorneys slowly begin to forget they are advocating for their clients' interest and not their own billable hours. Mechanisms to prevent this type of abuse have been endorsed across the nation, including this Court.

1 As lead counsel, Mr. Skepnek will evaluate multiple sources of rules and best practices to ensure the
2 clients obtain the best representation at the most economical price point. Additionally, The Skepnek
3 Law Firm, P.A.'s greatest asset is its size. The firm does not have an army of associates and partners
4 reviewing each filing and researching the same topics. Instead, the firm is designed to economically
5 provide legal services at an appropriate price point. This theory of the practice of law will be carried
6 over to this litigation and Mr. Skepnek would model the prosecution of this case after this model.

8     Dated: August 20, 2015.      Respectfully submitted,

9      The Skepnek Law Firm, P.A.

10      By:  /s/ William J. Skepnek

11      William J. Skepnek (admitted *pro hac vice*)
12      bskepnek@skepneklaw.com
     The Skepnek Law Firm, P.A.
13      1 Westwood Road
     Lawrence, KS 66044
14      Telephone: (785) 856 – 3100
     Facsimile: (785) 856 – 3099

7

**Motion for Appointment as Lead Plaintiff's Counsel**
Case No. 15-MD-02617-LHK