Joseph N. Kravec, Jr. (admitted *pro hac vice*)
William T. Payne (CSB 90988)
Wyatt A. Lison (admitted *pro hac vice*)
**FEINSTEIN DOYLE**
  **PAYNE & KRAVEC, LLC**
Allegheny Building, 17th Floor
429 Forbes Avenue
Pittsburgh, PA 15219
Tel.:   (412) 281-8400
Fax:   (412) 281-1007
Email: jkravec@fdpklaw.com
Email: wpayne@fdpklaw.com
Email: wlison@fdpklaw.com

*ATTORNEYS FOR PLAINTIFFS
AND THE PROPOSED CLASSES AND SUBCLASSES*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE: ANTHEM, INC., CUSTOMER DATA SECURITY BREACH LITIGATION, | Case No.: 5:15-md-02617-LHK<br><br>**STATEMENT OF SUPPORT FOR HAUSFELD, LLP, ROBINSON CALCAGNIE ROBINSON SHAPIRO DAVIS, INC., AND ADHOOT & WOLFSON, PC AS INTERIM LEAD PLAINTIFFS' COUNSEL PURSUANT TO FED. R. CIV. P. 23(g)**<br><br>**Honorable Lucy H. Koh** |

Plaintiffs Loralee Giotta and Joyce Benton, through undersigned counsel, submit the following statement supporting Bonny E. Sweeney, James J. Pizzirusso and Christopher L. Lebsock of Hausfeld LLP ("Hausfeld"), Daniel S. Robinson of Robinson Calcagnie Robinson Shapiro Davis, Inc. ("Robinson"), and Tina Wolfson of Ahdoot & Wolfson, PC ("Wolfson") as Interim Lead Plaintiffs' Counsel pursuant to Fed. R. Civ. P. 23(g). Feinstein Doyle Payne & Kravec, LLC ("FDPK"), counsel for Misses. Giotta and Benton, filed the first Anthem data breach action in the U.S. District Court for the Northern District of California. *Giotta v. Anthem, Inc., et al.*, 5:15-cv-618-LHK. Our firm also successfully argued before the Judicial Panel on Multidistrict Litigation ("JPML") for the Anthem data-breach actions to be coordinated and transferred to the Northern District of California before this Court. FDPK has support from over ten percent (10%) of the actions transferred and coordinated in this MDL, and those other cases are joining in this statement of support. *See* Exhibit A (listing plaintiffs joining in this statement of support).

Given the vast number of persons affected by the Anthem data breach – estimated around 80 million people – and the need for expeditious relief in these actions to prevent continuing mass identity theft from the data breach and the harm therefrom, it is critical that any firm(s) appointed interim lead counsel have extensive data breach experience besides other significant consumer and insurance class action experience. Having such data breach experience means they will not have any "getting up to speed" learning curve and can "hit the ground running" to expeditiously, efficiently and effectively coordinate the numerous plaintiffs to prepare a consolidated complaint, to understand the critical data breach issues to be litigated, and to establish and execute an effective, yet cost and resource efficient, discovery and litigation plan immediately upon appointment as interim lead counsel. ECF No. 153, Case Management Order at 2. While counsel from FDPK have the experience, resources and qualifications and have lead MDLs and large consumer and insurance class action,[1] we do not have this extensive data breach case experience and thus have not sought a

---

[1] *See, e.g., Varacallo v. Massachusetts Mutual Life Insurance Company*, 226 F.R.D. 207 (D. N.J. 2005) (Mr. Kravec as co-lead counsel settled nationwide life insurance sales practices class action valued at $700 million for about 3 million class members); *In Re Metropolitan Life Insurance Company Sales Practices Litigation*, 1999 WL 33957897 (W.D.Pa.) (same, but the settlement was valued at $1.7 billion for about 7 million class members); *Wahl v. American Security Insurance*

lead counsel appointment here. FDPK is prepared to assist any interim lead plaintiffs' counsel appointed by the Court on behalf of consumers who were victims of the Anthem data breach, but respectfully submits there are three firms that we believe are "best able to represent the interests of the class" from the crowded field of well-qualified lead counsel applicants. Fed.R.Civ.P. 23(g).

