THE SKEPNEK LAW FIRM, P.A.
William J. Skepnek (admitted *pro hac vice*)
William J. Skepnek (admitted *pro hac vice*)
bskepnek@skepneklaw.com
wskepenek@skepeneklaw.com
1 Westwood Road
Lawrence, KS 66044
Telephone: (785) 856 – 3100
Facsimile: (785) 856 – 3099

FAGAN EMERT & DAVIS, LLC
Brennan P. Fagan (admitted *pro hac vice*)
bfagan@fed-firm.com
730 New Hampshire, Suite 210
Lawrence, Kansas 66044
Telephone: (785) 331 – 0300
Facsimile: (785) 331 – 0303

FORBES LAW GROUP, LLC
Frankie J. Forbes (admitted *pro hac vice*)
Michael J. Fleming (admitted *pro hac vice*)
Quentin M. Templeton (admitted *pro hac vice*)
fforbes@forbeslawgroup.com
mfleming@forbeslawgroup.com
qtempleton@forbeslawgroup.com
6900 College Boulevard, Suite 840
Overland Park, Kansas 66211
Telephone: (913) 341 – 8600
Facsimile: (913) 341 – 8606

*Attorneys for Plaintiffs Jill Noble, Christina Novak, Cherri Hawes, and Jim Gioia*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| IN RE ANTHEM, INC. DATA BREACH LITIGATION | Case No. 15-MD-02617-LHK<br><br>**SUPPLEMENTAL BRIEF RE MOTION TO REMAND**<br><br>Date: September 10, 2015<br>Time: 1:30 p.m.<br>Judge: Lucy H. Koh |
| JILL NOBLE, ET AL.,<br><br>    Plaintiffs,<br><br>    v.<br><br>RIGHTCHOICE MANAGED CARE, INC., ET AL.,<br><br>    Defendants. | Case No. 15-CV-2874-LHK |

## I. PRELIMINARY STATEMENT

Plaintiffs Jill Noble, Christina Novak, Cherri Hawes, and Jim Gioia (collectively "Plaintiffs") assert claims arising under Missouri state law, on behalf of a proposed class of Missouri citizens, against Missouri defendants RightChoice Managed Care, Inc., HMO Missouri, Inc., and Healthy Alliance Life Insurance Company (collectively "Defendants"), for their failure to properly take even basic security measures to protect Plaintiffs' confidential personal information. Defendants removed the case, claiming Plaintiffs' claims should be swallowed by the MDL action against Anthem, Inc. Yet Plaintiffs never contracted with Anthem, Inc., nor imagined their confidential personal information would be shipped out of Missouri to another entity. Instead, Plaintiffs contracted with Defendants, who were properly sued in Missouri state court for a contract contemplated, entered into, and completed in Missouri. After full briefing under Missouri law, Plaintiffs' case was sent to this Court, who requested additional briefing under Ninth Circuit law. Doc. 211.

Defendants erroneously claimed this Court has three bases for jurisdiction: (i) diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"); (ii) complete preemption under the Employee Retirement Income Security Act ("ERISA"); and (iii) federal question jurisdiction under the Health Insurance Portability and Accountability Act ("HIPAA") and Health Information Technology for Economic and Clinical Health Act ("HITECH"). Plaintiffs' original briefing dispelled each of these arguments and showed how under Eighth Circuit law, the case must be remanded. ECF Nos. 16-1; 30.[1] Despite the necessity of remand under Eighth Circuit law, analysis under Ninth Circuit law proves even more fatal to Defendants' improper removal of this action.

## II. ARGUMENT

### a. This Court Lacks Jurisdiction Under CAFA.

Under CAFA, a federal court has jurisdiction if (i) there is minimal diversity of citizenship; (ii) there are at least 100 class members; and (iii) the amount in controversy exceeds $5 million. 28 U.S.C. § 1332(d)(2), (d)(5); *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007).

---

[1] Adopting the Court's citation methodology, all ECF references are to the docket of Case No. 15-CV-2874-LHK.

