1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| | Case No. 15-MD-02617-LHK (NC) |
| **IN RE ANTHEM, INC. DATA BREACH LITIGATION** | **[PROPOSED] STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS** |

1.     PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Moreover, the information likely to be the subject of the disclosure and discovery activity in this action involves unique risks related to privacy, data security, data governance and data management that will likely be greater than in most cases. It may also contain confidential health information.  Accordingly, the Parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 13.4, below, that this Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the court to file material under seal.

2.     DEFINITIONS

2.1     Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2     "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3     Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" or "CONFIDENTIAL HEALTH INFORMATION."

2.5     Disclosure or Discovery Material: all items or information, regardless of the medium or

1

manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, and (2) is not a past or current employee of Anthem or a past (since January 1, 2010) or current employee of another Party.

2.7    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means, including but not limited to highly sensitive and competitive technical information related to a Party's information security and management.

2.8    "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9    CONFIDENTIAL HEALTH INFORMATION: The Parties desire to ensure the privacy of patient/insured/member medical records, patient/insured member claims information, and other information that the Parties have determined might contain sensitive personal health information ("CONFIDENTIAL HEALTH INFORMATION"). CONFIDENTIAL HEALTH INFORMATION is intended to encompass any individual health information protected by state or federal law, including but not limited to Protected Health Information as defined below. CONFIDENTIAL HEALTH INFORMATION shall be subject to the terms of this Order.

(a)    Protected Health Information. Protected Health Information, as used herein, has the same scope and definition as set forth in 45 C.F.R. § 160.103. Without limiting the generality of the foregoing, Protected Health Information includes, but is not limited to, health information, including demographic information, relating to: the past, present, or future physical or mental health or condition of an individual; the provision of health care to an individual; or the past, present, or future payment for the

provision of health care to an individual, which identifies or reasonably could be expected to identify the individual. It also includes, but is not limited to, medical bills, claims forms, charges sheets, medical records, medical charts, test results, notes, dictation, invoices, itemized billing statements, remittance advice forms, explanation of benefits, checks, notices, and requests, and includes all notes, summaries, compilations, extracts, abstracts, or oral communications that are based on or derived from Protected Health Information, regardless of form or format. Protected Health Information also includes information that contains the following identifiers of a patient/insured/member or of a relative, employer, or household member of a patient/insured/member, to the extent it is linked to Protected Health Information as defined in 45 C.F.R. § 160.103:

1. names;

2. all geographic subdivisions smaller than a State, including street address, city, county, precinct, and zip code;

3. all elements of dates (except year) for dates directly related to an individual, including birth date, admission date, discharge date, age, and date of death;

4. telephone numbers;

5. fax numbers;

6. electronic mail addresses;

7. social security numbers;

8. medical record numbers;

9. health plan beneficiary numbers;

10. account numbers;

11. certificate/license numbers;

12. vehicle identifiers and serial numbers, including license plate numbers;

13. device identifiers and serial numbers;

14. web universal resource locators ("URLs");

15. internet protocol ("IP") address numbers;

16. biometric identifiers, including finger and voice prints;

17. full face photographic images and any comparable images;

3

18. any other unique identifying number, characteristic, or code; and

19. any other information that the producing Party knows could be used alone or in combination with other information to identify an individual who is subject of the information.

CONFIDENTIAL HEALTH INFORMATION does not include any document or information in which the Producing Party has redacted the identifiers listed above and does not have actual knowledge that the information could be used alone or in combination with other information to identify an individual who is the subject of the information. A Producing Party may, but is not required to, perform such redactions before producing documents that originally contained CONFIDENTIAL HEALTH INFORMATION so long as the redactions do not result in prejudice to another Party. Any such redacted document or information may nevertheless be Protected Material under other terms of this Order.

(b) Safeguards for CONFIDENTIAL HEALTH INFORMATION. The Parties also seek to ensure that any person who receives and stores CONFIDENTIAL HEALTH INFORMATION in connection with this Proceeding will develop, implement, maintain, and use appropriate administrative, technical, and physical safeguards to preserve the privacy, integrity, and confidentiality of any CONFIDENTIAL HEALTH INFORMATION, and to prevent unpermitted use or disclosure of any CONFIDENTIAL HEALTH INFORMATION they may receive from any person in connection with this Proceeding. Accordingly, to the extent practicable within the time constraints for producing discovery, the Producing Party should inform the Receiving Party that it will be producing categories of documents that may contain CONFIDENTIAL HEALTH INFORMATION and the nature of that information in advance of the production, so that the Receiving Party can determine whether receipt of that CONFIDENTIAL HEALTH INFORMATION is necessary, and be prepared to receive it, and so that the Parties can meet and confer to discuss next steps as needed.  CONFIDENTIAL HEALTH INFORMATION will be securely returned or destroyed pursuant to the provisions of Section 14 below.

