UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: ANTHEM, INC., CUSTOMER DATA
SECURITY BREACH LITIGATION                                                      MDL No. 2617


**TRANSFER ORDER**


**Before the Panel:**[*] Plaintiffs in the action listed on Schedule A (*Smilow*) move under Panel Rule 7.1 to vacate our order that conditionally transferred *Smilow* to the Northern District of California for inclusion in MDL No. 2617. Defendants Anthem, Inc., Anthem Life & Disability Insurance Company, Empire HealthChoice Assurance, Inc., and Empire HealthChoice HMO, Inc. (collectively, Anthem) oppose the motion to vacate.

Plaintiffs base their arguments against transfer primarily on the pendency of a motion to remand the action to state court, suggesting that the transferor court should decide this motion. We have held repeatedly, however, that a motion for remand alone is generally an insufficient basis to vacate a conditional transfer order.[1] Plaintiffs can present their motion for remand to the transferee judge. *See, e.g.*, *In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990); *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).[2]

Plaintiffs also argue that transfer should not take place because *Smilow* involves "localized"

---

[*] Certain Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

[1] Panel Rule 2.1(d) expressly provides that the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so.

[2] Plaintiffs alternatively request that the Panel simultaneously separate and remand their pending motion to remand to the transferor court. Section 1407(a), though, provides for separation and remand of "any claim, cross-claim, counter-claim, or third party claim." The statute does not authorize separation and remand of individual motions. *Cf. In re Bank of Am., N.A., Mortg. Corp. Force-Placed Hazard Ins. Litig.*, 959 F. Supp. 2d 1365, 1366-67 (J.P.M.L. 2013) (rejecting request to separate and remand a subset of hazard insurance issues from each of the individual claims pled in complaint). Accordingly, we deny plaintiffs' alternative request.

-2-

claims, facts, and parties. This argument, too, is unconvincing. Plaintiffs' claims, like those in the actions pending in MDL No. 2617, arise from a data security breach that allegedly occurred sometime between December 10, 2014, and February 4, 2015 (the Anthem data breach), and resulted in the electronic theft of personally identifiable information and personal health information of, by one estimate, some 80 million current and former health insurance plan members and employees of Anthem or its affiliated health insurance companies. *Smilow* thus will involve similar, if not identical, discovery relating to the Anthem data breach. Moreover, the putative class asserted by plaintiffs in *Smilow* overlaps significantly with the putative classes asserted in the actions in the MDL. Absent transfer, there will be a significant risk of inconsistent pretrial rulings.

In our order centralizing this litigation, we held that the Northern District of California was an appropriate Section 1407 forum for actions sharing factual questions arising from the Anthem data breach. *See In re Anthem, Inc., Customer Data Sec. Breach Litig.*, MDL No. 2617, __ F. Supp. 3d __, 2015 WL 3654627 (J.P.M.L. Jun. 8, 2015). We find that *Smilow* shares factual questions with those actions, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Lucy H. Koh for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

| Marjorie O. Rendell | Charles R. Breyer |
| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |

IN RE: ANTHEM, INC., CUSTOMER DATA
SECURITY BREACH LITIGATION                    MDL No. 2617

## SCHEDULE A

<u>Eastern District of New York</u>

SMILOW, ET AL. v. ANTHEM LIFE & DISABILITY INSURANCE COMPANY,
　　ET AL., C.A. No. 1:15−02380