ALTSHULER BERZON LLP
EVE CERVANTEZ (SBN 164709)
ecervantez@altshulerberzon.com
JONATHAN WEISSGLASS (SBN 185008)
jweissglass@altshulerberzon.com
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064

COHEN MILSTEIN SELLERS & TOLL PLLC
ANDREW N. FRIEDMAN (admitted *pro hac vice*)
afriedman@cohenmilstein.com
SALLY M. HANDMAKER (SBN 281186)
shandmaker@cohenmilstein.com
ERIC KAFKA (admitted *pro hac vice*)
ekafka@cohenmilstein.com
1100 New York Ave. NW
Suite 500, West Tower
Washington, DC 20005
Telephone:  (202) 408-4600
Facsimile:  (202) 408-4699

*Lead Plaintiffs' Counsel*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| *In Re Anthem, Inc. Data Breach Litigation* | Case No:  15-md-02617-LHK |
| | **CONSOLIDATED AMENDED CLASS ACTION COMPLAINT** |
| | DEMAND FOR JURY TRIAL |

REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

# TABLE OF CONTENTS

I. INTRODUCTION ...................................................................................................1

II. JURISDICTION AND VENUE...............................................................................3

III. PARTIES ...............................................................................................................3

   A.  Plaintiffs ........................................................................................................3

   B.  Defendants ...................................................................................................42

IV. STATEMENT OF FACTS ....................................................................................46

   A.  The Anthem Database .................................................................................46

   B.  Defendants Promised To Protect Personal Information.............................47

   C.  Defendants Had an Obligation to Protect Personal Information under Federal and
      State Law and the Applicable Standard of Care ........................................53

   D.  Defendants Were On Notice of Cyber Attack Threats, and the Inadequacy of Their
      Data Security...............................................................................................57

   E.  Anthem Allowed a Massive Data Breach ..................................................59

   F.  Anthem's Data Breach Was a Direct Result of Anthem's Inadequate Data Security ..........67

   G.  Affected Individuals Were Grievously Harmed By The Anthem Data Breach....................73

V. CLASS ALLEGATIONS ......................................................................................76

   A.  Statewide Classes .......................................................................................76

   B.  Federal Employee Class .............................................................................76

   C.  Certification of the Proposed Classes is Appropriate ................................77

VI. CAUSES OF ACTION.........................................................................................80

      COUNT I – NEGLIGENCE ......................................................................80

      COUNT II – NEGLIGENCE PER SE........................................................82

      COUNT III – BREACH OF CONTRACT ................................................83

      COUNT IV – BREACH OF CONTRACT ................................................85

i

COUNT V – BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR
        DEALING...................................................................................................88

COUNT VI – THIRD-PARTY BENEFICIARY CLAIM FOR BREACH OF CONTRACT
        UNDER FEDERAL LAW .......................................................................89

COUNT VII – NEGLIGENT MISREPRESENTATION...................................................92

COUNT VIII – UNJUST ENRICHMENT..........................................................................93

COUNT IX – STATE CONSUMER PROTECTION LAWS.............................................94

    California
    CALIFORNIA UNFAIR COMPETITION LAW,
    CAL. BUS. & PROF. CODE § 17200, et seq...............................................96

    Colorado
    COLORADO CONSUMER PROTECTION ACT,
    COLO. REV. STAT. § 6-1-101, et. seq......................................................99

    Connecticut
    CONNECTICUT UNFAIR TRADE PRACTICES ACT,
    C.G.S. § 42-110a et seq., ....................................................................101

    District of Columbia
    DISTRICT OF COLUMBIA CONSUMER PROTECTION PROCEDURES ACT,
    D.C. CODE § 28-3904, et seq................................................................103

    Hawaii
    HAWAII UNFAIR PRACTICES AND UNFAIR COMPETITION STATUTE,
    HAW. REV. STAT. § 480-1, et seq. ......................................................105

    Illinois
    ILLINOIS CONSUMER FRAUD ACT,
    815 Ill. COMP. STAT. 505/1 et seq. ....................................................107

    ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT,
    815 Ill. COMP. STAT. § 510/2(a) et. seq. .............................................109

    Indiana
    INDIANA DECEPTIVE CONSUMER SALES ACT,
    IND. CODE § 24-5-0.5-3........................................................................110

    Kentucky
    KENTUCKY CONSUMER PROTECTION ACT,
    KY REV. STAT. § 367.110, et. seq. ......................................................112

ii

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

2055695.1

Maine
MAINE UNIFORM DECEPTIVE TRADE PRACTICES ACT,
10 ME. REV. STAT. § 1212, et. seq. ...............................................................114

Maryland
MARYLAND CONSUMER PROTECTION ACT,
MD CODE COMMERCIAL LAW, § 13-301, et. seq. ....................................115

Massachusetts
MASSACHUSETTS CONSUMER PROTECTION ACT,
MASS. GEN. LAWS ANN. CH. 93A, § 1, et. seq. .........................................117

Minnesota
MINNESOTA CONSUMER FRAUD ACT,
MINN. STAT. § 325F.68, et. seq. AND MINN. STAT. §8.31, et. seq. ..........119

MINNESOTA UNIFORM DECEPTIVE TRADE PRACTICES ACT,
MINN. STAT. § 325D.43, et. seq. ..................................................................121

Missouri
MISSOURI MERCHANDISING PRACTICES ACT,
MO. STAT. § 407.010, et seq. .......................................................................124

Montana
MONTANA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION
ACT, MCA § 30-14-101, et seq.......................................................................126

Nebraska
NEBRASKA CONSUMER PROTECTION ACT,
NEB. REV. STAT. § 59-1601, et. seq. ...........................................................128

NEBRASKA UNIFORM DECEPTIVE TRADE PRACTICES ACT,
NEB. REV. STAT. § 87-301, et. seq. .............................................................130

Nevada
NEVADA DECEPTIVE TRADE PRACTICES ACT,
NEV. REV. STAT. § 598.0915, et. seq.; NEV. REV. STAT. § 41.600, et. seq. ............132

New Jersey
NEW JERSEY CONSUMER FRAUD ACT,
N.J. STAT. ANN. § 56:8-1, et. seq. ...............................................................134

New Mexico
NEW MEXICO UNFAIR PRACTICES ACT,
N.M. STAT. ANN. § 57-12-1, et. seq. ............................................................136

iii

2055695.1

<u>New York</u>
NEW YORK GENERAL BUSINESS LAW,
N.Y. GEN. BUS. LAW § 349, et. seq. ........................................................138

<u>North Carolina</u>
NORTH CAROLINA UNFAIR TRADE PRACTICES ACT,
N.C. GEN. STAT. ANN. § 75-1.1, et. seq........................................................140

<u>North Dakota</u>
NORTH DAKOTA UNLAWFUL SALES OR ADVERTISING ACT,
N.D. CENT. CODE §§ 51-10-01, et. seq........................................................142

<u>Oklahoma</u>
OKLAHOMA CONSUMER PROTECTION ACT,
15 OKL. STAT. ANN. § 751, et. seq. ........................................................144

<u>Pennsylvania</u>
PENNSYLVANIA UNFAIR TRADE PRACTICES,
73 PA STAT. ANN. § 201-1, et. seq. ........................................................147

<u>Rhode Island</u>
RHODE ISLAND DECEPTIVE TRADE PRACTICES ACT,
R.I. GEN. LAWS § 6-13.1, et. seq. ........................................................149

<u>South Dakota</u>
SOUTH DAKOTA DECEPTIVE TRADE PRACTICES AND CONSUMER
PROTECTION ACT, S.D. CODIFIED LAWS § 37-24-1, et. seq................................151

<u>Tennessee</u>
TENNESSEE CONSUMER PROTECTION ACT,
TENN. CODE ANN. §§ 47-18-101, et. seq. ........................................................153

<u>Vermont</u>
VERMONT CONSUMER FRAUD ACT,
9 VT. STAT. ANN. §§ 2451, et. seq. ........................................................156

<u>Washington</u>
WASHINGTON CONSUMER PROTECTION ACT,
WASH. REV. CODE § 19.86.020, et. seq........................................................158

COUNT X – DATA BREACH STATUTES........................................................160

<u>California</u>
CALIFORNIA CUSTOMER RECORDS ACT,
CAL. CIV. CODE § 1798.80, et. seq. ........................................................160

<u>Colorado</u>
COLO. REV. STAT. ANN. § 6-1-716(2), et. seq. ........................................................161

iv

2055695.1

<u>Delaware</u>
DEL. CODE ANN. TIT. 6 § 12B-102(a), et seq. ...........................................................162

<u>District of Columbia</u>
D.C. CODE § 28-3852(a), et. seq. .................................................................................163

<u>Georgia</u>
GA. CODE ANN. § 10-1-912(a), et. seq. .......................................................................163

<u>Hawaii</u>
HAW. REV. STAT. § 487N-2(a), et. seq. .......................................................................164

<u>Iowa</u>
IOWA CODE ANN. § 715C.2(1), et. seq..........................................................................165

<u>Kansas</u>
KAN. STAT. ANN. § 50-7a02(a), et. seq. ......................................................................166

<u>Kentucky</u>
KY. REV. STAT. ANN. § 365.732(2), et. seq. ................................................................166

<u>Louisiana</u>
LA. REV. STAT. ANN. § 51:3074(A), et. seq..................................................................167

<u>Michigan</u>
MICH. COMP. LAWS ANN. § 445.72(1), et. seq. ..........................................................168

<u>New Hampshire</u>
N.H. REV. STAT. ANN. § 359-C:20(I)(a), et. seq. .........................................................169

<u>Oregon</u>
OR. REV. STAT. ANN. § 646A.604(1), et. seq................................................................169

<u>South Carolina</u>
S.C. CODE ANN. § 39-1-90(A), et. seq...........................................................................170

<u>Tennessee</u>
TENN. CODE ANN. § 47-18-2107(b), et. seq...................................................................171

<u>Virginia</u>
VA. CODE ANN. § 18.2-186.6(B), et. seq. .....................................................................172

<u>Washington</u>
WASH. REV. CODE ANN. § 19.255.010(1), et. seq. .....................................................173

<u>Wisconsin</u>
WIS. STAT. ANN. § 134.98(2), et. seq............................................................................174

v

2055695.1

Wyoming
WYO. STAT. ANN. § 40-12-502(a), et. seq. ...................................................174

COUNT XI – STATE UNFAIR INSURANCE PRACTICE STATUTES ...........................175

Arizona
ARIZONA UNFAIR INSURANCE PRACTICES STATUTE,
(A.R.S. § 20-442, 443, 444)...................................................................................175

Massachusetts
UNFAIR METHODS OF COMPETITION AND UNFAIR AND DECEPTIVE ACTS
AND PRACTICES IN THE BUSINESS OF INSURANCE,
(MASS. GEN. LAWS ANN. CH. 176D, § 1, et seq.) ......................................177

New Mexico
TRADE PRACTICES AND FRAUDS IN INSURANCE BUSINESS,
(N.M. STAT. ANN. § 59A-16-1, et seq.) .........................................................178

North Dakota
PROHIBITED PRACTICES IN INSURANCE BUSINESS,
(N.D. CENT. CODE § 26.1-04-01, et seq.)....................................................179

Texas
TEXAS UNFAIR AND DECEPTIVE INSURANCE PRACTICE LAWS,
(TEX. INS. CODE §§ 541.003, 541.051, 541.052, 541.061, 541.151)..........................180

West Virginia
UNFAIR TRADE PRACTICES IN THE BUSINESS OF INSURANCE,
(W. VA. CODE § 33-11-1, et seq.)...............................................................181

COUNT XII:  STATE INSURANCE PERSONAL INFORMATION PRIVACY
STATUTES.............................................................................................................183

Arizona
ARIZONA INSURANCE INFORMATION AND PRIVACY PROTECTION ACT,
(A.R.S. §20-2113, § 20-2118(b)).......................................................................183

Connecticut
CONNECTICUT INSURANCE INFORMATION AND PRIVACY PROTECTION
ACT, (CONN. GEN. STAT. §38a-988, 995, 999) ........................................183

Georgia
GEORGIA INSURANCE INFORMATION AND PRIVACY PROTECTION ACT,
(GA. CODE §33-39-14, 21(b)) .......................................................................184

Illinois
ILLINOIS INSURANCE INFORMATION AND PRIVACY PROTECTION ACT,
(215 ILCS 5/1014, 1021) ...............................................................................185

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

2055695.1

Maine
MAINE INSURANCE INFORMATION AND PRIVACY PROTECTION ACT,
(ME. REV. STAT. 24-A, § 2215(1), 24-A, § 2217(2)) ....................................................186

Massachusetts
MASSACHUSETTS INSURANCE INFORMATION AND PRIVACY PROTECTION
ACT, (MASS. GEN. LAWS CH. 175I, § 1, et seq.) ........................................................187

Minnesota
MINNESOTA INSURANCE FAIR INFORMATION REPORTING ACT,
(MINN. STAT. § 72A.49, et seq.) ..................................................................................188

Montana
MONTANA INSURANCE INFORMATION AND PRIVACY PROTECTION ACT,
(MONT. CODE § 33-19-101, et seq.) .............................................................................189

New Jersey
NEW JERSEY INSURANCE INFORMATION PRACTICES ACT,
(N.J. STAT. § 17:23A-1, et seq.)....................................................................................189

North Carolina
NORTH CAROLINA CONSUMER AND CUSTOMER INFORMATION PRIVACY
ACT, (N.C. GEN. STAT. § 58-39-1, et seq.) .................................................................190

Ohio
OHIO INSURANCE TRANSACTION INFORMATION STANDARDS LAW,
(OHIO REV. CODE § 3904.13, §3904.21(b)..................................................................191

Oregon
OREGON USE AND DISCLOSURE OF INSURANCE INFORMATION,
(OR. REV. STAT. § 746.600, et seq.) ............................................................................192

COUNT XIII:  STATE MEDICAL AND HEALTH INFORMATION PRIVACY
STATUTES.................................................................................................................193

California
CALIFORNIA CONFIDENTIALITY OF MEDICAL INFORMATION ACT,
(CIVIL CODE §56 et seq.) ............................................................................................193

Maryland
MARYLAND DISCLOSURE REQUIREMENTS FOR INSURERS,
(MD. CODE, INS. § 4-403).............................................................................................194

MARYLAND DISCLOSURE REQUIREMENTS FOR NONPROFIT HEALTH
SERVICE PLANS, (MD. CODE, INS. § 14-138) ..........................................................195

MARYLAND CONFIDENTIALITY OF MEDICAL RECORDS ACT,
(MD. CODE, HEALTH-GEN. § 4-301, et seq.) .............................................................196

2055695.1

Minnesota
MINNESOTA HEALTH RECORDS ACT,
(MINN. STAT. § 144.291, et seq.) .................................................................197

Rhode Island
RHODE ISLAND CONFIDENTIALITY OF HEALTH CARE INFORMATION ACT,
(R.I. GEN. LAWS § 5-37.3-1, et seq.) ...........................................................197

Virginia
VIRGINIA INSURANCE INFORMATION AND PRIVACY PROTECTION ACT,
(VA. CODE § 38.2-600, et seq.) .....................................................................198

VIRGINIA HEALTH RECORDS PRIVACY STATUTE,
(VA. CODE § 32.1-127.1:03) ..........................................................................199

Washington
WASHINGTON UNIFORM HEALTH CARE INFORMATION ACT,
(WASH. REV. CODE §70.02.045, § 70.02.170) ............................................200

Wisconsin
WISCONSIN INSURANCE MEDICAL INFORMATION PRIVACY STATUTE,
(WIS. STAT. § 610.70) ...................................................................................201

WISCONSIN CONFIDENTIALITY OF HEATH RECORDS LAW,
(WIS. STAT. § 146.82(5), §142.84) ..............................................................201

VII. PRAYER FOR RELIEF ...............................................................................202

VIII. DEMAND FOR JURY TRIAL ....................................................................204

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

2055695.1

Plaintiffs identified below (collectively, "Plaintiffs"), individually, and on behalf of the Classes defined below of similarly situated persons, file this Consolidated Amended Class Action Complaint pursuant to the Court's Case Management Order (ECF No. 285). Plaintiffs file suit against Anthem, Inc., Anthem's affiliates and subsidiaries identified below, the Blue Cross Blue Shield Association, and other Blue Cross Blue Shield licensees identified below (collectively, "Defendants").

## I.    INTRODUCTION

1.    In 2014 and 2015, Anthem, Inc. experienced one of the largest data security breaches in history (the "Anthem Data Breach"). Cyberattackers stole the personal information of approximately 80 million Americans ("Affected Individuals").

2.    Despite the fact that it was storing sensitive personal information that it knew was valuable to, and vulnerable to, cyberattackers, Anthem and its fellow Defendants failed to take even the most basic security precautions that could have protected Affected Individuals' data. Instead, Anthem and other Defendants used grossly inadequate computer systems and data security practices that allowed the hackers to easily make off with Affected Individuals' personal data. Stealing this much data takes time, and there were numerous steps along the way when any company following standard IT security practices would have foiled the hackers. But Anthem and its fellow Defendants failed to take these basic precautions.

3.    Anthem and its fellow Defendants placed the personal information of approximately 80 million Americans in one centralized database (the "Anthem Database"). The Anthem Database included the types of information that federal and state law requires companies to take security measures to protect: names, dates of birth, Social Security numbers, health care ID numbers, home addresses, email addresses, employment information, income data, and confidential medical records ("Personal Information"). This data should have received extra protection, not substandard protection.

4.    Defendants made repeated promises and representations to Affected Individuals, by mail and on their website, that they were protecting this sensitive information. They promised that they would provide reasonable security in accordance with federal and state law. They did not.

1



7.    Since the Anthem Data Breach, Affected Individuals have been repeatedly harmed. For example, Affected Individuals have had fake tax returns filed in their names, allowing criminals to abscond with their tax refunds, have had bank accounts drained, and have had credit cards or fraudulent loans taken out in their names.  They have spent countless hours filing police reports and poring over credit reports to combat identity theft.  Many are now paying monthly or annual fees for identity theft and credit monitoring services.  Now that their sensitive personal information (e.g., their Social Security numbers, dates of birth, and home addresses) has been released, Affected

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

2055695.1

1  Individuals must worry about being victimized throughout the rest of their lives.

2      8.    Because Defendants failed to provide even minimally adequate computer systems and

3  data security practices, Affected Individuals are forced to suffer the consequences. This Court must

4  hold Defendants accountable.

5                    **II.    JURISDICTION AND VENUE**

6      9.    This Court has subject matter jurisdiction over this action under 28 U.S.C. §

7  1332(d)(2) because this is a class action wherein the amount in controversy exceeds the sum or value

8  of $5,000,000, exclusive of interest and costs, there are more than 100 members in each of the

9  proposed classes, and at least one member of the class of Plaintiffs is a citizen of a state different

10  from a Defendant.

11      10.    This Court has personal jurisdiction over Defendants because Defendants conduct

12  business in the state of California.

13      11.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) based on the transfer

14  order of the Judicial Panel on Multidistrict Litigation.  Venue was proper in this Court with respect

15  to the actions originally filed in this Court pursuant to 28 U.S.C. §1391(b) because a substantial part

16  of the events or omissions giving rise to the claims occurred in, was directed to, and/or emanated

17  from this District.

18                         **III.    PARTIES**

19  **A.    Plaintiffs**

20                         <u>**Arizona**</u>

21      12.    Plaintiff Pearl Bruno is a citizen and resident of the State of Arizona. Ms. Bruno was

22  enrolled in a Blue Cross Blue Shield of Georgia health plan and paid premiums on a regular basis.

23  Blue Cross Blue Shield of Georgia and Anthem collected and received Ms. Bruno's Personal

24  Information, which Anthem maintained in its database. Ms. Bruno received a letter from Anthem

25  informing her that her Personal Information may have been compromised as a result of the Anthem

26  Data Breach. Ms. Bruno now engages in monthly monitoring of her credit and her bank accounts. As

27  a result of the Anthem breach, Ms. Bruno has spent numerous hours addressing issues arising from

28  the Anthem data breach.

3

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

2055695.1

## Arkansas

13.    Plaintiff LaQuarius Hall is a citizen and resident of the State of Arkansas. Mr. Hall was enrolled in an Anthem Blue Cross Blue Shield health plan and paid premiums on a regular basis. Blue Cross Blue Shield and Anthem collected and received Mr. Hall's Personal Information, which Anthem maintained in its database.  When Mr. Hall's tax refund did not arrive as expected, he contacted the IRS and learned that someone had filed a false tax return in his name using his Personal Information. As a result of the Anthem breach, Mr. Hall was forced to submit affidavits to the IRS, travel to the Social Security Administration office to verify his identity, and spend numerous hours on the phone with the IRS. He still has not received his tax refund for $6,789.00. As a result of the Anthem breach, Mr. Hall has spent numerous hours addressing issues arising from the Anthem data breach and has been denied access to his federal tax refund.

14.    Plaintiff Adam Mannis is a citizen and resident of the State of Arkansas. Mr. Mannis was enrolled in a Blue Cross Blue Shield Blue Preferred Select health plan. Blue Cross Blue Shield and Anthem collected and received Mr. Mannis's Personal Information, which Anthem maintained in its database. Mr. Mannis received a letter informing him that his Personal Information may have been compromised as a result of the Anthem breach. Mr. Mannis now closely reviews his identity theft and credit monitoring services and monitors his bank accounts. As a result of the Anthem breach, Mr. Mannis has spent numerous hours addressing issues arising from the Anthem data breach.

## California

15.    Plaintiff Michael Bronzo is a citizen and resident of the State of California. Mr. Bronzo was enrolled in an Anthem Blue Cross, a trade name of Anthem Insurance Companies, health plan that he purchased individually, and for which he paid premiums on a regular basis. Previously, Mr. Bronzo was enrolled in a Blue Cross Blue Shield of California health plan that he purchased individually and for which he has paid premiums on a regular basis. Anthem Blue Cross and Blue Cross Blue Shield of California and Anthem collected and received Mr. Bronzo's Personal Information, which Anthem maintained in its database. Mr. Bronzo received a letter from Anthem

4

2055695.1

1   informing him that his information may have been compromised as a result of the Anthem data

2   breach. Mr. Bronzo subsequently received a letter from the IRS informing him that someone had

3   filed a false tax return in his name using his Personal Information. Mr. Bronzos's state tax refund of

4   approximately $700 and his Federal tax refund of approximately $7,000 were delayed. Mr. Bronzo

5   pays approximately $216 annually for identity theft and credit monitoring services in order to

6   monitor for identity theft and fraudulent activity resulting from the Anthem breach. As a result of the

7   Anthem breach, Mr. Bronzo has spent numerous hours addressing issues arising from the Anthem

8   data breach.

9        16.    Plaintiff Daniel Randrup is a citizen and resident of the State of California. Mr.

10  Randrup was enrolled in an Anthem Blue Cross Self-Insured Schools of California (SISC) III health

11  plan through his employer, the San Joaquin County Office of Education, and paid premiums on a

12  regular basis. Anthem Blue Cross and Anthem collected and received Mr. Randrup's Personal

13  Information, which Anthem maintained in its database. Mr. Randrup received a letter from Anthem

14  and his employer informing him that his information may have been compromised as a result of the

15  Anthem data breach. Mr. Randrup subsequently received notification from the California Franchise

16  Tax Board stating that he owed thousands of dollars in additional withholding tax based on a tax

17  return that Mr. Randrup did not file. As a result, Mr. Randrup was forced to submit affidavits to the

18  IRS and California Franchise Tax Board, file a police report, file a report with the Federal Trade

19  Commission, and spend significant time and effort attempting to resolve the issue. Mr. Randrup still

20  has not received his expected 2014 tax return payment. As a result of the Anthem breach, Mr.

21  Randrup has spent numerous hours addressing issues relating to his tax fraud, monitoring his

22  accounts, and addressing issues arising from the Anthem data breach.

23        17.    Plaintiff Mary Ella Carter is a citizen and resident of the State of California. Ms.

24  Carter was enrolled in a state-sponsored Anthem Blue Cross health plan through her husband's

25  employer, a California municipality, and paid premiums on a regular basis. Anthem collected and

26  received Ms. Carter and her family's Personal Information, which Anthem maintained in its

27  database.  In approximately March, 2015, Ms. Carter received notification from All-Clear ID that her

28  minor daughter's Social Security Number had been compromised. She contacted All-Clear ID for

5

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

1  assistance, but they were unable to provide Ms. Carter with any guidance to protect her daughter's

2  Personal Information. As a result of the Anthem breach, Ms. Carter placed credit freezes on her

3  daughter's credit reports with U.S. consumer credit reporting service TransUnion in order to detect

4  potential additional identity theft and fraudulent activity. As a result of the Anthem breach, Ms.

5  Carter has spent her own money and numerous hours addressing issues arising from the Anthem data

6  breach.

7       18.    Plaintiff Kenneth Coonce is a citizen and resident of the State of California. Mr.

8  Coonce was enrolled in Anthem Blue Cross and Blue Shield of California health plans and paid

9  premiums on a regular basis. Anthem Blue Cross, Blue Shield of California and Anthem collected

10  and received Mr. Coonce's Personal Information, which Anthem maintained in its database. Mr.

11  Coonce received a letter from Anthem in March 2015 informing him that his personal information

12  may have been compromised as a result of the Anthem breach. In September 2015, Mr. Coonce was

13  notified by his credit union's fraud department that his debit card number had been stolen and used

14  for unauthorized charges.  Mr. Coonce was forced to submit numerous forms to the credit union and

15  to file a police report in order to reverse the charges, and spent hours on the phone and in person

16  with the bank's customer representatives as well as additional time filling out a police report.  Mr.

17  Coonce pays approximately $312 annually for identity theft and credit monitoring services in order

18  to monitor for identity theft and fraudulent activity resulting from the Anthem breach. As a result of

19  the Anthem breach, Mr. Coonce has spent numerous hours addressing issues arising from the

20  Anthem data breach.

21       19.    Plaintiff Steve Kawai is a citizen and resident of the State of California. Mr. Kawai

22  was enrolled in an Anthem Blue Cross health plan through his employer, the State of California, and

23  paid premiums on a regular basis. Anthem Blue Cross and Anthem collected and received Mr.

24  Kawai's personal information, which Anthem maintained in its database. Mr. Kawai received an e-

25  mail from CalPERS, the administrator of his health insurance plan, informing him that his

26  information may have been compromised as a result of the Anthem data breach. As a result of the

27  Anthem breach, Mr. Kawai has spent numerous hours monitoring his accounts and addressing issues

28  arising from the Anthem data breach.

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

2055695.1

20.     Plaintiff Kenneth Solomon is a citizen and resident of the State of California. Mr. Solomon was enrolled in an Anthem Blue Cross Senior Class F Medicare Supplement health plan that he purchased independently and paid premiums for on a regular basis. Anthem Blue Cross and Anthem collected and received Mr. Solomon's Personal Information, which Anthem maintained in its database. Mr. Solomon received a letter from Anthem informing him that his Personal Information may have been compromised as a result of the Anthem breach. As a result of the Anthem breach, Mr. Solomon has spent numerous hours addressing issues arising from the Anthem data breach.

21.     Plaintiffs Daniel Tharp and Kelly Tharp are husband and wife and citizens and residents of the State of California. Mr. and Mrs. Tharp were enrolled in an Anthem Blue Cross plan and paid insurance premiums on a regular basis. Anthem Blue Cross and Anthem collected and received the Tharps' Personal Information, which Anthem maintained in its database. On or about February 7, 2015, after the announcement of the Anthem breach, the Tharps attempted to electronically file their taxes but the filing was rejected because someone else had filed a false tax return using their Personal Information.  In April, 2015, the Tharps received a confirmatory letter from the IRS informing them that someone may have attempted to impersonate them by using their names and Social Security numbers to file a 2014 federal tax return. Mr. and Mrs. Tharp were forced to submit numerous forms to the IRS, file a police report, and spend hours on the phone with IRS representatives to correct their tax filing. As a result, their 2014 tax return payments were delayed by approximately six months. The Tharps had to spend money for postage and facsimile costs in order to correspond with the IRS. The Tharps also spent approximately $60 out-of-pocket to place credit freezes on their credit reports with the three major U.S. consumer credit reporting agencies in order to detect potential identity theft and fraudulent activity. As a result of the Anthem breach, the Tharps have spent numerous hours monitoring their accounts and addressing issues arising from the Anthem data breach.

22.     Plaintiff Joseph Blanchard is a citizen and resident of the State of California. Mr. Blanchard was enrolled in a Blue Cross Blue Shield of Texas health plan and paid premiums on a regular basis. Blue Cross Blue Shield of Texas and Anthem collected and received Mr. Blanchard's

7

1  Personal Information, which Anthem maintained in its database. Mr. Blanchard's wife, who was

2  enrolled in the same health plan, received a letter from Anthem informing her that her Personal

3  Information may have been compromised as a result of the Anthem breach. Following

4  announcement of the Anthem breach, at least 10 credit cards or credit accounts were opened or

5  attempted to be opened in Mr. Blanchard's name and using his Personal Information. In most

6  instances, hundreds or thousands of dollars were charged on the credit cards and Mr. Blanchard had

7  to personally dispute every charge by making phone calls, submitting affidavits, sending

8  identification, and filing police reports at his expense. Because of the rampant fraud on Mr.

9  Blanchard's accounts, Mr. Blanchard's credit card company denied him an increase in his credit

10 limit during the middle of a home remodel. Additionally, Mr. Blanchard's near-perfect credit score

11 decreased by approximately 130 points. Mr. Blanchard placed credit freezes on his credit reports

12 with the three major U.S. consumer credit reporting agencies in order to detect potential identity

13 theft and fraudulent activity. As a result of the Anthem breach, Mr. Blanchard has spent over 60

14 hours addressing credit fraud, monitoring his accounts, and addressing issues arising from the

15 Anthem data breach.

16     23.     Plaintiff Lillian Brisko is a citizen and resident of the State of California. Ms. Brisko

17 was enrolled in a Blue Shield of California health plan and paid premiums on a regular basis. Blue

18 Shield of California and Anthem collected and received Ms. Brisko's Personal Information, which

19 Anthem maintained in its database. Ms. Brisko received a letter from Anthem informing her that her

20 Personal Information may have been compromised as a result of the Anthem breach. An Anthem

21 customer representative later confirmed to Ms. Brisko that her Personal Information was in fact

22 compromised. Ms. Brisko and her husband received a letter from the IRS requesting them to verify

23 their identities for their 2014 tax return. Ms. Brisko was later informed by an IRS agent that

24 someone had filed a false tax return in her name using her Personal Information. After contacting the

25 consumer reporting agencies, Ms. Brisko learned that someone had also fraudulently taken out a

26 $3,000 loan in her name from a Check 'n Go store in another city. As a result, Ms. Brisko and her

27 husband were forced to travel to the IRS offices, submit affidavits to the IRS, file a police report, file

28 a complaint with the Federal Trade Commission, and submit extensive documentation to the lending

8

2055695.1

company. Ms. Brisko spent $82.15 in unreimbursed notary fees, USPS fees and FedEx fees to address these issues. As a result of the Anthem breach, Ms. Brisko has spent over 200 hours addressing issues relating to her tax and credit fraud, monitoring her accounts, and addressing issues arising from the Anthem data breach.

24.    Plaintiff Alvin Lawson is a citizen and resident of the State of California. Mr. Lawson was enrolled in a Blue Cross Blue Shield Federal Employee PPO health plan through his wife's employer, the U.S. Postal Service, and paid premiums on a regular basis. Blue Cross Blue Shield Federal and Anthem collected and received Mr. Lawson's Personal Information, which Anthem maintained in its database. Mr. Lawson received a letter from Anthem informing him that his Personal Information may have been compromised as a result of the Anthem breach. As a result of the Anthem breach, Mr. Lawson has spent numerous hours monitoring his accounts and addressing issues arising from the Anthem data breach.

### Colorado

25.    Plaintiff James Schatzman is a citizen and resident of the State of Colorado. Mr. Schatzman was enrolled in a Blue Cross Blue Shield health plan and paid premiums on a regular basis. Blue Cross Blue Shield and Anthem collected and received Mr. Schatzman's Personal Information, which Anthem maintained in its database. Mr. Schatzman subsequently received a letter from the IRS informing him that someone had filed a false tax return in his name using his Personal Information. The IRS informed Mr. Schatzman the suspicious tax return was likely a result of the Anthem data breach. Mr. Schatzman's $7,000 tax refund was delayed for 6 months. As a result of the Anthem data breach, Mr. Schatzman has spent numerous hours addressing issues arising from the Anthem data breach.

### Connecticut

26.    Plaintiff Janet Brunton is a citizen and resident of the State of Connecticut. Ms. Brunton was enrolled in an AT&T East Bargained Employee Medical Program health plan that was administered by Blue Cross Blue Shield of Illinois and Ms. Brunton paid premiums on a regular basis. Blue Cross Blue Shield of Illinois and Anthem collected and received Ms. Brunton's Personal Information, which Anthem maintained in its database. Ms. Brunton received a letter from Anthem

9

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

1   informing her that her Personal Information may have been compromised as a result of the Anthem

2   data breach. Ms. Brunton subsequently received notice from her tax preparer that the IRS had

3   received a false tax return filed in Ms. Brunton's name using her Personal Information. Ms.

4   Brunton's approximately $10,000 tax return was delayed four months. As a result of the Anthem

5   breach, Ms. Brunton has spent numerous hours addressing issues arising from the Anthem data

6   breach.

7           27.     Plaintiff Kimberly Kos-Williams is a citizen and resident of the State of Connecticut.

8   Ms. Kos-Williams was enrolled in an Anthem Blue Cross Blue Shield health plan that she purchased

9   directly from Anthem, and paid premiums on a regular basis. Blue Cross Blue Shield and Anthem

10  collected and received Ms. Kos-Williams's Personal Information, which Anthem maintained in its

11  database. Ms. Kos-Williams, her husband, and her two sons received a letter from Anthem informing

12  them that their Personal Information may have been compromised as a result of the Anthem breach.

13  In or about April of 2015, Ms. Kos-Williams and her husband learned from the IRS that a false tax

14  return had been filed in their names using their Personal Information. Ms. Kos-Williams and her

15  husband were forced to submit affidavits to the IRS, file a complaint with the Federal Trade

16  Commission, and report the fraudulent return to the State of Connecticut. Their 2014 tax refund was

17  delayed until approximately May 2015. As a result of the Anthem breach, Ms. Kos-Williams has

18  spent numerous hours addressing issues arising from the Anthem data breach.

19          28.     Plaintiff Gary Lasneski is a citizen and resident of the State of Connecticut. Mr.

20  Lasneski was enrolled in an Anthem Blue Cross Blue Shield PPO health plan and an Anthem Blue

21  Cross Blue Shield BlueCare HMO health plan that he purchased independently and paid premiums

22  for on a regular basis. Anthem Blue Cross Blue Shield and Anthem collected and received Mr.

23  Lasneski's Personal Information, which Anthem maintained in its database. Mr. Lasneski received a

24  letter from Anthem informing him that his Personal Information may have been compromised as a

25  result of the Anthem breach. Mr. Lasneski subsequently received a letter from the IRS indicating

26  that someone had tried to file a false tax return in his name using his Personal Information. Mr.

27  Laneski also received letters from Best Buy, Office Depot, and Capitol One indicating that someone

28  was trying to open credit accounts in his name using his Personal Information including his name,

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

1   address, Social Security number and other personally-identifiable information. As a result, Mr.

2   Lasneski has placed extended fraud alerts on his credit reports with the three major U.S. consumer

3   credit reporting agencies in order to detect potential identity theft and fraudulent activity. Because of

4   the fraud tied to Mr. Lasneski's accounts, Mr. Lasneski has been delayed in getting approval for

5   small business loans relating to his business. As a result of the Anthem breach, Mr. Lasneski has

6   spent numerous hours addressing fraudulent activity, monitoring his accounts, and addressing issues

7   arising from the Anthem data breach.

8       29.     Plaintiff Ralph Staffieri is a citizen and resident of the State of Connecticut. Mr.

9   Staffieri was enrolled in an Anthem Blue Cross Blue Shield Federal health plan through his

10  employer, the federal government, and paid premiums on a regular basis. Anthem Blue Cross Blue

11  Shield Federal and Anthem collected and received Mr. Staffieri's Personal Information, which

12  Anthem maintained in its database. Mr. Staffieri received a letter from Anthem informing him that

13  his Personal Information may have been compromised as a result of the Anthem breach. As a result

14  of the Anthem breach, Mr. Staffieri has spent numerous hours monitoring his accounts and

15  addressing issues arising from the Anthem data breach.

16      30.     Plaintiff Jessica Holguin is a citizen and resident of the State of Connecticut. Ms.

17  Holguin was enrolled in a Blue Cross Blue Shield of Vermont health plan and paid premiums on a

18  regular basis. Ms. Holguin's father, who was enrolled in the same health plan, received a letter from

19  Anthem informing him that his Personal Information may have been compromised as a result of the

20  Anthem breach. Ms. Holguin subsequently contacted the U.S. Department of Education to update

21  her student loan account information and learned that the Department had received a check for

22  $5,000 from an IRS federal tax return that was fraudulently filed in Ms. Holguin's name. Ms.

23  Holguin contacted the IRS and confirmed that a false tax return had been filed in her name using her

24  Personal Information. Ms. Holguin was advised by the IRS that when she filed her 2014 tax return it

25  would take approximately 180 days to receive her anticipated $9,000 refund, which she still has not

26  received. Ms. Holguin, who has two young children, intended to use her anticipated 2014 tax refund

27  to help pay for her family's living expenses and is now experiencing financial difficulties due to the

28  lengthy delay in receiving her tax refund as a result of the fraudulent filing. As a result of the

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

1    Anthem breach, Ms. Holguin has spent over 50 hours addressing issues relating to tax fraud,

2    monitoring her accounts, and addressing issues arising from the Anthem data breach.

3                                    **Delaware**

4          31.    Danielle DiFonzo is a citizen and resident of the State of Delaware. Ms. DiFonzo was

5    enrolled in an Anthem Blue Cross Blue Shield health plan and paid premiums on a regular basis.

6    Anthem Blue Cross Blue Shield and Anthem collected and received Ms. DiFonzo's Personal

7    Information, which Anthem maintained in its database. Following announcement of the Anthem

8    breach, fraudsters attempted to open numerous credit applications in Ms. DiFonzo's name and using

9    her Personal Information. At least one attempt was successful and Ms. DiFonzo spent considerable

10   time and effort addressing the issue, including taking a trip to the state police office to report the

11   fraud. Mr. DiFonzo pays approximately $120 annually for identity theft and credit monitoring

12   services in order to monitor for identity theft and fraudulent activity resulting from the Anthem

13   breach. As a result of the Anthem breach, Ms. DiFonzo has spent numerous hours monitoring her

14   accounts and addressing issues arising from the Anthem data breach.

15                                    **Florida**

16         32.    Plaintiff Glenn Kahn is a citizen and resident of the State of Florida. Mr. Kahn was

17   enrolled in an Anthem Blue Cross Blue Shield health plan and paid premiums on a regular basis.

18   Anthem Blue Cross Blue Shield and Anthem collected and received Mr. Kahn's Personal

19   Information, which Anthem maintained in its database. Mr. Kahn received a letter from Anthem

20   informing him that his Personal Information may have been compromised as a result of the Anthem

21   data breach. As a result of the Anthem data breach, Mr. Kahn has spent numerous hours addressing

22   issues arising from the Anthem data breach.

23         33.    Plaintiff Gerald Keaton is a citizen and resident of the State of Florida. Mr. Keaton

24   was enrolled in a Blue Cross Blue Shield health plan and paid premiums on a regular basis. Blue

25   Cross Blue Shield and Anthem collected and received Mr. Keaton's Personal Information, which

26   Anthem maintained in its database. Mr. Keaton received a letter from Anthem informing him that his

27   personal information may have been compromised as a result of the Anthem breach. Mr. Keaton

28   subsequently received a letter from the IRS informing him that someone had filed a false tax return

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

2055695.1

in his name using his Personal Information. As a result of the Anthem breach, Mr. Keaton and his wife were forced to submit affidavits to the IRS and take additional trips to their accountant's office to file paper tax returns. Their 2014 tax return payment was delayed until approximately July 2015 and they are forced to file paper returns for at least the next two years. As a result of the Anthem breach, Mr. Keaton has spent numerous hours addressing issues arising from the Anthem data breach.

34.    Plaintiff John McAffry is a citizen and resident of the State of Florida. Mr. McAffry was enrolled in a state-sponsored Anthem Blue Cross Blue Shield health plan through his employer, the City of Cincinnati, and paid premiums on a regular basis. Blue Cross Blue Shield and Anthem collected and received Mr. McAffry's Personal Information, which Anthem maintained in its database. Mr. McAffry received notice via his personal Anthem online insurance portal informing him that his Personal Information may have been compromised as a result of the Anthem breach. Mr. McAffry pays approximately $120 annually for identity theft and credit monitoring services in order to monitor for identity theft and fraudulent activity resulting from the Anthem breach. As a result of the Anthem breach, Mr. McAffry has spent numerous hours addressing issues arising from the Anthem data breach.

35.    Plaintiff Charles Platt is a citizen and resident of the State of Florida. Mr. Platt was enrolled in a Blue Cross Blue Shield of Florida Blue Options health plan that he purchased independently and paid premiums for on a regular basis. Blue Cross Blue Shield of Florida and Anthem collected and received Mr. Platt's Personal Information, which Anthem maintained in its database. Mr. Platt received a letter from Blue Cross Blue Shield of Florida and Anthem informing him that his Personal Information may have been compromised as a result of the Anthem breach. As a result of the Anthem breach, Mr. Platt has spent numerous hours addressing issues arising from the Anthem data breach.

## Georgia

36.    Plaintiff John Thomas, II is a citizen and resident of the State of Georgia. Mr. Thomas was enrolled in a Blue Cross Blue Shield of Georgia PPO state health benefit plan through his employer, a county school board, and paid premiums on a regular basis. Blue Cross Blue Shield of

13

1  Georgia and Anthem collected and received Mr. Thomas's Personal Information, which Anthem
2  maintained in its database. Mr. Thomas received a letter from Anthem informing him that his
3  Personal Information may have been compromised as a result of the Anthem breach. Mr. Thomas's
4  wife subsequently received a letter from the IRS informing them that someone had attempted to file
5  a false tax return in their names using their Personal Information. As a result of the Anthem breach,
6  Mr. Thomas and his wife have spent numerous hours addressing issues arising from the Anthem data
7  breach.

8       37.     Plaintiff Lauren Roberts is a citizen and resident of the State of Georgia. Ms. Roberts
9  was enrolled in a Blue Cross Blue Shield of Minnesota health plan and paid premiums on a regular
10  basis. Blue Cross Blue Shield of Minnesota and Anthem collected and received Ms. Roberts's
11  Personal Information, which Anthem maintained in its database. Ms. Roberts received a letter from
12  Anthem informing her that her Personal Information may have been compromised as a result of the
13  Anthem breach. In February 2015, Ms. Roberts received a letter from the health insurance
14  marketplace indicating that someone had fraudulently opened a health insurance policy in her name
15  using her Personal Information. Ms. Roberts spent significant time and effort attempting to cancel
16  the fraudulent policy that was taken out in her name. Ms. Roberts pays approximately $180 annually
17  for identity theft and credit monitoring services in order to monitor for identity theft and fraudulent
18  activity resulting from the Anthem breach. As a result of the Anthem breach, Ms. Roberts has spent
19  numerous hours addressing issues arising from the Anthem data breach.

20       38.     Plaintiff Karen Coppedge is a citizen and resident of the State of Georgia. Ms.
21  Coppedge was enrolled in an Anthem Blue Cross Blue Shield health plan and paid premiums on a
22  regular basis. Blue Cross Blue Shield and Anthem collected and received Ms. Coppedge's Personal
23  Information, which Anthem maintained in its database. Ms. Coppedge, her husband, and her four
24  daughters received letters from Anthem informing them that their Personal Information may have
25  been compromised as a result of the Anthem breach. As a result of the Anthem breach, Ms.
26  Coppedge has spent numerous hours addressing issues arising from the Anthem data breach.

27       39.     Plaintiff Allison Swank is a citizen and resident of the State of Georgia. Ms. Swank
28  was enrolled in a state-sponsored Blue Cross Blue Shield Health Plan of Georgia through her

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

1    employer, a Georgia public school, and paid premiums on a regular basis. Blue Cross Blue Shield

2    Health Plan of Georgia and Anthem collected and received Ms. Swank's Personal Information,

3    which Anthem maintained in its database. Ms. Swank received an email and a subsequent letter from

4    Anthem informing her that her Personal Information may have been compromised as a result of the

5    Anthem breach. As a result of the Anthem breach, Ms. Swank has spent numerous hours addressing

6    issues arising from the Anthem data breach.

7        40.    Plaintiff Kevin Donnelly is a citizen and resident of the State of Georgia. Mr.

8    Donnelly was enrolled in an Anthem Blue Cross Blue Shield health plan and paid premiums on a

9    regular basis. Blue Cross Blue Shield and Anthem collected and received Mr. Donnelly's Personal

10    Information, which Anthem maintained in its database. Mr. Donnelly received a letter from Anthem

11    informing him that his Personal Information may have been compromised as a result of the Anthem

12    breach. Additionally, Mr. Donnelly suffered from extensive identity theft when someone opened a

13    fraudulent company in his name using his Personal Information. As a result of the Anthem breach,

14    Mr. Donnelly was forced to file police reports for the identity theft, freeze his wife's and his credit

15    reports with the three major U.S. consumer credit reporting agencies in order to detect potential

16    additional identity theft and fraudulent activity, and assist the Georgia Attorney General's office

17    with the dissolution of the fraudulently created corporation. As a result of the Anthem breach, Mr.

18    Donnelly has spent numerous hours addressing issues arising from the Anthem data breach.

19        41.    Plaintiff Harold Lott is a citizen and resident of the State of Georgia. Mr. Lott was

20    enrolled in a Blue Cross Blue Shield of Georgia health plan through Medicare and paid premiums on

21    a regular basis. Blue Cross Blue Shield of Georgia and Anthem collected and received Mr. Lott's

22    Personal Information, which Anthem maintained in its database. Mr. Lott contacted Anthem after

23    seeing a story on the news about the breach, and Anthem informed him that his information had been

24    compromised. As a result of the Anthem breach, Mr. Lott has spent numerous hours addressing

25    issues arising from the Anthem data breach.

26                                **Idaho**

27        42.    Plaintiff Cynthia Kelley is a citizen and resident of the State of Idaho. Ms. Kelley was

28    enrolled in a Blue Shield of California health plan and an Anthem Blue Cross Blue Shield health

15

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

1  plan through the Motion Picture Industry Pension & Health Plans. Ms. Kelley was notified of the

2  Anthem breach through the Motion Picture Industry Pension and Health Plans website. As a result of

3  the Anthem breach, Ms. Kelley spent significant time monitoring her accounts and took trips to her

4  bank two hours away in order to put blocks on her accounts. Ms. Kelley pays approximately $302

5  annually for identity theft and credit monitoring services in order to monitor for identity theft and

6  fraudulent activity resulting from the Anthem breach. As a result of the Anthem breach, Ms. Kelley

7  has spent numerous hours monitoring her accounts and addressing issues arising from the Anthem

8  data breach.

9  **Illinois**

10      43.    Plaintiff Mary Wicklund is a citizen and resident of the State of Illinois. Ms.

11  Wicklund worked for Blue Cross Blue Shield from 1968 through 1973 and was enrolled in a Blue

12  Cross Blue Shield health plan. Blue Cross Blue Shield and Anthem collected and received Ms.

13  Wicklund's Personal Information, which Anthem maintained in its database. Ms. Wicklund received

14  a letter from Anthem informing her that her Personal Information may have been compromised as a

15  result of the Anthem data breach. As a result of the Anthem breach, Ms. Wicklund has spent

16  numerous hours addressing issues arising from the Anthem data breach.

17      44.    Plaintiff David Klemer is a citizen and resident of the State of Illinois. Mr. Klemer

18  was enrolled in a Blue Cross Blue Shield of Illinois – Blue Advantage HMO health plan and his wife

19  paid premiums on a regular basis. Prior to that, Mr. Klemer was enrolled in an Anthem Blue

20  Southeast Wisconsin health plan through his employer, a government entity, and paid premiums on a

21  regular basis. Blue Cross Blue Shield of Illinois and Anthem Blue Southeast collected and received

22  Mr. Klemer's Personal Information, which Anthem maintained in its database. Mr. Klemer and his

23  wife received a letter from Anthem informing them that their Personal Information may have been

24  compromised as a result of the Anthem breach. Mr. Klemer and his wife subsequently received a

25  letter from the IRS informing them that someone had filed a false tax return in their name using their

26  Personal Information. Mr. Klemer and his wife's tax refund of approximately $580 was delayed two

27  months. As a result of the Anthem breach, Mr. Klemer has spent numerous hours addressing issues

28  arising from the Anthem data breach.

16

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

45.    Plaintiff Nadine Foster is a citizen and resident of the State of Illinois. Mrs. Foster was enrolled in Unicare insurance and paid premiums on a regular basis. Unicare and Anthem collected and received Mrs. Foster's Personal Information, which Anthem maintained in its database. Mrs. Foster's husband and two of her daughters received letters from Anthem informing them that their Personal Information may have been compromised as a result of the Anthem data breach. Mrs. Foster subsequently received a notice from the IRS informing her that her name and Social Security Number were compromised. Mrs. Foster and her husband were forced to file police reports, sign Federal Trade Commission affidavits, and file their taxes by mail. As a result of the Anthem data breach, Mrs. Foster has spent numerous hours addressing issues arising from the Anthem data breach.

46.    Plaintiff Cynthia Reichrath is a citizen and resident of the State of Illinois. Ms. Reichrath was enrolled in a HealthLink State of Illinois health plan through her husband's employer, the State of Illinois Department of Corrections, and paid premiums on a regular basis. HealthLink and Anthem collected and received Ms. Reichrath's Personal Information, which Anthem maintained in its database. Ms. Reichrath received a letter from Anthem informing her that her Personal Information may have been compromised as a result of the Anthem breach. As a result of the Anthem breach, Ms. Reichrath has spent numerous hours monitoring her accounts and addressing issues arising from the Anthem data breach.

47.    Plaintiff Wanda Pratt is a citizen and resident of the State of Illinois. Ms. Pratt was enrolled in a Blue Cross Blue Shield of Illinois PPO health plan and paid premiums on a regular basis. Blue Cross Blue Shield of Illinois and Anthem collected and received Ms. Pratt's Personal Information, which Anthem maintained in its database. Ms. Pratt received a letter from Anthem and Blue Cross Blue Shield of Illinois informing her that her Personal Information may have been compromised as a result of the Anthem breach. Ms. Pratt pays approximately $360 annually for identity theft and credit monitoring services in order to monitor for identity theft and fraudulent activity resulting from the Anthem breach. As a result of the Anthem breach, Ms. Pratt has spent numerous hours monitoring her accounts and addressing issues arising from the Anthem data breach.

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

2055695.1

**Indiana**

48.     Plaintiff Brent Harris is a citizen and resident of the State of Indiana. Mr. Harris was enrolled in an Anthem Blue Cross Blue Shield/Bronze Pathway X HMO health plan that he purchased individually, and paid premiums for on a regular basis. Anthem and Anthem Blue Cross Blue Shield collected and received Mr. Harris's Personal Information, which Anthem maintained in its database. Mr. Harris received a letter and email from Anthem informing him that his Personal Information may have been compromised as a result of the Anthem breach. As a result of the Anthem breach, Mr. Harris has spent numerous hours addressing issues arising from the Anthem data breach.

49.     Plaintiff Stella Williams is a citizen and resident of the State of Indiana. Ms. Williams was enrolled in a Blue Cross Blue Shield Federal Employee Program health plan through her employer, a department of the federal government, and paid premiums on a regular basis. Blue Cross Blue Shield Federal Employee Program and Anthem collected and received Ms. Williams's Personal Information, which Anthem maintained in its database. Ms. Williams received a letter from her employer informing her that her Personal Information may have been compromised as a result of the Anthem breach. As a result of the Anthem breach, Ms. Williams has spent numerous hours addressing issues arising from the Anthem data breach.

50.     Plaintiff Steven Quinnette is a citizen and resident of the State of Indiana. Mr. Quinnette was enrolled in an Anthem Blue Cross Blue Shield through Archdioceses of Indianapolis health plan, and paid premiums on a regular basis. Anthem and Anthem Blue Cross Blue Shield collected and received Mr. Quinnette's Personal Information, which Anthem maintained in its database. Mr. Quinnette received an email from his employer and a letter from Anthem informing him that his Personal Information may have been compromised as a result of the Anthem breach. Mr. Quinnette was notified by All Clear ID that his son, a minor victim of the Anthem data breach, had suspicious use of his Social Security Number. As a result of the Anthem breach, Mr. Quinnette has spent numerous hours addressing issues arising from the Anthem data breach.

51.     Plaintiff Darrell Hunter is a citizen and resident of the State of Indiana. Mr. Hunter was enrolled in a Blue Cross Blue Shield of Massachusetts health plan, and paid premiums on a

18

2055695.1

1   regular basis. Blue Cross Blue Shield of Massachusetts and Anthem collected and received Mr.

2   Hunter's Personal Information, which Anthem maintained in its database. Mr. Hunter's wife

3   received a letter from her employer informing them that their Personal Information may have been

4   compromised as a result of the Anthem breach. Mr. Hunter and his wife subsequently received

5   notification from the IRS informing them that someone had filed a false tax return in their name

6   using their Personal Information. Mr. Hunter and his wife were forced to submit affidavits to the IRS

7   and contact their congressman for assistance. Their 2014 tax return payment of approximately

8   $2,000 was delayed five months. Additionally Mr. Hunter pays approximately $348 annually for

9   identity theft and credit monitoring services in order to monitor for identity theft and fraudulent

10  activity resulting from the Anthem breach. As a result of the Anthem breach, Mr. Hunter has spent

11  numerous hours addressing issues arising from the Anthem data breach.

12         52.    Plaintiff Cheryl Grissom is a citizen and resident of the State of Indiana. Ms. Grissom

13  was enrolled in an Anthem Blue Cross Blue Shield health plan that she purchased individually and

14  she paid premiums on a regular basis. Anthem Blue Cross Blue Shield collected and received Ms.

15  Grissom's Personal Information, which Anthem maintained in its database. Ms. Grissom received a

16  letter from Anthem informing her that her Personal Information may have been compromised as a

17  result of the Anthem breach. Ms. Grissom subsequently received a letter from the IRS informing her

18  that someone had filed a false tax return in her name using her Personal Information. Ms. Grissom

19  still has not received her 2014 tax return payment in the approximate amount of $10,262. As a result

20  of the Anthem breach, Ms. Grissom has spent numerous hours addressing issues arising from the

21  Anthem data breach.

22         53.    Plaintiff Melinda Lambert is a citizen and resident of the State of Indiana. Mrs.

23  Lambert was enrolled in an Anthem Blue Cross Blue Shield PPO health plan and paid premiums on

24  a regular basis. Anthem and Anthem Blue Cross Blue Shield collected and received Ms. Lambert's

25  Personal Information, which Anthem maintained in its database. Mrs. Lambert and her husband

26  received a letter from Anthem informing them that their Personal Information may have been

27  compromised as a result of the Anthem breach. Mrs. Lambert and her husband subsequently

28  received a letter from the IRS informing them that someone had filed a false tax return in their name

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

1    using their Personal Information. Additionally, Ms. Lambert pays approximately $40 annually for

2    identity theft and credit monitoring services in order to monitor for identity theft and fraudulent

3    activity resulting from the Anthem breach. As a result of the Anthem breach, Mrs. Lambert and her

4    husband have spent numerous hours addressing issues arising from the Anthem data breach.

5        54.    Plaintiff Amy Whittaker is a citizen and resident of the State of Indiana. Ms.

6    Whittaker was enrolled in a Blue Cross Blue Shield Administrative of Arkansas health plan and paid

7    premiums on a regular basis. Anthem and Blue Cross Blue Shield Administrative of Arkansas

8    collected and received Ms. Whittaker's Personal Information, which Anthem maintained in its

9    database. Ms. Whittaker's husband received a letter from Anthem informing him that his Personal

10   Information may have been compromised as a result of the Anthem breach. Ms. Whittaker and her

11   husband subsequently received an email from their tax preparer informing them that a false tax

12   return had been filed in their name using their Personal Information. Ms. Whittaker and her husband

13   still have not received their 2014 tax return payment in the approximate amount of $500. As a result

14   of the Anthem breach, Ms. Whittaker has spent numerous hours addressing issues arising from the

15   Anthem data breach.

16       55.    Plaintiff Jason Price is a citizen and resident of the State of Indiana. Mr. Price was

17   enrolled in an Anthem Blue Cross Blue Shield health plan through his wife's employer, a

18   government entity, and paid premiums on a regular basis. Anthem and Anthem Blue Cross Blue

19   Shield collected and received Mr. Price's Personal Information, which Anthem maintained in its

20   database. Mr. Price and his wife received a letter from Anthem informing them that their Personal

21   Information may have been compromised as a result of the Anthem breach. Mr. Price and his wife

22   received a letter from their tax preparer informing them that a false tax return had been filed in their

23   name using their Personal Information. As a result of the Anthem breach, Mr. Price and his wife

24   were forced to submit affidavits to the IRS. Their 2014 tax return payment of approximately $4,500

25   was delayed seven months. As a result of the Anthem breach, Mr. Price has spent numerous hours

26   addressing issues arising from the Anthem data breach.

27       56.    Plaintiff Carrie Donoghue is a citizen and resident of the State of Indiana. Ms.

28   Donoghue was enrolled in a Blue Cross Blue Shield health plan through Medicaid and Medicare and

20

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

1  paid premiums on a regular basis. Anthem and Blue Cross Blue Shield collected and received Ms.

2  Donoghue's Personal Information, which Anthem maintained in its database. Ms. Donoghue

3  received a letter from Anthem informing her that her Personal Information may have been

4  compromised as a result of the Anthem breach. Ms. Donoghue subsequently received a letter from

5  the IRS informing her that someone had filed a false tax return in her name using her Personal

6  Information. Ms. Donoghue still has not received her 2014 tax return payment of approximately

7  $2,800. As a result of the Anthem breach, Ms. Donoghue has spent numerous hours addressing

8  issues arising from the Anthem data breach.

9  <u>**Iowa**</u>

10  57.    Plaintiff Shantel Jones is a citizen and resident of the State of Iowa. Ms. Jones was

11  enrolled in a Blue Cross Blue Shield of Texas health plan and her husband paid premiums on a

12  regular basis. Blue Cross Blue Shield of Texas and Anthem collected and received Ms. Jones's

13  Personal Information, which Anthem maintained in its database. Ms. Jones received a letter

14  informing her that her Personal Information may have been compromised as a result of the Anthem

15  breach. Fraudulent charges appeared on Ms. Jones's husband's debit card that were disputed and

16  eventually refunded. Ms. Jones and her husband have spent numerous hours addressing issues

17  arising from the Anthem data breach.

18  <u>**Kansas**</u>

19  58.    Plaintiff Jason Jenkins is a citizen and resident of the State of Kansas. Mr. Jenkins

20  was enrolled in a Blue Cross Blue Shield Blue health plan and paid premiums on a regular basis.

21  Blue Cross Blue Shield and Anthem collected and received Mr. Jenkins's Personal Information,

22  which Anthem maintained in its database. Mr. Jenkins received a letter from Anthem informing him

23  that his Personal Information may have been compromised as a result of the Anthem breach. As a

24  result of the Anthem breach, Mr. Jenkins has spent numerous hours monitoring his accounts and

25  addressing issues arising from the Anthem data breach.

26  59.    Plaintiff Kelli Smith is a citizen and resident of the State of Kansas. Mrs. Smith and

27  her husband Joseph enrolled their three minor children in an Amerigroup KanCare health plan that

28  they purchased independently and paid premiums for on a regular basis. Amerigroup and Anthem

21

2055695.1

1  collected and received the Personal Information of Mrs. Smith and her three minor children, which

2  Anthem maintained in its database. Mrs. Smith received a letter from Anthem informing her that the

3  Personal Information of herself and her minor children may have been compromised as a result of

4  the Anthem breach. Mrs. Smith was subsequently notified by her accountant that someone had filed

5  a false tax return in her and her husband's name using their Personal Information. As a result of the

6  Anthem breach, Mrs. Smith and her husband were forced to travel to the IRS office, submit

7  documentation to the IRS, file a police report, pay postage, and take multiple trips to the post office

8  and police precinct to address issues relating to tax fraud at their expense. Mrs. Smith and her

9  husband will need to use a PIN to file her taxes in the future, and her 2014 tax refund payment was

10  delayed by more than six months. This delay caused hardships to Mrs. Smith and her husband who

11  needed their tax refund to pay down medical bills. As a result of the Anthem breach, Mrs. Smith and

12  her husband have spent numerous hours addressing issues relating to their tax fraud, monitoring their

13  accounts, and addressing issues arising from the Anthem data breach.

14  <u>**Kentucky**</u>

15      60.     Plaintiff Dianne Reistroffer is a citizen and resident of the State of Kentucky. Ms.

16  Reistroffer was enrolled in an Anthem Blue Cross Blue Shield Medicare Select health plan that she

17  purchased directly from Anthem, and she paid premiums on a regular basis. Blue Cross Blue Shield

18  and Anthem collected and received Ms. Reistroffer's Personal Information, which Anthem

19  maintained in its database. Ms. Reistroffer received a letter from Anthem informing her that her

20  Personal Information may have been compromised as a result of the Anthem breach. Ms. Reistroffer

21  pays approximately $108 annually for identity theft and credit monitoring services in order to

22  monitor for identity theft and fraudulent activity resulting from the Anthem Breach. As a result of

23  the Anthem breach, Ms. Reistroffer has spent numerous hours addressing issues arising from the

24  Anthem data breach.

25      61.     Plaintiff Christopher Ruberg is a citizen and resident of the State of Kentucky. Mr.

26  Ruberg was enrolled in an Anthem Blue Access PPO health plan that he purchased directly from

27  Anthem, and paid premiums on a regular basis. Blue Cross Blue Shield and Anthem collected and

28  received Mr. Ruberg's Personal Information, which Anthem maintained in its database. Mr. Ruberg

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

1   received two emails and a letter from Anthem informing him that his Personal Information may have

2   been compromised as a result of the Anthem breach. As a result of the Anthem breach, Mr. Ruberg

3   has spent numerous hours addressing issues arising from the Anthem data breach.

4       62.    Plaintiff Frank Bailey is a citizen and resident of the State of Kentucky. Mr. Bailey

5   was enrolled in a Blue Cross Blue Shield Minnesota health plan and paid premiums on a regular

6   basis. Blue Cross Blue Shield Minnesota and Anthem collected and received Mr. Bailey's Personal

7   Information, which Anthem maintained in its database. Mr. Bailey received a letter from Anthem

8   informing him that his Personal Information may have been compromised as a result of the Anthem

9   breach. As a result of the Anthem breach, Mr. Bailey has spent numerous hours monitoring his

10   accounts and addressing issues arising from the Anthem data breach.

11   **Maine**

12       63.    Plaintiff Robin Wilkey is a citizen and resident of the State of Maine. Ms. Wilkey

13   was enrolled in an Anthem Blue Cross Blue Shield—Anthem Health Plans of Maine, Inc., Maine

14   Education Trust (MEA Benefits Trust) health plan through her employer, a public school, and paid

15   premiums on a regular basis while her husband was enrolled in that plan. Anthem and Anthem Blue

16   Cross Blue Shield collected and received Ms. Wilkey's Personal Information, which Anthem

17   maintained in its database. Ms. Wilkey and her husband placed credit freezes on their credit reports

18   with the three major U.S. consumer credit reporting agencies in order to detect potential identity

19   theft and fraudulent activity. In February 2015 Ms. Wilkey was notified by her accountant that

20   someone had filed a false tax return in her name using her Personal Information. As a result of the

21   Anthem breach, Ms. Wilkey was forced to submit an affidavit to the IRS, file a police report, take

22   trips to the bank and post office, and make calls to the State of Maine's Insurance Bureau. Ms.

23   Wilkey's $4,400 tax refund was delayed six months and Ms. Wilkey was forced to take odd jobs

24   over the summer. Ms. Wilkey also submitted an identity theft claim to the All Clear ID service that

25   Anthem offered as a result of the breach and that claim was denied. As a result of the Anthem data

26   breach, Ms. Wilkey has spent over 100 hours addressing issues arising from the Anthem data breach.

27       64.    Plaintiff Gary Bellegarde is a citizen and resident of the State of Maine. Mr.

28   Bellegarde was enrolled in a Blue Cross Blue Shield of Maine plan and paid premiums on a regular

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

2055695.1

basis. Anthem and Blue Cross Blue Shield of Maine collected and received Mr. Bellegarde's Personal Information, which Anthem maintained in its database. Mr. Bellegarde received a letter from Anthem informing him that his Personal Information may have been compromised as a result of the Anthem breach, as did his wife, who was a member of the same health plan. After announcement of the Anthem breach, Mr. Bellegarde received a call from his accounting firm informing him that his tax returns had been rejected because someone had filed a false tax return in his name using his Personal Information. Mr. Bellegarde had to drive to the local IRS office to provide proof of identification and fill out an affidavit. As a result, his 2014 tax refund payment was delayed by four months. Mr. Bellegarde also had to travel to the state capital with the paper returns to prevent possible state tax fraud. As a result of the Anthem breach, Mr. Bellegarde has spent numerous hours monitoring his accounts and addressing issues arising from the Anthem data breach.

65.    Plaintiff Mark Hatcher is a citizen and resident of the State of Maine. Mr. Hatcher purchased Anthem Blue Cross Blue Shield independently and paid premiums on a regular basis. Anthem and Blue Cross Blue Shield collected and received Mr. Hatcher's Personal Information, which Anthem maintained in its database. Mr. Hatcher received a letter from Anthem informing him that his Personal Information may have been compromised as a result of the Anthem breach. After announcement of the Anthem breach, Mr. Hatcher's Social Security Number was used to change the PIN on his bank account and the account balance of approximately $913 was withdrawn. During the period before the unauthorized charges were returned, Mr. Hatcher was unable to pay several bills, which damaged his credit, but also left him unable to purchase necessities. One of the bills Mr. Hatcher was unable to pay during this period was his monthly premium to Anthem, and his policy lapsed. Mr. Hatcher could not be reinstated and must wait until the next open enrollment period to reenroll. As such, Mr. Hatcher is currently without health insurance. Mr. Hatcher also incurred a $20.00 late fee for the storage unit he was renting.  The late payment was a result of a failed auto-payment which fell 2 days after his bank account was breached and during the time his bank account was frozen. As a result of the Anthem breach, Mr. Hatcher has spent numerous hours monitoring his accounts and addressing issues arising from the Anthem data breach.

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

2055695.1

**Maryland**

66.     Plaintiff Don West is a citizen and resident of the State of Maryland. Mr. West enrolled in a CareFirst Blue Choice, Inc. health plan and paid premiums on a regular basis. CareFirst Blue Choice, Inc. and Anthem collected and received Mr. West's Personal Information, which Anthem maintained in its database. Mr. West received a letter from Anthem and his employer informing him that his Personal Information may have been compromised as a result of the Anthem breach. In or about February 2015, Mr. West was notified that someone had filed a false tax return under his name using his Personal Information. Mr. West was forced to submit affidavits to the IRS, file a police report, and file his taxes by mail. Mr. West's federal tax refund of $1,700 was delayed six months and Mr. West's State of Maryland tax refund of $400 was delayed eight months. Mr. West received notification that an attempt was made to open a Capital One credit card with Mr. West's Personal Information. As a result of the Anthem breach, Mr. West has spent numerous hours addressing issues arising from the Anthem data breach.

**Massachusetts**

67.     Plaintiff Fazi Zand is a citizen and resident of the State of Massachusetts. Mr. Zand was enrolled in an Anthem Blue Cross health plan and paid premiums on a regular basis. Anthem Blue Cross and Anthem collected and received Mr. Zand's Personal Information, which Anthem maintained in its database. Mr. Zand received notification e-mails from Anthem and his employer informing him that his information may have been compromised as a result of the Anthem data breach. As a result of the Anthem breach, Mr. Zand has spent numerous hours monitoring his accounts and addressing issues arising from the Anthem data breach.

68.     Plaintiff Claudia Cass is a citizen and resident of the State of Massachusetts. Ms. Cass was enrolled in an Empire New York State Governmental Employee health plan through her employer, the City School District of New Rochelle, New York. Six months after getting married, Ms. Cass was enrolled in a different Empire Plan NYSHIP through her husband's employer, the New York State Thruway Authority. Anthem and Empire collected and received Ms. Cass's Personal Information, which Anthem maintained in its database. Ms. Cass received a letter from Anthem informing her that her Personal Information may have been compromised as a result of the

25

1  Anthem breach. Ms. Cass then learned from an Anthem representative that her daughter's Personal

2  Information was also compromised. After announcement of the Anthem breach, Ms. Cass received a

3  notification that her tax return had been rejected because someone had filed a false tax return in her

4  name using her Personal Information and a refund had already been given. The IRS sent Ms. Cass to

5  her local Social Security office, the police, and her bank. Ms. Cass will need to use a PIN to file her

6  taxes in the future, and her 2014 tax refund payment was delayed by almost six months.

7  Additionally, Ms. Cass pays approximately $100 annually for identity theft and credit monitoring

8  services in order to monitor for identity theft and fraudulent activity resulting from the Anthem

9  breach. As a result of the Anthem breach, Ms. Cass has spent numerous hours monitoring her

10  accounts and addressing issues arising from the Anthem data breach.

11       69.    Plaintiff Robert Roy is a citizen and resident of the State of Massachusetts. Mr. Roy

12  was enrolled in a Unicare State Indemnity Plan, a trade name of Anthem Insurance Companies,

13  health plan through his employer, the Commonwealth of Massachusetts, and he paid premiums on a

14  regular basis. Unicare State Indemnity Plan and Anthem collected and received Mr. Roy's Personal

15  Information, which Anthem maintained in its database. Mr. Roy received a letter from Anthem

16  informing him that his Personal Information may have been compromised as a result of the Anthem

17  breach. Mr. Roy pays approximately $252 annually for identity theft and credit monitoring services

18  in order to monitor for identity theft and fraudulent activity resulting from the Anthem breach. Mr.

19  Roy was subsequently notified by his CPA that someone had filed a false tax return under his name

20  using his Personal Information. As a result of the Anthem breach, Mr. Roy was forced to submit an

21  affidavit to the IRS, file a police report, and file his taxes by mail. Mr. Roy's $1,700 tax refund was

22  delayed 2.5 months. As a result of the Anthem breach, Mr. Roy has spent numerous hours

23  addressing issues arising from the Anthem data breach.

24       70.    Plaintiff Carrie Ramos is a citizen and resident of the State of Massachusetts. Ms.

25  Amos was enrolled in a state-sponsored Blue Cross Blue Shield of Massachusetts Preferred Blue

26  PPO and paid premiums on a regular basis. Blue Cross Blue Shield of Massachusetts and Anthem

27  collected and received Ms. Ramos's Personal Information, which Anthem maintained in its database.

28  Around March 2015, Ms. Ramos received a letter from Blue Cross Blue Shield of Massachusetts

2055695.1

1  informing her that some of her Personal Information was accessed during the breach. She

2  subsequently received a letter from Anthem informing her that her Personal Information may have

3  been compromised as a result of the Anthem breach. As a result of the Anthem breach, Ms. Ramos

4  has spent numerous hours addressing issues arising from the Anthem data breach.

5        71.    Plaintiff Lisa Daniels is a citizen and resident of the State of Massachusetts.  Ms.

6  Daniels was enrolled in an Anthem Blue Cross Blue Shield plan and paid premiums on a regular

7  basis.  Anthem collected and received Ms. Daniels' Personal Information, which Anthem maintained

8  in its database.  Ms. Daniels received a letter from Anthem informing her that her Personal

9  Information may have been compromised as a result of the breach.  Prior to the announcement of the

10  Anthem breach but, on information and belief, after the breach had occurred, Ms. Daniels was

11  notified that her bank account was overdrawn.  Upon receiving the account statement, she found that

12  multiple fraudulent withdrawals had been made from her account.  Ms. Daniel notified her bank and

13  they told her to file a police report.  Ms. Daniel filed a police report and the investigation is ongoing.

14  To date, Ms. Daniels has not been reimbursed for the fraudulently withdrawn funds.  As a result, Ms.

15  Daniels lost her apartment, her health insurance (though it was subsequently reinstated), and has

16  been hospitalized for depression and anxiety.  She is presently homeless and her belongings are in a

17  storage facility for which she cannot make payments, so risks losing her possessions as well.  As a

18  result of the Anthem breach, Ms. Daniels has spent numerous hours monitoring her accounts and

19  addressing issues arising from the Anthem data breach.

20  **Michigan**

21        72.    Plaintiff Michelle Kaseta-Collins is a citizen and resident of the State of Michigan.

22  Ms. Kaseta-Collins was enrolled in a Blue Care Network HMO affiliated with Blue Cross Blue

23  Shield of Michigan health plan and paid premiums on a regular basis. In the past, Ms. Kaseta-Collins

24  was enrolled in a MESSA Blue Cross Blue Shield of Michigan plan through her employer, a public

25  university, and paid premiums on a regular basis. Also in the past, Ms. Kaseta-Collins was enrolled

26  in a Blue Cross Blue Shield of Michigan Community Blue PPO ASC health plan through her

27  employer, a public school, and paid premiums on a regular basis. Also in the past, Ms. Kaseta-

28  Collins was enrolled in an Allegis CareFirst Blue Cross Blue Shield health plan and paid premiums

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

on a regular basis. These entities and Anthem collected and received Ms. Kaseta-Collins' Personal

Information, which Anthem maintained in its database. Ms. Kaseta-Collins and her daughter

received a letter from Anthem informing them that their Personal Information may have been

compromised as a result of the Anthem breach. Ms. Kaseta-Collins placed credit freezes on her and

her daughter's credit reports with the three major U.S. consumer credit reporting agencies in order to

detect potential identity theft and fraudulent activity. As a result of the Anthem breach, Ms. Kaseta-

Collins has spent numerous hours addressing issues arising from the Anthem data breach.

**Minnesota**

73.    Plaintiff Hank Maurer is a citizen and resident of the State of Minnesota. Mr. Maurer

was enrolled in an Anthem Blue Cross Blue Shield health plan and paid premiums on a regular basis.

Anthem Blue Cross Blue Shield and Anthem collected and received Mr. Maurer's Personal

Information, which Anthem maintained in its database. Mr. Maurer received a letter from Anthem

informing him that his Personal Information may have been compromised as a result of the Anthem

breach. Mr. Maurer pays approximately $180 annually for identity theft and credit monitoring

services in order to monitor for identity theft and fraudulent activity resulting from the Anthem

breach. As a result of the Anthem breach, Mr. Maurer has spent numerous hours addressing issues

arising from the Anthem data breach.

74.    Plaintiff Jack Wenglewick is a citizen and resident of the State of Minnesota. Mr.

Wenglewick was enrolled in a Blue Cross and Blue Shield of Illinois health plan and an Anthem

Blue Cross Blue Shield Choice Plus PPO health plan and paid premiums on a regular basis. Anthem

and Blue Cross and Blue Shield of Illinois collected and received Mr. Wenglewick's Personal

Information, which Anthem maintained in its database.  Mr. Wenglewick received notification e-

mails from Anthem and his employer informing him that his Personal Information may have been

compromised as a result of the Anthem data breach. As a result of the Anthem breach, Mr.

Wenglewick has spent numerous hours monitoring his accounts and addressing issues arising from

the Anthem data breach.

**Mississippi**

75.    Plaintiff Charles McCullough is a citizen and resident of the State of Mississippi. Mr.

28

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

2055695.1

1  McCullough was enrolled in a Blue Cross Blue Shield health plan and paid premiums on a regular

2  basis. Blue Cross Blue Shield and Anthem collected and received Mr. McCullough's Personal

3  Information, which Anthem maintained in its database. Mr. McCullough received a letter from

4  Anthem informing him that his Personal Information may have been compromised as a result of the

5  Anthem breach. Mr. McCullough also placed fraud alerts on his credit reports with the three major

6  U.S. consumer credit reporting agencies in order to detect potential identity theft and fraudulent

7  activity. As a result of the Anthem breach, Mr. McCullough has spent numerous hours addressing

8  issues arising from the Anthem data breach.

9  **Missouri**

10  76.     Plaintiff Debbie Stein is a citizen and resident of the State of Missouri. Ms. Stein was

11  enrolled in an Anthem Blue Access Choice health plan through her employer, a Missouri public

12  school, and paid premiums on a regular basis. Anthem Blue Access Choice and Anthem collected

13  and received Ms. Stein's Personal Information, which Anthem maintained in its database. Ms. Stein

14  received a letter from Anthem informing her that her Personal Information may have been

15  compromised as a result of the Anthem breach. Ms. Stein subsequently received a fraudulent tax

16  refund check from the IRS. She filed an identity theft affidavit with the IRS. Ms. Stein also placed

17  credit freezes on her credit reports with the three major U.S. consumer credit reporting agencies in

18  order to detect potential identity theft and fraudulent activity. As a result of the Anthem breach, Ms.

19  Stein took time off of work and has spent numerous hours addressing issues arising from the Anthem

20  data breach.

21  77.     Plaintiff Melody Eads is a citizen and resident of the State of Missouri. Ms. Eads was

22  enrolled in an Anthem Blue Cross Blue Shield Blue Access PPO health plan and an Anthem Blue

23  Cross Blue Shield health plan and paid premiums on a regular basis. Anthem Blue Cross Blue Shield

24  and Anthem collected and received Ms. Eads's Personal Information, which Anthem maintained in

25  its database. Ms. Eads received a letter from her employer and Anthem informing her that her

26  Personal Information may have been compromised as a result of the Anthem breach. Ms. Eads

27  subsequently received a letter from the IRS indicating that someone had tried to file a false tax return

28  in her name using her Personal Information. As a result, Ms. Eads was forced to submit affidavits to

29

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

the IRS and file a police report documenting the fraud. As a result of the Anthem breach, Ms. Eads has spent over 100 hours addressing tax fraud, monitoring her accounts, and addressing issues arising from the Anthem data breach.

78.    Plaintiff Christopher Allen is a citizen and resident of the State of Missouri. Mr. Allen was enrolled in an Anthem Blue Cross and Blue Shield / RightChoice Managed Care, Inc. health insurance plan, and paid premiums on a regular basis. Anthem Blue Cross and Blue Shield / RightChoice Managed Care, Inc. and Anthem collected and received Mr. Allen's Personal Information, which Anthem maintained in its database. Mr. Allen received two letters from Anthem informing him that his and his family's Personal Information may have been compromised as a result of the Anthem breach. Mr. Allen subsequently received a letter from the IRS informing him that someone had filed a false tax return in his name using his Personal Information. As a result, his 2014 tax refund payment was delayed by a number of months. As a result of the Anthem breach, Mr. Allen has spent numerous hours monitoring his family's accounts and addressing issues arising from the Anthem data breach.

### Nebraska

79.    Plaintiff Troy Hobbs is a citizen and resident of the State of Nebraska. Mr. Hobbs was enrolled in an Anthem Blue Cross Blue Shield of Wisconsin health plan and paid premiums on a regular basis. Anthem Blue Cross Blue Shield of Wisconsin and Anthem collected and received Mr. Hobbs's Personal Information, which Anthem maintained in its database. Mr. Hobbs received a letter from Anthem informing him that his Personal Information may have been compromised as a result of the Anthem breach. In or around February 2015, Mr. Hobbs and his spouse attempted to file their taxes online and received an error message stating their taxes had already been filed, even though Mr. and Mrs. Hobbs had not yet filed a tax return. Mr. Hobbs subsequently received a letter from the IRS informing him that someone had filed a false tax return in his name using his Personal Information. Mr. Hobbs was forced to contact and submit documents to the IRS and file a police report relating to the tax fraud at his own expense. Additionally, Mr. Hobbs's 2014 tax refund payment was delayed by at least six months. In September of 2015, Mr. Hobbs learned that someone had taken out an online loan in his name and using his Personal Information in the amount of $1720.

30

2055695.1

1   Mr. Hobbs is still in the process of attempting to clear his name with respect to the fraudulent loan.

2   As a result of the Anthem breach, Mr. Hobbs has spent numerous hours addressing issues relating to

3   his tax and credit fraud, monitoring his accounts, and addressing issues arising from the Anthem data

4   breach.

5   **Nevada**

6   80.    Plaintiff David Ifversen is a citizen and resident of the State of Nevada. Mr. Ifversen

7   was enrolled in an Anthem Blue Cross Blue Shield Federal Employees Program health plan through

8   his employer, the U.S. State Department, and paid premiums on a regular basis. Blue Cross Blue

9   Shield and Anthem collected and received Mr. Ifversen's Personal Information, which Anthem

10  maintained in its database. Mr. Ifversen received a letter from Anthem informing him that his

11  Personal Information may have been compromised as a result of the Anthem breach. As a result of

12  the Anthem breach, Mr. Ifversen has spent numerous hours addressing issues arising from the

13  Anthem data breach.

14  **New Hampshire**

15  81.    Plaintiff Joseph LeBrun is a citizen and resident of the State of New Hampshire. Mr.

16  LeBrun was enrolled in an Anthem Blue Cross Blue Shield health plan and paid premiums on a

17  regular basis. Anthem Blue Cross Blue Shield and Anthem collected and received Mr. LeBrun's

18  Personal Information, which Anthem maintained in its database. Mr. LeBrun received a letter from

19  Anthem informing him that his Personal Information may have been compromised as a result of the

20  Anthem breach. Mr. LeBrun subsequently received a letter from the IRS informing him that

21  someone had filed a false tax return using his Personal Information. Mr. LeBrun also placed credit

22  freezes on his credit reports with the three major U.S. consumer credit reporting agencies in order to

23  detect potential identity theft and fraudulent activity. As a result of the Anthem breach, Mr. LeBrun

24  has spent numerous hours addressing issues arising from the Anthem data breach.

25  82.    Plaintiff Brenda Harrington is a citizen and resident of the State of New Hampshire.

26  Ms. Harrington was enrolled in an Anthem Blue Cross Blue Shield health plan that she purchased

27  directly from Anthem, and paid premiums on a regular basis. Blue Cross Blue Shield and Anthem

28  collected and received Ms. Harrington's Personal Information, which Anthem maintained in its

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

database. Ms. Harrington received a letter from Anthem informing her that her Personal Information may have been compromised as a result of the Anthem breach. Ms. Harrington subsequently received a letter from the IRS informing her that someone had filed a false tax return in her name using her Personal Information. As a result of the Anthem breach, Ms. Harrington was forced to submit affidavits to the IRS and file paper tax returns. As a result of the Anthem breach, Ms. Harrington has spent numerous hours addressing issues arising from the Anthem data breach.

### New Jersey

83.     Plaintiff Elizabeth Ames is a resident and citizen of the State of New Jersey. Ms. Ames was enrolled in a Horizon Blue Cross Blue Shield of New Jersey health plan that she purchased independently from Horizon Blue Cross Blue Shield of New Jersey and was previously enrolled in a Blue Cross Blue Shield of Florida health plan.  Ms. Ames paid premiums on a regular basis. Horizon Blue Cross Blue Shield of New Jersey, Blue Cross Blue Shield of Florida, and Anthem collected and received Ms. Ames's Personal Information, which Anthem maintained in its database.  Ms. Ames received a letter from Anthem informing her that her Personal Information may have been compromised as a result of the data breach. As a result of the Anthem breach, Ms. Ames has spent numerous hours addressing issues arising from the Anthem data breach.

### New Mexico

84.     Plaintiff Ronald Percy is a citizen and resident of the State of New Mexico. Mr. Percy was enrolled in a Unicare Security Choice Medicare health plan that he purchased independently and paid premiums for on a regular basis. Unicare Security Choice Medicare and Anthem collected and received Mr. Percy's Personal Information, which Anthem maintained in its database. Mr. Percy received a letter from Anthem informing him that his Personal Information may have been compromised as a result of the Anthem breach. Mr. Percy and his wife Linda placed credit freezes on their credit reports with the three major U.S. consumer credit reporting agencies in order to detect potential identity theft and fraudulent activity. Additionally, Mr. Percy and his wife pay approximately $230 annually for identity theft and credit monitoring services in order to monitor for identity theft and fraudulent activity resulting from the Anthem breach. As a result of the Anthem breach, Mr. Percy and his wife have spent numerous hours monitoring their accounts and addressing

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

2055695.1

1    issues arising from the Anthem data breach.

2    <u>**New York**</u>

3        85.    Plaintiff Barbara Gold is a citizen and resident of the State of New York. Ms. Gold

4    was enrolled in a state-sponsored Empire Blue Cross Blue Shield health plan through her husband's

5    employer, the State of New York, and paid premiums on a regular basis. Empire Blue Cross Blue

6    Shield and Anthem collected and received Ms. Gold's Personal Information, which Anthem

7    maintained in its database. Ms. Gold received a letter from Anthem informing her that her Personal

8    Information may have been compromised as a result of the Anthem breach. Anthem confirmed to

9    Ms. Gold over the telephone that her data was in fact compromised. Ms. Gold pays approximately

10    $191 annually for identity theft and credit monitoring services in order to monitor for identity theft

11    and fraudulent activity resulting from the Anthem breach. As a result of the Anthem breach, Ms.

12    Gold has spent numerous hours addressing issues arising from the Anthem data breach, which has

13    caused her undue distress.

14        86.    Plaintiff Matthew Gates is a citizen and resident of the State of New York. Mr. Gates

15    was enrolled in an Anthem Blue Cross Blue Shield PPO health plan and paid premiums on a regular

16    basis. Anthem Blue Cross Blue Shield and Anthem collected and received Mr. Gates's Personal

17    Information, which Anthem maintained in its database. Mr. Gates received a letter from Anthem

18    informing him that his Personal Information may have been compromised as a result of the Anthem

19    breach. Mr. Gates's minor son, who was a member of the same health plan, subsequently received a

20    letter from the IRS seeking confirmation of his identity. As a result of the Anthem breach, Mr. Gates

21    and his wife spent numerous hours on the phone with the IRS and police attempting to correct their

22    son's tax filing. As a result, his 2014 tax refund payment was delayed by six months. As a result of

23    the Anthem breach, Mr. Gates and his family have spent numerous hours monitoring their accounts

24    and addressing issues arising from the Anthem data breach.

25        87.    Plaintiff Juan Carlos Cerro is a citizen and resident of the State of New York. Mr.

26    Cerro was enrolled in a state-sponsored Empire HealthChoice health plan through his wife's

27    employer, a New York public school, and paid premiums on a regular basis. Anthem collected and

28    received Mr. Cerro's Personal Information, which Anthem maintained in its database. Mr. Cerro

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

1  received a letter from Anthem informing him that his Personal Information may have been

2  compromised as a result of the Anthem breach. Mr. Cerro and his wife subsequently received a letter

3  from the IRS informing them that someone had filed a false tax return in their name using their

4  Personal Information. As a result of the Anthem breach, Mr. Cerro and his wife were forced to

5  submit affidavits to the IRS, file a police report, file a complaint with the Federal Trade

6  Commission, and take trips to the Social Security Administration office. Their 2014 tax return

7  payment was delayed until September 2015. Mr. Cerro and his wife also placed credit freezes on

8  their credit reports with the three major U.S. consumer credit reporting agencies in order to detect

9  potential identity theft and fraudulent activity. Additionally, Mr. Cerro pays approximately $300

10 annually for identity theft and credit monitoring services in order to monitor for identity theft and

11 fraudulent activity resulting from the Anthem breach. As a result of the Anthem breach, Mr. Cerro

12 has spent numerous hours addressing issues arising from the Anthem data breach.

13       88.      Plaintiff Marne Onderdonk is a citizen and resident of the State of New York. Ms.

14 Onderdonk was enrolled in a Blue Cross Blue Shield United HealthCare plan via The Empire Plan

15 New Health Insurance Program through her employer, a county family court, and paid premiums on

16 a regular basis. Blue Cross Blue Shield United HealthCare plan via The Empire Plan New Health

17 Insurance Program and Anthem collected and received Ms. Onderdonk's Personal Information,

18 which Anthem maintained in its database. Ms. Onderdonk placed credit freezes on her credit reports

19 with the three major U.S. consumer credit reporting agencies in order to detect potential identity

20 theft and fraudulent activity, which has caused her delays when applying for credit. Additionally,

21 Ms. Onderdonk pays approximately $240 annually for identity theft and credit monitoring services

22 in order to monitor for identity theft and fraudulent activity resulting from the Anthem breach. As a

23 result of the Anthem breach, Ms. Onderdonk has spent numerous hours monitoring her accounts and

24 addressing issues arising from the Anthem data breach.

25                                   **North Carolina**

26       89.      Plaintiff Randy Polacsek is a citizen and resident of the State of North Carolina. Mr.

27 Polacsek was enrolled in a Blue Cross Blue Shield of California health plan and paid premiums on a

28 regular basis. Prior to that, Mr. Polacsek was enrolled in a Blue Cross Blue Shield of Pennsylvania

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

2055695.1

1   health plan and paid premiums on a regular basis. Prior to that, Mr. Polacsek was enrolled in a Blue

2   Cross Blue Shield of Massachusetts health plan and paid premiums on a regular basis. These entities

3   and Anthem collected and received Mr. Polacsek's Personal Information, which Anthem maintained

4   in its database. Mr. Polacsek received a letter from Anthem informing him that his Personal

5   Information may have been compromised as a result of the Anthem breach. In March 2015, Mr.

6   Polacsek was informed by a detective in Illinois that someone had a credit card in Illinois with Mr.

7   Polacsek's Personal Information. Mr. Polacsek had his credit cards cancelled and reissued. As a

8   result of the Anthem data breach, Mr. Polacsek has spent numerous hours addressing issues arising

9   from the Anthem data breach.

10          90.     Plaintiff Francis Nicosia is a citizen and resident of the State of North Carolina. Mr.

11   Nicosia was enrolled in a North Carolina Blue Cross Blue Shield health plan and an Anthem Blue

12   Cross health plan and paid premiums on a regular basis. North Carolina Blue Cross Blue Shield,

13   Anthem Blue Cross and Anthem collected and received Mr. Nicosia's Personal Information, which

14   Anthem maintained in its database. Following Anthem's announcement of the data breach, Mr.

15   Nicosia received a letter from the IRS informing him that someone had filed a false tax return in his

16   name using his Personal Information. Mr. Nicosia thereafter called Anthem and was informed that

17   his Personal Information may have been compromised by the Anthem breach. Mr. Nicosia still has

18   not received his 2014 tax return payment. Additionally, Mr. Nicosia pays approximately $780

19   annually for identity theft and credit monitoring services in order to monitor for identity theft and

20   fraudulent activity resulting from the Anthem breach. As a result of the Anthem breach, Mr. Nicosia

21   has spent numerous hours addressing issues arising from the Anthem data breach.

22                                              **Ohio**

23          91.     Plaintiff Connie McDaniel is a citizen and resident of the State of Ohio.  Ms.

24   McDaniel was enrolled in a Blue Cross Blue Shield of Alabama plan and paid premiums on a

25   regular basis.  Anthem collected and received Ms. McDaniel's Personal Information, which Anthem

26   maintained in its database.  Ms. McDaniel received a letter from Anthem informing her that her

27   Personal Information may have been compromised as a result of the Anthem breach.  After the

28   announcement of the Anthem breach, Ms. McDaniel was notified that her joint tax return had been

35

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

1   rejected because someone had filed a false return in her name using her Personal Information.  Ms.

2   McDaniel went to the local police department to file a report, called credit reporting agencies, went

3   to her bank and credit union, and communicated with the IRS regarding this matter.  As a result, her

4   2014 tax refund payment was delayed by three months.  As a result of the Anthem breach, Ms.

5   McDaniel has spent numerous hours monitoring her accounts and addressing issues arising from the

6   Anthem data breach.

7       92.     Plaintiff Janett Tillman is a citizen and resident of the State of Ohio. Ms. Tillman

8   purchased Anthem Blue Cross Advantage through Medicare and paid premiums on a regular basis.

9   Anthem collected and received Ms. Tillman's Personal Information, which Anthem maintained in its

10  database. Ms. Tillman received a letter from Anthem informing her that her Personal Information

11  may have been compromised as a result of the Anthem breach. As a result of the Anthem breach,

12  Ms. Tillman has spent numerous hours monitoring her accounts and addressing issues arising from

13  the Anthem data breach.

14      93.     Plaintiff Rachel Calo is a citizen and resident of the State of Ohio. Ms. Calo was

15  enrolled in an Anthem Blue Cross Blue Shield plan and paid premiums on a regular basis. Anthem

16  and Blue Cross Blue Shield collected and received Ms. Calo's Personal Information, which Anthem

17  maintained in its database. Ms. Calo received a letter from Anthem informing her that her Personal

18  Information may have been compromised as a result of the Anthem breach, as did her minor

19  children, who were members of the same health plan. As a result of the Anthem breach, Ms. Calo

20  has spent numerous hours monitoring her accounts and addressing issues arising from the Anthem

21  data breach.

22      94.     Plaintiff Nicholas Bowes is a citizen and resident of the State of Ohio. Mr. Bowes

23  was enrolled in an Anthem Blue Cross Blue Shield plan through his employer, a public university,

24  and was previously enrolled in an Anthem Blue Cross Blue Shield plan through a parent. Mr. Bowes

25  paid premiums on a regular basis. Anthem collected and received Mr. Bowes' Personal Information,

26  which Anthem maintained in its database. Mr. Bowes received a letter from Anthem informing him

27  that his Personal Information may have been compromised as a result of the Anthem breach and also

28  received notification from his employer. As a result of the Anthem breach, Mr. Bowes has spent

36

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

1  numerous hours monitoring his accounts and addressing issues arising from the Anthem data breach.

2      95.    Plaintiff Martin Williams is a citizen and resident of the State of Ohio. Mr. Williams

3  was enrolled in an Anthem Blue Cross Blue Shield plan, which he purchased independently, and

4  also under a separate Anthem Blue Cross Blue Shield plan. Mr. Williams paid premiums on a

5  regular basis. Anthem collected and received Mr. Williams' Personal Information, which Anthem

6  maintained in its database. Mr. Williams received a letter from Anthem informing him that his

7  Personal Information may have been compromised as a result of the Anthem breach, as did his wife.

8  After announcement of the Anthem breach, Mr. Williams was notified of fraudulent charges to one

9  of his accounts, resulting in cancellation and reissuance of the affected card. As a result of the

10  Anthem breach, Mr. Williams has spent numerous hours monitoring his accounts and addressing

11  issues arising from the Anthem data breach.

12                                    **Oklahoma**

13      96.    Plaintiff Rosanne M. Stanley is a citizen and resident of the State of Oklahoma. Ms.

14  Stanley was enrolled in an Anthem Blue Cross Blue Shield health plan and paid premiums on a

15  regular basis. Anthem Blue Cross Blue Shield collected and received Ms. Stanley's Personal

16  Information, which Anthem maintained in its database. Ms. Stanley received a letter from Anthem

17  informing her that her Personal Information may have been compromised as a result of the Anthem

18  breach. Ms. Stanley now closely reviews her identity theft and credit monitoring services and

19  monitors her bank accounts. As a result of the Anthem breach, Ms. Stanley has spent numerous

20  hours addressing issues arising from the Anthem data breach.

21                                   **Pennsylvania**

22      97.    Plaintiff Gregory Kremer is a citizen and resident of the State of Pennsylvania. Mr.

23  Kremer was enrolled in a Blue Cross Blue Shield of Illinois health plan and paid premiums on a

24  regular basis. Prior to that, Mr. Kremer was enrolled in an Anthem health plan. Blue Cross Blue

25  Shield of Illinois and Anthem collected and received Mr. Kremer's Personal Information, which

26  Anthem maintained in its database. Mr. Kremer received a letter from Anthem informing him that

27  his Personal Information may have been compromised as a result of the Anthem breach. Mr. Kremer

28  has enrolled in an identity theft and credit monitoring service in order to monitor for identity theft

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

2055695.1

1   and fraudulent activity resulting from the Anthem breach. As a result of the Anthem breach, Mr.

2   Kremer has spent numerous hours addressing issues arising from the Anthem data breach.

3       98.     Plaintiff Denise Masloski is a citizen and resident of the State of Pennsylvania. Ms.

4   Masloski was enrolled in a Highmark Blue Cross Blue Shield health plan and paid premiums on a

5   regular basis. Highmark Blue Cross Blue Shield and Anthem collected and received Ms. Masloski's

6   Personal Information, which Anthem maintained in its database.  When Ms. Masloski was unable to

7   file her 2014 tax return she learned that someone had filed a false tax return in her name using her

8   Personal Information. As a result of the Anthem breach, Ms. Masloski was forced to submit

9   affidavits to the IRS, travel to the Social Security Administration office to verify her identity, and

10  spend numerous hours on the phone with the IRS. She still has not received her tax refund for

11  $3,425.00. As a result of the Anthem breach, Ms. Masloski has been denied access to her federal tax

12  refund and has spent numerous hours addressing issues arising from the Anthem data breach.

13  **<u>South Carolina</u>**

14      99.     Plaintiff Lakeysha Gant is a citizen and resident of the State of South Carolina. Ms.

15  Gant was enrolled in an Anthem Blue Cross Blue Shield Bronze Plus Choice health plan and paid

16  premiums on a regular basis. Anthem collected and received Ms. Gant's personal information, which

17  Anthem maintained in its database. Ms. Gant received a letter from Anthem informing her that her

18  information may have been compromised as a result of the Anthem data breach. Ms. Gant now

19  engages in frequent monitoring of her credit and her bank accounts. As a result of the Anthem

20  breach, Ms. Gant has spent numerous hours addressing issues arising from the Anthem data breach.

21  **<u>Tennessee</u>**

22      100.    Plaintiff Jonathan B. Pulcini is a citizen and resident of the State of Tennessee. Mr.

23  Pulcini was enrolled in an Anthem Blue Cross Blue Shield health plan and paid premiums on a

24  regular basis. Anthem Blue Cross Blue Shield collected and received Mr. Pulcini's Personal

25  Information, which Anthem maintained in its database. Mr. Pulcini received a letter from Anthem

26  informing him that his Personal Information may have been compromised as a result of the Anthem

27  breach. Mr. Pulcini now closely reviews his identity theft and credit monitoring services and

28  monitors his bank accounts. As a result of the Anthem breach, Mr. Pulcini has spent numerous hours

38

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

addressing issues arising from the Anthem data breach.

**Texas**

101.    Plaintiff Lane Wagner is a citizen and resident of the State of Texas. Mr. Wagner was enrolled in a Blue Cross Blue Shield of Texas health plan that he purchased individually, and he paid premiums on a regular basis. Blue Cross Blue Shield of Texas and Anthem collected and received Mr. Wagner's Personal Information, which Anthem maintained in its database. Mr. Wagner received a letter from Anthem informing him that his Personal Information may have been compromised as a result of the Anthem breach. Mr. Wagner pays approximately $480 annually for identity theft and credit monitoring services in order to monitor for identity theft and fraudulent activity resulting from the Anthem breach. That service notified Mr. Wagner that his Personal Information was for sale on two dark web sites. Mr. Wagner then placed credit freezes on his credit reports with the three major U.S. consumer credit reporting agencies in order to detect potential identity theft and fraudulent activity. Mr. Wagner also filed a police report and filed a complaint with the Federal Trade Commission. As a result of the Anthem breach, Mr. Wagner has spent numerous hours addressing issues arising from the Anthem data breach.

102.    Plaintiff Joseph Beckerman is a citizen and resident of the State of Texas. Mr. Beckerman was enrolled in an Anthem Blue Cross Blue Shield PPO health plan and an Anthem Blue View Plus Insurance Vision health plan. Mr. Beckerman paid premiums on a regular basis. Anthem collected and received Mr. Beckerman's Personal Information, which Anthem maintained in its database. Mr. Beckerman received a letter from Anthem informing him that his Personal Information may have been compromised as a result of the Anthem breach. Mr. Beckerman pays approximately $700 annually for identity theft and credit monitoring services for himself and his three children, who were members of the same health plan, in order to monitor for identity theft and fraudulent activity resulting from the Anthem breach. As a result of the Anthem breach, Mr. Beckerman has spent numerous hours monitoring his accounts and addressing issues arising from the Anthem data breach on behalf of himself and his three children.

**Virginia**

103.    Plaintiff Amanda Davis is a citizen and resident of the State of Virginia. Mrs. Davis

39

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

2055695.1

1  was enrolled in a state-sponsored Anthem Healthkeepers health plan through her employer, a public

2  school, and an Anthem Blue Cross Blue Shield of Virginia health plan that she purchased

3  independently through the health insurance marketplace. Mrs. Davis paid premiums for her health

4  plans on a regular basis. Anthem Healthkeepers, Anthem Blue Cross Blue Shield of Virginia and

5  Anthem collected and received Mrs. Davis's Personal Information, which Anthem maintained in its

6  database. Mrs. Davis received a letter from Anthem informing her that her Personal Information may

7  have been compromised as a result of the Anthem breach. Mrs. Davis subsequently learned that

8  someone had filed a false tax return in her name using her Personal Information and later received a

9  letter from the IRS confirming the same. As a result, Mrs. Davis and her husband still have not

10 received their 2014 tax refund payment. Because of the delay in receiving their tax refund, Mrs.

11 Davis and her husband have experienced difficulties submitting current tax returns for their student

12 loan income based repayment plans which caused their percentage of monthly principal to increase

13 sixfold. Mrs. Davis and her husband placed credit freezes on their credit reports with the three major

14 U.S. consumer credit reporting agencies in order to detect potential identity theft and fraudulent

15 activity. Additionally, Mrs. Davis and her husband pay approximately $480 annually for identity

16 theft and credit monitoring services in order to monitor for identity theft and fraudulent activity

17 resulting from the Anthem breach. As a result of the Anthem breach, Mrs. Davis and her husband

18 have spent numerous hours attempting to renegotiate their student loan terms, monitoring their

19 accounts and addressing issues arising from the Anthem data breach.

20        104.    Plaintiff Michael S. Weinberger is a citizen and resident of the State of Virginia. Mr.

21 Weinberger was enrolled in an Anthem-Blue Cross Blue Shield health plan and paid premiums on a

22 regular basis. Anthem-Blue Cross Blue Shield and Anthem collected and received Mr. Weinberger's

23 Personal Information, as well as that of his wife, Karen H. Weinberger and his daughter, Alyssa D.

24 Weinberger, which Anthem maintained in its database. Mr. Weinberger received an e-mail and letter

25 from Anthem informing him that his Personal Information may have been compromised as a result

26 of the Anthem breach. As a result of the Anthem breach, Mr. Weinberger, his wife and his daughter,

27 have spent numerous hours addressing issues arising from the Anthem data breach.

28

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

**Washington**

105.     Plaintiff Vernon Davitte is a citizen and resident of the State of Washington. Mr. Davitte was enrolled in a Premera Blue Cross Blue Shield health plan and his wife paid premiums on a regular basis. Prior to that, Mr. Davitte was enrolled in an Anthem Blue Cross Blue Shield health plan and paid premiums on a regular basis. Premera Blue Cross Blue Shield, Anthem Blue Cross Blue Shield and Anthem collected and received Mr. Davitte's Personal Information, which Anthem maintained in its database. Mr. Davitte received a letter from Anthem informing him that his Personal Information may have been compromised as a result of the Anthem breach. Mr. Davitte pays approximately $192 annually for identity theft and credit monitoring services in order to monitor for identity theft and fraudulent activity resulting from the Anthem breach. Mr. Davitte placed a credit freeze on his credit report with Experian in order to detect potential identity theft and fraudulent activity. As a result of the Anthem breach, Mr. Davitte has spent numerous hours addressing issues arising from the Anthem data breach.

**West Virginia**

106.     Plaintiff Lisa Shiltz is a resident and citizen of the State of West Virginia. Ms. Shiltz was enrolled in an Anthem Blue Cross and Blue Shield health plan and paid premiums on a regular basis. Anthem collected and received Mr. Weinberger's Personal Information, which Anthem maintained in its database.  Ms. Shiltz received a letter from Anthem informing her that her Personal Information may have been compromised as a result of the data breach. Ms. Shiltz subsequently had identity thieves attempt to open bank accounts in her name. As a result of the Anthem breach, Ms. Shiltz has spent numerous hours addressing issues arising from the Anthem data breach.

**Wisconsin**

107.     Plaintiff Susan H. Jones is a citizen and resident of the State of Wisconsin. Ms. Jones was enrolled in an Anthem Dental plan and a United Health Care Choice Plus health plan through her employer, a Wisconsin public school, and paid premiums on a regular basis. Anthem Dental, United Health Care Choice Plus, and Anthem collected and received Ms. Jones's Personal Information, which Anthem maintained in its database. Ms. Jones received a letter from Anthem informing her that her Personal Information may have been compromised as a result of the Anthem

41

1  breach. Ms. Jones subsequently received a letter from the IRS informing her that someone had filed

2  a false tax return using her Personal Information. As a result of the Anthem breach, Ms. Jones has

3  spent numerous hours addressing issues arising from the Anthem data breach.

4       108.    Plaintiff Jennifer Rud is a citizen and resident of the State of Wisconsin. Ms. Rud was

5  enrolled in a Blue Cross Blue Shield of California health plan and paid premiums on a regular basis.

6  Prior to that, Ms. Rud was enrolled in a Blue Cross Blue Shield of Minnesota health plan. Blue

7  Cross Blue Shield of California, Blue Cross Blue Shield of Minnesota, and Anthem collected and

8  received Ms. Rud's Personal Information, which Anthem maintained in its database. Ms. Rud

9  received a letter from Anthem informing her that her Personal Information may have been

10  compromised as a result of the Anthem breach. Ms. Rud subsequently received a letter from the IRS

11  informing her that someone had filed a false tax return using her Personal Information. As a result of

12  the Anthem Breach, Ms. Rud was required to submit five forms of identification to the IRS, file a

13  police report, and delay purchase of a house. Her tax refund has also been delayed. As a result of the

14  Anthem breach, Ms. Rud has spent numerous hours addressing issues arising from the Anthem data

15  breach.

16      **B.**    **Defendants**

17       109.    Defendant Anthem, Inc. ("Anthem") is incorporated and headquartered in Indiana.

18  Anthem is one of the largest health benefits and health insurance companies in the United States.

19  Anthem serves its medical members through its health benefits and insurance subsidiaries and

20  affiliates ("Anthem Affiliates"). Anthem is the parent company of the Anthem Affiliates. Anthem

21  also cooperated with other independent Blue Cross Blue Shield licensee insurance and health benefit

22  companies ("non-Anthem BCBS") to create the BlueCard program.

23       110.    Defendant Blue Cross and Blue Shield of Georgia, Inc. is incorporated and

24  headquartered in Georgia.  Defendant is an Anthem Affiliate.

25       111.    Defendant Blue Cross and Blue Shield Healthcare Plan of Georgia, Inc. is

26  incorporated and headquartered in Georgia.  Defendant is an Anthem Affiliate.

27       112.    Defendant Anthem Insurance Companies, Inc. d/b/a Anthem Blue Cross and Blue

28  Shield of Indiana is incorporated and headquartered in Indiana. Defendant is an Anthem Affiliate.

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

113.     Defendant Blue Cross of California, Inc. d/b/a Anthem Blue Cross of California is incorporated and headquartered in California. Defendant is an Anthem Affiliate.

114.     Defendant Anthem Blue Cross Life and Health Insurance Company is incorporated and headquartered in California. Defendant is an Anthem Affiliate.

115.     Defendant Rocky Mountain Hospital and Medical Service, Inc. d/b/a Anthem Blue Cross and Blue Shield of Colorado in Colorado and d/b/a Anthem Blue Cross and Blue Shield of Nevada in Nevada, is incorporated and headquartered in Colorado. Defendant is an Anthem Affiliate.

116.     Defendant Anthem Health Plans, Inc. d/b/a Anthem Blue Cross and Blue Shield of Connecticut is incorporated and headquartered in Connecticut. Defendant is an Anthem Affiliate.

117.     Defendant Anthem Health Plans of Kentucky, Inc. d/b/a Anthem Blue Cross and Blue Shield of Kentucky is incorporated and headquartered in Kentucky. Defendant is an Anthem Affiliate.

118.     Defendant Anthem Health Plans of Maine, Inc. d/b/a Anthem Blue Cross and Blue Shield of Maine is incorporated and headquartered in Maine. Defendant is an Anthem Affiliate.

119.     Defendant HMO Missouri, Inc. d/b/a Anthem Blue Cross and Blue Shield of Missouri is incorporated and headquartered in Missouri. Defendant is an Anthem Affiliate.

120.     Defendant RightChoice Managed Care, Inc. d/b/a Anthem Blue Cross and Blue Shield of Missouri is incorporated and headquartered in Missouri. Defendant is an Anthem Affiliate.

121.     Defendant Healthy Alliance Life Insurance Company d/b/a Anthem Blue Cross and Blue Shield of Missouri is incorporated and headquartered in Missouri. Defendant is an Anthem Affiliate.

122.     Defendant Anthem Health Plans of New Hampshire, Inc. d/b/a Anthem Blue Cross and Blue Shield of New Hampshire is incorporated and headquartered in New Hampshire. Defendant is an Anthem Affiliate.

123.     Defendant Empire HealthChoice Assurance, Inc. d/b/a Empire Blue Cross and Blue Shield is incorporated and headquartered in New York. Defendant is an Anthem Affiliate.

124.     Defendant Community Insurance Company d/b/a Anthem Blue Cross and Blue Shield

43

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

of Ohio is incorporated and headquartered in Ohio. Defendant is an Anthem Affiliate.

125.    Defendant Anthem Health Plans of Virginia, Inc. d/b/a Anthem Blue Cross and Blue Shield of Virginia is incorporated and headquartered in Virginia. Defendant is an Anthem Affiliate.

126.    HMO HealthKeepers, Inc. d/b/a Anthem Blue Cross and Blue Shield of Virginia is incorporated and headquartered in Virginia. Defendant is an Anthem Affiliate.

127.    Defendant Blue Cross Blue Shield of Wisconsin d/b/a Anthem Blue Cross and Blue Shield of Wisconsin is incorporated and headquartered in Wisconsin. Defendant is an Anthem Affiliate.

128.    Defendant Compcare Health Services Insurance Corporation d/b/a Anthem Blue Cross and Blue Shield of Wisconsin is incorporated and headquartered in Wisconsin. Defendant is an Anthem Affiliate.

129.    Amerigroup Services, Inc. is incorporated and headquartered in Virginia. Defendant is an Anthem Affiliate.

130.    Defendant HealthLink, Inc. is incorporated in Illinois and headquartered in Missouri. Defendant is an Anthem Affiliate.

131.    Defendant Unicare Life & Health Insurance Company is incorporated and headquartered in Indiana. Defendant is an Anthem Affiliate.

132.    Defendant CareMore Health Plan is incorporated and headquartered in California. Defendant is an Anthem Affiliate.

133.    Defendant The Anthem Companies, Inc. is incorporated and headquartered in Indiana. Defendant is an Anthem Affiliate.

134.    Defendant The Anthem Companies of California, Inc. is incorporated in California and headquartered in Indiana. Defendant is an Anthem Affiliate.

135.    Discovery may reveal additional Anthem Affiliate Defendants.

136.    Defendant Blue Cross and Blue Shield of Alabama is incorporated and headquartered in Alabama. Defendant is a non-Anthem BCBS company.

137.    Defendant Blue Cross Blue Shield of Arizona, Inc. is incorporated and headquartered in Arizona. Defendant is a non-Anthem BCBS company.

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

2055695.1

138.    Defendant USAble Mutual Insurance Company d/b/a Arkansas Blue Cross and Blue Shield is incorporated and headquartered in Arkansas. Defendant is a non-Anthem BCBS company.

139.    Defendant California Physicians' Service, Inc. d/b/a Blue Shield of California is incorporated and headquartered in California. Defendant is a non-Anthem BCBS company.

140.    Defendant Blue Cross and Blue Shield of Illinois is a division of Health Care Service Corporation, which is incorporated in Illinois. Defendant is headquartered in Illinois. Defendant is a non-Anthem BCBS company.

141.    Defendant Blue Cross and Blue Shield of Florida, Inc. is incorporated and headquartered in Florida. Defendant is a non-Anthem BCBS company.

142.    Defendant CareFirst of Maryland, Inc. d/b/a CareFirst BlueCross BlueShield is incorporated and headquartered in Maryland. Defendant is a non-Anthem BCBS company.

143.    Defendant Blue Cross and Blue Shield of Massachusetts, Inc. is incorporated and headquartered in Massachusetts. Defendant is a non-Anthem BCBS company.

144.    Defendant Blue Cross and Blue Shield of Michigan is incorporated and headquartered in Michigan. Defendant is a non-Anthem BCBS company.

145.    Defendant BCBSM, Inc. d/b/a Blue Cross and Blue Shield of Minnesota is incorporated and headquartered in Minnesota. Defendant is a non-Anthem BCBS company.

146.    Defendant Horizon Healthcare Services, Inc. d/b/a Horizon Blue Cross and Blue Shield of New Jersey is incorporated and headquartered in New Jersey. Defendant is a non-Anthem BCBS company.

147.    Defendant Blue Cross and Blue Shield of North Carolina, Inc. is incorporated and headquartered in North Carolina. Defendant is a non-Anthem BCBS company.

148.    Defendant Highmark Health Services d/b/a Highmark Blue Shield is incorporated and headquartered in Pennsylvania. Defendant is a non-Anthem BCBS company.

149.    Defendant Highmark West Virginia, Inc. d/b/a Highmark Blue Cross Blue Shield West Virginia is incorporated and headquartered in West Virginia. Defendant is a non-Anthem BCBS company.

150.    Defendant BlueCross BlueShield of Tennessee, Inc. is incorporated and

45

2055695.1

headquartered in Tennessee. Defendant is a non-Anthem BCBS company.

151.    Defendant Blue Cross and Blue Shield of Texas is a division of Health Care Service Corporation, which is incorporated in Illinois. Defendant is headquartered in Texas. Defendant is a non-Anthem BCBS company.

152.    Defendant Blue Cross and Blue Shield of Vermont is incorporated and headquartered in Vermont. Defendant is a non-Anthem BCBS company.

153.    Defendant Blue Cross Blue Shield Association ("BCBSA") is incorporated and headquartered in Illinois.

154.    Discovery may reveal additional non-Anthem BCBS Defendants.

## IV.    STATEMENT OF FACTS

**A.    The Anthem Database**

155.    Anthem is one of the largest health benefits and health insurance companies in the United States. Anthem serves its medical members through its fourteen Blue Cross Blue Shield ("BCBS") licensee affiliates ("Anthem BCBS Affiliates"), as well as its non-Blue Cross Blue Shield affiliates ("Anthem non-BCBS Affiliates"), such as Amerigroup Corporation, CareMore Health Group, Inc., HealthLink, and UniCare. (Collectively, Anthem's health benefits and insurance subsidiaries and affiliates will be referred to as "Anthem Affiliates.")

156.    Anthem also cooperated with other independent Blue Cross Blue Shield licensee insurance and health benefit companies ("non-Anthem BCBS") to create the BlueCard program. Under the BlueCard program, members of one BCBS licensee may access another BCBS licensee's provider networks and discounts when the members are out of state. Thus, non-Anthem BCBS members may access an Anthem BCBS Affiliate's provider discounts and network when they travel to an area where an Anthem Affiliate serves as the BCBS licensee.

157.    As health insurance and health benefits companies, Anthem, Anthem Affiliates, and non-Anthem BCBS collect, receive, and access their customers' and members' extensive individually identifiable health record information. These records include personal information (such as names, dates of birth, Social Security numbers, health care ID numbers, home addresses, email

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

2055695.1

1  addresses, and employment information, including income data) and individually-identifiable health

2  information (pertaining to the individual claims process, medical history, diagnosis codes, payment

3  and billing records, test records, dates of service, and all other health information that an insurance

4  company has or needs to have to process claims). (Collectively, both the personal information and

5  individually identifiable health information will be referred to as "Personal Information.")

6      158.    Anthem created a common computer database that it referred to as a "single data

7  warehouse" and the "main subscriber file" containing Personal Information for tens of millions of

8  individuals (the "Anthem Database"). The Anthem Database includes Personal Information that was

9  provided by current and former customers or members of Anthem Affiliates. The Anthem Database

10  also includes Personal Information for current and former customers or members of non-Anthem

11  BCBS plans who obtained health care services in areas where Anthem Affiliates serve as the BCBS

12  licensees, as well as employees of self-insured employer groups where Anthem received information

13  about non-Anthem members to provide analytics and administrative services. The Anthem Database

14  also contains Personal Information for Anthem and Anthem Affiliate employees.

15      159.    Anthem publicly admitted that the Anthem Database contained information from

16  former customers or members going back to 2004, and that Anthem generally retains data for 10

17  years, even though Anthem acknowledges it is not legally required to retain data going back that far

18  in time.

19      160.    Further discovery may demonstrate that the Anthem Database contained information

20  regarding additional individuals.

21  **B.    Defendants Promised To Protect Personal Information**

22      161.    Defendants made promises to protect Personal Information.[1]

23      162.    On information and belief, Anthem BCBS Affiliates all mailed the same privacy

24  notices to individuals as well as to members enrolled in Anthem BCBS Affiliate group plans. These

25  notices made promises regarding Personal Information, such as:

26

27      [1] In some of their materials, Defendants utilized the term "Personal Health Information" ("PHI")
   to refer to health information and "Personally Identifiable Information" ("PII" or "PI") to refer to

28  non-health individually identifiable information.

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

We may collect, use and share your nonpublic personal information (PI) as described in this notice. PI identifies a person and is often gathered in an insurance matter. We may collect PI about you from other persons or entities, such as doctors, hospitals, or other carriers. We may share PI with persons or entities outside of our company— without your OK in some cases. If we take part in an activity that would require us to give you a chance to opt out, we will contact you. We will tell you how you can let us know that you do not want us to use or share your PI for a given activity. You have the right to access and correct your PI. Because PI is defined as any information that can be used to make judgements about your health, finances, character habits, hobbies, reputation, career and credibility, **we take reasonable safety measures to protect the PI we have about you**. A more detailed state notice is available upon request. Please call the phone number printed on your ID card.[2]

(emphasis added).

163.    Anthem BCBS Affiliates also made promises regarding Personal Health Information in their mailed notices, such as:

**We are dedicated to protecting your PHI, and have set up a number of policies and practices to help make sure your PHI is kept secure.**
We have to keep your PHI private. If we believe your PHI has been breached, we must let you know.

**We keep your oral, written and electronic PHI safe using physical, electronic, and procedural means. These safeguards follow federal and state laws**. Some of the ways we keep your PHI safe include securing offices that hold PHI, **password-protecting computers**, and locking storage areas and filing cabinets. We require our employees to protect PHI through written policies and procedures**. These policies limit access to PHI to only those employees who need the data to do their job.** Employees are also required to wear ID badges to help keep people who do not belong out of areas where sensitive data is kept. **Also, where required by law, our affiliates and nonaffiliates must protect the privacy of data we share in the normal course of business.** They are not allowed to give PHI to others without your written OK, except as allowed by law and outlined in this notice.[3]

(emphasis added).

164.    Anthem BCBS Affiliates' mailed notices also promise to keep the "financial information of our current and former members private, as required by law, accreditation standards,

---

[2] Anthem Insurance Companies, Inc. (Anthem BCBS Affiliate in Indiana) Mailed Privacy Notice.

[3] Anthem Insurance Companies, Inc. Mailed Privacy Notice; Blue Cross of California Mailed Privacy Notice.

48

and our rules."[4]

165.　Anthem BCBS Affiliates' mailed notices also promised to follow state and federal law: "HIPAA (the federal privacy law) generally does not pre-empt, or override, other laws that give people greater privacy protections. As a result, if any state or federal privacy law requires us to provide you with more privacy protections, then we must also follow that law in addition to HIPAA."[5]

166.　On Anthem and Anthem BCBS Affiliates' websites, Anthem and Anthem BCBS Affiliates made additional promises regarding their privacy policies. The website for every Anthem BCBS Affiliate states:

> **Personal Information (including Social Security Number) Privacy Protection Policy**
> **[Name of Anthem BCBS Affiliate] maintains policies that protect the confidentiality of personal information, including Social Security numbers, obtained from its members and associates in the course of its regular business functions.** [Name of Anthem BCBS Affiliate] is committed to protecting information about its customers and associates, especially the confidential nature of their personal information (PI).
> Personal Information is information that is capable of being associated with an individual through one or more identifiers including but not limited to, a Social Security number, a driver's license number, a state identification card number, and account number, a credit or debit card number, a passport number, an alien registration number or a health insurance identification number, and does not include publicly available information that is lawfully made available to the general public from federal, state or local government records or widely distributed media.
> [Name of Anthem BCBS Affiliate] is committed to protecting the confidentiality of Social Security numbers and other Personal Information.
>
> • **[Name of Anthem BCBS Affiliate]'s Privacy Policy imposes a number of standards to:**
>   o **guard the confidentiality of Social Security numbers and other personal information,**
>   o **prohibit the unlawful disclosure of Social Security numbers, and**
>   o **limit access to Social Security numbers.**
> [Name of Anthem BCBS Affiliate] will not use or share Social Security numbers or Personal information with anyone outside the company except when permitted or required by federal and state law.
> **[Name of Anthem BCBS Affiliate] Associates must only access Social Security**

---

[4] *Id.*

[5] *Id.*

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

2055695.1

**numbers or personal information as required by their job duties.** [Name of Anthem BCBS Affiliate] has in place a minimum necessary policy which states that associates may only access, use or disclose Social Security numbers or personal information to complete a specific task and as allowed by law.

**[Name of Anthem BCBS Affiliate] safeguards Social Security numbers or other personal information by having physical, technical, and administrative safeguards in place.**

If you have questions regarding this policy, please contact Customer Service by dialing the number that is located on the back of your ID card.[6]

(emphasis added).

167.    On information and belief, all Anthem Affiliates (including Anthem non-BCBS Affiliates) made similar promises and representations in their mailed privacy notices and on their websites.

168.    For example, Unicare's website contains the same "Personal Information (Including Social Security Number) Privacy Protection Policy" as the Anthem BCBS websites.[7]

169.    Amerigroup sent a mailed notice, also posted on its website, which states:

**Information about your health and money is private.** The law says we must keep this kind of information, called PHI, safe for our members. That means if you're a member right now or if you used to be, your information is safe.

…

Federal law says we must tell you what the law says we have to do to protect PHI that's told to us, in writing or saved on a computer. We also have to tell you how we keep it safe. **To protect PHI:**
• On paper (called physical), we:
– Lock our offices and files
– Destroy paper with health information so others can't get it
• **Saved on a computer (called technical), we:**
– **Use passwords so only the right people can get in**
– **Use special programs to watch our systems**
• Used or shared by people who work for us, doctors or the state, we:
– Make rules for keeping information safe (called policies and procedures)

---

[6] Anthem BlueCross BlueShield Privacy, https://www.anthem.com/health-insurance/about-us/privacy (last visited Oct. 19, 2015); *see also* Anthem BlueCross Privacy, https://www.anthem.com/ca/health-insurance/about-us/privacy (last visited Oct. 19, 2015); Empire BlueCross BlueShield HIPAA Privacy Notice, https://www.empireblue.com/wps/portal/ehpfooter?content_path=shared/noapplication/f0/s0/t0/pw_ad068128.htm&label=HIPAA%20Privacy%20Notice (last visited Oct. 19, 2015).

[7] Unicare Privacy, https://www.unicare.com/health-insurance/about-us/privacy (last visited Oct. 19, 2015).

50

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

2055695.1

– Teach people who work for us to follow the rules[8]

…

(emphasis added).

170.    Furthermore, Caremore's website privacy notice states that:

CareMore already follows current state confidentiality laws, but the federal government now requires that this notice be given to help educate patients about their rights.

…

CareMore is required by law to maintain the privacy of Protected Health Information ("PHI") and to provide you with notice of our legal duties and privacy practices with respect to PHI and to notify affected individuals following a breach of unsecured PHI.

…

**CareMore will make reasonable efforts to avoid incidental disclosures of protected health information**.[9]

(emphasis added).

171.    Non-Anthem BCBS Defendants made similar promises and representations in their mailed privacy notices and on their websites.  In general, the non-Anthem BCBS Defendants promised to maintain physical, electronic, and procedural safeguards that comply with state and federal law to safeguard individuals' Personal Information.

172.    The Blue Cross and Blue Shield Association ("BCBSA"), Anthem, Anthem Affiliates, and non-Anthem BCBS also contracted to protect the Personal Information of federal government employees who enrolled in the Blue Cross Blue Shield Service Benefit Plan.  The Federal Employees Health Benefits Act of 1959 establishes a comprehensive program of health insurance for federal employees and authorizes the Office of Personnel Management ("OPM") to contract with private carriers to offer federal employees an array of health plans.  Among the plans offered to federal employees is the Blue Cross Blue Shield Service Benefit Plan ("Federal BCBSA Plan"), which is governed by Contract No. CS 1039 ("Federal BCBSA Contract") between OPM and BCBSA, acting on behalf of, and as agent for, the local BCBS plans (Anthem BCBS Affiliates and

---

[8] Amerigroup Mailed Privacy Notice, https://www.amerigroup.com/sites/amerigroup.com/files/files/FLFL_ALL_NOPP.pdf (last visited Oct. 19, 2015).

[9] http://www.caremore.com/Current-Members/Member-Materials/AboutHIPAA.aspx

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

2055695.1

non-Anthem BCBS) that process claims under the Federal BCBSA Plan and underwrite the plan in their localities.  The Federal BCBSA Plan has been described by the Congressional Committee on Oversight and Government Reform as an "aggregation" of BCBS local plans.

173.    In the Federal BCBSA Contract, BCBSA, as agent for the Anthem BCBS Affiliates and non-Anthem BCBS, promised to protect the Personal Information of the individuals insured under the Federal BCBSA Plan.  The Personal Information provided to BCBSA, as agent for the Anthem BCBS Affiliates and non-Anthem BCBS, in order for it to administer the Federal BCBSA Plan, includes Social Security numbers and other Personal Information.  OPM is required to maintain sufficient records that BCBSA can use to determine the name and Social Security number for all plan enrollees.  Under the agreement, BCBSA, as agent for the Anthem BCBS Affiliates and non-Anthem BCBS, was limited to using "the personal data on employees and annuitants that is provided by agencies and OPM, including social security numbers, for only those routine uses stipulated for the data . . . ."

174.    BCBSA, as agent for the Anthem BCBS Affiliates and non-Anthem BCBS, undertook specific obligations with respect to protecting this and other sensitive Personal Information.  Beginning with at least the version operative as of January 1, 2014, the Federal BCBSA Contract provides, among other things, that BCBSA, as agent for the Anthem BCBS Affiliates and non-Anthem BCBS, has express contractual obligations to: (i) "hold all medical records, and information relating thereto confidential" (with limited exceptions that do not apply here); (ii) allocate the necessary resources "to meet its obligation under the contract," including security obligations; (iii)  permit the OPM to use NIST SP 800-53 (Security and Privacy Controls for Federal Information Systems and Organizations) or its equivalent as a benchmark for conducting audits of information systems and to recommend that BCBSA, Anthem, the Anthem BCBS Affiliates, and the non-Anthem BCBS, adopt a best practice drawn from NIST SP 800-53; (iv) either adopt recommendations made by the OPM, or represent that it is already in compliance with the recommendation or explain why its current practice, notwithstanding its refusal to adopt the recommendation is equally if not more appropriate for its business purposes than the recommended best practice; (v) demonstrate to the OPM their compliance with either a recommended best practice

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

2055695.1

or an alternative current practice they had adopted and (vi) permit OPM "to inspect or evaluate the work performed or being performed under the contract."  The BCBS website devoted to the Federal BCBSA Plan similarly promises that the plan will "hold all our member records confidential, and will only release them to the appropriate entities if required to do so by law."

175.    BCBSA also issued an official statement of benefits in relation to the Federal BCBSA Plan, which is incorporated into the Federal BCBSA Contract.  On the OPM website the same document appears when a user selects "Plan Brochure," regardless of the state for which plans are being displayed. Under the heading "Your Medical and Claims Records are Confidential," the statement of benefits promises that "we will keep your medical and claims information confidential." A copy of the statement of benefits is available on the Anthem website.

176.    The website maintained by BCBSA, the Anthem BCBS Affiliates, and the non-Anthem BCBS for the Federal BCBSA Plan provides: "We have measures in place to protect PHI [Personal Health Information] according to state and federal standards. The measures are designed to protect oral, written, and electronic PHI, and include: Security and privacy training for all employees.  Employee access is limited to need-to-know basis. . . . All users of our electronic systems are required to use strong passwords.  All users must change their computer passwords periodically."

## C. Defendants Had an Obligation to Protect Personal Information under Federal and State Law and the Applicable Standard of Care

177.    Defendants are entities covered by HIPAA (see 54 C.F.R. § 160.102) and as such are required to comply with the HIPAA Privacy Rule and Security Rule, 45 CFR Part 160 and Part 164, Subparts A and E ("Standards for Privacy of Individually Identifiable Health Information").

178.    HIPAA limits the permissible uses of "protected health information" and prohibits unauthorized disclosures of "protected health information."[10]  In response to the Anthem Data Breach, a senior Department of Health and Human Services advisor explained that "[t]he personally identifiable information health plans maintain on enrollees and members — including names and

---

[10] 45 C.F.R. § 164.502 (2009).

2055695.1

social security numbers — is protected under HIPAA, even if no specific diagnostic or treatment information is disclosed."[11]

179. HIPAA requires that Defendants implement appropriate safeguards for this information.[12]

180. HIPAA requires that Defendants provide notice of a breach of unsecured protected health information, which includes protected health information that is not rendered unusable, unreadable, or indecipherable to unauthorized persons – i.e. non-encrypted data.[13]

181. Additionally, HIPPA requires that Defendants:

(a) Implement technical policies and procedures for electronic information systems that maintain electronic protected health information to allow access only to those persons or software programs that have been granted access rights, see 45 CFR § 164.312(a)(1);

(b) Implement policies and procedures to prevent, detect, contain, and correct security violations, see 45 CFR § 164.306(a)(1);

(c) Protect against any reasonably anticipated threats or hazards to the security or integrity of electronic protected health information, see 45 CFR § 164.306(a)(2);

(d) Protect against reasonably anticipated uses or disclosures of electronic protected health information that are not permitted under the privacy rules regarding individually identifiable health information, see 45 CFR § 164.306(a)(3);

(e) Ensure compliance with the HIPAA security standard rules by its workforce, see 45 CFR § 164.306(a)(4); and

---

[11] Elizabeth Weise, *Anthem fined $1.7 million in 2010 breach*, USA TODAY (Feb. 5, 2015, 6:13 PM), http://www.usatoday.com/story/tech/2015/02/05/anthem-health-care-computer-security-breach-fine-17-million/22931345.

[12] 45 C.F.R. § 164.530(c)(1) (2009).

[13] 45 C.F.R. § 164.404 (2009); 45 C.F.R. § 164.402 (2009).

54

2055695.1

(f) Effectively train all members of its workforce on the policies and procedures with respect to protected health information as necessary and appropriate for the members of its workforce to carry out their functions and to maintain security of protected health information in violation of 45 § CFR 164.530(b).

182.    Defendants are also entities covered by Gramm-Leach-Bliley, 15 U.S.C. § 6801, et. seq. Thus, each Defendant had an "affirmative and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information." 15 U.S.C. § 6801.

183.    Defendants are prohibited by the Federal Trade Commission Act (15 U.S.C. § 45) from engaging in "unfair or deceptive acts or practices in or affecting commerce." The Federal Trade Commission has found that a company's failure to maintain reasonable and appropriate data security for consumers' sensitive personal information is an "unfair practice" in violation of the Federal Trade Commission Act.[14]

184.    As described below, Defendants are also required by various state laws and regulations to protect individuals' Personal Information.

185.    In addition to their obligations under federal and state laws, Defendants owed a duty to Affected Individuals, who entrusted them with sensitive Personal Information, to exercise reasonable care in obtaining, retaining, securing, safeguarding, deleting, and protecting the Personal Information in their possession from being compromised, lost, stolen, accessed, and misused by unauthorized persons. Defendants owed a duty to Affected Individuals to provide reasonable security, including consistency with industry standards and requirements, and to ensure that their computer systems and networks, and the personnel responsible for them, adequately protected the Personal Information of the Affected Individuals.

186.    Defendants owed a duty to Affected Individuals, who entrusted them with sensitive Personal Information, to design, maintain, and test their computer systems to ensure that the

---

[14] See e.g., *FTC v. Wyndham Worldwide Corp.*, 799 F.3d 236, 243 (3d Cir. 2015).

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

2055695.1

1    Personal Information in Defendants' possession was adequately secured and protected.

2        187.    Defendants owed a duty to Affected Individuals, who entrusted them with sensitive

3    Personal Information, to create and implement reasonable data security practices and procedures to

4    protect the Personal Information in their possession, including adequately training their employees

5    and others who accessed Personal Information within their computer systems on how to adequately

6    protect Personal Information.

7        188.    Defendants owed a duty to Affected Individuals, who entrusted them with sensitive

8    Personal Information, to implement processes that would detect a breach of their data security

9    systems in a timely manner.

10       189.    Defendants owed a duty to Affected Individuals, who entrusted them with sensitive

11   Personal Information, to act upon data security warnings and alerts in a timely fashion.

12       190.    Defendants owed a duty to Affected Individuals, who entrusted them with sensitive

13   Personal Information, to disclose if their computer systems and data security practices were

14   inadequate to safeguard individuals' Personal Information from theft because such an inadequacy

15   would be a material fact in the decision to purchase insurance or other health care services from

16   Defendants, or to entrust Personal Information with Defendants.

17       191.    Defendants owed a duty to Affected Individuals, who entrusted them with sensitive

18   Personal Information, to disclose in a timely and accurate manner when data breaches occurred.

19       192.    Defendants owed a duty of care to Affected Individuals because they were

20   foreseeable and probable victims of any inadequate data security practices. Anthem collected

21   Affected Individuals' Personal Information either directly or indirectly from Anthem Affiliates.

22   Non-Anthem BCBS, and/or BCBSA.  Anthem knew that a breach of its data systems would cause

23   Affected Individuals to incur damages. Anthem Affiliates and Non-Anthem BCBS collected their

24   current and former customers and members' Personal Information, and provided that information to

25   Anthem. Thus, Anthem Affiliates and Non-Anthem BCBS knew that a breach of Anthem's system

26   would cause those people to incur damages.

27

28

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

2055695.1

**D.    Defendants Were On Notice of Cyber Attack Threats, and the Inadequacy of Their Data Security**

193.    Defendants knew or should have known that Anthem and Anthem Affiliates had previous problems with their data security.

194.    In late 2009 and early 2010, over 600,000 customers of Wellpoint (Anthem's former trade name) and Blue Cross of California had their personal information and protected healthcare information compromised due to a data breach.[15] Customers' Personal Information had not been password protected.[16]

195.    In 2013, the Department of Health and Human Services fined Anthem $1.7 million for HIPAA violations. The HHS' Office for Civil Rights found that Anthem "had not enacted appropriate administrative, technical, and physical safeguards for data as required by HIPAA."[17]

196.    Also in 2013, the OIG conducted an audit of Wellpoint's information system pursuant to the Federal BCBSA Contract.  In September 10, 2013, the OIG issued a report titled Audit of Information System General and Applications Controls at Wellpoint, Inc.  The purpose of the audit was to examine the "information systems used to process BCBSA's [insurance claims], as well as the various business processes and IT systems used to support these applications."

197.    One of the tests OIG routinely conducts is a configuration compliance audit, which is the process of routinely comparing the actual security configuration of computer servers to an approved baseline configuration.  In its audit report, OIG noted that "[f]ailure to implement a thorough configuration compliance auditing program increases the risk that insecurely configured servers remain undetected, creating a potential gateway for malicious virus and hacking activity that could lead to data breaches."  Despite the importance of ensuring the sufficiency of its configuration compliance auditing program, Wellpoint frustrated OIG's efforts to perform this test, claiming that

---

[15] Settlement Agreement, *Blue Cross of California Website Security Cases,* Case No. JCCP 4647 (Apr. 18, 2011 Cal. Super. Ct.), https://anthembluecrosssecuritysettlement.com/SettlementAgreement.pdf.

[16] *Id.*

[17] Rachel Landen and Joseph Conn, *WellPoint to pay $1.7 million HIPAA penalty*, MODERN HEALTHCARE (July 11, 2013), http://www.modernhealthcare.com/article/20130711/NEWS/307119954 (last visited Oct. 19, 2015).

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

2055695.1

1  company policy prohibited external entities such as OIG from accessing Wellpoint's network.  As a

2  result, the Federal BCBSA Plan "was unable to provide satisfactory evidence to confirm that it had a

3  program in place to routinely monitor the configuration of its servers."  After the Anthem Data

4  Breach, Anthem again refused to submit itself to standard tests for determining the vulnerability of

5  its computer systems, again citing "corporate policy."

6       198.    Despite Wellpoint's efforts to frustrate the OIG audit, OIG was able to determine that

7  Wellpoint's information systems were deficient in at least the following ways: (i) weaknesses in

8  privileged user monitoring, (ii) no implementation of controls to prevent rogue devices from

9  accessing the network, (iii) not subjecting all servers to routine vulnerability scans, and (iv)

10  Wellpoint's mainframe password settings were not in compliance with its own standards.  OIG

11  offered numerous recommendations for how Wellpoint could improve its data security procedures.

12  On information and belief, Wellpoint failed to implement all or many of OIG's recommendations.

13       199.    Defendants were also on notice that healthcare companies were targets for

14  cyberattacks. Indeed, Anthem publicly admitted that Anthem itself is subject to several hundred

15  credible hacking threats per month.

16       200.    Defendants were on notice that the FBI was concerned about healthcare company

17  data security. In August 2014, after a cyber-attack on Community Health Systems, Inc., the FBI

18  warned companies within the healthcare industry that hackers were targeting them.[18] The warning

19  stated that "[t]he FBI has observed malicious actors targeting healthcare related systems, perhaps for

20  the purpose of obtaining Protected Healthcare Information (PHI) and/or Personally Identifiable

21  Information (PII)."

22       201.    Defendants were on notice that the federal government was concerned about

23  healthcare company data encryption and Anthem knew a large portion of the Anthem Database was

24  not encrypted.  The United States Department of Health and Human Services' Office for Civil

25  Rights urges health care providers and insurers to encrypt data containing sensitive personal

26

27       [18] Jim Finkle, *FBI warns healthcare firms that they are targeted by hackers,* REUTERS (Aug.
   2014, 4:32 PM), http://www.reuters.com/article/2014/08/20/us-cybersecurity-healthcare-fbi-
28  idUSKBN0GK24U20140820.

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

2055695.1

information. In April 2014, the Department fined Concentra Health Services and QCA Health Plan Inc. of Arkansas approximately two million dollars for failing to encrypt laptops containing sensitive personal information. In announcing the fines, Susan McAndrew, the DHHS' Office of Human Rights' deputy director of health information privacy, stated "[our] message to these organizations is simple: encryption is your best defense against these incidents."

202.    Defendants were also on notice of the threat of cyberattacks due to prior, high-profile security breaches at retail chains such as Home Depot, Target, and Neiman Marcus, as well as the hundreds of credible cyber threats that Anthem received on a monthly basis.

**E.    Anthem Allowed a Massive Data Breach**

203.    In February, 2015, after it began to receive media inquiries, Anthem announced to the general public that cyberattackers had breached the Anthem Database, and accessed Personal Information about individuals in the Anthem Database.[19]

204.    Anthem later announced that the hackers had accessed Personal Information for 78.8 million people.[20]

205.    Anthem admits that the information accessed about Affected Individuals included names, dates of birth, Social Security numbers, health care ID numbers, home addresses, email addresses, and employment information, including income data.[21]

206.    On information and belief, medical and health care information was also stolen from Affected Individuals during or as a result of the Anthem Data Breach.  On information and belief, the data that Anthem admits was compromised, including Social Security Numbers and dates of birth, can be used to access medical and health care information through Anthem, Anthem affiliates, and non-Anthem BCBS' online portals.  News reports corroborate that medical data was stolen from Affected Individuals during the Anthem Data Breach.

---

[19] https://www.anthemfacts.com/ (last visited Oct. 19, 2015)

[20] Anna Mathews, *Anthem: Hacked Database Included 78.8 Million People*, WALL STREET JOURNAL (Feb. 24, 2015, 2:49 PM), http://www.wsj.com/articles/anthem-hacked-database-included-78-8-million-people-1424807364.

[21] https://www.anthemfacts.com/ (last visited Oct. 19, 2015).

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

2055695.1



208.    The Mandiant Report demonstrates that Anthem and Anthem Affiliates' computer systems and data security practices were grossly inadequate to secure the highly sensitive and valuable Personal Information that had been entrusted to them. Anthem and Anthem Affiliates' failures were widespread.

209.    If Anthem had implemented any of these basic data security tools, the cyberattackers would not have been able to access Affected Individuals' Personal Information, or would not have been able to access so much of Affected Individuals' Personal Information.

60

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

17    Anthem took none of these basic security steps to protect Affected

18  Individuals' sensitive Personal Information.

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

2055695.1



CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

2055695.1

63

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

64

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

2055695.1

65

2055695.1



237.    Anthem and Anthem Affiliates also lacked reasonable encryption policies. Anthem's Information Technology Executive, Stacia Grosso, publicly admitted that a large portion of the Anthem Database was not encrypted. Instead, Anthem and Anthem Affilites only used encryption when data was being moved around within their information environment and for such things as mobile phones and laptops. Anthem also promised after the Anthem Data Breach that it would investigate encryption best practices and determine whether it should encrypt the Anthem Database. If Anthem had encrypted the data in the Anthem Database, then the cyberattackers would have been unable to use Affected Individuals' Personal Information.



239.    The cyberattackers stole Personal Information for approximately 79 million Affected Individuals. On information and belief, Anthem and Anthem Affiliates have still not implemented necessary computer systems and date security practices to ensure that Affected Individuals' Personal Information will not be accessed or stolen by additional cyberattackers.

Each day, new individuals' Personal Information is entered into the Anthem Database, and this Personal Information is at risk until Anthem and Anthem Affiliates improve their data security.

66

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

1   Anthem and Anthem Affiliates must put into place a security management framework, as defined by

2   numerous government standards, and conduct audits by third-party independent auditors on a regular

3   basis, to ensure that it keeps abreast of future threats to the Personal Information in its care.

4   **F.  Anthem's Data Breach Was a Direct Result of Anthem's Inadequate Data Security**

5       240.    Affected Individuals' Personal Information was compromised in the Anthem Data

6   Breach because Defendants violated their promises and legal obligations to maintain the security of

7   the highly sensitive Personal Information that Affected Individuals entrusted to Defendants.

8       241.    Despite their promises and legal obligations, Defendants did not provide reasonable

9   or adequate security for Affected Individuals' Personal Information. As the creator and main

10  operator of the Anthem Database, Anthem is responsible for the inadequate and unreasonable

11  computer systems and data security practices as well as the unnecessarily large amount of unneeded

12  data contained in that database.

13      242.    Despite their promises and legal obligations, Anthem Affiliates, in conjunction with

14  Anthem, operated and maintained the deficient Anthem computer systems and data security

15  practices. Anthem Affiliates placed the Personal Information that they had been entrusted with in the

16  Anthem Database. Instead of having independent Privacy Offices, Anthem Affiliates worked with

17  Anthem's Privacy Office to create their data security practices. Anthem Affiliates continued to rely

18  on the Anthem Database even though there were multiple public indications and warnings that

19  Anthem's computer systems and data security practices were inadequate.

20      243.    Despite their promises and legal obligations, BCBSA and non-Anthem BCBS

21  allowed the Personal Information that their current and former customers and members had entrusted

22  with them to be placed in to the Anthem Database even though there were multiple public

23  indications and warnings that the Anthem and Anthem Affiliates' computer systems and data

24  security practices were inadequate.

25      244.    Defendants breached their duties to Affected Individuals by the conduct alleged in the

26  Complaint.

27      245.    Defendants breached their duty to Affected Individuals to design, maintain, and test

28  their computer systems to ensure that Affected Individuals' Personal Information was adequately

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

secured in many ways, including, but not limited to:

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

2055695.1

(b) continuing to use social security numbers (SSNs) to identify members even though other health insurance companies switched to unique member identification numbers (MINS) as early as 2003;

(d) needlessly maintaining information regarding former customers (as far back to 2004) on their databases and servers.[22]  Had Defendants simply put inactive members' information on backup servers or tapes, the scope of the breach would have been smaller;

(g) failing to adequately update their data security practices and procedures even though those practices and procedures had been demonstrated to be inadequate by 2014 because of previous security breaches.

---

[22] *See, e.g.*, Anthem Data Breach, Cal. Dept. of Ins., http://www.insurance.ca.gov/0400-news/0100-press-releases/anthemcyberattack.cfm (last visited Oct. 19, 2015).

69

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK



249.    Defendants breached their duty to Affected Individuals to disclose the material fact

that Anthem and Anthem Affiliates' computer systems and data security practices were inadequate

to safeguard Affected Individuals' Personal Information.  Had Defendants disclosed to Affected

70

1  Individuals that their computer systems and data security practices were inadequate to safeguard

2  Affected Individuals' highly sensitive Personal Information, Affected Individuals would not have

3  entrusted their Personal Information to Defendants and would not have enrolled in their insurance or

4  health care plans.

5       250.    Anthem and Anthem Affiliates breached their duty to Affected Individuals to disclose

6  in a timely and accurate manner that the Anthem Data breach had occurred. Anthem and Anthem

7  Affiliates failed to notify potentially affected customers for several weeks, and in some cases

8  months, after they claim they discovered the breach. Indeed, several states joined together to write to

9  Anthem to urge it to notify Affected Individuals in a more timely manner.[23] As a result, the Affected

10  Individuals were not notified of the Anthem Data Breach until in or about March 2015. Additionally,

11  further discovery will be needed to determine whether Anthem and Anthem Affiliates discovered the

12  breach earlier.[24]

13       251.    Anthem and Anthem Affiliates' failure to notify Affected Individuals of the Anthem

14  Data Breach in a timely and accurate manner allowed the cyberattackers to begin to use Affected

15  Individuals' Personal Information before Affected Individuals had an opportunity to take steps to

16  protect themselves. For example, many Affected Individuals had fraudulent 2015 tax returns filed in

17  their names. While Anthem and Anthem Affiliates became aware of the Anthem Data Breach near

18  the beginning of the federal tax filing period, they failed to notify the Affected Individuals until near

19  the end of the federal tax filing period. This deprived Affected Individuals of the opportunity to take

20  steps to avoid fraudulent tax filings.

21       252.    Defendants violated their promises and representations contained in their mailed

22  privacy notices and website privacy statements.

23

24      [23] Jim Finkle, *U.S. states say Anthem too slow to inform customers of breach*, REUTERS (Feb.
25  11, 2015, 11:18 AM), http://www.reuters.com/article/2015/02/11/us-anthem-cybersecurity-states-idUSKBN0LE2QP20150211.

26      [24] There are reports that Anthem's website dedicated to the security breach –
www.anthemfacts.com – was registered on December 13, 2014. *See* e.g., Dan Goodin, *String of big
27  data breaches continues with hack on health insurer Anthem,* ARSTECHNICA (Feb. 5, 2015, 11:01
AM), http://arstechnica.com/security/2015/02/string-of-big-data-breaches-continues-with-hack-on-
28  health-insurer-anthem. / (accessed Feb. 8, 2015).

2055695.1

253.    Anthem and Anthem BCBS Affiliates violated their promise to "take reasonable safety measures to protect the [Personal Information]."

254.    Anthem and Anthem BCBS Affiliates violated their promises by failing to adequately maintain "policies that protect the confidentiality of personal information, including Social Security numbers."

255.    Anthem and Anthem BCBS Affiliates violated their promises by failing to impose "a number of standards to: guard the confidentiality of Social Security numbers and other personal information, prohibit unlawful disclosure of Social Security numbers, and limit access to Social Security numbers."

256.    Anthem and Anthem BCBS Affiliates violated their promise that employees could "only access, use or disclose Social Security numbers or personal information to complete a specific task and as allowed by law." ████████████████████████████████████████████████████████████████████████████████████████████████████████████

257.    BCBSA, Anthem non-BCBS Affiliates and non-Anthem BCBS violated similar promises and representations.

258.    Defendants violated their promise to comply with federal and state law to maintain the security of Affected Individuals' Personal Information, such as HIPAA. For example, Defendants violated HIPAA by failing to establish procedures to keep the Personal Information in their possession confidential and private.

259.    Defendants violated the Gramm-Leach-Bliley Act by failing to protect the security and confidentiality of those customers' "nonpublic personal information." 15 U.S.C. § 6801.

260.    Defendants violated the Federal Trade Commission Act by engaging in the "unfair practice" of failing to maintain reasonable and appropriate data security for consumers' sensitive Personal Information.

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

2055695.1

**G.    Affected Individuals Were Grievously Harmed By the Anthem Data Breach**

261.    The FTC defines identity theft as "a fraud committed or attempted using the identifying information of another person without authority." [25]   The FTC describes "identifying information" as "any name or number that may be used, alone or in conjunction with any other information, to identify a specific person," including, among other things, "[n]ame, Social Security number, date of birth, official State or government issued driver's license or identification number, alien registration number, government passport number, employer or taxpayer identification number." [26]

262.    Identity theft victims must spend countless hours and large amounts of money repairing the impact to their credit. [27]

263.    With access to an individual's Personal Information, criminals can do more than just empty a victim's bank account—they can also commit various types of fraud, including: obtaining a driver's license or official identification card in the victim's name but with the thief's picture; using the victim's name and Social Security Number to obtain government benefits; or, filing a fraudulent tax return using the victim's information. In addition, identity thieves may obtain a job using the victim's Social Security Number, rent a house or receive medical services in the victim's name, and may even give the victim's personal information to police during an arrest resulting in an arrest warrant being issued in the victim's name.[28]  Further, loss of private and personal health information can expose the victim to loss of reputation, loss of employment, blackmail and other negative effects.

264.    Personal Information is such a valuable commodity to identity thieves that once the information has been compromised, criminals often trade the information on the "cyber black-

---

[25] 17 C.F.R. § 248.201 (2013).

[26] *Id.*

[27] *Guide for Assisting Identity Theft Victims*, Federal Trade Commission, 4 (September 2013), http://www.consumer.ftc.gov/articles/pdf-0119-guide-assisting-id-theft-victims.pdf  (last visited Oct. 19, 2015)

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

2055695.1

market" for years.

265.    A study by Experian found that the "average total cost" of medical identity theft is "about $20,000" per incident, and that a majority of victims of medical identity theft were forced to pay out-of-pocket costs for healthcare they did not receive in order to restore coverage.[29] Almost half of medical identity theft victims lose their healthcare coverage as a result of the incident, while nearly one-third saw their insurance premiums rise, and forty percent were never able to resolve their identity theft at all.[30]

266.    Indeed, data breaches and identity theft have a crippling effect on individuals and detrimentally impact the entire economy as a whole.

267.    The injuries suffered by the Affected Individuals are a direct and proximate result of the Anthem Data Breach and include:

(a) theft of their personal and financial information;

(b) loss or delay of tax refunds as a result of fraudulently filed tax returns;

(c) costs associated with the detection and prevention of identity theft and unauthorized use of their Personal Information and financial, business, banking, and other accounts;

(d) costs associated with time spent and the loss of productivity from taking time to address and attempt to ameliorate, mitigate, and deal with the actual and future consequences of the Anthem Data Breach, including finding fraudulent charges, cancelling credit cards, purchasing credit monitoring and identity theft protection services, the imposition of withdrawal and purchase limits on compromised accounts, and the stress, nuisance, and annoyance of dealing with all issues resulting from the Anthem Data Breach, including additional phishing emails and phone scams;

(e) the imminent and certain impending injury flowing from fraud and identify theft posed by

---

[29] *See* Elinor Mills, *Study: Medical identity theft is costly for victims*, CNET (Mar. 3, 2010, 5:00 AM), http://news.cnet.com/8301-27080_3-10460902-245.html.

[30] *Id.*

74

2055695.1

their Personal Information being placed in the hands of hackers;

(f) damages to and diminution in value of their Personal Information entrusted to Defendants for the sole purpose of obtaining health insurance or health care services from Anthem, Anthem Affiliates, BCBSA and Non-Anthem BCBS and with the mutual understanding that Defendants would safeguard Affected Individuals' data against theft and not allow access to or misuse of their data by third parties;

(g) money paid to Defendants for health insurance or health care services during the period of the Anthem Data Breach because Plaintiffs and Class Members would not have obtained health insurance or health care services from Defendants had Defendants disclosed that they lacked adequate systems and procedures to reasonably safeguard customers' Personal Information.

(h) overpayments to Defendants for health insurance or health care services purchased, in that a portion of the price for insurance paid by Affected Individuals to Defendants was for the costs for Defendants to take reasonable and adequate security measures to protect Affected Individuals' Personal Information, which Defendants failed to do;

(i) damages caused by Defendants' failure to notify Affected Individuals about the Anthem Data Breach in a timely and accurate fashion; and

(j) continued risk to Affected Individuals' Personal Information, which remains in the possession of Defendants and which is subject to further breaches so long as Defendants fail to undertake appropriate and adequate measures to protect the Personal Information that Affected Individuals entrusted to Defendants.

268.     Anthem itself acknowledges the harm caused by the Anthem Data Breach because it offered Affected Individuals twenty-four months of identity theft repair and credit monitoring services. Two years of identity theft repair and credit monitoring is woefully inadequate to protect Affected Individuals from a virtual lifetime of identity theft risk and does nothing to reimburse

75

Plaintiffs and Class Members for the injuries they have already suffered.

269.    Anthem publicly stated that any identity theft repair or credit monitoring services potentially offered beyond twenty-four months will be embedded in Anthem's pricing. Anthem also stated it will not reimburse individuals that purchase identity theft repair or credit monitoring services.[31]

## V.    CLASS ALLEGATIONS

### A.    Statewide Classes

270.    Pursuant to Fed. R. Civ. P. 23(b)(1), (b)(2), (b)(3), and (c)(4), Plaintiffs assert common law claims for negligence (Count I), negligence per se (Count II), breach of contract (Counts III and IV), breach of the implied covenant of good faith and fair dealing (Count V), third-party beneficiary breach of contract for the Federal Employee Class (Count VI),  negligent misrepresentation (Count VII), unjust enrichment (Count VIII), as well as statutory claims under state consumer protection statutes (Count IX), state data breach notification statutes (Count X), state unfair insurance practice statutes (Count XI), state insurance privacy statutes (Count XII), and state medical privacy statutes (Count XIII), on behalf of separate statewide classes for each of the 50 states, the District of Columbia, Puerto Rico, and the Virgin Islands, defined as follows:

> **Statewide [name of State] Class:** All residents of [name of State] whose Personal Information was maintained on the Anthem Database and was compromised as a result of the breach announced by Anthem on or around February 5, 2015.

271.    Excluded from the Classes are Defendants, any entity in which Defendants have a controlling interest, and Defendants' officers, directors, legal representatives, successors, subsidiaries, and assigns.  Also excluded from the Classes is any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

### B.    Federal Employee Class

272.    Pursuant to Fed. R. Civ. P. 23(b)(1), (b)(2), (b)(3), and (c)(4), Plaintiffs assert a breach of contract claim on behalf of a federal employee class, defined as follows:

> **Federal Employee Class:**  All enrollees in the Federal Employee Health Benefits Plan whose Personal Information was maintained on the Anthem Database and was compromised as a

---

[31] https://www.anthemfacts.com/faq

76

2055695.1

result of the breach announced by Anthem on or around February 5, 2015.

273.    Excluded from the Class are Defendants, any entity in which Defendants have a controlling interest, and Defendants' officers, directors, legal representatives, successors, subsidiaries, and assigns.  Also excluded from the Class is any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

**C.    Certification of the Proposed Classes is Appropriate**

274.    Each of the proposed Classes meets the requirements of Fed. R. Civ. P. 23(a), (b)(1), (b)(2), (b)(3), and (c)(4).

275.    **Numerosity:** The exact number of members of the Classes is unknown to Plaintiffs at this time but there are approximately 79 million individuals in all of the Classes combined, and, on information and belief, there are thousands to millions of individuals in each class, making joinder of each individual member impracticable. Ultimately, members of the Classes will be easily identified through Defendants' records.

276.    **Commonality and Predominance:** There are many questions of law and fact common to the claims of Plaintiffs and the other members of the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include:

a.    Whether Defendants failed to adequately safeguard Plaintiffs' and the Classes' Personal Information;

b.    Whether Defendants failed to protect Plaintiffs' and the Classes' Personal Information, as promised;

c.    Whether Defendants' computer system systems and data security practices used to protect Plaintiffs' and the Classes' Personal Information violated HIPAA, federal, state and local laws, or Defendants' duties;

d.    Whether Defendants engaged in unfair, unlawful, or deceptive practices by failing to safeguard Plaintiffs' and the Classes' Personal Information properly and/or as

77

2055695.1

promised;

e.  Whether Defendants violated the consumer protection statutes, data breach notification statutes, state unfair insurance practice statutes, state insurance privacy statutes, and state medical privacy statutes applicable to Plaintiffs and each of the Classes;

f.  Whether Defendants failed to notify Plaintiffs and members of the Classes about the Anthem Data Breach as soon as practical and without delay after the Anthem Data Breach was discovered;

g.  Whether Defendants acted negligently in failing to safeguard Plaintiffs' and the Classes' Personal Information;

h.  Whether implied or express contracts existed between Defendants, on the one hand, and Plaintiffs and the members of the each of the Classes, on the other;

i.  Whether Defendants' conduct described herein constitutes a breach of their implied or express contracts with Plaintiffs and the members of each of the Classes;

j.  Whether Defendants should retain the money paid by Plaintiffs and members of each of the Classes to protect their Personal Information;

k.  Whether Plaintiffs and the members of the Classes are entitled to damages as a result of Defendants' wrongful conduct;

l.  Whether Plaintiffs and the members of the Classes are entitled to restitution as a result of Defendants' wrongful conduct;

m.  What equitable relief is appropriate to redress Defendants' wrongful conduct; and

n.  What injunctive relief is appropriate to redress the imminent and currently ongoing harm faced by members of the Classes.

277.  **Typicality:** Plaintiffs' claims are typical of the claims of the members of the Classes.

78

1    Plaintiffs and the members of the Classes sustained damages as a result of Defendants' uniform

2    wrongful conduct during transactions with them.

3         278.    **Adequacy:** Plaintiffs will fairly and adequately represent and protect the interests of

4    the Classes, and have retained counsel competent and experienced in complex litigation and class

5    actions. Plaintiffs have no interests antagonistic to those of the Classes, and there are no defenses

6    unique to Plaintiffs. Plaintiffs and their counsel are committed to prosecuting this action vigorously

7    on behalf of the members of the proposed Classes, and have the financial resources to do so. Neither

8    Plaintiffs nor their counsel have any interest adverse to those of the other members of the Classes.

9         279.    **Risks of Prosecuting Separate Actions:** This case is appropriate for certification

10   because prosecution of separate actions would risk either inconsistent adjudications which would

11   establish incompatible standards of conduct for the Defendants or would be dispositive of the

12   interests of members of the proposed Classes. Furthermore, the Anthem Database still exists, and is

13   still vulnerable to future attacks – one standard of conduct is needed to ensure the future safety of the

14   Anthem Database.

15        280.    **Policies Generally Applicable to the Classes:** This case is appropriate for

16   certification because Defendants have acted or refused to act on grounds generally applicable to the

17   Plaintiffs and proposed Classes as a whole, thereby requiring the Court's imposition of uniform

18   relief to ensure compatible standards of conduct towards members of the Classes, and making final

19   injunctive relief appropriate with respect to the proposed Classes as a whole. Defendants' practices

20   challenged herein apply to and affect the members of the Classes uniformly, and Plaintiffs'

21   challenge to those practices hinges on Defendants' conduct with respect to the proposed Classes as a

22   whole, not on individual facts or law applicable only to Plaintiffs.

23        281.    **Superiority:** This case is also appropriate for certification because class proceedings

24   are superior to all other available means of fair and efficient adjudication of the claims of Plaintiffs

25   and the members of the Classes. The injuries suffered by each individual member of the Classes are

26   relatively small in comparison to the burden and expense of individual prosecution of the litigation

27   necessitated by Defendants' conduct. Absent a class action, it would be virtually impossible for

28   individual members of the Classes to obtain effective relief from Defendants. Even if members of

the Classes could sustain individual litigation, it would not be preferable to a class action because

individual litigation would increase the delay and expense to all parties, including the Court, and

would require duplicative consideration of the common legal and factual issues presented here. By

contrast, a class action presents far fewer management difficulties and provides the benefits of single

adjudication, economies of scale, and comprehensive supervision by a single Court.

## VI.    CAUSES OF ACTION

### COUNT I – NEGLIGENCE
**BROUGHT BY 53 STATEWIDE CLASSES AGAINST ALL DEFENDANTS EXCEPT FOR BCBSA**

282.    Plaintiffs incorporate the above allegations by reference.

283.    Defendants required Plaintiffs and Statewide Class Members to submit Personal

Information in order to obtain insurance coverage and/or to receive health care services.

284.    Defendants knew, or should have known, of the risks inherent in collecting and

storing the Personal Information of Plaintiffs and Statewide Class Members.

285.    As described above, Anthem owed duties of care to Plaintiffs and Statewide Class

Members whose Personal Information had been entrusted with Anthem. Anthem Affiliates owed

duties of care to Plaintiffs and Statewide Class Members whose information was placed in the

Anthem Database due to their dealings with Anthem Affiliates. Non-Anthem BCBS owed duties of

care to Plaintiffs and Statewide Class Members whose information was placed in the Anthem

Database due to their dealings with non-Anthem BCBS.

286.    Defendants breached their duties to Plaintiffs and Statewide Class Members by

failing to provide fair, reasonable, or adequate computer systems and data security practices to

safeguard Plaintiffs' Personal Information.

287.    Defendants acted with wanton disregard for the security of Plaintiffs and State Class

Members' Personal Information. Defendants knew or should have known that Anthem had

inadequate computer systems and data security practices to safeguard such information, and

Defendants knew or should have known that hackers were attempting to access the Personal

Information in health care databases, such as Anthem's.

288.    A "special relationship" exists between Defendants and the Plaintiffs and Statewide

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

1  Class Members. Anthem Affiliates entered into a "special relationship" with the Plaintiffs and State

2  Class Members whose Personal Information was requested, collected, and received by Anthem

3  Affiliates.  A "special relationship" also exists between Anthem Affiliates and Plaintiffs and the

4  State Class Members because Anthem Affiliates are insurers and providers of health plan services

5  and thus stand in a fiduciary or quasi-fiduciary relationship with Plaintiffs and State Class Members.

6  Similarly, non-Anthem BCBS entered a "special relationship" with Plaintiffs and State Class

7  Members whose Personal Information they requested, received, or collected. A "special

8  relationship" also exists between non-Anthem BCBS and Plaintiffs and the State Class Members

9  because non-Anthem BCBS are insurers and providers of health plan services and thus stand in a

10  fiduciary or quasi-fiduciary relationship with Plaintiffs and State Class Members.  Anthem entered

11  into a "special relationship" with all Plaintiffs and Class Members by placing their Personal

12  Information in the Anthem Database – information that Plaintiffs and State Class Members had been

13  required to provide to Anthem Affiliates or non-Anthem BCBS.  Furthermore, Anthem also created

14  a "special relationship" with Plaintiffs and Statewide Class Members who provided their information

15  to Anthem Affiliates by playing a large in role in creating and maintaining centralized computer

16  systems and data security practices that were used for storage of all of Anthem Affiliates' customers'

17  Personal Information. Finally, Anthem also created a "special relationship" with Plaintiffs and

18  Statewide Class Members whose Personal Information was placed in the Anthem Database due to

19  their dealings with non-Anthem BCBS. Those Plaintiffs and Statewide Class Members' Personal

20  Information was placed in the Anthem Database so that they could receive access to providers and

21  discounts in areas where Anthem serves as the BCBS licensee.

22       289.    But for Defendants' wrongful and negligent breach of their duties owed to Plaintiffs

23  and Statewide Class Members, Plaintiffs and Statewide Class Members would not have been injured.

24       290.    The injury and harm suffered by Plaintiffs and Statewide Class Members was the

25  reasonably foreseeable result of Defendants' breach of their duties. Defendants knew or should have

26  known that they were failing to meet their duties, and that Defendants' breach would cause Plaintiffs

27  and Statewide Class Members to experience the foreseeable harms associated with the exposure of

28  their Personal Information.

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

2055695.1

291.    As a direct and proximate result of Defendants' negligent conduct, Plaintiffs and Class Members have suffered injury and are entitled to damages in an amount to be proven at trial.

**COUNT II – NEGLIGENCE PER SE**
**BROUGHT BY 53 STATEWIDE CLASSES AGAINST ALL DEFENDANTS EXCEPT FOR BCBSA**

292.    Plaintiffs incorporate the above allegations by reference.

293.    Pursuant to the Federal Trade Commission Act (15 U.S.C. §45), Defendants Anthem, Anthem Affiliates, and non-Anthem BCBS had a duty to provide fair and adequate computer systems and data security practices to safeguard Plaintiffs' and Class Members' Personal Information.

294.    Pursuant to HIPAA (42 U.S.C. §1302d et. seq.), Defendants had a duty to implement reasonable safeguards to protect Plaintiffs' and Class Members' Personal Information.

295.    Pursuant to the Gramm-Leach-Bliley Act (15 U.S.C. § 6801), Defendants had a duty to protect the security and confidentiality of Plaintiffs' and Class Members' Personal Information.

296.    Pursuant to state laws in the following 12 states, Anthem and all other Defendants operating in those states had a duty to those respective states' Class Members to implement and maintain reasonable security procedures and practices to safeguard Plaintiffs' and Class Members' Personal Information:

a.    Arkansas: Ark. Code § 4-110-104

b.    California: Cal Civ. Code § 1798.81.5

c.    Connecticut: Conn. Gen. Stat. § 42-471

d.    Florida: Fla. Stat. § 501.171(2)

e.    Indiana: Ind. Code § 24-4.9-3.5

f.    Maryland: Md. Code. Comm. Law § 14-5303

g.    Massachusetts: Mass. Gen Laws Ch. 93H, § 3(a)

h.    Nevada: Nev. Rev. Stat. § 603A.210

i.    Oregon: Ore. Rev. Stat. § 646A.622(1)

82

j.      Rhode Island: R.I. Gen Laws § 11-49.2-2(2)

k.      Texas: Tex. Bus. & Com. Code § 521.052(a)

l.      Utah: Utah Code § 14-44-201(1)(a)

297.    Defendants breached their duties to Plaintiffs and Statewide Class Members under the Federal Trade Commission Act (15 U.S.C. § 45), HIPAA (42 U.S.C. § 1302d et. seq.), Gramm-Leach-Bliley Act (15 U.S.C. § 6801), and the state reasonable data security statutes by failing to provide fair, reasonable, or adequate computer systems and data security practices to safeguard Plaintiffs' and Class Members' Personal Information.

298.    Defendants' failure to comply with applicable laws and regulations constitutes negligence per se.

299.    But for Defendants' wrongful and negligent breach of their duties owed to Plaintiffs and Statewide Class Members, Plaintiffs and Statewide Class Members would not have been injured.

300.    The injury and harm suffered by Plaintiffs and Statewide Class Members was the reasonably foreseeable result of Defendants' breach of their duties. Defendants knew or should have known that they were failing to meet their duties, and that Defendants' breach would cause Plaintiffs and Statewide Class Members to experience the foreseeable harms associated with the exposure of their Personal Information.

301.    As a direct and proximate result of Defendants' negligent conduct, Plaintiffs and Class Members have suffered injury and are entitled to damages in an amount to be proven at trial.

**COUNT III – BREACH OF CONTRACT**
**BROUGHT BY 53 STATEWIDE CLASSES AGAINST ANTHEM AND ANTHEM AFFILIATES**

302.    Plaintiffs incorporate the above allegations by reference.

303.    Plaintiffs and those Statewide Class Members who purchased individual insurance plans from Anthem Affiliates or who received health insurance and related benefits under a contract between an employer (including private and governmental employers) and Anthem or Anthem Affiliates had valid, binding, and enforceable express, third party beneficiary, or implied contracts with Anthem and Anthem Affiliates as follows:

83

2055695.1

a.    Plaintiffs and Statewide Class Members or their employers paid money to Anthem and/or Anthem Affiliates and Plaintiffs and Statewide Class Members provided Anthem and/or Anthem Affiliates with their Personal Information. In exchange, Anthem and/or Anthem Affiliates agreed, among other things:  (1) to provide health insurance coverage and/or related health care services to Plaintiffs and Statewide Class Members according to the terms of their health plans; (2) to take reasonable measures to protect the security and confidentiality of Plaintiffs' and Statewide Class Members' Personal Information; and (3) to protect Plaintiffs' and Statewide Class Members' Personal Information in compliance with federal and state laws and regulations, including HIPAA, and industry standards.

b.    For those Plaintiffs and Statewide Class Members who received health insurance and related benefits under a contract between an employer and Anthem and/or Anthem Affiliates, Plaintiffs' and Statewide Class Members' employers and Anthem and/or Anthem Affiliates intended for Plaintiffs to directly benefit from the contractual promises and obligations to implement security measures to protect Plaintiffs' and Statewide Class Members' Personal Information. With respect to contracts between employers and Anthem and/or Anthem Affiliates, the applicable contract is the services agreement between the employer and Anthem and/or Anthem Affiliates, not the employer benefits plan document.

c.    Additionally and alternatively, Plaintiffs and Statewide Class Members were required to provide Personal Information to Anthem and Anthem Affiliates.  This information was valuable to Anthem and Anthem Affiliates because they used it in providing health insurance and related services to Plaintiffs and Statewide Class Members, and also for their own business purposes.  By demanding and accepting Plaintiffs' and Statewide Class Members' Personal Information, Anthem and Anthem Affiliates entered into implied contracts with Plaintiffs and Statewide Class Members that required Anthem and Anthem Affiliates to take reasonable measures to protect the security and confidentiality of the Personal Information in accordance with applicable laws, regulations, and industry standards.

304.    The terms of Plaintiffs' and Statewide Class Members' contracts with Anthem and Anthem Affiliates that concern the protection of Plaintiffs' Personal Information, set forth above,

84

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

2055695.1

1  were material terms of the contracts.

2       305.    Anthem and Anthem Affiliates did not satisfy their promises and obligations to

3  Plaintiffs and Statewide Class Members under the contracts in that they did not take reasonable

4  measures to keep Plaintiffs' and Statewide Class Members' Personal Information secure and

5  confidential and did not comply with the applicable laws, regulations, and industry standards.

6       306.    Anthem and Anthem Affiliates materially breached their contracts with Plaintiffs and

7  Statewide Class Members by failing to implement the security measures required by the contracts.

8       307.    Plaintiffs and Statewide Class Members fully performed their obligations under their

9  contracts with Anthem and Anthem Affiliates and satisfied all conditions, covenants, obligations,

10  and promises of these agreements.

11       308.    Anthem and Anthem Affiliates' failure to satisfy these promises and obligations led

12  directly to the Anthem Data Breach, in which Anthem and Anthem Affiliates let unauthorized

13  parties access and exfiltrate Plaintiffs' and Statewide Class Members' Personal Information.

14       309.    As a result of Anthem and Anthem Affiliates' failure to implement the security

15  measures required by the contracts, Plaintiffs and Statewide Class Members did not receive the full

16  benefit of their bargain, and instead received health insurance and/or  related health care services that

17  were less valuable than what they paid for.  Plaintiffs and Statewide Class Members, therefore, were

18  damaged in an amount at least equal to this overpayment.

19       310.    Also as a result of Anthem and Anthem Affiliates' failure to implement the security

20  measures required by the contracts, Plaintiffs and Statewide Class Members have suffered actual

21  damages resulting from the theft of their Personal Information and remain at imminent risk of

22  suffering additional damages in the future.

23       311.    Accordingly, Plaintiffs and Statewide Class Members have been injured as a result of

24  Anthem and Anthem Affiliates' breach of contract and are entitled to damages and/or restitution in

25  an amount to be proven at trial.

26                    **COUNT IV – BREACH OF CONTRACT**
                **BROUGHT BY 53 STATEWIDE CLASSES AGAINST NON-ANTHEM BCBS**

27       312.    Plaintiffs incorporate the above allegations by reference.

28
                                        85

2055695.1

313.     Plaintiffs and those Statewide Class Members who purchased individual insurance plans from non-Anthem BCBS or who received health insurance and related benefits under a contract between an employer (including private and governmental employers) had valid, binding, and enforceable express, third party beneficiary, or implied contracts with the non-Anthem BCBS as follows:

a.  Plaintiffs and Statewide Class Members or their employers paid money to non-Anthem BCBS and Plaintiffs provided non-Anthem BCBS with their Personal Information. In exchange, non-Anthem BCBS agreed, among other things:  (1) to provide health insurance coverage and/or related health services to Plaintiffs and Statewide Class Members according to the terms of their health plans; (2) to take reasonable measures to protect the security and confidentiality of Plaintiffs' and Statewide Class Members' Personal Information; and (3) to protect Plaintiffs' and Statewide Class Members' Personal Information in compliance with federal and state laws and regulations, including HIPAA, and industry standards.

b.     Plaintiffs' and Statewide Class Members' employers and non-Anthem BCBS intended for Plaintiffs and Statewide Class Members to directly benefit from the contractual promises and obligations to implement security measures to protect Plaintiffs' and Statewide Class Members' Personal Information.  With respect to contracts between employers and non-Anthem BCBS, the applicable contract is the services agreement between the employer and non-Anthem BCBS, not the employer benefits plan document.

c.     Additionally and alternatively, Plaintiffs and Statewide Class Members were required to provide Personal Information to non-Anthem BCBS.  This Personal Information was valuable to non-Anthem BCBS because they used it in providing health insurance and related services to Plaintiffs and Statewide Class Members, and also for their own business purposes.  By demanding and accepting Plaintiffs' and Statewide Class Members' Personal Information, non-Anthem BCBS entered into implied contracts with Plaintiffs and Statewide Class Members that required non-Anthem BCBS to take reasonable measures to protect the security and confidentiality of the Personal Information in accordance with applicable laws, regulations, and industry standards.

314.     Through these contracts, non-Anthem BCBS also offered the BlueCard program,

86

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

which enabled Plaintiffs and Statewide Class Members to obtain healthcare from providers in other BCBS licensees' provider networks in certain circumstances. Plaintiffs and Statewide Class Members paid substantial premiums to non-Anthem BCBS for access to the BlueCard program.

315.    The terms of Plaintiffs' contracts with non-Anthem BCBS that concern the protection of Plaintiffs' and Statewide Class Members' Personal Information and the use of the BlueCard program were material terms of the contracts.

316.    Non-Anthem BCBS did not satisfy their promises and obligations to Plaintiffs and Statewide Class Members under the contracts in that they failed to ensure that Plaintiffs' and Statewide Class Members' Personal Information would be secured as required by the contracts. Instead, Plaintiffs' and Statewide Class Members' Personal Information was stored in the inadequately-secured Anthem Database and accessed and exfiltrated in the Anthem Data Breach.

317.    Non-Anthem BCBS, thus, materially breached their contracts with Plaintiffs and Statewide Class Members by failing to implement the security measures required by the contracts.

318.    Plaintiffs and Statewide Class Members fully performed their obligations under their contracts with non-Anthem BCBS and satisfied all conditions, covenants, obligations, and promises of these agreements.

319.    As a direct and proximate result of non-Anthem BCBS' failure to implement the security measures required by the contracts, Plaintiffs and Statewide Class Members did not receive the full benefit of their bargain, and instead received health insurance and related services that were less valuable than what they paid for.  Plaintiffs and Statewide Class Members were damaged in an amount at least equal to this overpayment.

320.    Also as a direct and proximate result of non-Anthem BCBS' failure to implement the security measures required by the contracts, Plaintiffs and Statewide Class Members have suffered actual damages resulting from the theft of their Personal Information and remain at imminent risk of suffering additional damages in the future.

321.    Accordingly, Plaintiffs and Statewide Class Members have been injured as a result of non-Anthem BCBS' breach of contract and are entitled to damages and/or restitution in an amount to be proven at trial.

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

2055695.1

**COUNT V – BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**
**BROUGHT BY 53 STATEWIDE CLASSES AGAINST ALL DEFENDANTS EXCEPT BCBSA**

322.    Plaintiffs incorporate the above allegations by reference.

323.    Plaintiffs and Statewide Class Members entered into valid, binding, and enforceable express, implied, or third-party beneficiary contracts with Anthem and Anthem Affiliates or with non-Anthem BCBS, as alleged above.

324.    These contracts were subject to implied covenants of good faith and fair dealing that all parties would act in good faith and with reasonable efforts to perform their contractual obligations (both explicit and fairly implied) and not to impair the rights of the other parties to receive the rights, benefits, and reasonable expectations under the contracts. These included the covenants that Anthem, Anthem Affiliates and non-Anthem BCBS would act fairly and in good faith in carrying out their contractual obligations to take reasonable measures to protect Plaintiffs' Personal Information and to comply with industry standards and federal and state laws and regulations.

325.    "Special relationships" exist between Anthem, Anthem Affiliates and non-Anthem BCBS and the Plaintiffs and Statewide Class Members. Anthem, Anthem Affiliates and non-Anthem BCBS each entered into a "special relationship" with those Plaintiffs and Statewide Class Members who purchased insurance plans from them and/or enrolled in health services plans with them and who entrusted their Personal Information to Anthem, Anthem Affiliates and non-Anthem BCBS.

326.    Despite these special relationships with Plaintiffs, Anthem, Anthem Affiliates and non-Anthem BCBS did not act in good faith and with fair dealing to protect Plaintiffs' and Statewide Class Members' Personal Information.  For example, instead of implementing reasonable security measures to protect Plaintiffs' and Statewide Class Members' Personal Information, Anthem and Anthem Affiliates provided woefully inadequate security measures that violated basic information security principles.  Similarly, non-Anthem BCBS allowed Anthem and Anthem Affiliates to store and retain Plaintiffs' and Statewide Class Members' information in the Anthem Database in the course of administering the BlueCard Program even though the Anthem Database was not

88

2055695.1

reasonably secure.

327.    Plaintiffs and Statewide Class Members performed all conditions, covenants, obligations, and promises owed to Anthem, Anthem Affiliates, and non-Anthem BCBS.

328.    Anthem, Anthem Affiliates and non-Anthem BCBS' failure to act in good faith in implementing the security measures required by the contracts denied Plaintiffs and Statewide Class Members the full benefit of their bargain, and instead they received health insurance and related services that were less valuable than what they paid for and less valuable than their reasonable expectations under the contracts.  Plaintiffs and Statewide Class Members were damaged in an amount at least equal to this overpayment.

329.    Anthem, Anthem Affiliates and non-Anthem BCBS' failure to act in good faith in implementing the security measures required by the contracts also caused Plaintiffs and Statewide Class Members to suffer actual damages resulting from the theft of their Personal Information, and remain at imminent risk of suffering additional damages in the future.

330.    Accordingly, Plaintiffs have been injured as a result of Anthem, Anthem Affiliates and non-Anthem BCBS' breaches of the covenant of good faith and fair dealing and are entitled to damages and/or restitution in an amount to be proven at trial.

## COUNT VI – THIRD-PARTY BENEFICIARY CLAIM FOR BREACH OF CONTRACT UNDER FEDERAL LAW
### BROUGHT BY FEDERAL EMPLOYEE CLASS AGAINST ALL DEFENDANTS EXCEPT ANTHEM NON-BCBS AFFILIATES

331.    Plaintiffs incorporate the above allegations by reference.

332.    BCBSA, on behalf of the Anthem BCBS Affiliates and non-Anthem BCBS, had a valid, binding, and enforceable express contract with OPM to provide insurance and other benefits to those Plaintiffs who received health insurance and related benefits under the Federal BCBSA Plan ("Federal Employee Plaintiffs") and the Federal Employee Class Members.  Under the express terms of the Federal BCBSA Contract, federal law applies to breach of contract claims.

333.    Under the Federal BCBSA Contract, BCBSA, on behalf of the Anthem BCBS Affiliates and non-Anthem BCBS, promised to take reasonable measures to protect the security and confidentiality of Federal Employee Plaintiffs' and Federal Employee Class Members' Personal

89

Information, and to protect their Personal Information in compliance with federal and state laws and regulations, including HIPAA, and industry standards.

334. The terms of the Federal BCBSA Contract that concern the protection of Federal Employee Plaintiffs' Personal Information were material terms of the Federal BCBSA Contract.

335. BCBSA, the Anthem BCBS Affiliates, and non-Anthem BCBS did not satisfy their promises and obligations to OPM under the Federal BCBSA Contract, in that they did not take reasonable and contractually-required measures to keep Federal Employee Plaintiffs' and Class Members' Personal Information secure and confidential and did not comply with the applicable federal and state laws, regulations, and industry standards for data security.

336. BCBSA, the Anthem BCBS Affiliates, and non-Anthem BCBS materially breached their contract with OPM by failing to implement the security measures required by the Federal BCBSA Contract. Instead, Federal Employee Plaintiffs' and Class Members' Personal Information was stored in the inadequately-secured Anthem Database and accessed and exfiltrated in the Anthem Data Breach. To the extent BCBSA outsourced the collection, storage, use, and protection of Federal Employee Plaintiffs' and Class Members' Personal Information to other entities, BCBSA remains liable for those entities' failure to protect the Personal Information.

337. OPM fully performed its obligations under the Federal BCBSA Contract and satisfied all conditions, covenants, obligations, and promises of the agreement.

338. BCBSA, Anthem BCBS Affiliates, and non-Anthem BCBS's failure to satisfy their promises and obligations led directly to the Anthem Data Breach, in which Anthem and Anthem Affiliates let unauthorized parties access and exfiltrate Federal Employee Plaintiffs and Class Members' Personal Information.

339. Federal Employee Plaintiffs and Class Members are intended third-party beneficiaries of the data security provisions in the contract between BCBSA (on behalf of Anthem BCBS Affiliates and non-Anthem BCBS) and OPM, and are entitled to directly enforce its terms. The benefits that Federal Employee Plaintiffs and Class Members receive under the Federal BCBSA Contract are not incidental to the purpose of the agreement. Instead, the purpose of the Federal BCBSA Contract is to define the terms and conditions under which BCBSA, the Anthem BCBS

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

1    Affiliates, and the non-Anthem BCBS would provide health insurance and/or related health care

2    services to Federal Employee Plaintiffs.  The provisions of the agreement that pertain to data

3    security are intended to protect the Personal Information of Federal Employee Plaintiffs and Class

4    Members.  Among other things, the Federal BCBSA Contract's confidentiality provisions explicitly

5    refer to "subscribers" and the statement of benefits' confidentiality provision refers to "enrollees."

6    Federal Employee Plaintiffs and Class Members are subscribers and enrollees within the meaning to

7    the Federal BCBSA Contract and are covered by the Federal BCBSA Plans governed by the

8    contract.

9         340.    As a result of BCBSA, Anthem BCBS Affiliates, and non-Anthem BCBS's failure to

10    implement the security measures required by the Federal BCBSA Contract, OPM did not receive the

11    full benefit of its bargain, and instead Federal Employee Plaintiffs and Class Members received

12    health insurance and/or related health care services that were less valuable than what OPM had

13    bargained for.

14         341.    Also as a result of BCBSA, Anthem BCBS Affiliates, and non-Anthem BCBS's

15    failure to implement the security measures required by the Federal BCBSA Contract, Federal

16    Employee Plaintiffs and Class Members have suffered actual damages resulting from the theft of

17    their Personal Information and remain at imminent risk of suffering additional damages in the future.

18    Federal Employee Plaintiffs and Class Members also overpaid for health insurance and/or related

19    health care services because they did not receive the full benefit of the services that BCBSA,

20    Anthem BCBS Affiliates, non-Anthem BCBS, and OPM intended them to receive.

21         342.    Accordingly, Federal Employee Plaintiffs and Class Members have been injured as a

22    result of Defendants' breach of contract and are entitled to damages and/or restitution in an amount

23    to be proven at trial. Moreover, Federal Employee Plaintiffs and Class Members are additionally

24    entitled to specific performance of the contract, including OPM's right to audit Anthem, which, as

25    discussed above, Anthem has refused and continues to refuse to allow.

26

27

28

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

## COUNT VII – NEGLIGENT MISREPRESENTATION
## BROUGHT BY 53 STATEWIDE CLASSES AGAINST ALL DEFENDANTS EXCEPT BCBSA

343.    Plaintiffs incorporate the above allegations by reference.

344.    Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS negligently and recklessly misrepresented material facts, pertaining to the sale of insurance and health benefits services, to Plaintiffs and Statewide Class Members by representing that they would maintain adequate data privacy and security practices and procedures to safeguard Plaintiffs and Statewide Class Members' Personal Information from unauthorized disclosure, release, data breaches, and theft.

345.    Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS negligently and recklessly misrepresented material facts, pertaining to the sale of insurance and health benefits services, to Plaintiffs and Statewide Class Members by representing that they did and would comply with the requirements of relevant federal and state laws pertaining to the privacy and security of Plaintiffs and Statewide Class Members' Personal Information.

346.    Because of multiple warnings about the inadequacy of their data privacy and security practices, Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS either knew or should have known that their representations were not true.

347.    In reliance upon these misrepresentations, Plaintiffs and Statewide Class Members purchased insurance or health benefits services from Defendants.

348.    Had Plaintiffs and Statewide Class Members, as reasonable persons, known of Defendants' inadequate data privacy and security practices, or that Defendants were failing to comply with the requirements of federal and state laws pertaining to the privacy and security of Class Members' Personal Information, they would not have purchased insurance or health benefits services from Defendants, and would not have entrusted their Personal Information to Defendants.

349.    As direct and proximate consequence of Defendants' negligent misrepresentations, Plaintiffs and Class Members have suffered the injuries alleged above.

92

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

2055695.1

**COUNT VIII – UNJUST ENRICHMENT**
**BROUGHT BY 53 STATEWIDE CLASS AGAINST ALL DEFENDANTS EXCEPT FOR BCBSA**

350.    Plaintiffs incorporate the above allegations by reference.

351.    Plaintiffs and Class Members conferred a monetary benefit on Defendants Anthem, Anthem Affiliates, and non-Anthem BCBS in the form of premiums paid for the purchase of health insurance and health benefits services.

352.    Anthem, Anthem Affiliates, and non-Anthem BCBS appreciated or had knowledge of the benefits conferred upon them by Plaintiffs and Class Members.

353.    The premiums for health insurance and health benefits services that Plaintiffs and Class Members  paid (directly or indirectly) to Defendants were supposed to be used by Defendants, in part, to pay for the administrative costs of reasonable data privacy and security practices and procedures.

354.    As a result of Anthem, Anthem Affiliates, and non-Anthem BCBS' conduct, Plaintiffs and Class Members suffered actual damages in an amount equal to the difference in value between health insurance and health benefit services with the reasonable data privacy and security practices and procedures that Plaintiffs and Class Members paid for, and the inadequate health insurance and health benefits services without reasonable data privacy and security practices and procedures that they received.

355.    Under principals of equity and good conscience, Defendants Anthem, Anthem Affiliates, and non-Anthem BCBS should not be permitted to retain the money belonging to Plaintiffs and Class Members because Defendant failed to implement (or adequately implement) the data privacy and security practices and procedures that Plaintiffs and Class Members paid for and that were otherwise mandated by HIPAA regulations, federal, state and local laws, and industry standards.

356.    Anthem, Anthem Affiliates, and non-Anthem BCBS should be compelled to disgorge into a common fund for the benefit of Plaintiffs and Class Members all unlawful or inequitable proceeds received by Anthem, Anthem Affiliates, and non-Anthem BCBS.

93

2055695.1

357.    A constructive trust should be imposed upon all unlawful or inequitable sums received by Anthem, Anthem Affiliates, and non-Anthem BCBS traceable to Plaintiffs and Class Members.

358.    Plaintiffs and Class Members have no adequate remedy at law.

**COUNT IX – STATE CONSUMER PROTECTION LAWS
BROUGHT BY THE STATEWIDE CLASSES BELOW**

**Arizona
ARIZONA CONSUMER FRAUD ACT,
A.R.S. § 44-1521, *et seq.*
(BROUGHT BY ARIZONA CLASS AGAINST ANTHEM AND ALL OTHER
DEFENDANTS OPERATING IN ARIZONA EXCEPT FOR BCBSA)**

359.    Plaintiffs incorporate the above allegations by reference.

360.    Defendants Anthem, Anthem Affiliates, and Non-Anthem BCBS operating in Arizona engaged in deceptive and unfair acts and practices, misrepresentation, and the concealment, suppression, and omission of material facts in connection with the sale and advertisement of "merchandise" (as defined in the Arizona Consumer Fraud Act, A.R.S. §44-1521(5))  in violation of A.R.S. §44-1522(A), including but not limited to the following:

a.    Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS misrepresented material facts to the Arizona Class, in connection with the sale of insurance and health benefits services, by representing that they would maintain adequate data privacy and security practices and procedures to safeguard Arizona Class Members' Personal Information from unauthorized disclosure, release, data breaches, and theft;

b.    Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS misrepresented material facts to the Arizona Class, in connection with sale of insurance and health benefits services, by representing that they did and would comply with the requirements of relevant federal and state laws pertaining to the privacy and security of Arizona Class Members' Personal Information;

c.    Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS omitted, suppressed, and concealed the material fact of the inadequacy of the privacy and security protections for Arizona Class Members' Personal Information, with the intent that others rely on the omission, suppression, and concealment;

94

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

2055695.1

d.      Defendants Anthem, Anthem Affiliates, and Non-Anthem BCBS engaged in unfair acts and practices, in connection with the sale of insurance and health benefits services by failing to maintain the privacy and security of Arizona Class Members' Personal Information, in violation of duties imposed by and public policies reflected in applicable federal and state laws, resulting in the Anthem Data Breach.  These unfair acts and practices violated duties imposed by laws including the Federal Trade Commission Act (15 U.S.C. § 45), HIPAA (42 U.S.C. § 1302d et. seq.), the Gramm-Leach-Bliley Act (15 U.S.C. § 6801), and the Arizona Insurance Information and Privacy Protection Act (A.R.S. §20-2113).

e.      Defendants Anthem and Anthem Affiliates engaged in unfair acts and practices in connection with the sale of insurance and health benefits services by failing to disclose the Anthem Data Breach to Arizona Class Members in a timely and accurate manner, in violation of Ariz. Rev. Stat. § 44-7501.

f.      Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS engaged in unfair acts and practices with respect to the sale of insurance and health benefits services by failing to take proper action following the Anthem Data Breach to enact adequate privacy and security measures and protect Arizona Class Members' Personal Information from further unauthorized disclosure, release, data breaches, and theft.

361.    The above unfair and deceptive practices and acts by Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS were immoral, unethical, oppressive, and unscrupulous. These acts caused substantial injury to consumers that the consumers could not reasonably avoid; this substantial injury outweighed any benefits to consumers or to competition.

362.    Defendants knew or should have known that their computer systems and data security practices were inadequate to safeguard Arizona Class Members' Personal Information and that risk of a data breach or theft was highly likely.  Defendants' actions in engaging in the above-named unfair practices and deceptive acts were negligent, knowing and willful, and/or wanton and reckless with respect to the rights of members of the Arizona Class.

363.    As a direct and proximate result of Defendants' unlawful practices, Arizona Class Members suffered injury and/or damages.

95

364.    Arizona Class Members seek relief under A.R.S. § 4421, et. seq., including, but not limited to, compensatory damages, punitive damages, injunctive relief, and/or attorneys' fees and costs.

**California**
**CALIFORNIA UNFAIR COMPETITION LAW,**
**CAL. BUS. & PROF. CODE § 17200, *et seq.***
**(BROUGHT BY CALIFORNIA CLASS AGAINST ANTHEM AND ALL OTHER**
**DEFENDANTS OPERATING IN CALIFORNIA EXCEPT BCBSA)**

365.    Plaintiffs incorporate the above allegations by reference.

366.    Defendants Anthem, Anthem Affiliates, and Non-Anthem BCBS operating in California have violated Cal. Business and Professions Code §17200 et seq. by engaging in unlawful, unfair or fraudulent business acts and practices and unfair, deceptive, untrue or misleading advertising that constitute acts of "unfair competition" as defined in Cal. Bus. Prof. Code §17200 with respect to the insurance and health benefits services provided to the California Class, including but not limited to the following:

a.    Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS engaged in deceptive acts and practices with regard to the insurance and health benefits services provided to the California Class by representing and advertising that they would maintain adequate data privacy and security practices and procedures to safeguard California Class Members' Personal Information from unauthorized disclosure, release, data breaches, and theft; representing and advertising that they did and would comply with the requirements of relevant federal and state laws pertaining to the privacy and security of California Class Members' Personal Information; and omitting, suppressing, and concealing the material fact of the inadequacy of the privacy and security protections for California Class Members' Personal Information.

b.    Defendants Anthem, Anthem Affiliates, and Non-Anthem BCBS engaged in unfair acts and practices with respect to the insurance and health benefits services by establishing the sub-standard security practices and procedures described herein; by soliciting and collecting Plaintiffs' and California Class Members' Personal Information with knowledge that the information would not be adequately protected; and by storing Plaintiffs' and California Class Members' Personal

96

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

2055695.1

Information in an unsecure electronic environment.  These unfair acts and practices were immoral, unethical, oppressive, unscrupulous, unconscionable, and/or substantially injurious to Plaintiffs and California Class Members.  Defendant's practice was also contrary to legislatively declared and public policies that seek to protect consumer data and ensure that entities who solicit or are entrusted with personal data utilize appropriate security measures, as reflected by laws like the Federal Trade Commission Act (15 U.S.C. § 45), HIPAA (42 U.S.C. § 1302d et. seq.), the Gramm-Leach-Bliley Act (15 U.S.C. § 6801), California's Confidentiality of Medical Information Act (Civil Code §56 et seq.), California's unfair insurance practices statutes (Ins. Code §790 et seq.), California's Insurance Information and Privacy Protection Act (Ins. Code §791 et seq.), and California's data breach statute, Cal. Civ. Code § 1798.81.5.  The harm these practices caused to Plaintiffs and the California Class Members outweighed their utility, if any.

       c.      Defendants Anthem and Anthem Affiliates engaged in unfair acts and practices with respect to the sale of insurance and health benefits services by failing to disclose the Anthem Data Breach to California Class Members in a timely and accurate manner, contrary to the duties imposed by Cal. Civ. Code § 1798.82.  These unfair acts and practices were immoral, unethical, oppressive, unscrupulous, unconscionable, and/or substantially injurious to Plaintiffs and California Class Members.  The harm these practices caused to Plaintiffs and the California Class Members outweighed their utility, if any.

       d.      Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS engaged in unfair acts and practices with respect to the provision of insurance and health benefits services by failing to take proper action following the Anthem Data Breach to enact adequate privacy and security measures and protect California Class Members' Personal Information from further unauthorized disclosure, release, data breaches, and theft.  These unfair acts and practices were immoral, unethical, oppressive, unscrupulous, unconscionable, and/or substantially injurious to Plaintiffs and California Class Members.  The harm these practices caused to Plaintiffs and the California Class Members outweighed their utility, if any.

       e.      Defendants Anthem, Anthem Affiliates, and Non-Anthem BCBS engaged in unlawful business practices by violating the privacy and security requirements of HIPAA (42 U.S.C. § 1302d

1    et. seq.).

2         f.     Defendants Anthem, Anthem Affiliates, and Non-Anthem BCBS engaged in unlawful

3    business practices by violating California's Confidentiality of Medical Information Act (Civil Code

4    §56 et seq.) with respect to California Class members participating in health services plans regulated

5    by the Knox-Keene Act, and with respect to employees.

6         g.     Defendants Anthem, Anthem Affiliates, and Non-Anthem BCBS engaged in unlawful

7    business practices by violating California's unfair insurance practices statutes (Ins. Code §790 et

8    seq.), and California's Insurance Information and Privacy Protection Act (Ins. Code §791 et seq.,

9    "CIIPA") with respect to California Class Members with health insurance.  With respect to CIIPA,

10    Defendants are "insurance institutions" that "collected or received" "personal or privileged

11    information" pertaining to members of the California Class "in connection with an insurance

12    transaction" and, as a result of the Anthem Data Breach, failed to maintain the confidentiality and

13    privacy of and disclosed this personal information without authorization, thereby violating CIIPA;

14         h.     Defendants Anthem and Anthem Affiliates engaged in unlawful business practices by

15    violating Cal. Civ. Code § 1798.82.

16         367.     As a direct and proximate result of Defendants Anthem, Anthem Affiliates and Non-

17    Anthem BCBS's acts of unfair and unlawful practices and acts, the Plaintiffs were injured and lost

18    money or property, including but not limited to the premiums and/or price received by Defendants

19    for the insurance and health benefits services, the loss of their legally protected interest in the

20    confidentiality and privacy of their Personal Information, and additional losses described above.

21         368.     Defendants Anthem, Anthem Affiliates, and Non-Anthem BCBS knew or should

22    have known that their computer systems and data security practices were inadequate to safeguard

23    California Class Members' Personal Information and that the risk of a data breach or theft was

24    highly likely. Defendants' actions in engaging in the above-named unfair practices and deceptive

25    acts were negligent, knowing and willful, and/or wanton and reckless with respect to the rights of

26    members of the California Class.

27         369.     California Class Members seek relief under Cal. Bus. & Prof. Code § 17200, et. seq.,

28    including, but not limited to, restitution to Plaintiffs and Class Members of money or property that

2055695.1

1  the Defendants may have acquired by means of Defendants' deceptive, unlawful, and unfair business

2  practices, restitutionary disgorgement of all profits accruing to Defendants because of their unlawful

3  and unfair business practices, declaratory relief, attorney's fees and costs (pursuant to Cal. Code

4  Civil Pro. §1021.5), and injunctive or other equitable relief.

**Colorado**
**COLORADO CONSUMER PROTECTION ACT,**
**COLO. REV. STAT. § 6-1-101, *et. seq.***
**(BROUGHT BY COLORADO CLASS AGAINST ANTHEM AND ALL OTHER**
**DEFENDANTS OPERATING IN COLORADO EXCEPT FOR BCBSA)**

8  370.    Plaintiffs incorporate the above allegations by reference.

9  371.    Colorado Class Members are actual or potential consumers of insurance and health

10  benefits services offered by Defendants.

11  372.    Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS engaged in

12  deceptive, unfair, and unlawful trade acts or practices in the course of Defendants' business,

13  vocation, or occupation, in violation of C.R.S. §6-1-105, including but not limited to the following:

14      a.    Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS knowingly

15  misrepresented and fraudulently advertised material facts pertaining to the insurance and health

16  benefits services to the Colorado Class by representing and advertising that they would maintain

17  adequate data privacy and security practices and procedures to safeguard Colorado Class Members'

18  Personal Information from unauthorized disclosure, release, data breaches, and theft, in violation of

19  Colo. Rev. Stat. §6-1-105(e), (g) (i) and (u);

20      b.    Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS knowingly

21  misrepresented material facts pertaining to insurance and health benefits services to the Colorado

22  Class by representing and advertising that they did and would comply with the requirements of

23  relevant federal and state laws pertaining to the privacy and security of Colorado Class Members'

24  Personal Information, in violation of Colo. Rev. Stat. §6-1-105(e), (g) (i) and (u);

25      c.    Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS knowingly omitted,

26  suppressed, and concealed the material fact of the inadequacy of the privacy and security protections

27  for Colorado Class Members' Personal Information (intending to induce others to enter into a

28  transaction), in violation of Colo. Rev. Stat. §6-1-105(1)(e), (g) (i) and (u);

99

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

d.      Defendants Anthem, Anthem Affiliates, and Non-Anthem BCBS engaged in deceptive, unfair, and unlawful trade acts or practices, in violation of C.R.S. §6-1-105(3), by failing to maintain the privacy and security of Colorado Class Members' Personal Information, in violation of duties imposed by and public policies reflected in applicable federal and state laws, resulting in the Anthem Data Breach.  These unfair acts and practices violated duties imposed by laws including the Federal Trade Commission Act (15 U.S.C. § 45), HIPAA (42 U.S.C. § 1302d et. seq.), the Gramm-Leach-Bliley Act (15 U.S.C. § 6801), Colorado Insurance Regulations (3 CCR 702-6:6-4-1, Sections 11 and 24), Colorado Unfair Insurance Practices Act (C.R.S .§10-3-1104), and Colorado's HMO Privacy Law (C.R.S. §10-16-423);

e.      Defendants Anthem and Anthem Affiliates engaged in deceptive, unfair, and unlawful trade acts or practices, in violation of C.R.S. §6-1-105(3), by failing to disclose the Anthem Data Breach to Colorado Class Members in a timely and accurate manner, contrary to the duties imposed by Colo. Rev. Stat. Ann. § 6-1-716(2).

f.      Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS engaged in deceptive, unfair, and unlawful trade acts or practices, in violation of C.R.S. §6-1-105(3), by failing to take proper action following the Anthem Data Breach to enact adequate privacy and security measures and protect Colorado Class Members' Personal Information from further unauthorized disclosure, release, data breaches, and theft.

373.    Defendants engaged in the above unfair or deceptive acts or practices in the course of their business.

374.    As a direct and proximate result of Defendants' deceptive trade practices, Colorado Class Members suffered injuries to legally protected interests, including their legally protected interest in the confidentiality and privacy of their Personal Information.

375.    The above unfair and deceptive practices and acts by Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS were immoral, unethical, oppressive, and unscrupulous. These acts caused substantial injury to consumers that these consumers could not reasonably avoid; this substantial injury outweighed any benefits to consumers or to competition.

376.    Defendants knew or should have known that their computer systems and data security

100

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

2055695.1

practices were inadequate to safeguard Colorado Class Members' Personal Information and that risk of a data breach or theft was highly likely. Defendants' actions in engaging in the above-named unfair practices and deceptive acts were negligent, knowing and willful, and/or wanton and reckless with respect to the rights of members of the Colorado Class.

377.    Colorado Class Members seek relief under Colo. Rev. Stat. § 6-1-101, et. seq., including, not limited to, compensatory damages, statutory damages, restitution, penalties, injunctive relief, and/or attorneys' fees and costs.

**Connecticut**
**CONNECTICUT UNFAIR TRADE PRACTICES ACT,**
**C.G.S. § 42-110a *et seq.*,**
**(BROUGHT BY CONNECTICUT CLASS AGAINST ANTHEM AND ALL OTHER DEFENDANTS OPERATING IN CONNECTICUT EXCEPT FOR BCBSA)**

378.    Plaintiffs incorporate the above allegations by reference.

379.    Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS engaged in deceptive, unfair, and unlawful trade acts or practices in the conduct of trade or commerce, in violation of C.G.S. § 42-110b, including but not limited to the following:

a.    Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS misrepresented and fraudulently advertised material facts pertaining to the insurance and health benefits services to the Connecticut Class by representing and advertising that they would maintain adequate data privacy and security practices and procedures to safeguard Connecticut Class Members' Personal Information from unauthorized disclosure, release, data breaches, and theft;

b.    Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS misrepresented material facts pertaining to insurance and health benefits services to the Connecticut Class by representing and advertising that they did and would comply with the requirements of relevant federal and state laws pertaining to the privacy and security of Connecticut Class Members' Personal Information;

c.    Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS omitted, suppressed, and concealed the material fact of the inadequacy of the privacy and security protections for Connecticut Class Members' Personal Information;

101

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

2055695.1

d.      Defendants Anthem, Anthem Affiliates, and Non-Anthem BCBS engaged in deceptive, unfair, and unlawful trade acts or practices by failing to maintain the privacy and security of Connecticut Class Members' Personal Information, in violation of duties imposed by and public policies reflected in applicable federal and state laws, resulting in the Anthem Data Breach.  These unfair acts and practices violated duties imposed by laws including the Federal Trade Commission Act (15 U.S.C. § 45), HIPAA (42 U.S.C. § 1302d et. seq.), the Gramm-Leach-Bliley Act (15 U.S.C. § 6801), the Connecticut Insurance Information and Privacy Protection Act (C.G.S. 38a-988), and the Connecticut data breach statute (C.G.S. § 42-471).

e.      Defendants Anthem and Anthem Affiliates engaged in deceptive, unfair, and unlawful trade acts or practices by failing to disclose the Anthem Data Breach to Connecticut Class Members in a timely and accurate manner, contrary to the duties imposed by C.G.S. § 36a-701b.

f.      Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS engaged in deceptive, unfair, and unlawful trade acts or practices by failing to take proper action following the Anthem Data Breach to enact adequate privacy and security measures and protect Connecticut Class Members' Personal Information from further unauthorized disclosure, release, data breaches, and theft.

380.    The above unfair and deceptive practices and acts by Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS also violated Connecticut's Unfair Insurance Practices Act, Conn. Gen. Stat. §38a-815,816.

381.    As a direct and proximate result of Defendants' deceptive trade practices, Connecticut Class Members suffered an ascertainable loss of money or property, real or personal, as described above, including the loss of their legally protected interest in the confidentiality and privacy of their Personal Information.

382.    The above unfair and deceptive practices and acts by Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS were immoral, unethical, oppressive, and unscrupulous. These acts caused substantial injury to consumers that these consumers could not reasonably avoid; this substantial injury outweighed any benefits to consumers or to competition.

383.    Defendants knew or should have known that their computer systems and data security

102

2055695.1

practices were inadequate to safeguard Connecticut Class Members' Personal Information and that risk of a data breach or theft was highly likely. Defendants' actions in engaging in the above-named unfair practices and deceptive acts were negligent, knowing and willful, and/or wanton and reckless with respect to the rights of members of the Connecticut Class.

384.    Connecticut Class Members seek relief under C.G.S. § 42-110a et seq., including, but not limited to, damages, statutory damages, restitution, penalties, injunctive relief, and/or attorneys' fees and costs.

**District of Columbia**
**DISTRICT OF COLUMBIA CONSUMER PROTECTION PROCEDURES ACT,**
**D.C. CODE § 28-3904,** *et seq.*
**(BROUGHT BY D.C. CLASS AGAINST ANTHEM AND ALL OTHER DEFENDANTS**
**OPERATING IN D.C. EXCEPT FOR BCBSA)**

385.    Plaintiffs incorporate the above allegations by reference.

386.    Plaintiffs bring this claim against Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS operating in the District of Columbia ("D.C.") on behalf of the D.C. Class.

387.    As defined by D.C. Code § 28-3901, D.C. Class Members are "consumers" who purchased or received goods or services, in the form of insurance and benefits services, for personal, household, or family purposes.

388.    Defendants Anthem, Anthem Affiliates, and Non-Anthem BCBS operating in D.C. engaged in unlawful trade practices, misrepresentations, and the concealment, suppression, and omission of material facts with respect to the sale and advertisement of insurance and health benefit services in violation of D.C. Code § 28-3904, including but not limited to the following:

a.    Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS misrepresented material facts, pertaining to the sale of insurance and health benefits services, to the D.C. Class by representing that they would maintain adequate data privacy and security practices and procedures to safeguard D.C. Class Members' Personal Information from unauthorized disclosure, release, data breaches, and theft in violation of D.C. Code § 28-3904(a), (d), (e), (f), (h), and/or (u);

b.    Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS misrepresented material facts, pertaining to the sale of insurance and health benefits services, to the D.C. Class by

103

2055695.1

1   representing that they did and would comply with the requirements of relevant federal and state laws

2   pertaining to the privacy and security of D.C. Class Members' Personal Information in violation of

3   D.C. Code § 28-3904(a), (d), (e), (f), (h), and/or (u);

4        c.      Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS omitted, suppressed,

5   and concealed the material fact of the inadequacy of the privacy and security protections for D.C.

6   Class Members' Personal Information in violation of D.C. Code § 28-3904(a), (d), (e), (f), (h),

7   and/or (u);

8        d.      Defendants Anthem, Anthem Affiliates, and Non-Anthem BCBS engaged in unfair

9   acts and practices with respect to the sale of insurance and health benefits services by failing to

10  maintain the privacy and security of D.C. Class Members' Personal Information, in violation of

11  duties imposed by and public policies reflected in applicable federal and state laws, resulting in the

12  Anthem Data Breach.  These unfair acts and practices violated duties imposed by laws including the

13  Federal Trade Commission Act (15 U.S.C. § 45), HIPAA (42 U.S.C. § 1302d *et. seq.*), the Gramm-

14  Leach-Bliley Act (15 U.S.C. § 6801), and the D.C. Unfair Insurance Trade Practices Act (D.C. Code

15  §§ 31-2231.03 and 31-2231.04).

16       e.      Defendants Anthem and Anthem Affiliates engaged in unfair acts and practices with

17  respect to the sale of insurance and health benefits services by failing to disclose the Anthem Data

18  Breach to D.C. Class Members in a timely and accurate manner, in violation of D.C. Code § 28-

19  3852(a);

20       f.      Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS engaged in unfair

21  acts and practices with respect to the sale of insurance and health benefits services by failing to take

22  proper action following the Anthem Data Breach to enact adequate privacy and security measures

23  and protect D.C. Class Members' Personal Information from further unauthorized disclosure,

24  release, data breaches, and theft.

25       389.    The above unfair and deceptive practices and acts by Defendants Anthem, Anthem

26  Affiliates and Non-Anthem BCBS were immoral, unethical, oppressive, and unscrupulous. These

27  acts caused substantial injury to consumers that the consumers could not reasonably avoid; this

28  substantial injury outweighed any benefits to consumers or to competition.

2055695.1

390.     Defendants knew or should have known that their computer systems and data security practices were inadequate to safeguard D.C. Class Members' Personal Information and that risk of a data breach or theft was highly likely.  Defendants' actions in engaging in the above-named unfair practices and deceptive acts were negligent, knowing and willful, and/or wanton and reckless with respect to the rights of members of the D.C. Class.

391.     As a direct and proximate result of Defendants' unlawful practices, D.C. Class Members suffered injury and/or damages.

392.     D.C. Class Members seek relief under D.C. Code § 28-3905(k), including, but not limited to, restitution, injunctive relief, punitive damages, attorneys' fees and costs, and treble damages or $1500 per violation, whichever is greater.

<u>Hawaii</u>
**HAWAII UNFAIR PRACTICES AND UNFAIR COMPETITION STATUTE, HAW. REV. STAT. § 480-1,** *et seq.*
**(BROUGHT BY HAWAII CLASS AGAINST ANTHEM AND ALL OTHER DEFENDANTS OPERATING IN HAWAII EXCEPT FOR BCBSA)**

393.     Plaintiffs incorporate the above allegations by reference.

394.     Plaintiffs bring this claim against Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS operating in Hawaii on behalf of the Hawaii Class.

395.     Hawaii Class Members are "consumers" as meant by Haw. Rev. Stat. § 480-1.

396.     Hawaii Class Members purchased "goods and services" from Defendants as meant by Haw. Rev. Stat. § 480-1.

397.     Hawaii Class Members' purchases of insurance and health benefits services from Defendants were for personal, family, and/or household purposes, as meant by Haw. Rev. Stat. § 480-1.

398.     Defendants Anthem, Anthem Affiliates, and Non-Anthem BCBS operating in Hawaii engaged in unfair methods of competition, unfair or deceptive acts or practices, misrepresentations, and the concealment, suppression, and omission of material facts with respect to the sale and advertisement of the services purchased by the Hawaii Class in violation of Haw. Rev. Stat. § 480-2(a), including but not limited to the following:

105
CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

2055695.1

a.    Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS misrepresented material facts, pertaining to the sale of insurance and health benefits services, to the Hawaii Class by representing that they would maintain adequate data privacy and security practices and procedures to safeguard Hawaii Class Members' Personal Information from unauthorized disclosure, release, data breaches, and theft;

b.    Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS misrepresented material facts, pertaining to the sale of insurance and health benefits services, to the Hawaii Class by representing that they did and would comply with the requirements of relevant federal and state laws pertaining to the privacy and security of Hawaii Class Members' Personal Information;

c.    Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS omitted, suppressed, and concealed the material fact of the inadequacy of the privacy and security protections for Hawaii Class Members' Personal Information;

d.    Defendants Anthem, Anthem Affiliates, and Non-Anthem BCBS engaged in unfair acts and practices with respect to the sale of insurance and health benefits services by failing to maintain the privacy and security of Hawaii Class Members' Personal Information, in violation of duties imposed by and public policies reflected in applicable federal and state laws, resulting in the Anthem Data Breach.  These unfair acts and practices violated duties imposed by laws including the Federal Trade Commission Act (15 U.S.C. § 45), HIPAA (42 U.S.C. § 1302d *et. seq.*), the Gramm-Leach-Bliley Act (15 U.S.C. § 6801), Hawaii's Privacy of Consumer Financial Information statute (Haw. Rev. Stat. § 431:3A-101, *et seq.*), Hawaii's Health Maintenance Organization Act - Confidentiality of Medical Information (Haw. Rev. Stat. § 432D-21), Hawaii's Patients' Bill of Rights and Responsibilities Act (Haw. Rev. Stat. § 432E-10(b)(5)), and Hawaii's Unfair Methods of Competition and Unfair and Deceptive Acts and Practices in the Business of Insurance Act (Haw. Rev. Stat. § 431:13-103(a)(1) and (a)(2)).

e.    Defendants Anthem and Anthem Affiliates engaged in unfair acts and practices with respect to the sale of insurance and health benefits services by failing to disclose the Anthem Data Breach to Hawaii Class Members in a timely and accurate manner, in violation of Haw, Rev. Stat. § 487N-2(a);

106

f.    Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS engaged in unfair acts and practices with respect to the sale of insurance and health benefits services by failing to take proper action following the Anthem Data Breach to enact adequate privacy and security measures and protect Hawaii Class Members' Personal Information from further unauthorized disclosure, release, data breaches, and theft.

399.    The above unfair and deceptive practices and acts by Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS were immoral, unethical, oppressive, and unscrupulous. These acts caused substantial injury to consumers that the consumers could not reasonably avoid; this substantial injury outweighed any benefits to consumers or to competition.

400.    Defendants knew or should have known that their computer systems and data security practices were inadequate to safeguard Hawaii Class Members' Personal Information and that risk of a data breach or theft was highly likely.  Defendants' actions in engaging in the above-named unfair practices and deceptive acts were negligent, knowing and willful, and/or wanton and reckless with respect to the rights of members of the Hawaii Class.

401.    As a direct and proximate result of Defendants' unlawful practices, Hawaii Class Members suffered injury and/or damages.

402.    Hawaii Class Members seek relief under Haw. Rev. Stat. § 480-13, including, but not limited to, damages, injunctive relief, attorneys' fees and costs, and treble damages.

**Illinois**
**ILLINOIS CONSUMER FRAUD ACT,**
**815 Ill. COMP. STAT. 505/1 *et seq.***
**(BROUGHT BY ILLINOIS CLASS AGAINST ANTHEM AND ALL OTHER**
**DEFENDANTS OPERATING IN ILLINOIS EXCEPT FOR BCBSA)**

403.    Plaintiffs incorporate the above allegations by reference.

404.    Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS engaged in deceptive, unfair, and unlawful trade acts or practices in the conduct of trade or commerce, in violation of 815 Ill. Comp. Stat. 505/2, including but not limited to the following:

a.    Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS misrepresented and fraudulently advertised material facts pertaining to the insurance and health benefits services to the Illinois Class by representing and advertising that they would maintain adequate data privacy and

107

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

2055695.1

1   security practices and procedures to safeguard Illinois Class Members' Personal Information from

2   unauthorized disclosure, release, data breaches, and theft;

3        b.      Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS misrepresented

4   material facts pertaining to insurance and health benefits services to the Illinois Class by

5   representing and advertising that they did and would comply with the requirements of relevant

6   federal and state laws pertaining to the privacy and security of Illinois Class Members' Personal

7   Information;

8        c.      Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS omitted, suppressed,

9   and concealed the material fact of the inadequacy of the privacy and security protections for Illinois

10  Class Members' Personal Information with the intent that others rely on the omission, suppression,

11  and concealment;

12       d.      Defendants Anthem, Anthem Affiliates, and Non-Anthem BCBS engaged in

13  deceptive, unfair, and unlawful trade acts or practices by failing to maintain the privacy and security

14  of Illinois Class Members' Personal Information, in violation of duties imposed by and public

15  policies reflected in applicable federal and state laws, resulting in the Anthem Data Breach.  These

16  unfair acts and practices violated duties imposed by laws including the Federal Trade Commission

17  Act (15 U.S.C. § 45), HIPAA (42 U.S.C. § 1302d et. seq.), the Gramm-Leach-Bliley Act (15 U.S.C.

18  § 6801), the Illinois Insurance Information and Privacy Protection Act (215 Ill. Comp. Stat 5/1014),

19  Illinois laws regulating the use and disclosure of Social Security Numbers (815 Ill. Comp. Stat

20  505/2RR), and the Illinois Uniform Deceptive Trade Practices Act(815 Ill. Comp. Stat. 510/2(a));

21       e.      Defendants Anthem and Anthem Affiliates engaged in deceptive, unfair, and

22  unlawful trade acts or practices by failing to disclose the Anthem Data Breach to Illinois Class

23  Members in a timely and accurate manner, contrary to the duties imposed by 815 Ill. Comp. Stat. §

24  530/10(a);

25       f.      Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS engaged in

26  deceptive, unfair, and unlawful trade acts or practices by failing to take proper action following the

27  Anthem Data Breach to enact adequate privacy and security measures and protect Illinois Class

28  Members' Personal Information from further unauthorized disclosure, release, data breaches, and

1  theft.

2  405.    As a direct and proximate result of Defendants' deceptive trade practices, Illinois

3  Class Members suffered injuries, including the loss of their legally protected interest in the

4  confidentiality and privacy of their Personal Information, and damages, as described above.

5  406.    The above unfair and deceptive practices and acts by Defendants Anthem, Anthem

6  Affiliates and Non-Anthem BCBS were immoral, unethical, oppressive, and unscrupulous. These

7  acts caused substantial injury that these consumers could not reasonably avoid; this substantial injury

8  outweighed any benefits to consumers or to competition.

9  407.    Defendants knew or should have known that their computer systems and data security

10  practices were inadequate to safeguard Illinois Class Members' Personal Information and that risk of

11  a data breach or theft was highly likely. Defendants' actions in engaging in the above-named unfair

12  practices and deceptive acts were negligent, knowing and willful, and/or wanton and reckless with

13  respect to the rights of members of the Illinois Class.

14  408.    Illinois Class Members seek relief under 815 Ill. Comp. Stat. 505/10a, including, but

15  not limited to, damages, restitution, punitive damages, injunctive relief, and/or attorneys' fees and

16  costs.

17
18  **ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT,**
**815 Ill. COMP. STAT. § 510/2(a)** *et. seq.*
**(BROUGHT BY ILLINOIS CLASS AGAINST ANTHEM AND ALL OTHER**
**DEFENDANTS OPERATING IN ILLINOIS EXCEPT FOR BCBSA)**
19

20  409.    Plaintiffs incorporate the above allegations by reference.

21  410.    While in the course of their businesses, Defendants Anthem, Anthem Affiliates and

22  Non-Anthem BCBS engaged in deceptive trade practices by making false representations, including

23  their representations that they had adequate computer systems and data security practices to protect

24  Personal Information, when their computer systems and data security practices were inadequate, in

25  violation of 815 Ill. Comp. Stat. 510/2(a)(5),(7).

26  411.    Defendants knew or should have known that their computer systems and data security

27  practices were inadequate and engaged in negligent, knowing, and/or willful acts of deception.

28  412.    Illinois Class Members are likely to be damaged by the Defendants' deceptive trade

109

2055695.1

practices.

413.    Illinois Class Members seek relief under 815 Ill. Comp. Stat. 510, including, but not limited to, injunctive relief and attorney's fees.

**Indiana**
**INDIANA DECEPTIVE CONSUMER SALES ACT,**
**IND. CODE § 24-5-0.5-3**
**(BROUGHT BY Indiana CLASS AGAINST ANTHEM AND ALL OTHER DEFENDANTS**
**OPERATING IN INDIANA EXCEPT FOR BCBSA)**

414.    Plaintiffs incorporate the above allegations by reference.

415.    Members of the Indiana Class enrolled in and purchased health services from health maintenance organizations ("HMOs") operated by Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS in Indiana for personal, family, and/or household purposes.

416.    A "Health maintenance organization" for purposes of Indiana law means "a person that undertakes to provide or arrange for the delivery of health care services to enrollees on a prepaid basis, except for enrollee responsibility for copayments or deductibles."  Ind. Code §27-13-1-19. The purchase of health care services from an HMO is not "insurance" under Indiana law, and a contract for payment for health services from an HMO, as defined in Ind. Code §27-13-1-10, is not a "contract of insurance."

417.    "Contracts of insurance" are exempt from the Indiana Deceptive Consumer Sales Act, but the pre-paid health benefits sold by HMOs are "consumer transactions" within the coverage of that Act, and Defendants selling HMO services are "suppliers."  Ind. Code § 24-5-0.5-2(a)(1), (3), (4).

418.    Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS are "suppliers" who engaged in deceptive, unfair, and unlawful trade acts or practices in the conduct of "consumer transactions" pertaining to the purchase and sale of HMO services, in violation of Ind. Code § 24-5-0.5-3, including but not limited to the following:

a.    Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS misrepresented and fraudulently advertised material facts pertaining to the HMO services to the Indiana Class by representing and advertising that they would maintain adequate data privacy and security practices

110

2055695.1

1    and procedures to safeguard Indiana Class Members' Personal Information from unauthorized

2    disclosure, release, data breaches, and theft;

3        b.    Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS misrepresented

4    material facts pertaining to HMO services to the Indiana Class by representing and advertising that

5    they did and would comply with the requirements of relevant federal and state laws pertaining to the

6    privacy and security of Indiana Class Members' Personal Information;

7        c.    Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS omitted, suppressed,

8    and concealed the material fact of the inadequacy of the privacy and security protections for Indiana

9    Class Members' Personal Information;

10        d.    Defendants Anthem, Anthem Affiliates, and Non-Anthem BCBS engaged in

11    deceptive, unfair, and unlawful trade acts or practices by failing to maintain the privacy and security

12    of Indiana Class Members' Personal Information, in violation of duties imposed by and public

13    policies reflected in applicable federal and state laws, resulting in the Anthem Data Breach.  These

14    unfair acts and practices violated duties imposed by laws including the Federal Trade Commission

15    Act (15 U.S.C. § 45), HIPAA (42 U.S.C. § 1302d et. seq.), the Gramm-Leach-Bliley Act (15 U.S.C.

16    § 6801), Indiana's HMO Confidentiality law (Ind. Code §27-13-31-1), and Indiana's data breach

17    statute (§ 24-4.9-3.5);

18        e.    Defendants Anthem and Anthem Affiliates engaged in deceptive, unfair, and

19    unlawful trade acts or practices by failing to disclose the Anthem Data Breach to Indiana Class

20    Members in a timely and accurate manner, contrary to the duties imposed by Ind. Code § 24-4.9-3.3;

21        f.    Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS engaged in

22    deceptive, unfair, and unlawful trade acts or practices by failing to take proper action following the

23    Anthem Data Breach to enact adequate privacy and security measures and protect Indiana Class

24    Members' Personal Information from further unauthorized disclosure, release, data breaches, and

25    theft.

26        419.    As a direct and proximate result of Defendants' deceptive trade practices, Indiana

27    Class Members suffered injuries, including the loss of their legally protected interest in the

28    confidentiality and privacy of their Personal Information, and damages.

111

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

420.    The above unfair and deceptive practices and acts by Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS were immoral, unethical, oppressive, and unscrupulous. These acts caused substantial injury to consumers that these consumers could not reasonably avoid; this substantial injury outweighed any benefits to consumers or to competition.

421.    Defendants knew or should have known that their computer systems and data security practices were inadequate to safeguard Indiana Class Members' Personal Information and that risk of a data breach or theft was highly likely. Defendants' actions in engaging in the above-named unfair practices and deceptive acts were negligent, knowing and willful, and/or wanton and reckless with respect to the rights of members of the Indiana Class.

422.    Indiana Class Members seek relief under Ind. Code §24-5-0.5-4, including, not limited to damages, restitution, penalties, injunctive relief, and/or attorneys' fees and costs. Senior Members of the Indiana Class injured by Defendants' HMO unfair and deceptive trade practices also seek treble damages, pursuant to § Ind. Code §24-5-0.5-4(i).

### Kentucky
### KENTUCKY CONSUMER PROTECTION ACT,
### KY REV. STAT. § 367.110, *et. seq.*
### (BROUGHT BY KENTUCKY CLASS AGAINST ANTHEM AND ALL OTHER DEFENDANTS OPERATING IN KENTUCKY EXCEPT FOR BCBSA)

423.    Plaintiffs incorporate the above allegations by reference.

424.    Kentucky Class Members purchased insurance and health benefits services for personal, family, and/or household purposes from Defendants.

425.    Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS engaged in deceptive, unfair, and unlawful trade acts or practices in the conduct of trade or commerce, in violation of Ky. Rev. Stat. § 367.170, including but not limited to the following:

a.    Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS misrepresented and fraudulently advertised material facts pertaining to the insurance and health benefits services to the Kentucky Class by representing and advertising that they would maintain adequate data privacy and security practices and procedures to safeguard Kentucky Class Members' Personal Information from unauthorized disclosure, release, data breaches, and theft;

112

2055695.1

b.      Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS misrepresented material facts pertaining to insurance and health benefits services to the Kentucky Class by representing and advertising that they did and would comply with the requirements of relevant federal and state laws pertaining to the privacy and security of Kentucky Class Members' Personal Information;

c.      Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS omitted, suppressed, and concealed the material fact of the inadequacy of the privacy and security protections for Kentucky Class Members' Personal Information;

d.      Defendants Anthem, Anthem Affiliates, and Non-Anthem BCBS engaged in deceptive, unfair, and unlawful trade acts or practices by failing to maintain the privacy and security of Kentucky Class Members Personal Information, in violation of duties imposed by and public policies reflected in applicable federal and state laws, resulting in the Anthem Data Breach.  These unfair acts and practices violated duties imposed by laws including the Federal Trade Commission Act (15 U.S.C. § 45), HIPAA (42 U.S.C. § 1302d et. seq.), and the Gramm-Leach-Bliley Act (15 U.S.C. § 6801);

e.      Defendants Anthem and Anthem Affiliates engaged in deceptive, unfair, and unlawful trade acts or practices by failing to disclose the Anthem Data Breach to Kentucky Class Members in a timely and accurate manner, contrary to the duties imposed by Ky. Rev. Stat. Ann. § 365.732(2).

f.      Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS engaged in deceptive, unfair, and unlawful trade acts or practices by failing to take proper action following the Anthem Data Breach to enact adequate privacy and security measures and protect Kentucky Class Members' Personal Information from further unauthorized disclosure, release, data breaches, and theft.

426.    The above unfair and deceptive practices and acts by Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS also violated Kentucky's Unfair Insurance Practices Act, Ky. Rev. Stat. §304.12-010.

427.    As a direct and proximate result of Defendants' deceptive trade practices, Kentucky

113

2055695.1

Class Members suffered an ascertainable loss of money or property, real or personal, as described above, including the loss of their legally protected interest in the confidentiality and privacy of their Personal Information.

428.    The above unfair and deceptive practices and acts by Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS were immoral, unethical, oppressive, and unscrupulous. These acts caused substantial injury to consumers that these consumers could not reasonably avoid; this substantial injury outweighed any benefits to consumers or to competition.

429.    Defendants knew or should have known that their computer systems and data security practices were inadequate to safeguard Kentucky Class Members' Personal Information and that risk of a data breach or theft was highly likely. Defendants' actions in engaging in the above-named unfair practices and deceptive acts were negligent, knowing and willful, and/or wanton and reckless with respect to the rights of members of the Kentucky Class.

430.    Kentucky Class Members seek relief under Ky. Rev. Stat. §367.220, including, not limited to, damages, punitive damages, restitution and/or other equitable relief, injunctive relief, and/or attorneys' fees and costs.

**Maine**
**MAINE UNIFORM DECEPTIVE TRADE PRACTICES ACT,**
**10 ME. REV. STAT. § 1212,** *et. seq.*
**(BROUGHT BY MAINE CLASS AGAINST ANTHEM AND ALL OTHER DEFENDANTS OPERATING IN MAINE EXCEPT FOR BCBSA)**

431.    Plaintiffs incorporate the above allegations by reference.

432.    While in the course of their businesses, Defendants Anthem, Anthem Affiliates, and Non-Anthem BCBS engaged in deceptive trade practices by making false representations, including their representations that they had adequate computer systems and data security practices to protect Personal Information, when their computer systems and data security practices were inadequate, in violation of 10 Me. Rev. Stat. §1212(E),(G).

433.    Defendants knew or should have known that their computer systems and data security practices were inadequate and engaged in negligent, knowing, and/or willful acts of deception.

434.    Maine Class Members are likely to be damaged by the Defendants' deceptive trade

114

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

practices.

435.    Maine Class Members seek relief under 10 Me. Rev. Stat. §1213, including, but not limited to, injunctive relief and attorney's fees.

**Maryland**
**MARYLAND CONSUMER PROTECTION ACT,**
**MD CODE COMMERCIAL LAW, § 13-301, *et. seq.***
**(BROUGHT BY MARYLAND CLASS AGAINST ANTHEM AND ALL OTHER**
**DEFENDANTS OPERATING IN MARYLAND EXCEPT FOR BCBSA)**

436.    Plaintiffs incorporate the above allegations by reference.

437.    Plaintiffs bring this claim against Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS operating in the Maryland on behalf of the Maryland Class.

438.    Maryland Class Members are "consumers" as meant by Md. Code Ann., Com. Law § 13-101.

439.    Insurance and health benefits services are "consumer goods" and/or "consumer services" as meant by Md. Code Ann., Com. Law § 13-101.

440.    The unlawful trade practices, misrepresentations, and omissions described herein did not constitute "professional services" on the part of Defendants.

441.    Defendants Anthem, Anthem Affiliates, and Non-Anthem BCBS operating in Maryland engaged in unlawful trade practices, misrepresentations, and the concealment, suppression, and omission of material facts with respect to the sale and advertisement of the services in violation of Md. Code Ann., Com. Law § 13-301, including but not limited to the following:

a.    Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS misrepresented material facts, pertaining to the sale of insurance and health benefits services, to the Maryland Class by representing that they would maintain adequate data privacy and security practices and procedures to safeguard Maryland Class Members' Personal Information from unauthorized disclosure, release, data breaches, and theft in violation of Md. Code Ann., Com. Law § 13-301(1), (2)(i), (2)(iv), (3), (5)(i), (9)(i), (9)(iii), and 14(xxi);

b.    Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS misrepresented material facts, pertaining to the sale of insurance and health benefits services, to the Maryland Class

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

2055695.1

1   by representing that they did and would comply with the requirements of relevant federal and state

2   laws pertaining to the privacy and security of Maryland Members' Personal Information in violation

3   of Md. Code Ann., Com. Law § 13-301(1), (2)(i), (2)(iv), (3), (5)(i), (9)(i), (9)(iii), and 14(xxi);

4       c.      Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS omitted, suppressed,

5   and concealed the material fact of the inadequacy of the privacy and security protections for

6   Maryland Class Members' Personal Information in violation of Md. Code Ann., Com. Law § 13-

7   301(1), (2)(i), (2)(iv), (3), (5)(i), (9)(i), (9)(iii), and 14(xxi);

8       d.      Defendants Anthem, Anthem Affiliates, and Non-Anthem BCBS engaged in unfair

9   acts and practices with respect to the sale of insurance and health benefits services by failing to

10  maintain the privacy and security of Maryland Class Members' Personal Information, in violation

11  of duties imposed by and public policies reflected in applicable federal and state laws, resulting in the

12  Anthem Data Breach.  These unfair acts and practices violated duties imposed by laws including the

13  Federal Trade Commission Act (15 U.S.C. § 45), HIPAA (42 U.S.C. § 1302d *et. seq.*), the Gramm-

14  Leach-Bliley Act (15 U.S.C. § 6801), Maryland's Confidentiality of Medical Records Act (Md.

15  Code Ann., Health-Gen. §§ 4-302; 4-303(a)); Maryland's Disclosure Requirements for Insurers

16  statute (Md. Code, Ins. § 4-403); Maryland's Disclosure Requirements for Nonprofit Health Service

17  Plans statute (Md. Code, Ins. § 14-138); Maryland's Privacy of Consumer Financial and Health

18  Information regulations (Md. Code Regs. 31.16.08.01, *et seq.*); Maryland's data breach statute (Md.

19  Code Ann. Com. Law § 14-3503), and Maryland's Social Security Number Privacy Act (Md. Code

20  Ann., Com. Law § 14-3401, *et seq.*);

21      e.      Defendants Anthem and Anthem Affiliates engaged in unfair acts and practices with

22  respect to the sale of insurance and health benefits services by failing to disclose the Anthem Data

23  Breach to Maryland Class Members in a timely and accurate manner, in violation of Md. Code Com.

24  Law § 14-3504(b)(3);

25      f.      Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS engaged in unfair

26  acts and practices with respect to the sale of insurance and health benefits services by failing to take

27  proper action following the Anthem Data Breach to enact adequate privacy and security measures

28  and protect Maryland Class Members' Personal Information from further unauthorized disclosure,

116

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

2055695.1

release, data breaches, and theft.

442.    The above unfair and deceptive practices and acts by Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS were immoral, unethical, oppressive, and unscrupulous. These acts caused substantial injury to consumers that the consumers could not reasonably avoid; this substantial injury outweighed any benefits to consumers or to competition.

443.    Defendants knew or should have known that their computer systems and data security practices were inadequate to safeguard Maryland Class Members' Personal Information and that risk of a data breach or theft was highly likely.  Defendants' actions in engaging in the above-named unfair practices and deceptive acts were negligent, knowing and willful, and/or wanton and reckless with respect to the rights of members of the Maryland Class.

444.    As a direct and proximate result of Defendants' unlawful practices, Maryland Class Members suffered injury and/or damages.

445.    Maryland Class Members seek relief under Md. Code Ann., Com. Law § 13-408, including, but not limited to, damages, injunctive relief, and attorneys' fees and costs.

**Massachusetts**
**MASSACHUSETTS CONSUMER PROTECTION ACT,**
**MASS. GEN. LAWS ANN. CH. 93A, § 1,** *et. seq.*
**(BROUGHT BY MASSACHUSETTS CLASS AGAINST ANTHEM)**

446.    Plaintiffs incorporate the above allegations by reference.

447.    Plaintiffs bring this claim against Defendant Anthem on behalf of the Massachusetts Class.

448.    Plaintiff Lisa Daniels sent a demand for relief to Anthem, on behalf of the Massachusetts Class, on February 27, 2015.

449.    Defendant Anthem operates in "trade or commerce" as meant by Mass. Gen. Laws Ann. ch. 93A, § 1.

450.    Defendant Anthem engaged in deceptive and unfair acts and practices, misrepresentation, and the concealment, suppression, and omission of material facts with respect to the sale and advertisement of services in violation of Mass. Gen. Laws Ann. ch. 93A, § 2(a), including but not limited to the following:

117

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

2055695.1

a.       Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS misrepresented material facts, pertaining to the sale of insurance and health benefits services, to the Massachusetts Class by representing that they would maintain adequate data privacy and security practices and procedures to safeguard Massachusetts Class Members' Personal Information from unauthorized disclosure, release, data breaches, and theft;

b.       Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS misrepresented material facts, pertaining to the sale of insurance and health benefits services, to the Massachusetts Class by representing that they did and would comply with the requirements of relevant federal and state laws pertaining to the privacy and security of Massachusetts Class Members' Personal Information;

c.       Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS omitted, suppressed, and concealed the material fact of the inadequacy of the privacy and security protections for Massachusetts Class Members' Personal Information;

d.       Defendants Anthem, Anthem Affiliates, and Non-Anthem BCBS engaged in unfair acts and practices with respect to the sale of insurance and health benefits services by failing to maintain the privacy and security of Massachusetts Class Members' Personal Information, in violation of duties imposed by and public policies reflected in applicable federal and state laws, resulting in the Anthem Data Breach.  These unfair acts and practices violated duties imposed by laws including the Federal Trade Commission Act (15 U.S.C. § 45), HIPAA (42 U.S.C. § 1302d et. seq.), the Gramm-Leach-Bliley Act (15 U.S.C. § 6801), the Massachusetts Insurance Information and Privacy Protection Act (Mass. Gen. Laws ch. 175I, § 13), the Massachusetts Unfair Methods of Competition and Unfair and Deceptive Acts and Practices in the Business of Insurance statute (Mass. Gen. Laws Ann. ch. 176D, §§ 3(1)(a) and 3(2)); the Massachusetts Right of Privacy statute (Mass. Gen. Laws Ann. ch. 214, § 1B), and the Massachusetts data breach statute (Mass. Gen. Laws Ann. ch. 93H § 3(a));

e.       Defendants Anthem and Anthem Affiliates engaged in unfair acts and practices with respect to the sale of insurance and health benefits services by failing to disclose the Anthem Data Breach to Massachusetts Class Members in a timely and accurate manner, in violation of Mass. Gen.

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

Laws Ann. ch. 93H, § 3(a);

f.    Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS engaged in unfair acts and practices with respect to the sale of insurance and health benefits services by failing to take proper action following the Anthem Data Breach to enact adequate privacy and security measures and protect Massachusetts Class Members' Personal Information from further unauthorized disclosure, release, data breaches, and theft.

451.    The above unfair and deceptive practices and acts by Defendant Anthem were immoral, unethical, oppressive, and unscrupulous. These acts caused substantial injury to consumers that the consumers could not reasonably avoid; this substantial injury outweighed any benefits to consumers or to competition. These acts were within the penumbra of common law, statutory, or other established concepts of unfairness.

452.    Anthem knew or should have known that their computer systems and data security practices were inadequate to safeguard Massachusetts Class Members' Personal Information and that risk of a data breach or theft was highly likely.  Anthem's actions in engaging in the above-named unfair practices and deceptive acts were negligent, knowing and willful, and/or wanton and reckless with respect to the rights of members of the Massachusetts Class.

453.    As a direct and proximate result of Anthem's unlawful practices, Massachusetts Class Members suffered injury and/or damages.

454.    Massachusetts Class Members seek relief under Mass. Gen. Laws Ann. ch. 93A, § 9, including, but not limited to, actual damages, double or treble damages, injunctive and/or other equitable relief, and/or attorneys' fees and costs.

**Minnesota**
**MINNESOTA CONSUMER FRAUD ACT,**
**MINN. STAT. § 325F.68, et. seq. AND MINN. STAT. §8.31, et. seq.**
**(BROUGHT BY MINNESOTA CLASS AGAINST ANTHEM AND ALL OTHER**
**DEFENDANTS OPERATING IN MINNESOTA EXCEPT FOR BCBSA)**

455.    Plaintiffs incorporate the above allegations by reference.

456.    Plaintiffs bring this claim against Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS operating in Minnesota on behalf of the Minnesota Class.

119

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

2055695.1

457.    Insurance and health benefits services are "merchandise" as defined by Minn. Stat. § 325F.68.

458.    Defendants Anthem, Anthem Affiliates, and Non-Anthem BCBS operating in Minnesota engaged in unlawful practices, misrepresentation, and the concealment, suppression, and omission of material facts with respect to the sale and advertisement of  services in violation of Minn. Stat. Ann. § 325F.69, including but not limited to the following:

a.    Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS misrepresented material facts, pertaining to the sale of insurance and health benefits services, to the Minnesota Class by representing that they would maintain adequate data privacy and security practices and procedures to safeguard Minnesota Class Members' Personal Information from unauthorized disclosure, release, data breaches, and theft;

b.    Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS misrepresented material facts, pertaining to the sale of insurance and health benefits services, to the Minnesota Class by representing that they did and would comply with the requirements of relevant federal and state laws pertaining to the privacy and security of Minnesota Class Members' Personal Information;

c.    Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS omitted, suppressed, and concealed the material fact of the inadequacy of the privacy and security protections for Minnesota Class Members' Personal Information;

d.    Defendants Anthem, Anthem Affiliates, and Non-Anthem BCBS engaged in unfair acts and practices with respect to the sale of insurance and health benefits services by failing to maintain the privacy and security of Minnesota Class Members' Personal Information, in violation of duties imposed by and public policies reflected in applicable federal and state laws, resulting in the Anthem Data Breach.  These unfair acts and practices violated duties imposed by laws including the Federal Trade Commission Act (15 U.S.C. § 45), HIPAA (42 U.S.C. § 1302d, *et seq*.), the Gramm-Leach-Bliley Act (15 U.S.C. § 6801), the Minnesota Insurance Fair Information Reporting Act (Minn. Stat. § 72A.49, *et seq*.), the Minnesota Health Records Act (Minn. Stat. § 144.291, *et seq*.), and the Minnesota Unfair Claims Practices Act (Minn. Stat. § 72A.17, *et seq*.);

e.    Defendants Anthem and Anthem Affiliates engaged in unlawful and deceptive acts

120

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

2055695.1

and practices with respect to the sale of insurance and health benefits services by failing to disclose the Anthem Data Breach to Minnesota Class Members in a timely and accurate manner, in violation of Minn. Stat. Ann. § 325E.61(1)(a);

f.     Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS engaged in unlawful and deceptive acts and practices with respect to the sale of insurance and health benefits services by failing to take proper action following the Anthem Data Breach to enact adequate privacy and security measures and protect Minnesota Class Members' Personal Information from further unauthorized disclosure, release, data breaches, and theft.

459.     The above unlawful and deceptive acts and practices and acts by Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS were immoral, unethical, oppressive, and unscrupulous. These acts caused substantial injury to consumers that the consumers could not reasonably avoid; this substantial injury outweighed any benefits to consumers or to competition.

460.     Defendants knew or should have known that their computer systems and data security practices were inadequate to safeguard Minnesota Class Members' Personal Information and that risk of a data breach or theft was highly likely.  Defendants' actions in engaging in the above-named unfair practices and deceptive acts were negligent, knowing and willful, and/or wanton and reckless with respect to the rights of members of the Minnesota Class.

461.     As a direct and proximate result of Defendants' unlawful practices, Minnesota Class Members suffered injury and/or damages.

462.     Minnesota Class Members seek relief under Minn. Stat. Ann. § 8.31, including, but not limited to, damages, injunctive and/or other equitable relief, and attorneys' fees and costs.

**MINNESOTA UNIFORM DECEPTIVE TRADE PRACTICES ACT,**
**MINN. STAT. § 325D.43,** *et. seq.*
**(BROUGHT BY MINNESOTA CLASS AGAINST ANTHEM AND ALL OTHER**
**DEFENDANTS OPERATING IN MINNESOTA EXCEPT FOR BCBSA)**

463.     Plaintiffs incorporate the above allegations by reference.

464.     Plaintiffs bring this claim against Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS operating in Minnesota on behalf of the Minnesota Class.

465.     Defendants Anthem, Anthem Affiliates, and Non-Anthem BCBS operating in

121

2055695.1

1  Minnesota engaged in deceptive practices, misrepresentation, and the concealment, suppression, and

2  omission of material facts with respect to the sale and advertisement of the insurance and health

3  benefits services in violation of Minn. Stat. § 325D.44, including but not limited to the following:

4          a.       Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS misrepresented

5  material facts, pertaining to the sale of insurance and health benefits services, to the Minnesota Class

6  by representing that they would maintain adequate data privacy and security practices and

7  procedures to safeguard Minnesota Class Members' Personal Information from unauthorized

8  disclosure, release, data breaches, and theft in violation of Minn. Stat. § 325D.44(5), (7), (9), and

9  (13);

10         b.       Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS misrepresented

11  material facts, pertaining to the sale of insurance and health benefits services, to the Minnesota Class

12  by representing that they did and would comply with the requirements of relevant federal and state

13  laws pertaining to the privacy and security of Minnesota Class Members' Personal Information in

14  violation of Minn. Stat. § 325D.44(5), (7), (9), and (13);

15         c.       Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS omitted, suppressed,

16  and concealed the material fact of the inadequacy of the privacy and security protections for

17  Minnesota Class Members' Personal Information in violation of Minn. Stat. § 325D.44(5), (7), (9),

18  and (13);

19         d.       Defendants Anthem, Anthem Affiliates, and Non-Anthem BCBS engaged in unfair

20  acts and practices with respect to the sale of insurance and health benefits services by failing to

21  maintain the privacy and security of Minnesota Class Members' Personal Information, in violation

22  of duties imposed by and public policies reflected in applicable federal and state laws, resulting in

23  the Anthem Data Breach.  These unfair acts and practices violated duties imposed by laws including

24  the Federal Trade Commission Act (15 U.S.C. § 45), HIPAA (42 U.S.C. § 1302d, *et seq.*), the

25  Gramm-Leach-Bliley Act (15 U.S.C. § 6801), the Minnesota Insurance Fair Information Reporting

26  Act (Minn. Stat. § 72A.49, *et seq.*), the Minnesota Health Records Act (Minn. Stat. § 144.291, *et*

27  *seq.*), and the Minnesota Unfair Claims Practices Act (Minn. Stat. § 72A.17, *et seq.*);

28         e.       Defendants Anthem and Anthem Affiliates engaged in unlawful and deceptive acts

122

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

and practices with respect to the sale of insurance and health benefits services by failing to disclose the Anthem Data Breach to Minnesota Class Members in a timely and accurate manner, in violation of Minn. Stat. Ann. § 325E.61(1)(a);

f.    Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS engaged in unlawful and deceptive acts and practices with respect to the sale of insurance and health benefits services by failing to take proper action following the Anthem Data Breach to enact adequate privacy and security measures and protect Minnesota Class Members' Personal Information from further unauthorized disclosure, release, data breaches, and theft.

466.    The above unlawful and deceptive acts and practices and acts by Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS were immoral, unethical, oppressive, and unscrupulous. These acts caused substantial injury to consumers that the consumers could not reasonably avoid; this substantial injury outweighed any benefits to consumers or to competition.

467.    Defendants knew or should have known that their computer systems and data security practices were inadequate to safeguard Minnesota Class Members' Personal Information and that risk of a data breach or theft was highly likely.  Defendants' actions in engaging in the above-named unfair practices and deceptive acts were negligent, knowing and willful, and/or wanton and reckless with respect to the rights of members of the Minnesota Class.

468.    As a direct and proximate result of Defendants' unlawful and deceptive trade practices, the Anthem Data Breach affected thousands of Minnesotans.  Even beyond these Minnesotans, the impact on the public is widespread, including the long-term impairment of credit scores, fraudulent tax filings, and national security implications.

469.    As a direct and proximate result of Defendants' unlawful practices, Minnesota Class Members suffered injury and/or damages.

470.    Minnesota Class Members seek relief under Minn. Stat. § 325D.45, including, but not limited to, injunctive relief and attorneys' fees and costs, and also seek relief under Minn. Stat. Ann. § 8.31, including, but not limited to, damages.

2055695.1

**Missouri**
**MISSOURI MERCHANDISING PRACTICES ACT,**
**MO. STAT. § 407.010, *et seq.***
**(BROUGHT BY MISSOURI CLASS AGAINST ANTHEM AND ALL OTHER**
**DEFENDANTS OPERATING IN MISSOURI EXCEPT FOR BCBSA.)**

471.    Plaintiffs incorporate the above allegations by reference.

472.    Plaintiffs bring this claim against Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS operating in Missouri on behalf of the Missouri Class.

473.    Missouri Class Members purchased "merchandise" in "trade" or "commerce" as meant by Mo. Stat. § 407.010 when they purchased insurance and health benefits services for personal, family, and/or household purposes.

474.    Defendants Anthem, Anthem Affiliates, and Non-Anthem BCBS operating in Missouri engaged in unlawful, unfair, and deceptive acts and practices, misrepresentation, and the concealment, suppression, and omission of material facts with respect to the sale and advertisement of the services in violation of Mo. Stat. § 407.020(1), including but not limited to the following:

a.    Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS misrepresented material facts, pertaining to the sale of insurance and health benefits services, to the Missouri Class by representing that they would maintain adequate data privacy and security practices and procedures to safeguard Missouri Class Members' Personal Information from unauthorized disclosure, release, data breaches, and theft;

b.    Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS misrepresented material facts, pertaining to the sale of insurance and health benefits services, to the Missouri Class by representing that they did and would comply with the requirements of relevant federal and state laws pertaining to the privacy and security of Missouri Class Members' Personal Information;

c.    Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS omitted, suppressed, and concealed the material fact of the inadequacy of the privacy and security protections for Missouri Class Members' Personal Information;

d.    Defendants Anthem, Anthem Affiliates, and Non-Anthem BCBS engaged in unfair acts and practices with respect to the sale of insurance and health benefits services by failing to maintain the privacy and security of Missouri Class Members' Personal Information, in violation of

124

2055695.1

duties imposed by and public policies reflected in applicable federal and state laws, resulting in the

Anthem Data Breach.  These unfair acts and practices violated duties imposed by laws including the

Federal Trade Commission Act (15 U.S.C. § 45), HIPAA (42 U.S.C. § 1302d, *et seq*.), the Gramm-

Leach-Bliley Act (15 U.S.C. § 6801), the Missouri Unfair Trade Practice Act (Mo. Stat. §

375.936(4) and (6)(a)), and Missouri Statute § 354-525;

e.     Defendants Anthem and Anthem Affiliates engaged in unlawful and deceptive acts

and practices with respect to the sale of insurance and health benefits services by failing to disclose

the Anthem Data Breach to Missouri Class Members in a timely and accurate manner, in violation of

MO. Rev. Stat. § 407.1500(2)(1)(a);

f.     Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS engaged in unlawful

and deceptive acts and practices with respect to the sale of insurance and health benefits services by

failing to take proper action following the Anthem Data Breach to enact adequate privacy and

security measures and protect Missouri Class Members' Personal Information from further

unauthorized disclosure, release, data breaches, and theft.

475.    The above unlawful and deceptive acts and practices and acts by Defendants Anthem,

Anthem Affiliates and Non-Anthem BCBS were immoral, unethical, oppressive, and unscrupulous.

These acts caused substantial injury to consumers that the consumers could not reasonably avoid;

this substantial injury outweighed any benefits to consumers or to competition.

476.    Defendants knew or should have known that their computer systems and data security

practices were inadequate to safeguard Missouri Class Members' Personal Information and that risk

of a data breach or theft was highly likely.  Defendants' actions in engaging in the above-named

unfair practices and deceptive acts were negligent, knowing and willful, and/or wanton and reckless

with respect to the rights of members of the Missouri Class.

477.    As a direct and proximate result of Defendants' unlawful practices, Missouri Class

Members suffered an ascertainable loss of money or property, real or personal, as described above,

including the loss of their legally protected interest in the confidentiality and privacy of their

Personal Information.

478.    Missouri Class Members seek relief under Mo. Ann. Stat. § 407.025, including, but

125

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

2055695.1

1    not limited to, injunctive relief, actual damages, punitive damages, and attorneys' fees and costs.

2    **Montana**
**MONTANA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION ACT,**
3    **MCA § 30-14-101, *et seq.***
**(BROUGHT BY MONTANA CLASS AGAINST ANTHEM AND ALL OTHER**
4    **DEFENDANTS OPERATING IN MONTANA EXCEPT FOR BCBSA**

5    479.    Plaintiffs incorporate the above allegations by reference.

6    480.    Plaintiffs bring this claim against Defendants Anthem, Anthem Affiliates and Non-

7    Anthem BCBS operating in Montana on behalf of the Montana Class.

8    481.    The Montana Class Members are "consumers" as meant by Mont. Code § 30-14-102.

9    482.    The Montana Class Members purchased insurance and health benefits services from

10   Defendants in "trade" and "commerce," as meant by Mont. Code § 30-14-102, for personal, family,

11   and/or household purposes.

12   483.    Defendants Anthem, Anthem Affiliates, and Non-Anthem BCBS operating in

13   Montana engaged in unlawful, unfair, and deceptive acts and practices, misrepresentation, and the

14   concealment, suppression, and omission of material facts with respect to the sale and advertisement

15   of the services purchased by the Montana Class in violation Mont. Code § 30-14-103, including but

16   not limited to the following:

17   a.    Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS misrepresented

18   material facts, pertaining to the sale of insurance and health benefits services, to the Montana Class

19   by representing that they would maintain adequate data privacy and security practices and

20   procedures to safeguard Montana Class Members' Personal Information from unauthorized

21   disclosure, release, data breaches, and theft;

22   b.    Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS misrepresented

23   material facts, pertaining to the sale of insurance and health benefits services, to the Montana Class

24   by representing that they did and would comply with the requirements of relevant federal and state

25   laws pertaining to the privacy and security of Montana Class Members' Personal Information;

26   c.    Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS omitted, suppressed,

27   and concealed the material fact of the inadequacy of the privacy and security protections for

28   Montana Class Members' Personal Information;

126

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

d.      Defendants Anthem, Anthem Affiliates, and Non-Anthem BCBS engaged in unfair, unlawful, and deceptive acts and practices with respect to the sale of insurance and health benefits services by failing to maintain the privacy and security of Montana Class Members' Personal Information, in violation of duties imposed by and public policies reflected in applicable federal and state laws, resulting in the Anthem Data Breach.  These unfair, unlawful, and deceptive acts and practices violated duties imposed by laws including the Federal Trade Commission Act (15 U.S.C. § 45), HIPAA (42 U.S.C. § 1302d, *et seq*.), the Gramm-Leach-Bliley Act (15 U.S.C. § 6801), the Montana Insurance Information and Privacy Protection Act (Mont. Code Ann. § 33-19-306); and the Montana Unfair Claim Settlement Practices Act (Mont. Code Ann. § 33-18-201(1));

e.      Defendants Anthem and Anthem Affiliates engaged in unlawful, unfair, and deceptive acts and practices with respect to the sale of insurance and health benefits services by failing to disclose the Anthem Data Breach to Montana Class Members in a timely and accurate manner, in violation of Mont. Code Ann.§ 30-14-1704(1);

f.      Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS engaged in unlawful, unfair, and deceptive acts and practices with respect to the sale of insurance and health benefits services by failing to take proper action following the Anthem Data Breach to enact adequate privacy and security measures and protect Montana Class Members' Personal Information from further unauthorized disclosure, release, data breaches, and theft.

484.    The above unlawful, unfair, and deceptive acts and practices by Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS were immoral, unethical, oppressive, and unscrupulous. These acts caused substantial injury to consumers that the consumers could not reasonably avoid; this substantial injury outweighed any benefits to consumers or to competition.

485.    Defendants knew or should have known that their computer systems and data security practices were inadequate to safeguard Montana Class Members' Personal Information and that risk of a data breach or theft was highly likely.  Defendants' actions in engaging in the above-named deceptive acts and practices were negligent, knowing and willful, and/or wanton and reckless with respect to the rights of members of the Montana Class.

486.    As a direct and proximate result of Defendants' deceptive acts and practices, the

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

2055695.1

1  Montana Class Members suffered an ascertainable loss of money or property, real or personal, as

2  described above, including the loss of their legally protected interest in the confidentiality and

3  privacy of their Personal Information.

4        487.  Montana Class Members seek relief under Mont. Code § 30-14-133, including, but

5  not limited to, injunctive relief, other equitable relief, actual damages or $500 per Class Member,

6  whichever is greater, treble damages, and attorneys' fees and costs.

**Nebraska**
**NEBRASKA CONSUMER PROTECTION ACT,**
**NEB. REV. STAT. § 59-1601, *et. seq.***
**(BROUGHT BY NEBRASKA CLASS AGAINST ANTHEM AND ALL OTHER**
**DEFENDANTS OPERATING IN NEBRASKA EXCEPT FOR BCBSA)**

10        488.  Plaintiffs incorporate the above allegations by reference.

11        489.  Plaintiffs bring this claim against Defendants Anthem, Anthem Affiliates and Non-

12  Anthem BCBS operating in Nebraska on behalf of the Nebraska Class.

13        490.  Defendants engage in "trade and commerce," as meant by Neb. Rev. Stat. § 59-1601,

14  by selling health insurance and health benefits services."

15        491.  Defendants Anthem, Anthem Affiliates, and Non-Anthem BCBS operating in

16  Nebraska engaged in unfair and deceptive acts and practices, misrepresentation, and the

17  concealment, suppression, and omission of material facts with respect to the sale and advertisement

18  of the services in violation of Neb. Rev. Stat. § 59-1602, including but not limited to the following:

19        a.  Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS misrepresented

20  material facts, pertaining to the sale of insurance and health benefits services, to the Nebraska Class

21  by representing that they would maintain adequate data privacy and security practices and

22  procedures to safeguard Nebraska Class Members' Personal Information from unauthorized

23  disclosure, release, data breaches, and theft;

24        b.  Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS misrepresented

25  material facts, pertaining to the sale of insurance and health benefits services, to the Nebraska Class

26  by representing that they did and would comply with the requirements of relevant federal and state

27  laws pertaining to the privacy and security of Nebraska Class Members' Personal Information;

28        c.  Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS omitted, suppressed,

2055695.1

1   and concealed the material fact of the inadequacy of the privacy and security protections for

2   Nebraska Class Members' Personal Information;

3         d.      Defendants Anthem, Anthem Affiliates, and Non-Anthem BCBS engaged in unfair

4   acts and practices with respect to the sale of insurance and health benefits services by failing to

5   maintain the privacy and security of Nebraska Class Members' Personal Information, in violation of

6   duties imposed by and public policies reflected in applicable federal and state laws, resulting in the

7   Anthem Data Breach.  These unfair acts and practices violated duties imposed by laws including the

8   Federal Trade Commission Act (15 U.S.C. § 45), HIPAA (42 U.S.C. § 1302d, *et seq*.), the Gramm-

9   Leach-Bliley Act (15 U.S.C. § 6801), the Nebraska Privacy of Insurance Consumer Information Act

10  (Neb. Rev. Stat. §§ 44-910, 44-916), and the Nebraska Unfair Insurance Trade Practices Act (Neb.

11  Rev. Stat. §§ 44-1524, 44-1425);

12        e.      Defendants Anthem and Anthem Affiliates engaged in unlawful and deceptive acts

13  and practices with respect to the sale of insurance and health benefits services by failing to disclose

14  the Anthem Data Breach to Nebraska Class Members in a timely and accurate manner, in violation

15  of Neb. Rev. Stat. Ann. § 87-803(1);

16        f.      Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS engaged in unlawful

17  and deceptive acts and practices with respect to the sale of insurance and health benefits services by

18  failing to take proper action following the Anthem Data Breach to enact adequate privacy and

19  security measures and protect Nebraska Class Members' Personal Information from further

20  unauthorized disclosure, release, data breaches, and theft.

21        492.    The above unlawful and deceptive acts and practices and acts by Defendants Anthem,

22  Anthem Affiliates and Non-Anthem BCBS were immoral, unethical, oppressive, and unscrupulous.

23  These acts caused substantial injury to consumers that the consumers could not reasonably avoid;

24  this substantial injury outweighed any benefits to consumers or to competition.

25        493.    Defendants knew or should have known that their computer systems and data security

26  practices were inadequate to safeguard Nebraska Class Members' Personal Information and that risk

27  of a data breach or theft was highly likely.  Defendants' actions in engaging in the above-named

28  unfair practices and deceptive acts were negligent, knowing and willful, and/or wanton and reckless

129

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

with respect to the rights of members of the Nebraska Class.

494.    As a direct and proximate result of Defendants' unlawful practices, Nebraska Class Members suffered injury and/or damages.

495.    Nebraska Class Members seek relief under Neb. Rev. Stat. § 59-1609, including, but not limited to, injunctive relief, actual damages, and attorneys' fees and costs.

**NEBRASKA UNIFORM DECEPTIVE TRADE PRACTICES ACT,
NEB. REV. STAT. § 87-301, *et. seq.*
(BROUGHT BY NEBRASKA CLASS AGAINST ANTHEM AND ALL OTHER
DEFENDANTS OPERATING IN NEBRASKA EXCEPT FOR BCBSA)**

496.    Plaintiffs incorporate the above allegations by reference.

497.    Plaintiffs bring this claim against Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS operating in Nebraska on behalf of the Nebraska Class.

498.    Defendants Anthem, Anthem Affiliates, and Non-Anthem BCBS operating in Nebraska engaged in deceptive trade practices, misrepresentation, and the concealment, suppression, and omission of material facts with respect to the sale and advertisement of health insurance and benefits services purchased by the Nebraska Class in violation of Neb. Rev. Stat. § 87-302, including but not limited to the following:

a.    Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS misrepresented material facts, pertaining to the sale of insurance and health benefits services, to the Nebraska Class by representing that they would maintain adequate data privacy and security practices and procedures to safeguard Nebraska Class Members' Personal Information from unauthorized disclosure, release, data breaches, and theft in violation of Neb. Rev. Stat. § 87-302(5), (7), (9), (14), and (15);

b.    Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS misrepresented material facts, pertaining to the sale of insurance and health benefits services, to the Nebraska Class by representing that they did and would comply with the requirements of relevant federal and state laws pertaining to the privacy and security of Nebraska Class Members' Personal Information in violation of Neb. Rev. Stat. § 87-302(5), (7), (9), (14), and (15);

c.    Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS omitted, suppressed,

130

2055695.1

1  and concealed the material fact of the inadequacy of the privacy and security protections for

2  Nebraska Class Members' Personal Information in violation of Neb. Rev. Stat. § 87-302(5), (7), (9),

3  (14), and (15);

4         d.     Defendants Anthem, Anthem Affiliates, and Non-Anthem BCBS engaged in

5  deceptive trade practices with respect to the sale of insurance and health benefits services by failing

6  to maintain the privacy and security of Nebraska Class Members' Personal Information, in violation

7  of duties imposed by and public policies reflected in applicable federal and state laws, resulting in

8  the Anthem Data Breach.  These deceptive trade practices violated duties imposed by laws including

9  the Federal Trade Commission Act (15 U.S.C. § 45), HIPAA (42 U.S.C. § 1302d, *et seq.*), the

10  Gramm-Leach-Bliley Act (15 U.S.C. § 6801), the Nebraska Privacy of Insurance Consumer

11  Information Act (Neb. Rev. Stat. §§ 44-910, 44-916), and the Nebraska Unfair Insurance Trade

12  Practices Act (Neb. Rev. Stat. §§ 44-1524, 44-1425);

13         e.     Defendants Anthem and Anthem Affiliates engaged in deceptive trade practices with

14  respect to the sale of insurance and health benefits services by failing to disclose the Anthem Data

15  Breach to Nebraska Class Members in a timely and accurate manner, in violation of Neb. Rev. Stat.

16  Ann. § 87-803(1);

17         f.     Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS engaged in deceptive

18  trade practices with respect to the sale of insurance and health benefits services by failing to take

19  proper action following the Anthem Data Breach to enact adequate privacy and security measures

20  and protect Nebraska Class Members' Personal Information from further unauthorized disclosure,

21  release, data breaches, and theft.

22       499.    The above deceptive trade practices by Defendants Anthem, Anthem Affiliates and

23  Non-Anthem BCBS were immoral, unethical, oppressive, and unscrupulous. These acts caused

24  substantial injury to consumers that the consumers could not reasonably avoid; this substantial injury

25  outweighed any benefits to consumers or to competition.

26       500.    Defendants knew or should have known that their computer systems and data security

27  practices were inadequate to safeguard Nebraska Class Members' Personal Information and that risk

28  of a data breach or theft was highly likely.  Defendants' actions in engaging in the above-named

2055695.1

1  unfair practices and deceptive acts were negligent, knowing and willful, and/or wanton and reckless

2  with respect to the rights of members of the Nebraska Class.

3      501.    As a direct and proximate result of Defendants' unlawful practices, Nebraska Class

4  Members suffered injury and/or damages.

5      502.    Nebraska Class Members seek relief under Neb. Rev. Stat. § 87-303, including, but

6  not limited to, injunctive relief, other equitable relief, and attorneys' fees and costs.

7  **Nevada**
   **NEVADA DECEPTIVE TRADE PRACTICES ACT,**

8  **NEV. REV. STAT. § 598.0915, *et. seq.*; NEV. REV. STAT. § 41.600, *et. seq.***
   **(BROUGHT BY NEVADA CLASS AGAINST ANTHEM AND ALL OTHER DEFENDANTS**

9  **OPERATING IN NEVADA EXCEPT FOR BCBSA)**

10     503.    Plaintiffs incorporate the above allegations by reference.

11     504.    Plaintiffs bring this claim against Defendants Anthem, Anthem Affiliates and Non-

12  Anthem BCBS operating in Nevada on behalf of the Nevada Class.

13     505.    In the course of their businesses, Defendants Anthem, Anthem Affiliates, and Non-

14  Anthem BCBS operating in Nevada engaged in deceptive acts and practices, misrepresentation, and

15  the concealment, suppression, and omission of material facts with respect to the sale and

16  advertisement of health insurance and health benefits services in violation of Nev. Rev. Stat. §

17  598.0915, including but not limited to the following:

18     a.    Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS misrepresented

19  material facts, pertaining to the sale of insurance and health benefits services, to the Nebraska Class

20  by representing that they would maintain adequate data privacy and security practices and

21  procedures to safeguard Nevada Class Members' Personal Information from unauthorized

22  disclosure, release, data breaches, and theft, in violation of Nev. Rev. Stat. § 598.0915(5), (7), (9),

23  and (15);

24     b.    Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS misrepresented

25  material facts, pertaining to the sale of insurance and health benefits services, to the Nevada Class by

26  representing that they did and would comply with the requirements of relevant federal and state laws

27  pertaining to the privacy and security of Nebraska Class Members' Personal Information, in

28  violation of Nev. Rev. Stat. § 598.0915(5), (7), (9), and (15);

132

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

c.      Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS omitted, suppressed, and concealed the material fact of the inadequacy of the privacy and security protections for Nevada Class Members' Personal Information, in violation of Nev. Rev. Stat. § 598.0915(5), (7), (9), and (15);

d.      Defendants Anthem, Anthem Affiliates, and Non-Anthem BCBS engaged in deceptive trade practices with respect to the sale of insurance and health benefits services by failing to maintain the privacy and security of Nevada Class Members' Personal Information, in violation of duties imposed by and public policies reflected in applicable federal and state laws, resulting in the Anthem Data Breach.  These unfair acts and practices violated duties imposed by laws including the Federal Trade Commission Act (15 U.S.C. § 45), HIPAA (42 U.S.C. § 1302d, *et seq*.), the Gramm-Leach-Bliley Act (15 U.S.C. § 6801), the Nevada Confidentiality and Disclosure of Information statute (Nev. Rev. Stat. § 695F.410), the Nevada data breach statute (Nev. Rev. Stat. Ann. § 603A.210),  and the Nevada Trade Practices and Frauds in Insurance statute (Nev. Rev. Stat. Ann. §§  686A.025, 686A.030(1), and 686A.040);

e.      Defendants Anthem and Anthem Affiliates engaged in deceptive trade practices with respect to the sale of insurance and health benefits services by failing to disclose the Anthem Data Breach to Nevada Class Members in a timely and accurate manner, in violation of Nev. Rev. Stat. Ann. §  603A.220(1);

f.      Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS engaged in deceptive trade practices with respect to the sale of insurance and health benefits services by failing to take proper action following the Anthem Data Breach to enact adequate privacy and security measures and protect Nevada Class Members' Personal Information from further unauthorized disclosure, release, data breaches, and theft.

506.    The above unlawful and deceptive acts and practices and acts by Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS were immoral, unethical, oppressive, and unscrupulous. These acts caused substantial injury to consumers that the consumers could not reasonably avoid; this substantial injury outweighed any benefits to consumers or to competition.

507.    Defendants knew or should have known that their computer systems and data security

133

2055695.1

1    practices were inadequate to safeguard Nevada Class Members' Personal Information and that risk

2    of a data breach or theft was highly likely.  Defendants' actions in engaging in the above-named

3    unfair practices and deceptive acts were negligent, knowing and willful, and/or wanton and reckless

4    with respect to the rights of members of the Nevada Class.

5        508.    As a direct and proximate result of Defendants' deceptive practices, Nevada Class

6    Members suffered injury and/or damages.

7    509.    Nevada Class Members seek relief under Nev. Rev. Stat. Ann. § 41.600, including, but not

8    limited to, injunctive relief, other equitable relief, actual damages, and attorneys' fees and costs.

9                                        **New Jersey**
                                **NEW JERSEY CONSUMER FRAUD ACT,**
10                              **N.J. STAT. ANN. § 56:8-1,** *et. seq.*
                        **(BROUGHT BY NEW JERSEY CLASS AGAINST ANTHEM AND ALL OTHER**
11                        **DEFENDANTS OPERATING IN NEW JERSEY EXCEPT FOR BCBSA)**

12        510.    Plaintiffs incorporate the above allegations by reference.

13        511.    Plaintiffs bring this claim against Defendants Anthem, Anthem Affiliates and Non-

14    Anthem BCBS operating in New Jersey on behalf of the New Jersey Class.

15        512.    Defendants sell "merchandise," as meant by N.J. Stat. Ann. § 56:8-1, by offering

16    health insurance and health benefits services to the public.

17        513.    Defendants Anthem, Anthem Affiliates, and Non-Anthem BCBS operating in New

18    Jersey engaged in unconscionable and deceptive acts and practices, misrepresentation, and the

19    concealment, suppression, and omission of material facts with respect to the sale and advertisement

20    of health insurance and health benefits services in violation of N.J. Stat. Ann. § 56:8-2, including but

21    not limited to the following:

22        a.    Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS misrepresented

23    material facts, pertaining to the sale of insurance and health benefits services, to the New Jersey

24    Class by representing that they would maintain adequate data privacy and security practices and

25    procedures to safeguard New Jersey Class Members' Personal Information from unauthorized

26    disclosure, release, data breaches, and theft;

27        b.    Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS misrepresented

28    material facts, pertaining to the sale of insurance and health benefits services, to the New Jersey

                                        134

2055695.1

1   Class by representing that they did and would comply with the requirements of relevant federal and

2   state laws pertaining to the privacy and security of New Jersey Class Members' Personal

3   Information;

4          c.       Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS knowingly omitted,

5   suppressed, and concealed the material fact of the inadequacy of the privacy and security protections

6   for New Jersey Class Members' Personal Information with the intent that others rely on the

7   omission, suppression, and concealment;

8          d.       Defendants Anthem, Anthem Affiliates, and Non-Anthem BCBS engaged in

9   unconscionable and deceptive acts and practices with respect to the sale of insurance and health

10  benefits services by failing to maintain the privacy and security of New Jersey Class Members'

11  Personal Information, in violation of duties imposed by and public policies reflected in applicable

12  federal and state laws, resulting in the Anthem Data Breach.  These unfair acts and practices violated

13  duties imposed by laws including the Federal Trade Commission Act (15 U.S.C. § 45), HIPAA (42

14  U.S.C. § 1302d, *et seq*.), the Gramm-Leach-Bliley Act (15 U.S.C. § 6801), the New Jersey Insurance

15  Information Practices Act (N.J. Stat. § 17:23A-1, *et seq*.); and the New Jersey Insurance Trade

16  Practices Act (N.J. Stat. §§ 17:29B-4(1) and (2));

17         e.       Defendants Anthem and Anthem Affiliates engaged in unconscionable and deceptive

18  acts and practices with respect to the sale of insurance and health benefits services by failing to

19  disclose the Anthem Data Breach to New Jersey Class Members in a timely and accurate manner, in

20  violation of N.J. Stat. Ann. § 56:8-163(a);

21         f.       Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS engaged in

22  unconscionable and deceptive acts and practices with respect to the sale of insurance and health

23  benefits services by failing to take proper action following the Anthem Data Breach to enact

24  adequate privacy and security measures and protect New Jersey Class Members' Personal

25  Information from further unauthorized disclosure, release, data breaches, and theft.

26         514.     The above unlawful and deceptive acts and practices and acts by Defendants Anthem,

27  Anthem Affiliates and Non-Anthem BCBS were immoral, unethical, oppressive, and unscrupulous.

28  These acts caused substantial injury to consumers that the consumers could not reasonably avoid;

135

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

2055695.1

1  this substantial injury outweighed any benefits to consumers or to competition.

2      515.    Defendants knew or should have known that their computer systems and data security

3  practices were inadequate to safeguard New Jersey Class Members' Personal Information and that

4  risk of a data breach or theft was highly likely.  Defendants' actions in engaging in the above-named

5  unfair practices and deceptive acts were negligent, knowing and willful, and/or wanton and reckless

6  with respect to the rights of members of the New Jersey Class.

7      516.    As a direct and proximate result of Defendants' unconscionable or deceptive acts and

8  practices, New Jersey Class Members suffered an ascertainable loss in moneys or property, real or

9  personal, as described above, including the loss of their legally protected interest in the

10  confidentiality and privacy of their Personal Information.

11      517.    New Jersey Class Members seek relief under N.J. Stat. Ann. § 56:8-19, including, but

12  not limited to, injunctive relief, other equitable relief, actual damages, treble damages, and attorneys'

13  fees and costs.

14  **New Mexico**
**NEW MEXICO UNFAIR PRACTICES ACT,**
15  **N.M. STAT. ANN. § 57-12-1, *et. seq.***
**(BROUGHT BY NEW MEXICO CLASS AGAINST ANTHEM AND ALL OTHER**
16  **DEFENDANTS OPERATING IN NEW MEXICO EXCEPT FOR BCBSA)**

17      518.    Plaintiffs incorporate the above allegations by reference.

18      519.    Plaintiffs bring this claim against Defendants Anthem, Anthem Affiliates and Non-

19  Anthem BCBS operating in New Mexico on behalf of the New Mexico Class.

20      520.    Defendants Anthem, Anthem Affiliates, and Non-Anthem BCBS operating in New

21  Mexico engaged in unconscionable, unfair, and deceptive acts and practices, misrepresentation, and

22  the concealment, suppression, and omission of material facts with respect to the sale and

23  advertisement of health insurance and health benefits services in violation of N.M. Stat. Ann. § 57-

24  12-3, including but not limited to the following:

25      a.    Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS knowingly

26  misrepresented material facts, pertaining to the sale of insurance and health benefits services, to the

27  New Mexico Class by representing that they would maintain adequate data privacy and security

28  practices and procedures to safeguard New Mexico Class Members' Personal Information from

136

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

1    unauthorized disclosure, release, data breaches, and theft;

2        b.        Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS knowingly

3    misrepresented material facts, pertaining to the sale of insurance and health benefits services, to the

4    New Mexico Class by representing that they did and would comply with the requirements of

5    relevant federal and state laws pertaining to the privacy and security of New Mexico Class

6    Members' Personal Information;

7        c.        Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS knowingly omitted,

8    suppressed, and concealed the material fact of the inadequacy of the privacy and security protections

9    for New Mexico Class Members' Personal Information;

10       d.        Defendants Anthem, Anthem Affiliates, and Non-Anthem BCBS engaged in unfair,

11   unconscionable, and deceptive acts and practices with respect to the sale of insurance and health

12   benefits services by failing to maintain the privacy and security of New Mexico Class Members'

13   Personal Information, in violation of duties imposed by and public policies reflected in applicable

14   federal and state laws, resulting in the Anthem Data Breach.  These unfair, unconscionable, and

15   deceptive acts and practices violated duties imposed by laws including the Federal Trade

16   Commission Act (15 U.S.C. § 45), HIPAA (42 U.S.C. § 1302d, *et seq*.), the Gramm-Leach-Bliley

17   Act (15 U.S.C. § 6801), the New Mexico Confidentiality of Medical Information statute (N.M. Stat.

18   Ann. § 59A-46-27), the New Mexico Privacy of Nonpublic Personal Information regulation (N.M.

19   Admin. Code 13.1.3); and the New Mexico Trade Practices and Frauds in Insurance statute (N.M.

20   Stat. Ann. §§ 59A-16-4(A), 59A-16-5);

21       e.        Defendants Anthem and Anthem Affiliates engaged in unfair, unconscionable, and

22   deceptive acts and practices with respect to the sale of insurance and health benefits services by

23   failing to disclose the Anthem Data Breach to New Mexico Class Members in a timely and accurate

24   manner;

25       f.        Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS engaged in unfair,

26   unconscionable, and deceptive acts and practices with respect to the sale of insurance and health

27   benefits services by failing to take proper action following the Anthem Data Breach to enact

28   adequate privacy and security measures and protect New Mexico Class Members' Personal

137

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

1    Information from further unauthorized disclosure, release, data breaches, and theft.

2        521.    The above unfair, unconscionable, and deceptive acts and practices and acts by

3    Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS were immoral, unethical,

4    oppressive, and unscrupulous. These acts caused substantial injury to consumers that the consumers

5    could not reasonably avoid; this substantial injury outweighed any benefits to consumers or to

6    competition.

7        522.    Defendants knew or should have known that their computer systems and data security

8    practices were inadequate to safeguard New Mexico Class Members' Personal Information and that

9    risk of a data breach or theft was highly likely.  Defendants' actions in engaging in the above-named

10   unfair, unconscionable, and deceptive acts and practices were negligent, knowing and willful, and/or

11   wanton and reckless with respect to the rights of members of the New Mexico Class.

12       523.    As a direct and proximate result of Defendants' unfair, unconscionable, and deceptive

13   acts and practices, New Mexico Class Members suffered a loss in money or property, real or

14   personal, as described above, including the loss of their legally protected interest in the

15   confidentiality and privacy of their Personal Information.

16       524.    New Mexico Class Members seek relief under N.M. Stat. Ann. § 57-12-10, including,

17   but not limited to, injunctive relief, actual damages, and attorneys' fees and costs, as well as treble

18   damages or $300, whichever is greater, to the Plaintiffs.

19                              **New York**
                  **NEW YORK GENERAL BUSINESS LAW,**
20                **N.Y. GEN. BUS. LAW § 349, *et. seq.***
        **(BROUGHT BY NEW YORK CLASS AGAINST ANTHEM AND ALL OTHER**
21        **DEFENDANTS OPERATING IN NEW YORK EXCEPT FOR BCBSA)**

22       525.    Plaintiffs incorporate the above allegations by reference.

23       526.    Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS engaged in

24   deceptive, unfair, and unlawful trade acts or practices in the conduct of trade or commerce and

25   furnishing of services, in violation of N.Y. Gen. Bus. Law § 349(a), including but not limited to the

26   following:

27       a.    Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS misrepresented and

28   fraudulently advertised material facts, pertaining to the sale and/or furnishing of insurance and health

                                    138

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

2055695.1

1   benefits services, to the New York Class by representing and advertising that they would maintain

2   adequate data privacy and security practices and procedures to safeguard New York Class Members'

3   Personal Information from unauthorized disclosure, release, data breaches, and theft;

4           b.      Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS misrepresented

5   material facts, pertaining to sale and/or furnishing of insurance and health benefits services, to the

6   New York Class by representing and advertising that they did and would comply with the

7   requirements of relevant federal and state laws pertaining to the privacy and security of New York

8   Class Members' Personal Information;

9           c.      Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS omitted, suppressed,

10  and concealed the material fact of the inadequacy of their privacy and security protections for New

11  York Class Members' Personal Information;

12          d.      Defendants Anthem, Anthem Affiliates, and Non-Anthem BCBS engaged in

13  deceptive, unfair, and unlawful trade acts or practices by failing to maintain the privacy and security

14  of New York Class Members' Personal Information, in violation of duties imposed by and public

15  policies reflected in applicable federal and state laws, resulting in the Anthem Data Breach.  These

16  unfair acts and practices violated duties imposed by laws including the Federal Trade Commission

17  Act (15 U.S.C. § 45), HIPAA (42 U.S.C. § 1302d et. seq.), the Gramm-Leach-Bliley Act (15 U.S.C.

18  § 6801), and New York's Protection Mechanisms for Insurance Payment Information (N.Y. Soc.

19  Serv. §367-a (2)(b));

20          e.      Defendants Anthem and Anthem Affiliates engaged in deceptive, unfair, and

21  unlawful trade acts or practices by failing to disclose the Anthem Data Breach to New York Class

22  Members in a timely and accurate manner, contrary to the duties imposed by N.Y. Gen Bus. Law §

23  899-aa(2);

24          f.      Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS engaged in

25  deceptive, unfair, and unlawful trade acts or practices by failing to take proper action following the

26  Anthem Data Breach to enact adequate privacy and security measures and protect New York Class

27  Members' Personal Information from further unauthorized disclosure, release, data breaches, and

28  theft.

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

2055695.1

527.     As a direct and proximate result of Defendants' deceptive trade practices, New York Class Members suffered injury and/or damages, including the loss of their legally protected interest in the confidentiality and privacy of their Personal Information.

528.     The above unfair and deceptive practices and acts by Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS were immoral, unethical, oppressive, and unscrupulous. These acts caused substantial injury to consumers that these consumers could not reasonably avoid; this substantial injury outweighed any benefits to consumers or to competition.

529.     Defendants knew or should have known that their computer systems and data security practices were inadequate to safeguard New York Class Members' Personal Information and that risk of a data breach or theft was highly likely. Defendants' actions in engaging in the above-named unfair practices and deceptive acts were negligent, knowing and willful, and/or wanton and reckless with respect to the rights of members of the New York Class.

530.     Plaintiffs and New York Class Members seek relief under N.Y. Gen. Bus. Law § 349(h), including, but not limited to, actual damages, treble damages, statutory damages, injunctive relief, and/or attorney's fees and costs.

**North Carolina**
**NORTH CAROLINA UNFAIR TRADE PRACTICES ACT,**
**N.C. GEN. STAT. ANN. § 75-1.1, *et. seq.***
**(BROUGHT BY NORTH CAROLINA CLASS AGAINST ANTHEM AND ALL OTHER DEFENDANTS OPERATING IN NORTH CAROLINA EXCEPT FOR BCBSA)**

531.     Plaintiffs incorporate the above allegations by reference.

532.     Plaintiffs bring this claim against Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS operating in North Carolina on behalf of the North Carolina Class.

533.     Defendants' sale, advertising, and marketing of insurance and health benefits affected commerce, as meant by N.C. Gen. Stat. § 75-1.1.

534.     Defendants Anthem, Anthem Affiliates, and Non-Anthem BCBS operating in North Carolina engaged in unlawful, unfair, and deceptive acts and practices, misrepresentation, and the concealment, suppression, and omission of material facts with respect to the sale and advertisement of health insurance and health benefits services in violation of N.C. Gen. Stat. § 75-1.1, including but not limited to the following:

140

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

a.      Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS misrepresented material facts, pertaining to the sale of insurance and health benefits services, to the North Carolina Class by representing that they would maintain adequate data privacy and security practices and procedures to safeguard North Carolina Class Members' Personal Information from unauthorized disclosure, release, data breaches, and theft;

b.      Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS misrepresented material facts, pertaining to the sale of insurance and health benefits services, to the North Carolina Class by representing that they did and would comply with the requirements of relevant federal and state laws pertaining to the privacy and security of North Carolina Class Members' Personal Information;

c.      Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS omitted, suppressed, and concealed the material fact of the inadequacy of the privacy and security protections for North Carolina Class Members' Personal Information;

d.      Defendants Anthem, Anthem Affiliates, and Non-Anthem BCBS engaged in unfair, unlawful, and deceptive acts and practices with respect to the sale of insurance and health benefits services by failing to maintain the privacy and security of North Carolina Class Members' Personal Information, in violation of duties imposed by and public policies reflected in applicable federal and state laws, resulting in the Anthem Data Breach.  These unfair, unlawful, and deceptive acts and practices violated duties imposed by laws including Federal Trade Commission Act (15 U.S.C. § 45), HIPAA (42 U.S.C. § 1302d, *et seq.*), the Gramm-Leach-Bliley Act (15 U.S.C. § 6801), the North Carolina Consumer and Customer Information Privacy Act (N.C. Gen. Stat. § 58-39-1, *et seq.*), and the North Carolina Unfair Trade Practices N.C. Gen. Stat. § 58-63-15(1) and (2));

e.      Defendants Anthem and Anthem Affiliates engaged in unfair, unlawful, and deceptive acts and practices with respect to the sale of insurance and health benefits services by failing to disclose the Anthem Data Breach to North Carolina Class Members in a timely and accurate manner, in violation of N.C. Gen. Stat. Ann. § 76-65(a);

f.      Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS engaged in unfair, unlawful, and deceptive acts and practices with respect to the sale of insurance and health benefits

141

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

1    services by failing to take proper action following the Anthem Data Breach to enact adequate

2    privacy and security measures and protect North Carolina Class Members' Personal Information

3    from further unauthorized disclosure, release, data breaches, and theft.

4        535.    The above unfair, unlawful, and deceptive acts and practices and acts by Defendants

5    Anthem, Anthem Affiliates and Non-Anthem BCBS were immoral, unethical, oppressive, and

6    unscrupulous. These acts caused substantial injury to consumers that the consumers could not

7    reasonably avoid; this substantial injury outweighed any benefits to consumers or to competition.

8        536.    Defendants knew or should have known that their computer systems and data security

9    practices were inadequate to safeguard North Carolina Class Members' Personal Information and

10   that risk of a data breach or theft was highly likely.  Defendants' actions in engaging in the above-

11   named unfair, unconscionable, and deceptive acts and practices were negligent, knowing and willful,

12   and/or wanton and reckless with respect to the rights of members of the North Carolina Class.

13       537.    As a direct and proximate result of Defendants' unfair, unconscionable, and deceptive

14   acts and practices, North Class Members suffered injury and/or damages.

15       538.    North Carolina Class Members seek relief under N.C. Gen. Stat. §§ 75-16 and 75-

16   16.1 including, but not limited to, injunctive relief, actual damages, treble damages, and attorneys'

17   fees and costs.

18                                **North Dakota**
                      **NORTH DAKOTA UNLAWFUL SALES OR ADVERTISING ACT,**
19                          **N.D. CENT. CODE §§ 51-10-01,** *et. seq.*
                    **(BROUGHT BY NORTH DAKOTA CLASS AGAINST ANTHEM AND ALL OTHER**
20                  **DEFENDANTS OPERATING IN NORTH DAKOTA EXCEPT FOR BCBSA)**

21       539.    Plaintiffs incorporate the above allegations by reference.

22       540.    Plaintiffs bring this claim against Defendants Anthem, Anthem Affiliates and Non-

23   Anthem BCBS operating in North Dakota on behalf of the North Dakota Class.

24       541.    Defendants sell and advertise "merchandise," as meant by N.D. Cent. Code § 51-15-

25   01, in the form of insurance and health benefits services.

26       542.    Defendants Anthem, Anthem Affiliates, and Non-Anthem BCBS operating in North

27   Dakota engaged in deceptive acts and practices, misrepresentation, and the concealment,

28   suppression, and omission of material facts with in connection to the sale and advertisement of

                                        142

2055695.1

1   insurance and health benefits services in violation of N.D. Cent. Code § 51-15-01, including but not

2   limited to the following:

3         a.      Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS misrepresented

4   material facts (intending for others to rely upon the misrepresentations), pertaining to the sale of

5   insurance and health benefits services, to the North Dakota Class by representing that they would

6   maintain adequate data privacy and security practices and procedures to safeguard North Dakota

7   Class Members' Personal Information from unauthorized disclosure, release, data breaches, and

8   theft;

9         b.      Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS misrepresented

10  material facts (intending for others to rely upon the misrepresentations), pertaining to the sale of

11  insurance and health benefits services, to the North Dakota Class by representing that they did and

12  would comply with the requirements of relevant federal and state laws pertaining to the privacy and

13  security of North Dakota Class Members' Personal Information;

14        c.      Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS omitted, suppressed,

15  and concealed the material fact of the inadequacy of the privacy and security protections for North

16  Dakota Class Members' Personal Information, with the intent that others rely on the omission,

17  suppression, and concealment;

18        d.      Defendants Anthem, Anthem Affiliates, and Non-Anthem BCBS engaged in

19  deceptive acts and practices with respect to the sale of insurance and health benefits services by

20  failing to maintain the privacy and security of North Dakota Class Members' Personal Information,

21  in violation of duties imposed by and public policies reflected in applicable federal and state laws,

22  resulting in the Anthem Data Breach.  These unfair, unlawful, and deceptive acts and practices

23  violated duties imposed by laws including Federal Trade Commission Act (15 U.S.C. § 45), HIPAA

24  (42 U.S.C. § 1302d, *et seq*.), the Gramm-Leach-Bliley Act (15 U.S.C. § 6801), the North Dakota

25  Confidentiality of Medical Information statute (N.D. Cent. Code Ann. § 26.1-36-12.4); the North

26  Dakota Privacy of Consumer Financial and Health Information rule (N.D. Admin. Code 45-14-01-

27  01, *et seq*.); and the North Dakota Prohibited Practices in Insurance Business statute (N.D. Cent.

28  Code Ann. § 26.1-04-03(1) and (2));

143

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

e.    Defendants Anthem and Anthem Affiliates engaged in deceptive acts and practices with respect to the sale of insurance and health benefits services by failing to disclose the Anthem Data Breach to North Dakota Class Members in a timely and accurate manner, in violation of N.D. Cent. Code Ann. § 51-30-02;

f.    Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS engaged in deceptive acts and practices with respect to the sale of insurance and health benefits services by failing to take proper action following the Anthem Data Breach to enact adequate privacy and security measures and protect North Dakota Class Members' Personal Information from further unauthorized disclosure, release, data breaches, and theft.

543.    The above deceptive acts and practices and acts by Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS were immoral, unethical, oppressive, and unscrupulous. These acts caused substantial injury to consumers that the consumers could not reasonably avoid; this substantial injury outweighed any benefits to consumers or to competition.

544.    Defendants knew or should have known that their computer systems and data security practices were inadequate to safeguard North Dakota Class Members' Personal Information and that risk of a data breach or theft was highly likely.  Defendants' actions in engaging in the above-named deceptive acts and practices were negligent, knowing and willful, and/or wanton and reckless with respect to the rights of members of the North Dakota Class.

545.    As a direct and proximate result of Defendants' deceptive acts and practices, Defendant acquired money or property from North Dakota Class Members.

546.    North Carolina Class Members seek relief under N.D. Cent. Code Ann. § 51-15-09 including, but not limited to, injunctive relief, damages, restitution, treble damages, and attorneys' fees and costs.

**Oklahoma**
**OKLAHOMA CONSUMER PROTECTION ACT,**
**15 OKL. STAT. ANN. § 751, *et. seq.***
**(BROUGHT BY OKLAHOMA CLASS AGAINST ANTHEM AND ALL DEFENDANTS OPERATING IN OKLAHOMA EXCEPT FOR BCBSA)**

547.    Plaintiffs incorporate the above allegations by reference.

548.    Plaintiffs bring this claim against Defendants Anthem, Anthem Affiliates and Non-

144

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

2055695.1

1    Anthem BCBS operating in Oklahoma on behalf of the Oklahoma Class.

2        549.    The Oklahoma Class Members purchased "merchandise," as meant by Okla. Stat. tit.

3    15, § 752, in the form of insurance and health benefits services.

4        550.    The Oklahoma Class Members' purchases of insurance and health benefits services

5    from Defendants constituted "consumer transactions" as meant by Okla. Stat. tit. 15, § 752.

6        551.    Defendants Anthem, Anthem Affiliates, and Non-Anthem BCBS operating in

7    Oklahoma engaged in unlawful, unfair, and deceptive trade practices, misrepresentation, and the

8    concealment, suppression, and omission of material facts with respect to the sale and advertisement

9    of the services purchased by the Oklahoma Class in violation of Okla. Stat. tit. 15, § 753, including

10   but not limited to the following:

11       a.    Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS knowingly, or with

12   reason to know, misrepresented material facts pertaining to the sale of insurance and health benefits

13   services to the Oklahoma Class by representing that they would maintain adequate data privacy and

14   security practices and procedures to safeguard Oklahoma Class Members' Personal Information

15   from unauthorized disclosure, release, data breaches, and theft in violation of Okla. Stat. tit. 15, §

16   753(5) and (8);

17       b.    Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS knowingly, or with

18   reason to know, misrepresented material facts pertaining to the sale of insurance and health benefits

19   services to the Oklahoma Class by representing that they did and would comply with the

20   requirements of relevant federal and state laws pertaining to the privacy and security of Oklahoma

21   Class Members' Personal Information in violation of Okla. Stat. tit. 15, § 753(5) and (8);

22       c.    Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS omitted, suppressed,

23   and concealed the material fact of the inadequacy of the privacy and security protections for

24   Oklahoma Class Members' Personal Information in violation of Okla. Stat. tit. 15, § 753(5) and (8);

25       d.    Defendants Anthem, Anthem Affiliates, and Non-Anthem BCBS engaged in unfair,

26   unlawful, and deceptive trade practices with respect to the sale of insurance and health benefits

27   services by failing to maintain the privacy and security of Oklahoma Class Members' Personal

28   Information, in violation of duties imposed by and public policies reflected in applicable federal and

145

2055695.1

1  state laws, resulting in the Anthem Data Breach.  These unfair, unlawful, and deceptive acts and

2  practices violated duties imposed by laws including Federal Trade Commission Act (15 U.S.C. §

3  45), HIPAA (42 U.S.C. § 1302d, *et seq.*), the Gramm-Leach-Bliley Act (15 U.S.C. § 6801), the

4  Oklahoma Privacy of Consumer Financial and Health Information regulation (Okla. Admin. Code §§

5  365:35-1-40, 365:35-1-20); and the Oklahoma Unfair Practices and Fraud in Insurance statute (Okla.

6  Stat. Ann. tit. 36, § 1204(1) and (2));

7      e.    Defendants Anthem and Anthem Affiliates engaged in unlawful, unfair, and deceptive

8  trade practices with respect to the sale of insurance and health benefits services by failing to disclose

9  the Anthem Data Breach to Oklahoma Class Members in a timely and accurate manner, in violation

10  of 24 Okla. Sta. Ann. § 163(A);

11      f.    Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS engaged in unlawful,

12  unfair, and deceptive trade practices with respect to the sale of insurance and health benefits services

13  by failing to take proper action following the Anthem Data Breach to enact adequate privacy and

14  security measures and protect Oklahoma Class Members' Personal Information from further

15  unauthorized disclosure, release, data breaches, and theft.

16      552.    The above unlawful, unfair, and deceptive trade practices and acts by Defendants

17  Anthem, Anthem Affiliates and Non-Anthem BCBS were immoral, unethical, oppressive, and

18  unscrupulous. These acts caused substantial injury to consumers that the consumers could not

19  reasonably avoid; this substantial injury outweighed any benefits to consumers or to competition.

20      553.    Defendants knew or should have known that their computer systems and data security

21  practices were inadequate to safeguard Oklahoma Class Members' Personal Information and that

22  risk of a data breach or theft was highly likely.  Defendants' actions in engaging in the above-named

23  deceptive acts and practices were negligent, knowing and willful, and/or wanton and reckless with

24  respect to the rights of members of the Oklahoma Class.

25      554.    As a direct and proximate result of Defendants' deceptive acts and practices, the

26  Oklahoma Class Members suffered injury and/or damages.

27      555.    Oklahoma Class Members seek relief under Okla. Stat. Ann. tit. 15, § 761.1

28  including, but not limited to, injunctive relief, actual damages, and attorneys' fees and costs.

146

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

2055695.1

**Pennsylvania**
**PENNSYLVANIA UNFAIR TRADE PRACTICES,**
**73 PA STAT. ANN. § 201-1, *et. seq.***
**(BROUGHT BY PENNSYLVANIA CLASS AGAINST ANTHEM AND ALL OTHER**
**DEFENDANTS OPERATING IN PENNSYLVANIA EXCEPT FOR BCBSA)**

556.    Plaintiffs incorporate the above allegations by reference.

557.    Plaintiffs bring this claim against Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS operating in Pennsylvania on behalf of the Pennsylvania Class.

558.    The Pennsylvania Class Members purchased insurance and health benefits services from Defendants in "trade" and "commerce," as meant by 73 Pa. Cons. Stat. § 201-2, for personal, family, and/or household purposes.

559.    Defendants Anthem, Anthem Affiliates, and Non-Anthem BCBS operating in Pennsylvania engaged in unlawful, unfair, and deceptive acts and practices, misrepresentation, and the concealment, suppression, and omission of material facts with respect to the sale and advertisement of the services purchased by the Pennsylvania Class in violation of 73 Pa. Cons. Stat. Ann. § 201-3, including but not limited to the following:

a.    Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS misrepresented material facts pertaining to the sale of insurance and health benefits services to the Pennsylvania Class by representing that they would maintain adequate data privacy and security practices and procedures to safeguard Pennsylvania Class Members' Personal Information from unauthorized disclosure, release, data breaches, and theft in violation of 73 Pa. Cons. Stat. Ann. § 201-3(4)(v), (ix), and (xxi);

b.    Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS misrepresented material facts pertaining to the sale of insurance and health benefits services to the Pennsylvania Class by representing that they did and would comply with the requirements of relevant federal and state laws pertaining to the privacy and security of Pennsylvania Class Members' Personal Information in violation of 73 Pa. Cons. Stat. Ann. § 201-3(4)(v), (ix), and (xxi);

c.    Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS omitted, suppressed, and concealed the material fact of the inadequacy of the privacy and security protections for Pennsylvania Class Members' Personal Information in violation of in violation of 73 Pa. Cons. Stat.

147

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

Ann. § 201-3(4)(v), (ix), and (xxi);

d.      Defendants Anthem, Anthem Affiliates, and Non-Anthem BCBS engaged in unfair, unlawful, and deceptive acts and practices with respect to the sale of insurance and health benefits services by failing to maintain the privacy and security of Pennsylvania Class Members' Personal Information, in violation of duties imposed by and public policies reflected in applicable federal and state laws, resulting in the Anthem Data Breach.  These unfair, unlawful, and deceptive acts and practices violated duties imposed by laws including Federal Trade Commission Act (15 U.S.C. § 45), HIPAA (42 U.S.C. § 1302d, *et seq*.), the Gramm-Leach-Bliley Act (15 U.S.C. § 6801), the Pennsylvania Quality Healthcare Accountability and Protection statute (40 Pa. Cons. Stat. Ann. § 991.2131); and the Pennsylvania Unfair Insurance Practices Act (40 Pa. Cons. Stat. Ann. § 1171.1(a)(1)(i) and (a)(2));

e.      Defendants Anthem and Anthem Affiliates engaged in unlawful, unfair, and deceptive acts and practices with respect to the sale of insurance and health benefits services by failing to disclose the Anthem Data Breach to Pennsylvania Class Members in a timely and accurate manner, in violation of 73 Pa. Stat. § 2303(a);

f.      Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS engaged in unlawful, unfair, and deceptive acts and practices with respect to the sale of insurance and health benefits services by failing to take proper action following the Anthem Data Breach to enact adequate privacy and security measures and protect Pennsylvania Class Members' Personal Information from further unauthorized disclosure, release, data breaches, and theft.

560.    The above unlawful, unfair, and deceptive acts and practices by Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS were immoral, unethical, oppressive, and unscrupulous. These acts caused substantial injury to consumers that the consumers could not reasonably avoid; this substantial injury outweighed any benefits to consumers or to competition.

561.    Defendants knew or should have known that their computer systems and data security practices were inadequate to safeguard Pennsylvania Class Members' Personal Information and that risk of a data breach or theft was highly likely.  Defendants' actions in engaging in the above-named deceptive acts and practices were negligent, knowing and willful, and/or wanton and reckless with

148

1    respect to the rights of members of the Pennsylvania Class.

2        562.    As a direct and proximate result of Defendants' deceptive acts and practices, the

3    Pennsylvania Class Members suffered an ascertainable loss of money or property, real or personal,

4    as described above, including the loss of their legally protected interest in the confidentiality and

5    privacy of their Personal Information.

6        563.    Pennsylvania Class Members seek relief under 73 Pa. Cons. Stat. § 201-9.2,

7    including, but not limited to, injunctive relief, actual damages or $100 per Class Member, whichever

8    is greater, treble damages, and attorneys' fees and costs.

9                                    **Rhode Island**
10    **RHODE ISLAND DECEPTIVE TRADE PRACTICES ACT,**
      **R.I. GEN. LAWS § 6-13.1, *et. seq.***
11    **(BROUGHT BY RHODE ISLAND CLASS AGAINST ANTHEM, INC. EXCEPT FOR**
      **BCBSA)**

12        564.    Plaintiffs incorporate the above allegations by reference.

13        565.    Plaintiffs bring this claim against Defendants Anthem, Anthem Affiliates and Non-

14    Anthem BCBS operating in Rhode Island on behalf of the Rhode Island Class.

15        566.    The Rhode Island Class Members purchased insurance and health benefits services

16    from Defendants in "trade" and "commerce," as meant by R.I. Gen. Laws § 6-13.1-1, for personal,

17    family, and/or household purposes.

18        567.    Defendants Anthem, Anthem Affiliates, and Non-Anthem BCBS operating in Rhode

19    Island engaged in unlawful, unfair, and deceptive acts and practices, misrepresentation, and the

20    concealment, suppression, and omission of material facts with respect to the sale and advertisement

21    of the services purchased by the Rhode Island Class in violation of R.I. Gen. Laws Ann. § 6-13.1-2,

22    including but not limited to the following:

23        a.    Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS misrepresented

24    material facts pertaining to the sale of insurance and health benefits services to the Rhode Island

25    Class by representing that they would maintain adequate data privacy and security practices and

26    procedures to safeguard Rhode Island Class Members' Personal Information from unauthorized

27    disclosure, release, data breaches, and theft in violation of R.I. Gen. Laws Ann. § 6-13.1-1(6)(v),

28    (vii), (ix), (xii), (xiii), and (xiv);

2055695.1

b. Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS misrepresented material facts pertaining to the sale of insurance and health benefits services to the Rhode Island Class by representing that they did and would comply with the requirements of relevant federal and state laws pertaining to the privacy and security of Rhode Island Class Members' Personal Information in violation of R.I. Gen. Laws Ann. § 6-13.1-1(6)(v), (vii), (ix), (xii), (xiii), and (xiv);

c. Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS omitted, suppressed, and concealed the material fact of the inadequacy of the privacy and security protections for Rhode Island Class Members' Personal Information in violation of in violation of R.I. Gen. Laws Ann. § 6-13.1-1(6)(v), (vii), (ix), (xii), (xiii), and (xiv);

d. Defendants Anthem, Anthem Affiliates, and Non-Anthem BCBS engaged in unfair, unlawful, and deceptive acts and practices with respect to the sale of insurance and health benefits services by failing to maintain the privacy and security of Rhode Island Class Members' Personal Information, in violation of duties imposed by and public policies reflected in applicable federal and state laws, resulting in the Anthem Data Breach.  These unfair, unlawful, and deceptive acts and practices violated duties imposed by laws including Federal Trade Commission Act (15 U.S.C. § 45), HIPAA (42 U.S.C. § 1302d, *et seq*.), the Gramm-Leach-Bliley Act (15 U.S.C. § 6801), the Rhode Island Confidentiality of Health Care Information Act (R.I. Gen. Laws § 5-37.3-4); the Rhode Island data breach statute (R.I. Gen. Laws § 11-49.2-2(2), and the Rhode Island Unfair Competition and Practices in Insurance statute (R.I. Gen. Laws § 27-29-4(1) and (2));

e. Defendants Anthem and Anthem Affiliates engaged in unlawful, unfair, and deceptive acts and practices with respect to the sale of insurance and health benefits services by failing to disclose the Anthem Data Breach to Rhode Island Class Members in a timely and accurate manner, in violation of R.I. Gen. Laws Ann. § 11-49.2-3(a);

f. Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS engaged in unlawful, unfair, and deceptive acts and practices with respect to the sale of insurance and health benefits services by failing to take proper action following the Anthem Data Breach to enact adequate privacy and security measures and protect Rhode Island Class Members' Personal Information from further unauthorized disclosure, release, data breaches, and theft.

568.     The above unlawful, unfair, and deceptive acts and practices by Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS were immoral, unethical, oppressive, and unscrupulous. These acts caused substantial injury to consumers that the consumers could not reasonably avoid; this substantial injury outweighed any benefits to consumers or to competition.

569.     Defendants knew or should have known that their computer systems and data security practices were inadequate to safeguard Rhode Island Class Members' Personal Information and that risk of a data breach or theft was highly likely.  Defendants' actions in engaging in the above-named deceptive acts and practices were negligent, knowing and willful, and/or wanton and reckless with respect to the rights of members of the Rhode Island Class.

570.     As a direct and proximate result of Defendants' deceptive acts and practices, the Rhode Island Class Members suffered an ascertainable loss of money or property, real or personal, as described above, including the loss of their legally protected interest in the confidentiality and privacy of their Personal Information.

571.     Rhode Island Class Members seek relief under R.I. Gen. Laws § 6-13.1-5.2, including, but not limited to, injunctive relief, other equitable relief, actual damages or $200 per Class Member, whichever is greater, punitive damages, and attorneys' fees and costs.

## South Dakota
### SOUTH DAKOTA DECEPTIVE TRADE PRACTICES AND CONSUMER PROTECTION ACT,
### S.D. CODIFIED LAWS § 37-24-1, *et. seq.*
### (BROUGHT BY SOUTH DAKOTA CLASS AGAINST ANTHEM AND ALL OTHER DEFENDANTS OPERATING IN SOUTH DAKOTA EXCEPT FOR BCBSA)

572.     Plaintiffs incorporate the above allegations by reference.

573.     Plaintiffs bring this claim against Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS operating in South Dakota on behalf of the South Dakota Class.

574.     Defendants advertise and sell "goods or services" and/or "merchandise" in "trade" and "commerce," as meant by S.D. Codified Laws § 37-24-1, in the form of insurance and health benefits services.

575.     Defendants Anthem, Anthem Affiliates, and Non-Anthem BCBS operating in South Dakota engaged in deceptive acts and practices, misrepresentation, and the concealment,

151

2055695.1

suppression, and omission of material facts with respect to the sale and advertisement of health

insurance and health benefits services in violation of S.D. Codified Laws § 37-24-6, including but

not limited to the following:

a.     Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS knowingly and

intentionally misrepresented material facts, pertaining to the sale of insurance and health benefits

services, to the South Dakota Class by representing that they would maintain adequate data privacy

and security practices and procedures to safeguard South Dakota Class Members' Personal

Information from unauthorized disclosure, release, data breaches, and theft in violation of S.D.

Codified Laws § 37-24-6(1);

b.     Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS knowingly and

intentionally misrepresented material facts, pertaining to the sale of insurance and health benefits

services, to the South Dakota Class by representing that they did and would comply with the

requirements of relevant federal and state laws pertaining to the privacy and security of South

Dakota Class Members' Personal Information in violation of S.D. Codified Laws § 37-24-6(1);

c.     Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS knowingly and

intentionally omitted, suppressed, and concealed the material fact of the inadequacy of the privacy

and security protections for South Dakota Class Members' Personal Information in violation of in

violation of S.D. Codified Laws § 37-24-6(1);

d.     Defendants Anthem, Anthem Affiliates, and Non-Anthem BCBS engaged in

deceptive acts and practices with respect to the sale of insurance and health benefits services by

failing to maintain the privacy and security of South Dakota Class Members' Personal Information,

in violation of duties imposed by and public policies reflected in applicable federal and state laws,

resulting in the Anthem Data Breach.  These unfair, unlawful, and deceptive acts and practices

violated duties imposed by laws including Federal Trade Commission Act (15 U.S.C. § 45), HIPAA

(42 U.S.C. § 1302d, *et seq*.), the Gramm-Leach-Bliley Act (15 U.S.C. § 6801), and the Unfair Trade

Practices in Insurance statute (S.D. Codified Laws §§ 58-33-5, 58-33-6).

e.     Defendants Anthem and Anthem Affiliates knowingly and intentionally engaged in

deceptive acts and practices with respect to the sale of insurance and health benefits services by

152

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

2055695.1

1  failing to disclose the Anthem Data Breach to South Dakota Class Members in a timely and accurate

2  manner;

3          f.      Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS engaged in deceptive

4  acts and practices with respect to the sale of insurance and health benefits services by failing to take

5  proper action following the Anthem Data Breach to enact adequate privacy and security measures

6  and protect South Dakota Class Members' Personal Information from further unauthorized

7  disclosure, release, data breaches, and theft.

8          576.    The above deceptive acts and practices by Defendants Anthem, Anthem Affiliates

9  and Non-Anthem BCBS were immoral, unethical, oppressive, and unscrupulous. These acts caused

10 substantial injury to consumers that the consumers could not reasonably avoid; this substantial injury

11 outweighed any benefits to consumers or to competition.

12         577.    Defendants knew or should have known that their computer systems and data security

13 practices were inadequate to safeguard South Dakota Class Members' Personal Information and that

14 risk of a data breach or theft was highly likely.  Defendants' actions in engaging in the above-named

15 deceptive acts and practices were negligent, knowing and willful, and/or wanton and reckless with

16 respect to the rights of members of the South Dakota Class.

17         578.    As a direct and proximate result of Defendants' deceptive acts and practices, the

18 South Dakota Class Members were adversely affected, injured, and/or damaged.

19         579.    South Dakota Class Members seek relief under S.D. Codified Laws § 37-24-31,

20 including, but not limited to, actual damages.

21                                        **Tennessee**
                             **TENNESSEE CONSUMER PROTECTION ACT,**
22                           **TENN. CODE ANN. §§ 47-18-101,** *et. seq.*
                    **(BROUGHT BY TENNESSEE CLASS AGAINST ANTHEM AND ALL OTHER**
23                  **DEFENDANTS OPERATING IN TENNESSEE EXCEPT FOR BCBSA)**

24         580.    Plaintiffs incorporate the above allegations by reference.

25         581.    Plaintiffs bring this claim against Defendants Anthem, Anthem Affiliates and Non-

26 Anthem BCBS operating in Tennessee on behalf of the Tennessee Class.

27         582.    Defendants advertised and  sold "goods" or "services" in "trade" and "commerce," as

28 meant by Tenn. Code § 47-18-103, in the form of insurance and health benefits services from

                                              153

2055695.1

1  Defendants.

2      583.    Defendants Anthem, Anthem Affiliates, and Non-Anthem BCBS operating in

3  Tennessee engaged in unlawful, unfair, and deceptive acts and practices, misrepresentation, and the

4  concealment, suppression, and omission of material facts with respect to the sale and advertisement

5  of insurance and health benefits services in violation Tenn. Code § 47-18-104, including but not

6  limited to the following:

7          a.    Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS misrepresented

8  material facts, pertaining to the sale of insurance and health benefits services, to the Tennessee Class

9  by representing that they would maintain adequate data privacy and security practices and

10  procedures to safeguard Tennessee Class Members' Personal Information from unauthorized

11  disclosure, release, data breaches, and theft in violation of Tenn. Code § 47-18-104(b)(5) and (9);

12          b.    Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS misrepresented

13  material facts, pertaining to the sale of insurance and health benefits services, to the Tennessee Class

14  by representing that they did and would comply with the requirements of relevant federal and state

15  laws pertaining to the privacy and security of Tennessee Class Members' Personal Information in

16  violation of Tenn. Code § 47-18-104(b)(5) and (9);

17          c.    Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS omitted, suppressed,

18  and concealed the material fact of the inadequacy of the privacy and security protections for

19  Tennessee Class Members' Personal Information in violation of Tenn. Code § 47-18-104(b)(5) and

20  (9);

21          d.    Defendants Anthem, Anthem Affiliates, and Non-Anthem BCBS engaged in unfair,

22  unlawful, and deceptive acts and practices with respect to the sale of insurance and health benefits

23  services by failing to maintain the privacy and security of Tennessee Class Members' Personal

24  Information, in violation of duties imposed by and public policies reflected in applicable federal and

25  state laws, resulting in the Anthem Data Breach.  These unfair, unlawful, and deceptive acts and

26  practices violated duties imposed by laws including Federal Trade Commission Act (15 U.S.C. §

27  45), HIPAA (42 U.S.C. § 1302d, *et seq*.), the Gramm-Leach-Bliley Act (15 U.S.C. § 6801), the

28  Tennessee Health Maintenance Organization Act (Tenn. Code § 56-32-125); the Tennessee Prepaid

1    Limited Health Service Organization Act of 2000 (Tenn. Code § 56-51-150); and the Tennessee

2    Unfair Trade Practices and Unfair Claims Settlement Act of 2009 (Tenn. Code Ann. § 56-8-

3    104(1)(A) and (2)).

4          e.      Defendants Anthem and Anthem Affiliates engaged in unlawful, unfair, and deceptive

5    acts and practices with respect to the sale of insurance and health benefits services by failing to

6    disclose the Anthem Data Breach to Tennessee Class Members in a timely and accurate manner, in

7    violation of Tenn. Code. Ann. § 47-18-2107(b);

8          f.      Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS engaged in unlawful,

9    unfair, and deceptive acts and practices with respect to the sale of insurance and health benefits

10   services by failing to take proper action following the Anthem Data Breach to enact adequate

11   privacy and security measures and protect Tennessee Class Members' Personal Information from

12   further unauthorized disclosure, release, data breaches, and theft.

13         584.    The above unlawful, unfair, and deceptive acts and practices by Defendants Anthem,

14   Anthem Affiliates and Non-Anthem BCBS were immoral, unethical, oppressive, and unscrupulous.

15   These acts caused substantial injury to consumers that the consumers could not reasonably avoid;

16   this substantial injury outweighed any benefits to consumers or to competition.

17         585.    Defendants knew or should have known that their computer systems and data security

18   practices were inadequate to safeguard Tennessee Class Members' Personal Information and that

19   risk of a data breach or theft was highly likely.  Defendants' actions in engaging in the above-named

20   deceptive acts and practices were negligent, knowing and willful, and/or wanton and reckless with

21   respect to the rights of members of the Tennessee Class.

22         586.    As a direct and proximate result of Defendants' deceptive acts and practices, the

23   Tennessee Class Members suffered an ascertainable loss of money or property, real or personal, as

24   described above, including the loss of their legally protected interest in the confidentiality and

25   privacy of their Personal Information.

26         587.    Tennessee Class Members seek relief under Tenn. Code Ann. § 47-18-109, including,

27   but not limited to, injunctive relief, actual damages, treble damages for each willful or knowing

28   violation,  and attorneys' fees and costs.

2055695.1

**Vermont**
**VERMONT CONSUMER FRAUD ACT,**
**9 VT. STAT. ANN. §§ 2451, *et. seq.***
**(BROUGHT BY VERMONT CLASS AGAINST ANTHEM AND ALL OTHER**
**DEFENDANTS OPERATING IN VERMONT EXCEPT FOR BCBSA)**

588.    Plaintiffs incorporate the above allegations by reference.

589.    Plaintiffs bring this claim against Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS operating in Vermont on behalf of the Vermont Class.

590.    The Vermont Class Members are "consumers" as meant by Vt. Stat. Ann. tit. 9, § 2451a.

591.    The Vermont Class Members purchased "goods" or "services," as meant by Vt. Stat. Ann. tit. 9, § 2451a., in the form of insurance and health benefits services for personal, family, and/or household purposes.

592.    Defendants Anthem, Anthem Affiliates, and Non-Anthem BCBS operating in Vermont engaged in unlawful, unfair, and deceptive acts and practices, misrepresentation, and the concealment, suppression, and omission of material facts with respect to the sale and advertisement of insurance and health benefits services in violation of Vt. Stat. Ann. tit. 9, § 2453, including but not limited to the following:

a.    Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS misrepresented material facts pertaining to the sale of insurance and health benefits services to the Vermont Class by representing that they would maintain adequate data privacy and security practices and procedures to safeguard Vermont Class Members' Personal Information from unauthorized disclosure, release, data breaches, and theft;

b.    Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS misrepresented material facts pertaining to the sale of insurance and health benefits services to the Vermont Class by representing that they did and would comply with the requirements of relevant federal and state laws pertaining to the privacy and security of Vermont Class Members' Personal Information;

c.    Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS omitted, suppressed, and concealed the material fact of the inadequacy of the privacy and security protections for Vermont Class Members' Personal Information;

156

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

2055695.1

d.    Defendants Anthem, Anthem Affiliates, and Non-Anthem BCBS engaged in unfair, unlawful, and deceptive acts and practices with respect to the sale of insurance and health benefits services by failing to maintain the privacy and security of Vermont Class Members' Personal Information, in violation of duties imposed by and public policies reflected in applicable federal and state laws, resulting in the Anthem Data Breach.  These unfair, unlawful, and deceptive acts and practices violated duties imposed by laws including Federal Trade Commission Act (15 U.S.C. § 45), HIPAA (42 U.S.C. § 1302d, *et seq.*), the Gramm-Leach-Bliley Act (15 U.S.C. § 6801), and the Vermont Insurance Trade Practices Act (Vt. Stat. Ann. tit. 8, § 4724).

e.    Defendants Anthem and Anthem Affiliates engaged in unlawful, unfair, and deceptive acts and practices with respect to the sale of insurance and health benefits services by failing to disclose the Anthem Data Breach to Vermont Class Members in a timely and accurate manner, in violation of 9 Vt. Stat. Ann. § 2435(b)(1);

f.    Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS engaged in unlawful, unfair, and deceptive acts and practices with respect to the sale of insurance and health benefits services by failing to take proper action following the Anthem Data Breach to enact adequate privacy and security measures and protect Vermont Class Members' Personal Information from further unauthorized disclosure, release, data breaches, and theft.

593.    The above unlawful, unfair, and deceptive acts and practices by Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS were immoral, unethical, oppressive, and unscrupulous. These acts caused substantial injury to consumers that the consumers could not reasonably avoid; this substantial injury outweighed any benefits to consumers or to competition.

594.    Defendants knew or should have known that their computer systems and data security practices were inadequate to safeguard Vermont Class Members' Personal Information and that risk of a data breach or theft was highly likely.  Defendants' actions in engaging in the above-named deceptive acts and practices were negligent, knowing and willful, and/or wanton and reckless with respect to the rights of members of the Vermont Class.

595.    As a direct and proximate result of Defendants' deceptive acts and practices, the Vermont Class Members suffered injury and/or damages.

157

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

2055695.1

596.     Vermont Class Members seek relief under Vt. Stat. Ann. tit. 9, § 2461, including, but not limited to, injunctive relief, restitution, actual damages, disgorgement of profits, exemplary damages, and attorneys' fees and costs.

**Washington**
**WASHINGTON CONSUMER PROTECTION ACT,**
**WASH. REV. CODE § 19.86.020, *et. seq.***
**(BROUGHT BY WASHINGTON CLASS AGAINST ANTHEM AND ALL OTHER**
**DEFENDANTS OPERATING IN WASHINGTON EXCEPT FOR BCBSA)**

597.     Plaintiffs incorporate the above allegations by reference.

598.     Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS engaged in deceptive, unfair, and unlawful trade acts or practices in the conduct of trade or commerce, in violation of Wash. Rev. Code §19.86.020, including but not limited to the following:

a.     Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS misrepresented and fraudulently advertised material facts pertaining to the insurance and health benefits services to the Washington Class by representing and advertising that they would maintain adequate data privacy and security practices and procedures to safeguard Washington Class Members' Personal Information from unauthorized disclosure, release, data breaches, and theft;

b.     Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS misrepresented material facts pertaining to insurance and health benefits services to the Washington Class by representing and advertising that they did and would comply with the requirements of relevant federal and state laws pertaining to the privacy and security of Washington Class Members' Personal Information;

c.     Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS omitted, suppressed, and concealed the material fact of the inadequacy of the privacy and security protections for Washington Class Members' Personal Information;

d.     Defendants Anthem, Anthem Affiliates, and Non-Anthem BCBS engaged in deceptive, unfair, and unlawful trade acts or practices by failing to maintain the privacy and security of Washington Class Members Personal Information, in violation of duties imposed by and public policies reflected in applicable federal and state laws, resulting in the Anthem Data Breach.  These unfair acts and practices violated duties imposed by laws including Federal Trade Commission Act

158

2055695.1

(15 U.S.C. § 45), HIPAA (42 U.S.C. § 1302d et. seq.), the Gramm-Leach-Bliley Act (15 U.S.C. § 6801), and the Washington regulations pertaining to Privacy of Consumer Financial and Health Information (Wash. ADC 284-04-300).

e.     Defendants Anthem and Anthem Affiliates engaged in deceptive, unfair, and unlawful trade acts or practices by failing to disclose the Anthem Data Breach to Washington Class Members in a timely and accurate manner, contrary to the duties imposed by § 19.255.010(1);

f.     Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS engaged in deceptive, unfair, and unlawful trade acts or practices by failing to take proper action following the Anthem Data Breach to enact adequate privacy and security measures and protect Washington Class Members' Personal Information from further unauthorized disclosure, release, data breaches, and theft.

599.     The above unfair and deceptive practices and acts by Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS also violated Washington's Unfair Insurance Practices Act, Wash. Rev. Code §48.30.010.

600.     As a direct and proximate result of Defendants' deceptive trade practices, Washington Class Members suffered injury and/or damages.

601.     The above unfair and deceptive practices and acts by Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS were immoral, unethical, oppressive, and unscrupulous. These acts caused substantial injury to consumers that these consumers could not reasonably avoid; this substantial injury outweighed any benefits to consumers or to competition.

602.     Defendants knew or should have known that their computer systems and data security practices were inadequate to safeguard Washington Class Members' Personal Information and that risk of a data breach or theft was highly likely.  Defendants' actions in engaging in the above-named unfair practices and deceptive acts were negligent, knowing and willful, and/or wanton and reckless with respect to the rights of members of the Washington Class.

603.     Washington Class Members seek relief under Wash. Rev. Code § 19.86.090, including, but not limited to, actual damages, treble damages, injunctive relief, and attorneys' fees and costs.

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

**COUNT X – DATA BREACH STATUTES**
**BROUGHT BY THE STATEWIDE CLASSES BELOW**

**California**
**CALIFORNIA CUSTOMER RECORDS ACT,**
**CAL. CIV. CODE § 1798.80, *et. seq.***
**(BROUGHT BY CALIFORNIA CLASS AGAINST ANTHEM AND ALL OTHER**
**DEFENDANTS OPERATING IN CALIFORNIA EXCEPT FOR BCBSA)**

604. Plaintiffs incorporate the above allegations by reference.

605. "[T]o ensure that personal information about California residents is protected," the California legislature enacted Civil Code section 1798.81.5, which requires that any business that "owns, licenses, or maintains personal information about a California resident shall implement and maintain reasonable security procedures and practices appropriate to the nature of the information, to protect the personal information from unauthorized access, destruction, use, modification, or disclosure."

606. Defendants are businesses that own, maintain, and license personal information, within the meaning of 1798.81.5, about Plaintiffs and Class Members.

607. Defendants, to the extent they assert they are not "a provider of health care, health care service plan, or contractor regulated by the Confidentiality of Medical Information Act," violated Civil Code section 1798.81.5 by failing to implement reasonable measures to protect Class Members' Personal Information.

608. Businesses that own or license computerized data that includes personal information, including Social Security numbers, are required to notify California residents when their Personal Information has been acquired (or has reasonably believed to have been acquired) by unauthorized persons in a data security breach "in the most expedient time possible and without unreasonable delay." Cal. Civ. Code § 1798.82. Among other requirements, the security breach notification must include "the types of personal information that were or are reasonably believed to have been the subject of the breach." Cal. Civ. Code § 1798.82.

609. Defendants are businesses that own or license computerized data that includes personal information as defined by Cal. Civ. Code § 1798.82.

610. Plaintiffs and Class Members' Personal Information (e.g., Social Security numbers)

160

2055695.1

includes personal information as covered by Cal. Civ. Code § 1798.82.

611.    Because Anthem and Anthem Affiliates reasonably believed that Plaintiffs Personal was acquired by unauthorized persons during the Anthem Data Breach, Anthem and Anthem Affiliates had an obligation to disclose the data breach in a timely and accurate fashion as mandated by Cal. Civ. Code § 1798.82.

612.    Thus, by failing to disclose the Anthem Data Breach in a timely and accurate manner, Anthem and Anthem Affiliates violated Cal. Civ. Code § 1798.82.

613.    As a direct and proximate result of Defendants' violations of the Cal. Civ. Code §§ 1798.81.5; 1798.82, Plaintiffs and Class Members suffered damages, as described above.

614.    Plaintiffs and California Class Members seek relief under Cal. Civ. Code § 1798.84, including, but not limited to, actual damages and injunctive relief.

**Colorado**
**COLO. REV. STAT. ANN. § 6-1-716(2),** *et. seq.*
**(BROUGHT BY COLORADO CLASS AGAINST ANTHEM AND ALL ANTHEM AFFILIATES OPERATING IN COLORADO EXCEPT FOR BCBSA)**

615.    Plaintiffs incorporate the above allegations by reference.

616.    Anthem and Anthem Affiliates are required to accurately notify Plaintiffs and Class Members if Anthem and Anthem Affiliates become aware of a breach of their data security system in the most expedient time possible and without unreasonable delay under Colo. Rev. Stat. Ann. § 6-1-716(2).

617.    Defendants are businesses that own or license computerized data that includes personal information as defined by Colo. Rev. Stat. Ann. § 6-1-716(1),(2).

618.    Plaintiffs and Class Members' Personal Information (e.g., Social Security numbers) includes personal information as covered by Colo. Rev. Stat. Ann. § 6-1-716(1),(2).

619.    Because Anthem and Anthem Affiliates were aware of a breach of their security system, Anthem and Anthem Affiliates had an obligation to disclose the data breach in a timely and accurate fashion as mandated by Colo. Rev. Stat. Ann. § 6-1-716 (2).

620.    Thus, by failing to disclose the Anthem Data Breach in a timely and accurate manner, Anthem and Anthem Affiliates violated Colo. Rev. Stat. Ann. § 6-1-716 (2).

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

2055695.1

621.     As a direct and proximate result of Anthem and Anthem Affiliates' violations of Colo. Rev. Stat. Ann. § 6-1-716(2), Plaintiffs and Class Members suffered damages, as described above.

622.     Plaintiffs and Class Members seek relief under Colo. Rev. Stat. Ann. § 6-1-716(4), including, but not limited to, actual damages and equitable relief.

**Delaware**
**DEL. CODE ANN. TIT. 6 § 12B-102(a),** *et seq.*
**(BROUGHT BY DELAWARE CLASS AGAINST ANTHEM AND ALL ANTHEM AFFILIATES OPERATING IN DELAWARE EXCEPT FOR BCBSA)**

623.     Plaintiffs incorporate the above allegations by reference.

624.     Anthem and Anthem Affiliates are required to accurately notify Plaintiffs and Class Members if Anthem and Anthem Affiliates become aware of a breach of their data security system (which is reasonably likely to result in the misuse of a Delaware resident's personal information) in the most expedient time possible and without unreasonable delay under 6 Del. Code Ann. § 12B-102(a).

625.     Defendants are businesses that own or license computerized data that includes personal information as defined by 6 Del. Code Ann. § 12B-102(a).

626.     Plaintiffs and Class Members' Personal Information (e.g., Social Security numbers) includes personal information as covered under 6 Del. Code Ann. § 12B-101(4).

627.     Because Anthem and Anthem Affiliates were aware of a breach of their security system (which is reasonably likely to result in a misuse Delaware residents' personal information), Anthem and Anthem Affiliates had an obligation to disclose the data breach in a timely and accurate fashion as mandated by 6 Del. Code Ann. § 12B-102(a).

628.     Thus, by failing to disclose the Anthem Data Breach in a timely and accurate manner, Anthem and Anthem Affiliates violated  6 Del. Code Ann. § 12B-102(a).

629.     As a direct and proximate result of Anthem and Anthem Affiliates' violations of 6 Del. Code Ann. § 12B-102(a), Plaintiffs and Class Members suffered damages, as described above.

630.     Plaintiffs and Class Members seek relief under 6 Del. Code Ann. § 12B-104, including, but not limited to, actual damages and broad equitable relief.

162
CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

**District of Columbia**
**D.C. CODE § 28-3852(a),** *et. seq.*
**(BROUGHT BY DISTRICT OF COLUMBIA CLASS AGAINST ANTHEM AND ALL**
**ANTHEM AFFILIATES OPERATING IN THE DISTRICT OF COLUMBIA EXCEPT FOR**
**BCBSA)**

631. Plaintiffs incorporate the above allegations by reference.

632. Anthem and Anthem Affiliates are required to accurately notify Plaintiffs and Class Members if Anthem and Anthem Affiliates become aware of a breach of their data security system in the most expedient time possible and without unreasonable delay under D.C. Code § 28-3852(a).

633. Defendants are businesses that own or license computerized data that includes personal information as defined by D.C. Code § 28-3852(a).

634. Plaintiffs and Class Members' Personal Information (e.g., Social Security numbers) includes personal information as covered under D.C. Code § 28-3851(3).

635. Because Anthem and Anthem Affiliates were aware of a breach of their security system, Anthem and Anthem Affiliates had an obligation to disclose the data breach in a timely and accurate fashion as mandated by D.C. Code § 28-3852(a).

636. Thus, by failing to disclose the Anthem Data Breach in a timely and accurate manner, Anthem and Anthem Affiliates violated  D.C. Code § 28-3852(a).

637. As a direct and proximate result of Anthem and Anthem Affiliates' violations of D.C. Code § 28-3852(a), Plaintiffs and Class Members suffered damages, as described above.

638. Plaintiffs and Class Members seek relief under D.C. Code § 28-3853(a), including, but not limited to, actual damages.

**Georgia**
**GA. CODE ANN. § 10-1-912(a),** *et. seq.*
**(BROUGHT BY GEORGIA CLASS AGAINST ANTHEM AND ALL ANTHEM**
**AFFILIATES OPERATING IN GEORGIA EXCEPT FOR BCBSA**

639. Plaintiffs incorporate the above allegations by reference.

640. Anthem and Anthem Affiliates are required to accurately notify Plaintiffs and Class Members if Anthem and Anthem Affiliates become aware of a breach of their data security system (that was reasonably likely to have caused unauthorized persons to acquire Plaintiffs and Class Members' Personal Information) in the most expedient time possible and without unreasonable delay

163

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

2055695.1

1    under Ga. Code Ann. § 10-1-912(a).

2        641.    Defendants are businesses that own or license computerized data that includes

3    personal information as defined by Ga. Code Ann. § 10-1-912(a).

4        642.    Plaintiffs and Class Members' Personal Information (e.g., Social Security numbers)

5    includes personal information as covered under Ga. Code Ann. § 10-1-912(a).

6        643.    Because Anthem and Anthem Affiliates were aware of a breach of their security

7    system (that was reasonably likely to have caused unauthorized persons to acquire Plaintiffs and

8    Class Members' Personal Information), Anthem and Anthem Affiliates had an obligation to disclose

9    the data breach in a timely and accurate fashion as mandated by Ga. Code Ann. § 10-1-912(a).

10        644.    Thus, by failing to disclose the Anthem Data Breach in a timely and accurate manner,

11    Anthem and Anthem Affiliates violated  Ga. Code Ann. § 10-1-912(a).

12        645.    As a direct and proximate result of Anthem and Anthem Affiliates' violations of Ga.

13    Code Ann. § 10-1-912(a), Plaintiffs and Class Members suffered damages, as described above.

14        646.    Plaintiffs and Class Members seek relief under Ga. Code Ann. § 10-1-912 including,

15    but not limited to, actual damages and injunctive relief.

16                               **Hawaii**
                      **HAW. REV. STAT. § 487N-2(a),** *et. seq.*
17    **(BROUGHT BY HAWAII CLASS AGAINST ANTHEM AND ALL ANTHEM AFFILIATES**
                    **OPERATING IN HAWAII EXCEPT FOR BCBSA)**
18
         647.    Plaintiffs incorporate the above allegations by reference.
19
         648.    Anthem and Anthem Affiliates are required to accurately notify Plaintiffs and Class
20
    Members if Anthem and Anthem Affiliates become aware of a breach of their data security system
21
    without unreasonable delay under Haw. Rev. Stat. § 487N-2(a).
22
         649.    Defendants are businesses that own or license computerized data that includes
23
    personal information as defined by Haw. Rev. Stat. § 487N-2(a).
24
         650.    Plaintiffs and Class Members' Personal Information (e.g., Social Security numbers)
25
    includes personal information as covered under Haw. Rev. Stat. § 487N-2(a).
26
         651.    Because Anthem and Anthem Affiliates were aware of a breach of their security
27
    system, Anthem and Anthem Affiliates had an obligation to disclose the data breach in a timely and
28
                                        164
                   CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
                            CASE NO. 15-md-02617-LHK

2055695.1

1   accurate fashion as mandated by Haw. Rev. Stat. § 487N-2(a).

2       652.    Thus, by failing to disclose the Anthem Data Breach in a timely and accurate manner,

3   Anthem and Anthem Affiliates violated Haw. Rev. Stat. § 487N-2(a).

4       653.    As a direct and proximate result of Anthem and Anthem Affiliates' violations of

5   Haw. Rev. Stat. § 487N-2(a), Plaintiffs and Class Members suffered damages, as described above.

6       654.    Plaintiffs and Class Members seek relief under Haw. Rev. Stat. § 487N-3(b),

7   including, but not limited to, actual damages.

8                                    **Iowa**
                          **IOWA CODE ANN. § 715C.2(1),** *et. seq.*
9   **(BROUGHT BY IOWA CLASS AGAINST ANTHEM AND ALL ANTHEM AFFILIATES**
                          **OPERATING IN IOWA EXCEPT FOR BCBSA)**
10

11      655.    Plaintiffs incorporate the above allegations by reference.

12      656.    Anthem and Anthem Affiliates are required to accurately notify Plaintiffs and Class

13  Members if Anthem and Anthem Affiliates become aware of a breach of their data security system

    in the most expeditious time possible and without unreasonable delay under Iowa Code Ann. §
14
    715C.2(1).
15
        657.    Defendants are businesses that own or license computerized data that includes
16
    personal information as defined by Iowa Code Ann. § 715C.2(1).
17
        658.    Plaintiffs and Class Members' Personal Information (e.g., Social Security numbers)
18
    includes personal information as covered under Iowa Code Ann. § 715C.2(1).
19
        659.    Because Anthem and Anthem Affiliates were aware of a breach of their security
20
    system, Anthem and Anthem Affiliates had an obligation to disclose the data breach in a timely and
21
    accurate fashion as mandated by Iowa Code Ann. § 715C.2(1).
22
        660.    Thus, by failing to disclose the Anthem Data Breach in a timely and accurate manner,
23
    Anthem and Anthem Affiliates violated  Iowa Code Ann. § 715C.2(1).
24
        661.    As a direct and proximate result of Anthem and Anthem Affiliates' violations of Iowa
25
    Code Ann. § 715C.2(1), Plaintiffs and Class Members suffered damages, as above.
26
        662.    Plaintiffs and Class Members seek relief under Iowa Code Ann. § 714.16(7),
27
    including, but not limited to, actual damages and injunctive relief.
28

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

2055695.1

**Kansas**
**KAN. STAT. ANN. § 50-7a02(a),** *et. seq.*
**(BROUGHT BY KANSAS CLASS AGAINST ANTHEM AND ALL ANTHEM AFFILIATES OPERATING IN KANSAS EXCEPT FOR BCBSA)**

663.    Plaintiffs incorporate the above allegations by reference.

664.    Anthem and Anthem Affiliates are required to accurately notify Plaintiffs and Class Members if Anthem and Anthem Affiliates become aware of a breach of their data security system (that was reasonably likely to have caused misuse Plaintiffs and Class Members' Personal Information) in the most expedient time possible and without unreasonable delay under Kan. Stat. Ann. § 50-7a02(a).

665.    Defendants are businesses that own or license computerized data that includes personal information as defined by Kan. Stat. Ann. § 50-7a02(a).

666.    Plaintiffs and Class Members' Personal Information (e.g., Social Security numbers) includes personal information as covered under Kan. Stat. Ann. § 50-7a02(a).

667.    Because Anthem and Anthem Affiliates were aware of a breach of their security system (that was reasonably likely to have caused misuse Plaintiffs and Class Members' Personal Information), Anthem and Anthem Affiliates had an obligation to disclose the data breach in a timely and accurate fashion as mandated by Kan. Stat. Ann. § 50-7a02(a).

668.    Thus, by failing to disclose the Anthem Data Breach in a timely and accurate manner, Anthem and Anthem Affiliates violated  Kan. Stat. Ann. § 50-7a02(a).

669.    As a direct and proximate result of Anthem and Anthem Affiliates' violations of Kan. Stat. Ann. § 50-7a02(a), Plaintiffs and Class Members suffered damages, as described above.

670.    Plaintiffs and Class Members seek relief under Kan. Stat. Ann. § 50-7a02(g), including, but not limited to, broad equitable relief.

**Kentucky**
**KY. REV. STAT. ANN. § 365.732(2),** *et. seq.*
**(BROUGHT BY KENTUCKY CLASS AGAINST ANTHEM AND ALL ANTHEM AFFILIATES OPERATING IN KENTUCKY EXCEPT FOR BCBSA)**

671.    Plaintiffs incorporate the above allegations by reference.

672.    Anthem and Anthem Affiliates are required to accurately notify Plaintiffs and Class Members if Anthem and Anthem Affiliates become aware of a breach of their data security system

166

2055695.1

(that was reasonably likely to have caused unauthorized persons to acquire Plaintiffs and Class Members' Personal Information) in the most expedient time possible and without unreasonable delay under Ky. Rev. Stat. Ann. § 365.732(2).

673.    Defendants are businesses that hold computerized data that includes personal information as defined by Ky. Rev. Stat. Ann. § 365.732(2).

674.    Plaintiffs and Class Members' Personal Information (e.g., Social Security numbers) includes personal information as covered under Ky. Rev. Stat. Ann. § 365.732(2).

675.    Because Anthem and Anthem Affiliates were aware of a breach of their security system (was reasonably likely to have caused unauthorized persons to acquire Plaintiffs and Class Members' Personal Information), Anthem and Anthem Affiliates had an obligation to disclose the data breach in a timely and accurate fashion as mandated by Ky. Rev. Stat. Ann. § 365.732(2).

676.    Thus, by failing to disclose the Anthem Data Breach in a timely and accurate manner, Anthem and Anthem Affiliates violated  Ky. Rev. Stat. Ann. § 365.732(2).

677.    As a direct and proximate result of Anthem and Anthem Affiliates' violations of Ky. Rev. Stat. Ann. § 365.732(2), Plaintiffs and Class Members suffered damages, as described above.

678.    Plaintiffs and Class Members seek relief under Ky. Rev. Stat. Ann. § 446.070, including, but not limited to actual damages.

**Louisiana**
**LA. REV. STAT. ANN. § 51:3074(A),** *et. seq.*
**(BROUGHT BY LOUISIANA CLASS AGAINST ANTHEM AND ALL ANTHEM AFFILIATES OPERATING IN LOUISIANA EXCEPT FOR BCBSA)**

679.    Plaintiffs incorporate the above allegations by reference.

680.    Anthem and Anthem Affiliates are required to accurately notify Plaintiffs and Class Members if Anthem and Anthem Affiliates become aware of a breach of their data security system (that was reasonably likely to have caused unauthorized persons to acquire Plaintiffs and Class Members' Personal Information) in the most expedient time possible and without unreasonable delay under La. Rev. Stat. Ann. § 51:3074(C).

681.    Defendants are businesses that own or license computerized data that includes personal information as defined by La. Rev. Stat. Ann. § 51:3074(C).

167

2055695.1

682.    Plaintiffs and Class Members' Personal Information (e.g., Social Security numbers) includes personal information as covered under La. Rev. Stat. Ann. § 51:3074(C).

683.    Because Anthem and Anthem Affiliates were aware of a breach of their security system (was reasonably likely to have caused unauthorized persons to acquire Plaintiffs and Class Members' Personal Information), Anthem and Anthem Affiliates had an obligation to disclose the data breach in a timely and accurate fashion as mandated by La. Rev. Stat. Ann. § 51:3074(C).

684.    As a direct and proximate result of Anthem and Anthem Affiliates' violations of La. Rev. Stat. Ann. § 51:3074(C), Plaintiffs and Class Members suffered damages, as described above.

685.    Plaintiffs and Class Members seek relief under La. Rev. Stat. Ann. § 51:3075, including, but not limited to, actual damages.

**Michigan**
**MICH. COMP. LAWS ANN. § 445.72(1),** *et. seq.*
**(BROUGHT BY MICHIGAN CLASS AGAINST ANTHEM AND ALL ANTHEM AFFILIATES OPERATING IN MICHIGAN EXCEPT FOR BCBSA)**

686.    Plaintiffs incorporate the above allegations by reference.

687.    Anthem and Anthem Affiliates are required to accurately notify Plaintiffs and Class Members if they discover a security breach, or receive notice of a security breach (where unencrypted and unredacted Personal Information was accessed or acquired by unauthorized persons), without unreasonable delay under Mich. Comp. Laws Ann. § 445.72(1).

688.    Defendants are businesses that own or license computerized data that includes personal information as defined by Mich. Comp. Laws Ann. § 445.72(1).

689.    Plaintiffs and Class Members' Personal Information (e.g. Social Security numbers) includes personal information as covered under Mich. Comp. Laws Ann. § 445.72(1).

690.    Because Anthem and Anthem Affiliates discovered a security breach and had notice of a security breach (where unencrypted and unredacted Personal Information was accessed or acquired by unauthorized persons), Anthem and Anthem Affiliates had an obligation to disclose the data breach in a timely and accurate fashion as mandated by Mich. Comp. Laws Ann. § 445.72(4).

691.    As a direct and proximate result of Anthem and Anthem Affiliates' violations of Mich. Comp. Laws Ann. § 445.72(4), Plaintiffs and Class Members suffered damages, as above.

168

2055695.1

692.    Plaintiffs and Class Members seek relief under Mich. Comp. Laws Ann. § 445.72(13), including, but not limited to, a civil fine.

**New Hampshire**
**N.H. REV. STAT. ANN. § 359-C:20(I)(a), *et. seq.***
**(BROUGHT BY NEW HAMPSHIRE CLASS AGAINST ANTHEM AND ALL ANTHEM AFFILIATES OPERATING IN NEW HAMPSHIRE EXCEPT FOR BCBSA)**

693.    Plaintiffs incorporate the above allegations by reference.

694.    Anthem and Anthem Affiliates are required to accurately notify Plaintiffs and Class Members if Anthem and Anthem Affiliates become aware of a breach of their data security system (in which misuse of Personal Information has occurred or is reasonably likely to occur) as soon as possible under N.H. Rev. Stat. Ann. § 359-C:20(I)(a).

695.    Defendants are businesses that own or license computerized data that includes personal information as defined by N.H. Rev. Stat. Ann. § 359-C:20(I)(a).

696.    Plaintiffs and Class Members' Personal Information (e.g., Social Security numbers) includes personal information as covered under N.H. Rev. Stat. Ann. § 359-C:20(I)(a).

697.    Because Anthem and Anthem Affiliates were aware of a security breach (in which misuse of Personal Information has occurred or is reasonably likely to occur), Anthem and Anthem Affiliates had an obligation to disclose the data breach in a timely and accurate fashion as mandated by N.H. Rev. Stat. Ann. § 359-C:20(I)(a).

698.    As a direct and proximate result of Anthem and Anthem Affiliates' violations of N.H. Rev. Stat. Ann. § 359-C:20(I)(a), Plaintiffs and Class Members suffered damages, as described above.

699.    Plaintiffs and Class Members seek relief under N.H. Rev. Stat. Ann. § 359-C:21(I), including, but not limited to, actual damages and injunctive relief.

**Oregon**
**OR. REV. STAT. ANN. § 646A.604(1), *et. seq.***
**(BROUGHT BY OREGON CLASS AGAINST ANTHEM AND ALL OTHER DEFENDANTS OPERATING IN OREGON EXCEPT FOR BCBSA)**

700.    Plaintiffs incorporate the above allegations by reference.

701.    Pursuant to Or. Rev. Stat. Ann. § 646A.622(1), a business "that maintains records which contain personal information" of a Oregon resident "shall implement and maintain reasonable

169

2055695.1

security measures to protect those records from unauthorized access, acquisition, destruction, use, modification or disclosure."

702.    Defendants are businesses that maintain records which contain personal information, within the meaning of Or. Rev. Stat. Ann. § 646A.622(1), about Plaintiffs and Class Members.

703.    Defendants violated Or. Rev. Stat. Ann. § 646A.622(1) by failing to implement reasonable measures to protect Class Members' Personal Information,

704.    Anthem and Anthem Affiliates are required to accurately notify Plaintiffs and Class Members if Anthem and Anthem Affiliates become aware of a breach of their data security system in the most expeditious time possible and without unreasonable delay under Or. Rev. Stat. Ann. § 646A.604(1).

705.    Defendants are businesses that own, maintain, or otherwise possess data that includes consumers personal information as defined by Or. Rev. Stat. Ann. § 646A.604(1).

706.    Plaintiffs and Class Members' Personal Information (e.g., Social Security numbers) includes personal information as covered under Or. Rev. Stat. Ann. § 646A.604(1).

707.    Because Anthem and Anthem Affiliates discovered a breach of their security system, Anthem and Anthem Affiliates had an obligation to disclose the data breach in a timely and accurate fashion as mandated by Or. Rev. Stat. Ann. § 646A.604(1).

708.    As a direct and proximate result of Defendants' violations of Or. Rev. Stat. Ann. §§ 646A.604(1) and 646A.622(1), Plaintiffs and Class Members suffered damages, as described above.

709.    Plaintiffs and Class Members seek relief under Or. Rev. Stat. § 646A.624(3), including, but not limited to, actual damages and injunctive relief.

**South Carolina**
**S.C. CODE ANN. § 39-1-90(A),** *et. seq.*
**(BROUGHT BY SOUTH CAROLINA CLASS AGAINST ANTHEM AND ALL ANTHEM AFFILIATES OPERATING IN SOUTH CAROLINA EXCEPT FOR BCBSA)**

710.    Plaintiffs incorporate the above allegations by reference.

711.    Anthem and Anthem Affiliates are required to accurately notify Plaintiffs and Class Members following discovery or notification of a breach of their data security system (if personal information that was not rendered unusable through encryption, redaction, or other methods was, or

170

1  was reasonably believed to have been, acquired by an unauthorized person, creating a material risk

2  of harm) in the most expedient time possible and without unreasonable delay under S.C. Code Ann.

3  § 39-1-90(A).

4      712.    Defendants are businesses that own or license computerized data or other data that

5  includes personal identifying information as defined by S.C. Code Ann. § 39-1-90(A).

6      713.    Plaintiffs and Class Members' Personal Information (e.g., Social Security numbers)

7  includes personal identifying information as covered under S.C. Code Ann. § 39-1-90(D)(3).

8      714.    Because Anthem and Anthem Affiliates discovered a breach of its data security

9  system (in which personal information that was not rendered unusable through encryption, redaction,

10  or other methods was, or was reasonably believed to have been, acquired by an unauthorized person,

11  creating a material risk of harm), Anthem and Anthem Affiliates had an obligation to disclose the

12  data breach in a timely and accurate fashion as mandated by S.C. Code Ann. § 39-1-90(A).

13      715.    As a direct and proximate result of Anthem and Anthem Affiliates' violations of S.C.

14  Code Ann. § 39-1-90(A), Plaintiffs and Class Members suffered damages, as described above.

15      716.    Plaintiffs and Class Members seek relief under S.C. Code Ann. § 39-1-90(G),

16  including, but not limited to, actual damages and injunctive relief.

17  <u>**Tennessee**</u>
    **TENN. CODE ANN. § 47-18-2107(b),** *et. seq.*
18  **(BROUGHT BY TENNESSEE CLASS AGAINST ANTHEM AND ALL ANTHEM**
    **AFFILIATES OPERATING IN TENNESSEE EXCEPT FOR BCBSA)**
19
    717.    Plaintiffs incorporate the above allegations by reference.
20
21      718.    Anthem and Anthem Affiliates are required to accurately notify Plaintiffs and Class

22  Members following discovery or notification of a breach of their data security system (in which

23  unencrypted personal information was, or is reasonably believed to have been, acquired by an

24  unauthorized person) in the most expedient time possible and without unreasonable delay under

    Tenn. Code Ann. § 47-18-2107(b).
25
    719.    Defendants are businesses that own or license computerized data that includes
26
    personal information as defined by Tenn. Code Ann. § 47-18-2107(a)(2).
27
28      720.    Plaintiffs and Class Members' Personal Information (e.g., Social Security numbers)

171

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

2055695.1

includes personal information as covered under Tenn. Code Ann. § 47-18-2107(a)(3)(A).

721.    Because Anthem and Anthem Affiliates discovered a breach of their security system (in which unencrypted personal information was, or is reasonably believed to have been, acquired by an unauthorized person), Anthem and Anthem Affiliates had an obligation to disclose the data breach in a timely and accurate fashion as mandated by Tenn. Code Ann. § 47-18-2107(b).

722.    As a direct and proximate result of Anthem and Anthem Affiliates' violations of Tenn. Code Ann. § 47-18-2107(b), Plaintiffs and Class Members suffered damages, as described above.

723.    Plaintiffs and Class Members seek relief under Tenn. Code Ann. §§ 47-18-2107(h), 47-18-2104(d), 47-18-2104(f), including, but not limited to, actual damages, injunctive relief and treble damages.

**Virginia**
**VA. CODE ANN. § 18.2-186.6(B),** *et. seq.*
**(BROUGHT BY VIRGINIA CLASS AGAINST ANTHEM AND ALL ANTHEM AFFILIATES OPERATING IN VIRGINIA EXCEPT FOR BCBSA)**

724.    Plaintiffs incorporate the above allegations by reference.

725.    Anthem and Anthem Affiliates are required to accurately notify Plaintiffs and Class Members following discovery or notification of a breach of their data security system (if unencrypted or unredacted personal information was or is reasonably believed to have been accessed and acquired by an unauthorized person who will, or it is reasonably believed who will, engage in identify theft or another fraud) without unreasonable delay under Va. Code Ann. § 18.2-186.6(B).

726.    Defendants are entities that own or license computerized data that includes personal information as defined by Va. Code Ann. § 18.2-186.6(B).

727.    Plaintiffs and Class Members' Personal Information (e.g., Social Security numbers) includes personal information as covered under Va. Code Ann. § 18.2-186.6(A).

728.    Because Anthem and Anthem Affiliates discovered a breach of their security system (in which unencrypted or unredacted personal information was or is reasonably believed to have been accessed and acquired by an unauthorized person, who will, or it is reasonably believed who will, engage in identify theft or another fraud), Anthem and Anthem Affiliates had an obligation to

172

2055695.1

disclose the data breach in a timely and accurate fashion as mandated by Va. Code Ann. § 18.2-186.6(B).

729.    As a direct and proximate result of Anthem and Anthem Affiliates' violations of Va. Code Ann. § 18.2-186.6(B), Plaintiffs and Class Members suffered damages, as described above.

730.    Plaintiffs and Class Members seek relief under Va. Code Ann. § 18.2-186.6(I), including, but not limited to, actual damages.

**Washington**
**WASH. REV. CODE ANN. § 19.255.010(1),** *et. seq.*
**(BROUGHT BY WASHINGTON CLASS AGAINST ANTHEM AND ALL ANTHEM AFFILIATES OPERATING IN WASHINGTON EXCEPT FOR BCBSA)**

731.    Plaintiffs incorporate the above allegations by reference.

732.    Anthem and Anthem Affiliates are required to accurately notify Plaintiffs and Class Members following discovery or notification of the breach of their data security system (if personal information was, or is reasonably believed to have been, acquired by an unauthorized person and the personal information was not secured) in the most expedient time possible and without unreasonable delay under Wash. Rev. Code Ann. § 19.255.010(1).

733.    Defendants are businesses that own or license computerized data that includes personal information as defined by Wash. Rev. Code Ann. § 19.255.010(1).

734.    Plaintiffs and Class Members' Personal Information (e.g., Social Security numbers) includes personal information as covered under Wash. Rev. Code Ann. § 19.255.010(5).

735.    Because Anthem and Anthem Affiliates discovered a breach of its security system (in which personal information was, or is reasonably believed to have been, acquired by an unauthorized person and the personal information was not secured), Anthem and Anthem Affiliates had an obligation to disclose the data breach in a timely and accurate fashion as mandated by Wash. Rev. Code Ann. § 19.255.010(1).

736.    As a direct and proximate result of Anthem and Anthem Affiliates' violations of Wash. Rev. Code Ann. § 19.255.010(1), Plaintiffs and Class Members suffered damages, as described above.

737.    Plaintiffs and Class Members seek relief under Wash. Rev. Code Ann. §§

173

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

2055695.1

19.255.010(10)(a), 19.255.010(10)(b) including, but not limited to, actual damages and injunctive relief.

## Wisconsin
### WIS. STAT. ANN. § 134.98(2), *et. seq.*
### (BROUGHT BY WISCONSIN CLASS AGAINST ANTHEM AND ALL ANTHEM AFFILIATES OPERATING IN WISCONSIN EXCEPT FOR BCBSA)

738.    Plaintiffs incorporate the above allegations by reference.

739.    Anthem and Anthem Affiliates are required to accurately notify Plaintiffs and Class Members if they know that personal information in its possession has been acquired by a person whom it has not authorized to acquire the personal information within a reasonable time under Wis. Stat. Ann. §§ 134.98(2)-(3)(a).

740.    Defendants are businesses that maintain or license personal information as defined by Wis. Stat. Ann. § 134.98(2).

741.    Plaintiffs and Class Members' Personal Information (e.g., Social Security numbers) includes personal information as covered under Wis. Stat. Ann. § 134.98(1)(b).

742.    Because Anthem and Anthem Affiliates knew that personal information in its possession had been acquired by a person whom it has not authorized to acquire the personal information, Anthem and Anthem Affiliates had an obligation to disclose the data breach in a timely and accurate fashion as mandated by Wis. Stat. Ann. § 134.98(2).

743.    As a direct and proximate result of Anthem and Anthem Affiliates' violations of Wis. Stat. Ann. § 134.98(3)(a), Plaintiffs and Class Members suffered damages, as described above.

744.    Plaintiffs and Class Members seek relief under Wis. Stat. Ann. § 134.98, including, but not limited to, actual damages and injunctive relief.

## Wyoming
### WYO. STAT. ANN. § 40-12-502(a), *et. seq.*
### (BROUGHT BY WYOMING CLASS AGAINST ANTHEM AND ALL ANTHEM AFFILIATES OPERATING IN WYOMING EXCEPT FOR BCBSA)

745.    Plaintiffs incorporate the above allegations by reference.

746.    Anthem and Anthem Affiliates are required to accurately notify Plaintiffs and Class Members when they become aware of a breach of its data security system (if the misuse of personal identifying information has occurred or is reasonably likely to occur) in the most expedient time

174

2055695.1

1    possible and without unreasonable delay under Wyo. Stat. Ann. § 40-12-502(a).

2        747.    Defendants are businesses that own or license computerized data that includes

3    personal information as defined by Wyo. Stat. Ann. § 40-12-502(a).

4        748.    Plaintiffs and Class Members' Personal Information (e.g., Social Security numbers)

5    includes personal information as covered under Wyo. Stat. Ann. § 40-12-502(a).

6        749.    Because Anthem and Anthem Affiliates were aware of a breach of their data security

7    system (in which the misuse of personal identifying information has occurred or is reasonably likely

8    to occur), Anthem and Anthem Affiliates had an obligation to disclose the data breach in a timely

9    and accurate fashion as mandated by Wyo. Stat. Ann. § 40-12-502(a).

10        750.    As a direct and proximate result of Anthem and Anthem Affiliates' violations of

11    Wyo. Stat. Ann. § 40-12-502(a), Plaintiffs and Class Members suffered damages, as described

12    above.

13        751.    Plaintiffs and Class Members seek relief under Wyo. Stat. Ann. § 40-12-502(f),

14    including, but not limited to, actual damages and broad equitable relief.

15    
**COUNT XI – STATE UNFAIR INSURANCE PRACTICE STATUTES
BROUGHT BY THE STATEWIDE CLASSES BELOW**

16    

17    
**Arizona
ARIZONA UNFAIR INSURANCE PRACTICES STATUTE,
(A.R.S. § 20-442, 443, 444) AGAINST ALL DEFENDANTS OPERATING IN ARIZONA
EXCEPT FOR BCBSA**

18    

19        752.    Plaintiffs incorporate the preceding allegations by reference.

20        753.    Plaintiffs bring this claim against Defendants Anthem, Anthem Affiliates, and Non-

21    Anthem BCBS operating in Arizona on behalf of the Arizona Class whose personal information was

22    compromised as a result of the Anthem Data Breach.

23        754.    Defendants Anthem, Anthem Affiliates, and Non-Anthem BCBS operating in

24    Arizona engaged in an unfair methods of competition or an unfair or deceptive acts or practices in

25    the business of insurance in violation of A.R.S. §40-442, 443, and 444, including but not limited to:

26        a.    Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS misrepresented

27    material facts pertaining to the sale of insurance and health benefits services to the Arizona

28    Class by representing that they would maintain adequate data privacy and security practices

2055695.1

and procedures to safeguard Arizona Class Members' Personal Information from unauthorized disclosure, release, data breaches, and theft;

b.     Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS misrepresented material facts pertaining to the sale of insurance and health benefits services to the Arizona Class by representing that they did and would comply with the requirements of relevant federal and state laws pertaining to the privacy and security of Arizona Class Members' Personal Information;

c.     Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS omitted, suppressed, and concealed the material fact of the inadequacy of the privacy and security protections for Arizona Class Members' Personal Information;

d.     Defendants Anthem, Anthem Affiliates, and Non-Anthem BCBS engaged in unfair acts and practices with respect to the sale of insurance and health benefits services by failing to maintain the privacy and security of Arizona Class Members Personal Information, in violation of duties imposed by and public policies reflected in applicable federal and state laws, resulting in the Anthem Data Breach.  These unfair acts and practices violated duties imposed by laws including the Federal Trade Commission Act (15 U.S.C. § 45), HIPAA (42 U.S.C. § 1302d et. seq.), the Gramm-Leach-Bliley Act (15 U.S.C. § 6801), and the Arizona Insurance Information and Privacy Protection Act (A.R.S. §20-2113).

e.     Defendants Anthem and Anthem Affiliates engaged in unfair acts and practices with respect to the sale of insurance and health benefits services by failing to disclose the Anthem Data Breach to Arizona Class Members in a timely and accurate manner, in violation of Ariz. Rev. Stat. § 44-7501.

f.     Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS engaged in unfair acts and practices with respect to the sale of insurance and health benefits services by failing to take proper action following the Anthem Data Breach to enact adequate privacy and security measures and protect Arizona Class Members' Personal Information from further unauthorized disclosure, release, data breaches, and theft.

4.  The Arizona Class have suffered damages from Defendants Anthem, Anthem Affiliates, and

176

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

2055695.1

1    Non-Anthem BCBS' unfair methods of competition and unfair or deceptive acts and

2    practices in the business of insurance in violation of A.R.S. §40-442, 443, and 444.

3    5.    The Arizona Class seek relief including but not limited to actual damages, nominal damages,

4    injunctive relief, and/or attorneys' fees and costs.

**Massachusetts**

**UNFAIR METHODS OF COMPETITION AND UNFAIR AND DECEPTIVE ACTS AND PRACTICES IN THE BUSINESS OF INSURANCE, (MASS. GEN. LAWS ANN. CH. 176D, § 1, et seq.) AGAINST ALL DEFENDANTS OPERATING IN MASSACHUSETTS EXCEPT BCBSA**

8    755.    Plaintiffs incorporate the above allegations by reference.

9    756.    Plaintiffs bring this claim against Defendants Anthem, Anthem Affiliates, and Non-

10   Anthem BCBS operating in Massachusetts on behalf of the Massachusetts Class whose personal

11   information was compromised as a result of the Anthem Data Breach.

12   757.    Defendants Anthem, Anthem Affiliates, and Non-Anthem BCBS engaged in unfair

13   methods of competition or unfair or deceptive acts or practices in the business of insurance, in

14   violation of Mass. Gen. Laws Ann. ch. 176D, §§ 3(1)(a) & 3(2), including, but not limited to:

15   a.    Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS misrepresented

16   material facts pertaining to the sale of insurance and health benefits services to the

17   Massachusetts Class by representing that they would maintain adequate data privacy and

18   security practices and procedures to safeguard Massachusetts Class Members' Personal

19   Information from unauthorized disclosure, release, data breaches, and theft;

20   b.    Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS misrepresented

21   material facts pertaining to the sale of insurance and health benefits services to the

22   Massachusetts Class by representing that they did and would comply with the requirements

23   of relevant federal and state laws pertaining to the privacy and security of Massachusetts

24   Class Members' Personal Information;

25   c.    Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS omitted, suppressed,

26   and concealed the material fact of the inadequacy of the privacy and security protections for

27   Massachusetts Class Members' Personal Information;

28   758.    The Massachusetts Class Members have suffered injury resulting from Defendants'

177

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

illegal disclosures and failures to maintain the confidentiality of their personal, financial, and/or health information.

759.    The Massachusetts Class seeks relief including but not limited to damages, injunctive relief, and/or attorneys' fees and costs.

**New Mexico**
**TRADE PRACTICES AND FRAUDS IN INSURANCE BUSINESS,**
**(N.M. STAT. ANN. § 59A-16-1, *et seq*.) AGAINST ALL DEFENDANTS OPERATING IN**
**NEW MEXICO EXCEPT BCBSA**

760.    Plaintiffs incorporate the above allegations by reference.

761.    Plaintiffs bring this claim against Defendants Anthem, Anthem Affiliates, and Non-Anthem BCBS operating in New Mexico on behalf of the New Mexico Class whose personal information was compromised as a result of the Anthem Data Breach.

762.    Defendants Anthem, Anthem Affiliates, and Non-Anthem BCBS engaged in unfair methods of competition or unfair or deceptive acts or practices in the business of insurance, in violation of N.M. Stat. Ann. § 59A-16-4 and N.M. Stat. Ann. § 59A-16-5, including, but not limited to:

a.    Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS misrepresented material facts pertaining to the sale of insurance and health benefits services to the New Mexico Class by representing that they would maintain adequate data privacy and security practices and procedures to safeguard New Mexico Class Members' Personal Information from unauthorized disclosure, release, data breaches, and theft;

b.    Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS misrepresented material facts pertaining to the sale of insurance and health benefits services to the New Mexico Class by representing that they did and would comply with the requirements of relevant federal and state laws pertaining to the privacy and security of New Mexico Class Members' Personal Information;

c.    Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS omitted, suppressed, and concealed the material fact of the inadequacy of the privacy and security protections for New Mexico Class Members' Personal Information;

178

2055695.1

763.    The New Mexico Class Members have suffered injury resulting from Defendant Anthem's illegal disclosure and failure to maintain the confidentiality of their personal, financial, and/or health information.

764.    The New Mexico Class seeks relief including but not limited to actual damages, injunctive relief, and/or attorneys' fees and costs.

<b><u>North Dakota</u></b>
<b>PROHIBITED PRACTICES IN INSURANCE BUSINESS,<br>
(N.D. CENT. CODE § 26.1-04-01, <i>et seq.</i>) AGAINST ALL DEFENDANTS OPERATING IN<br>
NORTH DAKOTA EXCEPT BCBSA</b>

765.    Plaintiffs incorporate the above allegations by reference.

766.    Plaintiffs bring this claim against Defendants Anthem, Anthem Affiliates, and Non-Anthem BCBS operating in North Dakota on behalf of the North Dakota Class whose personal information was compromised as a result of the Anthem Data Breach.

767.    Defendants Anthem, Anthem Affiliates, and Non-Anthem BCBS engaged in unfair methods of competition or unfair or deceptive acts or practices in the business of insurance, in violation of N.D. Cent. Code Ann. § 26.1-04-03(1) and N.D. Cent. Code Ann. § 26.1-04-03(2), including, but not limited to:

a.    Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS misrepresented material facts pertaining to the sale of insurance and health benefits services to the North Dakota Class by representing that they would maintain adequate data privacy and security practices and procedures to safeguard North Dakota Class Members' Personal Information from unauthorized disclosure, release, data breaches, and theft;

b.    Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS misrepresented material facts pertaining to the sale of insurance and health benefits services to the North Dakota Class by representing that they did and would comply with the requirements of relevant federal and state laws pertaining to the privacy and security of North Dakota Class Members' Personal Information;

c.    Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS omitted, suppressed, and concealed the material fact of the inadequacy of the privacy and security protections for

179

2055695.1

1    North Dakota Class Members' Personal Information;

2    768.    The North Dakota Class Members have suffered injury resulting from Defendants'

3 illegal disclosures and failures to maintain the confidentiality of their personal, financial, and/or

4 health information.

5    769.    The North Dakota Class seeks relief including but not limited to damages, injunctive

6 relief, and/or attorneys' fees and costs.

7                                    **Texas**
                    **TEXAS UNFAIR AND DECEPTIVE INSURANCE PRACTICE LAWS,**
8     **(TEX. INS. CODE §§ 541.003, 541.051, 541.052, 541.061, 541.151) AGAINST ALL**
                    **DEFENDANTS OPERATING IN TEXAS EXCEPT BCBSA**
9
10    770.    Plaintiffs incorporate the above allegations by reference.

11    771.    Plaintiffs bring this claim against Defendants Anthem, Anthem Affiliates, and Non-

12 Anthem BCBS operating in Texas on behalf of the Texas Class whose personal information was

13 compromised as a result of the Anthem Data Breach.

14    772.    Defendants Anthem, Anthem Affiliates, and Non-Anthem BCBS engaged in unfair

15 methods of competition or unfair or deceptive acts or practices in the business of insurance, in

16 violation of Tex. Ins. Code §§ 541.003, 541.051, 541.052, and 541.061 including, but not limited to:

17    a.    Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS misrepresented

18    material facts pertaining to the sale of insurance and health benefits services to the Texas

19    Class by representing that they would maintain adequate data privacy and security practices

20    and procedures to safeguard Texas Class Members' Personal Information from unauthorized

21    disclosure, release, data breaches, and theft;

22    b.    Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS misrepresented

23    material facts pertaining to the sale of insurance and health benefits services to the Texas

24    Class by representing that they did and would comply with the requirements of relevant

25    federal and state laws pertaining to the privacy and security of Texas Class Members'

26    Personal Information;

27    c.    Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS omitted, suppressed,

28    and concealed the material fact of the inadequacy of the privacy and security protections for

180

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

2055695.1

Texas Class Members' Personal Information;

773.    The Texas Class Members have suffered injury resulting from Defendants' illegal disclosures and failures to maintain the confidentiality of their personal, financial, and/or health information.

774.    The Texas Class seeks relief including but not limited to damages, injunctive relief, and/or attorneys' fees and costs.

**West Virginia**
**UNFAIR TRADE PRACTICES IN THE BUSINESS OF INSURANCE,**
**(W. VA. CODE § 33-11-1, *et seq.*) AGAINST ALL DEFENDANTS OPERATING IN WEST VIRGINIA EXCEPT BCBSA**

775.    Plaintiffs incorporate the above allegations by reference.

776.    Plaintiffs bring this claim against Defendants Anthem, Anthem Affiliates, and Non-Anthem BCBS operating in West Virginia on behalf of the West Virginia Class whose personal information was compromised as a result of the Anthem Data Breach.

777.    Defendants Anthem, Anthem Affiliates, and Non-Anthem BCBS engaged in unfair methods of competition or unfair or deceptive acts or practices in the business of insurance, in violation of W. Va. Code Ann. §§ 33-11-4(1),  33-11-4(2), and 33-11-4(12), including, but not limited to:

a.    Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS misrepresented material facts pertaining to the sale of insurance and health benefits services to the West Virginia Class by representing that they would maintain adequate data privacy and security practices and procedures to safeguard West Virginia Class Members' Personal Information from unauthorized disclosure, release, data breaches, and theft;

b.    Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS misrepresented material facts pertaining to the sale of insurance and health benefits services to the West Virginia Class by representing that they did and would comply with the requirements of relevant federal and state laws pertaining to the privacy and security of West Virginia Class Members' Personal Information;

c.    Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS omitted, suppressed,

181

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

and concealed the material fact of the inadequacy of the privacy and security protections for West Virginia Class Members' Personal Information;

d.       Defendants Anthem, Anthem Affiliates, and Non-Anthem BCBS engaged in unfair acts and practices with respect to the sale of insurance and health benefits services by failing to maintain the privacy and security of West Virginia Class Members Personal Information, in violation of duties imposed by and public policies reflected in applicable federal and state laws, resulting in the Anthem Data Breach.  These unfair acts and practices violated duties imposed by laws including Federal Trade Commission Act (15 U.S.C. § 45), HIPAA (42 U.S.C. § 1302d et. seq.), the Gramm-Leach-Bliley Act (15 U.S.C. § 6801), West Virginia's Prepaid Limited Health Service Organization Act (W. Va. Code Ann. § 33-25D-28), and West Virginia's Health Maintenance Organization Act (W. Va. Code Ann. § 33-25A-2).

e.       Defendants Anthem and Anthem Affiliates engaged in unfair acts and practices with respect to the sale of insurance and health benefits services by failing to disclose the Anthem Data Breach to West Virginia Class Members in a timely and accurate manner, in violation of W.V. Code § 46A.2A 102(a)

f.       Defendants Anthem, Anthem Affiliates and Non-Anthem BCBS engaged in unfair acts and practices with respect to the sale of insurance and health benefits services by failing to take proper action following the Anthem Data Breach to enact adequate privacy and security measures and protect West Virginia Class Members' Personal Information from further unauthorized disclosure, release, data breaches, and theft.

778.    The West Virginia Class Members have suffered injury resulting from Defendants' illegal disclosures and failures to maintain the confidentiality of their personal, financial, and/or health information.

779.    The West Virginia Class seeks relief including but not limited to damages, injunctive relief, and/or attorneys' fees and costs.

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

2055695.1

**COUNT XII:  STATE INSURANCE PERSONAL INFORMATION PRIVACY STATUTES
BROUGHT BY THE STATEWIDE CLASSES BELOW**

**Arizona**
**ARIZONA INSURANCE INFORMATION AND PRIVACY PROTECTION ACT,
(A.R.S. §20-2113, § 20-2118(b)) AGAINST ALL DEFENDANTS OPERATING IN ARIZONA
EXCEPT BCBSA**

780.    Plaintiffs incorporate the above allegations by reference.

781.    Plaintiffs bring this claim against Defendants Anthem and Anthem Affiliates operating in Arizona on behalf of the Arizona Class whose personal information was compromised as a result of the Anthem Data Breach.

782.    Defendants Anthem and Anthem Affiliates are "insurance institution[s]" for purposes of the Arizona Insurance Information and Privacy Protection Act, A.R.S. §20-2102.

783.    Defendants Anthem and Anthem Affiliates collected and received individually-identifiable personal information regarding members of the Arizona Class during insurance transactions.

784.    Defendants Anthem and Anthem Affiliates disclosed individually-identifiable personal information regarding members of the Arizona Class that was collected or received in connection with an insurance transaction without their authorization, in violation of A.R.S. §20-2113.

785.    The Anthem Data Breach compromised the Personal Information and violated the rights of members of the Arizona Class.

786.    The Arizona Class has suffered damages from Defendants Anthem and Anthem Affiliates' illegal disclosure and failure to maintain the confidentiality of their personal information.

787.    The Arizona Class seeks relief under A.R.S. §20-2118(b)) including but not limited to actual damages, nominal damages, injunctive relief, and/or attorneys' fees and costs.

**Connecticut**
**CONNECTICUT INSURANCE INFORMATION AND PRIVACY PROTECTION ACT,
(CONN. GEN. STAT. §38a-988, 995, 999) AGAINST ALL DEFENDANTS OPERATING IN
CONNECTICUT EXCEPT BCBSA**

788.    Plaintiffs incorporate the above allegations by reference.

789.    Plaintiffs bring this claim against Defendants Anthem and Anthem Affiliates

183

2055695.1

1  operating in Connecticut on behalf of the Connecticut Class whose personal information was

2  compromised as a result of the Anthem Data Breach.

3      790.    Defendants Anthem and Anthem Affiliates are "insurance institution[s]" for purposes

4  of the Connecticut Insurance Information and Privacy Protection Act, C.G.S.§38a-976(12).

5      791.    Defendants Anthem and Anthem Affiliates collected and received individually-

6  identifiable personal information regarding members of the Connecticut Class during insurance

7  transactions.

8      792.    Defendants Anthem and Anthem Affiliates disclosed individually-identifiable

9  personal information regarding members of the Connecticut Class that was collected or received in

10  connection with an insurance transaction without their authorization, in violation of C.G.S. §38a-

11  988.

12      793.    Defendants Anthem and Anthem Affiliates failed to create and implement the

13  standards and procedures for the management, transfer and security of personal information,

14  including medical record information, required by C.G.S §38a-999, including standards and

15  procedures to guard against the unauthorized access to and collection of, use or disclosure of this

16  information, and thereby violated C.G.S §38a-999.

17      794.    The Anthem Data Breach compromised Personal Information, including medical

18  record information, and violated the rights of members of the Connecticut Class.

19      795.    The Connecticut Class has suffered damages from Defendants Anthem and Anthem

20  Affiliates' illegal disclosure and failure to maintain the confidentiality of their personal information,

21  including medical record information.

22      796.    The Connecticut Class seeks relief under C.G.S §38a-995 including but not limited to

23  actual damages, nominal damages, injunctive relief, and/or attorneys' fees and costs.

24  <u>**Georgia**</u>
**GEORGIA INSURANCE INFORMATION AND PRIVACY PROTECTION ACT,**
25  **(GA. CODE §33-39-14, 21(b)) AGAINST ALL DEFENDANTS OPERATING IN GEORGIA**
**EXCEPT BCBSA**
26
27      797.    Plaintiffs incorporate the above allegations by reference.

28      798.    Plaintiffs bring this claim against Defendants Anthem and Anthem Affiliates

184

2055695.1

operating in Georgia on behalf of the Georgia Class whose personal information was compromised as a result of the Anthem Data Breach.

799.    Defendants Anthem and Anthem Affiliates are "insurance institution[s]" for purposes of the Georgia Insurance Information and Privacy Protection Act, Ga. Code §33-39-14.

800.    Defendants Anthem and Anthem Affiliates collected and received individually-identifiable personal information regarding members of the Georgia Class during insurance transactions.

801.    Defendants Anthem and Anthem Affiliates disclosed individually-identifiable personal information regarding members of the Georgia Class that was collected or received in connection with an insurance transaction without their authorization, in violation of Ga. Code §33-39-14.

802.    The Anthem Data Breach compromised Personal Information, including medical record information, and violated the rights of members of the Georgia Class.

803.    The Georgia Class has suffered damages from Defendants Anthem and Anthem Affiliates' illegal disclosure and failure to maintain the confidentiality of their personal information.

804.    The Georgia Class seeks relief under Ga. Code §33-39-21(b), including but not limited to actual damages, nominal damages, injunctive relief, and/or attorneys' fees and costs.

**Illinois**
**ILLINOIS INSURANCE INFORMATION AND PRIVACY PROTECTION ACT,
(215 ILCS 5/1014, 1021) AGAINST ALL DEFENDANTS OPERATING IN ILLINOIS
EXCEPT BCBSA**

805.    Plaintiffs incorporate the above allegations by reference.

806.    Plaintiffs bring this claim against Defendants Anthem and Anthem Affiliates operating in Illinois on behalf of the Illinois Class whose personal information was compromised as a result of the Anthem Data Breach.

807.    Defendants Anthem and Anthem Affiliates are "insurance institution[s]" for purposes of the Illinois Insurance Information and Privacy Protection Act, 215 ILCS 5/1014.

808.    Defendants Anthem and Anthem Affiliates collected and received individually-identifiable personal information regarding members of the Illinois Class during insurance

185

2055695.1

transactions.

809.    Defendants Anthem and Anthem Affiliates disclosed individually-identifiable personal information regarding members of the Illinois Class that was collected or received in connection with an insurance transaction without their authorization, in violation of 215 ILCS 5/1014.

810.    The Anthem Data Breach compromised Personal Information, including medical record information, and violated the rights of members of the Illinois Class.

811.    The Illinois Class has suffered damages from Defendants Anthem and Anthem Affiliates' illegal disclosure and failure to maintain the confidentiality of their personal information in violation of 215 ILCS 5/1014

812.    The Illinois Class seeks relief under 215 ILCS 5/1021, including but not limited to actual damages, nominal damages, injunctive relief, and/or attorneys' fees and costs.

**Maine**
**MAINE INSURANCE INFORMATION AND PRIVACY PROTECTION ACT,**
**(ME. REV. STAT. 24-A, § 2215(1), 24-A, § 2217(2)) AGAINST ALL DEFENDANTS**
**OPERATING IN MAINE EXCEPT BCBSA**

813.    Plaintiffs incorporate the above allegations by reference.

814.    Plaintiffs bring this claim against Defendants Anthem and Anthem Affiliates operating in Maine on behalf of the Maine Class whose personal information was compromised as a result of the Anthem Data Breach.

815.    Defendants Anthem and Anthem Affiliates are entities licensed to engage in the business of insurance in Maine and collect, maintain or distribute personal information arising out of insurance transactions.

816.    Defendants Anthem and Anthem Affiliates collected, maintained and/or distributed personal information arising out of insurance transactions regarding the Maine Class, and that information was compromised as a result of the Anthem Data Breach.

817.    Defendants Anthem and Anthem Affiliates disclosed individually-identifiable personal information regarding members of the Maine Class without their authorization, in violation of Me. Rev. Stat. 24-A, § 2215(1).

2055695.1

818.    Members of the Maine Class were injured and have suffered damages as a result of Defendants Anthem and Anthem Affiliates' illegal disclosure and failure to maintain the confidentiality of their personal information in violation of Me. Rev. Stat. 24-A, § 2215(1).

819.    The Maine Class seeks relief under Me. Rev. Stat. 24-A, § 2217, including but not limited to actual damages, nominal damages, injunctive relief, and/or attorneys' fees and costs.

**Massachusetts**

**MASSACHUSETTS INSURANCE INFORMATION AND PRIVACY PROTECTION ACT, (MASS. GEN. LAWS CH. 175I, § 1, *et seq.*) AGAINST ALL DEFENDANTS OPERATING IN MASSACHUSETTS EXCEPT BCBSA**

820.    Plaintiffs incorporate the above allegations by reference.

821.    Plaintiffs bring this claim against Defendants Anthem and Anthem Affiliates operating in Massachusetts on behalf of the Massachusetts Class whose personal information was compromised as a result of the Anthem Data Breach.

822.    Defendants Anthem and Anthem Affiliates are "insurance institution[s]" as defined by the Massachusetts Insurance Information and Privacy Protection Act, Mass. Gen. Laws ch. 175I, § 2.

823.    Defendants Anthem and Anthem Affiliates collected and received "personal information," as defined by the Massachusetts Insurance Information and Privacy Protection Act, Mass. Gen. Laws ch. 175I, § 2, regarding members of the Massachusetts Class in connection with insurance transactions.

824.    Defendants Anthem and Anthem Affiliates disclosed personal information regarding members of the Massachusetts Class that was collected or received in connection with an insurance transactions without the Massachusetts Class Members' written authorization, in violation of Mass. Gen. Laws ch. 175I, § 13.

825.    The Anthem Data Breach compromised Personal Information and violated the rights of members of the Massachusetts Class.

826.    The Massachusetts Class suffered injury from Defendants Anthem and Anthem Affiliates' illegal disclosure and failure to maintain the confidentiality of their personal information.

827.    The Massachusetts Class seek relief under Mass. Gen. Laws ch. 175I, § 20 including

187

2055695.1

but not limited to special damages, compensatory damages, nominal damages, injunctive relief, and/or attorneys' fees and costs.

## Minnesota
### MINNESOTA INSURANCE FAIR INFORMATION REPORTING ACT, (MINN. STAT. § 72A.49, *et seq.*) AGAINST ALL DEFENDANTS OPERATING IN MINNESOTA EXCEPT BCBSA

828.    Plaintiffs incorporate the above allegations by reference.

829.    Plaintiffs bring this claim against Defendants Anthem and Anthem Affiliates operating in Minnesota on behalf of the Minnesota Class whose personal information was compromised as a result of the Anthem Data Breach.

830.    Defendants Anthem and Anthem Affiliates are "insurer[s]" as defined by the Minnesota Insurance Fair Information Reporting Act, Minn. Stat. § 72A.491.

831.    Defendants Anthem and Anthem Affiliates collected and received "personal information," as defined by the Minnesota Insurance Fair Information Reporting Act, Minn. Stat. § 72A.491, regarding members of the Minnesota Class in connection with insurance transactions.

832.    Defendants Anthem and Anthem Affiliates disclosed personal information regarding members of the Minnesota Class that was collected or received in connection with an insurance transactions without the Minnesota Class Members' authorization, in violation of Minn. Stat. § 72A.502.

833.    The Anthem Data Breach compromised Personal Information and violated the rights of members of the Minnesota Class.

834.    The Minnesota Class suffered injury from Defendants Anthem and Anthem Affiliates' illegal disclosure and failure to maintain the confidentiality of their personal information.

835.    The Minnesota Class seek relief under Minn. Stat. § 72A.503 and Minn. Stat. § 13.08 including but not limited to actual damages, injunctive relief, declaratory relief, and any other equitable relief, as well as exemplary damages of not less than $1,000 and not more than $15,000 for each willful violation.

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

2055695.1

**Montana**
**MONTANA INSURANCE INFORMATION AND PRIVACY PROTECTION ACT,**
**(MONT. CODE § 33-19-101, *et seq*.) AGAINST ALL DEFENDADNTS OPERATING IN**
**MONTANA EXCEPT BCBSA**

836.    Plaintiffs incorporate the above allegations by reference.

837.    Plaintiffs bring this claim against Defendants Anthem and Anthem Affiliates operating in Montana on behalf of the Montana Class whose personal information was compromised as a result of the Anthem Data Breach.

838.    Defendants Anthem and Anthem Affiliates are "insurance institution[s]" as defined by the Montana Insurance Information and Privacy Protection Act, Mont. Code § 33-19-104.

839.    Defendants Anthem and Anthem Affiliates collected and received "personal information," as defined by the Montana Insurance Information and Privacy Protection Act, Mont. Code § 33-19-104, regarding members of the Montana Class in connection with insurance transactions.

840.    Defendants Anthem and Anthem Affiliates disclosed personal information regarding members of the Montana Class that was collected or received in connection with an insurance transactions without the Montana Class Members' written authorization, in violation of Mont. Code Ann. § 33-19-306.

841.    The Anthem Data Breach compromised Personal Information and violated the rights of members of the Montana Class.

842.    The Montana Class suffered injury from Defendants Anthem and Anthem Affiliates' illegal disclosure and failure to maintain the confidentiality of their personal information.

843.    The Montana Class seeks relief under Mont. Code Ann. § 33-19-407 including but not limited to actual damages, nominal damages, injunctive relief, and/or attorneys' fees and costs.

**New Jersey**
**NEW JERSEY INSURANCE INFORMATION PRACTICES ACT,**
**(N.J. STAT. § 17:23A-1, *et seq*.) AGAINST ALL DEFENDANTS OPERATING IN NEW**
**JERSEY EXCEPT BCBSA**

844.    Plaintiffs incorporate the above allegations by reference.

845.    Plaintiffs bring this claim against Defendants Anthem and Anthem Affiliates operating in New Jersey on behalf of the New Jersey Class whose personal information was

189

2055695.1

compromised as a result of the Anthem Data Breach.

846. Defendants Anthem and Anthem Affiliates are "insurance institution[s]" as defined by the New Jersey Insurance Information Practices Act, N.J. Stat. § 17:23A-2.

847. Defendants Anthem and Anthem Affiliates collected and received "personal information," as defined by the New Jersey Insurance Information Practices Act, N.J. Stat. § 17:23A-2, regarding members of the New Jersey Class in connection with insurance transactions.

848. Defendants Anthem and Anthem Affiliates disclosed personal information regarding members of the New Jersey Class that was collected or received in connection with an insurance transactions without the New Jersey Class Members' written authorization, in violation of N.J. Stat. § 17:23A-13.

849. The Anthem Data Breach compromised Personal Information and violated the rights of members of the New Jersey Class.

850. The New Jersey Class suffered injury from Defendants Anthem and Anthem Affiliates' illegal disclosure and failure to maintain the confidentiality of their personal information.

851. The New Jersey Class seeks relief under N.J. Stat. § 17:23A-20 including but not limited to actual damages, nominal damages, injunctive relief, and/or attorneys' fees and costs.

**North Carolina**
**NORTH CAROLINA CONSUMER AND CUSTOMER INFORMATION PRIVACY ACT,**
**(N.C. GEN. STAT. § 58-39-1, *et seq.*) AGAINST ALL DEFENDANTS OPERATING IN**
**NORTH CAROLINA EXCEPT BCBSA**

852. Plaintiffs incorporate the above allegations by reference.

853. Plaintiffs bring this claim against Defendants Anthem and Anthem Affiliates operating in North Carolina on behalf of the North Carolina Class whose personal information was compromised as a result of the Anthem Data Breach.

854. Defendants Anthem and Anthem Affiliates are "insurance institution[s]" as defined by the North Carolina Consumer and Customer Information Privacy Act, N.C. Gen. Stat. § 58-39-15.

855. Defendants Anthem and Anthem Affiliates collected and received "personal information," as defined by the North Carolina Consumer and Customer Information Privacy Act, N.C. Gen. Stat. § 58-39-15, regarding members of the North Carolina Class in connection with

190

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

insurance transactions.

856.    Defendants Anthem and Anthem Affiliates disclosed personal information regarding members of the North Carolina Class that was collected or received in connection with an insurance transactions without the North Carolina Class Members' written authorization, in violation of N.C. Gen. Stat. § 58-39-75.

857.    The Anthem Data Breach compromised Personal Information and violated the rights of members of the North Carolina Class.

858.    The North Carolina Class suffered injury from Defendants Anthem and Anthem Affiliates' illegal disclosure and failure to maintain the confidentiality of their personal information.

859.    The North Carolina Class seek relief under N.C. Gen. Stat. § 58-39-105 including but not limited to actual damages, nominal damages, injunctive relief, and/or attorneys' fees and costs.

**Ohio**
**OHIO INSURANCE TRANSACTION INFORMATION STANDARDS LAW,**
**(OHIO REV. CODE § 3904.13, §3904.21(b) AGAINST ALL DEFENDANTS OPERATING IN OHIO EXCEPT BCBSA**

860.    Plaintiffs incorporate the above allegations by reference.

861.    Plaintiffs bring this claim against Defendants Anthem and Anthem Affiliates operating in Ohio on behalf of the Ohio Class whose personal information was compromised as a result of the Anthem Data Breach.

862.    Defendants Anthem and Anthem Affiliates are "insurance institution[s]" for purposes of the Insurance Transaction Information Standards Law, Ohio Rev. Code § 3904.13.

863.    Defendants Anthem and Anthem Affiliates collected and received individually-identifiable personal information regarding members of the Ohio Class during insurance transactions.

864.    Defendants Anthem and Anthem Affiliates disclosed individually-identifiable personal information regarding members of the Ohio Class that was collected or received in connection with an insurance transaction without their authorization, in violation of Ohio Rev. Code § 3904.13.

865.    The Anthem Data Breach compromised Personal Information, including medical

191

2055695.1

record information, and violated the rights of members of the Ohio Class.

866.    The Ohio Class have suffered damages from Defendants Anthem and Anthem Affiliates' illegal disclosure and failure to maintain the confidentiality of their personal information in violation of Ohio Rev. Code § 3904.13.

867.    The Illinois Class seek relief under Ohio Rev. Code §3904.21, including but not limited to actual damages, nominal damages, injunctive relief, and/or attorneys' fees and costs.

**Oregon**
**OREGON USE AND DISCLOSURE OF INSURANCE INFORMATION,**
**(OR. REV. STAT. § 746.600, *et seq.*) AGAINST ALL DEFENDANTS OPERATING IN**
**OREGON EXCEPT BCBSA**

868.    Plaintiffs incorporate the above allegations by reference.

869.    Plaintiffs bring this claim against Defendants Anthem and Anthem Affiliates operating in Oregon on behalf of the Oregon Class whose personal information was compromised as a result of the Anthem Data Breach.

870.    Defendants Anthem and Anthem Affiliates are "licensee[s]" as defined by the Oregon Use and Disclosure of Insurance Information Statute, Or. Rev. Stat. § 746.600.

871.    Defendants Anthem and Anthem Affiliates are "health insurer[s]" as defined by the Oregon Use and Disclosure of Insurance Information Statute, Or. Rev. Stat. § 746.600.

872.    Defendants Anthem and Anthem Affiliates collected and received "personal information," as defined by the Oregon Use and Disclosure of Insurance Information Statute, Or. Rev. Stat. § 746.600, regarding members of the Oregon Class in connection with insurance transactions.

873.    Defendants Anthem and Anthem Affiliates disclosed personal information regarding members of the Oregon Class that was collected or received in connection with an insurance transactions without the Oregon Class Members' written authorization, in violation of Or. Rev. Stat. § 746.665.

874.    Defendants Anthem and Anthem Affiliates used or disclosed personal information regarding members of the Oregon Class that was collected or received in connection with an insurance transactions without obtaining the Oregon Class Members' authorization, in violation of

192

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

2055695.1

1   Or. Rev. Stat. § 746.607(2).

2       875.    The Anthem Data Breach compromised Personal Information and violated the rights

3   of members of the Oregon Class.

4       876.    The Oregon Class suffered injury from Defendants Anthem and Anthem Affiliates'

5   illegal disclosure and failure to maintain the confidentiality of their personal information.

6       877.    The Oregon Class seeks relief under Or. Rev. Stat. § 746.680 including but not

7   limited to actual damages, nominal damages, injunctive relief, and/or attorneys' fees and costs.

8   **COUNT XIII:  STATE MEDICAL AND HEALTH INFORMATION PRIVACY STATUTES**
    **BROUGHT BY THE STATEWIDE CLASSES BELOW**
9

    **California**
10  **CALIFORNIA CONFIDENTIALITY OF MEDICAL INFORMATION ACT,**
    **(CIVIL CODE §56 *et seq.*) AGAINST ANTHEM AND ANTHEM AFFILIATES**
11  **OPERATING IN CALIFORNIA**

12      878.    Plaintiffs incorporate the above allegations by reference.

13      879.    Plaintiffs bring this claim against Defendants Anthem and Anthem Affiliates

14  operating in California on behalf of the California Class whose personal information was

15  compromised as a result of the Anthem Data Breach.

16      880.    Defendants Anthem and Anthem Affiliates provide "health care service plans," as

17  defined in Civil Code §§56.05(g), and are entities regulated pursuant to the Knox-Keene Health Care

18  Service Plan Act of 1975, and are therefore subject to the requirements of the California

19  Confidentiality of Medical Information Act.  Anthem's health care service plans in California

20  include, but are not limited to Anthem Blue Cross HMO (CaliforniaCare), described by Anthem as

21  "one of the largest HMOs in the country."

22      881.    The California Class includes "patients," as defined by the Confidentiality of Medical

23  Information Act to whom "medical information" in the possession of Defendants Anthem and

24  Anthem Affiliates pertains, as defined in Civil Code §§56.05(j) and (k).

25      882.    Defendants Anthem and Anthem Affiliates disclosed medical information pertaining

26  to members of the proposed California Class to unauthorized persons without first obtaining consent,

27  in violation of Civil Code §56.10(a).

28      883.    Defendants Anthem and Anthem Affiliates' negligence resulted in the release of

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

2055695.1

individually-identifiable medical information pertaining to members of the California Class to unauthorized persons and the breach of the confidentiality of that information.  Defendants Anthem and Anthem Affiliates' negligent failure to maintain or preserve medical information pertaining to members of the California Class in a manner that preserved the confidentiality of the information contained therein violates Civil Code §56.101(a).

884.    Defendants Anthem and Anthem Affiliates are also "employer[s]" that receive and maintain medical information pertaining to members of the California Class for purposes of Civil Code §56.20.

885.    Defendants Anthem and Anthem Affiliates failed to establish appropriate procedures to ensure the confidentiality and protection from unauthorized use and disclosure of that medical information pertaining to members of the California Class, as required by Civil Code §56.20.

886.    Defendants Anthem and Anthem Affiliates disclosed medical information pertaining to members of the California Class to unauthorized persons without first obtaining consent, in violation of Civil Code §56.20(c), and permitted the information to be used by unauthorized persons for purposes other than the administering and maintaining employee benefit plans, including health care plans and plans providing short-term and long-term disability income, workers' compensation and for determining eligibility for paid and unpaid leave from work for medical reasons, in violation of Civil Code §56.20(d).

887.    The California Class were injured and have suffered damages from Defendants Anthem and Anthem Affiliates' illegal disclosure and negligent release of their medical information in violation of Civil Code §§56.10, 56.20, and 56.101, and therefore seek relief under Civil Code §56.35 and §56.36 including but not limited to actual damages, nominal statutory damages of $1,000, civil penalties, injunctive relief, and/or attorneys' fees and costs.

### Maryland
### MARYLAND DISCLOSURE REQUIREMENTS FOR INSURERS, (MD. CODE, INS. § 4-403) AGAINST ANTHEM AND ANTHEM AFFILIATES OPERATING IN MARYLAND

888.    Plaintiffs incorporate the above allegations by reference.

889.    Plaintiffs bring this claim against Defendants Anthem and Anthem Affiliates

194

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

operating in Maryland on behalf of the Maryland Class whose medical information was compromised as a result of the Anthem Data Breach.

890.    Defendants Anthem and Anthem Affiliates are "insurer[s]" as meant by Md. Code, Ins. § 4-403.

891.    Defendants Anthem and Anthem Affiliates disclosed medical information pertaining to members of the Maryland Class without their authorization and for no other reason permitted by Md. Code, Ins. § 4-403, and therefore violated Md. Code, Ins. § 4-403.

892.    The Anthem Data Breach compromised medical information and violated the rights of members of the Maryland Class.

893.    The Maryland Class suffered injury from Defendants Anthem and Anthem Affiliates' illegal disclosure and failure to maintain the confidentiality of their medical information.

894.    The Maryland Class seeks relief under Md. Code, Ins. § 4-403 including but not limited to declaratory relief, injunctive relief, attorneys' fees and costs, as well as actual damages for Defendants' knowing violation of Md. Code, Ins. § 4-403.

**MARYLAND DISCLOSURE REQUIREMENTS FOR NONPROFIT HEALTH SERVICE PLANS,**
**(MD. CODE, INS. § 14-138) AGAINST ANTHEM AND ANTHEM AFFILIATES OPERATING IN MARYLAND**

895.    Plaintiffs incorporate the above allegations by reference.

896.    Plaintiffs bring this claim against Defendants Anthem and Anthem Affiliates operating health services plans in Maryland on behalf of the Maryland Class whose medical information was compromised as a result of the Anthem Data Breach.

897.    Defendants Anthem and Anthem Affiliates operate "nonprofit health service plans" and/or "Blue Cross or Blue Shield" plans in Maryland as meant by Md. Code, Ins. § 14-138.

898.    Defendants Anthem and Anthem Affiliates disclosed medical information pertaining to members of the Maryland Class without their authorization and for no other reason permitted by Md. Code, Ins. § 14-138, and therefore violated Md. Code, Ins. § 14-138.

899.    The Anthem Data Breach compromised medical information and violated the rights of members of the Maryland Class.

195

2055695.1

900.    The Maryland Class suffered injury from Defendants Anthem and Anthem Affiliates' illegal disclosure and failure to maintain the confidentiality of their medical information.

901.    The Maryland Class seeks relief under Md. Code, Ins. § 14-138 including but not limited to declaratory relief, injunctive relief, attorneys' fees and costs, as well as actual damages for Defendants' knowing violation of Md. Code, Ins. § 14-138.

### MARYLAND CONFIDENTIALITY OF MEDICAL RECORDS ACT, (MD. CODE, HEALTH-GEN. § 4-301, *et seq.*) AGAINST ANTHEM AND ANTHEM AFFILIATES OPERATING IN MARYLAND

902.    Plaintiffs incorporate the above allegations by reference.

903.    Plaintiffs bring this claim against Defendants Anthem and Anthem Affiliates operating in Maryland on behalf of the Maryland Class whose medical records were compromised as a result of the Anthem Data Breach.

904.    Defendants Anthem and Anthem Affiliates operate as "health maintenance organizations" as defined in Md. Code Ann., Health-Gen. § 19-301, and are therefore "health care providers" as defined in Md. Code Ann., Health-Gen. § 4-301 subject to the requirements of the Maryland Confidentiality of Medical Records Act.

905.    Defendants Anthem and Anthem Affiliates are also a "person" to whom medical records are disclosed as meant by Md. Code Ann., Health-Gen. § 4-302, and are therefore subject to the requirements of the Maryland Confidentiality of Medical Records Act.

906.    Defendants Anthem and Anthem Affiliates disclosed medical records pertaining to the Maryland Class without their authorization and for no other reason permitted by Md. Code Ann., Health-Gen. § 4-302, and therefore violated Md. Code Ann., Health-Gen. § 4-302.

907.    Maryland Class Members were injured by Defendants Anthem and Anthem Affiliates' disclosure of their medical records in violation Md. Code Ann., Health-Gen. § 4-302.

908.    The Maryland Class seeks relief pursuant to Md. Code Ann., Health-Gen. § 4-309, including but not limited to declaratory relief, injunctive relief, and attorneys' fees and costs, as well as actual damages for Defendants' knowing violations of Md. Code Ann., Health-Gen. § 4-302.

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

2055695.1

### Minnesota
### MINNESOTA HEALTH RECORDS ACT,
### (MINN. STAT. § 144.291, *et seq.*) AGAINST ANTHEM AND ANTHEM AFFILIATES OPERATING IN MINNESOTA

909.    Plaintiffs incorporate the above allegations by reference.

910.    Plaintiffs bring this claim against Defendants Anthem and Anthem Affiliates operating in Minnesota on behalf of the Minnesota Class whose health records were compromised as a result of the Anthem Data Breach.

911.    As a result of conducting the business of insurance and other health benefits services in Minnesota, including but not limited to the processing of claims and third-party payments for health care, Defendants Anthem and Anthem Affiliates received from health care providers health records pertaining to members of the Minnesota Class.

912.    Defendants Anthem and Anthem Affiliates negligently and/or intentionally released the health records pertaining to the Minnesota Class without their signed and dated consent and for no other reason permitted by Minn. Stat. Ann. § 144.293, and therefore violated Minn. Stat. Ann. § 144.293.

913.    Minnesota Class Members were injured by Defendants Anthem and Anthem Affiliates' negligent and/or intentional release of their health records in violation of Minn. Stat. Ann. § 144.293.

914.    The Minnesota Class seeks relief for Defendants Anthem and Anthem Affiliates' violation of Minn. Stat. Ann. § 144.293, including but not limited to compensatory damages, nominal damages, injunctive relief, and/or attorneys' fees and costs.

### Rhode Island
### RHODE ISLAND CONFIDENTIALITY OF HEALTH CARE INFORMATION ACT,
### (R.I. GEN. LAWS § 5-37.3-1, *et seq.*) AGAINST ANTHEM AND ANTHEM AFFILIATES OPERATING IN RHODE ISLAND

915.    Plaintiffs incorporate the above allegations by reference.

916.    Plaintiffs bring this claim against Defendants Anthem and Anthem Affiliates operating in Rhode Island on behalf of the Rhode Island Class whose confidential health care information was compromised as a result of the Anthem Data Breach.

917.    As a result of conducting the business of insurance and other health benefits services

197

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

2055695.1

1  in Rhode Island, including but not limited to the processing of claims and third-party payments for

2  health care, Defendants Anthem and Anthem Affiliates possessed confidential health care

3  information pertaining to members of the Rhode Island Class.

4      918.    Defendants Anthem and Anthem Affiliates released or transferred confidential health

5  care information pertaining to the Rhode Island Class without their written consent and for no other

6  reason permitted by R.I. Gen. Laws § 5-37.3-4, and therefore violated R.I. Gen. Laws § 5-37.3-4.

7      919.    Defendants Anthem and Anthem Affiliates failed to establish the security procedures

8  in relation to confidential health care information as required by R.I. Gen. Laws § 5-37.3-4, and

9  therefore violated R.I. Gen. Laws § 5-37.3-4.

10      920.    Rhode Island Class Members were injured by Defendants Anthem and Anthem

11  Affiliates' release or transfer of their confidential health care information and/or Defendants Anthem

12  and Anthem Affiliates' failure to establish security procedures to protect their confidential healthcare

13  information in violation of R.I. Gen. Laws § 5-37.3-4.

14      921.    The Rhode Island Class seeks relief for Defendants Anthem and Anthem Affiliates'

15  violation of R.I. Gen. Laws § 5-37.3-4, including but not limited to actual damages, punitive

16  damages, declaratory relief, injunctive relief, and/or attorneys' fees and costs, as well as statutory

17  damages of $5,000 for each knowing and intentional violation.

18  

**Virginia**

**VIRGINIA INSURANCE INFORMATION AND PRIVACY PROTECTION ACT,
(VA. CODE § 38.2-600, *et seq*.) AGAINST ANTHEM AND ANTHEM AFFILIATES
OPERATING IN VIRGINIA**

19

20      922.    Plaintiffs incorporate the above allegations by reference.

21      923.    Plaintiffs bring this claim against Defendants Anthem and Anthem Affiliates

22  operating in Virginia on behalf of the Virginia Class whose information was compromised as a result

23  of the Anthem Data Breach.

24      924.    Defendants Anthem and Anthem Affiliates are "insurance institutions" as defined by

25  the Virginia Insurance Information and Privacy Protection Act, Va. Code § 38.2-602.

26      925.    Defendants Anthem and Anthem Affiliates collected and received "medical-record

27  information," as defined by the Virginia Insurance Information and Privacy Protection Act, Va.

28

198

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

2055695.1

Code § 38.2-602, regarding members of the Virginia Class in connection with insurance transactions.

926. Defendants Anthem and Anthem Affiliates disclosed medical-record information regarding members of the Virginia Class that was collected or received in connection with an insurance transactions without the Virginia Class Members' written authorization, in violation of Va. Code § 38.2-613.

927. The Anthem Data Breach compromised medical-record information and violated the rights of members of the Virginia Class.

928. The Virginia Class suffered injury from Defendants Anthem and Anthem Affiliates' illegal disclosure and failure to maintain the confidentiality of their medical-record information.

929. The Virginia Class seek relief under Va. Code § 38.2-617 including but not limited to actual damages, nominal damages, injunctive relief, and/or attorneys' fees and costs.

**VIRGINIA HEALTH RECORDS PRIVACY STATUTE, (VA. CODE § 32.1-127.1:03)
AGAINST ANTHEM AND ANTHEM AFFILIATES OPERATING IN VIRGINIA**

930. Plaintiffs incorporate the above allegations by reference.

931. Plaintiffs bring this claim against Defendants Anthem and Anthem Affiliates operating in Virginia on behalf of the Virginia Class whose health records were compromised as a result of the Anthem Data Breach.

932. Virginia law recognizes an individual's right of privacy in the content of his or her health records. Va. Code § 32.1-127.1:03.

933. As a result of conducting the business of insurance and other health benefits services in Virginia, including but not limited to the processing of claims and third-party payments for health care, Defendants Anthem and Anthem Affiliates possessed health records pertaining to members of the Virginia Class.

934. Defendants Anthem and Anthem Affiliates are "health care entit[ies]" as defined by Va. Code Ann. § 32.1-127.1:03 and had a duty under Virginia law to not redisclose or otherwise reveal any health records in its possession regarding the Virginia Class. Va. Code § 32.1-127.1:03(3).

2055695.1

935.    Defendants Anthem and Anthem Affiliates redisclosed or otherwise revealed the health records pertaining to the Virginia Class without their consent and for no other reason permitted by Va. Code § 32.1-127.1:03(3), and therefore violated Va. Code § 32.1-127.1:03(3).

936.    Virginia Class Members were injured by Defendants Anthem and Anthem Affiliates' illegal disclosure and negligent release of their health records in violation of Va. Code § 32.1-127.1:03(3).

937.    The Virginia Class seeks relief for Defendants Anthem and Anthem Affiliates' violation of Va. Code § 32.1-127.1:03(3), including but not limited to actual damages, special damages, nominal damages, exemplary damages, injunctive relief, and/or attorneys' fees and costs.

## Washington
## WASHINGTON UNIFORM HEALTH CARE INFORMATION ACT, (WASH. REV. CODE §70.02.045, § 70.02.170) AGAINST ANTHEM AND ANTHEM AFFILIATES OPERATING IN WASHINGTON

938.    Plaintiffs incorporate the above allegations by reference.

939.    Plaintiffs bring this claim against Defendants Anthem and Anthem Affiliates operating in Washington on behalf of the Washington Class whose personal information was compromised as a result of the Anthem Data Breach.

940.    As a result of conducting the business of insurance and other health benefits services, including but not limited to the processing of claims and third-party payments for health care, in Washington, Defendants Anthem and Anthem Affiliates possessed personal information including personal health care information pertaining to members of the Washington Class.

941.    Defendants Anthem and Anthem Affiliates released personal information, including health care information, regarding members of the Washington Class without authorization in violation of Wash. Rev. Code §70.02.045.

942.    The Washington Class were injured and have suffered damages from Defendants Anthem and Anthem Affiliates' illegal disclosure and negligent release of their personal information, including health care information in violation of Wash. Rev. Code §70.02.045.

943.    The Washington Class seek relief under Wash. Rev. Code §70.02.170, including but not limited to actual damages, nominal damages, injunctive relief, and/or attorneys' fees and costs.

2055695.1

**Wisconsin**
**WISCONSIN INSURANCE MEDICAL INFORMATION PRIVACY STATUTE,**
**(WIS. STAT. § 610.70) AGAINST ANTHEM AND ANTHEM AFFILIATES OPERATING IN**
**WISCONSIN**

944.    Plaintiffs incorporate the above allegations by reference.

945.    Plaintiffs bring this claim against Defendants Anthem and Anthem Affiliates operating in Wisconsin on behalf of the Wisconsin Class whose personal information was compromised as a result of the Anthem Data Breach.

946.    Defendants Anthem and Anthem Affiliates are "insurance institution[s]" for purposes of Wis. Stat. § 610.70.

947.    Defendants Anthem and Anthem Affiliates collected and received individually-identifiable personal medical information regarding members of the Wisconsin Class during insurance transactions.

948.    Defendants Anthem and Anthem Affiliates disclosed individually-identifiable personal medical information regarding members of the Wisconsin Class that was collected or received in connection with an insurance transaction without their authorization, in violation of Wis. Stat. § 610.70.

949.    The Anthem Data Breach compromised personal medical information and violated the rights of members of the Wisconsin Class.

950.    The Wisconsin Class has suffered damages from Defendants Anthem and Anthem Affiliates' illegal disclosure and failure to maintain the confidentiality of their personal medical information in violation of Wis. Stat. § 610.70.

951.     The Wisconsin Class seeks relief, including but not limited to actual damages, nominal damages, injunctive relief, and/or attorneys' fees and costs.

**WISCONSIN CONFIDENTIALITY OF HEATH RECORDS LAW,**
**(WIS. STAT. § 146.82(5), §142.84) AGAINST ANTHEM AND ANTHEM AFFILIATES**
**OPERATING IN WISCONSIN**

952.    Plaintiffs incorporate the above allegations by reference.

953.    Plaintiffs bring this claim against Defendants Anthem and Anthem Affiliates operating in Wisconsin on behalf of the Wisconsin Class whose personal information was

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

2055695.1

1    compromised as a result of the Anthem Data Breach.

2        954.    Wisconsin law requires that all health records remain confidential.  Wis. Stat.

3    §146.82.

4        955.    As a result of conducting the business of insurance and other health benefits services,

5    including but not limited to the processing of claims and third-party payments for health care, in

6    Wisconsin, Defendants Anthem and Anthem Affiliates possessed health records pertaining to

7    members of the Wisconsin Class.

8        956.    Defendants Anthem and Anthem Affiliates are "covered entit[ies]" for purposes of

9    Wis. Stat. §146.82(5) and had a duty not to re-disclose any health records in its possession regarding

10   the Wisconsin Class under Wisconsin law.  Wis. Stat. §146.82(5).

11       957.    Defendants Anthem and Anthem Affiliates re-disclosed health records pertaining to

12   the Wisconsin Class without their consent and for no other reason permitted by either Wis. Stat.

13   §146.82(5) or §610.70, and therefore violated Wis. Stat. §146.82(5).

14       958.    Wisconsin Class  members were injured and have suffered damages from Defendants

15   Anthem and Anthem Affiliates' illegal disclosure and negligent release of their health information in

16   violation of Wis. Stat. §146.82(5).

17       959.    The Wisconsin Class seek relief under Wis. Stat. § 146.81, including but not limited

18   to actual damages, nominal damages, exemplary damages of up to $25,000 for knowing and willful

19   violations and up to $1,000 for negligent violations, statutory penalties, injunctive relief, and/or

20   attorneys' fees and costs.

21                        **VII.    PRAYER FOR RELIEF**

22       WHEREFORE, Plaintiffs, on behalf of themselves and the 53 Statewide Classes, seek the

23   following relief:

24       A.    An order certifying this action as a class action under Fed. R. Civ. P. 23, defining the

25   Classes as requested herein, appointed the undersigned as Class counsel, and finding that Plaintiffs

26   are proper representatives of the Classes requested herein.

27       B.    Plaintiffs request injunctive relief.  Awarding injunctive and other equitable relief as

28   is necessary to protect the interests of the Classes, including (i) an order prohibiting Defendants from

202

2055695.1

1  engaging in the wrongful and unlawful acts described herein; (ii) requiring Defendants to protect all

2  data collected or received through the course of their business in accordance with HIPAA

3  regulations, the Gramm-Leach Bliley Act, other federal, state and local laws, and best practices

4  under industry standards; (iii) requiring Defendants to design, maintain, and test their computer

5  systems to ensure that Personal Information in their possession is adequately secured and protected;

6  (iv) requiring Defendants to disclose any future data breaches in a timely and accurate manner; (v)

7  requiring Defendants to engage third-party security auditors as well as internal security personnel to

8  conduct testing, including simulated attacks, penetration tests, and audits on Defendants' systems on

9  a periodic basis and ordering them to promptly correct any problems or issues detected by these

10 auditors; (vi) requiring Defendants to audit, test, and train their security personnel to run automated

11 security monitoring, aggregating, filtering and reporting on log information in a unified manner; (vii)

12 ████████████████████████████████████

13 ████████████████████████████████████

14 ████████; (ix) requiring Defendants to encrypt all Personal Information; (x) requiring Defendants to

15 audit, test, and train its security personnel regarding any new or modified procedures; (xi) requiring

16 Anthem to segment data by, among other things, creating firewalls and access controls so that if one

17 area of the Anthem network is compromised, hackers cannot gain access to other portions of

18 Anthem's systems; (xii) requiring Defendants to purge, delete, and destroy in a reasonably secure

19 and timely manner Personal Information no longer necessary for their provision of services; (xiii)

20 requiring Defendants to conduct regular database scanning and securing checks; (xiv) requiring

21 Defendants to routinely and continually conduct internal training and education to inform internal

22 security personnel how to identify and contain a breach when it occurs and what to do in response to

23 a breach; (xv) requiring Defendants to provide lifetime credit monitoring and identity theft repair

24 services to members of the Classes; and (xvi) requiring Defendants to educate all class members

25 about the threats they face as a result of the loss of their Personal Information to third parties, as well

26 as steps Class Members must take to protect themselves.

27        C.    Plaintiffs also request actual damages, punitive damages, treble damages, statutory

28 damages, exemplary damages, equitable relief, restitution, and disgorgement of profits.

203

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

1

## VIII.   DEMAND FOR JURY TRIAL

2
Plaintiffs demand a trial by jury on all triable issues.

3

4                                     **COHEN MILSTEIN SELLERS & TOLL PLLC**
                                      ANDREW N. FRIEDMAN
5                                     SALLY M. HANDMAKER
                                      ERIC KAFKA
6

7        Dated:  October 19, 2015     By: /s/ Andrew N. Friedman_____

8                                     **ALTSHULER BERZON LLP**
                                      EVE H. CERVANTEZ
9                                     JONATHAN WEISSGLASS

10       Dated:  October 19, 2015     By: /s/ Eve H. Cervantez_____

11                                    *Lead Plaintiffs' Counsel*

12                                    **LIEFF CABASER HEIMANN & BERNSTEIN,**
                                      **LLP**
13                                    MICHEL SOBOL

14
                                      **GIRARD GIBBS LLP**
15                                    ERIC GIBBS

16                                    *Plaintiffs' Steering Committee*

17

18

19

20

21

22

23

24

25

26

27

28
                                    204
_____
CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 15-md-02617-LHK

2055695.1