UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| IN RE ANTHEM, INC. DATA BREACH LITIGATION | Case No. 5:15-MD-02617-LHK<br><br>**ORDER ON PROCEDURES FOR ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL** |

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 n.7 (1978)). Thus, when considering a sealing request, "a strong presumption in favor of access is the starting point." *Id.*

For requests to seal judicial records related to dispositive motions, the parties bear the burden of overcoming the "strong presumption in favor of access" with "compelling reasons supported by specific factual findings" that outweigh the general history of access and the public policies favoring disclosure. *Kamakana*, 447 F.3d at 1178–79.

For requests to seal judicial records related to nondispositive motions, the parties must meet the lower "good cause" standard of Federal Rule of Civil Procedure 26(c). *Id.* at 1179-80. The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*,

1

1  307 F.3d 1206, 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c).  "Broad allegations of harm,

2  unsubstantiated by specific examples of articulated reasoning" will not suffice.  *Beckman Indus.,*

3  *Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

4  Accordingly, the Court will not grant requests to seal that are overbroad or that include the

5  sealing of public information contained within public documents.  Likewise, the Court will not

6  seal entire documents that contain both sealable and non-sealable information.

7  To facilitate compliance with these rules and the standards established within the Ninth

8  Circuit, the Court hereby establishes the following procedures for filing administrative motions to

9  file under seal in this case:

10  The parties shall file all administrative motions to file under seal as joint motions.  Prior to

11  filing any such joint motions, lead counsel for both parties must meet and confer to decide what

12  information the parties will request to file under seal.  The parties must file declarations from lead

13  counsel that confirm compliance with this order with each motion to file under seal.

14  The parties shall file concurrent with the administrative motion to file under seal all

15  necessary declarations establishing that the information sought to be sealed is sealable.  For

16  motions to file under seal relating to dispositive motions, the declarations shall set forth the

17  "compelling reasons supported by specific factual findings" that the parties believe outweigh the

18  general history of access and the public policies favoring disclosure.  *Kamakana*, 447 F.3d at

19  1178–79.  For motions to file under seal relating to nondispositive motions, the declarations shall

20  set forth the "particularized" reasons that the parties believe that "specific prejudice or harm will

21  result" if the information is disclosed.  *Phillips ex rel. Estates of Byrd*, 307 F.3d at 1210–11.

22  Except for the four day deadline for filing declarations, the parties shall also comply with all other

23  requirements set forth in Civil Local Rule 79-5(d).

24  **IT IS SO ORDERED.**

25  Dated:  October 25, 2015

   _Lucy H. Koh_____
   LUCY H. KOH
   United States District Judge

2

Case No. 15-MD-02617-LHK
ORDER ON PROCEDURES FOR ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL