# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| IN RE ANTHEM, INC. DATA BREACH LITIGATION | Case Number: 15-MD-02617-LHK (NC)<br><br>STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION |

## 1. PURPOSE

This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, and any other applicable orders and rules. All disclosures and productions made pursuant to this Stipulated Order Re: Discovery of Electronically Stored Information ("Protocol") are subject to the Stipulated Protective Order for Litigation Involving Highly Sensitive Confidential Information and/or Trade Secrets [Dkt. No. 293] and any other Orders entered in this matter.

## 2. COOPERATION

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

### 3. LIAISON

The parties have identified liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI. Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

### 4. PRESERVATION

The parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate. To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the parties agree that:

a) Only ESI created or received after January 1, 2011 will be preserved throughout this litigation, except that ESI produced in *Blue Cross of California Website Security Cases*, Orange County Superior Court, JCCP 4647, that predates January 1, 2011 shall also be preserved;

b) The parties will exchange a list of the data sources and types of ESI they believe should be preserved, and the custodians, or general job titles or descriptions of custodians, for whom they believe ESI should be preserved, e.g., "HR head," "scientist," and "marketing manager." The parties shall add or remove data sources, ESI types, and custodians as reasonably necessary and following good faith discussion among parties to the litigation;

c) The parties will meet and confer to identify data sources that are not reasonably accessible because of undue burden or cost pursuant to Fed. R. Civ. P. 26(b)(2)(B) where ESI from these sources will be preserved but not searched, reviewed, or produced;

d) In addition to the agreements above, the parties will meet and confer to identify data sources that (a) could contain relevant information but (b) under the proportionality factors, should not be preserved.

e) Among the sources of data the parties agree are not reasonably accessible or are unduly burdensome to preserve, the parties agree not to preserve the following: backup tapes or other long-term storage media that were created for disaster recovery purposes; versions of documents automatically saved by computer programs in cache files, temporary files, or similarly inaccessible locations;

2

No. 15-MD-02617-LHK (NC)
STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION

      voicemail; and instant messaging;[1]

  f) As additional data sources are identified as a result of investigation, the parties may identify additional data sources that may or may not need to be preserved pursuant to subsections (c), (d), or (e) above. The parties will meet and confer about preserving such ESI as the data sources are identified.

## 5. SEARCH

The parties agree that within 21 days of executing this protocol, and, subsequently, within 14 days of any party serving responses and objections to requests for production, the producing party will provide proposed search protocols to be used for locating responsive ESI. The search protocols will, among other things, identify the data sources and custodians each party believes will possess responsive information and, if appropriate, propose search terms. The parties will meet and confer about methods to search ESI if either party requests such a meet and confer within 14 days after the deadline for exchanging proposed search protocols. If a party requests such a meet and confer, the parties will meet and confer within 7 days.

## 6. PRODUCTION FORMATS

The parties agree to produce documents in accordance with this Protocol and the attached Exhibit A, which provides technical specifications. If particular documents warrant a different format, the parties will cooperate to arrange for the mutually acceptable production of such documents.

## 7. PHASING

When a party propounds discovery requests pursuant to Fed. R. Civ. P. 34, the parties agree to phase the production of ESI. The parties will promptly meet and confer regarding how best to phase the production of ESI and what sources and custodians will comprise the initial production(s). Following the initial production(s), the parties will continue to prioritize the order of subsequent productions.

---

[1] For employees: (a) with direct or management responsibility for IT security or IT policies who were involved in the discovery, investigation, or mitigation of the data breach; (b) whose credentials were used in perpetrating the data breach; or (c) disclosed by Anthem in its initial disclosures, Anthem will take reasonable steps to retain instant messages to the extent they were captured and retained in the ordinary course.

