**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE ANTHEM, INC. DATA BREACH LITIGATION | Case No: 15-MD-02617-LHK (NC) <br><br> **JOINT COORDINATION ORDER** <br><br> Judge: Lucy H. Koh |

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**FOR THE COUNTY OF SAN DIEGO**

| | |
|---|---|
| Steve Wickens, individually and on behalf of All others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> BLUE CROSS OF CALIFORNIA, INC, d/b/a/ Anthem Blue Cross; Anthem Blue Cross Life and Health Insurance Company. <br><br> Defendant. | Case No. 37-2015-00008775-CU-CO-NC <br><br> Judge: Earl H. Maas, III |

**IN THE CIRCUIT COURT OF ST. LOUIS CITY, MISSOURI**

| | |
|---|---|
| MONICA SABATINO <br><br> and <br><br> MICHAEL SABATINO, Individually and on behalf of all others Similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> HMO MISSOURI, INC, <br><br> and <br><br> HEALTHY ALLIANCE LIFE INSURANCE COMPANY, <br><br> Defendants. | Case No. 1522-CV00367-01 <br><br> Judge: Bryan Hettenbach |

# JOINT COORDINATION ORDER

A Multidistrict Proceeding (the "MDL") is pending in the Northern District of California involving over 100 federal district court cases transferred from numerous jurisdictions. The subject matter of the MDL is the Anthem data security breach announced by Anthem on or around February 5, 2015 ("the Anthem Data Breach").

Co-Lead Plaintiffs' Counsel have been appointed in the MDL and a Consolidated Amended Complaint (the "CAC") was filed on October 19, 2015 on behalf of 53 state-wide classes. The CAC names as defendants, Anthem, Inc., the Blue Cross Blue Shield Association, numerous Anthem affiliates and various non-Anthem independent Blue Cross Blue Shield licensee insurance and health benefit companies. Pursuant to the September 11, 2015 MDL Court's order, discovery in the MDL is proceeding.

There are three cases related to the Anthem Data Breach pending in state courts. Those cases are: *Smilow v. Anthem*, Case No. 57271 (Los Angeles Superior Court); *Wickens v. Blue Cross of California,* Case No. 37-2015-00008775 (San Diego Superior Court); and *Sabatino v. HMO Missouri,* Case No. 1522-CV00367-01 (St. Louis Cir. Ct.) (the "Coordinated State Cases"). The Plaintiff in *Smilow* filed a Request for Dismissal on November 9, 2015, and accordingly, once that case is dismissed, there will be no need for coordination of that action at this time. The Coordinated State Cases are class actions brought against several Anthem affiliates.[1]

It is also possible that in the future there will be other cases related to the Anthem Data Breach pending in other state courts. To the extent there are, the parties to the MDL will request those cases to be incorporated into this Order.

A federal multidistrict court cannot bind the state courts in parallel proceedings, and the state courts cannot bind the federal court. No court that signs this Order intends to violate that principle. But if the multidistrict court and a given state court simultaneously enter an order, they can

---

[1] Two related cases have also been filed in Washington state court: *Mertlich v. Anthem*, Case No. 15-2-24745-0-SEA (Wash. Super. Ct. Kings Cnty.), and *Kaufman v. Amerigroup Washington, Inc.*, Case No. 15-2-24744-1-SEA (Wash. Super. Ct. Kings Cnty.). Anthem removed *Mertlich* on November 13, 2015. Anthem is evaluating whether there are grounds to remove *Kaufman*. To the extent either case proceeds in state Court, the parties in the MDL will request the state case be incorporated into this Order.

collectively and effectively direct the parties and counsel before them to coordinate.  Other state courts then can sign on, as and when they choose to.  Some state courts may decide to go forward on their own, regardless of the progress of the Multidistrict Proceeding.  Some state courts may, solely within their discretion, choose to stay their actions pending the outcome of the Multidistrict Proceeding.  But some may join the Coordination Order to achieve maximum coordination so as to serve the interests of judicial economy and reduction of attorney fees and costs for many of the cases.  It is in that spirit that this order is entered.

