UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE ANTHEM, INC. DATA BREACH LITIGATION | Case No. 15-MD-02617-LHK<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO FILE UNDER SEAL**<br><br>Re: Dkt. No. 473, 477, 495, 504, 508, 509 |

Before the Court are the parties' administrative motions to file under seal. ECF Nos. 473, 477, 495, 504, 508 & 509. These motions seek to file under seal portions of the Second Consolidated Amended Complaint ("SAC"), ECF Nos. 473 & 477; portions of the Anthem Defendants' second round motion to dismiss, ECF Nos. 495 & 504; and portions of Plaintiffs' opposition to the Anthem Defendants' second round motion to dismiss, ECF Nos. 508 & 509.

Pursuant to the parties' stipulation, each party filed a provisional motion to file under seal before filing a joint motion to file under seal a week later. Thus, because the joint motions—ECF Nos. 477, 504 & 509—supersede the initial provisional motions to file under seal, the parties' provisional motions—ECF Nos. 473, 495 & 508—are hereby DENIED AS MOOT.

As to the remaining joint motions, "[h]istorically, courts have recognized a 'general right

to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Thus, when considering a sealing request, "a strong presumption in favor of access is the starting point." *Id.* (internal quotation marks omitted).

Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action," *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016), bear the burden of overcoming the presumption with "compelling reasons supported by specific factual findings" that outweigh the general history of access and the public policies favoring disclosure, *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006). The SAC and the Anthem Defendants' second round motions to dismiss are documents that are more than tangentially related to the underlying causes of action.

Pursuant to Federal Rule of Civil Procedure 26(c), the Court has broad discretion to permit sealing of documents for, *inter alia*, the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). The Ninth Circuit defines trade secrets as follows: "[a] trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972). "Generally [a trade secret] relates to the production of goods . . . . It may, however, relate to the sale of goods or to other operations in the business . . . ." *Id.* In addition, the U.S. Supreme Court has recognized that sealing may be justified to prevent judicial documents from being used "as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598.

Furthermore, parties moving to seal documents must comply with the procedures established by Civil Local Rule 79-5. Pursuant to that rule, a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civ. L. R. 79-5(b). "The request must be

narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." *Id.* Civil Local Rule 79-5(d), moreover, requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" and that "lists in table format each document or portion thereof that is sought to be sealed," as well as an "unredacted version of the document" that "indicate[s], by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." *Id.*

In light of the foregoing discussion, the Court applies the "compelling reasons" standard to the parties' request to seal documents filed in connection with the SAC and the Anthem Defendants' second round motions to dismiss. The Court rules on the instant motions as follows:

| **Motion to Seal** | **Standard** | **Document** | **Ruling** |
|---|---|---|---|
| 477 | Compelling Reasons | SAC | DENIED as to paragraph 350, lines 25 and 26: starting from "attack" and ending with "industry standards." <br><br> DENIED as to paragraph 355. <br><br> DENIED as to paragraph 361. <br><br> DENIED as to paragraph 363, lines 17 and 18, starting from "On information and belief" and ending with "security system." <br><br> Otherwise GRANTED as to the proposed redactions. |
| 504 | Compelling Reasons | Anthem Defendants' Motion to Dismiss | DENIED as to page 21, lines 17 and 18: starting from "the employee" and ending with "Plaintiffs' PII." <br><br> Otherwise GRANTED as to the proposed redactions. |
| 509 | Compelling Reasons | Plaintiffs' Opposition to Anthem Defendants' Motion to Dismiss | GRANTED as to the proposed redactions. |

Any renewed motions to seal shall shall be filed within 7 days of this Order.

3

Case No. 15-MD-02617-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO FILE UNDER SEAL

**IT IS SO ORDERED.**

Dated: May 27, 2016

*Lucy H. Koh*
_____
LUCY H. KOH
United States District Judge