## UNITED STATES JUDICIAL PANEL
### on
### MULTIDISTRICT LITIGATION

IN RE: ANTHEM, INC., CUSTOMER DATA
SECURITY BREACH LITIGATION                                    MDL No. 2617

### TRANSFER ORDER

**Before the Panel:**[*]  Plaintiff in the action listed on Schedule A (*Kaufman*) moves under
Panel Rule 7.1 to vacate our order that conditionally transferred *Kaufman* to the Northern District
of California for inclusion in MDL No. 2617.  Defendants Anthem, Inc., and Amerigroup
Washington, Inc. (collectively, Anthem) oppose the motion to vacate.

Plaintiff primarily argues that transfer should not take place because *Kaufman* involves a
"purely local controversy" with claims under Washington state law, a putative class of citizens of
the State of Washington, and a Washington-based defendant (Amerigroup Washington).  Plaintiff's
argument is not convincing.  As a preliminary matter, a complete identity of parties and claims is not
necessary for centralization under 28 U.S.C. § 1407 when the actions arise from a common factual
core.  *See In re Bank of New York Mellon Corp. Foreign Exch. Transactions Litig.*, 857 F. Supp. 2d
1371, 1372 (J.P.M.L. 2012).  Here, plaintiff in his complaint avoids mention of Anthem, Inc., and
provides no specifics as to how Amerigroup Washington (which *is* named in the complaint) allowed
third parties access to its members' personally identifiable and personal health information.  But, it
seems clear that these claims, like those in the actions pending in MDL No. 2617, in fact arise from
a data security breach that allegedly occurred sometime between December 10, 2014, and February
4, 2015 (the Anthem data breach), and resulted in the electronic theft of personally identifiable
information and personal health information of, by one estimate, some 80 million current and former
health insurance plan members and employees of Anthem or its affiliated health insurance
companies (such as Amerigroup Washington).  Indeed, before defendants removed *Kaufman* to
federal court, the state court ordered that Anthem, Inc., be joined as a necessary party precisely
because it was exclusively responsible for Amerigroup Washington's data networks and systems.
*Kaufman* thus will involve similar, if not identical, discovery relating to the Anthem data breach.
Moreover, the putative class asserted by plaintiff in *Kaufman* overlaps significantly with the putative
classes asserted in the consolidated amended class action complaint in the MDL.  Absent transfer,
there will be a significant risk of inconsistent pretrial rulings and duplicative discovery.

Plaintiff also contends that *Kaufman* should not be transferred to the MDL during the
pendency of a motion to remand the action to state court, suggesting that the transferor court should

---

[*] Judges Lewis A. Kaplan and Catherine D. Perry took no part in the decision of this matter.
Additionally, one or more Panel members who could be members of the putative classes in this
litigation have renounced their participation in these classes and have participated in this decision.

-2-

decide this motion.  We have held repeatedly that a motion for remand alone generally is an insufficient basis to vacate a conditional transfer order.[1]  Plaintiff can present his motion for remand to the transferee judge.  *See, e.g.*, *In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990); *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).

In our order centralizing this litigation, we held that the Northern District of California was an appropriate Section 1407 forum for actions sharing factual questions arising from the Anthem data breach.  *See In re Anthem, Inc., Customer Data Sec. Breach Litig.*, 109 F. Supp. 3d 1364 (J.P.M.L. 2015).  We find that *Kaufman* shares factual questions with those actions, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Lucy H. Koh for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

*Sarah Vance*
_____
Sarah S. Vance
Chair

Marjorie O. Rendell          Charles R. Breyer
Ellen Segal Huvelle          R. David Proctor

---

[1] Panel Rule 2.1(d) expressly provides that the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending.  Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so.

**IN RE: ANTHEM, INC., CUSTOMER DATA**
**SECURITY BREACH LITIGATION**                                     MDL No. 2617

## SCHEDULE A

<u>Western District of Washington</u>

KAUFMAN v. AMERIGROUP WASHINGTON, INC., ET AL., C.A. No. 2:16-00306