# Exhibit A

ALTSHULER BERZON LLP
EVE CERVANTEZ (SBN 164709)
ecervantez@altshulerberzon.com
JONATHAN WEISSGLASS (SBN 185008)
jweissglass@altshulerberzon.com
DANIELLE E. LEONARD (SBN 218201)
dleonard@altshulerberzon.com
MEREDITH A. JOHNSON (SBN 291018)
mjohnson@altshulerberzon.com
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064

COHEN MILSTEIN SELLERS & TOLL PLLC
ANDREW N. FRIEDMAN (admitted pro hac vice)
afriedman@cohenmilstein.com
GEOFFREY GRABER (SBN 211547)
ggraber@cohenmilstein.com
SALLY M. HANDMAKER (SBN 281186)
shandmaker@cohenmilstein.com
ERIC KAFKA (admitted pro hac vice)
ekafka@cohenmilstein.com
1100 New York Ave. NW
Suite 500, West Tower
Washington, DC 20005
Telephone:  (202) 408-4600
Facsimile:   (202) 408-4699

*Lead Plaintiffs' Counsel*
*[Additional Plaintiffs' Counsel Listed on Signature Page]*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| IN RE ANTHEM, INC. DATA BREACH LITIGATION | Case No. 15-MD-02617-LHK (NC) |
| | **PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT BLUE CROSS BLUE SHIELD ASSOCIATION** |

Case No. 15-MD-02617-LHK (NC)
PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
TO DEFENDANT BLUE CROSS BLUE SHIELD ASSOCIATION

Plaintiffs hereby propound the following requests for production of documents to Defendant Blue Cross Blue Shield Association  pursuant to Federal Rules of Civil Procedure 26 and 34, and request that Defendant Blue Cross Blue Shield Association produce the documents and electronically-stored information stated herein within thirty (30) days of service of these requests at Cohen Milstein Sellers & Toll PLLC, 1100 New York Ave NW, Suite 500, Washington, DC 20005.

### DEFINITIONS

1.      "Anthem" means the Anthem Defendants and Anthem, Inc.'s past and present parents, subsidiaries, affiliates, predecessors, successors, employees, independent contractors, officers, agents, vendors, accountants, and all other persons or entities acting on its behalf or under its direct or indirect control.

2.      "Anthem Defendants" means the Defendants named in the Consolidated Amended that are not Non-Anthem Defendants.

3.      "BCBSA," "You," or "Your" means Defendant Blue Cross Blue Shield Association, its past and present parents, subsidiaries, affiliates, predecessors, successors, employees, independent contractors, officers, agents, vendors, accountants, and all other persons or entities acting on its behalf or under its direct or indirect control.

4.      "Communication" means the transmittal of information expressed by any means.

5.      The "Data Breach" refers to the data breach or breaches initially reported by Anthem in February 2015.

6.      "Defendants" means each and every Defendant named in the operative Complaint in this action.

7.      "Document" or "documents" includes all documents, communications, information, or tangible things within the scope of Federal Rules of Civil Procedure 26 and 34, including ESI, and all versions and drafts of documents.

8.      "ESI" or "Electronically Stored Information" means information that is stored in electronic media, regardless of the media or whether it is in the original format in which it is created, and that is retrievable in perceivable form and includes metadata, system data, deleted data, and fragmented data.

1

9. "Non-Anthem BCBS Defendants" means Defendants Blue Cross and Blue Shield of Alabama; Blue Cross and Blue Shield of Arizona, Inc.; USAble Mutual Insurance Company, d/b/a Arkansas Blue Cross and Blue Shield and BlueAdvantage Administrators of Arkansas; California Physicians' Service d/b/a Blue Shield of California; Blue Cross and Blue Shield of Florida, Inc. d/b/a Florida Blue; CareFirst of Maryland, Inc.; Blue Cross and Blue Shield of Massachusetts, Inc.; Blue Cross and Blue Shield of Michigan; BCBSM, Inc. d/b/a Blue Cross and Blue Shield of Minnesota; Horizon Healthcare Services, Inc.; Blue Cross and Blue Shield of North Carolina, Inc.; Highmark Inc. f/k/a Highmark Health Services; Highmark West Virginia Inc.; BlueCross BlueShield of Tennessee; Blue Cross and Blue Shield of Vermont; Blue Cross and Health Care Service Corporation, a mutual legal reserve Company, d/b/a Blue Cross and Blue Shield of Illinois; and Blue Cross and Blue Shield of Texas; their past and present parents, subsidiaries, affiliates, predecessors, successors, employees, independent contractors, officers, agents, vendors, accountants, and all other persons or entities acting on behalf or under direct or indirect control of any Non-Anthem BCBS Defendant.

