# Exhibit B

1   KIRKLAND & ELLIS LLP
    Brian P. Kavanaugh (SBN 6270046)
2   Katherine Warner (SBN 3301169)
    Tim Pickert (SBN 6313725)
3   300 North LaSalle Street
    Chicago, IL  60654
4   Tel:  (312) 862-2000
    Fax:  (312) 862-2200
5   brian.kavanaugh@kirkland.com
    kate.warner@kirkland.com
6   tim.pickert@kirkland.com

7

8   *Attorneys for Defendant*
    *The Blue Cross Blue Shield Association*

9                  **UNITED STATES DISTRICT COURT**

10               **NORTHERN DISTRICT OF CALIFORNIA**

11                      **SAN JOSE DIVISION**

12  *In Re Anthem, Inc. Data Breach Litigation*    Case No. 5:15-md-02617-LHK

13                                                 **DEFENDANT THE BLUE CROSS BLUE
                                                   SHIELD ASSOCIATION'S OBJECTIONS
14                                                 AND RESPONSES TO PLAINTIFFS'
                                                   SECOND SET OF REQUESTS FOR
15                                                 PRODUCTION OF DOCUMENTS TO
                                                   DEFENDANT BLUE CROSS BLUE SHIELD
16                                                 ASSOCIATION**

17                                                 The Honorable Lucy H. Koh

18

19

20

21

22

23

24

25

26

27

28

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

1                Defs.' Objs. & Resps. to Pls.'
                 RFP, Set 2
                 Case No. 5:15-md-02617-LHK

PROPOUNDING PARTY:     PLAINTIFFS

RESPONDING PARTY:      DEFENDANT THE BLUE CROSS AND BLUE SHIELD
                       ASSOCIATION

SET NUMBER:            TWO

    Defendant The Blue Cross and Blue Shield Association ("BCBSA" or "Defendant") hereby responds to Plaintiffs' Second Set of Requests for Production of Documents ("Requests"), as follows:

## PRELIMINARY STATEMENT AND RESERVATION OF RIGHTS

    BCBSA makes the objections and responses here (collectively, the "Objections") based on its interpretation and understanding of the Requests and based on its current knowledge, understanding, and belief as to the facts and information available to it as of the date of the Objections.  If Plaintiffs subsequently assert an interpretation of any Request that differs from BCBSA's understanding, BCBSA reserves the right to complete its investigation and discovery of the facts, and to rely at trial or in other proceedings on documents, regardless of whether such information is newly discovered or newly in existence.  The Objections shall not constitute an admission by BCBSA that any of the Requests, any of the Objections, or any documents or things produced in connection therewith, are admissible as evidence in any trial or other proceeding.  BCBSA reserves the right to object on any grounds, at any time, to the admission into evidence of any request or any objection, response, or any document or thing produced in connection therewith in any such trial or other proceeding.  Additional discovery and investigation may lead to additions to, changes in, or modifications of these Objections.  Therefore, these Objections are provided without prejudice to BCBSA's right to revise, amend, correct, supplement, modify, or clarify its discovery responses to the extent required by Federal Rule of Civil Procedure 26.

    BCBSA does not waive any objection, nor any claim of privilege or immunity, whether expressly asserted or not, by providing any information or identifying any document or thing in response to any Request.  The inadvertent disclosure of such information, or the inadvertent identification or production of such a document, shall not constitute a waiver of any applicable

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Defs.' Objs. & Resps. to Pls.'
RFP, Set 2
Case No. 5:15-md-02617-LHK

privilege or immunity as to that document or any other document identified or produced by BCBSA. All objections as to privilege, immunity, relevance, authenticity, or admissibility of any information or documents referred to herein are expressly reserved.  Further, these Objections are not a concession that any individual identified by BCBSA may be called as a witness, that such person possesses discoverable information, or that the subject matter of any particular request or objection thereto is relevant to this action.

## **GENERAL OBJECTIONS**

1.      BCBSA objects to each and every Request to the extent it purports to impose obligations beyond those set forth in the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of California, or the Case Management Orders and other Orders entered by the Court, including the Stipulated Order Re: Discovery of Electronically Stored Information entered on November 4, 2015 (Dkt. Nos. 352 and 343-1).

2.      BCBSA objects that Plaintiffs' proposed applicable timeframe is unduly burdensome, unnecessarily broad, not proportional to the needs of the case and/or seeks information not relevant to the claims and defenses of any party.  Unless otherwise stated below, BCBSA objects to production of information or documents generated before January 1, 2014 or after October 19, 2015, the date that the First Consolidated Complaint in this MDL proceeding was filed (without conceding that this is a reasonable time period).

3.      BCBSA objects to each and every Request to the extent it seeks proprietary or confidential business information, trade secrets, medical or other sensitive information, or documents containing information non-responsive to the Requests.  To the extent any non-privileged, proprietary or confidential information, trade secrets, medical or other sensitive or protective information is responsive to the Requests, BCBSA will produce such information to the extent it can consistent with its confidentiality obligations and in accordance with the governing protective order entered in this action.

4.      BCBSA objects to each and every request to the extent that it seeks to compel the disclosure of confidential and/or privileged material protected under, without limitation, the

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

3                          Defs.' Objs. & Resps. to Pls.'
RFP, Set 2
Case No. 5:15-md-02617-LHK

attorney-client privilege and the work product doctrine, consulting expert or any other statutory or common law privilege, prohibition, limitation, or immunity from disclosure, including the joint defense privilege or the "common interest" privilege, including information that is prepared for or in anticipation of litigation or contains or reflects the analysis, mental impressions, or work of counsel. BCBSA hereby asserts all such applicable privileges, protections, and immunities.  BCBSA intends to preserve all such privileges, protections, and immunities to the fullest extent, and any inadvertent production of privileged or protected documents or information shall not constitute a waiver, in whole or in part, of any such privilege, protection or immunity.  Plaintiffs shall not use in any manner whatsoever any information derived solely from any inadvertently produced privileged or protected document or information.

5.     BCBSA objects to each and every Request to the extent it seeks electronically stored information from sources that are not reasonably accessible because of undue burden or cost.

6.     BCBSA objects to each and every Request to the extent it seeks to have BCBSA produce information in a manner other than in the manner in which such information is kept in the ordinary course of business.

7.     BCBSA objects to each and every Request to the extent that it is unreasonably cumulative, redundant, or duplicative of other Requests; calls for the production of documents that are in Plaintiffs' possession, custody, or control; or seeks information that is already known to Plaintiffs or that is equally available or readily ascertainable from other sources that are more convenient, less burdensome, or less expensive.

8.     BCBSA objects to each and every Request that seeks the production of "all documents," "all documents and communications," and "all contracts" as overbroad and unduly burdensome where a reasonable quantity of documents would suffice to show the pertinent information.  In producing documents in response to these Requests, BCBSA will produce a reasonable quantity of documents sufficient to show the information sought.

9.     BCBSA objects to the Requests, and each and every definition and instruction therein, to the extent that they purport to call for the production of documents or the disclosure of

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

information that BCBSA is prohibited from producing or disclosing by contract, court order, statute, rule, regulation or law.

10.    BCBSA objects that Plaintiffs' Requests do not "specify a reasonable time, place, and manner" for the requested actions, as required by Federal Rule of Civil Procedure 34(b)(1)(B).  To the extent BCBSA produces documents or things in response to these Requests, they will do so within a reasonable time consistent with the discussions of the parties during meet and confers and within any schedule set for discovery by the Court's orders and applicable Federal and Local Rules, including but not limited to the Stipulated Order Re: Discovery of Electronically Stored Information (ESI) entered on November 4, 2015 (Dkt. Nos. 352 and 343-1).

