# EXHIBIT M

KIRKLAND & ELLIS LLP
Brian P. Kavanaugh (SBN 6270046)
Katherine Warner (SBN 3301169)
Tim Pickert (SBN 6313725)
300 North LaSalle Street
Chicago, IL 60654
Tel: (312) 862-2000
Fax: (312) 862-2200
brian.kavanaugh@kirkland.com
kate.warner@kirkland.com
tim.pickert@kirkland.com

*Attorneys for Defendant
The Blue Cross Blue Shield Association*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| *In Re Anthem, Inc. Data Breach Litigation* | Case No. 5:15-md-02617-LHK |
|---|---|
| | **DEFENDANT THE BLUE CROSS BLUE SHIELD ASSOCIATION'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO NON-ANTHEM DEFENDANTS** |
| | The Honorable Lucy H. Koh |

1                    Defs.' Objs. & Resps. to Pls.' RFP, Set 1
Case No. 5:15-md-02617-LHK

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

| | |
|---|---|
| PROPOUNDING PARTY: | PLAINTIFFS |
| RESPONDING PARTY: | DEFENDANT THE BLUE CROSS AND BLUE SHIELD ASSOCIATION |
| SET NUMBER: | ONE |

Defendant The Blue Cross and Blue Shield Association ("BCBSA" or "Defendant") hereby responds to Plaintiffs' First Set of Request for Production of Documents propounded by Plaintiffs, as follows:

## PRELIMINARY STATEMENT AND RESERVATION OF RIGHTS

BCBSA makes the objections here (collectively, the "Objections") based on its interpretation and understanding of the Requests and based on its current knowledge, understanding, and belief as to the facts and information available to it as of the date of the Objections. If Plaintiffs subsequently assert an interpretation of any Request that differs from BCBSA's understanding, BCBSA reserves the right to complete its investigation and discovery of the facts, and to rely at trial or in other proceedings on documents, regardless of whether such information is newly discovered or newly in existence. The Objections shall not constitute an admission by BCBSA that any of the Requests, any of the Objections, or any documents or things produced in connection therewith, are admissible as evidence in any trial or other proceeding. BCBSA reserves the right to object on any grounds, at any time, to the admission into evidence of any request or any objection, response, or any document or thing produced in connection therewith in any such trial or other proceeding. Additional discovery and investigation may lead to additions to, changes in, or modifications of these Objections. Therefore, these Objections are provided without prejudice to BCBSA's right to revise, amend, correct, supplement, modify, or clarify its discovery responses to the extent required by Federal Rule of Civil Procedure 26.

BCBSA does not waive any objection, nor any claim of privilege or immunity, whether expressly asserted or not, by providing any information or identifying any document or thing in response to any Request. The inadvertent disclosure of such information, or the inadvertent identification or production of such a document, shall not constitute a waiver of any applicable

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

1  privilege or immunity as to that document or any other document identified or produced by BCBSA.

2  All objections as to privilege, immunity, relevance, authenticity, or admissibility of any information

3  or documents referred to herein are expressly reserved.  Further, these Objections are not a

4  concession that any individual identified by BCBSA may be called as a witness, that such person

5  possesses discoverable information, or that the subject matter of any particular request or objection

6  thereto is relevant to this action.

**GENERAL OBJECTIONS**

8  1.   BCBSA objects to each and every Request to the extent it purports to impose

9  obligations beyond those set forth in the Federal Rules of Civil Procedure, the Local Rules of the

10  United States District Court for the Northern District of California, or the Case Management and

11  other Orders entered by the Court.

12  2.   BCBSA objects that Plaintiffs' proposed applicable timeframe is unduly burdensome,

13  unnecessarily broad, not proportional to the needs of the case and/or not reasonably calculated to

14  lead to the discovery of admissible evidence.  Unless otherwise stated below, BCBSA objects to

15  production of information or documents generated before October 1, 2011 or after October 19, 2015,

16  the date that the First Consolidated Complaint in this MDL proceeding was filed (without conceding

17  that this is a reasonable time period).

18  3.   BCBSA objects to each and every Request to the extent it seeks proprietary or

19  confidential business information, trade secrets, medical or other sensitive information, or

20  documents containing information non-responsive to the Requests.  To the extent any non-

21  privileged, proprietary or confidential information, trade secrets, medical or other sensitive or

22  protective information is responsive to the Requests, BCBSA will produce such information to the

23  extent it can consistent with its confidentiality obligations and in accordance with the governing

24  protective order entered in this action.

