# EXHIBIT 3

ALTSHULER BERZON LLP
EVE CERVANTEZ (SBN 164709)
ecervantez@altshulerberzon.com
JONATHAN WEISSGLASS (SBN 185008)
jweissglass@altshulerberzon.com
DANIELLE E. LEONARD (SBN 218201)
dleonard@altshulerberzon.com
MEREDITH A. JOHNSON (SBN 291018)
mjohnson@altshulerberzon.com
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064

COHEN MILSTEIN SELLERS & TOLL PLLC
ANDREW N. FRIEDMAN (admitted *pro hac vice*)
afriedman@cohenmilstein.com
GEOFFREY GRABER (SBN 211547)
ggraber@cohenmilstein.com
SALLY M. HANDMAKER (SBN 281186)
shandmaker@cohenmilstein.com
ERIC KAFKA (admitted *pro hac vice*)
ekafka@cohenmilstein.com
1100 New York Ave. NW
Suite 500, West Tower
Washington, DC 20005
Telephone:  (202) 408-4600
Facsimile:   (202) 408-4699

*Lead Plaintiffs' Counsel*
Additional Plaintiffs' Counsel Listed on Signature Page

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| **IN RE ANTHEM, INC. DATA BREACH LITIGATION** | Case No. 15-md-02617-LHK (NC)<br><br>**PLAINTIFFS' RESPONSES AND OBJECTIONS TO THE ANTHEM DEFENDANTS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** |

PROPOUNDING PARTY:    THE ANTHEM DEFENDANTS

RESPONDING PARTY:     PLAINTIFFS

SET NUMBER:           TWO

Pursuant to Federal Rules of Civil Procedure 26 and 34, all Plaintiffs in the Second Consolidated Amended Complaint – Christopher Allen, Elizabeth Ames, Frank Bailey, Jason Baker, Joseph Beckerman, Gary Bellegarde, Joseph Blanchard, Nicholas Bowes, Lillian Brisko, Michael Bronzo, Pearl Bruno, Janet Brunton, Rachel Calo, Mary Ella Carter, Claudia Cass, Juan Carlos Cerrro, Kenneth Coonce, Karen Coppedge, Lisa Daniels, Amanda Davis, Vernon Davitte, Danielle DiFonzo, Kevin Donnelly, Carrie Donoghue, Melody Eads-Thornburg, Stephen Fisse, Beryl Fisse, Nadine Foster, Lakeysha Gant, Matthew Gates, Barbara Gold, Angelin Gonzalez, Cheryl Grissom, LaQuarius Hall, Brenda Harrington, Brent Harris, Mark Hatcher, Troy Hobbs, Jessica Holguin, Darrell Hunter, David Ifversen, Jason Jenkins, Shantel Jones, Susan H. Jones, Glenn Kahn, Michelle Kaseta-Collins, Steve Kawai, Gerald Keaton, Cynthia Kelley, David Klemer, Kimberly Kos-Williams, Gregory Kremer, Melinda Lambert, Gary Lasneski, Alvin Lawson, Joseph LeBrun, Harold Lott, Adam Mannis, Denise Masloski, Hank Maurer, John McAffry, Charles McCullough, Connie McDaniel, Jennifer Mertlich, Francis Nicosia, Marne Onderdonk, Ronald Percy, Charles Platt, Randy Polacsek, Wanda Pratt, Jason Price, Jonathan B. Pulcini, Carrie Ramos, Daniel Randrup, Cynthia Reichrath, Dianne Reistroffer, Lauren Roberts, Robert Roy, Christopher Ruberg, Jennifer Rud, James Schatzman, Lisa Shiltz, Kelli Smith, Kenneth Solomon, Ralph Staffieri, Roseanne M. Stanley, Debbie Stein, Allison Swank, Daniel Tharp, Kelly Tharp, John Thomas II, Janett Tillman, Alan Voll, Lane Wagner, Michael S. Weinberger, Jack Wenglewick, Don West, Amy Whittaker, Mary Wicklund, Robin Wilkey, Martin Williams, Stella Williams, Steven Quinnette, and Fari Zand (collectively, the "Plaintiffs") – hereby respond to the Anthem Defendants' ("Anthem" or the "Defendants") Second Request For Production of Documents and Things dated May 18, 2016 (the "Document Requests").

