# EXHIBIT  5

**HOGAN LOVELLS US LLP**
Craig A. Hoover (SBN 113965)
craig.hoover@hoganlovells.com
E. Desmond Hogan (admitted *pro hac vice*)
desmond.hogan@hoganlovells.com
Peter R. Bisio (admitted *pro hac vice*)
peter.bisio@hoganlovells.com
Allison M. Holt (admitted *pro hac vice*)
allison.holt@hoganlovells.com
555 Thirteenth Street, NW
Washington, DC  20004-1109
Telephone:     (202) 637-5600
Facsimile:      (202) 637-5910

*Attorneys for Defendants Anthem, Inc. and related parties*
Additional Defendants' Counsel Listed on Signature Page

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

|  |  |
|---|---|
| IN RE ANTHEM, INC. CUSTOMER DATA SECURITY BREACH LITIGATION<br><br>**THIS DOCUMENT RELATES TO ALL ACTIONS** | Case No. 15-MD-02617-LHK<br><br>**THE ANTHEM DEFENDANTS' RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION** |

PROPOUNDING PARTY:     PLAINTIFFS

RESPONDING PARTY:      THE ANTHEM DEFENDANTS

SET NUMBER:            ONE

\\LA - 068235/000286 - 1220647 v5

1   In accordance with Federal Rules of Civil Procedure 26 and 36 and the Local Rules of this

2   Court, the Anthem Defendants[1] ("Anthem") hereby object and respond to Plaintiffs' First Set of

3   Requests for Admission:

4

5                                    **RESERVATION OF RIGHTS**

6          Anthem makes the objections and responses here (the "Objections" and "Responses") based

7   on its interpretation and understanding of the Requests and based on its current knowledge,

8   understanding, and belief as to the facts and information available to Anthem as of the date of the

9   Objections and Responses.  If Plaintiffs subsequently assert an interpretation of any Request for

10  Admission that differs from Anthem's understanding, Anthem reserves the right to complete its

11  investigation and discovery of the facts, and to rely at trial or in other proceedings on documents,

12  regardless of whether such information is newly discovered or newly in existence.  The Objections

13  and Responses shall not constitute an admission by Anthem that any Request, its Responses or any

14  of the Objections are admissible as evidence in any trial or other proceeding.  Anthem reserves the

15  right to object on any grounds, at any time, to the admission into evidence of any Request or any

16  objection, response, or any document or thing produced in connection therewith in any such trial or

17

18  _____

19  [1] Anthem, Inc.; Blue Cross and Blue Shield of Georgia, Inc.; Blue Cross and Blue Shield Healthcare Plan of Georgia, Inc.; Anthem Insurance Companies, Inc. d/b/a Anthem Blue Cross and Blue Shield

20  of Indiana; Blue Cross of California, Inc. d/b/a Anthem Blue Cross of California; Anthem Blue Cross Life and Health Insurance Company; Rocky Mountain Hospital and Medical Service, Inc.

21  d/b/a Anthem Blue Cross and Blue Shield of Colorado in Colorado and d/b/a Anthem Blue Cross and Blue Shield of Nevada in Nevada; Anthem Health Plans, Inc. d/b/a Anthem Blue Cross and Blue

22  Shield of Connecticut; Anthem Health Plans of Kentucky, Inc. d/b/a Anthem Blue Cross and Blue Shield of Kentucky; Anthem Health Plans of Maine, Inc. d/b/a Anthem Blue Cross and Blue Shield

23  of Maine; HMO Missouri, Inc. d/b/a Anthem Blue Cross and Blue Shield of Missouri; RightChoice Managed Care, Inc. d/b/a Anthem Blue Cross and Blue Shield of Missouri; Healthy Alliance Life

24  Insurance Company d/b/a Anthem Blue Cross and Blue Shield of Missouri; Anthem Health Plans of New Hampshire, Inc. d/b/a Anthem Blue Cross and Blue Shield of New Hampshire; Empire

25  HealthChoice Assurance, Inc. d/b/a Empire Blue Cross and Blue Shield; Community Insurance Company d/b/a Anthem Blue Cross and Blue Shield of Ohio; Anthem Health Plans of Virginia, Inc.

26  d/b/a Anthem Blue Cross and Blue Shield of Virginia; HealthKeepers, Inc. d/b/a Anthem Blue Cross and Blue Shield of Virginia; Blue Cross Blue Shield of Wisconsin d/b/a Anthem Blue Cross and

27  Blue Shield of Wisconsin; Compcare Health Services Insurance Corporation d/b/a Anthem Blue Cross and Blue Shield of Wisconsin; Amerigroup Services, Inc.; HealthLink, Inc.; Unicare Life &

28  Health Insurance Company; CareMore Health Plan; The Anthem Companies, Inc.; and The Anthem Companies of California, Inc.

\\LA - 068235/000286 - 1220647 v5

1   other proceeding.  Additional discovery and investigation may lead to additions to, changes in, or

2   modifications of these Objections and Responses.  Therefore, these Objections and Responses are

3   provided without prejudice to Anthem's right to revise, amend, correct, supplement, modify, or

4   clarify its discovery responses to the extent required by Federal Rule of Civil Procedure 26.

5        Anthem does not waive any objection, nor any claim of privilege or immunity, whether

6   expressly asserted or not, by providing any information in response to any Request.  The inadvertent

7   disclosure of such information shall not constitute a waiver of any applicable privilege or immunity

8   as to that information or any document identified by Anthem.  All objections as to privilege,

9   immunity, relevance, authenticity, or admissibility of any information or documents referred to

10  herein are expressly reserved.  Further, these Objections and Responses are not a concession that any

11  individual identified by Anthem may be called as a witness, that such person possesses discoverable

12  information, or that the subject matter of any particular request or objection thereto is relevant to this

13  action.

14

15                               **GENERAL OBJECTIONS**

16       1.     Anthem objects to the Requests to the extent that they impose obligations beyond

17  those set forth in the Federal Rules of Civil Procedure, the Local Rules of the United States District

18  Court for the Northern District of California, the Case Management Orders entered in this action or

19  the Stipulated ESI Protocol entered in this action on November 4, 2015, Dkt. 352.

20       2.     Anthem objects to the Requests to the extent that they seek proprietary or confidential

21  business information, trade secrets, medical or other sensitive information, or documents containing

22  information non-responsive to the Interrogatory.  To the extent any non-privileged, proprietary or

23  confidential information, trade secrets, medical or other sensitive or protective information is

24  responsive to the Requests, Anthem will produce such information to the extent it can consistent

25  with its confidentiality obligations and in accordance with the governing protective order entered in

26  this action.

27       3.     Anthem objects to the Requests to the extent that that they seek to compel the

28  disclosure of confidential and/or privileged material protected under, without limitation, the

-2-                    THE ANTHEM DEFENDANTS' RESPONSES TO
                       FIRST SET OF REQUESTS FOR ADMISSION
                       CASE NO. 15-MD-02617-LHK

attorney-client privilege and the work product doctrine, consulting expert or any other statutory or common law privilege, prohibition, limitation, or immunity from disclosure, including the joint defense privilege or the "common interest" privilege, including information that is to prepare for or in anticipation of litigation or contains or reflects the analysis, mental impressions, or work of counsel.  Anthem hereby asserts all such applicable privileges, protections, and immunities.  Anthem intends to preserve all such privileges, protections, and immunities to the fullest extent, and any inadvertent production of privileged or protected documents or information shall not constitute a waiver, in whole or in part, of any such privilege, protection or immunity.  Plaintiffs shall not use in any manner whatsoever any information derived solely from any inadvertently produced privileged or protected document or information.

4.     Anthem objects to the Requests to the extent that they seek to require Anthem to do more than use reasonable diligence to respond.

5.     Anthem objects to the Requests to the extent that they require Anthem to admit or deny facts that are outside of Anthem's possession, custody or control.  Anthem's responses are the result of a reasonable inquiry of those likely to possess non-privileged information responsive to the Requests and records within the possession, custody or control of such persons.

6.     Anthem objects to the Requests to the extent that they call for the disclosure of information from companies, other entities or individuals who are not parties to the actions consolidated in MDL-2617.

7.     Anthem objects to the Requests to the extent that they purport to call for the disclosure of information that Anthem is prohibited from disclosing by contract, court order, statute, rule, regulation, or law.

8.     Anthem incorporates by reference the Reservation of Rights and every General Objection set forth above into the specific responses set forth below.  A specific response may repeat a general objection for emphasis or some other reason.  The failure to include any general objection in any specific response does not waive any General Objection to that Interrogatory.

9.     Anthem objects to the Requests to the extent that they seek legal conclusions or would require Anthem to reach a legal conclusion in order to prepare a response.

THE ANTHEM DEFENDANTS' RESPONSES TO
FIRST SET OF REQUESTS FOR ADMISSION
CASE NO. 15-MD-02617-LHK

1

2 <u>**OBJECTIONS TO THE DEFINITIONS**</u>

3    1.    Anthem objects to all definitions to the extent they are vague, confusing, and

4 overbroad.  Anthem will interpret the Requests reasonably and in good faith in accordance with

5 common English usage as supplemented by its understanding of the common meanings of terms in

6 the managed health care and information security industries.

7    2.    Anthem objects to the term "Personal Information" as vague and ambiguous.

8

9 <u>**RESPONSES TO REQUESTS FOR ADMISSION**</u>

10 **REQUEST FOR ADMISSION NO. 1:**

11    Admit that Plaintiff Pearl Bruno's Personal Information was exfiltrated during the Anthem

12 Data Breach.

13 **RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

14    <u>Objection</u>:  Anthem incorporates its General Objections into this response. Anthem further

15 objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

16    <u>Response</u>:  Subject to and without waiving the foregoing objection and the General

17 Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or

18 can readily obtain, Anthem admits this Request.

19 **REQUEST FOR ADMISSION NO. 2:**

20    Admit that Plaintiff Pearl Bruno's Social Security number was exfiltrated during the Anthem

21 Data Breach.

22 **RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

23    <u>Objection</u>:  Anthem incorporates its General Objections into this response. Anthem further

24 objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

25    <u>Response</u>:  Subject to and without waiving the foregoing objection and the General

26 Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or

27 can readily obtain, Anthem admits this Request.

28

-4-

THE ANTHEM DEFENDANTS' RESPONSES TO
FIRST SET OF REQUESTS FOR ADMISSION
CASE NO. 15-MD-02617-LHK

**REQUEST FOR ADMISSION NO. 3:**

Admit that Plaintiff LaQuarius Hall's Personal Information was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

<u>Objection</u>:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

<u>Response</u>:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem admits this Request.

**REQUEST FOR ADMISSION NO. 4:**

Admit that Plaintiff LaQuarius Hall's Social Security number was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

<u>Objection</u>:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

<u>Response</u>:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem admits this Request.

