# EXHIBIT  6

ALTSHULER BERZON LLP
EVE CERVANTEZ (SBN 164709)
ecervantez@altshulerberzon.com
JONATHAN WEISSGLASS (SBN 185008)
jweissglass@altshulerberzon.com
DANIELLE E. LEONARD (SBN 218201)
dleonard@altshulerberzon.com
MEREDITH A. JOHNSON (SBN 291018)
mjohnson@altshulerberzon.com
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064

COHEN MILSTEIN SELLERS & TOLL PLLC
ANDREW N. FRIEDMAN (admitted *pro hac vice*)
afriedman@cohenmilstein.com
GEOFFREY GRABER (SBN 211547)
ggraber@cohenmilstein.com
SALLY M. HANDMAKER (SBN 281186)
shandmaker@cohenmilstein.com
ERIC KAFKA (admitted *pro hac vice*)
ekafka@cohenmilstein.com
1100 New York Ave. NW
Suite 500, West Tower
Washington, DC 20005
Telephone:  (202) 408-4600
Facsimile:   (202) 408-4699

*Lead Plaintiffs' Counsel*
Additional Plaintiffs' Counsel Listed on Signature Page

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| **IN RE ANTHEM, INC. DATA BREACH LITIGATION** | Case No. 15-md-02617-LHK (NC) |
| | **PLAINTIFF CLAUDIA CASS' RESPONSES TO THE ANTHEM DEFENDANTS' FIRST SET OF INTERROGATORIES TO PLAINTIFFS** |

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Claudia Cass sets forth herein answers and objections to the Anthem Defendants' ("Anthem" or the "Defendants") First Set of Interrogatories ("Interrogatories") to Plaintiffs, dated October 26, 2015.

No incidental or implied admissions are intended in these responses. Plaintiff's response to all or any part of the Interrogatories should not be taken as an admission that (1) Plaintiff accepts or admits the existence of any fact(s) set forth or assumed by that Interrogatory; (2) Plaintiff has possession, custody or control of knowledge responsive to that Interrogatory; or (3) documents exist responsive to that Interrogatory.  Plaintiff's response to all or any part of any Interrogatory is not intended to be, and shall not be, a waiver by Plaintiff of all or any part of any objection(s) to that Interrogatory.

## GENERAL OBJECTIONS

1.      Plaintiff objects to the definition of "Cyber Attack" to the extent it is inconsistent with Plaintiffs' allegations as set forth in the Consolidated Amended Class Action Complaint and instead uses the term "Anthem Data Breach" as defined therein.

2.      Plaintiff objects to the Interrogatories insofar as they seek information beyond that required under the Federal Rules of Civil Procedure and the applicable Local Rules.

3.      Plaintiff objects to the Interrogatories to the extent they purport to require information not in Plaintiff's possession, custody, or control.

4.      Plaintiff objects to the Interrogatories to the extent that they seek information that is publicly available or otherwise already in Defendants' possession, custody or control, and assert that such Interrogatories are unduly burdensome, but does not decline to respond on that basis.

5.      Plaintiff objects to the Interrogatories to the extent that they seek information which will be produced in response to Defendants' First Set of Requests for Production of Documents, and assert that such Interrogatories are unduly burdensome, but does not withhold information on that basis.

6.      Plaintiffs object to the Interrogatories to the extent that they seek information that is protected from disclosure by the attorney-client privilege, work-product doctrine or other

applicable privilege.  No such information will be provided.

7.     Plaintiff has not completed (1) investigation of facts or law relating to this case; (2) discovery in this action; or (3) preparation for trial. The following responses are based upon information known at this time and are given without prejudice to Plaintiff's right to supplement, amend or correct these responses as appropriate prior to trial. Plaintiff's responses are based upon, and, therefore, are limited by Plaintiff's present knowledge and recollection; and consequently, Plaintiff reserves the right to make changes to these responses.

8.     Inadvertent production or disclosure by Plaintiff of any information that is confidential, privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any such privilege or of any ground for objection to discovery with respect to such information, document(s), or the subject matter thereof.

9.     Plaintiff's responses are not intended to be, nor shall be deemed, an admission of the matters stated, implied or assumed by the Interrogatories.  In responding, Plaintiffs neither waive nor intend to waive, but expressly reserve, any and all objections as to the admissibility at trial of any information or documents produced.  Disclosure of information shall not constitute a waiver of any ground for objecting to disclosure with respect to other documents, information or material relating thereto or concerning the same issues, the subject matter thereof or any information contained therein.

10.     Each of the following responses shall be deemed to incorporate and be subject to the foregoing objections.

11.     To the extent any responses cite to record evidence produced in this case, that evidence is meant as illustrative of the evidence available and not an exhaustive or exclusive list of such evidence.  Discovery is ongoing, and there is presently no order requiring Plaintiffs to provide a complete list of exhibits to Defendants to support each and every claim made herein.

**PLAINTIFFS' RESPONSES AND OBJECTIONS TO
THE ANTHEM DEFENDANTS' FIRST SET OF INTERROGATORIES**

**INTERROGATORY NO. 1:**

Describe in detail all facts, including identifying all documents and communications, that you contend support a finding of liability against the Defendants in this action.

**RESPONSE TO INTERROGATORY NO. 1:**

In addition to the General Objections above, Plaintiff objects to Interrogatory No. 1 because it is a contention interrogatory, which is not appropriate at this stage of the case. Plaintiff also objects that this interrogatory is overbroad and unduly burdensome. Discovery has barely begun, and Plaintiff is still investigating and researching the factual and legal underpinnings that support a finding of liability against the Defendants in this action. Plaintiff also objects that this Interrogatory is subject to expert analysis and testimony, but the time has not yet come for the disclosure of expert opinions. Plaintiff also objects that the interrogatory calls for information protected by the attorney-client and work-product privileges, in that it requires identification of documents that only counsel, but not Plaintiff, is permitted to view under the terms of the Protective Order applicable to this case. In effect, this interrogatory asks Plaintiffs to describe every single fact and all evidence upon which the entire case is based. That is what trials are for.

**INTERROGATORY NO. 2:**

Describe in detail all facts related to how, when, where, and by what means you learned of the Cyber Attack.

**RESPONSE TO INTERROGATORY NO. 2:**

Plaintiff incorporates by reference the General Objections. Subject to and without waiving the foregoing objections, Plaintiff responds to Interrogatory No. 2 as follows:

Plaintiff first learned of the Anthem Data Breach from her husband, who had learned of the Anthem Data Breach from his co-workers, after the breach was announced by Anthem in February 2015. Plaintiff also became aware of the Anthem Data Breach from a notice from Anthem on or about March 31, 2015.

**INTERROGATORY NO. 3:**

Describe in detail all facts, including identifying all documents and communications, that you contend support your allegation that you suffered injury or any loss as a result of the conduct alleged in the Complaint.

