ALTSHULER BERZON LLP
EVE CERVANTEZ (SBN 164709)
ecervantez@altshulerberzon.com
JONATHAN WEISSGLASS (SBN 185008)
jweissglass@altshulerberzon.com
DANIELLE E. LEONARD (SBN 218201)
dleonard@altshulerberzon.com
MEREDITH A. JOHNSON (SBN 291018)
mjohnson@altshulerberzon.com
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064

COHEN MILSTEIN SELLERS & TOLL PLLC
ANDREW N. FRIEDMAN (admitted *pro hac vice*)
afriedman@cohenmilstein.com
GEOFFREY GRABER (SBN 211547)
ggraber@cohenmilstein.com
SALLY M. HANDMAKER (SBN 281186)
shandmaker@cohenmilstein.com
ERIC KAFKA (admitted *pro hac vice*)
ekafka@cohenmilstein.com
1100 New York Ave. NW
Suite 500, West Tower
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699

*Lead Plaintiffs' Counsel*
Additional Plaintiffs' Counsel Listed on Signature Page

HOGAN LOVELLS US LLP
CRAIG A. HOOVER (SBN 113965)
craig.hoover@hoganlovells.com
E. DESMOND HOGAN (admitted pro hac vice)
desmond.hogan@hoganlovells.com
555 Thirteenth Street, NW
Washington, DC 20004-1109
Telephone: (202) 637-5600
Facsimile: (202) 637-5910

*Attorneys for Defendants Anthem, Inc. and related parties*
Additional Defendants and Defendants' Counsel Listed on Signature Page

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE ANTHEM, INC. DATA BREACH LITIGATION | Case No. 15-md-02617-LHK (NC)<br><br>**EIGHTH JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: October 26, 2016<br>Time: 2:00 p.m.<br>Judge: Lucy H. Koh |

Plaintiffs in the Third Consolidated Amended Class Action Complaint ("TAC"), along with Defendants Anthem, Inc. and certain of its affiliates that have been named as defendants in the TAC (collectively, "Anthem"), Non-Anthem Defendant Blue Cross and Blue Shield entities named in the TAC (collectively, the "Non-Anthem Defendants"), and Defendant Blue Cross Blue Shield Association ("BCBSA"), having met and conferred, hereby provide this Eighth Joint Case Management Statement in advance of the Case Management Conference scheduled for October 26, 2016.

**I.  PENDING MOTIONS**

There are no motions currently pending before this Court. The current schedule requires Plaintiffs to file their motion for class certification by March 10, 2017.

Plaintiffs seek to substitute one plaintiff and dismiss the claims of other plaintiffs without prejudice. Defendants have requested additional information from Plaintiffs, and Plaintiffs have provided that information, and if the parties reach agreement, Plaintiffs will file a stipulation.

**II.  CLASS CERTIFICATION**

At the last Case Management Conference held on July 22, 2016, the Court discussed with counsel for all parties the claims that the parties agreed would be considered in Plaintiffs' initial motion for class certification, Defendants' objection to proceeding by way of selected claims notwithstanding. Pursuant to that discussion, Plaintiffs' motion for class certification will include four of the claims previously selected for consideration during the motion to dismiss stage of the litigation (California UCL; New York GBL; federal breach of contract; California breach of contract against Anthem), and will not include the New York unjust enrichment or New Jersey breach of contract against Non-Anthem Defendants claims, which will be held in abeyance.

On July 26, 2016, the Court issued a Case Management Order directing that:

1) "the parties will identify by September 1, 2016 the total number of California residents enrolled in individual plans, group plans, and Administrative Services Only ("ASO") agreements. The parties shall also provide enrollment numbers as to the ten ASO agreements with the largest number of California residents" and

2) In this CMC statement, "the parties shall propose specific approaches to class certification of the California breach of contract claim that will allow the Court to provide the parties a class certification ruling in an efficient and manageable manner."

