# EXHIBIT A

**HOGAN LOVELLS US LLP**
Craig A. Hoover (SBN 113965)
craig.hoover@hoganlovells.com
E. Desmond Hogan (admitted *pro hac vice*)
desmond.hogan@hoganlovells.com
Peter R. Bisio (admitted *pro hac vice*)
peter.bisio@hoganlovells.com
Allison M. Holt (admitted *pro hac vice*)
allison.holt@hoganlovells.com
555 Thirteenth Street, NW
Washington, DC 20004-1109
Telephone: (202) 637-5600
Facsimile: (202) 637-5910

*Attorneys for Defendants Anthem, Inc. and related parties*
Additional Defendants' Counsel Listed on Signature Page

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE ANTHEM, INC. CUSTOMER DATA SECURITY BREACH LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL ACTIONS | Case No. 15-MD-02617-LHK<br><br>**THE ANTHEM DEFENDANTS' RESPONSES TO PLAINTIFFS' FIFTH SET OF INTERROGATORIES** |

PROPOUNDING PARTY:    PLAINTIFFS

RESPONDING PARTY:    THE ANTHEM DEFENDANTS

SET NUMBER:    FIVE (5)

In accordance with Federal Rules of Civil Procedure 26 and 33 and the Local Rules of this Court, the Anthem Defendants[1] ("Anthem") hereby object and respond to Plaintiffs' Fifth Set of Interrogatories:

## RESERVATION OF RIGHTS

Anthem makes the objections here (collectively, the "Objections") based on its interpretation and understanding of the Interrogatories and based on its current knowledge, understanding, and belief as to the facts and information available to Anthem as of the date of the Objections. If Plaintiffs subsequently assert an interpretation of any Interrogatory that differs from Anthem's understanding, Anthem reserves the right to complete its investigation and discovery of the facts, and to rely at trial or in other proceedings on documents, regardless of whether such information is newly discovered or newly in existence. The Objections and Responses shall not constitute an admission by Anthem that any Interrogatory, its response or any of the Objections are admissible as evidence in any trial or other proceeding. Anthem reserves the right to object on any grounds, at any time, to the admission into evidence of any Interrogatory or any objection, response, or any document or thing produced in connection therewith in any such trial or other proceeding. Additional discovery and investigation may lead to additions to, changes in, or modifications of these Objections and Responses. Therefore, these Objections and Responses are provided without

---

[1] Anthem, Inc.; Blue Cross and Blue Shield of Georgia, Inc.; Blue Cross and Blue Shield Healthcare Plan of Georgia, Inc.; Anthem Insurance Companies, Inc. d/b/a Anthem Blue Cross and Blue Shield of Indiana; Blue Cross of California, Inc. d/b/a Anthem Blue Cross of California; Anthem Blue Cross Life and Health Insurance Company; Rocky Mountain Hospital and Medical Service, Inc. d/b/a Anthem Blue Cross and Blue Shield of Colorado in Colorado and d/b/a Anthem Blue Cross and Blue Shield of Nevada in Nevada; Anthem Health Plans, Inc. d/b/a Anthem Blue Cross and Blue Shield of Connecticut; Anthem Health Plans of Kentucky, Inc. d/b/a Anthem Blue Cross and Blue Shield of Kentucky; Anthem Health Plans of Maine, Inc. d/b/a Anthem Blue Cross and Blue Shield of Maine; HMO Missouri, Inc. d/b/a Anthem Blue Cross and Blue Shield of Missouri; RightChoice Managed Care, Inc. d/b/a Anthem Blue Cross and Blue Shield of Missouri; Healthy Alliance Life Insurance Company d/b/a Anthem Blue Cross and Blue Shield of Missouri; Anthem Health Plans of New Hampshire, Inc. d/b/a Anthem Blue Cross and Blue Shield of New Hampshire; Empire HealthChoice Assurance, Inc. d/b/a Empire Blue Cross and Blue Shield; Community Insurance Company d/b/a Anthem Blue Cross and Blue Shield of Ohio; Anthem Health Plans of Virginia, Inc. d/b/a Anthem Blue Cross and Blue Shield of Virginia; HealthKeepers, Inc. d/b/a Anthem Blue Cross and Blue Shield of Virginia; Blue Cross Blue Shield of Wisconsin d/b/a Anthem Blue Cross and Blue Shield of Wisconsin; Compcare Health Services Insurance Corporation d/b/a Anthem Blue Cross and Blue Shield of Wisconsin; Amerigroup Services, Inc.; HealthLink, Inc.; Unicare Life & Health Insurance Company; CareMore Health Plan; The Anthem Companies, Inc.; and The Anthem Companies of California, Inc.

prejudice to Anthem's right to revise, amend, correct, supplement, modify, or clarify its discovery responses to the extent required by Federal Rule of Civil Procedure 26.

