# EXHIBIT B

| | |
|---|---|
| **From:** | Bisio, Peter R. <peter.bisio@hoganlovells.com> |
| **Sent:** | Friday, December 02, 2016 1:36 PM |
| **To:** | Danielle E. Leonard; Holt, Allison M.; Jonathan Weissglass; Hogan, E. Desmond; Iliadis, Vassi; 'jessica.staiger@kirkland.com' |
| **Cc:** | 'tim.pickert@kirkland.com'; Jonathan Weissglass; Eve Cervantez; afriedman@cohenmilstein.com |
| **Subject:** | RE: Meet and Confer re: individualized data |

Danielle,

With respect to point 1 of your email, we have spoken with the client and can report the following:

*The member impact database includes group and line of business information for Anthem members. It does not include this information for Non-Anthem members.

*The member impact database contains very high level product information for Anthem members (e.g., PPO or HMO), but it does not identify specific products for Anthem members. It does not include any product information for Non-Anthem Members.

*Consistent with our discussion, any group, line of business, and product information in the member impact database relates solely to the policy under which the individual was covered on January 31, 2015 or the earliest date closest in time to that date for which such information exists.

With respect to point 2 of your email, we have spoken with the client and can report the following:

*It would take at least 3 weeks and significant work to identify and pull from EDWard for each Impacted Anthem member information about the enrollment dates for each plan in which each Impacted Anthem member was enrolled. It would require significantly more time and work to provide a total enrollment period for each impacted member.

*Consistent with our discussion, it would take a long time and be extremely burdensome to pull premium revenue information for each Impacted Anthem member. For the majority of Impacted Anthem members and for the majority of the relevant time period, premium revenue information is not maintained on a subscriber or member basis in EDWard. It is maintained at a higher level such as a group or product level. For a given member and a given month, Anthem can derive a per member per month premium revenue average by dividing the total revenue for the applicable group or product in a given month by the total number of members covered under that group or product in that month. To do this for all of the Impacted Anthem members would take at least 3 months. Even then, the information would be incomplete because EDWard does not contain complete premium revenue information for all lines of business (e.g., it does not have Medicaid premium revenue information and it only has some Medicare premium revenue information).

We do not yet have a response to point 3 of your email.

With respect to point 4 of your email, we have spoken with the client and can report the following:

*The easiest way to review the data in the member impact database would be with Teradata. However, it may be possible to extract the data as text files, which could then be loaded into a SQL, Oracle, or similar database. There is not a data dictionary for the member impact database.

Peter

-----Original Message-----
From: Danielle E. Leonard [mailto:dleonard@altshulerberzon.com]
Sent: Thursday, December 01, 2016 11:54 AM
To: Bisio, Peter R.; Holt, Allison M.; Jonathan Weissglass; Hogan, E. Desmond; Iliadis, Vassi; 'jessica.staiger@kirkland.com'
Cc: 'tim.pickert@kirkland.com'; Jonathan Weissglass; Eve Cervantez; afriedman@cohenmilstein.com
Subject: Re: Meet and Confer re: individualized data

Peter and Allison-
Following up on our productive meet and confer call yesterday, here is where I understand things to stand with respect to the individual information interrogatories to Anthem and the Non-Anthem Defendants:

You are checking with your clients as to:
1. Whether the impact database includes, for both Anthem and Non-Anthem individuals: group, product name, and line of business (understanding the scope of our request for line of business into which Anthem categorized the individuals for reporting purposes).
2. Evaluating the burden of querying the EDWard database for member-level data on duration of coverage and payments requested in 21(h) and (i).
3. Response to our position that we will not agree to indemnification, but can agree to the conditions in 2(b) of your email (roughly summarized as not connecting database to the internet and encrypting at rest).
4. Information on the system/software for the impact database, including whether there are any data dictionaries.

I appreciate your agreement to try to get us answers as soon as possible, today or tomorrow if possible, recognizing the number of people that need to be consulted may delay some answers.  I am available over the weekend if there is something we need to discuss or you need to provide us an answer then.

We are considering your further explanation of the information in the impact database, including the explanation that the plan and group information, if contained, would be as of January 2015 or, for individuals not then-enrolled with Anthem, the most recent previous plan//group.

I agreed to provide you additional information that informed my understanding of the information contained in the Edward database that pertains to member enrollment dates/duration of coverage and premium/payment information.  I can't identify all the documents that I reviewed in preparing for the various depositions that pertained to this, but the following testimony from McIntyre and Killelea is relevant to these issues:
McIntyre pages 18-20; 111-113
Killelea 120-122, 148-150

And FYI, the discussion of the software used to access and extract data from Edward is at Killelea 129-33.

