EXHIBIT K

1   ALTSHULER BERZON LLP
    EVE CERVANTEZ (SBN 164709)
2   ecervantez@altshulerberzon.com
    JONATHAN WEISSGLASS (SBN 185008)
3   jweissglass@altshulerberzon.com
    DANIELLE LEONARD (SBN 218201)
4   dleonard@altshulerberzon.com
    MEREDITH JOHNSON (SBN 291018)
5   mjohnson@altshulerberzon.com
    177 Post Street, Suite 300
6   San Francisco, CA 94108
    Telephone: (415) 421-7151
7   Facsimile: (415) 362-8064

8   COHEN MILSTEIN SELLERS & TOLL PLLC
    ANDREW N. FRIEDMAN (admitted *pro hac vice*)
9   afriedman@cohenmilstein.com
    GEOFFREY GRABER (SBN 211547)
10  ggraber@cohenmilstein.com
    SALLY M. HANDMAKER (SBN 281186)
11  shandmaker@cohenmilstein.com
    ERIC KAFKA (admitted *pro hac vice*)
12  ekafka@cohenmilstein.com
    1100 New York Ave. NW
13  Suite 500, West Tower
    Washington, DC 20005
14  Telephone:  (202) 408-4600
    Facsimile:  (202) 408-4699

15
    *Lead Plaintiffs' Counsel*
16

17              **UNITED STATES DISTRICT COURT**

18             **NORTHERN DISTRICT OF CALIFORNIA**

19                   **SAN JOSE DIVISION**

20  *In Re Anthem, Inc. Data Breach Litigation*      Case No. 15-MD-02617-LHK

21                                                    **DECLARATION OF PLAINTIFFS' CO-
                                                      LEAD COUNSEL EVE H. CERVANTEZ IN
22                                                    SUPPORT OF JOINT DISCOVERY BRIEF
                                                      DISPUTE REGARDING MEMBER DATA**
23

24

25

26

27

28

I, Eve H. Cervantez, declare as follows:

1. I am a member of the Bar of the State of California and of this Court, and am a partner in Altshuler Berzon LLP.  I am Court-appointed Co-Lead Plaintiffs' counsel in this case.

2. I make this declaration on personal information, and on information and belief based upon my review of documents and information provided to me by other attorneys working under my supervision on this case.  If called as a witness, I could and would testify competently thereto.

3. I make this declaration in response to the Anthem Defendants' contention that Plaintiffs delayed in requesting the information at issue in this discovery dispute.  Plaintiffs' requests for certain member-level information that are the subject of the current discovery dispute were the result of a long discovery process that began in September 2015, when Plaintiffs first asked Anthem to produce documents evidencing the premiums paid to it by potential class members.  As described below, despite Anthem's persistent objections to providing Plaintiffs with relevant and responsive documents, or even to providing Plaintiffs information about how the data was stored and might be accessed (in order to allow Plaintiffs to address any "burden" objections), Plaintiffs diligently sought the necessary information through every discovery means available, reaching compromises where appropriate and to the extent consistent with counsel's duty to represent our clients.

**Plaintiffs' RFP and Deposition re: Premiums and Payment Information**

4. On September 21, 2015, Plaintiffs served their First Set of Requests for Production on Anthem, which contained RFP 92: "Documents sufficient to show the amount of premiums paid to Anthem or Anthem subsidiaries by individuals whose PII or PHI was compromised in the Data Breach."

5. Anthem objected to producing the requested information and requested to meet and confer. The parties extensively negotiated over the scope of Plaintiffs' First Set of Requests for Production for several months.  At Anthem's suggestion, Plaintiffs agreed to defer Anthem's production in response to RFP 92 and to develop a proposal after the

CERVANTEZ DECL. IN SUPPORT OF JOINT
DISCOVERY BRIEF
CASE NO. 15-MD-02617-LHK

1  Court ruled on the motions to dismiss and Plaintiffs understood exactly what their experts

2  needed.

3  6.  The Court issued its Order granting in part and denying in part Defendants' second motion

4  to dismiss on May 27, 2016 (Dkt. No. 524), which extensively discussed Plaintiffs'

5  damages theories.

