EXHIBIT N

**HOGAN LOVELLS US LLP**
Craig A. Hoover (SBN 113965)
craig.hoover@hoganlovells.com
E. Desmond Hogan (admitted *pro hac vice*)
desmond.hogan@hoganlovells.com
Peter R. Bisio (admitted *pro hac vice*)
peter.bisio@hoganlovells.com
Allison M. Holt (admitted *pro hac vice*)
allison.holt@hoganlovells.com
555 Thirteenth Street, NW
Washington, DC  20004-1109
Telephone:     (202) 637-5600
Facsimile:      (202) 637-5910

*Attorneys for Non-Anthem Blue Cross Blue Shield Defendants*
Additional Defendants' Counsel Listed on Signature Page

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE ANTHEM, INC. CUSTOMER DATA SECURITY BREACH LITIGATION<br><br>**THIS DOCUMENT RELATES TO ALL ACTIONS** | Case No. 15-MD-02617-LHK<br><br>**NON-ANTHEM BLUE CROSS BLUE SHIELD DEFENDANT HORIZON HEALTHCARE SERVICES, INC. D/B/A HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY'S  RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES** |

PROPOUNDING PARTY:     PLAINTIFFS

RESPONDING PARTY:      NON-ANTHEM BLUE CROSS BLUE SHIELD DEFENDANT

                       HORIZON HEALTHCARE SERVICES, INC. D/B/A HORIZON

                       BLUE CROSS BLUE SHIELD OF NEW JERSEY

SET NUMBER:            ONE

1    In accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court,

2  the Non-Anthem Blue Cross Blue Shield Defendant Horizon Healthcare Services, Inc. d/b/a Horizon

3  Blue Cross Blue Shield of New Jersey ("Defendant") hereby objects and responds to Plaintiffs' First

4  Set of Interrogatories ("Interrogatories").

5                              **RESERVATION OF RIGHTS**

6    Defendant makes the objections here (collectively, the "Objections") based on its

7  interpretation and understanding of the Interrogatories and based on their current knowledge,

8  understanding, and belief as to the facts and information available to them as of the date of the

9  Objections.  If Plaintiffs subsequently assert an interpretation of any Interrogatory that differs from

10  Defendant's understanding, Defendant reserves the right to complete its investigation and discovery

11  of the facts, and to rely at trial or in other proceedings on documents, regardless of whether such

12  information is newly discovered or newly in existence.  The Objections shall not constitute an

13  admission by Defendant that any of the Interrogatories, any of the Objections, or any documents or

14  things produced in connection therewith, are admissible as evidence in any trial or other proceeding.

15  Defendant reserves the right to object on any grounds, at any time, to the admission into evidence of

16  any Interrogatory or any objection, response, or any document or thing produced in connection

17  therewith in any such trial or other proceeding.  Additional discovery and investigation may lead to

18  additions to, changes in, or modifications of these Objections.  Therefore, these Objections are

19  provided without prejudice to Defendant's right to revise, amend, correct, supplement, modify, or

20  clarify their discovery responses to the extent required by Federal Rule of Civil Procedure 26.

21    Defendant does not waive any objection, nor any claim of privilege or immunity, whether

22  expressly asserted or not, by providing any information or identifying any document or thing in

23  response to any Interrogatory.  The inadvertent disclosure of such information, or the inadvertent

24  identification or production of such a document, shall not constitute a waiver of any applicable

25  privilege or immunity as to that document or any other document identified or produced by

26  Defendant.  All objections as to privilege, immunity, relevance, authenticity, or admissibility of any

27  information or documents referred to herein are expressly reserved.  Further, these Objections are

28  not a concession that any individual identified by Defendant may be called as a witness, that such

-1-

1  person possesses discoverable information, or that the subject matter of any particular Interrogatory

2  or objection thereto is relevant to this action.

3  **GENERAL OBJECTIONS**

4  1.      Defendant objects to each and every Interrogatory to the extent it purports to impose

5  obligations beyond those set forth in the Federal Rules of Civil Procedure, the Local Rules of the

6  United States District Court for the Northern District of California, the Case Management Order

7  entered in this action or the Stipulated ESI Protocol entered in this action on November 4, 2015, Dkt.

8  352.

9  2.      Defendant objects to each and every Interrogatory as overly broad, vague or

10  ambiguous, unduly burdensome, unreasonably cumulative or duplicative.  Defendant further objects

11  to each and every Interrogatory to the extent it seeks discovery of information not relevant to any

12  party's claims or defenses, not proportional to the needs of the case and/or not reasonably calculated

13  to lead to the discovery of admissible evidence in this case.

14  3.      Defendant objects to each and every Interrogatory to the extent it seeks proprietary or

15  confidential business information, trade secrets, medical or other sensitive information, or

16  documents containing information non-responsive to the Interrogatories.  To the extent any non-

17  privileged, proprietary or confidential information, trade secrets, medical or other sensitive or

18  protective information is responsive to the Interrogatories, Defendant will produce such information

19  to the extent they can consistent with their confidentiality obligations and in accordance with the

20  governing protective order entered in this action.

