Craig A. Hoover, SBN 113965
E. Desmond Hogan (admitted *pro hac vice*)
Peter R. Bisio (admitted *pro hac vice*)
Allison M. Holt (admitted *pro hac vice*)
**HOGAN LOVELLS US LLP**
555 Thirteenth Street, NW
Washington, DC 20004
Tel:  (202) 637-5600
Fax:  (202) 637-5910
craig.hoover@hoganlovells.com
desmond.hogan@hoganlovells.com
peter.bisio@hoganlovells.com
allison.holt@hoganlovells.com

Michael M. Maddigan,  SBN 163450
**HOGAN LOVELLS US LLP**
1999 Avenue of the Stars,  Suite 1400
Los Angeles, CA 90067
Tel: (310) 785-4600
Fax: (310) 785-4601
michael.maddigan@hoganlovells.com

*Attorneys for Certain Non-Anthem Defendants*
Additional Defendants and Defendants' Counsel Listed on
Signature Page

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| IN RE ANTHEM, INC. DATA BREACH LITIGATION | Case No.  5:15-MD-02617-LHK |
| | The Honorable Lucy H. Koh |
| | **CLASS ACTION** |
| | **NON-ANTHEM DEFENDANTS' ANSWER TO FOURTH CONSOLIDATED AMENDED CLASS ACTION COMPLAINT** |
| | **DEMAND FOR JURY TRIAL** |

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW

1    Subject to their affirmative defenses set forth below, and without waiver of any rights,

2  privileges, or defenses, Defendants Blue Cross and Blue Shield of Alabama, USAble Mutual

3  Insurance Company, d/b/a Arkansas Blue Cross and Blue Shield, California Physicians' Service

4  d/b/a Blue Shield of California, Blue Cross Blue Shield of Florida, Inc. d/b/a Florida Blue,

5  CareFirst of Maryland, Inc., Blue Cross and Blue Shield of Massachusetts, Inc., Blue Cross and

6  Blue Shield of Michigan, BCBSM, Inc. d/b/a Blue Cross and Blue Shield of Minnesota, Horizon

7  Healthcare Services, Inc., Blue Cross and Blue Shield of North Carolina, Inc., Highmark Inc.

8  f/k/a Highmark Health Services, Blue Cross Blue Shield of Vermont (collectively, "Non-Anthem

9  Defendants"), through counsel, hereby submit their Answer to Plaintiffs' Fourth Consolidated

10  Amended Class Action Complaint ("FAC" or the "Complaint").

11    Each numbered response in this Answer is made subject to the following limitations as if

12  fully set forth therein.

13    *First*, pursuant to the Court's Case Management Orders (Dkt. Nos. 326, 366) the Non-

14  Anthem Defendants' ability to file Rule 12 motions challenging the sufficiency of the Complaint

15  was restricted to ten causes of action (the "Selected Claims"):  (1) the negligence claim on behalf

16  of the Indiana Statewide Class; (2) the breach of contract claim against Anthem and Anthem

17  affiliates on behalf of the California Statewide Class; (3) the California Unfair Competition Law

18  (Cal. Bus. & Prof. Code § 17200, et seq.); (4) New York's consumer protection law (N.Y. Gen.

19  Bus. Law §349); (5) the Georgia Insurance Information and Privacy Protection Act (Ga. Code

20  § 33-39-14, 21(b); (6) the Kentucky Consumer Protection Act (KY. Rev. Stat. § 367.110, *et. seq*);

21  (7) the Kentucky Data Breach Statute (KY. Rev. Stat. § 365.732(2), *et. seq*); (8) the unjust

22  enrichment claim on behalf of the New York Statewide Class; (9) the Third Party Beneficiary

23  Claim for Breach of Contract under Federal Law on behalf of the federal employee class; and

24  (10) the breach of contract claim against Non-Anthem Defendants on behalf of the New Jersey

25  Statewide Class.  The Non-Anthem Defendants' time to respond to the remaining causes of action

26  asserted in the complaint has been deferred by the Court.   Accordingly, the Non-Anthem

27  Defendants have no obligation to answer or otherwise respond to allegations in the Complaint

28  that only relate to non-Selected Claims.  The Non-Anthem Defendants reserve all of their rights

1   with respect to the non-Selected Claims, and nothing in this Answer, including the Affirmative

2   Defenses asserted herein, shall be construed as a waiver of the Non-Anthem Defendants' rights

3   with respect to such claims.

4        *Second*, this Answer is made subject to the Court's Order(s) Granting in Part and Denying

5   in Part Non-Anthem Defendants' Motion(s) to Dismiss.  *See* Dkt. No. 468 (February 14, 2016)

6   and Dkt. No. 524 (May 27, 2016).  To the extent the Complaint contains allegations regarding

7   claims, theories, or facts that have been dismissed, mooted, or otherwise rendered immaterial by

8   the Order or any other orders issued by the Court, no response is required to such allegations.

9   Moreover, any responses in this Answer do not constitute acknowledgment or admission of the

10  validity or relevance of such allegations.

11       *Third*, this Answer, including the Affirmative Defenses asserted herein, shall not be

12  construed as a waiver of the Non-Anthem Defendants' right to pursue counterclaims against

13  absent class members in any forum.  Any construction to the contrary would violate the Non-

14  Anthem Defendants' due process rights.

15       *Fourth*, any responses in this Answer relating to the subsidiaries or affiliates of the Non-

16  Anthem Defendants do not constitute acknowledgment or admission that the Non-Anthem

17  Defendants or any of the entities named in the underlying actions may be held liable for the acts

18  and/or omissions of such subsidiaries or affiliates.

19       *Fifth*, the Table of Contents on pages i-ix of the Complaint, and the corresponding section

20  headings and subheadings (including the footnotes relating to those headings and subheadings)

21  throughout the Complaint, contain characterizations of the Complaint to which no response is

22  required.  To the extent a response is deemed required, the Non-Anthem Defendants deny any

23  allegations in the Table of Contents and the section headings and subheadings in the Complaint.

24  Further, the section headings in this Answer exist for purposes of convenience only and are not

25  admissions.

26       *Sixth,* where the Non-Anthem Defendants state that they lack knowledge or information

27  sufficient to form a belief about the truth of a certain allegation, the Non-Anthem Defendants

28  reserve the right to argue that the allegation is true or false based on the evidence. Further, where

Hogan Lovells US LLP
Attorneys At Law

NON- ANTHEM DEFENDANTS' ANSWER TO
FOURTH CONSOLIDATED AMENDED COMPLAINT
Case No. 15-MD-02617-LHK

1    the FAC simply repeats an allegation from an earlier Complaint to which the Non-Anthem

2    Defendants responded that it lacked knowledge or information sufficient to form a belief about

3    the truth of that allegation, the Non-Anthem Defendants reserve the right to repeat their earlier

4    response, in whole or in part, without taking into account facts learned during discovery.

5    *Seventh*, where the Non-Anthem Defendants deny a certain allegation on the basis that the

6    allegation pertains to claims, theories, or facts that have been dismissed, mooted, or otherwise

7    rendered immaterial by Court's Order(s) Granting in Part and Denying in Part Defendants'

8    Motion(s) to Dismiss, [*see* Dkt. No. 468 (February 14, 2016); *see also* Dkt. No. 524 (May 27,

9    2016)], the Non-Anthem Defendants reserve the right to argue that the allegation is true or false

10   based on the evidence.

11   *Eighth*, to the extent the Complaint attempts to characterize certain alleged facts (*e.g.*, by

12   describing conduct as "wrongful acts"), the Non-Anthem Defendants respond generally that such

13   allegations constitute mere pejoratives or conclusions of law and do not constitute allegations of

14   fact requiring a response; but to the extent such allegations may be construed as allegations of

15   fact, the Non-Anthem Defendants object to and deny each and every such allegation, and

16   incorporate by reference this response in each paragraph below as if fully set forth therein.

17   *Ninth*, to the extent the Complaint attempts to characterize the content of documents, the

18   Non-Anthem Defendants respond generally that such documents speak for themselves and, on

19   that basis, the Non-Anthem Defendants object to and deny each and every such allegation, and

20   incorporate by reference this response in each paragraph below as if fully set forth therein

21   *Tenth*, to the extent that the allegations in the FAC include undefined terms subject to

22   multiple potential meanings and interpretations, the Non-Anthem Defendants object to and deny

23   each and every such allegation, and incorporate by reference this response in each paragraph

24   below as if fully set forth therein.

25   *Eleventh*, except as may be expressly and specifically admitted herein, the Non-Anthem

26   Defendants deny each and every allegation alleged in the FAC and further deny that Plaintiffs

27   have suffered any damages by reason of any act, omission, or conduct on the part of the Non-

28   Anthem Defendants and further deny that Plaintiffs are entitled to the relief sought in the FAC, or

- 3 -

1   to any relief at all, from the Non-Anthem Defendants.  In response to the numbered paragraphs of

2   the Complaint, the Non-Anthem Defendants further respond as follows:

3

4   **<u>INTRODUCTION</u>**

5        1.    Paragraph 1 contains Plaintiffs' characterization of this action, which requires no

6   response.  To the extent Paragraph 1 contains allegations requiring a response, the Non-Anthem

7   Defendants admit that on February 4, 2015, Anthem announced that it had been the victim of a

8   nation-state sponsored cyberattack.  The Non-Anthem Defendants are without sufficient

9   knowledge or information to form a belief as to truth of the remaining allegations in this

10  Paragraph and, on that basis, deny them.

11       2.    Paragraph 2 contains Plaintiffs' characterization of the Anthem and the Non-Anthem

12  Defendants' alleged conduct, which requires no response.  To the extent Paragraph 2 contains

13  allegations requiring a response, the Non-Anthem Defendants deny them.

14       3.    In response to Paragraph 3, the Non-Anthem Defendants admit that the Anthem

15  Defendants maintain certain information about certain current and former Non-Anthem members

16  in its information systems.  All other allegations in Paragraph 3 constitute either Plaintiffs'

17  characterization of this action or legal conclusions, which require no response.  To the extent all

18  other allegations in Paragraph 3 require a response, the Non-Anthem Defendants deny them.

19       4.    In response to Paragraph 4, the Non-Anthem Defendants admit that they have

20  privacy policies.  The Non-Anthem Defendants deny the allegations in Paragraph 4 regarding

21  those privacy policies and other documents referenced in Paragraph 4 on the grounds that such

22  documents speak for themselves.  All other allegations in Paragraph 4 constitute Plaintiffs'

23  characterization of this action, which require no response.  To the extent all other allegations in

24  Paragraph 4 require a response, the Non-Anthem Defendants deny them.

25       5.    Paragraph 5 contains Plaintiffs' characterization of this action and the alleged

26  conduct of "Defendants," which requires no response.  To the extent Paragraph 5 contains

27  allegations requiring a response, the Non-Anthem Defendants deny the allegations as to them and

28

Hogan Lovells US
LLP
Attorneys At Law

- 4 -

NON- ANTHEM DEFENDANTS' ANSWER TO
FOURTH CONSOLIDATED AMENDED COMPLAINT
Case No. 15-MD-02617-LHK

1    are without sufficient knowledge or information to form a belief as to the truth of the allegations

2    regarding the Anthem Defendants.

3       6.   Paragraph 6 contains Plaintiffs' characterization of this action and the alleged

4    conduct of "Defendants," which requires no response.  To the extent Paragraph 6 contains

5    allegations requiring a response, the Non-Anthem Defendants deny the allegations as to them and

6    are without sufficient knowledge or information to form a belief as to the truth of the allegations

7    regarding the Anthem Defendants.

8       7.   Paragraph 7 contains Plaintiffs' characterization of this action, which requires no

9    response.  To the extent Paragraph 7 contains allegations requiring a response, the Non-Anthem

10   Defendants deny that any alleged harm Plaintiffs have experienced was caused by the

11   cyberattack on Anthem.

12      8.   Paragraph 8 contains Plaintiffs' characterization of this action and the alleged

13   conduct of "Defendants," which requires no response.  To the extent Paragraph 8 contains

14   allegations requiring a response, the Non-Anthem Defendants deny the allegations as to them and

15   are without sufficient knowledge or information to form a belief as to the truth of the allegations

16   regarding the Anthem Defendants.

17   **JURISDICTION AND VENUE**

18      9.   Paragraph 9 sets forth legal conclusions that require no response.  To the extent a

19   response is required, the Non-Anthem Defendants do not dispute the jurisdiction of the Court to

20   hear this matter.

21      10.   Paragraph 10 sets forth legal conclusions that require no response.  To the extent a

22   response is required, the Non-Anthem Defendants do not dispute the Court's exercise of personal

23   jurisdiction over the Non-Anthem Defendants based on the transfer order of the Judicial Panel on

24   Multidistrict Litigation or with respect to the actions originally filed in this Court pursuant to 28

25   U.S.C. § 1391(b) and, with respect to Defendants CareFirst of Maryland, Inc.,  Blue Cross and

26   Blue Shield of Massachusetts, Inc., Blue Cross and Blue Shield of Michigan, and BCBSM, Inc.

27   d/b/a Blue Cross and Blue Shield of Minnesota, pursuant to the Stipulations regarding those

28

Hogan Lovells US
LLP
Attorneys At Law

- 5 -

NON- ANTHEM DEFENDANTS' ANSWER TO
FOURTH CONSOLIDATED AMENDED COMPLAINT
Case No. 15-MD-02617-LHK

Defendants' Motions to Dismiss for Lack of Personal Jurisdiction.  *See* Dkts. 446, 444, 445, and 437, respectively.

11.    Paragraph 11 sets forth legal conclusions that require no response.  To the extent a response is required, the Non-Anthem Defendants do not dispute venue in this judicial district based on the transfer order of the Judicial Panel on Multidistrict Litigation or with respect to the actions originally filed in this Court pursuant to 28 U.S.C. § 1391(b).

## PARTIES

A.    **Plaintiffs**

### Alabama

12.    In response to Paragraph 12, the Non-Anthem Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this Paragraph and, on that basis, deny them.

### Arizona

13.    In response to Paragraph 13, the Non-Anthem Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this Paragraph and, on that basis, deny them.

### California

14.    In response to Paragraph 14, the Non-Anthem Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this Paragraph and, on that basis, deny them.

15.    In response to Paragraph 15, the Non-Anthem Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this Paragraph and, on that basis, deny them.

16.    In response to Paragraph 16, the Non-Anthem Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this Paragraph and, on that basis, deny them.

NON- ANTHEM DEFENDANTS' ANSWER TO
FOURTH CONSOLIDATED AMENDED COMPLAINT
Case No. 15-MD-02617-LHK

17.    In response to Paragraph 17, the Non-Anthem Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this Paragraph and, on that basis, deny them.

18.    In response to Paragraph 18, the Non-Anthem Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this Paragraph and, on that basis, deny them.

19.    In response to Paragraph 19, the Non-Anthem Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this Paragraph and, on that basis, deny them.

20.    In response to Paragraph 20, Defendant Blue Shield of California admits that its records indicate that Plaintiff Lillian Brisko was enrolled in a Blue Shield of California health plan.  Defendant Blue Shield of California further admits that Plaintiff Brisko produced a notification letter addressed to her in the course of discovery in this action.  Defendant Blue Shield of California denies that any alleged harm Plaintiff has experienced was caused by the cyberattack on Anthem, and is without sufficient knowledge or information to form a belief as to the truth of all other allegations in this Paragraph and, on that basis, denies them.  The allegations in Paragraph 20 do not concern the other Non-Anthem Defendants, so no response is required. To the extent a response is required, the other Non-Anthem Defendants are without sufficient knowledge or information to form a belief as to the truth of any of the allegations in Paragraph 20 and, on that basis, denies them.

21.    In response to Paragraph 21, the Non-Anthem Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this Paragraph and, on that basis, deny them.

### **Colorado**

22.    In response to Paragraph 22, the Non-Anthem Defendants are without sufficient knowledge or information to form a belief as to the truth of those allegations and, on that basis, deny them.

NON- ANTHEM DEFENDANTS' ANSWER TO
FOURTH CONSOLIDATED AMENDED COMPLAINT
Case No. 15-MD-02617-LHK

1

**Connecticut**

2      23.    In response to Paragraph 23, the Non-Anthem Defendants are without sufficient

3    knowledge or information to form a belief as to the truth of those allegations and, on that basis,

4    deny them.

5      24.    In response to Paragraph 24, the Non-Anthem Defendants are without sufficient

6    knowledge or information to form a belief as to the truth of those allegations and, on that basis,

7    deny them.

8      25.    In response to Paragraph 25, the Non-Anthem Defendants are without sufficient

9    knowledge or information to form a belief as to the truth of those allegations and, on that basis,

10   deny them.

11     26.    In response to Paragraph 26, the Non-Anthem Defendants are without sufficient

12   knowledge or information to form a belief as to the truth of those allegations and, on that basis,

13   deny them.

14     27.    In response to Paragraph 27, Defendant Blue Cross and Blue Shield of Vermont

15   admits that its records indicate that Plaintiff Jessica Holguin was enrolled in a Blue Cross and

16   Blue Shield of Vermont health plan until 2014.  Defendant Blue Cross and Blue Shield of

17   Vermont denies that any alleged harm Plaintiff has experienced was caused by the cyberattack on

18   Anthem, and is without sufficient knowledge or information to form a belief as to the truth of all

19   other allegations in this Paragraph and, on that basis, denies them.  The allegations in Paragraph

20   27 do not concern the other Non-Anthem Defendants, so no response is required.  To the extent a

21   response is required, the other Non-Anthem Defendants are without sufficient knowledge or

22   information to form a belief as to the truth of any of the allegations in Paragraph 27 and, on that

23   basis, deny them.

24

**Delaware**

25     28.    In response to Paragraph 28, the Non-Anthem Defendants are without sufficient

26   knowledge or information to form a belief as to the truth of those allegations and, on that basis,

27   deny them.

28

- 8 -

NON- ANTHEM DEFENDANTS' ANSWER TO
FOURTH CONSOLIDATED AMENDED COMPLAINT
Case No. 15-MD-02617-LHK

1

**Florida**

2        29.    In response to Paragraph 29, the Non-Anthem Defendants are without sufficient

3    knowledge or information to form a belief as to the truth of those allegations and, on that basis,

4    deny them.

5        30.    In response to Paragraph 30, the Non-Anthem Defendants are without sufficient

6    knowledge or information to form a belief as to the truth of those allegations and, on that basis,

7    deny them.

8        31.    In response to Paragraph 31, the Non-Anthem Defendants are without sufficient

9    knowledge or information to form a belief as to the truth of those allegations and, on that basis,

10    deny them.

11        32.    In response to Paragraph 32, Defendant Blue Cross and Blue Shield of Florida

12    admits that its records indicate that Plaintiff Charles Platt was enrolled in a Blue Cross and Blue

13    Shield of Florida Blue Options health plan. Defendant Blue Cross and Blue Shield of Florida

14    further admits that Plaintiff Platt produced a notification letter addressed to him in the course of

15    discovery in this action.  Defendant Blue Cross and Blue Shield of Florida denies that any alleged

16    harm Plaintiff has experienced was caused by the cyberattack on Anthem, and is without

17    sufficient knowledge or information to form a belief as to the truth of all other allegations in this

18    Paragraph and, on that basis, denies them.  The allegations in Paragraph 32 do not concern the

19    other Non-Anthem Defendants, so no response is required.  To the extent a response is required,

20    the other Non-Anthem Defendants are without sufficient knowledge or information to form a

21    belief as to the truth of the allegations in Paragraph 32 and, on that basis, deny them.

22

**Georgia**

23        33.    In response to Paragraph 33, the Non-Anthem Defendants are without sufficient

24    knowledge or information to form a belief as to the truth of those allegations and, on that basis,

25    deny them.

26        34.    In response to Paragraph 34, the Defendant BCBSM, Inc. d/b/a Blue Cross and Blue

27    Shield of Minnesota ("BCBSM, Inc.") admits that its records indicate that Plaintiff Lauren

28    Roberts was enrolled in an employer-sponsored (Travelers) health plan for which BCBSM, Inc.

Hogan Lovells US
LLP
Attorneys At Law

provided third party claims administration services. Defendant BCBSM, Inc. denies the allegations in the fifth sentence of Paragraph 34.  Defendant BCBSM, Inc. denies that any alleged harm Plaintiff has experienced was caused by the cyberattack on Anthem, and is without sufficient knowledge or information to form a belief as to the truth of all other allegations in this Paragraph and, on that basis, denies them.   The allegations in Paragraph 34 do not concern the other Non-Anthem Defendants, so no response is required.  To the extent a response is required, the other Non-Anthem Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 34 and, on that basis, deny them.

35.    In response to Paragraph 35, the Non-Anthem Defendants are without sufficient knowledge or information to form a belief as to the truth of those allegations and, on that basis, deny them.

36.    In response to Paragraph 36, the Non-Anthem Defendants are without sufficient knowledge or information to form a belief as to the truth of those allegations and, on that basis, deny them.

37.    In response to Paragraph 37, the Non-Anthem Defendants are without sufficient knowledge or information to form a belief as to the truth of those allegations and, on that basis, deny them.

38.    In response to Paragraph 38, the Non-Anthem Defendants are without sufficient knowledge or information to form a belief as to the truth of those allegations and, on that basis, deny them.

**Idaho**

39.    In response to Paragraph 39, the Non-Anthem Defendants are without sufficient knowledge or information to form a belief as to the truth of those allegations and, on that basis, deny them.

**Illinois**

40.    In response to Paragraph 40, the Non-Anthem Defendants are without sufficient knowledge or information to form a belief as to the truth of those allegations and, on that basis, deny them.

NON- ANTHEM DEFENDANTS' ANSWER TO
FOURTH CONSOLIDATED AMENDED COMPLAINT
Case No. 15-MD-02617-LHK

41.   In response to Paragraph 41, the Non-Anthem Defendants are without sufficient knowledge or information to form a belief as to the truth of those allegations and, on that basis, deny them.

42.   In response to Paragraph 42, the Non-Anthem Defendants are without sufficient knowledge or information to form a belief as to the truth of those allegations and, on that basis, deny them.

43.   In response to Paragraph 43, the Non-Anthem Defendants are without sufficient knowledge or information to form a belief as to the truth of those allegations and, on that basis, deny them.

44.   In response to Paragraph 44, the Non-Anthem Defendants are without sufficient knowledge or information to form a belief as to the truth of those allegations and, on that basis, deny them.

**Indiana**

45.   In response to Paragraph 45, the Non-Anthem Defendants are without sufficient knowledge or information to form a belief as to the truth of those allegations and, on that basis, deny them.

46.   In response to Paragraph 46, the Non-Anthem Defendants are without sufficient knowledge or information to form a belief as to the truth of those allegations and, on that basis, deny them.

47.   In response to Paragraph 47, Defendant Blue Cross and Blue Shield of Massachusetts admits that its records indicate that Plaintiff Darrell Hunter was enrolled in a group-sponsored health plan for which Blue Cross and Blue Shield of Massachusetts, Inc. provided third party claims administration services.  Defendant Blue Cross and Blue Shield of Massachusetts denies that any alleged harm Plaintiff has experienced was caused by the cyberattack on Anthem, and is without sufficient knowledge or information to form a belief as to the truth of all other allegations in this Paragraph and, on that basis, denies them.  The allegations in Paragraph 47 do not concern the other Non-Anthem Defendants, so no response is required. To the extent a response is required, the other Non-Anthem Defendants are without sufficient

1  knowledge or information to form a belief as to the truth of the allegations in Paragraph 47 and,
2  on that basis, deny them.

3       48.    In response to Paragraph 48, the Non-Anthem Defendants are without sufficient
4  knowledge or information to form a belief as to the truth of those allegations and, on that basis,
5  deny them.

6       49.    In response to Paragraph 49, the Non-Anthem Defendants are without sufficient
7  knowledge or information to form a belief as to the truth of those allegations and, on that basis,
8  deny them.

9       50.    In response to Paragraph 50, the Defendant Arkansas Blue Cross and Blue Shield
10  admits that its records indicate that Plaintiff Amy Whittaker was enrolled in a health plan
11  sponsored by WalMart for which Arkansas Blue Cross and Blue Shield provides third party
12  claims administration services.  Defendant Arkansas Blue Cross and Blue Shield further admits
13  that Plaintiff Whittaker produced a notification letter addressed to her husband in the course of
14  discovery in this action.  Defendant Arkansas Blue Cross and Blue Shield denies that any alleged
15  harm Plaintiff has experienced was caused by the cyberattack on Anthem, and is without
16  sufficient knowledge or information to form a belief as to the truth of all other allegations in this
17  Paragraph and, on that basis, denies them.  The allegations in Paragraph 50 do not concern the
18  other Non-Anthem Defendants, so no response is required.  To the extent a response is required,
19  the other Non-Anthem Defendants are without sufficient knowledge or information to form a
20  belief as to the truth of the allegations in Paragraph 50 and, on that basis, deny them.

