1

2  KIRKLAND & ELLIS LLP
   Brian P. Kavanaugh (SBN 6270046)
3  Luke C. Ruse (SBN 6296476)
   Jessica L. Staiger (SBN 6295820)
4  Tim Pickert (SBN 6313725)
   Ryan M. Lawrence (SBN 6320975)
5  300 North LaSalle Street
   Chicago, IL  60654
6  Tel:  (312) 862-2000
   Fax:  (312) 862-2200
7  brian.kavanaugh@kirkland.com
   luke.ruse@kirkland.com
8  jessica.staiger@kirkland.com
   tim.pickert@kirkland.com
9  ryan.lawrence@kirkland.com

10 *Attorneys for Defendants*
   *Blue Cross and Blue Shield of Illinois*
11 *and Blue Cross and Blue Shield of Texas,*
   *divisions of Health Care Service Corporation,*
12 *A Mutual Legal Reserve Company*

13              **UNITED STATES DISTRICT COURT**

14             **NORTHERN DISTRICT OF CALIFORNIA**

15                  **SAN JOSE DIVISION**

16 *In Re Anthem, Inc. Data Breach*          )   CASE NO. 15-MD-02617-LHK
   *Litigation*                             )
17                                          )   The Honorable Lucy H. Koh
                                            )
18                                          )   **DEFENDANTS BLUE CROSS**
                                            )   **AND BLUE SHIELD OF**
19                                          )   **ILLINOIS AND BLUE CROSS**
                                            )   **AND BLUE SHIELD OF**
20                                          )   **TEXAS'S ANSWER TO**
                                            )   **FOURTH CONSOLIDATED**
21                                          )   **AMENDED CLASS ACTION**
                                            )   **COMPLAINT**
22                                          )
                                            )   **DEMAND FOR JURY TRIAL**
23 ————————————————————

24

25

26

27

28

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Blue Cross and Blue Shield of Illinois and Blue Cross and Blue Shield of Texas, divisions of Health Care Service Corporation, a Mutual Legal Reserve Company ("HCSC") hereby makes its Answer and states its Affirmative Defenses to Plaintiffs' Fourth Consolidated Amended Class Action Complaint. Each numbered response in this Answer is made subject to the following limitations as if fully set forth therein.

Pursuant to the Court's Case Management Orders (Dkt. Nos. 326, 366) Defendants' ability to file Rule 12 motions challenging the sufficiency of the complaint was restricted to ten causes of action (the "Selected Claims"):  (1) the negligence claim on behalf of the Indiana Statewide Class; (2) the breach of contract claim against Anthem and Anthem affiliates on behalf of the California Statewide Class; (3) the California Unfair Competition Law (Cal. Bus. & Prof. Code § 17200, et seq.); (4) New York's consumer protection law (N.Y. Gen. Bus. Law §349); (5) the Georgia Insurance Information and Privacy Protection Act (Ga. Code §33-39-14, 21(b)); (6) the Kentucky Consumer Protection Act (KY. Rev. Stat. § 367.110, et. seq); (7) the Kentucky Data Breach Statute (KY. Rev. Stat. § 365.732(2), et. seq); (8) the unjust enrichment claim on behalf of the New York Statewide Class; (9) the Third Party Beneficiary Claim for Breach of Contract under Federal Law on behalf of the federal employee class; and (10) the breach of contract claim against Non-Anthem Defendants on behalf of the New Jersey Statewide Class.  Defendants' time to respond to the remaining causes of action asserted in the Fourth Consolidated Amended Class Action Complaint has been deferred by the Court.  Accordingly, Defendants have no obligation to answer or otherwise respond to allegations in the Fourth Consolidated Amended Class Action Complaint that only relate to non-Selected Claims.  HCSC reserves all of its rights with respect to the non-Selected Claims, and nothing in this Answer, including the Affirmative Defenses asserted herein, shall be construed as a waiver of HCSC's rights with respect to such claims.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

1

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

Except as expressly and specifically admitted herein, HCSC denies each and every allegation alleged in the Fourth Consolidated Amended Class Action Complaint, denies that Plaintiffs have suffered any damages by reason of any act, omission, or conduct on the part of HCSC, and further denies that Plaintiffs are entitled to the relief sought, or to any relief at all, from HCSC.  To the extent that the allegations in the Fourth Consolidated Amended Class Action Complaint include undefined terms subject to multiple potential meanings and interpretations, HCSC objects to and denies each and every such allegation, and incorporates by reference this response in each Paragraph below as if fully set forth therein. To the extent the Fourth Consolidated Amended Class Action Complaint contains allegations regarding claims, theories, or facts that have been dismissed, mooted, or otherwise rendered immaterial by any orders issued by the Court, no response is required to such allegations. Moreover, any responses in this Answer do not constitute acknowledgment or admission of the validity or relevance of such allegations. Where HCSC states that it lacks knowledge or information sufficient to form a belief about the truth of a certain allegation, HCSC reserves the right to argue that the allegation is true or false based on the evidence.  Further, where Plaintiffs' Fourth Consolidated Amended Class Action Complaint simply repeats an allegation from an earlier Complaint to which HCSC responded that it lacked knowledge or information sufficient to form a belief about the truth of that allegation, HCSC reserves the right to repeat its earlier response, in whole or in part, without taking into account facts learned during discovery.

The Table of Contents on pages i-ix of Plaintiffs' Fourth Consolidated Amended Class Action Complaint, and the corresponding section headings and subheadings (including the footnotes relating to those headings and subheadings) throughout, contain characterizations to which no response is required.  To the extent a response is deemed required, HCSC denies any allegations in the Table of Contents

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

and the section headings and subheadings in the Fourth Consolidated Amended Class Action Complaint.  Further, the section headings in this Answer exist for purposes of convenience only and are not admissions.  In response to the numbered Paragraphs of the Fourth Consolidated Amended Class Action Complaint, HCSC responds further as follows:

## I.     INTRODUCTION

1.     In 2014 and 2015, Anthem, Inc. experienced one of the largest data security breaches in history (the "Anthem Data Breach"). Cyberattackers stole the personal information of approximately 80 million Americans ("Affected Individuals").

**HCSC Response:** HCSC admits that on February 4, 2015, Anthem announced that it had been the victim of a criminal cyberattack. HCSC is without sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 1 and therefore denies the same.

2.     Despite the fact that it was storing sensitive personal information that it knew was valuable to, and vulnerable to, cyberattackers, Anthem and its fellow Defendants failed to take even the most basic security precautions that could have protected Affected Individuals' data. Instead, Anthem and other Defendants used grossly inadequate computer systems and data security practices that allowed the hackers to easily make off with Affected Individuals' personal data. Stealing this much data takes time, and there were numerous steps along the way when any company following standard IT security practices would have foiled the hackers. But Anthem and its fellow Defendants failed to take these basic precautions.

**HCSC Response:** To the extent any allegations in this Paragraph are directed to HCSC, HCSC denies the same. HCSC is without sufficient knowledge or

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

3

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

information to form a belief about the truth of the remaining allegations in this Paragraph and therefore denies the same.

3.     Anthem and its fellow Defendants placed the personal information of approximately 80 million Americans in one centralized database (the "Anthem Database"). The Anthem Database included the types of information that federal and state law requires companies to take security measures to protect: names, dates of birth, Social Security numbers, health care ID numbers, home addresses, email addresses, employment information, income data, and confidential medical records ("Personal Information"). This data should have received extra protection, not substandard protection.

**HCSC Response:** To the extent any allegations in this Paragraph are directed to HCSC, HCSC denies the same. HCSC is without sufficient knowledge or information to form a belief about the truth of the remaining allegations in this Paragraph and therefore denies the same.

4.     Defendants informed their customers and the public, including Plaintiffs and Affected Individuals, that they had privacy policies and practices that protected the confidentiality of sensitive personal information that they collect. Defendants made these privacy policies and commitments available in a variety of documents, including on Defendants' websites, and in written privacy notices provided to Plaintiffs and Affected Individuals. Defendants included these privacy policies and commitments to maintain the confidentiality of their members' sensitive information as terms of their insurance and health benefits contracts with those members, including the contracts they entered into with Plaintiffs and Affected Individuals. In these contract terms and other representations to Plaintiff and Affected Individuals and the public, Defendants promised that they would take specific measures to protect their members' information, consistent with industry standards and federal and state law. They did not.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff. Defenses to 4th Consolidated Am. Class Action Complaint Case No. 5:15-md-02617-LHK

**HCSC Response:** HCSC admits that its Notices of Privacy Practices are available on the Blue Cross and Blue Shield of Illinois and Blue Cross and Blue Shield of Texas websites. All other allegations in Paragraph 4 constitute legal conclusions or Plaintiffs' characterization of this action, which require no response. To the extent all other allegations in Paragraph 4 require a response, HCSC denies them.

5.     Having done the cyberattackers the favor of compiling the highly sensitive information of 80 million individuals in one place, Defendants failed to implement basic industry-accepted data security tools to prevent cyberattackers from accessing the Anthem Database: Defendants did not require the users of their computer systems to use a two-factor authentication procedure to enter their computer systems; Defendants did not require users to change their passwords; and Defendants allowed users to access personal information even when those users did not need to access that information for job-related purposes. Defendants also failed to encrypt the sensitive personal information within the Anthem Database. If Defendants had taken even one of these basic security steps, the cyberattackers would not have been able to access or use Affected Individuals' sensitive personal information.

**HCSC Response:** To the extent any allegations in this Paragraph are directed to HCSC, HCSC denies the same. HCSC is without sufficient knowledge or information to form a belief about the truth of the remaining allegations in this Paragraph and therefore denies the same.

6.     Any company with reasonable data security practices and procedures – especially one guarding valuable data that was a known target for cyberattackers – would monitor for a data security breach. In other words, even if a company negligently left the "bank vault" open (as Defendants did), it would still have videos monitoring the bank vault, and alarms that would go off if intruders tried to leave with the loot. However, Defendants failed to implement (or turned off) many standard

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

monitoring and alerting systems. Defendants did have some monitoring systems turned on, and those systems sent out alerts when the cyberattackers entered various parts of Defendants' computer systems and when the cyberattackers stole valuable personal information from the Anthem Database. Defendants either failed to review many of these alerts, or ignored the alerts. As time went on, the cyberattackers were stealing so much data (i.e., highly sensitive personal information) that basic information technology maintenance systems should have recognized and stopped the attack. Unfortunately, Defendants failed to properly implement those systems as well.

**HCSC Response:** To the extent any allegations in this Paragraph are directed to HCSC, HCSC denies the same. HCSC is without sufficient knowledge or information to form a belief about the truth of the remaining allegations in this Paragraph and therefore denies the same.

7.     Since the Anthem Data Breach, Affected Individuals have been repeatedly harmed. For example, Affected Individuals have had fake tax returns filed in their names, allowing criminals to abscond with their tax refunds, have had bank accounts drained, and have had credit cards or fraudulent loans taken out in their names. They have spent countless hours filing police reports and poring over credit reports to combat identity theft, but new fraud is still being perpetrated against them using the sensitive information taken during the Anthem Data Breach. Many are now paying monthly or annual fees for identity theft and credit monitoring services. Now that their sensitive personal information (e.g., their Social Security numbers, dates of birth, and home addresses) has been released, Affected Individuals must worry about being victimized throughout the rest of their lives.

**HCSC Response:** Paragraph 7 sets forth Plaintiffs' characterization of this action, which requires no response.  To the extent Paragraph 7 contains allegations requiring a response, HCSC denies that any alleged harm Plaintiffs have experienced was caused by the cyberattack on Anthem.

Def. HCSC's Ans.and Aff. Defenses to 4th Consolidated Am. Class Action Complaint Case No. 5:15-md-02617-LHK

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

8.      Because Defendants failed to provide even minimally adequate computer systems and data security practices, Affected Individuals are forced to suffer the consequences. This Court must hold Defendants accountable.

**HCSC Response:** To the extent any allegations in this Paragraph are directed to HCSC, HCSC denies the same. HCSC is without sufficient knowledge or information to form a belief about the truth of the remaining allegations in this Paragraph and therefore denies the same.

## II.      JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(d)(2) because this is a class action wherein the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, there are more than 100 members in each of the proposed classes, and at least one member of the class of Plaintiffs is a citizen of a state different from a Defendant. The Court also has subject matter jurisdiction over this action under 28 U.S.C. § 1331 because the action includes a claim arising under federal law, the Federal Employee Plaintiffs' and Class Members' third-party beneficiary claim for breach of contract.

**HCSC Response:** Paragraph 9 sets forth legal conclusions that require no response. To the extent a response is required, HCSC does not dispute the jurisdiction of the Court to hear this matter.

10.      This Court has personal jurisdiction over Defendants because Defendants conduct business in the state of California.

**HCSC Response:** Paragraph 10 sets forth legal conclusions that require no response. To the extent a response is required, HCSC does not dispute the Court's exercise of personal jurisdiction over it.

11.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) based on the transfer order of the Judicial Panel on Multidistrict Litigation. Venue was proper in this Court with respect to the actions originally filed in this Court pursuant to 28

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff. Defenses to 4th Consolidated Am. Class Action Complaint Case No. 5:15-md-02617-LHK

U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in, was directed to, and/or emanated from this District.

**HCSC Response:** Paragraph 11 sets forth legal conclusions that require no response. To the extent a response is required, HCSC does not dispute venue in this judicial district.

### III.   PARTIES

**A.   Plaintiffs**

### <u>Alabama</u>

12.   Plaintiff Cindy Chadwick is a former citizen and resident of the State of Alabama and current citizen and resident of the State of Tennessee. Ms. Chadwick was enrolled in a Blue Cross Blue Shield of Georgia health plan and paid premiums on a regular basis. Anthem and Blue Cross Blue Shield of Georgia collected and received Ms. Chadwick's Personal Information, which Anthem maintained in its database. Ms. Chadwick received a letter from Anthem informing her that her Personal Information may have been compromised as a result of the Anthem data breach. After being notified of the breach, Ms. Chadwick placed credit freezes on her credit reports with the three major U.S. consumer credit reporting agencies in order to detect potential identity theft and fraudulent activity. In order to have the fee waived for placing the credit freezes on her reports, Ms. Chadwick was required to file a police report regarding the breach. As a result of the Anthem data breach, Ms. Chadwick has spent numerous hours monitoring her bank and credit accounts and addressing issues arising from the Anthem data breach.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 12, and therefore denies the same.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff. Defenses to 4th Consolidated Am. Class Action Complaint Case No. 5:15-md-02617-LHK

**Arizona**

13.    Plaintiff Pearl Bruno is a citizen and resident of the State of Arizona. Ms. Bruno was enrolled in a Blue Cross and Blue Shield of Georgia, Inc. health plan and paid premiums on a regular basis. Blue Cross and Blue Shield of Georgia, Inc. and Anthem collected and received Ms. Bruno's Personal Information, which Anthem maintained in its database. Ms. Bruno received a letter from Anthem informing her that her Personal Information may have been compromised as a result of the Anthem Data Breach. Ms. Bruno now engages in monthly monitoring of her credit and her bank accounts. As a result of the Anthem breach, Ms. Bruno has spent numerous hours addressing issues arising from the Anthem data breach.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 13, and therefore denies the same.

**California**

14.    Plaintiff Daniel Randrup is a citizen and resident of the State of California. Mr. Randrup was employed by San Joaquin County Office of Education and was enrolled in a health plan through the Self-Insured Schools of California, that was administered by Anthem Blue Cross Life and Health Insurance Company and BlueCross of California, Inc., d/b/a Anthem Blue Cross of California, and paid premiums on a regular basis. Anthem Blue Cross Life and Health Insurance Company, Anthem Blue Cross of California, and Anthem collected and received Mr. Randrup's Personal Information, which Anthem maintained in its database. Mr. Randrup received a letter from Anthem and his employer informing him that his information may have been compromised as a result of the Anthem data breach. Mr. Randrup subsequently received notification from the California Franchise Tax Board stating that he owed thousands of dollars in additional withholding tax based on a tax return that Mr. Randrup did not file. As a result, Mr. Randrup was forced to submit affidavits

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

to the IRS and California Franchise Tax Board, file a police report, file a report with the Federal Trade Commission, and spend significant time and effort attempting to resolve the issue. Mr. Randrup still has not received his expected 2014 tax return payment. As a result of the Anthem breach, Mr. Randrup has spent numerous hours addressing issues relating to his tax fraud, monitoring his accounts, and addressing issues arising from the Anthem data breach.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 14, and therefore denies the same.

15.     Plaintiff Mary Ella Carter, on behalf of her minor daughter T., is a citizen and resident of the State of California. Ms. Carter was enrolled in a Blue Cross of California, Inc. d/b/a Anthem Blue Cross of California health plan through her husband's employer, a California county, and paid premiums on a regular basis. Blue Cross of California and Anthem collected and received Ms. Carter and her family's Personal Information, which Anthem maintained in its database. In approximately March, 2015, Ms. Carter received notification from All-Clear ID that her minor daughter's Social Security Number had been compromised. She contacted All-Clear ID for assistance, but they were unable to provide Ms. Carter with any guidance to protect her daughter's Personal Information. As a result of the Anthem breach, Ms. Carter placed credit freezes on her daughter's credit reports with U.S. consumer credit reporting service TransUnion in order to detect potential additional identity theft and fraudulent activity. As a result of the Anthem breach, Ms. Carter has spent her own money and numerous hours addressing issues arising from the Anthem data breach.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 15, and therefore denies the same.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff. Defenses to 4th Consolidated Am. Class Action Complaint Case No. 5:15-md-02617-LHK

16.     Plaintiff Kenneth Coonce is a citizen and resident of the State of California. Mr. Coonce was enrolled in Blue Cross of California, Inc. d/b/a Anthem Blue Cross of California health plan and paid premiums on a regular basis. Blue Cross of California and Anthem collected and received Mr. Coonce's Personal Information, which Anthem maintained in its database. Mr. Coonce received a letter from Anthem in March 2015 informing him that his personal information may have been compromised as a result of the Anthem breach. In September 2015, Mr. Coonce was notified by his credit union's fraud department that his debit card number had been stolen and used for unauthorized charges. Mr. Coonce was forced to submit numerous forms to the credit union and to file a police report in order to reverse the charges, and spent hours on the phone and in person with the bank's customer representatives as well as additional time filling out a police report. Mr. Coonce pays approximately $312 annually for identity theft and credit monitoring services in order to monitor for identity theft and fraudulent activity resulting from the Anthem breach. As a result of the Anthem breach, Mr. Coonce has spent numerous hours addressing issues arising from the Anthem data breach

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 16, and therefore denies the same.

17.     Plaintiff Steve Kawai is a citizen and resident of the State of California. Mr. Kawai was employed by the State of California and enrolled in a CALPERS health plan administered by Anthem Blue Cross Life and Health Insurance Company and Blue Cross of California, Inc., d/b/a Anthem Blue Cross of California, and paid premiums on a regular basis. Anthem Blue Cross Life and Health Insurance Company, Blue Cross of California, and Anthem collected and received Mr. Kawai's personal information, which Anthem maintained in its database. Mr. Kawai received an e-mail from CalPERS, the administrator of his health insurance plan, informing him that his

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

information may have been compromised as a result of the Anthem data breach. As a result of the Anthem breach, Mr. Kawai has spent numerous hours monitoring his accounts and addressing issues arising from the Anthem data breach.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 17, and therefore denies the same.

18.    Plaintiff Kenneth Solomon is a citizen and resident of the State of California. Mr. Solomon was enrolled in an Anthem Blue Cross Life and Health Insurance Company Individual PPO and an Anthem Blue Cross Life and Health Insurance Company Class F Medicare Supplement health plan that he purchased independently and paid premiums for on a regular basis. Anthem Blue Cross Life and Health Insurance Company and Anthem collected and received Mr. Solomon's Personal Information, which Anthem maintained in its database. Mr. Solomon received a letter from Anthem informing him that his Personal Information may have been compromised as a result of the Anthem breach. As a result of the Anthem breach, Mr. Solomon has spent numerous hours addressing issues arising from the Anthem data breach.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 18, and therefore denies the same.

19.    Plaintiffs Joseph and Karen Jo Blanchard are citizens and residents of the State of California. Mr. and Mrs. Blanchard were enrolled in a Health Care Service Corporation d/b/a Blue Cross and Blue Shield of Texas health plan and paid premiums on a regular basis. Health Care Service Corporation d/b/a/ Blue Cross and Blue Shield of Texas and Anthem collected and received Mr. and Mrs. Blanchard's Personal Information, which Anthem maintained in its database. Mrs. Blanchard received a letter from Anthem informing her that her Personal Information may have been

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

compromised as a result of the Anthem breach. Later, Mrs. Blanchard received an email from Anthem/AllClear addressed to her husband, Joseph Blanchard, which stated "Anthem is truly sorry for any inconvenience caused by the incident" and invited him to sign up for credit monitoring. Following announcement of the Anthem breach, at least 10 credit cards or credit accounts were opened or attempted to be opened in Mr. Blanchard's name and using his Personal Information. In most instances, hundreds or thousands of dollars were charged on the credit cards and Mr. Blanchard had to personally dispute every charge by making phone calls, submitting affidavits, sending identification, and filing police reports at his expense. Because of the rampant fraud on Mr. Blanchard's accounts, Mr. Blanchard's credit card company denied him an increase in his credit limit during the middle of a home remodel. Additionally, Mr. Blanchard's near-perfect credit score decreased by approximately 130 points. Mr. Blanchard placed credit freezes on his credit reports with the three major U.S. consumer credit reporting agencies in order to detect potential identity theft and fraudulent activity. As a result of the Anthem breach, Mr. and Mrs. Blanchard have spent dozens of hours addressing credit fraud, monitoring their accounts, and addressing issues arising from the Anthem data breach.

**HCSC Response:** HCSC admits that its records indicate that Plaintiffs Joseph and Karen Jo Blanchard were enrolled in a health plan to which Blue Cross and Blue Shield of Texas provided certain administrative services. HCSC admits Blue Cross and Blue Shield of Texas collected and received certain of Mr. and Mrs. Blanchard's personal information. HCSC denies that any alleged harm Mr. and Mrs. Blanchard experienced was caused by the cyberattack on Anthem, and is without sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 19, and therefore denies the same.

20.     Plaintiff Lillian Brisko is a citizen and resident of the State of California. Ms. Brisko was enrolled in a Blue Shield of California health plan and paid premiums

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

on a regular basis. Blue Shield of California and Anthem collected and received Ms. Brisko's Personal Information, which Anthem maintained in its database. Ms. Brisko received a letter from Anthem informing her that her Personal Information may have been compromised as a result of the Anthem breach. An Anthem customer representative later confirmed to Ms. Brisko that her Personal Information was in fact compromised. Ms. Brisko and her husband received a letter from the IRS requesting them to verify their identities for their 2014 tax return. Ms. Brisko was later informed by an IRS agent that someone had filed a false tax return in her name using her Personal Information. After contacting the consumer reporting agencies, Ms. Brisko learned that someone had also fraudulently taken out a $3,000 loan in her name from a Check 'n Go store in another city. As a result, Ms. Brisko and her husband were forced to travel to the IRS offices, submit affidavits to the IRS, file a police report, file a complaint with the Federal Trade Commission, and submit extensive documentation to the lending company. Ms. Brisko spent $82.15 in unreimbursed notary fees, USPS fees and FedEx fees to address these issues. As a result of the Anthem breach, Ms. Brisko has spent over 200 hours addressing issues relating to her tax and credit fraud, monitoring her accounts, and addressing issues arising from the Anthem data breach.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 20, and therefore denies the same.

21.     Plaintiff Alvin Lawson is a citizen and resident of the State of California. Mr. Lawson was enrolled in a Blue Cross Blue Shield Association Federal Employee PPO health plan through his wife's employer, the U.S. Postal Service, and paid premiums on a regular basis. The Blue Cross Blue Shield Association and Anthem collected and received Mr. Lawson's Personal Information, which Anthem maintained in its database. Mr. Lawson received a letter from Anthem informing him that his Personal Information may have been compromised as a result of the Anthem breach.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

As a result of the Anthem breach, Mr. Lawson has spent numerous hours monitoring his accounts and addressing issues arising from the Anthem data breach.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 21, and therefore denies the same.

### Colorado

22.    Plaintiff James Schatzman is a citizen and resident of the State of Colorado. Mr. Schatzman was enrolled in an Anthem Blue Cross Blue Shield health plan and paid premiums on a regular basis. Anthem Blue Cross Blue Shield and Anthem collected and received Mr. Schatzman's Personal Information, which Anthem maintained in its database. Mr. Schatzman subsequently received a letter from the IRS informing him that someone had filed a false tax return in his name using his Personal Information. The IRS informed Mr. Schatzman the suspicious tax return was likely a result of the Anthem data breach. Mr. Schatzman's $7,000 tax refund was delayed for 6 months. As a result of the Anthem data breach, Mr. Schatzman has spent numerous hours addressing issues arising from the Anthem data breach.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 22, and therefore denies the same.

### Connecticut

23.    Plaintiff Janet Brunton is a citizen and resident of the State of Connecticut. Ms. Brunton was enrolled in an AT&T East Bargained Employee Medical Program health plan that was administered by Health Care Service Corporation d/b/a Blue Cross and Blue Shield of Illinois and Ms. Brunton paid premiums on a regular basis. Health Care Service Corporation d/b/a Blue Cross and Blue Shield of Illinois and Anthem collected and received Ms. Brunton's Personal Information, which Anthem maintained in its database. Ms. Brunton also was enrolled

15

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

in an Anthem Health Plans, Inc. insurance plan, and paid premiums on a regular basis. Anthem Health Plans, Inc. and Anthem collected and received Ms. Brunton's Personal Information, which Anthem maintained in its database. Ms. Brunton received a letter from Anthem informing her that her Personal Information may have been compromised as a result of the Anthem data breach. Ms. Brunton subsequently received notice from her tax preparer that the IRS had received a false tax return filed in Ms. Brunton's name using her Personal Information. Ms. Brunton's approximately $10,000 tax return was delayed four months. As a result of the Anthem breach, Ms. Brunton has spent numerous hours addressing issues arising from the Anthem data breach.

**HCSC Response:** HCSC admits that its records indicate that Plaintiff Janet Brunton was enrolled in an AT&T East Bargained Employee Medical Program health plan to which Blue Cross and Blue Shield of Illinois provided certain administrative services. HCSC admits Blue Cross and Blue Shield of Illinois collected and received certain of Ms. Brunton's personal information. HCSC denies that any alleged harm Ms. Brunton experienced was caused by the cyberattack on Anthem, and is without sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 23, and therefore denies the same.

24.     Plaintiff Kimberly Kos-Williams is a citizen and resident of the State of Connecticut. Ms. Kos-Williams was enrolled in an Anthem Health Plans, Inc. d/b/a Anthem Blue Cross and Blue Shield of Connecticut health plan that she purchased directly from Anthem, and paid premiums on a regular basis. Blue Cross and Blue Shield of Connecticut and Anthem collected and received Ms. Kos-Williams's Personal Information, which Anthem maintained in its database. Ms. Kos-Williams, her husband, and her two sons received a letter from Anthem informing them that their Personal Information may have been compromised as a result of the Anthem breach. In or about April of 2015, Ms. Kos-Williams and her husband learned from

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

the IRS that a false tax return had been filed in their names using their Personal Information. Ms. Kos-Williams and her husband were forced to submit affidavits to the IRS, file a complaint with the Federal Trade Commission, and report the fraudulent return to the State of Connecticut. Their 2014 tax refund was delayed until approximately May 2015. As a result of the Anthem breach, Ms. Kos-Williams has spent numerous hours addressing issues arising from the Anthem data breach.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 24, and therefore denies the same.

25.     Plaintiff Gary Lasneski is a citizen and resident of the State of Connecticut. Mr. Lasneski was enrolled in Anthem Health Plans, Inc. d/b/a Anthem Blue Cross and Blue Shield of Connecticut PPO health plan and an Anthem Health Plans, Inc. d/b/a Anthem Blue Cross and Blue Shield of Connecticut HMO health plan that he purchased independently and paid premiums for on a regular basis. Blue Cross and Blue Shield of Connecticut and Anthem collected and received Mr. Lasneski's Personal Information, which Anthem maintained in its database. Mr. Lasneski received a letter from Anthem informing him that his Personal Information may have been compromised as a result of the Anthem breach. Mr. Lasneski subsequently received a letter from the IRS indicating that someone had tried to file a false tax return in his name using his Personal Information. Mr. Laneski also received letters from Best Buy, Office Depot, and Capitol One indicating that someone was trying to open credit accounts in his name using his Personal Information including his name, address, Social Security number and other personally-identifiable information. As a result, Mr. Lasneski has placed extended fraud alerts on his credit reports with the three major U.S. consumer credit reporting agencies in order to detect potential identity theft and fraudulent activity. Because of the fraud tied to Mr. Lasneski's accounts, Mr. Lasneski has been delayed in getting approval for small business loans

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

relating to his business. As a result of the Anthem breach, Mr. Lasneski has spent numerous hours addressing fraudulent activity, monitoring his accounts, and addressing issues arising from the Anthem data breach.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 25, and therefore denies the same.

26.   Plaintiff Ralph Staffieri is a citizen and resident of the State of Connecticut. Mr. Staffieri was enrolled in an Anthem Blue Cross Blue Shield Association Federal health plan through his employer, the federal government, and paid premiums on a regular basis. The Blue Cross Blue Shield Association and Anthem collected and received Mr. Staffieri's Personal Information, which Anthem maintained in its database. Mr. Staffieri received a letter from Anthem informing him that his Personal Information may have been compromised as a result of the Anthem breach. As a result of the Anthem breach, Mr. Staffieri has spent numerous hours monitoring his accounts and addressing issue arising from the Anthem data breach.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 26, and therefore denies the same.

27.   Plaintiff Jessica Holguin is a citizen and resident of the State of Connecticut. Ms. Holguin was enrolled in a Blue Cross and Blue Shield of Vermont health plan and paid premiums on regular basis. Ms. Holguin's father, who was enrolled in the same health plan, received a letter from Anthem informing him that his Personal Information may have been compromised as a result of the Anthem breach. Ms. Holguin subsequently contacted the U.S. Department of Education to update her student loan account information and learned that the Department had received a check for $5,000 from an IRS federal tax return that was fraudulently filed in Ms. Holguin's name. Ms. Holguin contacted the IRS and confirmed that a false tax return

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

had been filed in her name using her Personal Information. Ms. Holguin was advised by the IRS that when she filed her 2014 tax return it would take approximately 180 days to receive her anticipated $9,000 refund, which she still has not received. Ms. Holguin, who has two young children, intended to use her anticipated 2014 tax refund to help pay for her family's living expenses and is now experiencing financial difficulties due to the lengthy delay in receiving her tax refund as a result of the fraudulent filing. As a result of the Anthem breach, Ms. Holguin has spent over 50 hours addressing issues relating to tax fraud, monitoring her accounts, and addressing issues arising from the Anthem data breach.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 27, and therefore denies the same.

## Delaware

28.     Danielle DiFonzo is a citizen and resident of the State of Delaware. Ms. DiFonzo was enrolled in an Anthem Health Plans, Inc. d/b/a Anthem Blue Cross and Blue Shield of Connecticut health plan and paid premiums on a regular basis. Anthem Blue Cross and Blue Shield of Connecticut and Anthem collected and received Ms. DiFonzo's Personal Information, which Anthem maintained in its database. Following announcement of the Anthem breach, fraudsters attempted to open numerous credit applications in Ms. DiFonzo's name and using her Personal Information. At least one attempt was successful and Ms. DiFonzo spent considerable time and effort addressing the issue, including taking a trip to the state police office to report the fraud. Mr. DiFonzo pays approximately $120 annually for identity theft and credit monitoring services in order to monitor for identity theft and fraudulent activity resulting from the Anthem breach. As a result of the Anthem breach, Ms. DiFonzo has spent numerous hours monitoring her accounts and addressing issues arising from the Anthem data breach.

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 28, and therefore denies the same.

<u>**Florida**</u>

29.      Plaintiff Glenn Kahn is a citizen and resident of the State of Florida. Mr. Kahn was enrolled in an Anthem Blue Cross Life and Health Insurance Company health plan and paid premiums on a regular basis. Anthem Blue Cross Life and Health Insurance Company and Anthem collected and received Mr. Kahn's Personal Information, which Anthem maintained in its database. Mr. Kahn received a letter from Anthem informing him that his Personal Information may have been compromised as a result of the Anthem data breach. As a result of the Anthem data breach, Mr. Kahn has spent numerous hours addressing issues arising from the Anthem data breach.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 29, and therefore denies the same.

30.      Plaintiff Gerald Keaton is a citizen and resident of the State of Florida. Mr. Keaton was enrolled in a BlueCross and BlueShield of Georgia, Inc. health plan and paid premiums on a regular basis. BlueCross and BlueShield of Georgia and Anthem collected and received Mr. Keaton's Personal Information, which Anthem maintained in its database. Mr. Keaton received a letter from Anthem informing him that his personal information may have been compromised as a result of the Anthem breach. Mr. Keaton subsequently received a letter from the IRS informing him that someone had filed a false tax return in his name using his Personal Information. As a result of the Anthem breach, Mr. Keaton and his wife were forced to submit affidavits to the IRS and take additional trips to their accountant's office to file paper tax returns. Their 2014 tax return payment was delayed until approximately July 2015 and

Def. HCSC's Ans.and Aff. Defenses to 4th Consolidated Am. Class Action Complaint Case No. 5:15-md-02617-LHK

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

they are forced to file paper returns for at least the next two years. As a result of the Anthem breach, Mr. Keaton has spent numerous hours addressing issues arising from the Anthem data breach.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 30, and therefore denies the same.

31.     Plaintiff John McAffry is a citizen and resident of the State of Florida. Mr. McAffry was enrolled in a state-sponsored Community Insurance Company d/b/a Anthem Blue Cross and Blue Shield health plan through his employer, the City of Cincinnati, and paid premiums on a regular basis Anthem Blue Cross and Blue Shield and Anthem collected and received Mr. McAffry's Personal Information, which Anthem maintained in its database. Mr. McAffry received notice via his personal Anthem online insurance portal informing him that his Personal Information may have been compromised as a result of the Anthem breach. Mr. McAffry pays approximately $120 annually for identity theft and credit monitoring services in order to monitor for identity theft and fraudulent activity resulting from the Anthem breach. As a result of the Anthem breach, Mr. McAffry has spent numerous hours addressing issues arising from the Anthem data breach.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 31, and therefore denies the same.

32.     Plaintiff Charles Platt is a citizen and resident of the State of Florida. Mr. Platt was enrolled in a Blue Cross and Blue Shield of Florida Blue Options health plan that he purchased independently and paid premiums for on a regular basis. Blue Cross and Blue Shield of Florida and Anthem collected and received Mr. Platt's Personal Information, which Anthem maintained in its database. Mr. Platt received a letter from Blue Cross and Blue Shield of Florida and Anthem informing him that his Personal

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

Information may have been compromised as a result of the Anthem breach. As a result of the Anthem breach, Mr. Platt has spent numerous hours addressing issues arising from the Anthem data breach.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 32, and therefore denies the same.

## Georgia

33.     Plaintiff John Thomas, II is a citizen and resident of the State of Georgia. Mr. Thomas was enrolled in a Blue Cross and Blue Shield of Georgia, Inc. and Blue Cross and Blue Shield Healthcare Plan of Georgia, Inc. PPO state health benefit plan through his employer, a county school board, and paid premiums on a regular basis. Blue Cross and Blue Shield of Georgia, Blue Cross and Blue Shield Healthcare Plan of Georgia, and Anthem collected and received Mr. Thomas's Personal Information, which Anthem maintained in its database. Mr. Thomas received a letter from Anthem informing him that his Personal Information may have been compromised as a result of the Anthem breach. Mr. Thomas's wife subsequently received a letter from the IRS informing them that someone had attempted to file a false tax return in their names using their Personal Information. As a result of the Anthem breach, Mr. Thomas and his wife have spent numerous hours addressing issues arising from the Anthem data breach.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 33, and therefore denies the same.

34.     Plaintiff Lauren Roberts is a citizen and resident of the State of Georgia. Ms. Roberts was enrolled in a BCBSM, Inc. d/b/a/ Blue Cross and Blue Shield of Minnesota health plan and paid premiums on a regular basis. Blue Cross and Blue Shield of Minnesota and Anthem collected and received Ms. Roberts's Personal

Def. HCSC's Ans.and Aff. Defenses to 4th Consolidated Am. Class Action Complaint Case No. 5:15-md-02617-LHK

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Information, which Anthem maintained in its database. Ms. Roberts was also enrolled in a Blue Cross and Blue Shield of Georgia, Inc. health plan and paid premiums on a regular basis. Blue Cross and Blue Shield of Georgia and Anthem collected and received Ms. Roberts's Personal Information, which Anthem maintained in its database. Ms. Roberts received a letter from Anthem informing her that her Personal Information may have been compromised as a result of the Anthem breach. In February 2015, Ms. Roberts received a letter from the health insurance marketplace indicating that someone had fraudulently opened a health insurance policy in her name using her Personal Information. Ms. Roberts spent significant time and effort attempting to cancel the fraudulent policy that was taken out in her name. Ms. Roberts pays approximately $180 annually for identity theft and credit monitoring services in order to monitor for identity theft and fraudulent activity resulting from the Anthem breach. As a result of the Anthem breach, Ms. Roberts has spent numerous hours addressing issues arising from the Anthem data breach.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 34, and therefore denies the same.

35.    Plaintiff Karen Coppedge is a citizen and resident of the State of Georgia. Ms. Coppedge was enrolled in a health plan that was administered by Anthem Blue Cross Life and Health Insurance Company and Blue Cross of California, Inc., d/b/a Anthem Blue Cross of California, and paid premiums on a regular basis. Anthem Blue Cross Life and Health Insurance Company, Anthem Blue Cross of California and Anthem collected and received Ms. Coppedge's Personal Information, which Anthem maintained in its database. Ms. Coppedge, her husband, and her four daughters received letters from Anthem informing them that their Personal Information may have been compromised as a result of the Anthem breach. As a result of the Anthem

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

breach, Ms. Coppedge has spent numerous hours addressing issues arising from the Anthem data breach.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 35, and therefore denies the same.

36.     Plaintiff Allison Swank is a citizen and resident of the State of Georgia. Ms. Swank was enrolled in a state-sponsored Blue Cross and Blue Shield of Georgia, Inc. and Blue Cross and Blue Shield Healthcare Plan of Georgia, Inc. through her employer, a Georgia public school, and paid premiums on a regular basis. Blue Cross and Blue Shield of Georgia, Inc., Blue Cross and Blue Shield Healthcare Plan of Georgia, Inc., Anthem collected and received Ms. Swank's Personal Information, which Anthem maintained in its database. Ms. Swank received an email and a subsequent letter from Anthem informing her that her Personal Information may have been compromised as a result of the Anthem breach. As a result of the Anthem breach, Ms. Swank has spent numerous hours addressing issues arising from the Anthem data breach.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 36, and therefore denies the same.

37.     Plaintiff Kevin Donnelly is a citizen and resident of the State of Georgia. Mr. Donnelly was enrolled in a Community Insurance Company d/b/a Anthem Blue Cross and Blue Shield of Ohio health plan and paid premiums on a regular basis. Community Insurance Company and Anthem collected and received Mr. Donnelly's Personal Information, which Anthem maintained in its database. Mr. Donnelly received a letter from Anthem informing him that his Personal Information may have been compromised as a result of the Anthem breach. Additionally, Mr. Donnelly suffered from extensive identity theft when someone opened a fraudulent company in

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

his name using his Personal Information. As a result of the Anthem breach, Mr. Donnelly was forced to file police reports for the identity theft, freeze his wife's and his credit reports with the three major U.S. consumer credit reporting agencies in order to detect potential additional identity theft and fraudulent activity, and assist the Georgia Attorney General's office with the dissolution of the fraudulently created corporation. As a result of the Anthem breach, Mr. Donnelly has spent numerous hours addressing issues arising from the Anthem data breach.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 37, and therefore denies the same.

38.    Plaintiff Harold Lott is a citizen and resident of the State of Georgia. Mr. Lott was enrolled in a Blue Cross and Blue Shield of Georgia, Inc. health plan through Medicare and paid premiums on a regular basis. Blue Cross and Blue Shield of Georgia and Anthem collected and received Mr. Lott's Personal Information, which Anthem maintained in its database. Mr. Lott contacted Anthem after seeing a story on the news about the breach, and Anthem informed him that his information had been compromised. As a result of the Anthem breach, Mr. Lott has spent numerous hours addressing issues arising from the Anthem data breach.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 38, and therefore denies the same.

### Idaho

39.    Plaintiff Cynthia Kelley is a citizen and resident of the State of Idaho. Ms. Kelley was enrolled in an Anthem Blue Cross Life and Health Insurance Company and Anthem health plan through the Motion Picture Industry Pension & Health Plans. Ms. Kelley was notified of the Anthem breach through the Motion Picture Industry Pension and Health Plans website. As a result of the Anthem breach,

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Ms. Kelley spent significant time monitoring her accounts and took trips to her bank two hours away in order to put blocks on her accounts. Ms. Kelley pays approximately $302 annually for identity theft and credit monitoring services in order to monitor for identity theft and fraudulent activity resulting from the Anthem breach. As a result of the Anthem breach, Ms. Kelley has spent numerous hours monitoring her accounts and addressing issues arising from the Anthem data breach.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 39, and therefore denies the same.

## **Illinois**

40.    Plaintiff Mary Wicklund is a citizen and resident of the State of Illinois. Ms. Wicklund was enrolled in a group health plan administered by Health Care Service Corporation d/b/a Blue Cross and Blue Shield of Illinois, for which she paid premiums on a regular basis. Health Care Service Corporation d/b/a Blue Cross and Blue Shield of Illinois and Anthem collected and received Ms. Wicklund's Personal Information, which Anthem maintained in its database. Ms. Wicklund received a letter from Anthem informing her that her Personal Information may have been compromised as a result of the Anthem data breach. As a result of the Anthem breach, Ms. Wicklund has spent numerous hours addressing issues arising from the Anthem data breach.

**HCSC Response:** HCSC admits that its records indicate that Plaintiff Mary Wicklund was enrolled in a group health plan to which Blue Cross and Blue Shield of Illinois provided certain administrative services, and that she paid premiums. HCSC admits Blue Cross and Blue Shield of Illinois collected and received certain of Ms. Wicklund's personal information. HCSC is without sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 40, and therefore denies the same.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

41.    Plaintiff David Klemer is a citizen and resident of the State of Illinois. Mr. Klemer was enrolled in a Health Care Service Corporation d/b/a Blue Cross and Blue Shield of Illinois – Blue Advantage HMO health plan and his wife paid premiums on a regular basis. Prior to that, Mr. Klemer was enrolled in a Blue Cross Blue Shield of Wisconsin d/b/a Anthem Blue Cross and Blue Shield of Wisconsin health plan through his employer, a government entity, and paid premiums on a regular basis. Health Care Service Corporation d/b/a Blue Cross and Blue Shield of Illinois and Anthem collected and received Mr. Klemer's Personal Information, which Anthem maintained in its database. Mr. Klemer and his wife received a letter from Anthem informing them that their Personal Information may have been compromised as a result of the Anthem breach. Mr. Klemer and his wife subsequently received a letter from the IRS informing them that someone had filed a false tax return in their name using their Personal Information. Mr. Klemer and his wife's tax refund of approximately $580 was delayed two months. As a result of the Anthem breach, Mr. Klemer has spent numerous hours addressing issues arising from the Anthem data breach.

**HCSC Response:** HCSC admits that its records indicate that Plaintiff David Klemer was enrolled in a Blue Cross and Blue Shield of Illinois – Blue Advantage HMO health plan and that premiums were paid in association with that membership. HCSC admits Blue Cross and Blue Shield of Illinois collected and received certain of Mr. Klemer's personal information. HCSC denies that any alleged harm Mr. Klemer experienced was caused by the cyberattack on Anthem, and is without sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 41, and therefore denies the same.

42.    Plaintiff Nadine Foster is a citizen and resident of the State of Illinois. Mrs. Foster was enrolled in Unicare Life & Health Insurance Company insurance and paid premiums on a regular basis. Unicare and Anthem collected and received Mrs.

Def. HCSC's Ans.and Aff. Defenses to 4th Consolidated Am. Class Action Complaint Case No. 5:15-md-02617-LHK

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Foster's Personal Information, which Anthem maintained in its database. Mrs. Foster's husband and two of her daughters received letters from Anthem informing them that their Personal Information may have been compromised as a result of the Anthem data breach. Mrs. Foster subsequently received a notice from the IRS informing her that her name and Social Security Number were compromised. Mrs. Foster and her husband were forced to file police reports, sign Federal Trade Commission affidavits, and file their taxes by mail. As a result of the Anthem data breach, Mrs. Foster has spent numerous hours addressing issues arising from the Anthem data breach.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 42, and therefore denies the same.

43.     Plaintiff Cynthia Reichrath is a citizen and resident of the State of Illinois. Ms. Reichrath was enrolled in a HealthLink, Inc. State of Illinois health plan through her husband's employer, the State of Illinois Department of Corrections, and paid premiums on a regular basis. HealthLink and Anthem collected and received Ms. Reichrath's Personal Information, which Anthem maintained in its database. Ms. Reichrath received a letter from Anthem informing her that her Personal Information may have been compromised as a result of the Anthem breach. As a result of the Anthem breach, Ms. Reichrath has spent numerous hours monitoring her accounts and addressing issues arising from the Anthem data breach.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 43, and therefore denies the same.

44.     Plaintiff Wanda Pratt is a citizen and resident of the State of Illinois. Ms. Pratt was enrolled in a Health Care Service Corporation d/b/a Blue Cross and Blue Shield of Illinois PPO health plan and paid premiums on a regular basis. Health Care

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

Service Corporation d/b/a Blue Cross and Blue Shield of Illinois and Anthem collected and received Ms. Pratt's Personal Information, which Anthem maintained in its database. Ms. Pratt received a letter from Anthem and Blue Cross Blue Shield of Illinois informing her that her Personal Information may have been compromised as a result of the Anthem breach. Ms. Pratt pays approximately $360 annually for identity theft and credit monitoring services in order to monitor for identity theft and fraudulent activity resulting from the Anthem breach. As a result of the Anthem breach, Ms. Pratt has spent numerous hours monitoring her accounts and addressing issues arising from the Anthem data breach.

**HCSC Response:** HCSC admits that its records indicate that Plaintiff Wanda Pratt was enrolled in a PPO health plan to which Blue Cross and Blue Shield of Illinois provided certain administrative services. HCSC admits Blue Cross and Blue Shield of Illinois collected and received certain of Ms. Pratt's personal information. HCSC denies that any alleged harm Ms. Pratt experienced was caused by the cyberattack on Anthem, and is without sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 44, and therefore denies the same.

## **Indiana**

45.    Plaintiff Brent Harris is a citizen and resident of the State of Indiana. Mr. Harris was enrolled in an Anthem Insurance Companies, Inc. d/b/a Anthem Blue Cross and Blue Shield of Indiana/Bronze Pathway X HMO health plan that he purchased individually, and paid premiums for on a regular basis. Anthem and Anthem Blue Cross Blue Shield of Indiana collected and received Mr. Harris's Personal Information, which Anthem maintained in its database. Mr. Harris received a letter and email from Anthem informing him that his Personal Information may have been compromised as a result of the Anthem breach. As a result of the Anthem

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

breach, Mr. Harris has spent numerous hours addressing issues arising from the Anthem data breach.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 45, and therefore denies the same.

46.     Plaintiff Steven Quinnette is a citizen and resident of the State of Indiana. Mr. Quinnette was enrolled in an Anthem Insurance Companies, Inc. d/b/a Anthem Blue Cross and Blue Shield of Indiana health plan through the Archdioceses of Indianapolis, and paid premiums on a regular basis. Anthem and Anthem Blue Cross and Blue Shield of Indiana collected and received Mr. Quinnette's Personal Information, which Anthem maintained in its database. Mr. Quinnette received an email from his employer and a letter from Anthem informing him that his Personal Information may have been compromised as a result of the Anthem breach. Mr. Quinnette was notified by All Clear ID that his son, a minor victim of the Anthem data breach, had suspicious use of his Social Security Number. As a result of the Anthem breach, Mr. Quinnette has spent numerous hours addressing issues arising from the Anthem data breach.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 46, and therefore denies the same.

47.     Plaintiff Darrell Hunter is a citizen and resident of the State of Indiana. Mr. Hunter was enrolled in a Blue Cross and Blue Shield of Massachusetts, Inc. health plan, and paid premiums on a regular basis. Blue Cross and Blue Shield of Massachusetts and Anthem collected and received Mr. Hunter's Personal Information, which Anthem maintained in its database. Mr. Hunter's wife received a letter from her employer informing them that their Personal Information may have been compromised as a result of the Anthem breach. Mr. Hunter and his wife subsequently

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

received notification from the IRS informing them that someone had filed a false tax return in their name using their Personal Information. Mr. Hunter and his wife were forced to submit affidavits to the IRS and contact their congressman for assistance. Their 2014 tax return payment of approximately $2,000 was delayed five months. Additionally Mr. Hunter pays approximately $348 annually for identity theft and credit monitoring services in order to monitor for identity theft and fraudulent activity resulting from the Anthem breach. As a result of the Anthem breach, Mr. Hunter has spent numerous hours addressing issues arising from the Anthem data breach.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 47, and therefore denies the same.

48.    Plaintiff Cheryl Grissom is a citizen and resident of the State of Indiana. Ms. Grissom was enrolled in an Anthem Insurance Companies, Inc. d/b/a Anthem Blue Cross and Blue Shield of Indiana health plan that she purchased individually and she paid premiums on a regular basis. Anthem and Anthem Blue Cross and Blue Shield of Indiana collected and received Ms. Grissom's Personal Information, which Anthem maintained in its database. Ms. Grissom received a letter from Anthem informing her that her Personal Information may have been compromised as a result of the Anthem breach. Ms. Grissom subsequently received a letter from the IRS informing her that someone had filed a false tax return in her name using her Personal Information. Ms. Grissom still has not received her 2014 tax return payment in the approximate amount of $10,262. As a result of the Anthem breach, Ms. Grissom has spent numerous hours addressing issues arising from the Anthem data breach.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 48, and therefore denies the same.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

49.     Plaintiff Melinda Lambert is a citizen and resident of the State of Indiana. Mrs. Lambert was enrolled in an Anthem Insurance Companies, Inc. d/b/a Anthem Blue Cross and Blue Shield of Indiana PPO health plan and paid premiums on a regular basis. Anthem and Anthem Blue Cross Blue Shield of Indiana collected and received Ms. Lambert's Personal Information, which Anthem maintained in its database. Mrs. Lambert and her husband received a letter from Anthem informing them that their Personal Information may have been compromised as a result of the Anthem breach. Mrs. Lambert and her husband subsequently received a letter from the IRS informing them that someone had filed a false tax return in their name using their Personal Information. Additionally, Ms. Lambert pays approximately $40 annually for identity theft and credit monitoring services in order to monitor for identity theft and fraudulent activity resulting from the Anthem breach. As a result of the Anthem breach, Mrs. Lambert and her husband have spent numerous hours addressing issues arising from the Anthem data breach.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 49, and therefore denies the same.

50.     Plaintiff Amy Whittaker is a citizen and resident of the State of Indiana. Ms. Whittaker was enrolled in an Anthem Insurance Companies, Inc. d/b/a Anthem Blue Cross and Blue Shield of Indiana health plan and paid premiums on a regular basis. Ms. Whittaker was previously enrolled in a health plan sponsored by WalMart, and administered by Arkansas Blue Cross and Blue Shield, and paid premiums on a regular basis. Anthem, Anthem Blue Cross and Shield of Indiana, and Arkansas Blue Cross and Blue Shield collected and received Ms. Whittaker's Personal Information, which Anthem maintained in its database. Ms. Whittaker's husband received a letter from Anthem informing him that his Personal Information may have been compromised as a result of the Anthem breach. Ms. Whittaker and her husband

Def. HCSC's Ans.and Aff. Defenses to 4th Consolidated Am. Class Action Complaint Case No. 5:15-md-02617-LHK

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

subsequently received an email from their tax preparer informing them that a false tax return had been filed in their name using their Personal Information. Ms. Whittaker and her husband still have not received their 2014 tax return payment in the approximate amount of $500. As a result of the Anthem breach, Ms. Whittaker has spent numerous hours addressing issues arising from the Anthem data breach.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 50, and therefore denies the same.

<u>**Iowa**</u>

51.     Plaintiffs Shantel and Rahman Jones are citizens and residents of the State of Iowa. Mr. and Mrs. Jones were enrolled in a Health Care Service Corporation d/b/a Blue Cross and Blue Shield of Texas health plan and paid premiums on a regular basis. Health Care Service Corporation d/b/a Blue Cross and Blue Shield of Texas and Anthem collected and received Mr. and Mrs.  Jones's Personal Information, which Anthem maintained in its database. Mrs. Jones received a letter informing her that her Personal Information may have been compromised as a result of the Anthem breach. As a result of the Anthem breach, Mr. and Mrs. Jones have spent numerous hours addressing issues arising from the Anthem data breach.

**HCSC Response:** HCSC admits that its records indicate that Plaintiffs Shantel and Rahman Jones were enrolled in a health plan to which Blue Cross and Blue Shield of Texas provided certain administrative services. HCSC admits Blue Cross and Blue Shield of Texas collected and received certain of Mr. and Mrs. Jones's personal information. HCSC denies that any alleged harm Mr. and Mrs. Jones experienced was caused by the cyberattack on Anthem, and is without sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 51, and therefore denies the same.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

## Kansas

52.     Plaintiff Jason Jenkins is a citizen and resident of the State of Kansas. Mr. Jenkins was enrolled in a Rocky Mountain Hospital and Medical Service, Inc. health plan and paid premiums on a regular basis. Rocky Mountain Hospital and Medical Service, Inc. and Anthem collected and received Mr. Jenkins's Personal Information, which Anthem maintained in its database. Mr. Jenkins received a letter from Anthem informing him that his Personal Information may have been compromised as a result of the Anthem breach. As a result of the Anthem breach, Mr. Jenkins has spent numerous hours monitoring his accounts and addressing issues arising from the Anthem data breach.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 52, and therefore denies the same.

53.     Plaintiff Kelli Smith, on her own behalf and on behalf of her three minor children, is a citizen and resident of the State of Kansas. Mrs. Smith and her husband Joseph enrolled their three minor children in an Amerigroup KanCare health plan (a managed care health benefits network run by Amerigroup Kansas, Inc. and Amerigroup Corporation) that they purchased independently and paid premiums for on a regular basis. Amerigroup Corporation, Amerigroup Kansas, Inc., and Anthem collected and received the Personal Information of Mrs. Smith and her three minor children, which Anthem maintained in its database. Mrs. Smith received a letter from Anthem informing her that the Personal Information of herself and her minor children may have been compromised as a result of the Anthem breach. Mrs. Smith was subsequently notified by her accountant that someone had filed a false tax return in her and her husband's name using their Personal Information. As a result of the Anthem breach, Mrs. Smith and her husband were forced to travel to the IRS office, submit documentation to the IRS, file a police report, pay postage, and take multiple

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

trips to the post office and police precinct to address issues relating to tax fraud at their expense. Mrs. Smith and her husband will need to use a PIN to file her taxes in the future, and her 2014 tax refund payment was delayed by more than six months. This delay caused hardships to Mrs. Smith and her husband who needed their tax refund to pay down medical bills. As a result of the Anthem breach, Mrs. Smith and her husband have spent numerous hours addressing issues relating to their tax fraud, monitoring their accounts, and addressing issues arising from the Anthem data breach.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 53, and therefore denies the same.

## **Kentucky**

54.    Plaintiff Dianne Reistroffer is a citizen and resident of the State of Kentucky. Ms. Reistroffer was enrolled in an Anthem Health Plans of Kentucky, Inc. d/b/a Anthem Blue Cross and Blue Shield of Kentucky Medicare Select health plan that she purchased directly from Anthem, and she paid premiums on a regular basis. Anthem Blue Cross and Blue Shield of Kentucky and Anthem collected and received Ms. Reistroffer's Personal Information, which Anthem maintained in its database. Ms. Reistroffer received a letter from Anthem informing her that her Personal Information may have been compromised as a result of the Anthem breach. Ms. Reistroffer pays approximately $108 annually for identity theft and credit monitoring services in order to monitor for identity theft and fraudulent activity resulting from the Anthem Breach. As a result of the Anthem breach, Ms. Reistroffer has spent numerous hours addressing issues arising from the Anthem data breach.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 54, and therefore denies the same.

Def. HCSC's Ans.and Aff. Defenses to 4th Consolidated Am. Class Action Complaint Case No. 5:15-md-02617-LHK

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

55.    Plaintiff Christopher Ruberg is a citizen and resident of the State of Kentucky. Mr. Ruberg was enrolled in an Anthem Health Plans of Kentucky, Inc. d/b/a Anthem Blue Cross and Blue Shield of Kentucky Blue Access PPO health plan that he purchased directly from Anthem, and paid premiums on a regular basis. Anthem Blue Cross and Blue Shield of Kentucky and Anthem collected and received Mr. Ruberg's Personal Information, which Anthem maintained in its database. Mr. Ruberg received two emails and a letter from Anthem informing him that his Personal Information may have been compromised as a result of the Anthem breach. As a result of the Anthem breach, Mr. Ruberg has spent numerous hours addressing issues arising from the Anthem data breach.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 55, and therefore denies the same.

56.    Plaintiff Frank Bailey is a citizen and resident of the State of Kentucky. Mr. Bailey was enrolled in a BCBSM, Inc. d/b/a Blue Cross and Blue Shield of Minnesota health plan and paid premiums on a regular basis. Blue Cross and Blue Shield of Minnesota and Anthem collected and received Mr. Bailey's Personal Information, which Anthem maintained in its database. Mr. Bailey received a letter from Anthem informing him that his Personal Information may have been compromised as a result of the Anthem breach. As a result of the Anthem breach, Mr. Bailey has spent numerous hours monitoring his accounts and addressing issues arising from the Anthem data breach.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 56, and therefore denies the same.

57.    Plaintiff Jason Baker is a citizen and resident of the State of Kentucky. Mr. Baker was enrolled in an Anthem Blue Cross Blue Shield Association Federal

Def. HCSC's Ans.and Aff. Defenses to 4th Consolidated Am. Class Action Complaint Case No. 5:15-md-02617-LHK

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Employees Program health plan through his employer, the SSA Office of the Inspector General, and paid premiums on a regular basis. The Blue Cross Blue Shield Association and Anthem collected and received Mr. Baker's Personal Information, which Anthem maintained in its database. Mr. Baker received a letter from Anthem informing him that his Personal Information may have been compromised as a result of the Anthem breach. After the announcement of the Anthem breach, the IRS notified Mr. Baker that his tax return had been rejected because someone had filed a false return in his name using his Personal Information As a result of the Anthem breach, Mr. Baker was forced to call and submit affidavits to the IRS, file a police report, file a complaint with the Federal Trade Commission, and place credit freezes on his credit reports with the three major U.S. consumer credit reporting agencies. His tax return was delayed for a number of months and Mr. Baker will only be able to file in future years after receiving a unique PIN from the IRS for the rest of his life. In addition, after the Anthem breach was announced, someone opened a Green Dot prepaid debit card in Mr. Baker's name and using his Personal Information, and used it to make fraudulent purchases. Mr. Baker spent significant time and effort attempting to get the fraudulent account closed. As a result of the Anthem breach, Mr. Baker has spent a significant number of hours addressing tax and credit fraud, monitoring his accounts, and addressing issues arising from the Anthem data breach.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 57, and therefore denies the same.

## Louisiana

58.     Plaintiff Meredith Fisse is a citizen and resident of the State of Louisiana. Ms. Fisse was enrolled in an Anthem Health Plans of Virginia, Inc. d/b/a Anthem Blue Cross and Blue Shield of Virginia health insurance plan through her father's employer where Ms. Fisse's father paid premiums on a regular basis. Anthem Blue

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Cross Blue Shield collected and received Ms. Fisse's Personal Information, which Anthem maintained in its database. Anthem confirmed to Ms. Fisse's parents that Ms. Fisse's Personal Information may have been compromised as a result of the Anthem breach. Ms. Fisse only became aware that her Personal Information was compromised after her parents contacted Anthem directly to inquire. As a result of the Anthem breach, Ms. Fisse and her parents have spent time and effort monitoring their accounts in order to account for possible fraud or identity theft relating to the Anthem breach.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 58, and therefore denies the same.

## Maine

59.     Plaintiff Robin Wilkey is a citizen and resident of the State of Maine. Ms. Wilkey was enrolled in an Anthem Blue Cross Blue Shield—Anthem Health Plans of Maine, Inc., Maine Education Trust (MEA Benefits Trust) health plan through her employer, a public school, and paid premiums on a regular basis while her husband was enrolled in that plan. Anthem and Anthem Health Plans of Maine, Inc. collected and received Ms. Wilkey's Personal Information, which Anthem maintained in its database. Ms. Wilkey and her husband placed credit freezes on their credit reports with the three major U.S. consumer credit reporting agencies in order to detect potential identity theft and fraudulent activity. In February 2015 Ms. Wilkey was notified by her accountant that someone had filed a false tax return in her name using her Personal Information. As a result of the Anthem breach, Ms. Wilkey was forced to submit an affidavit to the IRS, file a police report, take trips to the bank and post office, and make calls to the State of Maine's Insurance Bureau. Ms. Wilkey's $4,400 tax refund was delayed six months and Ms. Wilkey was forced to take odd jobs over the summer. Ms. Wilkey also submitted an identity theft claim to the All Clear ID service that Anthem offered as a result of the breach and that claim was denied. As a

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

result of the Anthem data breach, Ms. Wilkey has spent over 100 hours addressing issues arising from the Anthem data breach.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 59, and therefore denies the same.

60.    Plaintiff Gary Bellegarde is a citizen and resident of the State of Maine. Mr. Bellegarde was enrolled in a Health Plans of Maine, Inc. d/b/a Anthem Blue Cross and Blue Shield of Maine plan and paid premiums on a regular basis. Anthem and Blue Cross and Blue Shield of Maine collected and received Mr. Bellegarde's Personal Information, which Anthem maintained in its database. Mr. Bellegarde received a letter from Anthem informing him that his Personal Information may have been compromised as a result of the Anthem breach, as did his wife, who was a member of the same health plan. After announcement of the Anthem breach, Mr. Bellegarde received a call from his accounting firm informing him that his tax returns had been rejected because someone had filed a false tax return in his name using his Personal Information. Mr. Bellegarde had to drive to the local IRS office to provide proof of identification and fill out an affidavit. As a result, his 2014 tax refund payment was delayed by four months. Mr. Bellegarde also had to travel to the state capital with the paper returns to prevent possible state tax fraud. As a result of the Anthem breach, Mr. Bellegarde has spent numerous hours monitoring his accounts and addressing issues arising from the Anthem data breach.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 60, and therefore denies the same.

61.    Plaintiff Mark Hatcher is a citizen and resident of the State of Maine. Mr. Hatcher purchased a Health Plans of Maine, Inc. d/b/a Anthem Blue Cross and Blue Shield of Maine health plan independently and paid premiums on a regular basis.

Def. HCSC's Ans.and Aff. Defenses to 4th Consolidated Am. Class Action Complaint Case No. 5:15-md-02617-LHK

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Anthem and Anthem Blue Cross and Blue Shield of Maine collected and received Mr. Hatcher's Personal Information, which Anthem maintained in its database. Mr. Hatcher received a letter from Anthem informing him that his Personal Information may have been compromised as a result of the Anthem breach. After announcement of the Anthem breach, Mr. Hatcher's Social Security Number was used to change the PIN on his bank account and the account balance of approximately $913 was withdrawn. During the period before the unauthorized charges were returned, Mr. Hatcher was unable to pay several bills, which damaged his credit, but also left him unable to purchase necessities. One of the bills Mr. Hatcher was unable to pay during this period was his monthly premium to Anthem, and his policy lapsed. Anthem would not reinstate Mr. Hatcher's policy, forcing him to wait until the next open enrollment period to reenroll and leaving him without health insurance coverage in the interim. Mr. Hatcher also incurred a $20.00 late fee for the storage unit he was renting. The late payment was a result of a failed auto-payment which fell 2 days after his bank account was breached and during the time his bank account was frozen. As a result of the Anthem breach, Mr. Hatcher has spent numerous hours monitoring his accounts and addressing issues arising from the Anthem data breach.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 61, and therefore denies the same.

## Maryland

62.    Plaintiff Don West is a citizen and resident of the State of Maryland. Mr. West enrolled in a CareFirst of Maryland health plan and paid premiums on a regular basis. CareFirst of Maryland and Anthem collected and received Mr. West's Personal Information, which Anthem maintained in its database. Mr. West received a letter from Anthem and his employer informing him that his Personal Information may have been compromised as a result of the Anthem breach. In or about February 2015, Mr.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

West was notified that someone had filed a false tax return under his name using his Personal Information. Mr. West was forced to submit affidavits to the IRS, file a police report, and file his taxes by mail. Mr. West's federal tax refund of $1,700 was delayed six months and Mr. West's State of Maryland tax refund of $400 was delayed eight months. Mr. West received notification that an attempt was made to open a Capital One credit card with Mr. West's Personal Information. As a result of the Anthem breach, Mr. West has spent numerous hours addressing issues arising from the Anthem data breach.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 62, and therefore denies the same.

63.     Plaintiff Denese Depeza is a citizen and resident of the State of Maryland. Ms. Depeza was enrolled in a CareFirst BlueChoice, Inc. health plan and paid premiums on a regular basis. Anthem and CareFirst BlueChoice, Inc. collected and received Ms. Depeza's Personal Information, which Anthem maintained in its database. Ms. Depeza received a letter from Anthem informing her that her Personal Information may have been compromised as a result of the Anthem data breach. As a result of the Anthem data breach, Ms. Depeza has spent numerous hours monitoring her accounts and addressing issues arising from the Anthem data breach.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 63, and therefore denies the same.

### Massachusetts

64.     Plaintiff Claudia Cass is a citizen and resident of the State of Massachusetts. Ms. Cass was enrolled in the New York State Health Insurance Program (NYSHIP) for Government Employees Empire HealthChoice Assurance, Inc. d/b/a Empire BlueCross Blue Shield, an Anthem Affiliate, provided services under the

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

41

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

NYSHIP plan. Anthem and Empire BlueCross Blue Shield collected and received Ms. Cass's Personal Information, which Anthem maintained in its database. Ms. Cass received a letter from Anthem informing her that her Personal Information may have been compromised as a result of the Anthem breach. Ms. Cass then learned from an Anthem representative that her daughter's Personal Information was also compromised. After announcement of the Anthem breach, Ms. Cass received a notification that her tax return had been rejected because someone had filed a false tax return in her name using her Personal Information and a refund had already been given. The IRS sent Ms. Cass to her local Social Security office, the police, and her bank. Ms. Cass will need to use a PIN to file her taxes in the future, and her 2014 tax refund payment was delayed by almost six months. Additionally, Ms. Cass pays approximately $100 annually for identity theft and credit monitoring services in order to monitor for identity theft and fraudulent activity resulting from the Anthem breach. As a result of the Anthem breach, Ms. Cass has spent numerous hours monitoring her accounts and addressing issues arising from the Anthem data breach.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 64, and therefore denies the same.

65.    Plaintiff Robert Roy is a citizen and resident of the State of Massachusetts. Mr. Roy was enrolled in a Unicare Life & Health Insurance Company health plan through his employer, the Commonwealth of Massachusetts, and he paid premiums on a regular basis. Unicare Life & Health Insurance Company and Anthem collected and received Mr. Roy's Personal Information, which Anthem maintained in its database. Mr. Roy received a letter from Anthem informing him that his Personal Information may have been compromised as a result of the Anthem breach. Mr. Roy pays approximately $252 annually for identity theft and credit monitoring services in order to monitor for identity theft and fraudulent activity resulting from the Anthem

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff. Defenses to 4th Consolidated Am. Class Action Complaint Case No. 5:15-md-02617-LHK

breach. Mr. Roy was subsequently notified by his CPA that someone had filed a false tax return under his name using his Personal Information. As a result of the Anthem breach, Mr. Roy was forced to submit an affidavit to the IRS, file a police report, and file his taxes by mail. Mr. Roy's $1,700 tax refund was delayed 2.5 months. As a result of the Anthem breach, Mr. Roy has spent numerous hours addressing issues arising from the Anthem data breach.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 65, and therefore denies the same.

66.    Plaintiff Carrie Ramos is a citizen and resident of the State of Massachusetts. Ms. Ramos was enrolled in a state-sponsored Blue Cross and Blue Shield of Massachusetts, Inc. Preferred Blue PPO and paid premiums on a regular basis. Blue Cross and Blue Shield of Massachusetts and Anthem collected and received Ms. Ramos's Personal Information, which Anthem maintained in its database. Around March 2015, Ms. Ramos received a letter from Blue Cross and Blue Shield of Massachusetts informing her that some of her Personal Information was accessed during the breach. She subsequently received a letter from Anthem informing her that her Personal Information may have been compromised as a result of the Anthem breach. As a result of the Anthem breach, Ms. Ramos has spent numerous hours addressing issues arising from the Anthem data breach.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 66, and therefore denies the same.

67.    Plaintiff Lisa Daniels is a citizen and resident of the State of Massachusetts. Ms. Daniels was enrolled in a Healthy Alliance Life Insurance Company d/b/a Anthem Blue Cross and Blue Shield of Missouri plan and paid premiums on a regular basis. Anthem and Anthem Blue Cross and Blue Shield of

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

Missouri collected and received Ms. Daniels' Personal Information, which Anthem maintained in its database. Ms. Daniels received a letter from Anthem informing her that her Personal Information may have been compromised as a result of the breach. As a result of the Anthem breach, Ms. Daniels has spent numerous hours monitoring her accounts and addressing issues arising from the Anthem data breach.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 67, and therefore denies the same.

## Michigan

68.     Plaintiff Michelle Kaseta-Collins is a citizen and resident of the State of Michigan. During the relevant period, Ms. Kaseta-Collins was enrolled in several different health plans. Ms. Kaseta-Collins was enrolled in a Blue Cross and Blue Shield of Michigan MESSA health plan through her employer, a public university, and paid premiums on a regular basis. Ms. Kaseta-Collins was enrolled in a Blue Cross and Blue Shield of Michigan Community Blue PPO ASC health plan through her employer, a public school, and paid premiums on a regular basis. Ms. Kaseta-Collins was also enrolled in a CareFirst of Maryland, Inc. health plan and paid premiums on a regular basis. Blue Cross Blue Shield of Michigan, CareFirst of Maryland, Inc. and Anthem collected and received Ms. Kaseta-Collins' Personal Information, which Anthem maintained in its database. Ms. Kaseta-Collins and her daughter received a letter from Anthem informing them that their Personal Information may have been compromised as a result of the Anthem breach. Ms. Kaseta-Collins placed credit freezes on her and her daughter's credit reports with the three major U.S. consumer credit reporting agencies in order to detect potential identity theft and fraudulent activity. As a result of the Anthem breach, Ms. Kaseta-Collins has spent numerous hours addressing issues arising from the Anthem data breach.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 68, and therefore denies the same.

69.     Plaintiff Lyle Nichols is a citizen and resident of the State of Michigan. Mr. Nichols was enrolled in an Anthem Blue Cross Blue Shield health plan. Anthem and Anthem Blue Cross Blue Shield collected and received Mr. Nichols's Personal Information, which Anthem maintained in its database. Mr. Nichols received a letter from Anthem informing him that his Personal Information may have been compromised as a result of the Anthem data breach. After learning of the Anthem breach, Mr. Nichols contacted the three major credit reporting agencies, wrote a letter to the Michigan Attorney General's office, and contacted Anthem to determine what information was compromised. Mr. Nichols now engages in regular monitoring of his credit and bank accounts. As a result of the Anthem data breach, Mr. Nichols has spent numerous hours monitoring his accounts and addressing issues arising from the Anthem data breach.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 69, and therefore denies the same.

### Minnesota

70.     Plaintiff Hank Maurer is a citizen and resident of the State of Minnesota. Mr. Maurer was enrolled in an Anthem Health Plans, Inc. d/b/a Anthem Blue Cross and Blue Shield health plan and paid premiums on a regular basis. Anthem Blue Cross and Blue Shield and Anthem collected and received Mr. Maurer's Personal Information, which Anthem maintained in its database. Mr. Maurer received a letter from Anthem informing him that his Personal Information may have been compromised as a result of the Anthem breach. Mr. Maurer pays approximately $180 annually for identity theft and credit monitoring services in order to monitor for

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

identity theft and fraudulent activity resulting from the Anthem breach. As a result of the Anthem breach, Mr. Maurer has spent numerous hours addressing issues arising from the Anthem data breach.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 70, and therefore denies the same.

71.    Plaintiff Jack Wenglewick is a citizen and resident of the State of Minnesota. During the relevant period, Mr. Wenglewick was enrolled in multiple health plans. Mr. Wenglewick was enrolled in a Health Care Service Corporation d/b/a Blue Cross and Blue Shield of Illinois health plan and an Anthem Blue Cross Life and Health Insurance Company Choice Plus PPO health plan and paid premiums on a regular basis. Anthem, Health Care Service Corporation d/b/a Blue Cross and Blue Shield of Illinois, and Anthem Blue Cross Life and Health Insurance Company collected and received Mr. Wenglewick's Personal Information, which Anthem maintained in its database. Mr. Wenglewick received notification e-mails from Anthem and his employer informing him that his Personal Information may have been compromised as a result of the Anthem data breach. As a result of the Anthem breach, Mr. Wenglewick has spent numerous hours monitoring his accounts and addressing issues arising from the Anthem data breach.

**HCSC Response:** HCSC admits that its records indicate that Plaintiff Jack Wenglewick was enrolled in a health plan to which Blue Cross and Blue Shield of Illinois provided certain administrative services. HCSC admits Blue Cross and Blue Shield of Illinois collected and received certain of Mr. Wenglewick's personal information. HCSC denies that any alleged harm Mr. Wenglewick experienced was caused by the cyberattack on Anthem, and is without sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 71, and therefore denies the same.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

**Mississippi**

72.    Plaintiff Charles McCullough is a citizen and resident of the State of Mississippi. Mr. McCullough was enrolled in an Anthem Health Plans of Virginia, Inc. health plan through Yokohama Tire Corporation, and paid premiums on a regular basis. Blue Cross Blue Shield and Anthem collected and received Mr. McCullough's Personal Information, which Anthem maintained in its database. Mr. McCullough received a letter from Anthem informing him that his Personal Information may have been compromised as a result of the Anthem breach. Mr. McCullough also placed fraud alerts on his credit reports with the three major U.S. consumer credit reporting agencies in order to detect potential identity theft and fraudulent activity. As a result of the Anthem breach, Mr. McCullough has spent numerous hours addressing issues arising from the Anthem data breach.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 72, and therefore denies the same.

**Missouri**

73.    Plaintiff Debbie Stein is a citizen and resident of the State of Missouri. Ms. Stein was enrolled in a RightChoice Managed Care, Inc. d/b/a Anthem Blue Cross and Blue Shield of Missouri Blue Access Choice health plan through her employer, a Missouri public school, and paid premiums on a regular basis. RightChoice Managed Care, Inc. and Anthem collected and received Ms. Stein's Personal Information, which Anthem maintained in its database. Ms. Stein received a letter from Anthem informing her that her Personal Information may have been compromised as a result of the Anthem breach. Ms. Stein subsequently received a fraudulent tax refund check from the IRS. She filed an identity theft affidavit with the IRS. Ms. Stein also placed credit freezes on her credit reports with the three major U.S. consumer credit reporting agencies in order to detect potential identity theft and

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

fraudulent activity. As a result of the Anthem breach, Ms. Stein took time off of work and has spent numerous hours addressing issues arising from the Anthem data breach.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 73, and therefore denies the same.

74.     Plaintiff Melody Eads is a citizen and resident of the State of Missouri. Ms. Eads was enrolled in a RightChoice Managed Care, Inc. d/b/a Anthem Blue Cross and Blue Shield of Missouri Blue Access PPO health plan and paid premiums on a regular basis. RightChoice Managed Care, Inc. and Anthem collected and received Ms. Eads's Personal Information, which Anthem maintained in its database. Ms. Eads received a letter from her employer and Anthem informing her that her Personal Information may have been compromised as a result of the Anthem breach. Ms. Eads subsequently received a letter from the IRS indicating that someone had tried to file a false tax return in her name using her Personal Information. As a result, Ms. Eads was forced to submit affidavits to the IRS and file a police report documenting the fraud. As a result of the Anthem breach, Ms. Eads has spent over 100 hours addressing tax fraud, monitoring her accounts, and addressing issues arising from the Anthem data breach.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 74, and therefore denies the same.

75.     Plaintiff Christopher Allen is a citizen and resident of the State of Missouri. Mr. Allen was enrolled in an Anthem Blue Cross and Blue Shield / RightChoice Managed Care, Inc. health insurance plan, and paid premiums on a regular basis. Anthem Blue Cross and Blue Shield / RightChoice Managed Care, Inc. and Anthem collected and received Mr. Allen's Personal Information, which Anthem maintained in its database. Mr. Allen received two letters from Anthem informing him

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff. Defenses to 4th Consolidated Am. Class Action Complaint Case No. 5:15-md-02617-LHK

that his and his family's Personal Information may have been compromised as a result of the Anthem breach. Mr. Allen subsequently received a letter from the IRS informing him that someone had filed a false tax return in his name using his Personal Information. As a result, his 2014 tax refund payment was delayed by a number of months. As a result of the Anthem breach, Mr. Allen has spent numerous hours monitoring his family's accounts and addressing issues arising from the Anthem data breach.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 75, and therefore denies the same.

76.     Plaintiff Jill Noble is a citizen and resident of the State of Missouri. Ms. Noble was enrolled in a Healthy Alliance Life Insurance Company, Inc. health plan administered by RightChoice Managed Care, Inc. for which premiums were paid on a regular basis. Anthem, Healthy Alliance Life Insurance Company, Inc., and RightChoice Managed Care, Inc. collected and received Ms. Noble's Personal Information, which Anthem maintained in its database. Ms. Noble received a letter from Anthem and an email from her employer informing her that her Personal Information may have been compromised as a result of the Anthem Data Breach. Ms. Noble now engages in daily monitoring of her credit and bank accounts. As a result of the Anthem Data Breach, Ms. Noble has spent numerous hours addressing issues arising from the Anthem Data Breach.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 76, and therefore denies the same.

77.     Plaintiffs Cherri and Gregory Hawes are citizens and residents of the State of Missouri. Mrs. Hawes was enrolled in a Healthy Alliance Life Insurance Company, Inc. health plan administered by RightChoice Managed Care, Inc. that she paid

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

premiums for on a regular basis. Mr. Hawes was enrolled in an HMO Missouri, Inc. health plan administered by RightChoice Managed Care, Inc. that he purchased independently and paid premiums for on a regular basis. Anthem, Health Alliance Life Insurance Company, Inc., HMO Missouri, Inc., and RightChoice Managed Care, Inc. collected and received Mr. and Mrs. Hawes' Personal Information, which Anthem maintained in its database. Mr. and Mrs. Hawes each received a letter from Anthem informing them that their Personal Information may have been compromised as a result of the Anthem Data Breach. Mr. and Mrs. Hawes learned someone had filed a false tax return in their name using their Personal Information. As a result of the Anthem Data Breach, Mr. and Mrs. Hawes were forced to submit documentation to the IRS and file a police report, as well as contact their bank, credit reporting agencies, and the Social Security office in order to address the tax fraud. Mr. and Mrs. Hawes' tax refund of $5,600 was delayed by more than six months. As a result of the Anthem Data Breach, Mr. and Mrs. Hawes now engage in regular monitoring of their credit and bank accounts, will need to use a PIN to file their taxes in the future, and have spent numerous hours addressing issues arising from the Anthem Data Breach.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 77, and therefore denies the same.

78.    Plaintiff Christina Renkoski (previously Novak) is a citizen and resident of the State of Missouri. Mrs. Renkoski was enrolled in a HMO Missouri, Inc. health plan administered by RightChoice Managed Care, Inc. that she paid premiums for on a regular basis. Anthem, HMO Missouri, Inc., and RightChoice Managed Care, Inc. collected and received Mrs. Renkoski's Personal Information, which Anthem maintained in its database. Mrs. Renkoski received a letter from Anthem informing her that her Personal Information may have been compromised as a result of the Anthem Data Breach. Mrs. Renkoski now engages in regular monitoring of her credit

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

and bank accounts. As a result of the Anthem Data Breach, Mrs. Renkoski has spent numerous hours addressing issues arising from the Anthem Data Breach.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 78, and therefore denies the same.

<u>**Montana**</u>

79.   Plaintiff Shawn Crane is a citizen and resident of the State of Montana. Mr. Crane was enrolled in an Anthem health plan and paid premiums on a regular basis. Anthem and Anthem Blue Cross and Blue Shield collected and received Mr. Crane's Personal Information, which Anthem maintained in its database. Mr. Crane received a letter from Anthem informing him that his Personal Information may have been compromised as a result of the Anthem data breach. Mr. Crane now engages in monthly monitoring of his credit and his bank accounts. As a result of the Anthem breach, Mr. Crane has spent numerous hours addressing issues arising from the Anthem data breach.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 79, and therefore denies the same.

<u>**Nebraska**</u>

80.   Plaintiff Troy Hobbs is a citizen and resident of the State of Nebraska. Mr. Hobbs was enrolled in a Blue Cross Blue Shield of Wisconsin d/b/a Anthem Blue Cross and Blue Shield of Wisconsin health plan and paid premiums on a regular basis. Anthem Blue Cross and Blue Shield of Wisconsin and Anthem collected and received Mr. Hobbs's Personal Information, which Anthem maintained in its database. Mr. Hobbs received a letter from Anthem informing him that his Personal Information may have been compromised as a result of the Anthem breach. In or around February 2015, Mr. Hobbs and his spouse attempted to file their taxes online and received an

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

error message stating their taxes had already been filed, even though Mr. and Mrs. Hobbs had not yet filed a tax return. Mr. Hobbs subsequently received a letter from the IRS informing him that someone had filed a false tax return in his name using his Personal Information. Mr. Hobbs was forced to contact and submit documents to the IRS and file a police report relating to the tax fraud at his own expense. Additionally, Mr. Hobbs's 2014 tax refund payment was delayed by at least six months. In September of 2015, Mr. Hobbs learned that someone had taken out an online loan in his name and using his Personal Information in the amount of $1720. Mr. Hobbs is still in the process of attempting to clear his name with respect to the fraudulent loan. As a result of the Anthem breach, Mr. Hobbs has spent numerous hours addressing issues relating to his tax and credit fraud, monitoring his accounts, and addressing issues arising from the Anthem data breach.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 80, and therefore denies the same.

### <u>Nevada</u>

81.    Plaintiff David Ifversen is a citizen and resident of the State of Nevada. Mr. Ifversen was enrolled in an Anthem Blue Cross Blue Shield Association Federal Employees Program health plan through his employer, the U.S. State Department, and paid premiums on a regular basis. The Blue Cross Blue Shield Association and Anthem collected and received Mr. Ifversen's Personal Information, which Anthem maintained in its database. Mr. Ifversen received a letter from Anthem informing him that his Personal Information may have been compromised as a result of the Anthem breach. As a result of the Anthem breach, Mr. Ifversen has spent numerous hours addressing issues arising from the Anthem data breach.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff. Defenses to 4th Consolidated Am. Class Action Complaint Case No. 5:15-md-02617-LHK

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 81, and therefore denies the same.

82.     Plaintiff Angelin Gonzalez is a citizen and resident of the State of Nevada. Ms. Gonzalez enrolled in an Anthem Blue Cross Blue Shield health plan that she purchased independently and paid premiums for on a regular basis. Anthem Blue Cross Blue Shield collected and received Ms. Gonzalez's Personal Information, which Anthem maintained in its database. Ms. Gonzalez received a letter from Anthem informing her that her Personal Information may have been compromised as a result of the Anthem data breach. After the announcement of the Anthem breach, Ms. Gonzalez and her husband received a bill from a utility company relating to a property they did not own. They were told someone opened the account online using their Personal Information. Ms. Gonzalez and her husband were forced to send paperwork to the utility company to attempt to fix the problem and file a police report. As a result of the Anthem breach, Ms. Gonzalez and her husband have spent significant time and expense addressing issues arising from the Anthem data breach.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 82, and therefore denies the same.

## New Hampshire

83.     Plaintiff Joseph LeBrun is a citizen and resident of the State of New Hampshire. Mr. LeBrun was enrolled in an Anthem Health Plans of New Hampshire, Inc. health plan and paid premiums on a regular basis. Anthem Health Plans of New Hampshire, Inc. and Anthem collected and received Mr. LeBrun's Personal Information, which Anthem maintained in its database. Mr. LeBrun received a letter from Anthem informing him that his Personal Information may have been compromised as a result of the Anthem breach. Mr. LeBrun subsequently received a

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff. Defenses to 4th Consolidated Am. Class Action Complaint Case No. 5:15-md-02617-LHK

letter from the IRS informing him that someone had filed a false tax return using his Personal Information. Mr. LeBrun also placed credit freezes on his credit reports with the three major U.S. consumer credit reporting agencies in order to detect potential identity theft and fraudulent activity. As a result of the Anthem breach, Mr. LeBrun has spent numerous hours addressing issues arising from the Anthem data breach.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 83, and therefore denies the same.

84.   Plaintiff Brenda Harrington is a citizen and resident of the State of New Hampshire. Ms. Harrington was enrolled in an Anthem Health Plans of New Hampshire, Inc. health plan that she purchased directly from Anthem, and paid premiums on a regular basis. Anthem Health Plans of New Hampshire, Inc. and Anthem collected and received Ms. Harrington's Personal Information, which Anthem maintained in its database. Ms. Harrington received a letter from Anthem informing her that her Personal Information may have been compromised as a result of the Anthem breach. Ms. Harrington subsequently received a letter from the IRS informing her that someone had filed a false tax return in her name using her Personal Information. As a result of the Anthem breach, Ms. Harrington was forced to submit affidavits to the IRS and file paper tax returns. As a result of the Anthem breach, Ms. Harrington has spent numerous hours addressing issues arising from the Anthem data breach.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 84, and therefore denies the same.

## <u>New Jersey</u>

85.   Plaintiff Elizabeth Ames is a resident and citizen of the State of New Jersey. Ms. Ames was enrolled in a Horizon Blue Cross Blue Shield of New Jersey

54

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

health plan that she purchased independently from Horizon Blue Cross Blue Shield of New Jersey and was previously enrolled in a Blue Cross and Blue Shield of Florida health plan. Ms. Ames paid premiums on a regular basis. Horizon Blue Cross Blue Shield of New Jersey, Blue Cross and Blue Shield of Florida, and Anthem collected and received Ms. Ames's Personal Information, which Anthem maintained in its database. Ms. Ames received a letter from Anthem informing her that her Personal Information may have been compromised as a result of the data breach. As a result of the Anthem breach, Ms. Ames has spent numerous hours addressing issues arising from the Anthem data breach.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 85, and therefore denies the same.

<u>**New Mexico**</u>

86.     Plaintiff Ronald Percy is a citizen and resident of the State of New Mexico. Mr. Percy was enrolled in a Unicare Life & Health Insurance Company Security Choice Medicare health plan that he purchased independently and paid premiums for on a regular basis. Unicare Life & Health Insurance Company Security Choice Medicare and Anthem collected and received Mr. Percy's Personal Information, which Anthem maintained in its database. Mr. Percy received a letter from Anthem informing him that his Personal Information may have been compromised as a result of the Anthem breach. Mr. Percy and his wife Linda placed credit freezes on their credit reports with the three major U.S. consumer credit reporting agencies in order to detect potential identity theft and fraudulent activity. Additionally, Mr. Percy and his wife pay approximately $230 annually for identity theft and credit monitoring services in order to monitor for identity theft and fraudulent activity resulting from the Anthem breach. As a result of the Anthem

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff. Defenses to 4th Consolidated Am. Class Action Complaint Case No. 5:15-md-02617-LHK

breach, Mr. Percy and his wife have spent numerous hours monitoring their accounts and addressing issues arising from the Anthem data breach.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 86, and therefore denies the same.

## <u>New York</u>

87.     Plaintiff Barbara Gold is a citizen and resident of the State of New York. Ms. Gold was enrolled in a state-sponsored Empire HealthChoice Assurance, Inc. d/b/a Empire BlueCross Blue Shield health plan through her husband's employer, the State of New York, and paid premiums on a regular basis. Empire BlueCross and BlueShield and Anthem collected and received Ms. Gold's Personal Information, which Anthem maintained in its database. Ms. Gold received a letter from Anthem informing her that her Personal Information may have been compromised as a result of the Anthem breach. Anthem confirmed to Ms. Gold over the telephone that her data was in fact compromised. Ms. Gold pays approximately $191 annually for identity theft and credit monitoring services in order to monitor for identity theft and fraudulent activity resulting from the Anthem breach As a result of the Anthem breach, Ms. Gold has spent numerous hours addressing issues arising from the Anthem data breach, which has caused her undue distress.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 87, and therefore denies the same.

88.     Plaintiff Matthew Gates is a citizen and resident of the State of New York. Mr. Gates was enrolled in a health plan sponsored by his employer, Verizon, and administered by Anthem Insurance Companies, Inc. d/b/a Anthem Blue Cross and Blue Shield, and paid premiums on a regular basis. Anthem Blue Cross and Blue Shield and Anthem collected and received Mr. Gates's Personal Information, which

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

Anthem maintained in its database. Mr. Gates received a letter from Anthem informing him that his Personal Information may have been compromised as a result of the Anthem breach. Mr. Gates's minor son, who was a member of the same health plan, subsequently received a letter from the IRS seeking confirmation of his identity. As a result of the Anthem breach, Mr. Gates and his wife spent numerous hours on the phone with the IRS and police attempting to correct their son's tax filing. As a result, his 2014 tax refund payment was delayed by six months. As a result of the Anthem breach, Mr. Gates and his family have spent numerous hours monitoring their accounts and addressing issues arising from the Anthem data breach.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 88, and therefore denies the same.

89.     Plaintiff Marne Onderdonk is a citizen and resident of the State of New York. Ms. Onderdonk was enrolled in the New York State Health Insurance Program (NYSHIP) for Government Employees, and paid premiums on a regular basis. Empire HealthChoice Assurance, Inc. d/b/a Empire BlueCross BlueShield, an Anthem Affiliate, provided services under the NYSHIP plan. Empire BlueCross Blue Shield and Anthem collected and received Ms. Onderdonk's Personal Information, which Anthem maintained in its database. Ms. Onderdonk placed credit freezes on her credit reports with the three major U.S. consumer credit reporting agencies in order to detect potential identity theft and fraudulent activity, which has caused her delays when applying for credit. Additionally, Ms. Onderdonk pays approximately $240 annually for identity theft and credit monitoring services in order to monitor for identity theft and fraudulent activity resulting from the Anthem breach. As a result of the Anthem breach, Ms. Onderdonk has spent numerous hours monitoring her accounts and addressing issues arising from the Anthem data breach.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 89, and therefore denies the same.

90.     Plaintiff Frank Pacilio is a citizen and resident of the State of New York. Mr. Pacilio was enrolled in an Empire Blue Cross Blue Shield health plan that he paid premiums for on a regular basis. Anthem and Empire Blue Cross Blue Shield collected and received Mr. Pacilio's Personal Information, which Anthem maintained in its database. Mr. Pacilio received a letter from his employer informing him that his Personal Information may have been compromised as a result of the Anthem data breach. As a result of the Anthem data breach, Mr. Pacilio has spent numerous hours monitoring his accounts and addressing issues arising from the Anthem data breach.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 90, and therefore denies the same.

91.     Plaintiff Valerie Brescia is a citizen and resident of the State of New York. Ms. Brescia was enrolled in an Empire Blue Cross Blue Shield health plan that she purchased independently and paid premiums for on a regular basis. Anthem and Empire Blue Cross Blue Shield collected and received Ms. Brescia's Personal Information, which Anthem maintained in its database. Ms. Brescia received an email informing her that her Personal Information may have been compromised as a result of the Anthem data breach. Ms. Brescia pays approximately $360 annually for identity theft and credit monitoring services in order to monitor for identity theft and fraudulent activity resulting from the Anthem breach. In March 2015, Ms. Brescia received a "black market website notification" from her monitoring service indicating that her Personal Information was being offered for sale on the dark web. As a result of the Anthem data breach, Ms. Brescia has spent numerous hours monitoring her accounts and addressing issues arising from the Anthem data breach.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff. Defenses to 4th Consolidated Am. Class Action Complaint Case No. 5:15-md-02617-LHK

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 91, and therefore denies the same.

## **North Carolina**

92.     Plaintiff Randy Polacsek is a citizen and resident of the State of North Carolina. Mr. Polacsek was enrolled in a Blue Shield of California health plan and paid premiums on a regular basis Prior to that, Mr. Polacsek was enrolled in a Blue Cross Blue Shield of Massachusetts health plan and paid premiums on a regular basis. These entities and Anthem collected and received Mr. Polacsek's Personal Information, which Anthem maintained in its database. Mr. Polacsek received a letter from Anthem informing him that his Personal Information may have been compromised as a result of the Anthem breach. In March 2015, Mr. Polacsek was informed by a detective in Illinois that someone had a credit card in Illinois with Mr. Polacsek's Personal Information. Mr. Polacsek had his credit cards cancelled and reissued. As a result of the Anthem data breach, Mr. Polacsek has spent numerous hour addressing issues arising from the Anthem data breach.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 92, and therefore denies the same.

93.     Plaintiff Francis Nicosia is a citizen and resident of the State of North Carolina. Mr. Nicosia was enrolled in multiple health plans. He was enrolled in a Blue Cross and Blue Shield of North Carolina, Inc. health plan. He was also enrolled in a Blue Cross of California health plan. He was also enrolled in an Anthem Blue Cross Life and Health Insurance Company health plan. Blue Cross and Blue Shield of North Carolina, Blue Cross of California, Anthem Blue Cross Life and Health Insurance Company, and Anthem collected and received Mr. Nicosia's Personal Information, which Anthem maintained in its database. Mr. Nicosia paid premiums for his health

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

59

Def. HCSC's Ans.and Aff. Defenses to 4th Consolidated Am. Class Action Complaint Case No. 5:15-md-02617-LHK

plans on a regular basis. Following Anthem's announcement of the data breach, Mr. Nicosia received a letter from the IRS informing him that someone had filed a false tax return in his name using his Personal Information. Mr. Nicosia thereafter called Anthem and was informed that his Personal Information may have been compromised by the Anthem breach. Mr. Nicosia still has not received his 2014 tax return payment. Additionally, Mr. Nicosia pays approximately $780 annually for identity theft and credit monitoring services in order to monitor for identity theft and fraudulent activity resulting from the Anthem breach. As a result of the Anthem breach, Mr. Nicosia has spent numerous hours addressing issues arising from the Anthem data breach.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 93, and therefore denies the same.

## Ohio

94.     Plaintiff Connie McDaniel is a citizen and resident of the State of Ohio. Ms. McDaniel was enrolled in a Blue Cross and Blue Shield of Alabama plan and paid premiums on a regular basis. Blue Cross and Blue Shield of Alabama and Anthem collected and received Ms. McDaniel's Personal Information, which Anthem maintained in its database. Ms. McDaniel received a letter from Anthem informing her that her Personal Information may have been compromised as a result of the Anthem breach. After the announcement of the Anthem breach, Ms. McDaniel was notified that her joint tax return had been rejected because someone had filed a false return in her name using her Personal Information. Ms. McDaniel went to the local police department to file a report, called credit reporting agencies, went to her bank and credit union, and communicated with the IRS regarding this matter. As a result, her 2014 tax refund payment was delayed by three months. As a result of the Anthem breach, Ms. McDaniel has spent numerous hours monitoring her accounts and addressing issues arising from the Anthem data breach.

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 94, and therefore denies the same.

95.    Plaintiff Rachel Calo is a citizen and resident of the State of Ohio. Ms. Calo was enrolled in an Anthem Insurance Companies' health plan and paid premiums on a regular basis. Anthem Insurance Companies and Anthem collected and received Ms. Calo's Personal Information, which Anthem maintained in its database. Ms. Calo received a letter from Anthem informing her that her Personal Information may have been compromised as a result of the Anthem breach, as did her minor children, who were members of the same health plan. As a result of the Anthem breach, Ms. Calo has spent numerous hours monitoring her accounts and addressing issues arising from the Anthem data breach.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 95, and therefore denies the same.

96.    Plaintiff Nicholas Bowes is a citizen and resident of the State of Ohio. Mr. Bowes was enrolled in a Community Insurance Company health plan through his employer, a public university, and was previously enrolled in an Anthem Insurance Companies health plan through a parent. Mr. Bowes paid premiums on a regular basis. Anthem, Community Insurance Company, and Anthem Insurance Companies collected and received Mr. Bowes' Personal Information, which Anthem maintained in its database. Mr. Bowes received a letter from Anthem informing him that his Personal Information may have been compromised as a result of the Anthem breach and also received notification from his employer. As a result of the Anthem breach, Mr. Bowes has spent numerous hours monitoring his accounts and addressing issues arising from the Anthem data breach.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff. Defenses to 4th Consolidated Am. Class Action Complaint Case No. 5:15-md-02617-LHK

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 96, and therefore denies the same.

97.     Plaintiff Martin Williams is a citizen and resident of the State of Ohio. Mr. Williams was enrolled in a Community Insurance Company d/b/a Anthem Blue Cross and Blue Shield of Ohio health plan, which he purchased independently. Mr. Williams paid premiums on a regular basis. Anthem collected and received Mr. Williams' Personal Information, which Anthem maintained in its database. Mr. Williams received a letter from Anthem informing him that his Personal Information may have been compromised as a result of the Anthem breach, as did his wife. After announcement of the Anthem breach, Mr. Williams was notified of fraudulent charges to one of his accounts, resulting in cancellation and reissuance of the affected card. As a result of the Anthem breach, Mr. Williams has spent numerous hours monitoring his accounts and addressing issues arising from the Anthem data breach.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 97, and therefore denies the same.

<u>**Oklahoma**</u>

98.     Plaintiff Rosanne M. Stanley is a citizen and resident of the State of Oklahoma. Ms. Stanley was enrolled in an Anthem Insurance Companies, Inc. d/b/a Blue Cross Blue Shield of Indiana health plan and paid premiums on a regular basis. Anthem Insurance Companies, Inc. and Anthem collected and received Ms. Stanley's Personal Information, which Anthem maintained in its database. Ms. Stanley received a letter from Anthem informing her that her Personal Information may have been compromised as a result of the Anthem breach. Ms. Stanley now closely reviews her identity theft and credit monitoring services and monitors her bank accounts. As a

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

result of the Anthem breach, Ms. Stanley has spent numerous hours addressing issues arising from the Anthem data breach.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 98, and therefore denies the same.

### Pennsylvania

99.     Plaintiff Gregory Kremer is a citizen and resident of the State of Pennsylvania. Mr. Kremer was enrolled in a Health Care Service Corporation d/b/a Blue Cross and Blue Shield of Illinois health plan and paid premiums on a regular basis. Prior to that, Mr. Kremer was enrolled in a Community Insurance Company, d/b/a Anthem Blue Cross and Blue Shield of Ohio health plan and paid premiums on a regular basis Blue Cross Blue Shield of Illinois, Community Insurance Company, and Anthem collected and received Mr. Kremer's Personal Information, which Anthem maintained in its database. Mr. Kremer received a letter from Anthem informing him that his Personal Information may have been compromised as a result of the Anthem breach. Mr. Kremer has enrolled in an identity theft and credit monitoring service in order to monitor for identity theft and fraudulent activity resulting from the Anthem breach. As a result of the Anthem breach, Mr. Kremer has spent numerous hours addressing issues arising from the Anthem data breach

**HCSC Response:** HCSC admits that its records indicate that Plaintiff Gregory Kremer was enrolled in a health plan to which Blue Cross and Blue Shield of Illinois provided certain administrative services. HCSC admits Blue Cross and Blue Shield of Illinois collected and received certain of Mr. Kremer's personal information. HCSC denies that any alleged harm Mr. Kremer experienced was caused by the cyberattack on Anthem, and is without sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 99, and therefore denies the same.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff. Defenses to 4th Consolidated Am. Class Action Complaint Case No. 5:15-md-02617-LHK

100.   Plaintiff Denise Masloski is a citizen and resident of the State of Pennsylvania. Ms. Masloski was enrolled in a Highmark Inc. d/b/a Highmark Blue Cross Blue Shield health plan and paid premiums on a regular basis. Highmark Inc. d/b/a Highmark Blue Cross Blue Shield and Anthem collected and received Ms. Masloski's Personal Information, which Anthem maintained in its database. When Ms. Masloski was unable to file her 2014 tax return she learned that someone had filed a false tax return in her name using her Personal Information. As a result of the Anthem breach, Ms. Masloski was forced to submit affidavits to the IRS, travel to the Social Security Administration office to verify her identity, and spend numerous hours on the phone with the IRS. She still has not received her tax refund for $3,425.00. As a result of the Anthem breach, Ms. Masloski has been denied access to her federal tax refund and has spent numerous hours addressing issues arising from the Anthem data breach.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 100, and therefore denies the same.

## Rhode Island

101.   Plaintiff Alan Voll is a citizen and resident of the State of Rhode Island. Mr. Voll was enrolled in an Anthem Blue Cross Blue Shield health plan and paid premiums on a regular basis. Anthem Blue Cross Blue Shield and Anthem collected and received Mr. Voll's Personal Information, which Anthem maintained in its database. After the Anthem Data Breach, but prior receiving notice of the breach from Anthem, someone accessed Mr. Voll's AT&T account and made unauthorized phone calls. Mr. Voll spent time and effort attempting to have the unauthorized phone calls removed from his account statement. Mr. Voll subsequently received a letter from Anthem informing him that his Personal Information may have been compromised as

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff. Defenses to 4th Consolidated Am. Class Action Complaint Case No. 5:15-md-02617-LHK

a result of the Anthem data breach. As a result of the Anthem data breach, Mr. Voll has spent numerous hours addressing issues arising from the Anthem data breach.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 101, and therefore denies the same.

### South Carolina

102.   Plaintiff Lakeysha Gant is a citizen and resident of the State of South Carolina. Ms. Gant was enrolled in an Anthem Health Plans of Virginia, Inc. d/b/a Anthem Blue Cross and Blue Shield of Virginia Bronze Plus Choice health plan and paid premiums on a regular basis. Anthem Health Plans of Virginia, Inc. and Anthem collected and received Ms. Gant's personal information, which Anthem maintained in its database. Ms. Gant received a letter from Anthem informing her that her information may have been compromised as a result of the Anthem data breach. Ms. Gant now engages in frequent monitoring of her credit and her bank accounts. As a result of the Anthem breach, Ms. Gant has spent numerous hours addressing issues arising from the Anthem data breach.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 102, and therefore denies the same.

### Tennessee

103.   Plaintiff Jonathan B. Pulcini is a citizen and resident of the State of Tennessee. Mr. Pulcini was enrolled in an Anthem Insurance Companies, Inc. d/b/a Anthem Blue Cross and Blue Shield of Indiana health plan and paid premiums on a regular basis. Anthem and Anthem Insurance Companies, Inc. collected and received Mr. Pulcini's Personal Information, which Anthem maintained in its database. Mr. Pulcini received a letter from Anthem informing him that his Personal Information may have been compromised as a result of the Anthem breach. Mr. Pulcini now

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

closely reviews his identity theft and credit monitoring services and monitors his bank accounts. As a result of the Anthem breach, Mr. Pulcini has spent numerous hours addressing issues arising from the Anthem data breach.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 103, and therefore denies the same.

## **Texas**

104.   Plaintiff Patrick Kimbrell is a citizen and resident of the State of Texas. Mr. Kimbrell was enrolled in an Anthem Blue Cross Blue Shield health plan and paid premiums on a regular basis. Anthem Blue Cross Blue Shield and Anthem collected and received Mr. Kimbrell's Personal Information, which it maintained in its database. Mr. Kimbrell received a letter from Anthem and his employer informing him that his Information may have been compromised as a result of the Anthem data breach. After the announcement of the Anthem breach, Mr. Kimbrell attempted to create an online account with Social Security.  As part of the enrollment process, Mr. Kimbrell was asked a few security questions involving recent financial transactions that Mr. Kimbrell alledgedly initiated. Mr. Kimbrell stated that he had not financed a new truck and he had not taken out a new mortgage.  The Social Security office determined that these answers were incorrect, and that Mr. Kimbrell had in fact engaged in these financial transactions.  Mr. Kimbrell investigated, and found that these fraudulent transactions were listed on his Equifax report, but not his Transunion or Experian report.  The Equifax report also indicated that Mr. Kimbrell owned a business that he did not own.  As a result of the Anthem breach, Mr. Kimbrell has spent numerous hours addressing fraudulent activity, monitoring his accounts, and addressing issues arising from the Anthem data breach.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff. Defenses to 4th Consolidated Am. Class Action Complaint Case No. 5:15-md-02617-LHK

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph Paragraph 104, and therefore denies the same.

## Utah

105.   Plaintiff William Ansah-Dawson is a citizen and resident of the State of Utah. Mr. Dawson was enrolled in an Anthem Insurance Companies, Inc. health plan and paid premiums on a regular basis. Anthem Insurance Companies, Inc. and Anthem collected and received Mr. Dawson's Personal Information, which Anthem maintained in its database. Mr. Dawson received a letter from Anthem informing him that his Personal Information may have been compromised as a result of the Anthem data breach. Mr. Dawson now engages in monthly monitoring of his credit and his bank accounts. As a result of the Anthem breach, Mr. Dawson has spent numerous hours addressing issues arising from the Anthem data breach.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 105, and therefore denies the same.

106.   Plaintiff C. Wheelwright is a citizen and resident of the State of Utah. Mr. Wheelwright was enrolled in an Anthem Insurance Companies, Inc. and Anthem, Inc. health plan and paid premiums on a regular basis. Anthem Insurance Companies, Inc. and Anthem collected and received Mr. Wheelwright's Personal Information, which Anthem maintained in its database. Mr. Wheelwright received a letter from Anthem informing him that his Personal Information may have been compromised as a result of the Anthem data breach. Mr. Wheelwright now engages in monthly monitoring of his credit and his bank accounts. As a result of the Anthem breach, Mr. Wheelwright has spent numerous hours addressing issues arising from the Anthem data breach.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff. Defenses to 4th Consolidated Am. Class Action Complaint Case No. 5:15-md-02617-LHK

1

**HCSC Response:** HCSC is without sufficient knowledge or information to

2

form a belief about the truth of the allegations in Paragraph 106, and therefore denies

3

the same.

4

### Virginia

5

107.   Plaintiff Michael S. Weinberger is a citizen and resident of the State of

6

Virginia. Mr. Weinberger was enrolled in an Anthem Insurance Companies, Inc. d/b/a

7

Anthem Blue Cross and Blue Shield of Indiana health plan and paid premiums on a

8

regular basis. Anthem Insurance Companies, Inc. and Anthem collected and received

9

Mr. Weinberger's Personal Information, as well as that of his wife, Karen H.

10

Weinberger and his daughter, Alyssa D. Weinberger, which Anthem maintained in its

11

database. Mr. Weinberger received an e-mail and letter from Anthem informing him

12

that his Personal Information may have been compromised as a result of the Anthem

13

breach. Thereafter, Mr. Weinberger, his wife and his daughter, spent numerous hours

14

addressing issues arising from the Anthem data breach. In February 2016, Mr.

15

Weinberger was notified that the IRS had detected a suspicious use of Mr.

16

Weinberger's Social Security number to access an e-file PIN number that could be

17

used to electronically file tax returns. Mr. Weinberger spent time researching the

18

implications of this and concluded that placing a fraud alert on his credit file was an

19

unfortunate additional, but necessary burden to safeguard his credit rating and prevent

20

identity theft. Now, when he applies for new credit, he will have to go through the

21

hassle of presenting additional documentation that he is indeed who he claims to be.

22

**HCSC Response:** HCSC is without sufficient knowledge or information to

23

form a belief about the truth of the allegations in Paragraph 107, and therefore denies

24

the same.

25

### Washington

26

108.   Plaintiff Vernon Davitte is a citizen and resident of the State of

27

Washington. Mr. Davitte was enrolled in a Healthy Alliance Life Insurance Company

28

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

d/b/a Anthem Blue Cross and Blue Shield of Missouri health plan and paid premiums on a regular basis. Healthy Alliance Life Insurance Company and Anthem collected and received Mr. Davitte's Personal Information, which Anthem maintained in its database. Mr. Davitte received a letter from Anthem informing him that his Personal Information may have been compromised as a result of the Anthem breach. Mr. Davitte pays approximately $192 annually for identity theft and credit monitoring services in order to monitor for identity theft and fraudulent activity resulting from the Anthem breach. Mr. Davitte placed a credit freeze on his credit report with Experian in order to detect potential identity theft and fraudulent activity. As a result of the Anthem breach, Mr. Davitte has spent numerous hours addressing issues arising from the Anthem data breach.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 108, and therefore denies the same.

109. Plaintiff Jennifer Mertlich is a citizen and resident of the State of Washington. Ms. Mertlich was enrolled in a health plan administered by Anthem Blue Cross Life and Health Insurance Company and Anthem Blue Cross of California, and paid premiums on a regular basis. Anthem Blue Cross of California, Anthem Blue Cross Life and Health Insurance Company, and Anthem collected and received Ms. Mertlich's Personal Information, which Anthem maintained in its database. Ms. Mertlich received a letter from Anthem informing her that her Personal Information may have been compromised as a result of the Anthem data breach. After the announcement of the Anthem breach, at least four fraudulent credit cards or credit accounts were opened or attempted to be opened in Ms. Mertlich's name and using her Personal Information. In most instances, the credit accounts were maxed out and Ms. Mertlich had to personally dispute the fraudulent charges by making phone calls and submitting documentation. In addition, someone who purchased Ms. Mertlich's

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Personal Information used it to create a fake identification card using Ms. Mertlich's name, address and other Personal Information. Ms. Mertlich was forced to file two separate police reports in different cities and spend significant time and expense addressing the extensive fraud perpetrated against her. Ms. Mertlich had to purchase credit freezes on her credit reports with the three major U.S. consumer credit reporting agencies in order to detect potential identity theft and fraudulent activity. Ms. Mertlich also paid approximately $120 over the course of a year for identity theft and credit monitoring services in order to monitor for identity theft and fraudulent activity resulting from the Anthem breach. As a result of the Anthem breach, Ms. Mertlich has spent significant time, effort and expense addressing credit fraud, monitoring her accounts, and addressing issues arising from the Anthem data breach.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 109, and therefore denies the same.

110. Plaintiff Simon Kaufman is a citizen and resident of the State of Washington. Mr. Kaufman was enrolled in an Amerigroup Washington, Inc. health plan and paid premiums on a regular basis. Anthem and Amerigroup Washington, Inc. collected and received Mr. Kaufman's Personal Information, which Anthem maintained in its database. Mr. Kaufman received a letter from Anthem informing him that his Personal Information may have been compromised as a result of the Anthem data breach. As a result of the Anthem breach, Mr. Kaufman has spent numerous hours addressing issues arising from the Anthem data breach.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 110, and therefore denies the same.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

**West Virginia**

111.   Plaintiff Lisa Shiltz is a resident and citizen of the State of West Virginia. Ms. Shiltz was enrolled in an Anthem Health Plans of Kentucky, Inc. health plan and paid premiums on a regular basis. Anthem Health Plans of Kentucky, Inc. and Anthem collected and received Ms. Shiltz's Personal Information, which Anthem maintained in its database. Ms. Shiltz received a letter from Anthem informing her that her Personal Information may have been compromised as a result of the data breach. Ms. Shiltz subsequently had identity thieves attempt to open bank accounts in her name. As a result of the Anthem breach, Ms. Shiltz has spent numerous hours addressing issues arising from the Anthem data breach.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 111, and therefore denies the same.

**Wisconsin**

112.   Plaintiff Susan H. Jones is a citizen and resident of the State of Wisconsin. Ms. Jones was enrolled in a Compcare Health Services Insurance Corporation d/b/a Anthem Blue Cross and Blue Shield of Wisconsin health insurance plan and paid premiums on a regular basis. Compcare Health Services Insurance Corporation and Anthem collected and received Ms. Jones's Personal Information, which Anthem maintained in its database. Ms. Jones received a letter from Anthem informing her that her Personal Information may have been compromised as a result of the Anthem breach. Ms. Jones subsequently received a letter from the IRS informing her that someone had filed a false tax return using her Personal Information. As a result of the Anthem breach, Ms. Jones has spent numerous hours addressing issues arising from the Anthem data breach.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff. Defenses to 4th Consolidated Am. Class Action Complaint Case No. 5:15-md-02617-LHK

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 112, and therefore denies the same.

113.   Plaintiff Jennifer Rud is a citizen and resident of the State of Wisconsin. Ms. Rud was enrolled in an Anthem Insurance Companies, Inc. d/b/a Anthem Blue Cross and Blue Shield of Indiana health plan and paid premiums on a regular basis. Prior to that, Ms. Rud was enrolled in a Blue Cross Blue Shield of Minnesota health plan. Anthem Insurance Companies, Inc., Blue Cross Blue Shield of Minnesota, and Anthem collected and received Ms. Rud's Personal Information, which Anthem maintained in its database. Ms. Rud received a letter from Anthem informing her that her Personal Information may have been compromised as a result of the Anthem breach. Ms. Rud subsequently received a letter from the IRS informing her that someone had filed a false tax return using her Personal Information. As a result of the Anthem Breach, Ms. Rud was required to submit five forms of identification to the IRS, file a police report, and delay purchase of a house. Her tax refund has also been delayed. As a result of the Anthem breach, Ms. Rud has spent numerous hours addressing issues arising from the Anthem data breach.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 113, and therefore denies the same.

**B.   Defendants**

114.   Defendant Anthem, Inc. ("Anthem") is incorporated and headquartered in Indiana. Anthem is one of the largest health benefits and health insurance companies in the United States. Anthem serves its medical members through its health benefits and insurance subsidiaries and affiliates ("Anthem Affiliates"). Anthem is the parent company of the Anthem Affiliates. Anthem also cooperated with other independent

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

Blue Cross Blue Shield licensee insurance and health benefit companies ("non-Anthem BCBS") to create the BlueCard program.

**HCSC Response:** HCSC admits that Anthem participates in the BlueCard program with other independent Blue Cross and Blue Shield licensees. HCSC is without sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 114, and therefore denies the same.

115.   Defendant Blue Cross and Blue Shield of Georgia, Inc. is incorporated and headquartered in Georgia. Defendant is an Anthem Affiliate.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 115, and therefore denies the same.

116.   Defendant Blue Cross and Blue Shield Healthcare Plan of Georgia, Inc. is incorporated and headquartered in Georgia. Defendant is an Anthem Affiliate.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 116, and therefore denies the same.

117.   Defendant Anthem Insurance Companies, Inc. d/b/a Anthem Blue Cross and Blue Shield of Indiana is incorporated and headquartered in Indiana. Defendant is an Anthem Affiliate.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 117, and therefore denies the same.

118.   Defendant Blue Cross of California, Inc. d/b/a Anthem Blue Cross of California is incorporated and headquartered in California. Defendant is an Anthem Affiliate.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

73

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 118, and therefore denies the same.

119.   Defendant Anthem Blue Cross Life and Health Insurance Company is incorporated and headquartered in California. Defendant is an Anthem Affiliate.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 119, and therefore denies the same.

120.   Defendant Rocky Mountain Hospital and Medical Service, Inc. d/b/a Anthem Blue Cross and Blue Shield of Colorado in Colorado and d/b/a Anthem Blue Cross and Blue Shield of Nevada in Nevada, is incorporated and headquartered in Colorado. Defendant is an Anthem Affiliate.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 120, and therefore denies the same.

121.   Defendant Anthem Health Plans, Inc. d/b/a Anthem Blue Cross and Blue Shield of Connecticut is incorporated and headquartered in Connecticut. Defendant is an Anthem Affiliate.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 121, and therefore denies the same.

122.   Defendant Anthem Health Plans of Kentucky, Inc. d/b/a Anthem Blue Cross and Blue Shield of Kentucky is incorporated and headquartered in Kentucky. Defendant is an Anthem Affiliate.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 122, and therefore denies the same.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff. Defenses to 4th Consolidated Am. Class Action Complaint Case No. 5:15-md-02617-LHK

123.   Defendant Anthem Health Plans of Maine, Inc. d/b/a Anthem Blue Cross and Blue Shield of Maine is incorporated and headquartered in Maine. Defendant is an Anthem Affiliate.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 123, and therefore denies the same.

124.   Defendant HMO Missouri, Inc. d/b/a Anthem Blue Cross and Blue Shield of Missouri is incorporated and headquartered in Missouri. Defendant is an Anthem Affiliate.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 124, and therefore denies the same.

125.   Defendant RightChoice Managed Care, Inc. d/b/a Anthem Blue Cross and Blue Shield of Missouri is incorporated and headquartered in Missouri. Defendant is an Anthem Affiliate.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 125, and therefore denies the same.

126.   Defendant Healthy Alliance Life Insurance Company d/b/a Anthem Blue Cross and Blue Shield of Missouri is incorporated and headquartered in Missouri. Defendant is an Anthem Affiliate.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 126, and therefore denies the same.

127.   Defendant Anthem Health Plans of New Hampshire, Inc. d/b/a Anthem Blue Cross and Blue Shield of New Hampshire is incorporated and headquartered in New Hampshire. Defendant is an Anthem Affiliate.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff. Defenses to 4th Consolidated Am. Class Action Complaint Case No. 5:15-md-02617-LHK

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 127, and therefore denies the same.

128. Defendant Empire HealthChoice Assurance, Inc. d/b/a Empire Blue Cross and Blue Shield is incorporated and headquartered in New York. Defendant is an Anthem Affiliate.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 128, and therefore denies the same.

129. Defendant Community Insurance Company d/b/a Anthem Blue Cross and Blue Shield of Ohio is incorporated and headquartered in Ohio. Defendant is an Anthem Affiliate.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 129, and therefore denies the same.

130. Defendant Anthem Health Plans of Virginia, Inc. d/b/a Anthem Blue Cross and Blue Shield of Virginia is incorporated and headquartered in Virginia. Defendant is an Anthem Affiliate.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 130, and therefore denies the same.

131. HMO HealthKeepers, Inc. d/b/a Anthem Blue Cross and Blue Shield of Virginia is incorporated and headquartered in Virginia. Defendant is an Anthem Affiliate.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 131, and therefore denies the same.

Def. HCSC's Ans.and Aff. Defenses to 4th Consolidated Am. Class Action Complaint Case No. 5:15-md-02617-LHK

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

132.    Defendant Blue Cross Blue Shield of Wisconsin d/b/a Anthem Blue Cross and Blue Shield of Wisconsin is incorporated and headquartered in Wisconsin. Defendant is an Anthem Affiliate.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 132, and therefore denies the same.

133.    Defendant Compcare Health Services Insurance Corporation d/b/a Anthem Blue Cross and Blue Shield of Wisconsin is incorporated and headquartered in Wisconsin. Defendant is an Anthem Affiliate.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 133, and therefore denies the same.

134.    Defendant Amerigroup Corporation is incorporated and headquartered in Delaware. Defendant is an Anthem Affiliate.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 134, and therefore denies the same.

135.    Defendant Amerigroup Services, Inc. is incorporated and headquartered in Virginia. Defendant is an Anthem Affiliate.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 135, and therefore denies the same.

136.    Defendant Amerigroup Kansas Inc. is incorporated and headquartered in Kansas. Defendant is an Anthem Affiliate.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 136, and therefore denies the same.

Def. HCSC's Ans.and Aff. Defenses to 4th Consolidated Am. Class Action Complaint Case No. 5:15-md-02617-LHK

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

137. Defendant Amerigroup Washington, Inc. is incorporated and headquartered in Washington. Defendant is an Anthem Affiliate.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 137, and therefore denies the same.

138. Defendant HealthLink, Inc. is incorporated in Illinois and headquartered in Missouri. Defendant is an Anthem Affiliate.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 138, and therefore denies the same.

139. Defendant Unicare Life & Health Insurance Company is incorporated and headquartered in Indiana. Defendant is an Anthem Affiliate.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 139, and therefore denies the same.

140. Defendant CareMore Health Plan is incorporated and headquartered in California. Defendant is an Anthem Affiliate.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 140, and therefore denies the same.

141. Defendant The Anthem Companies, Inc. is incorporated and headquartered in Indiana. Defendant is an Anthem Affiliate.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 141, and therefore denies the same.

142. Defendant The Anthem Companies of California, Inc. is incorporated in California and headquartered in Indiana. Defendant is an Anthem Affiliate.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 142, and therefore denies the same.

143.   Discovery may reveal additional Anthem Affiliate Defendants.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 143, and therefore denies the same.

144.   Defendant Blue Cross and Blue Shield of Alabama is incorporated and headquartered in Alabama. Defendant is a non-Anthem BCBS company.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 144, and therefore denies the same.

145.   Defendant USAble Mutual Insurance Company d/b/a Arkansas Blue Cross and Blue Shield is incorporated and headquartered in Arkansas. Defendant is a non-Anthem BCBS company.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 145, and therefore denies the same.

146.   Defendant California Physicians' Service, Inc. d/b/a Blue Shield of California is incorporated and headquartered in California. Defendant is a non-Anthem BCBS company.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 146, and therefore denies the same.

147.   Defendant Health Care Service Corporation d/b/a/ Blue Cross and Blue Shield of Illinois and Blue Cross and Blue Shield of Texas is incorporated and headquartered in Illinois. Defendant is a non-Anthem BCBS company.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

**HCSC Response:** HCSC admits that it is an Illinois Mutual Legal Reserve Company headquartered in Illinois. Unless otherwise specifically admitted, the remaining allegations in Paragraph 147 are denied.

148.   Defendant Blue Cross and Blue Shield of Florida, Inc. is incorporated and headquartered in Florida. Defendant is a non-Anthem BCBS company.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 148, and therefore denies the same.

149.   Defendant CareFirst of Maryland, Inc. d/b/a CareFirst BlueCross BlueShield is incorporated and headquartered in Maryland. Defendant is a non-Anthem BCBS company.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 149, and therefore denies the same.

150.   Defendant Blue Cross and Blue Shield of Massachusetts, Inc. is incorporated and headquartered in Massachusetts. Defendant is a non-Anthem BCBS company.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 150, and therefore denies the same.

151.   Defendant Blue Cross and Blue Shield of Michigan is incorporated and headquartered in Michigan. Defendant is a non-Anthem BCBS company.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 151, and therefore denies the same.

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

152.   Defendant BCBSM, Inc. d/b/a Blue Cross and Blue Shield of Minnesota is incorporated and headquartered in Minnesota. Defendant is a non-Anthem BCBS company.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 152, and therefore denies the same.

153.   Defendant Horizon Healthcare Services, Inc. d/b/a Horizon Blue Cross and Blue Shield of New Jersey is incorporated and headquartered in New Jersey. Defendant is a non-Anthem BCBS company.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 153, and therefore denies the same.

154.   Defendant Blue Cross and Blue Shield of North Carolina, Inc. is incorporated and headquartered in North Carolina. Defendant is a non-Anthem BCBS company.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 154, and therefore denies the same.

155.   Defendant Highmark Inc. d/b/a Highmark Blue Shield and d/b/a Highmark Blue Cross Blue Shield is incorporated and headquartered in Pennsylvania. Defendant is a non-Anthem BCBS company. Defendant HM Health Insurance Company d/b/a Highmark Health Insurance Company is a wholly owned subsidiary of Highmark Inc., which is incorporated and headquartered in Pennsylvania. Defendant is a non-Anthem BCBS company.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 155, and therefore denies the same.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff. Defenses to 4th Consolidated Am. Class Action Complaint Case No. 5:15-md-02617-LHK

156.   Defendant Blue Cross and Blue Shield of Vermont is incorporated and headquartered in Vermont. Defendant is a non-Anthem BCBS company.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 156, and therefore denies the same.

157.   Defendant Blue Cross Blue Shield Association ("BCBSA") is incorporated and headquartered in Illinois.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 157, and therefore denies the same.

158.   Discovery may reveal additional non-Anthem BCBS Defendants.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 158, and therefore denies the same.

## IV.   STATEMENT OF FACTS

### A.   The Anthem Database

159.   Anthem is one of the largest health benefits and health insurance companies in the United States. Anthem serves its medical members through its fourteen Blue Cross Blue Shield ("BCBS") licensee affiliates ("Anthem BCBS Affiliates"), as well as its non-Blue Cross Blue Shield affiliates ("Anthem non-BCBS Affiliates"), such as Amerigroup Corporation, CareMore Health Group, Inc., HealthLink, and UniCare. (Collectively, Anthem's health benefits and insurance subsidiaries and affiliates will be referred to as "Anthem Affiliates.")

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 159, and therefore denies the same.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff. Defenses to 4th Consolidated Am. Class Action Complaint Case No. 5:15-md-02617-LHK

160.   Anthem also cooperated with other independent Blue Cross Blue Shield licensee insurance and health benefit companies ("non-Anthem BCBS") to create the BlueCard program. Under the BlueCard program, members of one BCBS licensee may access another BCBS licensee's provider networks and discounts when the members are out of state. Thus, non-Anthem BCBS members may access an Anthem BCBS Affiliate's provider discounts and network when they travel to an area where an Anthem Affiliate serves as the BCBS licensee.

**HCSC Response:** HCSC admits that Anthem participates in the BlueCard program with other independent Blue Cross and Blue Shield licensees. HCSC admits that, through the BlueCard program, Blue Cross and/or Blue Shield members of one BCBS licensee may have access to another BCBS licensee's provider networks and discounts while traveling or living in that BCBS licensee's service area. HCSC denies the remaining allegations in Paragraph 160.

161.   As health insurance and health benefits companies, Anthem, Anthem Affiliates, and non-Anthem BCBS collect, receive, and access their customers' and members' extensive individually identifiable health record information. These records include personal information (such as names, dates of birth, Social Security numbers, health care ID numbers, home addresses, email addresses, and employment information, including income data) and individually-identifiable health information (pertaining to the individual claims process, medical history, diagnosis codes, payment and billing records, test records, dates of service, and all other health information that an insurance company has or needs to have to process claims). (Collectively, both the personal information and individually identifiable health information will be referred to as "Personal Information.")

**HCSC Response:** HCSC admits that it collects, receives, and utilizes a variety of members' individually identifiable health and personal information in connection with the administration of health care benefits. HCSC admits that Plaintiffs have

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

defined the term "Personal Information" in the manner set forth in Paragraph 161 but denies that Plaintiffs' definition is clear and unambiguous. HCSC denies that it collects, receives, and accesses all of the Personal Information defined in this Paragraph for all of its members. HCSC is without sufficient knowledge or information to form a belief about the truth of the remaining allegations in this Paragraph and therefore denies the same.

162.   Anthem created a common computer database that it referred to as a "single data warehouse" and the "main subscriber file" containing Personal Information for tens of millions of individuals (the "Anthem Database"). The Anthem Database includes Personal Information that was provided by current and former customers or members of Anthem Affiliates. The Anthem Database also includes Personal Information for current and former customers or members of non-Anthem BCBS plans who obtained health care services in areas where Anthem Affiliates serve as the BCBS licensees, as well as employees of self-insured employer groups where Anthem received information about non-Anthem members to provide analytics and administrative services. The Anthem Database also contains Personal Information for Anthem and Anthem Affiliate employees.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 162, and therefore denies the same.

163.   Anthem publicly admitted that the Anthem Database contained information from former customers or members going back to 2004, and that Anthem generally retains data for 10 years, even though Anthem acknowledges it is not legally required to retain data going back that far in time.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 163, and therefore denies the same.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff. Defenses to 4th Consolidated Am. Class Action Complaint Case No. 5:15-md-02617-LHK

164.   Further discovery may demonstrate that the Anthem Database contained information regarding additional individuals.

**HCSC Response:** Paragraph 164 does not contain factual allegations and therefore no response is required. To the extent a response is required, HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 164, and therefore denies the same.

**B.    Defendants' Privacy Policies, Representations, Omissions, and Contract Terms Pertaining to Data Security and Confidentiality**

**a.    Anthem's Privacy Policies, Representations, and Omissions**

165.   At all times relevant to this litigation, Anthem and its Affiliates have had privacy policies committing to maintain and protect the confidentiality of information that Anthem and its Affiliates collected from their customers in the course of doing business, including personal and health-related information.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 165, and therefore denies the same.

166.   At all times relevant to this litigation, Anthem's and its Affiliates' privacy policies included a "Personal Information (Including Social Security Number) Privacy Protection Policy" that applied to all members with whom Anthem does business. Since at least 2010 (and on information and belief for many years prior to that), that Policy has stated the following:

> **Anthem Blue Cross and Blue Shield maintains policies that protect the confidentiality of personal information, including Social Security numbers, obtained from its members and associates in the course of its regular business functions. Anthem Blue Cross and Blue Shield is committed to protecting information about its customers and associates, especially the confidential nature of their personal information (PI).[1]**

---

[1]   In some of their materials, Defendants utilized the term "Personal Health Information" ("PHI") to refer to health information and "Personally Identifiable Information" ("PII" or "PI") to refer to non-health individually identifiable information.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Personal Information is information that is capable of being associated with an individual through one or more identifiers including but not limited to, a Social Security number, a driver's license number, a state identification card number, an account number, a credit or debit card number, a passport number, an alien registration number or a health insurance identification number, and does not include publicly available information that is lawfully made available to the general public from federal, state or local government records or widely distributed media.

- **Anthem Blue Cross and Blue Shield is committed to protecting the confidentiality of Social Security numbers and other Personal Information.**

- **Anthem Blue Cross and Blue Shield's Privacy Policy imposes a number of standards to:**
  - **guard the confidentiality of Social Security numbers and other personal information,**
  - **prohibit the unlawful disclosure of Social Security numbers, and**
  - **limit access to Social Security numbers.**

Anthem Blue Cross and Blue Shield will not use or share Social Security numbers or personal information with anyone outside the company except when permitted or required by federal and state law. **Anthem Blue Cross and Blue Shield Associates must only access Social Security numbers or personal information as required by their job duties. Anthem Blue Cross and Blue Shield has in place a minimum necessary policy which states that associates may only access, use or disclose Social Security numbers or personal information to complete a specific task and as allowed by law.**

**Anthem Blue Cross and Blue Shield safeguards Social Security numbers and other personal information by having physical, technical, and administrative safeguards in place.**

If you have questions regarding this policy, please contact Customer Service by dialing the number that is located on the back of your ID card.

(Emphasis added). The exact language of this Policy has not changed since 2010 and, on information and belief, for many years prior to that.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 166, and therefore denies the same.

167.   Since at least 2010 (and on information and belief for many years prior to that), the Anthem website and the website for every Anthem BCBS Affiliate and for other Anthem Affiliates has posted this Personal Information (Including Social

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Security Number) Privacy Protection Policy in its entirety. The Anthem and Anthem Blue Cross California webpages setting forth this Policy as it appeared during 2014 and 2015 are attached hereto as Exhibits 1-4.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 167, and therefore denies the same.

168.   This Personal Information (Including Social Security Number) Privacy Protection Policy was made available to Anthem customers and the public in many Anthem documents and websites, and, as discussed further below, is incorporated as a term of Anthem and its Affiliates' individual and group insurance or benefits contracts, including the contracts between Anthem and its Affiliates' and Plaintiffs and Affected Individuals.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 168, and therefore denies the same.

169.   At all times relevant to this litigation, Anthem and its Affiliates have maintained "Privacy" sections of their websites, where the Personal Information (Including Social Security Number) Privacy Protection Policy is posted. The "Privacy" website of Anthem and its Affiliates has also stated, at all relevant times to this litigation, that:

> Anthem is fully committed to the spirit and letter of the Health Insurance Portability and Accountability Act of 1996 (HIPAA), including but not limited to the Privacy Rule that was issued pursuant to HIPAA. A major provision of the Privacy Rule is to safeguard sensitive, personal information about members. This information is referred to as Protected Health Information (PHI), and includes individually identifiable health care and demographic data. HIPAA allows Anthem to use and disclose certain member information for clearly defined treatment, payment and health care operations (TPO). However, members have the right to restrict the release of information about them beyond these uses. The Individual Authorization Form provides the means for members to identify who can see their PHI and what specific PHI can be seen for purposes other than TPO. If you need to have your PHI disclosed to someone outside of Anthem for purposes other than TPO, complete the form and submit

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff. Defenses to 4th Consolidated Am. Class Action Complaint Case No. 5:15-md-02617-LHK

it to your local Anthem office. This address is located on the back of your Anthem identification card. If you have questions, please contact your local customer service unit. The telephone number is on the back of your identification card.

Ex. 1-4.

**HCSC Response:** HCSC admits that Plaintiffs purport to quote selected portions of the documents attached as Exhibits 1–4 to their Fourth Consolidated Amended Class Action Complaint. HCSC refers to Exhibits 1–4 for their content and denies any characterization thereof. HCSC is without sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 169, and therefore denies the same.

170.   Anthem and its Affiliates also describe their privacy policies and practices in the annual Privacy Notices. At all times relevant to this litigation, Anthem and its Affiliates all provided annual notices to customers required by federal and state law and made those notices available on their Privacy webpages.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 170, and therefore denies the same.

171.   All times relevant to this litigation, and since at least 2010 (and on information and belief for many years prior), the "Privacy" sections of the Anthem and Anthem's BCBS Affiliate websites have stated:

> The Health Insurance Portability and Accountability Act of 1996 (HIPAA) Privacy Rule allows members the right to receive a notice that describes how individual health information may be used and/or disclosed and how to acquire access to this information. Anthem Blue Cross and its affiliated health plans are federally mandated to send a notice (Notice of Privacy Practices) to members of their fully insured health benefits plans.
>
> Anthem Blue Cross and its affiliated health plans have developed the following Notices of Privacy Practices based upon Federal and individual State regulations. Please select the appropriate link(s) below, as they apply to you.

Ex. 1-4. The websites then contain hyperlinks to the privacy notice named: "Anthem Blue Cross and Blue Shield Privacy Practices" in English and Spanish. At all times

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

relevant to this litigation, Anthem's other non-BCBS Affiliates also posted similar representations on their Privacy websites.

**HCSC Response:** HCSC admits that Plaintiffs purport to quote selected portions of the documents attached as Exhibits 1–4 to their Fourth Consolidated Amended Class Action Complaint. HCSC refers to Exhibits 1–4 for their content and denies any characterization thereof. HCSC is without sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 171, and therefore denies the same.

172.   The Anthem privacy notices as they appeared in 2014 and 2015 are attached as Exhibit 5. The Privacy Notices of Anthem's BCBS Affiliates are identical to the Anthem Privacy Notices. These Privacy Notices contained descriptions of Anthem's privacy policies and practices and set forth in detail how those policies require Anthem and Anthem's BCBS Affiliates to protect and maintain the confidentiality of Personal Information, including:

> We may collect, use and share your nonpublic personal information (PI) as described in this notice. PI identifies a person and is often gathered in an insurance matter.
>
> We may collect PI about you from other persons or entities, such as doctors, hospitals, or other carriers. We may share PI with persons or entities outside of our company—without your OK in some cases. If we take part in an activity that would require us to give you a chance to opt out, we will contact you. We will tell you how you can let us know that you do not want us to use or share your PI for a given activity. You have the right to access and correct your PI. Because PI is defined as any information that can be used to make judgements about your health, finances, character habits, hobbies, reputation, career and credibility, **we take reasonable safety measures to protect the PI we have about you.** A more detailed state notice is available upon request. Please call the phone number printed on your ID card.

Ex. 5 (emphasis added).

**HCSC Response:** HCSC admits that Plaintiffs purport to quote selected portions of the document attached as Exhibit 5 to their Fourth Consolidated Amended Class Action Complaint. HCSC refers to Exhibit 5 for its content and denies any characterization thereof. HCSC is without sufficient knowledge or information to

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

form a belief about the truth of the remaining allegations in Paragraph 172, and therefore denies the same.

173.   These Privacy Notices also discussed Personal Health Information, and stated:

> **We are dedicated to protecting your PHI, and have set up a number of policies and practices to help make sure your PHI is kept secure.**
>
> **We have to keep your PHI private. If we believe your PHI has been breached, we must let you know.**
>
> **We keep your oral, written and electronic PHI safe using physical, electronic, and procedural means. These safeguards follow federal and state laws. Some of the ways we keep your PHI safe include securing offices that hold PHI, password-protecting computers, and locking storage areas and filing cabinets. We require our employees to protect PHI through written policies and procedures. These policies limit access to PHI to only those employees who need the data to do their job.** Employees are also required to wear ID badges to help keep people who do not belong out of areas where sensitive data is kept. Also, where required by law, our affiliates and nonaffiliates must protect the privacy of data we share in the normal course of business. They are not allowed to give PHI to others without your written OK, except as allowed by law and outlined in this notice.

Ex. 5 (emphasis added).

**HCSC Response:** HCSC admits that Plaintiffs purport to quote selected portions of the document attached as Exhibit 5 to their Fourth Consolidated Amended Class Action Complaint. HCSC refers to Exhibit 5 for its content and denies any characterization thereof. HCSC is without sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 173, and therefore denies the same.

174.   These Privacy Notices also promise to keep the "financial information of our current and former members private, as required by law, accreditation standards, and our rules." Ex. 5.

**HCSC Response:** HCSC admits that Plaintiffs purport to quote selected portions of the document attached as Exhibit 5 to their Fourth Consolidated Amended Class Action Complaint. HCSC refers to Exhibit 5 for its content and denies any

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

characterization thereof. HCSC is without sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 174, and therefore denies the same.

175.   These Privacy Notices also promise to follow state and federal law: "HIPAA (the federal privacy law) generally does not pre-empt, or override, other laws that give people greater privacy protections. As a result, if any state or federal privacy law requires us to provide you with more privacy protections, then we must also follow that law in addition to HIPAA." Ex. 5.

**HCSC Response:** HCSC admits that Plaintiffs purport to quote selected portions of the document attached as Exhibit 5 to their Fourth Consolidated Amended Class Action Complaint. HCSC refers to Exhibit 5 for its content and denies any characterization thereof. HCSC is without sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 175, and therefore denies the same.

176.   At all times relevant to this litigation, Anthem's other non-BCBS Affiliates also posted Privacy Notices on their websites containing specific policies and practices to maintain the confidentiality of members' personal information substantially similar to Anthem's Privacy Notices.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 176, and therefore denies the same.

177.   On information and belief, in all years relevant to this litigation, in addition to making the then-current annual notices always available online, Anthem and its Affiliates all mailed by post or e-electronic mail the same annual privacy notices to individuals as well as to members enrolled in Anthem Affiliate group plans. Anthem gave its customers the option of electing to receive correspondence electronically, including the required annual Privacy Notices.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff. Defenses to 4th Consolidated Am. Class Action Complaint Case No. 5:15-md-02617-LHK

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 177, and therefore denies the same.

178.   Many documents provided by Anthem and its Affiliates to customers, including as discussed further below their contract documents, referred to these Privacy policies and notices and encouraged customers to view online the information regarding their privacy policies and practices set forth in those notices.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 178, and therefore denies the same.

179.   At all times relevant to this litigation, Anthem and its Affiliates advertised their services on their websites, including advertising privacy policies. Individuals or employers interested in purchasing insurance from Anthem and its Affiliates can review the information provided by Anthem and its Affiliates regarding individual plans, including the privacy policies, can "Get a Quote," and can complete and submit an application through the websites.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 179, and therefore denies the same.

180.   In addition, for example, advertising materials that Anthem makes available on its website describing all of the individual plans that it sells state, under "Important Plan Information" that: "As a member, you have rights and responsibilities. **You have the right to expect the privacy of your personal health information to be protected, consistent with state and federal laws and our policies**." (Emphasis added). Likewise, the materials describing group plans refer to privacy policies under the "General Provisions" applicable to all plans. On information and belief, at all times pertaining to this lawsuit Anthem and its Affiliates

92

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

all included references to Anthem's privacy policies and websites in materials advertising Anthem's services and plans to potential customers.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 180, and therefore denies the same.

181.   In addition, Anthem and its Affiliates all provide links to the privacy policies from other areas of Anthem's websites. For example, Anthem California has a FAQ (Frequently Asked Questions) page on Anthem's website where Anthem provides the following question: "What is HIPAA and what are my privacy rights at Anthem California?" Anthem then provides as the answer, the link to Anthem's Privacy website, containing Anthem's Privacy policies and notices.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 181, and therefore denies the same.

182.   The Anthem and Affiliate websites, Privacy Notices, advertisements, and other documents described above, and contract documents described below, are only some of the many documents in which Anthem and its Affiliates set forth their privacy policies and commitments to maintain the confidentiality of member's personal and medical information, including documents provided to Affected Individuals, the public, business associates, and the government.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 182, and therefore denies the same.

183.   Anthem and its Affiliates provided documents containing their privacy policies, and made those policies available online, to all Affected Individuals at the time that all Affected Individuals enrolled and paid premiums for insurance and/or health benefits policies and plans sold by Anthem and its Affiliates.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

93

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 183, and therefore denies the same.

184.   At no point in time prior to any Affected Individual enrolling in and paying premiums for insurance and/or health benefits policies provided by Anthem and its Affiliates did Anthem or its Affiliates ever inform any Affected Individual that Anthem did not comply with its privacy policies with respect to personal information, including the Personal Information (Including Social Security Number) Privacy Protection Policy or the representations regarding those policies and practices set forth in Anthem's Privacy Notices.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 184, and therefore denies the same.

185.   At no point in time prior to any Affected Individual enrolling in and paying premiums for insurance and/or health benefits policies provided by Anthem and its Affiliates did Anthem ever inform any Affected Individual that Anthem:

- did not take reasonable measures to protect individuals' personal information from disclosure to third parties;
- did not use physical, electronic, or technical means to protect individuals' personal information from disclosure to third parties;
- permitted Anthem employees and/or associates to access individuals' personal information, including Social Security Numbers, when it was not necessary to perform their job duties;
- did not use double-factor authentication to protect access to individuals' personal information;
- maintained the Personal Information of all Anthem and Anthem Affiliate customers and Blue Card participants, among others, in a single Database that lacked adequate data security;
- did not destroy or otherwise remove Personal Information from Anthem's Database after a reasonable amount of time, or the time period as required by state or federal law;

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

- did not comply with industry standards for protecting personal or health-related information; and

- did not comply with state or federal laws pertaining to the confidentiality of personal and health-related information.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 185, and therefore denies the same.

186.   Plaintiffs and Affected Individuals would not have enrolled in, purchased or otherwise paid premiums to Anthem and its Affiliates for insurance or health benefits services had Anthem and its Affiliates disclosed that they did not have adequate safeguards, procedures and systems to reasonably protect their members' data security.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 186, and therefore denies the same.

**b.      Anthem's Insurance and Health Benefits Contracts Include Anthem's Privacy Policies**

187.   When Anthem and its Affiliates sell insurance and health benefits services, they enter into contracts with the individuals they insure and to whom they provide health benefits services, including all of the Affected Individuals who were enrolled as members of Anthem plans. As set forth below, all of Anthem's and its Affiliates' contracts with Affected Individuals included as binding contract terms Anthem's privacy policies.[2]

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 187, and therefore denies the same.

---

[2]   Plaintiffs have attached hereto as Exhibits 6-12 documents pertaining to California residents affected by the Anthem Data Breach who were enrolled in Anthem plans (Bronzo, Carter, Coonce, Kawai, Randrup, Solomon, Tharps) and discuss those documents as examples throughout this section.

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

188.   In the "Glossary" of terms made available to the public and all Anthem customers on Anthem's website, Anthem defines "Member" as "[a]ny person who is enrolled in and covered by a Health Benefit Plan."

**HCSC Response:** HCSC admits that Plaintiffs purport to quote selected portions of the documents attached as Exhibits 6–12 to their Fourth Consolidated Amended Class Action Complaint. HCSC refers to Exhibits 6–12 for their content and denies any characterization thereof. HCSC is without sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 188, and therefore denies the same.

189.   Anthem defines "Health Benefit Plan" as "a policy, contract, evidence of coverage, certificate or agreement issued by a Health Plan to provide, deliver, arrange for, pay for or reimburse any of the costs of health care services." The Health Benefit Plans sold by Anthem and its Affiliates include insurance policies and other types of health benefit contracts including but not limited to Health Maintenance Organization ("HMO") policies.

**HCSC Response:** HCSC admits that Plaintiffs purport to quote selected portions of the documents attached as Exhibits 6–12 to their Fourth Consolidated Amended Class Action Complaint. HCSC refers to Exhibits 6–12 for their content and denies any characterization thereof. HCSC is without sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 189, and therefore denies the same.

190.   Anthem defines "Contract" as "Health Benefit Plan."

**HCSC Response:** HCSC admits that Plaintiffs purport to quote selected portions of the documents attached as Exhibits 6–12 to their Fourth Consolidated Amended Class Action Complaint. HCSC refers to Exhibits 6–12 for their content and denies any characterization thereof. HCSC is without sufficient knowledge or

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff. Defenses to 4th Consolidated Am. Class Action Complaint Case No. 5:15-md-02617-LHK

information to form a belief about the truth of the remaining allegations in Paragraph 190, and therefore denies the same.

191. Plaintiffs and Affected Individuals who received insurance or health benefits services from Anthem and its Affiliates did so as a result of purchasing either individual policies from Anthem or enrolling under the terms and conditions of a group contract with Anthem.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 191, and therefore denies the same.

### i. Individual contracts

192. The many Plaintiffs and Affected Individuals who purchased individual insurance or health benefits policies from Anthem and its Affiliates, entered into contracts with Anthem and its Affiliates when they applied and paid for insurance and Anthem issued them a policy.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 192, and therefore denies the same.

193. Anthem provides the individuals who purchase insurance from it with contracts setting forth the terms and conditions of their insurance policies. Those individual policy documents are sometimes called the "contract," the "policy agreement," or "Evidence of Coverage."

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 193, and therefore denies the same.

194. For example, excerpts from the individual insurance policy contract (the "Combined Evidence of Coverage and Disclosure Form") provided by Anthem to California resident Michael Bronzo for 2015 coverage are attached hereto as Exhibit 6

Def. HCSC's Ans.and Aff. Defenses to 4th Consolidated Am. Class Action Complaint Case No. 5:15-md-02617-LHK

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

as an exemplar. This document states clearly that the Agreement set forth in the Evidence of Coverage and documents incorporated therein constitutes a contract. *Id.* at p.21.[3]

**HCSC Response:** HCSC admits that Plaintiffs purport to quote selected portions of the document attached as Exhibit 6 to their Fourth Consolidated Amended Class Action Complaint. HCSC refers to Exhibit 6 for its content and denies any characterization thereof. HCSC is without sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 194, and therefore denies the same.

195.   Anthem, like all insurers, drafts its insurance policy contracts and provides them to its Members. Plaintiffs and the Affected Individuals did not draft these contracts. On information and belief, Anthem uses template documents to generate its insurance policy contracts provided to customers, and these documents use language and structure that is consistent across plans (despite containing differences in medical services covered, deductibles, and the like).

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 195, and therefore denies the same.

196.   Consideration for the services provided by Anthem and its Affiliates pursuant to these individual contracts is the payment of premiums by Plaintiffs and Affected Individuals to Anthem, as required by Anthem. All of the Plaintiffs who purchased individual policies from Anthem and its Affiliates paid premiums to Anthem and its Affiliates.

---

[3] Because Anthem's insurance policies contracts consist of hundreds of pages describing medical benefits and coverage that are not relevant to the terms breached by Anthem and its Affiliates here, Plaintiffs have provided the relevant excerpts rather than attach the entire contract documents. Page citations are to the original document page numbers.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 196, and therefore denies the same.

197.   For example, the Combined Evidence of Coverage provided by Anthem to California resident Michael Bronzo states: "*In consideration for the payment of the Premiums stated in this Agreement, we will provide the services and benefits listed in this agreement to You and Your enrolled Dependents.*" Ex. 6 at p.21 (emphasis added). As set forth above, Mr. Bronzo paid Anthem premium required by this insurance contract.

**HCSC Response:** HCSC admits that Plaintiffs purport to quote selected portions of the document attached as Exhibit 6 to their Fourth Consolidated Amended Class Action Complaint. HCSC refers to Exhibit 6 for its content and denies any characterization thereof. HCSC is without sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 197, and therefore denies the same.

198.   The Plaintiffs and Affected Individuals whose information was disclosed in the Anthem Data Breach all entered into those individual policy contracts prior to the Anthem Data Breach in 2014 and 2015. Anthem's privacy policies and notices remained the same at all relevant times to this litigation. The individual policy contracts between Anthem and its Affiliates and Plaintiffs and Affected Individuals are generally ongoing, but in some instances may be superseded by a subsequent contract document when Anthem and its Affiliates changed the terms, and issued a new contract. Where superseding contracts were issued by Anthem and its Affiliates for ongoing policies, the 2014 and 2015 policy contracts contain the governing terms.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 198, and therefore denies the same.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

199.   All of the individual policy contracts entered into between Plaintiffs and Affected Individuals and Anthem and its Affiliates incorporated Anthem's then-current privacy policies pertaining to personal information collected by Anthem in the course of doing business, including but not limited to the "Personal Information (Including Social Security Number) Privacy Protection Policy" and the information regarding Anthem's privacy policies and practices provided in then-current annual Privacy Notice available at the time of contract.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 199, and therefore denies the same.

200.   Anthem and its Affiliates' individual policy contracts incorporated these policies either by setting forth or attaching Anthem's privacy policies and notices directly in or as an appendix to the contract document, or by incorporating those policies by express reference, such as by referring individuals to Anthem's websites setting forth those policies and practices. As discussed above, Anthem has had privacy policies, including the policies set forth in its website and Privacy Notices at all times relevant to this litigation, and all of Anthem's and its Affiliates' contracts with Plaintiffs and Affected Individuals incorporated those privacy policies.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 200, and therefore denies the same.

201.   As Plaintiffs allege above and as the attached examples reflect, Anthem and its Affiliates drafted all of the individual policy contracts to include references to Anthem's privacy policies and notices and to Anthem's websites where those privacy policies were set forth for its Members. There is no material difference in the manner in which these contracts incorporate Anthem's privacy policies, which by Anthem's own terms are policies that are uniform across all Anthem Members.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff. Defenses to 4th Consolidated Am. Class Action Complaint Case No. 5:15-md-02617-LHK

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 201, and therefore denies the same.

202. For example, the 2015 Combined Evidence of Coverage contract between Anthem and California resident Michael Bronzo (produced by Anthem in discovery as a plan document applicable to Mr. Bronzo) attached as Exhibit 6 expressly incorporates Anthem's privacy policies and practices, through repeated express references, including by:

- Express reference to Anthem's Notice of Privacy Practices and Anthem's website where privacy policies are located: "You have the right to receive a copy of the Notice of Privacy Practices. You may obtain a copy by calling our customer service department at 1-855-383-7247 or by accessing our website at www.anthem/ca." Ex. 6 at p.24. (On information and belief, Anthem has used this language regarding the right to receive the Privacy Notice consistently in its individual policy contracts since at least 2009).

- Express reference to policies pertaining to the confidentiality of information gathered by Anthem from medical providers: "We are entitled to receive from any Provider of service information about You that is necessary to administer claims on Your behalf according to federal/State law. This right is subject to all applicable confidentiality requirements... A STATEMENT DESCRIBING OUR POLICIES AND PROCEDURES FOR PRESERVING THE CONFIDENTIALITY OF MEDICAL RECORDS IS AVAILABLE AND WILL BE FURNISHED UPON REQUEST." Ex. 6 at p.158 (emphasis in original).

- Attachment of the "Member Rights and Responsibilities" to the contract document: Mr. Bronzo's contract also includes as "Appendix I" a statement of "Member Rights and Responsibilities," which states: "As Your health care partner, we're committed to making sure Your rights are respected while providing Your health benefits." Included in the "Rights" set forth by Anthem is: "You have the right to: ... Expect us to keep Your personal health information private. This is as long as it follows State and federal laws and our privacy policies." Ex. 6 at 187.

- Express reference to Anthem's website. Mr. Bronzo's contract also repeatedly refers to the Anthem website for additional information regarding the terms and conditions of his contract with Anthem in general, and at all relevant times Anthem's website set forth Privacy policies pertaining to its Members. Ex. 6 at p.24.

**HCSC Response:** HCSC admits that Plaintiffs purport to quote selected portions of the document attached as Exhibit 6 to their Fourth Consolidated Amended

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

Class Action Complaint. HCSC refers to Exhibit 6 for its content and denies any characterization thereof. HCSC is without sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 202, and therefore denies the same.

203.  All of Anthem and its Affiliates' contracts with Plaintiffs and Affected Individuals required Plaintiffs and Affected Individuals to provide Anthem and its Affiliates with Personal Information in the enrollment and claims process, and to allow Anthem and its Affiliates to obtain Personal Information from health care providers. The privacy policies published by Anthem and its Affiliates and provided by Anthem and its Affiliates pertained to this Personal Information acquired by Anthem and its Affiliates pursuant to this contractual relationship. In light of the contract language and all of the information provided by Anthem and its Affiliates to Plaintiffs and Affected Individuals at the time of contract, it was objectively reasonable for Plaintiffs and Affected Individuals to understand their contracts to include Anthem and its Affiliate's privacy policies.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 203, and therefore denies the same.

204.  In addition, all of the individual policy contracts with Plaintiffs and Affected Individuals entered into by Anthem and its Affiliates incorporated Anthem's promise to comply with applicable state and federal laws and regulations pertaining to the confidentiality of personal information.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 204, and therefore denies the same.

205.  In addition to the information that was available at all times on Anthem and its Affiliates' websites, other documents provided to individual policyholder

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Plaintiffs and Affected Individuals, at or before the time of contract, also refer to Anthem's commitment to maintain the confidentiality of personal information, including Social Security Numbers. For example, Anthem requires all individuals to submit applications for individual insurance policies that include personal information, including Social Security Numbers. Anthem California's individual application form specifically states with respect to Social Security Numbers:

> Anthem is required by the IRS to collect this information. It is used for internal purposes only and will not be disclosed unless you select the health savings account option in this Application or to federal and state agencies as required by applicable law.

Other Anthem Affiliates make similar representations on their individual policy applications regarding maintaining the confidentiality of Social Security Numbers.

**HCSC Response:** HCSC admits that Plaintiffs purport to quote selected portions of Anthem's application form. HCSC refers to Anthem's application form for its content and denies any characterization thereof. HCSC is without sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 205, and therefore denies the same.

206.   As a result of the documents and information provided to them at the time of contract and throughout their relationship, it was objectively reasonable for Plaintiffs and Affected Individuals to understand their contracts with Anthem and its Affiliates to include the privacy policies and notices pertaining to the personal information about them that would be collected by Anthem and its Affiliates in the course of providing insurance and health benefits services to them pursuant to these contracts.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 206, and therefore denies the same.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

207.   Nowhere in any of the individual policy contracts between Plaintiffs and Anthem and its Affiliates does Anthem state that it did *not* intend to be contractually bound by its advertised and published privacy policies and notices.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 207, and therefore denies the same.

208.   No other document provided by Anthem and its Affiliates to its customers at the time of enrollment in their individual insurance and health benefits policies informed Plaintiffs that Anthem did not intend to be contractually bound by its advertised and published privacy policies and notices.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 208, and therefore denies the same.

### ii.   Group contracts

209.   The Plaintiffs and Affected Individuals who purchased their insurance or health benefits from Anthem and its Affiliates as part of a group also entered into contracts with Anthem and its Affiliates.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 209, and therefore denies the same.

210.   In the "Glossary" of terms made available to the public and all Anthem customers on Anthem's website, Anthem defines Group as an "employer, association or trust that applies for and accepts Health Benefit Plans on behalf of its Members."

**HCSC Response:** HCSC admits that Plaintiffs purport to quote selected portions of Anthem's website. HCSC is without sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 210, and therefore denies the same.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff. Defenses to 4th Consolidated Am. Class Action Complaint Case No. 5:15-md-02617-LHK

211.   Anthem defines "Subscriber" as "Eligible employees, retired employees or members of the Group whose coverage is in effect and whose name appears on I.D. Cards. It also means the individual in whose name a Contract is issued. The Subscriber can usually enroll dependents under family coverage."

**HCSC Response:** HCSC admits that Plaintiffs purport to quote selected portions of Anthem's website. HCSC refers to Anthem's website for its content and denies any characterization thereof. HCSC is without sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 211, and therefore denies the same.

212.   Anthem defines "Contract Holder" as "Subscriber."

**HCSC Response:** HCSC admits that Plaintiffs purport to quote selected portions of Anthem's website. HCSC refers to Anthem's website for its content and denies any characterization thereof. HCSC is without sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 212, and therefore denies the same.

213.   Anthem defines "Premiums" as "The actual amount of money charged by the Health Plan for active coverage. Part of the premium may be paid by an employer and part may be paid by the member themselves."

**HCSC Response:** HCSC admits that Plaintiffs purport to quote selected portions of Anthem's website. HCSC refers to Anthem's website for its content and denies any characterization thereof. HCSC is without sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 213, and therefore denies the same.

214.   Anthem and its Affiliates enter into contracts with the Group on whose behalf an insurance policy or services plan is purchased, and individual Members who are eligible to participate form their contracts with Anthem and its Affiliates by enrolling in that plan. The contracts between Plaintiffs and Affected Individuals who

Def. HCSC's Ans.and Aff. Defenses to 4th Consolidated Am. Class Action Complaint Case No. 5:15-md-02617-LHK

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

enrolled pursuant to group plans were therefore formed with Anthem after a Group applied for and entered into an insurance policy or health benefits services contract with Anthem, and when Plaintiffs and Affected Individuals enrolled as Subscribers/Members under that group policy. As the documents provided to Members by Anthem at the time of enrollment make clear, once Plaintiffs enrolled, Anthem and its Affiliates were required to provide services and benefits to those Plaintiffs, and the Plaintiff Members could enforce those contracts.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 214, and therefore denies the same.

215.   The types of contracts entered into by Anthem and its Affiliates with Groups and their Members include group insurance policies (in which Anthem is acting as the insurer of risk), group health benefits plans including HMOs, plans funded in whole or part by a government entity including Medicaid and Medicare plans, and employer or other group self-funded plans for which Anthem and its Affiliates provide services other than insuring or funding health benefits, including acting as the claims administrator, and the employer or group bears the risk of the cost of health services provided under the plan. Plaintiffs will refer to the latter type of group contract as an Administrative Services Contract for a Self-Funded Plan.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 215, and therefore denies the same.

216.   Anthem and its Affiliates issue two documents when creating a Group insurance policy or health benefits plan: the Plan Booklet (sometimes alternatively called Member Benefits Booklet, Certificate, or Evidence of Coverage), and a Group Agreement. The Group Agreement constitutes an agreement between Anthem and its Affiliates and the Group, and incorporates the terms and conditions in the Plan

Def. HCSC's Ans.and Aff. Defenses to 4th Consolidated Am. Class Action Complaint Case No. 5:15-md-02617-LHK

Booklet. The Plan Booklet is the document provided at the time of enrollment to Members.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 216, and therefore denies the same.

217.  When an individual enrolls in a group policy or plan with Anthem and its Affiliates, he forms a contract that includes the terms and conditions set forth in the documents pertaining to that group policy or plan provided to that member by Anthem and its Affiliates at the time of enrollment, which always will include the Plan Booklet. Anthem and its Affiliates did not provide Plaintiffs or Affected Individuals with copies of their Group Agreement for their group policy or plan at the time of enrollment.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 217, and therefore denies the same.

218.  For example, Plaintiff Kenneth Coonce enrolled in a group plan with Anthem Blue Cross in California (an Anthem Blue Cross Small Group PPO plan offered by Mr. Coonce's employer). Upon enrollment, Mr. Coonce was provided the Plan Booklet (called an "Evidence of Coverage" by Anthem Blue Cross of California). The Evidence of Coverage booklet provided by Anthem to Mr. Coonce is dated 07-01-2012, and has not changed since that effective date, and was the operative contract document applicable in 2014 and 2015. Ex. 8-1. Although that Plan Booklet states that the contract is governed by the Group Agreement, the Group Agreement at all times also incorporated the Plan Booklet provided to Mr. Coonce. This is the standard structure for Anthem's Group contracts, all of which expressly incorporate the Plan Booklets provided to Members. See Ex. 8-2 at 2; 8-3 at 2. Relevant excerpts

Def. HCSC's Ans.and Aff. Defenses to 4th Consolidated Am. Class Action Complaint Case No. 5:15-md-02617-LHK

of the Group Agreements for 2014 and 2015, produced in discovery by Anthem, for Mr. Coonce's employer group are attached as Ex. 8-2, 8-3.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 218, and therefore denies the same.

219.   When Plaintiffs enrolled in their Group plans and thereby entered into contracts with Anthem and its Affiliates governed by the terms and conditions set forth in the Plan Booklet provided by Anthem to Plaintiffs, consideration for that contract was provided by Plaintiffs to Anthem and its Affiliates in many forms, including the premiums paid by and on behalf of Plaintiffs to Anthem and its Affiliates, and Plaintiffs' performance under the terms and conditions of the contract, including by providing Anthem and its Affiliates with the personal and confidential information required by these contracts.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 219, and therefore denies the same.

220.   All of the contracts between Plaintiffs and Affected Individual who enrolled with Anthem and its Affiliates pursuant to Group policies or plans and whose data was disclosed in the Anthem Data Breach were formed prior to the Anthem Data Breach in 2014 and 2015. These group policies and plans are written by Anthem to be ongoing and automatically renewing. To the extent that Anthem and its Affiliates changed the terms or price of any specific group plan, they issued new contract documents including new Plan Booklets that superseded the previous documents.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 220, and therefore denies the same.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff. Defenses to 4th Consolidated Am. Class Action Complaint Case No. 5:15-md-02617-LHK

221. Anthem and its Affiliates draft group policy contract documents, including the Plan Booklets provided to Members. Plaintiffs and the Affected Individuals did not draft these contract documents. On information and belief, Anthem and its Affiliates use template documents to generate insurance policy contract documents, provided to customers, and these documents use language and structure that is consistent across plans and types of plans.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 221, and therefore denies the same.

222. All of the group contracts under which Plaintiffs and Affected Individuals enrolled and thereby formed contracts with Anthem and its Affiliates incorporated Anthem and its Affiliates' then-current privacy policies pertaining to personal information, including but not limited to the "Personal Information (Including Social Security Number) Privacy Protection Policy" and the information regarding Anthem and its Affiliates' privacy policies and practices provided in then-current annual Privacy Notices available at the time of contract.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 222, and therefore denies the same.

223. The Plan Booklets provided to Plaintiffs and Affected Individuals by Anthem and its Affiliates incorporated these policies either by setting forth in or attaching Anthem and its Affiliates' privacy policies and notices directly to the Plan Booklet, or by incorporating those policies by express reference in the Plan Booklet and/or Group Agreement, such as by referring individuals to Anthem's websites setting forth those policies and practices. As discussed above, Anthem and its Affiliates have had privacy policies, including the policies set forth in their website

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

and Privacy Notices at all times relevant to this litigation, and all of Anthem and its Affiliates' contracts incorporated those privacy policies.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 223, and therefore denies the same.

224. For example, the Evidence of Coverage (Plan Booklet) provided by Anthem to Plaintiff Coonce stated, in language common to Anthem's group contract documents:

- "You also have the right to receive a copy of the Member Rights and Responsibilities Statement and/or the Notice of Privacy Practices. You may obtain either document by calling our customer service department toll free at (800)627-8797 or by accessing our website at www.anthem.com." Ex. 8-1 at p.1.

- "Receipt of Information. We are entitled to receive from any provider of services information about you which is necessary to administer claims on your behalf...."

- A STATEMENT DESCRIBING OUR POLICIES AND PROCEDURES REGARDING THE CONFIDENTIALITY OF MEDICAL RECORDS IS AVAILABLE AND WILL BE FURNISHED TO YOU UPON REQUEST. Ex. 8-1 at p. 84.

- Anthem also attached the Anthem Privacy Notice (discussed above at ¶¶172-75) to the Evidence of Coverage. Ex. 8-1.

- Anthem also attached "Your Rights and Responsibilities as an Anthem Member" to the EOC, which states "You have the right to: ... Privacy, when it comes to your personal health information, as long as it follows state and Federal laws, and our privacy rules." Ex. 8-1.

**HCSC Response:** HCSC admits that Plaintiffs purport to quote selected portions of the document attached as Exhibit 8-1 to their Fourth Consolidated Amended Class Action Complaint. HCSC refers to Exhibit 8-1 for its content and denies any characterization thereof. HCSC is without sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 224, and therefore denies the same.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff. Defenses to 4th Consolidated Am. Class Action Complaint Case No. 5:15-md-02617-LHK

225.   All of Anthem and its Affiliates' contracts with Plaintiffs and Affected Individuals, and contracts with their Groups, required Plaintiffs and Affected Individuals to provide Anthem and its Affiliates with Personal Information in the enrollment and claims process, and to allow Anthem and its Affiliates to obtain Personal Information from health care providers. The privacy policies published by Anthem and its Affiliates and provided by Anthem and its Affiliates pertained to this Personal Information acquired by Anthem and its Affiliates pursuant to this contractual relationship. In light of the contract language and all of the information provided by Anthem and its Affiliates to Plaintiffs and Affected Individuals at the time of contract, it was objectively reasonable for Plaintiffs and Affected Individuals to understand their contracts and their Groups' contracts to include Anthem and its Affiliate's privacy policies.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 225, and therefore denies the same.

226.   In addition, all of the group contracts under which Plaintiffs and Affected Individuals enrolled and thereby formed contracts with Anthem and its Affiliates incorporated Anthem's promise to comply with applicable state and federal laws and regulations pertaining to the confidentiality of personal information.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 226, and therefore denies the same.

227.   The Group Agreement and Plan Booklet for all group policies and plans also constitute a contract between Anthem and its Affiliates and the Group, and the individual Members enrolled in that plan are the intended beneficiaries of those contracts.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff. Defenses to 4th Consolidated Am. Class Action Complaint Case No. 5:15-md-02617-LHK

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 227, and therefore denies the same.

228.   Anthem's Group Agreements also incorporate Anthem's existing privacy policies. For example, the Group Agreements for Mr. Coonce's group plan incorporate the Plan Booklet (Evidence of Coverage) (Ex. 8-2 at 2; 8-3 at 2), which in turn incorporate Anthem's privacy policies and notices (Ex. 8-1 at p. 1). Some Group Agreements also contain specific additional provisions committing to maintain the confidentiality of information provided to Anthem.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 228, and therefore denies the same.

229.   As discussed above, some Group plans sold by Anthem and its Affiliates provided insurance or health benefits, and others were Administrative Services Contracts for a Self-Funded Plans.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 229, and therefore denies the same.

230.   Where Anthem entered into a contract only for Administrative Services, Anthem and the Group purchasing the services entered into an "Administrative Services Contract." In some cases Anthem provided an Evidence of Coverage or Plan Booklet to Members enrolled in self-funded plans, and in other cases the Group issued a Summary Plan Description regarding the employer's health benefits plan.[4]

---

[4]   A Summary Plan Description ("SPD") is a document required to be provided by an employer who offers employee benefit plans covered by Employee Retirement Income Security Act (ERISA). *See* 29 C.F.R. §2520.102-3(Contents of ERISA summary plan description); http://www.dol.gov/general/topic/health-plans/planinformation. The SPD is not an insurance contract, nor is it a document created or provided by Anthem.

Def. HCSC's Ans.and Aff. Defenses to 4th Consolidated Am. Class Action Complaint Case No. 5:15-md-02617-LHK

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 230, and therefore denies the same.

231.   The Administrative Services Contracts between Anthem and the Groups in which Plaintiffs and Affected Individuals enrolled are contracts, and the individual Members enrolled in those plans are the intended beneficiaries of those contracts, including specifically the contract terms pertaining to the confidentiality of Members' information.  See Ex. 10-1, 9-1, 12-1, 13.  (Relevant excerpts of exemplar contracts pertaining to California residents Randrup, Kawai, and the Tharps, and New York resident Gates).

**HCSC Response:** HCSC admits that Plaintiffs reference the documents attached as Exhibits 10-1, 9-1, 12-1, and 13 to their Fourth Consolidated Amended Class Action Complaint. HCSC refers to those Exhibits for their content and denies any characterization thereof. HCSC is without sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 231, and therefore denies the same.

232.   All of Anthems' Administrative Services Contracts for Self-Funded Plans in which Plaintiffs and Affected Individuals enrolled committed Anthem to complying with federal and state laws pertaining to confidentiality of member information, including but not limited to HIPAA, and incorporated Anthem's then-current privacy policies pertaining to personal information, including but not limited to the "Personal Information (Including Social Security Number) Privacy Protection Policy" and the information regarding Anthem's privacy policies and practices provided on Anthem's website at the time of contract. All contracts benefitting Plaintiffs and Affected Individuals were formed prior to the Anthem Data Breach. The relevant privacy policies were the same during the relevant time period.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 232, and therefore denies the same.

233.   As a result of the documents and information provided to them at the time of contract and throughout their relationship, it was objectively reasonable for Plaintiffs and Affected Individuals who enrolled under group plans with Anthem and its Affiliates to understand their contracts with Anthem and its Affiliates (and between their groups and Anthem and its Affiliates) to include the privacy policies and notices pertaining to the personal information about them that would be collected by Anthem in the course of providing the insurance and health benefits services to them pursuant to these contracts.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 233, and therefore denies the same.

234.   Nowhere in any of the contract documents between Plaintiffs and Anthem and its Affiliates and individuals enrolled in group plans or with their Groups (including but not limited to the Plan Booklet) do they state that Anthem and its Affiliates did *not* intend to be contractually bound by its advertised and published privacy policies and notices.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 234, and therefore denies the same.

235.   No other document provided by Anthem and its Affiliates to its customers at the time of enrollment informed Plaintiffs that Anthem did not intend to be contractually bound by its advertised and published privacy policies and notices.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff. Defenses to 4th Consolidated Am. Class Action Complaint Case No. 5:15-md-02617-LHK

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 235, and therefore denies the same.

236.   Some Plaintiffs and Affected Individuals received coverage for medical expenses through ERISA-defined "employee welfare benefit plans." 29 U.S.C. §§1002(1), 1002(3). Their employer or group established these plans. An employee welfare benefit plan is a promise by a covered employer to provide certain benefits. 29 U.S.C. §1002(1). ERISA plans must be maintained pursuant to a written instrument. 29 U.S.C. §1102(a). Anthem sells group insurance, health benefits, or administrative services to ERISA plans. Anthem's group insurance, health benefits, or service "plans" are not "employee welfare benefit plans" as that term is used in ERISA, 29 U.S.C. §1002(1), 1002(3), and §1102(a). In selling group insurance/health benefits/administrative services contracts to employers, Anthem does not necessarily become the ERISA Plan Administrator or ERISA fiduciary for any ERISA plan provided by the employer. *See* Ex. 7-1 at 144; Ex. 8-2 at 4; Ex. 8-3 at 9; Ex. 12-1 at 2, 4, 8-9; Ex. 13 at 2-3, 10.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 236, and therefore denies the same.

## 2.   Non-Anthem BCBS Defendants

### a.   The BlueCard Program

237.   According to Anthem, "The BlueCard program is a national program that enables members of one Blue Cross and Blue Shield (BCBS) Plan to obtain healthcare services while traveling or living in another Blue Cross and Blue Shield Plan's service area." BlueCard links participating health-care providers and the independent Blue Cross and Blue Shield Plans across the country through a single electronic network for outpatient and inpatient claims processing and reimbursement. The BlueCard program

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

was established according to uniform rules created by the Blue Cross Blue Shield Association, and on information and belief, contracts between the participating entities including Anthem and the BCBS companies. The data for claims processed in the BlueCard program is maintained by Anthem in the Anthem Database.

**HCSC Response:** HCSC admits that BlueCard is a national program that may enable Blue Cross and/or Blue Shield members of one BCBS licensee to obtain healthcare services while traveling or living in another BCBS licensee's service area through claims-processing networks of participating BCBS licensees. HCSC admits that its License Agreement with BCBSA requires participation in the BlueCard program, which is administered in accordance with regulations established by BCBSA. HCSC is without sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 237, and therefore denies the same.

238.   When Plaintiffs and Affected Individuals who were enrolled in insurance or health benefits plans with the Non-Anthem Defendants used the BlueCard program, Non-Anthem Defendants provided Anthem with those Plaintiffs' and Affected Individual's Personal Information, which was consequently stored in the Anthem Data Base and disclosed in the Anthem Data Breach.

**HCSC Response:** HCSC admits that the Anthem Defendants maintain certain information in their information systems regarding certain individuals enrolled or previously enrolled in policies or plans issued or administered by HCSC who received services in geographic areas for which the Anthem Defendants are Blue Cross and/or Blue Shield licensees. HCSC denies all other allegations in Paragraph 238.

239.   Of the Affected Individuals whose data was stored in the Anthem Database and accessed in the Anthem Data Breach, at least 317,235 were enrolled in a health insurance or health benefits plan with Blue Cross Blue Shield of Alabama. The following chart sets forth the number of residents of each state who were Affected Individuals enrolled with Blue Cross Blue Shield of Alabama:

Def. HCSC's Ans.and Aff. Defenses to 4th Consolidated Am. Class Action Complaint Case No. 5:15-md-02617-LHK

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

| State | Affected Individuals |
|-------|---------------------:|
| Alabama | 49,201 |
| Alaska | 49 |
| Arizona | 676 |
| Arkansas | 712 |
| California | 25,984 |
| Colorado | 8,805 |
| Connecticut | 3,828 |
| Delaware | 56 |
| D.C. | 60 |
| Florida | 3,463 |
| Georgia | 22,853 |
| Hawaii | 31 |
| Idaho | 121 |
| Illinois | 3,888 |
| Indiana | 32,646 |
| Iowa | 371 |
| Kansas | 340 |
| Kentucky | 34,450 |
| Louisiana | 376 |
| Maine | 3,515 |
| Maryland | 637 |
| Massachusetts | 993 |
| Michigan | 1,983 |
| Minnesota | 417 |
| Mississippi | 711 |
| Missouri | 13,801 |
| Montana | 61 |

| State | Affected Individuals |
|-------|---------------------:|
| North Carolina | 2,757 |
| North Dakota | 15 |
| Nebraska | 277 |
| Nevada | 4,793 |
| New Hampshire | 2,415 |
| New Jersey | 2,060 |
| New Mexico | 169 |
| New York | 17,046 |
| Ohio | 34,484 |
| Oklahoma | 377 |
| Oregon | 167 |
| Pennsylvania | 1,150 |
| Puerto Rico | 5 |
| Rhode Island | 75 |
| South Carolina | 1,304 |
| South Dakota | 41 |
| Tennessee | 2,614 |
| Texas | 2,250 |
| Utah | 187 |
| Vermont | 192 |
| Virgin Islands | 0 |
| Virginia | 22,681 |
| Washington | 282 |
| West Virginia | 1,319 |
| Wisconsin | 10,371 |
| Wyoming | 176 |
| **Total** | **317,235** |

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 239, and therefore denies the same.

240.  Of the Affected Individuals whose data was stored in the Anthem Database and accessed in the Anthem Data Breach, at least 280,997 were enrolled in a health insurance or health benefits plan with USAble Mutual Insurance Company d/b/a Arkansas Blue Cross and Blue Shield. The following chart sets forth the number of residents of each state who were Affected Individuals enrolled with Arkansas Blue Cross and Blue Shield:

| State | Affected Individuals |
|-------|---------------------:|
| Alabama | 942 |

| State | Affected Individuals |
|-------|---------------------:|
| North Carolina | 1,799 |

117

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

| State | Affected Individuals |
|---|---|
| Alaska | 75 |
| Arizona | 985 |
| Arkansas | 28,584 |
| California | 17,428 |
| Colorado | 10,840 |
| Connecticut | 2,761 |
| Delaware | 132 |
| D.C. | 15 |
| Florida | 2,452 |
| Georgia | 12,825 |
| Hawaii | 16 |
| Idaho | 218 |
| Illinois | 4,355 |
| Indiana | 31,266 |
| Iowa | 499 |
| Kansas | 890 |
| Kentucky | 23,569 |
| Louisiana | 508 |
| Maine | 2,737 |
| Maryland | 355 |
| Massachusetts | 295 |
| Michigan | 1,238 |
| Minnesota | 439 |
| Mississippi | 417 |
| Missouri | 30,927 |
| Montana | 159 |

| State | Affected Individuals |
|---|---|
| North Dakota | 104 |
| Nebraska | 307 |
| Nevada | 9,123 |
| New Hampshire | 2,644 |
| New Jersey | 874 |
| New Mexico | 280 |
| New York | 10,099 |
| Ohio | 34,316 |
| Oklahoma | 1,073 |
| Oregon | 380 |
| Pennsylvania | 853 |
| Puerto Rico | 2 |
| Rhode Island | 91 |
| South Carolina | 1,102 |
| South Dakota | 105 |
| Tennessee | 1,941 |
| Texas | 2,682 |
| Utah | 887 |
| Vermont | 148 |
| Virgin Islands | 0 |
| Virginia | 18,985 |
| Washington | 437 |
| West Virginia | 1,727 |
| Wisconsin | 15,606 |
| Wyoming | 505 |
| **Total** | 280,997 |

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 240, and therefore denies the same.

241. Of the Affected Individuals whose data was stored in the Anthem Database and accessed in the Anthem Data Breach, at least 119,176 were enrolled in a health insurance or health benefits plan with California Physicians' Service, Inc. d/b/a Blue Shield of California. The following chart sets forth the number of residents of each state who were Affected Individuals enrolled with Blue Shield of California:

| State | Affected Individuals |
|---|---|
| Alabama | 36 |
| Alaska | 22 |
| Arizona | 668 |
| Arkansas | 52 |

| State | Affected Individuals |
|---|---|
| North Carolina | 224 |
| North Dakota | 8 |
| Nebraska | 73 |
| Nevada | 12,140 |

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

| State | Affected Individuals |
|---|---|
| California | 63,702 |
| Colorado | 9,542 |
| Connecticut | 2,195 |
| Delaware | 20 |
| D.C. | 75 |
| Florida | 464 |
| Georgia | 2,343 |
| Hawaii | 25 |
| Idaho | 80 |
| Illinois | 790 |
| Indiana | 3,669 |
| Iowa | 39 |
| Kansas | 63 |
| Kentucky | 2,770 |
| Louisiana | 44 |
| Maine | 400 |
| Maryland | 235 |
| Massachusetts | 364 |
| Michigan | 229 |
| Minnesota | 96 |
| Mississippi | 28 |
| Missouri | 2,311 |
| Montana | 69 |

| State | Affected Individuals |
|---|---|
| New Hampshire | 1,385 |
| New Jersey | 232 |
| New Mexico | 62 |
| New York | 815 |
| Ohio | 5,583 |
| Oklahoma | 54 |
| Oregon | 189 |
| Pennsylvania | 195 |
| Puerto Rico | 3 |
| Rhode Island | 17 |
| South Carolina | 94 |
| South Dakota | 25 |
| Tennessee | 201 |
| Texas | 685 |
| Utah | 279 |
| Vermont | 43 |
| Virgin Islands | 1 |
| Virginia | 3,817 |
| Washington | 281 |
| West Virginia | 83 |
| Wisconsin | 2,300 |
| Wyoming | 56 |
| **Total** | 119,176 |

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 241, and therefore denies the same.

242. Of the Affected Individuals whose data was stored in the Anthem Database and accessed in the Anthem Data Breach, at least 1,411,644 were enrolled in a health insurance or health benefits plan with Health Care Service Corporation d/b/a Blue Cross and Blue Shield of Illinois. The following chart sets forth the number of residents of each state who were Affected Individuals enrolled with Health Care Service Corporation d/b/a Blue Cross and Blue Shield of Illinois:

| State | Affected Individuals |
|---|---|
| Alabama | 2,189 |
| Alaska | 280 |
| Arizona | 4,513 |
| Arkansas | 1,652 |
| California | 208,945 |

| State | Affected Individuals |
|---|---|
| North Carolina | 5,291 |
| North Dakota | 233 |
| Nebraska | 831 |
| Nevada | 22,250 |
| New Hampshire | 6,589 |

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

| State | Affected Individuals |
|-------|---------------------|
| Colorado | 55,815 |
| Connecticut | 28,820 |
| Delaware | 453 |
| D.C. | 654 |
| Florida | 11,098 |
| Georgia | 41,032 |
| Hawaii | 361 |
| Idaho | 652 |
| Illinois | 265,801 |
| Indiana | 168,871 |
| Iowa | 1,922 |
| Kansas | 1,932 |
| Kentucky | 77,450 |
| Louisiana | 1,409 |
| Maine | 5,306 |
| Maryland | 3,210 |
| Massachusetts | 2,832 |
| Michigan | 8,187 |
| Minnesota | 2,490 |
| Mississippi | 1,140 |
| Missouri | 73,053 |
| Montana | 514 |

| State | Affected Individuals |
|-------|---------------------|
| New Jersey | 12,805 |
| New Mexico | 1,110 |
| New York | 82,404 |
| Ohio | 105,783 |
| Oklahoma | 2,327 |
| Oregon | 1,312 |
| Pennsylvania | 4,605 |
| Puerto Rico | 25 |
| Rhode Island | 346 |
| South Carolina | 3,802 |
| South Dakota | 375 |
| Tennessee | 5,318 |
| Texas | 12,684 |
| Utah | 1,157 |
| Vermont | 477 |
| Virgin Islands | 12 |
| Virginia | 51,737 |
| Washington | 7,009 |
| West Virginia | 4,196 |
| Wisconsin | 106,989 |
| Wyoming | 1,396 |
| **Total** | 1,411,644 |

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 242, and therefore denies the same.

243. Of the Affected Individuals whose data was stored in the Anthem Database and accessed in the Anthem Data Breach, at least 113,725 were enrolled in a health insurance or health benefits plan with Blue Cross and Blue Shield of Florida, Inc. The following chart sets forth the number of residents of each state who were Affected Individuals enrolled with Blue Cross and Blue Shield of Florida:

| State | Affected Individuals |
|-------|---------------------|
| Alabama | 161 |
| Alaska | 7 |
| Arizona | 132 |
| Arkansas | 25 |
| California | 5,049 |
| Colorado | 2,223 |
| Connecticut | 1,154 |

| State | Affected Individuals |
|-------|---------------------|
| North Carolina | 425 |
| North Dakota | 12 |
| Nebraska | 11 |
| Nevada | 1,104 |
| New Hampshire | 614 |
| New Jersey | 617 |
| New Mexico | 40 |

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

| State | Affected Individuals | | State | Affected Individuals |
|---|---|---|---|---|
| Delaware | 12 | | New York | 4,197 |
| D.C. | 14 | | Ohio | 3,142 |
| Florida | 77,427 | | Oklahoma | 37 |
| Georgia | 3,957 | | Oregon | 27 |
| Hawaii | 361 | | Pennsylvania | 169 |
| Idaho | 10 | | Puerto Rico | 4 |
| Illinois | 244 | | Rhode Island | 22 |
| Indiana | 2,780 | | South Carolina | 155 |
| Iowa | 11 | | South Dakota | 5 |
| Kansas | 33 | | Tennessee | 332 |
| Kentucky | 3,663 | | Texas | 281 |
| Louisiana | 42 | | Utah | 41 |
| Maine | 304 | | Vermont | 40 |
| Maryland | 144 | | Virgin Islands | 3 |
| Massachusetts | 117 | | Virginia | 2,723 |
| Michigan | 129 | | Washington | 37 |
| Minnesota | 21 | | West Virginia | 95 |
| Mississippi | 44 | | Wisconsin | 720 |
| Missouri | 775 | | Wyoming | 27 |
| Montana | 6 | | **Total** | 113,725 |

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 243, and therefore denies the same.

244.   Of the Affected Individuals whose data was stored in the Anthem Database and accessed in the Anthem Data Breach, at least 120,765 were enrolled in a health insurance or health benefits plan with CareFirst of Maryland, Inc. d/b/a CareFirst BlueCross BlueShield. The following chart sets forth the number of residents of each state who were Affected Individuals enrolled with CareFirst of Maryland, Inc.:

| State | Affected Individuals | | State | Affected Individuals |
|---|---|---|---|---|
| Alabama | 81 | | North Carolina | 558 |
| Alaska | 132 | | North Dakota | 10 |
| Arizona | 196 | | Nebraska | 45 |
| Arkansas | 139 | | Nevada | 2,154 |
| California | 11,930 | | New Hampshire | 602 |
| Colorado | 4,759 | | New Jersey | 995 |
| Connecticut | 2,274 | | New Mexico | 66 |

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

| State | Affected Individuals |
|---|---|
| Delaware | 316 |
| D.C. | 734 |
| Florida | 811 |
| Georgia | 1,161 |
| Hawaii | 22 |
| Idaho | 34 |
| Illinois | 821 |
| Indiana | 2,897 |
| Iowa | 84 |
| Kansas | 60 |
| Kentucky | 2,336 |
| Louisiana | 112 |
| Maine | 603 |
| Maryland | 53,206 |
| Massachusetts | 294 |
| Michigan | 303 |
| Minnesota | 96 |
| Mississippi | 86 |
| Missouri | 2,257 |
| Montana | 13 |

| State | Affected Individuals |
|---|---|
| New York | 4,369 |
| Ohio | 6,662 |
| Oklahoma | 78 |
| Oregon | 81 |
| Pennsylvania | 996 |
| Puerto Rico | 0 |
| Rhode Island | 33 |
| South Carolina | 287 |
| South Dakota | 15 |
| Tennessee | 209 |
| Texas | 585 |
| Utah | 86 |
| Vermont | 102 |
| Virgin Islands | 2 |
| Virginia | 13,878 |
| Washington | 232 |
| West Virginia | 1,096 |
| Wisconsin | 1,807 |
| Wyoming | 60 |
| **Total** | 120,765 |

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 244, and therefore denies the same.

245.  Of the Affected Individuals whose data was stored in the Anthem Database and accessed in the Anthem Data Breach, at least 430,164 were enrolled in a health insurance or health benefits plan with Blue Cross and Blue Shield of Massachusetts, Inc. The following chart sets forth the number of residents of each state who were Affected Individuals enrolled with Blue Cross Blue Shield of Massachusetts, Inc.:

| State | Affected Individuals |
|---|---|
| Alabama | 184 |
| Alaska | 15 |
| Arizona | 710 |
| Arkansas | 153 |
| California | 44,314 |
| Colorado | 12,498 |
| Connecticut | 25,802 |
| Delaware | 125 |

| State | Affected Individuals |
|---|---|
| North Carolina | 1,425 |
| North Dakota | 11 |
| Nebraska | 215 |
| Nevada | 3,548 |
| New Hampshire | 60,017 |
| New Jersey | 5,535 |
| New Mexico | 102 |
| New York | 52,180 |

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

| State | Affected Individuals | | State | Affected Individuals |
|---|---|---|---|---|
| D.C. | 454 | | Ohio | 18,401 |
| Florida | 3,104 | | Oklahoma | 95 |
| Georgia | 6,674 | | Oregon | 312 |
| Hawaii | 42 | | Pennsylvania | 1,802 |
| Idaho | 106 | | Puerto Rico | 17 |
| Illinois | 2,451 | | Rhode Island | 1,746 |
| Indiana | 15,756 | | South Carolina | 668 |
| Iowa | 106 | | South Dakota | 33 |
| Kansas | 249 | | Tennessee | 583 |
| Kentucky | 5,993 | | Texas | 1,550 |
| Louisiana | 170 | | Utah | 254 |
| Maine | 14,039 | | Vermont | 1,454 |
| Maryland | 1,263 | | Virgin Islands | 12 |
| Massachusetts | 109,870 | | Virginia | 16,408 |
| Michigan | 752 | | Washington | 682 |
| Minnesota | 754 | | West Virginia | 565 |
| Mississippi | 102 | | Wisconsin | 9,593 |
| Missouri | 6,860 | | Wyoming | 136 |
| Montana | 274 | | **Total** | 430,164 |

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 245, and therefore denies the same.

246.  Of the Affected Individuals whose data was stored in the Anthem Database and accessed in the Anthem Data Breach, at least 455,854 were enrolled in a health insurance or health benefits plan with Blue Cross Blue Shield of Michigan. The following chart sets forth the number of residents of each state who were Affected Individuals enrolled with Blue Cross Blue Shield of Michigan:

| State | Affected Individuals | | State | Affected Individuals |
|---|---|---|---|---|
| Alabama | 948 | | North Carolina | 1,978 |
| Alaska | 39 | | North Dakota | 19 |
| Arizona | 1,331 | | Nebraska | 111 |
| Arkansas | 386 | | Nevada | 7,047 |
| California | 22,887 | | New Hampshire | 1,338 |
| Colorado | 11,969 | | New Jersey | 2,073 |
| Connecticut | 9,597 | | New Mexico | 119 |
| Delaware | 269 | | New York | 10,311 |
| D.C. | 115 | | Ohio | 65,047 |
| Florida | 4,654 | | Oklahoma | 300 |
| Georgia | 10,656 | | Oregon | 255 |

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

| State | Affected Individuals |
|---|---|
| Hawaii | 48 |
| Idaho | 75 |
| Illinois | 6,222 |
| Indiana | 61,059 |
| Iowa | 404 |
| Kansas | 396 |
| Kentucky | 30,122 |
| Louisiana | 152 |
| Maine | 982 |
| Maryland | 840 |
| Massachusetts | 469 |
| Michigan | 133,012 |
| Minnesota | 381 |
| Mississippi | 241 |
| Missouri | 30,759 |
| Montana | 52 |

| State | Affected Individuals |
|---|---|
| Pennsylvania | 1,169 |
| Puerto Rico | 28 |
| Rhode Island | 61 |
| South Carolina | 1,083 |
| South Dakota | 94 |
| Tennessee | 2,456 |
| Texas | 1,924 |
| Utah | 189 |
| Vermont | 130 |
| Virgin Islands | 6 |
| Virginia | 10,534 |
| Washington | 292 |
| West Virginia | 1,123 |
| Wisconsin | 19,967 |
| Wyoming | 135 |
| **Total** | 455,854 |

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 246, and therefore denies the same.

247.  Of the Affected Individuals whose data was stored in the Anthem Database and accessed in the Anthem Data Breach, at least 351,419 were enrolled in a health insurance or health benefits plan with Blue Cross Blue Shield of Minnesota. The following chart sets forth the number of residents of each state who were Affected Individuals enrolled with Blue Cross Blue Shield of Minnesota:

| State | Affected Individuals |
|---|---|
| Alabama | 378 |
| Alaska | 69 |
| Arizona | 1,490 |
| Arkansas | 426 |
| California | 59,499 |
| Colorado | 20,685 |
| Connecticut | 10,835 |
| Delaware | 85 |
| D.C. | 70 |
| Florida | 2,513 |
| Georgia | 5,302 |
| Hawaii | 74 |
| Idaho | 425 |
| Illinois | 6,773 |

| State | Affected Individuals |
|---|---|
| North Carolina | 1,339 |
| North Dakota | 452 |
| Nebraska | 718 |
| Nevada | 5,338 |
| New Hampshire | 1,926 |
| New Jersey | 2,833 |
| New Mexico | 241 |
| New York | 17,570 |
| Ohio | 29,261 |
| Oklahoma | 336 |
| Oregon | 562 |
| Pennsylvania | 1,182 |
| Puerto Rico | 5 |
| Rhode Island | 94 |

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

| State | Affected Individuals |
|---|---|
| Indiana | 25,114 |
| Iowa | 1,716 |
| Kansas | 1,049 |
| Kentucky | 12,103 |
| Louisiana | 152 |
| Maine | 1,290 |
| Maryland | 780 |
| Massachusetts | 1,013 |
| Michigan | 1,597 |
| Minnesota | 38,563 |
| Mississippi | 149 |
| Missouri | 19,876 |
| Montana | 309 |

| State | Affected Individuals |
|---|---|
| South Carolina | 528 |
| South Dakota | 545 |
| Tennessee | 1,077 |
| Texas | 2,578 |
| Utah | 453 |
| Vermont | 159 |
| Virgin Islands | 1 |
| Virginia | 13,240 |
| Washington | 859 |
| West Virginia | 723 |
| Wisconsin | 56,704 |
| Wyoming | 360 |
| **Total** | 351,419 |

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 247, and therefore denies the same.

248.  Of the Affected Individuals whose data was stored in the Anthem Database and accessed in the Anthem Data Breach, at least 510,525 were enrolled in a health insurance or health benefits plan with Horizon Healthcare Services d/b/a/ Blue Cross Blue Shield of New Jersey. The following chart sets forth the number of residents of each state who were Affected Individuals enrolled with Horizon Healthcare Services d/b/a/ Blue Cross Blue Shield of New Jersey:

| State | Affected Individuals |
|---|---|
| Alabama | 328 |
| Alaska | 25 |
| Arizona | 874 |
| Arkansas | 219 |
| California | 38,840 |
| Colorado | 11,260 |
| Connecticut | 19,981 |
| Delaware | 461 |
| D.C. | 92 |
| Florida | 4,250 |
| Georgia | 9,156 |
| Hawaii | 42 |
| Idaho | 80 |
| Illinois | 3,935 |
| Indiana | 20,099 |

| State | Affected Individuals |
|---|---|
| North Carolina | 2,397 |
| North Dakota | 11 |
| Nebraska | 197 |
| Nevada | 3,992 |
| New Hampshire | 4,411 |
| New Jersey | 212,781 |
| New Mexico | 131 |
| New York | 84,037 |
| Ohio | 24,135 |
| Oklahoma | 142 |
| Oregon | 167 |
| Pennsylvania | 7,116 |
| Puerto Rico | 50 |
| Rhode Island | 302 |
| South Carolina | 1,242 |

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

| State | Affected Individuals |
|---|---|
| Iowa | 213 |
| Kansas | 227 |
| Kentucky | 10,770 |
| Louisiana | 174 |
| Maine | 2,857 |
| Maryland | 914 |
| Massachusetts | 2,817 |
| Michigan | 1,389 |
| Minnesota | 658 |
| Mississippi | 106 |
| Missouri | 10,581 |
| Montana | 39 |

| State | Affected Individuals |
|---|---|
| South Dakota | 43 |
| Tennessee | 824 |
| Texas | 1,948 |
| Utah | 228 |
| Vermont | 427 |
| Virgin Islands | 0 |
| Virginia | 18,333 |
| Washington | 343 |
| West Virginia | 946 |
| Wisconsin | 5,872 |
| Wyoming | 63 |
| **Total** | 510,525 |

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 248, and therefore denies the same.

249. Of the Affected Individuals whose data was stored in the Anthem Database and accessed in the Anthem Data Breach, at least 203,935 were enrolled in a health insurance or health benefits plan with Blue Cross and Blue Shield of North Carolina. The following chart sets forth the number of residents of each state who were Affected Individuals enrolled with Blue Cross and Blue Shield of North Carolina:

| State | Affected Individuals |
|---|---|
| Alabama | 306 |
| Alaska | 11 |
| Arizona | 479 |
| Arkansas | 162 |
| California | 13,733 |
| Colorado | 6,197 |
| Connecticut | 2,474 |
| Delaware | 46 |
| D.C. | 84 |
| Florida | 1,386 |
| Georgia | 6,896 |
| Hawaii | 13 |
| Idaho | 25 |
| Illinois | 814 |
| Indiana | 9,862 |
| Iowa | 165 |

| State | Affected Individuals |
|---|---|
| North Carolina | 78,866 |
| North Dakota | 21 |
| Nebraska | 41 |
| Nevada | 1,294 |
| New Hampshire | 1,029 |
| New Jersey | 977 |
| New Mexico | 60 |
| New York | 12,228 |
| Ohio | 13,224 |
| Oklahoma | 98 |
| Oregon | 91 |
| Pennsylvania | 563 |
| Puerto Rico | 6 |
| Rhode Island | 40 |
| South Carolina | 2,062 |
| South Dakota | 25 |

126

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

| State | Affected Individuals |
|---|---|
| Kansas | 123 |
| Kentucky | 8,844 |
| Louisiana | 58 |
| Maine | 892 |
| Maryland | 536 |
| Massachusetts | 324 |
| Michigan | 387 |
| Minnesota | 170 |
| Mississippi | 61 |
| Missouri | 3,893 |
| Montana | 29 |

| State | Affected Individuals |
|---|---|
| Tennessee | 790 |
| Texas | 673 |
| Utah | 121 |
| Vermont | 124 |
| Virgin Islands | 5 |
| Virginia | 29,821 |
| Washington | 109 |
| West Virginia | 917 |
| Wisconsin | 2,720 |
| Wyoming | 60 |
| **Total** | 203,935 |

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 249, and therefore denies the same.

250. Of the Affected Individuals whose data was stored in the Anthem Database and accessed in the Anthem Data Breach, at least 477,966 were enrolled in a health insurance or health benefits plan with Highmark Inc. d/b/a Highmark Blue Cross Blue Shield and d/b/a Highmark Blue Shield. The following chart sets forth the number of residents of each state who were Affected Individuals enrolled with Highmark Inc. d/b/a Highmark Blue Cross Blue Shield and d/b/a Highmark Blue Shield:

| State | Affected Individuals |
|---|---|
| Alabama | 1,163 |
| Alaska | 64 |
| Arizona | 1,231 |
| Arkansas | 633 |
| California | 39,139 |
| Colorado | 17,555 |
| Connecticut | 7,071 |
| Delaware | 163 |
| D.C. | 173 |
| Florida | 4,363 |
| Georgia | 9,845 |
| Hawaii | 43 |
| Idaho | 348 |
| Illinois | 9,281 |
| Indiana | 72,635 |

| State | Affected Individuals |
|---|---|
| North Carolina | 2,407 |
| North Dakota | 60 |
| Nebraska | 1,965 |
| Nevada | 6,279 |
| New Hampshire | 2,423 |
| New Jersey | 2,521 |
| New Mexico | 199 |
| New York | 19,870 |
| Ohio | 99,138 |
| Oklahoma | 347 |
| Oregon | 468 |
| Pennsylvania | 55,535 |
| Puerto Rico | 14 |
| Rhode Island | 87 |
| South Carolina | 1,414 |

127

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

| State | Affected Individuals |
|-------|---------------------|
| Iowa | 631 |
| Kansas | 496 |
| Kentucky | 34,121 |
| Louisiana | 803 |
| Maine | 2,521 |
| Maryland | 1,387 |
| Massachusetts | 1,012 |
| Michigan | 2,338 |
| Minnesota | 903 |
| Mississippi | 301 |
| Missouri | 17,228 |
| Montana | 144 |

| State | Affected Individuals |
|-------|---------------------|
| South Dakota | 105 |
| Tennessee | 2,789 |
| Texas | 3,007 |
| Utah | 446 |
| Vermont | 305 |
| Virgin Islands | 3 |
| Virginia | 28,490 |
| Washington | 686 |
| West Virginia | 10,812 |
| Wisconsin | 12,147 |
| Wyoming | 857 |
| **Total** | 477,966 |

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 250, and therefore denies the same.

251. Of the Affected Individuals whose data was stored in the Anthem Database and accessed in the Anthem Data Breach, at least 422,731 were enrolled in a health insurance or health benefits plan with Health Care Service Corporation d/b/a Blue Cross and Blue Shield of Texas. The following chart sets forth the number of residents of each state who were Affected Individuals enrolled with Health Care Service Corporation d/b/a Blue Cross and Blue Shield of Texas:

| State | Affected Individuals |
|-------|---------------------|
| Alabama | 892 |
| Alaska | 117 |
| Arizona | 1,348 |
| Arkansas | 723 |
| California | 82,507 |
| Colorado | 42,066 |
| Connecticut | 5,205 |
| Delaware | 86 |
| D.C. | 88 |
| Florida | 2,815 |
| Georgia | 11,607 |
| Hawaii | 72 |
| Idaho | 191 |
| Illinois | 4,598 |
| Indiana | 19,110 |
| Iowa | 309 |

| State | Affected Individuals |
|-------|---------------------|
| North Carolina | 1,541 |
| North Dakota | 422 |
| Nebraska | 264 |
| Nevada | 8,224 |
| New Hampshire | 4,221 |
| New Jersey | 1,964 |
| New Mexico | 1,270 |
| New York | 12,509 |
| Ohio | 34,290 |
| Oklahoma | 1,954 |
| Oregon | 368 |
| Pennsylvania | 1,729 |
| Puerto Rico | 17 |
| Rhode Island | 121 |
| South Carolina | 883 |
| South Dakota | 92 |

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

| State | Affected Individuals | | State | Affected Individuals |
|---|---|---|---|---|
| Kansas | 586 | | Tennessee | 1,757 |
| Kentucky | 20,736 | | Texas | 94,803 |
| Louisiana | 1,710 | | Utah | 822 |
| Maine | 3,190 | | Vermont | 158 |
| Maryland | 791 | | Virgin Islands | 7 |
| Massachusetts | 1,025 | | Virginia | 21,352 |
| Michigan | 1,297 | | Washington | 685 |
| Minnesota | 714 | | West Virginia | 2,454 |
| Mississippi | 430 | | Wisconsin | 11,891 |
| Missouri | 14,583 | | Wyoming | 1,899 |
| Montana | 238 | | **Total** | 422,731 |

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 251, and therefore denies the same.

252. Of the Affected Individuals whose data was stored in the Anthem Database and accessed in the Anthem Data Breach, at least 18,362 were enrolled in a health insurance or health benefits plan with Blue Cross and Blue Shield of Vermont. The following chart sets forth the number of residents of each state who were Affected Individuals enrolled Blue Cross and Blue Shield of Vermont:

| State | Affected Individuals | | State | Affected Individuals |
|---|---|---|---|---|
| Alabama | 5 | | North Carolina | 40 |
| Alaska | 1 | | North Dakota | 0 |
| Arizona | 18 | | Nebraska | 2 |
| Arkansas | 1 | | Nevada | 20 |
| California | 484 | | New Hampshire | 2,205 |
| Colorado | 135 | | New Jersey | 51 |
| Connecticut | 317 | | New Mexico | 2 |
| Delaware | 0 | | New York | 1,902 |
| D.C. | 18 | | Ohio | 382 |
| Florida | 70 | | Oklahoma | 2 |
| Georgia | 67 | | Oregon | 5 |
| Hawaii | 0 | | Pennsylvania | 18 |
| Idaho | 6 | | Puerto Rico | 0 |
| Illinois | 20 | | Rhode Island | 5 |
| Indiana | 56 | | South Carolina | 17 |
| Iowa | 1 | | South Dakota | 1 |
| Kansas | 3 | | Tennessee | 11 |
| Kentucky | 100 | | Texas | 15 |
| Louisiana | 1 | | Utah | 4 |

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

| State | Affected Individuals | | State | Affected Individuals |
|---|---|---|---|---|
| Maine | 1,010 | | Vermont | 10,887 |
| Maryland | 24 | | Virgin Islands | 0 |
| Massachusetts | 132 | | Virginia | 195 |
| Michigan | 22 | | Washington | 4 |
| Minnesota | 3 | | West Virginia | 1 |
| Mississippi | 0 | | Wisconsin | 66 |
| Missouri | 23 | | Wyoming | 6 |
| Montana | 4 | | **Total** | 18,362 |

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 252, and therefore denies the same.

**b.    The Fourteen Non-Anthem Defendants' Privacy Policies, Representations, and Omissions**

253.   At all times relevant to this litigation, all Non-Anthem BCBS Defendants made representations to their customers and the public regarding their policies and practices for maintaining and protecting the confidentiality of personal and health-related information, including on their websites and in many documents made available to Plaintiffs and Affected Individuals.

**HCSC Response:** HCSC admits that at all times relevant to this litigation it had policies related to privacy. HCSC denies the remaining allegations in Paragraph 253.

254.   At all times relevant to this litigation, all non-Anthem BCBS Defendants posted descriptions of their privacy practices for safeguarding their members' Personal Information on their websites.

**HCSC Response:** HCSC admits that it maintains sections of the Blue Cross and Blue Shield of Illinois and Blue Cross and Blue Shield of Texas websites related to privacy. HCSC denies the remaining allegations in Paragraph 254.

255.   At all times relevant to this litigation, all non-Anthem BCBS Defendants posted online and mailed to their customers Privacy Notices setting forth their commitment to comply with applicable state and federal laws and their policies with

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

respect to safeguarding Personal Information in compliance with state and federal laws.

**HCSC Response:** HCSC denies the allegations in Paragraph 255.

256.   The website homepage of each of the fourteen Non-Anthem BCBS Defendants has at all times relevant to this litigation contained a link to that entity's privacy practices and notices explaining to their customers its duties and practices with respect to maintaining the confidentiality of personal and financial information. In these notices, all of the Non-Anthem BCBS Defendants state that they will maintain the confidentiality of Members' personal and financial information, including by imposing procedural and technical safeguards.

**HCSC Response:** HCSC admits that it maintains sections of the Blue Cross and Blue Shield of Illinois and Blue Cross and Blue Shield of Texas websites related to privacy. HCSC refers to those websites for their contents and denies any characterizations thereof. HCSC denies the remaining allegations in Paragraph 256.

257.   The Non-Anthem BCBS Defendants' BCBS Privacy Notices set forth on their websites also all state that they will use or disclose Members' personal and financial information for limited, enumerated purposes. Among the enumerated purposes are providing information to "business associates." The Non-Anthem BCBS Defendants tell their customers that they will require business associates to agree to maintain the confidentiality of Member's information.

**HCSC Response:** HCSC admits that it maintains sections of the Blue Cross and Blue Shield of Illinois and Blue Cross and Blue Shield of Texas websites related to privacy. HCSC refers to those websites for their contents and denies any characterizations thereof. HCSC denies the remaining allegations in Paragraph 257.

258.   For example, at all times relevant to this litigation Blue Shield of California represented in its "Notice of privacy practices" available on its website:

Def. HCSC's Ans.and Aff. Defenses to 4th Consolidated Am. Class Action Complaint Case No. 5:15-md-02617-LHK

"At Blue Shield, we understand the importance of keeping your personal information private, and we take our obligation to do so very seriously....We maintain physical, technical, and administrative safeguards to ensure the privacy of your PHI. To protect your privacy, only Blue Shield workforce members who are authorized and trained are given access to our paper and electronic records and to non-public areas where this information is stored....Please note that before we share your PHI, we obtain the vendor's or accreditation organization's written agreement to protect the privacy of your PHI."

The full text of Blue Shield of California's "Notice of privacy practices" is attached hereto as Exhibit 15-3, *see also* 15-4.

**HCSC Response:** HCSC admits that Plaintiffs purport to quote selected portions of the document attached as Exhibit 15-3 to their Fourth Consolidated Amended Class Action Complaint. HCSC refers to Exhibit 15-3 for its content and denies any characterization thereof. HCSC is without sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 258, and therefore denies the same.

259.   Each of the Non-Anthem Defendants made available its privacy policies to its customers and the public in many documents and websites, and as discussed further below, these policies and representations regarding maintaining and protecting the confidentiality of Personal Information were incorporated as a term of every Non-Anthem Defendant's insurance and health benefits contracts.

**HCSC Response:** HCSC admits that it maintains sections of the Blue Cross and Blue Shield of Illinois and Blue Cross and Blue Shield of Texas websites related to privacy. HCSC refers to those websites for their contents and denies any characterizations thereof. HCSC denies the remaining allegations in Paragraph 259.

260.   At no point in time prior to any Plaintiff or other Affected Individual enrolling in and paying premiums for insurance and/or health benefits policies sold by the Non-Anthem BCBS Defendants did any Non-Anthem BCBS Defendant ever

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

inform any Plaintiff or other Affected Individual that it did not comply with its privacy policies pertaining to Personal Information.

**HCSC Response:** HCSC objects to the allegations in Paragraph 260 as vague and ambiguous. To the extent this Paragraph implies that HCSC did not comply with any of its privacy policies, HCSC denies the same. HCSC is without sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 260, and therefore denies the same.

261.    Nor did any Non-Anthem Defendant ever inform any Plaintiff or other Affected Individual that it:

- Did not take reasonable measures to determine whether Anthem maintained or required sufficient data security protections for the Anthem Database in which members' Personal Information was stored as a result of the BlueCard program;

- Did not take reasonable measures to determine whether Anthem could protect individuals' Personal Information from disclosure to third parties.

- Did not take reasonable measures to insure that Anthem was destroying or otherwise removing the Personal Information of Non-Anthem Defendants' members from the Anthem Database after a reasonable amount of time, or the time period as required by state or federal law.

- Did not take reasonable measures to determine whether Anthem was using technology or processes such as two-factor authentication or encryption to protect the Personal Information of Non-Anthem Defendants' members;

- Did not take reasonable measures to determine whether Anthem was properly auditing its Database access to determine (and potentially halt) any improper access or breaches;

- Did not take reasonable measures to determine whether Anthem was complying with federal or state requirements pertaining to the security of Personal Information of Non-Anthem Defendants' members.

**HCSC Response:** HCSC objects to the allegations in Paragraph 261 as vague and ambiguous. To the extent that Paragraph 261 is directed to HCSC and assumes the truth of the statements contained therein, HCSC denies that those statements are true. HCSC is without sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 261, and therefore denies the same.

133

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

262. Plaintiffs and Affected Individuals would not have purchased or otherwise paid premiums to the Non-Anthem BCBS Defendants for insurance or health benefits services, including the BlueCard program, had the Non-Anthem BCBS Defendants disclosed that they did not have adequate procedures to protect their Members' Personal Information, and that they did not ensure that entities with whom they did business, including the BlueCard program had adequate safeguards, procedures and systems to reasonably protect the Non-Anthem BCBS Defendants' members' personal information.

**HCSC Response:** To the extent that Paragraph 262 implies or alleges that HCSC did not have adequate procedures, safeguards or systems, HCSC denies those allegations. HCSC is without sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 262, and therefore denies the same.

### c.   Each of the Fourteen Non-Anthem Defendants' Insurance and Health Benefits Contracts Include Specific Privacy Promises

263. The Non-Anthem Defendants enter into individual and group insurance contracts and administrative service agreements in substantially the same manner as set forth above with respect to Anthem, and create contract documents in substantially the same form as described above with respect to Anthem (i.e., individual policy documents and group contracts in which individuals enroll subject to the terms and conditions set forth in a Plan Booklet). On information and belief, each of the Non-Anthem Defendants 1) drafted the contract documents provided to their customers and 2) used template documents that contained uniform language and structure to create their group and individual policy contract documents and administrative service agreements.

**HCSC Response:** HCSC admits that an individual who purchases individual insurance or health benefits policies from HCSC enters into a contract with HCSC.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

HCSC admits that it entered into contracts providing health insurance benefits to fully insured plans and administrative services with regard to self-insured groups. HCSC denies the remaining allegations in Paragraph 263.

264.   All Plaintiffs and Affected Individuals who purchased insurance and health benefits services from the Non-Anthem Defendants formed contracts directly with a Non-Anthem Defendant by purchasing an individual policy or enrolling in a group plan, and were the intended beneficiaries of group agreements between the Non-Anthem Defendants and groups of which Plaintiffs and Affected Individuals were enrolled as a Member, including self-funded plans for which Non-Anthem Defendants provided administrative services.

**HCSC Response:** Paragraph 264 states legal conclusions to which no response is required. To the extent a response is required, HCSC denies the allegations contained in Paragraph 264.

265.   All Plaintiffs and Affected Individuals who purchased insurance and health benefits services from a Non-Anthem Defendant (and whose personal information was transferred to Anthem and ultimately disclosed in the Anthem Data Breach) formed their contracts with a Non-Anthem Defendant prior to the Anthem Data Breach. As with Anthem, for Plaintiffs who entered into ongoing contracts prior to 2014, if the Non-Anthem Defendant altered the plan terms and issued a new Plan Booklet or contract, the operative contract documents are the documents in effect in 2014 and 2015. All Plaintiffs and Affected Individuals (and their employers on their behalf) paid premiums to the Non-Anthem Defendant with whom they entered into a contract for insurance or health benefits, and/or for group plans, had premiums or fees paid on their behalf.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 265, and therefore denies the same.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff. Defenses to 4th Consolidated Am. Class Action Complaint Case No. 5:15-md-02617-LHK

266. Each of the Non-Anthem BCBS Defendants provided documents containing their privacy policies, and made those policies available online, to their Affected Individual customers prior to those customers enrolling and paying premiums for insurance and/or health benefits policies provided by the Non-Anthem BCBS Defendants.

**HCSC Response:** HCSC admits that it had policies related to privacy and maintains sections of the Blue Cross and Blue Shield of Illinois and Blue Cross and Blue Shield of Texas websites related to privacy. HCSC denies the remaining allegations in Paragraph 266 as they relate to HCSC. HCSC is without sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 266, and therefore denies the same.

267. The contracts with Plaintiffs and Affected individuals entered into by the Non-Anthem Defendants all incorporated the then-current privacy policies and notices set forth on that Non-Anthem Defendant's website.

**HCSC Response:** Paragraph 267 states legal conclusions to which no response is required. To the extent a response is required, HCSC denies allegations in Paragraph 267.

268. The contract documents provided by each of the Non-Anthem Defendants to their Plaintiff and Affected Individual customers contained contract terms committing to maintain the confidentiality of personal information.

**HCSC Response:** HCSC refers to its contract documents for their content and denies any characterization thereof. HCSC denies any remaining allegations in Paragraph 268.

269. For example, the 2014 and 2015 "About Your Benefits" Plan Booklet from Horizon Blue Cross Blue Shield of New Jersey (Horizon BCBSBJ"), the Privacy Policy posted on Horizon BCBSNJ's website, and, on information and belief, Horizon BCBSNJ's mailed Privacy Notice, all stated:

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

NOTICE OF INFORMATION PRIVACY PRACTICES

**Horizon Blue Cross Blue Shield of New Jersey and its affiliated companies want you to know that we recognize out obligation to keep information about you secure and confidential**. . . . [W]e do not share your information except to conduct our business[.] As required by law, we publish this Notice to explain the information that we collect and how we maintain, use and disclose it in administering your benefits. **We will abide by the statements made in this Notice.** Except as permitted by law and as explained in this Notice, we do not disclose any information about our past, present or future customers to anyone.

When we use the term 'Customer Information,' we are referring to financial or health information that is 'nonpublic,' including any information from which a judgment could possibly be made about you. When we use the term 'Protected Health Information' or 'PHI,' we are referring to individually identifiable oral, written and electronic information concerning the provision of, or payment for, health care to you. We refer to Customer Information and PHI collectively as 'Private Information.'

HOW DO WE PROTECT PRIVATE INFORMATION?

Our employees get training regarding the need to maintain your Private Information in the strictest confidence. They agree to be bound by that promise of confidentiality and are subject to disciplinary action if they violate that promise. **We also maintain appropriate administrative, technical and physical safeguards to reasonably protect your Private Information. In addition, in those situations where we rely on a third party to perform business, professional or insurance services or functions for us, that third party must agree to safeguard your Private Information. That business associate must also agree to use it only as required to perform its functions for us and as otherwise permitted by our contract and the law.** Finally, if we or our business associate causes a 'breach' of privacy as that term is defined under federal law, we will notify you without unreasonable delay of the occurrence. In these ways, we carry out our confidentiality commitments to you. (Emphasis added).

Relevant excerpts of the Horizon Blue Cross Blue Shield New Jersey Benefits Booklet and the Privacy Notice posted on its website are attached hereto as Ex. 14-1, 14-2 (Plaintiff Ames 2014 and 2015 contract documents with Horizon BCBSNJ); Ex. 14-3 (Horizon BCBSNJ website and privacy notices as set forth in 2014 and 2015).

**HCSC Response:** HCSC admits that Plaintiffs purport to quote selected portions of the documents attached as Exhibits 14-1–14-3 to their Fourth Consolidated

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff. Defenses to 4th Consolidated Am. Class Action Complaint Case No. 5:15-md-02617-LHK

Amended Class Action Complaint. HCSC refers to Exhibits 14-1–14-3 for their content and denies any characterization thereof. HCSC is without sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 269, and therefore denies the same.

270.   All of Non-Anthem Defendants' contracts with Plaintiffs and Affected Individuals required Plaintiffs and Affected Individuals to provide the Non-Anthem Defendants with Personal Information in the enrollment and claims process, and to allow the Non-Anthem Defendants to obtain Personal Information from health care providers. The privacy policies published by the Non-Anthem Defendants and provided by the Non-Anthem Defendants pertained to this Personal Information acquired by the Non-Anthem Defendants pursuant to this contractual relationship. In light of the contract language and all of the information provided by the Non-Anthem Defendants to Plaintiffs and Affected Individuals at the time of contract, it was objectively reasonable for Plaintiffs and Affected Individuals to understand their contracts to include Non-Anthem Defendants' privacy policies.

**HCSC Response:** Paragraph 270 contains legal conclusions to which no response is required. To the extent a response is required, HCSC denies the allegations in Paragraph 270.

271.   The Non-Anthem Defendants' contracts with Plaintiffs, Affected Individuals, and/or their employers on their behalf, contain contract terms pertaining to the BlueCard program.

**HCSC Response:** HCSC admits that its certain of its contracts contain terms pertaining to the BlueCard Program. HCSC refers to those contracts for their contents and denies any characterization thereof. HCSC denies the remaining allegations in Paragraph 271.

272.   The Non-Anthem Defendants' contracts with Plaintiffs and Affected Individuals also contained additional specific terms committing to maintaining the

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff. Defenses to 4th Consolidated Am. Class Action Complaint Case No. 5:15-md-02617-LHK

confidentiality of personal information in the context of Members' use of the BlueCard Program.

**HCSC Response:** HCSC admits that Plaintiffs purport to summarize certain portions of unspecified contracts. HCSC refers to its contract documents for their contents and denies any characterization thereof. HCSC denies any remaining allegations in Paragraph 272.

273.    The Non-Anthem Defendants' contract documents, including contracts with Plaintiffs and Affected Individuals and/or their employers on their behalf, contain language similar to the following language with respect to that BCBS Defendant:

> Under the BlueCard Program, when you obtain Covered Services within the geographic area served by a Host Plan, Blue Shield will remain responsible for fulfilling our contractual obligations.

Ex. 15-1 (Plaintiff Brisko's contract documents with Blue Shield of California).

**HCSC Response:** HCSC admits that certain of its contract documents contain language regarding the BlueCard Program. HCSC refers to its contract documents for their contents and denies any characterization thereof. HCSC denies any remaining allegations in Paragraph 273.

274.    The Non-Anthem Defendants' contracts with Plaintiffs and Affected Individuals also contained additional specific terms promising that they would provide their members' Personal Information only to business associates who themselves promised to protect the confidentiality of that Personal Information.

**HCSC Response:** HCSC refers to its contracts for their content and denies any characterization thereof. HCSC denies any remaining allegations in Paragraph 274.

275.    As a result of the documents and information provided to them at the time of contract and throughout their relationship by the Non-Anthem Defendant, it was objectively reasonable for Plaintiffs and Affected Individuals who purchased individual policies from or enrolled under group plans with Non-Anthem Defendants

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

to understand their contracts with Non-Anthem Defendants to include the privacy policies and notices pertaining to the personal information about them that would be collected in the course of providing the insurance and health benefits services to them pursuant to these contracts, including the Non-Anthem Defendants' commitment to ensuring the confidentiality of information provided to business associates and/or other entities as a result of the BlueCard program.

**HCSC Response:** Paragraph 275 contains legal conclusions to which no response is required. To the extent a response is required, HCSC denies the allegations in Paragraph 275.

276.   Nowhere in any of the contract documents between Plaintiffs and any Non-Anthem Defendant (including but not limited to the Plan Booklet) did any Non-Anthem Defendant state that it did *not* intend to be contractually bound by its advertised and published privacy policies and notices.

**HCSC Response:** HCSC admits that Plaintiffs purport to summarize certain portions of unspecified contracts. HCSC refers to its contract documents for their contents and denies any characterization thereof.   HCSC denies any remaining allegations in this Paragraph.

277. No other document provided any Non-Anthem Defendant to its customers at the time of enrollment informed Plaintiffs that the Non-Anthem Defendant did not intend to be contractually bound by its advertised and published privacy policies and notices.

**HCSC Response:** HCSC admits that Plaintiffs purport to summarize certain portions of unspecified contracts and other documents. HCSC refers to its contracts and documents for their contents and denies any characterization thereof. HCSC denies any remaining allegations in this Paragraph.

278.   Some Plaintiffs and Affected Individuals received coverage for medical expenses through ERISA-defined "employee welfare benefit plans." 29 U.S.C.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

140

§§1002(1), 1002(3). Their employer or group established these plans. An employee welfare benefit plan is a promise by a covered employer to provide certain benefits. 29 U.S.C. §1002(1). ERISA plans must be maintained pursuant to a written instrument. 29 U.S.C. §1102(a). Non-Anthem Defendants sell group insurance, health benefits, or administrative services to ERISA plans. Non-Anthem Defendants' group insurance, health benefits, or service "plans" are not "employee welfare benefit plans" as that term is used in ERISA, 29 U.S.C. §1002(1), 1002(3), and §1102(a). In selling group insurance/health benefits/administrative services contracts to employers, Non-Anthem Defendants do not necessarily become the ERISA Plan Administrator or ERISA fiduciary for any ERISA plan provided by the employer.

**HCSC Response:** HCSC admits that it sells group insurance, health benefits, or administrative services to ERISA plans. The remaining allegations in Paragraph 278 are legal conclusions to which no response is required. To the extent a response is required, HCSC denies the remaining allegations in this Paragraph.

279.   Attached to this Complaint as Exhibits 14-27 are excerpts from examples of named Plaintiffs' contract documents with each of the fourteen Non-Anthem Defendants, consistent with the above general allegations pertaining to all Non-Anthem Defendants. On information and belief, each Non-Anthem BCBS Defendant used uniform contract language across its contracts, which it drafted based on templates, and therefore all of the Non-Anthem BCBS Defendants' contracts with Affected Individuals contain the terms as described for each Defendant with respect to these Plaintiff contract documents that are provided as examples.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 279, and therefore denies the same.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

## Non-Anthem Defendant BCBS of Alabama

280.   Plaintiff Connie McDaniel and Non-Anthem Defendant BCBS of Alabama entered into a contract when Plaintiff McDaniel enrolled pursuant to a group plan prior to the Anthem Data Breach (and Plaintiff McDaniel was also the intended beneficiary of her group's contract with BCBS Alabama). The contract documents drafted by BCBS Alabama include at least the Plan Booklet for her PPO plan, which includes a promise to protect the confidentiality of its members' Personal Information, incorporates by reference the BCBS Alabama Privacy Notices and other information made available on the BCBS Alabama website, and states that BCBS Alabama will remain responsible for fulfilling its contractual obligations when members obtain services through the BlueCard Program Attached as Exhibit 16 are relevant excerpts of the contract documents produced by BCBS Alabama in discovery for Plaintiff McDaniel (the 2012 PPO plan booklet, in effect during 2014 and 2015), and incorporated website privacy policies and privacy notices as those appeared in 2014 and 2015.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 280, and therefore denies the same.

## Non-Anthem Defendant USAable Mutual Insurance (d/b/a Arkansas BCBS)

281.   Non-Anthem Defendant Arkansas BCBS entered into contracts with class members who enrolled in BCBS Arkansas plans prior to the Anthem Data Breach. The contract documents drafted by BCBS Arkansas include at least the Evidence of Coverage booklet provided to all Members enrolled in these plans, as well as the individual enrollment forms, which expressly incorporate BCBS Arkansas privacy notices, which were available at all times on the BCBS Arkansas website. Attached as Exhibit 17 are relevant excerpts of exemplar contract documents produced by USAable Mutual Insurance in discovery and incorporated website privacy policies and

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

privacy notices, as those websites appeared in 2010 and as those website notices have appeared since they were amended in 2013.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 281, and therefore denies the same.

## Non-Anthem Defendant California Physicians Service (d/b/a Blue Shield of California)

282.   Plaintiff Lillian Brisko and Non-Anthem Defendant Blue Shield of California entered into a contract when Plaintiff Brisko enrolled in a group plan prior to the Anthem Data Breach (and Plaintiff Brisko was also the intended beneficiary of her group's contract with Blue Shield of California). The contract documents drafted by Blue Shield of California include the Plan Booklet ("Combined Evidence of Coverage and Disclosure Form"), which includes a promise to protect the confidentiality of its members' Personal Information, incorporates Blue Shield's privacy policies and notices by reference, incorporates by reference the Blue Shield of California website, which at all times has included Blue Shield of California's privacy webpage and privacy notices, and states the Blue Shield of California will remain responsible for contractual obligations when Members use the BlueCard program. Attached as Exhibit 15 are relevant excerpts of the contract documents produced by Blue Shield of California in discovery for Plaintiff Brisko that were in effect during 2014, and the incorporated website privacy policies and privacy notices, as those websites have appeared since 2014

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 282, and therefore denies the same.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

143

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

**Non-Anthem Defendant BCBS of Florida**

283.   Plaintiff Charles Platt and Non-Anthem Defendant BCBS of Florida entered into a contract when Plaintiff Platt purchased an individual insurance policy prior to the Anthem Data Breach. The contract documents drafted by BCBS Florida include the "Non-Group Contract" provided to Plaintiff Platt, which includes a promise to protect the confidentiality of its members' Personal Information, attaches the BCBS Florida Privacy Notice, incorporates by reference other information made available on the BCBS Florida website and states that BCBS Florida will remain responsible for fulfilling its contractual obligations when members obtain services through the BlueCard Program. Attached as Exhibit 18 are relevant excerpts of the BCBS Florida contract documents for Plaintiff Platt that were in effect prior to and during the Anthem Data Breach, and incorporated website privacy notices, as those notices have appeared since 2013.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 283, and therefore denies the same.

**Non-Anthem Defendant Health Care Service Corporation d/b/a BCBS of Illinois and d/b/a BCBS of Texas**

284.   Plaintiff David Klemer and Non-Anthem Defendant Health Care Service Corporation d/b/a BCBS of Illinois entered into a contract when Plaintiff Klemer was enrolled as a Member of a group plan with BCBS of Illinois prior to the Anthem Data Breach (and Plaintiff Klemer was also the intended beneficiary of his group's contract with BCBS of Illinois). The contract documents drafted by Health Care Service Corporation d/b/a BCBS of Illinois included a Plan Booklet (called a "Certificate") for the "Blue Print Blue Advantage HMO," as well as the group and individual enrollment forms. The Plan Booklet incorporates by reference information about BCBS of Illinois on the BCBS of Illinois website, which contains several explanations

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

of BCBS of Illinois' privacy policies and practices with respect to personal information about its Members, including committing to protecting the confidentiality of information and restricting access for employees and business associates acting on behalf of BCBS Illinois. In addition, the individual enrollment applications for BCBS group plans (which once completed and submitted are incorporated by reference into BCBS contracts, including Mr. Klemer's contract) require submission of Social Security Numbers, and state: "Your Social Security number is used for internal purposes only." Attached as Exhibit 19 are relevant excerpts of the Health Care Service Corporation d/b/a BCBS of Illinois contract documents that were in effect prior to and during the Anthem Data Breach, the incorporated BCBS of Illinois websites as they appeared in 2014, and BCBS Illinois enrollment application.

**HCSC Response:**  HCSC admits that its records indicate that Plaintiff David Klemer was enrolled in a Blue Cross and Blue Shield of Illinois – Blue Advantage HMO health plan.  HCSC refers to Blue Cross and Blue Shield of Illinois policy documents, websites, and applications for their contents and denies any characterization thereof. HCSC denies the remaining allegations contained in Paragraph 284.

285.  Attached as Exhibit 26 as exemplars are relevant excerpts of the Health Care Service Corporation d/b/a BCBS of Texas individual insurance contract documents for Texas resident Lance Wagner that were in effect prior to the Anthem Data Breach. The contract documents drafted by Health Care Service Corporation d/b/a BCBS of Texas include a Plan Booklet that promises to protect the confidentiality of its members' Personal Information, attaches the BCBS of Texas Privacy Notice, incorporates by reference other information made available on the BCBS of Texas website, and states that BCBS of Texas will remain responsible for fulfilling its contractual obligations when members obtain services through the BlueCard Program.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

**HCSC Response:** HCSC admits that its records indicate that Lane Wagner was enrolled in a Blue Cross and Blue Shield of Texas individual health insurance policy that he purchased prior to the Anthem Data Breach.  HCSC refers to the Blue Cross and Blue Shield of Texas policy documents and websites for their contents and denies any characterization thereof.  HCSC is without sufficient knowledge or information to form a belief about the truth of the allegation that Lane Wagner is a Texas resident, and therefore denies the same. HCSC denies the remaining allegations contained in Paragraph 285.

### Non-Anthem Defendant CareFirst of Maryland (d/b/a Carefirst BCBS)

286.   Plaintiff Don West and Non-Anthem Defendant CareFirst of Maryland entered into a contract when Plaintiff West enrolled in a group plan prior to the Anthem Data Breach (and Plaintiff West was also the intended beneficiary of his group's contract with BCBS CareFirst of Maryland). The contract documents drafted by CareFirst of Maryland include the Group Agreement and Evidence of Coverage, which includes a promise to protect the confidentiality of its members' Personal Information, and states that CareFirst of Maryland will remain responsible for fulfilling its contractual obligations when members obtain services through the BlueCard Program. Attached as Exhibit 20 are relevant excerpts of the CareFirst of Maryland contract documents for Plaintiff West that were in effect prior to and during the Anthem Data Breach, and the CareFirst of Maryland website privacy notices, as those notices have appeared since 2013.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 286, and therefore denies the same.

### Non-Anthem Defendant BCBS of Massachusetts

287. Plaintiff Carrie Ramos and Non-Anthem Defendant BCBS of Massachusetts entered into a contract when Plaintiff Ramos enrolled pursuant to a

146

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

group plan prior to the Anthem Data Breach (and Plaintiff Ramos also was the intended beneficiary of her group's contract with BCBS Massachusetts). The contract documents drafted by BCBS Massachusetts include at least the Plan Booklet ("Subscriber Certificate"), which includes a promise to protect the confidentiality of its members' Personal Information and incorporates by reference the BCBS Massachusetts privacy notice ("Commitment to Confidentiality"). BCBS Massachusetts has also produced in discovery for Plaintiff Ramos the agreement with her group, which specifically promises to protect the confidentiality of Members' personal information, and commits that BCBS Massachusetts will be bound by contractual obligations when Members use BlueCard services. Attached as Exhibit 21 are relevant excerpts of the contract documents produced by BCBS Massachusetts in discovery for Plaintiff Ramos applicable during 2014 and incorporated website privacy notices as they have appeared since 2014.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 287, and therefore denies the same.

## Non-Anthem Defendant BCBS of Michigan

288. Plaintiff Michelle Kaseta-Collins and Non-Anthem Defendant Blue Cross and Blue Shield of Michigan entered into a contract when Plaintiff Kaseta-Collins enrolled in a Blue Care HMO from BCBS Michigan (and Plaintiff Kaseta-Collins also was the intended beneficiary of her group's contract with BCBS Michigan). The contract documents drafted by BCBS Michigan include at least the Plan Booklet ("Certificate"), which includes a promise to protect the confidentiality of its members' Personal Information, incorporates by reference the Blue Care Network's policies, which at all times have been set forth on the BCBS Michigan website, including BCBS Michigan's Privacy Notice applicable to Blue Care plans. Attached as Exhibit 22 are relevant excerpts of the BCBS Michigan contract

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

documents for Plaintiff Kaseta-Collins and BCBS Michigan website privacy notices as they have appeared since 2013.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 288, and therefore denies the same.

### Non-Anthem Defendant BCBS of Minnesota

289.   Plaintiff Lauren Roberts entered into a contract with BCBS Minnesota when Plaintiff Roberts enrolled in a group plan with BCBS Minnesota prior to the Anthem Data Breach. On information and belief, the contract documents drafted by BCBS Minnesota include the Plan Booklet (called a "Certificate of Coverage") that includes a promise to keep Member Personal Information confidential and that incorporates BCBS Minnesota's privacy policies and notices, which have been made available at all times on the BCBS Minnesota website, as well as the individual enrollment form/application.[5] Attached as Exhibit 23 are relevant excerpts of BCBS Minnesota website privacy policies and privacy notices, and enrollment forms, as those documents appeared in 2014.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 289, and therefore denies the same.

### Non-Anthem Defendant Horizon BCBSNJ

290.   Plaintiff Elizabeth Ames entered into a contract when Plaintiff Ames purchased an individual insurance policy from Horizon BCBSNJ prior to the Anthem Data Breach. The contract documents drafted by Horizon BCBSNJ include policy documents that promise to protect the confidentiality of Member's personal information, including when that information is given to business associates, and

---

[5]   BCBS Minnesota has produced copies of its privacy policies and notices, but has yet to produce any contract or plan documents for Plaintiff Roberts in discovery.

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

incorporate the Horizon BCBSNJ websites, which at all times have made the Horizon BCBSNJ privacy policies and notices available, as well as information regarding the BlueCard plan. Attached as Exhibit 14 are relevant excerpts of Plaintiff Ames's 2014 and 2015 Horizon BCBSNJ contract documents and incorporated Horizon BCBSNJ website privacy policies and privacy notices, as those documents appeared in 2014 and 2015.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 290, and therefore denies the same.

### Non-Anthem Defendant BCBS of North Carolina

291. Plaintiff Frank Nicosia and Non-Anthem Defendant BCBS North Carolina entered into a contract when Plaintiff Nicosia enrolled pursuant to a group plan prior to the Anthem Data Breach (and Plaintiff Nicosia also was the intended beneficiary of his group's contract with BCBS North Carolina). The contract documents drafted by BCBS North Carolina include a 2014 Plan Booklet ("Benefit Booklet") that promises to protect the confidentiality of Member's personal information, incorporates by reference the BCBS North Carolina privacy notices found on the BCBS North Carolina website, and states that BCBS North Carolina will be bound by contractual obligations when Members use BlueCard services. Attached as Exhibit 24 are relevant excerpts of the contract documents produced by BCBS North Carolina in discovery for Plaintiff Nicosia applicable during 2014 and the incorporated website privacy notices as those have appeared since 2014.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 291, and therefore denies the same.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

1

2

### Non-Anthem Defendant Highmark Inc. (d/b/a Highmark Blue Shield and d/b/a Highmark Blue Cross Blue Shield)

3

4

5

6

7

8

9

10

11

12

292.   Plaintiff Denise Masloski and Non-Anthem Defendant Highmark Blue Cross Blue Shield entered into a contract when Plaintiff Masloski was enrolled pursuant to a group plan prior to the Anthem Data Breach.[6] On information and belief, the contract documents drafted by Highmark Blue Cross Blue Shield include a Plan Booklet (called a "Certificate of Coverage") that includes a promise to keep Member Personal Information confidential and that incorporates Highmark Blue Cross Blue Shield's privacy policies and notices, which have been made available at all times on Highmark Blue Cross Blue Shield website, as well as the individual enrollment form/application. Attached as Exhibit 25 are relevant excerpts of Highmark Blue Cross Blue Shield website privacy notices, as those documents appeared since 2014.

13

14

15

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 292, and therefore denies the same.

16

### Non-Anthem Defendant BCBS of Vermont

17

18

19

20

21

22

23

24

25

293.   Plaintiff Jessica Holguin and Non-Anthem Defendant BCBS Vermont entered into a contract when Plaintiff Holguin enrolled pursuant to a group plan prior to the Anthem Data Breach (and Plaintiff Holguin also was the intended beneficiary of her group's contract with BCBS Vermont). The contract documents drafted by BCBS Vermont include a 2014 Plan Booklet ("Plan J Comprehensive Certificate") that promises to protect the confidentiality of Member's personal information, incorporates BCBS Vermont's privacy notices (also found on the BCBS Vermont website), states that BCBS Vermont requires business associates to agree to protect Members' information, and states that BCBS Vermont will be bound by its contractual

26

27

28

---

[6]    Defendant Highmark Inc. has produced no insurance contracts or plans in discovery.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

150

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

obligations when Members use BlueCard services. Attached as Exhibit 27 are relevant excerpts of the contract documents produced by BCBS Vermont in discovery for Plaintiff Holguin applicable beginning in 2014 and the incorporated website privacy notices as they appeared since 2014.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 293, and therefore denies the same.

### 3.   Blue Cross Blue Shield Association and the Federal Contract

294.   The Blue Cross and Blue Shield Association ("BCBSA"), Anthem and its BCBS Affiliates, and non-Anthem BCBS also contracted to protect the Personal Information of federal government employees who enrolled in the Blue Cross Blue Shield Service Benefit Plan.

**HCSC Response:** Paragraph 294 states a legal conclusion to which no response is required. To the extent a response is required, HCSC denies the allegations in Paragraph 307.

295.   The Federal Employees Health Benefits Act of 1959 establishes a comprehensive program of health insurance for federal employees and authorizes the Office of Personnel Management ("OPM") to contract with private carriers to offer federal employees an array of health plans.

**HCSC Response:** Paragraph 295 states a legal conclusion to which no response is required. To the extent a response is required HCSC refers to the Federal Employees Health Benefit Act of 1959 for its contents and denies any characterization thereof. HCSC denies any remaining allegations in this Paragraph.

296.   Among the plans offered to federal employees is the Blue Cross Blue Shield Service Benefit Plan ("Federal BCBSA Plan").

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

1    **HCSC Response:** HCSC admits that the Blue Cross and Blue Shield

2    Government-wide Service Benefit Plan is among the health plans offered to federal

3    employees.

4        297.   The Federal BCBSA Plan is governed by Contract No. CS 1039

5    ("Federal BCBSA Contract") between OPM and BCBSA, acting on behalf of, and as

6    agent for, the local BCBS plans (Anthem BCBS Affiliates and non-Anthem BCBS)

7    that process claims under the Federal BCBSA Plan and underwrite the plan in their

8    localities. The Federal BCBSA Plan has been described by the Congressional

9    Committee on Oversight and Government Reform as an "aggregation" of BCBS local

10   plans. The Federal BCBSA Contract operative in 2014 and 2015 is attached as Exhibit

11   28.

12       **HCSC Response:** HCSC is without sufficient knowledge or information to

13   form a belief about the truth of the allegations in Paragraph 297, and therefore denies

14   the same.

15       298.   The Federal BCBSA Contract incorporates as Appendix A the Plan

16   Booklet (called the "FEHB Brochure") describing the benefits and services to which

17   Enrollees are entitled. The Federal BCBSA Contract requires BCBSA to distribute

18   this FEHB Brochure to all Enrollees. The FEHB Brochures for 2014 and 2015 are

19   attached as Exhibit 29, 30. At all times relevant to this litigation, the then-current

20   year's FEHB Brochure has been made available on the BCBS Federal Employee

21   Program website (www.fepblue.org, maintained by BCBSA, the Anthem BCBS

22   Affiliates, and the non-Anthem BCBS for the Federal BCBSA Plan).

23       **HCSC Response:** HCSC is without sufficient knowledge or information to

24   form a belief about the truth of the allegations in Paragraph 298, and therefore denies

25   the same.

26

27

28

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

299.   Enrollees are federal employees, including Plaintiffs Alvin Lawson, Ralph Staffieri, David Ifversen, and Jason Baker, who elected to obtain coverage and benefits under the Federal BCBSA Plan.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 299, and therefore denies the same.

300.   Enrollees of the Federal BCBSA Plan including Plaintiffs and Affected Individuals, are the intended beneficiaries of the benefits and services set forth in the Federal BCBSA Contract, including but not limited to the benefits and services listed in the FEHB Brochure incorporated into that contract, including the contract terms pertaining to the confidentiality of Enrollees' personal information.

**HCSC Response:** Paragraph 300 states legal conclusions to which no response is required. To the extent a response is required, HCSC is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 313, and therefore denies the same.

301.   All Plaintiffs and Affected Individuals who are Enrollees in the Federal BCBSA Plan enrolled in that Plan prior to the Anthem Data Breach.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 301, and therefore denies the same.

302.   In the Federal BCBSA Contract, BCBSA, as agent for the Anthem BCBS Affiliates and non-Anthem BCBS, agreed to protect the Personal Information of the Enrollees in the Federal BCBSA Plan. The contract requires OPM and Enrollees to provide confidential Personal Information, including Social Security Numbers, to BCBSA, as agent for the Anthem BCBS Affiliates and non-Anthem BCBS, in order for it to administer the Federal BCBSA Plan. Under the agreement, BCBSA, as agent for the Anthem BCBS Affiliates and non-Anthem BCBS, was limited to using "the

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff. Defenses to 4th Consolidated Am. Class Action Complaint Case No. 5:15-md-02617-LHK

personal data on employees and annuitants that is provided by agencies and OPM, including social security numbers, for only those routine uses stipulated for the data . . . ." Ex. 28-1 at I-3.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 302, and therefore denies the same.

303. BCBSA, as agent for the Anthem BCBS Affiliates and non-Anthem BCBS, agreed to specific obligations with respect to protecting this and other sensitive Personal Information. At all times relevant to this litigation, under the Federal BCBSA Contract, BCBSA, as agent for the Anthem BCBS Affiliates and non-Anthem BCBS, expressly contracted to:

a) "hold all medical records, and information relating thereto, of federal subscribers, confidential" (with limited exceptions that do not apply here);

b) maintain the "necessary resources to meet its obligations under the contract," including security obligations;

c) permit the OPM to use NIST SP 800-53 (Security and Privacy Controls for Federal Information Systems and Organizations) or its equivalent as a benchmark for conducting audits of information systems and to recommend that BCBSA, Anthem, the Anthem BCBS Affiliates, and the non-Anthem BCBS, adopt a best practice drawn from NIST SP 800-53;

d) either adopt recommendations made by the OPM, or represent that it is already in compliance with the recommendation, or explain why its current practice, notwithstanding its refusal to adopt the recommendation, is equally if not more appropriate for its business purposes than the recommended best practice;

e) demonstrate to the OPM their compliance with either a recommended best practice or an alternative current practice they had adopted; and

f) permit OPM "to inspect or evaluate the work performed or being performed under the contract."

Ex. 28-1 at I-3, I-9; 28-2 at 6.

**HCSC Response:** Paragraph 303 states legal conclusions to which no response is required.  To the extent a response is required, HCSC refers to the Federal BCBSA Contract for its contents and denies any characterization thereof. HCSC is without sufficient knowledge or information to form a belief about the truth of any remaining allegations in Paragraph 303, and therefore denies the same.

304.   The FEHB Brochures for 2014 and 2015 both state, "If you are enrolled in this Plan, you are entitled to the benefits described in this brochure." The Brochures define "you/your" to mean "the enrollee (the contract holder eligible for enrollment and coverage under the Federal Employees Health Benefits Program and enrolled in the Plan) and each covered family member." Under the heading "Your Medical and Claims Records are Confidential," the Brochure promises that "We will keep your medical and claims information confidential." Ex. 29 at 5, 14, 149; Ex. 30 at 5, 14, 153.

**HCSC Response:** HCSC admits that Plaintiffs purport to quote selected portions of the documents attached as Exhibits 29–30 to their Fourth Consolidated Amended Class Action Complaint. HCSC refers to Exhibits 29–30 for their contents and denies any characterization thereof. HCSC denies all remaining allegations in Paragraph 304.

305.   The FEHB Brochures for 2014 and 2015 also incorporate by reference the Notice of Privacy Policy, available at all times at www.fepblue.org. The 2015 Notice of Privacy Practice states:

> This notice describes how we, the Blue Cross and Blue Shield (BCBS) Service Benefit Plan, may use and disclose your protected health information (PHI) .. It also includes our legal obligations concerning your PHI. . . . Members receive a copy of this Notice at the time of enrollment and annually thereafter.
>
> ...
>
> We have measures in place to protect PHI [Personal Health Information] according to state and federal standards. The

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

measures are designed to protect oral, written, and electronic PHI, and include:

- Security and privacy training for all employees.
- Employee access states a need-to-know basis. . . .
- All users of our electronic systems are required to use strong passwords.
- All users must change their computer passwords periodically.

The Notice of Privacy Policy in effect for 2014 and 2015 are attached hereto as Exhibit 31.

**HCSC Response:** HCSC admits that Plaintiffs purport to quote selected portions of the document attached as Exhibit 31 to their Fourth Consolidated Amended Class Action Complaint. HCSC refers to Exhibit 31 for its content and denies any characterization thereof. Whether the Notice of Privacy Practice is incorporated by reference into the FEHB Brochures is a legal conclusion to which no response is required. To the extent a response is required, HCSC denies that the Notice of Privacy Practices is incorporated by reference into the FEHB Brochures. HCSC denies all remaining allegations in Paragraph 305.

306.   The   www.fepblue.org   website   also   states   on   its   "Rights   and Responsibilities" page that the plan will "hold all our member records confidential, and will only release them to the appropriate entities if required to do so by law." Ex. 32.

**HCSC Response:** HCSC admits that Plaintiffs purport to quote selected portions of the document attached as Exhibit 32 to their Fourth Consolidated Amended Class Action Complaint. HCSC refers to Exhibit 32 for its content and denies any characterization thereof. HCSC denies all remaining allegations in Paragraph 306.

307.   The www.fepblue.org website has at all relevant times been incorporated by reference into the FEHB Brochure. Ex 29 at 14, Ex. 30 at 14.

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

**HCSC Response:** Paragraph 307 states legal conclusions to which no response is required. To the extent a response is required, HCSC denies the allegations contained in Paragraph 307.

## C. Defendants Had an Obligation to Protect Personal Information under Federal and State Law and the Applicable Standard of Care

308.   Defendants are entities covered by HIPAA (see 54 C.F.R. § 160.102) and as such are required to comply with the HIPAA Privacy Rule and Security Rule, 45 CFR Part 160 and Part 164, Subparts A and E ("Standards for Privacy of Individually Identifiable Health Information").

**HCSC Response:** Paragraph 308 states legal conclusions to which no response is required. To the extent a response is required, HCSC admits that the requirements of HIPAA apply to certain of HCSC's business activities. HCSC denies the remaining allegations in Paragraph 308.

309.   HIPAA limits the permissible uses of "protected health information" and prohibits unauthorized disclosures of "protected health information."[7] In response to the Anthem Data Breach, a senior Department of Health and Human Services advisor explained that "[t]he personally identifiable information health plans maintain on enrollees and members — including names and social security numbers — is protected under HIPAA, even if no specific diagnostic or treatment information is disclosed."[8]

**HCSC Response:** The first sentence of Paragraph 309 states a legal conclusion to which no response is required. To the extent a response is required, HCSC refers to the statute for its contents and requirements and denies any characterization thereof. HCSC admits that Plaintiffs purport to quote from the news article cited in footnote 9

---

[7]   45 C.F.R. § 164.502 (2009).

[8]   Elizabeth Weise, *Anthem fined $1.7 million in 2010 breach*, USA TODAY (Feb. 5, 2015, 6:13 PM), http://www.usatoday.com/story/tech/2015/02/05/anthem-health-care-computer-security-breach-fine-17-million/22931345.

Def. HCSC's Ans.and Aff. Defenses to 4th Consolidated Am. Class Action Complaint Case No. 5:15-md-02617-LHK

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

of their Fourth Consolidated Amended Class Action Complaint. HCSC refers to the article for its content and denies any characterization thereof. HCSC is without sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 309, and therefore denies the same.

310.   HIPAA requires that Defendants implement appropriate safeguards for this information.[9]

**HCSC Response:** Paragraph 310 states legal conclusions to which no response is required. To the extent a response is required, HCSC refers to the statute for its contents and requirements and denies any characterization thereof.  HCSC denies any remaining allegations in Paragraph 310.

311.   HIPAA requires that Defendants provide notice of a breach of unsecured protected health information, which includes protected health information that is not rendered unusable, unreadable, or indecipherable to unauthorized persons – i.e. non-encrypted data.[10]

**HCSC Response:** Paragraph 311 states legal conclusions to which no response is required. To the extent a response is required, HCSC refers to the statute for its contents and requirements and denies any characterization thereof. HCSC denies any remaining allegations in Paragraph 311.

312.   Additionally, HIPPA requires that Defendants:

(a)   Implement technical policies and procedures for electronic information systems that maintain electronic protected health information to allow access only to those persons or software programs that have been granted access rights, see 45 CFR § 164.312(a)(1);

(b)   Implement policies and procedures to prevent, detect, contain, and correct security violations, see 45 CFR § 164.306(a)(1);

[9]    45 C.F.R. § 164.530(c)(1) (2009).

[10]   45 C.F.R. § 164.404 (2009); 45 C.F.R. § 164.402 (2009).

Def. HCSC's Ans.and Aff. Defenses to 4th Consolidated Am. Class Action Complaint Case No. 5:15-md-02617-LHK

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

1

(c)     Protect against any reasonably anticipated threats or hazards to the security or integrity of electronic protected health information, see 45 CFR § 164.306(a)(2);

2

3

(d)     Protect against reasonably anticipated uses or disclosures of electronic protected health information that are not permitted under the privacy rules regarding individually identifiable health information, see 45 CFR § 164.306(a)(3);

4

5

(e)     Ensure compliance with the HIPAA security standard rules by its workforce, see 45 CFR § 164.306(a)(4); and

6

7

(f) Effectively train all members of its workforce on the policies and procedures with respect to protected health information as necessary and appropriate for the members of its workforce to carry out their functions and to maintain security of protected health information in violation of 45 § CFR 164.530(b).

8

9

10

**HCSC Response:** Paragraph 312 states legal conclusions to which no response

11

is required. To the extent a response is required, HCSC refers to the statute for its

12

contents and requirements and denies any characterization thereof. HCSC denies any

13

remaining allegations in Paragraph 312.

14

313.   Defendants are also entities covered by Gramm-Leach-Bliley, 15 U.S.C.

15

§ 6801, et. seq. Thus, each Defendant had an "affirmative and continuing obligation to

16

respect the privacy of its customers and to protect the security and confidentiality of

17

those customers' nonpublic personal information." 15 U.S.C. § 6801.

18

**HCSC Response:** Paragraph 313 states legal conclusions to which no response

19

is required. To the extent a response is required, HCSC refers to the statute for its

20

contents and requirements and denies any characterization thereof. HCSC denies any

21

remaining allegations in Paragraph 313.

22

314.   Defendants are prohibited by the Federal Trade Commission Act (15

23

U.S.C. § 45) from engaging in "unfair or deceptive acts or practices in or affecting

24

commerce." The Federal Trade Commission has found that a company's failure to

25

maintain reasonable and appropriate data security for consumers' sensitive personal

26

27

28

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

159

information is an "unfair practice" in violation of the Federal Trade Commission Act.[11]

**HCSC Response:** Paragraph 314 states legal conclusions to which no response is required. To the extent a response is required, HCSC refers to the cited statutes and opinion for their contents and denies any characterization thereof. HCSC denies any remaining allegations contained in this Paragraph.

315.   As described below, Defendants are also required by various state laws and regulations to protect individuals' Personal Information.

**HCSC Response:** Paragraph 315 states legal conclusions to which no response is required. To the extent a response is required, HCSC denies the allegations contained in this Paragraph.

316.   In addition to their obligations under federal and state laws, Defendants owed a duty to Affected Individuals, who entrusted them with sensitive Personal Information, to exercise reasonable care in obtaining, retaining, securing, safeguarding, deleting, and protecting the Personal Information in their possession from being compromised, lost, stolen, accessed, and misused by unauthorized persons. Defendants owed a duty to Affected Individuals to provide reasonable security, including consistency with industry standards and requirements, and to ensure that their computer systems and networks, and the personnel responsible for them, adequately protected the Personal Information of the Affected Individuals.

**HCSC Response:** Paragraph 316 states legal conclusions to which no response is required. To the extent a response is required, HCSC denies the allegations contained in this Paragraph.

317.  Defendants owed a duty to Affected Individuals, who entrusted them with sensitive Personal Information, to design, maintain, and test their computer

---

[11]   See e.g., *FTC v. Wyndham Worldwide Corp.*, 799 F.3d 236, 243 (3d Cir. 2015).

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

systems to ensure that the Personal Information in Defendants' possession was adequately secured and protected.

**HCSC Response:** Paragraph 317 states legal conclusions to which no response is required. To the extent a response is required, HCSC denies the allegations contained in this Paragraph.

318.   Defendants owed a duty to Affected Individuals, who entrusted them with sensitive Personal Information, to create and implement reasonable data security practices and procedures to protect the Personal Information in their possession, including adequately training their employees and others who accessed Personal Information within their computer systems on how to adequately protect Personal Information.

**HCSC Response:** Paragraph 318 states legal conclusions to which no response is required. To the extent a response is required, HCSC denies the allegations contained in this Paragraph.

319.   Defendants owed a duty to Affected Individuals, who entrusted them with sensitive Personal Information, to implement processes that would detect a breach of their data security systems in a timely manner.

**HCSC Response:** Paragraph 319 states legal conclusions to which no response is required. To the extent a response is required, HCSC denies the allegations contained in this Paragraph.

320.   Defendants owed a duty to Affected Individuals, who entrusted them with sensitive Personal Information, to act upon data security warnings and alerts in a timely fashion.

**HCSC Response:** Paragraph 320 states legal conclusions to which no response is required. To the extent a response is required, HCSC denies the allegations contained in this Paragraph.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

161

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

321.   Defendants owed a duty to Affected Individuals, who entrusted them with sensitive Personal Information, to disclose if their computer systems and data security practices were inadequate to safeguard individuals' Personal Information from theft because such an inadequacy would be a material fact in the decision to purchase insurance or other health care services from Defendants, or to entrust Personal Information with Defendants.

**HCSC Response:** Paragraph 321 states legal conclusions to which no response is required. To the extent a response is required, HCSC denies the allegations contained in this Paragraph.

322.   Defendants owed a duty to Affected Individuals, who entrusted them with sensitive Personal Information, to disclose in a timely and accurate manner when data breaches occurred.

**HCSC Response:** Paragraph 322 states legal conclusions to which no response is required. To the extent a response is required, HCSC denies the allegations contained in this Paragraph.

323.   Defendants owed a duty of care to Affected Individuals because they were foreseeable and probable victims of any inadequate data security practices. Anthem collected Affected Individuals' Personal Information either directly or indirectly from Anthem Affiliates, Non-Anthem BCBS, and/or BCBSA. Anthem knew that a breach of its data systems would cause Affected Individuals to incur damages. Anthem Affiliates and Non-Anthem BCBS collected their current and former customers and members' Personal Information, and provided that information to Anthem. Thus, Anthem Affiliates and Non-Anthem BCBS knew that a breach of Anthem's system would cause those people to incur damages.

**HCSC Response:** Paragraph 323 states legal conclusions to which no response is required. To the extent a response is required, HCSC denies the allegations contained in this Paragraph.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

**D.     Defendants Were On Notice of Cyber Attack Threats, and the Inadequacy of Their Data Security**

324.    Defendants knew or should have known that Anthem and Anthem Affiliates had previous problems with their data security.

**HCSC Response:** Paragraph 324 states legal conclusions to which no response is required. To the extent a response is required HCSC denies the allegations as to itself. HCSC is without sufficient knowledge or information to form a belief about the truth of the remaining allegations in this Paragraph and therefore denies the same.

325.    In late 2009 and early 2010, over 600,000 customers of Wellpoint (Anthem's former trade name) and Blue Cross of California had their personal information and protected healthcare information compromised due to a data breach.[12] Customers' Personal Information had not been password protected.[13]

**HCSC Response:** HCSC admits that Plaintiffs purport to reference statements from the Settlement Agreement in Case No. *Blue Cross of California Website Security Cases,* Case No. JCCP 4647 (Apr. 18, 2011 Cal. Super. Ct.). HCSC refers to the Settlement Agreement for its content and denies any characterization thereof. HCSC is without sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 325 and therefore denies the same.

326.    In 2013, the Department of Health and Human Services fined Anthem $1.7 million for HIPAA violations. The HHS' Office for Civil Rights found that Anthem "had not enacted appropriate administrative, technical, and physical safeguards for data as required by HIPAA."[14]

---

[12]    Settlement Agreement, *Blue Cross of California Website Security Cases,* Case No. JCCP 4647 (Apr. 18, 2011 Cal. Super. Ct.), https://anthembluecrosssecuritysettlement.com/SettlementAgreement.pdf.

[13]    *Id.*

[14]    Rachel Landen and Joseph Conn, *WellPoint to pay $1.7 million HIPAA penalty*, MODERN HEALTHCARE (July 11, 2013), http://www.modernhealthcare.com/article/20130711/NEWS/307119954 (last visited Oct. 19, 2015).

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

**HCSC Response:** HCSC admits that Paragraph 326 purports to quote from the article cited in footnote 13. HCSC refers to the article for its content and denies any characterization thereof. HCSC is without sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 326 and therefore denies the same.

327.   Also in 2013, the OIG conducted an audit of Wellpoint's information system pursuant to the Federal BCBSA Contract. In September 10, 2013, the OIG issued a report titled Audit of Information System General and Applications Controls at Wellpoint, Inc. The purpose of the audit was to examine the "information systems used to process BCBSA's [insurance claims], as well as the various business processes and IT systems used to support these applications."

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in this Paragraph, and therefore denies the same.

328.     One of the tests OIG routinely conducts is a configuration compliance audit, which is the process of routinely comparing the actual security configuration of computer servers to an approved baseline configuration. In its audit report, OIG noted that "[f]ailure to implement a thorough configuration compliance auditing program increases the risk that insecurely configured servers remain undetected, creating a potential gateway for malicious virus and hacking activity that could lead to data breaches." Despite the importance of ensuring the sufficiency of its configuration compliance auditing program, Wellpoint frustrated OIG's efforts to perform this test, claiming that company policy prohibited external entities such as OIG from accessing Wellpoint's network. As a result, the Federal BCBSA Plan "was unable to provide satisfactory evidence to confirm that it had a program in place to routinely monitor the configuration of its servers." After the Anthem Data

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Breach, Anthem again refused to submit itself to standard tests for determining the vulnerability of its computer systems, again citing "corporate policy."

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 328, and therefore denies the same.

329.   Despite Wellpoint's efforts to frustrate the OIG audit, OIG was able to determine that Wellpoint's information systems were deficient in at least the following ways: (i) weaknesses in privileged user monitoring, (ii) no implementation of controls to prevent rogue devices from accessing the network, (iii) not subjecting all servers to routine vulnerability scans, and (iv) Wellpoint's mainframe password settings were not in compliance with its own standards. OIG offered numerous recommendations for how Wellpoint could improve its data security procedures. On information and belief, Wellpoint failed to implement all or many of OIG's recommendations.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 329, and therefore denies the same.

330.   Defendants were also on notice that healthcare companies were targets for cyberattacks. Indeed, Anthem publicly admitted that Anthem itself is subject to several hundred credible hacking threats per month.

**HCSC Response:** HCSC admits it is aware generally that healthcare companies, and other companies, may be subject to cyberattacks. HCSC is without sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 330, and therefore denies the same.

331.   Defendants were on notice that the FBI was concerned about healthcare company data security. In August 2014, after a cyber-attack on Community Health Systems, Inc., the FBI warned companies within the healthcare industry that hackers

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

were targeting them.[15] The warning stated that "[t]he FBI has observed malicious actors targeting healthcare related systems, perhaps for the purpose of obtaining Protected Healthcare Information (PHI) and/or Personally Identifiable Information (PII)".

**HCSC Response:** HCSC admits that Plaintiffs purport to quote selected excerpts from the article cited in footnote 16 of their Fourth Consolidated Amended Class Action Complaint. HCSC refers to that article for its content and denies any characterization thereof. HCSC is without sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 331, and therefore denies the same.

332.   Defendants were on notice that the federal government was concerned about healthcare company data encryption and Anthem knew a large portion of the Anthem Database was not encrypted. The United States Department of Health and Human Services' Office for Civil Rights urges health care providers and insurers to encrypt data containing sensitive personal information. In April 2014, the Department fined Concentra Health Services and QCA Health Plan Inc. of Arkansas approximately two million dollars for failing to encrypt laptops containing sensitive personal information. In announcing the fines, Susan McAndrew, the DHHS' Office of Human Rights' deputy director of health information privacy, stated "[our] message to these organizations is simple: encryption is your best defense against these incidents."

**HCSC Response:** HCSC admits it is aware generally that healthcare companies, and other companies, may be subject to cyberattacks. HCSC is without sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 332, and therefore denies the same.

---

[15]   Jim Finkle, *FBI warns healthcare firms that they are targeted by hackers,* REUTERS (Aug. 2014, 4:32 PM), http://www.reuters.com/article/2014/08/20/us-cybersecurity-healthcare-fbi-idUSKBN0GK24U20140820.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

333.    Defendants were also on notice of the threat of cyberattacks due to prior, high-profile security breaches at retail chains such as Home Depot, Target, and Neiman Marcus, as well as the hundreds of credible cyber threats that Anthem received on a monthly basis.

**HCSC Response:** HCSC admits it is aware generally of the threat of cyberattacks in various industries. HCSC is without sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 333, and therefore denies the same.

**E.    Anthem Allowed a Massive Data Breach**

334.    In February, 2015, after it began to receive media inquiries, Anthem announced to the general public that cyberattackers had breached the Anthem Database, and accessed Personal Information about individuals in the Anthem Database.[16]

**HCSC Response:** HCSC admits that on February 4, 2015, Anthem announced that it had been the victim of a criminal cyberattack. HCSC is without sufficient knowledge or information to form a belief about the truth of the remaining allegations in this Paragraph, and therefore denies the same.

335.    Anthem later announced that the hackers had accessed Personal Information for 78.8 million people.[17]

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 335, and therefore denies the same.

336.    Anthem admits that the information accessed about Affected Individuals included names, dates of birth, Social Security numbers, health care ID numbers,

---

[16]    https://www.anthemfacts.com/ (last visited Oct. 19, 2015)

[17]    Anna Mathews, *Anthem: Hacked Database Included 78.8 Million People*, WALL STREET JOURNAL (Feb. 24, 2015, 2:49 PM), http://www.wsj.com/articles/anthem-hacked-database-included-78-8-million-people-1424807364.

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

home addresses, email addresses, and employment information, including income data.[18]

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 336, and therefore denies the same.

337.   On information and belief, medical and health care information was also stolen from Affected Individuals during or as a result of the Anthem Data Breach. On information and belief, the data that Anthem admits was compromised, including Social Security Numbers and dates of birth, can be used to access medical and health care information through Anthem, Anthem affiliates, and non-Anthem BCBS' online portals. News reports corroborate that medical data was stolen from Affected Individuals during the Anthem Data Breach.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 337, and therefore denies the same.

338.   On or about January 29, 2015, after Anthem realized the extent of the breach, Anthem retained a third-party cybersecurity company, Mandiant, to assist in assessing and responding to the Anthem Data Breach and to assist in developing security protocols for Anthem. Mandiant created an Intrusion Investigation Report, which it provided to Anthem in July 2015 ("Mandiant Report").

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 338, and therefore denies the same.

339.   The Mandiant Report demonstrates that Anthem and Anthem Affiliates' computer systems and data security practices were grossly inadequate to secure the

---

[18]   https://www.anthemfacts.com/ (last visited Oct. 19, 2015).

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

highly sensitive and valuable Personal Information that had been entrusted to them. Anthem and Anthem Affiliates' failures were widespread.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 339, and therefore denies the same.

340.   First, Anthem and Anthem Affiliates failed to implement basic industry-accepted data security tools to prevent cyberattackers from accessing the Anthem Database: (i) Anthem and Anthem Affiliates did not implement a two-factor authentication procedure for users to enter their computer system, instead allowing users to access the Anthem Database from external computers using only a single password. (Conversely, in a two-factor authentication system, a user first enters his or her password, and then the user is sent a one-time second password (the second factor) to a personal device. The user receives a different second password every time that the user signs on to his or her account.) Two-factor authentication has been a security best practice for remotely accessible systems for decades, and its importance is widely known by Information Technology professionals. (ii) Anthem and Anthem Affiliates did not require users to change their passwords on a regular basis, and allowed some users to keep the same password for years. (iii) Anthem and Anthem Affiliates allowed Anthem employees to access Personal Information even when those users did not need to access that information for job-related purposes. ███ ████████████ ██████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████ If Anthem had implemented any of these basic data security tools, the cyberattackers would not have been able to access Affected Individuals' Personal Information, or would not have been able to access so much of Affected Individuals' Personal Information.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 340, and therefore denies the same.

341. Second, Anthem and Anthem Affiliates failed to implement basic policies and procedures that could have prevented the attack. Anthem failed to train employees to identify, report, and delete "phishing" email, ████████████

███████████████████████████████████████████████

████████████████████████

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 341, and therefore denies the same.

342. Third, Anthem and Anthem Affiliates failed to implement monitoring and alerting that would have alerted them to the cyberattack during the many months and years that the attack was ongoing. Anthem and Anthem Affiliates failed to even implement simple Information Technology maintenance systems that would have discovered the cyberattackers. Even if the cyberattackers gained access to the Anthem Database, Anthem could have and should have, but failed to, discover the data breach before any data was exfiltrated.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 342, and therefore denies the same.

343. Fourth, even when Anthem and Anthem Affiliates did implement monitoring and alerting systems, on information and belief, they simply ignored the alerts. If Anthem and Anthem Affiliates had taken proper steps once systems alerts were triggered, they could have averted the Anthem Data Breach.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff. Defenses to 4th Consolidated Am. Class Action Complaint Case No. 5:15-md-02617-LHK

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 343, and therefore denies the same.

344. Fifth, Anthem and Anthem Affiliates failed to encrypt the sensitive Personal Information within the Anthem Database. If Anthem and Anthem Affiliates had encrypted the sensitive Personal Information within the Anthem Database, then even if the cyberattackers accessed the Anthem Database, the cyberattackers would have been unable to use the Affected Individuals' Personal Information. Anthem took none of these basic security steps to protect Affected Individuals' sensitive Personal Information.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 344, and therefore denies the same.

345. ████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
██████████████████████████████████████ If it had, it could have taken steps to stop the eventual Anthem Data Breach.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 345, and therefore denies the same.

346. ████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
█████████████████████

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff. Defenses to 4th Consolidated Am. Class Action Complaint Case No. 5:15-md-02617-LHK

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 346, and therefore denies the same.

347. ██████████████ attack occurred because Anthem and Anthem Affiliates did not use practices consistent with industry standards. ████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████ These are all common security best practices, especially in high-security environments.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 347, and therefore denies the same.

348. ████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 348, and therefore denies the same.

349. ████████████████████████████████

████████████████████████████████████████████████

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

1 ███████████████████████████████████████████████

2 ███████████████████████████████████████████████

3 ███ If Anthem and Anthem Affiliates had investigated at this point, they could have

4 prevented the cyberattackers from accessing Affected Individuals' Personal

5 Information.

6 **HCSC Response:** HCSC is without sufficient knowledge or information to

7 form a belief about the truth of the allegations in Paragraph 349, and therefore denies

8 the same.

9 350. ████████████████████████████████████████

10 ███████████████████████████████████████████████

11 ███████████████████████████████████████████████

12 ███████████████████████████████████████████████

13 ████████████████████████████ If Anthem and Anthem Affiliates had

14 investigated at this point, they could have prevented the cyberattackers from accessing

15 Affected Individuals' Personal Information.

16 **HCSC Response:** HCSC is without sufficient knowledge or information to

17 form a belief about the truth of the allegations in Paragraph 350, and therefore denies

18 the same.

19 351. ██████████████████████████████████████

20 ███████████████████████████████████████████████

21 ███████████████████████████████████████████████

22 ███████████████████████████████████████████████

23 ███████████████████████████████████████████████

24 ███████████████████████████████████████████████

25 ███████████████████████████████████████████████

26 ███████████████████████████████████████████████

27 ███████████████████████████████████████████████

28

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

██████████████████████ If Anthem and Anthem Affiliates had investigated at this point, they could have prevented the cyberattackers from accessing Affected Individuals' Personal Information.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 351, and therefore denies the same.

352. According to the Mandiant Report, during October 2014, the cyberattackers performed reconnaissance and collected information about the Anthem Database. The cyberattackers connected to the Anthem Database on November 12, 2014.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 352, and therefore denies the same.

353. ████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████ If Anthem had investigated at this point, they could have prevented the cyberattackers from accessing Affected Individuals' Personal Information.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 353, and therefore denies the same.

354. ████████████████████████████████████████

████████████████████████████████████████████████

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff. Defenses to 4th Consolidated Am. Class Action Complaint Case No. 5:15-md-02617-LHK

1

2

3

4

5     **HCSC Response:** HCSC is without sufficient knowledge or information to

6 form a belief about the truth of the allegations in Paragraph 354, and therefore denies

7 the same.

8     355.

9

10

11

12

13

14

15

16     **HCSC Response:** HCSC is without sufficient knowledge or information to

17 form a belief about the truth of the allegations in Paragraph 355, and therefore denies

18 the same.

19     356.

20

21

22

23

24     **HCSC Response:** HCSC is without sufficient knowledge or information to

25 form a belief about the truth of the allegations in Paragraph 356, and therefore denies

26 the same.

27

28

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

357.   According to the Mandiant Report, in December 2014 and January 2015, the cyberattackers extracted massive amounts of data, including Personal Information, from the Anthem Database. ███████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 357, and therefore denies the same.

358.   The cyberattackers' data extraction demonstrates that Anthem and Anthem Affiliates not only have a faulty monitoring and alerting system for data security; they lack proper monitoring and alerting within their broader Information Technology maintenance system.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 358, and therefore denies the same.

359.   ██████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████████████████████████████████

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 359, and therefore denies the same.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

360.   On information and belief, this event demonstrates that Anthem and Anthem Affiliates lack further elements of a reasonable security system. ███████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 360, and therefore denies the same.

361.   ████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 361, and therefore denies the same.

362.   According to the Mandiant Report, on or around January 27, 2015, the cyberattackers' unauthorized access and data extraction was noticed by an Anthem or Anthem Affiliate system administrator, who saw that someone else was working remotely from the administrator's user account.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 362, and therefore denies the same.

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

363.   According to the Mandiant Report, after they discovered the attacker on January 27, 2015, Anthem and Anthem Affiliates implemented containment measures, and the cyberattack ceased by January 31, 2015.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 363, and therefore denies the same.

364.   According to the Mandiant Report, after discovering the Anthem Data Breach, Anthem and Anthem Affiliates implemented additional containment measures, including resetting passwords of compromised accounts, implementing a multi-factor   authentication   requirement, ███████████   ██████   █

███████████████████████████████████████████████████

███████████████████████████████

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 364, and therefore denies the same.

365.   Anthem and Anthem Affiliates' containment measures, and the speed with which many of them were implemented after the Anthem Data Breach was discovered, demonstrate that they already understood proper data security practices, but had chosen not to implement them.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 365, and therefore denies the same.

366.   Anthem and Anthem Affiliates' containment measures also demonstrate further inadequate aspects of their computer systems and data security practices, as these are all measures that should have been in place before the Anthem Data Breach. First, prior to the Anthem Data Breach, Anthem and Anthem Affiliates did not implement reasonable methods to protect user passwords, such as a routine password

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

change policy (under which users would be required to change their passwords within a certain time period, e.g., 90 days) ███████████████████████████████████

████████████████████████████████████████████████████████████████ This is further evidence that that Anthem and Anthem Affiliates had no routine password change policy). █████████████████████████████████████████

████████████████████████████████████████ Third, prior to the Anthem Data Breach, Anthem and Anthem Affiliates did not enable all logging functions.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 366, and therefore denies the same.

367.   The Mandiant Report identified yet another way in which Anthem and Affiliates failed to take reasonable measures to secure the Personal Information in their possession. Attackers exploited the account of a user with access to Personal Information who did not have a job function that required him or her to access Personal Information, demonstrating that Anthem and Anthem Affiliates lacked proper internal access controls for Personal Information.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 367, and therefore denies the same.

368.   Anthem and Anthem Affiliates also lacked reasonable encryption policies. Anthem's Information Technology Executive, Stacia Grosso, publicly admitted that a large portion of the Anthem Database was not encrypted. Instead, Anthem and Anthem Affiliates only used encryption when data was being moved around within their information environment and for such things as mobile phones and laptops. Anthem also promised after the Anthem Data Breach that it would investigate encryption best practices and determine whether it should encrypt the

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Anthem Database. If Anthem had encrypted the data in the Anthem Database, then the cyberattackers would have been unable to use Affected Individuals' Personal Information.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 368, and therefore denies the same.

369.   On information and belief, Anthem and Anthem Affiliates not only failed to generally encrypt the Anthem Database, they failed to implement specific encryption for sensitive Personal Information within the Anthem Database. Standard industry practice is to encrypt sensitive Personal Information, such as Social Security Numbers. If Anthem had encrypted the sensitive Personal Information within the Anthem Database, even if cyberattackers accessed the Anthem Database, the cyberattackers would have been unable to use the Affected Individuals' Personal Information.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 369, and therefore denies the same.

370.   The cyberattackers stole Personal Information for approximately 79 million Affected Individuals. On information and belief, Anthem and Anthem Affiliates have still not implemented necessary computer systems and date security practices to ensure that Affected Individuals' Personal Information will not be accessed or stolen by additional cyberattackers. The remediation measures implemented by Anthem and Anthem Affiliates provided only an immediate stop to the present attack and did not indicate that Anthem and Anthem Affiliates had made any changes to the policies, procedures, management methods, or practices which allowed these attacks to occur in the first place. Each day, new individuals' Personal Information is entered into the Anthem Database, and this Personal Information is at

risk until Anthem and Anthem Affiliates improve their data security. Anthem and Anthem Affiliates must put into place a security management framework, as defined by numerous government standards, and conduct audits by third-party independent auditors on a regular basis, to ensure that it keeps abreast of future threats to the Personal Information in its care.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 370, and therefore denies the same.

## F.   Anthem's Data Breach Was a Direct Result of Anthem's Inadequate Data Security

371.   Affected Individuals' Personal Information was compromised in the Anthem Data Breach because Defendants violated their promises and legal obligations to maintain the security of the highly sensitive Personal Information that Affected Individuals entrusted to Defendants.

**HCSC Response:** Paragraph 371 states legal conclusions to which no response is required. To the extent a response is required and to the extent any allegations in this Paragraph are directed to HCSC, HCSC denies the same. HCSC is without sufficient knowledge or information to form a belief about the truth of the remaining allegations in this Paragraph and therefore denies the same.

372.   Despite their promises and legal obligations, Defendants did not provide reasonable or adequate security for Affected Individuals' Personal Information. As the creator and main operator of the Anthem Database, Anthem is responsible for the inadequate and unreasonable computer systems and data security practices as well as the unnecessarily large amount of unneeded data contained in that database.

**HCSC Response:** Paragraph 372 states legal conclusions to which no response is required. To the extent a response is required and to the extent any allegations in this Paragraph are directed to HCSC, HCSC denies the same. HCSC is without

Def. HCSC's Ans.and Aff. Defenses to 4th Consolidated Am. Class Action Complaint Case No. 5:15-md-02617-LHK

sufficient knowledge or information to form a belief about the truth of the remaining allegations in this Paragraph and therefore denies the same.

373. Despite their promises and legal obligations, Anthem Affiliates, in conjunction with Anthem, operated and maintained the deficient Anthem computer systems and data security practices. Anthem Affiliates placed the Personal Information that they had been entrusted with in the Anthem Database. Instead of having independent Privacy Offices, Anthem Affiliates worked with Anthem's Privacy Office to create their data security practices. Anthem Affiliates continued to rely on the Anthem Database even though there were multiple public indications and warnings that Anthem's computer systems and data security practices were inadequate.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 373, and therefore denies the same.

374. Despite their promises and legal obligations, BCBSA and non-Anthem BCBS allowed the Personal Information that their current and former customers and members had entrusted with them to be placed in to the Anthem Database even though there were multiple public indications and warnings that the Anthem and Anthem Affiliates' computer systems and data security practices were inadequate.

**HCSC Response:** Paragraph 374 states legal conclusions to which no response is required. To the extent a response is required HCSC denies the allegations in this Paragraph as to itself. HCSC is without sufficient knowledge or information to form a belief about the truth of the remaining allegations in this Paragraph and therefore denies the same.

375. Defendants breached their duties to Affected Individuals by the conduct alleged in the Complaint.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

**HCSC Response:** This Paragraph states legal conclusions to which no response is required. To the extent a response is required, HCSC denies the allegations in this Paragraph as to itself. HCSC is without sufficient knowledge or information to form a belief about the truth of the remaining allegations in this Paragraph and therefore denies the same.

376. Defendants breached their duty to Affected Individuals to design, maintain, and test their computer systems to ensure that Affected Individuals' Personal Information was adequately secured in many ways, including, but not limited to:

a)    failing to create a two-factor-authentication system for users;

b)    failing to encrypt the Anthem Database or the sensitive Personal Information within the Anthem Database;



d)    failing to require users to create new passwords within a limited time period, such as 90 days;



f)    failing to restrict access to sensitive Personal Information within the Anthem Database to users who had a job-related reason to be accessing that particular Personal Information;

g)    failing to turn on all of the logging functions on all their computer systems;

h)    failing to aggregate and monitor logging functions;

k)    failing to implement internal proper access controls for Personal Information, allowing users to access Personal Information even though they did not have job functions that required them to access Personal Information; and

183

Def. HCSC's Ans.and Aff. Defenses to 4th Consolidated Am. Class Action Complaint Case No. 5:15-md-02617-LHK

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

1        l)    failing to adequately update their computer systems even though
2   those systems had been demonstrated to be inadequate by 2014 because of previous security breaches.

**HCSC Response:** This Paragraph states legal conclusions to which no response is required. To the extent a response is required, HCSC denies the allegations in this Paragraph as to itself. HCSC is without sufficient knowledge or information to form a belief about the truth of the remaining allegations in this Paragraph and therefore denies the same.

377.   Defendants breached their duty to Affected Individuals to create and implement reasonable data security practices and procedures to protect the Personal Information in their possession in many ways, including, but not limited to:

    a)    failing to respond to all system alerts;

    b)    continuing to use social security numbers (SSNs) to identify members even though other health insurance companies switched to unique member identification numbers (MINS) as early as 2003;



    f)    failing to provide a framework for escalation of suspicious events; and

    g)    failing to adequately update their data security practices and procedures even though those practices and procedures had been demonstrated to be inadequate by 2014 because of previous security breaches.

**HCSC Response:** This Paragraph states legal conclusions to which no response is required. To the extent a response is required, HCSC denies the allegations in this

---

[19] *See, e.g.*, Anthem Data Breach, Cal. Dept. of Ins., http://www.insurance.ca.gov/0400-news/0100-press-releases/anthemcyberattack.cfm (last visited Oct. 19, 2015).

Def. HCSC's Ans. and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Paragraph as to itself. HCSC is without sufficient knowledge or information to form a belief about the truth of the remaining allegations in this Paragraph and therefore denies the same.

378.   Defendants breached their duty to Affected Individuals to implement processes that would detect a breach of their data security systems in a timely manner in many ways, including, but not limited to:

(a)   failing to aggregate, filter, and report on log and alert information in a unified manner,

(b)   failing to turn on all of the "logging" function on their computer systems,

(c)   failing to identify and monitor all remote access portals into the network;

(d)   failing to monitor for unauthorized or failed attempts to access privileged accounts;

(e)   failing to monitor configuration controls using an automated configuration management systems;

(f)   failing to implement a reasonable capacity monitoring and alerting system and

(g)   failing to implement basic Information Technology monitoring systems that would have detected the cyberattackers' activities, such as monitoring data usage on the system, monitoring data extraction, or performance monitoring.

**HCSC Response:** This Paragraph states legal conclusions to which no response is required. To the extent a response is required, HCSC denies the allegations in this Paragraph as to itself. HCSC is without sufficient knowledge or information to form a belief about the truth of the remaining allegations in this Paragraph and therefore denies the same.

379.   Defendants breached their duty to Affected Individuals to act upon data security warnings and alerts in a timely fashion by:

(a)   failing to respond to multiple alerts of cyberattacker activity, including a month—long alert;

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

185

(b)    failing to aggregate, filter, and report on log and alert information in a unified manner,

(c)    failing to periodically review alert information; and

(d)    failing to periodically review log information.

**HCSC Response:** This Paragraph states legal conclusions to which no response is required. To the extent a response is required, HCSC denies the allegations in this Paragraph as to itself. HCSC is without sufficient knowledge or information to form a belief about the truth of the remaining allegations in this Paragraph and therefore denies the same.

380.   Defendants breached their duty to Affected Individuals to disclose the material fact that Anthem and Anthem Affiliates' computer systems and data security practices were inadequate to safeguard Affected Individuals' Personal Information. Had Defendants disclosed to Affected Individuals that their computer systems and data security practices were inadequate to safeguard Affected Individuals' highly sensitive Personal Information, Affected Individuals would not have entrusted their Personal Information to Defendants and would not have enrolled in their insurance or health care plans.

**HCSC Response:** This Paragraph states legal conclusions to which no response is required. To the extent a response is required, HCSC denies the allegations in this Paragraph as to itself. HCSC is without sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 380, and therefore denies the same.

381.   Anthem and Anthem Affiliates breached their duty to Affected Individuals to disclose in a timely and accurate manner that the Anthem Data breach had occurred. Anthem and Anthem Affiliates failed to notify potentially affected customers for several weeks, and in some cases months, after they claim they discovered the breach. Indeed, several states joined together to write to Anthem to

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

urge it to notify Affected Individuals in a more timely manner.[20] As a result, the Affected Individuals were not notified of the Anthem Data Breach until in or about March 2015. Additionally, further discovery will be needed to determine whether Anthem and Anthem Affiliates discovered the breach earlier.[21]

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 381, and therefore denies the same.

382.   Anthem and Anthem Affiliates' failure to notify Affected Individuals of the Anthem Data Breach in a timely and accurate manner allowed the cyberattackers to begin to use Affected Individuals' Personal Information before Affected Individuals had an opportunity to take steps to protect themselves. For example, many Affected Individuals had fraudulent 2015 tax returns filed in their names. While Anthem and Anthem Affiliates became aware of the Anthem Data Breach near the beginning of the federal tax filing period, they failed to notify the Affected Individuals until near the end of the federal tax filing period. This deprived Affected Individuals of the opportunity to take steps to avoid fraudulent tax filings.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 382, and therefore denies the same.

---

[20]   Jim Finkle, *U.S. states say Anthem too slow to inform customers of breach*, REUTERS (Feb. 11, 2015, 11:18 AM), http://www.reuters.com/article/2015/02/11/us-anthem-cybersecurity-states-idUSKBN0LE2QP20150211.

[21]   There are reports that Anthem's website dedicated to the security breach – www.anthemfacts.com – was registered on December 13, 2014. *See* e.g., Dan Goodin, *String of big data breaches continues with hack on health insurer Anthem,* ARSTECHNICA (Feb. 5, 2015, 11:01 AM), http://arstechnica.com/security/2015/02/string-of-big-data-breaches-continues-with-hack-on-health-insurer-anthem. / (accessed Feb. 8, 2015).

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff. Defenses to 4th Consolidated Am. Class Action Complaint Case No. 5:15-md-02617-LHK

**G.** **Defendants Breached Their Contracts To Protect Personal Information**

**1.** **Anthem's Breach of Specific Contract Promises**

383.   The Anthem Data Breach was the direct result of, and itself constituted, a breach of Anthem and its Affiliates' contractual promises and commitments regarding the security of Plaintiffs' and Affected Individuals' Personal Information.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 383, and therefore denies the same.

384.   As set forth above at ¶¶165-236, all of the contracts between Plaintiffs and Affected Individuals and Anthem and its Affiliates, as well as Anthem and its Affiliates' Group and Administrative Services Agreements for which Plaintiffs and Affected Individuals are intended beneficiaries, included as contract terms the commitments and promises with respect to maintaining and protecting the confidentiality of personal information set forth by Anthem and its Affiliates' in their then-current privacy policies, including but not limited to Anthem's Personal Information (Including Social Security Number) Privacy Protection Policy and the commitments and guarantees as set forth in Anthem's Privacy Notices.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 384, and therefore denies the same.

385.   The Anthem Data Breach revealed that Anthem and its Affiliates had breached their contractual promises to Plaintiffs and Affected Individuals, as set forth in those policies.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 385, and therefore denies the same.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff. Defenses to 4th Consolidated Am. Class Action Complaint Case No. 5:15-md-02617-LHK

386.   Anthem and its Affiliates breached their specific commitment in the Personal Information (Including Social Security Number) Privacy Protection Policy and Privacy Notices to "protect the confidentiality" of Members' personal information acquired and compiled by Anthem in the course of doing business, as set forth in ¶¶334-382.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 386, and therefore denies the same.

387.   Anthem and its Affiliates breached their specific commitment in the Personal Information (Including Social Security Number) Privacy Protection Policy to impose "standards" to: 1) "guard the confidentiality of Social Security numbers and other personal information;" 2) "prohibit the unlawful disclosure of Social Security numbers;" and 3) "limit access to Social Security numbers" by failing to impose such standards, including industry standards for protecting and limiting access to this information, as set forth in ¶¶334-382.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 387, and therefore denies the same.

388.   Anthem and its Affiliates breached their specific commitment in the Personal Information (Including Social Security Number) Privacy Protection Policy that they would not "use or share Social Security numbers or personal information with anyone outside the company except when permitted or required by federal and state law." The Anthem Data Breach resulted from the affirmative actions of Anthem's employees, as set forth in ¶334-382, resulting in Plaintiff and Affected Individuals' Personal information, including Social Security Numbers being shared with unauthorized third parties.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

189

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 388, and therefore denies the same.

389.   Anthem and its Affiliates breached the following specific commitment in the Personal Information (Including Social Security Number) Privacy Protection Policy by allowing Anthem and Anthem Affiliate Associates to access Social Security numbers or other personal information when no required by their job duties, and failing to impose minimally necessary policies and practices to ensure that employees/associates would only access or use Social Security numbers or personal information to complete a specific task, as set forth in ¶¶334-382:

> Anthem Blue Cross and Blue Shield Associates must only access Social Security numbers or personal information as required by their job duties. Anthem Blue Cross and Blue Shield has in place a minimum necessary policy which states that associates may only access, use or disclose Social Security numbers or personal information to complete a specific task and as allowed by law.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 389, and therefore denies the same.

390.   Anthem's commitment to limit access to personal information was likewise set forth in Anthem's and Affiliates' Privacy Notices: "We require our employees to protect PHI through written policies and procedures. These policies limit access to PHI to only those employees who need the data to do their job." Anthem and its Affiliates did not limit access to Plaintiff and Affected Individuals' information maintained in the Anthem Data Base to only those individuals who needed the data to do their job.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 390, and therefore denies the same.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff. Defenses to 4th Consolidated Am. Class Action Complaint Case No. 5:15-md-02617-LHK

391.   Anthem and its Affiliates breached the following specific commitment in the Personal Information (Including Social Security Number) Privacy Protection Policy to "safeguard[] Social Security numbers and other personal information by having physical, technical, and administrative safeguards in place" by failing, prior to the Anthem Data Breach, to have reasonable technical or administrative safeguards in place, resulting in the Anthem Data Breach.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 391, and therefore denies the same.

392.   Anthem's and its Affiliates' commitment to use technical and procedural safeguards was likewise set forth in Anthem's Privacy Notices, which were also breached by the failure to implement electronic and procedural means to protect Member's information: "We keep your oral, written and electronic PHI safe using physical, electronic, and procedural means." Anthem and its Affiliates breached this promise by failing to use reasonable technical and procedural safeguards, including those recognized as industry standard.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 392, and therefore denies the same.

393.   Anthem and its Affiliates breached their Privacy Policies by failing to comply with their stated practices for implementing the HIPAA Privacy Rule, 45 C.F.R. Parts 160 and 164(A), (E) with respect to Members' personal information as set forth in the Privacy Notices.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 393, and therefore denies the same.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff. Defenses to 4th Consolidated Am. Class Action Complaint Case No. 5:15-md-02617-LHK

394.   Anthem and its Affiliates breached their Privacy Policies by failing to comply with their stated practices for implementing the HIPAA Security Rule, 45 C.F.R. Parts 160 and 164(A), (C), with respect to Members' personal information as set forth in the Privacy Notices.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 394, and therefore denies the same.

395.   Anthem and its Affiliates breached their specific commitment set forth in their Privacy Notices to "take reasonable safety measures to protect the PI we have about you" by failing to take such reasonable safety measures, as set forth in ¶¶334-382.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 395, and therefore denies the same.

396.   Anthem and its Affiliates breached their specific commitment set forth in their Privacy Notices that the mechanisms by which they would protect the confidentiality of Members' Personal Information would use "safeguards [that] follow federal and state laws," by failing to use safeguards that complied with the HIPAA Privacy and Security rules and other laws, as set forth in ¶¶334-382.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 396, and therefore denies the same.

397.   Anthem also violated the Gramm-Leach-Bliley Act by failing to protect the security and confidentiality of those customers' "nonpublic personal information." 15 U.S.C. § 6801.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff. Defenses to 4th Consolidated Am. Class Action Complaint Case No. 5:15-md-02617-LHK

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 397, and therefore denies the same.

398.   Anthem also violated the Federal Trade Commission Act by engaging in the "unfair practice" of failing to maintain reasonable and appropriate data security for consumers' sensitive Personal Information.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 398, and therefore denies the same.

### 2.   The Non-Anthem BCBS Defendants' Breach of Their Specific Contract Promises

399.   As set forth above in ¶¶253-293, each of the Non-Anthem Defendants expressly agreed to protect the confidentiality of its members' Personal Information, to require third parties to whom it provided its members' Personal Information to protect its confidentiality, and to follow its contractual obligations when their Members used the BlueCard Program.

**HCSC Response:** Paragraph 399 contains legal conclusions to which no response is required. To the extent a response is required, HCSC denies the allegations in Paragraph 399.

400.   All of the Non-Anthem Defendants provided Anthem with Personal Information regarding their members who are Plaintiffs and Affected Individuals when those members used the BlueCard Program. That Personal Information was maintained by Anthem in an unprotected Database, and was disclosed in the Data Breach as a result of the lack of data security.

**HCSC Response:** HCSC admits that the Anthem Defendants maintain certain information in their information systems regarding certain individuals enrolled or previously enrolled in policies or plans issued or administered by HCSC who received

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

services in geographic areas for which the Anthem Defendants are Blue Cross and/or Blue Shield licensees. HCSC denies all other allegations in Paragraph 400.

401.   Each of the Non-Anthem Defendants therefore breached its contractual obligations (as set forth in ¶¶2253-293 to Plaintiffs and Affected Individuals to maintain the confidentiality of their Personal Information, and to not permit the unauthorized disclosure of that information to third parties, contractual obligations that the Non-Anthem Defendants extended to the BlueCard program, when Plaintiffs' and Affected Individuals Personal Information was disclosed in the Anthem Data Breach.

**HCSC Response:** Paragraph 401 states legal conclusions to which no response is required. To the extent a response is required, HCSC denies the allegations contained in this Paragraph.

402.   Each of the Non-Anthem Defendants also breached its contractual obligations (as set forth in ¶¶253-293) to Plaintiffs and Affected Individuals by providing Plaintiffs and Affected Individuals' Personal Information to Anthem and failing to take reasonable measures to determine or ensure that Anthem, with which they conducted business and coordinated on the processing of insurance claims as part of the BlueCard program, had sufficient data security to protect the confidentiality of the Non-Anthem Defendants' Members' Personal Information.

**HCSC Response:** Paragraph 402 states legal conclusions to which no response is required. To the extent a response is required, HCSC denies the allegations contained in this Paragraph

### 3.   BCBSA and Anthem and Non-Anthem Defendants' Breach of the Federal Contract

403.   As set forth above, BCBSA, acting as agent for Anthem and its BCBS Affiliates and the Non-Anthem BCBS Defendants, entered into the Federal BCBSA

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff. Defenses to 4th Consolidated Am. Class Action Complaint Case No. 5:15-md-02617-LHK

Contract with OPM that included as contract terms specific requirements to maintain the confidentiality of Enrollees' Personal Information.

**HCSC Response:** Paragraph 403 states legal conclusions which do not require a response. To the extent a response is required, HCSC is without sufficient knowledge of information to form a belief regarding to the truth of the allegations in this Paragraph and therefore denies the same.

404.   BCBSA provided Anthem with the confidential Personal Information regarding all of the federal Plaintiffs and Affected Individuals who enrolled in the Federal BCBSA Plan that was stored in the unprotected Anthem Data Base, and was disclosed in the Anthem Data Breach as a result of the lack of data security.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 404, and therefore denies the same.

405.   BCBSA, acting as agent for Anthem and its BCBS Affiliates and the Non-Anthem BCBS Defendants, along with Anthem, Anthem's BCBS Affiliates, and the Non-Anthem BCBS, all breached their contractual obligations to Plaintiffs and Affected Individuals (as set forth in ¶¶294-307 by failing to maintain the confidentiality of Plaintiffs' Personal Information, including by:

- Failing to limit the uses of Personal Information to those specifically allowed
- Failing to limit access to Personal Information to those on a "need-to-know" basis;
- Failing to allocate the resources necessary to maintaining the confidentiality of this information;
- Failing to comply with applicable federal laws regarding data security and privacy including HIPAA
- Failing to conduct audits or otherwise employ best practices to prevent or halt the unauthorized access to Personal Information
- Failing to allow OIG to perform configuration compliance audits

195

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

- Failing to use technical and and procedural safeguards adequate to protect Personal Information.

**HCSC Response:** Paragraph 405 states legal conclusions to which no response is required. To the extent a response is required, HCSC denies the allegations contained in this Paragraph.

## H.   Affected Individuals Were Grievously Harmed By the Anthem Data Breach

406.   The FTC defines identity theft as "a fraud committed or attempted using the identifying information of another person without authority."[22] The FTC describes "identifying information" as "any name or number that may be used, alone or in conjunction with any other information, to identify a specific person," including, among other things, "[n]ame, Social Security number, date of birth, official State or government issued driver's license or identification number, alien registration number government passport number, employer or taxpayer identification number."[23]

**HCSC Response:** HCSC admits that Plaintiffs purport to quote excerpts from 17 C.F.R. § 248.201 and the FTC's website. HCSC refers to the the cited materials for their contents and denies any characterizations thereof. HCSC denies any remaining allegations in Paragraph 406.

407.   Identity theft victims must spend countless hours and large amounts of money repairing the impact to their credit.[24]

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 407, and therefore denies the same.

---

[22]   17 C.F.R. § 248.201 (2013).

[23]   *Id.*

[24]   Guide for Assisting Identity Theft Victims, Federal Trade Commission, 4 (September 2013), http://www.consumer ftc.gov/articles/pdf-0119-guide-assisting-id-theft-victims.pdf (last visited Oct. 19, 2015)

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

196

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

408.   With access to an individual's Personal Information, criminals can do more than just empty a victim's bank account—they can also commit various types of fraud, including: obtaining a driver's license or official identification card in the victim's name but with the thief's picture; using the victim's name and Social Security Number to obtain government benefits; or, filing a fraudulent tax return using the victim's information. In addition, identity thieves may obtain a job using the victim's Social Security Number, rent a house or receive medical services in the victim's name, and may even give the victim's personal information to police during an arrest resulting in an arrest warrant being issued in the victim's name. Further, loss of private and personal health information can expose the victim to loss of reputation, loss of employment, blackmail and other negative effects.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 408, and therefore denies the same.

409.   Personal Information is such a valuable commodity to identity thieves that once the information has been compromised, criminals often trade the information on the "cyber black-market" for years.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 409, and therefore denies the same.

410.   A study by Experian found that the "average total cost" of medical identity theft is "about $20,000" per incident, and that a majority of victims of medical identity theft were forced to pay out-of-pocket costs for healthcare they did not receive in order to restore coverage.[25] Almost half of medical identity theft victims lose their healthcare coverage as a result of the incident, while nearly one-third saw

---

[25]   See Elinor Mills, Study: Medical identity theft is costly for victims, CNET (Mar. 3, 2010, 5:00 AM), http://news.cnet.com/8301-27080_3-10460902-245.html.

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

their insurance premiums rise, and forty percent were never able to resolve their identity theft at all.[26]

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 410, and therefore denies the same.

411. Indeed, data breaches and identity theft have a crippling effect on individuals and detrimentally impact the entire economy as a whole.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 411, and therefore denies the same.

412. The injuries suffered by the Affected Individuals are a direct and proximate result of the Anthem Data Breach and include but are not limited to:

> a)      theft of their valuable personal and financial information;
>
> b)      loss or delay of tax refunds as a result of fraudulently filed tax returns, including but not limited to the deprivation of the time value of their money due to delay in receiving refunds and the requirement that in the future they file paper returns or use special PIN codes, thus insuring that future tax refunds will also be delayed;
>
> c)      costs associated with the detection and prevention of identity theft and unauthorized use of their Personal Information and financial, business, banking, and other accounts;
>
> d)      costs associated with time spent and the loss of productivity from taking time to address and attempt to ameliorate, mitigate, and deal with the actual and future consequences of the Anthem Data Breach, including finding fraudulent charges, cancelling credit cards, purchasing credit monitoring and identity theft protection services, placing fraud alerts on their accounts, the imposition of withdrawal and purchase limits on compromised accounts, and the stress, nuisance, and annoyance of dealing with all issues resulting from the Anthem Data Breach, including additional phishing emails and phone scams;
>
> e)      the imminent and certain impending injury flowing from fraud and identify theft posed by their Personal Information being placed in the hands of hackers;

---

[26]    *Id.*

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

f)      damages to and diminution in value of their Personal Information entrusted to Defendants for the sole purpose of obtaining health insurance or health care services from Anthem, Anthem Affiliates, BCBSA and Non-Anthem BCBS with the mutual understanding that Defendants would safeguard Affected Individuals' data against theft and not allow access to or misuse of their data by third parties;

g)      money paid to Defendants for health insurance or health care services during the period of the Anthem Data Breach because Plaintiffs and Class Members would not have obtained health insurance or health care services from Defendants had Defendants disclosed that they lacked adequate systems and procedures to reasonably safeguard customers' Personal Information.

h)      loss of the benefit of the bargain with Defendants to provide adequate and reasonable data security – i.e. the difference in value between what Plaintiffs should have received from Defendants when they enrolled in and/or purchased insurance from Defendants that Defendants represented, contractually and otherwise, would be protected by reasonable data security, and Defendants' partial, defective, and deficient performance by failing to provide reasonable and adequate data security and failing to protect Plaintiffs' Personal Information from theft.

i)      unjust profits retained by Defendants for health insurance or health care services purchased, in that a portion of the price for insurance paid by Affected Individuals to Defendants was intended for the Defendants to take reasonable and adequate security measures to protect Affected Individuals' Personal Information, which Defendants failed to do;

j)      damages caused by Defendants' failure to notify Affected Individuals about the Anthem Data Breach in a timely and accurate fashion; and

k)      continued risk to Affected Individuals' Personal Information, which remains in the possession of Defendants and which is subject to further breaches so long as Defendants fail to undertake appropriate and adequate measures to protect the Personal Information that Affected Individuals entrusted to Defendants.

**HCSC Response:** Paragraph 412 states legal conclusions to which no response is required. To the extent a response is required, HCSC denies the allegations in Paragraph 412.

413.   Anthem itself acknowledges the harm caused by the Anthem Data Breach because it offered Affected Individuals twenty-four months of identity theft repair and credit monitoring services. Two years of identity theft repair and credit monitoring is woefully inadequate to protect Affected Individuals from a virtual lifetime of identity

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

theft risk and does nothing to reimburse Plaintiffs and Class Members for the injuries they have already suffered. Indeed, Plaintiffs and other Affected Individuals are continuing to experience fraud and identity theft over a year after the Anthem Data Breach. Credit monitoring services do nothing to detect potential tax fraud, fraudulent business or payday loans, or many other forms of identity theft and fraud currently being experienced by Plaintiffs and other Affected Individuals.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 413, and therefore denies the same.

414.   Anthem publicly stated that any identity theft repair or credit monitoring services potentially offered beyond twenty-four months will be embedded in Anthem's pricing. To the extent Anthem now offers credit monitoring to its members, they are paying for that credit monitoring as part of their premiums, and they lose that protection when they choose a different insurance or health benefits company. Anthem also stated it will not reimburse individuals that purchase identity theft repair or credit monitoring services.[27]

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 414, and therefore denies the same.

## V.    CLASS ALLEGATIONS

### A.    Statewide Classes

415.   Pursuant to Fed. R. Civ. P. 23(b)(1), (b)(2), (b)(3), and (c)(4), Plaintiffs assert common law claims for negligence (Count I), negligence per se (Count II), negligent misrepresentation (Count VII), unjust enrichment (Count VIII), as well as statutory claims under state consumer protection statutes (Count IX), state data breach

---

[27]   https://www.anthemfacts.com/faq

Def. HCSC's Ans.and Aff. Defenses to 4th Consolidated Am. Class Action Complaint Case No. 5:15-md-02617-LHK

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

notification statutes (Count X), state unfair insurance practice statutes (Count XI), state insurance privacy statutes (Count XII), and state medical privacy statutes (Count XIII), on behalf of separate statewide classes for each of the 50 states, the District of Columbia, Puerto Rico, and the Virgin Islands, defined as follows:

> **Statewide [name of State] Class:** All residents of [name of State] whose Personal Information was maintained on the Anthem Database and was compromised as a result of the breach announced by Anthem on or around February 5, 2015.

**HCSC Response:** Paragraph 415 contains descriptive material to which no response is required. To the extent a response is required, HCSC admits that Plaintiffs seek to bring various claims on behalf of separate putative state-wide classes, but denies that class certification is appropriate. HCSC denies any remaining allegations in Paragraph 415.

416. Excluded from the Classes are Defendants, any entity in which Defendants have a controlling interest, and Defendants' officers, directors, legal representatives, successors, subsidiaries, and assigns. Also excluded from the Classes is any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

**HCSC Response:** Paragraph 416 contains descriptive material to which no response is required. To the extent a response is required, HCSC admits that Plaintiffs seek to bring various claims on behalf of separate putative state-wide classes, but denies that class certification is appropriate. HCSC denies any remaining allegations in Paragraph 416.

**B. Anthem Contract Classes**

417. Pursuant to Fed. R. Civ. P. 23(b)(1), (b)(2), (b)(3), and (c)(4), Plaintiffs assert common law claims for breach of contract (Count III), and breach of the implied covenant of good faith and fair dealing (Count V), on behalf of separate classes as against Anthem and its Affiliates, defined as follows:

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff. Defenses to 4th Consolidated Am. Class Action Complaint Case No. 5:15-md-02617-LHK

**Anthem [name of State] Contract Class**: All individuals enrolled in 2014 or 2015 in an insurance and/or health benefits plan with Anthem and [NAMES of Affiliates offering plans in State] whose Personal Information was maintained on the Anthem Database and was compromised as a result of the breach announced by Anthem on or around February 5, 2015.

**HCSC Response:** Paragraph 417 contains descriptive material to which no response is required. HCSC further states that the allegations in Paragraphs 417 do not concern HCSC and therefore no response is required. To the extent a response is required, HCSC admits that Plaintiffs seek to bring various claims on behalf of various putative classes, but denies that class certification is appropriate. HCSC denies any remaining allegations in Paragraph 417.

418.   Excluded from these Classes are Defendants, any entity in which Defendants have a controlling interest, and Defendants' officers, directors, legal representatives, successors, subsidiaries, and assigns. Also excluded from the Classes is any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

**HCSC Response:** Paragraph 418 contains descriptive material to which no response is required. HCSC further states that the allegations in Paragraphs 418 do not concern HCSC and therefore no response is required. To the extent a response is required, HCSC admits that Plaintiffs seek to bring various claims on behalf of various putative classes, but denies that class certification is appropriate. HCSC denies any remaining allegations in Paragraph 418.

**C.   Non-Anthem Defendant Contract Classes**

419.   Pursuant to Fed. R. Civ. P. 23(b)(1), (b)(2), (b)(3), and (c)(4), Plaintiffs assert common law claims for breach of contract (Count IV), and breach of the implied covenant of good faith and fair dealing (Count V), on behalf of separate classes as against the Non-Anthem Defendants, defined as follows:

**[Non-Anthem Defendant] Contract Class**: All individuals who were enrolled in 2014 or 2015 in an insurance and/or health benefits plan with [Non-Anthem Defendant name], whose Personal Information was maintained on the Anthem

Def. HCSC's Ans.and Aff. Defenses to 4th Consolidated Am. Class Action Complaint Case No. 5:15-md-02617-LHK

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Database and was compromised as a result of the breach announced by Anthem on or around February 5, 2015.

**HCSC Response:** Paragraph 419 contains descriptive material to which no response is required. To the extent a response is required, HCSC admits that Plaintiffs seek to bring various claims on behalf of various putative classes, but denies that class certification is appropriate. HCSC denies any remaining allegations in Paragraph 419.

420. Excluded from these Classes are Defendants, any entity in which Defendants have a controlling interest, and Defendants' officers, directors, legal representatives, successors, subsidiaries, and assigns. Also excluded from the Classes is any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

**HCSC Response:** Paragraph 420 contains descriptive material to which no response is required. To the extent a response is required, HCSC admits that Plaintiffs seek to bring various claims on behalf of various putative classes, but denies that class certification is appropriate. HCSC denies any remaining allegations in Paragraph 420.

**D.     Federal Employee Class**

421.   Pursuant to Fed. R. Civ. P. 23(b)(1), (b)(2), (b)(3), and (c)(4), Plaintiffs assert a breach of contract claim on behalf of a federal employee class, defined as follows:

> **Federal Employee Class:** All enrollees in the Federal Employee Health Benefits Plan whose Personal Information was maintained on the Anthem Database and was compromised as a result of the breach announced by Anthem on or around February 5, 2015.

**HCSC Response:** Paragraph 421 contains descriptive material to which no response is required. To the extent a response is required, HCSC admits that Plaintiffs seek to bring the described claim on behalf of a putative class, but denies that class certification is appropriate. HCSC denies any remaining allegations in Paragraph 421.

422.   Excluded from the Class are Defendants, any entity in which Defendants have a controlling interest, and Defendants' officers, directors, legal representatives,

Def. HCSC's Ans.and Aff. Defenses to 4th Consolidated Am. Class Action Complaint Case No. 5:15-md-02617-LHK

successors, subsidiaries, and assigns. Also excluded from the Class is any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

**HCSC Response:** Paragraph 422 contains descriptive material to which no response is required. To the extent a response is required, HCSC admits that Plaintiffs seek to bring the described claim on behalf of a putative class, but denies that class certification is appropriate. HCSC denies any remaining allegations in Paragraph 422.

## E.    Subclasses

423.   As appropriate under the applicable federal or state law, Plaintiffs may move for subclasses that comprise subgroups of any of the above class definitions.

**HCSC Response:** Paragraph 423 contains descriptive material to which no response is required. To the extent a response is required, HCSC admits that Plaintiffs move to certify various claims on behalf of various putative subclasses, but denies that class certification is appropriate. HCSC denies any remaining allegations in Paragraph 423.

## F.    Certification of the Proposed Classes is Appropriate

424.   Each of the proposed Classes meets the requirements of Fed. R. Civ. P. 23(a), (b)(1), (b)(2), (b)(3), and (c)(4).

**HCSC Response:** Paragraph 424 states a legal conclusion to which no response is required. To the extent a response is required, HCSC denies the allegations in this Paragraph and specifically denies that the Third Amended Consolidated Complaint alleges any class or subclass properly certifiable under Federal Rule of Civil Procedure 23.

425.   Numerosity: There are approximately 79 million individuals in all of the Classes combined. According to Defendants' records, there are thousands, if not millions, of individuals in each putative class, making joinder of each individual member impracticable.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff. Defenses to 4th Consolidated Am. Class Action Complaint Case No. 5:15-md-02617-LHK

**HCSC Response:** Paragraph 425 states a legal conclusion to which no response is required. To the extent a response is required, HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 425, and therefore denies the same.

426.   For example according to Defendants' records, at minimum, the number of Affected Individuals residing in each state (as well as the District of Columbia, Puerto Rico, and the Virgin Islands) is as follows: At least 33,419 Affected Individuals are residents of Alaska. At least 359,360 Affected Individuals are residents of Alabama. At least 190,174 Affected Individuals are residents of Arkansas. At least 418,640 Affected Individuals are residents of Arizona. At least 13,507,433 Affected Individuals are residents of California. At least 1,552,987 Affected Individuals are residents of Colorado. At least 1,716,436 Affected Individuals are residents of Connecticut. At least 102,796 Affected Individuals are residents of District of Columbia. At least 62,051 Affected Individuals are residents of Delaware. At least 1,428,349 Affected Individuals are residents of Florida. At least 3,726,249 Affected Individuals are residents of Georgia. At least 43,830 Affected Individuals are residents of Hawaii. At least 172,727 Affected Individuals are residents of Iowa. At least 100,686 Affected Individuals are residents of Idaho. At least 1,705,470 Affected Individuals are residents of Illinois. At least 4,558,354 Affected Individuals are residents of Indiana. At least 389,432 Affected Individuals are residents of Kansas. At least 2,305,612 Affected Individuals are residents of Kentucky. At least 277,022 Affected Individuals are residents of Louisiana. At least 967,604 Affected Individuals are residents of Massachusetts. At least 672,102 Affected Individuals are residents of Maryland. At least 531,717 Affected Individuals are residents of Maine. At least 636,075 Affected Individuals are residents of Michigan. At least 313,637 Affected Individuals are residents of Minnesota. At least 2,041,985 Affected Individuals are residents of Missouri. At least 164,216 Affected Individuals are residents of

Def. HCSC's Ans.and Aff. Defenses to 4th Consolidated Am. Class Action Complaint Case No. 5:15-md-02617-LHK

Mississippi. At least 48,217 Affected Individuals are residents of Montana. At least 775,606 Affected Individuals are residents of North Carolina. At least 27,012 Affected Individuals are residents of North Dakota. At least 104,795 Affected Individuals are residents of Nebraska. At least 667,866 Affected Individuals are residents of New Hampshire. At least 1,152,283 Affected Individuals are residents of New Jersey. At least 102,610 Affected Individuals are residents of New Mexico. At least 764,039 Affected Individuals are residents of Nevada. At least 4,656,207 Affected Individuals are residents of New York. At least 5,201,576 Affected Individuals are residents of Ohio. At least 244,312 Affected Individuals are residents of Oklahoma. At least 197,206 Affected Individuals are residents of Oregon. At least 751,931 Affected Individuals are residents of Pennsylvania. At least 15,682 Affected Individuals are residents of Puerto Rico. At least 79,599 Affected Individuals are residents of Rhode Island. At least 461,769 Affected Individuals are residents of South Carolina. At least 44,689 Affected Individuals are residents of South Dakota. At least 773,763 Affected Individuals are residents of Tennessee. At least 2,643,626 Affected Individuals are residents of Texas. At least 181,103 Affected Individuals are residents of Utah. At least 3,777,806 Affected Individuals are residents of Virginia. At least 3,660 Affected Individuals are residents of the Virgin Islands. At least 72,165 Affected Individuals are residents of Vermont. At least 445,932 Affected Individuals are residents of Washington. At least 1,744,732 Affected Individuals are residents of Wisconsin. At least 383,599 Affected Individuals are residents of West Virginia. At least 53,292 Affected Individuals are residents of Wyoming. In addition, the total numbers of Affected Individuals with respect to each Non-Anthem Defendant are set forth in ¶¶239-252.

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 426, and therefore denies the same.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

427.   Commonality and Predominance: There are many questions of law and fact common to the claims of Plaintiffs and the other members of the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include:

a)   Whether Defendants failed to adequately safeguard Plaintiffs' and the Classes' Personal Information;

b)   Whether Defendants failed to protect Plaintiffs' and the Classes' Personal Information, as promised;

c)   Whether Defendants' computer system systems and data security practices used to protect Plaintiffs' and the Classes' Personal Information violated HIPAA, federal, state and local laws, or Defendants' duties;

d)   Whether Defendants engaged in unfair, unlawful, or deceptive practices by failing to safeguard Plaintiffs' and the Classes' Personal Information properly and/or as promised;

e)   Whether Defendants violated the consumer protection statutes, data breach notification statutes, state unfair insurance practice statutes, state insurance privacy statutes, and state medical privacy statutes applicable to Plaintiffs and each of the Classes;

f)   Whether Defendants failed to notify Plaintiffs and members of the Classes about the Anthem Data Breach as soon as practical and without delay after the Anthem Data Breach was discovered;

g)   Whether Defendants acted negligently in failing to safeguard Plaintiffs' and the Classes' Personal Information;

h)   Whether Defendants entered into contracts with Plaintiffs and the members of the each of the Classes that included contract terms requiring Defendants to protect the confidentiality of Plaintiff's Personal Information and have reasonable security measures;

i)   Whether Defendants' conduct described herein constitutes a breach of their contracts with Plaintiffs and the members of each of the Classes;

j)   Whether Defendants should retain the money paid by Plaintiffs and members of each of the Classes to protect their Personal Information;

k)   Whether Plaintiffs and the members of the Classes are entitled to damages as a result of Defendants' wrongful conduct;

l)   Whether Plaintiffs and the members of the Classes are entitled to restitution as a result of Defendants' wrongful conduct;

m)   What equitable relief is appropriate to redress Defendants' wrongful conduct; and

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff. Defenses to 4th Consolidated Am. Class Action Complaint Case No. 5:15-md-02617-LHK

n)      What injunctive relief is appropriate to redress the imminent and currently ongoing harm faced by members of the Classes.

**HCSC Response:** This Paragraph states legal conclusions to which no response is required. To the extent a response is required, HCSC denies the allegations in this Paragraph and specifically denies that the Fourth Consolidated Amended Complaint alleges any class or subclass properly certifiable under Federal Rule of Civil Procedure 23.

428.   Typicality: Plaintiffs' claims are typical of the claims of the members of the Classes. Plaintiffs and the members of the Classes sustained damages as a result of Defendants' uniform wrongful conduct during transactions with them.

**HCSC Response:** This Paragraph states legal conclusions to which no response is required. To the extent a response is required, HCSC denies the allegations in this Paragraph and specifically denies that the Fourth Consolidated Amended Complaint alleges any class or subclass properly certifiable under Federal Rule of Civil Procedure 23.

429.   Adequacy: Plaintiffs will fairly and adequately represent and protect the interests of the Classes, and have retained counsel competent and experienced in complex litigation and class actions. Plaintiffs have no interests antagonistic to those of the Classes, and there are no defenses unique to Plaintiffs. Plaintiffs and their counsel are committed to prosecuting this action vigorously on behalf of the members of the proposed Classes, and have the financial resources to do so. Neither Plaintiffs nor their counsel have any interest adverse to those of the other members of the Classes.

**HCSC Response:** This Paragraph states legal conclusions to which no response is required. To the extent a response is required, HCSC denies the allegations in this Paragraph and specifically denies that the Fourth Consolidated Amended Complaint

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff. Defenses to 4th Consolidated Am. Class Action Complaint Case No. 5:15-md-02617-LHK

alleges any class or subclass properly certifiable under Federal Rule of Civil Procedure 23.

430.   Risks of Prosecuting Separate Actions: This case is appropriate for certification because prosecution of separate actions would risk either inconsistent adjudications which would establish incompatible standards of conduct for the Defendants or would be dispositive of the interests of members of the proposed Classes. Furthermore, the Anthem Database still exists, and is still vulnerable to future attacks – one standard of conduct is needed to ensure the future safety of the Anthem Database.

**HCSC Response:** This Paragraph states legal conclusions to which no response is required. To the extent a response is required, HCSC denies the allegations in this Paragraph and specifically denies that the Fourth Consolidated Amended Complaint alleges any class or subclass properly certifiable under Federal Rule of Civil Procedure 23.

431.   Policies Generally Applicable to the Classes: This case is appropriate for certification because Defendants have acted or refused to act on grounds generally applicable to the Plaintiffs and proposed Classes as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct towards members of the Classes, and making final injunctive relief appropriate with respect to the proposed Classes as a whole. Defendants' practices challenged herein apply to and affect the members of the Classes uniformly, and Plaintiffs' challenge to those practices hinges on Defendants' conduct with respect to the proposed Classes as a whole, not on individual facts or law applicable only to Plaintiffs.

**HCSC Response:** This Paragraph states legal conclusions to which no response is required. To the extent a response is required, HCSC denies the allegations in this Paragraph and specifically denies that the Fourth Consolidated Amended Complaint

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff. Defenses to 4th Consolidated Am. Class Action Complaint Case No. 5:15-md-02617-LHK

alleges any class or subclass properly certifiable under Federal Rule of Civil Procedure 23.

432.   Superiority: This case is also appropriate for certification because class proceedings are superior to all other available means of fair and efficient adjudication of the claims of Plaintiffs and the members of the Classes. The injuries suffered by each individual member of the Classes are relatively small in comparison to the burden and expense of individual prosecution of the litigation necessitated by Defendants' conduct. Absent a class action, it would be virtually impossible for individual members of the Classes to obtain effective relief from Defendants. Even if members of the Classes could sustain individual litigation, it would not be preferable to a class action because individual litigation would increase the delay and expense to all parties, including the Court, and would require duplicative consideration of the common legal and factual issues presented here. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single Court.

**HCSC Response:** This Paragraph states legal conclusions to which no response is required. To the extent a response is required, HCSC denies the allegations in this Paragraph and specifically denies that the Fourth Consolidated Amended Complaint alleges any class or subclass properly certifiable under Federal Rule of Civil Procedure 23.

## VI.   CAUSES OF ACTION

### COUNT I – NEGLIGENCE
### BROUGHT BY 53 STATEWIDE CLASSES AGAINST
### ALL DEFENDANTS EXCEPT FOR BCBSA[28]

433.   Plaintiffs incorporate the above allegations by reference.

---

[28]   Plaintiffs acknowledge that the Court dismissed Plaintiffs' Indiana negligence claim. While Count I encompasses negligence claims in numerous relevant states, to the extent Count I relates to an Indiana negligence claim, it is re-alleged here solely to preserve the claim for appeal.

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

**HCSC Response:** HCSC incorporates its above responses by reference.

**HCSC Response to 434 to 442:** In response to Paragraphs 434 to 442, HCSC states that pursuant to Dkt. Nos. 326, 366, no response is required to the extent the allegations in these Paragraphs relate to claims that are not Selected Claims. HCSC further states that no response is required to Paragraphs 434 to 442 because they contain only legal conclusions and arguments. To the extent a response is required to the allegations in these Paragraphs, HCSC denies them.

**COUNT II – NEGLIGENCE PER SE**
**BROUGHT BY 53 STATEWIDE CLASSES AGAINST**
**ALL DEFENDANTS EXCEPT FOR BCBSA**

443.   Plaintiffs incorporate the above allegations by reference.

**HCSC Response:** HCSC incorporates its above responses by reference.

**HCSC Response to 444 to 452:** In response to Paragraphs 444 to 452, HCSC states that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to claims that are not Selected Claims. HCSC further states that no response is required to Paragraphs 444 to 452 because they contain only legal conclusions and arguments. To the extent a response is required to the allegations in these Paragraphs, HCSC denies them.

**COUNT III – BREACH OF CONTRACT**
**BROUGHT BY ANTHEM CONTRACT CLASSES[29]  AGAINST ANTHEM**
**AND ANTHEM AFFILIATES**

453.   Plaintiffs incorporate the above allegations by reference.

**HCSC Response:** HCSC incorporates its above responses by reference.

**HCSC Response to 454 to 468:** In response to Paragraphs 454 to 468, HCSC states that pursuant to Dkt. Nos. 326, 366, no response is required to the extent the allegations in these Paragraphs relate to claims that are not Selected Claims. HCSC

---

[29]   Plaintiffs acknowledge that the Court dismissed with prejudice certain Plaintiffs' California contract claims against the Anthem Defendants. To the extent Count III includes those Plaintiffs' contract claims, it is re-alleged here solely to preserve the claims for appeal.

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

further states that the allegations in Paragraphs 454 to 468 do not concern HCSC and therefore no response is required. To the extent a response is required, HCSC is without sufficient knowledge or information to form a belief about the truth of those allegations and, therefore, denies them.

## COUNT IV – BREACH OF CONTRACT
### BROUGHT BY NON-ANTHEM DEFENDANT CONTRACT CLASSES[30]
### AGAINST
### NON-ANTHEM BCBS

469.   Plaintiffs incorporate the above allegations by reference.

**HCSC Response:** HCSC incorporates its above responses by reference.

**HCSC Response to 470 to 484:** In response to Paragraphs 470 to 484, HCSC states that pursuant to Dkt. Nos. 326, 366, no response is required to the extent the allegations in these Paragraphs relate to claims that are not Selected Claims. HCSC further states that no response is required to Paragraphs 470 to 484 because they contain only legal conclusions and arguments. To the extent a response is required to the allegations in these Paragraphs, HCSC denies them.

## COUNT V – BREACH OF IMPLIED COVENANT OF GOOD FAITH AND
### FAIR DEALING BROUGHT BY ANTHEM AND NON-ANTHEM
### DEFENDANT CONTRACT CLASSES
### AGAINST ALL DEFENDANTS EXCEPT BCBSA

**A.    Anthem Defendants**

485.   Plaintiffs incorporate the above allegations by reference.

**HCSC Response:** HCSC incorporates its above responses by reference.

**HCSC Response to 486 to 494:** In response to Paragraphs 486 to 494, HCSC states that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to claims that are not Selected Claims. HCSC further states that the allegations in Paragraphs 486 to 494 do not concern HCSC and

---

[30]   Plaintiffs acknowledge that the Court dismissed with prejudice the New Jersey breach of contract claim against Non-Anthem Defendants solely with respect to benefit of the bargain damages. To the extent Count IV includes that claim, it is re-alleged here solely to preserve the claim for appeal.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

therefore no response is required. To the extent a response is required, HCSC is without sufficient knowledge or information to form a belief about the truth of those allegations and, therefore, denies them.

**B.     Non-Anthem Defendants**

495.   Plaintiffs incorporate the above allegations by reference.

**HCSC Response:** HCSC incorporates its above responses by reference.

**HCSC Response to 496 to 504:** In response to Paragraphs 496 to 504, HCSC states that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to claims that are not Selected Claims. HCSC further states that no response is required to Paragraphs 496-504 because they contain only legal conclusions and arguments. To the extent a response is required to the allegations in these Paragraphs, HCSC denies them.

**COUNT VI – THIRD-PARTY BENEFICIARY CLAIM FOR BREACH OF CONTRACT UNDER FEDERAL LAW
BROUGHT BY FEDERAL EMPLOYEE CLASS AGAINST
ALL DEFENDANTS EXCEPT ANTHEM NON-BCBS AFFILIATES**

505.   Plaintiffs incorporate the above allegations by reference.

**HCSC Response:** HCSC incorporates its above responses by reference.

506.   BCBSA, acting as agent for, and on behalf of, the Anthem BCBS Affiliates and non-Anthem BCBS, had a valid, binding, and enforceable express contract with OPM to provide insurance and other benefits to those Plaintiffs who received health insurance and related benefits under the Federal BCBSA Plan ("Federal Employee Plaintiffs") and the Federal Employee Class Members. Under the express terms of the Federal BCBSA Contract, federal law applies to breach of contract claims.

**HCSC Response:** Paragraph 506 contains legal conclusions to which no response is required. To the extent a response is required, HCSC is without sufficient

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

knowledge of information to form a belief regarding to the truth of the allegations in this Paragraph and therefore denies the same.

507. OPM paid money to BCBSA and provided BCBSA with Federal Employee Plaintiffs' and Federal Employee Class Members' Personal Information. In exchange, BCBSA, on behalf of the Anthem BCBS Affiliates and non-Anthem BCBS, promised, among other things: (1) to perform all of the services set forth in the Federal BCBSA contract, including Appendix A, which sets forth the Statement of Benefits that is reflected in the FEHB Brochure, (2) to take reasonable measures to protect the security and confidentiality of Federal Employee Plaintiffs' and Federal Employee Class Members' Personal Information, including through the measures described in the Notice of Privacy Practices for the Blue Cross and Blue Shield Service Benefit Plan; and (3) to protect Federal Employees' Personal Information in compliance with federal and state laws and regulations, including HIPAA, and industry standards.

**HCSC Response:** Paragraph 507 states legal conclusions to which no response is required. To the extent a response is required, HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 507, and therefore denies the same.

508. BCBSA's promises to take reasonable measures to protect the security and confidentiality of Federal Employee Plaintiffs' and Federal Employee Class Members' Personal Information appear in multiple provisions of the BCBSA contract, including but not limited to terms in the "General Provisions" of the Federal BCBSA Contract, in the attached Plan Brochures incorporated into the Federal BCBSA Contract, and in BCBSA's Notice of Privacy Practices for the Blue Cross and Blue Shield Service Benefit Plan incorporated by reference in the Brochures, as set forth in detail in ¶¶294-307, above.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff. Defenses to 4th Consolidated Am. Class Action Complaint Case No. 5:15-md-02617-LHK

**HCSC Response:** HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 508, and therefore denies the same.

509.   OPM and BCBSA, on behalf of the Anthem BCBS Affiliates and non-Anthem BCBS, intended for the Federal BCBSA Contract to directly benefit and create enforceable rights for Federal Employee Plaintiffs and Federal Employee Class Members.

**HCSC Response:** Paragraph 509 states legal conclusions to which no response is required. To the extent a response is required, HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 509, and therefore denies the same.

510.   The terms of the Federal BCBSA Contract that concern the protection of Federal Employee Plaintiffs' Personal Information were material terms of the Federal BCBSA Contract.

**HCSC Response:** Paragraph 510 states legal conclusions to which no response is required. To the extent a response is required, HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 510, and therefore denies the same.

511.   BCBSA, the Anthem BCBS Affiliates, and non-Anthem BCBS did not satisfy their promises and obligations to OPM under the Federal BCBSA Contract, in that they did not take reasonable and contractually-required measures to keep Federal Employee Plaintiffs' and Class Members' Personal Information secure and confidential and did not comply with the applicable federal and state laws, regulations, and industry standards for data security.

**HCSC Response:** Paragraph 511 states legal conclusions to which no response is required. To the extent a response is required, HCSC denies the allegations in Paragraph 511.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

512.   BCBSA, the Anthem BCBS Affiliates, and non-Anthem BCBS materially breached their contract with OPM by failing to implement the security measures required by the Federal BCBSA Contract. Instead, Federal Employee Plaintiffs' and Class Members' Personal Information was stored in the inadequately-secured Anthem Database and accessed and exfiltrated in the Anthem Data Breach. To the extent BCBSA outsourced the collection, storage, use, and protection of Federal Employee Plaintiffs' and Class Members' Personal Information to other entities, BCBSA remains liable for those entities' failure to protect the Personal Information.

**HCSC Response:** Paragraph 512 states legal conclusions to which no response is required. To the extent a response is required, HCSC denies the allegations in Paragraph 512.

513.   OPM fully performed its obligations under the Federal BCBSA Contract and satisfied all conditions, covenants, obligations, and promises of the agreement.

**HCSC Response:** Paragraph 513 states legal conclusions to which no response is required. To the extent a response is required, HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 513, and therefore denies the same.

514.   BCBSA, Anthem BCBS Affiliates, and non-Anthem BCBS's failure to satisfy their promises and obligations led directly to the Anthem Data Breach, in which Anthem and Anthem Affiliates let unauthorized parties access and exfiltrate Federal Employee Plaintiffs and Class Members' Personal Information.

**HCSC Response:** Paragraph 514 states legal conclusions to which no response is required. To the extent a response is required, HCSC denies the allegations in Paragraph 514.

515.   Federal Employee Plaintiffs and Class Members are clearly intended third-party beneficiaries of the data security provisions in the contract between

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

BCBSA (on behalf of Anthem BCBS Affiliates and non-Anthem BCBS) and OPM, and are entitled to directly enforce its terms. The benefits that Federal Employee Plaintiffs and Class Members receive under the Federal BCBSA Contract are not incidental to the purpose of the agreement. Instead, the purpose of the Federal BCBSA Contract is to define the terms and conditions under which BCBSA, the Anthem BCBS Affiliates, and the non-Anthem BCBS would provide health insurance and/or related health care services to Federal Employee Plaintiffs. The provisions of the agreement that pertain to data security are intended to protect the Personal Information of Federal Employee Plaintiffs and Class Members. Among other things, the Federal BCBSA Contract's confidentiality provisions explicitly refer to "subscribers," and the Plan Brochure's confidentiality provision refers to keeping "your medical and claims information confidential" where "your" is defined to include "the enrollee," who is "the contract holder" eligible for coverage. Federal Employee Plaintiffs and Class Members are subscribers and enrollees within the meaning to the Federal BCBSA Contract and are covered by the Federal BCBSA Plans governed by the contract.

**HCSC Response:** Paragraph 515 states legal conclusions to which no response is required. To the extent a response is required, HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 515, and therefore denies the same.

516. As a result of BCBSA, Anthem BCBS Affiliates, and non-Anthem BCBS's failure to implement the security measures required by the Federal BCBSA Contract, OPM did not receive the full benefit of its bargain, and instead Federal Employee Plaintiffs and Class Members received health insurance and/or related health care services that were less valuable than what OPM had bargained for.

**HCSC Response:** Paragraph 516 states legal conclusions to which no response is required. To the extent a response is required, HCSC denies the allegations in Paragraph 516.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff. Defenses to 4th Consolidated Am. Class Action Complaint Case No. 5:15-md-02617-LHK

517.   Also as a result of BCBSA, Anthem BCBS Affiliates, and non-Anthem BCBS's failure to implement the security measures required by the Federal BCBSA Contract, Federal Employee Plaintiffs and Class Members have suffered actual damages resulting from the theft of their Personal Information and remain at imminent risk of suffering additional damages in the future.

**HCSC Response:** Paragraph 517 states legal conclusions to which no response is required. To the extent a response is required, HCSC denies the allegations in Paragraph 517.

518.   Also as a result of BCBSA, Anthem BCBS Affiliates, and non-Anthem BCBS's failure to implement the security measures required by the Federal BCBSA Contract, Federal Employee Plaintiffs and Class Members have suffered actual damages resulting from their attempt to ameliorate the effect of the breach of contract and subsequent Anthem Data Breach, including but not limited to purchasing credit monitoring services or taking other steps to protect themselves from the loss of their Personal Information.

**HCSC Response:** Paragraph 518 states legal conclusions to which no response is required. To the extent a response is required, HCSC denies the allegations in Paragraph 518.

519.   Federal Employee Plaintiffs and Class Members also were damaged in an amount at least equal to the difference in value between that which was promised and BCBSA's, Anthem's, and Non-Anthem Defendants' partial, deficient and/or defective performance.

**HCSC Response:** Paragraph 519 states legal conclusions to which no response is required. To the extent a response is required, HCSC denies the allegations in Paragraph 591.

520.   Accordingly, Federal Employee Plaintiffs and Class Members have been injured as a result of Defendants' breach of contract and are entitled to damages

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

and/or restitution in an amount to be proven at trial. Moreover, Federal Employee Plaintiffs and Class Members are additionally entitled to specific performance of the contract, including OPM's right to audit Anthem, which, as discussed above, Anthem has refused and continues to refuse to allow.

**HCSC Response:** Paragraph 520 states legal conclusions to which no response is required. To the extent a response is required, HCSC denies the allegations in Paragraph 520.

521.   Accordingly, Federal Employee Plaintiffs and Class Members have been injured as a result of Defendants' breach of contract and are entitled to damages and/or restitution in an amount to be proven at trial. Moreover, Federal Employee Plaintiffs and Class Members are additionally entitled to specific performance of the contract, including OPM's right to audit Anthem, which, as discussed above, Anthem has refused and continues to refuse to allow.

**HCSC Response:** Paragraph 521 states legal conclusions to which no response is required. To the extent a response is required, HCSC denies the allegations in Paragraph 521.

### COUNT VII – NEGLIGENT MISREPRESENTATION BROUGHT BY 53 STATEWIDE CLASSES AGAINST ALL DEFENDANTS EXCEPT BCBSA

522.   Plaintiffs incorporate the above allegations by reference.

**HCSC Response:** HCSC incorporates its above responses by reference.

**HCSC Response to 523 to 528:** In response to Paragraphs 523 to 528, HCSC states that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to claims that are not Selected Claims. HCSC further states that no response is required to Paragraphs 523 to 528 because they contain only legal conclusions and arguments. To the extent a response is required to the allegations in these Paragraphs, HCSC denies them.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff. Defenses to 4th Consolidated Am. Class Action Complaint Case No. 5:15-md-02617-LHK

## COUNT VIII – UNJUST ENRICHMENT
### BROUGHT BY 53 STATEWIDE CLASS
### AGAINST ALL DEFENDANTS EXCEPT FOR BCBSA

529.   Plaintiffs incorporate the above allegations by reference.

**HCSC Response:** HCSC incorporates its above responses by reference. Further, in response to Paragraphs 530 to 537, HCSC states that pursuant to Dkt. Nos. 326, 366, no response is required to the extent the allegations in these Paragraphs relate to claims that are not Selected Claims.  To the extent a response is required, HCSC responds as stated below.

530.   In the alternative, Plaintiffs allege that they have no adequate remedy at law and bring this unjust enrichment claim on behalf of the 53 statewide classes.

**HCSC Response:** HCSC states that Paragraph 530 states legal conclusions to which no response is required. To the extent a response is required, HCSC denies the allegations in Paragraph 530.

531.   Plaintiffs and Class Members conferred a monetary benefit on Defendants Anthem, Anthem Affiliates, and non-Anthem BCBS in the form of premiums paid for the purchase of health insurance and health benefits services. Plaintiffs and Class Members also provided their Personal Information to Anthem, Anthem Affiliates, and non-Anthem BCBS.

**HCSC Response:** HCSC admits that certain Plaintiffs paid premiums to HCSC. HCSC also admits that it retained certain information about certain individuals in its information systems. HCSC also admits that the Anthem Defendants maintain certain information in their information systems regarding certain individuals enrolled or previously enrolled in policies or plans issued or administered by HCSC who received services in geographic areas for which the Anthem Defendants are Blue Cross and/or Blue Shield licensees. The remaining allegations in this Paragraph contain legal conclusions to which no response is required. To the extent a response is required, HCSC denies the same.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff. Defenses to 4th Consolidated Am. Class Action Complaint Case No. 5:15-md-02617-LHK

532.   Anthem, Anthem Affiliates, and non-Anthem BCBS appreciated or had knowledge of the benefits conferred upon them by Plaintiffs and Class Members.

**HCSC Response:** HCSC admits that it had knowledge that certain Plaintiffs paid premiums to HCSC. The remaining allegations in this Paragraph contain legal conclusions to which no response is required. To the extent a response is required, HCSC denies the same.

533.   The premiums for health insurance and health benefits services that Plaintiffs and Class Members paid (directly or indirectly) to Defendants should have been used by Defendants, in part, to pay for the administrative costs of reasonable data privacy and security practices and procedures.

**HCSC Response:** Paragraph 533 contains legal conclusions to which no response is required. To the extent a response is required, HCSC denies same.

534.   As a result of Anthem, Anthem Affiliates, and non-Anthem BCBS' conduct, Plaintiffs and Class Members suffered actual damages in an amount equal to the difference in value between health insurance and health benefit services with the reasonable data privacy and security practices and procedures that Plaintiffs and Class Members paid for, and the inadequate health insurance and health benefits services without reasonable data privacy and security practices and procedures that they received.

**HCSC Response:** Paragraph 534 contains legal conclusions to which no response is required. To the extent a response is required, HCSC denies same.

535.   Under principals of equity and good conscience, Defendants Anthem, Anthem Affiliates, and non-Anthem BCBS should not be permitted to retain the money belonging to Plaintiffs and Class Members because Defendant failed to implement (or adequately implement) the data privacy and security practices and procedures that Plaintiffs and Class Members paid for and that were otherwise mandated by HIPAA regulations, federal, state and local laws, and industry standards.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

**HCSC Response:** Paragraph 535 contains legal conclusions to which no response is required. To the extent a response is required, HCSC denies same.

536.    Anthem, Anthem Affiliates, and non-Anthem BCBS should be compelled to disgorge into a common fund for the benefit of Plaintiffs and Class Members all unlawful or inequitable proceeds received by Anthem, Anthem Affiliates, and non-Anthem BCBS.

**HCSC Response:** Paragraph 536 contains legal conclusions to which no response is required. To the extent a response is required, HCSC denies same.

537.    A constructive trust should be imposed upon all unlawful or inequitable sums received by Anthem, Anthem Affiliates, and non-Anthem BCBS traceable to Plaintiffs and Class Members.

**HCSC Response:** Paragraph 537 contains legal conclusions to which no response is required. To the extent a response is required, HCSC denies same.

### COUNT IX – STATE CONSUMER PROTECTION LAWS
### BROUGHT BY THE STATEWIDE CLASSES BELOW

**Arizona**
**ARIZONA CONSUMER FRAUD ACT,**
**A.R.S. § 44-1521, *et seq.***
**(BROUGHT BY ARIZONA CLASS AGAINST ANTHEM AND ALL OTHER DEFENDANTS**
**OPERATING IN ARIZONA EXCEPT FOR BCBSA)**

538.    Plaintiffs incorporate the above allegations by reference.

**HCSC Response:** HCSC incorporates its above responses by reference.

**HCSC Response to 539 to 543:** In response to Paragraphs 539 to 543, HCSC states that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim. HCSC further states that no response is required to Paragraphs 539 to 543 because they contain only legal conclusions and arguments. To the extent a response is required to the allegations in these Paragraphs, HCSC denies them.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff. Defenses to 4th Consolidated Am. Class Action Complaint Case No. 5:15-md-02617-LHK

**California**
**CALIFORNIA UNFAIR COMPETITION LAW,**
**CAL. BUS. & PROF. CODE § 17200,** *et seq.*
**(BROUGHT BY CALIFORNIA CLASS AGAINST ANTHEM**
**AND ALL OTHER DEFENDANTS OPERATING**
**IN CALIFORNIA EXCEPT BCBSA)**

544.   Plaintiffs incorporate the above allegations by reference.

**HCSC Response:** HCSC incorporates its above responses by reference.

**HCSC Response to 545 to 548:** No response is required to Paragraphs 545 to 548 because they contain only legal conclusions and arguments and, pursuant to the Court's Order (D.E. 524, Plaintiffs California Unfair Competition Law claim has been dismissed as it relates to fraudulent misrepresentation and the California Insurance Information and Privacy Protection Act, the California Confidentiality of Medical Information Act, and Cal. Civ. Code § 1798.82. To the extent a response is required to the allegations in these Paragraphs, HCSC denies them.

**Colorado**
**COLORADO CONSUMER PROTECTION ACT,**
**COLO. REV. STAT. § 6-1-101,** *et. seq.*
**(BROUGHT BY COLORADO CLASS AGAINST ANTHEM**
**AND ALL OTHER**
**DEFENDANTS OPERATING IN COLORADO EXCEPT FOR BCBSA)**

549.   Plaintiffs incorporate the above allegations by reference.

**HCSC Response:** HCSC incorporates its above responses by reference.

**HCSC Response to 550 to 556:** In response to Paragraphs 550 to 556, HCSC states that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim. HCSC further states that no response is required to Paragraphs 550 to 556 because they contain only legal conclusions and arguments. To the extent a response is required to the allegations in these Paragraphs, HCSC denies them.

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

**Connecticut**
**CONNECTICUT UNFAIR TRADE PRACTICES ACT,**
**C.G.S. § 42-110a *et seq.*,**
**(BROUGHT BY CONNECTICUT CLASS AGAINST ANTHEM**
**AND ALL OTHER DEFENDANTS OPERATING IN**
**CONNECTICUT EXCEPT FOR BCBSA)**

557.   Plaintiffs incorporate the above allegations by reference.

**HCSC Response:** HCSC incorporates its above responses by reference.

**HCSC Response to 558 to 563:** In response to Paragraphs 558 to 563, HCSC states that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim. HCSC further states that no response is required to Paragraphs 558 to 563 because they contain only legal conclusions and arguments. To the extent a response is required to the allegations in these Paragraphs, HCSC denies them.

**District of Columbia**
**DISTRICT OF COLUMBIA CONSUMER PROTECTION**
**PROCEDURES ACT,**
**D.C. CODE § 28-3904, *et seq.***
**(BROUGHT BY D.C. CLASS AGAINST ANTHEM AND**
**ALL OTHER DEFENDANTS**
**OPERATING IN D.C. EXCEPT FOR BCBSA)**

564.   Plaintiffs incorporate the above allegations by reference.

**HCSC Response:** HCSC incorporates its above responses by reference.

**HCSC Response to 565 to 571:** In response to Paragraphs 565 to 571, HCSC states that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim. HCSC further states that no response is required to Paragraphs 565 to 571 because they contain only legal conclusions and arguments. To the extent a response is required to the allegations in these Paragraphs, HCSC denies them.

**Hawaii**
**HAWAII UNFAIR PRACTICES AND UNFAIR COMPETITION STATUTE,**

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

**HAW. REV. STAT. § 480-1, *et seq.***
**(BROUGHT BY HAWAII CLASS AGAINST ANTHEM**
**AND ALL OTHER DEFENDANTS**
**OPERATING IN HAWAII EXCEPT FOR BCBSA)**

572.   Plaintiffs incorporate the above allegations by reference.

**HCSC Response:** HCSC incorporates its above responses by reference.

**HCSC Response to 573 to 581:**  In response to Paragraphs 573 to 581, HCSC states that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim. HCSC further states that no response is required to Paragraphs 573 to 581 because they contain only legal conclusions and arguments. To the extent a response is required to the allegations in these Paragraphs, HCSC denies them.


**Illinois**
**ILLINOIS CONSUMER FRAUD ACT,**
**815 Ill. COMP. STAT. 505/1 *et seq.***
**(BROUGHT BY ILLINOIS CLASS AGAINST ANTHEM AND ALL OTHER**
**DEFENDANTS**
**OPERATING IN ILLINOIS EXCEPT FOR BCBSA)**

582.   Plaintiffs incorporate the above allegations by reference.

**HCSC Response:** HCSC incorporates its above responses by reference.

**HCSC Response to 583 to 587:** In response to Paragraphs 583 to 587, HCSC states that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim. HCSC further states that no response is required to Paragraphs 583 to 587 because they contain only legal conclusions and arguments. To the extent a response is required to the allegations in these Paragraphs, HCSC denies them.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

**ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT,**
**815 Ill. COMP. STAT. § 510/2(a)** *et. seq.*
**(BROUGHT BY ILLINOIS CLASS AGAINST ANTHEM AND ALL OTHER**
**DEFENDANTS**
**OPERATING IN ILLINOIS EXCEPT FOR BCBSA)**

588.   Plaintiffs incorporate the above allegations by reference.

**HCSC Response:** HCSC incorporates its above responses by reference.

**HCSC Response to 589 to 592:** In response to Paragraphs 589 to 592, HCSC states that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim. HCSC further states that no response is required to Paragraphs 589 to 592 because they contain only legal conclusions and arguments. To the extent a response is required to the allegations in these Paragraphs, HCSC denies them.

**Indiana**
**INDIANA DECEPTIVE CONSUMER SALES ACT,**
**IND. CODE § 24-5-0.5-3**
**(BROUGHT BY INDIANA CLASS AGAINST ANTHEM AND ALL OTHER**
**DEFENDANTS**
**OPERATING IN INDIANA EXCEPT FOR BCBSA)**

593.   Plaintiffs incorporate the above allegations by reference.

**HCSC Response:** HCSC incorporates its above responses by reference.

**HCSC Response to 594 to 602:**  In response to Paragraphs 594 to 602, HCSC states that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim. HCSC further states that no response is required to Paragraphs 594 to 602 because they contain only legal conclusions and arguments. To the extent a response is required to the allegations in these Paragraphs, HCSC denies them.

**Kentucky**
**KENTUCKY CONSUMER PROTECTION ACT,**

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

**KY REV. STAT. § 367.110,** *et. seq.*[31]
**(BROUGHT BY KENTUCKY CLASS AGAINST
ANTHEM AND ALL OTHER
DEFENDANTS OPERATING IN KENTUCKY EXCEPT FOR BCBSA)**

603.   Plaintiffs incorporate the above allegations by reference.

**HCSC Response:** HCSC incorporates its above responses by reference.

**HCSC Response to 603 to 610:** No response is required to Paragraphs 603 to 610 because, pursuant to the Court's Order (D.E. 468), Plaintiffs' claims for relief under the Kentucky Consumer Protection Act has been dismissed. Further these Paragraphs contain only legal conclusions and arguments. To the extent a response is required to the allegations in these Paragraphs, HCSC denies them.

**Maine
MAINE UNFAIR TRADE PRACTICES ACT,
5 ME. REV. STAT. §205 (BROUGHT BY MAINE CLASS
AGAINST ANTHEM AND BCBS OF MAINE)**

611.   Plaintiffs incorporate the above allegations by reference.

**HCSC Response:** HCSC incorporates its above responses by reference.

**HCSC Response to 612 to 614:** In response to Paragraphs 612 to 614, HCSC states that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim. HCSC further states that no response is required to Paragraphs 612 to 614 because they do not concern HCSC and contain only legal conclusions and arguments. To the extent a response is required HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in these Paragraphs, and therefore denies the same.

**HCSC Response to 615 to 619:** In response to Paragraphs 615 to 619, HCSC states that pursuant to Dkt. Nos. 326, 366, no response is required because the

---

[31]   Plaintiffs recognize that the Court dismissed their class claims under the KCPA. Plaintiffs re-allege the claim here solely to preserve the issue for appeal.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

227

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

allegations in these Paragraphs relate to a claim that is not a Selected Claim. HCSC further states that no response is required to Paragraphs 615 to 619 because they contain only legal conclusions and arguments. To the extent a response is required to the allegations in these Paragraphs, HCSC denies them.

**MAINE UNIFORM DECEPTIVE TRADE PRACTICES ACT,
10 ME. REV. STAT. § 1212, *et. seq.*
(BROUGHT BY MAINE CLASS AGAINST ANTHEM AND
ALL OTHER DEFENDANTS OPERATING IN
MAINE EXCEPT FOR BCBSA)**

620.   Plaintiffs incorporate the above allegations by reference.

**HCSC Response:** HCSC incorporates its above responses by reference.

While in the course of their businesses, Defendants Anthem, Anthem

**HCSC Response to 621 to 624:** In response to Paragraphs 621 to 624, HCSC states that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim. HCSC further states that no response is required to Paragraphs 621 to 624 because they contain only legal conclusions and arguments. To the extent a response is required to the allegations in these Paragraphs, HCSC denies them.

**Maryland
MARYLAND CONSUMER PROTECTION ACT,
MD CODE COMMERCIAL LAW, § 13-301, *et. seq.*
(BROUGHT BY MARYLAND CLASS AGAINST ANTHEM
AND ALL OTHER DEFENDANTS OPERATING IN
MARYLAND EXCEPT FOR BCBSA)**

625.   Plaintiffs incorporate the above allegations by reference.

**HCSC Response:** HCSC incorporates its above responses by reference.

**HCSC Response to 626 to 634:** In response to Paragraphs 626 to 634, HCSC states that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim. HCSC

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff. Defenses to 4th Consolidated Am. Class Action Complaint Case No. 5:15-md-02617-LHK

further states that no response is required to Paragraphs 626 to 634 because they contain only legal conclusions and arguments. To the extent a response is required to the allegations in these Paragraphs, HCSC denies them.

**Massachusetts**
**MASSACHUSETTS CONSUMER PROTECTION ACT,**
**MASS. GEN. LAWS ANN. CH. 93A, § 1, *et. seq.***
**(BROUGHT BY MASSACHUSETTS CLASS AGAINST**
**ANTHEM, BLUE CROSS BLUE SHIELD OF MASSACHUSETTS,**
**EMPIRE BLUE CROSS AND BLUE SHIELD, UNICARE**
**LIFE AND HEALTH INSURANCE COMPANY)**

635.   Plaintiffs incorporate the above allegations by reference.

**HCSC Response:** HCSC incorporates its above responses by reference. Further in response to Paragraphs 636 to 646, HCSC states that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim. To the extent a response is required, HCSC responds as stated below.

636.   Plaintiffs bring this claim against Defendant Anthem on behalf of the Massachusetts Class.

**HCSC Response:** Paragraph 636 is asserted against a different defendant and is a legal conclusion and therefore no response is required. To the extent a response is required, HCSC denies the allegations.

637.   Plaintiff Lisa Daniels sent a demand for relief to Anthem, on behalf of the Massachusetts Class, on February 27, 2015.

**HCSC Response:** The allegations in Paragraph 637 are asserted against a different defendant and therefore no response is required. To the extent a response is required, HCSC is without sufficient knowledge or information to form a belief about the truth of the remaining in this Paragraph, and therefore denies the same.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

638.   Plaintiffs Darrell Hunter, Carrie Ramos, and Lisa Daniels sent a demand for relief to Defendant Blue Cross Blue Shield of Massachusetts, Inc., on behalf of the Massachusetts Class, on November 2, 2015.

**HCSC Response:** The allegations in Paragraph 638 are asserted against a different defendant and therefore no response is required. To the extent a response is required, HCSC is without sufficient knowledge or information to form a belief about the truth of the remaining in this Paragraph, and therefore denies the same.

639.   Plaintiff Claudia Cass sent a demand for relief to Defendant Empire HealthChoice Assurance, Inc. d/b/a Empire Blue Cross and Blue Shield, on behalf of the Massachusetts Class, on November 2, 2015.

**HCSC Response:** The allegations in Paragraph 639 are asserted against a different defendant and therefore no response is required. To the extent a response is required, HCSC is without sufficient knowledge or information to form a belief about the truth of the remaining in this Paragraph, and therefore denies the same.

640.   Plaintiff Robert Roy sent a demand for relief to Defendant Unicare Life & Health Insurance Company on behalf of the Massachusetts Class, on November 2, 2015.

**HCSC Response:** The allegations in Paragraph 640 are asserted against a different defendant and therefore no response is required. To the extent a response is required, HCSC is without sufficient knowledge or information to form a belief about the truth of the remaining in this Paragraph, and therefore denies the same.

**HCSC Response to 641 to 646:** No response is required to Paragraphs 641 to 646 because they contain only legal conclusions and arguments. To the extent a response is required to the allegations in these Paragraphs, HCSC denies them.

**Minnesota**
**MINNESOTA CONSUMER FRAUD ACT,**
**MINN. STAT. § 325F.68, et. seq. AND MINN. STAT. §8.31, et. seq.**

Def. HCSC's Ans.and Aff. Defenses to 4th Consolidated Am. Class Action Complaint Case No. 5:15-md-02617-LHK

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

**(BROUGHT BY MINNESOTA CLASS AGAINST ANTHEM
AND ALL OTHER DEFENDANTS OPERATING IN
MINNESOTA EXCEPT FOR BCBSA)**

647.   Plaintiffs incorporate the above allegations by reference.

**HCSC Response:** HCSC incorporates its above responses by reference.

**HCSC Response to 648 to 654:** In response to Paragraphs 648 to 654, HCSC states that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim. HCSC further states that no response is required to Paragraphs 648 to 654 because they contain only legal conclusions and arguments. To the extent a response is required to the allegations in these Paragraphs, HCSC denies them.

**MINNESOTA UNIFORM DECEPTIVE TRADE PRACTICES ACT,
MINN. STAT. § 325D.43, *et. seq.*
(BROUGHT BY MINNESOTA CLASS AGAINST
ANTHEM AND ALL OTHER DEFENDANTS OPERATING IN
MINNESOTA EXCEPT FOR BCBSA)**

655.   Plaintiffs incorporate the above allegations by reference.

**HCSC Response:** HCSC incorporates its above responses by reference.

**HCSC Response to 656 to 662:** In response to Paragraphs 656 to 662, HCSC states that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim. HCSC further states that no response is required to Paragraphs 656 to 662 because they contain only legal conclusions and arguments. To the extent a response is required to the allegations in these Paragraphs, HCSC denies them.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

**Missouri**
**MISSOURI MERCHANDISING PRACTICES ACT,**
**MO. STAT. § 407.010, *et seq.***
**(BROUGHT BY MISSOURI CLASS AGAINST ANTHEM**
**AND ALL OTHER DEFENDANTS OPERATING IN**
**MISSOURI EXCEPT FOR BCBSA.)**

663.   Plaintiffs incorporate the above allegations by reference.

**HCSC Response:** HCSC incorporates its above responses by reference.

**HCSC Response to 664 to 670:** In response to Paragraphs 664 to 670, HCSC states that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim. HCSC further states that no response is required to Paragraphs 664 to 670 because they contain only legal conclusions and arguments. To the extent a response is required to the allegations in these Paragraphs, HCSC denies them.

**Montana**
**MONTANA UNFAIR TRADE PRACTICES AND CONSUMER**
**PROTECTION ACT, MCA § 30-14-101, *et seq.***
**(BROUGHT BY MONTANA CLASS AGAINST**
**ANTHEM AND ALL OTHER DEFENDANTS OPERATING IN**
**MONTANA EXCEPT FOR BCBSA**

671.   Plaintiffs incorporate the above allegations by reference.

**HCSC Response:** HCSC incorporates its above responses by reference.

**HCSC Response to 672 to 679:** In response to Paragraphs 672 to 679, HCSC states that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim. HCSC further states that no response is required to Paragraphs 672 to 679 because they contain only legal conclusions and arguments. To the extent a response is required to the allegations in these Paragraphs, HCSC denies them.

**Nebraska**
**NEBRASKA CONSUMER PROTECTION ACT,**
**NEB. REV. STAT. § 59-1601, *et. seq.***

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

**(BROUGHT BY NEBRASKA CLASS AGAINST ANTHEM
AND ALL OTHER DEFENDANTS OPERATING IN
NEBRASKA EXCEPT FOR BCBSA)**

680.   Plaintiffs incorporate the above allegations by reference.

**HCSC Response:** HCSC incorporates its above responses by reference.

**HCSC Response to 681 to 687:** In response to Paragraphs 681 to 687, HCSC states that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim. HCSC further states that no response is required to Paragraphs 681 to 687 because they contain only legal conclusions and arguments. To the extent a response is required to the allegations in these Paragraphs, HCSC denies them.

**NEBRASKA UNIFORM DECEPTIVE TRADE PRACTICES ACT,
NEB. REV. STAT. § 87-301, *et. seq.*
(BROUGHT BY NEBRASKA CLASS AGAINST
ANTHEM AND ALL OTHER DEFENDANTS OPERATING IN
NEBRASKA EXCEPT FOR BCBSA)**

688.   Plaintiffs incorporate the above allegations by reference.

**HCSC Response:** HCSC incorporates its above responses by reference.

**HCSC Response to 689 to 694:** In response to Paragraphs 689 to 694, HCSC states that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim. HCSC further states that no response is required to Paragraphs 689 to 694 because they contain only legal conclusions and arguments. To the extent a response is required to the allegations in these Paragraphs, HCSC denies them.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

**Nevada**
**NEVADA DECEPTIVE TRADE PRACTICES ACT,**
**NEV. REV. STAT. § 598.0915, *et. seq.*; NEV. REV. STAT. § 41.600, *et. seq.***
**(BROUGHT BY NEVADA CLASS AGAINST**
**ANTHEM AND ALL OTHER DEFENDANTS**
**OPERATING IN NEVADA EXCEPT FOR BCBSA)**

695.   Plaintiffs incorporate the above allegations by reference.

**HCSC Response:** HCSC incorporates its above responses by reference.

**HCSC Response to 696 to 701:** In response to Paragraphs 696 to 701, HCSC states that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim. HCSC further states that no response is required to Paragraphs 696 to 701 because they contain only legal conclusions and arguments. To the extent a response is required to the allegations in these Paragraphs, HCSC denies them.


**New Jersey**
**NEW JERSEY CONSUMER FRAUD ACT,**
**N.J. STAT. ANN. § 56:8-1, *et. seq.***
**(BROUGHT BY NEW JERSEY CLASS AGAINST**
**ANTHEM AND ALL OTHER DEFENDANTS OPERATING IN**
**NEW JERSEY EXCEPT FOR BCBSA)**

702.   Plaintiffs incorporate the above allegations by reference.

**HCSC Response:** HCSC incorporates its above responses by reference.

**HCSC Response to 703 to 709:** In response to Paragraphs 703 to 709, HCSC states that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim. HCSC further states that no response is required to Paragraphs 702 to 709 because they contain only legal conclusions and arguments. To the extent a response is required to the allegations in these Paragraphs, HCSC denies them.


**New Mexico**
**NEW MEXICO UNFAIR PRACTICES ACT,**
**N.M. STAT. ANN. § 57-12-1, *et. seq.***

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

**(BROUGHT BY NEW MEXICO CLASS AGAINST ANTHEM
AND ALL OTHER DEFENDANTS OPERATING IN
NEW MEXICO EXCEPT FOR BCBSA)**

710.   Plaintiffs incorporate the above allegations by reference.

**HCSC Response:** HCSC incorporates its above responses by reference.

**HCSC Response to 711 to 716:** In response to Paragraphs 711 to 716, HCSC states that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim. HCSC further states that no response is required to Paragraphs 711 to 716 because they contain only legal conclusions and arguments. To the extent a response is required to the allegations in these Paragraphs, HCSC denies them.

**New York
NEW YORK GENERAL BUSINESS LAW,
N.Y. GEN. BUS. LAW § 349, *et. seq.*
(BROUGHT BY NEW YORK CLASS AGAINST
ANTHEM AND ALL OTHER DEFENDANTS OPERATING IN
NEW YORK EXCEPT FOR BCBSA)**

717.   Plaintiffs incorporate the above allegations by reference.

**HCSC Response:** HCSC incorporates its above responses by reference.

**HCSC Response to 718 to 722:** No response is required to Paragraphs 718 to 722 because they contain only legal conclusions and arguments. To the extent a response is required to the allegations in these Paragraphs, HCSC denies them.

**North Carolina
NORTH CAROLINA UNFAIR TRADE PRACTICES ACT,
N.C. GEN. STAT. ANN. § 75-1.1, *et. seq.*
(BROUGHT BY NORTH CAROLINA CLASS AGAINST
ANTHEM AND ALL OTHER DEFENDANTS OPERATING IN
NORTH CAROLINA EXCEPT FOR BCBSA)**

723.   Plaintiffs incorporate the above allegations by reference.

**HCSC Response:** HCSC incorporates its above responses by reference.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

**HCSC Response to 724 to 730:** In response to Paragraphs 724 to 730, HCSC states that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim. HCSC further states that no response is required to Paragraphs 724 to 730 because they contain only legal conclusions and arguments. To the extent a response is required to the allegations in these Paragraphs, HCSC denies them.

**North Dakota**
**NORTH DAKOTA UNLAWFUL SALES OR ADVERTISING ACT,**
**N.D. CENT. CODE §§ 51-10-01, *et. seq.***
**(BROUGHT BY NORTH DAKOTA CLASS AGAINST**
**ANTHEM AND ALL OTHER DEFENDANTS OPERATING IN**
**NORTH DAKOTA EXCEPT FOR BCBSA)**

731.   Plaintiffs incorporate the above allegations by reference.

**HCSC Response:** HCSC incorporates its above responses by reference.

**HCSC Response to 732 to 738:** In response to Paragraphs 732 to 738, HCSC states that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim. HCSC further states that no response is required to Paragraphs 732 to 738 because they contain only legal conclusions and arguments. To the extent a response is required to the allegations in these Paragraphs, HCSC denies them.

**Oklahoma**
**OKLAHOMA CONSUMER PROTECTION ACT,**
**15 OKL. STAT. ANN. § 751, *et. seq.***
**(BROUGHT BY OKLAHOMA CLASS AGAINST**
**ANTHEM AND ALL DEFENDANTS OPERATING IN**
**OKLAHOMA EXCEPT FOR BCBSA)**

739.   Plaintiffs incorporate the above allegations by reference.

**HCSC Response:** HCSC incorporates its above responses by reference.

**HCSC Response to 740 to 747:**  In response to Paragraphs 740 to 747, HCSC states that pursuant to Dkt. Nos. 326, 366, no response is required because the

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

allegations in these Paragraphs relate to a claim that is not a Selected Claim. HCSC further states that no response is required to Paragraphs 740 to 747 because they contain only legal conclusions and arguments. To the extent a response is required to the allegations in these Paragraphs, HCSC denies them.

## Pennsylvania
## PENNSYLVANIA UNFAIR TRADE PRACTICES, 73 PA STAT. ANN. § 201-1, *et. seq.* (BROUGHT BY PENNSYLVANIA CLASS AGAINST ANTHEM AND ALL OTHER DEFENDANTS OPERATING IN PENNSYLVANIA EXCEPT FOR BCBSA)

748.   Plaintiffs incorporate the above allegations by reference.

**HCSC Response:** HCSC incorporates its above responses by reference.

**HCSC Response to 749 to 755:** In response to Paragraphs 749 to 755, HCSC states that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim. HCSC further states that no response is required to Paragraphs 749 to 755 because they contain only legal conclusions and arguments. To the extent a response is required to the allegations in these Paragraphs, HCSC denies them.

## Rhode Island
## RHODE ISLAND DECEPTIVE TRADE PRACTICES ACT, R.I. GEN. LAWS § 6-13.1, *et. seq.* (BROUGHT BY RHODE ISLAND CLASS AGAINST ANTHEM, INC. EXCEPT FOR BCBSA)

756.   Plaintiffs incorporate the above allegations by reference.

**HCSC Response:** HCSC incorporates its above responses by reference.

**HCSC Response to 757 to 763:** In response to Paragraphs 757 to 763, HCSC states that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim. HCSC further states that no response is required to Paragraphs 757 to 763 because they do

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff. Defenses to 4th Consolidated Am. Class Action Complaint Case No. 5:15-md-02617-LHK

not concern HCSC and contain only legal conclusions and arguments. To the extent a response is required HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in these Paragraphs, and therefore denies the same.

**South Dakota**
**SOUTH DAKOTA DECEPTIVE TRADE PRACTICES AND CONSUMER PROTECTION ACT,**
**S.D. CODIFIED LAWS § 37-24-1, *et. seq.***
**(BROUGHT BY SOUTH DAKOTA CLASS AGAINST ANTHEM AND ALL OTHER DEFENDANTS OPERATING IN SOUTH DAKOTA EXCEPT FOR BCBSA)**

764.   Plaintiffs incorporate the above allegations by reference.

**HCSC Response:** HCSC incorporates its above responses by reference.

**HCSC Response to 765 to 771:** In response to Paragraphs 765 to 771, HCSC states that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim. HCSC further states that no response is required to Paragraphs 765 to 771 because they contain only legal conclusions and arguments. To the extent a response is required to the allegations in these Paragraphs, HCSC denies them.

**Tennessee**
**TENNESSEE CONSUMER PROTECTION ACT,**
**TENN. CODE ANN. §§ 47-18-101, *et. seq.***
**(BROUGHT BY TENNESSEE CLASS AGAINST ANTHEM AND ALL OTHER DEFENDANTS OPERATING IN TENNESSEE EXCEPT FOR BCBSA)**

772.   Plaintiffs incorporate the above allegations by reference.

**HCSC Response:** HCSC incorporates its above responses by reference.

**HCSC Response to 773 to 779:** In response to Paragraphs 773 to 779, HCSC states that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim. HCSC further states that no response is required to Paragraphs 773 to 779 because they

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

238

contain only legal conclusions and arguments. To the extent a response is required to the allegations in these Paragraphs, HCSC denies them.

**Texas**
**TEXAS DECEPTIVE TRADE PRACTICES AND**
**CONSUMER PROTECTION ACT,**
**TEX. BUS. & COM. CODE § 17.41, *et. seq.***
**(BROUGHT BY TEXAS CLASS AGAINST**
**ANTHEM AND BCBS OF TEXAS)**

780.    Plaintiffs incorporate the above allegations by reference.

**HCSC Response:** HCSC incorporates its above responses by reference. Further, in response to Paragraphs 781 to 788, HCSC states that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim. To the extent a response is required, HCSC responds as stated below.

781.    Plaintiff Lane Wagner sent a demand for relief to Anthem, Inc. on behalf of the Texas Class on November 2, 2015.

**HCSC Response:** HCSC states that on August 3, 2016 Plaintiff Lane Wagner filed a notice of voluntary dismissal pursuant to Rule 41(a)(1) and therefore no response to this paragraph is required.  To the extent a response is required, HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph, and therefore denies the same.

782.    Plaintiff Lane Wagner sent a demand for relief to Blue Cross Blue Shield of Texas on behalf of the Texas Class on November 2, 2015.

**HCSC Response:** HCSC states that on August 3, 2016 Plaintiff Lane Wagner filed a notice of voluntary dismissal pursuant to Rule 41(a)(1) and therefore no response to this paragraph is required.  To the extent a response is required, HCSC admits that Andrew Friedman sent a demand letter to Blue Cross Blue Shield of Texas

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff. Defenses to 4th Consolidated Am. Class Action Complaint Case No. 5:15-md-02617-LHK

on November 2, 2015 on behalf of Lane Wagner. HCSC denies the remainder of this Paragraph.

**HCSC Response to 783 to 788:** No response is required to Paragraphs 783 to 788 because they contain only legal conclusions and arguments. To the extent a response is required to the allegations in these Paragraphs, HCSC denies them.

**Vermont**
**VERMONT CONSUMER FRAUD ACT,**
**9 VT. STAT. ANN. §§ 2451, *et. seq.***
**(BROUGHT BY VERMONT CLASS AGAINST**
**ANTHEM AND ALL OTHER DEFENDANTS OPERATING IN**
**VERMONT EXCEPT FOR BCBSA)**

789.   Plaintiffs incorporate the above allegations by reference.

**HCSC Response:** HCSC incorporates its above responses by reference.

**HCSC Response to 790 to 797:** In response to Paragraphs 790 to 797, HCSC states that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim. HCSC further states that no response is required to Paragraphs 790 to 797 because they contain only legal conclusions and arguments. To the extent a response is required to the allegations in these Paragraphs, HCSC denies them.

**Washington**
**WASHINGTON CONSUMER PROTECTION ACT,**
**WASH. REV. CODE § 19.86.020, *et. seq.***
**(BROUGHT BY WASHINGTON CLASS AGAINST**
**ANTHEM AND ALL OTHER DEFENDANTS OPERATING IN**
**WASHINGTON EXCEPT FOR BCBSA)**

798.   Plaintiffs incorporate the above allegations by reference.

**HCSC Response:** HCSC incorporates its above responses by reference.

**HCSC Response to 799 to 804:** In response to Paragraphs 799 to 804, HCSC states that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim. HCSC

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

further states that no response is required to Paragraphs 799 to 804 because they contain only legal conclusions and arguments. To the extent a response is required to the allegations in these Paragraphs, HCSC denies them.

**West Virginia**
**WEST VIRGINIA CONSUMER CREDIT AND**
**PROTECTION ACT, W. VA. CODE § 46A-6-101, *et. seq.***
**(BROUGHT BY WEST VIRGINIA CLASS AGAINST ANTHEM)**

805.   Plaintiffs incorporate the above allegations by reference.

**HCSC Response:** HCSC incorporates its above responses by reference.

**HCSC Response to 806 to 814:** In response to Paragraphs 806 to 814, HCSC states that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim. HCSC further states that no response is required to Paragraphs 806 to 814 because they do not concern HCSC and contain only legal conclusions and arguments. To the extent a response is required HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in these Paragraphs, and therefore denies the same.

**COUNT X – DATA BREACH STATUTES**
**BROUGHT BY THE STATEWIDE CLASSES BELOW**

**California**
**CALIFORNIA CUSTOMER RECORDS ACT,**
**CAL. CIV. CODE § 1798.80, *et. seq.***
**(BROUGHT BY CALIFORNIA CLASS AGAINST**
**ANTHEM AND ALL OTHER  DEFENDANTS OPERATING IN**
**CALIFORNIA EXCEPT FOR BCBSA)**

815.   Plaintiffs incorporate the above allegations by reference.

**HCSC Response:** HCSC incorporates its above responses by reference.

**HCSC Response to 816 to 825:** In response to Paragraphs 816 to 825, HCSC states that pursuant to Dkt. Nos. 326, 366, no response is required because the

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

allegations in these Paragraphs relate to a claim that is not a Selected Claim. HCSC further states that no response is required to Paragraphs 816 to 825 because they contain only legal conclusions and arguments. To the extent a response is required to the allegations in these Paragraphs, HCSC denies them.

**Colorado**
**COLO. REV. STAT. ANN. § 6-1-716(2),** *et. seq.*
**(BROUGHT BY COLORADO CLASS AGAINST ANTHEM AND ALL ANTHEM AFFILIATES OPERATING IN COLORADO EXCEPT FOR BCBSA)**

826.   Plaintiffs incorporate the above allegations by reference.

**HCSC Response:** HCSC incorporates its above responses by reference.

**HCSC Response to 827 to 833:** In response to Paragraphs 827 to 833, HCSC states that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim. HCSC further states that no response is required to Paragraphs 827 to 833 because they do not concern HCSC and contain only legal conclusions and arguments. To the extent a response is required HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in these Paragraphs, and therefore denies the same.

**Delaware**
**DEL. CODE ANN. TIT. 6 § 12B-102(a),** *et seq.*
**(BROUGHT BY DELAWARE CLASS AGAINST ANTHEM AND ALL ANTHEM AFFILIATES OPERATING IN DELAWARE EXCEPT FOR BCBSA)**

834.   Plaintiffs incorporate the above allegations by reference.

**HCSC Response:** HCSC incorporates its above responses by reference.

**HCSC Response to 835 to 841:** In response to Paragraphs 835 to 841, HCSC states that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim. HCSC

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff. Defenses to 4th Consolidated Am. Class Action Complaint Case No. 5:15-md-02617-LHK

further states that no response is required to Paragraphs 835 to 841 because they do not concern HCSC and contain only legal conclusions and arguments. To the extent a response is required HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in these Paragraphs, and therefore denies the same.

## District of Columbia
### D.C. CODE § 28-3852(a), *et. seq.*
### (BROUGHT BY DISTRICT OF COLUMBIA CLASS AGAINST ANTHEM AND ALL ANTHEM AFFILIATES OPERATING IN THE DISTRICT OF COLUMBIA EXCEPT FOR BCBSA)

842.   Plaintiffs incorporate the above allegations by reference.

**HCSC Response:** HCSC incorporates its above responses by reference.

**HCSC Response to 843 to 849:** In response to Paragraphs 843 to 849, HCSC states that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim. HCSC further states that no response is required to Paragraphs 843 to 849 because they do not concern HCSC and contain only legal conclusions and arguments. To the extent a response is required HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in these Paragraphs, and therefore denies the same.

## Georgia
### GA. CODE ANN. § 10-1-912(a), *et. seq.*
### (BROUGHT BY GEORGIA CLASS AGAINST ANTHEM AND ALL ANTHEM AFFILIATES OPERATING IN GEORGIA EXCEPT FOR BCBSA

850.   Plaintiffs incorporate the above allegations by reference.

**HCSC Response:** HCSC incorporates its above responses by reference.

**HCSC Response to 851 to 857:** In response to Paragraphs 851 to 857, HCSC states that pursuant to Dkt. Nos. 326, 366, no response is required because the

Def. HCSC's Ans.and Aff. Defenses to 4th Consolidated Am. Class Action Complaint Case No. 5:15-md-02617-LHK

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

allegations in these Paragraphs relate to a claim that is not a Selected Claim. HCSC further states that no response is required to Paragraphs 851 to 857 because they do not concern HCSC and contain only legal conclusions and arguments. To the extent a response is required HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in these Paragraphs, and therefore denies the same.

**Hawaii**
**HAW. REV. STAT. § 487N-2(a)**, *et. seq.*
**(BROUGHT BY HAWAII CLASS AGAINST ANTHEM AND ALL ANTHEM AFFILIATES OPERATING IN HAWAII EXCEPT FOR BCBSA)**

858.   Plaintiffs incorporate the above allegations by reference.

**HCSC Response:** HCSC incorporates its above responses by reference.

**HCSC Response to 859 to 865:** In response to Paragraphs 859 to 865, HCSC states that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim. HCSC further states that no response is required to Paragraphs 859 to 865 because they do not concern HCSC and contain only legal conclusions and arguments. To the extent a response is required HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in these Paragraphs, and therefore denies the same.

**Iowa**
**IOWA CODE ANN. § 715C.2(1)**, *et. seq.*
**(BROUGHT BY IOWA CLASS AGAINST ANTHEM AND ALL ANTHEM AFFILIATES OPERATING IN IOWA EXCEPT FOR BCBSA)**

866.   Plaintiffs incorporate the above allegations by reference.

**HCSC Response:** HCSC incorporates its above responses by reference.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff. Defenses to 4th Consolidated Am. Class Action Complaint Case No. 5:15-md-02617-LHK

**HCSC Response to 867 to 873:** In response to Paragraphs 867 to 873, HCSC states that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim. HCSC further states that no response is required to Paragraphs 867 to 873 because they do not concern HCSC and contain only legal conclusions and arguments. To the extent a response is required HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in these Paragraphs, and therefore denies the same.

**Kansas**
**KAN. STAT. ANN. § 50-7a02(a),** *et. seq.*
**(BROUGHT BY KANSAS CLASS AGAINST
ANTHEM AND ALL ANTHEM AFFILIATES
OPERATING IN KANSAS EXCEPT FOR BCBSA)**

874.   Plaintiffs incorporate the above allegations by reference.

**HCSC Response:** HCSC incorporates its above responses by reference.

**HCSC Response to 875 to 881:** In response to Paragraphs 875 to 881, HCSC states that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim. HCSC further states that no response is required to Paragraphs 875 to 881 because they do not concern HCSC and contain only legal conclusions and arguments. To the extent a response is required HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in these Paragraphs, and therefore denies the same.

**Louisiana**
**LA. REV. STAT. ANN. § 51:3074(A),** *et. seq.*
**(BROUGHT BY LOUISIANA CLASS AGAINST
ANTHEM AND ALL ANTHEM AFFILIATES OPERATING IN
LOUISIANA EXCEPT FOR BCBSA)**

882.   Plaintiffs incorporate the above allegations by reference.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

**HCSC Response:** HCSC incorporates its above responses by reference.

**HCSC Response to 883 to 888:** In response to Paragraphs 883 to 888, HCSC states that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim. HCSC further states that no response is required to Paragraphs 883 to 888 because they do not concern HCSC and contain only legal conclusions and arguments. To the extent a response is required HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in these Paragraphs, and therefore denies the same.

**Michigan**
**MICH. COMP. LAWS ANN. § 445.72(1), *et. seq.*
(BROUGHT BY MICHIGAN CLASS AGAINST
ANTHEM AND ALL ANTHEM AFFILIATES OPERATING IN
MICHIGAN EXCEPT FOR BCBSA)**

889.   Plaintiffs incorporate the above allegations by reference.

**HCSC Response:** HCSC incorporates its above responses by reference.

**HCSC Response to 890 to 895:** In response to Paragraphs 890 to 895, HCSC states that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim. HCSC further states that no response is required to Paragraphs 890 to 895 because they do not concern HCSC and contain only legal conclusions and arguments. To the extent a response is required HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in these Paragraphs, and therefore denies the same.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

**New Hampshire**
**N.H. REV. STAT. ANN. § 359-C:20(I)(a), *et. seq.***
**(BROUGHT BY NEW HAMPSHIRE CLASS AGAINST**
**ANTHEM AND ALL ANTHEM AFFILIATES OPERATING IN**
**NEW HAMPSHIRE EXCEPT FOR BCBSA)**

896.   Plaintiffs incorporate the above allegations by reference.

**HCSC Response:** HCSC incorporates its above responses by reference.

**HCSC Response to 897 to 902:** In response to Paragraphs 897 to 902, HCSC states that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim. HCSC further states that no response is required to Paragraphs 897 to 902 because they do not concern HCSC and contain only legal conclusions and arguments. To the extent a response is required HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in these Paragraphs, and therefore denies the same.

**Oregon**
**OR. REV. STAT. ANN. § 646A.604(1), *et. seq.***
**(BROUGHT BY OREGON CLASS AGAINST ANTHEM**
**AND ALL OTHER DEFENDANTS**
**OPERATING IN OREGON EXCEPT FOR BCBSA)**

903.   Plaintiffs incorporate the above allegations by reference.

**HCSC Response:** HCSC incorporates its above responses by reference.

**HCSC Response to 904 to 912:** In response to Paragraphs 904 to 912, HCSC states that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim. HCSC further states that no response is required to Paragraphs 904 to 912 because they contain only legal conclusions and arguments. To the extent a response is required to the allegations in these Paragraphs, HCSC denies them.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff. Defenses to 4th Consolidated Am. Class Action Complaint Case No. 5:15-md-02617-LHK

**South Carolina**
**S.C. CODE ANN. § 39-1-90(A), *et. seq.***
**(BROUGHT BY SOUTH CAROLINA CLASS AGAINST**
**ANTHEM AND ALL ANTHEM AFFILIATES OPERATING IN**
**SOUTH CAROLINA EXCEPT FOR BCBSA)**

913.   Plaintiffs incorporate the above allegations by reference.

**HCSC Response:** HCSC incorporates its above responses by reference.

**HCSC Response to 914 to 919:** In response to Paragraphs 914 to 919, HCSC states that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim. HCSC further states that no response is required to Paragraphs 914 to 919 because they do not concern HCSC and contain only legal conclusions and arguments. To the extent a response is required HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in these Paragraphs, and therefore denies the same.

**Tennessee**
**TENN. CODE ANN. § 47-18-2107(b), *et. seq.***
**(BROUGHT BY TENNESSEE CLASS AGAINST**
**ANTHEM AND ALL ANTHEM AFFILIATES OPERATING IN**
**TENNESSEE EXCEPT FOR BCBSA)**

920.   Plaintiffs incorporate the above allegations by reference.

**HCSC Response:** HCSC incorporates its above responses by reference.

**HCSC Response to 921 to 926:** In response to Paragraphs 921 to 926, HCSC states that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim. HCSC further states that no response is required to Paragraphs 921 to 926 because they do not concern HCSC and contain only legal conclusions and arguments. To the extent a response is required HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in these Paragraphs, and therefore denies the same.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

1

2

3

4

**Virginia**
**VA. CODE ANN. § 18.2-186.6(B),** *et. seq.*
**(BROUGHT BY VIRGINIA CLASS AGAINST**
**ANTHEM AND ALL ANTHEM AFFILIATES OPERATING IN**
**VIRGINIA EXCEPT FOR BCBSA)**

5

927.   Plaintiffs incorporate the above allegations by reference.

6

**HCSC Response:** HCSC incorporates its above responses by reference.

7

8

9

10

11

12

13

14

**HCSC Response to 928 to 933:** In response to Paragraphs 928 to 933, HCSC states that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim. HCSC further states that no response is required to Paragraphs 928 to 933 because they do not concern HCSC and contain only legal conclusions and arguments. To the extent a response is required HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in these Paragraphs, and therefore denies the same.

15

16

17

18

**Washington**
**WASH. REV. CODE ANN. § 19.255.010(1),** *et. seq.*
**(BROUGHT BY WASHINGTON CLASS AGAINST**
**ANTHEM AND ALL ANTHEM AFFILIATES OPERATING IN**
**WASHINGTON EXCEPT FOR BCBSA)**

19

934.   Plaintiffs incorporate the above allegations by reference.

20

**HCSC Response:** HCSC incorporates its above responses by reference.

21

22

23

24

25

26

**HCSC Response to 935 to 940:** In response to Paragraphs 935 to 940, HCSC states that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim. HCSC further states that no response is required to Paragraphs 935 to 940 because they do not concern HCSC and contain only legal conclusions and arguments. To the extent a response is required HCSC is without sufficient knowledge or information to form a

27

28

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

belief about the truth of the allegations in these Paragraphs, and therefore denies the same.

**Wisconsin**
**WIS. STAT. ANN. § 134.98(2), *et. seq.***
**(BROUGHT BY WISCONSIN CLASS AGAINST**
**ANTHEM AND ALL ANTHEM AFFILIATES OPERATING IN**
**WISCONSIN EXCEPT FOR BCBSA)**

941.   Plaintiffs incorporate the above allegations by reference.

**HCSC Response:** HCSC incorporates its above responses by reference.

**HCSC Response to 942 to 947:** In response to Paragraphs 942 to 947, HCSC states that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim. HCSC further states that no response is required to Paragraphs 942 to 947 because they do not concern HCSC and contain only legal conclusions and arguments. To the extent a response is required HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in these Paragraphs, and therefore denies the same.

**Wyoming**
**WYO. STAT. ANN. § 40-12-502(a), *et. seq.***
**(BROUGHT BY WYOMING CLASS AGAINST**
**ANTHEM AND ALL ANTHEM AFFILIATES OPERATING IN**
**WYOMING EXCEPT FOR BCBSA)**

948.   Plaintiffs incorporate the above allegations by reference.

**HCSC Response:** HCSC incorporates its above responses by reference.

**HCSC Response to 949 to 954:** In response to Paragraphs 949 to 954, HCSC states that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim. HCSC further states that no response is required to Paragraphs 949 to 954 because they do not concern HCSC and contain only legal conclusions and arguments. To the extent a

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

response is required HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in these Paragraphs, and therefore denies the same.

### COUNT XI – STATE UNFAIR INSURANCE PRACTICE STATUTES BROUGHT BY THE STATEWIDE CLASSES BELOW

**Arizona**
**ARIZONA UNFAIR INSURANCE PRACTICES STATUTE, (A.R.S. § 20-442, 443, 444) AGAINST ALL DEFENDANTS OPERATING IN ARIZONA EXCEPT FOR BCBSA**

955.   Plaintiffs incorporate the preceding allegations by reference.

**HCSC Response:** HCSC incorporates its above responses by reference.

**HCSC Response to 956 to 959:** In response to Paragraphs 956 to 959, HCSC states that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim. HCSC further states that no response is required to Paragraphs 956 to 959 because they contain only legal conclusions and arguments. To the extent a response is required to the allegations in these Paragraphs, HCSC denies them.

### Massachusetts
**UNFAIR METHODS OF COMPETITION AND UNFAIR AND DECEPTIVE ACTS AND PRACTICES IN THE BUSINESS OF INSURANCE, (MASS. GEN. LAWS ANN. CH. 176D, § 1, et seq.) AGAINST ALL DEFENDANTS OPERATING IN MASSACHUSETTS EXCEPT BCBSA**

960.   Plaintiffs incorporate the above allegations by reference.

**HCSC Response:** HCSC incorporates its above responses by reference.

**HCSC Response to 961 to 964:** In response to Paragraphs 961 to 964, HCSC states that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim. HCSC

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

251

Def. HCSC's Ans.and Aff. Defenses to 4th Consolidated Am. Class Action Complaint Case No. 5:15-md-02617-LHK

further states that no response is required to Paragraphs 961 to 964 because they contain only legal conclusions and arguments. To the extent a response is required to the allegations in these Paragraphs, HCSC denies them.

**New Mexico**
**TRADE PRACTICES AND FRAUDS IN INSURANCE BUSINESS,**
**(N.M. STAT. ANN. § 59A-16-1, *et seq.*) AGAINST**
**ALL DEFENDANTS OPERATING IN**
**NEW MEXICO EXCEPT BCBSA**

965.   Plaintiffs incorporate the above allegations by reference.

**HCSC Response:** HCSC incorporates its above responses by reference.

**HCSC Response to 966 to 969:** In response to Paragraphs 966 to 969, HCSC states that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim. HCSC further states that no response is required to Paragraphs 966 to 969 because they contain only legal conclusions and arguments. To the extent a response is required to the allegations in these Paragraphs, HCSC denies them.

**North Dakota**
**PROHIBITED PRACTICES IN INSURANCE BUSINESS,**
**(N.D. CENT. CODE § 26.1-04-01, *et seq.*) AGAINST**
**ALL DEFENDANTS OPERATING IN**
**NORTH DAKOTA EXCEPT BCBSA**

970.   Plaintiffs incorporate the above allegations by reference.

**HCSC Response:** HCSC incorporates its above responses by reference.

**HCSC Response to 971 to 974:** In response to Paragraphs 971 to 974, HCSC states that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim. HCSC further states that no response is required to Paragraphs 971 to 974 because they contain only legal conclusions and arguments. To the extent a response is required to the allegations in these Paragraphs, HCSC denies them.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

**Texas**
**TEXAS UNFAIR AND DECEPTIVE INSURANCE PRACTICE LAWS,**
**(TEX. INS. CODE §§ 541.003, 541.051, 541.052, 541.061, 541.151)**
**AGAINST ALL DEFENDANTS OPERATING IN TEXAS EXCEPT BCBSA**

975.   Plaintiffs incorporate the above allegations by reference.

**HCSC Response:** HCSC incorporates its above responses by reference.

**HCSC Response to 976 to 979:** In response to Paragraphs 976 to 979, HCSC states that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim. HCSC further states that no response is required to Paragraphs 976 to 979 because they contain only legal conclusions and arguments. To the extent a response is required to the allegations in these Paragraphs, HCSC denies them.

**West Virginia**
**UNFAIR TRADE PRACTICES IN THE BUSINESS OF INSURANCE,**
**(W. VA. CODE § 33-11-1, *et seq.*) AGAINST ALL DEFENDANTS OPERATING**
**IN WEST VIRGINIA EXCEPT BCBSA**

980.   Plaintiffs incorporate the above allegations by reference.

**HCSC Response:** HCSC incorporates its above responses by reference.

**HCSC Response to 981 to 984:** In response to Paragraphs 981 to 984, HCSC states that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim. HCSC further states that no response is required to Paragraphs 981 to 984 because they contain only legal conclusions and arguments. To the extent a response is required to the allegations in these Paragraphs, HCSC denies them.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

1

## COUNT XII: STATE INSURANCE PERSONAL INFORMATION PRIVACY STATUTES
## BROUGHT BY THE STATEWIDE CLASSES BELOW

2

### Arizona
### ARIZONA INSURANCE INFORMATION AND PRIVACY PROTECTION ACT, (A.R.S. §20-2113, § 20-2118(b)) AGAINST ANTHEM AND ANTHEM AFFILIATES OPERATING IN ARIZONA

3

4

5

985.   Plaintiffs incorporate the above allegations by reference.

6

**HCSC Response:** HCSC incorporates its above responses by reference.

7

8

**HCSC Response to 986 to 992:** In response to Paragraphs 986 to 992, HCSC states that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim. HCSC further states that no response is required to Paragraphs 986 to 992 because they do not concern HCSC and contain only legal conclusions and arguments. To the extent a response is required HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in these Paragraphs, and therefore denies the same.

9

10

11

12

13

14

15

16

17

### Connecticut
### CONNECTICUT INSURANCE INFORMATION AND PRIVACY PROTECTION ACT, (CONN. GEN. STAT. §38a-988, 995, 999) AGAINST ANTHEM AND ANTHEM AFFILIATES OPERATING IN CONNECTICUT

18

19

20

993.   Plaintiffs incorporate the above allegations by reference.

21

**HCSC Response:** HCSC incorporates its above responses by reference.

22

**HCSC Response to 994 to 1001:** In response to Paragraphs 994 to 1001, HCSC states that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim. HCSC further states that no response is required to Paragraphs 994 to 1001 because they do not concern HCSC and contain only legal conclusions and arguments. To the extent a response is required HCSC is without sufficient knowledge or information to form a

23

24

25

26

27

28

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

254

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

belief about the truth of the allegations in these Paragraphs, and therefore denies the same.

### Georgia
### GEORGIA INSURANCE INFORMATION AND PRIVACY PROTECTION ACT, (GA. CODE §33-39-14, 21(b)) AGAINST ANTHEM AND ANTHEM AFFILIATES OPERATING IN GEORGIA[32]

**HCSC Response to 1002 to 1008:** No response is required to Paragraphs 1002 to 1008 because pursuant to the Court's Order (D.E. 524), Plaintiffs' claim for relief under the Georgia Insurance Information and Privacy Protection Act has been dismissed, and the allegations in these Paragraphs do not concern the HCSC. Further these Paragraphs contain only legal conclusions and arguments. To the extent a response is required HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in these Paragraphs, and therefore denies the same.

### Illinois
### ILLINOIS INSURANCE INFORMATION AND PRIVACY PROTECTION ACT, (215 ILCS 5/1014, 1021) AGAINST ANTHEM AND ANTHEM AFFILIATES OPERATING IN ILLINOIS

1009. Plaintiffs incorporate the above allegations by reference.

**HCSC Response:** HCSC incorporates its above responses by reference.

**HCSC Response to 1010 to 1016:** In response to Paragraphs 1010 to 1016, HCSC states that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim. HCSC further states that no response is required to Paragraphs 1010 to 1016 because they do not concern HCSC and contain only legal conclusions and arguments. To the extent a response is required HCSC is without sufficient knowledge or information to form a

---

[32] Plaintiffs acknowledge that the Court dismissed with prejudice Plaintiffs' Georgia IIPA claim. Plaintiffs re-allege this claim here solely to preserve it for appeal.

belief about the truth of the allegations in these Paragraphs, and therefore denies the same.

### Maine
### MAINE INSURANCE INFORMATION AND PRIVACY PROTECTION ACT, (ME. REV. STAT. 24-A, § 2215(1), 24-A, § 2217(2)) AGAINST ANTHEM AND ANTHEM AFFILIATES OPERATING IN MAINE

1017. Plaintiffs incorporate the above allegations by reference.

**HCSC Response:** HCSC incorporates its above responses by reference.

**HCSC Response to 1018 to 1023:** In response to Paragraphs 1018 to 1023, HCSC states that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim. HCSC further states that no response is required to Paragraphs 1018 to 1023 because they do not concern HCSC and contain only legal conclusions and arguments. To the extent a response is required HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in these Paragraphs, and therefore denies the same.

### Massachusetts
### MASSACHUSETTS INSURANCE INFORMATION AND PRIVACY PROTECTION ACT, (MASS. GEN. LAWS CH. 175I, § 1, *et seq.*) AGAINST ANTHEM AND ANTHEM AFFILIATES OPERATING IN MASSACHUSETTS

1024. Plaintiffs incorporate the above allegations by reference.

**HCSC Response:** HCSC incorporates its above responses by reference.

**HCSC Response to 1025 to 1031:** In response to Paragraphs 1025 to 1031, HCSC states that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim. HCSC

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff. Defenses to 4th Consolidated Am. Class Action Complaint Case No. 5:15-md-02617-LHK

1
2
3
4
5

further states that no response is required to Paragraphs 1025 to 1031 because they do not concern HCSC and contain only legal conclusions and arguments. To the extent a response is required HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in these Paragraphs, and therefore denies the same.

6
7
8
9

**Minnesota**
**MINNESOTA INSURANCE FAIR INFORMATION REPORTING ACT, (MINN. STAT. § 72A.49, *et seq*.) AGAINST ANTHEM AND ANTHEM AFFILIATES OPERATING IN MINNESOTA**

10

1032. Plaintiffs incorporate the above allegations by reference.

11

**HCSC Response:** HCSC incorporates its above responses by reference.

12
13
14
15
16
17
18
19

**HCSC Response to 1033 to 1039:** In response to Paragraphs 1033 to 1039, HCSC states that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim. HCSC further states that no response is required to Paragraphs 1033 to 1039 because they do not concern HCSC and contain only legal conclusions and arguments. To the extent a response is required HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in these Paragraphs, and therefore denies the same.

20
21
22
23

**Montana**
**MONTANA INSURANCE INFORMATION AND PRIVACY PROTECTION ACT,  (MONT. CODE § 33-19-101, *et seq*.) AGAINST ANTHEM AND ANTHEM AFFILIATES OPERATING IN MONTANA**

24

1040. Plaintiffs incorporate the above allegations by reference.

25

**HCSC Response:** HCSC incorporates its above responses by reference.

26
27

**HCSC Response to 1041 to 1047:** In response to Paragraphs 1041 to 1047, HCSC states that pursuant to Dkt. Nos. 326, 366, no response is required because the

28

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff. Defenses to 4th Consolidated Am. Class Action Complaint Case No. 5:15-md-02617-LHK

allegations in these Paragraphs relate to a claim that is not a Selected Claim. HCSC further states that no response is required to Paragraphs 1041 to 1047 because they do not concern HCSC and contain only legal conclusions and arguments. To the extent a response is required HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in these Paragraphs, and therefore denies the same.

**New Jersey**
**NEW JERSEY INSURANCE INFORMATION PRACTICES ACT, (N.J. STAT. § 17:23A-1, *et seq.*) AGAINST ANTHEM AND ANTHEM AFFILIATES OPERATING IN NEW JERSEY**

1048. Plaintiffs incorporate the above allegations by reference.

**HCSC Response:** HCSC incorporates its above responses by reference.

**HCSC Response to 1049 to 1055:** In response to Paragraphs 1049 to 1067, HCSC states that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim. HCSC further states that no response is required to Paragraphs 1049 to 1055 because they do not concern HCSC and contain only legal conclusions and arguments. To the extent a response is required HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in these Paragraphs, and therefore denies the same.

**North Carolina**
**NORTH CAROLINA CONSUMER AND CUSTOMER INFORMATION PRIVACY ACT, (N.C. GEN. STAT. § 58-39-1, *et seq.*) AGAINST ANTHEM AND ANTHEM AFFILIATES OPERATING IN NORTH CAROLINA**

1056. Plaintiffs incorporate the above allegations by reference.

**HCSC Response:** HCSC incorporates its above responses by reference.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

**HCSC Response to 1057 to 1063:** In response to Paragraphs 1057 to 1063, HCSC states that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim. HCSC further states that no response is required to Paragraphs 1057 to 1063 because they do not concern HCSC and contain only legal conclusions and arguments. To the extent a response is required HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in these Paragraphs, and therefore denies the same.

## Ohio
## OHIO INSURANCE TRANSACTION INFORMATION STANDARDS LAW, (OHIO REV. CODE § 3904.13, §3904.21(b) AGAINST ANTHEM AND ANTHEM AFFILIATES OPERATING IN OHIO

1064. Plaintiffs incorporate the above allegations by reference.

**HCSC Response:** HCSC incorporates its above responses by reference.

**HCSC Response to 1065 to 1071:** In response to Paragraphs 1065 to 1071, HCSC states that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim. HCSC further states that no response is required to Paragraphs 1065 to 1071 because they do not concern HCSC and contain only legal conclusions and arguments. To the extent a response is required HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in these Paragraphs, and therefore denies the same.

## Oregon
## OREGON USE AND DISCLOSURE OF INSURANCE INFORMATION, (OR. REV. STAT. § 746.600, *et seq.*) AGAINST ANTHEM AND ANTHEM AFFILIATES OPERATING IN OREGON

1072. Plaintiffs incorporate the above allegations by reference.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

1    **HCSC Response:** HCSC incorporates its above responses by reference.

2    **HCSC Response to 1073 to 1081:** In response to Paragraphs 1073 to 1081,

3    HCSC states that pursuant to Dkt. Nos. 326, 366, no response is required because the

4    allegations in these Paragraphs relate to a claim that is not a Selected Claim. HCSC

5    further states that no response is required to Paragraphs 1073 to 1081 because they do

6    not concern HCSC and contain only legal conclusions and arguments. To the extent a

7    response is required HCSC is without sufficient knowledge or information to form a

8    belief about the truth of the allegations in these Paragraphs, and therefore denies the

9    same.

10

11    **COUNT XIII: STATE MEDICAL AND HEALTH INFORMATION**
   **PRIVACY STATUTES BROUGHT BY THE**
12    **STATEWIDE CLASSES BELOW**

13    **California**
   **CALIFORNIA CONFIDENTIALITY OF MEDICAL INFORMATION ACT,**
14    **(CIVIL CODE §56 *et seq.*) AGAINST ANTHEM AND ANTHEM**
   **AFFILIATES OPERATING IN CALIFORNIA**

15    1082. Plaintiffs incorporate the above allegations by reference.

16    **HCSC Response:** HCSC incorporates its above responses by reference.

17    **HCSC Response to 1083 to 1091:** In response to Paragraphs 1083 to 1091,

18    HCSC states that pursuant to Dkt. Nos. 326, 366, no response is required because the

19    allegations in these Paragraphs relate to a claim that is not a Selected Claim. HCSC

20    further states that no response is required to Paragraphs 1083 to 1091 because they do

21    not concern HCSC and contain only legal conclusions and arguments. To the extent a

22    response is required HCSC is without sufficient knowledge or information to form a

23    belief about the truth of the allegations in these Paragraphs, and therefore denies the

24    same.

25

26

27    **Maryland**
   **MARYLAND DISCLOSURE REQUIREMENTS FOR**

28

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

**INSURERS, (MD. CODE, INS. § 4-403) AGAINST ANTHEM AND ANTHEM AFFILIATES OPERATING IN MARYLAND**

1092. Plaintiffs incorporate the above allegations by reference.

**HCSC Response:** HCSC incorporates its above responses by reference.

**HCSC Response to 1093 to 1098:** In response to Paragraphs 1093 to 1098, HCSC states that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim. HCSC further states that no response is required to Paragraphs 1093 to 1098 because they do not concern HCSC and contain only legal conclusions and arguments. To the extent a response is required HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in these Paragraphs, and therefore denies the same.

**MARYLAND DISCLOSURE REQUIREMENTS FOR NONPROFIT HEALTH SERVICE PLANS, (MD. CODE, INS. § 14-138) AGAINST ANTHEM AND ANTHEM AFFILIATES OPERATING IN MARYLAND**

1099. Plaintiffs incorporate the above allegations by reference.

**HCSC Response:** HCSC incorporates its above responses by reference.

**HCSC Response to 1100 to 1105:** In response to Paragraphs 1100 to 1105, HCSC states that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim. HCSC further states that no response is required to Paragraphs 1100 to 1105 because they do not concern HCSC and contain only legal conclusions and arguments. To the extent a response is required HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in these Paragraphs, and therefore denies the same.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff. Defenses to 4th Consolidated Am. Class Action Complaint Case No. 5:15-md-02617-LHK

**MARYLAND CONFIDENTIALITY OF MEDICAL RECORDS ACT, (MD. CODE, HEALTH-GEN. § 4-301, *et seq.*) AGAINST ANTHEM AND ANTHEM AFFILIATES OPERATING IN MARYLAND**

1106. Plaintiffs incorporate the above allegations by reference.

**HCSC Response:** HCSC incorporates its above responses by reference.

**HCSC Response to 1107 to 1112:** In response to Paragraphs 1107 to 1112, HCSC states that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim. HCSC further states that no response is required to Paragraphs 1107 to 1112 because they do not concern HCSC and contain only legal conclusions and arguments. To the extent a response is required HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in these Paragraphs, and therefore denies the same.

**Minnesota**
**MINNESOTA HEALTH RECORDS ACT, (MINN. STAT. § 144.291, *et seq.*) AGAINST ANTHEM AND ANTHEM AFFILIATES OPERATING IN MINNESOTA**

1113. Plaintiffs incorporate the above allegations by reference.

**HCSC Response:** HCSC incorporates its above responses by reference.

**HCSC Response to 1114 to 1118:** In response to Paragraphs 1114 to 1118, HCSC states that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim. HCSC further states that no response is required to Paragraphs 1114 to 1118 because they do not concern HCSC and contain only legal conclusions and arguments. To the extent a response is required HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in these Paragraphs, and therefore denies the same.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff. Defenses to 4th Consolidated Am. Class Action Complaint Case No. 5:15-md-02617-LHK

**Rhode Island**
**RHODE ISLAND CONFIDENTIALITY OF HEALTH CARE**
**INFORMATION ACT, (R.I. GEN. LAWS § 5-37.3-1, *et seq.*)**
**AGAINST ANTHEM AND ANTHEM AFFILIATES**
**OPERATING IN RHODE ISLAND**

1119. Plaintiffs incorporate the above allegations by reference.

**HCSC Response:** HCSC incorporates its above responses by reference.

**HCSC Response to 1120 to 1125:** In response to Paragraphs 1120 to 1125, HCSC states that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim. HCSC further states that no response is required to Paragraphs 1120 to 1125 because they do not concern HCSC and contain only legal conclusions and arguments. To the extent a response is required HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in these Paragraphs, and therefore denies the same.

**Virginia**
**VIRGINIA INSURANCE INFORMATION AND PRIVACY**
**PROTECTION ACT, (VA. CODE § 38.2-600, *et seq.*) AGAINST**
**ANTHEM AND ANTHEM AFFILIATES OPERATING IN VIRGINIA**

1126. Plaintiffs incorporate the above allegations by reference.

**HCSC Response:** HCSC incorporates its above responses by reference.

**HCSC Response to 1127 to 1133:** In response to Paragraphs 1127 to 1133, HCSC states that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim. HCSC further states that no response is required to Paragraphs 1127 to 1133 because they do not concern HCSC and contain only legal conclusions and arguments. To the extent a response is required HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in these Paragraphs, and therefore denies the same.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

**VIRGINIA HEALTH RECORDS PRIVACY STATUTE,
(VA. CODE § 32.1-127.1:03) AGAINST ANTHEM AND ANTHEM
AFFILIATES OPERATING IN VIRGINIA**

1134. Plaintiffs incorporate the above allegations by reference.

**HCSC Response:** HCSC incorporates its above responses by reference.

**HCSC Response to 1135 to 1141:** In response to Paragraphs 1135 to 1141, HCSC states that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim. HCSC further states that no response is required to Paragraphs 1135 to 1141 because they do not concern HCSC and contain only legal conclusions and arguments. To the extent a response is required HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in these Paragraphs, and therefore denies the same.

**Washington**
**WASHINGTON UNIFORM HEALTH CARE INFORMATION ACT,
(WASH. REV. CODE §70.02.045, § 70.02.170) AGAINST ANTHEM
AND ANTHEM AFFILIATES OPERATING IN WASHINGTON**

1142. Plaintiffs incorporate the above allegations by reference.

**HCSC Response:** HCSC incorporates its above responses by reference.

**HCSC Response to 1143 to 1147:** In response to Paragraphs 1143 to 1147, HCSC states that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim. HCSC further states that no response is required to Paragraphs 1143 to 1147 because they do not concern HCSC and contain only legal conclusions and arguments. To the extent a response is required HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in these Paragraphs, and therefore denies the same.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

**Wisconsin**

## WISCONSIN INSURANCE MEDICAL INFORMATION PRIVACY STATUTE, (WIS. STAT. § 610.70) AGAINST ANTHEM AND ANTHEM AFFILIATES OPERATING IN WISCONSIN

1148. Plaintiffs incorporate the above allegations by reference.

**HCSC Response:** HCSC incorporates its above responses by reference.

**HCSC Response to 1149 to 1155:**  In response to Paragraphs 1149 to 1155, HCSC states that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim. HCSC further states that no response is required to Paragraphs 1149 to 1155 because they do not concern HCSC and contain only legal conclusions and arguments. To the extent a response is required HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in these Paragraphs, and therefore denies the same.

## WISCONSIN CONFIDENTIALITY OF HEATH RECORDS LAW, (WIS. STAT. § 146.82(5), §142.84) AGAINST ANTHEM AND ANTHEM AFFILIATES OPERATING IN WISCONSIN

1156. Plaintiffs incorporate the above allegations by reference.

**HCSC Response:** HCSC incorporates its above responses by reference.

**HCSC Response to 1157 to 1163:** In response to Paragraphs 1157 to 1163, HCSC states that pursuant to Dkt. Nos. 326, 366, no response is required because the allegations in these Paragraphs relate to a claim that is not a Selected Claim. HCSC further states that no response is required to Paragraphs 1157 to 1163because they do not concern HCSC and contain only legal conclusions and arguments. To the extent a response is required HCSC is without sufficient knowledge or information to form a belief about the truth of the allegations in these Paragraphs, and therefore denies the same.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff. Defenses to 4th Consolidated Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

## VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and the 53 Statewide Classes, seek the following relief:

A.      An order certifying this action as a class action under Fed. R. Civ. P. 23, defining the Classes as requested herein, appointed the undersigned as Class counsel, and finding that Plaintiffs are proper representatives of the Classes requested herein.

B.      Plaintiffs request injunctive relief. Awarding injunctive and other equitable relief as is necessary to protect the interests of the Classes, including (i) an order prohibiting Defendants from engaging in the wrongful and unlawful acts described herein; (ii) requiring Defendants to protect all data collected or received through the course of their business in accordance with HIPAA regulations, the Gramm-Leach Bliley Act, other federal, state and local laws, and best practices under industry standards; (iii) requiring Defendants to design, maintain, and test their computer systems to ensure that Personal Information in their possession is adequately secured and protected; (iv) requiring Defendants to disclose any future data breaches in a timely and accurate manner; (v) requiring Defendants to engage third-party security auditors as well as internal security personnel to conduct testing, including simulated attacks, penetration tests, and audits on Defendants' systems on a periodic basis and ordering them to promptly correct any problems or issues detected by these auditors; (vi) requiring Defendants to audit, test, and train their security personnel to run automated security monitoring, aggregating, filtering and reporting on log information in a unified manner; (vii) requiring Defendants to implement multi-factor authentication requirements; (viii) requiring Defendants' employees to change their passwords on a timely and regular basis, consistent with best practices; (ix) requiring Defendants to encrypt all Personal Information; (x) requiring Defendants to audit, test, and train its security personnel regarding any new or modified procedures; (xi)

Def. HCSC's Ans.and Aff. Defenses to 4th Consolidated Am. Class Action Complaint Case No. 5:15-md-02617-LHK

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

requiring Anthem to segment data by, among other things, creating firewalls and access controls so that if one area of the Anthem network is compromised, hackers cannot gain access to other portions of Anthem's systems; (xii) requiring Defendants to purge, delete, and destroy in a reasonably secure and timely manner Personal Information no longer necessary for their provision of services; (xiii) requiring Defendants to conduct regular database scanning and securing checks; (xiv) requiring Defendants to routinely and continually conduct internal training and education to inform internal security personnel how to identify and contain a breach when it occurs and what to do in response to a breach; (xv) requiring Defendants to provide lifetime credit monitoring and identity theft repair services to members of the Classes; and (xvi) requiring Defendants to educate all class members about the threats they face as a result of the loss of their Personal Information to third parties, as well as steps Class Members must take to protect themselves.

C.     Plaintiffs also request actual damages, punitive damages, treble damages, statutory damages, exemplary damages, equitable relief, restitution, disgorgement of profits, attorney's fees, statutory costs, and such other and further relief as is just and proper. Plaintiffs seek attorneys' fees under California Code of Civil Procedure 1021.5, and similar statutes under other state laws.

**HCSC Response:** HCSC admits that Plaintiffs are requesting the relief described in this Paragraph. HCSC denies that any of the relief requested should be awarded.

## VIII.  DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all triable issues.

**HCSC Response:** HCSC demands a trial by jury on all triable issues.

## **GENERAL DENIAL**

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

HCSC denies that Plaintiffs are entitled to any of the relief sought in the Fourth Consolidated Amended Class Action Complaint and specifically denies that Plaintiffs are entitled to the relief sought in the Paragraph entitled "Prayer for Relief" in the Complaint.

HCSC denies each and every allegation contained in the Complaint, except as specifically admitted herein, and any allegation admitted is admitted only as to specific facts and not as to any conclusions, characterizations, implications, innuendos, or speculation contained in the Fourth Consolidated Amended Class Action Complaint. HCSC denies any allegations contained in headings, headers, footnotes, or unnumbered Paragraphs. HCSC reserves the right to supplement this Answer, and reserves any and all affirmative defenses available to it.

## AFFIRMATIVE DEFENSES

Pursuant to, and pending further investigation and discovery, HCSC asserts the following affirmative defenses to the Fourth Consolidated Amended Class Action Complaint, without assuming the burden of proving any fact, issue, element, or cause of action, where such burden otherwise would be on Plaintiffs. Investigation continues, and HCSC reserves the right to amend or supplement its Answer and Affirmative Defenses to add any additional factual allegations and affirmative defenses or other defenses as additional information is obtained. In support of its affirmative defenses, HCSC alleges as follows:

### First Affirmative Defense

Plaintiffs have failed to state a claim upon which relief can be granted. No set of facts that can be proven supports Plaintiffs' claims against HCSC. Therefore, Plaintiffs are not entitled to any relief.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff. Defenses to 4th Consolidated Am. Class Action Complaint Case No. 5:15-md-02617-LHK

### Second Affirmative Defense

Plaintiffs' claims in Count VI are barred by the United States' sovereign immunity because a judgment in this case "would expend itself on the public treasury or domain" in that the carrier's allowable administrative expenses under the Service Benefit Plan are paid from the U.S. Treasury. *Dugan v. Rank*, 372 U.S. 609, 620 (1963). Plaintiffs' claims in Count VI also are barred by the United States' sovereign immunity because the judgment in this case would "interfere with the public administration" and because "the effect of the judgment would be to restrain the Government from acting, or to compel it to act." *Id.*

### Third Affirmative Defense

Plaintiffs' claims fail, in whole or in part, to the extent necessary and indispensable parties to this action have not been joined under Fed. R. Civ. P. 19, prohibiting this action from proceeding in equity and good conscience among the parties presently before the Court. HCSC specifically reserves the right to implead such parties.

### Fourth Affirmative Defense

Plaintiffs have failed, refused, and/or neglected to mitigate or avoid their damages, if any.

### Fifth Affirmative Defense

Plaintiffs have not suffered any damages or harm by reason of the conduct alleged and lack standing to bring suit.

### Sixth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because they are preempted by the filed-rate doctrine and/or state action doctrine at both the federal and state levels.

### Seventh Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by such equitable defenses as waiver, estoppel, laches, unclean hands, and/or unjust enrichment.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff. Defenses to 4th Consolidated Am. Class Action Complaint Case No. 5:15-md-02617-LHK

**Eighth Affirmative Defense**

Plaintiffs' claims are barred to the extent that Plaintiffs are responsible for any injury alleged herein.

**Ninth Affirmative Defense**

No act or omission on the part of HCSC was the proximate cause of Plaintiffs' alleged damages.

**Tenth Affirmative Defense**

Plaintiffs' damages were caused solely by the acts or omissions of some other person or party over whom HCSC had no control or right of control.

**Eleventh Affirmative Defense**

Plaintiffs' claims fail, in whole or in part, due to a superseding or intervening proximate cause.

**Twelfth Affirmative Defense**

Plaintiffs are barred, in whole or in part, from asserting tort claims pursuant to the economic loss doctrine.

**Thirteenth Affirmative Defense**

Plaintiffs' state law claims are preempted by federal law.

**Fourteenth Affirmative Defense**

Plaintiffs' equitable claims fail because they have an adequate remedy at law.

**Fifteenth Affirmative Defense**

Plaintiffs' claims are barred, in whole or in part, by their failure to exhaust mandatory administrative and/or contractual remedies.

**Sixteenth Affirmative Defense**

HCSC and its divisions, affiliates, or purported "health plans" named or referred to in the Fourth Consolidated Amended Complaint are not agents of any other Defendant.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

**Seventeenth Affirmative Defense**

Plaintiffs' claims fail, in whole or in part, to the extent they are based on the HCSC's failure to disclose information that HCSC had no duty to disclose.

**Eighteenth Affirmative Defense**

Plaintiffs' claims fail, in whole or in part, to the extent Plaintiffs or Plaintiffs' assignees failed to satisfy any conditions or obligations which Plaintiffs' or other third-parties' agreements with HCSC or its divisions or affiliates (or any other agreements upon which Plaintiffs base their claims) require in order to enforce rights and benefits under the terms of the agreements.

**Nineteenth Affirmative Defense**

Plaintiffs' claims are barred, in whole or in part, to the extent that any applicable statute of limitations and/or contractual limitations period has lapsed.

**Twentieth Affirmative Defense**

Plaintiffs' claims are barred, in whole or in part, by the doctrine of accord and satisfaction and/or release.

**Twenty-First Affirmative Defense**

Plaintiffs' claims are barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

**Twenty-Second Affirmative Defense**

Plaintiffs' claims fail, in whole or in part, due to lack of privity with HCSC.

**Twenty-Third Affirmative Defense**

Plaintiffs' recovery is barred, in whole or in part, to the extent any damages suffered by Plaintiffs were proximately caused, in whole or in part, by persons and/or entities that are neither agents nor employees of the HCSC, and no legal or factual basis exists for imposing liability upon HCSC for the acts or omissions of any such other persons and/or entities.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

271

### Twenty-Fourth Affirmative Defense

The claims of certain members of the purposed classes are completely preempted by ERISA. Certain members of the proposed classes are precluded from recovering punitive damages or attorneys' fees, pursuant to ERISA. Plaintiffs' ERISA claims are barred because the HCSC complied with the terms of the relevant ERISA plans. Plaintiffs' claims are barred because HCSC is not the plan "administrator" as defined by ERISA.

### Twenty-Fifth Affirmative Defense

Plaintiffs were fully informed of and agreed to all material terms in any agreements between the parties, and ratified their agreements to these terms through repeated contract renewals.

### Twenty-Sixth Affirmative Defense

To the extent Plaintiffs claim exemplary or punitive damages, such awards are prohibited under the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. Alternatively, to the extent Plaintiffs claim exemplary or punitive damages, they fail to allege claims sufficient to entitle them to such an award.

### Twenty-Seventh Affirmative Defense

Plaintiffs' claims are barred because Plaintiffs did not rely upon any alleged misrepresentations or omissions of HCSC or, alternatively, such reliance was not reasonable or justified.

### Twenty-Eighth Affirmative Defense

Plaintiffs' claims are barred by the Statue of Frauds to the extent that Plaintiffs' claims are based on oral representations.

### Twenty-Ninth Affirmative Defense

Plaintiffs' claims fail to the extent the statutes and regulations upon which Plaintiffs rely do not provide individuals such as Plaintiffs with a private right of action.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

272

### Thirtieth Affirmative Defense

Plaintiffs' claims fail, in whole or in part, due to the absence of any material misrepresentations, misleading disclosures, and/or omissions made by HCSC to Plaintiffs upon which Plaintiffs could have reasonably or justifiably relied.

### Thirty-First Affirmative Defense

Plaintiffs' claims based on allegations of fraud, non-disclosure and/or misrepresentation fail, in whole or in part, because HCSC lacks the requisite scienter, including specific intent and/or willfulness, necessary to establish "fraud," nondisclosure and/or misrepresentation.

### Thirty-Second Affirmative Defense

Plaintiffs' fraud and/or misrepresentation claims, or claims based on allegations of fraud and/or misrepresentation, are barred, in whole or in part, under the doctrine of primary jurisdiction to the extent they raise issues within the jurisdiction and special expertise of relevant State or federal administrative agencies.

### Thirty-Third Affirmative Defense

Plaintiffs have received all benefits due them under the terms of their health plans.

### Thirty-Fourth Affirmative Defense

To the extent that Plaintiffs have suffered any damages from conduct attributable to the HCSC, such damages must be reduced in whole or in part by an appropriate set off where Plaintiffs also received payment for damages from third parties.

### <u>Reservation of Rights</u>

HCSC reserves the right to assert and pursue additional defenses, including any that become known through discovery or otherwise. HCSC adopts by reference any defense, not otherwise expressly set forth herein, that is or will be pleaded by any other Defendant in this action.

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

273

DATED: March 17, 2017

KIRKLAND & ELLIS LLP


/s/  Brian P. Kavanaugh

Brian P. Kavanaugh (SBN 6270046)
Luke C. Ruse (SBN 6296476)
Jessica L. Staiger (SBN 6295820)
Tim Pickert (SBN 6313725)
Ryan M. Lawrence (SBN 6320975)
300 North LaSalle Street
Chicago, IL  60654
Tel:  (312) 862-2000
Fax:  (312) 862-2200
brian.kavanaugh@kirkland.com
luke.ruse@kirkland.com
jessica.staiger@kirkland.com
tim.pickert@kirkland.com
ryan.lawrence@kirkland.com

*Attorneys for Defendants*
*Blue Cross and Blue Shield of Illinois*
*and Blue Cross and Blue Shield of Texas,*
*divisions of Health Care Service Corporation,*
*A Mutual Legal Reserve Company*

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

**Certificate of Service**

I hereby certify that on March 17, 2017, I caused a copy of the foregoing, DEFENDANTS BLUE CROSS AND BLUE SHIELD OF ILLINOIS AND BLUE CROSS AND BLUE SHIELD OF TEXAS'S ANSWER TO FOURTH CONSOLIDATED AMENDED CLASS ACTION COMPLAINT, to be filed via the Court's CM/ECF system, which will send a notice of electronic filing to all parties and counsel of record registered in this case with the Court's electronic filing system.

/s/ Brian P. Kavanaugh
*Attorney for Defendants*
*Blue Cross and Blue Shield of Illinois*
*and Blue Cross and Blue Shield of Texas,*
*divisions of Health Care Service Corporation,*
*A Mutual Legal Reserve Company*

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Def. HCSC's Ans.and Aff.
Defenses to 4th Consolidated
Am. Class Action Complaint
Case No. 5:15-md-02617-LHK