# TAB 172

ALTSHULER BERZON LLP
EVE CERVANTEZ (SBN 164709)
ecervantez@altshulerberzon.com
JONATHAN WEISSGLASS (SBN 185008)
jweissglass@altshulerberzon.com
DANIELLE E. LEONARD (SBN 218201)
dleonard@altshulerberzon.com
MEREDITH A. JOHNSON (SBN 291018)
mjohnson@altshulerberzon.com
TONY LOPRESTI (SBN 289269)
tlopresti@altshulerberzon.com
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064

Cohen Milstein Sellers & Toll PLLC
Andrew N. Friedman (admitted *pro hac vice*)
afriedman@cohenmilstein.com
GEOFFREY GRABER (SBN 211547)
ggraber@cohenmilstein.com
Sally M. Handmaker (SBN 281186)
shandmaker@cohenmilstein.com
ERIC KAFKA (admitted *pro hac vice*)
ekafka@cohenmilstein.com
1100 New York Ave. NW
Suite 500, West Tower
Washington, DC 20005
Telephone:  (202) 408-4600
Facsimile:   (202) 408-4699

*Lead Plaintiffs' Counsel*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| **IN RE ANTHEM, INC. DATA BREACH LITIGATION** | Case No. 15-md-02617-LHK (NC) <br><br> **DECLARATION OF ERIC H. GIBBS IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** <br><br> Date: June 29, 2017 <br> Time: 1:30 p.m. <br> Judge: Lucy H. Koh |

I, Eric H. Gibbs, declare as follows:

1.      I am a founding partner of Girard Gibbs LLP. I am admitted to practice in California, the Ninth Circuit, and all California federal district courts. I have personal knowledge of the matters discussed herein, and, if called as a witness, could testify competently thereto.  I am submitting this declaration in support of Plaintiffs' Motion for Class Certification.

2.      My firm has been actively involved in this litigation since February 2015, and I have served on the two-member Plaintiffs' Steering Committee since being appointed to that position by this Court on September 11, 2015.

3.      Girard Gibbs has dedicated considerable time and resources to this case and is fully committed to and capable of continuing to aggressively prosecute this litigation, as we have in many previous cases. *See, e.g.,* Order of Final Approval and Judgment at 7-8, *Skold v. Intel Corp.*, No. 1-05-CV-039231, Doc. 589 (Cal. Super. Ct., Santa Clara Cnty. Jan. 22, 2015) (Judge Kirwan wrote, "It is abundantly clear that Class Counsel [Girard Gibbs] invested an incredible amount of time and costs in a case which lasted approximately 10 years with no guarantee that they would prevail …. Simply put, Class Counsel earned their fees in this case."). I know of no conflicts that would impede our ability to continue to vigorously prosecute this case.

4.      Throughout the course of my firm's involvement in this litigation, our lawyers have worked cooperatively with attorneys from Cohen Milstein, Altshuler Berzon, and Lieff Cabraser, as well as with other attorneys representing Plaintiffs. We take great pride in our ability to work well with other firms and believe it is a major reason why we have been selected to serve as part of 34 MDL leadership teams—as lead or co-lead counsel in 17 MDLs and as liaison counsel or a member of an executive or steering committee in 17 others.

5.      I, along with other attorneys from Girard Gibbs, have extensive experience litigating consumer class actions. *See, e.g., Mitchell v. American Fair Credit Assoc.*, Case No. 785811-2 (Cal. Super. Ct. Alameda Cnty.) (Judge Sabraw wrote, "They are experienced and knowledgeable counsel and have significant breadth of experience in terms of consumer class actions"). Girard Gibbs is a 35-lawyer national litigation firm dedicated to representing plaintiffs, primarily in class, collective, and

1  mass actions in state and federal courts. The firm serves clients in consumer protection, data breach,

2  privacy, antitrust, securities, whistleblower, mass torts, personal injury, and employment cases.

3  Among the "Best Law Firms" for mass tort and class action litigation, Girard Gibbs has been

4  recognized as a top-tier, "Tier 1," law firm (*U.S. News & World Report's* 2013-2015) and has been

5  named to the *National Law Journal's* elite "Plaintiffs' Hot List," a selection of top U.S. plaintiffs'

6  firms recognized for wins in high-profile cases. Eighteen of the firm's attorneys have been selected as

7  2016 Northern California Super Lawyers or Rising Stars. I have personally received the distinction of

8  being included in the "Top 100 Super Lawyers" in Northern California and *The Best Lawyers in*

9  *America* (2012-2016). Last year, I was honored among the *Daily Journal's* "Top Plaintiff Lawyers in

10  California for 2016" and as a *Law 360* "2016 Consumer Protection MVP." Additional information

11  about our firm's cases and accomplishments can be found at our firm's website,

12  http://www.girardgibbs.com.

