1  ALTSHULER BERZON LLP
   EVE CERVANTEZ (SBN 164709)
2  ecervantez@altshulerberzon.com
   177 Post Street, Suite 300
3  San Francisco, CA 94108
   Telephone: (415) 421-7151
4  Facsimile: (415) 362-8064

5  COHEN MILSTEIN SELLERS
   & TOLL PLLC
6  ANDREW N. FRIEDMAN (pro hac vice)
   afriedman@cohenmilstein.com
7  1100 New York Ave. NW
   Suite 500, West Tower
8  Washington, DC 20005
   Telephone:  (202) 408-4600
9  Facsimile:   (202) 408-4699

10 *Lead Plaintiffs' Counsel*

LIEFF CABRASER HEIMANN
& BERNSTEIN LLP
MICHAEL W. SOBOL (SBN 194857)
msobol@lchb.com
DAVID T. RUDOLPH (SBN 233457)
drudolph@lchb.com
MELISSA GARDNER (SBN 289096)
mgardner@lchb.com
275 Battery Street, 29th Floor
San Francisco, California 94111
Telephone: (415) 956-1000
Facsimile:  (415) 956-1008

JASON L. LICHTMAN (pro hac vice)
jlichtman@lchb.com
250 Hudson Street
New York, NY  10013
(212) 355-9500

*Plaintiffs' Steering Committee*

11

12              IN THE UNITED STATES DISTRICT COURT

13            FOR THE NORTHERN DISTRICT OF CALIFORNIA

14                        SAN JOSE DIVISION

15

16 IN RE ANTHEM, INC. DATA BREACH
   LITIGATION
17
18
19
20
21

Case No. 15-MD-02617-LHK

**PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION TO
EXCLUDE EXPERT TESTIMONY OF
PETER E. ROSSI**

Date: June 22 and/or 29, 2017
Time: 1:30 p.m.
Judge: Hon. Lucy H. Koh
Crtrm: 8, 4th Floor

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

Dr. Peter E. Rossi will use conjoint analysis to calculate benefit of the bargain damages on a classwide basis. His testimony is admissible to help demonstrate that class certification is appropriate. *See, e.g., TV Interactive Data Corp. v. Sony Corp.*, 929 F. Supp. 2d 1006, 1020-27 & n.6 (N.D. Cal. 2013) (noting that conjoint is "increasingly used in litigation."). Anthem's arguments to the contrary are unpersuasive and go at most to weight, not admissibility.

### I.      Professor Rossi is highly qualified in the relevant fields.

Rossi is highly qualified. T19 (Dkt. 720-20, Rossi Rep.) ¶¶ 1-12. He is the James Collins Professor of economics, statistics, and marketing at UCLA. *Id.* ¶ 1. He has authored more than 65 peer-reviewed articles, *id.* ¶ 3, major corporations hire him frequently to consult outside of litigation regarding conjoint analysis, *id.* ¶ 8, and numerous courts have accepted his testimony regarding conjoint analysis, *see id.* ¶ 9. Rossi developed the methods that are used to analyze thousands of conjoint surveys every year, *id.* ¶ 7, and Defendants' own expert concedes that Rossi authored the "primary method" economists use to analyze conjoint data, Gardner Decl. Ex. 1 (Choi Dep.), 120:23-121:9. Rossi's qualifications are exemplary.

### II.     Professor Rossi's peer-reviewed methodology is reliable.

Rossi proposes to calculate benefit of the bargain damages using the methodology that he describes in two peer-reviewed economic journals. T20 (Dkt. 720-21, Rossi Reply Rep.) ¶ 10 & n.1. Broadly speaking, he will conduct conjoint surveys about health insurance plans, analyze the data from those surveys using "Hierarchical Bayesian Analysis," and then calculate benefit of the bargain damages using a Nash equilibrium analysis. *Cf. id.* ¶ 21 & n.15-17 ("[C]onjoint studies have been conducted in [the health insurance] market before, and are designed with similar attributes and levels as presented in the illustrative example laid out in my initial report."); Exs. 9-11 (peer-reviewed articles analyzing health insurance market using Nash analysis). This will allow him to determine the market price of appropriate data security as part of a health care plan; i.e., what Defendants did not provide. *See, e.g.*, Rossi Reply Rep. ¶¶ 6-8; Rossi Rep. ¶¶ 13-14.

His proposal is reliable. Indeed, "conjoint analysis has been used for decades" to estimate consumer demand. *Guido v. L'Oreal, USA, Inc.*, No. 11-1067, 2014 WL 6603730, at *5 (C.D. Cal.