For this MDL to have a running start, we support the Hausfeld, Robinson and Wolfson firms for appointment as interim co-lead plaintiffs' counsel. Not only do each of these firms have the requisite knowledge and experience in litigating privacy and data breach cases and the resources to lead this MDL, they each have certain additional attributes that make them the best able to lead this MDL. For example, Hausfeld, besides its extensive data breach experience, has proposed reasonable caps to attorneys' hourly rates, auditing time submitted by counsel working on behalf of plaintiffs, omitting unnecessary and redundant billing, and submitting quarterly reports for in-camera review by the Court. These steps would help ensure the effective, efficient and expedient litigation of these claims. Robinson has data breach experience litigating against the very defendant in this action – Anthem – giving Mr. Robinson specific institutional knowledge of Defendants' data security that will be essential to taking targeted and effective discovery and would give Plaintiffs the "leg up" to "hit the ground running" in this MDL. Ms. Wolfson not only has extensive privacy and data breach experience dating back to the 90s', but she also has a well-known reputation and track record for being an effective conciliator for plaintiffs' and defendants' counsel alike - a valuable attribute in a case with 116 actions and twenty-five (25) plaintiffs' firms seeking leadership roles in this MDL, and with multiple defendants with whom discovery, motions and any settlement discussions must be coordinated. Any one of Hausfeld, Robinson or Wolfson would be qualified, able and adequate to represent plaintiffs in this MDL, but the combination of all three as interim co-lead Plaintiffs'

---

*Company*, 2010 WL 1881126 (N.D. Cal.) (Mr. Kravec as co-lead counsel settled a statewide force placed insurance class valued at $86 million); *Spears v. First Am. eAppraiseIT*, No. 5:08-CV-00868-RMW, 2015 WL 1906126, at *2 (N.D. Cal.) (Whyte, D.J.) (Mr. Kravec as co-lead counsel settled a RESPA class action for almost $10 million that the Court found "was well litigated through multiple motions to dismiss, class certifications, summary judgment, and other motions"); *UAW v. GM*, 479 F.3d 615, 628 (6th Cir. 2007) ("In view of Mr. Payne's background, both classes would have been hard pressed to find someone with greater experience in handling class actions ... and claims of the type asserted in the action or an attorney with more knowledge of the applicable law").

2
Statement of Support for Interim Lead Plaintiffs' Counsel; Case No.: 5:15-md-02617-LHK

counsel would be a powerful group of counsel with the most beneficial qualifications to lead this MDL, making them best suited here. *See* Fed. R. Civ. P. 23(g)(2).

## ARGUMENT

### A. The Court Should Appoint Interim Co-Lead Counsel, Not an Entire Slate

As the Court suggested at the July 31, 2015 Preliminary Case Management Conference, interim co-lead plaintiffs' counsel will be selected based on their abilities to lead efficiently and cooperatively, and counsel should not expect that the Court would choose a pre-arranged slate. We think choosing interim lead counsel, and not an entire slate of leadership, would be in the best interests of all plaintiffs in this action, as it would allow the newly-appointed leadership to organize counsel who are willing and prepared to work on behalf of the proposed classes and consumers.

In a parallel MDL brought on behalf of victims of a data breach of Premera Blue Cross, Judge Michael H. Simon faced a similar situation as this court in having to choose interim lead counsel for a healthcare data breach action from amongst many qualified slates of firms. Instead of choosing one slate over another, Judge Simon selected Interim Lead Plaintiffs' Counsel and Interim Liaison Plaintiffs' counsel from various plaintiffs' counsels' petitions, and asked the newly named interim counsel to coordinate the prosecution of the action. *See In re: Premera Blue Cross Customer Data Security Breach Litigation*, MDL No. 2633, ECF No. 36 (D. Ore. August 7, 2015). Judge Simon did this in order to allow Interim Lead Plaintiffs' Counsel to be a conciliator amongst the different plaintiffs' groups, and to select firms to have active voices and roles in the litigation so that the vast majority of the plaintiffs felt they were being represented in any consolidated complaint.