### i. Remand is Mandatory Because Defendants Failed to Meet CAFA's Minimal Diversity Requirement.

Defendants claim minimal diversity exists because Plaintiffs' complaint states each named plaintiff is a "resident" of Missouri. ECF Nos. 1, ¶ 15; 27, p. 15. This argument fails for four independent reasons. First, Plaintiffs submitted declarations from each named plaintiff, specifically stating they were and are citizens of Missouri prior to, at the time of, and following removal by Defendants. ECF Nos. 30-1; 30-2; 30-3; 30-4. Second, although the Ninth Circuit has not affirmatively adopted the presumption, "numerous courts treat a person's residence as prima facie evidence of the person's domicile." *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 886 (9th Cir. 2013) (citations omitted). Third, Plaintiffs' proposed class is expressly limited to Missouri citizens. ECF No. 11, ¶ 54. Defendants' implication that Plaintiffs proposed a class to which they could not even be a member defies logic. Fourth, Plaintiffs stand ready to file an amended complaint to clarify the use of the word "resident" meant "citizen." Such clarification, although unnecessary in light of the previously submitted declarations, would be properly considered by this Court. *Smilow v. Anthem Blue Cross Life & Health Ins. Co.*, No. CV 15-4556-MWF(AGRX), 2015 WL 4778824, at *5 (C.D. Cal. Aug. 13, 2015) (granting motion to remand in a factually identical suit after analyzing Ninth Circuit law permitting complaint clarifications and granting clarification changing references of California "residents" to "citizens"). Therefore, Defendants failed to meet CAFA's minimal diversity requirement and remand is mandatory.

### ii. Remand is Mandatory Because Defendants Failed to Meet CAFA's Amount in Controversy Requirement.

Once a plaintiff contests a defendant's allegation, the defendant is required to submit evidence proving the amount in controversy by a preponderance of the evidence. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554, 190 L. Ed. 2d 495 (2014). "[M]ere speculation and conjecture, with unreasonable assumptions" fails to establish the amount in controversy element. *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).

In spite of this established law, Defendants failed to offer a single fact to support their allegation that the amount in controversy element was met. ECF Nos. 1; 27. Instead, Defendants

offered "mere speculation and conjecture" and stated if damages were $3.50 per class member, then the amount in controversy element would be met. ECF No. 27, p. 14. How the $3.50 amount was settled upon is glaringly omitted. Using Defendants' own speculative analysis, Plaintiff's case would fail to meet the amount in controversy threshold if each class member claimed $3.33 – a difference of only 17¢ from Defendants' proposed amount. Despite Defendants' wishes, mere mathematical formulas, even if supported by declarations from senior employees (which Defendants failed to provide), are insufficient to meet the amount in controversy requirement. *See Ibarra*, 775 F.3d at 1198-99 (9th Cir. 2015) (finding amount in controversy not met when same damage model was applied to every plaintiff, despite submitting evidentiary declaration from senior director). Therefore, Defendants failed to meet CAFA's amount in controversy requirement and remand is mandatory.

    iii. Remand is Mandatory Because the Case Fits Squarely Within CAFA's Home-State Exception.

  The home-state exception requires remand when "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B). Defendants did not contest any of these elements. *See* ECF No. 27, p. 15. Instead, Defendants invented a new legal test in an attempt to achieve their desired result. *Id*. (claiming home-state exception was unproved by Plaintiffs because "Plaintiffs could have, but did not submit any affidavits, survey results, or other evidence"). <u>There is no legal support for this test created by Defendants.</u> Moreover, additional evidence is not required, because Plaintiffs' well-pleaded complaint establishes each element. Defendants do not contest they are citizens of Missouri, and the proposed class is expressly limited to Missouri citizens. ECF Nos. 1, ¶ 15; 11, ¶ 54. Therefore, Plaintiffs' case fits squarely within CAFA's home-state exception and remand is mandatory.