2.10    House Counsel: attorneys who are employees of a Party. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12    Outside Counsel of Record: attorneys who are not employees of a Party but are retained to

4

1    represent or advise a Party and have appeared in this action on behalf of that Party or are affiliated with a law

2    firm which has appeared on behalf of that Party.

3          2.13    <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants,

4    retained experts, and Outside Counsel of Record (and their support staffs).

5          2.14    <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this

6    action.

7          2.15    <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g.,

8    document and ESI processing, hosting, review, and production, photocopying, videotaping, translating,

9    preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and

10    their employees and subcontractors.

11          2.16    <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as

12    "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or as "HIGHLY

13    CONFIDENTIAL – SOURCE CODE" or as "CONFIDENTIAL HEALTH INFORMATION."

14          2.17    <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing

15    Party.

16    3.    <u>SCOPE</u>

17          The protections conferred by this Order cover not only Protected Material (as defined above), but also

18    (1) any information copied or extracted from Protected Material; (2) all hard and electronic copies, excerpts,

19    derivations, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or

20    presentations by Parties or their Counsel that might reveal Protected Material. However, the protections

21    conferred by this Order do not cover the following information: (a) any information that is in the public

22    domain at the time of disclosure to a Receiving Party, excluding any information that came into the public

23    domain as a result of a violation of law or of this Order, or becomes part of the public domain after its

24    disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including

25    becoming part of the public record through trial or otherwise, excluding any information that came into the

26    public domain as a result of a violation of law or of this Order; and (b) any information known to the

27    Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source

28    who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.      DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.      DESIGNATING PROTECTED MATERIAL

5.1      Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other Parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2      Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

6

1    (a) <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding

2    transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend

3    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY

4    CONFIDENTIAL – SOURCE CODE" or "CONFIDENTIAL HEALTH INFORMATION" to each page that

5    contains protected material. If only a portion or portions of the material on a page qualifies for protection, the

6    Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in

7    the margins) and must specify, for each portion, the level of protection being asserted.

8    A Party or Non-Party that makes original documents or materials available for inspection need not

9    designate them for protection until after the inspecting Party has indicated which material it would like copied

10   and produced. During the inspection and before the designation, all of the material made available for

11   inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the

12   inspecting Party has identified the documents it wants copied and produced, the Producing Party must

13   determine which documents, or portions thereof, qualify for protection under this Order. Then, before

14   producing the specified documents, the Producing Party must affix the appropriate legend

15   ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY

16   CONFIDENTIAL – SOURCE CODE" or "CONFIDENTIAL HEALTH INFORMATION") to each page that

17   contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the

18   Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in

19   the margins) and must specify, for each portion, the level of protection being asserted.

20   (b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating

21   Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected

22   testimony and specify the level of protection being asserted. When it is impractical to identify separately each

23   portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may

24   qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or

25   other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony

26   as to which protection is sought and to specify the level of protection being asserted. Only those portions of

27   the testimony that are appropriately designated for protection within the 21 days shall be covered by the

28   provisions of this Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days

7

1    afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL"

2    or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL HEALTH

3    INFORMATION."

4         A Party shall give the other Parties notice if it reasonably expects a deposition, hearing or other

5    proceeding to include Protected Material so that all Parties can ensure that only authorized individuals who

6    have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those

7    proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as

8    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL

9    HEALTH INFORMATION."

10        Transcripts containing Protected Material shall have an obvious legend on the title page that the

11   transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line

12   numbers as appropriate) that have been designated as Protected Material and the level of protection being

13   asserted by the Designating Party. The Designating Party shall inform the court reporter of these

14   requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be

15   treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

16   ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be

17   treated only as actually designated.

18        (c) for information produced in some form other than documentary and for any other tangible items,

19   that the Producing Party affix in a prominent place on the exterior of the container or containers in which the

20   information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

21   ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" or "CONFIDENTIAL

22   HEALTH INFORMATION."  If only a portion or portions of the information or item warrant protection, the

23   Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of

24   protection being asserted.