3

No. 15-MD-02617-LHK (NC)
STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION

## 8. DOCUMENTS PROTECTED FROM DISCOVERY

a) The parties and their attorneys do not intend by this Protocol to waive their rights to any protection or privilege, including but not limited to, the attorney-client privilege and the attorney work product doctrine. All parties preserve their attorney-client privileges, attorney work product, and other privileges, and there is no intent by the Protocol, or the production of documents pursuant to the Protocol, to in any way waive or weaken these privileges.

b) Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding.

Upon learning of the production of a privileged or work-product-protected document, the producing party will promptly give all counsel of record written notice of the production. The producing party need not provide any explanation or evidence regarding the reasonableness of efforts taken to prevent such production and the receiving party agrees not to challenge the reasonableness of such efforts. Upon receiving notice of a production or upon determining that information it received is privileged or work-product-protected, the receiving party must promptly return, sequester, and/or destroy the document(s) and all copies and sequester and/or destroy any notes that reproduce, copy, or otherwise disclose the substance of the privileged or work-product-protected information and notify the producing party when this is complete.

If a receiving party challenges a claim that information produced, disclosed, exhibited, or communicated is privileged or work-product-protected, the receiving party may, in connection with a good faith challenge, make reference to the contents of the information in a submission to the Court, so long as such filing is under seal.  The parties also must follow the procedures for submitting discovery disputes to the Court, including U.S. Magistrate Judge Nathanael Cousins's Civil Standing Order, if applicable.

A receiving party is under a good faith obligation to promptly alert the producing party if the receiving party believes, or it is reasonably apparent that, information produced, disclosed, exhibited, or communicated by a producing party is privileged or work-product-protected either on its face or in light of facts known to the receiving party.

To the extent any party is aware that it has obtained, or it is reasonably apparent that the party has obtained, privileged or work-product-protected information through production, disclosure, or communications, such information may not be submitted to the Court (except in connection with a challenge of the privilege assertion, as described above) or presented for admission into evidence or sought in

discovery in this proceeding or in any other proceeding or action.

c) Communications need not be placed on a privilege log if they are: (a) between a party and its in-house litigation counsel, in-house privacy counsel, or outside counsel, (b) dated on or after January 27, 2015, (c) created exclusively for the purpose of obtaining legal advice regarding legal issues related to providing notice of the cyber attack or about representing the Company in potential litigation or regulatory investigations, and (d) not part of directing or facilitating an investigation of facts related to the data breach.

d) The parties agree that communications may be identified on a privilege log by category, rather than individually, if the parties agree on categories, provided that sufficient information is included in the category privilege log to assess the nature of the claim for withholding production and the scope of the communications withheld.

e) Redacted documents need not be logged as long as (a) for emails, the bibliographic information (i.e., to, from, cc: and bcc: recipients, date, and time) is not redacted, and the reason for the redaction is noted on the face of the document in the redaction box; and (b) for non-email documents, the reason for the redaction is noted on the face of the document in the redaction box.

**9. MODIFICATION**

This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown.

**IT IS SO STIPULATED**, through Counsel of Record.

**COHEN MILSTEIN SELLERS & TOLL PLLC**
ANDREW N. FRIEDMAN
DOUGLAS J. MCNAMARA
SALLY M. HANDMAKER

Dated: November 2, 2015            By: /s/ Andrew N. Friedman

COHEN MILSTEIN SELLERS & TOLL PLLC
ANDREW N. FRIEDMAN (admitted pro hac vice)
afriedman@cohenmilstein.com
SALLY M. HANDMAKER (SBN 281186)
shandmaker@cohenmilstein.com
ERIC KAFKA (admitted pro hac vice)
ekafka@cohenmilstein.com
1100 New York Ave. NW
Suite 500, West Tower
Washington, DC 20005

|   |   |   |
|---|---|---|
| | | Telephone:  (202) 408-4600 |
| | | Facsimile:   (202) 408-4699 |
| | | |
| | | **ALTSHULER BERZON LLP** |
| | | EVE H. CERVANTEZ |
| | | JONATHAN WEISSGLASS |
| | | DANIELLE E. LEONARD |
| | | MEREDITH JOHNSON |
| | | |
| | Dated:  November 2, 2015 | By: /s/ Eve H. Cervantez |