Accordingly, Judge Koh of the Northern District of California (the Multidistrict Court), Judge Maas of the California Superior Court (San Diego), and Judge Hettenbach of the Circuit Court of St. Louis, Missouri having consulted by telephone and e-mail concerning the terms of the ~~proposed~~ order, do hereby enter this Order for their respective cases and their respective jurisdictions.

**I. DEFINITIONS**

1. The "Multidistrict Proceeding" or "MDL" shall mean 15-md-02617-LHK, *In re Anthem, Inc., Data Breach Litigation*, Northern District of California.

2. The "Multidistrict Court" shall mean Judge Lucy H. Koh and Magistrate Judge Nathanael Cousins of the United States District Court for the Northern District of California.

3. "State Court Action" shall mean any state court lawsuit involving the same subject matter as the Multidistrict Proceeding, *i.e.*, the Anthem Data Breach.

4. "Coordinated State Court Actions" shall mean the *Wickens and Sabatino* actions noted above and any other State Court Action that subsequently enters this Order.

5. The "MDL Plaintiffs' Co-Lead Counsel" shall mean Eve Cervantez of Altshuler Berzon LLP and Andrew N. Friedman of Cohen, Milstein, Sellers & Toll PLLC.

6. "MDL Defendants' Liaison Counsel" shall mean Craig A. Hoover of Hogan Lovells, LLP.

7. "State Court Liaison Counsel" shall mean the person(s) or law firm(s) representing plaintiffs selected by a judge in each State Court Action to fulfill the duties described in this Order.

8. "Coordinating Counsel" shall mean, collectively, the MDL Plaintiffs' Co-Lead

1   Counsel, the MDL Defendants' Liaison Counsel and all State Court Liaison Counsel.

2       9.    "Anthem Defendants" shall mean Anthem, Inc. and its subsidiaries named as
3   Defendants in the MDL or State Court Action.

4       10.    Anthem-Related Witnesses shall mean employees, former employees, and agents of
5   Anthem, Inc. and its subsidiaries.

6   **II. OPERATIVE TERMS**

7       NOW, THEREFORE, IT IS ORDERED that the parties are to work together to coordinate
8   discovery in order to prevent duplication of effort and to promote the efficient and speedy resolution
9   of the MDL Proceeding and the Coordinated Actions and, to that end, the following procedures for
10  discovery and pretrial proceedings shall be adopted:

11      **A.**    **Discovery and Pretrial Scheduling**

12      11.    To the extent possible, discovery and discovery-related pretrial scheduling in the
13  Coordinated State Court Actions will be coordinated with the discovery and discovery-related
14  pretrial scheduling in the MDL Proceeding.

15      12.    Parties in the Coordinated State Court Actions and their counsel shall be entitled to
16  participate in discovery in the MDL Proceeding as set forth in this Order and in accordance with the
17  terms of the Stipulated Protective Order entered in the MDL Proceeding (the "MDL Protective
18  Order"), attached as Exhibit A hereto. Parties in the MDL Proceeding and their counsel shall be
19  entitled to participate in discovery in any Coordinated State Court Action as set forth in this Order.

20      13.    While the MDL Protective Order will govern the MDL Proceeding and Coordinated
21  State Court Actions, if any Court enters or has entered further restrictions, those further restrictions
22  shall apply only to the action before that court, and shall not bind the parties in proceedings in the
23  MDL Proceeding or in proceedings in other Coordinated State Court Actions.

24      **B.**    **Use of Discovery Obtained in the MDL Proceeding or the Coordinated State**
25              **Court Actions**

26      14.    Counsel representing a party in a Coordinated State Court Action will be entitled to
27  receive all discovery taken in the MDL Proceeding of Anthem Defendants and Anthem-related
28  witnesses, provided that such discovery responses and documents shall be used or disseminated in

4
JOINT COORDINATION ORDER
Case No:  15-MD-02617-LHK (NC)

accordance with the terms of the MDL Protective Order.  Counsel representing a party in the MDL Proceeding shall be entitled to receive all discovery taken of Anthem Defendants and Anthem-related witnesses in any Coordinated State Court Action; any such discovery responses and documents shall be used or disseminated in accordance with the terms of the MDL Protective Order.