10. "Non-Anthem Defendants" means Non-Anthem BCBS Defendants and BCBSA.

11. "PHI" or "Protected Health Information" has the same scope and definition as set forth in 45 C.F.R. § 160.103.

12. "PII" or "Personally Identifiable Information" is information that can be used on its own or with other information to identify a single person, including name, address, social security number, data and place of birth, mother's maiden name, and biometric records, and also may include PHI.

13. "Plaintiff(s)" means those individuals named in the operative Complaint in this action.

## **INSTRUCTIONS**

1. Unless otherwise stated, the relevant time period for these document requests is October 1, 2011 through the present.

2. If You withhold information, documents, or ESI otherwise discoverable under the Federal Rules of Civil Procedure by claiming that such information, documents, or ESI are privileged or subject to protection as trial preparation material, You must make that claim in accordance with Federal Rule of Civil Procedure 26 and the ESI protocol entered in this action between Plaintiffs and Anthem, Dkt. No. 352 (incorporating the Exhibit submitted at Dkt. No. 343-1). All ESI shall be produced in

accordance with the Stipulated Order Re: Discovery of Electronically Stored Information entered in this action on November 4, 2015, Dkt. No. 352 (and Dkt. No. 343-1), unless the parties agree otherwise.

3.      If any document is known to have existed but no longer exists, has been destroyed, or is otherwise unavailable, any Defendant that would otherwise produce the document must identify the document, the reason for its destruction (if applicable), the name of each person known or reasonably believed by the Defendant(s) to have present possession, custody, or control of the original and any copy thereof (if applicable), and a description of the disposition of each copy of the document or ESI.

4.      If no documents or ESI responsive to a request exist, please state that no responsive documents exist.

5.      These requests are continuing in nature and require supplemental response and production.

6.      If You assert an objection to any request You must nonetheless respond and produce any responsive documents that are not subject to the stated objection.  If You object to part of a request or category, You must specify the portion of the request to which You object and must produce documents responsive to the remaining parts of the request.

## DOCUMENTS AND ESI REQUESTED

**REQUEST FOR PRODUCTION NO. 8:**

All documents and communications You provided to or received from any foreign or domestic government or governmental entity, such as the U.S. Federal Trade Commission, Federal Bureau of Investigation, Department of Homeland Security, Department of Health and Human Services, Office of Personnel Management's Office of the Inspector General, attorneys general, insurance commissioners, and the Irish Data Protection Commissioner, regarding the Data Breach.

**REQUEST FOR PRODUCTION NO. 9:**

All policies and procedures to determine whether an entity receiving Your or Your licensees' members' PHI and/or PII provides adequate security for that information.

**REQUEST FOR PRODUCTION NO. 10:**

All documents and communications regarding Anthem's security for Your or Your licensees' members' PHI and/or PII.

3

Case No. 15-MD-02617-LHK (NC)
PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
TO DEFENDANT BLUE CROSS BLUE SHIELD ASSOCIATION

**REQUEST FOR PRODUCTION NO. 11:**

All documents and communications regarding any attempt by You to verify that Anthem was adequately protecting the PHI or PII of Your or Your licensees' members.

**REQUEST FOR PRODUCTION NO. 12:**

All documents reflecting Your assessment of the potential risks and vulnerabilities to the confidentiality, integrity, and availability of electronic PHI and PII held by Anthem.