11.    BCBSA objects to the Requests to the extent that they contain express or implied assumptions of fact or law with respect to matters at issue in this action.  BCBSA's responses and objections to the Requests are not intended to, and shall not, be construed as an agreement or concurrence by it with Plaintiffs' characterization of any facts or circumstances at issue in this action.  Instead, BCBSA expressly reserves the right to contest any such characterization as inaccurate.

12.    BCBSA incorporates by reference the Reservation of Rights and every General Objection, Objection to the Definitions, and Objection to the Instructions into each specific response set forth below.  A specific response may repeat a general objection for emphasis or some other reason.  The failure to include any general objection in any specific response does not waive any general objection to that Request.

## OBJECTIONS TO THE DEFINITIONS

1.    BCBSA objects to all definitions to the extent they are vague, confusing and overbroad.  BCBSA will interpret the Requests reasonably and in good faith in accordance with common English usage as supplemented by its understanding of the common meanings of terms in the managed health care and information security industries.

2.    BCBSA objects to any directions, definitions or instructions contained in Plaintiffs' Requests to the extent that they alter the generally understood definitions under the Federal Rules of

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Civil Procedure or seek to impose on BCBSA obligations beyond those required by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of California, or the Case Management Orders and other Orders entered by the Court, including the Stipulated Order Re: Discovery of Electronically Stored Information entered on November 4, 2015 (Dkt. Nos. 352 and 343-1)

3.      BCBSA objects to the definition of the term "communication" as overly broad and unduly burdensome to the extent it is beyond the scope of the Federal Rules of Civil Procedure or includes non-documented verbal communications.

4.      BCBSA objects to the definition of the term "Data Breach" as vague and overbroad and in responding to these Requests, will interpret "Data Breach" to refer to the cyberattack Anthem announced on February 4, 2015, consistent with the agreement reached by the Anthem Defendants and Plaintiffs during meet and confers as to the definition of "Data Breach."

5.      BCBSA objects to the definition of the term "document" or "documents" to the extent it exceeds the requirements of Federal Rule of Civil Procedures 34(a) or otherwise renders the Requests overly broad or unduly burdensome.

6.      BCBSA objects to the definition of the term "ESI" or "Electronically Stored Information" as vague and ambiguous, overly broad and unduly burdensome.  BCBSA further objects to the extent the definition seeks to impose on it obligations beyond those required by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of California, or the Stipulated Order Re: Discovery of Electronically Stored Information entered on November 4, 2015 (Dkt. Nos. 352 and 343-1)

7.      BCBSA objects to Plaintiffs' definition of "Anthem" as overbroad, vague, ambiguous, and unduly burdensome to the extent BCBSA does not have knowledge of all of Anthem, Inc.'s past and present agents or vendors.

8.      BCBSA objects to Plaintiffs' instructions, definitions, and requests, including the definitions of "Plaintiff" and "Plaintiffs," to the extent that they seek documents relating to individual plaintiffs who are not alleged to be members of the Federal Employee Program ("FEP")

Defs.' Objs. & Resps. to Pls.' RFP, Set 2
Case No. 5:15-md-02617-LHK

and the Federal Employee Class as that term is defined in the Consolidated Amended Complaint. BCBSA thus construes these Requests, to the extent they seek documents relating to any plaintiff, as seeking documents relating solely to Alvin Lawson, Stella Williams, David Ifverson, and Ralph Staffieri ("FEP Named Plaintiffs"), who are alleged to be subscribers of the Federal Employee Program and the Federal Employee Class as that term is defined in the Consolidated Amended Complaint.

9.      BCBSA objects to the definition of the term "You" or "Your" as vague and ambiguous, overly broad, unduly burdensome, and purporting to impose obligations upon BCBSA that exceed the obligations imposed by the Federal Rules of Civil Procedure.  BCBSA further objects to this definition in that it purports to require production of documents and communications from third parties over which BCBSA does not have possession, custody or control.  BCBSA objects to this definition to the extent it purports to obligate employees, independent contractors, officers, agents, vendors, accountants, and other persons and entities that will not be called at trial and/or entities not named as defendants in this action to respond to the Requests.  BCBSA further objects to this definition to the extent that it purports to seek documents and/or any other form of information from certain entities relating to time periods that precede or post-date certain entities' affiliation with BCBSA.

## OBJECTIONS TO THE INSTRUCTIONS

1.      BCBSA objects to the Instructions on the ground that they purport to define the relevant time period for the Requests.  Unless otherwise stated below, BCBSA objects to production of information or documents generated before January 1, 2014 or after October 19, 2015, the date that the First Consolidated Complaint in this MDL proceeding was filed (without conceding that this is a reasonable time period).

2.      BCBSA objects to the Instructions on the ground that they render the Requests unduly burdensome, and impose requirements beyond those required by Rules 26 and 34 of the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of California, or the Case Management Orders and other Orders entered by the

Court, including the Stipulated Order Re: Discovery of Electronically Stored Information entered on November 4, 2015 (Dkt. Nos. 352 and 343-1).

3. BCBSA objects to the Instructions to the extent that they seek to require BCBSA to supplement its responses beyond what is required by Rules 26(e) and 34 of the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of California, or the Case Management Orders and other Orders entered by the Court, including the Stipulated Order Re: Discovery of Electronically Stored Information entered on November 4, 2015 (Dkt. Nos. 352 and 343-1)

## RESPONSE TO DOCUMENTS AND ESI REQUESTED

**REQUEST FOR PRODUCTION NO. 8:**

All documents and communications You provided to or received from any foreign or domestic government or governmental entity, such as the U.S. Federal Trade Commission, Federal Bureau of Investigation, Department of Homeland Security, Department of Health and Human Services, Office of Personnel Management, Office of the Inspector General, attorneys general, insurance commissioners, and the Irish Data Protection Commissioner, regarding the Data Breach.

**RESPONSE TO REQUEST NO. 8:**

BCBSA incorporates the Preliminary Statement and the General Objections stated above as if fully stated herein.

BCBSA objects to this Request to the extent that it seeks "all documents and communications" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case and/or seeks information that is not relevant to any party's claims or defenses. BCBSA further objects to this Request to the extent that "any foreign or domestic government or governmental entity" is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case and/or seeks information that is not relevant to any party's claims or defenses.

Subject to and without waiving the foregoing and General Objections, BCBSA states that it will produce the following reasonably accessible, non-privileged documents, if any, in its

Defs.' Objs. & Resps. to Pls.' RFP, Set 2
Case No. 5:15-md-02617-LHK

possession, custody or control: formal submissions to and responses from governmental entities in their role as regulators regarding the Data Breach.

**REQUEST FOR PRODUCTION NO. 9:**

All policies and procedures to determine whether an entity receiving Your or Your licensees' members' PHI and/or PII provides adequate security for that information.

**RESPONSE TO REQUEST NO. 9:**

BCBSA incorporates the Preliminary Statement and the General Objections stated above as if fully stated herein.