25  4.   BCBSA objects to each and every request to the extent that it seeks to compel the

26  disclosure of confidential and/or privileged material protected under, without limitation, the

27  attorney-client privilege and the work product doctrine, consulting expert or any other statutory or

28

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

3

Defs.' Objs. & Resps. to Pls.'
RFP, Set 1
Case No. 5:15-md-02617-LHK

common law privilege, prohibition, limitation, or immunity from disclosure, including the joint defense privilege or the "common interest" privilege, including information that is prepared for or in anticipation of litigation or contains or reflects the analysis, mental impressions, or work of counsel. BCBSA hereby asserts all such applicable privileges, protections, and immunities. BCBSA intends to preserve all such privileges, protections, and immunities to the fullest extent, and any inadvertent production of privileged or protected documents or information shall not constitute a waiver, in whole or in part, of any such privilege, protection or immunity. Plaintiffs shall not use in any manner whatsoever any information derived solely from any inadvertently produced privileged or protected document or information.

5. BCBSA objects to each and every Request to the extent it seeks to require BCBSA to do more than use reasonable diligence to locate responsive documents.

6. BCBSA objects to each and every Request to the extent it seeks electronically stored information from sources that are not reasonably accessible because of undue burden or cost.

7. BCBSA objects to each and every Request to the extent it seeks to have BCBSA produce information in a manner other than in the manner in which such information is kept in the ordinary course of business.

8. BCBSA objects to each and every Request that seeks the production of "all documents and communications," "all contracts" and "all webpages" as overbroad and unduly burdensome where a reasonable quantity of documents would suffice to show the pertinent information. In producing documents in response to these Requests, BCBSA will produce a reasonable quantity of documents sufficient to show the information sought.

9. BCBSA objects to the Requests, and each and every definition and instruction therein, to the extent that they purport to call for the production of documents or the disclosure of information that BCBSA is prohibited from producing or disclosing by contract, court order, statute, rule, regulation or law.

10. BCBSA objects that Plaintiffs' Requests do not "specify a reasonable time, place, and manner" for the requested actions, as required by Federal Rule of Civil Procedure 34(b)(1)(B). To

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

4    Defs.' Objs. & Resps. to Pls.' RFP, Set 1
Case No. 5:15-md-02617-LHK

the extent BCBSA produces documents or things in response to these Requests, they will do so within a reasonable time consistent with the discussions of the parties during meet and confers and within any schedule set for discovery by the Court's orders and applicable Federal and Local Rules.

11. BCBSA incorporates by reference the Reservation of Rights and every General Objection set forth above into each specific response set forth below. A specific response may repeat a general objection for emphasis or some other reason. The failure to include any general objection in any specific response does not waive any General Objection to that Request.

12. BCBSA objects to the Requests to the extent that they contain express or implied assumptions of fact or law with respect to matters at issue in this action. BCBSA's responses and objections to the Requests are not intended to, and shall not, be construed as an agreement or concurrence by them with Plaintiffs' characterization of any facts or circumstances at issue in this action. Instead, BCBSA expressly reserves the right to contest any such characterization as inaccurate.

## OBJECTIONS TO THE DEFINITIONS

1. BCBSA will interpret the Requests reasonably and in good faith in accordance with common English usage as supplemented by its understanding of the common meanings of terms in the managed health care and information security industries.

2. BCBSA objects to any directions, definitions or instructions contained in Plaintiffs' Requests to the extent that they alter the generally understood definitions under the Federal Rules of Civil Procedure or seek to impose on BCBSA obligations beyond those required by the Federal Rules of Civil Procedure.

3. BCBSA objects to the definition of the term "Communication" as overly broad and unduly burdensome to the extent it is beyond the scope of the Federal Rules of Civil Procedure or includes non-documented verbal communications.

4. BCBSA objects to the definition of the term "The Data Breach" to the extent it differs from the agreement reached by the Anthem Defendants and Plaintiffs during meet and confers as to the definition of "Data Breach."

5   Defs.' Objs. & Resps. to Pls.' RFP, Set 1
Case No. 5:15-md-02617-LHK

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

5. BCBSA objects to the definition of the term "Document" or "documents" to the extent it exceeds the requirements of Federal Rule of Civil Procedures 34(a) or otherwise renders the Requests overly broad or unduly burdensome.

6. BCBSA objects to the definition of the term "ESI" or "Electronically Stored Information" as vague and ambiguous, overly broad and unduly burdensome. BCBSA further objects to the extent the definition seeks to impose on it obligations beyond those required by the Federal Rules of Civil Procedure, the Northern District of California Local Rules, or the Stipulated ESI Protocol entered in this action on November 4, 2015, Dkt. 352.