PLAINTIFFS' RESPONSES AND OBJECTIONS TO THE
ANTHEM DEFENDANTS' SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS AND THINGS AND REQUESTS FOR INSPECTION
Case No. 15-md-02617-LHK (NC)

1

**GENERAL OBJECTIONS**

The following general objections apply to each of the Document Requests and, unless otherwise stated, shall have the same force and effect as if set forth in full response to each of the Document Requests.

1. Plaintiffs object to the Document Requests to the extent that the Document Requests, or the definitions and instructions related thereto, purport to impose any obligation on Plaintiffs in excess of the requirements set forth in the Federal Rules of Civil Procedure, the Local Rules, or any other statute, rule, or order applicable to this action. Nevertheless, Plaintiffs are not withholding and will not withhold documents on the basis of this objection.

2. Plaintiffs object to the Document Requests to the extent that the requests, or the definitions and instructions related thereto, purport to require Plaintiffs to produce information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity under federal or state statutory, constitutional, or common law (collectively "privilege"), and state that Plaintiffs will not produce documents protected by any such privilege. Plaintiffs will provide a privilege log setting forth responsive documents that are being withheld on the basis of privilege, in accordance with Paragraph 8 of the Stipulated Order Re Discovery of Electronically Stored Information (Dkt. No. 352). Nothing contained in these responses is intended to be, or should be construed as, a waiver of any privilege. Plaintiffs reserve the right not to produce documents that are in part protected by privilege, except on a redacted basis, and to require the return of any document (and all copies thereof) inadvertently produced. The inadvertent production or disclosure of any privileged documents or information shall not constitute or be deemed to be a waiver of any applicable privilege with respect to such document or information

(or the contents or subject matter thereof) or with respect to any other such document or discovery now or hereafter requested or provided.

3. Plaintiffs object to the Document Requests to the extent that the requests, or the definitions and instructions related thereto, purport to require Plaintiffs to produce documents reflecting proprietary, confidential, or sensitive business or personal information. Plaintiffs will produce such documents only to the extent that they are relevant to any claim or defense of a party to this action. Plaintiffs may redact non-relevant confidential, sensitive, or personal information as permitted by paragraph 2.9 of the Stipulated Protective Order (Dkt. No. 293).

4. Plaintiffs object to the Document Requests to the extent that the requests, or the definitions and instructions related thereto, purport to require production of (1) any documents already in Defendants' possession, custody, or control or (2) documents in the public domain, on grounds that such requests are overbroad and unduly burdensome. Nevertheless, Plaintiffs are not withholding and will not withhold documents on the basis of this request, except that Plaintiffs will not re-produce to Defendants documents that Defendants have produced in discovery to Plaintiffs.

5. Plaintiffs object to the Document Requests to the extent that the requests, or the definitions and instructions related thereto, purport to require Plaintiffs to produce documents (1) not in Plaintiffs' actual possession, custody, or control or (2) held by any person or entity other than Plaintiffs on grounds that such requests are overbroad and unduly burdensome. Plaintiffs will produce only documents within the "possession, custody, or control" of Plaintiffs within the meaning of Rule 34(a) of the Federal Rules of Civil Procedure. Accordingly, Plaintiffs will conduct a reasonable search and, subject to and without waiving their general and specific objections, will produce responsive, non-privileged information.

PLAINTIFFS' RESPONSES AND OBJECTIONS TO THE
ANTHEM DEFENDANTS' SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS AND THINGS AND REQUESTS FOR INSPECTION
Case No. 15-md-02617-LHK (NC)

3

6. Plaintiffs reserve the right to supplement or amend any of their responses to the Document Requests, and reserve the right to object to the admissibility of any documents or information produced in response to the Document Requests. Plaintiffs submit these responses without conceding the relevancy, materiality, or admissibility of the subject matter of any document or information produced in response to the Document Requests.