**REQUEST FOR ADMISSION NO. 5:**

Admit that Plaintiff Adam Mannis's Personal Information was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

<u>Objection</u>:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

<u>Response</u>:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem denies this Request.

THE ANTHEM DEFENDANTS' RESPONSES TO FIRST SET OF REQUESTS FOR ADMISSION CASE NO. 15-MD-02617-LHK

\\LA - 068235/000286 - 1220647 v5

**REQUEST FOR ADMISSION NO. 6:**

Admit that Plaintiff Adam Mannis's Social Security number was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem denies this Request.

**REQUEST FOR ADMISSION NO. 7:**

Admit that Plaintiff Michael Bronzo's Personal Information was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem denies this Request.

**REQUEST FOR ADMISSION NO. 8:**

Admit that Plaintiff Michael Bronzo's Social Security number was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem denies this Request.

\\LA - 068235/000286 - 1220647 v5

**REQUEST FOR ADMISSION NO. 9:**

Admit that Plaintiff Daniel Randrup's Personal Information was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

<u>Objection</u>:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

<u>Response</u>:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem admits this Request.

**REQUEST FOR ADMISSION NO. 10:**

Admit that Plaintiff Daniel Randrup's Social Security number was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

<u>Objection</u>:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

<u>Response</u>:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem admits this Request.

**REQUEST FOR ADMISSION NO. 11:**

Admit that Plaintiff Mary Ella Carter's Personal Information was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

<u>Objection</u>:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

<u>Response</u>:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem denies this Request.

THE ANTHEM DEFENDANTS' RESPONSES TO
FIRST SET OF REQUESTS FOR ADMISSION
CASE NO. 15-MD-02617-LHK

**REQUEST FOR ADMISSION NO. 12:**

Admit that Plaintiff Mary Ella Carter's Social Security number was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem denies this Request.

**REQUEST FOR ADMISSION NO. 13:**

Admit that the Personal Information of Taylor Janetta Carter, minor child of Plaintiff Mary Ella Carter, was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem admits this Request.

**REQUEST FOR ADMISSION NO. 14:**

Admit that Taylor Janetta Carter's Social Security number was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem admits this Request.

1  **REQUEST FOR ADMISSION NO. 15:**

2      Admit that Plaintiff Kenneth Coonce's Personal Information was exfiltrated during the

3  Anthem Data Breach.

4  **RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

5      <u>Objection</u>:  Anthem incorporates its General Objections into this response. Anthem further

6  objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

7      <u>Response</u>:  Subject to and without waiving the foregoing objection and the General

8  Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or

9  can readily obtain, Anthem admits this Request.

10  **REQUEST FOR ADMISSION NO. 16:**

11      Admit that Plaintiff Kenneth Coonce's Social Security number was exfiltrated during the

12  Anthem Data Breach.

13  **RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

14      <u>Objection</u>:  Anthem incorporates its General Objections into this response. Anthem further

15  objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

16      <u>Response</u>:  Subject to and without waiving the foregoing objection and the General

17  Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or

18  can readily obtain, Anthem admits this Request.

19  **REQUEST FOR ADMISSION NO. 17:**

20      Admit that Plaintiff Steve Kawai's Personal Information was exfiltrated during the Anthem

21  Data Breach.

22  **RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

23      <u>Objection</u>:  Anthem incorporates its General Objections into this response. Anthem further

24  objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

25      <u>Response</u>:  Subject to and without waiving the foregoing objection and the General

26  Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or

27  can readily obtain, Anthem admits this Request.

28

THE ANTHEM DEFENDANTS' RESPONSES TO
FIRST SET OF REQUESTS FOR ADMISSION
CASE NO. 15-MD-02617-LHK

1  **REQUEST FOR ADMISSION NO. 18:**

2      Admit that Plaintiff Steve Kawai's Social Security number was exfiltrated during the Anthem

3  Data Breach.

4  **RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

5      <u>Objection</u>:  Anthem incorporates its General Objections into this response. Anthem further

6  objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

7      <u>Response</u>:  Subject to and without waiving the foregoing objection and the General

8  Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or

9  can readily obtain, Anthem admits this Request.

10  **REQUEST FOR ADMISSION NO. 19:**

11      Admit that Plaintiff Kenneth Solomon's Personal Information was exfiltrated during the

12  Anthem Data Breach.

13  **RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

14      <u>Objection</u>:  Anthem incorporates its General Objections into this response. Anthem further

15  objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

16      <u>Response</u>:  Subject to and without waiving the foregoing objection and the General

17  Objections asserted above, Anthem responds as follows:  Anthem has made a reasonable inquiry,

18  and the information Anthem knows or can readily obtain is insufficient to enable Anthem to admit or

19  deny this Request.

20  **REQUEST FOR ADMISSION NO. 20:**

21      Admit that Plaintiff Kenneth Solomon's Social Security number was exfiltrated during the

22  Anthem Data Breach.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

24      <u>Objection</u>:  Anthem incorporates its General Objections into this response. Anthem further

25  objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

26      <u>Response</u>:  Subject to and without waiving the foregoing objection and the General

27  Objections asserted above, Anthem responds as follows:  Anthem has made a reasonable inquiry,

28  and the information Anthem knows or can readily obtain is insufficient to enable Anthem to admit or

THE ANTHEM DEFENDANTS' RESPONSES TO
FIRST SET OF REQUESTS FOR ADMISSION
CASE NO. 15-MD-02617-LHK

1 deny this Request.

2 **REQUEST FOR ADMISSION NO. 21:**

3 Admit that Plaintiff Daniel Tharp's Personal Information was exfiltrated during the Anthem

4 Data Breach.

5 **RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

6 Objection:  Anthem incorporates its General Objections into this response. Anthem further

7 objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

8 Response:  Subject to and without waiving the foregoing objection and the General

9 Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or

10 can readily obtain, Anthem denies this Request.

11 **REQUEST FOR ADMISSION NO. 22:**

12 Admit that Plaintiff Daniel Tharp's Social Security number was exfiltrated during the

13 Anthem Data Breach.

14 **RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

15 Objection:  Anthem incorporates its General Objections into this response. Anthem further

16 objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

17 Response:  Subject to and without waiving the foregoing objection and the General

18 Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or

19 can readily obtain, Anthem denies this Request.

20 **REQUEST FOR ADMISSION NO. 23:**

21 Admit that Plaintiff Kelly Tharp's Personal Information was exfiltrated during the Anthem

22 Data Breach.

23 **RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

24 Objection:  Anthem incorporates its General Objections into this response. Anthem further

25 objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

26 Response:  Subject to and without waiving the foregoing objection and the General

27 Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or

28 can readily obtain, Anthem denies this Request.

THE ANTHEM DEFENDANTS' RESPONSES TO
FIRST SET OF REQUESTS FOR ADMISSION
CASE NO. 15-MD-02617-LHK

\\LA - 068235/000286 - 1220647 v5

**REQUEST FOR ADMISSION NO. 24:**

Admit that Plaintiff Kelly Tharp's Social Security number was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem denies this Request.

**REQUEST FOR ADMISSION NO. 25:**

Admit that Plaintiff Joseph Blanchard's Personal Information was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem denies this Request.

**REQUEST FOR ADMISSION NO. 26:**

Admit that Plaintiff Joseph Blanchard's Social Security number was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem denies this Request.

THE ANTHEM DEFENDANTS' RESPONSES TO
FIRST SET OF REQUESTS FOR ADMISSION
CASE NO. 15-MD-02617-LHK

\\LA - 068235/000286 - 1220647 v5

1  **REQUEST FOR ADMISSION NO. 27:**

2       Admit that Plaintiff Lillian Brisko's Personal Information was exfiltrated during the Anthem

3  Data Breach.

4  **RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

5       Objection:  Anthem incorporates its General Objections into this response. Anthem further

6  objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

7       Response:  Subject to and without waiving the foregoing objection and the General

8  Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or

9  can readily obtain, Anthem admits this Request.

10  **REQUEST FOR ADMISSION NO. 28:**

11       Admit that Plaintiff Lillian Brisko's Social Security number was exfiltrated during the

12  Anthem Data Breach.

13  **RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

14       Objection:  Anthem incorporates its General Objections into this response. Anthem further

15  objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

16       Response:  Subject to and without waiving the foregoing objection and the General

17  Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or

18  can readily obtain, Anthem admits this Request.

19  **REQUEST FOR ADMISSION NO. 29:**

20       Admit that Plaintiff Alvin Lawson's Personal Information was exfiltrated during the Anthem

21  Data Breach.

22  **RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

23       Objection:  Anthem incorporates its General Objections into this response. Anthem further

24  objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

25       Response:  Subject to and without waiving the foregoing objection and the General

26  Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or

27  can readily obtain, Anthem admits this Request.

28

THE ANTHEM DEFENDANTS' RESPONSES TO
FIRST SET OF REQUESTS FOR ADMISSION
CASE NO. 15-MD-02617-LHK

\\LA - 068235/000286 - 1220647 v5

**REQUEST FOR ADMISSION NO. 30:**

Admit that Plaintiff Alvin Lawson's Social Security number was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 30:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem admits this Request.

**REQUEST FOR ADMISSION NO. 31:**

Admit that Plaintiff James Schatzman's Personal Information was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 31:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem admits this Request.

**REQUEST FOR ADMISSION NO. 32:**

Admit that Plaintiff James Schatzman's Social Security number was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 32:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Anthem has made a reasonable inquiry, and the information Anthem knows or can readily obtain is insufficient to enable Anthem to admit or deny this Request.

THE ANTHEM DEFENDANTS' RESPONSES TO
FIRST SET OF REQUESTS FOR ADMISSION
CASE NO. 15-MD-02617-LHK

\\LA - 068235/000286 - 1220647 v5

**REQUEST FOR ADMISSION NO. 33:**

Admit that Plaintiff Janet Brunton's Personal Information was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 33:**

<u>Objection</u>:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

<u>Response</u>:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem admits this Request.

**REQUEST FOR ADMISSION NO. 34:**

Admit that Plaintiff Janet Brunton's Social Security number was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 34:**

<u>Objection</u>:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

<u>Response</u>:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Anthem has made a reasonable inquiry, and the information Anthem knows or can readily obtain is insufficient to enable Anthem to admit or deny this Request.

**REQUEST FOR ADMISSION NO. 35:**

Admit that Plaintiff Kimberly Kos-Williams's Personal Information was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 35:**

<u>Objection</u>:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

<u>Response</u>:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem admits this Request.

\\LA - 068235/000286 - 1220647 v5

**REQUEST FOR ADMISSION NO. 36:**

Admit that Plaintiff Kimberly Kos-Williams's Social Security number was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 36:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Anthem has made a reasonable inquiry, and the information Anthem knows or can readily obtain is insufficient to enable Anthem to admit or deny this Request.

**REQUEST FOR ADMISSION NO. 37:**

Admit that Plaintiff Gary Lasneski's Personal Information was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 37:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem admits this Request.