**RESPONSE TO INTERROGATORY NO. 3:**

In addition to the General Objections above, Plaintiff objects to Interrogatory No. 3 to the extent that it purports to be a contention interrogatory, which is not appropriate at this stage of the case.  Plaintiff also objects that this Interrogatory is subject to expert analysis and testimony, but the time has not yet come for the disclosure of expert opinions.  Discovery is ongoing, and Plaintiff reserves the right to supplement this response.  The harm and imminent risk of future harm is ongoing, and Plaintiff reserves the right to supplement this response.  Subject to and without waiving the foregoing objections, Plaintiff responds to Interrogatory No. 3 as follows:

The facts currently in Plaintiff's possession that support the contention that Plaintiff has suffered, continues to suffer, and will suffer injury and loss as a result of the conduct alleged in the complaint include the following:

Plaintiff believes, based on Anthem's representations (and the facts provided in response to Interrogatory No. 2 above), that the confidentiality of Plaintiff's personal information, including but not limited to name, home address, Social Security Number, date of birth, employment information, and other personal information (including potentially health and insurance claim related information) was accessed during the Anthem Data Breach and that this information was stolen by criminals to whom Plaintiff has never and would never grant access to this personal information.  Plaintiff understands that Anthem, its affiliates, and other Blue Cross Blue Shield entities had this information as a result of providing insurance and/or health benefits services to Plaintiff and generally understood that as insurance or health service companies governed by privacy policies and laws pertaining to Plaintiffs' personal information, Anthem, its affiliated entities, and other Blue Cross Blue Shield entities would maintain the confidentiality of that information.  Plaintiff learned, well after the data breach, that Anthem,  its affiliates, and Blue Cross Blue Shield entities violated their promises and obligations to maintain the confidentiality

1   of this information because of very poor data security policies, procedures, and practices.

2         Plaintiff faces imminent and certain impending injury flowing from fraud and identity

3   theft posed by Plaintiff's Personal Information being disclosed to hackers.  Plaintiff has suffered

4   and will continue to suffer the loss of and diminution in value of Plaintiff's Personal Information.

5   There is continued risk to Plaintiff's Personal Information, which remains in the possession of

6   Defendants and which is subject to further breaches so long as Defendants fail to undertake

7   appropriate and adequate measures to protect the Personal Information that Plaintiff entrusted to

8   Defendants.

9         The documents and communications about which Plaintiff is currently aware, pertaining

10  to the fact that the confidentiality of Plaintiffs' data was breached and the data was taken by

11  criminals, and Anthem's poor data security, are for the most part in the possession, custody, or

12  control of Anthem, have not all been produced, and are subject to ongoing discovery.  Others are

13  identified in other responses, and/or will be produced by Plaintiff.

14        In addition to the fact of the breach of Plaintiff's interests in the confidentiality of personal

15  information, including the loss of any legally-protected privacy or property interest in that

16  information as a result of the Anthem Data Breach, and harm caused by the fact of Anthem's poor

17  security and the data breach itself, Plaintiff is currently aware of the following additional facts

18  pertaining to loss and injuries to Plaintiff:

19        Plaintiff is at increased risk for identity theft as a result of the Anthem Data Breach,

20  including but not limited to theft of tax refunds, credit, Social Security, and other forms of

21  financial transactions purportedly made in Plaintiff's name.

22        Plaintiff has already experienced identity theft after the Anthem Data Breach, which

23  Plaintiff believes likely resulted from the unauthorized use of Plaintiff's name, home address,

24  Social Security Number, and date of birth that were taken in the Anthem Data Breach.  On March

25  16, 2015, Plaintiff received a notification from Turbo Tax that her federal tax return had been

26  rejected because a third party had already filed a false tax return in her name using her Social

27  Security Number and obtained a refund on or around February 23, 2015.

28        Plaintiff has lost time spent addressing issues related to the Anthem Data Breach,

1   including but not limited to the time and loss of productivity associated with the detection and

2   prevention of identity theft and unauthorized use of personal information, and the stress, nuisance

3   and annoyance of dealing with the issues resulting from the Anthem Data Breach.  These injuries

4   are ongoing, as the threat of continuing and future acts of fraud by persons who acquired their

5   personal information as a result of the Anthem Data Breach has not abated, and Plaintiff must

6   continue to spend time addressing issues related to the Anthem Data Breach.  Plaintiff spent over

7   200 hours addressing issues related to the Anthem Data Breach, including sending documents

8   related to the tax fraud to various administrators by certified mail, speaking with the Internal

9   Revenue Service (IRS) over the phone regarding the tax fraud, traveling to her bank and police

10  station, speaking with state tax offices over the phone regarding the tax fraud, speaking with

11  Anthem and LifeLock over the phone about the Anthem Data Breach and the tax fraud, replacing

12  her debit card twice due to fraudulent charges, and monitoring her accounts daily for fraudulent

13  activities.

14       Plaintiff has paid costs associated with the detection and prevention of identity theft and

15  unauthorized use of Personal Information and financial, business, banking, and other accounts

16  including costs related to sending documents by certified mail and facsimile to resolve the tax

17  fraud, and interest and late fees on her real estate taxes due to the delay in her tax refund.

18       Plaintiff paid Anthem and/or its affiliates for insurance or health plan services that were

19  promised and required to and should have included maintaining the confidentiality of Plaintiffs'

20  personal information.  Defendants' failure to maintain proper data security or the confidentiality

21  of this information means that Plaintiff did not get what was paid for.  Plaintiff paid premiums on

22  a regular basis for health insurance or health care services from Defendants.

23       Plaintiff believes that Defendants still possess this personal information.  Plaintiff is

24  concerned that Defendants, who had such faulty data security that the Anthem Data Breach

25  occurred, continue to have Plaintiff's personal information – particularly health and insurance

26  claim related information – and therefore believes that Plaintiff's personal information continues

27  to be at risk of future disclosure to unauthorized individuals including criminals who will use this

28  information in a manner that harms Plaintiff.

1    Subject to and without waiving the objections in Plaintiffs' Responses and Objections to

2 the Anthem Defendants' First Set of Requests for Production of Documents and Things and

3 Requests for Inspection, any relevant documents in Plaintiff's possession, custody, or control will

4 be produced.

5

6 **INTERROGATORY NO. 4:**

7    Describe in detail any actions you took to protect against the injury or loss you contend

8 you allegedly suffered as a result of the conduct alleged in the Complaint, including acts taken to

9 mitigate or prevent injury or loss.

10 **RESPONSE TO INTERROGATORY NO. 4:**

11    In addition to the General Objections, Plaintiff objects to the extent this Interrogatory

12 assumes or implies that Plaintiff has any obligation to mitigate or prevent injury or loss.  Plaintiff

13 also objects that this Interrogatory is vague and ambiguous in that it is not clear whether

14 Defendants seek information about actions taken to protect against injury or loss before or after

15 the Anthem Data Breach.  Because Interrogatory Number 5 appears to request information about

16 actions taken before the Anthem Data Breach, Plaintiff interprets this Interrogatory as requesting

17 information about actions taken after the Anthem Data Breach.  Subject to and without waiving

18 the foregoing objections, Plaintiff responds to Interrogatory No. 4 as follows:

19    Plaintiff took the following actions to protect against the injury/loss suffered and/or to

20 mitigate or prevent injury/loss:  sending documents related to the tax fraud to various

21 administrators by certified mail, speaking with the Internal Revenue Service (IRS) over the phone

22 regarding the tax fraud, traveling to her bank and police station, speaking with state tax offices

23 over the phone regarding the tax fraud, speaking with Anthem and LifeLock over the phone about

24 the Anthem Data Breach and the tax fraud, replacing her debit card twice due to fraudulent

25 charges, and monitoring her accounts daily for fraudulent activities.