ECF No. 556 at 2.

In response to the Court's first request, the Anthem Defendants filed a Notice of Requested Information on September 1, 2016 providing the information requested by the Court, as of January 31, 2015. Upon review of this information, Plaintiffs requested that Anthem provide the Court with supplemental information identifying the total number of California residents who were Anthem members in the lines of business identified by the Court *and* whose data was impacted by the Anthem Data Breach at issue in this litigation. Anthem agreed to provide this information. The Anthem Defendants therefore provide the following supplemental information to the Court identifying the numbers of California residents who were Anthem members in the lines of business identified by the Court and who were impacted by the Data Breach:[1]

| Line of Business | Number of California Residents Who Were Anthem Members and Whose Information Was Impacted in the Cyberattack |
|---|---|
| ASO Group | 2,578,790 |
| Fully Insured Group | 3,224,884 |
| Individual | 1,174,152 |

---

[1] Plaintiffs believe these numbers are under-inclusive with respect to individually-purchased and group-enrolled plans, but will resolve the issue in discovery. Defendants believe that these numbers are accurate and agree that any issues regarding the numbers can be addressed in discovery.

In response to the Court's second request, the parties have set forth below an approach to class certification of the California breach of contract claim that will allow the Court to resolve Plaintiffs' motion in an efficient and manageable manner.

Plaintiffs' intended approach to class certification will be consistent with the allegations and description of contract claims against Anthem set forth in the operative complaint. Specifically, Plaintiffs intend to move for certification of a California contract class that includes all individuals who were enrolled in an insurance and/or health benefits plan with Anthem (including individual, fully-insured group, and ASO) that is subject to California contract law (as opposed to the law of another state or federal contract law) and who were impacted by the data breach. Accordingly, there is no need for the Court to address the issue of carving out the claims of putative class members from ASO groups.

The parties are mindful of the Court's concern with managing the volume of evidence that pertains to the California contracts at issue. To address that concern, the parties are using all available discovery tools to categorize and organize evidence across plans and over time. Moreover, the parties will attempt to coordinate their efforts so that they do not submit as evidence in support of or opposition to class certification pages from contract documents/plan booklets that are not relevant. As the Court is aware from the documents discussed in the motions to dismiss, many of the provisions in the plan booklets and contract documents at issue are not relevant to the issues in this case. The parties have agreed that they will attempt to work together to only submit excerpts of contract documents/plan booklets that are relevant to the issues the Court needs to decide in connection with class certification.

**III. STATUS OF DISCOVERY**

    **A. Plaintiffs' Discovery of Anthem Defendants**

The parties provided a detailed report with respect to the status of discovery in the previous Case Management Conference Statement, filed July 18, 2016 (ECF No. 541). Subsequent to that filing, all parties have continued to engage in substantial discovery in advance of the scheduled fact discovery cut-off of December 1, 2016.

With respect to Plaintiffs' written discovery from the Anthem Defendants, since July 18, 2016, the Anthem Defendants have produced an additional 2,386,141 pages of documents responsive to Plaintiffs' requests (for a total of 3,005,347 pages to date), and document productions remain ongoing. Since July 18, 2016, the Anthem Defendants have also responded to additional Interrogatories, Requests for Admission, and Requests for Production of Documents.

Relevant to the above discussion of Plaintiffs' California contract claim, document production remains ongoing with respect to the contract plan documents requested by Plaintiffs. Depositions are currently scheduled for October 27, 2016 for the Anthem Defendants' designated witness with respect to the 30(b)(6) topic pertaining to Administrative Services Only contracts; November 8, 2016 for the Anthem Defendants' designated witness with respect to the 30(b)(6) topic pertaining to fully-insured group contracts; and November 17, 2016 for the Anthem Defendants' designated witness with respect to the 30(b)(6) topic pertaining to individual contracts.