Anthem does not waive any objection, nor any claim of privilege or immunity, whether expressly asserted or not, by providing any information in response to any Interrogatory. The inadvertent disclosure of such information shall not constitute a waiver of any applicable privilege or immunity as to that information or any document identified by Anthem. All objections as to privilege, immunity, relevance, authenticity, or admissibility of any information or documents referred to herein are expressly reserved. Further, these Objections are not a concession that any individual identified by Anthem may be called as a witness, that such person possesses discoverable information, or that the subject matter of any particular request or objection thereto is relevant to this action.

## GENERAL OBJECTIONS

1. Anthem objects to each and every Interrogatory to the extent that it purports to impose obligations beyond those set forth in the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of California, the Case Management Order entered in this action or the Stipulated ESI Protocol entered in this action on November 4, 2015, Dkt. 352.

2. Anthem objects to each and every Interrogatory as overly broad, vague or ambiguous, unduly burdensome, unreasonably cumulative and/or duplicative. Anthem further objects to each and every Interrogatory to the extent that it seeks discovery of information not relevant to any party's claims or defenses, not proportional to the needs of the case, and/or not reasonably calculated to lead to the discovery of admissible evidence in this case.

3. Anthem objects to each and every Interrogatory to the extent that it seeks proprietary or confidential business information, trade secrets, medical or other sensitive information, or documents containing information non-responsive to the Interrogatories. To the extent that any non-privileged information or material, proprietary or confidential information, trade secrets, medical or other sensitive or protected information is responsive to the Interrogatories, Anthem will produce such information to the extent that it can consistent with their confidentiality obligations and in

1 accordance with the governing protective order entered in this action.

2. 4. Anthem objects to each and every Interrogatory to the extent that it seeks to compel the disclosure of confidential and/or privileged material protected under, without limitation, the attorney-client privilege and the work product doctrine, consulting expert or any other statutory or common law privilege, prohibition, limitation, or immunity from disclosure, including the joint defense privilege or the "common interest" privilege, including information that is prepared for or in anticipation of litigation or contains or reflects the analysis, mental impressions, or work of counsel. Anthem hereby asserts all such applicable privileges, protections, and immunities. Anthem intends to preserve all such privileges, protections, and immunities to the fullest extent, and any inadvertent production of privileged or protected documents or information shall not constitute a waiver, in whole or in part, of any such privilege, protection or immunity. Plaintiffs shall not use in any manner whatsoever any information derived solely from any inadvertently produced privileged or protected document or information.

5. Anthem objects to each and every Interrogatory to the extent that it seeks to require Anthem to do more than use reasonable diligence to locate responsive documents.

6. Anthem objects to each and every Interrogatory to the extent that it is unreasonably cumulative, redundant, or duplicative of other Interrogatories; calls for the disclosure of information that is in Plaintiffs' possession, custody, or control; or seeks information that is already known to Plaintiffs or that is equally available or readily ascertainable from some other sources that are more convenient, less burdensome, or less expensive.

7. Anthem objects to each and every Interrogatory to the extent that it calls for the disclosure of information from companies, other entities, or individuals who are not parties to the actions consolidated in MDL-2617.

8. Anthem objects to each and every Interrogatory to the extent that it seeks electronically stored information from sources that are not reasonably accessible because of undue burden or cost.

9. Anthem objects to each and every Interrogatory to the extent that it seeks to have Anthem produce information in a manner other than in the manner in which such information is kept

in the ordinary course of business.

10. Anthem objects to each and every Interrogatory to the extent that it calls for the production of documents that are not in its possession, custody or control.

11. Anthem objects to the Interrogatories, and to each and every definition and instruction therein, to the extent that they purport to call for the disclosure of information that Anthem is prohibited from producing or disclosing by contract, court order, statute, rule, regulation, or law.