I look forward to hearing from you soon, and continue to believe we can reach agreement without the need to involve the court.

Danielle

_____
From: Bisio, Peter R. <peter.bisio@hoganlovells.com>
Sent: Tuesday, November 29, 2016 7:16 PM
To: Danielle E. Leonard; Holt, Allison M.; Jonathan Weissglass; Hogan, E. Desmond; Iliadis, Vassi; 'jessica.staiger@kirkland.com'
Cc: 'tim.pickert@kirkland.com'
Subject: RE: Meet and Confer re: individualized data

Danielle,

I am writing in response to your 11/28 email below regarding certain discovery issues.

Anthem's position regarding Interrogatories 21 and 22 of Plaintiffs' Fifth Set of Interrogatories to Anthem is as follows:

- With respect to 21(a)-(d), Anthem believes that any production of names, addresses, telephone numbers and email addresses for purposes of creating a class list is premature.  If the issue of what information should be produced for purposes of compiling a class list and giving class notice needs to be addressed at all, it should be addressed under Rule 23 after the court has ruled on class certification, not under Rules 26-37 as part of the discovery phase of the case.

- With respect to respect to 21(f)-(i), the information sought in those interrogatories overlaps with the RFPs and Interrogatories at issue in the motion to compel discovery relating to Plaintiffs' benefit of the bargain theory, which is in the process of being briefed.  Limiting Plaintiffs' requests to information in the EDWard Database and the Member Impact Database is not a solution because (i) it would still be burdensome to produce information solely from the EDWard Database and the Member Impact Database and (ii) limiting the requests to those two databases would create a very incomplete data set that we believe would be of minimal value.

- With respect to 21(e) and 22(a)-(i), it would be extremely burdensome for Anthem to perform the analysis Plaintiffs have requested for the approximately 78 million individuals identified in the Member Impact Database.  As a compromise, Anthem is willing to provide Plaintiffs with the Member Impact Database, which identifies the lines of business Anthem used for reporting purposes and identifies the information that was exfiltrated for any given individual.  Given the sensitive information in the Member Impact Database, however, Anthem is only willing to provide Plaintiffs with the Member Impact Database if the security protocol agreed to by the parties incorporates the following controls: (1) Plaintiffs' counsel agrees to indemnify Anthem for any claim that might be brought against Anthem arising out of Plaintiffs' counsel's possession of the Member Impact Database and (2) Plaintiffs' counsel agrees either (a) to employ every security control Plaintiffs seek as injunctive relief against Anthem or (b) not to connect the Member Impact Database to the internet and to encrypt the Member Impact Database while at rest.

With respect to the Non-Anthem Defendants, we believe that the information sought in Interrogatory 1 of the First Set of Interrogatories to Non-Anthem Defendants is either contained in the Member Impact Database or relates only to class notice issues.   For Interrogatories 2-5, our understanding, which has not been confirmed for all Non-Anthem Defendants, is that group or individual policy information (like group name) of the Non-Anthems utilized for reporting purposes would be contained in the Member Impact Database.  To the extent Plaintiffs are seeking more than this, then this overlaps with the RFPs and Interrogatories at issue in the motion to compel discovery relating to Plaintiffs' benefit of the bargain theory, which is in the process of being briefed.

We look forward to speaking tomorrow.

Peter

-----Original Message-----
From: Bisio, Peter R.
Sent: Tuesday, November 29, 2016 8:08 PM
To: 'Danielle E. Leonard'; Holt, Allison M.; Jonathan Weissglass; Hogan, E. Desmond; Iliadis, Vassi; 'jessica.staiger@kirkland.com'
Cc: 'tim.pickert@kirkland.com'
Subject: RE: Meet and Confer re: individualized data

I am hoping it will be in the next hour or two.

-----Original Message-----

3

From: Danielle E. Leonard [mailto:dleonard@altshulerberzon.com]
Sent: Tuesday, November 29, 2016 7:44 PM
To: Bisio, Peter R.; Holt, Allison M.; Jonathan Weissglass; Hogan, E. Desmond; Iliadis, Vassi; 'jessica.staiger@kirkland.com'
Cc: 'tim.pickert@kirkland.com'
Subject: Re: Meet and Confer re: individualized data

I also have not received the response-- when tonight can we expect to receive it?

Thanks,
Danielle




----- Original Message -----
From: Bisio, Peter R. [mailto:peter.bisio@hoganlovells.com]
Sent: Tuesday, November 29, 2016 06:01 PM
To: Danielle E. Leonard; Holt, Allison M. <allison.holt@hoganlovells.com>; Jonathan Weissglass; Hogan, E. Desmond <desmond.hogan@hoganlovells.com>; Iliadis, Vassi <vassi.iliadis@hoganlovells.com>; 'jessica.staiger@kirkland.com' <jessica.staiger@kirkland.com>
Cc: 'tim.pickert@kirkland.com' <tim.pickert@kirkland.com>
Subject: RE: Meet and Confer re: individualized data

Danielle - I am in a deposition tomorrow, but I would hope that it would be over by 6:30 (eastern).  That also should work for Allison.  Shall be plan to talk then if that works for you and the Kirkland team?