6  7.  Plaintiffs filed a Third Amended Complaint ("TAC") on July 11, 2016 (Dkt. No. 537).

7  On July 22, 2016, Defendants indicated at a Case Management Conference that they

8  would not move to dismiss the Third Amended Complaint and would instead require a

9  short extension of time in which to answer the TAC, to August 4, 2016 (Dkt. No. 556).

10  On August 4, 2016, the Anthem and Non-Anthem Defendants filed Answers to the TAC,

11  setting forth 46 affirmative defenses to Plaintiffs' claims, including several affirmative

12  defenses related to damages.

13  8.  On August 24, 2016, Plaintiffs served an Amended Notice of Rule 30(b)(6) deposition,[1]

14  that added topic 45: "manners and methods by which you gather, track, or store

15  information regarding the amount of premiums, service payments, or other amounts paid

16  to you for insurance, administrative services, HMOS, and/or other health care services,

17  including but not limited to the identity and description of the systems or databases in

18  which such information is maintained and the length of time for which such information is

19  maintained."  Plaintiffs added this 30(b)(6) topic in an abundance of caution in case

20  Anthem was not forthcoming regarding the payment information and data collected and

21  maintained about its members.

22  9.  Once the pleadings were finally settled, and after consulting with their various damages

23  experts, on September 14, 2016, Plaintiffs sent a letter to Anthem explaining exactly what

24  information their experts wanted with respect to RFP 92.  See Exhibit 1 (September 14,

25  2016 letter from Nicole Sugnet to Des Hogan and Lucie Cohen).

26

27  [1] Plaintiffs had previously given Anthem a draft Rule 30(b)(6) Deposition Notice in May 2016, to
permit Anthem time to identify and provide witnesses, and Plaintiffs served the actual Rule

28  30(b)(6) Deposition Notice on July 21, 2016.  Anthem did not produce any Rule 30(b)(6)
deponents until September.

2

10. Anthem never responded in writing to Plaintiffs' September 14, 2016 explanation of what their experts needed with respect to RFP 92, despite repeated requests.  Anthem also refused to informally provide information to Plaintiffs regarding what documents or data Anthem maintained that would contain responsive information, as is common in the meet and confer process over data sets and electronically stored information.

11. Instead, Anthem finally agreed on October 18, 2016, to make a witness available to testify with respect to Topic 45, concerning the manner and means of tracking and storing information regarding premiums and fees paid by or on behalf of Affected Individuals. Anthem did not make the witness available until November 2, 2016.  *See* Exhibit 2 (email chain between Nicole Sugnet and Allison Holt).  Because the fact discovery cut-off was December 1, Plaintiffs (and Anthem) knew that Plaintiffs would not be able to serve any follow up written discovery after the November 2 deposition.

## Plaintiffs' Other Damages and Data Discovery

12. Meanwhile, on September 14, 2016, Plaintiffs also served some additional discovery requests pertaining to information that Plaintiffs could need for their expert damages analysis, namely, Plaintiffs' Fourth Set of Requests for Production, RFPs 238-239, which sought documents regarding the financial characteristics of plans in which Affected Individuals enrolled.  On September 22, 2016, Plaintiffs served their Fourth Set of Interrogatories to Anthem, including Interrogatories 18 and 19, which again sought financial and pricing information about each plan in which Affected Individuals enrolled, including premium amount, co-pay, co-insurance, and deductible.

13. In addition, while the parties were still clarifying the parameters of the legal claims and damages through the motions to dismiss, Plaintiffs had also been diligently pursuing discovery from Anthem regarding what information Anthem had collected regarding individuals impacted by the data breach.  In May 2016, Plaintiffs served Requests for Admission to establish that each Named Plaintiffs' information was exfiltrated in the Data Breach, and Interrogatories to learn about the process that Anthem used to make that determination.  In response, on June 13, 2016, Anthem explained the existence of the

3

"Impact Database:"

Following discovery of the cyberattack, Anthem pulled and organized data in order to allow it to determine whether an individual's information was impacted by the cyberattack and to further understand precisely what data elements were involved for those identified individuals. The individual impact data collection was populated by re-creating the queries the criminal cyberattackers executed in the EDWard database and compiling the resulting information in to this central repository. Anthem was able to determine what queries were executed based both an analysis of its own database logs and through the assistance of the FBI using information gleaned from their ongoing criminal investigation. This data collection was utilized in responding to member inquiries and supported Anthem's reporting and notification processes related to the cyberattack.