21  4.      Defendant objects to each and every Interrogatory to the extent that it seeks to compel

22  the disclosure of confidential and/or privileged material protected under, without limitation, the

23  attorney-client privilege and the work product doctrine, consulting expert or any other statutory or

24  common law privilege, prohibition, limitation, or immunity from disclosure, including the joint

25  defense privilege or the "common interest" privilege, including information that is prepared for or in

26  anticipation of litigation or contains or reflects the analysis, mental impressions, or work of counsel.

27  Defendant hereby asserts all such applicable privileges, protections, and immunities.  Defendant

28  intends to preserve all such privileges, protections, and immunities to the fullest extent, and any

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
LOS ANGELES

HORIZON BLUE CROSS BLUE SHIELD OF NEW
JERSEY'S RESPONSES TO PLAINTIFFS' FIRST SET
OF INTERROGATORIES

inadvertent production of privileged or protected documents or information shall not constitute a waiver, in whole or in part, of any such privilege, protection or immunity.  Plaintiffs shall not use in any manner whatsoever any information derived solely from any inadvertently produced privileged or protected document or information.

5.      Defendant objects to each and every Interrogatory to the extent it seeks to require Non-Anthem Blue Defendants to do more than use reasonable diligence to locate responsive documents.

6.      Defendant objects to each and every Interrogatory to the extent that it is unreasonably cumulative, redundant, or duplicative of other Interrogatories; calls for the disclosure of information that is in Plaintiffs' possession, custody, or control; or seeks information that is already known to Plaintiffs or that is equally available or readily ascertainable from some other sources that are more convenient, less burdensome, or less expensive.

7.      Defendant objects to each and every Interrogatory to the extent that it calls for the disclosure of information from companies, other entities or individuals who are not parties to the actions consolidated in MDL-2617.

8.      Defendant objects to each and every Interrogatory to the extent it seeks electronically stored information from sources that are not reasonably accessible because of undue burden or cost.

9.      Defendant objects to each and every Interrogatory to the extent it seeks to have Defendant produce information in a manner other than in the manner in which such information is kept in the ordinary course of business.

10.     Defendant objects to each and every Interrogatory to the extent it calls for the production of documents that are not in their possession, custody or control.

11.     Defendant objects to the Interrogatories, and each and every definition and instruction therein, to the extent that they purport to call for the disclosure of information that Defendant is prohibited from producing or disclosing by contract, court order, statute, rule, regulation or law.

12.     Defendant incorporates by reference the Reservation of Rights and every General Objection set forth above into each specific response set forth below.  A specific response may

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
LOS ANGELES

HORIZON BLUE CROSS BLUE SHIELD OF NEW
JERSEY'S RESPONSES TO PLAINTIFFS' FIRST SET
OF INTERROGATORIES

1  repeat a general objection for emphasis or some other reason.  The failure to include any general

2  objection in any specific response does not waive any General Objection to that Interrogatory.

3         13.     Defendant objects to the Interrogatories to the extent that they contain express or

4  implied assumptions of fact or law with respect to matters at issue in this action.  Defendant's

5  responses and objections to the Interrogatories are not intended to, and shall not, be construed as an

6  agreement or occurrence by Defendant with Plaintiffs' characterization of any facts or circumstances

7  at issue in this action.  Instead, Defendant expressly reserves the right to contest any such

8  characterization as inaccurate.

9  <u>**OBJECTIONS TO THE DEFINITIONS AND INSTRUCTIONS**</u>

10         1.     Defendant objects to all definitions to the extent they are vague, confusing, and

11  overbroad.  Defendant will interpret the Interrogatories reasonably and in good faith in accordance

12  with common English usage as supplemented by its understanding of the common meanings of the

13  terms in the managed health care and information security industries.

14         2.     Defendant objects to the definition of "You" or "Your" to the extent it purports to

15  require information from third parties over which Defendant does not have possession, custody or

16  control.  Defendant further objects to this definition to the extent it purports to obligate employees,

17  independent contractors, officers, agents, vendors, accountants, and other persons and entities that

18  will not be called at trial and/or entities not named as defendants in this action to respond to the

19  Interrogatories.

20         3.     Defendant objects to the definition of "Affected Customer" to the extent the term is

21  intended to refer to customers of any defendant other than Defendant.  Defendant's responses as to

22  Affected Customers are limited to its customers.

23         4.     Defendant objects to any directions, definitions or instructions contained in Plaintiffs'

24  Interrogatories to the extent that they alter the generally understood definitions under the Federal

25  Rules of Civil Procedure or seek to impose on Non-Anthem Blue Defendants obligations beyond

26  those required by the Federal Rules of Civil Procedure.