21                                         **Iowa**

22       51.    In response to Paragraph 51, the Non-Anthem Defendants are without sufficient
23  knowledge or information to form a belief as to the truth of those allegations and, on that basis,
24  deny them.

25                                        **Kansas**

26       52.    In response to Paragraph 52, the Non-Anthem Defendants are without sufficient
27  knowledge or information to form a belief as to the truth of those allegations and, on that basis,
28  deny them.

Hogan Lovells US LLP
Attorneys At Law

NON- ANTHEM DEFENDANTS' ANSWER TO
FOURTH CONSOLIDATED AMENDED COMPLAINT
Case No. 15-MD-02617-LHK

53.    In response to Paragraph 53, the Non-Anthem Defendants are without sufficient knowledge or information to form a belief as to the truth of those allegations and, on that basis, deny them.

### Kentucky

54.    In response to Paragraph 54, the Non-Anthem Defendants are without sufficient knowledge or information to form a belief as to the truth of those allegations and, on that basis, deny them.

55.    In response to Paragraph 55, the Non-Anthem Defendants are without sufficient knowledge or information to form a belief as to the truth of those allegations and, on that basis, deny them.

56.    In response to Paragraph 56, Defendant BCBSM, Inc. admits that its records indicate that Plaintiff Frank Bailey was enrolled in a health plan sponsored by his employer (General Mills) for which BCBSM, Inc. provides third party claims administration services.  Defendant BCBSM, Inc. denies that any alleged harm Plaintiff has experienced was caused by the cyberattack on Anthem, and is without sufficient knowledge or information to form a belief as to the truth of all other allegations in this Paragraph and, on that basis, denies them.  The allegations in Paragraph 56 do not concern the other Non-Anthem Defendants, so no response is required. To the extent a response is required, the other Non-Anthem Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 56 and, on that basis, deny them.

57.    In response to Paragraph 57, the Non-Anthem Defendants are without sufficient knowledge or information to form a belief as to the truth of those allegations and, on that basis, deny them.

### Louisiana

58.    In response to Paragraph 58, the Non-Anthem Defendants are without sufficient knowledge or information to form a belief as to the truth of those allegations and, on that basis, deny them.

Hogan Lovells US
LLP
Attorneys At Law

NON- ANTHEM DEFENDANTS' ANSWER TO
FOURTH CONSOLIDATED AMENDED COMPLAINT
Case No. 15-MD-02617-LHK

**Maine**

59.   In response to Paragraph 59, the Non-Anthem Defendants are without sufficient knowledge or information to form a belief as to the truth of those allegations and, on that basis, deny them.

60.   In response to Paragraph 60, the Non-Anthem Defendants are without sufficient knowledge or information to form a belief as to the truth of those allegations and, on that basis, deny them.

61.   In response to Paragraph 61, the Non-Anthem Defendants are without sufficient knowledge or information to form a belief as to the truth of those allegations and, on that basis, deny them.

**Maryland**

62.   In response to Paragraph 62, Defendant CareFirst of Maryland admits that its records indicate that Plaintiff Don West was enrolled in a CareFirst Blue Choice, Inc. health plan and deny that Plaintiff West was enrolled in a CareFirst Maryland health plan.   Defendant CareFirst of Maryland also denies the allegations in the fourth sentence of Paragraph 62. Defendant CareFirst of Maryland further denies that any alleged harm Plaintiff has experienced was caused by the cyberattack on Anthem, and is without sufficient knowledge or information to form a belief as to the truth of all other allegations in this Paragraph and, on that basis, denies them.  The allegations in Paragraph 62 do not concern the other Non-Anthem Defendants, so no response is required.  To the extent a response is required, the other Non-Anthem Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 62 and, on that basis, deny them.

63.   In response to Paragraph 63, the Non-Anthem Defendants are without sufficient knowledge or information to form a belief as to the truth of those allegations and, on that basis, deny them.

NON- ANTHEM DEFENDANTS' ANSWER TO FOURTH CONSOLIDATED AMENDED COMPLAINT
Case No. 15-MD-02617-LHK

**Massachusetts**

64.    In response to Paragraph 64, the Non-Anthem Defendants are without sufficient knowledge or information to form a belief as to the truth of those allegations and, on that basis, deny them.

65.    In response to Paragraph 65, the Non-Anthem Defendants are without sufficient knowledge or information to form a belief as to the truth of those allegations and, on that basis, deny them.

66.    In response to Paragraph 66, Defendant Blue Cross and Blue Shield of Massachusetts admits that its records indicate that Plaintiff Carrie Ramos was enrolled in a Blue Cross and Blue Shield of Massachusetts, Inc. Preferred Blue PPO plan.   Defendant Blue Cross and Blue Shield of Massachusetts denies that any alleged harm Plaintiff has experienced was caused by the cyberattack on Anthem, and is without sufficient knowledge or information to form a belief as to the truth of all other allegations in this Paragraph and, on that basis, denies them. The allegations in Paragraph 66 do not concern the other Non-Anthem Defendants, so no response is required.  To the extent a response is required, the other Non-Anthem Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 66 and, on that basis, deny them.

67.    In response to Paragraph 67, the Non-Anthem Defendants are without sufficient knowledge or information to form a belief as to the truth of those allegations and, on that basis, deny them.

**Michigan**

68.    In response to Paragraph 68, Defendant Blue Cross and Blue Shield of Michigan admits that its records indicate that Plaintiff Michelle Kaseta-Collins was enrolled in a group-sponsored health plan for which Blue Cross and Blue Shield of Michigan provided third party claims administration services.  Defendant CareFirst of Maryland also admits that its records indicate that Plaintiff Kaseta-Collins was enrolled in a CareFirst of Maryland health plan. Defendants Blue Cross and Blue Shield of Michigan and CareFirst of Maryland denies that any alleged harm Plaintiff has experienced was caused by the cyberattack on Anthem, and is without

Hogan Lovells US
LLP
Attorneys At Law

NON- ANTHEM DEFENDANTS' ANSWER TO
FOURTH CONSOLIDATED AMENDED COMPLAINT
Case No. 15-MD-02617-LHK

1    sufficient knowledge or information to form a belief as to the truth of all other allegations in this

2    Paragraph and, on that basis, denies them. The allegations in Paragraph 68 do not concern the

3    other Non-Anthem Defendants, so no response is required.  To the extent a response is required,

4    the other Non-Anthem Defendants are without sufficient knowledge or information to form a

5    belief as to the truth of the allegations in Paragraph 68 and, on that basis, deny them.

6         69.    In response to Paragraph 69, the Non-Anthem Defendants are without sufficient

7    knowledge or information to form a belief as to the truth of those allegations and, on that basis,

8    deny them.

9                                  **Minnesota**

10        70.    In response to Paragraph 70, the Non-Anthem Defendants are without sufficient

11   knowledge or information to form a belief as to the truth of those allegations and, on that basis,

12   deny them.

13        71.    In response to Paragraph 71, the Non-Anthem Defendants are without sufficient

14   knowledge or information to form a belief as to the truth of those allegations and, on that basis,

15   deny them.

16                                 **Mississippi**

17        72.    In response to Paragraph 72, the Non-Anthem Defendants are without sufficient

18   knowledge or information to form a belief as to the truth of those allegations and, on that basis,

19   deny them.

20                                  **Missouri**

21        73.    In response to Paragraph 73, the Non-Anthem Defendants are without sufficient

22   knowledge or information to form a belief as to the truth of those allegations and, on that basis,

23   deny them.

24        74.    In response to Paragraph 74, the Non-Anthem Defendants are without sufficient

25   knowledge or information to form a belief as to the truth of those allegations and, on that basis,

26   deny them.

27

28

Hogan Lovells US
LLP
Attorneys At Law

- 16 -

NON- ANTHEM DEFENDANTS' ANSWER TO
FOURTH CONSOLIDATED AMENDED COMPLAINT
Case No. 15-MD-02617-LHK

75.    In response to Paragraph 75, the Non-Anthem Defendants are without sufficient knowledge or information to form a belief as to the truth of those allegations and, on that basis, deny them.

76.    In response to Paragraph 76, the Non-Anthem Defendants are without sufficient knowledge or information to form a belief regarding the truth of the allegations in this Paragraph and, on that basis, deny them.

77.    In response to Paragraph 77, the Non-Anthem Defendants are without sufficient knowledge or information to form a belief as to the truth of those allegations and, on that basis, deny them.

78.    In response to Paragraph 78, the Non-Anthem Defendants are without sufficient knowledge or information to form a belief as to the truth of those allegations and, on that basis, deny them.

**Montana**

79.    In response to Paragraph 79, the Non-Anthem Defendants are without sufficient knowledge or information to form a belief regarding the truth of the allegations in this Paragraph and, on that basis, deny them.

**Nebraska**

80.    In response to Paragraph 80, the Non-Anthem Defendants are without sufficient knowledge or information to form a belief as to the truth of those allegations and, on that basis, deny them.

**Nevada**

81.    In response to Paragraph 81, the Non-Anthem Defendants are without sufficient knowledge or information to form a belief as to the truth of those allegations and, on that basis, deny them.

82.    In response to Paragraph 82, the Non-Anthem Defendants are without sufficient knowledge or information to form a belief as to the truth of those allegations and, on that basis, deny them.

Hogan Lovells US LLP
Attorneys At Law

NON- ANTHEM DEFENDANTS' ANSWER TO
FOURTH CONSOLIDATED AMENDED COMPLAINT
Case No. 15-MD-02617-LHK

1

**New Hampshire**

2      83.   In response to Paragraph 83, the Non-Anthem Defendants are without sufficient
3  knowledge or information to form a belief as to the truth of those allegations and, on that basis,
4  deny them.

5      84.   In response to Paragraph 84, the Non-Anthem Defendants are without sufficient
6  knowledge or information to form a belief as to the truth of those allegations and, on that basis,
7  deny them.

8

**New Jersey**

9      85.   In response to Paragraph 85, Defendant Horizon Blue Cross Blue Shield of New
10  Jersey admits that its records indicate that Plaintiff Elizabeth Ames was enrolled in a Horizon
11  Blue Cross Blue Shield of New Jersey health plan.  Defendant Blue Cross and Blue Shield of
12  Florida also admits that its records indicate that Plaintiff Ames was previously enrolled in a health
13  plan sponsored by her group for which Blue Cross and Blue Shield of Florida provided third party
14  claims administration services.  Defendants Horizon Blue Cross Blue Shield of New Jersey and
15  Blue Cross and Blue Shield of Florida deny that any alleged harm Plaintiff has experienced was
16  caused by the cyberattack on Anthem, and are without sufficient knowledge or information to
17  form a belief as to the truth of all other allegations in this Paragraph and, on that basis, denies
18  them.  The allegations in Paragraph 85 do not concern the other Non-Anthem Defendants, so no
19  response is required.  To the extent a response is required, the other Non-Anthem Defendants are
20  without sufficient knowledge or information to form a belief as to the truth of the allegations in
21  Paragraph 85 and, on that basis, deny them.

22

**New Mexico**

23      86.   In response to Paragraph 86, the Non-Anthem Defendants are without sufficient
24  knowledge or information to form a belief as to the truth of those allegations and, on that basis,
25  deny them.

26
27
28

Hogan Lovells US
LLP
Attorneys At Law

- 18 -

NON- ANTHEM DEFENDANTS' ANSWER TO
FOURTH CONSOLIDATED AMENDED COMPLAINT
Case No. 15-MD-02617-LHK

1

**New York**

2          87.    In response to Paragraph 87, the Non-Anthem Defendants are without sufficient

3   knowledge or information to form a belief as to the truth of those allegations and, on that basis,

4   deny them.

5          88.    In response to Paragraph 88, the Non-Anthem Defendants are without sufficient

6   knowledge or information to form a belief as to the truth of those allegations and, on that basis,

7   deny them.

8          89.    In response to Paragraph 89, the Non-Anthem Defendants are without sufficient

9   knowledge or information to form a belief as to the truth of those allegations and, on that basis,

10  deny them.

11         90.    In response to Paragraph 90, the Non-Anthem Defendants are without sufficient

12  knowledge or information to form a belief as to the truth of those allegations and, on that basis,

13  deny them.

14         91.    In response to Paragraph 91, the Non-Anthem Defendants are without sufficient

15  knowledge or information to form a belief as to the truth of those allegations and, on that basis,

16  deny them.

17

**North Carolina**

18         92.    In response to Paragraph 92, Defendant Blue Cross and Blue Shield of

19  Massachusetts admits that its records indicate that Plaintiff Randy Polacsek was enrolled in a

20  Blue Cross and Blue Shield of Massachusetts health plan.   Defendant Blue Cross and Blue Shield

21  of Massachusetts denies that any alleged harm Plaintiff has experienced was caused by the

22  cyberattack on Anthem, and is without sufficient knowledge or information to form a belief as to

23  the truth of all other allegations in this Paragraph and, on that basis, denies them.  The allegations

24  in Paragraph 92 do not concern the other Non-Anthem Defendants, so no response is required.

25  To the extent a response is required, the other Non-Anthem Defendants are without sufficient

26  knowledge or information to form a belief as to the truth of the allegations in Paragraph 92 and,

27  on that basis, deny them.

28

Hogan Lovells US
LLP
Attorneys At Law

NON- ANTHEM DEFENDANTS' ANSWER TO
FOURTH CONSOLIDATED AMENDED COMPLAINT
Case No. 15-MD-02617-LHK

93.    In response to the Paragraph 93, Defendant Blue Cross and Blue Shield of North Carolina admits that its records indicate that Plaintiff Francis Nicosia was enrolled in a Blue Cross and Blue Shield of North Carolina health plan.  Defendant Blue Cross and Blue Shield of North Carolina denies that any alleged harm Plaintiff has experienced was caused by the cyberattack on Anthem, and is without sufficient knowledge or information to form a belief as to the truth of all other allegations in this Paragraph and, on that basis, denies them.  The allegations in Paragraph 93 do not concern the other Non-Anthem Defendants, so no response is required. To the extent a response is required, the other Non-Anthem Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 93 and, on that basis, deny them.

## Ohio

94.    In response to Paragraph 94, Defendant Blue Cross and Blue Shield of Alabama admits that its records indicate that Plaintiff Connie McDaniel was enrolled in a group-sponsored health plan up until to January 1, 2015 for which Blue Cross and Blue Shield of Alabama provided third party claims administration services.  Defendant Blue Cross and Blue Shield of Alabama denies that any alleged harm Plaintiff has experienced was caused by the cyberattack on Anthem, and is without sufficient knowledge or information to form a belief as to the truth of all other allegations in this Paragraph and, on that basis, denies them.  The allegations in Paragraph 94 do not concern the other Non-Anthem Defendants, so no response is required.  To the extent a response is required, the other Non-Anthem Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 94 and, on that basis, deny them.

95.    In response to Paragraph 95, the Non-Anthem Defendants are without sufficient knowledge or information to form a belief as to the truth of those allegations and, on that basis, deny them.

96.    In response to Paragraph 96, the Non-Anthem Defendants are without sufficient knowledge or information to form a belief as to the truth of those allegations and, on that basis, deny them.

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW

NON- ANTHEM DEFENDANTS' ANSWER TO
FOURTH CONSOLIDATED AMENDED COMPLAINT
Case No. 15-MD-02617-LHK

97.    In response to Paragraph 97, the Non-Anthem Defendants are without sufficient knowledge or information to form a belief as to the truth of those allegations and, on that basis, deny them.

## Oklahoma

98.    In response to Paragraph 98, the Non-Anthem Defendants are without sufficient knowledge or information to form a belief as to the truth of those allegations and, on that basis, denies them.

## Pennsylvania

99.    In response to Paragraph 99, the Non-Anthem Defendants are without sufficient knowledge or information to form a belief as to the truth of those allegations and, on that basis, deny them.

100.   In response to Paragraph 100, Defendant Highmark Inc. d/b/a Highmark Blue Shield ("Highmark Inc.") admits that its records indicate that Plaintiff Denise Masloski was enrolled in a group-sponsored health plan for which Highmark Inc. provided third party claims administration services.  Defendant Highmark Inc. denies that any alleged harm Plaintiff has experienced was caused by the cyberattack on Anthem, and is without sufficient knowledge or information to form a belief as to the truth of all other allegations in this Paragraph and, on that basis, denies them.  The allegations in Paragraph 100 do not concern the other Non-Anthem Defendants, so no response is required.  To the extent a response is required, the other Non-Anthem Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 100 and, on that basis, deny them.

## Rhode Island

101. In response to Paragraph 101, the Non-Anthem Defendants are without sufficient knowledge or information to form a belief as to the truth of those allegations and, on that basis, deny them.

1

**South Carolina**

2        102.  In response to Paragraph 102, the Non-Anthem Defendants are without sufficient

3  knowledge or information to form a belief as to the truth of those allegations and, on that basis,

4  deny them.

5

**Tennessee**

6        103.  In response to Paragraph 103, the Non-Anthem Defendants are without sufficient

7  knowledge or information to form a belief as to the truth of those allegations and, on that basis,

8  deny them.

9

**Texas**

10        104.  In response to Paragraph 104, the Non-Anthem Defendants are without sufficient

11  knowledge or information to form a belief as to the truth of those allegations and, on that basis,

12  deny them.

13

**Utah**

14        105.  In response to Paragraph 105, the Non-Anthem Defendants are without sufficient

15  knowledge or information to form a belief as to the truth of those allegations and, on that basis,

16  deny them.

17        106.  In response to Paragraph 106, the Non-Anthem Defendants are without sufficient

18  knowledge or information to form a belief as to the truth of those allegations and, on that basis,

19  deny them.

20

**Virginia**

21        107.  In response to Paragraph 107, the Non-Anthem Defendants are without sufficient

22  knowledge or information to form a belief as to the truth of those allegations and, on that basis,

23  deny them.

24

**Washington**

25        108.  In response to Paragraph 108, the Non-Anthem Defendants are without sufficient

26  knowledge or information to form a belief as to the truth of those allegations and, on that basis,

27  denies them.

28

Hogan Lovells US
LLP
Attorneys At Law

- 22 -

NON- ANTHEM DEFENDANTS' ANSWER TO
FOURTH CONSOLIDATED AMENDED COMPLAINT
Case No. 15-MD-02617-LHK

109.  In response to Paragraph 109, the Non-Anthem Defendants are without sufficient knowledge or information to form a belief as to the truth of those allegations and, on that basis, deny them.

110.  In response to Paragraph 110, the Non-Anthem Defendants are without sufficient knowledge or information to form a belief as to the truth of those allegations and, on that basis, deny them.

### West Virginia

111.  In response to Paragraph 111, the Non-Anthem Defendants are without sufficient knowledge or information to form a belief as to the truth of those allegations and, on that basis, deny them.

### Wisconsin

112.  In response to Paragraph 112, the Non-Anthem Defendants are without sufficient knowledge or information to form a belief as to the truth of those allegations and, on that basis, deny them.

113.  In response to Paragraph 113, Defendant Blue Cross Blue Shield of Minnesota is without sufficient knowledge or information to form a belief as to the truth of those allegations and, on that basis, denies them. The allegations in Paragraph 113 do not concern the other Non-Anthem Defendants, so no response is required.  To the extent a response is required, the other Non-Anthem Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 113 and, on that basis, deny them.

**B.    Defendants**

114.  The allegations in Paragraph 114 do not concern the Non-Anthem Defendants, so no response is required.  To the extent a response is required, the Non-Anthem Defendants admit in response to the allegations in the fourth sentence of Paragraph 114 that they participate in the BlueCard Program, which is a national program that enables their members traveling away from home or living in another Blue Cross and Blue Shield (BCBS) Plan area to receive health care services through claims processing networks of BlueCard-participating, independent Blue Plans.

Hogan Lovells US LLP
Attorneys At Law

NON- ANTHEM DEFENDANTS' ANSWER TO
FOURTH CONSOLIDATED AMENDED COMPLAINT
Case No. 15-MD-02617-LHK

1    The Non-Anthem Defendants are without sufficient knowledge or information to form a belief as

2    to the truth of any of the remaining allegations in Paragraph 123 and, on that basis, deny them.

3         115.  to 143. The allegations in Paragraphs 115 to 143 do not concern the Non-Anthem

4    Defendants, so no response is required.  To the extent a response is required, the Non-Anthem

5    Defendants are without sufficient knowledge or information to form a belief as to the truth of the

6    allegations in Paragraph 115 to 143 and, on that basis, deny them.

7         144.  In response to the allegations in Paragraph 144, Defendant Blue Cross and Blue

8    Shield of Alabama admits that it is incorporated and headquartered in Alabama and that it is not

9    an affiliate of Anthem, Inc.  Defendant Blue Cross and Blue Shield of Alabama denies the

10   remaining allegations in Paragraph 144.  The allegations in Paragraph 144 do not concern the

11   other Non-Anthem Defendants, so no response is required.  To the extent a response is required,

12   the Non-Anthem Defendants are without sufficient knowledge or information to form a belief as

13   to the truth of the allegations in Paragraph 144 and, on that basis, deny them.

14        145.  In response to the allegations in Paragraph 145, Defendant USAble Mutual

15   Insurance Company d/b/a Arkansas Blue Cross and Blue Shield admits that it is incorporated and

16   headquartered in Arkansas and that it is not an affiliate of Anthem, Inc.  Defendant USAble

17   Mutual Insurance Company d/b/a Arkansas Blue Cross and Blue Shield denies the remaining

18   allegations in Paragraph 145.  The allegations in Paragraph 145 do not concern the remaining

19   Non-Anthem Defendants, so no response is required.  To the extent a response is required, the

20   other Non-Anthem Defendants are without sufficient knowledge or information to form a belief

21   as to the truth of the allegations in Paragraph 145 and, on that basis, deny them.

22        146.  In response to the allegations in Paragraph 146, Defendant California Physicians'

23   Service d/b/a Blue Shield of California admits that it is incorporated and headquartered in

24   California and that it is not an affiliate of Anthem, Inc.  Defendant California Physicians' Service

25   d/b/a Blue Shield of California denies the remaining allegations in Paragraph 146.  The

26   allegations in Paragraph 146 do not concern the remaining Non-Anthem Defendants, so no

27   response is required.  To the extent a response is required, the remaining Non-Anthem

28

Hogan Lovells US
LLP
ATTORNEYS AT LAW

- 24 -

NON- ANTHEM DEFENDANTS' ANSWER TO
FOURTH CONSOLIDATED AMENDED COMPLAINT
Case No. 15-MD-02617-LHK

Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 146 and, on that basis, deny them.

147. The Non-Anthem Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 147, and on that basis, deny them.

148. In response to the allegations in Paragraph 148, Defendant Blue Cross and Blue Shield of Florida, Inc. admits that it is incorporated and headquartered in Florida and that it is not an affiliate of Anthem, Inc. Defendant Blue Cross and Blue Shield of Florida, Inc. denies the remaining allegations in Paragraph 148. The allegations in Paragraph 148 do not concern the remaining Non-Anthem Defendants, so no response is required. To the extent a response is required, the remaining Non-Anthem Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 148 and, on that basis, deny them.

149. In response to the allegations in Paragraph 149, Defendant CareFirst of Maryland, Inc. d/b/a CareFirst BlueCross Blue Shield admits that it is incorporated and headquartered in Maryland and that it is not an affiliate of Anthem, Inc. Defendant CareFirst of Maryland, Inc. denies the remaining allegations in Paragraph 149. The allegations in Paragraph 149 do not concern the remaining Non-Anthem Defendants, so no response is required. To the extent a response is required, the remaining Non-Anthem Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 149 and, on that basis, deny them.

150. In response to the allegations in Paragraph 150, Defendant Blue Cross and Blue Shield of Massachusetts, Inc. admits that it is incorporated and headquartered in Massachusetts and that it is not an affiliate of Anthem, Inc. Defendant Blue Cross and Blue Shield of Massachusetts, Inc. denies the remaining allegations in Paragraph 150. The allegations in Paragraph 150 do not concern the remaining Non-Anthem Defendants, so no response is required. To the extent a response is required, the remaining Non-Anthem Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 150 and, on that basis, deny them.