13       6.      With one of the most extensive data breach and privacy litigation résumés in the

14  country, Girard Gibbs is especially qualified to continue to represent individuals affected by the

15  Anthem breach. Girard Gibbs attorneys have, in court-appointed leadership roles, successfully

16  prosecuted many sophisticated and complex data breach and privacy class actions, including:

17  (1)  *In re Adobe Systems Inc. Privacy Litigation*, Case No. 5:13-cv-05226-LHK (N.D. Cal.),

18       ▪  In 2014, this Court appointed me as sole lead counsel for putative classes bringing

19          claims against Adobe. After we opposed Adobe's motion to dismiss, this Court held that

20          the *Adobe* plaintiffs had Article III standing in a watershed opinion that has been widely

21          followed by district and appellate courts across the country. I subsequently led negotiations

22          of a settlement achieving robust injunctive relief, without requiring the class members to

23          release any claims.

24  (2)  *In re Vizio, Inc., Consumer Privacy Litigation*, Case No. 8:16-ml-02693 (C.D. Cal.),

25       ▪  As co-lead counsel in this privacy litigation, I represent consumers whose Vizio smart

26          TVs surreptitiously collected and transmitted their private information. The litigation is

27          ongoing, and Judge Staton recently denied Vizio's motion to dismiss as to several of our

28          key claims.

(3) *Smith v. Regents of the University of California, San Francisco [UCSF]*, No. RG-08-410004 (Cal. Super. Ct. Alameda Cnty.),

- As class counsel in this healthcare privacy litigation regarding UCSF's disclosure of confidential medical records to a third party, the Court accepted our reasoning, and issued the first ruling certifying a litigation class under the California Confidentiality of Medical Information Act. Upon approving the settlement, the court stated that we had "achieved a substantial benefit to the entire class and the public at large."

(4) *Whitaker v. Health Net of Cal., Inc.*, No. 11-cv-00910 (E.D. Cal.), and *Shurtleff v. Health Net of Cal., Inc.*, No. 34-2012-00121600 (Cal. Sup. Ct. Sacramento Cnty.).

- As co-lead counsel in this early healthcare data breach case, I helped withstand dispositive motion practice and negotiate a favorable settlement for monetary and injunctive relief.

(5) *Fero v. Excellus Health Plan, Inc.*, Case No. 6:15-cv-06569 (W.D.N.Y.),

- In my court-appointed role on the two-member Executive Committee, I represent Excellus members whose health insurance data was compromised by hackers starting in 2013. After our opposition to the motion to dismiss, the court allowed numerous claims to survive, including claims for negligence, breach of contract, and violation of New York's General Business Law.

(6) *In re Banner Health Data Breach Litigation*, Case No. 2:16-cv-02696 (D. Ariz.),

- In my court-appointed role on the two-member Executive Committee, I continue to represent individuals who had personal information compromised in the Banner data breach.

(7) *In re Lenovo Adware Litigation*, Case No. 4:15-md-02624-HSG (N.D. Cal.),

- As co-lead counsel in this ongoing privacy case, Girard Gibbs attorneys represent individuals who purchased Lenovo computers that contained spyware. Before leaving the bench, Judge Whyte granted plaintiffs' motion to certify a nationwide class and California subclass, both asserting claims under California consumer protection laws.

(8)   *In re The Home Depot, Inc. Customer Data Security Breach Litigation*, Case No. 1:14-md-02583 (N.D. Ga.),

   ▪   As a member of the Steering Committee in this retail payment card data breach case, Girard Gibbs helped achieve a settlement, which provided a multi-million dollar cash fund, identity theft protection, and injunctive relief.

(9)   *In re Target Corporation Customer Data Security Breach Litigation*, Case No. 0:14-md-02522 (D. Minn.),

   ▪   As a member of the Consumer Steering Committee, Girard Gibbs continues to represent Target customers whose data was compromised in the Target breach.

(10)   *Corona v. Sony Pictures Entertainment, Inc.*, Case No. 2:14-cv-09600 (C.D. Cal.),

   ▪   As co-lead counsel in this data breach affecting current and former Sony Pictures employees, Girard Gibbs helped negotiate a settlement that included meaningful monetary and injunctive relief.

(11)   *In re Yahoo! Mail Litigation*, No. 5:13-cv-4980-LHK (N.D. Cal.),

   ▪   In January 2014, this Court appointed Girard Gibbs as co-lead counsel to represent the interests of non-Yahoo! Mail subscribes alleging that Yahoo!'s harvesting of their email content violated state and federal wiretap laws. Girard Gibbs helped secure a settlement that required Yahoo! to change its business practices.

(12)   *In re U.S. Office of Personnel Management [OPM] Data Security Breach Litigation*, Case. No. 1:15-mc-01394 (D.D.C.),

   ▪   As lead counsel, Girard Gibbs currently represents the interests of government employees whose information was compromised in a serious data breach.