July 24, 2014); *cf. In re Pharm. Indus. Average Wholesale Price Litig.*, 491 F. Supp. 2d 20, 92-93, 98 (D. Mass. 2007) (rejecting challenge to expert relying on Nash equilibrium analysis in healthcare pricing litigation), *aff'd,* 582 F.3d 156 (1st Cir. 2009). With respect to a conjoint study, moreover, "issues of methodology, survey design, reliability … go to the weight of the survey rather than its admissibility." *Microsoft Corp. v. Motorola Mobility, Inc.*, 904 F. Supp. 2d 1109, 1120 (W.D. Wash. 2012) (citations omitted); *see also In re Whirlpool*, 45 F. Supp. 3d 724, 754 (N.D. Ohio 2014) (collecting cases). Defendants' attempts to argue otherwise are unsupported.

**First**, Defendants argue that this Court should reject Rossi's testimony because he has yet to conduct his survey. The law is to the contrary. *Sanchez-Knutson v. Ford Motor Co.*, 310 F.R.D. 529, 539 (S.D. Fla. 2015) (collecting cases); *see also, e.g.*, *Morales v. Kraft Foods Grp., Inc.*, No. 1404387, 2015 WL 10786035, at *9 (C.D. Cal. June 23, 2015) (same); *Guido*, 2014 WL 6603730, at *8-10 ("[Plaintiffs do not have to show] that they paid a premium, [but] must merely provide a method for calculating the premium [classwide]."). Rossi identified a method for calculating class members' damages, which is all the law requires at this stage. *See, e.g.*, *In re Scotts EZ Seed Litig.*, 304 F.R.D. 397, 414 (S.D.N.Y. 2015) ("[N]othing in *Comcast* requires an expert to perform his analyses at the class certification stage."); *see also, e.g.*, *Briseno v. ConAgra Foods, Inc.*, No. 15-55727, 2017 WL 53421, at *2 (9th Cir. Jan. 3, 2017) (unpublished) (accepting proposed conjoint before survey fully designed). This is particularly so because Rossi's reports—including his cited and attached peer-reviewed articles—explain every step of his proposed analysis in detail. *See* Rossi Reply Rep. ¶ 10 & n.1.[1]

**Second**, Defendants argue that Rossi's proposed methodology is unreliable because, they speculate, consumer demand for data security today may not be the same as demand for data security in 2011. *Cf. id.* ¶¶ 42-44 (responding to this critique). But *every* conjoint survey used in litigation is backwards looking in the exact same way as Rossi's proposed survey. *See id.* ¶ 43. Defendants' argument would invalidate essentially *any* use of conjoint in litigation, which is not the law. *See, e.g.*, *TV Interactive*, 929 F. Supp. 2d at 1020-27 & n.6. Potential deviation between

---

[1] Anthem cites three cases in which a court rejected an unperformed damages analysis as too vague to meet Plaintiffs' evidentiary burden. Dkt. 777-3 (Ds'. Mot. to Exclude Rossi) at 2 & n.1. They are inapplicable. In those cases, the expert could not explain what analysis he intended to run once he conducted his survey.

OPPOSITION TO MOTION TO EXCLUDE ROSSI
CASE NO. 15-MD-02617-LHK

1    Rossi's backwards looking damages model and a hypothetical "perfect" model is a matter for

2    cross-examination, not *Daubert*. *In re Elec. Books Antitrust Litig.*, No. 11-md-2293, 2014 WL

3    1282293, at *30 (S.D.N.Y. Mar. 28, 2014); *see also, e.g.*, *Pulaski & Middleman, LLC v. Google,*

4    *Inc.*, 802 F.3d 979, 989 (9th Cir. 2015) ("[T]he fact that the amount of damage may not be

5    susceptible of exact proof or may be uncertain, contingent or difficult of ascertainment does not

6    bar recovery." (citation omitted)), *cert. denied,* 136 S. Ct. 2410 (2016).

7        The extreme outlier Defendants cite is wrongly decided and distinguishable. *See Saavedra*

8    *v. Eli Lilly & Co.*, No. 12-9366, 2014 WL 7338930, at *6 (C.D. Cal. Dec. 18, 2014). It would

9    effectively bar the use of conjoint in litigation because it disapproves of conducting a survey in

10   the present to measure demand in the past. *See id*. This is in direct contravention of the many

11   dozens of cases accepting conjoint in litigation. *See, e.g.*, *Briseno*, 2017 WL 53421, at *2. In any

12   event, *Saavedra* is distinguishable because the defendant in that case offered evidence that

13   consumer demand for the relevant product (antidepressants) had changed significantly over time.

14   *See id*. Here, Defendants have no expert testimony or other evidence that demand for health

15   insurance that adequately protects PII has changed over the past six years.