This same process of naming interim lead counsel, and allowing those firms to coordinate any additional necessary leadership structure, would also do well here. This MDL contains 116 coordinated cases and countless plaintiffs and counsel. There were seventeen (17) motions filed by qualified firms or slates of firms seeking leadership positions in this MDL, and each has a constituency of the 116 actions supporting them, but none a vast majority of the actions supporting them. As Judge Simon did in the *Premera MDL*, it would be in the interest of all plaintiffs for the Court to appoint a few firms who are best suited to act as interim lead plaintiffs' counsel, and allow those lead firms to conciliate the 116 actions by bringing in additional representative firms from the

3

various plaintiffs' groups so that the vast majority of plaintiffs, if not all, feel that they are represented amongst the leadership structure, and have a voice in the action. This would be the most efficient way to ensure that interim lead plaintiffs' counsel has the support from the large number of plaintiffs in this MDL to pull together a consolidated complaint within the Court's timetable, and execute an efficient, cohesive discovery and litigation process that avoids duplication of effort.

### B. Hausfeld, Robinson and Wolfson are best suited to be interim co-lead plaintiffs' counsel

Hausfeld, Robinson and Wolfson, individually and collectively, are qualified to be interim lead counsel. However, given the additional attributes they bring to this MDL, together as interim co-lead plaintiffs' counsel they would be best able to represent the interests of plaintiffs in this MDL. Fed. R. Civ. P. 23(g).

#### 1. Hausfeld is well qualified to act as interim lead plaintiffs' counsel, and has a plan to effectively and efficiently control the litigation.

Counsel from Hausfeld have a wealth of knowledge and experience in prosecuting complex class actions, including significant experience data breach and privacy matters. ECF No. 187 at 3-4. Hausfeld also has the ability and willingness to devote the necessary time and resources this MDL will require. *Id*. at 6-7. Most importantly, Hausfeld proposed a realistic plan to control litigation costs and avoid duplication by plaintiffs' counsel, thereby providing cost-effective and efficient leadership that would be inclusive of other firms who are willing to assist with the litigation on specific projects at a capped fee arrangement. *Id*. at 8-10 (proposing maximum billable hours of $600 for partners, $300 for associates, and $250 for contract attorneys; auditing of attorneys' time and work; elimination of duplicate work; and submission of time to the Court for in-camera review). This plan would not only save plaintiffs and putative class members money if the case is prosecuted successfully, but their plan would also help the case proceed expeditiously. This sets Hausfeld apart from the field of interim co-lead counsel applicants, and makes Hausfeld one of the best suited to represent the interests of the proposed classes in this MDL. Fed. R. Civ. P. 23(g)(1)(B).

#### 2. Robinson is well qualified to act as interim lead plaintiffs' counsel, and has specific, institutional knowledge of Anthem's data security.

Mr. Robinson also has the experience leading complex class and data breach actions, and the resources to lead this MDL. ECF No. 191 at 3-8. Critically, Mr. Robinson's privacy and data breach

experience comes, in part, from data breach litigation against the very defendant at the heart of this MDL – Anthem. *Id*. at 4-6. Such institutional knowledge of Defendants' internal operations and data security is invaluable in planning the early stages of discovery, which will begin once lead counsel is selected. ECF No. 16 at 3. This sets Robinson apart from the field of interim co-lead counsel applicants, and makes Robinson one of the best suited to represent the interests of the proposed classes in this MDL. Fed. R. Civ. P. 23(g)(1)(A)(ii).

### 3. Wolfson is well qualified to act as interim lead plaintiffs' counsel, and has a plan to effectively and efficiently control the litigation.

Ms. Wolfson is eminently qualified to lead this MDL with almost two decades prosecuting complex and class action cases. ECF No. 192 at 3. Ms. Wolfson has been prosecuting electronic privacy cases on behalf of consumers since the 90's, well before the recent string of notable data breach cases, and has continued to be involved in leadership roles in numerous class action cases dealing with consumer privacy rights and data breach cases involving financial and medical privacy. *Id*. at 5-6. Moreover, Ms. Wolfson has a proven that she can work cooperatively with other plaintiffs' counsel and defense counsel, and has shown her collaborative and leadership skills in this very MDL in her early outreach to other plaintiffs' counsel, and the support she has garnered for her leadership motion. *Id*. at 7. As interim co-lead plaintiffs' counsel, Ms. Wolfson would be instrumental in acting as a conciliator amongst the 17 plaintiffs' groups seeking leadership roles in this MDL consisting of over 116 actions to garner the collaboration needed to effectively and efficiently coordinate the litigation of this MDL. This makes Ms. Wolfson one of the best suited to represent the interests of the proposed classes in this MDL.