  **b. This Court Lacks Jurisdiction Under ERISA.**

  Federal jurisdiction exists for actions completely preempted by ERISA. 29 U.S.C. § 1144. The Ninth Circuit adopted the Supreme Court's two-prong test to determine whether a state-law cause of action is completely preempted by ERISA. *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 946 (9th Cir. 2009). The first prong is established if "an individual, at

some point in time, could have brought [the] claim under ERISA § 502(a)(1)(B)," and the second prong is established if "there is no other independent legal duty that is implicated by a defendant's actions." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210, 124 S. Ct. 2488, 2496, 159 L. Ed. 2d 312 (2004).

### i. Plaintiffs' Case Does Not Meet *Davila*'s First Prong.

*Davila*'s first prong is not met unless a plaintiff could have filed suit under ERISA. *Marin*, 581 F.3d at 948. Suits are allowed under ERISA "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Suits based on legal obligations outside the ERISA plan, even by ERISA plan participants, fail to meet *Davila*'s first prong. *See Blue Cross of Cal. v. Anesthesia Care Assocs. Med. Grp., Inc.*, 187 F.3d 1045, 1051 (9th Cir. 1999).

Here, just as in *Marin,* Plaintiffs do not claim the legal obligation to secure Plaintiffs' confidential personal information arose out of an ERISA plan. ECF No. 11, ¶¶ 63 – 144. Tellingly, neither Plaintiffs nor Defendants point to any contractual obligation contained within an ERISA plan requiring the obligation to protect the information. Instead, Defendants declare that because "at least two of the named Plaintiffs (Novak and Hawes)" have ERISA plans, the claim relates to an ERISA plan and removal was proper. ECF No. 1, ¶¶ 20, 23. This argument was already dismissed by the Ninth Circuit in *Marin*.

Defendants' claim (which is really a defense of conflict preemption) is a misunderstanding of complete preemption. *Marin*, 581 F.3d at 949. To further dispel Defendants' meritless argument, Plaintiffs produced a contract they entered into with Defendants – outside an ERISA plan – which Defendants breached. ECF No. 16-2. Therefore, because Plaintiffs' case does not meet *Davila*'s first prong, ERISA does not preempt Plaintiffs' claims, the Court lacks jurisdiction, and remand is mandatory.

### ii. Plaintiffs' Case Does Not Meet *Davila*'s Second Prong.

*Davila*'s second prong is not fulfilled "[i]f there is some other independent legal duty beyond that imposed by an ERISA plan." *Marin*, 581 F.3d at 949. Whether the suit relates to an ERISA plan or whether ERISA provides for a similar remedy is immaterial under the second prong. *Id*. at 950.

Remand is proper where the plaintiff (i) "does not seek recovery regarding benefits under the [ERISA] plan … [(ii)] does not allege any express provisions of the [ERISA] plan that were breached … [and (iii)] does not seek to clarify his rights to future benefits under the [ERISA] plan." *Wickens v. Blue Cross of Cal., Inc.*, No. 15CV834-GPC JMA, 2015 WL 4255129, at *3 (S.D. Cal. July 14, 2015). This is true here too, necessitating remand. Because Plaintiff is not suing for rights guaranteed by an ERISA plan, there is, as a logical result, an independent legal duty under which Plaintiffs seek relief.

This very fact scenario – and its application under the second prong of *Davila* – has already been analyzed by federal courts in California, who found remand was necessary. One such court stated the following:

> "Although the breach of an express contract cause of action references the [ERISA] health insurance plan provided by Defendants, it does not provide any provisions of the contract that was breached. A careful look at Plaintiff's claim reveals that it does not relate to benefits under the plan and does not require an interpretation of the contract for purposes of benefits."

*Wickens*, 2015 WL 4255129, at *3.

Just as in *Wickens*, Plaintiffs' claims include breach of express and implied contracts. ECF No. 11, ¶¶ 77 – 90. Also like *Wickens*, a careful reading of Plaintiffs' complaint reveals it does not relate to benefits under an ERISA plan, nor require an interpretation of an ERISA plan to determine benefits. *Id.* The *Wickens* court continued with language further undercutting Defendants' argument:

> "As stated by Plaintiff, the essence of the first amended complaint concerns the obligation of Defendants to protect confidential and sensitive personal information when such information is provided to Defendants upon enrolling in a plan. **This is an independent legal duty that would exist with or without the ERISA plan.**"

*Wickens*, 2015 WL 4255129, at *4 (citing *Marin*, 581 F.3d at 950) (emphasis added).