25        5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate

26   qualified information or items does not, standing alone, waive the Designating Party's right to secure

27   protection under this Order for such material. Upon timely correction of a designation, the Receiving Party

28   must make reasonable efforts to assure that the material is treated in accordance with the provisions of this

Order.

6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

        6.1      Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

        6.2      Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of this Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

        6.3      Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the Parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if

9

1  there is good cause for doing so, including a challenge to the designation of a deposition transcript or any

2  portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent

3  declaration affirming that the movant has complied with the meet and confer requirements imposed by the

4  preceding paragraph.

5      The burden of persuasion in any such challenge proceeding shall be on the Designating Party.

6  Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses

7  and burdens on other Parties) may expose the Challenging Party to sanctions. Unless the Designating Party

8  has waived the confidentiality designation by failing to file a motion to retain confidentiality as described

9  above, all Parties shall continue to afford the material in question the level of protection to which it is entitled

10  under the Producing Party's designation until the court rules on the challenge.

11  7.      ACCESS TO AND USE OF PROTECTED MATERIAL

12      7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced

13  by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting

14  to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under

15  the conditions described in this Order. When the litigation has been terminated, a Receiving Party must

16  comply with the provisions of section 14 below (FINAL DISPOSITION).

17      Protected Material must be stored and maintained by a Receiving Party at a location and in a secure

18  manner that ensures that access is limited to the persons authorized under this Order.

19      7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the

20  court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or

21  item designated "CONFIDENTIAL" only to:

22      (a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said

23  Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation

24  and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit

25  A;

26      (b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom

27  disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and

28  Agreement to Be Bound" (Exhibit A);

10

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court**.** Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3     <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and "HIGHLY CONFIDENTIAL – SOURCE CODE" and "CONFIDENTIAL HEALTH INFORMATION" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" or "CONFIDENTIAL HEALTH INFORMATION" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) House Counsel of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the

11

procedures set forth in paragraph 7.4(a), below, have been followed;

(d) the court and its personnel;

(e) court reporters and their staff and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.4 <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" or "CONFIDENTIAL HEALTH INFORMATION" Information or Items to Experts.</u>

(a) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" or "CONFIDENTIAL HEALTH INFORMATION" pursuant to paragraph 7.3(c) first must make a written request to the Designating Party that identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" or "CONFIDENTIAL HEALTH INFORMATION" information that the Receiving Party seeks permission to disclose to the Expert.

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the Expert unless, within 10 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within 10 days of the written objection. If no agreement is reached, the Parties will file a 5-page joint statement of discovery dispute to Magistrate Judge Cousins setting forth each Party's respective position on the 14th day after impasse is reached (or earlier if mutually agreed). If no agreement is reached and no joint statement of discovery dispute is filed, the Receiving Party may disclose the Protected Material to the Expert as requested after the deadline for the joint statement of discovery dispute to be filed with the Court has passed.

12

1    In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving

2 that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving

3 Party's need to disclose the Protected Material to its Expert.

4 8.    SOURCE CODE

5    (a)    To the extent production of source code becomes necessary in this case, a Producing Party

6 may designate source code as "HIGHLY CONFIDENTIAL - SOURCE CODE" if it comprises or includes

7 confidential, proprietary or trade secret source code.

8    (b)    Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be

9 subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

10 information, and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL –

11 ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in Paragraphs 7.3 and 7.4.

12    (c)    Any source code produced in discovery shall be made available for inspection, in a format

13 allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually

14 agreeable times, at an office of the Producing Party's counsel or another mutually agreed upon location. The

15 source code shall be made available for inspection on a secured computer in a secured room without Internet

16 access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise

17 transfer any portion of the source code onto any recordable media or recordable device. The Producing Party

18 may visually monitor the activities of the Receiving Party's representatives during any source code review,

19 but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.

20    (d)    The Receiving Party may request paper copies of limited portions of source code that are

21 reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for

22 deposition or trial, but shall not request paper copies for the purposes of reviewing the source code other than

23 electronically as set forth in paragraph (c) in the first instance. The Producing Party shall provide all such

24 source code in paper form including bates numbers and the label "HIGHLY CONFIDENTIAL - SOURCE

25 CODE." The Producing Party may challenge the amount of source code requested in hard copy form pursuant

26 to the dispute resolution procedure and timeframes set forth in Paragraph 6 whereby the Producing Party is

27 the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute resolution.