ALTSHULER BERZON LLP
EVE CERVANTEZ (SBN 164709)
ecervantez@altshulerberzon.com
JONATHAN WEISSGLASS (SBN 185008)
jweissglass@altshulerberzon.com
DANIELLE E. LEONARD (SBN 218201)
dleonard@altshulerberzon.com
MEREDITH A. JOHNSON (SBN 291018)
mjohnson@altshulerberzon.com
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064

*Lead Plaintiffs' Counsel*

**HOGAN LOVELLS US LLP**
CRAIG A. HOOVER
E. DESMOND HOGAN
PETER R. BISIO
ALLISON M. HOLT

Dated: November 2, 2015        By: /s/ Craig A. Hoover

Craig A. Hoover (SBN 113965)
craig.hoover@hoganlovells.com
E. Desmond Hogan (admitted pro hac vice)
desmond.hogan@hoganlovells.com
Peter R. Bisio (admitted pro hac vice)
peter.bisio@hoganlovells.com
Allison M. Holt (admitted pro hac vice)
allison.holt@hoganlovells.com
555 Thirteenth Street, NW

6

No. 15-MD-02617-LHK (NC)
STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION

Washington, DC  20004-1109
Telephone:     (202) 637-5600
Facsimile:     (202) 637-5910

Michael Maddigan (SBN 163450)
michael.maddigan@hoganlovells.com
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA  90067
Telephone:     (310) 785-4600
Facsimile:     (310) 785-4601

Maren J. Clouse (SBN 228726)
maren.clouse@hoganlovells.com
4085 Campbell Ave., Suite 100
Menlo Park, CA  94025
Telephone:     (650) 463-4000
Facsimile:     (650) 463-4199

*Attorneys for Defendants Anthem, Inc., and certain of its affiliates that have been named as defendants in the Consolidated Amended Complaint (collectively, "Anthem") and Defendants Horizon Healthcare Services, Inc., Blue Cross and Blue Shield of Arizona, Inc., Highmark West Virginia, Inc., and Blue Cross Blue Shield of Michigan*

**TROUTMAN SANDERS LLP**
CHAD R. FULLER

Dated: November 2, 2015           By: /s/ Chad R. Fuller

Chad R. Fuller (SBN 190830)
chad.fuller@troutmansanders.com
11682 El Camino Real, Suite 400
San Diego, CA 92130
Telephone:     (858) 509-6056
Facsimile:     (858) 509-6040

*Attorney for Anthem*

**NELSON MULLINS RILEY & SCARBOROUGH LLP**
JOHN D. MARTIN
LUCILE H. COHEN

7

No. 15-MD-02617-LHK (NC)
STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION

Dated: November 2, 2015     By: /s/ John D. Martin

John D. Martin (admitted pro hac vice)
john.martin@nelsonmullins.com
Lucile H. Cohen (admitted pro hac vice)
lucie.cohen@nelsonmullins.com
1320 Main Street, 17th Floor
Columbia, SC 29201
Telephone:   (803) 255-9241
Facsimile:    (858) 256-7500

*Attorneys for Anthem*

**IT IS ORDERED** that the forgoing Agreement is approved.

Dated: November 4, 2015

UNITED STATES MAGISTRATE JUDGE
NATHANAEL COUSINS



GRANTED
Judge Nathanael M. Cousins

8

No. 15-MD-02617-LHK (NC)
STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION

**ECF CERTIFICATION**

Pursuant to Local Rule 5-1(i)(3), the filing attorney attests that she has obtained concurrence regarding the filing of this document from the signatories to the document.

Dated:   November 2, 2015

/s/ *Eve Cervantez*
Eve Cervantez

*Co-Lead Plaintiffs' Counsel*