15. Requests for documents, interrogatories, depositions on written questions and requests for admission propounded in the MDL Proceeding to Anthem Defendants and Anthem-related witnesses will be deemed to have been propounded and served in the Coordinated State Court Actions.  Requests for documents, interrogatories, depositions on written questions and requests for admission propounded to Anthem Defendants and Anthem-related witnesses in the Coordinated State Court Actions will be deemed to have been propounded and served in the MDL Proceeding.  Responses to such requests for documents, interrogatories, depositions on written questions and requests for admission will be deemed to be made in any of these actions and may be used in any of these actions, subject to and in accordance with the terms of the MDL Protective Order, as if they had been taken under the applicable civil discovery rules of the respective jurisdiction.

16. Depositions of Anthem Defendants and Anthem-related witnesses taken in the MDL Proceeding may be used in the Coordinated State Court Actions, subject to and in accordance with the terms of the MDL Protective Order, as if they had been taken under the applicable civil discovery rules of the respective jurisdictions.  Depositions taken in the Coordinated State Court Actions may be used in the MDL Proceeding, subject to and in accordance with the terms of the MDL Protective Order, as if they had been taken under the Federal Rules of Civil Procedure and applicable discovery rules of the Northern District of California.

**C. Service and Coordination Among Counsel**

17. The MDL Court has previously appointed Plaintiffs' Co-Lead Counsel in the MDL Proceeding (the "MDL Plaintiffs' Co-Lead Counsel").

   a) MDL Defendants' Liaison Counsel shall serve upon each Coordinating Counsel copies of all of the following documents -- to the extent they were issued or served prior to the entry of this Order --: all Scheduling Orders, Case Management Orders, Coordination

1  Orders, Confidentiality or Protective Orders, discovery requests (including requests for
2  documents, interrogatories, depositions on written questions, requests for admission and
3  subpoenas *duces tecum*), responses and objections to discovery requests; deposition
4  notices; correspondence or other papers modifying discovery requests or schedules; and
5  discovery motions (*i.e.*, motions under Rules 26 through 37 or Rule 45 of the Federal
6  Rules of Civil Procedure) or requests for hearing on discovery disputes regarding
7  coordinated discovery matters that are entered in their respective actions. Service may be
8  made by electronic means. Coordinating Counsel shall be responsible for distributing
9  such documents to other counsel for their respective actions.

10  b) MDL Defendants' Liaison Counsel shall serve upon each Coordinating Counsel copies of
11     all of the following documents – to the extent they are issued subsequent to the entry of
12     this Order – all Scheduling Orders, Case Management Orders, Coordination Orders,
13     Confidentiality or Protective Orders. Service may be made by electronic means.
14     Coordinating Counsel shall be responsible for distributing such documents to other
15     counsel for their respective actions.

16  c) MDL Defendants' Liaison Counsel shall file with the MDL copies of all Scheduling
17     Orders, Case Management Orders, Confidentiality or Protective Orders that are entered in
18     any Coordinated State Court Action.

19  d) Subsequent to the date of entry of this Order, Coordinating Counsel shall serve upon each
20     Coordinating Counsel discovery of Anthem Defendants including: copies of discovery
21     requests (including requests for documents, interrogatories, depositions on written
22     questions, requests for admission and subpoenas *duces tecum*), responses and objections
23     to discovery requests; deposition notices; correspondence or other papers modifying
24     discovery requests or schedules; and discovery motions (*i.e.*, motions under Rules 26
25     through 37 or Rule 45 of the Federal Rules of Civil Procedure) or requests for hearing on
26     discovery disputes regarding coordinated discovery matters that are entered in their
27     respective actions. Service may be made by electronic means. Coordinating Counsel
28     shall be responsible for distributing such documents to other counsel for their respective

actions.