**REQUEST FOR PRODUCTION NO. 13:**

All documents, including but not limited to written contracts or agreements, reflecting assurances from Anthem that it would appropriately safeguard electronic PHI and/or PII.

**REQUEST FOR PRODUCTION NO. 14:**

All documents and communications regarding Your licensees' security for Your or Your licensees' members' PHI and/or PII.

**REQUEST FOR PRODUCTION NO. 15:**

All documents and communications regarding limitations to Blue Cross Blue Shield licensees' retention, use, or disclosure of Your or Your licensees' members' PHI and/or PII.

**REQUEST FOR PRODUCTION NO. 16:**

All documents and communications regarding limitations to Anthem's retention, use, or disclosure of Your or Your licensees' members' PHI and/or PII.

**REQUEST FOR PRODUCTION NO. 17:**

All presentations to members of Your Board of Directors regarding (a) possible cybersecurity threats, (b) Anthem's cybersecurity, (c) Anthem's information technology infrastructure, or (d) the security protection of Your or Your licensees' members' PHI and/or PII that was transmitted to Anthem.

**REQUEST FOR PRODUCTION NO. 18:**

All documents memorializing or recording meetings in which members of Your Board of Directors were informed about (a) possible cybersecurity threats, (b) Anthem's cybersecurity, (c) Anthem's information technology infrastructure, or (d) the security protection of Your or Your licensees' members' PHI and/or PII that was transmitted to Anthem.

**REQUEST FOR PRODUCTION NO. 19:**

All memoranda, executive summaries, analyses, and reports directed to Your high-level executives, including but not limited to those written by or directed to Your Chief Information Officer, Your Chief Information Security Officer, or similar executives, regarding the Data Breach

**REQUEST FOR PRODUCTION NO. 20:**

All memoranda, executive summaries, analyses, and reports directed to Your high-level executives, including but not limited to those written by or directed to your Chief Information Officer, Chief Information Security Officer, or equivalent personnel regarding: (a) Anthem's data security prior to discovery of the Data Breach, (b) Anthem's discovery of the Data Breach, (c) security flaws identified in the Data Breach, or (d) changes to Anthem's data security implemented after discovery of the data breach.

**REQUEST FOR PRODUCTION NO. 21:**

All documents and communications (including any letters, emails, or telephone recordings) between You and Your licensees' members, regarding policies, procedures, protocols, and practices for protecting PHI and/or PII provided to Blue Cross Blue Shield licensees.

**REQUEST FOR PRODUCTION NO. 22:**

All documents and communications (including any letters, emails, or telephone recordings) between You and Your or Your licensees' members, regarding policies, procedures, protocols, and practices for protecting PHI and/or PII provided to Anthem.

**REQUEST FOR PRODUCTION NO. 23:**

All documents regarding any security audits or testing to evaluate the security of any parts of Anthem's networks.

**REQUEST FOR PRODUCTION NO. 24:**

All documents regarding Anthem's compliance or noncompliance with any applicable network or data security guidelines or standards, such as NIST, COBIT 5, the HITECH Act, PCI DSS, ISO/IEC27001, and ISO/IEC27002.

**REQUEST FOR PRODUCTION NO. 25:**

Case No. 15-MD-02617-LHK (NC)
PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
TO DEFENDANT BLUE CROSS BLUE SHIELD ASSOCIATION

1  Documents sufficient to identify all Your employees who, between October 1, 2011 and the

2  present, were responsible for the development and implementation of policies and procedures aimed at

3  protecting information provided to Your licensees, including Anthem.

4  **REQUEST FOR PRODUCTION NO. 26:**

5  Documents sufficient to explain why, how, and under what circumstances Your or Your

6  licensees' members' PHI and/or PII is transmitted to Anthem.