BCBSA objects to this Request to the extent that it seeks "all policies and procedures" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case and/or seeks information that is not relevant to any party's claims or defenses. BCBSA objects to the term "adequate" as vague and ambiguous. BCBSA further objects to this Request to the extent it seeks the production of policies or procedures governing BCBSA's internal practices concerning adequate security of PHI and/or PII which is within the possession of BCBSA as the production of such information is not proportional to the needs of the case or relevant to any party's claims or defenses. BCBSA further objects to the production of documents or communications created after February 3, 2015 as unduly burdensome and not proportional to the needs of the case and/or not relevant to any claims asserted against BCBSA.

Subject to and without waiving the foregoing and General Objections, BCBSA states that it will produce the following reasonably accessible, non-privileged documents created between January 1, 2014 and February 3, 2015, if any, in its possession, custody or control: policies and procedures regarding the security of FEP Members' PII and/or PHI when transmitted to other entities.

**REQUEST FOR PRODUCTION NO. 10:**

All documents and communications regarding Anthem's security for Your or Your licensees' members' PHI and/or PII.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

**RESPONSE TO REQUEST NO. 10:**

BCBSA incorporates the Preliminary Statement and the General Objections stated above as if fully stated herein.

BCBSA objects to this Request to the extent that it seeks "all documents and communications" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case and/or seeks information that is not relevant to any party's claims or defenses.  BCBSA further objects that the term "security" is vague and ambiguous. BCBSA further objects that this Request is duplicative of Request No. 9.  BCBSA further objects to the production of documents or communications created after February 3, 2015 as unduly burdensome and not proportional to the needs of the case and/or not relevant to any claims asserted against BCBSA.

Subject to and without waiving the foregoing and General Objections, BCBSA states that it will produce reasonably accessible, non-privileged documents and communications between January 1, 2014 and February 3, 2015 responsive to this Request, if any, in its possession, custody or control, located pursuant to a reasonable search in accordance with a reasonable ESI search protocol to be negotiated with Plaintiffs, pursuant to the terms of the Stipulated Order Re: Discovery of Electronically Stored Information (ESI) entered on November 4, 2015 (Dkt. Nos. 352 and 343-1).

**REQUEST FOR PRODUCTION NO. 11:**

All documents and communications regarding any attempt by You to verify that Anthem was adequately protecting the PHI or PII of Your or Your licensees' members.

**RESPONSE TO REQUEST NO. 11:**

BCBSA incorporates the Preliminary Statement and the General Objections stated above as if fully stated herein.

BCBSA objects to this Request to the extent that it seeks "all documents and communications" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case and/or seeks information that is not relevant to any party's claims or defenses.  BCBSA objects to the terms "verify" and "adequately" as vague and ambiguous.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

BCBSA further objects that this Request is duplicative of Request Nos. 9-10.  BCBSA further objects to the production of documents or communications created after February 3, 2015 as unduly burdensome and not proportional to the needs of the case and/or not relevant to any claims asserted against BCBSA.

Subject to and without waiving the foregoing and General Objections, BCBSA states that it will produce reasonably accessible, non-privileged documents and communications between January 1, 2014 and February 3, 2015 responsive to this Request, if any, in its possession, custody or control, located pursuant to a reasonable search in accordance with a reasonable ESI search protocol to be negotiated with Plaintiffs, pursuant to the terms of the Stipulated Order Re: Discovery of Electronically Stored Information (ESI) entered on November 4, 2015 (Dkt. Nos. 352 and 343-1).

**REQUEST FOR PRODUCTION NO. 12:**

All documents reflecting Your assessment of the potential risks and vulnerabilities to the confidentiality, integrity, and availability of electronic PHI and PII held by Anthem.

**RESPONSE TO REQUEST NO. 12:**

BCBSA incorporates the Preliminary Statement and the General Objections stated above as if fully stated herein.

BCBSA objects to this Request to the extent that it seeks "all documents and communications" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case and/or seeks information that is not relevant to any party's claims or defenses.  BCBSA objects to the terms "assessment" and "availability" as vague and ambiguous.  BCBSA further objects that this Request is duplicative of Request Nos. 9-11.  BCBSA further objects to the production of documents or communications created after February 3, 2015 as unduly burdensome and not proportional to the needs of the case and/or not relevant to any claims asserted against BCBSA.

Subject to and without waiving the foregoing and General Objections, BCBSA states that it will produce reasonably accessible, non-privileged documents and communications between January 1, 2014 and February 3, 2015 responsive to this Request, if any, in its possession, custody or control,

Defs.' Objs. & Resps. to Pls.' RFP, Set 2
Case No. 5:15-md-02617-LHK

located pursuant to a reasonable search in accordance with a reasonable ESI search protocol to be

negotiated with Plaintiffs, pursuant to the terms of the Stipulated Order Re: Discovery of

Electronically Stored Information (ESI) entered on November 4, 2015 (Dkt. Nos. 352 and 343-1).

**REQUEST FOR PRODUCTION NO. 13:**

All documents, including but not limited to written contracts or agreements, reflecting

assurance from Anthem that it would appropriately safeguard electronic PHI and/or PII.

**RESPONSE TO REQUEST NO. 13:**

BCBSA incorporates the Preliminary Statement and the General Objections stated above as if

fully stated herein.

BCBSA objects to this Request to the extent that it seeks "all documents" on the grounds that

it is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case

and/or seeks information that is not relevant to any party's claims or defenses. BCBSA objects to

the terms "assurances" and "appropriately" as vague and ambiguous. BCBSA further objects to the

production of documents or communications created after February 3, 2015 as unduly burdensome

and not proportional to the needs of the case and/or not relevant to any claims asserted against

BCBSA.

Subject to and without waiving the foregoing and General Objections, BCBSA states that it

will produce the following reasonably accessible, non-privileged documents created between

January 1, 2014 and February 3, 2015, if any: documents sufficient to show written contracts or

agreements relating to FEP members reflecting "assurances from Anthem" that it would

appropriately safeguard electronic PHI and/or PII.

**REQUEST FOR PRODUCTION NO. 14:**

All documents and communications regarding Your licensees' security for Your or Your

licensees' members' PHI and/or PII.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Defs.' Objs. & Resps. to Pls.'
RFP, Set 2
Case No. 5:15-md-02617-LHK

**RESPONSE TO REQUEST NO. 14:**

BCBSA incorporates the Preliminary Statement and the General Objections stated above as if fully stated herein.

BCBSA objects to this Request to the extent that it seeks "all documents and communications" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case and/or seeks information that is not relevant to any party's claims or defenses.  BCBSA further objects that this Request is duplicative of Request No. 9.

Subject to and without waiving the foregoing and General Objections, BCBSA directs Plaintiffs to BCBSA's response to Request No. 9.

**REQUEST FOR PRODUCTION NO. 15:**

All documents and communications regarding limitations to Blue Cross Blue Shield licensees' retention, use, or disclosure of Your or Your licensees' members' PHI and/or PII.

**RESPONSE TO REQUEST NO. 15:**

BCBSA incorporates the Preliminary Statement and the General Objections stated above as if fully stated herein.

BCBSA objects to this Request to the extent that it seeks "all documents and communications" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case and/or seeks information that is not relevant to any party's claims or defenses.  BCBSA objects to the terms "limitations," "use," and "disclosure" as vague and ambiguous.  BCBSA further objects to the production of documents or communications created after February 3, 2015 as unduly burdensome and not proportional to the needs of the case and/or not relevant to any claims asserted against BCBSA.