7. BCBSA objects to Plaintiffs' definition of "Anthem" as overbroad, vague, ambiguous, and unduly burdensome to the extent BCBSA does not have knowledge of all of Anthem, Inc.'s past and present agents or vendors.

8. BCBSA objects to Plaintiffs' instructions, definitions, and requests, including the definitions of "Plaintiff" and "Plaintiffs," to the extent that they seek documents relating to individual plaintiffs who are not alleged to be members of the Federal Employee Program and the Federal Employee Class as that term is defined in the Consolidated Amended Complaint. BCBSA thus construes these Requests, to the extent they seek documents relating to any plaintiff, as seeking documents relating solely to Alvin Lawson, Stella Williams, David Ifverson, and Ralph Staffieri ("FEP Named Plaintiffs"), who are alleged to be subscribers of the Federal Employee Program and the Federal Employee Class as that term is defined in the Consolidated Amended Complaint.

## RESPONSE TO DOCUMENTS AND ESI REQUESTED

**REQUEST NO. 1:**

All documents and communications that specifically refer to a Plaintiff, including billing and payment records, health plan applications, membership cards, and customer service records, but excluding other types of medical records.

**RESPONSE TO REQUEST NO. 1:**

BCBSA incorporates the Preliminary Statement and the General Objections stated above as if fully stated herein.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

6   Defs.' Objs. & Resps. to Pls.'
RFP, Set 1
Case No. 5:15-md-02617-LHK

BCBSA objects to this Request, to the extent that it seeks "all documents and communications," and all "customer service records" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case and/or seeks information that is not relevant to any party's claim or defense.

Subject to and without waiving the foregoing and General Objections, BCBSA will produce the following categories of reasonably accessible, non-privileged documents, if any, in its possession, custody or control: enrollment data relating to FEP Named Plaintiffs and customer service records reflecting communications with FEP Named Plaintiffs.

**REQUEST NO. 2:**

All notices a Defendant mailed or otherwise provided to a Plaintiff regarding privacy policies, protection of PII or PHI, or compliance with any state or federal privacy or information security laws.

**RESPONSE TO REQUEST NO. 2:**

BCBSA incorporates the Preliminary Statement and the General Objections stated above as if fully stated herein.

BCBSA objects to this Request on the grounds that it is overbroad, unduly burdensome, and and not proportional to the needs of the case and/or seeks information that is not relevant to any party's claim or defense. BCBSA further objects to the terms "privacy policies" and "otherwise provided" as vague and ambiguous.

Subject to and without waiving the foregoing and General Objections, BCBSA will produce the following categories of reasonably accessible, non-privileged documents, if any, in its possession, custody or control: notices BCBSA mailed or otherwise provided directly to an FEP Named Plaintiff regarding HIPAA privacy provisions or protection of PII or PHI.

**REQUEST NO. 3:**

All contracts between one or more Plaintiffs or their employers and one or more Defendants, including any documents incorporated into those contracts, such as "Evidence of Coverage"

7   Defs.' Objs. & Resps. to Pls.' RFP, Set 1
Case No. 5:15-md-02617-LHK

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

1  documents, enrollment forms, formularies, notices about changes to coverage, riders, amendments,
2  websites, or webpages.

3  **RESPONSE TO REQUEST NO. 3:**

4  BCBSA incorporates the Preliminary Statement and the General Objections stated above as if
5  fully stated herein.

6  BCBSA objects to this Request on the grounds that it is vague, ambiguous, overbroad,
7  unduly burdensome, and not proportional to the needs of the case and/or seeks information that is
8  not relevant to any party's claim or defense to the extent it calls for documents that are not part of
9  the contract documents sought, including, but not limited to, enrollment forms, formularies notices,
10 websites and webpages.

11 Subject to and without waiving the foregoing and General Objections, BCBSA will produce
12 Contract CS 1039, including all applicable amendments thereto for the years 2011, 2012, 2013 and
13 2014, and the corresponding Service Benefit Plan Brochures for those same years.

14 **REQUEST NO. 4:**

15 All contracts between or among any Defendants regarding the BlueCard program.

16 **RESPONSE TO REQUEST NO. 4:**

17 BCBSA incorporates the Preliminary Statement and the General Objections stated above as if
18 fully stated herein.

19 BCBSA objects to this Request on the grounds that the terms "[a]ll contracts . . . regarding
20 the BlueCard Program" are vague, ambiguous, overbroad, unduly burdensome, and not proportional
21 to the needs of the case and/or seek information that is not relevant to any party's claim or defense.