7. Plaintiffs reserve the right to assert additional objections to the Document Requests, or any other requests for documents or information, if such objections become apparent in the future.

8. Plaintiffs likewise do not waive the right to object, on any and all grounds, to (1) the evidentiary use of documents produced in response to the Document Requests; and (2) discovery requests relating to those documents.

9. Plaintiffs submit these responses and objections without conceding the relevancy or materiality of the subject matter of any request or of any document, or that any responsive materials exist.

10. Plaintiffs' Responses and Objections are not intended to be, and shall not be construed as, agreement with Defendants' characterization of any facts, circumstances, or legal obligations. Plaintiffs reserve the right to contest any such characterization as inaccurate. Plaintiffs also object to the Document Requests to the extent they contain any express or implied assumptions of fact or law concerning matters at issue in this litigation.

11. No objection or limitation, or lack thereof, or statement that the Plaintiffs will produce documents made in these Responses and Objections constitutes an admission as to the existence or nonexistence of documents or information.

1 **PLAINTIFFS' RESPONSES AND OBJECTIONS TO THE ANTHEM**
2 **DEFENDANTS' SECONDSET OF REQUESTS FOR PRODUCTION OF**
3 **DOCUMENTS OF THINGS AND REQUESTS FOR INSPECTION**

5 Subject to and without waiving any of their General Objections, Plaintiffs respond to
6 the Document Requests as follows:

8 **REQUEST NO. 33:**
9 The results of a forensic analysis of your desktop computers, laptop computers, and
10 tablet computers that connect to the internet and contain electronically stored information
11 relating to any Plaintiff, including a list of the indicators of compromise, to include malicious
12 files, historical evidence of malicious files, and events logs of any anti-virus software that
13 may have removed the malware prior to examination, as identified via a forensic examination
14 conducted in accordance with industry standard best practices by an expert selected by
15 Plaintiffs, and using a program to be agreed upon by Plaintiffs and the Anthem Defendants.

17 **RESPONSE TO REQUEST NO. 33:**
18 Plaintiffs incorporate by reference the General Objections. Plaintiffs further object on
19 the ground that Request No. 33 calls for the production of a document not within Plaintiffs'
20 possession, custody or control insofar as it requires the generation of a document that does
21 not currently exist. Plaintiffs further object to Request No. 33 on the grounds that it is
22 overbroad in that it seeks a copy of all Plaintiffs' computer systems or access to all Plaintiffs'
23 computer systems for inspection and copying. Plaintiffs further object to Request No. 33 on
24 the grounds that it is unduly burdensome in that it seeks a copy of all Plaintiffs' computer
25 systems or access to all Plaintiffs' computer systems for inspection and copying. Plaintiffs
26 further object that the request is overly intrusive and invades their privacy without any
27 compelling reason therefor. Plaintiffs further object that the request seeks documents not
28 relevant to any claim in this action. Plaintiffs further object that the request is not

1  proportional to the needs of the case, balancing the tangential relevance, if any, against the
2  extreme burden.  Plaintiffs will not generate or produce any documents in response to this
3  request.

**COHEN MILSTEIN SELLERS & TOLL PLLC**
ANDREW N. FRIEDMAN
GEOFFREY GRABER
SALLY M. HANDMAKER
ERIC KAFKA

Dated:  June 13, 2016         By:   /s/  Andrew Friedman

**ALTSHULER BERZON LLP**
EVE H. CERVANTEZ
JONATHAN WEISSGLASS

Dated:  June 13, 2016         By:   /s/  Eve H. Cervantes

*Lead Plaintiffs' Counsel*

**GIRARD GIBBS LLP**
ERIC GIBBS
DAVID M. BERGER
1 Kaiser Plaza, Suite 1125
Oakland, California 94612
Telephone:  (510) 981-4800
Facsimile:  (415) 981-4846

**LEIFF CABRASER HEIMANN & BERNSTEIN, LLP**
MICHAEL W. SOBOL
NICOLE D. SUGNET
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339

*Plaintiffs' Steering Committee*