**REQUEST FOR ADMISSION NO. 38:**

Admit that Plaintiff Gary Lasneski's Social Security number was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 38:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem admits this Request.

THE ANTHEM DEFENDANTS' RESPONSES TO
FIRST SET OF REQUESTS FOR ADMISSION
CASE NO. 15-MD-02617-LHK

1  **REQUEST FOR ADMISSION NO. 39:**

2  Admit that Plaintiff Ralph Staffieri's Personal Information was exfiltrated during the Anthem

3  Data Breach.

4  **RESPONSE TO REQUEST FOR ADMISSION NO. 39:**

5  Objection:  Anthem incorporates its General Objections into this response. Anthem further

6  objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

7  Response:  Subject to and without waiving the foregoing objection and the General

8  Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or

9  can readily obtain, Anthem admits this Request.

10  **REQUEST FOR ADMISSION NO. 40:**

11  Admit that Plaintiff Ralph Staffieri's Social Security number was exfiltrated during the

12  Anthem Data Breach.

13  **RESPONSE TO REQUEST FOR ADMISSION NO. 40:**

14  Objection:  Anthem incorporates its General Objections into this response. Anthem further

15  objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

16  Response:  Subject to and without waiving the foregoing objection and the General

17  Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or

18  can readily obtain, Anthem admits this Request.

19  **REQUEST FOR ADMISSION NO. 41:**

20  Admit that Plaintiff Jessica Holguin's Personal Information was exfiltrated during the

21  Anthem Data Breach.

22  **RESPONSE TO REQUEST FOR ADMISSION NO. 41:**

23  Objection:  Anthem incorporates its General Objections into this response. Anthem further

24  objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

25  Response:  Subject to and without waiving the foregoing objection and the General

26  Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or

27  can readily obtain, Anthem denies this Request.

28

THE ANTHEM DEFENDANTS' RESPONSES TO
FIRST SET OF REQUESTS FOR ADMISSION
CASE NO. 15-MD-02617-LHK

\\LA - 068235/000286 - 1220647 v5

**REQUEST FOR ADMISSION NO. 42:**

Admit that Plaintiff Jessica Holguin's Social Security number was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 42:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem denies this Request.

**REQUEST FOR ADMISSION NO. 43:**

Admit that Plaintiff Danielle DiFonzo's Personal Information was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 43:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem denies this Request.

**REQUEST FOR ADMISSION NO. 44:**

Admit that Plaintiff Danielle DiFonzo's Social Security number was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 44:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem denies this Request.

THE ANTHEM DEFENDANTS' RESPONSES TO
FIRST SET OF REQUESTS FOR ADMISSION
CASE NO. 15-MD-02617-LHK

\\LA - 068235/000286 - 1220647 v5

**REQUEST FOR ADMISSION NO. 45:**

Admit that Plaintiff Glenn Kahn's Personal Information was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 45:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem denies this Request.

**REQUEST FOR ADMISSION NO. 46:**

Admit that Plaintiff Glenn Kahn's Social Security number was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 46:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem denies this Request.

**REQUEST FOR ADMISSION NO. 47:**

Admit that Plaintiff Gerald Keaton's Personal Information was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 47:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem admits this Request.

**REQUEST FOR ADMISSION NO. 48:**

Admit that Plaintiff Gerald Keaton's Social Security number was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 48:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Anthem has made a reasonable inquiry, and the information Anthem knows or can readily obtain is insufficient to enable Anthem to admit or deny this Request.

**REQUEST FOR ADMISSION NO. 49:**

Admit that Plaintiff John McAffry's Personal Information was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 49:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem admits this Request.

**REQUEST FOR ADMISSION NO. 50:**

Admit that Plaintiff John McAffry's Social Security number was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 50:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem admits this Request.

THE ANTHEM DEFENDANTS' RESPONSES TO
FIRST SET OF REQUESTS FOR ADMISSION
CASE NO. 15-MD-02617-LHK

\\LA - 068235/000286 - 1220647 v5

1   **REQUEST FOR ADMISSION NO. 51:**

2       Admit that Plaintiff Charles Platt's Personal Information was exfiltrated during the Anthem

3   Data Breach.

4   **RESPONSE TO REQUEST FOR ADMISSION NO. 51:**

5       <u>Objection</u>:  Anthem incorporates its General Objections into this response. Anthem further

6   objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

7       <u>Response</u>:  Subject to and without waiving the foregoing objection and the General

8   Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or

9   can readily obtain, Anthem admits this Request.

10  **REQUEST FOR ADMISSION NO. 52:**

11      Admit that Plaintiff Charles Platt's Social Security number was exfiltrated during the

12  Anthem Data Breach.

13  **RESPONSE TO REQUEST FOR ADMISSION NO. 52:**

14      <u>Objection</u>:  Anthem incorporates its General Objections into this response. Anthem further

15  objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

16      <u>Response</u>:  Subject to and without waiving the foregoing objection and the General

17  Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or

18  can readily obtain, Anthem denies this Request.

19  **REQUEST FOR ADMISSION NO. 53:**

20      Admit that Plaintiff John Thomas II's Personal Information was exfiltrated during the

21  Anthem Data Breach.

22  **RESPONSE TO REQUEST FOR ADMISSION NO. 53:**

23      <u>Objection</u>:  Anthem incorporates its General Objections into this response. Anthem further

24  objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

25      <u>Response</u>:  Subject to and without waiving the foregoing objection and the General

26  Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or

27  can readily obtain, Anthem admits this Request.

28

THE ANTHEM DEFENDANTS' RESPONSES TO
FIRST SET OF REQUESTS FOR ADMISSION
CASE NO. 15-MD-02617-LHK

\\LA - 068235/000286 - 1220647 v5

**REQUEST FOR ADMISSION NO. 54:**

Admit that Plaintiff John Thomas II's Social Security number was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 54:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem admits this Request.

**REQUEST FOR ADMISSION NO. 55:**

Admit that Plaintiff Lauren Roberts's Personal Information was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 55:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem denies this Request.

**REQUEST FOR ADMISSION NO. 56:**

Admit that Plaintiff Lauren Roberts's Social Security number was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 56:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem denies this Request.

THE ANTHEM DEFENDANTS' RESPONSES TO
FIRST SET OF REQUESTS FOR ADMISSION
CASE NO. 15-MD-02617-LHK

\\LA - 068235/000286 - 1220647 v5

**REQUEST FOR ADMISSION NO. 57:**

Admit that Plaintiff Karen Coppedge's Personal Information was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 57:**

<u>Objection</u>:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

<u>Response</u>:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem admits this Request.

**REQUEST FOR ADMISSION NO. 58:**

Admit that Plaintiff Karen Coppedge's Social Security number was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 58:**

<u>Objection</u>:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

<u>Response</u>:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem admits this Request.

**REQUEST FOR ADMISSION NO. 59:**

Admit that Plaintiff Alison Swank's Personal Information was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 59:**

<u>Objection</u>:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

<u>Response</u>:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem admits this Request.

THE ANTHEM DEFENDANTS' RESPONSES TO
FIRST SET OF REQUESTS FOR ADMISSION
CASE NO. 15-MD-02617-LHK

\\LA - 068235/000286 - 1220647 v5

1  **REQUEST FOR ADMISSION NO. 60:**

2      Admit that Plaintiff Alison Swank's Social Security number was exfiltrated during the

3  Anthem Data Breach.

4  **RESPONSE TO REQUEST FOR ADMISSION NO. 60:**

5      <u>Objection</u>:  Anthem incorporates its General Objections into this response. Anthem further

6  objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

7      <u>Response</u>:  Subject to and without waiving the foregoing objection and the General

8  Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or

9  can readily obtain, Anthem admits this Request.

10  **REQUEST FOR ADMISSION NO. 61:**

11      Admit that Plaintiff Kevin Donnelly's Personal Information was exfiltrated during the

12  Anthem Data Breach.

13  **RESPONSE TO REQUEST FOR ADMISSION NO. 61:**

14      <u>Objection</u>:  Anthem incorporates its General Objections into this response. Anthem further

15  objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

16      <u>Response</u>:  Subject to and without waiving the foregoing objection and the General

17  Objections asserted above, Anthem responds as follows:  Anthem has made a reasonable inquiry,

18  and the information Anthem knows or can readily obtain is insufficient to enable Anthem to admit or

19  deny this Request.

20  **REQUEST FOR ADMISSION NO. 62:**

21      Admit that Plaintiff Kevin Donnelly's Social Security number was exfiltrated during the

22  Anthem Data Breach.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 62:**

24      <u>Objection</u>:  Anthem incorporates its General Objections into this response. Anthem further

25  objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

26      <u>Response</u>:  Subject to and without waiving the foregoing objection and the General

27  Objections asserted above, Anthem responds as follows:  Anthem has made a reasonable inquiry,

28  and the information Anthem knows or can readily obtain is insufficient to enable Anthem to admit or

-24-

\\LA - 068235/000286 - 1220647 v5

1   deny this Request.

2   **REQUEST FOR ADMISSION NO. 63:**

3   Admit that Plaintiff Harold Lott's Personal Information was exfiltrated during the Anthem

4   Data Breach.

5   **RESPONSE TO REQUEST FOR ADMISSION NO. 63:**

6   <u>Objection</u>:  Anthem incorporates its General Objections into this response. Anthem further

7   objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

8   <u>Response</u>:  Subject to and without waiving the foregoing objection and the General

9   Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or

10  can readily obtain, Anthem admits this Request.

11  **REQUEST FOR ADMISSION NO. 64:**

12  Admit that Plaintiff Harold Lott's Social Security number was exfiltrated during the Anthem

13  Data Breach.

14  **RESPONSE TO REQUEST FOR ADMISSION NO. 64:**

15  <u>Objection</u>:  Anthem incorporates its General Objections into this response. Anthem further

16  objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

17  <u>Response</u>:  Subject to and without waiving the foregoing objection and the General

18  Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or

19  can readily obtain, Anthem admits this Request.

20  **REQUEST FOR ADMISSION NO. 65:**

21  Admit that Plaintiff Cynthia Kelley's Personal Information was exfiltrated during the

22  Anthem Data Breach.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 65:**

24  <u>Objection</u>:  Anthem incorporates its General Objections into this response. Anthem further

25  objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

26  <u>Response</u>:  Subject to and without waiving the foregoing objection and the General

27  Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or

28  can readily obtain, Anthem admits this Request.

THE ANTHEM DEFENDANTS' RESPONSES TO
FIRST SET OF REQUESTS FOR ADMISSION
CASE NO. 15-MD-02617-LHK

**REQUEST FOR ADMISSION NO. 66:**

Admit that Plaintiff Cynthia Kelley's Social Security number was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 66:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem admits this Request.

**REQUEST FOR ADMISSION NO. 67:**

Admit that Plaintiff Mary Wicklund's Personal Information was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 67:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem admits this Request.