26 **INTERROGATORY NO. 5:**

27    Describe in detail any actions you took to protect against potential unauthorized or

28 improper disclosure, access to or use of any of your personal information, including potential

1    fraud or identity theft, since January 1, 2009.

2    **RESPONSE TO INTERROGATORY NO. 5:**

3         In addition to the General Objections above, Plaintiff objects to Interrogatory No. 5

4    because it is overbroad in seeking information as far back as 2009.  Plaintiff will respond to this

5    interrogatory for the period of time since January 1, 2012.  Subject to and without waiving the

6    foregoing objections, Plaintiff responds to Interrogatory No. 5 as follows:

7         Plaintiff does not provide personal information, particularly Social Security Numbers and

8    health and insurance claim-related information, to unauthorized individuals.  Plaintiff also does

9    not provide usernames and/or passwords to unauthorized individuals that would allow them to

10   access Plaintiff's personal information.

11        Plaintiff took the following additional actions to protect against potential unauthorized or

12   improper disclosure, access to or use of her personal information, including fraud or identity theft,

13   since January 1, 2012:  Plaintiff incorporates her Response to Interrogatory No. 4 regarding

14   actions she took in response to the Anthem Data Breach.  Prior to learning of the Anthem Data

15   Breach, Plaintiff paid approximately $108 annual for identity theft and credit monitoring services

16   through LifeLock,

17

18   **INTERROGATORY NO. 6:**

19        Describe in detail any notification you have received or obtained, in any form, since

20   January 1, 2009, related to potential unauthorized or improper disclosure, access to or use of any

21   of your personal information.

22   **RESPONSE TO INTERROGATORY NO. 6:**

23        In addition to the General Objections above, Plaintiff objects to Interrogatory No. 6

24   because it is overbroad in seeking information as far back as 2009.  Plaintiff will respond to this

25   interrogatory for the period of time since January 1, 2012.  Plaintiff also objects to Interrogatory

26   No. 6 because it is unduly burdensome in that it asks Plaintiff to describe in detail documents

27   subject to Request for Production 6, which Plaintiff will produce, if any.  Subject to and without

28   waiving the foregoing objections, Plaintiff responds to Interrogatory No. 6 as follows:

Plaintiff received the following notifications regarding potential unauthorized or improper disclosure, access to or use of her personal information beginning in January 1, 2012:  (1) on or about March 31, 2015, a notification from Anthem informing her of the Anthem Data Breach; (2) on March 16, 2015, a notification from Turbo Tax that her federal tax return had been rejected because a third party had already filed a false tax return in her name using her Social Security Number on or around February 23, 2015; (3) in or around March and April 2015, notifications of two fraudulent charges on her debit card; and (4) on or around August 12, 2015, notification on her computer that her bank account had been hacked (Plaintiff's computer had been infected by a virus that was subsequently removed at Plaintiff's expense).

**INTERROGATORY NO. 7:**

Describe in detail any instance of potential fraud or identity theft, including new lines of credit, unauthorized credit card or debit card charges, medical benefits fraud, other identity fraud or federal or state tax fraud, that involved your personal information since January 1, 2009.

**RESPONSE TO INTERROGATORY NO. 7:**

In addition to the General Objections above, Plaintiff objects to Interrogatory No. 7 because it is overbroad in seeking information as far back as 2009.  Plaintiff will respond to this interrogatory for the period of time since January 1, 2012.  Subject to and without waiving the foregoing objections, Plaintiff responds to Interrogatory No. 7 as follows:

Plaintiff faced the following instances of potential fraud or identity theft beginning in January 1, 2012:  (1) Plaintiff incorporates her response to Interrogatory No. 3; (2) in or around March and April 2015, Plaintiff received notifications of two fraudulent charges on her debit card; and (3) on or around August 12, 2015, Plaintiff received a notification on her computer that her bank account had been hacked.

**INTERROGATORY NO. 8:**

State the amount of damages you claim with respect to each Count of the Complaint and state the basis for your calculation of this amount and for your contention that these damages

1   were caused by Defendants.

2   **RESPONSE TO INTERROGATORY NO. 8:**

3        In addition to the General Objections above, Plaintiff objects to Interrogatory No. 8

4   because it is a contention interrogatory, not appropriate at this early stage of the litigation.

5   Plaintiff also objects that this Interrogatory is subject to expert analysis and testimony, but the

6   time has not yet come for the disclosure of expert opinions.  Discovery is ongoing, and Plaintiff

7   reserves the right to supplement this response.  The harm and imminent risk of future harm is

8   ongoing, and Plaintiff reserves the right to supplement this response.  Plaintiff's legal analysis is

9   also ongoing, and Plaintiff reserves the right to supplement this response.

10       Plaintiff also objects to this contention Interrogatory on the ground that is it compound,

11  and requests Plaintiff to calculate damages for each Count of the Complaint and provide both the

12  measure and method of calculation as well as address causation.  To the extent that this is a

13  contention interrogatory, the measure and method of calculating damages available for Plaintiff's

14  claims turn on questions of state law, and as Defendants are aware, the Anthem Data Breach

15  impacted tens of millions of Americans across the United States.  Plaintiffs have not yet

16  determined the method of calculating damages for each claim available under each state's law,

17  and therefore cannot yet respond as to all the forms of damages or the amounts claimed, by Count

18  of the Complaint.  Plaintiff's analysis of the availability of damages, and the measure and method

19  for calculating those damages, will turn on further investigation into facts and law pertaining to

20  damages, discovery provided by Defendants, as well as expert analysis.  At best, without

21  conceding that such a response is required, at this very early stage of the litigation, Plaintiff can

22  identify the potential range of types of damages that flow from the harm caused to Plaintiff by the

23  Anthem Data Breach, and that could be available under Plaintiff's state law claims, which is

24  subject to amendment and revision as Plaintiff continue an investigation into law and fact.

25       Subject to and without waiving the foregoing objections, Plaintiff responds to

26  Interrogatory No. 8 as follows:

27       Plaintiff claims, at a minimum, damages resulting from the following actual, imminent,

28  and certain impending injuries:  (1) the loss of Plaintiff's legally protected interest in the

confidentiality and privacy of Plaintiff's Personal Information; (2) the loss and/or diminution in value of Plaintiff's legally protected property interest in Plaintiff's Personal Information; (3) the imminent and certain impending injury flowing from fraud and identity theft posed by Plaintiff's Personal Information being disclosed to hackers (including, but not limited to, the cost of life-time credit monitoring); (4) payments made to Defendants for health insurance or health care services that should have included data security, but did not; (5) the portion of payments for Defendants' health insurance or health care services that should have been used by Defendants to implement reasonable and adequate security measures to protect Plaintiff's Personal Information but was not; and (6) the difference between the value of Plaintiff's insurance and/or health services as described/promised (*i.e.*, insurance and/or health services with adequate and reasonable data security measures) and the value of the insurance and/or health services actually delivered (insurance and/or health services with inadequate data security measures); (7) the value of time lost dealing with the Anthem Data Breach and its aftermath; and (8) all the additional damages resulting from the injuries set forth in response to Interrogatory 3.  Plaintiff has not yet determined the dollar value or measure of all of those damages, many of which are ongoing, subject to discovery, and subject to expert analysis.