Since July 18, 2016, Plaintiffs have taken ten depositions of Anthem witnesses, and 12 total other witnesses (including 30(b)(6) topic designees and individual percipient witnesses) are scheduled. The Anthem Defendants agreed to be served collectively with one 30(b)(6) deposition notice, and Plaintiffs served such a notice with forty-five topics. The parties have largely agreed upon a schedule for the 30(b)(6) topics, and have begun those depositions, with the exception of four topics for which Plaintiffs and the Anthem Defendants continue to negotiate deposition dates.

**B.  Plaintiffs' Discovery of Non-Anthem Defendants and BCBSA**

With respect to Plaintiffs' discovery from the Non-Anthem Defendants, since July 18, 2016, these Defendants have collectively produced 33,397 pages of documents responsive to Plaintiffs' requests (for a total of 48,633 pages to date), and document productions remain ongoing. Additional written discovery remains outstanding but not yet due.

On August 26, 2016, Plaintiffs served each of the 14 Non-Anthem Defendants with a 30(b)(6) notice identifying sixteen topics for deposition. Plaintiffs have requested that the Non-Anthem Defendants identify witnesses and provide dates for these depositions, which will take place in different locations throughout the country and will require considerable logistical coordination to complete prior to the December 1, 2016 deadline. The scope of those deposition topics are still

being negotiated. The parties have not yet reached agreement as to a schedule for the depositions that will be needed to address Plaintiffs' 30(b)(6) deposition topics, but are actively working on the issue. Plaintiffs will seek the court's involvement if an agreement as to scope or a schedule cannot be reached soon with respect to these deposition dates, given the length of time the requests have been pending, the proximity of the discovery cut-off of December 1, 2016, and the need to coordinate with attorneys and locations around the country.

With respect to Plaintiffs' discovery from Defendant BCBSA, since July 18, 2016, BCBSA has produced 5,247 pages of documents responsive to Plaintiffs' requests (for a total of 10,896 pages), and document production is substantially complete.

Plaintiffs also served Defendant BCBSA with a 30(b)(6) notice identifying twenty-six topics for deposition, and although the scope of those topics are being negotiated, approximate dates for those depositions have been agreed upon.

### C. Defendants' Discovery of Plaintiffs

With respect to Defendants' written discovery from Plaintiffs, since July 18, 2016, the Plaintiffs have produced an additional 3,798 pages of documents responsive to Defendants' requests (for a total of 10,164 pages to date), and document productions appear to remain ongoing. Since July 18, 2016, 58 of the Plaintiffs named in the TAC have been deposed, another 17 were scheduled for deposition, making a grand total of 75 Plaintiffs who have been deposed or scheduled for deposition thus far. On October 17, 2016, Anthem provided Plaintiffs' counsel with a proposed schedule for the depositions of 33 more Plaintiffs. The parties intend to meet and confer to discuss the scheduling of these depositions.

### D. **Third Party Discovery**

Plaintiffs served subpoenas on the National Association of Insurance Commissioners ("NAIC") and the Office of Personnel Management ("OPM"), both of which have produced documents, and are in the process of meeting and conferring with counsel for NAIC and OPM about the scope and timing of their remaining outstanding productions. Plaintiffs also served a third-party subpoena on Mandiant, which is outstanding and not yet due.

## IV. CURRENT CASE SCHEDULE

The current case schedule is set forth in this Court's July 26, 2016 Case Management Order, and no party proposes any changes to that schedule at this time.

## V. TRANSFERRED CASES

There have been no additional cases transferred to this MDL, dismissed, or remanded since the previous Case Management Conference and therefore the list in Exhibit A to the July 18, 2016 Joint Case Management Statement remains accurate.

## VI. COORDINATION WITH STATE COURT PROCEEDINGS

The Missouri (*Sabatino et al. v. HMO Missouri, et al.*) and California (*Wickens v. Blue Cross of California, et al.*) cases are both still pending in state court.