12. Anthem incorporates by reference the Reservation of Rights and every General Objection set forth above into each specific response set forth below. A specific response may repeat a general objection for emphasis or some other reason. The failure to include any general objection in any specific response does not waive any General Objection to that Interrogatory.

13. Anthem objects to the Interrogatories to the extent that they contain express or implied assumptions of fact or law with respect to matters at issue in this action. Anthem's Responses and Objections to the Interrogatories are not intended to, and shall not, be construed as an agreement or occurrence by Anthem with Plaintiffs' characterization of any facts or circumstances at issue in this action. Instead, Anthem expressly reserves the right to contest any such characterization as inaccurate.

**OBJECTIONS TO THE DEFINITIONS AND INSTRUCTIONS**

1. Anthem objects to all definitions to the extent that they are vague, confusing, and overbroad. Anthem will interpret the Interrogatories reasonably and in good faith in accordance with common English usage as supplemented by its understanding of the common meanings of the terms in the managed health care and information security industries.

2. Anthem objects to the definition of "You" or "Your" to the extent that it purports to require information from third parties over which Anthem does not have possession, custody, or control. Anthem further objects to this definition to the extent that it purports to obligate employees, independent contractors, officers, agents, vendors, accountants, and other persons and entities that will not be called at trial and/or entities not named as defendants in this action to respond to the Interrogatories.

-4-

3.  Anthem objects to the definition of "Affected Individual" as overbroad, unduly burdensome, and not proportional to the needs to the needs of the case and/or not reasonably calculated to lead to the discovery of admissible evidence in this case.

4.  Anthem objects to the definition of "Affected Customer" to the extent that the term is intended to refer to customers of any defendant other than Anthem. Anthem's responses as to Affected Customers are limited to its customers. Anthem further objects to this term as overbroad, unduly burdensome, and not proportional to the needs to the needs of the case and/or not reasonably calculated to lead to the discovery of admissible evidence in this case.

5.  Anthem objects to the definition of "Customer" as vague and ambiguous.

6.  Anthem objects to the definition of "PII" as vague and ambiguous.

7.  Anthem objects to any directions, definitions, or instructions contained in Plaintiffs' Interrogatories to the extent that they alter the generally understood definitions under the Federal Rules of Civil Procedure or seek to impose on Anthem obligations beyond those required by the Federal Rules of Civil Procedure.

## RESPONSES AND OBJECTIONS TO INTERROGATORIES

**INTERROGATORY NO. 21:**

For each Affected Individual, provide the following information:

(a)  All names for that Affected Individual in your databases;

(b)  All addresses for that Affected Individual in your databases, including current address and address at the time of the Data Breach, if different;

(c)  All phone numbers for that Affected Individual in your databases;

(d)  All e-mail address for that Affected Individual in your databases;

(e)  The Line of Business into which Anthem categorized the Affected Individual for purposes of reporting to the federal Office of Civil Rights or any other governmental entity, including state Attorneys General. Line of Business includes but is not limited to: ASO, Fully-Insured Large Group, National, Individual, Fully-Insured Small Group, Anthem BlueCard, House Account, Specialty, Unicare, Health Insurance Exchange, FEP, Medicare, Medicare Supplemental, Dual Demonstration, Medicaid/CHIP, Non-Anthem Blue Card, and Unknown.

  (f) The name of the insurance or health benefit plan(s) purchased or enrolled in by any Affected Individual who individually or as part of a group enrolled in a product sold by Anthem (*i.e.*, the name of the product sold by You, such as the Blue Cross of California 2015 Gold Select PPO 1200/20%/3500 Plus plan).

  (g) For Affected Customers enrolled in Fully-Insured or ASO plans, the name of the Group.

  (h) For Affected Customers, the dates that the Affected Customer was enrolled in Anthem insurance or health benefits plan, from the oldest date for which You have maintained information in the Edward database with respect to Affected Individuals, to the present.

  (i) The amount of any monthly premium payments or any other payments made to Anthem by Affected Individuals or by Groups on behalf of Affected Individuals, from the oldest date for which You have maintained information in the Edward database with respect to Affected Individuals, to the present.