-----Original Message-----
From: Danielle E. Leonard [mailto:dleonard@altshulerberzon.com]
Sent: Tuesday, November 29, 2016 4:35 PM
To: Bisio, Peter R.; Holt, Allison M.; Jonathan Weissglass; Hogan, E. Desmond; Iliadis, Vassi; 'jessica.staiger@kirkland.com'
Cc: 'tim.pickert@kirkland.com'
Subject: Re: Meet and Confer re: individualized data

As I emailed earlier, please let me know what time you are available for a call tomorrow to discuss your response.

Danielle




----- Original Message -----
From: Bisio, Peter R. [mailto:peter.bisio@hoganlovells.com]
Sent: Monday, November 28, 2016 09:48 PM
To: Danielle E. Leonard; Holt, Allison M. <allison.holt@hoganlovells.com>; Jonathan Weissglass; Hogan, E. Desmond <desmond.hogan@hoganlovells.com>; Iliadis, Vassi <vassi.iliadis@hoganlovells.com>; Staiger, Jessica (jessica.staiger@kirkland.com) <jessica.staiger@kirkland.com>
Cc: Pickert, Tim <tim.pickert@kirkland.com>
Subject: RE: Meet and Confer re: individualized data

4

Danielle,

Thank you for your email.  We expect to be able to get you a response sometime on Tuesday.

Peter

-----Original Message-----
From: Danielle E. Leonard [mailto:dleonard@altshulerberzon.com]
Sent: Monday, November 28, 2016 12:47 AM
To: Bisio, Peter R.; Holt, Allison M.; Jonathan Weissglass; Hogan, E. Desmond; Iliadis, Vassi; Staiger, Jessica (jessica.staiger@kirkland.com)
Cc: Pickert, Tim
Subject: RE: Meet and Confer re: individualized data

Peter-
I hope everyone had a good holiday.  I'm hoping you can let me know whether you expect to be able to respond on Monday or Tuesday with respect to the outstanding issues pertaining to the individualized data requests, so that we can schedule a time to talk very soon thereafter.  I'm assuming at this point that we will need another meet and confer call, even if we have substantial agreement on the scope of the requests, in light of the need to discuss timing.  Scheduling a further meet and confer conversation is going to get increasingly difficult this week given all the depositions and travel, so it would be helpful to have more information about when we can expect a response.  I'm sure you can understand that we cannot push getting a response beyond Tuesday.  If you can get us a response on Monday, I can find time on Tuesday to talk, and the same goes for talking on Wednesday about a response on Tuesday.

I'd also like to confirm in writing what we offered on the last call with respect to certain compromises:


1)   that Plaintiffs will accept production of any agreed upon individualized data after the December 1, 2016 discovery deadline, assuming we can reach agreement on the scope of production, and to that end, would like to hear Anthem's proposal as to a reasonable period of time necessary to complete the production.  We would like to factor in some reasonable period of time during which we can ask and resolve any questions we may have about the production (i.e. hypothetically if the data for some reason is missing an entire state or category of agreed upon information, we'd need some time to identify and resolve that).



2)   Plaintiffs are willing to reach written agreement to delay any production of addresses, telephone numbers, and e-mail addresses in response to Interrogatory 21(b), (c) and (d) until a later stage in the case if or when such a production is necessary for purposes of class notice.  We are willing to reach the same agreement with the Non-Anthem Defendants.


3)   Other than the address, phone number, and e-mail, Plaintiffs can confirm that if we can reach agreement on scope, we will agree that the information that Plaintiffs are requesting includes information in the EDWard and individual impact databases, not Anthem's many other databases.



4)   If the Non-Anthem Defendants and Anthem can confirm that the data requested from the Non-Anthem Defendants (other than the address, telephone number and e-mail data of which we are willing to delay production) is in Anthem's possession, we can accept production of that information from Anthem.

5

Please let me know if we can set up a meet and confer call based on an expected response on either Monday or Tuesday.