14. Plaintiffs quickly served additional document requests for information regarding this Impact Database, including the database itself (July 5, 2016 Request Nos. 187, 189-90).

15. Through June, July, and August 2016, the parties met and conferred regarding Anthem's responses to the May RFAs, and Plaintiffs repeatedly requested additional information from Anthem regarding the Impact Database during that process. On August 4, 2016, Anthem finally sent Plaintiffs a letter with more information regarding the process by which the Impact Database was created.

16. Anthem responded to Plaintiffs' request for the Impact Database (RFP 187) by objecting completely, and inviting Plaintiffs to continue to meet and confer. In particular, Anthem refused to produce the Impact Database absent an agreement on security protocols.

17. Given Anthem's refusal to provide Plaintiffs with specific information regarding the data maintained in the Impact Database, Plaintiffs had included Topic 41 in their July 21, 2016 Rule 30(b)(6) Deposition Notice to Anthem: "The creation, maintenance, and content of the 'individual impact data collection' referenced in The Anthem Defendants' Responses to Plaintiffs' Second Set of Interrogatories, and any other actions by Anthem to recreate the Data Breach or compile data of individuals affected."

18. Plaintiffs insisted that Anthem provide a witness for Topic 41 as early as possible, so that Plaintiffs could acquire the information necessary to have a meaningful meet and confer with respect to the individualized information compiled by Anthem regarding the members impacted by the Data Breach. Anthem agreed to make the witness available in

4

1    September 2016.

2    19. Plaintiffs took the 30(b)(6) deposition of Patrick McIntyre on September 22, 2106, to learn

3    more about the content and process by which Anthem created the Impact Database using

4    the data exfiltrated in the Data Breach, as well as the data available regarding impacted

5    individuals in other databases, including the EDWard data warehouse.

6                            **Interrogatories 21 and 22**

7    20.  On October 20, 2016, Plaintiffs consolidated Plaintiffs' various requests for member-level

8    information by serving their Fifth Set of Interrogatories, Interrogatories No. 21 and 22,

9    that are at issue in this motion.  Interrogatory No. 21 requested basic information about

10   each Affected Individual, including, *inter alia*, the specific plan in which the Affected

11   Individual was enrolled, the duration of their enrollment, and the payments made by or on

12   behalf of Affected Individuals to Anthem.  Interrogatory No. 22 sought a compromise that

13   addressed Anthem's security concerns, by requesting only that Anthem identify whether

14   certain types of information (such as Social Security Information) were exfiltrated, rather

15   than producing all the Social Security Numbers that were taken.  Plaintiffs were cognizant

16   of Anthem's burden objections to searching databases, and in serving the consolidated

17   requests indicated Plaintiffs' willingness to negotiate a reasonable time period for the

18   collection and production of information.   See Joint Discovery Letter Exhibit A (Fifth Set

19   of Interrogatories to Anthem, Interrogatories 21 and 22; Letter of October 20, 2016 to

20   Anthem).

21   21. Plaintiffs propounded Interrogatories Number 21 and 22 only after:

22   • Reviewing the limited information produced by Anthem thus far in discovery
23      concerning collection and storage of data, including information gleaned at the
        McIntyre deposition;

24   • Considering Anthem's objections to producing the Impact Database; and

25   • Considering Anthem's failure to respond at all with respect to information needed
26      to negotiate a reasonable compromise with respect to RFP 92, including
        Defendants' setting a deposition on collection and storage of premium data on
27      November 2, after the deadline for serving written discovery would have passed.

28   22. Plaintiffs requested, and Anthem agreed, to meet and confer regarding Interrogatories 21

1296926.1                          5         CERVANTEZ DECL. IN SUPPORT OF MOTION FOR
                                             LEAVE TO PROVISIONALLY FILE UNDER SEAL
                                             CASE NO. 15-MD-02617-LHK

1    and 22 prior to the deadline for response and production.  The parties have conducted

2    extensive negotiations by telephone and in writing regarding these requests in an attempt

3    to reach common ground.