27

28

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
LOS ANGELES

HORIZON BLUE CROSS BLUE SHIELD OF NEW
JERSEY'S RESPONSES TO PLAINTIFFS' FIRST SET
OF INTERROGATORIES

## RESPONSES AND OBJECTIONS TO SPECIFIC INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify the name, address, email address, phone number, and individual insurance information number of each Affected Customer.

**RESPONSE TO INTERROGATORY NO. 1:**

Defendant incorporates the General Objections into this response.  Defendant objects to this Interrogatory as oppressive, overbroad, excessively burdensome, and not proportional to the needs of the case and/or not reasonably calculated to lead to the discovery of admissible evidence in this case. Defendant further objects to the terms "individual insurance information" as vague and ambiguous. Defendant further objects to this Interrogatory on the grounds that it invades third party privacy rights and seeks proprietary or confidential business information.

**INTERROGATORY NO. 2:**

Identify the Affected Customers who had purchased individual policies prior to or in January 2015.

**RESPONSE TO INTERROGATORY NO. 2:**

Defendant incorporates the General Objections into this response.  Defendant objects to this Interrogatory as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case and/or not reasonably calculated to lead to the discovery of admissible evidence in this case.  Defendant further objects to this Interrogatory on the grounds that it invades third party privacy rights and seeks proprietary or confidential business information.

Subject to and without waiving the foregoing objections and the General Objections asserted above, Defendant responds as follows:  This Interrogatory requires Defendant to compile, abstract, and/or summarize its business records, and the burden of deriving an answer to this Interrogatory will be substantially the same for Plaintiffs in reviewing such records.  Therefore, in lieu of providing a written response to this Interrogatory, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, and to the extent there are Affected Customers who purchased individual policies from Defendant prior to or in January 2015, Defendant will produce reasonably available documents

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
LOS ANGELES

1   sufficient to show the number of Affected Customers who purchased individual policies prior to or

2   in January 2015.

3   **INTERROGATORY NO. 3:**

4         Identify the Affected Customers who had purchased or enrolled in group policies or plans

5   prior to or in January 2015.

6   **RESPONSE TO INTERROGATORY NO. 3:**

7         Defendant incorporates the General Objections into this response.  Defendant objects to this

8   Interrogatory as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the

9   needs of the case and/or not reasonably calculated to lead to the discovery of admissible evidence in

10  this case.   Defendant further objects to this Interrogatory on the grounds that it invades third party

11  privacy rights and seeks proprietary or confidential business information.

12        Subject to and without waiving the foregoing objections and the General Objections asserted

13  above, Defendant responds as follows:  This Interrogatory requires Defendant to compile, abstract,

14  and/or summarize its business records, and the burden of deriving an answer to this Interrogatory

15  will be substantially the same for Plaintiffs in reviewing such records.  Therefore, in lieu of

16  providing a written response to this Interrogatory, pursuant to Rule 33(d) of the Federal Rules of

17  Civil Procedure, and to the extent there are Affected Customers who purchased or enrolled in group

18  policies or plans from Defendant prior to or in January 2015, Defendant will produce reasonably

19  available documents sufficient to show the number of Affected Customers who purchased or

20  enrolled in group policies or plans prior to or in January 2015.

21  **INTERROGATORY NO. 4:**

22        Identify the Affected Customers who enrolled in self-funded plans administered by You prior

23  to or in January 2015.

24  **RESPONSE TO INTERROGATORY NO. 4:**

25        Defendant incorporates the General Objections into this response.  Defendant objects to this

26  Interrogatory as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the

27  needs of the case and/or not reasonably calculated to lead to the discovery of admissible evidence in

28

-6-

HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

1  this case.  Defendant further objects to this Interrogatory on the grounds that it invades third party

2  privacy rights and seeks proprietary or confidential business information.

3          Subject to and without waiving the foregoing objections and the General Objections asserted

4  above, Defendant responds as follows:  This Interrogatory requires Defendant to compile, abstract,

5  and/or summarize its business records, and the burden of deriving an answer to this Interrogatory

6  will be substantially the same for Plaintiffs in reviewing such records.  Therefore, in lieu of

7  providing a written response to this Interrogatory, pursuant to Rule 33(d) of the Federal Rules of

8  Civil Procedure, and to the extent there are Affected Customers who enrolled in self-funded plans

9  administered by Defendant, Defendant will produce reasonably available documents sufficient to

10 show the number of Affected Customers who enrolled in self-funded plans administered by

11 Defendant prior to or in January 2015.

12 **INTERROGATORY NO. 5:**

13         Identify the Affected Customers, if any, who you contend were enrolled in a plan other than

14 an individual policy, group plan or self-funded plan prior to or in January 2015.

15 **RESPONSE TO INTERROGATORY NO. 5:**

16         Defendant incorporates the General Objections into this response.  Defendant objects to this

17 Interrogatory as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the

18 needs of the case and/or not reasonably calculated to lead to the discovery of admissible evidence in

19 this case.  Defendant further objects to this Interrogatory on the grounds that it invades third party

20 privacy rights and seeks proprietary or confidential business information.