HOGAN LOVELLS US LLP
ATTORNEYS AT LAW

151.  In response to the allegations in Paragraph 151, Defendant Blue Cross and Blue Shield of Michigan admits that it is incorporated and headquartered in Michigan and that it is not an affiliate of Anthem, Inc.  Defendant Blue Cross and Blue Shield of Michigan denies the remaining allegations in Paragraph 151.  The allegations in Paragraph 151 do not concern the remaining Non-Anthem Defendants, so no response is required.  To the extent a response is required, the remaining Non-Anthem Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 151 and, on that basis, deny them.

152.  In response to the allegations in Paragraph 152, Defendant BCBSM, Inc. d/b/a Blue Cross and Blue Shield of Minnesota admits that it is incorporated and headquartered in Minnesota and that it is not an affiliate of Anthem, Inc.  Defendant BCBSM, Inc. denies the remaining allegations in Paragraph 152.  The allegations in Paragraph 161 do not concern the remaining Non-Anthem Defendants, so no response is required.  To the extent a response is required, the remaining Non-Anthem Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 152 and, on that basis, deny them.

153.  In response to the allegations in Paragraph 153, Defendant Horizon Healthcare Services, Inc. d/b/a Horizon Blue Cross and Blue Shield of New Jersey admits that it is incorporated and headquartered in New Jersey and that it is not an affiliate of Anthem, Inc.  Defendant Horizon Healthcare Services, Inc. d/b/a Horizon Blue Cross and Blue Shield of New Jersey denies the remaining allegations in Paragraph 153.  The allegations in Paragraph 153 do not concern the remaining Non-Anthem Defendants, so no response is required.  To the extent a response is required, the remaining Non-Anthem Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 153 and, on that basis, deny them.

154.  In response to the allegations in Paragraph 154, Defendant Blue Cross and Blue Shield of North Carolina, Inc. admits that it is incorporated and headquartered in North Carolina and that it is not an affiliate of Anthem, Inc.  Defendant Blue Cross and Blue Shield of North Carolina, Inc. denies the remaining allegations in Paragraph 154.  The allegations in Paragraph 154 do not concern the remaining Non-Anthem Defendants, so no response is required.  To the

1  extent a response is required, the remaining Non-Anthem Defendants are without sufficient

2  knowledge or information to form a belief as to the truth of the allegations in Paragraph 154 and,

3  on that basis, deny them.

4       155.  In response to the allegations in Paragraph 155, Defendant Highmark Inc. d/b/a

5  Highmark Blue Shield and d/b/a Highmark Blue Cross Blue Shield ("Highmark Inc.") admits that

6  it is incorporated and headquartered in Pennsylvania and that it is not an affiliate of Anthem, Inc.

7  Defendant Highmark Inc. denies the remaining allegations in Paragraph 155.  Defendant

8  Highmark Inc. further admits that HM Health Insurance Company d/b/a Highmark Health

9  Insurance is a wholly owned subsidiary of Highmark, Inc. which is incorporated and

10  headquartered in Pennsylvania.  The allegations in Paragraph 155 do not concern the remaining

11  Non-Anthem Defendants, so no response is required.  To the extent a response is required, the

12  remaining Non-Anthem Defendants are without sufficient knowledge or information to form a

13  belief as to the truth of the allegations in Paragraph 155 and, on that basis, deny them.

14       156.  In response to the allegations in Paragraph 156, Defendant Blue Cross and Blue

15  Shield of Vermont admits that it is incorporated and headquartered in Vermont and that is not an

16  affiliate of Anthem, Inc.  Defendant Blue Cross and Blue Shield of Vermont denies the remaining

17  allegations in Paragraph 156.  The allegations in Paragraph 156 do not concern the remaining

18  Non-Anthem Defendants, so no response is required.  To the extent a response is required, the

19  remaining Non-Anthem Defendants are without sufficient knowledge or information to form a

20  belief as to the truth of the allegations in Paragraph 156 and, on that basis, deny them.

21       157.  The Non-Anthem Defendants are without sufficient knowledge or information to

22  form a belief as to the truth of the allegations in Paragraph 157.

23       158.  The Non-Anthem Defendants deny the allegations in Paragraph 158.

24                        **STATEMENT OF FACTS**

25

26  **A.      The Anthem Database**

27       159.  The allegations in Paragraph 159 do not concern the Non-Anthem Defendants, so no

28  response is required.  To the extent a response is required, the Non-Anthem Defendants are

Hogan Lovells US
LLP
Attorneys At Law

without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 159 and, on that basis, deny them.

160.  The allegations in Paragraph 160 do not concern the Non-Anthem Defendants, so no response is required.   To the extent a response is required the Non-Anthem Defendants admit that they participate in the BlueCard Program, which is a national program that enables their members traveling away from home or living in another Blue Cross and Blue Shield (BCBS) Plan area to receive health care services through a claims processing network of BlueCard-participating, independent Blue Plans.  The Non-Anthem Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 160 and, on that basis, deny them.

161.  In response to Paragraph 161, the Non-Anthem Defendants admit that they maintain member information, including some personal information.  The Non-Anthem Defendants deny the remaining allegations in Paragraph 161 that relate to the Non-Anthem Defendants.  The Non-Anthem Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 161 and, on that basis, deny them.

162.  The Non -Anthem Defendants are without sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 162 and, on that basis, deny them.

163.  The Non -Anthem Defendants are without sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 163 and, on that basis, deny them.

164.  The Non-Anthem Defendants are without sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 164 and, on that basis, deny them.

**B.    Defendants' Privacy Policies, Representations, Omissions, and Contract Terms Pertaining to Data Security and Confidentiality**

**1.    Anthem and Anthem Affiliates**

**a.    Anthem's Privacy Policies, Representations and Omissions**

165.  to 186. The allegations in Paragraphs 165 to 186 do not concern the Non-Anthem Defendants, so no response is required.   To the extent a response is required, the Non-Anthem

- 28 -

1    Defendants are without sufficient knowledge or information to form a belief regarding the truth of

2    the allegations in Paragraph 165 to 186, including footnote 1, and, on that basis, deny them.

3            **b.    Anthem's Insurance and Health Benefits Contracts Include Anthem's**
             **Privacy Policies**

4

5            187. to 191.  The allegations in Paragraphs 187 to 191 do not concern the Non-Anthem

6    Defendants, so no response is required.   To the extent a response is required, the Non-Anthem

7    Defendants are without sufficient knowledge or information to form a belief as to the truth of the

8    allegations in Paragraphs 187 to 191 and, on that basis, deny them.

9                    **(i)    Individual Contracts**

10           192. to 208. The allegations in Paragraphs 192 to 208 do not concern the Non-Anthem

11   Defendants, so no response is required.   To the extent a response is required, the Non-Anthem

12   Defendants are without sufficient knowledge or information to form a belief regarding the truth

13   of the allegations in Paragraphs 192 to 208, including the allegations in footnote 3, and, on that

14   basis, deny them.

15                   **(ii)    Group Contracts**

16           209. to 236. The allegations in Paragraphs 209 to 236 do not concern the Non-Anthem

17   Defendants, so no response is required.   To the extent a response is required, the Non-Anthem

18   Defendants are without sufficient knowledge or information to form a belief as to the truth of the

19   allegations in Paragraphs 209 to 236 and, on that basis, deny them.

20           **2.    Non-Anthem BCBS Defendants**

21               **a.    The BlueCard Program**

22           237.   The allegations in the first sentence of Paragraph 237 do not concern the Non-

23   Anthem Defendants, so no response is required.   To the extent a response is required, the Non-

24   Anthem Defendants are without sufficient knowledge or information to form a belief regarding

25   the truth of those allegations and, on that basis, deny them.   In response to the remaining

26   allegations in Paragraph 237, the Non-Anthem Defendants admit that the BlueCard Program is a

27   national program that enables their members traveling away from home or living in another Blue

28   Cross and Blue Shield (BCBS) Plan area to receive health care services through claims

- 29 -

NON- ANTHEM DEFENDANTS' ANSWER TO
FOURTH CONSOLIDATED AMENDED COMPLAINT
Case No. 15-MD-02617-LHK

1    processing networks of BlueCard-participating, independent Blue Plans. The Non-Anthem

2    Defendants deny all other allegations in Paragraph 237.

3        238.  In response to Paragraph 238, the Non-Anthem Defendants admit that the Anthem

4    Defendants maintain certain information in their information systems regarding certain

5    individuals enrolled in policies or plans issued or administered by the Non-Anthem Defendants

6    who received services in geographic areas for which the Anthem Defendants are Blue Cross

7    and/or Blue Shield licensees. The Non-Anthem Defendants deny all other allegations in

8    Paragraph 238.

9        239.  to 252.  The Non-Anthem Defendants are without sufficient knowledge or

10   information to form a belief regarding the truth of the allegations in Paragraphs 239 to 252, on

11   that basis, deny them.

12              a.       **The Fourteen Non-Anthem Defendants' Privacy Policies,**
                         **Representations, and Omissions**

13        253.  In response to Paragraph 253, the Non-Anthem Defendants admit that at all times

14   relevant to this litigation they had policies related to privacy.  The Non-Anthem Defendants deny

15   the remaining allegations.

16        254.  In response to Paragraph 254, the Non-Anthem Defendants admit that they maintain

17   sections of their websites related to privacy.  The Non-Anthem Defendants deny the allegations

18   regarding the websites on the grounds that the contents of those websites speak for themselves.

19   The Non-Anthem Defendants deny the remaining allegations in Paragraph 254.

20        255.  The Non-Anthem Defendants deny the allegations in Paragraph 255.

21        256.   In response to Paragraph 256, the Non-Anthem Defendants deny all allegations

22   regarding the contents of the Non-Anthem Defendants' websites on the grounds that the websites

23   and notices speak for themselves.  The Non-Anthem Defendants deny the remaining allegations

24   in Paragraph 256.

25        257.   In response to Paragraph 257, the Non-Anthem Defendants deny all allegations

26   regarding the privacy notices on the grounds that the privacy notices speak for themselves.  The

27   Non-Anthem Defendants deny the remaining allegations in Paragraph 257.

28

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW

- 30 -

NON- ANTHEM DEFENDANTS' ANSWER TO
FOURTH CONSOLIDATED AMENDED COMPLAINT
Case No. 15-MD-02617-LHK

258.   Defendant Blue Shield of California denies the allegations in Paragraph 258 regarding the privacy notices on the grounds that Exhibits 15-3 and 15-4 speak for themselves. Defendant Blue Shield of California denies the remaining allegations in Paragraph 258.  The allegations in Paragraph 258 do not concern the other Non-Anthem Defendants, so no response is required.  To the extent a response is required, the Non-Anthem Defendants are without sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 258 and, on that basis, deny them.

259.  In response to Paragraph 259, the Non-Anthem Defendants admit that they maintain sections of their websites related to privacy.  The Non-Anthem Defendants deny the remaining allegations in Paragraph 259.

260.  In response to Paragraph 260, the Non-Anthem Defendants state that they comply with their privacy policies.  On that basis, the Anthem Defendants deny the allegations in Paragraph 260.

261.  In response to Paragraph 261, the Non-Anthem Defendants state that they comply with their privacy policies and applicable law and meet or exceed applicable industry standards. On that basis, the Non-Anthem Defendants deny the allegations in Paragraph 261.

262.  In response to Paragraph 262, the Anthem Defendants are without sufficient knowledge or information to form a belief regarding the truth of the allegations in this Paragraph and, on that basis, deny them.

> **b.** **Each of the Fourteen Non-Anthem Defendants' Insurance and Health Benefits Contracts Include Specific Privacy Promises**

263.  In response to Paragraph 263, the Non-Anthem Defendants admit that an individual who purchases individual insurance or health benefits policies enters into a contract with the Non-Anthem Defendant that issued that policy.  The Non-Anthem Defendants admit that they enter into contracts providing health insurance benefits to fully insured plans and administrative services with regard to self-insured group policies.  The Non-Anthem Defendants deny the remaining allegations in Paragraph 263.

264.   No response is required to Paragraph 264 because it alleges only legal conclusions and arguments. To the extent a response is required, the Non-Anthem Defendants deny the allegations in Paragraph 264.

265.   The Non-Anthem Defendants deny the allegations in Paragraph 265.

266.   In response to Paragraph 266, the Non-Anthem Defendants admit that they had policies related to privacy and maintain sections of their websites related to privacy.  The Non-Anthem Defendants deny the remaining allegations in Paragraph 266.

267.   No response is required to Paragraph 267 because it alleges only legal conclusions and arguments.  To the extent a response is required, the Non-Anthem Defendants deny the allegations in Paragraph 267.

268.   In response to Paragraph 268, the Non-Anthem Defendants deny all allegations in the Paragraph on the grounds that the documents speak for themselves.

269.   In response to Paragraph 269, Defendant Blue Cross Blue Shield of New Jersey ("Horizon BCBSBJ") deny the allegations on the grounds that the booklet, privacy policy, and website speak for themselves.   The allegations in this Paragraph do not concern the other Non-Anthem Defendants, so no response is required.  To the extent a response is required, the other Non-Anthem Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and, on that basis, deny them.

270.   The Non-Anthem Defendants deny the allegations in Paragraph 270.

271.   In response to Paragraph 271, the Non-Anthem Defendants deny all allegations in the Paragraph on the grounds that the referenced contracts speak for themselves.

272.   In response to Paragraph 272, the Non-Anthem Defendants deny all allegations in the Paragraph on the grounds that the referenced contracts speak for themselves.

273.   In response to Paragraph 273, the Non-Anthem Defendants deny all allegations in the Paragraph on the grounds that the referenced contract documents and Exhibit 15-1 speak for themselves.

274.   In response to Paragraph 274, the Non-Anthem Defendants deny all allegations in the Paragraph on the grounds that the referenced contracts speak for themselves.

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW

1        275.  The Non-Anthem Defendants deny the allegations in Paragraph 275.

2        276.  In response to Paragraph 276, the Non-Anthem Defendants deny all allegations in

3    the Paragraph on the grounds that the referenced contract documents speaks for themselves.

4        277.  The Non-Anthem Defendants deny the allegations in Paragraph 277.

5        278.  In response to Paragraph 278, the Non-Anthem Defendants admit that some

6    individuals are covered by plans or insurance policies that are purchased or established by a group

7    and are subject to ERISA.  The Non-Anthem Defendants deny the allegations relating to the

8    terms of these plans and any contract documents related thereto on the grounds that they speak for

9    themselves.  No response is required to the sixth sentence in Paragraph 278 because it alleges

10   only legal conclusions and arguments.  To the extent a response is required, the Non-Anthem

11   Defendants deny the allegations.

12       279.  In response to Paragraph 279, the Non-Anthem Defendants deny the allegations

13   related to Exhibits 14-27 because these Exhibits speak for themselves.  The Non-Anthem

14   Defendants deny the remaining allegations in Paragraph 279.

15                          **Non-Anthem Defendant BCBS of Alabama**

16       280.  In response to Paragraph 280, Defendant Blue Cross Blue Shield of Alabama admits

17   that its records indicate that Plaintiff Connie McDaniel was enrolled in a group-sponsored health

18   plan until up until to January 1, 2015 for which Blue Cross and Blue Shield of Alabama provided

19   third party claims administration services.  Defendant Blue Cross Blue Shield of Alabama denies

20   the allegations in Paragraph 280 regarding the policy documents in Exhibit 16 on the grounds that

21   Exhibit 16 speaks for itself.  Defendant Blue Cross Blue Shield of Alabama denies the remaining

22   allegations in Paragraph 280.  The allegations in Paragraph 280 do not concern the other Non-

23   Anthem Defendants, so no response is required.  To the extent a response is required, the other

24   Non-Anthem Defendants lack sufficient knowledge or information to form a belief regarding the

25   truth of those allegations and, on that basis, deny them.

26           **Non-Anthem Defendant USAable Mutual Insurance (d/b/a Arkansas BCBS)**

27       281.  In response to Paragraph 281, Defendant Arkansas Blue Cross Blue Shield denies

28   the allegations in Paragraph 281 regarding the policy documents in Exhibit 17 on the grounds that

Exhibit 17 speaks for itself.  Defendant Arkansas Blue Cross Blue Shield denies the remaining allegations in Paragraph 281.   The allegations in Paragraph 281 do not concern the other Non-Anthem Defendants, so no response is required.  To the extent a response is required, the other Non-Anthem Defendants lack sufficient knowledge or information to form a belief regarding the truth of those allegations and, on that basis, deny them.

**Non-Anthem Defendant California Physicians Service (d/b/a Blue Shield of California)**

282.  In response to Paragraph 282, Defendant Blue Shield of California admits that its records indicate that Plaintiff Lillian Brisko was enrolled in a California Physicians Service d/b/a Blue Shield of California health plan.  Defendant Blue Shield of California denies the allegations in Paragraph 282 regarding the policy documents in Exhibit 15 on the grounds that Exhibit 15 speaks for itself.  Defendant Blue Shield of California denies the remaining allegations in Paragraph 282.  The allegations in Paragraph 282 do not concern the other Non-Anthem Defendants, so no response is required.  To the extent a response is required, the other Non-Anthem Defendants lack sufficient knowledge or information to form a belief regarding the truth of those allegations and, on that basis, deny them.

**Non-Anthem Defendant BCBS of Florida**

283.  In response to Paragraph 283, Defendant BCBS of Florida admits that its records indicate that Plaintiff Charles Platt was enrolled in a Blue Cross and Blue Shield of Florida, Inc. health plan.  Defendant BCBS of Florida denies the allegations in Paragraph 283 regarding the policy documents in Exhibit 18 on the grounds that Exhibit 18 speaks for itself.  Defendant BCBS of Florida denies the remaining allegations in Paragraph 283. The allegations in Paragraph 283 do not concern the other Non-Anthem Defendants, so no response is required.  To the extent a response is required, the other Non-Anthem Defendants lack sufficient knowledge or information to form a belief regarding the truth of those allegations and, on that basis, deny them.

HOGAN LOVELLS US LLP
ATTORNEYS AT LAW

**Non-Anthem Defendant Health Care Service Corporation d/b/a BCBS of Illinois and d/b/a BCBS of Texas**

284.  In response to Paragraph 284, the Non-Anthem Defendants are without sufficient knowledge or information to form a belief regarding the truth of the allegations in this Paragraph and, on that basis, deny them.

285.  In response to Paragraph 285, the Non-Anthem Defendants are without sufficient knowledge or information to form a belief regarding the truth of the allegations in this Paragraph and, on that basis, deny them.

**Non-Anthem Defendant CareFirst of Maryland (d/b/a Carefirst BCBS)**

286.  In response to Paragraph 286, Defendant CareFirst of Maryland denies that its records indicate that Plaintiff West was enrolled in a CareFirst Maryland health plan.  Defendant CareFirst of Maryland admits that its records indicate that Plaintiff Don West was enrolled in a CareFirst Blue Choice, Inc. health plan.  Defendant CareFirst of Maryland denies the allegations in Paragraph 286 regarding the policy documents in Exhibit 20 on the grounds that Exhibit 20 speaks for itself.  Defendant CareFirst of Maryland denies the remaining allegations in Paragraph 286.  The allegations in Paragraph 286 do not concern the other Non-Anthem Defendants, so no response is required.  To the extent a response is required, the other Non-Anthem Defendants lack sufficient knowledge or information to form a belief regarding the truth of those allegations and, on that basis, deny them.

**Non-Anthem Defendant BCBS of Massachusetts**

287.  In response to Paragraph 287, Defendant Blue Cross and Blue Shield of Massachusetts admits that its records indicate that Plaintiff Carrie Ramos was enrolled in a Blue Cross and Blue Shield of Massachusetts, Inc. health plan.  Defendant Blue Cross and Blue Shield of Massachusetts denies the allegations in Paragraph 287 regarding the policy documents in Exhibit 21 on the grounds that Exhibit 21 speaks for itself.  Defendant Blue Cross and Blue Shield of Massachusetts denies the remaining allegations in Paragraph 287.  The allegations in Paragraph 287 do not concern the other Non-Anthem Defendants, so no response is required.  To

Hogan Lovells US LLP
Attorneys At Law

NON- ANTHEM DEFENDANTS' ANSWER TO FOURTH CONSOLIDATED AMENDED COMPLAINT
Case No. 15-MD-02617-LHK

the extent a response is required, the other Non-Anthem Defendants lack sufficient knowledge or information to form a belief regarding the truth of those allegations and, on that basis, deny them.

**Non-Anthem Defendant BCBS of Michigan**

288.  In response to Paragraph 288, Defendant BCBS of Michigan admits that its records indicate that Plaintiff Michelle Kaseta-Collins was enrolled in a Blue Cross and Blue Shield of Michigan health plan.  Defendant BCBS of Michigan denies the allegations in Paragraph 288 regarding the policy documents in Exhibit 22 on the grounds that Exhibit 22 speaks for itself. Defendant BCBS of Michigan denies the remaining allegations in Paragraph 288.  The allegations in Paragraph 288 do not concern the other Non-Anthem Defendants, so no response is required. To the extent a response is required, the other Non-Anthem Defendants lack sufficient knowledge or information to form a belief regarding the truth of those allegations and, on that basis, deny them.

**Non-Anthem Defendant BCBS of Minnesota**

289.  In response to Paragraph 289, Defendant BCBS of Minnesota admits that its records indicate that Plaintiff Lauren Roberts was enrolled in a health plan sponsored by her employer (Travelers) for which BCBSM, Inc. provides third party claims administration services. Defendant BCBS of Minnesota denies the allegations in Paragraph 289 regarding the policy documents in Exhibit 23 on the grounds that Exhibit 23 speaks for itself.  Defendant BCBS of Minnesota denies the remaining allegations in Paragraph 289 and denies the allegations in footnote 6. The allegations in Paragraph 289 do not concern the other Non-Anthem Defendants, so no response is required.  To the extent a response is required, the other Non-Anthem Defendants lack sufficient knowledge or information to form a belief regarding the truth of those allegations and, on that basis, deny them.

**Non-Anthem Defendant Horizon BCBSNJ**

290.  In response to Paragraph 290, Defendant Horizon BCBSNJ admits that its records indicate that plaintiff Elizabeth Ames was enrolled in a Healthcare Services, Inc. d/b/a Horizon Blue Cross and Blue Shield of New Jersey health plan. Defendant Horizon BCBSNJ denies the allegations in Paragraph 290 regarding the policy documents in Exhibit 14 on the grounds that

1    Exhibit 14 speaks for itself.  Defendant Horizon BCBSNJ denies the remaining allegations in

2    Paragraph 290. The allegations in Paragraph 290 do not concern the other Non-Anthem

3    Defendants, so no response is required.  To the extent a response is required, the other Non-

4    Anthem Defendants lack sufficient knowledge or information to form a belief regarding the truth

5    of those allegations and, on that basis, deny them.

6                    **Non-Anthem Defendant BCBS of North Carolina**

7            291.  In response to Paragraph 291, Defendant BCBS of North Carolina admits that

8    Plaintiff Frank Nicosia was enrolled in a Defendant Blue Cross and Blue Shield of North

9    Carolina, Inc. health plan.  Defendant BCBS of North Carolina denies the allegations in

10   Paragraph 291 regarding the policy documents in Exhibit 24 on the grounds that Exhibit 24

11   speaks for itself.  Defendant BCBS of North Carolina denies the remaining allegations in

12   Paragraph 291. The allegations in Paragraph 291 do not concern the other Non-Anthem

13   Defendants, so no response is required.  To the extent a response is required, the other Non-

14   Anthem Defendants lack sufficient knowledge or information to form a belief regarding the truth

15   of those allegations and, on that basis, deny them.

16               **Non-Anthem Defendant Highmark Inc. (d/b/a Highmark Blue Shield**
                     **and d/b/a Highmark Blue Cross Blue Shield)**
17

18           292.  In response to Paragraph 292, Defendant Highmark Inc. admits that its records

19   indicate that Plaintiff Denise Masloski was enrolled in a group-sponsored health plan for which

20   Highmark Inc. d/b/a Highmark Blue Shield and d/b/a Highmark Blue Cross Blue Shield provided

21   third party claims administration services.  Defendant Highmark Inc. denies the allegations in

22   Paragraph 292 regarding the policy documents in Exhibit 25 on the grounds that Exhibit 25

23   speaks for itself. Defendant Highmark Inc. denies the remaining allegations in Paragraph 292 and

24   denies the allegations in footnote 7.   The allegations in Paragraph 292 do not concern the other

25   Non-Anthem Defendants, so no response is required.  To the extent a response is required, the

26   other Non-Anthem Defendants lack sufficient knowledge or information to form a belief

27   regarding the truth of those allegations and, on that basis, deny them.