(13)   *In re Countrywide Financial Corp. Customer Data Security Breach Litigation*, Case No. 3:08-md-01998 (W.D. Ky.),

   ▪   As part of the Executive Committee in this litigation involving a former Countrywide employee who stole and sold millions of customers' PII, Girard Gibbs helped facilitate a settlement that provided significant monetary compensation and injunctive relief.

(14)  *In re Sony BMG CD Technologies Litigation*, Case No. 1:05-cv-09575 (S.D.N.Y.),

- As co-lead counsel in this privacy class action based on spyware surreptitiously installed on CDs, Girard Gibbs litigated to a favorable settlement involving cash payment to class members and injunctive relief.

7.    Girard Gibbs also has substantial experience helping steer large cases to final and successful resolution. *See, e.g., In re Hyundai and Kia Fuel Economy Litigation*, Case No. 2:13-md-2424 (as liaison counsel, I helped negotiate a revised nationwide class settlement with an estimated value of up to $360 million; Judge Wu wrote that I had "efficiently managed the requests from well over 20 different law firms" in helping achieve this result); *In re Chase Bank USA, N.A. "Check Loan" Contract Litigation*, Case No. 3:09-md-2032 (as part of the plaintiffs' leadership structure, I helped negotiate a $100 million settlement on behalf of Chase cardholders);  *In re Providian Credit Card Cases*, JCCP No. 4085 (Cal. Super. Ct. San Francisco Cnty.) (as co-lead counsel, I helped negotiate a $105 million settlement plus injunctive relief); *In re Hyundai and Kia Horsepower Litigation*, No. 02-CC-00287 (Cal. Super. Ct. Orange Cnty.) (as lead counsel, Girard Gibbs attorneys achieved a settlement valued at up to $125 million); *In re Actos Pioglitazone-Products Liability Litigation*, MDL No. 6:11-md-2299 (W.D.  La.) (as part of the plaintiffs' leadership structure in this mass tort litigation, Girard Gibbs attorneys helped achieve a $2.37 billion settlement); *In re Yasmin and Yaz (Drospirenone) Marketing, Sales, Practices and Products Liability Litigation*, MDL No. 2385, No. 3:09-md-02100 (S.D. Ill.) (as part of the plaintiffs' leadership structure in this mass tort litigation, Girard Gibbs attorneys helped achieve settlements worth $1.6 billion).

8.    Judges have praised the quality of the settlements achieved by Girard Gibbs:

(1)    In *Sugarman v. Ducati N. America*, No. CV-10-05246 (N.D. Cal.), Judge Fogel stated, "[C]lass counsel assumed substantial risks and burdens in this litigation. Representation was professional and competent; in the Court's opinion, counsel obtained an excellent result for the class."

(2)    In *Billitteri v. Secs. Am., Inc.*, No. 3:09-cv-01568-F (N.D. Tex.), Judge Ferguson wrote, "[T]he result reached in this case perfectly justifies [class counsel's] abilities. The Court has

1    been extremely impressed with the conduct, skill, and accomplishment of class counsel

2    throughout this litigation." 2011 WL 3585983, at *8 (N.D. Tex. Aug. 4, 2011).

3    (3)    In *Parkinson v. Hyundai Motor Am.*, No. 8:06-cv-0345 (C.D. Cal.), Judge Stotler wrote,

4    "Perhaps the best barometer of … the benefit obtained for the class … is the perception of class

5    members themselves.  Counsel submitted dozens of letters from class members sharing their joy

6    [and] appreciation [regarding the course of the litigation and settlement] …"

7    9.    Girard Gibbs is committed to providing the same tenacity, expertise, and resources to

8    prosecuting this matter. As the responsible partner, I appreciate the significance and importance of the

9    case, appreciate the opportunity to contribute to and influence the litigation, and am willing and able to

10   continue committing the time necessary to assist in its prosecution.

11   10.    I am prepared to continue working at the direction of Ms. Cervantez and Mr. Friedman,

12   who I believe have ensured and will continue to ensure that the class receives representation of the

13   highest quality, with the efficiencies this Court and the legal system demand. I also believe the current

14   leadership structure—co-lead plaintiffs' counsel and a two-member steering committee—has been

15   necessary and warrants continuation, based on the size and scope of this litigation.

16   11.    I declare under penalty of perjury under the laws of the United States of America that

17   the foregoing is true and correct. Executed on March 10, 2017 at Oakland, California.

18

19                    */s/ Eric H. Gibbs*
                       Eric H. Gibbs

20

21

22

23

24

25

26

27

28

DECLARATION OF ERIC H. GIBBS IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION
Case No. 15-MD-02617-LHK