16       **Third**, Defendants argue that Rossi's peer-reviewed market competition model is based

17   on "assumptions he has not shown are appropriate" for the health insurance market. Not so. Rossi

18   explained in great depth that his assumptions are appropriate. *See* Rossi Reply Rep. ¶¶ 27-30

19   (addressing criticisms at a high level); *id*. ¶¶ 31-33 (adverse selection does not undermine

20   methodology); *id*. ¶¶ 34-41 (same for geographic differences with respect to cost and

21   competition); *id*. ¶¶ 42-44 (same for backwards looking preferences); Ex. 12 (Rossi Dep.),

22   237:17- 239:19; 256:15-258:17 (explaining flexibility of components of Nash equilibrium

23   analysis, including static Nash price competition). Indeed, peer-reviewed health care economists

24   use the same type of model that Rossi will use in this case—a Nash equilibrium analysis—when

25   considering the health insurance industry. *See, e.g.*, Exs. 9-11 (articles); *cf. United States v. Aetna*

26   *Inc.*, No. 16-1494, 2017 WL 325189, at *22 (D.D.C. Jan. 23, 2017) (admitting expert simulation

27   of heath care market that was based on assumption that health care companies compete on price).

28   The Nash analysis is "standard in concentrated industries such as health insurance." Rossi Reply

1    Rep. ¶ 17; *see also id.* ¶ 38 (explaining how methodology can account for differences in

2    competition);  Ex. 12 (Rossi Dep.), 134:21-140:17; 250:16-251:19, 280:18-283:12 (explaining

3    how Nash equilibrium analysis can accommodate health insurance market structures). And to the

4    extent that Defendants' arguments rely on Choi's opinions, those arguments should be given no

5    weight because he does not have the expertise to critique Rossi. *See* Mot. to Exclude Choi at 2-3.

6         **Finally**, Defendants make a scattershot attack on hypothetical problems with the surveys

7    Rossi has yet to design. But when an expert has not yet designed or conducted his proposed

8    survey, such arguments are wholly premature. *Kurtz v. Kimberly-Clark Corp.,* No. 14-1142, ___

9    F.R.D. ___, .2017 WL 1155398, at *58 (E.D.N.Y. Mar. 27, 2017) ("The objection that poor

10   survey design may bias the results is premature."). Defendants' criticisms also miss the mark

11   substantively even assuming (incorrectly) that Rossi's surveys will be designed as Defendants

12   hypothesize. *Cf.* Rossi Reply Rep. ¶¶ 16, 98-101 (discussing the extensive testing Rossi will

13   perform to design his survey). The *In re Whirlpool* court collected authority and explained that

14   the type of arguments offered by Defendants does not undermine admissibility. 45 F. Supp. 3d at

15   753-54; *see also TV Interactive*, 929 F. Supp. 2d at 1021 (same).[2]

16   **III.**     **Professor Rossi's methodology "fits" Plaintiffs' theory of damages.**

17        Rossi will measure the market value of adequate data security. This is an appropriate

18   measure of damages. *See, e.g.*, Dkt. 468 at 32-34, 48-49 (approving "benefit of the bargain"

19   damages). Non-Anthem Defendants are wrong to argue that Rossi's survey will not apply to

20   them. They owe their members the "benefit of the bargain;" i.e., appropriate data security that

21   would protect the confidentiality of their PII. A survey that measures the market value of this

22   adequate data security "fits" the case against *all* Defendants.

23   **IV.**     **Conclusion**

24        Plaintiffs respectfully ask this Court to deny Anthem's motion.

25

26

27

28

---

[2] Defendants also attack the notion of conducting a small number of surveys at all. But this is based almost entirely on the testimony of Choi, who has never designed, conducted, or analyzed a conjoint survey and is unqualified to offer that testimony. *See* Mot. to Exclude Choi at 1-2. In any event, Rossi explains thoroughly why his surveys will be relevant for each of Defendants' insurance plans. *See* Rossi Reply Rep. ¶¶ 45-53 (discussing why his survey populations are appropriate for ASOs, Non-Anthem Defendants, the FEP claim, Medicare, and Medicaid); *see also* Ex. 12 (Rossi Dep.), 282:15-284:2 (explaining that knowing exactly how Anthem sets prices in a particular submarket does not impact his analysis).

OPPOSITION TO MOTION TO EXCLUDE ROSSI
CASE NO. 15-MD-02617-LHK

DATED: May 5, 2017                    Respectfully submitted,

                                      **LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
                                      Michael W. Sobol
                                      David T. Rudolph
                                      Melissa Gardner
                                      Jason L. Lichtman

                                      By:    */s/ Jason L. Lichtman*

                                      **ALTSHULER BERZON LLP**
                                      Eve H. Cervantez
                                      Jonathan Weissglass
                                      Danielle E. Leonard
                                      Meredith A. Johnson

                                      **COHEN MILSTEIN SELLERS & TOLL PLLC**
                                      Andrew N. Friedman
                                      Geoffrey Graber
                                      Sally M. Handmaker
                                      Eric Kafka

                                      **GIRARD GIBBS LLP**
                                      Eric Gibbs
                                      David M. Berger

### E-FILING ATTESTATION

I, Melissa Gardner, am the ECF User whose identification and password are being used to file this document.  In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that concurrence in the filing of this document has been obtained from each signatory hereto.


                                      By:              */s/ Melissa Gardner*
                                                   Melissa Gardner, Esq.

OPPOSITION TO MOTION TO EXCLUDE ROSSI
CASE NO. 15-MD-02617-LHK