### CONCLUSION

For the reasons explained herein, we support the selection of Hausfeld, Robinson, and Wolfson as interim co-lead Plaintiffs' counsel. In the event this Court selects a full slate of law firms to act as the leadership team, and not just lead counsel, each of Hausfeld, Robinson and Wolfson should hold positions within the leadership of this MDL.

DATED: August 27, 2015   **FEINSTEIN DOYLE**
                                              **PAYNE & KRAVEC, LLC**

                                              By: /s/Joseph N. Kravec, Jr.
                                                   Joseph N. Kravec, Jr. (admitted *pro hac vice*)

Statement of Support for Interim Lead Plaintiffs' Counsel; Case No.: 5:15-md-02617-LHK

**EXHIBIT A**

Plaintiffs and their counsel for the following cases join in the Statement of Support for Hausfeld, LLP, Robinson Calcagnie Robinson Shapiro Davis, Inc., and Adhoot & Wolfson, PC as Interim Lead Plaintiffs' Counsel Pursuant To Fed. R. Civ. P. 23(g):

1. *Giotta v. Anthem, Inc.*, 5:15-cv-00618 (N.D. Cal.);
2. *Benton v. Blue Cross of California*, 3:15-cv-02503 (N.D. Cal.);
3. *Coler v. Anthem, Inc. et al.*, 1:15-cv-00090-PB (D. N.H.);
4. *Mason v. Anthem Health Plans of Main, Inc. et al.*, 2:15-cv-0086 (D. Maine);
5. *Myers v. Blue Cross of CA*, 3:15-cv-01766-WHA (N.D. Cal.);
6. *New v. Anthem, Inc., et al.*, 2:15-cv-04787-PGS-As (C.D. Cal.);
7. *Peterman v. Anthem, Inc.*, 3:15-cv-00250 (D. Conn.);
8. *Redhead, et al. v. Anthem, Inc., et al.*, 1:15-cv-01309-WFK-JO (E.D. N.Y.);
9. *Ruhlemann v. Anthem, Inc et al*, 3:15-cv-00345-VLB (D. Conn.);
10. *Sizemore v. Anthem, Inc. et al.*, 2:15-cv-00897-TSB (S.D. Ohio);
11. *Xides v. Anthem, Inc., et al.*, 4:15-cv-00638-JRA (N.D. Ohio);
12. *Shiltz, et al. v. Anthem, Inc., et al.*, 2:15-cv-04083 (S.D. W.Va.); and
13. *Juliano v. Anthem, Inc.*, 2:15-cv-00219-SLB (N.D. Ala.).

# PROOF OF SERVICE

STATE OF PENNSYLVANIA             )
                                  )  ss.:
COUNTY OF ALLEGHENY               )

I am employed in the County of Allegheny, State of Pennsylvania. I am over the age of 18 and not a party to the within action. My business address is 429 Forbes Avenue, Allegheny Building, 17th Floor, Pittsburgh, PA 15219.

On August 27, 2015, using the Northern District of California's Electronic Case Filing System, with the ECF ID registered to Joseph N. Kravec, Jr., I filed and served the document(s) described as:

**STATEMENT OF SUPPORT FOR HAUSFELD, LLP, ROBINSON CALCAGNIE ROBINSON SHAPIRO DAVIS, INC., AND ADHOOT & WOLFSON, PC AS INTERIM LEAD PLAINTIFFS' COUNSEL PURSUANT TO FED. R. CIV. P. 23(G)**

[X]  **BY ELECTRONIC TRANSMISSION USING THE COURT'S ECF SYSTEM:** I caused the above document(s) to be transmitted by electronic mail to those ECF registered parties listed on the Notice of Electronic Filing (NEF) pursuant to Fed.R.Civ.P. 5(d)(1) and by first class mail to those non-ECF registered parties listed on the Notice of Electronic Filing (NEF). *"A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P. 5(d)(1). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."*

I declare that I am admitted *pro hac vice* in this action.

I declare, under penalty of perjury under the laws of the United States, that the above is true and correct.

Executed on August 27, 2015, at Pittsburgh, Pennsylvania.

　　　　　　　　　　　　　　　　　　　　　　　　/s/Joseph N. Kravec, Jr.
　　　　　　　　　　　　　　　　　　　　　　　　Joseph N. Kravec, Jr.