The similarities between the cases, as it relates to the application of *Davila*'s second prong, are striking. Defendants' duty to safeguard the confidential personal information they received as a part of their business operations exists regardless of whether an ERISA plan exists. Therefore,

because Plaintiffs' case does not meet *Davila*'s second prong, ERISA does not preempt Plaintiffs' claims, the Court lacks jurisdiction, and remand is mandatory.

### c. This Court Lacks Jurisdiction under HIPAA and HITECH.

"[A] complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim 'arising under the Constitution, laws, or treaties of the United States.'" *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 817, 106 S. Ct. 3229, 3237, 92 L. Ed. 2d 650 (1986) (quoting 28 U.S.C. § 1331). "[P]ermit[ting] removal based on a federal statute not conferring a private right of action would disregard the will of Congress to preclude a private remedy in federal court for the statute's violation. *Utley v. Varian Assoc., Inc.*, 811 F.2d 1279, 1283 (9th Cir. 1987). Accordingly, "where there is no federal private right of action, federal courts may not entertain a claim that depends on the presence of federal question jurisdiction under 28 U.S.C. § 1331." *Webb v. Smart Document Solutions, LLC*, 499 F.3d 1078, 1083 (9th Cir. 2007); *see Wise v. Suntrust Mortg., Inc.*, No. 11-CV-01360-LHK, 2011 WL 1466153, at *2 (N.D. Cal. Apr. 18, 2011) ("[T]he fact that a complaint references federal law, or that the same facts would provide a basis for a federal claim, without more, does not convert a state law claim into a federal claim"). HIPAA does not create a private cause of action. *Webb*, 499 F.3d at 1082.

Despite the overwhelming authority dismissing their argument, Defendants claim Plaintiffs' case was removable via federal questions jurisdiction under a federal statute lacking a private cause of action. ECF Nos. 1, ¶ 24 – 30; 27, p. 9 – 13. Under Ninth Circuit law, Defendants lack even a good faith basis in law to promote such an argument. Accordingly, this Court lacks federal question jurisdiction under HIPAA and HITECH and remand is mandatory.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request this Court remand this case to the Circuit Court of St. Louis County, 21st Judicial Circuit, State of Missouri, and any other relief this Court deems just and proper.

Dated: September 3, 2015.

Respectfully submitted,

The Skepnek Law Firm, P.A.

By: */s/ William J. Skepnek*
William J. Skepnek (admitted *pro hac vice*)
William J. Skepnek (admitted *pro hac vice*)
bskepnek@skepneklaw.com
wskepnek@skepneklaw.com
The Skepnek Law Firm, P.A.
1 Westwood Road
Lawrence, KS 66044
Telephone: (785) 856 – 3100
Facsimile: (785) 856 – 3099

Fagan Emert & Davis, LLC
Brennan Fagan (admitted *pro hac vice*)
bfagan@fed-firm.com
730 New Hampshire, Suite 210
Lawrence, Kansas 66044
Telephone: (785) 331 – 0300
Facsimile: (785) 331 – 0303

FORBES LAW GROUP, LLC
Frankie J. Forbes (admitted *pro hac vice*)
Michael J. Fleming (admitted *pro hac vice*)
Quentin M. Templeton (admitted *pro hac vice*)
fforbes@forbeslawgroup.com
mfleming@forbeslawgroup.com
qtempleton@forbeslawgroup.com
6900 College Boulevard, Suite 840
Overland Park, Kansas 66211
Telephone: (913) 341 – 8600
Facsimile: (913) 341 – 8606

### CERTIFICATE OF SERVICE

I hereby certify that on September 3, 2015, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which automatically generated and sent a notice of the electronic filing to the email addresses of all counsel of record.

Dated: September 3, 2015

*/s/ William J. Skepnek*
William J. Skepnek