28    (e)    The Receiving Party shall maintain a record of any individual who has inspected any portion

13

of the source code in electronic or paper form. The Receiving Party shall maintain all paper copies of any printed portions of the source code in a secured, locked area. The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

9.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"  or "HIGHLY CONFIDENTIAL – SOURCE CODE" or "CONFIDENTIAL HEALTH INFORMATION" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" or "CONFIDENTIAL HEALTH INFORMATION" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action

14

to disobey a lawful directive from another court.

10.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS
        LITIGATION

        (a)     The terms of this Order are applicable to information produced by a Non-Party in this action
and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or
"HIGHLY CONFIDENTIAL – SOURCE CODE" or "CONFIDENTIAL HEALTH INFORMATION." Such
information produced by Non-Parties in connection with this litigation is protected by the remedies and relief
provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from
seeking additional protections.

        (b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's
confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to
produce the Non-Party's confidential information, then the Party shall:

                1.   promptly notify in writing the Requesting Party and the Non-Party that some or all of
the information requested is subject to a confidentiality agreement with a Non-Party;

                2.   promptly provide the Non-Party with a copy of this Order in this litigation, the
relevant discovery request(s), and a reasonably specific description of the information requested; and

                3.   make the information requested available for inspection by the Non-Party.

        (c)     If the Non-Party fails to object or seek a protective order from this court within 14 days of
receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's
confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order,
the Receiving Party shall not produce any information in its possession or control that is subject to the
confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the
contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected
Material.

11.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

        If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected
Material to any person or in any circumstance not authorized under this Order, the Receiving Party must
immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts

to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

12.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the Parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the Parties may incorporate their agreement in the stipulated protective order submitted to the court.

13.     MISCELLANEOUS

13.1     Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

13.2     Right to Assert Other Objections. By stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

13.3     Export Control. Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.

13.4     Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing

16

the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(e) is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e)(2) unless otherwise instructed by the court.

14.     FINAL DISPOSITION

        Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or securely destroy or delete such material with a written certification of such secure destruction or deletion of Protected Material. As used in this subdivision, "all Protected Material" includes all hard and electronic copies, abstracts, derivations, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed or deleted, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned, destroyed or deleted and (2) affirms that the Receiving Party has not retained any  hard and electronic copies, abstracts, derivations, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4 (DURATION).

        IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

                                        **COHEN MILSTEIN SELLERS & TOLL PLLC**
                                        ANDREW N. FRIEDMAN
                                        DOUGLAS J. MCNAMARA
                                        SALLY M. HANDMAKER

Dated:  September 18, 2015           By: /s/Andrew N. Friedman

**ALTSHULER BERZON LLP**
EVE H. CERVANTEZ
JONATHAN WEISSGLASS

Dated:  September 18, 2015          By: /s/ Eve H. Cervantez _____

*Lead Plaintiffs' Counsel*

**HOGAN LOVELLS US LLP**
CRAIG A. HOOVER
E. DESMOND HOGAN
PETER R. BISIO
ALLISON M. HOLT

Dated: September 18, 2015          By: Craig A. Hoover

Craig A. Hoover (SBN 113965)
craig.hoover@hoganlovells.com
E. Desmond Hogan (admitted pro hac vice)
desmond.hogan@hoganlovells.com
Peter R. Bisio (admitted pro hac vice)
peter.bisio@hoganlovells.com
Allison M. Holt (admitted pro hac vice)
allison.holt@hoganlovells.com
555 Thirteenth Street, NW
Washington, DC  20004-1109
Telephone:    (202) 637-5600
Facsimile:    (202) 637-5910

Michael Maddigan (SBN 163450)
michael.maddigan@hoganlovells.com
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA  90067
Telephone:    (310) 785-4600
Facsimile:    (310) 785-4601

Maren J. Clouse (SBN 228726)
maren.clouse@hoganlovells.com
4085 Campbell Ave., Suite 100
Menlo Park, CA  94025
Telephone:    (650) 463-4000
Facsimile:    (650) 463-4199

*Attorneys for Defendants Anthem, Inc., The Anthem*
*Companies, Inc., The Anthem Companies of California,*
*Inc., Anthem Blue Cross Life And Health Insurance*
*Company, Blue Cross of California, doing business as*
*Anthem Blue Cross, and their affiliates that have been*