18. Any court wishing to grant the parties before it access to coordinated discovery may do so by joining this Order pursuant to paragraph 31, below, and appointing a State Court Liaison Counsel in that State Court to facilitate coordination of discovery in the Coordinated Action and discovery in the MDL Proceeding.

19. MDL Defendants' Liaison Counsel shall maintain a log of all Orders entered in the MDL Proceeding or any Coordinated State Court Action and all discovery requests and responses sent and received in the MDL Proceeding or any Coordinated State Court Action and shall transmit a copy of said log by electronic means to the MDL Plaintiffs' Co-Lead Counsel and each State Court Liaison Counsel by the seventh (7th) day of each month, or upon written request.  The MDL Defendants' Liaison Counsel will promptly transmit a copy of each order entered in the MDL Proceeding to State Court Liaison Counsel in the Coordinated State Court Actions.  MDL Defendants' Liaison Counsel will promptly transmit a copy of each order entered in any Coordinated State Court Action to the MDL Plaintiffs' Co-Lead Counsel.

**D.** **Participation in Depositions**

20. Each deposition taken in the MDL Proceeding and Coordinated State Court Actions will be conducted on reasonable written notice, to be served, electronically or otherwise, on all Coordinating Counsel.

21. Plaintiffs in the MDL Proceeding and Coordinated State Court Actions shall coordinate with one another in noticing depositions so that all depositions shall be jointly scheduled, noticed and conducted.  MDL Plaintiffs' Co-Lead Counsel, or their designee, shall confer with State Court Liaison Counsel in the Coordinated State Court Actions, or their designees, in advance of each deposition noticed, taking such steps as may be necessary to prevent multiple interrogators and avoid duplicative questions, and to avoid duplicative depositions in the Coordinated State Court Actions, including the appointment of a single lead questioner for all plaintiffs in the MDL Proceeding and all plaintiffs in all Coordinated State Court Actions ("Plaintiffs' Lead Questioner"). Coordinating Counsel will select a Lead Questioner before each deposition.  To the extent they cannot agree, they will seek direction from the Court where the deposition was noticed.

22. Counsel representing a party in the MDL Proceeding and Coordinated State Court Action shall be permitted to attend any deposition of Anthem Defendants and Anthem-related witnesses scheduled in the MDL Proceeding or Coordinated State Court Actions.  One Plaintiffs' Counsel from each Coordinated State Court Action and one counsel for the MDL Plaintiffs shall be permitted a reasonable amount of time to question the deponent in those depositions following questioning by the Plaintiffs' Lead Questioner.  Questions asked by counsel shall not be duplicative of questions previously asked in the deposition.  Each such counsel shall be permitted to make objections during examination by other counsel, in accordance with the statues, rules, and orders governing the parties represented by counsel.

    (a) Participation of counsel from the MDL Proceeding and Coordinated State Court Actions shall be arranged so as not to delay discovery or other proceedings as scheduled in the MDL Proceeding and Coordinated State Court Actions.

23. Counsel representing any party to the MDL Proceeding or any Coordinated State Court Action may obtain directly from the court reporter at counsel's own expense a transcript of any deposition of Anthem Defendants and Anthem-related witnesses taken in the MDL Proceeding or Coordinated State Court Action.  The transcript of any deposition taken shall not be used or disseminated in violation of the terms of this Order and the MDL Protective Order, or applicable law in a coordinated proceeding.

24. Depositions of Anthem Defendants and Anthem-related witnesses noticed in the MDL Proceeding and Coordinated State Court Actions shall be deemed to have been noticed in both the MDL Proceeding and the Coordinated State Court Actions.

25. Counsel and parties in either the MDL Proceeding or any Coordinated State Court Action who do not attend a jointly noticed deposition are prohibited from re-taking that deposition except for good cause shown.