7  **REQUEST FOR PRODUCTION NO. 27:**

8  All of Your policies, procedures, and protocols for mitigating the harmful effects on Your or

9  Your licensees' members of cybersecurity incidents.

10  **REQUEST FOR PRODUCTION NO. 28:**

11  All documents and communications regarding Your policies, procedures, protocols, and

12  practices concerning how to advise consumers whose PII and/or PHI was included in the Data Breach,

13  including, but not limited to, what information You will provide to them, and when You will notify or

14  respond to them regarding a data breach.

15  **REQUEST FOR PRODUCTION NO. 29:**

16  All communications between or among You, Anthem, and/or Your licensees regarding the Data

17  Breach.

18  **REQUEST FOR PRODUCTION NO. 30:**

19  All databases or information systems that summarize or compile the terms of Your contracts with

20  consumers.

21  **REQUEST FOR PRODUCTION NO. 31:**

22  Documents showing Your financial budgets, expenditures, and allocations to ensure the security

23  of Your and Your licensees' members' PII and PHI.

24  **REQUEST FOR PRODUCTION NO. 32:**

25  All insurance policies that relate to Your liability for data breach or privacy breach.

26  **REQUEST FOR PRODUCTION NO. 33:**

27  All documents regarding Your applications for insurance policies related to Your potential

28  liability for data breach or privacy breach.

Case No. 15-MD-02617-LHK (NC)
PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
TO DEFENDANT BLUE CROSS BLUE SHIELD ASSOCIATION

**REQUEST FOR PRODUCTION NO. 34:**

All insurance policies, including any declaration pages and riders that could be used to satisfy any claim in this action.

**REQUEST FOR PRODUCTION NO. 35:**

All documents regarding Your insurance claims related to data or privacy breaches.

**REQUEST FOR PRODUCTION NO. 36:**

All contracts between or among You, Anthem, and/or Your licensees that allocate costs associated with a data or privacy breach, including through indemnification provisions.

**REQUEST FOR PRODUCTION NO. 37:**

Organization charts showing names, job titles, and working relationships for Your employees likely to be in possession of documents relevant to this litigation or responsive to these Requests for Production.

**REQUEST FOR PRODUCTION NO. 38:**

All documents regarding the costs (actual, expected, or potential) incurred as a result of the Data Breach by individuals whose information was accessed in the Data Breach.

**REQUEST FOR PRODUCTION NO. 39:**

All documents regarding the costs You incurred as a result of the Data Breach.

**REQUEST FOR PRODUCTION NO. 40:**

All documents regarding Your assessment, evaluation, or estimate of the number of your members or other persons that have suffered, or are likely to suffer, fraud, identity theft, or other harm as a result of the Data Breach.

**REQUEST FOR PRODUCTION NO. 41:**

All documents regarding Anthem's assessment, evaluation, or estimate of the number of your members or other persons that have suffered, or are likely to suffer, fraud, identity theft, or other harm as a result of the Data Breach.

**REQUEST FOR PRODUCTION NO. 42:**

Documents showing Your annual financial budgets, expenditures, and allocations to ensure the security of PII and PHI contained in Your networks.

Case No. 15-MD-02617-LHK (NC)
PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
TO DEFENDANT BLUE CROSS BLUE SHIELD ASSOCIATION

**REQUEST FOR PRODUCTION NO. 43:**

All analyses, studies, or reports regarding the importance of data security to Your or Your licensees' members or potential members.

**REQUEST FOR PRODUCTION NO. 44:**

All analyses, studies, or reports regarding the importance of data security to consumers.

**REQUEST FOR PRODUCTION NO. 45:**

All analyses, studies, or reports regarding the monetary value of data security to Your or Your licensees' members or potential members.

**REQUEST FOR PRODUCTION NO. 46:**

All analyses, studies, or reports regarding the monetary value of data security to consumers.

**REQUEST FOR PRODUCTION NO. 47:**

Documents showing Your sales, revenue, and profits throughout the Relevant Period.

**REQUEST FOR PRODUCTION NO. 48:**

All documents and communications concerning identity theft, fraudulent tax filings or fraudulent transactions resulting from the Data Breach, including any assessment, evaluation, or estimate of the incidence of future identity theft, fraudulent tax filings, or fraudulent transactions resulting from the Data Breach.