Subject to and without waiving the foregoing and General Objections, BCBSA states that it will produce the following reasonably accessible, non-privileged documents, if any: written policies and procedures in effect between January 1, 2014 and February 3, 2015 regarding the security of FEP Members' PII and/or PHI when transmitted to other entities.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

13

Defs.' Objs. & Resps. to Pls.'
RFP, Set 2
Case No. 5:15-md-02617-LHK

**REQUEST FOR PRODUCTION NO. 16:**

All documents and communications regarding limitations to Anthem's retention, use, or disclosure of Your or Your licensees' members' PHI and/or PII.

**RESPONSE TO REQUEST NO. 16:**

BCBSA incorporates the Preliminary Statement and the General Objections stated above as if fully stated herein.

BCBSA objects to this Request to the extent that it seeks "all documents and communications" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case and/or seeks information that is not relevant to any party's claims or defenses. BCBSA objects to the terms "limitations," "use," and "disclosure" as vague and ambiguous. BCBSA further objects to the production of documents or communications created after February 3, 2015 as unduly burdensome and not proportional to the needs of the case and/or not relevant to any claims asserted against BCBSA.

Subject to and without waiving the foregoing and General Objections, BCBSA states that it will produce the following reasonably accessible, non-privileged documents, if any, in its possession, custody or control: written policies and procedures in effect between January 1, 2014 and February 3, 2015 regarding Anthem's security of FEP Members' PII and/or PHI when transmitted to other entities.

**REQUEST FOR PRODUCTION NO. 17:**

All presentations to members of Your Board of Directors regarding (a) possible cybersecurity threats, (b) Anthem's cybersecurity, (c) Anthem's information technology infrastructure, or (d) the security protection of Your or Your licensees' members' PHI and/or PII that was transmitted to Anthem.

**RESPONSE TO REQUEST NO. 17:**

BCBSA incorporates the Preliminary Statement and the General Objections stated above as if fully stated herein.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

BCBSA objects to this Request to the extent that it seeks "all presentations" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case and/or seeks information that is not relevant to any party's claims or defenses.  BCBSA further objects to this Request to the extent that it seeks confidential business information.  BCBSA further objects to this Request to the extent that it seeks documents regarding "possible cybersecurity threats" as vague, ambiguous, and not proportional to the needs of the case and/or seeks information that is not relevant to any party's claims or defenses.  BCBSA further objects to the production of documents or communications created after February 3, 2015 as unduly burdensome and not proportional to the needs of the case and/or not relevant to any claims asserted against BCBSA.

Subject to and without waiving the foregoing and General Objections, BCBSA states that it will produce the following reasonably accessible, non-privileged documents created between January 1, 2014 and February 3, 2015, if any, in its possession, custody or control: any specific presentations to BCBSA's Board of Directors regarding Anthem's cybersecurity, Anthem's information technology infrastructure, or Anthem's security protection of PHI and/or PII transmitted to Anthem by Blue Cross Blue Shield licensees.

**REQUEST FOR PRODUCTION NO. 18:**

All documents memorializing or recording meetings in which members of Your Board of Directors were informed about (a) possible cybersecurity threats, (b) Anthem's cybersecurity, (c) Anthem's information technology infrastructure, or (d) the security protection of Your or Your licensees' members' PHI and/or PII that was transmitted to Anthem.

**RESPONSE TO REQUEST NO. 18:**

BCBSA incorporates the Preliminary Statement and the General Objections stated above as if fully stated herein.

BCBSA objects to this Request to the extent that it seeks "all documents" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case and/or seeks information that is not relevant to any party's claims or defenses.  BCBSA further objects to this Request to the extent that it seeks confidential business information.  BCBSA further

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Defs.' Objs. & Resps. to Pls.'
RFP, Set 2
Case No. 5:15-md-02617-LHK

objects to this Request to the extent that it seeks documents regarding "possible cybersecurity threats" as vague, ambiguous, and not proportional to the needs of the case and/or seeks information that is not relevant to any party's claims or defenses. BCBSA further objects to the production of documents or communications created after February 3, 2015 as unduly burdensome and not proportional to the needs of the case and/or not relevant to any claims asserted against BCBSA.

Subject to and without waiving the foregoing and General Objections, BCBSA states that it will produce the following reasonably accessible, non-privileged documents created between January 1, 2014 and February 3, 2015, if any, in its possession, custody or control: relevant portions of any BCBSA Board of Director meeting minutes regarding Anthem's cybersecurity, Anthem's information technology infrastructure, or Anthem's security protection of PHI and/or PII transmitted to Anthem by Blue Cross Blue Shield licensees.

**REQUEST FOR PRODUCTION NO. 19:**

All memoranda, executive summaries, analyses, and reports directed to Your high-level executives, including but not limited to those written by or directed to Your Chief Information Officer, Your Chief Information Security Officer, or similar executives, regarding the Data Breach.

**RESPONSE TO REQUEST NO. 19:**

BCBSA incorporates the Preliminary Statement and the General Objections stated above as if fully stated herein.

BCBSA objects to this Request to the extent that it seeks "all memoranda, executive summaries, analyses, and reports" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case and/or seeks information that is not relevant to any party's claims or defenses. BCBSA further objects to this Request to the extent that it seeks confidential business information.

Subject to and without waiving the foregoing and General Objections, BCBSA states that it will produce the following reasonably accessible, non-privileged documents, if any: formal memoranda prepared for BCBSA's executive leadership team regarding the Data Breach.

**REQUEST FOR PRODUCTION NO. 20:**

All memoranda, executive summaries, analyses, and reports directed to Your high-level executives, including but not limited to those written by or directed to your Chief Information Officer, Chief Information Security Officer, or equivalent personnel regarding: (a) Anthem's data security prior to discovery of the Data Breach, (b) Anthem's discovery of the Data Breach, (c) security flaws identified in the Data Breach, or (d) changes to Anthem's data security implemented after discovery of the data breach.

**RESPONSE TO REQUEST NO. 20:**

BCBSA incorporates the Preliminary Statement and the General Objections stated above as if fully stated herein.

BCBSA objects to this Request, to the extent that it seeks "all memoranda, executive summaries, analyses, and reports" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case.  BCBSA further objects that this Request seeks information that is not relevant to any party's claims or defenses.  BCBSA further objects to this Request, to the extent that it seeks confidential business information.  BCBSA further objects to this Request, to the extent that it seeks information that is equally available or readily ascertainable from other sources that are more convenient, less burdensome, or less expensive.

Subject to and without waiving the foregoing and General Objections, BCBSA will produce the following reasonably accessible, non-privileged documents, if any: formal memoranda prepared for BCBSA's executive leadership team regarding Anthem's data security prior to discovery of the Data Breach, Anthem's discovery of the Data Breach, or security flaws identified in the Data Breach.

**REQUEST FOR PRODUCTION NO. 21:**

All documents and communications (including any letters, emails, or telephone recordings) between You and Your licensees' members, regarding policies, procedures, protocols, and practices for protecting PHI and/or PII provided to Blue Cross Blue Shield licensees.

**RESPONSE TO REQUEST NO. 21:**

BCBSA incorporates the Preliminary Statement and the General Objections stated above as if fully stated herein.

BCBSA objects to this Request to the extent that it seeks "all documents and communications" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case and/or seeks information that is not relevant to any party's claims or defenses.  BCBSA further objects to this Request to the extent it seeks "all telephone recordings" as unduly burdensome because such recordings are not maintained in any reasonably searchable format.  BCBSA further objects that this Request is duplicative of Plaintiffs' Request for Production, Set One, Request Nos. 1 and 2.