22 Subject to and without waiving the foregoing and General Objections, BCBSA will produce
23 relevant portions of the License Agreements and Membership Standards between BCBSA and each
24 of the other named Defendants.

25
26
27
28

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

8   Defs.' Objs. & Resps. to Pls.'
RFP, Set 1
Case No. 5:15-md-02617-LHK

**REQUEST NO. 5:**

All contracts between or among any Defendants regarding any Federal Employees Health Benefits Plans.

**RESPONSE TO REQUEST NO. 5:**

BCBSA incorporates the Preliminary Statement and the General Objections stated above as if fully stated herein.

BCBSA objects to this Request on the grounds that the terms "[a]ll contracts . . . regarding any Federal Employees Health Benefits Plans" are vague, ambiguous, overbroad, and not proportional to the needs of the case and/or seek information that is not relevant to any party's claim or defense.

Subject to and without waiving the foregoing and General Objections, BCBSA will produce the Blue Cross and Blue Shield Federal Employee Program Plan Participation Agreement in effect between 2011-2014 for all Blue Cross and/or Blue Shield Plan Defendants.

**REQUEST NO. 6:**

All contracts between or among any Defendants and the United States government entered into pursuant to the Federal Employees Health Benefits Act.

**RESPONSE TO REQUEST NO. 6:**

BCBSA incorporates the Preliminary Statement and the General Objections stated above as if fully stated herein.

BCBSA objects to this Request on the grounds that the terms "[a]ll contracts" are vague and ambiguous.

Subject to and without waiving the foregoing and General Objections, BCBSA will produce Contract CS 1039 and all applicable amendments thereto for the years 2011, 2012, 2013 and 2014.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

**REQUEST NO. 7:**

All webpages, including archived versions dating back to 2004, that include any notice of privacy rights or information about steps a Defendant did or would take to protect the confidentiality or privacy of customers' personal information or data.

**RESPONSE TO REQUEST NO. 7:**

BCBSA incorporates the Preliminary Statement and the General Objections stated above as if fully stated herein.

BCBSA objects to this Request on the grounds that "all webpages" is overbroad, vague, ambiguous, unduly burdensome and not proportional to the needs of the case and/or seeks information that is not relevant to any party's claim or defense.

Subject to and without waiving the foregoing and General Objections, to the extent reasonably accessible, BCBSA will produce versions of the following FEPBlue.org webpages for the relevant time period: https://www.fepblue.org/en/rights-and-responsibilities/ and https://www.fepblue.org/en/terms-and-privacy/notice-of-privacy-practices/.

DATED: January 11, 2016				Respectfully submitted,

						KIRKLAND & ELLIS LLP


						/s/ Brian P. Kavanaugh_____

						Brian P. Kavanaugh (SBN 6270046)
						Katherine Warner (SBN 3301169)
						Tim Pickert (SBN 6313725)
						300 North LaSalle Street
						Chicago, IL  60654
						Tel:  (312) 862-2000
						Fax:  (312) 862-2200
						brian.kavanaugh@kirkland.com
						kate.warner@kirkland.com
						tim.pickert@kirkland.com

						*Attorneys for Defendant*
						*The Blue Cross Blue Shield Association*

10                Defs.' Objs. & Resps. to Pls.'
                                 RFP, Set 1
                                 Case No. 5:15-md-02617-LHK

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

**PROOF OF SERVICE**

STATE OF ILLINOIS      )
                       ) ss.
COUNTY OF COOK )

I am employed in the County of Cook, State of Illinois.  I am over the age of eighteen and not a party to this action; my business address is:  Kirkland & Ellis LLP 300 N. LaSalle, Suite 2400, Chicago, Illinois 60654.

On January 11, 2016, I caused the foregoing documents described as:

**DEFENDANT THE BLUE CROSS BLUE SHIELD ASSOCIATION'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO NON-ANTHEM DEFENDANTS**

to be served on the parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

[ ]  **BY MAIL.**  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepared at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]  **BY HAND DELIVERY.**  I caused such envelope to be delivered by hand to the offices of the addressee(s) following ordinary business practices.

[X]  **BY EMAIL.**  I caused such document(s) to be delivered in PDF format by electronically transmitting a PDF version to the email addresses listed in the service list attached below.