**REQUEST FOR ADMISSION NO. 68:**

Admit that Plaintiff Mary Wicklund's Social Security number was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 68:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Anthem has made a reasonable inquiry, and the information Anthem knows or can readily obtain is insufficient to enable Anthem to admit or deny this Request.

THE ANTHEM DEFENDANTS' RESPONSES TO
FIRST SET OF REQUESTS FOR ADMISSION
CASE NO. 15-MD-02617-LHK

**REQUEST FOR ADMISSION NO. 69:**

Admit that Plaintiff David Klemer's Personal Information was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 69:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem admits this Request.

**REQUEST FOR ADMISSION NO. 70:**

Admit that Plaintiff David Klemer's Social Security number was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 70:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem admits this Request.

**REQUEST FOR ADMISSION NO. 71:**

Admit that Plaintiff Nadine Foster's Personal Information was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 71:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem denies this Request.

**REQUEST FOR ADMISSION NO. 72:**

Admit that Plaintiff Nadine Foster's Social Security number was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 72:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem denies this Request.

**REQUEST FOR ADMISSION NO. 73:**

Admit that Plaintiff Cynthia Reichrath's Personal Information was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 73:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem admits this Request.

**REQUEST FOR ADMISSION NO. 74:**

Admit that Plaintiff Cynthia Reichrath's Social Security number was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 74:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem admits this Request.

THE ANTHEM DEFENDANTS' RESPONSES TO
FIRST SET OF REQUESTS FOR ADMISSION
CASE NO. 15-MD-02617-LHK

\\LA - 068235/000286 - 1220647 v5

**REQUEST FOR ADMISSION NO. 75:**

Admit that Plaintiff Wanda Pratt's Personal Information was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 75:**

<u>Objection</u>:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

<u>Response</u>:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem admits this Request.

**REQUEST FOR ADMISSION NO. 76:**

Admit that Plaintiff Wanda Pratt's Social Security number was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 76:**

<u>Objection</u>:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

<u>Response</u>:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem admits this Request.

**REQUEST FOR ADMISSION NO. 77:**

Admit that Plaintiff Brent Harris's Personal Information was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 77:**

<u>Objection</u>:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

<u>Response</u>:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem admits this Request.

THE ANTHEM DEFENDANTS' RESPONSES TO FIRST SET OF REQUESTS FOR ADMISSION
CASE NO. 15-MD-02617-LHK

\\LA - 068235/000286 - 1220647 v5

**REQUEST FOR ADMISSION NO. 78:**

Admit that Plaintiff Brent Harris's Social Security number was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 78:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem admits this Request.

**REQUEST FOR ADMISSION NO. 79:**

Admit that Plaintiff Stella Williams's Personal Information was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 79:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem denies this Request.

**REQUEST FOR ADMISSION NO. 80:**

Admit that Plaintiff Stella Williams's Social Security number was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 80:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem denies this Request.

\\LA - 068235/000286 - 1220647 v5

**REQUEST FOR ADMISSION NO. 81:**

Admit that Plaintiff Steven Quinnette's Personal Information was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 81:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem admits this Request.

**REQUEST FOR ADMISSION NO. 82:**

Admit that Plaintiff Steven Quinnette's Social Security number was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 82:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem admits this Request.

**REQUEST FOR ADMISSION NO. 83:**

Admit that the Personal Information of Keith S. Quinnette, minor child of Plaintiff Steven Quinnette, was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 83:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem admits this Request.

THE ANTHEM DEFENDANTS' RESPONSES TO
FIRST SET OF REQUESTS FOR ADMISSION
CASE NO. 15-MD-02617-LHK

\\LA - 068235/000286 - 1220647 v5

**REQUEST FOR ADMISSION NO. 84:**

Admit that Keith S. Quinnette's Social Security number was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 84:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem admits this Request.

**REQUEST FOR ADMISSION NO. 85:**

Admit that Plaintiff Darrell Hunter's Personal Information was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 85:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem denies this Request.

**REQUEST FOR ADMISSION NO. 86:**

Admit that Plaintiff Darrell Hunter's Social Security number was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 86:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem denies this Request.

THE ANTHEM DEFENDANTS' RESPONSES TO
FIRST SET OF REQUESTS FOR ADMISSION
CASE NO. 15-MD-02617-LHK

\\LA - 068235/000286 - 1220647 v5

**REQUEST FOR ADMISSION NO. 87:**

Admit that Plaintiff Cheryl Grissom's Personal Information was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 87:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem admits this Request.

**REQUEST FOR ADMISSION NO. 88:**

Admit that Plaintiff Cheryl Grissom's Social Security number was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 88:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem denies this Request.

**REQUEST FOR ADMISSION NO. 89:**

Admit that Plaintiff Melinda Lambert's Personal Information was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 89:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem admits this Request.

**REQUEST FOR ADMISSION NO. 90:**

Admit that Plaintiff Melinda Lambert's Social Security number was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 90:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Anthem has made a reasonable inquiry, and the information Anthem knows or can readily obtain is insufficient to enable Anthem to admit or deny this Request.

**REQUEST FOR ADMISSION NO. 91:**

Admit that Plaintiff Amy Whittaker's Personal Information was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 91:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem admits this Request.

**REQUEST FOR ADMISSION NO. 92:**

Admit that Plaintiff Amy Whittaker's Social Security number was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 92:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem denies this Request.

-34-

THE ANTHEM DEFENDANTS' RESPONSES TO
FIRST SET OF REQUESTS FOR ADMISSION
CASE NO. 15-MD-02617-LHK

**REQUEST FOR ADMISSION NO. 93:**

Admit that Plaintiff Jason Price's Personal Information was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 93:**

<u>Objection</u>:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

<u>Response</u>:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem admits this Request.

**REQUEST FOR ADMISSION NO. 94:**

Admit that Plaintiff Jason Price's Social Security number was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 94:**

<u>Objection</u>:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

<u>Response</u>:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem admits this Request.

**REQUEST FOR ADMISSION NO. 95:**

Admit that Plaintiff Carrie Donoghue's Personal Information was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 95:**

<u>Objection</u>:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

<u>Response</u>:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem denies this Request.

THE ANTHEM DEFENDANTS' RESPONSES TO
FIRST SET OF REQUESTS FOR ADMISSION
CASE NO. 15-MD-02617-LHK

\\LA - 068235/000286 - 1220647 v5

**REQUEST FOR ADMISSION NO. 96:**

Admit that Plaintiff Carrie Donoghue's Social Security number was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 96:**

<u>Objection</u>:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

<u>Response</u>:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:    Based on information Anthem knows or can readily obtain, Anthem denies this Request.

**REQUEST FOR ADMISSION NO. 97:**

Admit that Plaintiff Shantel Jones's Personal Information was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 97:**

<u>Objection</u>:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

<u>Response</u>:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem denies this Request.

**REQUEST FOR ADMISSION NO. 98:**

Admit that Plaintiff Shantel Jones's Social Security number was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 98:**

<u>Objection</u>:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

<u>Response</u>:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows: Based on information Anthem knows or can readily obtain, Anthem denies this Request.

THE ANTHEM DEFENDANTS' RESPONSES TO
FIRST SET OF REQUESTS FOR ADMISSION
CASE NO. 15-MD-02617-LHK

\\LA - 068235/000286 - 1220647 v5

**REQUEST FOR ADMISSION NO. 99:**

Admit that Plaintiff Jason Jenkins's Personal Information was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 99:**

<u>Objection</u>:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

<u>Response</u>:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem admits this Request.

**REQUEST FOR ADMISSION NO. 100:**

Admit that Plaintiff Jason Jenkins's Social Security number was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 100:**

<u>Objection</u>:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

<u>Response</u>:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem admits this Request.

**REQUEST FOR ADMISSION NO. 101:**

Admit that Plaintiff Kelli Smith's Personal Information was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 101:**

<u>Objection</u>:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

<u>Response</u>:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem admits this Request.

THE ANTHEM DEFENDANTS' RESPONSES TO
FIRST SET OF REQUESTS FOR ADMISSION
CASE NO. 15-MD-02617-LHK

**REQUEST FOR ADMISSION NO. 102:**

Admit that Plaintiff Kelli Smith's Social Security number was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 102:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Anthem has made a reasonable inquiry, and the information Anthem knows or can readily obtain is insufficient to enable Anthem to admit or deny this Request.

**REQUEST FOR ADMISSION NO. 103:**

Admit that the Personal Information of Jayden Smith, minor child of Plaintiff Kelli Smith, was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 103:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem denies this Request.

**REQUEST FOR ADMISSION NO. 104:**

Admit that Jayden Smith's Social Security number was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 104:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem denies this Request.

THE ANTHEM DEFENDANTS' RESPONSES TO
FIRST SET OF REQUESTS FOR ADMISSION
CASE NO. 15-MD-02617-LHK

**REQUEST FOR ADMISSION NO. 105:**

Admit that the Personal Information of Jordan Smith, minor child of Plaintiff Kelli Smith, was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 105:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem admits this Request.

**REQUEST FOR ADMISSION NO. 106:**

Admit that Jordan Smith's Social Security number was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 106:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem admits this Request.

**REQUEST FOR ADMISSION NO. 107:**

Admit that the Personal Information of Kaleb Smith, minor child of Plaintiff Kelli Smith, was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 107:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem admits this Request.

THE ANTHEM DEFENDANTS' RESPONSES TO
FIRST SET OF REQUESTS FOR ADMISSION
CASE NO. 15-MD-02617-LHK

**REQUEST FOR ADMISSION NO. 108:**

Admit that Kaleb Smith's Social Security number was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 108:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem admits this Request.

**REQUEST FOR ADMISSION NO. 109:**

Admit that Plaintiff Dianne Reistroffer's Personal Information was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 109:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem admits this Request.

**REQUEST FOR ADMISSION NO. 110:**

Admit that Plaintiff Dianne Reistroffer's Social Security number was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 110:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem admits this Request.

THE ANTHEM DEFENDANTS' RESPONSES TO
FIRST SET OF REQUESTS FOR ADMISSION
CASE NO. 15-MD-02617-LHK

\\LA - 068235/000286 - 1220647 v5

**REQUEST FOR ADMISSION NO. 111:**

Admit that Plaintiff Christopher Ruberg's Personal Information was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 111:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem admits this Request.

**REQUEST FOR ADMISSION NO. 112:**

Admit that Plaintiff Christopher Ruberg's Social Security number was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 112:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem admits this Request.

**REQUEST FOR ADMISSION NO. 113:**

Admit that Plaintiff Frank Bailey's Personal Information was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 113:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem admits this Request.