As set forth in detail in response to Interrogatory 3, Plaintiff also claims damages for the six month delay in receipt of a tax refund of $5,412; for the over 200 hours Plaintiff spent addressing the identify theft or potential identity theft as the result of the data breach, including sending documents related to the tax fraud to various administrators by certified mail, monitoring her accounts daily for fraudulent activities, approximately 7 hours speaking with the Internal Revenue Service (IRS) over the phone regarding the tax fraud and traveling to her bank and police station,  approximately 15 hours speaking with state tax offices over the phone regarding the tax fraud and speaking with Anthem and LifeLock over the phone about the Anthem Data Breach and the tax fraud, and approximately 40 hours replacing her debit card twice due to fraudulent charges; and the costs related to sending documents by certified mail and facsimile to resolve the tax fraud, and interest and late fees on her real estate taxes due to the delay in her tax refund.

**INTERROGATORY NO. 9:**

Describe in detail (including identifying each person or document related to) each instance of conduct by Defendants that you contend involved misrepresentations or omissions and all actions that Plaintiffs took or did not take in reliance on such alleged conduct.

**RESPONSE TO INTERROGATORY NO. 9:**

In addition to the General Objections above, Plaintiff objects to Interrogatory No. 9 to the extent that it purports to be a contention interrogatory, which is not appropriate at this stage of the case.  Discovery and further investigation may reveal additional omissions and misrepresentations.  In addition, with respect to reliance, this is a legal conclusion that may vary under the laws of different states, and Plaintiffs' legal and factual investigation is ongoing.  Plaintiffs cannot and will not set forth all facts pertaining to the legal conclusion of reliance on a state by state basis at this early stage of the litigation.  Discovery is ongoing, and Plaintiff reserves the right to supplement this response.  Subject to and without waiving the foregoing objections, Plaintiff responds to Interrogatory No. 9 as follows:

Defendants omitted material facts about their data security policies, procedures, and practices.  In particular, Defendants collected Plaintiffs' Personal Information, including but not limited to names, Social Security Numbers, birth dates, home addresses, and employment information without informing Plaintiffs that Defendants had substandard data security policies, procedures, and practices that were insufficient to safeguard Plaintiffs' Personal Information from unauthorized disclosure, release, data breaches, and theft.  This omission was material.  If Plaintiffs had been aware of Defendants' grossly insufficient and substandard data security policies, procedures, and practices, they would not have obtained insurance and/or health care services from Defendants, and/or would not have entrusted their Personal Information to Defendants.  Defendants also failed to disclose the breach in a timely and accurate manner.

Defendants also misrepresented the adequacy of their data security policies, procedures, and practices, informing Plaintiffs in insurance or health plan documents, mailings and through their website that they would protect and safeguard Plaintiffs' Personal Information entrusted to

them, would comply with federal and state law requiring such protection, and would promptly

notify Plaintiffs of any breach of data security.  These misrepresentations were contained in

numerous documents within the possession, custody, or control of Defendants, including, but not

limited to, the following:

On information and belief, the fourteen Blue Cross Blue Shield ("BCBS") licensee

affiliates ("Anthem BCBS Affiliates") mailed the same privacy notice to individuals as well as

members enrolled in Anthem BCBS Affiliate group plans including such representations

regarding Personal Information as:

> We may collect, use and share your nonpublic personal information (PI) as described in this notice. PI identifies a person and is often gathered in an insurance matter. We may collect PI about you from other persons or entities, such as doctors, hospitals, or other carriers. We may share PI with persons or entities outside of our company—without your OK in some cases. If we take part in an activity that would require us to give you a chance to opt out, we will contact you. We will tell you how you can let us know that you do not want us to use or share your PI for a given activity. You have the right to access and correct your PI. Because PI is defined as any information that can be used to make judgements about your health, finances, character habits, hobbies, reputation, career and credibility, **we take reasonable safety measures to protect the PI we have about you**. A more detailed state notice is available upon request. Please call the phone number printed on your ID card. [Source:  Anthem Insurance Companies, Inc. (Anthem BCBS Affiliate in Indiana) Mailed Privacy Notice.] (emphasis added).

> **Anthem BCBS affiliates also represented the following:**

> **We are dedicated to protecting your PHI, and have set up a number of policies and practices to help make sure your PHI is kept secure**.  We have to keep your PHI private. If we believe your PHI has been breached, we must let you know.

> **We keep your oral, written and electronic PHI safe using physical, electronic, and procedural means. These safeguards follow federal and state laws.** Some of the ways we keep your PHI safe include securing offices that hold PHI, password-protecting computers, and locking storage areas and filing cabinets. We require our employees to protect PHI through written policies and procedures. **These policies limit access to PHI to only those employees who need the data to do their job.** Employees are also required to wear ID badges to help keep people who do not belong out of areas where sensitive data is kept. **Also, where required by law, our affiliates and nonaffiliates must protect the privacy of data we share in the normal course of business**. They are not allowed to give PHI to others without your written OK, except as allowed by law and outlined in this notice.  [Source:  Anthem

Insurance Companies, Inc. Mailed Privacy Notice; Blue Cross of California Mailed Privacy Notice.]  (emphasis added).

Additionally, Anthem BCBS Affiliates also represented that it would keep the "financial information of our current and former members private, as required by law, accreditation standards, and our rules" and to follow state and federal law, specifically promising: "HIPAA (the federal privacy law) generally does not pre-empt, or override, other laws that give people greater privacy protections.  As a result, if any state or federal privacy law requires us to provide you with more privacy protections, then we must also follow that law in addition to HIPAA."  *Id.*

Anthem and Anthem BCBS Affiliates' websites made further representations regarding their privacy policies.  Every Anthem BCBS Affiliate's website states:

> **Personal Information (including Social Security Number) Privacy Protection Policy [Name of Anthem BCBS Affiliate] maintains policies that protect the confidentiality of personal information, including Social Security numbers, obtained from its members and associates in the course of its regular business functions**. [Name of Anthem BCBS Affiliate] is committed to protecting information about its customers and associates, especially the confidential nature of their personal information (PI).

> Personal Information is information that is capable of being associated with an individual through one or more identifiers including but not limited to, a Social Security number, a driver's license number, a state identification card number, and account number, a credit or debit card number, a passport number, an alien registration number or a health insurance identification number, and does not include publicly available information that is lawfully made available to the general public from federal, state or local government records or widely distributed media. [Name of Anthem BCBS Affiliate] is committed to protecting the confidentiality of Social Security numbers and other Personal Information.