## VII. SETTLEMENT AND ADR

This case has not been assigned to the ADR Program. The parties have not engaged in, or agreed to engage in, settlement discussions. Plaintiffs are prepared to discuss settlement at any time and are agreeable to private mediation. Anthem may at the appropriate time be prepared to discuss settlement and agrees that, if settlement discussions are warranted, a private mediation would be the appropriate mechanism.

## VIII. SCHEDULING NEXT CASE MANAGEMENT CONFERENCE

It is unclear at the present time whether the parties will need the Court's guidance with respect to any case management issues in the next few months. Accordingly, to the extent that the parties believe that another Case Management Conference is warranted before the scheduled hearing on class certification in June 2017, they will request one.

Respectfully submitted,

**COHEN MILSTEIN SELLERS & TOLL PLLC**
ANDREW N. FRIEDMAN
GEOFFREY GRABER
SALLY M. HANDMAKER
ERIC KAFKA

Dated: October 19, 2016     By: /s/ Andrew N. Friedman

6
Eighth Joint Case Management Statement,
Case No. 15-md-02617-LHK (NC)

## IV. CURRENT CASE SCHEDULE

The current case schedule is set forth in this Court's July 26, 2016 Case Management Order, and no party proposes any changes to that schedule at this time.

## V. TRANSFERRED CASES

There have been no additional cases transferred to this MDL, dismissed, or remanded since the previous Case Management Conference and therefore the list in Exhibit A to the July 18, 2016 Joint Case Management Statement remains accurate.

## VI. COORDINATION WITH STATE COURT PROCEEDINGS

The Missouri (*Sabatino et al. v. HMO Missouri, et al.*) and California (*Wickens v. Blue Cross of California, et al.*) cases are both still pending in state court.

## VII. SETTLEMENT AND ADR

This case has not been assigned to the ADR Program. The parties have not engaged in, or agreed to engage in, settlement discussions. Plaintiffs are prepared to discuss settlement at any time and are agreeable to private mediation. Anthem may at the appropriate time be prepared to discuss settlement and agrees that, if settlement discussions are warranted, a private mediation would be the appropriate mechanism.

## VIII. SCHEDULING NEXT CASE MANAGEMENT CONFERENCE

It is unclear at the present time whether the parties will need the Court's guidance with respect to any case management issues in the next few months. Accordingly, to the extent that the parties believe that another Case Management Conference is warranted before the scheduled hearing on class certification in June 2017, they will request one.

Respectfully submitted,

**COHEN MILSTEIN SELLERS & TOLL PLLC**
ANDREW N. FRIEDMAN
GEOFFREY GRABER
SALLY M. HANDMAKER
ERIC KAFKA

Dated: October 19, 2016     By: /s/ Andrew N. Friedman

| | | |
|---|---|---|
| | | **ALTSHULER BERZON LLP**<br>EVE H. CERVANTEZ<br>JONATHAN WEISSGLASS<br>DANIELLE E. LEONARD<br>MEREDITH A. JOHNSON |
| Dated: October 19, 2016 | | By: /s/ Eve H. Cervantez |
| | | *Lead Plaintiffs' Counsel* |
| | | **GIRARD GIBBS LLP**<br>ERIC GIBBS<br>DAVID M. BERGER<br>1 Kaiser Plaza, Suite 1125<br>Oakland, California 94612<br>Telephone: (510) 981-4800<br>Facsimile: (415) 981-4846 |
| | | **LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**<br>MICHAEL W. SOBOL<br>NICOLE D. SUGNET<br>275 Battery Street, 29th Floor<br>San Francisco, CA 94111-3339 |
| | | *Plaintiffs' Steering Committee* |
| | | **HOGAN LOVELLS US LLP**<br>CRAIG A. HOOVER<br>E. DESMOND HOGAN<br>PETER R. BISIO<br>ALLISON M. HOLT |
| Dated: October 19, 2016 | | By: /s/ Craig A. Hoover |
| | | Craig A. Hoover (SBN 113965)<br>craig.hoover@hoganlovells.com<br>E. Desmond Hogan (admitted pro hac vice)<br>desmond.hogan@hoganlovells.com<br>Peter R. Bisio (admitted pro hac vice)<br>peter.bisio@hoganlovells.com<br>Allison M. Holt (admitted pro hac vice)<br>allison.holt@hoganlovells.com<br>555 Thirteenth Street, NW<br>Washington, DC 20004-1109<br>Telephone: (202) 637-5600<br>Facsimile: (202) 637-5910 |