  As a result of discovery, Plaintiffs understand that all of this information is available in Anthem's databases and can be extracted into spreadsheets. Plaintiffs have requested some of this information previously, and were either negotiating with respect to responses or previously determined to hold off on those requests while discovery determined what information Anthem maintains in its databases. A complete response to Interrogatory 21 will supersede any outstanding or prior requests for information by individual. If Anthem wishes to meet and confer with respect to the format and delivery of those spreadsheets, Plaintiffs are available to do so at any time *prior* to the due date for these requests.

**OBJECTIONS TO INTERROGATORY NO. 21**:

  Anthem incorporates the General Objections into this response. Anthem objects to this Interrogatory—including all of its subparts—as vague, ambiguous, oppressive, overbroad, unduly burdensome, and not proportional to the needs to the needs of the case and/or not reasonably calculated to lead to the discovery of admissible evidence in this case. Anthem further objects to this Interrogatory as compound. Anthem objects to the term "databases," which is not a defined term here. As a result, Anthem will reasonably interpret the term "databases" to mean every database in

Anthem's, possession, custody, or control, rendering this Interrogatory oppressive, overbroad, and unduly burdensome. Anthem further objects to the extent that this Interrogatory seeks to compel the disclosure of confidential and/or privileged material protected under the attorney-client privilege and the work product doctrine or the joint defense privilege or the "common interest" privilege, including information that is prepared for or in anticipation of litigation or contains or reflects the analysis, mental impressions, or work of counsel. Anthem further objects on the grounds that this Interrogatory seeks proprietary, confidential business information, and PHI or PII. Anthem further objects to this Interrogatory on the grounds that it is duplicative of or encompassed by certain of the Requests for Production, Sets One and Three, and certain of the Interrogatories, Set One. Anthem contends that this Interrogatory specifically is duplicative of Plaintiffs' Request for Production No. 187 which seeks production of Anthem's "individual impact data collection." Anthem reasserts its objections to Request for Production No. 187 and applies them here. Further, Anthem disputes Plaintiffs' statement that "all of this information is available in Anthem's databases and can be extracted into spreadsheets." Anthem again requests that Plaintiffs provide detailed information about the methods Plaintiffs will employ to protect this information, including information evidencing the security of the system in which this information would be held and all technical, physical, and administrative security safeguards Plaintiffs will implement for the protection of this information. Anthem invites Plaintiffs to further meet and confer to resolve the above-stated objections and determine whether this Interrogatory can be clarified or narrowed in a manner that makes the Request consistent with Anthem's obligation to respond under the Federal Rules of Civil Procedure and this Court's Local Rules.

**INTERROGATORY NO. 21:[2]**

For each Affected Individual, provide the following information regarding the Personal Information that was exfiltrated during the Anthem Data Breach:

(a)   Whether the Affected Individual's name was exfiltrated during the Anthem Data

---

[2] Plaintiffs appear to have erroneously numbered this Interrogatory which should be Interrogatory No. 22. In the interest of efficiency, rather than requiring Plaintiffs to serve amended Interrogatories, Anthem will agree to refer to this Interrogatory (and its response thereto) as Interrogatory No. 22 in future meet and confer discussions.

-7-

THE ANTHEM DEFENDANTS' RESPONSES TO
PLAINTIFFS' FIFTH SET OF INTERROGATORIES
Case No. 15-MD-02617-LHK

Breach;

(b)     Whether an address for the Affected Individual was exfiltrated during the Anthem Data Breach;

(c)     Whether a phone number for the Affected Individual was exfiltrated during the Anthem Data Breach;

(d)     Whether a Social Security Number for that Affected Individual was exfiltrated during the Anthem Data Breach. Although relevant and discoverable, Plaintiffs do not request production of the SSN data actually taken, if Anthem can provide a response by individual as to whether an SSN was taken.

(e)     Whether a Date of Birth for that for that Affected Individual was exfiltrated during the Anthem Data Breach. Although relevant and discoverable, Plaintiffs do not request production of the data actually taken, if Anthem can provide a response for each Affected Individual as to whether this information was taken.

(f)     Whether an employer name or other employer-related information was exfiltrated during the Anthem Data Breach. Although relevant and discoverable, Plaintiffs do not request production of the data actually taken, if Anthem can provide a response for each Affected Individual as to whether this information was taken.

(g)     Whether income-related information was exfiltrated during the Anthem Data Breach, or alternatively. Although relevant and discoverable, Plaintiffs do not request production of the data actually taken, if Anthem can provide a response for each Affected Individual as to whether this information was taken.