Thanks,
Danielle


Danielle Leonard
Altshuler Berzon LLP
177 Post Street Suite 300
San Francisco, CA 94108
(415) 421-7151


From: Bisio, Peter R. [mailto:peter.bisio@hoganlovells.com]
Sent: Wednesday, November 23, 2016 1:25 PM
To: Danielle E. Leonard <dleonard@altshulerberzon.com>; Holt, Allison M. <allison.holt@hoganlovells.com>; Jonathan Weissglass <jweissglass@altshulerberzon.com>; Hogan, E. Desmond <desmond.hogan@hoganlovells.com>; Iliadis, Vassi <vassi.iliadis@hoganlovells.com>; Staiger, Jessica (jessica.staiger@kirkland.com) <jessica.staiger@kirkland.com>
Cc: Pickert, Tim <tim.pickert@kirkland.com>
Subject: RE: Meet and Confer re: individualized data

Danielle,

We have not forgotten about the issue, but don't have an answer yet.  We expect to be able to get back to you by early next week.  I believe you were going to get back to us on security.  Do you have anything more to share on that?

Thanks, and have a happy Thanksgiving,

Peter

From: Danielle E. Leonard [mailto:dleonard@altshulerberzon.com]
Sent: Tuesday, November 22, 2016 6:42 PM
To: Holt, Allison M.; Jonathan Weissglass; Bisio, Peter R.; Hogan, E. Desmond; Iliadis, Vassi; Staiger, Jessica (jessica.staiger@kirkland.com<mailto:jessica.staiger@kirkland.com>)
Cc: Pickert, Tim
Subject: RE: Meet and Confer re: individualized data

Peter and Allison-
We received the interrogatory responses and have reviewed them.  I understood from our call on Friday that you might not be able to give us a response to all the issues we discussed with respect to the individualized data by this week in light of the holiday, but that you would give us a status report by tomorrow.  We look forward to getting that.  It would be very helpful, given the deadlines we are dealing with, if you can let us know then, if you don't have a complete response to give us, when you expect to be able to do that - it is going to have to be very early next week in order for us to reach a deal as to scope, which I'm optimistic that we can.

Thanks,
Danielle


Danielle Leonard

Altshuler Berzon LLP
177 Post Street Suite 300
San Francisco, CA 94108
(415) 421-7151


From: Holt, Allison M. [mailto:allison.holt@hoganlovells.com]
Sent: Friday, November 18, 2016 12:18 PM
To: Danielle E. Leonard <dleonard@altshulerberzon.com<mailto:dleonard@altshulerberzon.com>>; Jonathan Weissglass <jweissglass@altshulerberzon.com<mailto:jweissglass@altshulerberzon.com>>; Bisio, Peter R. <peter.bisio@hoganlovells.com<mailto:peter.bisio@hoganlovells.com>>; Hogan, E. Desmond <desmond.hogan@hoganlovells.com<mailto:desmond.hogan@hoganlovells.com>>; Iliadis, Vassi <vassi.iliadis@hoganlovells.com<mailto:vassi.iliadis@hoganlovells.com>>; Staiger, Jessica (jessica.staiger@kirkland.com<mailto:jessica.staiger@kirkland.com>) <jessica.staiger@kirkland.com<mailto:jessica.staiger@kirkland.com>>
Cc: Pickert, Tim <tim.pickert@kirkland.com<mailto:tim.pickert@kirkland.com>>
Subject: RE: Meet and Confer re: individualized data

Danielle, would it be possible to push this back 30 mins to 130 pacific? No worries if not, but it would be helpful on our end if so. Please let me know. Many thanks!

-----Original Appointment-----
From: Holt, Allison M.
Sent: Thursday, November 17, 2016 9:33 AM
To: Holt, Allison M.; Danielle E. Leonard; Jonathan Weissglass; Bisio, Peter R.; Hogan, E. Desmond; Iliadis, Vassi; Staiger, Jessica (jessica.staiger@kirkland.com<mailto:jessica.staiger@kirkland.com>)
Cc: Pickert, Tim
Subject: Meet and Confer re: individualized data
When: Friday, November 18, 2016 4:00 PM-4:30 PM (UTC-05:00) Eastern Time (US & Canada).
Where: 800-470-7005 Room *8015872#


_____
From:   Danielle E. Leonard [mailto:dleonard@altshulerberzon.com]
Sent:   Thursday, November 17, 2016 8:34 AM
To:     Holt, Allison M.; 'julia.hartley@nelsonmullins.com'; 'jessica.staiger@kirkland.com'; Bisio, Peter R.; 'chad.fuller@troutmansanders.com'; 'lruse@kirkland.com'; 'john.martin@nelsonmullins.com'; 'Lucie.Cohen@nelsonmullins.com'; Hoover, Craig A.; Hogan, E. Desmond; 'Virginia.Flynn@troutmansanders.com'; 'bkavanaugh@kirkland.com'; 'tim.pickert@kirkland.com'; 'ryan.lawrence@kirkland.com'; 'michelle.kisloff@hoganlovells.co'
Cc:     Tony LoPresti; Eve Cervantez; 'AFriedman@cohenmilstein.com'; Sally Mendez; 'EKafka@cohenmilstein.com'; Jonathan Weissglass; Iliadis, Vassi
Subject:        Re: Meet and Confer re: individualized data