4    23. The parties have reached agreement on the security protocols that will apply to the

5       individual member-data produced by Defendants, including any content of the Impact

6       Database or other information ordered produced in response to Interrogatories 21 and 22,

7       and will file a stipulated protective order today.

8    24. I declare under penalty of perjury under the laws of the United States of America that the

9       forgoing is true and correct.

10   Executed this 8th day of December, 2016, in San Francisco, California.

By: /s/ Eve H. Cervantez

**Lieff**
**Cabraser**
**Heimann**&
**Bernstein**

Attorneys at Law

Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
t  415.956.1000
f  415.956.1008

September 14, 2016

**VIA EMAIL**

Lucie H. Cohen
John D. Martin
**NELSON MULLINS RILEY & SCARBOROUGH LLP**
**1320 Main Street, 17th Floor**
**Columbia, SC 29201**

E. Desmond Hogan
Craig A. Hoover
Peter R. Bisio
Allison M. Holt
**HOGAN LOVELLS LLP**
**555 Thirteenth Street, N.W.**
**Washington, D.C. 20004-1109**

> RE:   *In re Anthem, Inc. Data Breach Litigation*, Case No. 05-md-02617-LHK
> (NC) (N.D. Cal.)

Dear Counsel:

      Per your request during our meet and confer on September 2, 2016, we write to provide a description of the documents sought by our Request for Production No. 92, which was served on September 21, 2015.

      As you may recall, RFP 92 seeks "Documents sufficient to show the amount of premiums paid to Anthem or Anthem subsidiaries by individuals whose PII or PHI was compromised in the Data Breach."  We agreed to explain the scope of this request based on what our experts need.  We do so as follows: We need to know the total amounts in premiums and/or service fees paid by each individual whose information was compromised by the Anthem Data Breach ("affected individual") and/or someone on their behalf to Anthem or Anthem subsidiaries with respect to each insurance plan or ASO agreement applicable to that affected individual. If the amount in premiums or service fees cannot be broken down by each affected individual, then we request the average premium and/or service fee that affected individuals (or third parties on their behalf) paid with respect to each different insurance plan or ASO agreement type (e.g., bronze, silver, gold, platinum by PPO, HMO, POS, Medicare Advantage, etc.), along with a description of the characteristics for each insurance plan or ASO agreement type (coinsurance,

**September 14, 2016**
**Page 2**

deductible, copayments, maximum out-of-pocket, Rx coverage, etc.) and the number of affected individuals to whom each plan or ASO agreement is applicable.

      To the extent that Defendants claim that they are not able to provide documents sufficient to identify the above for any reason, we will need to take the deposition of the person most knowledgeable on "the manners and methods by which you gather, track, or store information regarding the amount of premiums, service payments, or other amounts paid to you for insurance, administrative services, HMOs, and/or health care services, including but not limited to the identity and description of the systems or databases in which such information is maintained and the length of time for which such information is maintained," pursuant to Topic 45 of our amended Rule 30(b)(6) deposition notice.

Very truly yours,

Nicole D. Sugnet

**cc (via email):**      **Plaintiffs' counsel**

1314601.1

| | |
|---|---|
| **From:** | Sugnet, Nicole D. <nsugnet@lchb.com> |
| **Sent:** | Thursday, October 06, 2016 10:28 AM |
| **To:** | 'Holt, Allison M.'; 'Hogan, E. Desmond'; 'Hoover, Craig A.'; 'Bisio, Peter R.'; 'Lucie.Cohen@nelsonmullins.com'; 'john.martin@nelsonmullins.com' |
| **Cc:** | Eve Cervantez; Danielle E. Leonard; Meredith Johnson; 'AFriedman@cohenmilstein.com'; 'Graber, Geoffrey (GGraber@cohenmilstein.com)'; 'Eric Kafka'; 'David Berger'; 'Eric Gibbs (ehg@classlawgroup.com)'; Sobol, Michael W.; Lichtman, Jason L. |
| **Subject:** | RE: Anthem: 4th RFPs and Letter re RFP 92 and Depo Topic 45 |
| **Attachments:** | image001.gif |

Allison,


Plaintiffs cannot wait indefinitely for a response.  Please provide dates, by no later than COB Monday, for the deposition on Topic 45.