21         Subject to and without waiving the foregoing objections and the General Objections asserted

22 above, Defendant responds as follows:  This Interrogatory requires Defendant to compile, abstract,

23 and/or summarize its business records, and the burden of deriving an answer to this Interrogatory

24 will be substantially the same for Plaintiffs in reviewing such records.  Therefore, in lieu of

25 providing a written response to this Interrogatory, pursuant to Rule 33(d) of the Federal Rules of

26 Civil Procedure, and to the extent there are Affected Customers who were enrolled in a plan other

27 than an individual policy, group plan, or self-funded plan  prior to January 2015, Defendant will

28 produce reasonably available document sufficient to show the number of Affected Customers who

-7-

1  enrolled in a plan other than an individual policy, group plan or self-funded plan prior to or in

2  January 2015.

3  **INTERROGATORY NO. 6:**

4      Identify the Affected Customers whose claims you contend are preempted in whole or in part

5  by ERISA.

6  **RESPONSE TO INTERROGATORY NO. 6:**

7      Defendant incorporates the General Objections into this response.  Defendant objects to this

8  Interrogatory as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the

9  needs of the case and/or not reasonably calculated to lead to the discovery of admissible evidence in

10 this case.  Defendant further objects to this Interrogatory on the grounds that it invades third party

11 privacy rights and seeks proprietary or confidential business information.  Defendant further objects

12 on the grounds that this Interrogatory seeks a legal conclusion.  Defendant further objects to the

13 extent that this Interrogatory seeks to compel the disclosure of confidential and/or privileged

14 material protected under the attorney-client privilege and the work product doctrine or the joint

15 defense privilege or the "common interest" privilege, including information that is to prepare for or

16 in anticipation of litigation or contains or reflects the analysis, mental impressions, or work of

17 counsel.

18     Subject to and without waiving the foregoing objections and the General Objections asserted

19 above, Defendant responds as follows:  To the extent an Affected Customer is covered under an

20 ERISA plan, Defendant contends that his or her claims are preempted by ERISA.  Defendant will

21 not identify the Affected Customers whose claims are preempted in whole or in part by ERISA

22 because doing so would be unduly burdensome.  Whether an individual is covered under an ERISA

23 plan is a mixed question of law and fact that requires first determining what plan an individual is

24 covered under and then evaluating whether that plan is subject to ERISA.  In sum, this would require

25 Defendant to perform a member-by-member and plan-by-plan analysis for a significant number of

26 individuals.

27

28

Hogan Lovells US LLP
Attorneys At Law
Los Angeles

HORIZON BLUE CROSS BLUE SHIELD OF NEW
JERSEY'S RESPONSES TO PLAINTIFFS' FIRST SET
OF INTERROGATORIES

**INTERROGATORY NO. 7:**

If You contend that any Affected Customers who purchased individual insurance or health benefits from You did not enter into a contract with you prior to or in January 2015, identify each of those Affected Customers.

**RESPONSE TO INTERROGATORY NO. 7:**

Defendant incorporates the General Objections into this response. Defendant objects to this Interrogatory as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case and/or not reasonably calculated to lead to the discovery of admissible evidence in this case. Defendant further objects to this Interrogatory on the grounds that it invades third party privacy rights and seeks proprietary or confidential business information. Defendant objects on the grounds that this Interrogatory seeks a legal conclusion. Defendant further objects to the extent that this Interrogatory seeks to compel the disclosure of confidential and/or privileged material protected under the attorney-client privilege and the work product doctrine or the joint defense privilege or the "common interest" privilege, including information that is to prepare for or in anticipation of litigation or contains or reflects the analysis, mental impressions, or work of counsel.

Subject to and without waiving the foregoing objections and the General Objections asserted above, Defendant responds as follows: To the extent there are Affected Customers who purchased individual insurance or health benefits from Defendant, Defendant contends that every Affected Customer who purchased individual insurance or health benefits from Defendant prior to or in January 2015 entered into a contract with Defendant.

**INTERROGATORY NO. 8:**

If You contend that any Affected Customers who purchased or enrolled in group insurance or health benefits from You did not enter into a contract with you prior to or in January 2015, identify each of those Affected Customers.

**RESPONSE TO INTERROGATORY NO. 8:**

Defendant incorporates the General Objections into this response. Defendant objects to this Interrogatory as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case and/or not reasonably calculated to lead to the discovery of admissible evidence in

-9-

this case.  Defendant further objects to this Interrogatory on the grounds that it invades third party privacy rights and seeks proprietary or confidential business information. Defendant further objects on the grounds that this Interrogatory seeks a legal conclusion.  Defendant further objects to the extent that this Interrogatory seeks to compel the disclosure of confidential and/or privileged material protected under the attorney-client privilege and the work product doctrine or the joint defense privilege or the "common interest" privilege, including information that is to prepare for or in anticipation of litigation or contains or reflects the analysis, mental impressions, or work of counsel.