28

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW

- 37 -

NON- ANTHEM DEFENDANTS' ANSWER TO
FOURTH CONSOLIDATED AMENDED COMPLAINT
Case No. 15-MD-02617-LHK

**Non-Anthem Defendant BCBS of Vermont**

293.  In response to Paragraph 293, Defendant BCBS of Vermont admits that its records indicate that Plaintiff Jessica Holguin was enrolled in a Blue Cross and Blue Shield of Vermont health plan.  Defendant BCBS of Vermont denies the allegations in Paragraph 293 regarding the policy documents in Exhibit 27 on the grounds that Exhibit 27 speaks for itself.  Defendant BCBS of Vermont denies the remaining allegations in Paragraph 293. The allegations in Paragraph 293 do not concern the other Non-Anthem Defendants, so no response is required.  To the extent a response is required, the other Non-Anthem Defendants lack sufficient knowledge or information to form a belief regarding the truth of those allegations and, on that basis, deny them.

**3.     Blue Cross Blue Shield Association and the Federal Contract**

294.  The Non-Anthem Defendants deny the allegations in Paragraph 294.

295.  No response is required to Paragraph 295 because it alleges only legal conclusions. To the extent a response is required, the Non-Anthem Defendants deny the allegations on the grounds that the Federal Employees Health Benefits Act of 1959 speaks for itself.

296.  In response to Paragraph 296, the Non-Anthem Defendants admit that federal employees are offered the opportunity to obtain health care benefits via the Blue Cross Blue Shield Service Benefit Plan ("Federal BCBSA Plan").

297.  In response to Paragraph 297, the Non-Anthem Defendants are without sufficient knowledge or information to form a belief regarding the truth of the allegations in this Paragraph and, on that basis, deny them.

298.  In response to Paragraph 298, the Non-Anthem Defendants are without sufficient knowledge or information to form a belief regarding the truth of the allegations in this Paragraph and, on that basis, deny them.

299.  In response to Paragraph 299, the Non-Anthem Defendants are without sufficient knowledge or information to form a belief regarding the truth of the allegations in this Paragraph and, on that basis, deny them.

300.  No response is required to Paragraph 300 because it alleges only legal conclusions. To the extent a response is required, the Non-Anthem Defendants are without sufficient

Hogan Lovells US
LLP
Attorneys At Law

knowledge or information to form a belief regarding the truth of the allegations in this Paragraph and, on that basis, deny them.

301.  In response to Paragraph 301, the Non-Anthem Defendants are without sufficient knowledge or information to form a belief regarding the truth of the allegations in this Paragraph and, on that basis, deny them.

302.  The Non-Anthem Defendants deny the allegations in Paragraph 302 regarding the Federal BCBSA Contract on the grounds that the Contract speaks for itself.  No response is required to the remaining allegations in Paragraph 302 because they allege only legal conclusions. To the extent a response is required, the Non-Anthem Defendants are without sufficient knowledge or information to form a belief regarding the truth of those allegations and, on that basis, deny them.

303.  The Non-Anthem Defendants deny the allegations in Paragraph 303 regarding the Federal BCBSA Contract on the grounds that the Contract speaks for itself.  No response is required to the remaining allegations in Paragraph 303 because they allege only legal conclusions. To the extent a response is required, the Non-Anthem Defendants are without sufficient knowledge or information to form a belief regarding the truth of those allegations and, on that basis, deny them.

304.  The Non-Anthem Defendants deny the allegations in Paragraph 304 regarding the FEHB Brochures on the grounds that the Brochures speak for themselves.

305.  The Non-Anthem Defendants deny the allegations in Paragraph 305 regarding the FEHB Brochures on the grounds that the Brochures speak for themselves.

306.  In response to Paragraph 306, the Non-Anthem Defendants deny all allegations on the grounds that the www.fepblue.org website speaks for itself.

307.  The Non-Anthem Defendants deny the allegations in Paragraph 307 on the grounds that the www.fepblue.org website and the FEHB Brochure speak for themselves. In response to the remaining allegations in Paragraph 307, the Non-Anthem Defendants are without sufficient knowledge or information to form a belief regarding the truth of those allegations and, on that basis, deny them.

1

2

**C.      Defendants Had an Obligation to Protect Personal Information under Federal and State Law and the Applicable Standard of Care**

3

4

      308.  No response is required to Paragraph 308 because it alleges only legal conclusions. To the extent a response is required, the Non-Anthem Defendants deny the allegations in Paragraph 308.

5

6

      309.  No response is required to the first sentence in Paragraph 309, including footnote 7, because it alleges only legal conclusions.  To the extent a response is required, the Non-Anthem Defendants deny the allegations in the first sentence on the grounds that the statute speaks for itself.  In response to all other allegations in Paragraph 309, including those in footnote 8, the Non-Anthem Defendants deny those allegations.

7

8

9

10

      310.  No response is required to Paragraph 310, including footnote 9, because it alleges only legal conclusions.  To the extent a response is required, the Non-Anthem Defendants deny the allegations on the grounds that the statute speaks for itself.

11

12

13

      311.  No response is required to Paragraph 311, including footnote 10, because it alleges only legal conclusions.  To the extent a response is required, the Non-Anthem Defendants deny the allegations on the grounds that the statute speaks for itself.

14

15

16

      312.  No response is required to Paragraph 312 because it alleges only legal conclusions. To the extent a response is required, the Non-Anthem Defendants deny the allegations on the grounds that the statute speaks for itself.

17

18

19

      313.  No response is required to Paragraph 313 because it alleges only legal conclusions. To the extent a response is required, the Non-Anthem Defendants deny the allegations on the grounds that the statute speaks for itself.

20

21

22

      314.  No response is required to Paragraph 314, including footnote 11, because it alleges only legal conclusions.  To the extent a response is required, the Non-Anthem Defendants deny the allegations on the grounds that the statute speaks for itself.

23

24

25

      315.  No response is required to Paragraph 315 because it alleges only legal conclusions. To the extent a response is required, the Non-Anthem Defendants deny the allegations in Paragraph 315.

26

27

28

Hogan Lovells US LLP
Attorneys At Law

NON- ANTHEM DEFENDANTS' ANSWER TO FOURTH CONSOLIDATED AMENDED COMPLAINT
Case No. 15-MD-02617-LHK

316. to 323.  No response is required to Paragraphs 316 to 323 because they allege only legal conclusions and arguments.  To the extent a response is required, the Non-Anthem Defendants deny the allegations in these Paragraphs.

**D.     Defendants Were On Notice of Cyber Attack Threats, and the Inadequacy of Their Data Security**

324.  No response is required to Paragraph 324 because it alleges only legal conclusions and arguments.  To the extent a response is required to the allegations in Paragraph 324, the Non-Anthem Defendants deny them.

325. to 329. The allegations in Paragraphs 325 to 329, including the footnotes contained within, do not concern the Non-Anthem Defendants, so no response is required.   To the extent a response is required, the Non-Anthem Defendants are without sufficient knowledge or information to form a belief regarding the truth of those allegations and, on that basis, deny them.

330.  In response to the first sentence of Paragraph 330, the Non-Anthem Defendants are generally aware that healthcare companies are at risk for cyberattacks.  In response to the second sentence of Paragraph 330, the Non-Anthem Defendants are without sufficient knowledge or information to form a belief regarding the truth of the allegations in this Paragraph and on that basis, deny them.

331.  In response to Paragraph 331, the Non-Anthem Defendants deny allegations regarding an FBI statement, if any, on the grounds that it speaks for itself.  The Non-Anthem Defendants deny the remaining allegations in Paragraph 331, including the allegations in footnote 15.

332.  In response to Paragraph 332, the Non-Anthem Defendants deny allegations regarding a statement by DHHS, if any, on the grounds that it speaks for itself.  The Non-Anthem Defendants deny the remaining allegations in Paragraph 332.

333.   In response to Paragraph 333, the Non-Anthem Defendants are generally aware that healthcare companies are at risk for cyberattacks and deny the remaining allegations.

Hogan Lovells US
LLP
Attorneys At Law

NON- ANTHEM DEFENDANTS' ANSWER TO
FOURTH CONSOLIDATED AMENDED COMPLAINT
Case No. 15-MD-02617-LHK

**E.      Anthem Allowed a Massive Data Breach**

334.  In response to Paragraph 334, the Non-Anthem Defendants admit that on February 4, 2015, Anthem announced that it had been the victim of a criminal cyberattack.  The Non-Anthem Defendants further deny any allegations regarding www.anthemfacts.com, which is referenced in footnote 16 of this Paragraph, on the grounds that the website and its contents speak for itself.  The Non-Anthem Defendants are without sufficient knowledge or information to form a belief regarding the truth of the remaining allegations in this Paragraph and on that basis, deny them.

335.  to 370. The allegations in Paragraphs 335 to 370 do not concern the Non-Anthem Defendants, so no response is required.   To the extent a response is required, the Non-Anthem Defendants are without sufficient knowledge or information to form a belief regarding the truth of those allegations and, on that basis, deny them.

**F.      Anthem's Data Breach Was a Direct Result of Anthem's Inadequate Data Security.**

371.    No response is required to Paragraph 371 because it alleges only legal conclusions and arguments.  To the extent a response is required to these allegations, the Non-Anthem Defendants deny them.

372.  No response is required to Paragraph 372 because it alleges only legal conclusions and arguments.  To the extent a response is required to these allegations, the Non-Anthem Defendants deny them.

373.  The allegations in Paragraph 373 do not concern the Non-Anthem Defendants, so no response is required.   To the extent a response is required, the Non-Anthem Defendants are without sufficient knowledge or information to form a belief regarding the truth of those allegations and, on that basis, deny them.

374.  No response is required to Paragraph 374 because it alleges only legal conclusion and arguments.  To the extent a response is required to these allegations, the Non-Anthem Defendants deny them.

Hogan Lovells US LLP
Attorneys At Law

NON- ANTHEM DEFENDANTS' ANSWER TO FOURTH CONSOLIDATED AMENDED COMPLAINT
Case No. 15-MD-02617-LHK

375. to 380.  With regard to the allegations in Paragraphs 375 to 380, including the allegations in footnote 19, no response is required because these Paragraphs allege only legal conclusions and arguments.  To the extent a response is required to the allegations contained in these Paragraphs, the Non-Anthem Defendants deny them.  Specifically, with regard to Paragraph 378(c) through (e), the Non-Anthem Defendants are without sufficient knowledge or information to form a belief regarding the truth of those allegations and, on that basis, deny them.

381. to 382. The allegations in Paragraphs 381 to 382 do not concern the Non-Anthem Defendants, so no response is required.  To the extent a response is required, the Non-Anthem Defendants are without sufficient knowledge or information to form a belief regarding the truth of those allegations and, on that basis, deny them.

## G.    Defendants Breached Their Contracts To Protect Personal Information

### 1.    Anthem's Breach of Specific Contract Promises

383. to 398.  The allegations in Paragraphs 383 to 398 do not concern the Non-Anthem Defendants, so no response is required.   To the extent a response is required, the Non-Anthem Defendants are without sufficient knowledge or information to form a belief regarding the truth of those allegations and, on that basis, deny them.

### 2.    The Non-Anthem BCBS Defendants' Breach of Their Specific Contract Promises

399. No response is required to Paragraph 399 because it alleges only legal conclusions and arguments.  To the extent a response is required, the Non-Anthem Defendants deny the allegations in Paragraph 399.

400.   In response to Paragraphs 400, the Non-Anthem Defendants admit that the Anthem Defendants maintain certain information regarding certain current and former Non-Anthem members who are enrolled in policies or plans issued or administered by the Non-Anthem Defendants who received services in geographic areas for which the Anthem Defendants are Blue Cross and/or Blue Shield licensees.  The Non-Anthem Defendants deny the remaining allegations in Paragraph 400.

401.  No response is required to Paragraph 401 because it alleges only legal conclusions and arguments.  To the extent a response is required, the Non-Anthem Defendants deny the allegations in Paragraph 401.

402.  No response is required to Paragraph 402 because it alleges only legal conclusions and arguments.  To the extent a response is required, the Non-Anthem Defendants deny the allegations in Paragraph 402.

**3.    BCBSA and Anthem and Non-Anthem Defendants' Breach of the Federal Contract**

403.  No response is required to Paragraph 403 because it alleges only legal conclusions and arguments.  To the extent a response is required, the Non-Anthem Defendants are without sufficient knowledge or information to form a belief regarding the truth of the allegations in these Paragraphs and, on that basis, deny them.

404.  In response to Paragraph 404, the Non-Anthem Defendants lack sufficient knowledge or information to form a belief regarding the truth of these allegations and, on that basis, deny them.

405.  No response is required to Paragraph 405 because it alleges only legal conclusions and arguments.  To the extent a response is required, the Non-Anthem Defendants deny the allegations in Paragraph 405.

**H.    Affected Individuals Were Grievously Harmed By the Anthem Data Breach**

406.  The Non-Anthem Defendants deny the allegations in Paragraph 406, including footnotes 22 and 23, on the grounds that the FTC's definitions of the referenced terms speak for themselves.

407.  The Non- Defendants deny the allegations in Paragraph 407, including footnote 25.

408.  In response to Paragraph 408, the Non-Anthem Defendants deny that the criminal cyberattack on Anthem caused any Non-Anthem Plaintiff or Affected Individual injury.  The Non-Anthem Defendants deny the remaining allegations in Paragraph 408.

409.  The Non-Anthem Defendants deny the allegations in Paragraph 409.

410.  In response to Paragraph 410, including footnotes 25 and 26, the Non-Anthem Defendants deny the allegations on the grounds that the Experian study, if any, speaks for itself.

411.  In response to Paragraph 411, the Non-Anthem Defendants deny that the criminal cyberattack on Anthem caused any Non-Anthem Plaintiff or Affected Individual injury.  The Non-Anthem Defendants deny the remaining allegations in Paragraph 411.

412.  No response is required to Paragraph 412 as it alleges only legal conclusions and arguments.  To the extent a response is required, the Non-Anthem Defendants deny the allegations in Paragraph 412.

413.  to 414.  The allegations in Paragraphs 413 to 414, including footnote 27, do not concern the Non-Anthem Defendants, so no response is required.   To the extent a response is required, the Non-Anthem Defendants are without sufficient knowledge or information to form a belief regarding the truth of those allegations and, on that basis, deny them.

## CLASS ALLEGATIONS

415. to 425.  No response is required to Paragraphs 415 to 425 because they only contain legal conclusions and arguments.  To the extent a response is required to the allegations in these Paragraphs, the Non-Anthem Defendants deny them.  In addition, in accordance with the Court's Order(s) Granting in Part and Denying in Part Non-Anthem Defendants' Motion(s) to Dismiss [*see* Dkt. No. 468 (February 14, 2016,) and Dkt. No. 524 (May 27, 2016)], the Non-Anthem Defendants are not required to respond to the allegations in these Paragraphs regarding claims, theories, or facts that have been dismissed, mooted, or otherwise rendered immaterial by the Court's Orders.  To the extent Paragraphs 415 to 425 contain allegations requiring a response, the Non-Anthem Defendants deny them, and specifically deny that the FAC alleges any class or subclass properly certifiable under Federal Rule of Civil Procedure 23.

426.  The Non-Anthem Defendants are without sufficient knowledge or information to respond to the allegations in Paragraph 426 and, on that basis, deny them.

427.  to 432.  No response is required to Paragraphs 427 to 432 because they only contain legal conclusions and arguments. To the extent a response is required to the allegations contained in these Paragraphs, the Non-Anthem Defendants deny them.  In addition, in accordance with the

Hogan Lovells US LLP
Attorneys At Law

NON- ANTHEM DEFENDANTS' ANSWER TO FOURTH CONSOLIDATED AMENDED COMPLAINT
Case No. 15-MD-02617-LHK

1   Court's Order(s) Granting in Part and Denying in Part Non-Anthem Defendants' Motion(s) to

2   Dismiss [*see* Dkt. No. 468 (February 14, 2016,) and Dkt. No. 524 (May 27, 2016)], the Non-

3   Anthem Defendants are not required to respond to the allegations in these Paragraphs regarding

4   claims, theories, or facts that have been dismissed, mooted, or otherwise rendered immaterial by

5   the Court's Orders.  To the extent Paragraphs 427 to 432 contain allegations requiring a response,

6   the Non-Anthem Defendants deny them, and specifically deny that the FAC alleges any class or

7   subclass properly certifiable under Federal Rule of Civil Procedure 23.

8                                    **CAUSES OF ACTION**

9                                 **COUNT I – NEGLIGENCE**
   **BROUGHT BY THE 53 STATEWIDE CLASSES AGAINST ALL DEFENDANTS**
10                              **EXCEPT FOR BCBSA**

11          433.  In response to Paragraph 433, the Non-Anthem Defendants state that pursuant to

12  Dkt. Nos. 326, 366, no response is required because the allegations in this Paragraph relate to a

13  claim that is not a Selected Claim, with the exception of the allegations asserted on behalf of the

14  Indiana statewide class.  To the extent a response is required, the Non-Anthem Defendants

15  incorporate and reassert their responses to each of the preceding numbered paragraphs as if fully

16  set forth herein.

17          434.  to 442.  In response to Paragraphs 434 to 442,  the Non-Anthem Defendants state

18  that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these

19  Paragraphs relate to a claim that is not a Selected Claim, with the exception of the allegations

20  asserted on behalf of the Indiana statewide class.  The Non-Anthem Defendants also state that no

21  response is required to Paragraphs 434 to 442 because they allege only legal conclusions and

22  arguments.  To the extent a response is required to the allegations in these Paragraphs, the Non-

23  Anthem Defendants deny them.

24                           **COUNT II – NEGLIGENCE PER SE**
   **BROUGHT BY THE 53 STATEWIDE CLASSES AGAINST ALL DEFENDANTS**
25                              **EXCEPT FOR BCBSA**

26          443.  In response to Paragraph 443, the Non-Anthem Defendants state that pursuant to

27  Dkt. Nos. 326, 366, no response is required because the allegations in this Paragraph relate to a

28  claim that is not a Selected Claim.  To the extent a response is required, the Non-Anthem

1   Defendants incorporate and reassert their responses to each of the preceding numbered

2   paragraphs as if fully set forth herein.

3          444. to 452.  In response to Paragraphs 444 to 452, the Non-Anthem Defendants state that

4   pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these

5   Paragraphs relate to a claim that is not a Selected Claim.  The Non-Anthem Defendants also state

6   that no response is required to Paragraphs 444 to 452 because they allege only legal conclusions

7   and arguments.  To the extent a response is required to the allegations in these Paragraphs, the

8   Non-Anthem Defendants deny them.

9                    **COUNT III – BREACH OF CONTRACT (ANTHEM DEFENDANTS)**

10          453.  In response to Paragraph 453, the Non-Anthem Defendants state that pursuant to

11   Dkt. Nos. 326, 366, no response is required because the allegations in this Paragraph relate to a

12   claim that is not a Selected Claim, with the exception of the allegations asserted on behalf of the

13   California statewide class and the New Jersey statewide class.  To the extent a response is

14   required, the Non-Anthem Defendants incorporate and reassert their responses to each of the

15   preceding numbered paragraphs as if fully set forth herein.

16          454. to 468.  In response to Paragraphs 454 to 468, the Non-Anthem Defendants state that

17   pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these

18   Paragraphs relate to a claim that is not a Selected Claim, with the exception of the allegations

19   asserted on behalf of the California statewide class and the New Jersey statewide class.  The Non-

20   Anthem Defendants also state that no response is required to the allegations in Paragraphs 454 to

21   468 because they do not concern the Non-Anthem Defendants.  To the extent a response is

22   required, the Non-Anthem Defendants are without sufficient knowledge or information to form a

23   belief regarding the truth of those allegations and, on that basis, deny them.

24                 **COUNT IV – BREACH OF CONTRACT (NON-ANTHEM DEFENDANTS)**

25          469.  In response to Paragraph 469, the Non-Anthem Defendants state that pursuant to

26   Dkt. Nos. 326, 366, no response is required because the allegations in this Paragraph relate to a

27   claim that is not a Selected Claim, with the exception of the allegations asserted on behalf of the

28   California statewide class and the New Jersey statewide class.  To the extent a response is

required, the Non-Anthem Defendants incorporate and reassert their responses to each of the preceding numbered paragraphs as if fully set forth herein.

470. to 484.  In response to Paragraphs 470 to 484, the Non-Anthem Defendants state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim, with the exception of the allegations asserted on behalf of the California statewide class and the New Jersey statewide class.  The Non-Anthem Defendants also state that no response is required to Paragraphs 470 to 484 because they allege only legal conclusions and arguments.  To the extent a response is required to the allegations contained in these Paragraphs, the Non-Anthem Defendants deny them.

## COUNT V – BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

### A.    Anthem Defendants

485.  In response to Paragraph 485, the Non-Anthem Defendants state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in this Paragraph relate to a claim that is not a Selected Claim.  To the extent a response is required, the Non-Anthem Defendants incorporate and reassert their responses to each of the preceding numbered paragraphs as if fully set forth herein.

486. to 494.  In response to Paragraphs 486 to 494, the Non-Anthem Defendants state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim.  The Non-Anthem Defendants also state that no response is required to Paragraphs 486 to 494 because the allegations contained therein do not concern the Non-Anthem Defendants.  To the extent a response is required, the Non-Anthem Defendants are without sufficient knowledge or information to form a belief regarding the truth of those allegations and, on that basis, deny them.

### B.    Non-Anthem Defendants

495.  In response to Paragraph 495, the Non-Anthem Defendants state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in this Paragraph relate to a claim that is not a Selected Claim.  To the extent a response is required, the Non-Anthem

HOGAN LOVELLS US LLP
ATTORNEYS AT LAW

NON- ANTHEM DEFENDANTS' ANSWER TO FOURTH CONSOLIDATED AMENDED COMPLAINT
Case No. 15-MD-02617-LHK

1  Defendants incorporate and reassert their responses to each of the preceding numbered

2  paragraphs as if fully set forth herein.

3        496. to 504.  In response to Paragraphs 496 to 504, the Non-Anthem Defendants state that

4  pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these

5  Paragraphs relate to a claim that is not a Selected Claim.  The Non-Anthem Defendants also state

6  that no response is required to Paragraphs 496 to 504 because they allege only legal conclusions

7  and arguments.  To the extent a response is required to the allegations contained in these

8  Paragraphs, the Non-Anthem Defendants deny them.

9  10
## COUNT VI – THIRD PARTY BENEFICIARY CLAIM FOR BREACH OF CONTRACT UNDER FEDERAL LAW

11        505.   In response to Paragraph 505, the Non-Anthem Defendants incorporate and reassert

12  their responses to each of the preceding numbered paragraphs as if fully set forth herein.

13        506. to 507.  No response is required to Paragraphs 506 to 507 because they contain only

14  legal conclusions and arguments, and the Non-Anthem Defendants are without sufficient

15  knowledge or information to form a belief regarding the allegations in these Paragraphs.  To the

16  extent a response is required to the allegations contained in these Paragraphs, the Non-Anthem

17  Defendants deny them.

18        508. The Non-Anthem Defendants are without sufficient knowledge or information to

19  form a belief regarding the truth of the allegations in Paragraph 508 and, on that basis, deny

20  them.

21        509.  No response is required to Paragraph 509 because it contains only legal conclusions

22  and arguments.  To the extent a response is required to the allegations contained in this

23  Paragraph, the Non-Anthem Defendants deny them.

24        510.  The Non-Anthem Defendants are without sufficient knowledge or information to

25  form a belief regarding the truth of the allegations in Paragraph 510 and, on that basis, deny them.

26        511. to 512.  No response is required to Paragraphs 511 to 512 because they contain only

27  legal conclusions and arguments.  To the extent a response is required to the allegations contained

28  in these Paragraphs, the Non-Anthem Defendants deny them.

513. The Non-Anthem Defendants are without sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 513 and, on that basis, deny them.

514. to 521. No response is required to Paragraphs 514 to 521 because they contain only legal conclusions and arguments. To the extent a response is required to the allegations contained in these Paragraphs, the Non-Anthem Defendants deny them.

## COUNT VII – NEGLIGENT MISREPRESENTATION

522. In response to Paragraph 522, the Non-Anthem Defendants state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in this Paragraph relate to a claim that is not a Selected Claim. To the extent a response is required, the  Non-Anthem Defendants incorporate and reassert their responses to each of the preceding numbered paragraphs as if fully set forth herein.

523. to 528. In response to Paragraphs 523 to 528, the Non-Anthem Defendants state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim. The Non-Anthem Defendants also state that no response is required to Paragraphs 523 to 528 because they contain only legal conclusions and arguments. To the extent a response is required to the allegations contained in these Paragraphs, the Non-Anthem Defendants deny them.