18

1

*named as defendants in the cases listed in the Table of*
*Related Cases (collectively, "Anthem") and Defendants*

2

*Horizon Healthcare Services, Inc., Blue Cross and Blue*
*Shield of Arizona, Inc., Highmark West Virginia, Inc.,*

3

*and Blue Cross Blue Shield of Michigan*

4

**TROUTMAN SANDERS LLP**

5

CHAD R. FULLER

6

Dated: September 18, 2015        By: Chad R. Fuller

7

Chad R. Fuller (SBN 190830)

8

chad.fuller@troutmansanders.com
11682 El Camino Real, Suite 400

9

San Diego, CA 92130
Telephone:     (858) 509-6056

10

Facsimile:     (858) 509-6040

11

*Attorney for Anthem*

12

**NELSON MULLINS RILEY & SCARBOROUGH**

13

**LLP**
JOHN D. MARTIN

14

LUCILE H. COHEN

15

Dated: September 18, 2015        By: John D. Martin

16

John D. Martin (admitted pro hac vice)

17

john.martin@nelsonmullins.com
Lucile H. Cohen (admitted pro hac vice)

18

lucie.cohen@nelsonmullins.com

19

1320 Main Street, 17th Floor
Columbia, SC 29201

20

Telephone:     (803) 255-9241
Facsimile:     (858) 256-7500

21

22

*Attorneys for Anthem*

23

24

PURSUANT TO STIPULATION, IT IS SO ORDERED.

25

Dated: _____

26

_____
United States Magistrate Judge

27

28

19

**ECF CERTIFICATION**

Pursuant to Local Rule 5-1(i)(3), the filing attorney attests that she has obtained concurrence regarding the filing of this document from the signatories to the document.

Dated:   September 18, 2015

/s/ *Eve Cervantez*
Eve Cervantez

*Lead Plaintiffs' Counsel*

[PROPOSED] STIPULATED PROTECTIVE ORDER
Case No. 15-MD-02617-LHK (NC)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit A

[PROPOSED] STIPULATED PROTECTIVE ORDER
Case No. 15-MD-02617-LHK (NC)

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order ("Order") that was issued by the United States District Court for the Northern District of California on [date] in the case of *In re Anthem, Inc. Data Breach Litigation*, Case No. 15-MD-02617-LHK (NC).

I agree to comply with and to be bound by all the terms of the Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to the Order to any person or entity except in strict compliance with the provisions of the Order.

I will access and review Protected Material that may be provided to me solely for the purpose of my role in assisting with prosecuting, defending, or attempting to settle this litigation or to comply with judicial process or any applicable statute or regulation and for no other purpose whatsoever. I further agree not to disclose any Protected Material except as allowed by the terms of the Order. I will only make such copies of or notes concerning the Protected Material as are necessary to assist with prosecuting, defending, or attempting to settle this litigation or to comply with judicial process or any applicable statute or regulation in connection with this action. Upon final determination of this action, I shall promptly and securely destroy or delete all Protected Material provided to me as well as any hard and electronic copies, abstracts, derivations, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. I understand that my obligations pertaining to the Protected Material continue event after the conclusion of the action.

I understand and agree that all CONFIDENTIAL HEALTH INFORMATION as defined in the Order, is subject to state and federal statutory and regulatory privacy and security standards, including but not limited to  the Health Insurance  Portability and Accountability Act of 1996 ("HIPAA"), the Health Information Technology for Economic and Clinical Health Act of 2009 (the "HITECH Act"), and regulations adopted thereunder by the U.S. Department of Health and Human Services, 45 C.F.R. Parts 160, 162, and 164 (the "HIPAA Rules").

By executing this Acknowledgement and Agreement to be Bound, I agree that I will only use or disclose any Confidential Health Information in connection with this case only for prosecuting, defending, or attempting to settle this litigation or to comply with judicial process or any applicable statute or regulation. I also agree that I will develop, implement, maintain, and use appropriate administrative, technical and physical safeguards to preserve the privacy, integrity, and confidentiality of any CONFIDENTIAL HEALTH INFORMATION, and to prevent non-permitted use or disclosure of any CONFIDENTIAL HEALTH INFORMATION I receive from any person in connection with this case.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of the Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of the Order.

Date: _____

City and State where
sworn and signed: _____

Printed name: _____
[printed name]

Signature: _____
[signature]

23