26. Defendants (directly or through counsel for plaintiffs in the MDL Proceeding for any Coordinated State Court Action) may invite plaintiffs in parallel state cases in which coordination orders have not been entered ("Non-coordinated Actions") to attend depositions of Anthem Defendants and Anthem-related witnesses jointly noticed under this Order.  Counsel for plaintiffs in

Non-coordinated Actions may examine the witness after the MDL Plaintiffs' Co-Lead Counsel (or their designee) and Coordinated State Court Actions have completed their examinations. The unwillingness of one or more plaintiffs in Non-coordinated actions to participate in a deposition shall not be grounds for rescheduling the deposition. MDL Defendants' Liaison Counsel shall provide the MDL Plaintiffs' Co-Lead Counsel and the State Court Liaison Counsel in the Coordinated State Court Actions written notice of any person who has been extended an invitation at least five day in advance of the deposition.

27. If MDL Plaintiffs' Co-Lead Counsel, MDL Defendants' Liaison Counsel and the State Court Liaison Counsel have received notice of a deposition of Anthem Defendants and Anthem-related witnesses in either the MDL Proceeding or any Coordinated State Court Action, such deposition may be used in the MDL Proceeding and each Coordinated State Court Action for all purposes permitted under the Rules of Civil Procedure governing the action in which it is to be used without regard to whether any of the Coordinating Counsel attend or cross examine at the noticed deposition.

**E.     Written Discovery**

28. MDL Plaintiffs' Co-Lead Counsel (or their designee) shall confer with the State Court Liaison Counsel in the Coordinated State Court Actions, or their designees, in advance of the service of requests for written discovery in either the MDL Proceeding or in any Coordinated State Court Action, taking such steps as may be necessary to serve joint written discovery, and to prevent additional duplicative interrogatories, deposition on written questions, requests for admission and requests for documents in either the MDL Proceeding or the Coordinated State Court Actions.

29. All parties to the MDL Proceeding and the Coordinated State Court Actions, through their respective Coordinating Counsel, shall be entitled to receive copies of responses to interrogatories, responses to depositions on written questions, responses to requests for admission and documents produced by Anthem Defendants and Anthem-related witnesses in either the MDL Proceeding or in any Coordinated State Court Action. This does not alleviate either party's obligation to comply with any state or local requirements governing production of documents in the State Court Actions. Any party or counsel otherwise entitled under this order to receive copies of

discovery shall use such materials only in accordance with the terms of the MDL Protective Order.

30. Counsel for Plaintiffs in the MDL Proceeding and Coordinated State Court Actions shall meet and confer regarding the establishment of a joint document depository, including joint maintenance of physical or electronic files and the equitable sharing of expenses.

### F. Discovery Dispute Resolution

31. In the event that the parties are not able to resolve any disputes that may arise in the coordinated pretrial discovery, such disputes will be decided in the court governing the proceeding where the discovery was served, and in accordance with the rules of procedure governing that court. However if the dispute relates to overlapping discovery that pertains to both a) any of the Coordinated State Court Actions and b) the MDL Proceeding, then such dispute will be presented to the MDL Court only.

32. Nothing contained herein shall constitute or be deemed a waiver of any objection of any defendant or plaintiff to the admissibility at trial of any documents, deposition testimony or exhibits, or written discovery responses provided or obtained in accordance with the Order, whether on grounds of relevance, materiality or any other basis, and all such objections are specifically preserved. The admissibility into evidence in any Coordinated State Court Action of any material provided or obtained in accordance with this Order shall be determined by the Court in which such action is pending.

### G. Implementing This Order

33. Any court before which a State Court Action is pending may join this Order, thereby authorizing the parties to that State Court Action to participate in coordinated discovery as and to the extent authorized in this Order, provided that State Court Liaison Counsel is first appointed for the State Court Action.

34. Each court that joins this Order shall retain jurisdiction to modify, rescind and/or enforce the terms of this Order as it affects proceedings before that particular court.

**IT IS SO ORDERED.**

Dated:  February 4, 2016

*Lucy H. Koh*
Lucy H. Koh
United States District Judge
Northern District of California

Dated:

_____
Judge Bryan Hettenbach
Trial Judge
Circuit Court of St. Louis County
Missouri

Dated:

_____
Earl H. Maas, III
Superior Court Judge
San Diego Superior Court
California