**REQUEST FOR PRODUCTION NO. 49:**

Organizational charts or other documents sufficient to identify the relationships between You and all of Your subsidiaries and related or affiliated entities.

**REQUEST FOR PRODUCTION NO. 50:**

Documents sufficient to show the amounts paid to You by (or on behalf of) individuals whose PII or PHI was compromised in the Data Breach.

**REQUEST FOR PRODUCTION NO. 51:**

Documents sufficient to show the net amount of money you paid Anthem for services provided to Your or Your licensees' members whose PHI and/or PII was compromised in the Data Breach.

1    Dated: January 5, 2016                    **DAVID M. BERGER**

2                                              By: /s/ David M. Berger

3
                                              **GIRARD GIBBS LLP**
4                                             ERIC H. GIBBS
                                              DAVID M. BERGER
5                                             1 Kaiser Plaza, Suite 1125
                                              Oakland, California 94612
6                                             Telephone:  (510) 981-4800
                                              Facsimile:  (415) 981-4846
7

8                                             **ALTSHULER BERZON LLP**
                                              EVE CERVANTEZ
9                                             JONATHAN WEISSGLASS
                                              DANIELLE E. LEONARD
10                                            MEREDITH A. JOHNSON

11                                            **COHEN MILSTEIN SELLERS & TOLL**
                                              **PLLC**
12                                            ANDREW N. FRIEDMAN
                                              GEOFFREY GRABER
13                                            SALLY M. HANDMAKER
                                              ERIC KAFKA
14

15                                            **LIEFF CABRASER HEIMANN &**
                                              **BERNSTEIN, LLP**
16                                            MICHAEL W. SOBOL
                                              NICOLE D. SUGNET
17                                            275 Battery Street, 29th Floor
                                              San Francisco, CA 94111-3339
18

19

20

21

22

23

24

25

26

27

28

Case No. 15-MD-02617-LHK (NC)
PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
TO DEFENDANT BLUE CROSS BLUE SHIELD ASSOCIATION

**PROOF OF SERVICE**

I declare that I am over the age of eighteen (18) and not a party to this action.  My business address is 1 Kaiser Plaza, Suite 1125, Oakland, CA 94612.

On January 5, 2016, I served the following document(s): **PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT BLUE CROSS BLUE SHIELD ASSOCIATION** on the interested parties in this action by placing a true and correct copy of such document, enclosed in a sealed envelope, addressed as follows:

Brian P. Kavanaugh                        Craig A. Hoover
KIRKLAND & ELLIS LLP                Hogan Lovells US LLP
300 North LaSalle | Chicago, Illinois  60654    555 Thirteenth Street, NW
+1 312.862.2015                          Washington, DC 20004
F +1 312.862.2200                        Telephone:    (202) 637-5600
brian.kavanaugh@kirkland.com        Facsimile:     (202) 637-5910
                                                    craig.hoover@hoganlovells.com

☒    I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service.  I know that the correspondence was deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business.  I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date in the United States mail at, Oakland, CA.

☐    By Overnight Service: I caused the above-referenced document(s) to be deposited in a box or other facility regularly maintained by the overnight courier, or I delivered the above-referenced document(s) to an overnight courier service, for delivery to the above addressee(s).

☒    By E-Mail: I electronically transmitted a PDF version of the above-listed documents to the email addresses set forth above on this date.

☐    By Personal Service:  I caused to be delivered by courier**,** such envelope by hand to the offices of the above addressee(s).

☐    By Personal Service:  I delivered such envelope by hand to the offices of the addressee(s).

☐    By Facsimile Machine:  The document was transmitted by facsimile transmission to the number(s) indicated and was reported as complete and without error.

I declare under penalty of perjury under the laws of the State of California and the United States that the above is true and correct.

Executed on January 5, 2015 at Oakland, California

/s/  David M. Berger
David M. Berger

10

Case No. 15-MD-02617-LHK (NC)
PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
TO DEFENDANT BLUE CROSS BLUE SHIELD ASSOCIATION