Subject to and without waiving the foregoing and General Objections, BCBSA directs Plaintiffs to BCBSA's Objections and Responses to Plaintiffs' Request for Production, Set One, Request Nos. 1 and 2.

**REQUEST FOR PRODUCTION NO. 22:**

All documents and communications (including any letters, emails, or telephone recordings) between You and Your or Your licensees' members, regarding policies, procedures, protocols, and practices for protecting PHI and/or PII provided to Anthem.

**RESPONSE TO REQUEST NO. 22:**

BCBSA incorporates the Preliminary Statement and the General Objections stated above as if fully stated herein.

BCBSA objects to this Request to the extent that it seeks "all documents and communications" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case and/or seeks information that is not relevant to any party's claims or defenses.  BCBSA further objects to this Request to the extent it seeks "all telephone recordings" as unduly burdensome because such recordings are not maintained in any reasonably searchable format.  BCBSA further objects that this Request is duplicative of Plaintiffs' Request for Production, Set One, Request Nos. 1 and 2.

Subject to and without waiving the foregoing and General Objections, BCBSA directs Plaintiffs to BCBSA's Objections and Responses to Plaintiffs' Request for Production, Set One, Request Nos. 1 and 2.

**REQUEST FOR PRODUCTION NO. 23:**

All documents regarding any security audits or testing to evaluate the security of any parts of Anthem's networks.

**RESPONSE TO REQUEST NO. 23:**

BCBSA incorporates the Preliminary Statement and the General Objections stated above as if fully stated herein.

BCBSA objects to this Request to the extent that it seeks "all documents" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case and/or seeks information that is not relevant to any party's claims or defenses.  BCBSA objects to the terms "security audits" and "testing" as vague and ambiguous.  BCBSA further objects to the production of documents created after February 3, 2015 as unduly burdensome and not proportional to the needs of the case and/or not relevant to any claims asserted against BCBSA.

Subject to and without waiving the foregoing and General Objections, BCBSA states that it will produce reasonably accessible, non-privileged documents created between January 1, 2014 and February 3, 2015, if any, regarding any security audits or testing to evaluate the security of any parts of Anthem's networks located pursuant to a reasonable search in accordance with a reasonable ESI search protocol to be negotiated with Plaintiffs, pursuant to the terms of the Stipulated Order Re: Discovery of Electronically Stored Information (ESI) entered on November 4, 2015 (Dkt. Nos. 352 and 343-1).

**REQUEST FOR PRODUCTION NO. 24:**

All documents regarding Anthem's compliance or noncompliance with any applicable network or data security guidelines or standards, such as NIST, COBIT 5, the HITECH Act, PCI DSS, ISO/IEC27001, and ISO/IEC27002.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Defs.' Objs. & Resps. to Pls.' RFP, Set 2
Case No. 5:15-md-02617-LHK

**RESPONSE TO REQUEST NO. 24:**

BCBSA incorporates the Preliminary Statement and the General Objections stated above as if fully stated herein.

BCBSA objects to this Request to the extent that it seeks "all documents" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case and/or seeks information that is not relevant to any party's claims or defenses. BCBSA objects to the terms "applicable network or data security guidelines or standards," as vague and ambiguous. BCBSA further objects to the production of documents created after February 3, 2015 as unduly burdensome and not proportional to the needs of the case and/or not relevant to any claims asserted against BCBSA.

Subject to and without waiving the foregoing and General Objections, BCBSA states that it will produce reasonably accessible, non-privileged documents created between January 1, 2014 and February 3, 2015, if any, regarding Anthem's compliance or non-compliance with applicable network or data security guidelines or standards, such as NIST, COBIT 5, the HITECH Act, PCI DSS, ISO/IEC27001, and ISO/IEC27002 located pursuant to a reasonable search in accordance with a reasonable ESI search protocol to be negotiated with Plaintiffs, pursuant to the terms of the Stipulated Order Re: Discovery of Electronically Stored Information (ESI) entered on November 4, 2015 (Dkt. Nos. 352 and 343-1).

**REQUEST FOR PRODUCTION NO. 25:**

Documents sufficient to identify all Your employees who, between October 1, 2011 and the present, were responsible for the development and implementation of policies and procedures aimed at protecting information provided to Your licensees, including Anthem.

**RESPONSE TO REQUEST NO. 25:**

BCBSA incorporates the Preliminary Statement and the General Objections stated above as if fully stated herein.

BCBSA objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case and/or seeks information that is not relevant to any party's

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

claims or defenses to the extent it seeks documents relating to the handling of PHI and/or PII by entities other than the Blue Cross Blue Shield licensees.  BCBSA further objects to the production of documents or communications created after February 3, 2015 as unduly burdensome and not proportional to the needs of the case and/or not relevant to any claims asserted against BCBSA.

Subject to and without waiving the foregoing and General Objections, BCBSA states that it will produce documents sufficient to show or organizational charts of BCBSA's FEP Program, including the Program Assurance team and any Plan Management Team responsible for working with Anthem, created between January 1, 2014 and February 3, 2015.

**REQUEST FOR PRODUCTION NO. 26:**

Documents sufficient to explain why, how, and under what circumstances Your or Your licensees' members' PHI and/or PII is transmitted to Anthem.

**RESPONSE TO REQUEST NO. 26:**

BCBSA incorporates the Preliminary Statement and the General Objections stated above as if fully stated herein.

BCBSA objects to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and not proportional to the needs of the case and/or seeks information that is not relevant to any party's claims or defenses.  BCBSA further objects that this Request is duplicative of Plaintiffs' Request for Production, Set One, Request No. 4.

Subject to and without waiving the foregoing or General Objections, BCBSA directs Plaintiffs to BCBSA's Objections and Responses to Plaintiffs' Request for Production, Set One, Request No. 4.

**REQUEST FOR PRODUCTION NO. 27:**

All of Your policies, procedures, and protocols for mitigating the harmful effects on Your or Your licensees' members of cybersecurity incidents.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

**RESPONSE TO REQUEST NO. 27:**

BCBSA incorporates the Preliminary Statement and the General Objections stated above as if fully stated herein.

BCBSA objects to this Request to the extent that it seeks "all … policies, procedures, and protocols" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case and/or seeks information that is not relevant to any party's claims or defenses.  BCBSA further objects to this Request to the extent it seeks the production of documents or communications regarding BCBSA's internal practices concerning adequate security of PHI and/or PII which is within possession of BCBSA as the production of such information is not proportional to the needs of the case or relevant to any party's claims or defenses.

Subject to and without waiving the foregoing and General Objections, BCBSA states that it will produce the following reasonably accessible, non-privileged documents, if any:  documents sufficient to show the policies and procedures utilized by BCBSA in responding to the Data Breach.

**REQUEST FOR PRODUCTION NO. 28:**

All documents and communications regarding Your policies, procedures, protocols, and practices concerning how to advise consumers whose PII and/or PHI was included in the Data Breach, including, but not limited to, what information You provide to them, and when You will notify or respond to them regarding a data breach.

**RESPONSE TO REQUEST NO. 28:**

BCBSA incorporates the Preliminary Statement and the General Objections stated above as if fully stated herein.

BCBSA objects to this Request to the extent that it seeks "all documents and communications" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case and/or seeks information that is not relevant to any party's claims or defenses.  BCBSA objects to the terms "advise," "notify," and "respond" as vague and ambiguous.  BCBSA further objects to this Request to the extent it seeks the production of documents or communications regarding BCBSA's internal practices concerning adequate security

of PHI and/or PII which is within possession of BCBSA as the production of such information is not proportional to the needs of the case or relevant to any party's claims or defenses.