[ ]  **BY ELECTRONIC SERVICE.**  I caused such document(s) to be delivered in PDF format when the attached document was e-filed with the Clerk of the Court using the CM/ECF system which will automatically send notification of such filing to the e-mail addresses listed in the service list attached below.

[ ]  **BY FACSIMILE.**  I caused such document(s) to be delivered by facsimile to the offices of the addressee(s) following ordinary business practices from the following facsimile machine (310) 785-4601. Upon completion of the said facsimile machine transmission, the transmitting machine issued a transmission report showing the transmission was complete and without error.  A copy of said transmission report is attached hereto.

[ ]  **BY FEDERAL EXPRESS.**  I caused such document to be delivered by overnight mail to the offices of the addressee(s) by placing it for collection by Federal express following ordinary business practices by my firm, to wit, that packages will either be picked up from my firm by Federal Express and/or delivered by my firm to the Federal express office.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

11                    Defs.' Objs. & Resps. to Pls.'
                      RFP, Set 1
                      Case No. 5:15-md-02617-LHK

1  **[X]   (Federal)**  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on January 11, 2016, at Chicago, Illinois.

Tim Pickert                                    /s/ Tim Pickert
Print Name                                     Signature

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

12                     Defs.' Objs. & Resps. to Pls.'
                       RFP, Set 1
                       Case No. 5:15-md-02617-LHK

## SERVICE LIST

| | |
|---|---|
| Eve Cervantez<br>**ALTSHULER BERZON LLP**<br>ecervantez@altshulerberzon.com<br>177 Post Street, Suite 300<br>San Francisco, CA 94108<br>Telephone: (415) 421-7151<br>Facsimile: (415) 362-8064 | Co-Lead Plaintiff's Counsel |
| Andrew N. Friedman<br>**COHEN MILSTEIN SELLERS & TOLL PLLC**<br>afriedman@cohenmilstein.com<br>1100 New York Ave. NW<br>Suite 500, East Tower<br>Washington, DC 20005<br>Telephone: (202) 408-4600<br>Facsimile: (202) 408-4699 | Co-Lead Plaintiff's Counsel |
| Eric H. Gibbs<br>**GIRARD GIBBS LLP**<br>ehg@girardgibbs.com<br>601 California Street, 14th Floor<br>San Francisco, California 94108<br>Telephone: (415) 981-4800<br>Facsimile: (415) 981-4846 | Plaintiffs' Steering Committee |
| Michael W. Sobol<br>**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**<br>msobol@lchb.com<br>275 Battery Street, 29th Floor<br>San Francisco, CA 94111-3339<br>Telephone: (415) 956-1000<br>Facsimile: (415) 956-1008 | Plaintiff's Steering Committee |
| Craig Alan Hoover<br>E. Desmond Hogan<br>Peter R. Bisio<br>**HOGAN LOVELLS, US LLP**<br>craig.hoover@hoganlovells.com<br>desmond.hogan@hoganlovells.com<br>peter.bisio@hoganlovells.com<br>555 13th Street NW<br>Washington, DC 20004<br>Telephone: 202-637-5600<br>Facsimile: 202-637-5910 | Counsel for Defendants |

Kirkland & Ellis LLP<br>300 North LaSalle<br>Chicago, IL 60654

| | | |
|---|---|---|
| 1 | Maren Jessica Clouse | Counsel for Defendants |
| 2 | **HOGAN LOVELLS, US LLP**<br>maren.clouse@hoganlovells.com | |
| 3 | 4085 Campbell Avenue, Suite 100<br>Menlo Park, CA 94025 | |
| 4 | Telephone: 650-463-4000<br>Facsimile: 650-463-4199 | |
| 5 | Michael McDonald Maddigan | Counsel for Defendants |
| 6 | **HOGAN LOVELLS, US LLP**<br>michael.maddigan@hoganlovells.com | |
| 7 | 1999 Avenue of the Stars<br>Los Angeles, CA 90067 | |
| 8 | Telephone: 310-785-4727<br>Facsimile: 310-785-4601 | |
| 9 | Chad R. Fuller | Counsel for Defendants |
| 10 | **TROUTMAN SANDERS LLP**<br>chad.fuller@troutmansanders.com | |
| 11 | 11682 El Camino Real, Suite 400<br>San Diego, CA 92130 | |
| 12 | Telephone: 858-509-6056<br>Facsimile: 858-509-6040 | |

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

14   Defs.' Objs. & Resps. to Pls.'
RFP, Set 1
Case No. 5:15-md-02617-LHK