THE ANTHEM DEFENDANTS' RESPONSES TO
FIRST SET OF REQUESTS FOR ADMISSION
CASE NO. 15-MD-02617-LHK

1   **REQUEST FOR ADMISSION NO. 114:**

2       Admit that Plaintiff Frank Bailey's Social Security number was exfiltrated during the

3   Anthem Data Breach.

4   **RESPONSE TO REQUEST FOR ADMISSION NO. 114:**

5       Objection:  Anthem incorporates its General Objections into this response. Anthem further

6   objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

7       Response:  Subject to and without waiving the foregoing objection and the General

8   Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or

9   can readily obtain, Anthem denies this Request.

10  **REQUEST FOR ADMISSION NO. 115:**

11      Admit that Plaintiff Jason Baker's Personal Information was exfiltrated during the Anthem

12  Data Breach.

13  **RESPONSE TO REQUEST FOR ADMISSION NO. 115:**

14      Objection:  Anthem incorporates its General Objections into this response. Anthem further

15  objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

16      Response:  Subject to and without waiving the foregoing objection and the General

17  Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or

18  can readily obtain, Anthem admits this Request.

19  **REQUEST FOR ADMISSION NO. 116:**

20      Admit that Plaintiff Jason Baker's Social Security number was exfiltrated during the Anthem

21  Data Breach.

22  **RESPONSE TO REQUEST FOR ADMISSION NO. 116:**

23      Objection:  Anthem incorporates its General Objections into this response. Anthem further

24  objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

25      Response:  Subject to and without waiving the foregoing objection and the General

26  Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or

27  can readily obtain, Anthem admits this Request.

28

THE ANTHEM DEFENDANTS' RESPONSES TO
FIRST SET OF REQUESTS FOR ADMISSION
CASE NO. 15-MD-02617-LHK

\\LA - 068235/000286 - 1220647 v5

**REQUEST FOR ADMISSION NO. 117:**

Admit that the Personal Information of Meredith Fisse, minor child of Plaintiffs Stephen and Beryl Fisse, was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 117:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem admits this Request.

**REQUEST FOR ADMISSION NO. 118:**

Admit that Meredith Fisse's Social Security number was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 118:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem admits this Request.

**REQUEST FOR ADMISSION NO. 119:**

Admit that Plaintiff Robin Wilkey's Personal Information was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 119:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Anthem has made a reasonable inquiry, and the information Anthem knows or can readily obtain is insufficient to enable Anthem to admit or deny this Request.

THE ANTHEM DEFENDANTS' RESPONSES TO
FIRST SET OF REQUESTS FOR ADMISSION
CASE NO. 15-MD-02617-LHK

1    **REQUEST FOR ADMISSION NO. 120:**

2         Admit that Plaintiff Robin Wilkey's Social Security number was exfiltrated during the

3    Anthem Data Breach.

4    **RESPONSE TO REQUEST FOR ADMISSION NO. 120:**

5         Objection:  Anthem incorporates its General Objections into this response. Anthem further

6    objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

7         Response:  Subject to and without waiving the foregoing objection and the General

8    Objections asserted above, Anthem responds as follows:  Anthem has made a reasonable inquiry,

9    and the information Anthem knows or can readily obtain is insufficient to enable Anthem to admit or

10   deny this Request.

11   **REQUEST FOR ADMISSION NO. 121:**

12        Admit that Plaintiff Gary Bellegarde's Personal Information was exfiltrated during the

13   Anthem Data Breach.

14   **RESPONSE TO REQUEST FOR ADMISSION NO. 121:**

15        Objection:  Anthem incorporates its General Objections into this response. Anthem further

16   objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

17        Response:  Subject to and without waiving the foregoing objection and the General

18   Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or

19   can readily obtain, Anthem admits this Request.

20   **REQUEST FOR ADMISSION NO. 122:**

21        Admit that Plaintiff Gary Bellegarde's Social Security number was exfiltrated during the

22   Anthem Data Breach.

23   **RESPONSE TO REQUEST FOR ADMISSION NO. 122:**

24        Objection:  Anthem incorporates its General Objections into this response. Anthem further

25   objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

26        Response:  Subject to and without waiving the foregoing objection and the General

27   Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or

28   can readily obtain, Anthem admits this Request.

\\LA - 068235/000286 - 1220647 v5

**REQUEST FOR ADMISSION NO. 123:**

Admit that Plaintiff Mark Hatcher's Personal Information was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 123:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem admits this Request.

**REQUEST FOR ADMISSION NO. 124:**

Admit that Plaintiff Mark Hatcher's Social Security number was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 124:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem admits this Request.

**REQUEST FOR ADMISSION NO. 125:**

Admit that Plaintiff Don West's Personal Information was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 125:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem denies this Request.

THE ANTHEM DEFENDANTS' RESPONSES TO
FIRST SET OF REQUESTS FOR ADMISSION
CASE NO. 15-MD-02617-LHK

\\LA - 068235/000286 - 1220647 v5

1    **REQUEST FOR ADMISSION NO. 126:**

2    Admit that Plaintiff Don West's Social Security number was exfiltrated during the Anthem

3    Data Breach.

4    **RESPONSE TO REQUEST FOR ADMISSION NO. 126:**

5    Objection:  Anthem incorporates its General Objections into this response. Anthem further

6    objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

7    Response:  Subject to and without waiving the foregoing objection and the General

8    Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or

9    can readily obtain, Anthem denies this Request.

10   **REQUEST FOR ADMISSION NO. 127:**

11   Admit that Plaintiff Fazi Zand's Personal Information was exfiltrated during the Anthem

12   Data Breach.

13   **RESPONSE TO REQUEST FOR ADMISSION NO. 127:**

14   Objection:  Anthem incorporates its General Objections into this response. Anthem further

15   objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

16   Response:  Subject to and without waiving the foregoing objection and the General

17   Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or

18   can readily obtain, Anthem denies this Request.

19   **REQUEST FOR ADMISSION NO. 128:**

20   Admit that Plaintiff Fazi Zand's Social Security number was exfiltrated during the Anthem

21   Data Breach.

22   **RESPONSE TO REQUEST FOR ADMISSION NO. 128:**

23   Objection:  Anthem incorporates its General Objections into this response. Anthem further

24   objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

25   Response:  Subject to and without waiving the foregoing objection and the General

26   Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or

27   can readily obtain, Anthem denies this Request.

28

THE ANTHEM DEFENDANTS' RESPONSES TO
FIRST SET OF REQUESTS FOR ADMISSION
CASE NO. 15-MD-02617-LHK

\\LA - 068235/000286 - 1220647 v5

**REQUEST FOR ADMISSION NO. 129:**

Admit that Plaintiff Claudia Cass's Personal Information was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 129:**

<u>Objection</u>:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

<u>Response</u>:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem admits this Request.

**REQUEST FOR ADMISSION NO. 130:**

Admit that Plaintiff Claudia Cass's Social Security number was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 130:**

<u>Objection</u>:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

<u>Response</u>:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem admits this Request.

**REQUEST FOR ADMISSION NO. 131:**

Admit that Plaintiff Robert Roy's Personal Information was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 131:**

<u>Objection</u>:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

<u>Response</u>:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem denies this Request.

THE ANTHEM DEFENDANTS' RESPONSES TO
FIRST SET OF REQUESTS FOR ADMISSION
CASE NO. 15-MD-02617-LHK

\\LA - 068235/000286 - 1220647 v5

**REQUEST FOR ADMISSION NO. 132:**

Admit that Plaintiff Robert Roy's Social Security number was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 132:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem denies this Request.

**REQUEST FOR ADMISSION NO. 133:**

Admit that Plaintiff Carrie Ramos's Personal Information was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 133:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem admits this Request.

**REQUEST FOR ADMISSION NO. 134:**

Admit that Plaintiff Carrie Ramos's Social Security number was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 134:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem denies this Request.

THE ANTHEM DEFENDANTS' RESPONSES TO
FIRST SET OF REQUESTS FOR ADMISSION
CASE NO. 15-MD-02617-LHK

**REQUEST FOR ADMISSION NO. 135:**

Admit that Plaintiff Lisa Daniels's Personal Information was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 135:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Anthem has made a reasonable inquiry, and the information Anthem knows or can readily obtain is insufficient to enable Anthem to admit or deny this Request.

**REQUEST FOR ADMISSION NO. 136:**

Admit that Plaintiff Lisa Daniels's Social Security number was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 136:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Anthem has made a reasonable inquiry, and the information Anthem knows or can readily obtain is insufficient to enable Anthem to admit or deny this Request.

**REQUEST FOR ADMISSION NO. 137:**

Admit that Plaintiff Michelle Kaseta-Collins's Personal Information was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 137:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or

-49-

\\LA - 068235/000286 - 1220647 v5

1   can readily obtain, Anthem admits this Request.

2   **REQUEST FOR ADMISSION NO. 138:**

3       Admit that Plaintiff Michelle Kaseta-Collins's Social Security number was exfiltrated during

4   the Anthem Data Breach.

5   **RESPONSE TO REQUEST FOR ADMISSION NO. 138:**

6       <u>Objection</u>:  Anthem incorporates its General Objections into this response. Anthem further

7   objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

8       <u>Response</u>:  Subject to and without waiving the foregoing objection and the General

9   Objections asserted above, Anthem responds as follows:  Anthem has made a reasonable inquiry,

10  and the information Anthem knows or can readily obtain is insufficient to enable Anthem to admit or

11  deny this Request.

12  **REQUEST FOR ADMISSION NO. 139:**

13      Admit that the Personal Information of Alexa Gabrielle Collins, minor child of Plaintiff

14  Michelle Kaseta-Collins, was exfiltrated during the Anthem Data Breach.

15  **RESPONSE TO REQUEST FOR ADMISSION NO. 139:**

16      <u>Objection</u>:  Anthem incorporates its General Objections into this response. Anthem further

17  objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

18      <u>Response</u>:  Subject to and without waiving the foregoing objection and the General

19  Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or

20  can readily obtain, Anthem denies this Request.

21  **REQUEST FOR ADMISSION NO. 140:**

22      Admit that Alexa Gabrielle Collins's Social Security number was exfiltrated during the

23  Anthem Data Breach.

24  **RESPONSE TO REQUEST FOR ADMISSION NO. 140:**

25      <u>Objection</u>:  Anthem incorporates its General Objections into this response. Anthem further

26  objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

27      <u>Response</u>:  Subject to and without waiving the foregoing objection and the General

28  Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or

THE ANTHEM DEFENDANTS' RESPONSES TO
FIRST SET OF REQUESTS FOR ADMISSION
CASE NO. 15-MD-02617-LHK

1   can readily obtain, Anthem denies this Request.

2   **REQUEST FOR ADMISSION NO. 141:**

3       Admit that Plaintiff Henry Maurer's Personal Information was exfiltrated during the Anthem

4   Data Breach.

5   **RESPONSE TO REQUEST FOR ADMISSION NO. 141:**

6       Objection:  Anthem incorporates its General Objections into this response. Anthem further

7   objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

8       Response:  Subject to and without waiving the foregoing objection and the General

9   Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or

10  can readily obtain, Anthem admits this Request.