> - **[Name of Anthem BCBS Affiliate]'s Privacy Policy imposes a number of standards to:**

>   - **guard the confidentiality of Social Security numbers and other personal information,**

>   - **prohibit the unlawful disclosure of Social Security numbers, and**

>   - **limit access to Social Security numbers.**

> [Name of Anthem BCBS Affiliate] will not use or share Social Security numbers or Personal information with anyone outside the company except when permitted or required by federal and state law.

**[Name of Anthem BCBS Affiliate] Associates must only access Social Security numbers or personal information as required by their job duties.** [Name of Anthem BCBS Affiliate] has in place a minimum necessary policy which states that associates may only access, use or disclose Social Security numbers or personal information to complete a specific task and as allowed by law.

**[Name of Anthem BCBS Affiliate] safeguards Social Security numbers or other personal information by having physical, technical, and administrative safeguards in place.**

If you have questions regarding this policy, please contact Customer Service by dialing the number that is located on the back of your ID card.  [Source:  Anthem BlueCross BlueShield Privacy, https://www.anthem.com/health-insurance/about-us/privacy (last visited Oct. 19, 2015); *see also* Anthem BlueCross Privacy, https://www.anthem.com/ca/health-insurance/about-us/privacy (last visited Oct. 19, 2015); Empire BlueCross BlueShield HIPAA Privacy Notice, https://www.empireblue.com/wps/portal/ehpfooter?content_path=shared/noapplication/f0/s0/t0/pw_ad068128.htm&label=HIPAA%20Privacy%20Notice (last visited Oct. 19, 2015)] (emphasis added).

On information and belief, non-BCBS Affiliates such as Amerigroup Corporation, CareMore Health Group, Inc., HealthLink, and UniCare) made similar promises and representations in their mailed privacy notices and on their websites as the Anthem BCBS websites.  Such promises and representations include mailed notices stating:

We may collect, use and share your nonpublic personal information (PI) as described in this notice. PI identifies a person and is often gathered in an insurance matter. We may collect PI about you from other persons or entities, such as doctors, hospitals, or other carriers. We may share PI with persons or entities outside of our company—without your OK in some cases. If we take part in an activity that would require us to give you a chance to opt out, we will contact you. We will tell you how you can let us know that you do not want us to use or share your PI for a given activity. You have the right to access and correct your PI. Because PI is defined as any information that can be used to make judgements about your health, finances, character habits, hobbies, reputation, career and credibility, **we take reasonable safety measures to protect the PI we have about you**. A more detailed state notice is available upon request. Please call the phone number printed on your ID card. [Source:  Anthem Insurance Companies, Inc. (Anthem BCBS Affiliate in Indiana) Mailed Privacy Notice.] (emphasis added).

Specifically, UniCare's website contains the same "Personal Information (Including Social Security Number) Privacy Protection Policy" as the Anthem BCBS websites.  [Source: Unicare Privacy, https://www.unicare.com/health-insurance/about-us/privacy (last visited Oct. 19,

2015).]

Amerigroup sent a mailed notice that also appears on its website stating:

> **Information about your health and money is private.** The law says we must keep this kind of information, called PHI, safe for our members. That means if you're a member right now or if you used to be, your information is safe.
>
> …
>
> Federal law says we must tell you what the law says we have to do to protect PHI that's told to us, in writing or saved on a computer. We also have to tell you how we keep it safe. **To protect PHI:**
>
> - **On paper (called physical), we:**
>   - – Lock our offices and files
>   - – Destroy paper with health information so others can't get it
> - **Saved on a computer (called technical), we:**
>   - **– Use passwords so only the right people can get in**
>   - **– Use special programs to watch our systems**
> - **Used or shared by people who work for us, doctors or the state, we:**
>   - – Make rules for keeping information safe (called policies and procedures)
>   - – Teach people who work for us to follow the rules  [Source: Amerigroup Mailed Privacy Notice, https://www.amerigroup.com/sites/amerigroup.com/files/files/FLFL_ALL_NOPP.pdf (last visited Oct. 19, 2015) (emphasis added).

Caremore's website privacy notice states that:

> CareMore already follows current state confidentiality laws, but the federal government now requires that this notice be given to help educate patients about their rights.
>
> …
>
> CareMore is required by law to maintain the privacy of Protected Health Information ("PHI") and to provide you with notice of our legal duties and privacy practices with respect to PHI and to notify affected individuals following a breach of unsecured PHI.
>
> …
>
> **CareMore will make reasonable efforts to avoid incidental**

**disclosures of protected health information**. [Source: http://www.caremore.com/Current-Members/Member-Materials/AboutHIPAA.aspx]

Non-Anthem BCBS Defendants made similar promises and representations in their mailed privacy notices and on their websites as the Anthem BCBS Affiliates.  In general, the non-Anthem BCBS Defendants promised to maintain physical, electronic, and procedural safeguards that comply with state and federal law to safeguard individuals' Personal Information.

The Blue Cross and Blue Shield Association ("BCBSA"), Anthem, Anthem, Affiliates, and non-Anthem Affiliates who contracted to protect the Personal Information of federal government employees who enrolled in the Blue Cross Blue Shield Service Benefit Plan did so pursuant to Contract No. CS 1039 ("Federal BCBSA Contract"), which represented that the contractors would protect the Personal Information of the individuals insured under the Federal BCBSA Plan.  Under the agreement, BCBSA, as agent for the Anthem BCBS Affiliates and non-Anthem BCBS, was limited to using "the personal data on employees and annuitants that is provided by agencies and OPM, including social security numbers, for only those routine uses stipulated for the data . . . ." and undertook specific obligations with respect to protecting this and other sensitive Personal Information.  Beginning with at least the version operative as of January 1, 2014, the Federal BCBSA Contract provides, among other things, that BCBSA, as agent for the Anthem BCBS Affiliates and non-Anthem BCBS, has express contractual obligations to: (i) "hold all medical records, and information relating thereto confidential" (with limited exceptions that do not apply here); (ii) allocate the necessary resources "to meet its obligation under the contract," including security obligations; (iii)  permit the OPM to use NIST SP 800-53 (Security and Privacy Controls for Federal Information Systems and Organizations) or its equivalent as a benchmark for conducting audits of information systems and to recommend that BCBSA, Anthem, the Anthem BCBS Affiliates, and the non-Anthem BCBS, adopt a best practice drawn from NIST SP 800-53; (iv) either adopt recommendations made by the OPM, or represent that it is already in compliance with the recommendation or explain why its current practice, notwithstanding its refusal to adopt the recommendation is equally if not more appropriate for its business purposes than the recommended best practice; (v) demonstrate to the OPM their

compliance with either a recommended best practice or an alternative current practice they had adopted and (vi) permit OPM "to inspect or evaluate the work performed or being performed under the contract."  The BCBS website devoted to the Federal BCBSA Plan similarly represents that the plan will "hold all our member records confidential, and will only release them to the appropriate entities if required to do so by law."