Michael Maddigan (SBN 163450)
michael.maddigan@hoganlovells.com
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA  90067
Telephone:	(310) 785-4600
Facsimile:	(310) 785-4601

*Attorneys for Defendants Anthem, Inc., and certain of its affiliates that have been named as defendants in the Consolidated Amended Complaint (collectively, "Anthem") and Defendants Blue Cross and Blue Shield of Alabama,  USAble Mutual Insurance Company d/b/a Arkansas Blue Cross Blue Shield and BlueAdvantage Administrators of Arkansas, California Physicians' Service d/b/a Blue Shield of California, Blue Cross and Blue Shield of Florida, Inc. d/b/a Florida Blue, CareFirst of Maryland, Inc., Blue Cross and Blue Shield of Massachusetts, Inc., Blue Cross and Blue Shield of Michigan, Blue Cross and Blue Shield of Minnesota, Horizon Healthcare Services, Inc., Blue Cross and Blue Shield of North Carolina, Highmark Health Services, and Blue Cross and Blue Shield of Vermont*

**TROUTMAN SANDERS LLP**
CHAD R. FULLER

Dated:  October 19, 2016			By: /s/ Chad R. Fuller

Chad R. Fuller (SBN 190830)
chad.fuller@troutmansanders.com
11682 El Camino Real, Suite 400
San Diego, CA 92130
Telephone:	(858) 509-6056
Facsimile:	(858) 509-6040

*Attorney for Anthem*

**NELSON MULLINS RILEY & SCARBOROUGH LLP**
JOHN D. MARTIN
LUCILE H. COHEN

Dated:  October 19, 2016			By: John D. Martin _____   __

John D. Martin (admitted pro hac vice)
john.martin@nelsonmullins.com
Lucile H. Cohen (admitted pro hac vice)

8
Eighth Joint Case Management Statement,
Case No. 15-md-02617-LHK (NC)

lucie.cohen@nelsonmullins.com
1320 Main Street, 17th Floor
Columbia, SC 29201
Telephone: (803) 255-9241
Facsimile: (858) 256-7500

*Attorneys for Anthem*

**KIRKLAND & ELLIS LLP**
BRIAN P. KAVANAUGH
KATHERINE WARNER
LUKE C. RUSE
TIM PICKERT

Dated: October 19, 2016           By: /s/ Brian P. Kavanaugh

Brian Kavanaugh (admitted pro hac vice)
brian.kavanaugh@kirkland.com
Katherine Warner (admitted pro hac vice)
kate.warner@kirkland.com
Luke C. Ruse (admitted pro hac vice)
luke.ruse@kirkland.com
Tim Pickert (admitted pro hac vice)
tim.pickert@kirkland.com
300 N. LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

*Attorneys for The Blue Cross Blue Shield Association and Health Care Service Corporation, a Mutual Legal Reserve Company, d/b/a Blue Cross and Blue Shield of Illinois and Blue Cross and Blue Shield of Texas*

**ECF CERTIFICATION**

Pursuant to Local Rule 5-1(i)(3), the filing attorney attests that she has obtained concurrence regarding the filing of this document from the signatories to the document.

Dated: October 19, 2016

/s/ *Danielle E. Leonard*
Danielle E. Leonard

*Co-Lead Plaintiffs' Counsel*

9
Eighth Joint Case Management Statement,
Case No. 15-md-02617-LHK (NC)