(h)     Whether a Health or Medical Identification Number was exfiltrated during the Anthem Data Breach.

(i)     Whether any other Personal Information or PHI for that Affected Individual was exfiltrated during the Anthem Data Breach, and if so, the information that was taken.

This request does not supersede the more specific requests for admission and corresponding interrogatories pertaining to named Plaintiffs and the information regarding those Plaintiffs that was taken in the Data Breach. Plaintiffs have requested some of this information previously with respect

THE ANTHEM DEFENDANTS' RESPONSES TO
PLAINTIFFS' FIFTH SET OF INTERROGATORIES
Case No. 15-MD-02617-LHK

to Affected Individuals; a complete response to these requests will supersede any outstanding or prior requests for information by individual. If Anthem wishes to provide this information by Affected Individual in the same spreadsheets as the response to the prior requests, that is acceptable to Plaintiffs. If Anthem wishes to meet and confer with respect to the format and delivery of those spreadsheets, Plaintiffs are available to do so at any time *prior* to the due date for these requests.

**OBJECTIONS TO INTERROGATORY NO. 21**:

Anthem incorporates the General Objections into this response. Anthem objects to this Interrogatory—including all of its subparts—as vague, ambiguous, oppressive, overbroad, unduly burdensome, and not proportional to the needs to the needs of the case and/or not reasonably calculated to lead to the discovery of admissible evidence in this case. Anthem further objects to this Interrogatory as compound. Anthem further objects to the extent that this Interrogatory seeks to compel the disclosure of confidential and/or privileged material protected under the attorney-client privilege and the work product doctrine or the joint defense privilege or the "common interest" privilege, including information that is prepared for or in anticipation of litigation or contains or reflects the analysis, mental impressions, or work of counsel. Anthem further objects on the grounds that this Interrogatory seeks proprietary, confidential business information, and PHI or PII. Anthem further objects to this Interrogatory on the grounds that it is duplicative of or encompassed by certain of the Requests for Production, Sets One and Three, and certain of the Interrogatories, Set One. Anthem contends that this Interrogatory specifically is duplicative of Plaintiffs' Request for Production No. 187 which seeks production of Anthem's "individual impact data collection." Anthem reasserts its objections to Request for Production No. 187 and applies them here. Further, Anthem disputes Plaintiffs' statement that "all of this information is available in Anthem's databases and can be extracted into spreadsheets." Anthem again requests that Plaintiffs provide detailed information about the methods Plaintiffs will employ to protect this information, including information evidencing the security of the system in which this information would be held and all technical, physical, and administrative security safeguards Plaintiffs will implement for the protection of this information. Anthem further invites Plaintiffs to meet and confer to resolve the above-stated objections and determine whether this Interrogatory can be clarified or narrowed in a

-9-

1  manner that makes the Request consistent with Anthem's obligation to respond under the Federal
2  Rules of Civil Procedure and this Court's Local Rules.

4  Dated: November 21, 2016

By: /s/ E. Desmond Hogan
Craig A. Hoover, SBN 113965
E. Desmond Hogan
Peter R. Bisio
Allison M. Holt
**HOGAN LOVELLS US LLP**
555 Thirteenth Street, NW
Washington, DC 20004
Telephone:    (202) 637-5600
Facsimile:    (202) 637-5910
craig.hoover@hoganlovells.com
desmond.hogan@hoganlovells.com
peter.bisio@hoganlovells.com
allison.holt@hoganlovells.com

Michael Maddigan (SBN 163450)
michael.maddigan@hoganlovells.com
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA  90067
Telephone:    (310) 785-4600
Facsimile:    (310) 785-4601

*Attorneys for the Anthem Defendants*

Dated:  November 21, 2016

By: /s/ Chad R. Fuller
Chad R. Fuller (SBN 190830)
**TROUTMAN SANDERS LLP**
chad.fuller@troutmansanders.com
11682 El Camino Real, Suite 400
San Diego, CA 92130
Telephone:    (858) 509-6056
Facsimile:    (858) 509-6040

*Attorney for the Anthem Defendants*

Dated: November 21, 2016

By: /s/ John D. Martin
John D. Martin (admitted *pro hac vice*)
**NELSON MULLINS RILEY &
SCARBOROUGH LLP**
john.martin@nelsonmullins.com