Thanks, this works for us.
Danielle

7

----- Original Message -----
From: Holt, Allison M. [mailto:allison.holt@hoganlovells.com]
Sent: Wednesday, November 16, 2016 11:41 PM
To: Danielle E. Leonard; Julia Hartley <julia.hartley@nelsonmullins.com<mailto:julia.hartley@nelsonmullins.com>>; Staiger, Jessica <jessica.staiger@kirkland.com<mailto:jessica.staiger@kirkland.com>>; Bisio, Peter R. <peter.bisio@hoganlovells.com<mailto:peter.bisio@hoganlovells.com>>; chad.fuller@troutmansanders.com<mailto:chad.fuller@troutmansanders.com> <chad.fuller@troutmansanders.com<mailto:chad.fuller@troutmansanders.com>>; Ruse, Luke C. <lruse@kirkland.com<mailto:lruse@kirkland.com>>; John Martin <john.martin@nelsonmullins.com<mailto:john.martin@nelsonmullins.com>>; Lucie Cohen <Lucie.Cohen@nelsonmullins.com<mailto:Lucie.Cohen@nelsonmullins.com>>; Hoover, Craig A. <craig.hoover@hoganlovells.com<mailto:craig.hoover@hoganlovells.com>>; Hogan, E. Desmond <desmond.hogan@hoganlovells.com<mailto:desmond.hogan@hoganlovells.com>>; 'Flynn, Virginia B.' (Virginia.Flynn@troutmansanders.com<mailto:Virginia.Flynn@troutmansanders.com>) (Virginia.Flynn@troutmansanders.com<mailto:Virginia.Flynn@troutmansanders.com>) <Virginia.Flynn@troutmansanders.com<mailto:Virginia.Flynn@troutmansanders.com>>; Kavanaugh, Brian P. <bkavanaugh@kirkland.com<mailto:bkavanaugh@kirkland.com>>; Pickert, Tim <tim.pickert@kirkland.com<mailto:tim.pickert@kirkland.com>>; Lawrence, Ryan M. <ryan.lawrence@kirkland.com<mailto:ryan.lawrence@kirkland.com>>; michelle.kisloff@hoganlovells.co<mailto:michelle.kisloff@hoganlovells.co> <michelle.kisloff@hoganlovells.co<mailto:michelle.kisloff@hoganlovells.co>>
Cc: Tony LoPresti; Eve Cervantez; Friedman, Andrew (AFriedman@cohenmilstein.com<mailto:AFriedman@cohenmilstein.com>) <AFriedman@cohenmilstein.com<mailto:AFriedman@cohenmilstein.com>>; Sally Mendez; EKafka@cohenmilstein.com<mailto:EKafka@cohenmilstein.com> <EKafka@cohenmilstein.com<mailto:EKafka@cohenmilstein.com>>; Jonathan Weissglass; Iliadis, Vassi <vassi.iliadis@hoganlovells.com<mailto:vassi.iliadis@hoganlovells.com>>
Subject: RE: Meet and Confer re: individualized data

Danielle,

The right folks on our team are available at 4 pm eastern/1 pacific on Friday. Does that work for your team?
Allison
-----Original Message-----
From: Danielle E. Leonard [mailto:dleonard@altshulerberzon.com]
Sent: Tuesday, November 15, 2016 9:53 PM
To: Julia Hartley; Staiger, Jessica; Bisio, Peter R.; chad.fuller@troutmansanders.com<mailto:chad.fuller@troutmansanders.com>; Ruse, Luke C.; John Martin; Lucie Cohen; Hoover, Craig A.; Hogan, E. Desmond; Holt, Allison M.; 'Flynn, Virginia B.' (Virginia.Flynn@troutmansanders.com<mailto:Virginia.Flynn@troutmansanders.com>) (Virginia.Flynn@troutmansanders.com<mailto:Virginia.Flynn@troutmansanders.com>); Kavanaugh, Brian P.; Pickert, Tim; Lawrence, Ryan M.; michelle.kisloff@hoganlovells.co<mailto:michelle.kisloff@hoganlovells.co>
Cc: Tony LoPresti; Eve Cervantez; Friedman, Andrew (AFriedman@cohenmilstein.com<mailto:AFriedman@cohenmilstein.com>); Sally Mendez; EKafka@cohenmilstein.com<mailto:EKafka@cohenmilstein.com>; Jonathan Weissglass
Subject: Meet and Confer re: individualized data