Regards,


Nicole D. Sugnet

nsugnet@lchb.com


From: Holt, Allison M. [mailto:allison.holt@hoganlovells.com]
Sent: Wednesday, October 05, 2016 5:59 PM
To: Sugnet, Nicole D.; Hogan, E. Desmond; Hoover, Craig A.; Bisio, Peter R.; 'Lucie.Cohen@nelsonmullins.com'; 'john.martin@nelsonmullins.com'
Cc: Forwarding Eve Cervantez; 'Danielle E. Leonard (dleonard@altshulerberzon.com)'; 'Meredith Johnson (mjohnson@altshulerberzon.com)'; 'AFriedman@cohenmilstein.com'; 'Graber, Geoffrey (GGraber@cohenmilstein.com)'; 'Eric Kafka'; 'David Berger'; 'Eric Gibbs (ehg@classlawgroup.com)'; Sobol, Michael W.; Lichtman, Jason L.
Subject: RE: Anthem: 4th RFPs and Letter re RFP 92 and Depo Topic 45


Nicole,


As you are aware, Plaintiffs took nine months to provide Anthem with information regarding the premium data Plaintiffs were seeking.  Anthem is in the midst of investigating what it can feasibly and reasonably produce in response to Plaintiffs' overly broad and unduly burdensome request. We will respond substantively as soon as possible.

Thanks,


Allison


From: Sugnet, Nicole D. [mailto:nsugnet@lchb.com]
Sent: Tuesday, October 04, 2016 5:54 PM
To: Holt, Allison M.; Hogan, E. Desmond; Hoover, Craig A.; Bisio, Peter R.; 'Lucie.Cohen@nelsonmullins.com';
'john.martin@nelsonmullins.com'
Cc: Forwarding Eve Cervantez; 'Danielle E. Leonard
(dleonard@altshulerberzon.com<mailto:dleonard@altshulerberzon.com>)'; 'Meredith Johnson
(mjohnson@altshulerberzon.com<mailto:mjohnson@altshulerberzon.com>)'; 'AFriedman@cohenmilstein.com';
'Graber, Geoffrey (GGraber@cohenmilstein.com<mailto:GGraber@cohenmilstein.com>)'; 'Eric Kafka'; 'David Berger';
'Eric Gibbs (ehg@classlawgroup.com<mailto:ehg@classlawgroup.com>)'; Sobol, Michael W.; Lichtman, Jason L.
Subject: RE: Anthem: 4th RFPs and Letter re RFP 92 and Depo Topic 45


Allison,


It has been a week since I last checked in on this, and you have provided us with no further updates.  Please let us know
your position on RFP No. 92.  If you cannot represent that Defendants will produce responsive documents, then please
provide us with dates for the deposition on Topic No. 45.


Regards,


Nicole D. Sugnet

nsugnet@lchb.com<mailto:nsugnet@lchb.com>


From: Holt, Allison M. [mailto:allison.holt@hoganlovells.com]
Sent: Thursday, September 29, 2016 3:26 PM
To: Sugnet, Nicole D.; Hogan, E. Desmond; Hoover, Craig A.; Bisio, Peter R.; 'Lucie.Cohen@nelsonmullins.com';
'john.martin@nelsonmullins.com'
Cc: Forwarding Eve Cervantez; 'Danielle E. Leonard
(dleonard@altshulerberzon.com<mailto:dleonard@altshulerberzon.com>)'; 'Meredith Johnson
(mjohnson@altshulerberzon.com<mailto:mjohnson@altshulerberzon.com>)'; 'AFriedman@cohenmilstein.com';

'Graber, Geoffrey (GGraber@cohenmilstein.com<mailto:GGraber@cohenmilstein.com>)'; 'Eric Kafka'; 'David Berger';
'Eric Gibbs (ehg@classlawgroup.com<mailto:ehg@classlawgroup.com>)'; Sobol, Michael W.; Lichtman, Jason L.
Subject: RE: Anthem: 4th RFPs and Letter re RFP 92 and Depo Topic 45

Nicole,

We continue to investigate this issue with our client. We hope to be able to respond shortly.