Subject to and without waiving the foregoing objections and the General Objections asserted above, Defendant responds as follows:  Defendant contends that no Affected Customer purchased group insurance or health benefits from Defendant.  By definition, the groups purchased the insurance or health benefits from Defendant.  Therefore, Defendant contends that Affected Customers who enrolled in group insurance or health benefits from Non-Anthem Blue Defendants did not enter into contracts with Non-Anthem Blue Defendants.

**INTERROGATORY NO. 9:**

If You contend that Affected Customers do not enter into contracts with You by enrolling in group insurance or health benefits plans, state the factual and legal basis for this contention.

**RESPONSE TO INTERROGATORY NO. 9:**

Defendant incorporates the General Objections into this response.  Defendant objects to this Interrogatory as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case and/or not reasonably calculated to lead to the discovery of admissible evidence in this case.  Defendant further objects on the grounds that this Interrogatory seeks a legal conclusion.  Defendant further objects to the extent that this Interrogatory seeks to compel the disclosure of confidential and/or privileged material protected under the attorney-client privilege and the work product doctrine or the joint defense privilege or the "common interest" privilege, including information that is to prepare for or in anticipation of litigation or contains or reflects the analysis, mental impressions, or work of counsel.

HOGAN LOVELLS US LLP
ATTORNEYS AT LAW
LOS ANGELES

HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

Subject to and without waiving the foregoing objections and the General Objections asserted above, Defendant responds as follows:  *See* Defendant's Response to Interrogatory No. 8.

**INTERROGATORY NO. 10:**

If You contend that any Affected Customer cannot prevail on his/her breach of contract claim because Your privacy policies did not apply to that Affected Customer, identify that Affected Customer.

**RESPONSE TO INTERROGATORY NO. 10:**

Defendant incorporates the General Objections into this response.  Defendant objects to this Interrogatory as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case and/or not reasonably calculated to lead to the discovery of admissible evidence in this case.  Defendant further objects to this Interrogatory on the grounds that it invades third party privacy rights and seeks proprietary or confidential business information.  Defendant further objects on the grounds that this Interrogatory seeks a legal conclusion.  Defendant further objects to the extent that this Interrogatory seeks to compel the disclosure of confidential and/or privileged material protected under the attorney-client privilege and the work product doctrine or the joint defense privilege or the "common interest" privilege, including information that is to prepare for or in anticipation of litigation or contains or reflects the analysis, mental impressions, or work of counsel.

Subject to and without waiving the foregoing objections and the General Objections asserted above, Defendant responds as follows:  Unless the privacy policies are expressly incorporated in and/or form part of the Affected Customers' contracts with Defendant, it is Defendant's position that such privacy policies do not give rise to contractual obligations.  Therefore, Defendant contends that Affected Customers cannot prevail on their breach of contract claim as to Defendant's privacy policies.

**INTERROGATORY NO. 11:**

If You contend that any Affected Customer cannot prevail on his/her breach of contract claim because the individual or group plan documents do not incorporate Your policies governing the

HOGAN LOVELLS US LLP
ATTORNEYS AT LAW
LOS ANGELES

HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

1   protection of confidentiality of PHI and PII, identify those Affected Customers and the individual or

2   group plan documents on which you rely.

3   **RESPONSE TO INTERROGATORY NO. 11:**

4       Defendant incorporates the General Objections into this response.  Defendant objects to this

5   Interrogatory as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the

6   needs of the case and/or not reasonably calculated to lead to the discovery of admissible evidence in

7   this case.  Defendant further objects to this Interrogatory on the grounds that it invades third party

8   privacy rights and seeks proprietary or confidential business information.  Defendant further objects

9   on the grounds that this Interrogatory seeks a legal conclusion.  Defendant further objects to the

10  extent that this Interrogatory seeks to compel the disclosure of confidential and/or privileged

11  material protected under the attorney-client privilege and the work product doctrine or the joint

12  defense privilege or the "common interest" privilege, including information that is to prepare for or

13  in anticipation of litigation or contains or reflects the analysis, mental impressions, or work of

14  counsel.

15      Subject to and without waiving the foregoing objections and the General Objections asserted

16  above, Defendant responds as follows: *See* Defendant's Response to Interrogatory No. 10.

17  **INTERROGATORY NO. 12:**

18      If you contend that You did not provide Anthem with the Personal Information of any

19  Affected Customer at any time prior to January 2015, identify that Affected Customer.

20  **RESPONSE TO INTERROGATORY NO. 12:**

21      Defendant incorporates the General Objections into this response.  Defendant object to this

22  Interrogatory as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the

23  needs of the case and/or not reasonably calculated to lead to the discovery of admissible evidence in

24  this case.  Defendant further objects to this Interrogatory on the grounds that it invades third party

25  privacy rights and seeks proprietary or confidential business information.  Defendant further objects

26  to the extent that this Interrogatory seeks to compel the disclosure of confidential and/or privileged

27  material protected under the attorney-client privilege and the work product doctrine or the joint

28  defense privilege or the "common interest" privilege, including information that is to prepare for or

-12-

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
LOS ANGELES

HORIZON BLUE CROSS BLUE SHIELD OF NEW
JERSEY'S RESPONSES TO PLAINTIFFS' FIRST SET
OF INTERROGATORIES

in anticipation of litigation or contains or reflects the analysis, mental impressions, or work of counsel.