## COUNT VIII – UNJUST ENRICHMENT

529. In response to Paragraph 529, the Non-Anthem Defendants state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in this Paragraph relate to a claim that is not a Selected Claim, with the exception of the allegations asserted on behalf of the New York statewide class. To the extent a response is required, the Non-Anthem Defendants incorporate and reassert their responses to each of the preceding numbered paragraphs as if fully set forth herein.

530. In response to Paragraph 530, the Non-Anthem Defendants state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in this Paragraph relate to a claim that is not a Selected Claim, with the exception of the allegations asserted on behalf of the

- 50 -

1    New York statewide class.  The Non-Anthem Defendants also state that no response is required to

2    Paragraph 530 because it contains only argument.  To the extent a response is required to the

3    allegation in this paragraph, the Non-Anthem Defendants deny it.

4         531.  In response to Paragraph 531, the Non-Anthem Defendants state that pursuant to

5    Dkt. Nos. 326, 366, no response is required because the allegations in this Paragraph relate to a

6    claim that is not a Selected Claim, with the exception of the allegations asserted on behalf of the

7    New York statewide class.  To the extent a response is required, the Non-Anthem Defendants

8    admit that they generally receive monetary benefits in connection with contracts pursuant to

9    which they provide insurance or administrative services.  The Non-Anthem Defendants also

10   admit that they retained information about certain individuals in their information systems.  No

11   response is required to the remaining allegations in Paragraph 531 because they contain only legal

12   conclusions and arguments, and to the extent a response is required, the Non-Anthem Defendants

13   deny them.

14        532.  In response to Paragraph 532, the Non-Anthem Defendants state that pursuant to

15   Dkt. Nos. 326, 366, no response is required because the allegations in this Paragraph relate to a

16   claim that is not a Selected Claim, with the exception of the allegations asserted on behalf of the

17   New York statewide class.  To the extent a response is required, the Non-Anthem Defendants

18   admit that they generally receive monetary benefits in connection with contracts pursuant to

19   which they provide insurance or administrative services and are aware of such benefits.  No

20   response is required to the remaining allegations in Paragraph 532 because they contain only legal

21   conclusions, and to the extent a response is required, the Non-Anthem Defendants deny them.

22        533.  to 537.  In response to Paragraphs 533 to 537, the Non-Anthem Defendants state that

23   pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these

24   Paragraphs relate to a claim that is not a Selected Claim, with the exception of the allegations

25   asserted on behalf of the New York statewide class.  The Non-Anthem Defendants also state that

26   no response is required to Paragraphs 533 to 537 because they contain only legal conclusions and

27   arguments.  To the extent a response is required to the allegations in these paragraphs, the Non-

28   Anthem Defendants deny them.

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW

- 51 -

NON- ANTHEM DEFENDANTS' ANSWER TO
FOURTH CONSOLIDATED AMENDED COMPLAINT
Case No. 15-MD-02617-LHK

## COUNT IX – STATE CONSUMER PROTECTION LAWS

### Arizona
### ARIZONA CONSUMER FRAUD ACT
### A.R.S. § 44-1521, *et seq.*

538.  In response to Paragraph 538, the Non-Anthem Defendants state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in this Paragraph relate to a claim that is not a Selected Claim.  To the extent a response is required, the Non-Anthem Defendants incorporate and reassert their responses to each of the preceding numbered paragraphs as if fully set forth herein.

539.  to 543.  In response to Paragraphs 539 to 543, the Non-Anthem Defendants state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim.  The Non-Anthem Defendants also state that no response is required to Paragraphs 539 to 543 because they allege only legal conclusions and arguments.  To the extent a response is required to the allegations contained in these Paragraphs, the Non-Anthem Defendants deny them.

### California
### CALIFORNIA UNFAIR COMPETITION LAW,
### CAL. BUS. & PROF. CODE § 17200, *et seq.*

544.  In response to Paragraph 544, the Non-Anthem Defendants incorporate and reassert their responses to each of the preceding numbered paragraphs as if fully set forth herein.

545.  to 548.  No response is required to Paragraphs 545 to 548, including footnotes 31 and 32, because they contain only legal conclusions and arguments and, pursuant to the Court's Order (D.E. 524), Plaintiffs' California Unfair Competition Law claim has been dismissed as it relates to fraudulent misrepresentation and the California Insurance Information and Privacy Protection Act, the California Confidentiality of Medical Information Act, and Cal. Civ. Code § 1798.82.  To the extent a response is required to the allegations in these paragraphs, the Non-Anthem Defendants deny them.

**Colorado**
**COLORADO CONSUMER PROTECTION ACT,**
**COLO. REV.  STAT.§ 6-1-101, *et seq.***

549.  In response to Paragraph 549, the Non-Anthem Defendants state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in this Paragraph relate to a claim that is not a Selected Claim.  To the extent a response is required, the Non-Anthem Defendants incorporate and reassert their responses to each of the preceding numbered paragraphs as if fully set forth herein.

550.  to 556.   In response to Paragraphs 550 to 556, the Non-Anthem Defendants state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim.  The Non-Anthem Defendants also state that no response is required to Paragraphs 550 to 556 because they contain only legal conclusions and arguments.  To the extent a response is required to the allegations contained in these Paragraphs, the Non-Anthem Defendants deny them.

**Connecticut**
**CONNECTICUT UNFAIR TRADE PRACTICES ACT,**
**C.G.S. § 42-110a *et seq.***

557.  In response to Paragraph 557, the Non-Anthem Defendants state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in this Paragraph relate to a claim that is not a Selected Claim.  To the extent a response is required, the Non-Anthem Defendants incorporate and reassert their responses to each of the preceding numbered paragraphs as if fully set forth herein.

558.  to 563.  In response to Paragraphs 558 to 563, the Non-Anthem Defendants state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim.  The Non-Anthem Defendants also state that no response is required to Paragraphs 558 to 563 because they contain only legal conclusions and arguments.  To the extent a response is required to the allegations in these paragraphs, the Non-Anthem Defendants deny them.

Hogan Lovells US LLP
Attorneys At Law

NON- ANTHEM DEFENDANTS' ANSWER TO
FOURTH CONSOLIDATED AMENDED COMPLAINT
Case No. 15-MD-02617-LHK

1

**District of Columbia**
**DISTRICT OF COLUMBIA CONSUMER PROTECTION PROCEDURES ACT,**

2

**D.C. CODE § 28-3904, *et seq*.**

3

564.  In response to Paragraph 564, the Non-Anthem Defendants state that pursuant to

4

Dkt. Nos. 326, 366, no response is required because the allegations in this Paragraph relate to a

5

claim that is not a Selected Claim.  To the extent a response is required, the Non-Anthem

6

Defendants incorporate and reassert their responses to each of the preceding numbered

7

paragraphs as if fully set forth herein.

8

565.  to 571.  In response to Paragraphs 565 to 571, the Non-Anthem Defendants state that

9

pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these

10

Paragraphs relate to a claim that is not a Selected Claim.  The Non-Anthem Defendants also state

11

that no response is required to Paragraphs 565 to 571 because they contain only legal conclusions

12

and arguments.  To the extent a response is required to the allegations contained in these

13

Paragraphs, the Non-Anthem Defendants deny them.

14

**Hawaii**
**HAWAII UNFAIR PRACTICES AND UNFAIR COMPETITION STATUTE,**

15

**HAW. REV. STAT. § 480-1, *et seq*.**

16

572.  In response to Paragraph 572, the Non-Anthem Defendants state that pursuant to

17

Dkt. Nos. 326, 366, no response is required because the allegations in this Paragraph relate to a

18

claim that is not a Selected Claim.  To the extent a response is required, the Non-Anthem

19

Defendants incorporate and reassert their responses to each of the preceding numbered

20

paragraphs as if fully set forth herein.

21

573.  to 581.  In response to Paragraphs 573 to 581, the Non-Anthem Defendants state that

22

pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these

23

Paragraphs relate to a claim that is not a Selected Claim.  The Non-Anthem Defendants also state

24

that no response is required to Paragraphs 573 to 581 because they contain only legal conclusions

25

and arguments, and the Non-Anthem Defendants are without sufficient knowledge or information

26

to form a belief regarding the allegations in these Paragraphs.  To the extent a response is

27

required to the allegations contained in these Paragraphs, the Non-Anthem Defendants deny

28

them.

Hogan Lovells US
LLP
Attorneys At Law

NON- ANTHEM DEFENDANTS' ANSWER TO
FOURTH CONSOLIDATED AMENDED COMPLAINT
Case No. 15-MD-02617-LHK

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Illinois**
**ILLINOIS CONSUMER FRAUD ACT,**
**815l. COMP. STAT. 505/1, *et seq.***

582.  In response to Paragraph 582, the Non-Anthem Defendants state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in this Paragraph relate to a claim that is not a Selected Claim.  To the extent a response is required, the Non-Anthem Defendants incorporate and reassert their responses to each of the preceding numbered paragraphs as if fully set forth herein.

583.  to 587.  In response to Paragraphs 583 to 587, the Non-Anthem Defendants state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim.  The Non-Anthem Defendants also state that no response is required to Paragraphs 583 to 587 because they contain only legal conclusions and arguments.  To the extent a response is required to the allegations contained in these Paragraphs, the Non-Anthem Defendants deny them.

**ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT,**
**815 Ill. COMP. STAT. § 510/2(a), *et seq.***

588.  In response to Paragraph 588, the Non-Anthem Defendants state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in this Paragraph relate to a claim that is not a Selected Claim.  To the extent a response is required, the Non-Anthem Defendants incorporate and reassert their responses to each of the preceding numbered paragraphs as if fully set forth herein.

589.  to 592.  In response to Paragraphs 589 to 592, the Non-Anthem Defendants state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim.  The Non-Anthem Defendants also state that no response is required to Paragraphs 589 to 592 because they contain only legal conclusions and arguments.   To the extent a response is required to the allegations contained in these Paragraphs, the Non-Anthem Defendants deny them.

Hogan Lovells US LLP
Attorneys At Law

NON- ANTHEM DEFENDANTS' ANSWER TO
FOURTH CONSOLIDATED AMENDED COMPLAINT
Case No. 15-MD-02617-LHK

**Indiana**
**INDIANA DECEPTIVE CONSUMER SALES ACT,**
**IND. CODE § 24-5-0.5.5-3**

593. In response to Paragraph 593, the Non-Anthem Defendants state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in this Paragraph relate to a claim that is not a Selected Claim.  To the extent a response is required, the Non-Anthem Defendants incorporate and reassert their responses to each of the preceding numbered paragraphs as if fully set forth herein.

594. to 602.  In response to Paragraphs 594 to 602, the Non-Anthem Defendants state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim.  The Non-Anthem Defendants also state that no response is required to Paragraphs 594 to 602 because they contain only legal conclusions and arguments.  To the extent a response is required to the allegations in these paragraphs, the Non-Anthem Defendants deny them.

**Kentucky**
**KENTUCKY CONSUMER PROTECTION ACT,**
**KY REV. STAT. § 367.110, *et seq.***

603. to 610.  No response is required to Paragraphs 603 to 610 because, pursuant to the Court's Order (Dkt. No. 468), Plaintiffs' claim for relief under the Kentucky Consumer Protection Act has been dismissed; the Non-Anthem Defendants deny the allegations on that basis.

**Maine**
**MAINE UNFAIR TRADE PRACTICES ACT,**
**5 ME. REV. STAT. §205**

611. In response to Paragraph 611, the Non-Anthem Defendants state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in this Paragraph relate to a claim that is not a Selected Claim.  To the extent a response is required, the Non-Anthem Defendants incorporate and reassert their responses to each of the preceding numbered paragraphs as if fully set forth herein.

612. to 613.  In response to Paragraphs 612 to 613, the Non-Anthem Defendants state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these

- 56 -

Paragraphs relate to a claim that is not a Selected Claim.  The Non-Anthem Defendants also state that no response is required to the allegations in Paragraphs 612 to 613 because they contain only legal conclusions and arguments, and the Non-Anthem Defendants are without sufficient knowledge or information to form a belief regarding the allegations in these Paragraphs.  To the extent a response is required to the allegations contained in these Paragraphs, the Non-Anthem Defendants deny them.

614.  to 619.  In response to Paragraphs 614 to 619, the Non-Anthem Defendants state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim.  The Non-Anthem Defendants also state that no response is required to Paragraphs 614 to 619 because they contain only legal conclusions and arguments.  To the extent a response is required to the allegations contained in these Paragraphs, the Non-Anthem Defendants deny them.

**Maine**
**MAINE UNIFORM DECEPTIVE TRADE PRACTICES ACT,**
**10  E. REV. STAT. § 1212, *et seq.***

620.  In response to Paragraph 620, the Non-Anthem Defendants state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in this Paragraph relate to a claim that is not a Selected Claim.  To the extent a response is required, the Non-Anthem Defendants incorporate and reassert their responses to each of the preceding numbered paragraphs as if fully set forth herein.

621.  to 624.  In response to Paragraphs 621 to 624, the Non-Anthem Defendants state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim.  The Non-Anthem Defendants also state that no response is required to Paragraphs 621 to 624 because they contain only legal conclusions and arguments.  To the extent a response is required to the allegations contained in these Paragraphs, the Non-Anthem Defendants deny them.

Hogan Lovells US LLP
Attorneys At Law

NON- ANTHEM DEFENDANTS' ANSWER TO
FOURTH CONSOLIDATED AMENDED COMPLAINT
Case No. 15-MD-02617-LHK

1

2

### Maryland
### MARYLAND CONSUMER PROTECTION ACT,
### MD CODE COMMERCIAL LAW, § 13-301, *et seq.*

3

4

5

6

7

625.   In response to Paragraph 625, the Non-Anthem Defendants state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in this Paragraph relate to a claim that is not a Selected Claim.  To the extent a response is required, the Non-Anthem Defendants incorporate and reassert their responses to each of the preceding numbered paragraphs as if fully set forth herein.

8

9

10

11

12

13

626.   to 634.  In response to Paragraphs 626 to 634, the Non-Anthem Defendants state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim.  The Non-Anthem Defendants also state that no response is required to Paragraphs 626 to 634 because they contain only legal conclusions and arguments.  To the extent a response is required to the allegations in these paragraphs, the Non-Anthem Defendants deny them.

14

15

### Massachusetts
### MASSACHUSETTS CONSUMER PROTECTION ACT,
### MASS. GEN. LAWS ANN. CH. 93A, § 1, *et seq.*

16

17

18

19

20

635.   In response to Paragraph 635, the Non-Anthem Defendants state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in this Paragraph relate to a claim that is not a Selected Claim.  To the extent a response is required, the Non-Anthem Defendants incorporate and reassert their responses to each of the preceding numbered paragraphs as if fully set forth herein.

21

22

23

24

25

636.   In response to Paragraph 636, the Non-Anthem Defendants state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in this Paragraph relate to a claim that is not a Selected Claim.  The Non-Anthem Defendants also state that no response is required to Paragraph 636 because it contains only argument.  To the extent a response is required to the allegation in this paragraph, the Non-Anthem Defendants deny it.

26

27

28

637.   to 640.  In response to Paragraphs 637 to 640, the Non-Anthem Defendants state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim.  To the extent a response is required,

- 58 -

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW

NON- ANTHEM DEFENDANTS' ANSWER TO
FOURTH CONSOLIDATED AMENDED COMPLAINT
Case No. 15-MD-02617-LHK

1   Defendant Blue Cross and Blue Shield of Massachusetts, Inc. admits that Plaintiffs Carrie Ramos,

2   Darrell Hunter, and Lisa Daniels, sent a demand for relief as alleged in Paragraph 638.  Defendant

3   Blue Cross and Blue Shield of Massachusetts, Inc. is without sufficient knowledge or information

4   to form a belief regarding the remaining allegations in Paragraphs 637 to 640, and thus, denies

5   them. The allegations in Paragraphs 637 to 640 do not concern the remaining Non-Anthem

6   Defendants, so no response is required.  To the extent a response is required of the remaining

7   Non-Anthem Defendants, those Defendants are without sufficient knowledge or information to

8   form a belief regarding the remaining allegations in Paragraphs 637 to 640, and thus, they deny

9   them.

10       641. to 646.  In response to Paragraphs 641 to 646, the Non-Anthem Defendants state

11   that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these

12   Paragraphs relate to a claim that is not a Selected Claim.  The Non-Anthem Defendants also state

13   that no response is required to Paragraphs 641 to 646 because they contain only legal

14   conclusions and arguments.  To the extent a response is required to the allegations in these

15   paragraphs, the Non-Anthem Defendants deny them.

16
17

**Minnesota**
**MINNESOTA CONSUMER FRAUD ACT,**
**MINN. STAT. § 325F.68, *et seq*. AND MINN. STAT. §8.31, *et seq*.**

18       647. In response to Paragraph 647, the Non-Anthem Defendants state that pursuant to

19   Dkt. Nos. 326, 366, no response is required because the allegations in this Paragraph relate to a

20   claim that is not a Selected Claim.  To the extent a response is required, the Non-Anthem

21   Defendants incorporate and reassert their responses to each of the preceding numbered

22   paragraphs as if fully set forth herein.

23       648. to 654.  In response to Paragraphs 648 to 654, the Non-Anthem Defendants state that

24   pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these

25   Paragraphs relate to a claim that is not a Selected Claim.   The Non-Anthem Defendants also state

26   that no response is required to Paragraphs 648 to 654 because they contain only legal conclusions

27   and arguments.  To the extent a response is required to the allegations in these paragraphs, the

28   Non-Anthem Defendants deny them.

- 59 -

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW

NON- ANTHEM DEFENDANTS' ANSWER TO
FOURTH CONSOLIDATED AMENDED COMPLAINT
Case No. 15-MD-02617-LHK

**MINNESOTA UNIFORM DECEPTIVE TRADE PRACTICES ACT,**
**MINN. STAT. § 325D.43,** *et seq.*

655.  In response to Paragraph 655, the Non-Anthem Defendants state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in this Paragraph relate to a claim that is not a Selected Claim.  To the extent a response is required, the Non-Anthem Defendants incorporate and reassert their responses to each of the preceding numbered paragraphs as if fully set forth herein.

656.  to 662.  In response to Paragraphs 656 to 662, the Non-Anthem Defendants state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim.  The Non-Anthem Defendants also state that no response is required to Paragraphs 656 to 662 because they contain only legal conclusions and arguments.  To the extent a response is required to the allegations in these paragraphs, the Non-Anthem Defendants deny them.

<u>Missouri</u>
**MISSOURI MERCHANDISING PRACTICES ACT,**
**MO. STAT. § 407.010,** *et seq.*

663.  In response to Paragraph 663, the Non-Anthem Defendants state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in this Paragraph relate to a claim that is not a Selected Claim.  To the extent a response is required, the Non-Anthem Defendants incorporate and reassert their responses to each of the preceding numbered paragraphs as if fully set forth herein.

664.  to 670.  In response to Paragraphs 664 to 670, the Non-Anthem Defendants state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim.  The Non-Anthem Defendants also state that no response is required to Paragraphs 664 to 670 because they contain only legal conclusions and arguments.  To the extent a response is required to the allegations contained in these Paragraphs, the Non-Anthem Defendants deny them.

NON- ANTHEM DEFENDANTS' ANSWER TO
FOURTH CONSOLIDATED AMENDED COMPLAINT
Case No. 15-MD-02617-LHK

**Montana**
**MONTANA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION ACT,**
**MCA § 30-14-101,** *et seq.*

671.  In response to Paragraph 671, the Non-Anthem Defendants state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in this Paragraph relate to a claim that is not a Selected Claim.  To the extent a response is required, the Non-Anthem Defendants incorporate and reassert their responses to each of the preceding numbered paragraphs as if fully set forth herein.

672.  to 679.  In response to Paragraphs 672 to 679, the Non-Anthem Defendants state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim.  The Non-Anthem Defendants also state that no response is required to Paragraphs 672 to 679 because they contain only legal conclusions and arguments.  To the extent a response is required to the allegations contained in these Paragraphs, the Non-Anthem Defendants deny them.

**Nebraska**
**NEBRASKA CONSUMER PROTECTION ACT,**
**NEB. REV. STAT. § 59-1601,** *et seq.*

680.  In response to Paragraph 680, the Non-Anthem Defendants state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in this Paragraph relate to a claim that is not a Selected Claim.  To the extent a response is required the Non-Anthem Defendants incorporate and reassert their responses to each of the preceding numbered paragraphs as if fully set forth herein.

681.  to 687.  In response to Paragraphs 681 to 687, the Non-Anthem Defendants state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim.  The Non-Anthem Defendants also state that no response is required to Paragraphs 681 to 687 because they contain only legal conclusions and arguments.  To the extent a response is required to the allegations contained in these Paragraphs, the Non-Anthem Defendants deny them.

**NEBRASKA UNIFORM DECEPTIVE TRADE PRACTICES ACT,**
**NEB. REV. STAT. § 87-301, *et seq*.**

688.  In response to Paragraph 688, the Non-Anthem Defendants state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in this Paragraph relate to a claim that is not a Selected Claim.   To the extent a response is required, the Non-Anthem Defendants incorporate and reassert their responses to each of the preceding numbered paragraphs as if fully set forth herein.

689.  to 694.  In response to Paragraphs 689 to 694, the Non-Anthem Defendants state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim.  The Non-Anthem Defendants also state that no response is required to Paragraphs 689 to 694 because they contain only legal conclusions and arguments.  To the extent a response is required to the allegations contained in these Paragraphs, the Non-Anthem Defendants deny them.

<u>Nevada</u>
**NEVADA DECEPTIVE TRADE PRACTICES ACT,**
**NEV. REV. STAT. § 598.0915, *et seq*.; NEV. REV. STAT. § 41.600, *et seq*.**

695.  In response to Paragraph 695, the Non-Anthem Defendants state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in this Paragraph relate to a claim that is not a Selected Claim.  To the extent a response is required, the Non-Anthem Defendants incorporate and reassert their responses to each of the preceding numbered paragraphs as if fully set forth herein.

696.  to 701.  In response to Paragraphs 696 to 701, the Non-Anthem Defendants state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim.  The Non-Anthem Defendants also state that no response is required to Paragraphs 696 to 701 because they contain only legal conclusions and arguments.  To the extent a response is required to the allegations contained in these Paragraphs, the Non-Anthem Defendants deny them.

Hogan Lovells US
LLP
Attorneys At Law

NON- ANTHEM DEFENDANTS' ANSWER TO
FOURTH CONSOLIDATED AMENDED COMPLAINT
Case No. 15-MD-02617-LHK

1

2

**New Jersey**
**NEW JERSEY CONSUMER FRAUD ACT,**
**N.J. STAT. ANN. § 56:8-1, *et seq.***

3   702.   In response to Paragraph 702, the Non-Anthem Defendants state that pursuant to

4   Dkt. Nos. 326, 366, no response is required because the allegations in this Paragraph relate to a

5   claim that is not a Selected Claim.  To the extent a response is required, the Non-Anthem

6   Defendants incorporate and reassert their responses to each of the preceding numbered

7   paragraphs as if fully set forth herein.

8   703.  to 709.   In response to Paragraphs 703 to 709, the Non-Anthem Defendants state that

9   pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in this Paragraph

10   relate to a claim that is not a Selected Claim.  The Non-Anthem Defendants also state that no

11   response is required to Paragraphs 703 to 709 because they contain only legal conclusions and

12   arguments.  To the extent a response is required to the allegations in these paragraphs, the Non-

13   Anthem Defendants deny them.

14

15

**New Mexico**
**NEW MEXICO UNFAIR PRACTICES ACT,**
**N.M. STAT. ANN.§ 57-12-1, *et seq.***

16   710.   In response to Paragraph 710, the Non-Anthem Defendants state that pursuant to

17   Dkt. Nos. 326, 366, no response is required because the allegations in this Paragraph relate to a

18   claim that is not a Selected Claim.   To the extent a response is required, the Non-Anthem

19   Defendants incorporate and reassert their responses to each of the preceding numbered

20   paragraphs as if fully set forth herein.

21   711.  to 716.   In response to Paragraphs 711 to 716, the Non-Anthem Defendants state that

22   pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these

23   Paragraphs relate to a claim that is not a Selected Claim.  The Non-Anthem Defendants also state

24   that no response is required to Paragraphs 711 to 716 because they contain only legal conclusions

25   and arguments.  To the extent a response is required to the allegations contained in these

26   Paragraphs, the Non-Anthem Defendants deny them.

27

28

- 63 -

NON- ANTHEM DEFENDANTS' ANSWER TO
FOURTH CONSOLIDATED AMENDED COMPLAINT
Case No. 15-MD-02617-LHK

**New York**
**NEW YORK GENERAL BUSINESS LAW,**
**N.Y. GEN. BUS. LAW § 349,** *et seq.*

717.  In response to Paragraph 717, the Non-Anthem Defendants incorporate and reassert their responses to each of the preceding numbered paragraphs as if fully set forth herein.