Subject to and without waiving the foregoing and General Objections, BCBSA will produce the following reasonably accessible, non-privileged documents, if any: documents sufficient to show the policies and procedures utilized by BCBSA in advising or notifying FEP members of the Data Breach.

**REQUEST FOR PRODUCTION NO. 29:**

All communications between or among You, Anthem, and/or Your licensees regarding the Data Breach.

**RESPONSE TO REQUEST NO. 29:**

BCBSA incorporates the Preliminary Statement and the General Objections stated above as if fully stated herein.

BCBSA objects to this Request to the extent that it seeks "all communications" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case and/or seeks information that is not relevant to any party's claims or defenses. BCBSA further objects to this Request on the grounds that communications between BCBSA and any Non-Anthem Defendant are not proportional to the needs of the case and/or seeks information that is not relevant to any party's claims or defenses because the Data Breach targeted Anthem and not any Non-Anthem Defendant.

Subject to and without waiving the foregoing and General Objections, BCBSA states that it will produce reasonably accessible, non-privileged communications, if any, in its possession, custody or control, between BCBSA and Anthem concerning Anthem's response to the Data Breach located pursuant to a reasonable search in accordance with a reasonable ESI search protocol to be negotiated with Plaintiffs, pursuant to the terms of the Stipulated Order Re: Discovery of Electronically Stored Information (ESI) entered on November 4, 2015 (Dkt. Nos. 352 and 343-1).

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

23                          Defs.' Objs. & Resps. to Pls.'
                            RFP, Set 2
                            Case No. 5:15-md-02617-LHK

**REQUEST FOR PRODUCTION NO. 30:**

All databases or information systems that summarize or compile the terms of Your contracts with consumers.

**RESPONSE TO REQUEST NO. 30:**

BCBSA incorporates the Preliminary Statement and the General Objections stated above as if fully stated herein.

BCBSA objects to this Request to the extent that it seeks "all databases or information systems" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case and/or seeks information that is not relevant to any party's claims or defenses.  BCBSA further objects that this Request is duplicative of Plaintiffs' Request for Production, Set One, Request No. 3.

Subject to and without waiving the foregoing and General Objections, BCBSA directs Plaintiffs to BCBSA's Objections and Responses to Plaintiffs' Request for Production, Set One, Request No. 3.

**REQUEST FOR PRODUCTION NO. 31:**

Documents showing Your financial budgets, expenditures, and allocations to ensure the security of Your and Your licensees' members' PII and PHI.

**RESPONSE TO REQUEST NO. 31:**

BCBSA incorporates the Preliminary Statement and the General Objections stated above as if fully stated herein.

BCBSA objects to this Request, on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case and/or seeks information that is not relevant to any party's claims or defenses.  BCBSA objects to the terms "expenditures, and allocations" as vague and ambiguous.  BCBSA further objects to this Request on the ground that it seeks proprietary or confidential business information.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

**REQUEST FOR PRODUCTION NO. 32:**

All insurance policies that relate to Your liability for data breach or privacy breach.

**RESPONSE TO REQUEST NO. 32:**

BCBSA incorporates the Preliminary Statement and the General Objections stated above as if fully stated herein.

BCBSA objects to this Request, on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case and/or seeks information that is not relevant to any party's claims or defenses because it seeks insurance policies relating to hypothetical data breaches not at issue in this litigation. BCBSA further objects to this Request on the ground that it seeks proprietary or confidential business information.

**REQUEST FOR PRODUCTION NO. 33:**

All documents regarding Your applications for insurance policies related to Your potential liability for data breach or privacy breach.

**RESPONSE TO REQUEST NO. 33:**

BCBSA incorporates the Preliminary Statement and the General Objections stated above as if fully stated herein.

BCBSA objects to this Request, on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case and/or seeks information that is not relevant to any party's claims or defenses because it seeks documents regarding applications for insurance policies relating to hypothetical data breaches not at issue in this litigation. BCBSA further objects to this Request on the ground that it seeks proprietary or confidential business information.

**REQUEST FOR PRODUCTION NO. 34:**

All insurance policies, including any declaration pages and riders that could be used to satisfy any claim in this action.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

**RESPONSE TO REQUEST NO. 34:**

BCBSA incorporates the Preliminary Statement and the General Objections stated above as if fully stated herein.

Subject to and without waiving the foregoing and General Objections, BCBSA states that it will produce the declaration page of any primary insurance policy that it believes may be applicable to this matter.

**REQUEST FOR PRODUCTION NO. 35:**

All documents regarding Your insurance claims related to data or privacy breaches.

**RESPONSE TO REQUEST NO. 35:**

BCBSA incorporates the Preliminary Statement and the General Objections stated above as if fully stated herein.

BCBSA objects to this Request to the extent that it seeks "all documents" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case and/or seeks information that is not relevant to any party's claims or defenses.  BCBSA further objects to this Request on the grounds that it seeks documents relating to data or privacy breaches beyond the Data Breach and is thus not proportional to the needs of the case and/or seeks information that is not relevant to any party's claims or defenses.

**REQUEST FOR PRODUCTION NO. 36:**

All contracts between or among You, Anthem, and/or Your licensees that allocate costs associated with a data or privacy breach, including through indemnification provisions.

**RESPONSE TO REQUEST NO. 36:**

BCBSA incorporates the Preliminary Statement and the General Objections stated above as if fully stated herein.

BCBSA objects to this Request to the extent that it seeks "all contracts" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case and/or seeks information that is not relevant to any party's claims or defenses.

Subject to and without waiving the foregoing and General Objections, BCBSA states that it will produce any contracts between or among these parties that allocate costs associated with the claims made against BCBSA in this matter.  BCBSA further directs Plaintiffs to BCBSA's Objections and Responses to Plaintiffs' Request for Production, Set One, Request Nos. 4-5.

**REQUEST FOR PRODUCTION NO. 37:**

Organization charts showing names, job titles, and working relationships for Your employees likely to be in possession of documents relevant to this litigation or responsive to these Requests for Production.

**RESPONSE TO REQUEST NO. 37:**

BCBSA incorporates the Preliminary Statement and the General Objections stated above as if fully stated herein.

BCBSA objects to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case and/or seeks information that is not relevant to any party's claims or defenses.  BCBSA objects to the term "working relationships" as vague and ambiguous.

Subject to and without waiving the foregoing and General Objections, BCBSA is willing to meet and confer on this Request.

**REQUEST FOR PRODUCTION NO. 38:**

All documents regarding the costs (actual, expected, or potential) incurred as a result of the Data Breach by individuals whose information was accessed in the Data Breach.

**RESPONSE TO REQUEST NO. 38:**

BCBSA incorporates the Preliminary Statement and the General Objections stated above as if fully stated herein.

BCBSA objects to this Request to the extent that it seeks "all documents" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case.

Defs.' Objs. & Resps. to Pls.' RFP, Set 2
Case No. 5:15-md-02617-LHK

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

BCBSA further objects that this Request seeks information that is not relevant to any party's claims or defenses.

**REQUEST FOR PRODUCTION NO. 39:**

All documents regarding the costs You incurred as a result of the Data Breach.

**RESPONSE TO REQUEST NO. 39:**

BCBSA incorporates the Preliminary Statement and the General Objections stated above as if fully stated herein.

BCBSA objects to this Request to the extent that it seeks "all documents" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case. BCBSA further objects that this Request seeks information that is not relevant to any party's claims or defenses.