11  **REQUEST FOR ADMISSION NO. 142:**

12      Admit that Plaintiff Henry Maurer's Social Security number was exfiltrated during the

13  Anthem Data Breach.

14  **RESPONSE TO REQUEST FOR ADMISSION NO. 142:**

15      Objection:  Anthem incorporates its General Objections into this response. Anthem further

16  objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

17      Response:  Subject to and without waiving the foregoing objection and the General

18  Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or

19  can readily obtain, Anthem admits this Request.

20  **REQUEST FOR ADMISSION NO. 143:**

21      Admit that Plaintiff Jack Wenglewick's Personal Information was exfiltrated during the

22  Anthem Data Breach.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 143:**

24      Objection:  Anthem incorporates its General Objections into this response. Anthem further

25  objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

26      Response:  Subject to and without waiving the foregoing objection and the General

27  Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or

28  can readily obtain, Anthem admits this Request.

THE ANTHEM DEFENDANTS' RESPONSES TO
FIRST SET OF REQUESTS FOR ADMISSION
CASE NO. 15-MD-02617-LHK

**REQUEST FOR ADMISSION NO. 144:**

Admit that Plaintiff Jack Wenglewick's Social Security number was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 144:**

<u>Objection</u>:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

<u>Response</u>:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem admits this Request.

**REQUEST FOR ADMISSION NO. 145:**

Admit that Plaintiff Charles McCullough's Personal Information was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 145:**

<u>Objection</u>:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

<u>Response</u>:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Anthem has made a reasonable inquiry, and the information Anthem knows or can readily obtain is insufficient to enable Anthem to admit or deny this Request.

**REQUEST FOR ADMISSION NO. 146:**

Admit that Plaintiff Charles McCullough's Social Security number was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 146:**

<u>Objection</u>:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

<u>Response</u>:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Anthem has made a reasonable inquiry, and the information Anthem knows or can readily obtain is insufficient to enable Anthem to admit or

\\LA - 068235/000286 - 1220647 v5

1  deny this Request.

2  **REQUEST FOR ADMISSION NO. 147:**

3       Admit that Plaintiff Debbie Stein's Personal Information was exfiltrated during the Anthem

4  Data Breach.

5  **RESPONSE TO REQUEST FOR ADMISSION NO. 147:**

6       Objection:  Anthem incorporates its General Objections into this response. Anthem further

7  objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

8       Response:  Subject to and without waiving the foregoing objection and the General

9  Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or

10  can readily obtain, Anthem admits this Request.

11  **REQUEST FOR ADMISSION NO. 148:**

12       Admit that Plaintiff Debbie Stein's Social Security number was exfiltrated during the

13  Anthem Data Breach.

14  **RESPONSE TO REQUEST FOR ADMISSION NO. 148:**

15       Objection:  Anthem incorporates its General Objections into this response. Anthem further

16  objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

17       Response:  Subject to and without waiving the foregoing objection and the General

18  Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or

19  can readily obtain, Anthem admits this Request.

20  **REQUEST FOR ADMISSION NO. 149:**

21       Admit that Plaintiff Melody Eads's Personal Information was exfiltrated during the Anthem

22  Data Breach.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 149:**

24       Objection:  Anthem incorporates its General Objections into this response. Anthem further

25  objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

26       Response:  Subject to and without waiving the foregoing objection and the General

27  Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or

28  can readily obtain, Anthem admits this Request.

THE ANTHEM DEFENDANTS' RESPONSES TO
FIRST SET OF REQUESTS FOR ADMISSION
CASE NO. 15-MD-02617-LHK

\\LA - 068235/000286 - 1220647 v5

**REQUEST FOR ADMISSION NO. 150:**

Admit that Plaintiff Melody Eads's Social Security number was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 150:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem admits this Request.

**REQUEST FOR ADMISSION NO. 151:**

Admit that Plaintiff Christopher Allen's Personal Information was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 151:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem admits this Request.

**REQUEST FOR ADMISSION NO. 152:**

Admit that Plaintiff Christopher Allen's Social Security number was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 152:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem admits this Request.

1  **REQUEST FOR ADMISSION NO. 153:**

2      Admit that Plaintiff Troy Hobbs's Personal Information was exfiltrated during the Anthem

3  Data Breach.

4  **RESPONSE TO REQUEST FOR ADMISSION NO. 153:**

5      <u>Objection</u>:  Anthem incorporates its General Objections into this response. Anthem further

6  objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

7      <u>Response</u>:  Subject to and without waiving the foregoing objection and the General

8  Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or

9  can readily obtain, Anthem admits this Request.

10  **REQUEST FOR ADMISSION NO. 154:**

11      Admit that Plaintiff Troy Hobbs's Social Security number was exfiltrated during the Anthem

12  Data Breach.

13  **RESPONSE TO REQUEST FOR ADMISSION NO. 154:**

14      <u>Objection</u>:  Anthem incorporates its General Objections into this response. Anthem further

15  objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

16      <u>Response</u>:  Subject to and without waiving the foregoing objection and the General

17  Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or

18  can readily obtain, Anthem admits this Request.

19  **REQUEST FOR ADMISSION NO. 155:**

20      Admit that Plaintiff David Ifversen's Personal Information was exfiltrated during the Anthem

21  Data Breach.

22  **RESPONSE TO REQUEST FOR ADMISSION NO. 155:**

23      <u>Objection</u>:  Anthem incorporates its General Objections into this response. Anthem further

24  objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

25      <u>Response</u>:  Subject to and without waiving the foregoing objection and the General

26  Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or

27  can readily obtain, Anthem admits this Request.

28

THE ANTHEM DEFENDANTS' RESPONSES TO
FIRST SET OF REQUESTS FOR ADMISSION
CASE NO. 15-MD-02617-LHK

\\LA - 068235/000286 - 1220647 v5

**REQUEST FOR ADMISSION NO. 156:**

Admit that Plaintiff David Ifversen's Social Security number was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 156:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem admits this Request.

**REQUEST FOR ADMISSION NO. 157:**

Admit that Plaintiff Angelin Gonzalez's Personal Information was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 157:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem denies this Request.

**REQUEST FOR ADMISSION NO. 158:**

Admit that Plaintiff Angelin Gonzalez's Social Security number was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 158:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem denies this Request.

**REQUEST FOR ADMISSION NO. 159:**

Admit that Plaintiff Joseph LeBrun's Personal Information was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 159:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem admits this Request.

**REQUEST FOR ADMISSION NO. 160:**

Admit that Plaintiff Joseph LeBrun's Social Security number was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 160:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem admits this Request.

**REQUEST FOR ADMISSION NO. 161:**

Admit that Plaintiff Brenda Harrington's Personal Information was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 161:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem admits this Request.

THE ANTHEM DEFENDANTS' RESPONSES TO
FIRST SET OF REQUESTS FOR ADMISSION
CASE NO. 15-MD-02617-LHK

\\LA - 068235/000286 - 1220647 v5

1    **REQUEST FOR ADMISSION NO. 162:**

2         Admit that Plaintiff Brenda Harrington's Social Security number was exfiltrated during the

3    Anthem Data Breach.

4    **RESPONSE TO REQUEST FOR ADMISSION NO. 162:**

5         <u>Objection</u>:  Anthem incorporates its General Objections into this response. Anthem further

6    objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

7         <u>Response</u>:  Subject to and without waiving the foregoing objection and the General

8    Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or

9    can readily obtain, Anthem admits this Request.

10   **REQUEST FOR ADMISSION NO. 163:**

11        Admit that Plaintiff Elizabeth Ames's Personal Information was exfiltrated during the

12   Anthem Data Breach.

13   **RESPONSE TO REQUEST FOR ADMISSION NO. 163:**

14        <u>Objection</u>:  Anthem incorporates its General Objections into this response. Anthem further

15   objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

16        <u>Response</u>:  Subject to and without waiving the foregoing objection and the General

17   Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or

18   can readily obtain, Anthem denies this Request.

19   **REQUEST FOR ADMISSION NO. 164:**

20        Admit that Plaintiff Elizabeth Ames's Social Security number was exfiltrated during the

21   Anthem Data Breach.

22   **RESPONSE TO REQUEST FOR ADMISSION NO. 164:**

23        <u>Objection</u>:  Anthem incorporates its General Objections into this response. Anthem further

24   objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

25        <u>Response</u>:  Subject to and without waiving the foregoing objection and the General

26   Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or

27   can readily obtain, Anthem denies this Request.

28

THE ANTHEM DEFENDANTS' RESPONSES TO
FIRST SET OF REQUESTS FOR ADMISSION
CASE NO. 15-MD-02617-LHK

\\LA - 068235/000286 - 1220647 v5

1

**REQUEST FOR ADMISSION NO. 165:**

2

      Admit that Plaintiff Ronald Percy's Personal Information was exfiltrated during the Anthem

3

Data Breach.

4

**RESPONSE TO REQUEST FOR ADMISSION NO. 165:**

5

      <u>Objection</u>:  Anthem incorporates its General Objections into this response. Anthem further

6

objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

7

      <u>Response</u>:  Subject to and without waiving the foregoing objection and the General

8

Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or

9

can readily obtain, Anthem admits this Request.

10

**REQUEST FOR ADMISSION NO. 166:**

11

      Admit that Plaintiff Ronald Percy's Social Security number was exfiltrated during the

12

Anthem Data Breach.

13

**RESPONSE TO REQUEST FOR ADMISSION NO. 166:**

14

      <u>Objection</u>:  Anthem incorporates its General Objections into this response. Anthem further

15

objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

16

      <u>Response</u>:  Subject to and without waiving the foregoing objection and the General

17

Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or

18

can readily obtain, Anthem admits this Request.

19

**REQUEST FOR ADMISSION NO. 167:**

20

      Admit that Plaintiff Barbara Gold's Personal Information was exfiltrated during the Anthem

21

Data Breach.

22

**RESPONSE TO REQUEST FOR ADMISSION NO. 167:**

23

      <u>Objection</u>:  Anthem incorporates its General Objections into this response. Anthem further

24

objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

25

      <u>Response</u>:  Subject to and without waiving the foregoing objection and the General

26

Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or

27

can readily obtain, Anthem admits this Request.

28

**REQUEST FOR ADMISSION NO. 168:**

Admit that Plaintiff Barbara Gold's Social Security number was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 168:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem admits this Request.

**REQUEST FOR ADMISSION NO. 169:**

Admit that Plaintiff Matthew Gates's Personal Information was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 169:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem admits this Request.

**REQUEST FOR ADMISSION NO. 170:**

Admit that Plaintiff Matthew Gates's Social Security number was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 170:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem admits this Request.

THE ANTHEM DEFENDANTS' RESPONSES TO
FIRST SET OF REQUESTS FOR ADMISSION
CASE NO. 15-MD-02617-LHK

\\LA - 068235/000286 - 1220647 v5

**REQUEST FOR ADMISSION NO. 171:**

Admit that the Personal Information of Kody M. Gates, minor child of Plaintiff Matthew Gates, was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 171:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem admits this Request.