An official statement of benefits in relation to the Federal BCBSA Plan, which is incorporated into the Federal BCBSA Contract, appears on the Office of Personnel Management's website under "Plan Brochure" provides, regardless of the state for which plans are being displayed, that "we will keep your medical and claims information confidential" under the "Your Medical and Claims Records are Confidential" heading.  A copy of the statement of benefits can also be found on Anthem's website.

BCBSA, the Anthem BCBS Affiliates, and the non-Anthem BCBS for the Federal BCBSA provide on a shared website that "[w]e have measures in place to protect PHI [Personal Health Information] according to state and federal standards. The measures are designed to protect oral, written, and electronic PHI, and include: Security and privacy training for all employees.  Employee access is limited to need-to-know basis. . . . All users of our electronic systems are required to use strong passwords.  All users must change their computer passwords periodically."

Plaintiff incorporates by reference as if set forth fully herein the response to Interrogatory No. 11.

Plaintiffs obtained insurance or health benefits services from Defendants, and Defendants made available information about insurance or health benefits that included the above described misrepresentations and/or omissions.  Plaintiffs obtained insurance and/or health service benefits from Defendants, and entrusted their Personal Information to Defendants, with the understanding that Defendants would maintain the security and confidentiality of their Personal Information, in reliance on the information made available by Defendants to Plaintiffs including Defendants' misrepresentations to that effect and/or because of omissions of material fact, including but not limited to those set forth above,  and suffered the injuries alleged.

1

2  **INTERROGATORY NO. 10:**

3  　　　Describe in detail each promise, representation or communication that you contend

4  Defendants made regarding the security of or the policies, procedures, protocols or practices to

5  safeguard individuals' personal information and all actions that Plaintiffs took or did not take in

6  reliance on such promises or representations.

7  **RESPONSE TO INTERROGATORY NO. 10:**

8  　　　In addition to the General Objections above, Plaintiff objects to Interrogatory No. 10 to

9  the extent that it purports to be a contention interrogatory, which is not appropriate at this stage of

10  the case.  Defendants' written promises, representations, and communications are primarily in the

11  possession, custody or control of Defendants, who have not yet produced most of them.

12  Discovery is ongoing, and Plaintiff reserves the right to supplement this response.  Subject to and

13  without waiving the foregoing objections, Plaintiff responds to Interrogatory No. 10 as follows:

14  　　　On information and belief, the fourteen Blue Cross Blue Shield ("BCBS") licensee

15  affiliates ("Anthem BCBS Affiliates") on at least one occasion mailed the same privacy notice to

16  individuals and to members enrolled in Anthem BCBS Affiliate group plans including such

17  promises as:

18
19
20
21
22
23
24
25
26
> We may collect, use and share your nonpublic personal information (PI) as described in this notice. PI identifies a person and is often gathered in an insurance matter. We may collect PI about you from other persons or entities, such as doctors, hospitals, or other carriers. We may share PI with persons or entities outside of our company—without your OK in some cases. If we take part in an activity that would require us to give you a chance to opt out, we will contact you. We will tell you how you can let us know that you do not want us to use or share your PI for a given activity. You have the right to access and correct your PI. Because PI is defined as any information that can be used to make judgements about your health, finances, character habits, hobbies, reputation, career and credibility, **we take reasonable safety measures to protect the PI we have about you**. A more detailed state notice is available upon request. Please call the phone number printed on your ID card. [Source:  Anthem Insurance Companies, Inc. (Anthem BCBS Affiliate in Indiana) Mailed Privacy Notice.] (emphasis added).

27  　　　Anthem BCBS affiliates also promised the following:

28  　　　**We are dedicated to protecting your PHI, and have set up a**

**number of policies and practices to help make sure your PHI is kept secure.**

We have to keep your PHI private. If we believe your PHI has been breached, we must let you know.

**We keep your oral, written and electronic PHI safe using physical, electronic, and procedural means. These safeguards follow federal and state laws.** Some of the ways we keep your PHI safe include securing offices that hold PHI, **password-protecting computers**, and locking storage areas and filing cabinets. We require our employees to protect PHI through written policies and procedures. **These policies limit access to PHI to only those employees who need the data to do their job.** Employees are also required to wear ID badges to help keep people who do not belong out of areas where sensitive data is kept. **Also, where required by law, our affiliates and nonaffiliates must protect the privacy of data we share in the normal course of business.** They are not allowed to give PHI to others without your written OK, except as allowed by law and outlined in this notice.  [Source:  Anthem Insurance Companies, Inc. Mailed Privacy Notice; Blue Cross of California Mailed Privacy Notice.]  (emphasis added).

Additionally, Anthem BCBS Affiliates also promised to keep the "financial information of our current and former members private, as required by law, accreditation standards, and our rules" and to follow state and federal law, specifically promising: "HIPAA (the federal privacy law) generally does not pre-empt, or override, other laws that give people greater privacy protections.  As a result, if any state or federal privacy law requires us to provide you with more privacy protections, then we must also follow that law in addition to HIPAA." *Id.*

Anthem and Anthem BCBS Affiliates' websites made further promises regarding their privacy policies.  Every Anthem BCBS Affiliate's website states:

**Personal Information (including Social Security Number) Privacy Protection Policy**

**[Name of Anthem BCBS Affiliate] maintains policies that protect the confidentiality of personal information, including Social Security numbers, obtained from its members and associates in the course of its regular business functions.** [Name of Anthem BCBS Affiliate] is committed to protecting information about its customers and associates, especially the confidential nature of their personal information (PI).

Personal Information is information that is capable of being associated with an individual through one or more identifiers including but not limited to, a Social Security number, a driver's license number, a state identification card number, and account number, a credit or debit card number, a passport number, an alien

registration number or a health insurance identification number, and does not include publicly available information that is lawfully made available to the general public from federal, state or local government records or widely distributed media.

[Name of Anthem BCBS Affiliate] is committed to protecting the confidentiality of Social Security numbers and other Personal Information.

- **[Name of Anthem BCBS Affiliate]'s Privacy Policy imposes a number of standards to:**

  o **guard the confidentiality of Social Security numbers and other personal information,**

  o **prohibit the unlawful disclosure of Social Security numbers, and**

  o **limit access to Social Security numbers.**

[Name of Anthem BCBS Affiliate] will not use or share Social Security numbers or Personal information with anyone outside the company except when permitted or required by federal and state law.

**[Name of Anthem BCBS Affiliate] Associates must only access Social Security numbers or personal information as required by their job duties.** [Name of Anthem BCBS Affiliate] has in place a minimum necessary policy which states that associates may only access, use or disclose Social Security numbers or personal information to complete a specific task and as allowed by law.

**[Name of Anthem BCBS Affiliate] safeguards Social Security numbers or other personal information by having physical, technical, and administrative safeguards in place.**

If you have questions regarding this policy, please contact Customer Service by dialing the number that is located on the back of your ID card. [Source: Anthem BlueCross BlueShield Privacy, https://www.anthem.com/health-insurance/about-us/privacy (last visited Oct. 19, 2015); *see also* Anthem BlueCross Privacy, https://www.anthem.com/ca/health-insurance/about-us/privacy (last visited Oct. 19, 2015); Empire BlueCross BlueShield HIPAA Privacy Notice, https://www.empireblue.com/wps/portal/ehpfooter?content_path=shared/noapplication/f0/s0/t0/pw_ad068128.htm&label=HIPAA%20 Privacy%20Notice (last visited Oct. 19, 2015)] (emphasis added).