Lucile H. Cohen (admitted pro hac vice)
lucie.cohen@nelsonmullins.com
1320 Main Street, 17th Floor
Columbia, SC 29201
Telephone:    (803) 255-9241
Facsimile:    (858) 256-7500

*Attorneys for the Anthem Defendants*

-11-

# PROOF OF SERVICE

STATE OF CALIFORNIA   )
                      ) ss.
COUNTY LOS ANGELES    )

I am employed in Los Angeles County, California. I declare that I am over the age of eighteen and not a party to this action; my business address is: HOGAN LOVELLS US LLP, 1999 Avenue of the Stars, Suite 1400, Los Angeles, California 90067.

On November 21, 2016, I caused the foregoing documents described as:

**THE ANTHEM DEFENDANTS' RESPONSES TO PLAINTIFFS' FIFTH SET OF INTERROGATORIES**

to be served on the parties in this action as follows:

**[ SEE ATTACHED SERVICE LIST ]**

[X]  **BY MAIL.** I placed the document(s) listed above in an envelope, addressed as set forth above, and caused it to be delivered to the United States Post Office. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]  **BY HAND DELIVERY.** I caused such envelope to be delivered by hand to the offices of the addressee(s) following ordinary business practices.

[X]  **BY EMAIL.** I caused such document(s) to be delivered in PDF format by electronically transmitting a PDF version to the e-mail addresses listed in the service list attached below.

[ ]  **BY FACSIMILE.** I caused such document(s) to be delivered by facsimile to the offices of the addressee(s) following ordinary business practices from the following facsimile machine (310) 785-4601. Upon completion of the said facsimile machine transmission, the transmitting machine issued a transmission report showing the transmission was complete and without error. A copy of said transmission report is attached hereto.

[ ]  **BY FEDERAL EXPRESS.** I caused such document to be delivered by overnight mail to the offices of the addressee(s) by placing it for collection by Federal express following ordinary business practices by my firm, to wit, that packages will either be picked up from my firm by Federal Express and/or delivered by my firm to the Federal express office.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 21, 2016, at Los Angeles, California.

\_\_\_\_\_Carmela Barrera_____      *Carmela Barrera*
Print Name                                    Signature

THE ANTHEM DEFENDANTS' RESPONSES TO PLAINTIFFS' FIFTH SET OF INTERROGATORIES
Case No. 15-MD-02617-LHK

<u>**SERVICE LIST**</u>

| | |
|---|---|
| Eve Cervantez<br>Jonathan Weissglass<br>**ALTSHULER BERZON LLP**<br>ecervantez@altshulerberzon.com<br>jweissglass@altshulerberzon.com<br>177 Post Street, Suite 300<br>San Francisco, CA 94108<br>Telephone: (415) 421-7151<br>Facsimile: (415) 362-8064 | Co-Lead Plaintiff's Counsel<br>**Via U.S. Mail and Email** |
| Andrew N. Friedman<br>Douglas J. McNamara<br>Sally M. Handmaker<br>**COHEN MILSTEIN SELLERS &<br>    TOLL PLLC**<br>afriedman@cohenmilstein.com<br>dmcnamara@cohenmilstein.com<br>shandmaker@cohenmilstein.com<br>1100 New York Ave. NW<br>Suite 500, East Tower<br>Washington, DC 20005<br>Telephone: (202) 408-4600<br>Facsimile: (202) 408-4699 | Co-Lead Plaintiff's Counsel<br>**Via U.S. Mail and Email** |
| Eric H. Gibbs<br>David M. Berger<br>**GIRARD GIBBS LLP**<br>ehg@classlawgroup.com<br>dmb@classlawgroup.com<br>601 California Street, 14th Floor<br>San Francisco, California 94108<br>Telephone: (415) 981-4800<br>Facsimile: (415) 981-4846 | Plaintiffs' Steering Committee<br>**Via U.S. Mail and Email** |
| Michael W. Sobol<br>**LIEFF CABRASER HEIMANN &<br>    BERNSTEIN, LLP**<br>msobol@lchb.com<br>275 Battery Street, 29th Floor<br>San Francisco, CA 94111-3339<br>Telephone: (415) 956-1000<br>Facsimile: (415) 956-1008 | Plaintiffs' Steering Committee<br>**Via U.S. Mail and Email** |