Counsel-
Given that the negotiation over the security of any data produced in response to our interrogatories is ongoing, I would like to begin the meet and confer process with respect to our requests to Anthem for individualized data, and to continue the meet and confer process as it pertains to the Non-Anthem data. Given the discussion during the last meet

and confer call regarding the Non-Anthems, and the potential overlap in data requested from Anthem and the Non-Anthem Defendants with respect to affected individuals, we think it makes sense to have one conversation.  We are also happy to continue separately if you prefer.  Please let me know if you are amenable and available for a call with me and Jonathan this Friday, 11/18.
Danielle
Danielle Leonard
Altshuler Berzon LLP


_____
From:   Jonathan Weissglass
Sent:   Wednesday, November 9, 2016 1:59 PM
To:     Julia Hartley; Staiger, Jessica; peter.bisio@hoganlovells.com<mailto:peter.bisio@hoganlovells.com>; chad.fuller@troutmansanders.com<mailto:chad.fuller@troutmansanders.com>; Ruse, Luke C.; John Martin; Lucie Cohen; *craig.hoover@hoganlovells.com<mailto:*craig.hoover@hoganlovells.com>; *desmond.hogan@hoganlovells.com<mailto:*desmond.hogan@hoganlovells.com>; *allison.holt@hoganlovells.com<mailto:*allison.holt@hoganlovells.com>; 'Flynn, Virginia B.' (Virginia.Flynn@troutmansanders.com<mailto:Virginia.Flynn@troutmansanders.com>) (Virginia.Flynn@troutmansanders.com<mailto:Virginia.Flynn@troutmansanders.com>); Kavanaugh, Brian P.; Pickert, Tim; Lawrence, Ryan M.
Cc:     Tony LoPresti; Eve Cervantez; Friedman, Andrew (AFriedman@cohenmilstein.com<mailto:AFriedman@cohenmilstein.com>); Sally Mendez; EKafka@cohenmilstein.com<mailto:EKafka@cohenmilstein.com>; Danielle E. Leonard
Subject:        RE: In re Anthem, Inc. Data Breach Litigation, Case No. 15-MD-02617-LHK: Non-Anthem Responses to Written Discovery

To follow up on the below, if it is less burdensome, we would also agree to a response to Interrogatory 6 that simply says which plans Non-Anthem Defendants contend are subject to ERISA.  Thank you.
From:   Jonathan Weissglass
Sent:   Wednesday, November 09, 2016 1:44 PM
To:     Julia Hartley <julia.hartley@nelsonmullins.com<mailto:julia.hartley@nelsonmullins.com>>; Staiger, Jessica <jessica.staiger@kirkland.com<mailto:jessica.staiger@kirkland.com>>; peter.bisio@hoganlovells.com<mailto:peter.bisio@hoganlovells.com>; chad.fuller@troutmansanders.com<mailto:chad.fuller@troutmansanders.com>; Ruse, Luke C. <lruse@kirkland.com<mailto:lruse@kirkland.com>>; John Martin <john.martin@nelsonmullins.com<mailto:john.martin@nelsonmullins.com>>; Lucie Cohen <Lucie.Cohen@nelsonmullins.com<mailto:Lucie.Cohen@nelsonmullins.com>>; *craig.hoover@hoganlovells.com<mailto:*craig.hoover@hoganlovells.com> <craig.hoover@hoganlovells.com<mailto:craig.hoover@hoganlovells.com>>; *desmond.hogan@hoganlovells.com<mailto:*desmond.hogan@hoganlovells.com> <desmond.hogan@hoganlovells.com<mailto:desmond.hogan@hoganlovells.com>>; *allison.holt@hoganlovells.com<mailto:*allison.holt@hoganlovells.com> <allison.holt@hoganlovells.com<mailto:allison.holt@hoganlovells.com>>; 'Flynn, Virginia B.' (Virginia.Flynn@troutmansanders.com<mailto:Virginia.Flynn@troutmansanders.com>) (Virginia.Flynn@troutmansanders.com<mailto:Virginia.Flynn@troutmansanders.com>) <Virginia.Flynn@troutmansanders.com<mailto:Virginia.Flynn@troutmansanders.com>>; Kavanaugh, Brian P. <bkavanaugh@kirkland.com<mailto:bkavanaugh@kirkland.com>>; Pickert, Tim <tim.pickert@kirkland.com<mailto:tim.pickert@kirkland.com>>; Lawrence, Ryan M. <ryan.lawrence@kirkland.com<mailto:ryan.lawrence@kirkland.com>>
Cc:     Tony LoPresti <tlopresti@altshulerberzon.com<mailto:tlopresti@altshulerberzon.com>>; Eve Cervantez <ecervantez@altshulerberzon.com<mailto:ecervantez@altshulerberzon.com>>; Friedman, Andrew (AFriedman@cohenmilstein.com<mailto:AFriedman@cohenmilstein.com>)