Thanks,

Allison

From: Sugnet, Nicole D. [mailto:nsugnet@lchb.com]
Sent: Tuesday, September 27, 2016 1:42 PM
To: Hogan, E. Desmond; Hoover, Craig A.; Bisio, Peter R.; Holt, Allison M.; 'Lucie.Cohen@nelsonmullins.com';
'john.martin@nelsonmullins.com'
Cc: Forwarding Eve Cervantez; 'Danielle E. Leonard
(dleonard@altshulerberzon.com<mailto:dleonard@altshulerberzon.com>)'; 'Meredith Johnson
(mjohnson@altshulerberzon.com<mailto:mjohnson@altshulerberzon.com>)'; 'AFriedman@cohenmilstein.com';
'Graber, Geoffrey (GGraber@cohenmilstein.com<mailto:GGraber@cohenmilstein.com>)'; 'Eric Kafka'; 'David Berger';
'Eric Gibbs (ehg@classlawgroup.com<mailto:ehg@classlawgroup.com>)'; Sobol, Michael W.; Lichtman, Jason L.
Subject: RE: Anthem: 4th RFPs and Letter re RFP 92 and Depo Topic 45

Counsel:

I write to follow up on my letter regarding Plaintiffs' RFP No. 92.  We need to know Defendants' position on this and
whether Defendants will produce responsive documents.  If Defendants do not indicate that responsive documents will
be produced, we need to schedule a deposition on Topic No. 45.

Regards,

Nicole D. Sugnet

nsugnet@lchb.com<mailto:nsugnet@lchb.com>


From: Sugnet, Nicole D.
Sent: Wednesday, September 14, 2016 2:56 PM
To: desmond.hogan@hoganlovells.com<mailto:desmond.hogan@hoganlovells.com>;
craig.hoover@hoganlovells.com<mailto:craig.hoover@hoganlovells.com>;
peter.bisio@hoganlovells.com<mailto:peter.bisio@hoganlovells.com>;
allison.holt@hoganlovells.com<mailto:allison.holt@hoganlovells.com>;
Lucie.Cohen@nelsonmullins.com<mailto:Lucie.Cohen@nelsonmullins.com>;
john.martin@nelsonmullins.com<mailto:john.martin@nelsonmullins.com>
Cc: Eve Cervantez (ecervantez@altshulerberzon.com<mailto:ecervantez@altshulerberzon.com>); Danielle E. Leonard
(dleonard@altshulerberzon.com<mailto:dleonard@altshulerberzon.com>); Meredith Johnson
(mjohnson@altshulerberzon.com<mailto:mjohnson@altshulerberzon.com>);
AFriedman@cohenmilstein.com<mailto:AFriedman@cohenmilstein.com>; Graber, Geoffrey
(GGraber@cohenmilstein.com<mailto:GGraber@cohenmilstein.com>); Eric Kafka; David Berger; Eric Gibbs
(ehg@classlawgroup.com<mailto:ehg@classlawgroup.com>); Sobol, Michael W.; Lichtman, Jason L.
Subject: Anthem: 4th RFPs and Letter re RFP 92 and Depo Topic 45


Counsel:


Attached is a courtesy copy of Plaintiffs' Fourth Set of RFPs to the Anthem Defendants, served by hand and by mail
today.  Also attached is a letter regarding Plaintiffs' RFP No. 92 and 30(b)(6) deposition topic No. 45.


Regards,



Nicole D. Sugnet
Partner
nsugnet@lchb.com<mailto:nsugnet@lchb.com>
t 415.956.1000
f 415.956.1008

Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
www.lieffcabraser.com<http://www.lieffcabraser.com>

This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.

_____

About Hogan Lovells
Hogan Lovells is an international legal practice that includes Hogan Lovells US LLP and Hogan Lovells International LLP. For more information, see www.hoganlovells.com<http://www.hoganlovells.com>.

CONFIDENTIALITY. This email and any attachments are confidential, except where the email states it can be disclosed; it may also be privileged. If received in error, please do not disclose the contents to anyone, but notify the sender by return email and delete this email (and any attachments) from your system.

This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.