Subject to and without waiving the foregoing objections and the General Objections asserted above, Defendant responds as follows:  Defendant contends that it did not provide the Personal Information of any Affected Customer to Anthem at any time prior to January 2015 because Defendant is unaware of any facts indicating that the information stolen from Anthem's database regarding Defendant's members was provided to Anthem by Defendant.

**INTERROGATORY NO. 13:**

Identify any ASO agreement in which any Affected Customer enrolled that you contend contains a clause prohibiting third party beneficiaries of that agreement.

**RESPONSE TO INTERROGATORY NO. 13:**

Defendant incorporates the General Objections into this response.  Defendant objects to this Interrogatory as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case and/or not reasonably calculated to lead to the discovery of admissible evidence in this case.  Defendant further objects to this Interrogatory on the grounds that it seeks proprietary or confidential business information.  Defendant further objects on the grounds that this Interrogatory seeks a legal conclusion.  Defendant further objects to the extent that this Interrogatory seeks to compel the disclosure of confidential and/or privileged material protected under the attorney-client privilege and the work product doctrine or the joint defense privilege or the "common interest" privilege, including information that is to prepare for or in anticipation of litigation or contains or reflects the analysis, mental impressions, or work of counsel.

Subject to and without waiving the foregoing objections and the General Objections asserted above, Defendant responds as follows:  Defendant contends that any Affected Customer who participates in a health plan for which Defendant provides administrative services only do not have third-party beneficiary rights under the administrative services agreement between Defendant and the group with which Defendant has contracted unless the contract expressly provides for third-party benefit rights.

HOGAN LOVELLS US LLP
ATTORNEYS AT LAW
LOS ANGELES

HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 14:**

If you contend that any Group Insurance and/or Health Benefits Contract or ASO agreement or contract governing a plan in which any Affected Customer was enrolled prior to January 2015 does not include a commitment to maintain the confidentiality of an enrollee's PHI and PII, identify that agreement or contract.

**RESPONSE TO INTERROGATORY NO. 14:**

Defendant incorporates the General Objections into this response.  Defendant objects to this Interrogatory as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case and/or not reasonably calculated to lead to the discovery of admissible evidence in this case.  Defendant further objects to this Interrogatory on the grounds that it seeks proprietary or confidential business information.  Defendant further objects on the grounds that this Interrogatory seeks a legal conclusion.  Defendant further objects to the extent that this Interrogatory seeks to compel the disclosure of confidential and/or privileged material protected under the attorney-client privilege and the work product doctrine or the joint defense privilege or the "common interest" privilege, including information that is to prepare for or in anticipation of litigation or contains or reflects the analysis, mental impressions, or work of counsel.

Subject to and without waiving the foregoing objections and the General Objections asserted above, Defendant responds as follows:  Defendant complies with all rules and regulations pursuant to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and therefore implements controls under HIPAA to protect enrollees' PHI and PII.  Defendant contends that its compliance with HIPAA does not create contractual privacy obligations.

**INTERROGATORY NO. 15:**

If you contend that any individual insurance or health benefits policy or contract in which any Affected Customer was enrolled in or prior to January 2015 does not include a commitment to maintain the confidentiality of the enrollee's PHI and PII, identify that agreement or contract.

**RESPONSE TO INTERROGATORY NO. 15:**

Defendant incorporates the General Objections into this response.  Defendant objects to this Interrogatory as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the

-14-

HOGAN LOVELLS US LLP
ATTORNEYS AT LAW
LOS ANGELES

1   needs of the case and/or not reasonably calculated to lead to the discovery of admissible evidence in

2   this case.  Defendant further objects to this Interrogatory on the grounds that it seeks proprietary or

3   confidential business information.  Defendant further objects on the grounds that this Interrogatory

4   seeks a legal conclusion.  Defendant further objects to the extent that this Interrogatory seeks to

5   compel the disclosure of confidential and/or privileged material protected under the attorney-client

6   privilege and the work product doctrine or the joint defense privilege or the "common interest"

7   privilege, including information that is to prepare for or in anticipation of litigation or contains or

8   reflects the analysis, mental impressions, or work of counsel.

9        Subject to and without waiving the foregoing objections and the General Objections asserted

10  above, Defendant responds as follows:  Defendant complies with all rules and regulations pursuant

11  to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and therefore

12  implements controls under HIPAA to protect enrollees' PHI and PII.  Defendant contends that its

13  compliance with HIPAA does not create contractual privacy obligations.