718.  to 722.  No response is required to Paragraphs 718 to 722 because they contain only legal conclusions and arguments.   To the extent a response is required to the allegations contained in these Paragraphs, the Non-Anthem Defendants deny them.

**North Carolina**
**NORTH CAROLINA UNFAIR TRADE PRACTICES ACT,**
**N.C. GEN. STAT. ANN. § 75-1.1,** *et seq.*

723.  In response to Paragraph 723, the Non-Anthem Defendants state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in this Paragraph relate to a claim that is not a Selected Claim.   To the extent a response is required, the Non-Anthem Defendants incorporate and reassert their responses to each of the preceding numbered paragraphs as if fully set forth herein.

724.  to 730.  In response to Paragraphs 724 to 730, the Non-Anthem Defendants state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim.  The Non-Anthem Defendants also state that no response is required to Paragraphs 724 to 730 because they contain only legal conclusions and arguments.  To the extent a response is required to the allegations in these paragraphs, the Non-Anthem Defendants deny them.

**North Dakota**
**NORTH DAKOTA UNLAWFUL SALES OR ADVERTISING ACT,**
**N.D. CENT. CODE §§ 51-10-01,** *et seq.*

731.  In response to Paragraph 731, the Non-Anthem Defendants state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in this Paragraph relate to a claim that is not a Selected Claim.  To the extent a response is required, the Non-Anthem Defendants incorporate and reassert their responses to each of the preceding numbered paragraphs as if fully set forth herein.

1   732.  to 738.  In response to Paragraphs 732 to 738, the Non-Anthem Defendants state that

2   pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these

3   Paragraphs relate to a claim that is not a Selected Claim.  The Non-Anthem Defendants also state

4   that no response is required to Paragraphs 732 to 738 because they contain only legal conclusions

5   and arguments.  To the extent a response is required to the allegations contained in these

6   Paragraphs, the Non-Anthem Defendants deny them.

7                                   **Oklahoma**
                        **OKLAHOMA CONSUMER PROTECTION ACT,**
8                       **15  KL. STAT. ANN. § 751, *et seq.***

9   739.  In response to Paragraph 739, the Non-Anthem Defendants state that pursuant to

10  Dkt. Nos. 326, 366, no response is required because the allegations in this Paragraph relate to a

11  claim that is not a Selected Claim.  To the extent a response is required, the Non-Anthem

12  Defendants incorporate and reassert their responses to each of the preceding numbered

13  paragraphs as if fully set forth herein.

14  740.  to 747.  In response to Paragraphs 740 to 747, the Non-Anthem Defendants state that

15  pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these

16  Paragraphs relate to a claim that is not a Selected Claim.  The Non-Anthem Defendants also state

17  that no response is required to Paragraphs 740 to 747 because they contain only legal conclusions

18  and arguments.  To the extent a response is required to the allegations contained in these

19  Paragraphs, the Non-Anthem Defendants deny them.

20                                  **Pennsylvania**
                        **PENNSYLVANIA UNFAIR TRADE PRACTICES,**
21                      **73 PA STAT. ANN. § 201-1, *et seq.***

22  748.  In response to Paragraph 748, the Non-Anthem Defendants state that pursuant to

23  Dkt. Nos. 326, 366, no response is required because the allegations in this Paragraph relate to a

24  claim that is not a Selected Claim.  To the extent a response is required, the Non-Anthem

25  Defendants incorporate and reassert their responses to each of the preceding numbered

26  paragraphs as if fully set forth herein.

27  749.  to 755.  In response to Paragraphs 749 to 755, the Non-Anthem Defendants state that

28  pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these

HOGAN LOVELLS US LLP
ATTORNEYS AT LAW

NON- ANTHEM DEFENDANTS' ANSWER TO
FOURTH CONSOLIDATED AMENDED COMPLAINT
Case No. 15-MD-02617-LHK

1    Paragraphs relate to a claim that is not a Selected Claim.  The Non-Anthem Defendants also state

2    that no response is required to Paragraphs 749 to 755 because they contain only legal conclusions

3    and arguments.  To the extent a response is required to the allegations in these paragraphs, the

4    Non-Anthem Defendants deny them.

5                                    **Rhode Island**
                          **RHODE ISLAND DECEPTIVE TRADE PRACTICES ACT,**
6                            **R.I. GEN. LAWS§ 6-13.1, *et seq.***

7          756.  In response to Paragraph 756, the Non-Anthem Defendants state that pursuant to

8    Dkt. Nos. 326, 366, no response is required because the allegations in this Paragraph relate to a

9    claim that is not a Selected Claim.  To the extent a response is required, the Non-Anthem

10   Defendants incorporate and reassert their responses to each of the preceding numbered

11   paragraphs as if fully set forth herein.

12         757.  to 763.  In response to Paragraphs 757 to 763, the Non-Anthem Defendants state that

13   pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these

14   Paragraphs relate to a claim that is not a Selected Claim.  The Non-Anthem Defendants also state

15   that no response is required to Paragraphs 757 to 763 because they contain only legal conclusions

16   and arguments.  To the extent a response is required to the allegations contained in these

17   Paragraphs, the Non-Anthem Defendants deny them.

18                                    **South Dakota**
                        **SOUTH DAKOTA DECEPTIVE TRADE PRACTICES AND CONSUMER**
19                    **PROTECTION ACT, S.D. CODIFIED LAWS§ 37-24-1, *et seq*.**

20         764.  In response to Paragraph 764, the Non-Anthem Defendants state that pursuant to

21   Dkt. Nos. 326, 366, no response is required because the allegations in this Paragraph relate to a

22   claim that is not a Selected Claim.  To the extent a response is required, the Non-Anthem

23   Defendants incorporate and reassert their responses to each of the preceding numbered

24   paragraphs as if fully set forth herein.

25         765.  to 771.  In response to Paragraphs 765 to 771, the Non-Anthem Defendants state that

26   pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these

27   Paragraphs relate to a claim that is not a Selected Claim.  The Non-Anthem Defendants also state

28   that no response is required to Paragraphs 765 to 771 because they contain only legal conclusions

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW

and arguments.  To the extent a response is required to the allegations contained in these

Paragraphs, the Non-Anthem Defendants deny them.

**Tennessee**
**TENNESSEE CONSUMER PROTECTION ACT,**
**TENN. CODE ANN. §§ 47-18-101,** *et seq.*

772.  In response to Paragraph 772, the Non-Anthem Defendants state that pursuant to

Dkt. Nos. 326, 366, no response is required because the allegations in this Paragraph relate to a

claim that is not a Selected Claim.  To the extent a response is required, the Non-Anthem

Defendants incorporate and reassert their responses to each of the preceding numbered

paragraphs as if fully set forth herein.

773.  to 779.  In response to Paragraphs 773 to 779, the Non-Anthem Defendants state that

pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these

Paragraphs relate to a claim that is not a Selected Claim.  The Non-Anthem Defendants also state

that no response is required to Paragraphs 773 to 779 because they contain only legal conclusions

and arguments.  To the extent a response is required to the allegations in these paragraphs, the

Non-Anthem Defendants deny them.

**Texas**
**TEXAS DECEPTIVE TRADE PRACTICES AND CONSUMER PROTECTION ACT,**
**TEX. BUS. & COM. CODE § 17.41,** *et seq.*

780.  In response to Paragraph 780, the Non-Anthem Defendants state that pursuant to

Dkt. Nos. 326, 366, no response is required because the allegations in this Paragraph relate to a

claim that is not a Selected Claim.  To the extent a response is required, the Non-Anthem

Defendants incorporate and reassert their responses to each of the preceding numbered

paragraphs as if fully set forth herein.

781.  to 788.  In response to Paragraphs 781 to 788, the Non-Anthem Defendants state that

pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these

Paragraphs relate to a claim that is not a Selected Claim.  The Non-Anthem Defendants also state

that no response is required because the allegations in Paragraphs 781 to 788 do not concern the

Non-Anthem Defendants.  To the extent a response is required to the allegations contained in

these Paragraphs, the Non-Anthem Defendants deny them.

Hogan Lovells US
LLP
Attorneys At Law

1

2

**Vermont**
**VERMONT FRAUD ACT,**
**9 VT. STAT. ANN. §§ 2451, *et seq*.**

3

789.   In response to Paragraph 789, the Non-Anthem Defendants state that pursuant to

4

Dkt. Nos. 326, 366, no response is required because the allegations in this Paragraph relate to a

5

claim that is not a Selected Claim.  To the extent a response is required, the Non-Anthem

6

Defendants incorporate and reassert their responses to each of the preceding numbered

7

paragraphs as if fully set forth herein.

8

790.   to 797.  In response to Paragraphs 790 to 797, the Non-Anthem Defendants state that

9

pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these

10

Paragraphs relate to a claim that is not a Selected Claim.  The Non-Anthem Defendants also state

11

that no response is required to Paragraphs 790 to 797 because they contain only legal conclusions

12

and arguments.  To the extent a response is required to the allegations in these paragraphs, the

13

Non-Anthem Defendants deny them.

14

15

**Washington**
**WASHINGTON CONSUMER PROTECTION ACT,**
**WASH. REV. CODE § 19.86.020, *et seq*.**

16

798.   In response to Paragraph 798, the Non-Anthem Defendants state that pursuant to

17

Dkt. Nos. 326, 366, no response is required because the allegations in this Paragraph relate to a

18

claim that is not a Selected Claim.  To the extent a response is required, the Non-Anthem

19

Defendants incorporate and reassert their responses to each of the preceding numbered

20

paragraphs as if fully set forth herein.

21

799.   to 804.  In response to Paragraphs 799 to 804, the Non-Anthem Defendants state that

22

pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these

23

Paragraphs relate to a claim that is not a Selected Claim.  The Non-Anthem Defendants also state

24

that no response is required to Paragraphs 799 to 804 because they contain only legal conclusions

25

and arguments.  To the extent a response is required to the allegations in these paragraphs, the

26

Non-Anthem Defendants deny them.

27

28

NON- ANTHEM DEFENDANTS' ANSWER TO
FOURTH CONSOLIDATED AMENDED COMPLAINT
Case No. 15-MD-02617-LHK

1

2

## West Virginia
## WEST VIRGINIA CONSUMER CREDIT AND PROTECTION ACT,
### W. VA. CODE § 46A-6-101, *et seq*.

3   805.  In response to Paragraph 805, the Non-Anthem Defendants state that pursuant to

4   Dkt. Nos. 326, 366, no response is required because the allegations in this Paragraph relate to a

5   claim that is not a Selected Claim.  To the extent a response is required, the Non-Anthem

6   Defendants incorporate and reassert their responses to each of the preceding numbered

7   paragraphs as if fully set forth herein.

8   806.  to 814.  In response to Paragraphs 806 to 814, the Non-Anthem Defendants state that

9   pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these

10   Paragraphs relate to a claim that is not a Selected Claim.  The Non-Anthem Defendants also state

11   that no response is required because the allegations in Paragraphs 806 to 814 do not concern the

12   Non-Anthem Defendants.  To the extent a response is required to the allegations contained in

13   these Paragraphs, the Non-Anthem Defendants deny them.

14   ## COUNT X – DATA BREACH STATUTES

15   ## California
### CALIFORNIA CUSTOMER RECORDS ACT,

16   ### CAL. CIV. CODE § 1798.80, *et seq*.

17   815.  In response to Paragraph 815, the Non-Anthem Defendants state that pursuant to

18   Dkt. Nos. 326, 366, no response is required because the allegations in this Paragraph relate to a

19   claim that is not a Selected Claim.  To the extent a response is required, the Non-Anthem

20   Defendants incorporate and reassert their responses to each of the preceding numbered

21   paragraphs as if fully set forth herein.

22   816.  to 825.  In response to Paragraphs 816 to 825, the Non-Anthem Defendants state that

23   pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these

24   Paragraphs relate to a claim that is not a Selected Claim.  The Non-Anthem Defendants also state

25   that no response is required to Paragraphs 816 to 825 because they contain only legal conclusions

26   and arguments.  To the extent a response is required to the allegations in these paragraphs, the

27   Non-Anthem Defendants deny them.

28

- 69 -

**<u>Colorado</u>**
**COLO. REV. STAT. ANN. § 6-1-716(2),** *et seq*.

826.   In response to Paragraph 826, the Non-Anthem Defendants state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in this Paragraph relate to a claim that is not a Selected Claim.  To the extent a response is required, the Non-Anthem Defendants incorporate and reassert their responses to each of the preceding numbered paragraphs as if fully set forth herein.

827.  to 833.  In response to Paragraphs 827 to 833, the Non-Anthem Defendants state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim.  The Non-Anthem Defendants also state that no response is required to the allegations in Paragraphs 827 to 833.  To the extent a response is required, the Non-Anthem Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in these Paragraphs and, on that basis, deny them.

**<u>Delaware</u>**
**DEL. CODE ANN. TIT. 6 § 12B-102(a),** *et seq*.

834.    In response to Paragraph 834, the Non-Anthem Defendants state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in this Paragraph relate to a claim that is not a Selected Claim.  To the extent a response is required, the Non-Anthem Defendants incorporate and reassert their responses to each of the preceding numbered paragraphs as if fully set forth herein.

835.  to 841.  In response to Paragraphs 835 to 841, the Non-Anthem Defendants state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim.  The Non-Anthem Defendants also state that no response is required because the allegations in Paragraphs 835 to 841 do not concern the Non-Anthem Defendants.  To the extent a response is required, the Non-Anthem Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in these Paragraphs and, on that basis, deny them.

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW

- 70 -

NON- ANTHEM DEFENDANTS' ANSWER TO
FOURTH CONSOLIDATED AMENDED COMPLAINT
Case No. 15-MD-02617-LHK

**<u>District of Columbia</u>**
**D.C. CODE § 28-3852(a),** *et seq.*

842.   In response to Paragraph 842, the Non-Anthem Defendants state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in this Paragraph relate to a claim that is not a Selected Claim.  To the extent a response is required, the Non-Anthem Defendants incorporate and reassert their responses to each of the preceding numbered paragraphs as if fully set forth herein.

843.  to 849.   In response to Paragraphs 843 to 849, the Non-Anthem Defendants state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim.  The Non-Anthem Defendants also state that no response is required to the allegations in Paragraphs 843 to 849 because they do not concern the Non-Anthem Defendants.   To the extent a response is required, the Non-Anthem Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in these Paragraphs and, on that basis, deny them.

**<u>Georgia</u>**
**GA. CODE ANN. § 10-1-912(a),** *et seq.*

850.   In response to Paragraph 850, the Non-Anthem Defendants state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in this Paragraph relate to a claim that is not a Selected Claim.  To the extent a response is required, the Non-Anthem Defendants incorporate and reassert their responses to each of the preceding numbered paragraphs as if fully set forth herein.

851.  to 857.   In response to Paragraphs 851 to 857, the Non-Anthem Defendants state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim.  The Non-Anthem Defendants also state that no response is required to the allegations in Paragraphs 851 to 857 because they do not concern the Non-Anthem Defendants.  To the extent a response is required, the Non-Anthem Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in these Paragraphs and, on that basis, deny them.

1
2

**Hawaii**
**HAW. REV. STAT. § 487N-2(a),** *et seq.*

3
4
5
6
7

858.   In response to Paragraph 858, the Non-Anthem Defendants state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in this Paragraph relate to a claim that is not a Selected Claim.  To the extent a response is required, the Non-Anthem Defendants incorporate and reassert their responses to each of the preceding numbered paragraphs as if fully set forth herein.

8
9
10
11
12
13
14

859.   to 865.   In response to Paragraphs 859 to 865, the Non-Anthem Defendants state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim.  The Non-Anthem Defendants also state that no response is required to the allegations in Paragraphs 859 to 865 because they do not concern the other Non-Anthem Defendants.  To the extent a response is required, the Non-Anthem Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in these Paragraphs and, on that basis, deny them.

15
16

**Iowa**
**IOWA CODE ANN. § 715C.2(1),** *et seq.*

17
18
19
20
21

866.   In response to Paragraph 866, the Non-Anthem Defendants state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in this Paragraph relate to a claim that is not a Selected Claim.  To the extent a response is required, the Non-Anthem Defendants incorporate and reassert their responses to each of the preceding numbered paragraphs as if fully set forth herein.

22
23
24
25
26
27
28

867.   to 873.   In response to Paragraphs 867 to 873, the Non-Anthem Defendants state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim.  The Non-Anthem Defendants also state that no response is required to the allegations in Paragraphs 867 to 873 because they do not concern the Non-Anthem Defendants.  To the extent a response is required, the Non-Anthem Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in these Paragraphs and, on that basis, deny them.

Hogan Lovells US LLP
Attorneys At Law

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Kansas**
**KAN. STAT. ANN. § 50-7a02(a),** *et seq.*

874.   In response to Paragraph 874, the Non-Anthem Defendants state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in this Paragraph relate to a claim that is not a Selected Claim.  To the extent a response is required, the Non-Anthem Defendants incorporate and reassert their responses to each of the preceding numbered paragraphs as if fully set forth herein.

875.  to 881.   In response to Paragraphs 875 to 881, the Non-Anthem Defendants state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim.  The Non-Anthem Defendants also state that no response is required to the allegations in Paragraphs 875 to 881 because they do not concern the Non-Anthem Defendants.  To the extent a response is required, the Non-Anthem Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in these Paragraphs and, on that basis, deny them.

**Louisiana**
**LA. REV. STAT. ANN. § 51:3074(A),** *et seq.*

882.   In response to Paragraph 882, the Non-Anthem Defendants state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in this Paragraph relate to a claim that is not a Selected Claim.  To the extent a response is required, the Non-Anthem Defendants incorporate and reassert their responses to each of the preceding numbered paragraphs as if fully set forth herein.

883.  to 888.   In response to Paragraphs 883 to 888, the Non-Anthem Defendants state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim.  The Non-Anthem Defendants also state that no response is required to the allegations in Paragraphs 883 to 888 because they do not concern the Non-Anthem Defendants.  To the extent a response is required, the Non-Anthem Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in these Paragraphs and, on that basis, deny them.

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW

NON- ANTHEM DEFENDANTS' ANSWER TO
FOURTH CONSOLIDATED AMENDED COMPLAINT
Case No. 15-MD-02617-LHK

**Michigan**
**MICH. COMP. LAWS ANN. § 445.72(1),** *et seq.*

889.  In response to Paragraph 889, the Non-Anthem Defendants state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in this Paragraph relate to a claim that is not a Selected Claim.  To the extent a response is required, the Non-Anthem Defendants incorporate and reassert their responses to each of the preceding numbered paragraphs as if fully set forth herein.

890. to 895.  In response to allegations in Paragraphs 890 to 895, the Non-Anthem Defendants state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim.  The Non-Anthem Defendants also state that no response is required to the allegations in Paragraphs 890 to 895 because they do not concern the Non-Anthem Defendants.  To the extent a response is required, the Non-Anthem Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in these Paragraphs and, on that basis, deny them.

**New Hampshire**
**N.H. REV.  STAT. ANN. § 359-C:20(I)(a),** *et seq.*

896.  In response to Paragraph 896, the Non-Anthem Defendants state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in this Paragraph relate to a claim that is not a Selected Claim.  To the extent a response is required, the Non-Anthem Defendants incorporate and reassert their responses to each of the preceding numbered paragraphs as if fully set forth herein.

897. to 902.  In response to Paragraphs 897 to 902, the Non-Anthem Defendants state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim.  The Non-Anthem Defendants also state that no response is required to the allegations in Paragraphs 897 to 902 because they do not concern the other Non-Anthem Defendants.  To the extent a response is required, the Non-Anthem Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in these Paragraphs and, on that basis, deny them.

Hogan Lovells US LLP
Attorneys At Law

NON- ANTHEM DEFENDANTS' ANSWER TO
FOURTH CONSOLIDATED AMENDED COMPLAINT
Case No. 15-MD-02617-LHK

**<u>Oregon</u>**
**OR REV. STAT. ANN. § 646A.604(1),** *et seq.*

903.  In response to Paragraph 903, the Non-Anthem Defendants state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in this Paragraph relate to a claim that is not a Selected Claim.  To the extent a response is required, the Non-Anthem Defendants incorporate and reassert their responses to each of the preceding numbered paragraphs as if fully set forth herein.

904.  to 912.  In response to Paragraphs 904 to 912, the Non-Anthem Defendants state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim.  The Non-Anthem Defendants also state that no response is required to Paragraphs 904 to 912 because they contain only legal conclusions and arguments.  To the extent a response is required, the Non-Anthem Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in these Paragraphs and, on that basis, deny them.

**<u>South Carolina</u>**
**S.C. CODE ANN. § 39-1-90(A),** *et seq.*

913.  In response to Paragraph 913, the Non-Anthem Defendants state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in this Paragraph relate to a claim that is not a Selected Claim.  To the extent a response is required, the Non-Anthem Defendants incorporate and reassert their responses to each of the preceding numbered paragraphs as if fully set forth herein.

914.  to 919.  In response to Paragraphs 914 to 919, the Non-Anthem Defendants state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim.  The Non-Anthem Defendants also state that no response is required to the allegations in Paragraphs 914 to 919 because they do not concern the Non-Anthem Defendants.  To the extent a response is required, the Non-Anthem Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in these Paragraphs and, on that basis, deny them.

1
2

**<u>Tennessee</u>**
**TENN. CODE ANN. § 47-18-2107(b),** *et seq.*

3

    920.  In response to Paragraph 920, the Non-Anthem Defendants state that pursuant to

4

Dkt. Nos. 326, 366, no response is required because the allegations in this Paragraph relate to a

5

claim that is not a Selected Claim.  To the extent a response is required, the Non-Anthem

6

Defendants incorporate and reassert their responses to each of the preceding numbered

7

paragraphs as if fully set forth herein.

8

    921.  to 926.  In response to Paragraphs 921 to 926, the Non-Anthem Defendants state that

9

pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these

10

Paragraphs relate to a claim that is not a Selected Claim.  The Non-Anthem Defendants also state

11

that no response is required to the allegations in Paragraphs 921 to 926 because they do not

12

concern the other Non-Anthem Defendants.  To the extent a response is required, the Non-

13

Anthem Defendants are without sufficient knowledge or information to form a belief as to the

14

truth of the allegations in these Paragraphs and, on that basis, deny them.

**<u>Virginia</u>**
**VA. CODE ANN. § 18.2-186.6(B),** *et seq.*

15
16

17

    927.  In response to Paragraph 927, the Non-Anthem Defendants state that pursuant to

18

Dkt. Nos. 326, 366, no response is required because the allegations in this Paragraph relate to a

19

claim that is not a Selected Claim.  To the extent a response is required, the Non-Anthem

20

Defendants incorporate and reassert their responses to each of the preceding numbered

21

paragraphs as if fully set forth herein.

22

    928.  to 933.  In response to Paragraphs 928 to 933, the Non-Anthem Defendants state that

pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these

23

Paragraphs relate to a claim that is not a Selected Claim.  The Non-Anthem Defendants also state

24

that no response is required to the allegations in Paragraphs 928 to 933 because they do not

25

concern the Non-Anthem Defendants.  To the extent a response is required, the Non-Anthem

26

Defendants are without sufficient knowledge or information to form a belief as to the truth of the

27

allegations in these Paragraphs and, on that basis, deny them.

28

- 76 -

**<u>Washington</u>**
**WASH. REV. CODE ANN. § 19.255.010(1),** *et seq.*

934.   In response to Paragraph 934, the Non-Anthem Defendants state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in this Paragraph relate to a claim that is not a Selected Claim.  To the extent a response is required, the Non-Anthem Defendants incorporate and reassert their responses to each of the preceding numbered paragraphs as if fully set forth herein.

935.  to 940.  In response to Paragraphs 935 to 940, the Non-Anthem Defendants state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim.   The Non-Anthem Defendants also state that no response is required to the allegations in Paragraphs 935 to 940 because they do not concern the Non-Anthem Defendants.  To the extent a response is required, the Non-Anthem Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in these Paragraphs and, on that basis, deny them.

**<u>Wisconsin</u>**
**WIS. STAT. ANN. § 134.98(2),** *et seq.*

941.   In response to Paragraph 941, the Non-Anthem Defendants state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in this Paragraph relate to a claim that is not a Selected Claim.  To the extent a response is required, the Non-Anthem Defendants incorporate and reassert their responses to each of the preceding numbered paragraphs as if fully set forth herein.