**REQUEST FOR PRODUCTION NO. 40:**

All documents regarding Your assessment, evaluation, or estimate of the number of your members or other persons that have suffered, or are likely to suffer, fraud, identity theft, or other harm as a result of the Data Breach.

**RESPONSE TO REQUEST NO. 40:**

BCBSA incorporates the Preliminary Statement and the General Objections stated above as if fully stated herein.

BCBSA objects to this Request to the extent that it seeks "all documents" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and that this Request seeks documents which are not proportional to the needs of the case and/or seeks information that is not relevant to any party's claims or defenses.  BCBSA further objects that this Request seeks confidential and/or privileged material protected under the attorney-client privilege and the work product doctrine, consulting expert or other statutory or common law privileges.

Subject to and without waiving the foregoing and General Objections, BCBSA states that it will produce reasonably accessible, non-privileged, formal reports or assessments, evaluations or

estimates of the number of FEP members who have suffered, or are likely to suffer fraud or other

theft as a result of the Data Breach, if any, in its possession, custody or control.

**REQUEST FOR PRODUCTION NO. 41:**

All documents regarding Anthem's assessment, evaluation, or estimate of the number of your

members or other persons that have suffered, or are likely to suffer, fraud, identity theft, or other

harm as a result of the Data Breach.

**RESPONSE TO REQUEST NO. 41:**

BCBSA incorporates the Preliminary Statement and the General Objections stated above as if

fully stated herein.

BCBSA objects to this Request to the extent that it seeks "all documents" on the grounds that

it is vague, ambiguous, overbroad, unduly burdensome, and that this Request seeks documents

which are not proportional to the needs of the case and/or seeks information that is not relevant to

any party's claims or defenses.

Subject to and without waiving the foregoing and General Objections, BCBSA will produce

reasonably accessible, non-privileged documents in its custody or control, if any, responsive to this

Request located pursuant to a reasonable search in accordance with a reasonable ESI search protocol

to be negotiated with Plaintiffs, pursuant to the terms of the Stipulated Order Re: Discovery of

Electronically Stored Information (ESI) entered on November 4, 2015 (Dkt. Nos. 352 and 343-1).

**REQUEST FOR PRODUCTION NO. 42:**

Documents showing Your annual financial budgets, expenditures, and allocations to ensure

the security of PII and PHI contained in Your networks.

**RESPONSE TO REQUEST NO. 42:**

BCBSA incorporates the Preliminary Statement and the General Objections stated above as if

fully stated herein.

BCBSA objects to this Request, on the grounds that it is overbroad, unduly burdensome, and

not proportional to the needs of the case and/or seeks information that is not relevant to any party's

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

29                          Defs.' Objs. & Resps. to Pls.'
                            RFP, Set 2
                            Case No. 5:15-md-02617-LHK

claims or defenses.  BCBSA objects to the terms "expenditures, and allocations" as vague and ambiguous.  BCBSA further objects to this Request on the ground that it seeks proprietary or confidential business information.

**REQUEST FOR PRODUCTION NO. 43:**

All analyses, studies, or reports regarding the importance of data security to Your or Your licensees' members or potential members.

**RESPONSE TO REQUEST NO. 43:**

BCBSA incorporates the Preliminary Statement and the General Objections stated above as if fully stated herein.

BCBSA objects to this Request to the extent that it seeks "all analyses, studies, or reports" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and that this Request seeks documents which are not proportional to the needs of the case and/or seeks information that is not relevant to any party's claims or defenses.  BCBSA further objects to the production of documents or communications created after February 3, 2015 as unduly burdensome and not proportional to the needs of the case and/or not relevant to any claims asserted against BCBSA.

Subject to and without waiving the foregoing and General Objections, BCBSA states that it will produce the following reasonably accessible, non-privileged documents created between January 1, 2014 and February 3, 2015, if any, in its possession, custody or control: documents sufficient to show formal reports or studies commissioned, conducted or prepared by BCBSA prior to the Data Breach regarding the importance of data security to its FEP members or potential FEP members.

**REQUEST FOR PRODUCTION NO. 44:**

All analyses, studies, or reports regarding the importance of data security to consumers.

**RESPONSE TO REQUEST NO. 44:**

BCBSA incorporates the Preliminary Statement and the General Objections stated above as if fully stated herein.

Defs.' Objs. & Resps. to Pls.'
RFP, Set 2
Case No. 5:15-md-02617-LHK

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

BCBSA objects to this Request to the extent that it seeks "all analyses, studies, or reports" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and that this Request seeks documents which are not proportional to the needs of the case and/or seeks information that is not relevant to any party's claims or defenses.  BCBSA further objects to the production of documents or communications created after February 3, 2015 as unduly burdensome and not proportional to the needs of the case and/or not relevant to any claims asserted against BCBSA.  BCBSA further objects that this Request is duplicative of Request No. 43.

Subject to and without waiving the foregoing and General Objections, BCBSA directs Plaintiffs to BCBSA's response to Request No. 43.

**REQUEST FOR PRODUCTION NO. 45:**

All analyses, studies, or reports regarding the monetary value of data security to Your or Your licensees' members or potential members.

**RESPONSE TO REQUEST NO. 45:**

BCBSA incorporates the Preliminary Statement and the General Objections stated above as if fully stated herein.

BCBSA objects to this Request to the extent that it seeks "all analyses, studies, or reports" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and that this Request seeks documents which are not proportional to the needs of the case and/or seeks information that is not relevant to any party's claims or defenses.  BCBSA further objects to the production of documents or communications created after February 3, 2015 as unduly burdensome and not proportional to the needs of the case and/or not relevant to any claims asserted against BCBSA.

Subject to and without waiving the foregoing and General Objections, BCBSA states that it will produce the following reasonably accessible, non-privileged documents created between January 1, 2014 and February 3, 2015, if any, in its possession, custody or control: documents sufficient to show formal reports or studies commissioned, conducted or prepared by BCBSA prior to the Data Breach regarding the monetary value of data security to its FEP members or potential FEP members.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Defs.' Objs. & Resps. to Pls.'
RFP, Set 2
Case No. 5:15-md-02617-LHK

**REQUEST FOR PRODUCTION NO. 46:**

All analyses, studies, or reports regarding the monetary value of data security to consumers.

**RESPONSE TO REQUEST NO. 46:**

BCBSA incorporates the Preliminary Statement and the General Objections stated above as if fully stated herein.

BCBSA objects to this Request to the extent that it seeks "all analyses, studies, or reports" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and that this Request seeks documents which are not proportional to the needs of the case and/or seeks information that is not relevant to any party's claims or defenses. BCBSA further objects to the production of documents or communications created after February 3, 2015 as unduly burdensome and not proportional to the needs of the case and/or not relevant to any claims asserted against BCBSA. BCBSA further objects that this Request is duplicative of Request No. 45.

Subject to and without waiving the foregoing and General Objections, BCBSA directs Plaintiffs to BCBSA's response to Request No. 45.

**REQUEST FOR PRODUCTION NO. 47:**

Documents showing Your sales, revenue, and profits throughout the Relevant Period.

**RESPONSE TO REQUEST NO. 47:**

BCBSA incorporates the Preliminary Statement and the General Objections stated above as if fully stated herein.

BCBSA objects to this Request, on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case and/or seeks information that is not relevant to any party's claims or defenses. BCBSA further objects to this Request on the ground that it seeks proprietary or confidential business information.