**REQUEST FOR ADMISSION NO. 172:**

Admit that Kody M. Gates's Social Security number was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 172:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem admits this Request.

**REQUEST FOR ADMISSION NO. 173:**

Admit that Plaintiff Juan Carlos Cerro's Personal Information was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 173:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem admits this Request.

**REQUEST FOR ADMISSION NO. 174:**

Admit that Plaintiff Juan Carlos Cerro's Social Security number was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 174:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem admits this Request.

**REQUEST FOR ADMISSION NO. 175:**

Admit that Plaintiff Marne Onderdonk's Personal Information was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 175:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem admits this Request.

**REQUEST FOR ADMISSION NO. 176:**

Admit that Plaintiff Marne Onderdonk's Social Security number was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 176:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem admits this Request.

THE ANTHEM DEFENDANTS' RESPONSES TO
FIRST SET OF REQUESTS FOR ADMISSION
CASE NO. 15-MD-02617-LHK

\\LA - 068235/000286 - 1220647 v5

**REQUEST FOR ADMISSION NO. 177:**

Admit that Plaintiff Randy Polacsek's Personal Information was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 177:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem admits this Request.

**REQUEST FOR ADMISSION NO. 178:**

Admit that Plaintiff Randy Polacsek's Social Security number was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 178:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Anthem has made a reasonable inquiry, and the information Anthem knows or can readily obtain is insufficient to enable Anthem to admit or deny this Request.

**REQUEST FOR ADMISSION NO. 179:**

Admit that Plaintiff Francis Nicosia's Personal Information was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 179:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem admits this Request.

THE ANTHEM DEFENDANTS' RESPONSES TO
FIRST SET OF REQUESTS FOR ADMISSION
CASE NO. 15-MD-02617-LHK

1  **REQUEST FOR ADMISSION NO. 180:**

2      Admit that Plaintiff Francis Nicosia's Social Security number was exfiltrated during the

3  Anthem Data Breach.

4  **RESPONSE TO REQUEST FOR ADMISSION NO. 180:**

5      Objection:  Anthem incorporates its General Objections into this response. Anthem further

6  objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

7      Response:  Subject to and without waiving the foregoing objection and the General

8  Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or

9  can readily obtain, Anthem admits this Request.

10  **REQUEST FOR ADMISSION NO. 181:**

11      Admit that Plaintiff Connie McDaniel's Personal Information was exfiltrated during the

12  Anthem Data Breach.

13  **RESPONSE TO REQUEST FOR ADMISSION NO. 181:**

14      Objection:  Anthem incorporates its General Objections into this response. Anthem further

15  objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

16      Response:  Subject to and without waiving the foregoing objection and the General

17  Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or

18  can readily obtain, Anthem denies this Request.

19  **REQUEST FOR ADMISSION NO. 182:**

20      Admit that Plaintiff Connie McDaniel's Social Security number was exfiltrated during the

21  Anthem Data Breach.

22  **RESPONSE TO REQUEST FOR ADMISSION NO. 182:**

23      Objection:  Anthem incorporates its General Objections into this response. Anthem further

24  objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

25      Response:  Subject to and without waiving the foregoing objection and the General

26  Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or

27  can readily obtain, Anthem denies this Request.

28

THE ANTHEM DEFENDANTS' RESPONSES TO
FIRST SET OF REQUESTS FOR ADMISSION
CASE NO. 15-MD-02617-LHK

\\LA - 068235/000286 - 1220647 v5

**REQUEST FOR ADMISSION NO. 183:**

Admit that Plaintiff Janet Tillman's Personal Information was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 183:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem admits this Request.

**REQUEST FOR ADMISSION NO. 184:**

Admit that Plaintiff Janet Tillman's Social Security number was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 184:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Anthem has made a reasonable inquiry, and the information Anthem knows or can readily obtain is insufficient to enable Anthem to admit or deny this Request.

**REQUEST FOR ADMISSION NO. 185:**

Admit that Plaintiff Rachel Calo's Personal Information was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 185:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem admits this Request.

THE ANTHEM DEFENDANTS' RESPONSES TO
FIRST SET OF REQUESTS FOR ADMISSION
CASE NO. 15-MD-02617-LHK

\\LA - 068235/000286 - 1220647 v5

**REQUEST FOR ADMISSION NO. 186:**

Admit that Plaintiff Rachel Calo's Social Security number was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 186:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem admits this Request.

**REQUEST FOR ADMISSION NO. 187:**

Admit that the Personal Information of Vincent Calo IV, minor child of Plaintiff Rachel Calo, was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 187:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Anthem has made a reasonable inquiry, and the information Anthem knows or can readily obtain is insufficient to enable Anthem to admit or deny this Request.

**REQUEST FOR ADMISSION NO. 188:**

Admit that Vincent Calo IV's Social Security number was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 188:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows: Anthem has made a reasonable inquiry, and the information Anthem knows or can readily obtain is insufficient to enable Anthem to admit or

THE ANTHEM DEFENDANTS' RESPONSES TO FIRST SET OF REQUESTS FOR ADMISSION CASE NO. 15-MD-02617-LHK

deny this Request.

**REQUEST FOR ADMISSION NO. 189:**

Admit that the Personal Information of Vivian Calo, minor child of Plaintiff Rachel Calo, was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 189:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem denies this Request.

**REQUEST FOR ADMISSION NO. 190:**

Admit that Vivian Calo's Social Security number was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 190:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem denies this Request.

**REQUEST FOR ADMISSION NO. 191:**

Admit that Plaintiff Nicholas Bowes's Personal Information was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 191:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem admits this Request.

**REQUEST FOR ADMISSION NO. 192:**

Admit that Plaintiff Nicholas Bowes's Social Security number was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 192:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem admits this Request.

**REQUEST FOR ADMISSION NO. 193:**

Admit that Plaintiff Martin Williams's Personal Information was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 193:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem admits this Request.

**REQUEST FOR ADMISSION NO. 194:**

Admit that Plaintiff Martin Williams's Social Security number was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 194:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem admits this Request.

**REQUEST FOR ADMISSION NO. 195:**

Admit that Plaintiff Rosanne M. Stanley's Personal Information was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 195:**

<u>Objection</u>:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

<u>Response</u>:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem admits this Request.

**REQUEST FOR ADMISSION NO. 196:**

Admit that Plaintiff Rosanne M. Stanley's Social Security number was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 196:**

<u>Objection</u>:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

<u>Response</u>:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem admits this Request.

**REQUEST FOR ADMISSION NO. 197:**

Admit that Plaintiff Gregory Kremer's Personal Information was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 197:**

<u>Objection</u>:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

<u>Response</u>:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem admits this Request.

THE ANTHEM DEFENDANTS' RESPONSES TO
FIRST SET OF REQUESTS FOR ADMISSION
CASE NO. 15-MD-02617-LHK

\\LA - 068235/000286 - 1220647 v5

**REQUEST FOR ADMISSION NO. 198:**

Admit that Plaintiff Gregory Kremer's Social Security number was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 198:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem admits this Request.

**REQUEST FOR ADMISSION NO. 199:**

Admit that Plaintiff Denise Masloski's Personal Information was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 199:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem admits this Request.

**REQUEST FOR ADMISSION NO. 200:**

Admit that Plaintiff Denise Masloski's Social Security number was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 200:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Anthem has made a reasonable inquiry, and the information Anthem knows or can readily obtain is insufficient to enable Anthem to admit or deny this Request.

THE ANTHEM DEFENDANTS' RESPONSES TO
FIRST SET OF REQUESTS FOR ADMISSION
CASE NO. 15-MD-02617-LHK

\\LA - 068235/000286 - 1220647 v5

**REQUEST FOR ADMISSION NO. 201:**

Admit that Plaintiff Alan Voll's Personal Information was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 201:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem admits this Request.

**REQUEST FOR ADMISSION NO. 202:**

Admit that Plaintiff Alan Voll's Social Security number was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 202:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem admits this Request.

**REQUEST FOR ADMISSION NO. 203:**

Admit that Plaintiff Lakeysha Gant's Personal Information was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 203:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem admits this Request.

THE ANTHEM DEFENDANTS' RESPONSES TO
FIRST SET OF REQUESTS FOR ADMISSION
CASE NO. 15-MD-02617-LHK

\\LA - 068235/000286 - 1220647 v5

**REQUEST FOR ADMISSION NO. 204:**

Admit that Plaintiff Lakeysha Gant's Social Security number was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 204:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem admits this Request.

**REQUEST FOR ADMISSION NO. 205:**

Admit that Plaintiff Jonathan B. Pulcini's Personal Information was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 205:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem admits this Request.

**REQUEST FOR ADMISSION NO. 206:**

Admit that Plaintiff Jonathan B. Pulcini's Social Security number was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 206:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem admits this Request.

THE ANTHEM DEFENDANTS' RESPONSES TO
FIRST SET OF REQUESTS FOR ADMISSION
CASE NO. 15-MD-02617-LHK

\\LA - 068235/000286 - 1220647 v5

**REQUEST FOR ADMISSION NO. 207:**

Admit that Plaintiff Lane Wagner's Personal Information was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 207:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Anthem has made a reasonable inquiry, and the information Anthem knows or can readily obtain is insufficient to enable Anthem to admit or deny this Request.

**REQUEST FOR ADMISSION NO. 208:**

Admit that Plaintiff Lane Wagner's Social Security number was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 208:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Anthem has made a reasonable inquiry, and the information Anthem knows or can readily obtain is insufficient to enable Anthem to admit or deny this Request.

**REQUEST FOR ADMISSION NO. 209:**

Admit that Plaintiff Joseph Beckerman's Personal Information was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 209:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or

-73-

\\LA - 068235/000286 - 1220647 v5

1   can readily obtain, Anthem denies this Request.

2   **REQUEST FOR ADMISSION NO. 210:**

3     Admit that Plaintiff Joseph Beckerman's Social Security number was exfiltrated during the

4   Anthem Data Breach.

5   **RESPONSE TO REQUEST FOR ADMISSION NO. 210:**

6     <u>Objection</u>:  Anthem incorporates its General Objections into this response. Anthem further

7   objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

8     <u>Response</u>:  Subject to and without waiving the foregoing objection and the General

9   Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or

10  can readily obtain, Anthem denies this Request.

11  **REQUEST FOR ADMISSION NO. 211:**

12    Admit that Plaintiff Amanda Davis's Personal Information was exfiltrated during the Anthem

13  Data Breach.

14  **RESPONSE TO REQUEST FOR ADMISSION NO. 211:**

15    <u>Objection</u>:  Anthem incorporates its General Objections into this response. Anthem further

16  objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

17    <u>Response</u>:  Subject to and without waiving the foregoing objection and the General

18  Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or

19  can readily obtain, Anthem admits this Request.