On information and belief, non-BCBS Affiliates such as Amerigroup Corporation, CareMore Health Group, Inc., HealthLink, and UniCare) made similar promises and representations in their mailed privacy notices and on their websites as the Anthem BCBS websites. Such promises and representations include mailed notices stating:

We may collect, use and share your nonpublic personal information (PI) as described in this notice. PI identifies a person and is often gathered in an insurance matter. We may collect PI about you from other persons or entities, such as doctors, hospitals, or other carriers. We may share PI with persons or entities outside of our company—without your OK in some cases. If we take part in an activity that would require us to give you a chance to opt out, we will contact you. We will tell you how you can let us know that you do not want us to use or share your PI for a given activity. You have the right to access and correct your PI. Because PI is defined as any information that can be used to make judgements about your health, finances, character habits, hobbies, reputation, career and credibility, **we take reasonable safety measures to protect the PI we have about you**. A more detailed state notice is available upon request. Please call the phone number printed on your ID card. [Source:  Anthem Insurance Companies, Inc. (Anthem BCBS Affiliate in Indiana) Mailed Privacy Notice.] (emphasis added).

Specifically, UniCare's website contains the same "Personal Information (Including Social Security Number) Privacy Protection Policy" as the Anthem BCBS websites.  [Source: Unicare Privacy, https://www.unicare.com/health-insurance/about-us/privacy (last visited Oct. 19, 2015).]

Amerigroup sent a mailed notice that also appears on its website stating:

**Information about your health and money is private.** The law says we must keep this kind of information, called PHI, safe for our members. That means if you're a member right now or if you used to be, your information is safe.

…

Federal law says we must tell you what the law says we have to do to protect PHI that's told to us, in writing or saved on a computer. We also have to tell you how we keep it safe. **To protect PHI:**

- **On paper (called physical), we:**

  – Lock our offices and files

  – Destroy paper with health information so others can't get it

- **Saved on a computer (called technical), we:**

  **– Use passwords so only the right people can get in**

  **– Use special programs to watch our systems**

- **Used or shared by people who work for us, doctors or the state, we:**

  – Make rules for keeping information safe (called policies

and procedures)

– Teach people who work for us to follow the rules [Source: Amerigroup Mailed Privacy Notice, https://www.amerigroup.com/sites/amerigroup.com/files/files/FLFL_ALL_NOPP.pdf (last visited Oct. 19, 2015) (emphasis added).

Caremore's website privacy notice states that:

CareMore already follows current state confidentiality laws, but the federal government now requires that this notice be given to help educate patients about their rights.

…

CareMore is required by law to maintain the privacy of Protected Health Information ("PHI") and to provide you with notice of our legal duties and privacy practices with respect to PHI and to notify affected individuals following a breach of unsecured PHI.

…

**CareMore will make reasonable efforts to avoid incidental disclosures of protected health information**. [Source: http://www.caremore.com/Current-Members/Member-Materials/AboutHIPAA.aspx]

Non-Anthem BCBS Defendants made similar promises and representations in their mailed privacy notices and on their websites as the Anthem BCBS Affiliates. In general, the non-Anthem BCBS Defendants promised to maintain physical, electronic, and procedural safeguards that comply with state and federal law to safeguard individuals' Personal Information.

The Blue Cross and Blue Shield Association ("BCBSA"), Anthem, Anthem, Affiliates, and non-Anthem Affiliates who contracted to protect the Personal Information of federal government employees who enrolled in the Blue Cross Blue Shield Service Benefit Plan did so pursuant to Contract No. CS 1039 ("Federal BCBSA Contract"), which promised to protect the Personal Information of the individuals insured under the Federal BCBSA Plan. Under the agreement, BCBSA, as agent for the Anthem BCBS Affiliates and non-Anthem BCBS, was limited to using "the personal data on employees and annuitants that is provided by agencies and OPM, including social security numbers, for only those routine uses stipulated for the data . . . ." and undertook specific obligations with respect to protecting this and other sensitive Personal Information. Beginning with at least the version operative as of January 1, 2014, the Federal

BCBSA Contract provides, among other things, that BCBSA, as agent for the Anthem BCBS Affiliates and non-Anthem BCBS, has express contractual obligations to: (i) "hold all medical records, and information relating thereto confidential" (with limited exceptions that do not apply here); (ii) allocate the necessary resources "to meet its obligation under the contract," including security obligations; (iii)  permit the OPM to use NIST SP 800-53 (Security and Privacy Controls for Federal Information Systems and Organizations) or its equivalent as a benchmark for conducting audits of information systems and to recommend that BCBSA, Anthem, the Anthem BCBS Affiliates, and the non-Anthem BCBS, adopt a best practice drawn from NIST SP 800-53; (iv) either adopt recommendations made by the OPM, or represent that it is already in compliance with the recommendation or explain why its current practice, notwithstanding its refusal to adopt the recommendation is equally if not more appropriate for its business purposes than the recommended best practice; (v) demonstrate to the OPM their compliance with either a recommended best practice or an alternative current practice they had adopted and (vi) permit OPM "to inspect or evaluate the work performed or being performed under the contract."  The BCBS website devoted to the Federal BCBSA Plan similarly promises that the plan will "hold all our member records confidential, and will only release them to the appropriate entities if required to do so by law."

An official statement of benefits in relation to the Federal BCBSA Plan, which is incorporated into the Federal BCBSA Contract, appears on the Office of Personnel Management's website under "Plan Brochure" provides, regardless of the state for which plans are being displayed, that "we will keep your medical and claims information confidential" under the "Your Medical and Claims Records are Confidential" heading.  A copy of the statement of benefits can also be found on Anthem's website.

BCBSA, the Anthem BCBS Affiliates, and the non-Anthem BCBS for the Federal BCBSA provide on a shared website that "[w]e have measures in place to protect PHI [Personal Health Information] according to state and federal standards. The measures are designed to protect oral, written, and electronic PHI, and include: Security and privacy training for all employees.  Employee access is limited to need-to-know basis. . . . All users of our electronic

1    systems are required to use strong passwords.  All users must change their computer passwords

2    periodically."

3        Plaintiff also incorporates by reference as if set forth fully herein the response to

4    Interrogatory No. 11.

5        In reliance on the foregoing promises, representations or communications, and/or because

6    of omissions of material fact associated with those statements, Plaintiffs entered into contracts

7    with Defendants, entrusted their Personal Information to Defendants, and fully performed their

8    obligations under the contracts, suffering the injuries alleged.

9

10   **INTERROGATORY NO. 11:**

11       Describe in detail each contract or agreement between you and any Defendant that you

12   claim was breached, including the specific provision or provisions that were allegedly breached.