9

<AFriedman@cohenmilstein.com<mailto:AFriedman@cohenmilstein.com>>; Sally Mendez <smendez@altshulerberzon.com<mailto:smendez@altshulerberzon.com>>; EKafka@cohenmilstein.com<mailto:EKafka@cohenmilstein.com>; Danielle E. Leonard <dleonard@altshulerberzon.com<mailto:dleonard@altshulerberzon.com>>
Subject:     RE: In re Anthem, Inc. Data Breach Litigation, Case No. 15-MD-02617-LHK: Non-Anthem Responses to Written Discovery

Dear Counsel,
I am following up on Interrogatory 6, which concerns ERISA.  In your objection and your letters of October 31, 2016, you raise burdensomeness.  Plaintiffs believe that burden can be minimized by the following compromise: Rather than identifying all of the Affected Customers, simply identify the plans Non-Anthem Defendants contend are preempted in whole or in part by ERISA.  Please let us know if that is acceptable.
Also, when will we hear from you on RFAs 5 and 7 and Interrogatories 11-15?
Thank you.
From:   Jonathan Weissglass
Sent:   Thursday, November 03, 2016 10:10 AM
To:     Julia Hartley <julia.hartley@nelsonmullins.com<mailto:julia.hartley@nelsonmullins.com<mailto:julia.hartley@nelsonmullins.com%3cmailto:julia.hartley@nelsonmullins.com>>>; Staiger, Jessica <jessica.staiger@kirkland.com<mailto:jessica.staiger@kirkland.com<mailto:jessica.staiger@kirkland.com%3cmailto:jessica.staiger@kirkland.com>>>; peter.bisio@hoganlovells.com<mailto:peter.bisio@hoganlovells.com<mailto:peter.bisio@hoganlovells.com%3cmailto:peter.bisio@hoganlovells.com>>; chad.fuller@troutmansanders.com<mailto:chad.fuller@troutmansanders.com<mailto:chad.fuller@troutmansanders.com%3cmailto:chad.fuller@troutmansanders.com>>; Ruse, Luke C. <lruse@kirkland.com<mailto:lruse@kirkland.com<mailto:lruse@kirkland.com%3cmailto:lruse@kirkland.com>>>; John Martin <john.martin@nelsonmullins.com<mailto:john.martin@nelsonmullins.com<mailto:john.martin@nelsonmullins.com%3cmailto:john.martin@nelsonmullins.com>>>; Lucie Cohen <Lucie.Cohen@nelsonmullins.com<mailto:Lucie.Cohen@nelsonmullins.com<mailto:Lucie.Cohen@nelsonmullins.com%3cmailto:Lucie.Cohen@nelsonmullins.com>>>; *craig.hoover@hoganlovells.com<mailto:*craig.hoover@hoganlovells.com<mailto:*craig.hoover@hoganlovells.com%3cmailto:*craig.hoover@hoganlovells.com>>
<craig.hoover@hoganlovells.com<mailto:craig.hoover@hoganlovells.com<mailto:craig.hoover@hoganlovells.com%3cmailto:craig.hoover@hoganlovells.com>>>;
*desmond.hogan@hoganlovells.com<mailto:*desmond.hogan@hoganlovells.com<mailto:*desmond.hogan@hoganlovells.com%3cmailto:*desmond.hogan@hoganlovells.com>>
<desmond.hogan@hoganlovells.com<mailto:desmond.hogan@hoganlovells.com<mailto:desmond.hogan@hoganlovells.com%3cmailto:desmond.hogan@hoganlovells.com>>>;
*allison.holt@hoganlovells.com<mailto:*allison.holt@hoganlovells.com<mailto:*allison.holt@hoganlovells.com%3cmailto:*allison.holt@hoganlovells.com>>
<allison.holt@hoganlovells.com<mailto:allison.holt@hoganlovells.com<mailto:allison.holt@hoganlovells.com%3cmailto:allison.holt@hoganlovells.com>>>; 'Flynn, Virginia B.' (Virginia.Flynn@troutmansanders.com<mailto:Virginia.Flynn@troutmansanders.com<mailto:Virginia.Flynn@troutmansanders.com%3cmailto:Virginia.Flynn@troutmansanders.com>>)
(Virginia.Flynn@troutmansanders.com<mailto:Virginia.Flynn@troutmansanders.com<mailto:Virginia.Flynn@troutmansanders.com%3cmailto:Virginia.Flynn@troutmansanders.com>>)
<Virginia.Flynn@troutmansanders.com<mailto:Virginia.Flynn@troutmansanders.com<mailto:Virginia.Flynn@troutmansanders.com%3cmailto:Virginia.Flynn@troutmansanders.com>>>; Kavanaugh, Brian P. <bkavanaugh@kirkland.com<mailto:bkavanaugh@kirkland.com<mailto:bkavanaugh@kirkland.com%3cmailto:bkavanaugh@kirkland.com>>>; Pickert, Tim <tim.pickert@kirkland.com<mailto:tim.pickert@kirkland.com<mailto:tim.pickert@kirkland.com%3cmailto:tim.pickert@