14  **INTERROGATORY NO. 16:**

15       If you contend that any Affected Customer cannot prevail on his/her breach of contract claim

16  because of a failure of performance, please identify those Affected Customers, and identify the

17  factual and legal basis for your contention that the performance was not provided.

18  **RESPONSE TO INTERROGATORY NO. 16:**

19       Defendant incorporates the General Objections into this response.  Defendant objects to this

20  Interrogatory as overbroad and unduly burdensome.  Defendant further objects on the grounds that

21  this Interrogatory seeks a legal conclusion.  Defendant further objects to the extent that this

22  Interrogatory seeks to compel the disclosure of confidential and/or privileged material protected

23  under the attorney-client privilege and the work product doctrine or the joint defense privilege or the

24  "common interest" privilege, including information that is to prepare for or in anticipation of

25  litigation or contains or reflects the analysis, mental impressions, or work of counsel.

26       Subject to and without waiving the foregoing objections and the General Objections asserted

27  above, the Defendant responds as follows:  Based on the information currently available, Defendant

28  is not contending that any Affected Customer cannot prevail on his/her breach of contract claim

Hogan Lovells US
LLP
Attorneys At Law
Los Angeles

HORIZON BLUE CROSS BLUE SHIELD OF NEW
JERSEY'S RESPONSES TO PLAINTIFFS' FIRST SET
OF INTERROGATORIES

1   because of a failure of performance.  Discovery is ongoing.  Therefore, Defendant reserves the right

2   to amend this response to the extent Defendant learns facts to the contrary.

3   **INTERROGATORY NO. 17:**

4         Except for Defendant Health Case Service Corporation, identify the Affected Customers to

5   whom you contend Your Thirty-Second Affirmative Defense applies, and for any such Customers

6   identify the contract and the duration of that contract you contend was outside the scope of the

7   contractual period.

8   **RESPONSE TO INTERROGATORY NO. 17:**

9         Defendant incorporates the General Objections into this response.  Defendant objects to this

10  Interrogatory as overbroad and unduly burdensome as it would require Defendant to perform a

11  review and analysis of the scope of contracts for a significant number of individuals.  Defendant

12  further objects on the grounds that this Interrogatory seeks a legal conclusion.  Defendant further

13  objects to the extent that this Interrogatory seeks to compel the disclosure of confidential and/or

14  privileged material protected under the attorney-client privilege and the work product doctrine or the

15  joint defense privilege or the "common interest" privilege, including information that is to prepare

16  for or in anticipation of litigation or contains or reflects the analysis, mental impressions, or work of

17  counsel.

18        Subject to and without waiving the foregoing objections and the General Objections asserted

19  above, the Defendant responds as follows:  Based on the information currently available, Defendant

20  is not contending that certain injuries purportedly sustained by Affected Customers are outside the

21  relevant contractual scope or period.  Discovery is ongoing.  Therefore, Defendant reserves the right

22  to amend this response to the extent Defendant learns facts to the contrary.

23  **INTERROGATORY NO. 18:**

24        Is Your response to each request for admission served with this interrogatory an unqualified

25  admission? If not, for each response that is not an unqualified admission:

26        a)      state the number of the request;

27        b)      state all facts on which You base Your response;

28        c)      identify all documents and other tangible things that support Your response.

-16-

HORIZON BLUE CROSS BLUE SHIELD OF NEW
JERSEY'S RESPONSES TO PLAINTIFFS' FIRST SET
OF INTERROGATORIES

**RESPONSE TO INTERROGATORY NO. 18:**

Defendant incorporates the General Objections into this response.  Defendant objects to this Interrogatory on the grounds that it is overly broad and excessively burdensome.  Defendant objects to the terms "unqualified admission" as vague and ambiguous.  Defendant further objects to the extent that this Interrogatory seeks to compel the disclosure of confidential and/or privileged material protected under the attorney-client privilege and the work product doctrine or the joint defense privilege or the "common interest" privilege, including information that is to prepare for or in anticipation of litigation or contains or reflects the analysis, mental impressions, or work of counsel.  Defendant further objects to this Interrogatory as compound in nature because 20 of Defendant's responses to Plaintiffs' Requests for Admission are "not an unqualified admission." Therefore, Interrogatory No. 18 requires Defendant to expound on each of those responses, transforming this single interrogatory into multiple interrogatories.  As Plaintiffs already have propounded 19 other interrogatories on Defendant, the compound nature of this Interrogatory means that it exceeds the number of interrogatories permissible under Federal Rule of Civil Procedure 33.