942.  to 947.  In response to the allegations in Paragraphs 942 to 947, the Non-Anthem Defendants state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim.  The Non-Anthem Defendants also state that no response is required to the allegations in Paragraphs 942 to 947 because they do not concern the Non-Anthem Defendants.  To the extent a response is required, the Non-Anthem Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in these Paragraphs and, on that basis, deny them.

1

2

**Wyoming**
**WYO. STAT. ANN. § 40-12-502(a),** *et seq.*

3

4

5

6

7

948.   In response to Paragraph 948, the Non-Anthem Defendants state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in this Paragraph relate to a claim that is not a Selected Claim.  To the extent a response is required, the Non-Anthem Defendants incorporate and reassert their responses to each of the preceding numbered paragraphs as if fully set forth herein.

8

9

10

11

12

13

14

949.  to 954.  In response to Paragraphs 949 to 954, the Non-Anthem Defendants state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim.  The Non-Anthem Defendants also state that no response is required to the allegations in Paragraphs 949 to 954 because they do not concern the Non-Anthem Defendants.  To the extent a response is required, the Non-Anthem Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in these Paragraphs and, on that basis, deny them.

15

**COUNT XI – STATE UNFAIR INSURANCE PRACTICE STATUTES**

16

17

**Arizona**
**ARIZONA UNFAIR INSURANCE PRACTICES STATUTE,**
**(A.R.S. § 20-442, 443, 444)**

18

19

20

21

22

955.   In response to Paragraph 955, the Non-Anthem Defendants state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in this Paragraph relate to a claim that is not a Selected Claim.  To the extent a response is required, the Non-Anthem Defendants incorporate and reassert their responses to each of the preceding numbered paragraphs as if fully set forth herein.

23

24

25

26

27

28

956.  to 959.  In response to Paragraphs 956 to 959, the Non-Anthem Defendants state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim.  The Non-Anthem Defendants also state that no response is required to Paragraphs 956 to 959 because they contain only legal conclusions and arguments.  To the extent a response is required to the allegations in these paragraphs, the Non-Anthem Defendants deny them.

Hogan Lovells US
LLP
Attorneys At Law

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Massachusetts**
## UNFAIR METHODS OF COMPETITION AND UNFAIR AND DECEPTIVE ACTS AND PRACTICES IN THE BUSINESS OF INSURANCE, (MASS. GEN. LAWS ANN. CH. 176D, § 1, et seq.)

960.  In response to Paragraph 960, the Non-Anthem Defendants state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in this Paragraph relate to a claim that is not a Selected Claim.  To the extent a response is required, the Non-Anthem Defendants incorporate and reassert their responses to each of the preceding numbered paragraphs as if fully set forth herein.

961.  to 964.  In response to Paragraphs 961 to 964, the Non-Anthem Defendants state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim.  The Non-Anthem Defendants also state that no response is required to Paragraphs 961 to 964 because they contain only legal conclusions and arguments.  To the extent a response is required to the allegations in these paragraphs, the Non-Anthem Defendants deny them.

**New Mexico**
## TRADE PRACTICES AND FRAUDS IN INSURANCE BUSINESS, (N.M. STAT. ANN. § 59A-16-1, et seq.)

965.  In response to Paragraph 965, the Non-Anthem Defendants state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in this Paragraph relate to a claim that is not a Selected Claim.  To the extent a response is required, the Non-Anthem Defendants incorporate and reassert their responses to each of the preceding numbered paragraphs as if fully set forth herein.

966.  to 969.  In response to Paragraphs 966 to 969, the Non-Anthem Defendants state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim.  The Non-Anthem Defendants also state that no response is required to Paragraphs 966 to 969 because they contain only legal conclusions and arguments.  To the extent a response is required to the allegations in these paragraphs, the Non-Anthem Defendants deny them.

NON- ANTHEM DEFENDANTS' ANSWER TO FOURTH CONSOLIDATED AMENDED COMPLAINT
Case No. 15-MD-02617-LHK

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### North Dakota
### PROHIBITED PRACTICES IN INSURANCE BUSINESS,
### (N.D. CENT. CODE§ 26.1-04-01, *et seq.*)

970.  In response to Paragraph 970, the Non-Anthem Defendants state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in this Paragraph relate to a claim that is not a Selected Claim.  To the extent a response is required, the Non-Anthem Defendants incorporate and reassert their responses to each of the preceding numbered paragraphs as if fully set forth herein.

971.  to 974.  In response to Paragraphs 971 to 974, the Non-Anthem Defendants state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim.  The Non-Anthem Defendants also state that no response is required to Paragraphs 971 to 974 because they contain only legal conclusions and arguments.  To the extent a response is required to the allegations in these Paragraphs, the Non-Anthem Defendants deny them.

### Texas
### TEXAS UNFAIR AND DECEPTIVE INSURANCE PRACTICE LAWS,
### (TEX. INS. CODE§§ 541.003, 541.051, 541.052, 541.061, 541.151)

975.  In response to Paragraph 975, the Non-Anthem Defendants state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in this Paragraph relate to a claim that is not a Selected Claim.  To the extent a response is required, the Non-Anthem Defendants incorporate and reassert their responses to each of the preceding numbered paragraphs as if fully set forth herein.

976.  to 979.  No response is required to Paragraphs 976 to 979 because they contain only legal conclusions and arguments.  To the extent a response is required to the allegations in these Paragraphs, the Non-Anthem Defendants deny them.

### West Virginia
### UNFAIR TRADE PRACTICES IN THE BUSINESS OF INSURANCE,
### (W. VA. CODE§ 33-11-1, *et seq.*)

980.  In response to Paragraph 980, the Non-Anthem Defendants state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in this Paragraph relate to a

claim that is not a Selected Claim.  To the extent a response is required, the Non-Anthem Defendants incorporate and reassert their responses to each of the preceding numbered paragraphs as if fully set forth herein.

981.  to 984.  In response to Paragraphs 981 to 984, the Non-Anthem Defendants state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim.  The Non-Anthem Defendants also state that no response is required to Paragraphs 981 to 984 because they contain only legal conclusions and arguments.  To the extent a response is required to the allegations in these Paragraphs, the Non-Anthem Defendants deny them.

## COUNT XII – STATE INSURANCE PERSONAL INFORMATION PRIVACY STATUTES

### Arizona
### ARIZONA INSURANCE INFORMATION AND PRIVACY PROTECTION ACT, (A.R.S. §20-2113, § 20-2118(b))

985.  In response to Paragraph 985, the Non-Anthem Defendants state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in this Paragraph relate to a claim that is not a Selected Claim.  To the extent a response is required, the Non-Anthem Defendants incorporate and reassert their responses to each of the preceding numbered paragraphs as if fully set forth herein.

986.  to 992.  In response to Paragraphs 986 to 992, the Non-Anthem Defendants state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim.  The Non-Anthem Defendants also state that no response is required to the allegations in Paragraphs 986 to 992 because they do not concern the Non-Anthem Defendants.  To the extent a response is required to the allegations in these Paragraphs, the Non-Anthem Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in these Paragraphs and, on that basis, deny them.

NON- ANTHEM DEFENDANTS' ANSWER TO FOURTH CONSOLIDATED AMENDED COMPLAINT
Case No. 15-MD-02617-LHK

**Connecticut**

**CONNECTICUT  INSURANCE INFORMATION  AND PRIVACY PROTECTION ACT, (CONN. GEN. STAT. §38a-988, 995, 999)**

993.   In response to Paragraph 993, the Non-Anthem Defendants state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in this Paragraph relate to a claim that is not a Selected Claim.  To the extent a response is required, the Non-Anthem Defendants incorporate and reassert their responses to each of the preceding numbered paragraphs as if fully set forth herein.

994.   to 1001.  In response to Paragraphs 994 to 1001, the Non-Anthem Defendants state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim.  The Non-Anthem Defendants also state that no response is required to the allegations in Paragraphs 994 to 1001 because they do not concern the Non-Anthem Defendants.  To the extent a response is required, the Non-Anthem Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in these Paragraphs and, on that basis, deny them.

**Georgia**

**GEORGIA INSURANCE INFORMATION AND PRIVACY PROTECTION ACT, (GA. CODE §33-39-14,  21(b))**

1002. to 1008.  No response is required to Paragraphs 1002 to 1008 because, pursuant to the Court's Order (Dkt. No. 524), Plaintiffs' claim for relief under the Georgia Insurance Information and Privacy Protection Act has been dismissed, and the allegations in these Paragraphs do not concern the Non-Anthem Defendants.  To the extent a response is required, the Non-Anthem Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in these Paragraphs and, on that basis, deny them.

**Illinois**

**ILLINOIS INSURANCE INFORMATION  AND PRIVACY PROTECTION ACT, (215 ILCS 5/1014, 1021)**

1009.  In response to Paragraph 1009, the Non-Anthem Defendants state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in this Paragraph relate to a

NON- ANTHEM DEFENDANTS' ANSWER TO FOURTH CONSOLIDATED AMENDED COMPLAINT
Case No. 15-MD-02617-LHK

1 claim that is not a Selected Claim.  To the extent a response is required, the Non-Anthem

2 Defendants incorporate and reassert their responses to each of the preceding numbered

3 paragraphs as if fully set forth herein.

4      1010. to 1016.  In response to Paragraphs 1010 to 1016, the Non-Anthem Defendants

5 state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these

6 Paragraphs relate to a claim that is not a Selected Claim.  The Non-Anthem Defendants also state

7 that no response is required to the allegations in Paragraphs 1010 to 1016 because they do not

8 concern the Non-Anthem Defendants.  To the extent a response is required, the Non-Anthem

9 Defendants are without sufficient knowledge or information to form a belief as to the truth of the

10 allegations in these Paragraphs and, on that basis, deny them.

11 **Maine**

12 **MAINE INSURANCE INFORMATION AND PRIVACY PROTECTION ACT,
(ME. REV. STAT. 24-A, § 2215(1), 24-A, § 2217(2))**

13      1017.  In response to Paragraph 1017, the Non-Anthem Defendants state that pursuant to

14 Dkt. Nos. 326, 366, no response is required because the allegations in this Paragraph relate to a

15 claim that is not a Selected Claim.  To the extent a response is required, the Non-Anthem

16 Defendants incorporate and reassert their responses to each of the preceding numbered

17 paragraphs as if fully set forth herein.

18      1018. to 1023.  In response to Paragraphs 1018 to 1023, the Non-Anthem Defendants

19 state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these

20 Paragraphs relate to a claim that is not a Selected Claim.  The Non-Anthem Defendants also state

21 that no response is required to the allegations in Paragraphs 1018 to 1023 because they do not

22 concern the Non-Anthem Defendants.  To the extent a response is required, the Non-Anthem

23 Defendants are without sufficient knowledge or information to form a belief as to the truth of the

24 allegations in these Paragraphs and, on that basis, deny them.

25 **Massachusetts**

26 **MASSACHUSETTS INSURANCE INFORMATION AND PRIVACY
PROTECTION ACT, (MASS. GEN. LAWS CH. 175!, § 1, *et seq.*)**

27      1024.  In response to Paragraph 1024, the Non-Anthem Defendants state that pursuant to

28 Dkt. Nos. 326, 366, no response is required because the allegations in this Paragraph relate to a

1    claim that is not a Selected Claim.  To the extent a response is required, the Non-Anthem

2    Defendants incorporate and reassert their responses to each of the preceding numbered

3    paragraphs as if fully set forth herein.

4         1025. to 1031.  In response to Paragraphs 1025 to 1031, the Non-Anthem Defendants

5    state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these

6    Paragraphs relate to a claim that is not a Selected Claim.  The Non-Anthem Defendants also state

7    that no response is required to the allegations in Paragraphs 1025 to 1031 because they do not

8    concern the Non-Anthem Defendants.  To the extent a response is required, the Non-Anthem

9    Defendants are without sufficient knowledge or information to form a belief as to the truth of the

10   allegations in these Paragraphs and, on that basis, deny them.

11                          **<u>Minnesota</u>**
                    **MINNESOTA INSURANCE FAIR INFORMATION REPORTING ACT,**
12                       **(MINN. STAT. § 72A.49, *et seq.*)**

13        1032.  In response to Paragraph 1032, the Non-Anthem Defendants state that pursuant to

14   Dkt. Nos. 326, 366, no response is required because the allegations in this Paragraph relate to a

15   claim that is not a Selected Claim.  To the extent a response is required, the Non-Anthem

16   Defendants incorporate and reassert their responses to each of the preceding numbered

17   paragraphs as if fully set forth herein.

18        1033. to 1039.  In response to Paragraphs 1033 to 1039, the Non-Anthem Defendants

19   state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these

20   Paragraphs relate to a claim that is not a Selected Claim.  The Non-Anthem Defendants also state

21   that no response is required to the allegations in Paragraphs 1033 to 1039 because they do not

22   concern the Non-Anthem Defendants.  To the extent a response is required, the Non-Anthem

23   Defendants are without sufficient knowledge or information to form a belief as to the truth of the

24   allegations in these Paragraphs and, on that basis, deny them.

25

26

27

28

Hogan Lovells US
LLP
Attorneys At Law

- 84 -

NON- ANTHEM DEFENDANTS' ANSWER TO
FOURTH CONSOLIDATED AMENDED COMPLAINT
Case No. 15-MD-02617-LHK

1

**<u>Montana</u>**

2

**MONTANA INSURANCE INFORMATION AND PRIVACY PROTECTION ACT,
(MONT. CODE§ 33-19-101, *et seq.*)**

3

4

1040.  In response to Paragraph 1040, the Non-Anthem Defendants state that pursuant to

5

Dkt. Nos. 326, 366, no response is required because the allegations in this Paragraph relate to a

6

claim that is not a Selected Claim.  To the extent a response is required, the Non-Anthem

7

Defendants incorporate and reassert their responses to each of the preceding numbered

8

paragraphs as if fully set forth herein.

9

1041. to 1047.  In response to Paragraphs 1041 to 1047, the Non-Anthem Defendants

10

state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these

11

Paragraphs relate to a claim that is not a Selected Claim.  The Non-Anthem Defendants also state

12

that no response is required to the allegations in Paragraphs 1041 to 1047 because they do not

13

concern the Non-Anthem Defendants.  To the extent a response is required, the Non-Anthem

14

Defendants are without sufficient knowledge or information to form a belief as to the truth of the

15

allegations in these Paragraphs and, on that basis, deny them.

16

**<u>New Jersey</u>**

17

**NEW JERSEY INSURANCE INFORMATION PRACTICES ACT,
(N.J. STAT.§ 17:23A-1, *et seq.*)**

18

1048.   In response to Paragraph 1048, the Non-Anthem Defendants state that pursuant to

19

Dkt. Nos. 326, 366, no response is required because the allegations in this Paragraph relate to a

20

claim that is not a Selected Claim.  To the extent a response is required, the Non-Anthem

21

Defendants incorporate and reassert their responses to each of the preceding numbered

22

paragraphs as if fully set forth herein.

23

1049. to 1055.  In response to Paragraphs 1049 to 1055, the Non-Anthem Defendants

24

state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these

25

Paragraphs relate to a claim that is not a Selected Claim.   The Non-Anthem Defendants also state

26

that no response is required to the allegations in Paragraphs 1049 to 1055 because they do not

27

concern the Non-Anthem Defendants.  To the extent a response is required, the Non-Anthem

28

Hogan Lovells US
LLP
Attorneys At Law

- 85 -

NON- ANTHEM DEFENDANTS' ANSWER TO
FOURTH CONSOLIDATED AMENDED COMPLAINT
Case No. 15-MD-02617-LHK

1   Defendants are without sufficient knowledge or information to form a belief as to the truth of the

2   allegations in these Paragraphs and, on that basis, deny them.

3                                              **North Carolina**

4   **NORTH CAROLINA CONSUMER AND CUSTOMER INFORMATION PRIVACY
     ACT, (N.C. GEN. STAT. § 58-39-1, *et seq.*)**

5          1056.  In response to Paragraph 1056, the Non-Anthem Defendants state that pursuant to

6   Dkt. Nos. 326, 366, no response is required because the allegations in this Paragraph relate to a

7   claim that is not a Selected Claim.  To the extent a response is required, the Non-Anthem

8   Defendants incorporate and reassert their responses to each of the preceding numbered

9   paragraphs as if fully set forth herein.

10         1057. to 1063.  In response to Paragraphs 1057 to 1063, the Non-Anthem Defendants

11  state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these

12  Paragraphs relate to a claim that is not a Selected Claim.  The Non-Anthem Defendants also state

13  that no response is required to the allegations in Paragraphs 1057 to 1063 because they do not

14  concern the Non-Anthem Defendants.  To the extent a response is required, the Non-Anthem

15  Defendants are without sufficient knowledge or information to form a belief as to the truth of the

16  allegations in these Paragraphs and, on that basis, deny them.

17                                                **Ohio**

18  **OHIO INSURANCE TRANSACTION INFORMATION STANDARDS LAW,
     (OHIO REV. CODE§ 3904.13, §3904.21(b))**

19         1064.  In response to Paragraph 1064, the Non-Anthem Defendants state that pursuant to

20  Dkt. Nos. 326, 366, no response is required because the allegations in this Paragraph relate to a

21  claim that is not a Selected Claim.  To the extent a response is required,  Non-Anthem

22  Defendants incorporate and reassert their responses to each of the preceding numbered

23  paragraphs as if fully set forth herein.

24         1065. to 1071.  In response to Paragraphs 1065 to 1071, the Non-Anthem Defendants

25  state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these

26  Paragraphs relate to a claim that is not a Selected Claim.  The Non-Anthem Defendants also state

27  that no response is required to the allegations in Paragraphs 1065 to 1071 because they do not

28  concern the Non-Anthem Defendants.  To the extent a response is required, the Non-Anthem

1   Defendants are without sufficient knowledge or information to form a belief as to the truth of the

2   allegations in these Paragraphs and, on that basis, deny them.

3                                    **Oregon**
    **OREGON USE AND DISCLOSURE OF INSURANCE INFORMATION,**
4   **(OR  REV. STAT. § 746.600,** *et seq.***)**

5       1072.  In response to Paragraph 1072, the Non-Anthem Defendants state that pursuant to

6   Dkt. Nos. 326, 366, no response is required because the allegations in this Paragraph relate to a

7   claim that is not a Selected Claim.   To the extent a response is required, the Non-Anthem

8   Defendants incorporate and reassert their responses to each of the preceding numbered

9   paragraphs as if fully set forth herein.

10      1073. to 1081.  In response to Paragraphs 1073 to 1081, the Non-Anthem Defendants

11  state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in this

12  Paragraph relate to a claim that is not a Selected Claim.  The Non-Anthem Defendants also state

13  that no further response is required to the allegations in Paragraphs 1073 to 1081 because they do

14  not concern the Non-Anthem Defendants.  To the extent a response is required, the Non-Anthem

15  Defendants are without sufficient knowledge or information to form a belief as to the truth of the

16  allegations in these Paragraphs and, on that basis, deny them.

17      **COUNT XIII – STATE MEDICAL AND HEALTH INFORMATION PRIVACY**
    **STATUTES**
18
                                    **California**
19  **CALIFORNIA CONFIDENTIALITY OF MEDICAL INFORMATION ACT,**
    **(CIVIL CODE §56** *et seq.***)**
20

21      1082.  In response to Paragraph 1082, the Non-Anthem Defendants state that pursuant to

22  Dkt. Nos. 326, 366, no response is required because the allegations in this Paragraph relate to a

23  claim that is not a Selected Claim.  To the extent a response is required, the Non-Anthem

24  Defendants incorporate and reassert their responses to each of the preceding numbered

25  paragraphs as if fully set forth herein.

26      1083. to 1091.  In response to Paragraphs 1083 to 1091, the Non-Anthem Defendants

27  state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these

28  Paragraphs relate to a claim that is not a Selected Claim.  The Non-Anthem Defendants also state

Hogan Lovells US
LLP
Attorneys At Law

1  that no response is required to the allegations in Paragraphs 1083 to 1091 because they do not

2  concern the Non-Anthem Defendants.  To the extent a response is required, the Non-Anthem

3  Defendants are without sufficient knowledge or information to form a belief as to the truth of the

4  allegations in these Paragraphs and, on that basis, deny them.

5  **Maryland**

6  **MARYLAND DISCLOSURE REQUIREMENTS FOR INSURERS,**
   **(MD. CODE, INS. § 4-403)**

7      1092.  In response to Paragraph 1092, the Non-Anthem Defendants state that pursuant to

8  Dkt. Nos. 326, 366, no response is required because the allegations in this Paragraph relate to a

9  claim that is not a Selected Claim.  To the extent a response is required, the Non-Anthem

10 Defendants incorporate and reassert their responses to each of the preceding numbered

11 paragraphs as if fully set forth herein.

12     1093. to 1098.  In response to Paragraphs 1093 to 1098, the Non-Anthem Defendants

13 state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these

14 Paragraphs relate to a claim that is not a Selected Claim.  The Non-Anthem Defendants also state

15 that no further response is required to the allegations in Paragraphs 1093 to 1098 because they do

16 not concern the Non-Anthem Defendants.  To the extent a response is required, the Non-Anthem

17 Defendants are without sufficient knowledge or information to form a belief as to the truth of the

18 allegations in these Paragraphs and, on that basis, deny them.

19 **MARYLAND DISCLOSURE REQUIREMENTS FOR NONPROFIT HEALTH**

20 **SERVICE PLANS, (MD. CODE, INS. § 14-138)**

21     1099.  In response to Paragraph 1099, the Non-Anthem Defendants state that pursuant to

22 Dkt. Nos. 326, 366, no response is required because the allegations in this Paragraph relate to a

23 claim that is not a Selected Claim.  To the extent a response is required, the Non-Anthem

24 Defendants incorporate and reassert their responses to each of the preceding numbered

25 paragraphs as if fully set forth herein.

26     1100. to 1105.  In response to Paragraphs 1100 to 1105, the Non-Anthem Defendants

27 state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these

28 Paragraphs relate to a claim that is not a Selected Claim.  The Non-Anthem Defendants also state

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW

- 88 -

NON- ANTHEM DEFENDANTS' ANSWER TO
FOURTH CONSOLIDATED AMENDED COMPLAINT
Case No. 15-MD-02617-LHK

1   that no response is required to the allegations in Paragraphs 1100 to 1105 because they do not

2   concern the Non-Anthem Defendants.  To the extent a response is required, the Non-Anthem

3   Defendants are without sufficient knowledge or information to form a belief as to the truth of the

4   allegations in these Paragraphs and, on that basis, deny them.

**MARYLAND  CONFIDENTIALITY OF MEDICAL RECORDS ACT,**
**(MD. CODE, HEALTH-GEN. § 4-301, *et seq.*)**

7   1106.  In response to Paragraph 1106, the Non-Anthem Defendants state that pursuant to

8   Dkt. Nos. 326, 366, no response is required because the allegations in this Paragraph relate to a

9   claim that is not a Selected Claim.  To the extent a response is required, the Non-Anthem

10   Defendants incorporate and reassert their responses to each of the preceding numbered

11   paragraphs as if fully set forth herein.

12   1107.  to 1112.  In response to Paragraphs 1107 to 1112, the Non-Anthem Defendants

13   state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these

14   Paragraphs relate to a claim that is not a Selected Claim.  The Non-Anthem Defendants also state

15   that no response is required to the allegations in Paragraphs 1107 to 1112 because they do not

16   concern the Non-Anthem Defendants.  To the extent a response is required, the Non-Anthem

17   Defendants are without sufficient knowledge or information to form a belief as to the truth of the

18   allegations in these Paragraphs and, on that basis, deny them.

**<u>Minnesota</u>**
**MINNESOTA HEALTH RECORDS ACT,**
**(MINN. STAT. § 144.291, *et seq.*)**
**AGAINST ANTHEM AND ANTHEM AFFILATES OPERATING IN MINNESOTA**

22   1113.  In response to Paragraph 1113, the Non-Anthem Defendants state that pursuant to

23   Dkt. Nos. 326, 366, no response is required because the allegations in this Paragraph relate to a

24   claim that is not a Selected Claim.  To the extent a response is required, the Non-Anthem

25   Defendants incorporate and reassert their responses to each of the preceding numbered

26   paragraphs as if fully set forth herein.

27   1114.  to 1118.  In response to Paragraphs 1114 to 1118, the Non-Anthem Defendants

28   state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these

Hogan Lovells US
LLP
Attorneys At Law

1  Paragraphs relate to a claim that is not a Selected Claim.  The Non-Anthem Defendants also state

2  that no response is required to the allegations in Paragraphs 1114 to 1118 because they do not

3  concern the Non-Anthem Defendants.  To the extent a response is required, the Non-Anthem

4  Defendants are without sufficient knowledge or information to form a belief as to the truth of the

5  allegations in these Paragraphs and, on that basis, deny them.