**REQUEST FOR PRODUCTION NO. 48:**

All documents and communications concerning identity theft, fraudulent tax filings or fraudulent transactions resulting from the Data Breach, including any assessment, evaluation, or

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

estimate of the incidence of future identity theft, fraudulent tax filings, or fraudulent transactions resulting from the Data Breach.

**RESPONSE TO REQUEST NO. 48:**

BCBSA incorporates the Preliminary Statement and the General Objections stated above as if fully stated herein.

BCBSA objects to this Request to the extent that it seeks "all documents and communications" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case and/or seeks information that is not relevant to any party's claims or defenses.  BCBSA further objects that this Request is duplicative of Request No. 40.

Subject to and without waiving the foregoing or General Objections, BCBSA directs Plaintiffs to BCBSA's response to Plaintiffs' Request No. 40.

**REQUEST FOR PRODUCTION NO. 49:**

Organizational charts or other documents sufficient to identify the relationships between You and all of Your subsidiaries and related or affiliated entities.

**RESPONSE TO REQUEST NO. 49:**

BCBSA incorporates the Preliminary Statement and the General Objections stated above as if fully stated herein.

BCBSA objects to this Request, on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case and/or seeks information that is not relevant to any party's claims or defenses.

**REQUEST FOR PRODUCTION NO. 50:**

Documents sufficient to show the amounts paid to You by (or on behalf of) individuals whose PII or PHI was compromised in the Data Breach.

**RESPONSE TO REQUEST NO. 50:**

BCBSA incorporates the Preliminary Statement and the General Objections stated above as if fully stated herein.

Defs.' Objs. & Resps. to Pls.'
RFP, Set 2
Case No. 5:15-md-02617-LHK

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

BCBSA objects to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case and/or seeks information that is not relevant to any party's claims or defenses.  BCBSA further objects that this Request is duplicative of Plaintiffs' Request for Production, Set One, Request No. 3.

Subject to and without waiving the foregoing or General Objections, BCBSA directs Plaintiffs to BCBSA's Objections and Responses to Plaintiffs' Request for Production, Set One, Request No. 3.

## REQUEST FOR PRODUCTION NO. 51:

Documents sufficient to show the net amount of money you paid Anthem for services provided to Your or Your licensees' members whose PHI and/or PII was compromised in the Data Breach.

## RESPONSE TO REQUEST NO. 51:

BCBSA incorporates the Preliminary Statement and the General Objections stated above as if fully stated herein.

BCBSA objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case and/or seeks information that is not relevant to any party's claims or defenses.  BCBSA further objects that the phrase "net amount of money you paid to Anthem" is vague and ambiguous.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Defs.' Objs. & Resps. to Pls.'
RFP, Set 2
Case No. 5:15-md-02617-LHK

1   DATED: February 15, 2016                    Respectfully submitted,
2                                                KIRKLAND & ELLIS LLP

3
4                                                /s/ Brian P. Kavanaugh

5                                                Brian P. Kavanaugh (SBN 6270046)
                                                 Katherine Warner (SBN 3301169)
6                                                Tim Pickert (SBN 6313725)
                                                 300 North LaSalle Street
7                                                Chicago, IL  60654
                                                 Tel:  (312) 862-2000
8                                                Fax:  (312) 862-2200
                                                 brian.kavanaugh@kirkland.com
9                                                kate.warner@kirkland.com
                                                 tim.pickert@kirkland.com
10
                                                 *Attorneys for Defendant*
11                                               *The Blue Cross Blue Shield Association*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defs.' Objs. & Resps. to Pls.'
                                                 RFP, Set 2
                                                 Case No. 5:15-md-02617-LHK

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

**PROOF OF SERVICE**

STATE OF ILLINOIS )
) ss.
COUNTY OF COOK )

I am employed in the County of Cook, State of Illinois.  I am over the age of eighteen and not a party to this action; my business address is:  Kirkland & Ellis LLP 300 N. LaSalle, Suite 2400, Chicago, Illinois 60654.

On February 15, 2016, I caused the foregoing documents described as:

**DEFENDANT THE BLUE CROSS BLUE SHIELD ASSOCIATION'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT BLUE CROSS BLUE SHIELD ASSOCIATION**

to be served on the parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

[ ]    **BY MAIL.**  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepared at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]    **BY HAND DELIVERY.**  I caused such envelope to be delivered by hand to the offices of the addressee(s) following ordinary business practices.

**[X]    BY EMAIL.**  I caused such document(s) to be delivered in PDF format by electronically transmitting a PDF version to the email addresses listed in the service list attached below.

[ ]    **BY ELECTRONIC SERVICE.**  I caused such document(s) to be delivered in PDF format when the attached document was e-filed with the Clerk of the Court using the CM/ECF system which will automatically send notification of such filing to the e-mail addresses listed in the service list attached below.

[ ]    **BY FACSIMILE.**  I caused such document(s) to be delivered by facsimile to the offices of the addressee(s) following ordinary business practices from the following facsimile machine (310) 785-4601. Upon completion of the said facsimile machine transmission, the transmitting machine issued a transmission report showing the transmission was complete and without error.  A copy of said transmission report is attached hereto.

[ ]    **BY FEDERAL EXPRESS.**  I caused such document to be delivered by overnight mail to the offices of the addressee(s) by placing it for collection by Federal express following ordinary business practices by my firm, to wit, that packages will either be picked up from my firm by Federal Express and/or delivered by my firm to the Federal express office.

Defs.' Objs. & Resps. to Pls.' RFP, Set 2
Case No. 5:15-md-02617-LHK

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

1   **[X]**   **(Federal)**  I declare under penalty of perjury under the laws of the United States of America

2   that the  foregoing is true and correct.  Executed on February 15, 2016, at Chicago, Illinois.

3

Tim Pickert _____                                    _____ /s/ Tim Pickert _____

4   Print Name                                                        Signature

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Defs.' Objs. & Resps. to Pls.'
RFP, Set 2
Case No. 5:15-md-02617-LHK

1

## SERVICE LIST

2

Eve Cervantez                                  Co-Lead Plaintiffs' Counsel
3      **ALTSHULER BERZON LLP**
ecervantez@altshulerberzon.com
4      177 Post Street, Suite 300
San Francisco, CA 94108
5      Telephone: (415) 421-7151
Facsimile: (415) 362-8064
6

7      Andrew N. Friedman                        Co-Lead Plaintiffs' Counsel
**COHEN MILSTEIN SELLERS & TOLL PLLC**
8      afriedman@cohenmilstein.com
1100 New York Ave. NW
9      Suite 500, East Tower
Washington, DC 20005
10     Telephone: (202) 408-4600
Facsimile: (202) 408-4699
11

12     Eric H. Gibbs                             Plaintiffs' Steering Committee
**GIRARD GIBBS LLP**
13     ehg@girardgibbs.com
601 California Street, 14th Floor
14     San Francisco, California 94108
Telephone: (415) 981-4800
15     Facsimile: (415) 981-4846

16
Michael W. Sobol                          Plaintiffs' Steering Committee
17     **LIEFF CABRASER HEIMANN & BERNSTEIN,**
**LLP**
18     msobol@lchb.com
275 Battery Street, 29th Floor
19     San Francisco, CA 94111-3339
Telephone: (415) 956-1000
20     Facsimile: (415) 956-1008

21

22

23

24

25

26

27

28

Defs.' Objs. & Resps. to Pls.'
RFP, Set 2
Case No. 5:15-md-02617-LHK

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654