20  **REQUEST FOR ADMISSION NO. 212:**

21    Admit that Plaintiff Amanda Davis's Social Security number was exfiltrated during the

22  Anthem Data Breach.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 212:**

24    <u>Objection</u>:  Anthem incorporates its General Objections into this response. Anthem further

25  objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

26    <u>Response</u>:  Subject to and without waiving the foregoing objection and the General

27  Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or

28  can readily obtain, Anthem admits this Request.

THE ANTHEM DEFENDANTS' RESPONSES TO
FIRST SET OF REQUESTS FOR ADMISSION
CASE NO. 15-MD-02617-LHK

1  **REQUEST FOR ADMISSION NO. 213:**

2      Admit that Plaintiff Michael S. Weinberger's Personal Information was exfiltrated during the

3  Anthem Data Breach.

4  **RESPONSE TO REQUEST FOR ADMISSION NO. 213:**

5      <u>Objection</u>:  Anthem incorporates its General Objections into this response. Anthem further

6  objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

7      <u>Response</u>:  Subject to and without waiving the foregoing objection and the General

8  Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or

9  can readily obtain, Anthem admits this Request.

10  **REQUEST FOR ADMISSION NO. 214:**

11      Admit that Plaintiff Michael S. Weinberger's Social Security number was exfiltrated during

12  the Anthem Data Breach.

13  **RESPONSE TO REQUEST FOR ADMISSION NO. 214:**

14      <u>Objection</u>:  Anthem incorporates its General Objections into this response. Anthem further

15  objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

16      <u>Response</u>:  Subject to and without waiving the foregoing objection and the General

17  Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or

18  can readily obtain, Anthem denies this Request.

19  **REQUEST FOR ADMISSION NO. 215:**

20      Admit that Plaintiff Vernon Davitte's Personal Information was exfiltrated during the

21  Anthem Data Breach.

22  **RESPONSE TO REQUEST FOR ADMISSION NO. 215:**

23      <u>Objection</u>:  Anthem incorporates its General Objections into this response. Anthem further

24  objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

25      <u>Response</u>:  Subject to and without waiving the foregoing objection and the General

26  Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or

27  can readily obtain, Anthem admits this Request.

28

THE ANTHEM DEFENDANTS' RESPONSES TO
FIRST SET OF REQUESTS FOR ADMISSION
CASE NO. 15-MD-02617-LHK

\\LA - 068235/000286 - 1220647 v5

**REQUEST FOR ADMISSION NO. 216:**

Admit that Plaintiff Vernon Davitte's Social Security number was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 216:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem admits this Request.

**REQUEST FOR ADMISSION NO. 217:**

Admit that Plaintiff Jennifer Mertlich's Personal Information was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 217:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem denies this Request.

**REQUEST FOR ADMISSION NO. 218:**

Admit that Plaintiff Jennifer Mertlich's Social Security number was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 218:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem denies this Request.

\\LA - 068235/000286 - 1220647 v5

**REQUEST FOR ADMISSION NO. 219:**

Admit that Plaintiff Lisa Shiltz's Personal Information was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 219:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem admits this Request.

**REQUEST FOR ADMISSION NO. 220:**

Admit that Plaintiff Lisa Shiltz's Social Security number was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 220:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem admits this Request.

**REQUEST FOR ADMISSION NO. 221:**

Admit that Plaintiff Susan H. Jones's Personal Information was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 221:**

Objection:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

Response:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem denies this Request.

**REQUEST FOR ADMISSION NO. 222:**

Admit that Plaintiff Susan H. Jones's Social Security number was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 222:**

<u>Objection</u>:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

<u>Response</u>:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Based on information Anthem knows or can readily obtain, Anthem denies this Request.

**REQUEST FOR ADMISSION NO. 223:**

Admit that Plaintiff Jennifer Rud's Personal Information was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 223:**

<u>Objection</u>:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

<u>Response</u>:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Anthem has made a reasonable inquiry, and the information Anthem knows or can readily obtain is insufficient to enable Anthem to admit or deny this Request.

**REQUEST FOR ADMISSION NO. 224:**

Admit that Plaintiff Jennifer Rud's Social Security number was exfiltrated during the Anthem Data Breach.

**RESPONSE TO REQUEST FOR ADMISSION NO. 224:**

<u>Objection</u>:  Anthem incorporates its General Objections into this response. Anthem further objects to this Request on the grounds that it is vague and ambiguous as to the term "exfiltrated."

<u>Response</u>:  Subject to and without waiving the foregoing objection and the General Objections asserted above, Anthem responds as follows:  Anthem has made a reasonable inquiry, and the information Anthem knows or can readily obtain is insufficient to enable Anthem to admit or

1   deny this Request.

2   ///
3   ///
    ///
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

THE ANTHEM DEFENDANTS' RESPONSES TO
FIRST SET OF REQUESTS FOR ADMISSION
CASE NO. 15-MD-02617-LHK

1

2

Dated: June 13, 2016

3         By: /s/ E. Desmond Hogan
         Craig A. Hoover, SBN 113965

4         E. Desmond Hogan
         Peter R. Bisio

5         Allison M. Holt

6         **HOGAN LOVELLS US LLP**
         555 Thirteenth Street, NW

7         Washington, DC 20004
         Telephone: (202) 637-5600

8         Facsimile: (202) 637-5910
         craig.hoover@hoganlovells.com

9         desmond.hogan@hoganlovells.com
         peter.bisio@hoganlovells.com

10         allison.holt@hoganlovells.com

11         Michael Maddigan (SBN 163450)

12         michael.maddigan@hoganlovells.com
         1999 Avenue of the Stars, Suite 1400

13         Los Angeles, CA  90067
         Telephone: (310) 785-4600

14         Facsimile: (310) 785-4601

15

16         *Attorneys for the Anthem Defendants*

Dated: June 13, 2016    By: /s/ Chad R. Fuller

17

18         Chad R. Fuller (SBN 190830)
         **TROUTMAN SANDERS LLP**

19         chad.fuller@troutmansanders.com
         11682 El Camino Real, Suite 400

20         San Diego, CA 92130
         Telephone: (858) 509-6056

21         Facsimile: (858) 509-6040

22         *Attorney for the Anthem Defendants*

23

24 Dated: June 13, 2016    By: /s/John D. Martin

25         John D. Martin (admitted pro hac vice)

26         **NELSON MULLINS RILEY & SCARBOROUGH
         LLP**

27         john.martin@nelsonmullins.com
         Lucile H. Cohen (admitted pro hac vice)

28         lucie.cohen@nelsonmullins.com

  THE ANTHEM DEFENDANTS' RESPONSES TO
FIRST SET OF REQUESTS FOR ADMISSION
CASE NO. 15-MD-02617-LHK

\\LA - 068235/000286 - 1220647 v5

1320 Main Street, 17th Floor
Columbia, SC 29201
Telephone:       (803) 255-9241
Facsimile:        (858) 256-7500

*Attorneys for the Anthem Defendants*

\\LA - 068235/000286 - 1220647 v5

### PROOF OF SERVICE

I am employed in Los Angeles County, California.  I declare that I am over the age of eighteen and not a party to this action; my business address is:  HOGAN LOVELLS US LLP, 1999 Avenue of the Stars, Suite 1400, Los Angeles, California 90067.

On June 13, 2016, I caused the foregoing documents described as:

**THE ANTHEM DEFENDANTS' RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSIONS**

to be served on the parties in this action as follows:

### SEE ATTACHED SERVICE LIST

[X]  **BY MAIL.**  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepared at Los Angeles, CA in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]  **BY HAND DELIVERY.**  I caused such envelope to be delivered by hand to the offices of the addressee(s) following ordinary business practices.

[X]  **BY EMAIL.**  I caused such document(s) to be delivered in PDF format by electronically transmitting a PDF version to the e-mail addresses listed in the service list attached below.

[ ]  **BY FACSIMILE.**  I caused such document(s) to be delivered by facsimile to the offices of the addressee(s) following ordinary business practices from the following facsimile machine (310) 785-4601. Upon completion of the said facsimile machine transmission, the transmitting machine issued a transmission report showing the transmission was complete and without error.  A copy of said transmission report is attached hereto.

[ ]  **BY FEDERAL EXPRESS.**  I caused such document to be delivered by overnight mail to the offices of the addressee(s) by placing it for collection by Federal express following ordinary business practices by my firm, to wit, that packages will either be picked up from my firm by Federal Express and/or delivered by my firm to the Federal express office.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on June 13, 2016, at Los Angeles, California.

_____           _____
     Vassi Iliadis                                        /s/ Vassi Iliadis
Print Name                                     Signature

THE ANTHEM DEFENDANTS' RESPONSES TO FIRST SET OF REQUESTS FOR ADMISSION CASE NO. 15-MD-02617-LHK

\\LA - 068235/000286 - 1220647 v5

1

## SERVICE LIST

2

3  Eve Cervantez                                    Co-Lead Plaintiff's Counsel
   Jonathan Weissglass
4  **ALTSHULER BERZON LLP**                          **Via U.S. Mail and Email**
   ecervantez@altshulerberzon.com
5  jweissglass@altshulerberzon.com
   177 Post Street, Suite 300
6  San Francisco, CA 94108
   Telephone: (415) 421-7151
7  Facsimile: (415) 362-8064

8
   Andrew N. Friedman                               Co-Lead Plaintiff's Counsel
9  Douglas J. McNamara
   Sally M. Handmaker                               **Via U.S. Mail and Email**
10 **COHEN MILSTEIN SELLERS & TOLL PLLC**
11 afriedman@cohenmilstein.com
   dmcnamara@cohenmilstein.com
12 shandmaker@cohenmilstein.com
   1100 New York Ave. NW
13 Suite 500, East Tower
   Washington, DC 20005
14 Telephone: (202) 408-4600
   Facsimile: (202) 408-4699
15

16 Eric H. Gibbs                                    Plaintiffs' Steering Committee
   David M. Berger                                  **Via U.S. Mail and Email**
17 **GIRARD GIBBS LLP**
   ehg@classlawgroup.com
18 dmb@classlawgroup.com
   601 California Street, 14th Floor
19 San Francisco, California 94108
   Telephone: (415) 981-4800
20 Facsimile: (415) 981-4846

21
   Michael W. Sobol                                 Plaintiffs' Steering Committee
22 **LIEFF CABRASER HEIMANN & BERNSTEIN,**          **Via U.S. Mail and Email**
   **LLP**
23 msobol@lchb.com
   275 Battery Street, 29th Floor
24 San Francisco, CA 94111-3339
   Telephone: (415) 956-1000
25 Facsimile: (415) 956-1008

26

27

28

THE ANTHEM DEFENDANTS' RESPONSES TO
FIRST SET OF REQUESTS FOR ADMISSION
CASE NO. 15-MD-02617-LHK

\\LA - 068235/000286 - 1220647 v5