13   **RESPONSE TO INTERROGATORY NO. 11:**

14       In addition to the General Objections above, Plaintiff objects to Interrogatory No. 11

15   because it is a contention interrogatory, not appropriate at this stage of discovery.  Many of the

16   relevant agreements are in the possession, custody, or control of Defendants, who have not yet

17   produced all of them.  Information regarding the Anthem Data Breach is also primarily in the

18   possession, custody, or control of Defendants, who have not yet produced all relevant

19   information.  Plaintiff thus does not have access at this time to each specific provision that was

20   breached.  Accordingly, Plaintiff provides herein only a partial summary, based on information

21   currently known, of the agreements that were breached.  Subject to and without waiving the

22   foregoing objections, Plaintiff responds to Interrogatory No. 11 as follows:

23       Among other things, Defendants breached their promises that that they would safeguard

24   Plaintiff's Personal Information, take reasonable precautions to protect Plaintiff's Personal

25   Information, and adhere to federal and state laws regarding protection of Personal Information, as

26   set forth in detail in response to Interrogatory Number 10, and incorporated herein.

27       Among other things, Defendants breached the promise in the Empire Blue Cross Blue

28   Shield "Privacy" website that stated:

1

2      **Personal Information (Including Social Security**

3      **Number) Privacy Protection Policy**

4
       Empire maintains policies that protect the confidentiality of
5      personal information, including Social Security numbers,
       obtained from its members and associates in the course of its
6      regular business functions. Empire is committed to
       protecting information about its customers and associates,
7      especially the confidential nature of their personal
       information (PI).
8      Personal Information is information that is capable of being
       associated with an individual through one or more
9      identifiers including but not limited to, a Social Security
10     number, a driver's license number, a state identification card
       number, an account number, a credit or debit card number, a
11     passport number, an alien registration number or a health
       insurance identification number, and does not include
12     publicly available information that is lawfully made
       available to the general public from federal, state or local
13     government records or widely distributed media.

14
15     •       Empire is committed to protecting the confidentiality
       of Social Security numbers and other Personal Information.
16     •       Empire's Privacy Policy imposes a number of
       standards to:
17     •       guard the confidentiality of Social Security numbers
       and other personal information,
18     •       prohibit the unlawful disclosure of Social Security
       numbers, and
19     •       limit access to Social Security numbers.

20
21     Empire will not use or share Social Security numbers or
       personal information with anyone outside the company
22     except when permitted or required by federal and state law.

23
       Empire Associates must only access Social Security
24     numbers or personal information as required by their job
       duties. Empire has in place a minimum necessary policy
25     which states that associates may only access, use or disclose
       Social Security numbers or personal information to
26     complete a specific task and as allowed by law.

27
       Empire safeguards Social Security numbers and other
28     personal information by having physical, technical, and
       administrative safeguards in place.

Among other things, Defendants breached the promise in the

Empire Blue Cross Blue Shield "Information that's

important to you" website that stated:

"**Your personal information**
We may collect, use and share your nonpublic personal
information (PI) as described in this notice. PI identifies a
person and is often gathered in an insurance matter.
We may collect PI about you from other persons or entities,
such as doctors, hospitals or other carriers. We may share PI
with persons or entities outside of our company — without
your OK in some cases. If we take part in an activity that
would require us to give you a chance to opt out, we will
contact you. We will tell you how you can let us know that
you do not want us to use or share your PI for a given
activity. You have the right to access and correct your PI.
Because PI is defined as any information that can be used to
make judgments about your health, finances, character,
habits, hobbies, reputation, career and credit, we take
reasonable safety measures to protect the PI we have about
you. A more detailed state notice is available upon request.
Please call the phone number printed on your ID card.

**How we protect information**
We are dedicated to protecting your PHI, and have set up a
number of policies and practices to help make sure your PHI
is kept secure. We have to keep your PHI private. If we
believe your PHI has been breached, we must let you know.
We keep your oral, written and electronic PHI safe using
physical, electronic, and procedural means. These
safeguards follow federal and state laws. Some of the ways
we keep your PHI safe include securing offices that hold
PHI, password-protecting computers, and locking storage
areas and filing cabinets. We require our employees to
protect PHI through written policies and procedures. These
policies limit access to PHI to only those employees who
need the data to do their job. Employees are also required to
wear ID badges to help keep people who do not belong out
of areas where sensitive data is kept. Also, where required
by law, our affiliates and nonaffiliates must protect the
privacy of data we share in the normal course of business.
They are not allowed to give PHI to others without your
written OK, except as allowed by law and outlined in this
notice."

**INTERROGATORY NO. 12:**

Identify and describe each person, document, and communication on which you relied in making the allegations in the Complaint.

**RESPONSE TO INTERROGATORY NO. 12:**

In addition to the General Objections above, Plaintiff objects to Interrogatory No. 12 because it is a contention interrogatory, not appropriate at this stage of discovery. Discovery is ongoing, and Plaintiff reserves the right to supplement this response. Plaintiff further objects to Interrogatory No. 12 because it seeks information protected by the work-product doctrine and the attorney-client privilege. Subject to and without waiving the foregoing objections, Plaintiff responds to Interrogatory No. 12 as follows:

Plaintiff will produce any documents relied upon in making the allegations in the plaintiff-specific paragraphs of the Consolidated Amended Complaint (*i.e.*, paragraphs 12 through 108).

**COHEN MILSTEIN SELLERS & TOLL PLLC**
ANDREW N. FRIEDMAN
GEOFFREY GRABER
SALLY M. HANDMAKER
ERIC KAFKA

Dated:  November 25, 2015          By: /s/ Andrew N. Friedman

**ALTSHULER BERZON LLP**
EVE H. CERVANTEZ
JONATHAN WEISSGLASS
DANIELLE E. LEONARD
MEREDITH A. JOHNSON

Dated:  November 25, 2015          By: /s/ Eve H. Cervantez

*Lead Plaintiffs' Counsel*

**GIRARD GIBBS LLP**
ERIC GIBBS
DAVID M. BERGER
1 Kaiser Plaza, Suite 1125
Oakland, California 94612
Telephone:  (510) 981-4800
Facsimile:  (415) 981-4846

**LEIFF CABRASER HEIMANN &
BERNSTEIN, LLP**
MICHAEL W. SOBOL
NICOLE D. SUGNET
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339

*Plaintiffs' Steering Committee*

PLAINTIFF CASS' RESPONSES TO THE ANTHEM
DEFENDANTS' INTERROGATORIES, SET ONE
CASE NO. 15-MD-02617-LHK (NC)

1            **VERIFICATION OF INTERROGATORY ANSWERS**

2           I, Claudia Cass, am a named plaintiff in the above-captioned action, *In re Anthem, Inc.*

3 *Data Breach Litigation.* I believe, based on reasonable inquiry, that the foregoing answers are

4 true and correct to the best of my knowledge, information, and belief.

5          I verify under penalty of perjury under the laws of the United States of America that the

6 foregoing is true and correct.

7          Executed on  11/23 , 2015.

8

9                                     *Claudia Vance Cass*

10                             CLAUDIA CASS

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF CASS' RESPONSES TO THE ANTHEM
DEFENDANTS' INTERROGATORIES, SET ONE
CASE NO. 15-MD-02617-LHK (NC)