kirkland.com>>>; Lawrence, Ryan M.
<ryan.lawrence@kirkland.com<mailto:ryan.lawrence@kirkland.com<mailto:ryan.lawrence@kirkland.com%3cmailto:ryan.lawrence@kirkland.com>>>
Cc: Tony LoPresti
<tlopresti@altshulerberzon.com<mailto:tlopresti@altshulerberzon.com<mailto:tlopresti@altshulerberzon.com%3cmailto:tlopresti@altshulerberzon.com>>>; Eve Cervantez
<ecervantez@altshulerberzon.com<mailto:ecervantez@altshulerberzon.com<mailto:ecervantez@altshulerberzon.com%3cmailto:ecervantez@altshulerberzon.com>>>; Friedman, Andrew
(AFriedman@cohenmilstein.com<mailto:AFriedman@cohenmilstein.com<mailto:AFriedman@cohenmilstein.com%3cmailto:AFriedman@cohenmilstein.com>>)
<AFriedman@cohenmilstein.com<mailto:AFriedman@cohenmilstein.com<mailto:AFriedman@cohenmilstein.com%3cmailto:AFriedman@cohenmilstein.com>>>; Sally Mendez
(smendez@altshulerberzon.com<mailto:smendez@altshulerberzon.com<mailto:smendez@altshulerberzon.com%3cmailto:smendez@altshulerberzon.com>>)
<smendez@altshulerberzon.com<mailto:smendez@altshulerberzon.com<mailto:smendez@altshulerberzon.com%3cmailto:smendez@altshulerberzon.com>>>;
EKafka@cohenmilstein.com<mailto:EKafka@cohenmilstein.com<mailto:EKafka@cohenmilstein.com%3cmailto:EKafka@cohenmilstein.com>>; Danielle E. Leonard
<dleonard@altshulerberzon.com<mailto:dleonard@altshulerberzon.com<mailto:dleonard@altshulerberzon.com%3cmailto:dleonard@altshulerberzon.com>>>
Subject:    In re Anthem, Inc. Data Breach Litigation, Case No. 15-MD-02617-LHK: Non-Anthem Responses to Written Discovery

Dear Counsel,
I am writing to follow up on our phone conversation from yesterday with respect to Non-Anthem Defendants' responses to Plaintiffs' Third Set of RFPs, First Set of RFAs, and First Set of Interrogatories.
With respect to the RFPs, my understanding is that all Non-Anthem Defendants have now agreed to respond to RFPs 56-59 on the terms set forth in my letter of October 24, 2016: Non-Anthem Defendants will produce a sample of template individual, group, and ASO contracts, booklets, and Evidences of Coverage sufficient to show the relevant universe of documents applicable to affected customers, and will not rely on any contracts, booklets, or Evidences of Coverage they have not produced to Plaintiffs before the relevant depositions.  Please confirm.
On RFP 60, I explained Plaintiffs' view of why the request is relevant as requested in your letters of October 31, 2016.  All Non-Anthem Defendants have agreed to try to let Plaintiffs know by tomorrow whether or not they will agree to a resolution similar to that for RFPs 56-59.  I explained that if the answer is negative or we do not hear from you by then, we will provide you our portion of a joint letter to the Magistrate Judge on Monday.
We also had a lengthy discussion on the RFAs and Interrogatories that are at issue.  The bottom line is that you have agreed to go back to your clients about amending RFAs 5 and 7 and let us know the result, both sides have work to do on figuring out how to deal with Interrogatories 1-5 in light of our conversation, we will get back to you on Interrogatory 6 in light of the discussion, and you will get back to us on Interrogatories 11-15 in light of the discussion.
If there is anything else, please let us know.
Thank you.
About Hogan Lovells
Hogan Lovells is an international legal practice that includes Hogan Lovells US LLP and Hogan Lovells International LLP. For more information, see www.hoganlovells.com<http://www.hoganlovells.com>.
CONFIDENTIALITY. This email and any attachments are confidential, except where the email states it can be disclosed. It may also be privileged. If received in error, please do not disclose the contents to anyone, but notify the sender by return email and delete this email (and any attachments) from your system.