Dated:  October 20, 2016

By: /s/ Craig A. Hoover
Craig A. Hoover, SBN 113965
E. Desmond Hogan
Peter R. Bisio
Allison M. Holt
**HOGAN LOVELLS US LLP**
555 Thirteenth Street, NW
Washington, DC 20004
Telephone:(202) 637-5600
Facsimile: (202) 637-5910
craig.hoover@hoganlovells.com
desmond.hogan@hoganlovells.com
peter.bisio@hoganlovells.com
allison.holt@hoganlovells.com

Michael Maddigan (SBN 163450)
michael.maddigan@hoganlovells.com
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA  90067
Telephone:(310) 785-4600
Facsimile: (310) 785-4601

*Attorneys for Defendants Blue Cross and Blue Shield of Alabama, USAble Mutual Insurance Company d/b/a Arkansas Blue Cross and Blue*

HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

1
2
3
4
5
6
7

*Shield, California Physicians' Service d/b/a Blue Shield of California, Blue Cross and Blue Shield of Florida, Inc. d/b/a Florida Blue, CareFirst of Maryland, Blue Cross and Blue Shield of Massachusetts, Inc., Blue Cross and Blue Shield of Michigan, BCBSM, Inc., d/b/a Blue Cross and Blue Shield of Minnesota, Horizon Healthcare Services, Inc., Blue Cross and Blue Shield of North Carolina, Highmark Inc. f/k/a Highmark Health Services, and Blue Cross and Blue Shield of Vermont  (collectively, "Non-Anthem Blue Defendants")*

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

-18-

HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

**PROOF OF SERVICE**

STATE OF CALIFORNIA      )
                         ) ss.
COUNTY LOS ANGELES       )

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen and not a party to this action; my business address is: Hogan Lovells US LLP, 1999 Avenue of the Stars, Suite 1400, Los Angeles, California 90067.

On October 20, 2016, I caused the foregoing documents described as:

**NON-ANTHEM BLUE CROSS BLUE SHIELD DEFENDANT HORIZON HEALTHCARE SERVICES, INC. D/B/A HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

to be served on the parties in this action as follows:

**[ SEE ATTACHED SERVICE LIST ]**

[X]     **BY MAIL.** I placed the document(s) listed above in an envelope, sealed and addressed it as set forth below, and caused it to be delivered to the United States Post Office. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]     **BY HAND DELIVERY.** I caused such envelope to be delivered by hand to the offices of the addressee(s) following ordinary business practices.

[X]     **BY EMAIL.** I caused such document(s) to be delivered in PDF format by electronically transmitting a PDF version to the e-mail addresses listed in the service list attached below.

[ ]     **BY FACSIMILE.** I caused such document(s) to be delivered by facsimile to the offices of the addressee(s) following ordinary business practices from the following facsimile machine (310) 785-4601. Upon completion of the said facsimile machine transmission, the transmitting machine issued a transmission report showing the transmission was complete and without error. A copy of said transmission report is attached hereto.

[ ]     **BY FEDERAL EXPRESS.** I caused such document to be delivered by overnight mail to the offices of the addressee(s) by placing it for collection by Federal express following ordinary business practices by my firm, to wit, that packages will either be picked up from my firm by Federal Express and/or delivered by my firm to the Federal express office.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 20, 2016, in Los Angeles, California.

_____          *Carmela Barrera*
Carmela Barrera
Name                                      Signature

HORIZON BLUE CROSS BLUE SHIELD OF NEW
JERSEY'S  RESPONSES TO PLAINTIFFS' FIRST SET
OF INTERROGATORIES

1

## SERVICE LIST

2

3    Eve Cervantez                          Co-Lead Plaintiff's Counsel
     Jonathan Weissglass                    **Via U.S. Mail and Email**
4    **ALTSHULER BERZON LLP**
     ecervantez@altshulerberzon.com
5    jweissglass@altshulerberzon.com
     177 Post Street, Suite 300
6    San Francisco, CA 94108
7    Telephone: (415) 421-7151
     Facsimile: (415) 362-8064
8

9    Andrew N. Friedman                     Co-Lead Plaintiff's Counsel
     Douglas J. McNamara                    **Via U.S. Mail and Email**
10   Sally M. Handmaker
     **COHEN MILSTEIN SELLERS &**
11      **TOLL PLLC**
12   afriedman@cohenmilstein.com
     dmcnamara@cohenmilstein.com
13   shandmaker@cohenmilstein.com
     1100 New York Ave. NW
14   Suite 500, East Tower
     Washington, DC 20005
15   Telephone: (202) 408-4600
     Facsimile: (202) 408-4699
16

17   Eric H. Gibbs                          Plaintiffs' Steering Committee
     David M. Berger                        **Via U.S. Mail and Email**
18   **GIRARD GIBBS LLP**
     ehg@classlawgroup.com
19   dmb@classlawgroup.com
     601 California Street, 14th Floor
20   San Francisco, California 94108
21   Telephone: (415) 981-4800
     Facsimile: (415) 981-4846
22

23   Michael W. Sobol                       Plaintiffs' Steering Committee
     **LIEFF CABRASER HEIMANN &**           **Via U.S. Mail and Email**
        **BERNSTEIN, LLP**
24   msobol@lchb.com
25   275 Battery Street, 29th Floor
     San Francisco, CA 94111-3339
26   Telephone: (415) 956-1000
     Facsimile: (415) 956-1008
27

28