6                                     **Rhode Island**

7  **RHODE ISLAND CONFIDENTIALITY OF HEALTH CARE INFORMATION ACT, (R.I. GEN. LAWS § 5-37.3-1, *et seq.*) AGAINST ANTHEM AND ANTHEM AFFILATES OPERATING IN RHODE ISLAND**

8

9       1119.  In response to Paragraph 1119, the Non-Anthem Defendants state that pursuant to

10  Dkt. Nos. 326, 366, no response is required because the allegations in this Paragraph relate to a

11  claim that is not a Selected Claim.  To the extent a response is required, the Non-Anthem

12  Defendants incorporate and reassert their responses to each of the preceding numbered

13  paragraphs as if fully set forth herein.

14       1120. to 1125.  In response to Paragraphs 1120 to 1125, the Non-Anthem Defendants

15  state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these

16  Paragraphs relate to a claim that is not a Selected Claim.  The Non-Anthem Defendants also state

17  that no response is required to the allegations in Paragraphs 1120 to 1125 because they not

18  concern the Non-Anthem Defendants.  To the extent a response is required, the Non-Anthem

19  Defendants are without sufficient knowledge or information to form a belief as to the truth of the

20  allegations in these Paragraphs and, on that basis, deny them.

21

22                                     **Virginia**

23  **VIRGINIA INSURANCE INFORMATION AND PRIVACY PROTECTION ACT, (VA. CODE § 38.2-600, *et seq.*) AGAINST ANTHEM AND ANTHEM AFFILATES OPERATING IN VIRGINIA**

24       1126. In response to Paragraph 1126, the Non-Anthem Defendants state that pursuant to

25  Dkt. Nos. 326, 366, no response is required because the allegations in this Paragraph relate to a

26  claim that is not a Selected Claim.  To the extent a response is required, the Non-Anthem

27  Defendants incorporate and reassert their responses to each of the preceding numbered

28  paragraphs as if fully set forth herein.

1127. to 1133.  In response to the allegations in Paragraphs 1127 to 1133, the Non-Anthem Defendants state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim.  The Non-Anthem Defendants also state that no further response is required to the allegations in Paragraphs 1127 to 1133 because they do not concern the Non-Anthem Defendants.  To the extent a response is required, the Non-Anthem Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in these Paragraphs and, on that basis, deny them.

## VIRGINIA HEALTH RECORDS PRIVACY STATUTE, (VA. CODE § 32.1-127.1:03) AGAINST ANTHEM AND ANTHEM AFFILATES OPERATING IN VIRGINIA

1134.  In response to Paragraph 1134, the Non-Anthem Defendants state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in this Paragraph relate to a claim that is not a Selected Claim.  To the extent a response is required, the Non-Anthem Defendants incorporate and reassert their responses to each of the preceding numbered paragraphs as if fully set forth herein.

1135. to 1141.  In response to Paragraphs 1135 to 1141, the Non-Anthem Defendants state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim.  The Non-Anthem Defendants also state that no further response is required to the allegations in Paragraphs 1135 to 1141 because they do not concern the Non-Anthem Defendants.  To the extent a response is required, the Non-Anthem Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in these Paragraphs and, on that basis, deny them.

## Washington
### WASHINGTON UNIFORM HEALTH CARE INFORMATION ACT, (WASH. REV. CODE. §70.02.045, §70.02.170) AGAINST ANTHEM AND ANTHEM AFFILIATES OPERATING IN WASHINGTON

1142.  In response to Paragraph 1142, the Non-Anthem Defendants state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in this Paragraph relate to a claim that is not a Selected Claim.  To the extent a response is required, the Non-Anthem

NON- ANTHEM DEFENDANTS' ANSWER TO FOURTH CONSOLIDATED AMENDED COMPLAINT
Case No. 15-MD-02617-LHK

1    Defendants incorporate and reassert their responses to each of the preceding numbered

2    paragraphs as if fully set forth herein.

3           1143. to 1147.  In response to Paragraphs 1143 to 1147, the Non-Anthem Defendants

4    state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these

5    Paragraphs relate to a claim that is not a Selected Claim.  The Non-Anthem Defendants also state

6    that no response is required to the allegations in Paragraphs 1143 to 1147 because they do not

7    concern the Non-Anthem Defendants.  To the extent a response is required, the Non-Anthem

8    Defendants are without sufficient knowledge or information to form a belief as to the truth of the

9    allegations in these Paragraphs and, on that basis, deny them.

10                                        **Wisconsin**
     **WISCONSIN INSURANCE MEDICAL INFORMATION PRIVACY STATUTE,**
11   **(WIS. STAT. § 610.70) AGAINST ANTHEM AND ANTHEM AFFILIATES OPERATING**
                                      **IN WISCONSIN**
12
13          1148.  In response to Paragraph 1148, the Non-Anthem Defendants state that pursuant to

14   Dkt. Nos. 326, 366, no response is required because the allegations in this Paragraph relate to a

15   claim that is not a Selected Claim.  To the extent a response is required, the Non-Anthem

16   Defendants incorporate and reassert their responses to each of the preceding numbered

     paragraphs as if fully set forth herein.
17
            1149. to 1155.  In response to Paragraphs 1149 to 1155, the Non-Anthem Defendants
18
     state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these
19
     Paragraphs relate to a claim that is not a Selected Claim.  The Non-Anthem Defendants also state
20
     that no response is required to the allegations in Paragraphs 1149 to 1155.  To the extent a
21
     response is required, the Non-Anthem Defendants are without sufficient knowledge or
22
     information to form a belief as to the truth of the allegations in these Paragraphs and, on that
23
     basis, deny them.
24
           **WISCONSIN CONFIDENTIALITY OF HEATH RECORDS LAW, (WIS. STAT.**
25      **§ 146.82(5), §142.84) AGAINST ANTHEM AND ANTHEM AFFILIATES OPERATING**
                                      **IN WISCONSIN**
26
            1156.  In response to Paragraph 1156, the Non-Anthem Defendants state that pursuant to
27
     Dkt. Nos. 326, 366, no response is required because the allegations in this Paragraph relate to a
28
     claim that is not a Selected Claim.  To the extent a response is required, the Non-Anthem

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW

- 92 -

NON- ANTHEM DEFENDANTS' ANSWER TO
FOURTH CONSOLIDATED AMENDED COMPLAINT
Case No. 15-MD-02617-LHK

1    Defendants incorporate and reassert their responses to each of the preceding numbered

2    paragraphs as if fully set forth herein.

3        1157. to 1163.  In response to Paragraphs 1157 to 1163, the Non-Anthem Defendants

4    state that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these

5    Paragraphs relate to a claim that is not a Selected Claim.  The Non-Anthem Defendants also state

6    that no response is required to the allegations in Paragraphs 1157 to 1163 because they do not

7    concern the Non-Anthem Defendants.  To the extent a response is required, the Non-Anthem

8    Defendants are without sufficient knowledge or information to form a belief as to the truth of the

9    allegations in these Paragraphs and, on that basis, deny them.

10                              **OTHER ALLEGATIONS**

11        1164.  Except as expressly admitted above, the Non-Anthem Defendants deny all of the

12    allegations in the Complaint.

13        1165. The "Wherefore" clause and other sentences and clauses under the heading

14    "PRAYER FOR RELIEF" on pages 273 to 275 of the Complaint set forth legal conclusions and

15    Plaintiffs' characterization of the relief sought in this action, which require no response.  To the

16    extent a response is required, the Non-Anthem Defendants deny any liability, in any form or

17    amount, to Plaintiffs and/or any classes or subclasses as may be certified by the Court.  The Non-

18    Anthem Defendants incorporate and reassert their responses to each of the preceding numbered

19    paragraphs as if fully set forth herein.

20                              **AFFIRMATIVE DEFENSES**

21        The Non-Anthem Defendants, based on the facts and information known to date and

22    subject to amendment following further investigation of the facts and proceedings in this action,

23    and without waiver of any rights, privileges, or defenses, state its affirmative defenses as follows:

24                         **FIRST AFFIRMATIVE DEFENSE**
                              **(Failure to State a Claim)**
25

26        1.    Plaintiffs have failed to allege facts on which relief can be granted against the Non-

27    Anthem Defendants.

28

Hogan Lovells US
LLP
Attorneys At Law

- 93 -

**SECOND AFFIRMATIVE DEFENSE**
**(Lack of Standing)**

2.      Plaintiffs' claims fail to the extent they lack standing to assert their claims.

**THIRD AFFIRMATIVE DEFENSE**
**(No Injury and No Damage)**

3.      Plaintiffs' claims fail, in whole or in part, to the extent they have not suffered any actual injury or damage, or in the alternative, any damages that Plaintiffs may have suffered were caused by their own conduct.

**FOURTH AFFIRMATIVE DEFENSE**
**(Failure to Satisfy Fed. R. Civ. P. 23)**

4.      The Complaint does not allege a class properly certifiable under Fed. R. Civ. P. 23 because the requirements of Fed. R. Civ. P. 23 have not been met.  The deficiencies include, without limitation, that Plaintiffs are not adequate class representatives; their claims are not typical of those of the class; any common issues do not predominate; and a class action is not a superior means of adjudication.

**FIFTH AFFIRMATIVE DEFENSE**
**(Failure to Mitigate Damages)**

5.      Plaintiffs' claims fail, in whole or in part, to the extent Plaintiffs failed to mitigate damages, if any.

**SIXTH AFFIRMATIVE DEFENSE**
**(Failure to Exhaust)**

6.      Plaintiffs' claims are barred, in whole or in part, by their failure to exhaust mandatory administrative and/or contractual remedies.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Alter Ego)**

7.      The Non-Anthem Defendants are not the alter ego of any subsidiaries or affiliates or purported "health plans" named or referred to in the Complaint.

**EIGHTH AFFIRMATIVE DEFENSE**
**(Lack of Agency)**

8.    The Non-Anthem Defendants' subsidiaries, affiliates, or purported "health plans" named or referred to in the FAC are not agents of Defendants or of each other.

**NINTH AFFIRMATIVE DEFENSE**
**(Lack of Causation)**

9.    Plaintiffs' claims fail, in whole or in part, to the extent Plaintiffs' alleged injuries and/or damages, if any, were not caused in fact or were not proximately caused by acts and/or omissions of the Non-Anthem Defendants.

**TENTH AFFIRMATIVE DEFENSE**
**(Lack of Duty)**

10.    Plaintiffs' claims fail, in whole or in part, to the extent they are based on the Non-Anthem Defendants' failure to disclose information that the Non-Anthem Defendants had no duty to disclose.

**ELEVENTH AFFIRMATIVE DEFENSE**
**(Waiver, Estoppel, Laches, Unclean Hands)**

11.    Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of waiver, estoppel, laches, and/or unclean hands.

**TWELFTH AFFIRMATIVE DEFENSE**
**(Conditions Precedent/Subsequent)**

12.    Plaintiffs' claims fail, in whole or in part, to the extent Plaintiffs or Plaintiffs' assignees failed to satisfy any conditions or obligations which Plaintiffs' agreements with the Non-Anthem Defendants or their subsidiaries or affiliates (or any other agreements upon which Plaintiffs base their claims) require in order to enforce rights and benefits under the terms of the agreements.

Hogan Lovells US
LLP
Attorneys At Law

**THIRTEENTH AFFIRMATIVE DEFENSE**
**(Foreseeability)**

13.   Plaintiffs' claims fail, in whole or in part, to the extent any actions by the Non-Anthem Defendants' agents or employees which purportedly injured Plaintiffs were unforeseeable and/or outside the scope of that person's or entity's agency or employment.

**FOURTEENTH AFFIRMATIVE DEFENSE**
**(Limitations)**

14.   Plaintiffs' claims are barred, in whole or in part, to the extent that any applicable statute of limitations and/or contractual limitations period has lapsed.

**FIFTEENTH AFFIRMATIVE DEFENSE**
**(Proper Parties)**

15.   Plaintiffs' claims fail, in whole or in part, to the extent Plaintiffs failed to sue the appropriate entity.

**SIXTEENTH AFFIRMATIVE DEFENSE**
**(Accord and Satisfaction/Release)**

16.   Plaintiffs' claims are barred, in whole or in part, by the doctrine of accord and satisfaction and/or release.

**SEVENTEENTH AFFIRMATIVE DEFENSE**
**(Failure to Join Parties Under Fed. R. Civ. P. 19)**

17.   Plaintiffs' claims fail, in whole or in part, to the extent necessary and indispensable parties to this action have not been joined under Fed. R. Civ. P. 19, prohibiting this action from proceeding in equity and good conscience among the parties presently before the Court.  The Non-Anthem Defendants specifically reserve the right to implead such parties.

**EIGHTEENTH AFFIRMATIVE DEFENSE**
**(Failure to Plead with Particularity)**

18.   Plaintiffs' claims fail to the extent they are not pled with sufficient particularity under the Federal Rules of Civil Procedure.

**NINETEENTH AFFIRMATIVE DEFENSE**
**(Election of Remedies)**

19.   Plaintiffs' claims are barred, in whole or in part, by the doctrine of election of remedies.

**TWENTIETH AFFIRMATIVE DEFENSE**
**(Good Faith)**

20.   Plaintiffs' claims fail because the Non-Anthem Defendants at all times acted in good faith and in compliance with applicable state laws and regulations.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**
**(Res Judicata and Collateral Estoppel)**

21.   Plaintiffs' claims are barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**
**(Prospective Relief)**

22.   Plaintiffs' claims fail, in whole or in part, to the extent that they seek prospective relief.  The representative Plaintiffs and the members of the putative classes are not entitled to any equitable relief because they have an adequate remedy at law.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**
**(Lack of Consideration)**

23.   Plaintiffs' claims fail, in whole or in part, due to a lack of consideration.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**
**(Fraud)**

24.   Plaintiffs' claims fail, in whole or in part, to the extent fraud was committed by Plaintiffs.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**
**(Lack of Privity)**

25.   Plaintiffs' claims fail, in whole or in part, due to lack of privity with the Non-Anthem Defendants.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**
**(Vicarious Liability)**

26.   Plaintiffs' recovery is barred, in whole or in part, to the extent any damages suffered by Plaintiffs were proximately caused, in whole or in part, by persons and/or entities that are neither agents nor employees of the Non-Anthem Defendants, and no legal or factual basis exists

Hogan Lovells US
LLP
Attorneys At Law

for imposing liability upon the Non-Anthem Defendants for the acts or omissions of any such other persons and/or entities.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE
### (ERISA)

27.    The claims of certain members of the purposed classes are completely preempted by ERISA.  Certain members of the proposed classes are precluded from recovering punitive damages or attorneys' fees, pursuant to ERISA.  Plaintiffs' ERISA claims are barred because the Non-Anthem Defendants complied with the terms of the relevant ERISA plans.  Plaintiffs' claims are barred because the Non-Anthem Defendants' are not the plan "administrator" as defined by ERISA.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE
### (Culpable Conduct)

28.    Plaintiffs and members of the putative classes are barred, or any recovery should be reduced, to the extent of their own culpable conduct, including their own contributory negligence or individual acts of fraud or negligent misrepresentation.

## TWENTY-NINTH AFFIRMATIVE DEFENSE
### (Ratification)

29.    Plaintiffs were fully informed of and agreed to all material terms in any agreements between the parties, and ratified their agreements to these terms through repeated contract renewals.

## THIRTIETH AFFIRMATIVE DEFENSE
### (Freedom of Contract)

30.    Plaintiffs were free to accept the agreements between the parties and were not forced or coerced into executing said agreements.

## THIRTY-FIRST AFFIRMATIVE DEFENSE
### (No Violation of Law)

31.    Plaintiffs are not entitled to any relief because the Non-Anthem Defendants have not engaged in any conduct that is a violation of any law or regulation.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**
**(Contractual Period)**

32.    Certain injuries allegedly sustained by Plaintiffs are outside the relevant contractual period or scope.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**
**(Punitive Damages)**

33.    To the extent Plaintiffs claim exemplary or punitive damages, such awards are prohibited under the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. Alternatively, to the extent Plaintiffs claim exemplary or punitive damages, they fail to allege claims sufficient to entity them to such an award.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**
**(Reliance)**

34.    Plaintiffs' claims are barred because Plaintiffs did not rely upon any alleged misrepresentations or omissions of the Non-Anthem Defendants or, alternatively, such reliance was not reasonable or justified.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**
**(Statute of Frauds)**

35.    Plaintiffs' claims are barred by the Statue of Frauds to the extent that Plaintiffs' claims are based on oral representations.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**
**(Private Right of Action)**

36.    Plaintiffs' claims fail to the extent the statutes and regulations upon which Plaintiffs rely do not provide individuals such as Plaintiffs with a private right of action.

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**
**(Actions Contemplated by Contract)**

37.    Plaintiffs' claims fail to the extent the practices of the Non-Anthem Defendants complained of are expressly recognized, contemplated and permitted by the relevant agreements.

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**
**(Acquiescence)**

38.    Plaintiffs' claims are barred, in whole or in part, by the doctrines of actual or presumed knowledge, and/or the doctrine of acquiescence.

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW

NON- ANTHEM DEFENDANTS' ANSWER TO
FOURTH CONSOLIDATED AMENDED COMPLAINT
Case No. 15-MD-02617-LHK

1

2

### THIRTY-NINTH AFFIRMATIVE DEFENSE
### (Lack of Misrepresentation)

3

39.    Plaintiffs' claims fail, in whole or in part, due to the absence of any material

4

misrepresentations, misleading disclosures, and/or omissions made by the Non-Anthem

5

Defendants to Plaintiffs upon which Plaintiffs could have reasonably or justifiably relief.

6

### FORTIETH AFFIRMATIVE DEFENSE
### (Lack of Scienter)

7

40.    Plaintiffs' claims based on allegations of fraud, non-disclosure and/or

8

misrepresentation fail, in whole or in part, because the Non-Anthem Defendants lack the requisite

9

scienter, including specific intent and/or willfulness, necessary to establish "fraud," nondisclosure

10

and/or misrepresentation.

11

### FORTY-FIRST AFFIRMATIVE DEFENSE
### (Primary Jurisdiction)

12

13

41.    Plaintiffs' fraud and/or misrepresentation claims, or claims based on allegations of

14

fraud and/or misrepresentation, are barred, in whole or in part, under the doctrine of primary

15

jurisdiction to the extent they raise issues within the jurisdiction and special expertise of relevant

State or federal administrative agencies.

16

### FORTY-SECOND AFFIRMATIVE DEFENSE
### (Administrative Law)

17

18

42.    Plaintiffs' claims are barred, in whole or in part, to the extent they seek remedies

19

that duplicate and will disrupt, conflict, and/or interfere with complex governmental

20

administrative schemes or that will require resolution of complex and unsettled questions of State

21

administrative law.

### FORTY-THIRD AFFIRMATIVE DEFENSE
### (Filed Rate Doctrine)

22

23

43.    Plaintiffs' claims are barred, in whole or in part, by the filed rate doctrine.

24

### FORTY-FOURTH AFFIRMATIVE DEFENSE
### (Reservation of Rights)

25

26

44.    The Non-Anthem Defendants expressly and specifically reserve the right to amend

27

this Answer to add, delete, and/or modify defenses based on legal theories, facts and

28

Hogan Lovells US
LLP
Attorneys At Law

NON- ANTHEM DEFENDANTS' ANSWER TO
FOURTH CONSOLIDATED AMENDED COMPLAINT
Case No. 15-MD-02617-LHK

circumstances that may or will be divulged through further discovery and/or further legal analysis of Plaintiffs' position in this litigation.

### FORTY-FIFTH AFFIRMATIVE DEFENSE
### (Received Benefits Due)

45.    Plaintiffs have received all benefits due them under the terms of their health plans.

### FORTY-SIXTH AFFIRMATIVE DEFENSE
### (Set Off)

46.    To the extent that Plaintiffs have suffered any damages from conduct attributable to the Non-Anthem Defendants, such damages must be reduced in whole or in part by an appropriate set off where Plaintiffs also received payment for damages from third parties.

### FORTY-SEVENTH AFFIRMATIVE DEFENSE
### (Sovereign Immunity)

47.    Plaintiffs' claims are barred, in whole or part, by the doctrine of sovereign immunity, because they seek relief that affects the United States Treasury and because the effect of a judgment in this case would be, whether directly or indirectly, to restrain or compel the United States government to act or not act in a certain way.

WHEREFORE, the Non-Anthem Defendants pray for relief as follows:

1.    That Plaintiffs' FAC be dismissed with prejudice and Plaintiffs take nothing thereby;

2.    For the Non-Anthem Defendants' costs of suit and reasonable attorneys' fees incurred in this action to the extent recoverable by law; and

3.    For such other and further relief as this Court may deem just and proper.

///
///
///
///
///
///

HOGAN LOVELLS US LLP
ATTORNEYS AT LAW

Dated: March 17, 2017

Respectfully submitted,

**HOGAN LOVELLS US LLP**
CRAIG A. HOOVER
E. DESMOND HOGAN
PETER R. BISIO
ALLISON M. HOLT

By: /s/ Craig A. Hoover

Craig A. Hoover (SBN 113965)
craig.hoover@hoganlovells.com
E. Desmond Hogan (admitted *pro hac vice*)
desmond.hogan@hoganlovells.com
Peter R. Bisio (admitted *pro hac vice*)
peter.bisio@hoganlovells.com
Allison M. Holt (admitted *pro hac vice*)
allison.holt@hoganlovells.com
555 Thirteenth Street, NW
Washington, DC 20004-1109
Telephone:    (202) 637-5600
Facsimile:    (202) 637-5910

*Attorneys for Defendants Blue Cross and Blue
Shield of Alabama, USAble Mutual Insurance
Company d/b/a Arkansas Blue Cross and Blue
Shield, California Physicians' Service d/b/a
Blue Shield of California, Blue Cross and Blue
Shield of Florida, Inc. d/b/a Florida Blue,
CareFirst of Maryland, Blue Cross and Blue
Shield of Massachusetts, Inc., Blue Cross and
Blue Shield of Michigan, BCBSM, Inc., d/b/a
Blue Cross and Blue Shield of Minnesota,
Horizon Healthcare Services, Inc., Blue Cross
and Blue Shield of North Carolina, Highmark
Inc. f/k/a Highmark Health Services, and Blue
Cross and Blue Shield of Vermont
(collectively, "The Non-Anthem Defendants")*

Michael Maddigan (SBN 163450)
michael.maddigan@hoganlovells.com
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone:    (310) 785-4600
Facsimile:    (310) 785-4601

*Attorney for The Non-Anthem Defendants*

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW

- 102 -

NON- ANTHEM DEFENDANTS' ANSWER TO
FOURTH CONSOLIDATED AMENDED COMPLAINT
Case No. 15-MD-02617-LHK

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TROUTMAN SANDERS LLP**
CHAD R. FULLER

By: /s/ Chad R. Fuller

Chad R. Fuller (SBN 190830)
chad.fuller@troutmansanders.com
11682 El Camino Real, Suite 400
San Diego, CA 92130
Telephone:      (858) 509-6056
Facsimile:      (858) 509-6040

*Attorney for The Non-Anthem Defendants*

**NELSON MULLINS RILEY &
SCARBOROUGH LLP**
JOHN D. MARTIN
LUCILE H. COHEN

By: /s/ John D. Martin

John D. Martin (admitted *pro hac vice*)
john.martin@nelsonmullins.com
Lucile H. Cohen (admitted *pro hac vice*)
lucie.cohen@nelsonmullins.com
1320 Main Street, 17th Floor
Columbia, SC 29201
Telephone:      (803) 255-9241
Facsimile:      (858) 256-7500

*Attorneys for The Non-Anthem Defendants*

Hogan Lovells US
LLP
Attorneys At Law

NON- ANTHEM DEFENDANTS' ANSWER TO
FOURTH CONSOLIDATED AMENDED COMPLAINT
Case No. 15-MD-02617-LHK

1

**<u>DEMAND FOR JURY TRIAL</u>**

2

The Non-Anthem Defendants demand a trial by jury on all issues so triable.

3

4

Dated:  March 17, 2017

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

By: <u>/s/ Craig A. Hoover</u>
Craig A. Hoover
*Attorney for The Non-Anthem Defendants*

NON- ANTHEM DEFENDANTS' ANSWER TO
FOURTH CONSOLIDATED AMENDED COMPLAINT
Case No. 15-MD-02617-LHK