UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DAVID J. GALLO,<br><br>        Plaintiff,<br><br>   v.<br><br>UNKNOWN NUMBER OF IDENTITY THIEVES, et al.,<br><br>        Defendants. | Case No. 17-CV-01465-LHK<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>Re: Dkt. No. 754 |

Plaintiff David Gallo ("Gallo") brings this case against an "Unknown Number of Identity Thieves"; Anthem Blue Cross Life and Health Insurance Company ("Anthem Blue Cross"); Compass Bank; American Express Company; Paypal, Inc.; Powerpay, LLC; and Does 1–100 (collectively, "Defendants"). Before the Court is Plaintiff's motion to remand the case to the Superior Court of California, County of San Diego ("San Diego County Superior Court"). ECF No. 754.

Having considered the submissions of the parties, the relevant law, and the record in this case, the Court GRANTS Plaintiff's motion to remand the case to San Diego County Superior Court.

I.     BACKGROUND

## A. Factual Background

Defendant David Gallo is a solo practitioner attorney based in the state of California. Compl. ¶¶ 3, 11. In 1995, Gallo obtained health insurance through the State Bar of California Group Health Insurance Program ("State Bar") from Blue Cross of California. *Id.* 12. "[I]n or around the late 1990s," the State Bar stopped offering group insurance plans, and so Gallo purchased an individual plan. *Id.* ¶ 14. At some point, Gallo alleges that Blue Cross of California became Anthem Blue Cross, which Gallo alleges has been located in Del Mar, California since 1998. *Id.* ¶¶ 15, 20.

On December 28, 2016, Gallo's offices were contacted by an attorney who stated that his American Express Credit Card contained an unwarranted $4,000 charge to Gallo's law offices. *Id.* ¶¶ 22–23. After Gallo investigated the incident, a company known as "LawPay" informed Gallo that unknown identity thieves had opened a credit card merchant account in Gallo's name using Gallo's correct residence address, business address, and social security number. *Id.* ¶ 28. The identity thieves had used this account to defraud LawPay and numerous victims of thousands of dollars. *Id.* Gallo called Compass Bank, where the merchant account was located, to report that this account was fraudulent, but Compass Bank has refused to confirm or deny that any account was opened in Gallo's name. *Id.* ¶ 29–30.

In January 2017, Gallo was contacted by Powerpay, who informed Gallo that identity thieves had opened a credit card merchant account with "one of Powerpay's fictitious business account names" using Gallo's personal data. *Id.* ¶ 33. On January 10, 2017, Gallo was contacted by another victim who claimed that he had been charged $415.00 by Gallo's office through Paypal. *Id.* ¶ 35. On January 22, 2017, Paypal stated that a fraudulent Paypal account had been created for Gallo, but Paypal concluded that the fraud was "perpetrated by a member of Plaintiff's family." *Id.* ¶ 36. Gallo instead alleges that this account was created by the unknown identity thieves. *Id.*

In January 2017, Gallo was also contacted by an attorney who told Gallo that a fraudulent LawPay account had been set up for the attorney using the attorney's personal information. *Id.* ¶

2

43. The attorney also stated that she believed that her personal information had been stolen during the hack of Anthem and Anthem affiliates. *Id.* Gallo alleges that this is the first time that he learned that Anthem or any of its affiliates had been hacked. *Id.* ¶ 44. Gallo alleges that this hack was the source of his personal information used by the identity thieves to open the fraudulent accounts. *Id.* ¶ 45.

### B. Procedural History

Gallo filed the complaint in this case on January 23, 2017. ECF No. 1-2. The complaint asserts six causes of action under California law: (1) an injunction pursuant to California Business & Professions Code §§ 17200, *et seq.*, against the identity thieves; (2) a common law claim for invasion of privacy against the identity thieves; (3) a claim for common law negligence against Anthem Blue Cross; (4) a claim for violation of Civil Code §§ 1798.80 against Anthem Blue Cross; (5) a claim for declaratory relief against Compass Bank, American Express, Paypal, and Powerpay; and (6) a claim for common law negligence against Compass Bank, American Express, Paypal, and Powerpay. *Id.*

On February 21, 2017, Defendant Anthem Blue Cross removed this action to the United States District Court for the Southern District of California. ECF No. 1. In the notice of removal, Anthem Blue Cross proffered two bases for subject matter jurisdiction in federal court: (1) federal question jurisdiction under 28 U.S.C. § 1331 based on the fact that "Plaintiff's state law claims implicate substantial federal interests" based on national security interests and the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"); and (2) federal question jurisdiction under 28 U.S.C. § 1331 and the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001, *et seq. Id.* at 5–7.

On March 21, 2017, Gallo filed the instant motion to remand. ECF No. 24. On April 5, 2017, Anthem Blue Cross filed an opposition to the motion to remand in the Multi-District Litigation, *In re Anthem, Inc. Data Breach Litigation*, Case No. 5:15-MD-02617-LHK, before the

United States District Court
Northern District of California

undersigned judge ("*Anthem* MDL"). ECF No. 774.[1] On April 12, 2017, Gallo filed a reply. ECF No. 31.

## II.    LEGAL STANDARD

A suit may be removed from state court to federal court only if the federal court would have had subject matter jurisdiction over the case in the first instance. 28 U.S.C. § 1441(a); *see Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."). "In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331." *Peralta v. Hispanic Bus., Inc.*, 419 F.3d 1064, 1068 (9th Cir. 2005). If it appears at any time before final judgment that the federal court lacks subject matter jurisdiction, the federal court must remand the action to state court. 28 U.S.C. § 1447(c).

The party seeking removal bears the burden of establishing federal jurisdiction. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

## III.    DISCUSSION

In their notice of removal, Anthem Blue Cross asserted two grounds for removal: (1) federal question jurisdiction under 28 U.S.C. § 1331 based on the fact that "Plaintiff's state law claims implicate substantial federal interests" because the Anthem data breach implicates national security interests and the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"); and (2) federal question jurisdiction under 28 U.S.C. § 1331 and the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001, *et seq.* ECF No. 1, at 5–7. However, in their

_____

[1] After removal, the instant case was transferred to the *Anthem* MDL on March 17, 2017. Anthem Blue Cross filed their opposition to the motion to remand only in the *Anthem* MDL case and did not file the opposition in the individual case, *Gallo v. Unknown Identity Thieves*, Case No. 17-CV-01465-LHK.

4

Case No. 17-CV-01465-LHK
ORDER GRANTING MOTION TO REMAND

opposition to the motion to remand, Anthem Blue Cross abandons its ERISA preemption argument. The opposition also raises for the first time the argument that "it is only because Plaintiff (either intentionally or inadvertently) named the wrong entity as a defendant that this Court lacks diversity jurisdiction over Plaintiff's claims." ECF No. 774, at 3.

The Court first considers the issue of diversity jurisdiction. The Court then considers the issues of national security interests, ERISA, and HIPAA in turn. Finally, the Court considers Gallo's argument that he is entitled to attorney's fees under 28 U.S.C. § 1447(c) because Anthem Blue Cross "lacked an objectively reasonable basis for seeking removal." Mot. at 14.

### A. Diversity

Under 28 U.S.C. § 1332(a)(1), federal courts have original jurisdiction over civil actions "where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332. A "core principle of federal removal jurisdiction on the basis of diversity . . . is [that it is] determined (and must exist) as of the time the complaint is filed and removal is effected." *Strotek Corp. v. Air Transport Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002). "28 U.S.C. § 1332 requires that the parties be in complete diversity and the amount in controversy exceed $75,000." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam). However, fraudulently joined defendants who destroy diversity do not defeat removal. *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

Gallo is a citizen of California and has sued Anthem Blue Cross, which is a California corporation. Compl. ¶ 5. However, Anthem Blue Cross argues that "it is only because Plaintiff (either intentionally or inadvertently) named the wrong entity as a defendant that this Court lacks diversity jurisdiction over Plaintiff's claims." Opp. at 3. Specifically, Anthem Blue Cross states that "Plaintiff did not name Anthem, an Indiana corporation, as a defendant, even though the Complaint itself alleges that Anthem was the entity that possessed Plaintiff's personal information, failed to take appropriate steps to protect that information, and suffered the data breach." *Id.*

However, a close reading of Gallo's complaint makes clear that the complaint never refers

United States District Court
Northern District of California

to Anthem, Inc. Instead, in paragraph 5 of the complaint, Gallo names Anthem Blue Cross as a defendant and then defines Anthem Blue Cross as "Anthem" for the purposes of the complaint. Compl. ¶ 5 ("Anthem Blue Cross Life and Health Insurance Company (hereinafter, 'Anthem'), is a corporation organized and existing under the laws of the State of California."). Thus, all references to "Anthem" in the complaint are references to Anthem Blue Cross, a California corporation.

There is no reason to believe that Gallo improperly sued Anthem Blue Cross. Anthem Blue Cross is the successor of the entity from which Gallo purchased his health insurance and to which Gallo provided his personal information. Compl. ¶¶ 14–15. As such, Gallo alleges that Anthem Blue Cross is liable for common law negligence and violation of California Civil Code §§ 1798.80, *et seq.*, because Anthem Blue Cross failed to adequately protect Gallo's personal information from disclosure. Compl. ¶¶ 51–55. Anthem Blue Cross offers no reason to believe that this claim is improper or that Anthem Blue Cross is fraudulently joined. Because Anthem Blue Cross is a California corporation, as long as Anthem Blue Cross remains in the case there is no diversity jurisdiction.

In short, Gallo is a citizen of California and has properly sued Anthem Blue Cross, a California corporation. Thus, the Court does not have diversity jurisdiction over the instant case and removal therefore is not justified under 28 U.S.C. § 1332.

**B. "Substantial Federal Interests" Based on National Security Concerns**

28 U.S.C. § 1331 provides that federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." Federal question jurisdiction "is determined (and must exist) as of the time the complaint is filed and removal is effected." *Strotek*, 300 F.3d at 1131. Removal pursuant to § 1331 is governed by the "well-pleaded complaint rule," which provides that federal question jurisdiction exists only when "a federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392.

"[I]n certain cases," the United States Supreme Court has explained, "federal-question

6

jurisdiction will lie over state-law claims that implicate significant federal issues." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). Under *Grable*, a federal court may exercise jurisdiction over a state-law claim only if (1) the action necessarily raises an issue of federal law that is (2) disputed and (3) substantial, and if (4) the court may entertain the case without disturbing the congressionally approved balance of federal and state judicial responsibilities. *Id.* at 314.

In the instant case, Anthem Blue Cross argues that "[t]he cyberattack that forms the basis of Plaintiff's Complaint carries extraordinary national significance" and therefore "Plaintiff's Complaint is capable of and best suited for resolution in federal court" under 28 U.S.C. § 1331. Opp. at 2, 10–11. Anthem Blue Cross claims that "[t]he cyberattack on Anthem was perpetrated by a highly sophisticated Advanced Persistent Threat ("APT") affiliated with the Chinese government's intelligence ministry." Opp. at 7. Anthem Blue Cross then argues extensively that cyberattacks by foreign state-affiliated actors constitute an "extraordinary threat" to the United States' national security. *Id.* at 11. Essentially, Anthem Blue Cross argues that the cybersecurity threats from state actors constitute such an important "national emergency" that federal courts have jurisdiction over state law claims related to data breaches by foreign state actors. *Id.*

However, under *Grable*, in order to fall under § 1331, a state law claim must necessarily raise a disputed and substantial "issue[] of federal *law*." *Grable*, 545 U.S. at 319 (emphasis added). Although Anthem Blue Cross argues extensively that cybersecurity is an issue of national scope and importance, Anthem Blue Cross does not identify any federal law that would be implicated by the instant case. Instead, Anthem Blue Cross concedes that state common law and statutory law governs each of Gallo's claims.

Indeed, *New SD Inc. v. Rockwell Intl's Corp.*, 79 F.3d 953 (9th Cir. 1996), which Anthem Blue Cross cites in support of its argument, demonstrates precisely why federal jurisdiction does not exist in the instant case. Anthem Blue Cross cites *New SD* for the proposition that "federal jurisdiction over a state law breach of contract claim is appropriate where the claims impact national security issues." Opp. at 11. However, the dispute in *New SD* was based on a contract

7

with the United States Air Force for the development of military hardware. The Ninth Circuit held that this dispute must be governed by federal law because of the essentially federal nature of the contract, and therefore "state law [wa]s totally displaced by federal common law." 79 F.3d at 955. In other words, the dispute in *New SD* was not a "state law breach of contract claim" because federal law preempted state law. Opp. at 11. Thus, in *New SD* jurisdiction existed under § 1331 because the claim arose under federal common law.

In the instant case, unlike *New SD*, Anthem Blue Cross does not argue that Gallo's state law claims are preempted by federal common law.[2] In fact, Anthem Blue Cross admits that Gallo has "sued only under state statutes" and raised only "state law claims." Opp. at 3. The Ninth Circuit has held that there is no jurisdiction under § 1331 if federal law "is not a necessary element of the state law claim and no preemption exists." *Easton v. Crossland Mortgage Corp.*, 114 F.3d 979, 982 (9th Cir. 1997). In the instant case, Gallo's claims are not preempted by federal law and there is no "necessary element" of federal law. Therefore, the Court does not have federal jurisdiction under 28 U.S.C. § 1331.

Indeed, the Court has already rejected a similar argument in this Multi-District Litigation, *In re Anthem, Inc. Data Breach Litigation*, Case No. 5:15-MD-02617-LHK ("*Anthem* MDL"). In removing the case *Sabatino et al. v. HMO Missouri, Inc., et al.*, 15-CV-02873-LHK, other Anthem affiliates (represented by the same law firm that represents Anthem Blue Cross in the instant case) argued that federal question jurisdiction was warranted because "how Anthem and similarly situated companies respond to the threat of cyber attacks raises substantial federal questions and implicates a compelling federal interest under *Grable* because cyber attacks are one of the most serious national security challenges we must confront." *Sabatino et al. v. HMO Missouri, Inc., et al.*, 129 F. Supp. 3d 887, 897 (N.D. Cal. 2015) (internal quotation marks omitted). However, the Court found that "[a]lthough this action resulted from a data breach that

---

[2] As discussed below, Anthem Blue Cross's notice of removal mentioned ERISA preemption as a ground for removal. However, Anthem Blue Cross abandoned this ground in its opposition to the motion to remand. *See* ECF No. 1; Opp.

Case No. 17-CV-01465-LHK
ORDER GRANTING MOTION TO REMAND

has had consequences nationwide, at bottom this particular lawsuit is between Missouri plaintiffs and Missouri defendants based on alleged violations of Missouri law." *Id.* Therefore, the Court found that there was no federal question jurisdiction and remanded the case to state court.

Similarly, in the instant case, although the breach at issue had nationwide consequences, and although the cause of the breach may implicate national security interests, the instant case is at bottom a lawsuit between a California plaintiff and California defendants based on alleged violations of California law.

Indeed, even for claims arising from the September 11 attacks, which had obvious and far-reaching national security implications, Congress felt compelled to enact a specific statute providing for federal jurisdiction. *See* Air Transportation Safety and System Stabilization Act of 2001, Pub. L. No. 107-42, § 408 ("There shall exist a Federal cause of action [for claims related to the September 11 attacks." . . . The United States District Court for the Southern District of New York shall have original and exclusive jurisdiction over all actions brought for any claim (including any claim for loss of property, personal injury, or death) resulting from or relating to the terrorist-related aircraft crashes of September 11, 2001."). In other words, "if Congress deems it appropriate for federal courts to exercise jurisdiction over a certain type of case, it knows how to do ensure that this occurs." *Magdaleno v. S. California Reg'l Rail Auth.*, 2009 WL 56773, at *3 (C.D. Cal. Jan. 8, 2009) (discussing the Air Transportation Safety and System Stabilization Act of 2001). Congress has not so provided in the instant case.

For these reasons, the Court finds that national security interests do not justify jurisdiction under § 1331.

## C. ERISA Preemption

As discussed above, Anthem Blue Cross's notice of removal asserted that federal jurisdiction exists because "the Complaint asserts claims . . . that are completely preempted by" ERISA. ECF No. 1, at 7. Anthem Blue Cross abandoned this argument in its opposition to Gallo's motion to remand. Nevertheless, the Court considers this argument for the sake of completeness.

As the U.S. Supreme Court has explained, "Section 514(a) [of ERISA] provides that

9

ERISA 'shall supersede any and all State laws insofar as they . . . relate to any employee benefit plan' covered by the statute." *N.Y. State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 651 (1995) (citing 29 U.S.C. § 1144(a)). An "employee benefit plan" is a plan "established or maintained by an employer or by an employee organization." 29 U.S.C. § 1002(3). An "employee" is defined as "any individual employed by an employer." *Id.* § 1002(6).

However, according to the allegations in Gallo's complaint and Gallo's declaration in support of his motion to remand, Gallo has practiced law as a sole proprietorship "[f]rom approximately 1993 to present," including all times relevant to the complaint. Compl. ¶ 11; ECF No. 3-2 ("Gallo Decl."), ¶ 4. Thus, when Gallo purchased the insurance plans at issue in the instant case, Gallo was self-employed. As Gallo points out in his motion, self-employed persons are beyond the scope of ERISA. *See In re Watson*, 161 F.3d 593, 596-599 (9th Cir. 1998) (holding that an individual "was the sole participant in his own pension plan" and therefore was properly "not considered an 'employee' for purposes of ERISA."); *see also Matinchek v. John Alden Life Ins. Co.*, 93 F.3d 96, 101 (3rd Cir. 1996) ("At least five courts of appeal have similarly recognized that ERISA does not govern a 'plan' that is merely an insurance policy under which the only beneficiaries are the company's owners.") (citing *Peterson v. American Life & Health Ins. Co.*, 48 F.3d 404, 407 (9th Cir. 1995)). Thus, because Gallo's insurance plan was not governed by ERISA, ERISA does not preempt Gallo's claims.

In its opposition, Anthem Blue Cross abandons its ERISA preemption argument and does not challenge Gallo's assertion that Gallo was self-employed and purchased insurance for himself alone as sole proprietor of his law practice. Therefore, the Court concludes that Anthem Blue Cross has not met its burden to establish that removal is proper on the basis of ERISA preemption.

### D.  HIPAA

Anthem Blue Cross also asserts that removal is proper because "Plaintiff's state law and statutory causes of action are predicated on alleged violations of [HIPAA] and therefore raise important questions of federal law." Opp. at 13. Specifically, Anthem Blue Cross states that

Gallo's allegation that Anthem Blue Cross "failed to implement and maintain reasonable security procedures and practices . . . to protect [Gallo's] information from unauthorized access, use, and disclosure" is "implicitly based on HIPAA." *Id.*

However, Gallo's complaint contains no reference to HIPAA at all, and Anthem Blue Cross does not argue that HIPAA preempts Gallo's claims. In fact, as Gallo points out, his complaint "does not even assert that 'health information' has been taken or misused." Mot. at 11; *see also* 42 U.S.C.A. § 1320d(4)(B) (limiting the definition of "health information" to information that "relates to the past, present, or future physical or mental health or condition of an individual, the provision of health care to an individual, or the past, present, or future payment for the provision of health care to an individual."). Instead, Gallo alleges only that his personal identification information was stolen. Thus, neither the complaint nor Anthem Blue Cross's opposition establish that HIPAA is relevant to the instant case, let alone that HIPAA is an "actually disputed and substantial" issue sufficient to establish federal jurisdiction. *Grable*, 545 U.S. at 310, 314.

Indeed, this Court has previously held in the *Anthem* MDL that a "single reference to HIPAA in a sixty-three paragraph complaint" is insufficient to justify federal jurisdiction. *Sabatino*, 129 F. Supp. 3d at 897. This holding was based on the well-established principle that "the mere reference of a federal statute in a pleading will not convert a state law claim into a federal cause of action if the federal statute is not a necessary element of the state law claim and no preemption exists." *Easton*, 114 F.3d at 982. This is all the more true in the instant case, in which the complaint contains no reference to HIPAA and no allegations establishing that HIPAA is at all relevant to Gallo's claims.

Furthermore, the Ninth Circuit has held that "HIPAA itself does not provide for a private right of action." *Webb v. Smart Document Solutions, LLC*, 499 F.3d 1078, 1082 (9th Cir. 2007). "[W]here there is no federal private right of action," the Ninth Circuit continued, federal courts generally "may not entertain a claim that depends on the presence of federal question jurisdiction under 28 U.S.C. § 1331." *Id.* at 1083 (citing *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804,

11

817 (1986)). Indeed, Anthem Blue Cross has conceded that it "recognizes that HIPAA provides no private right of action and that state law claims based on alleged violations of HIPAA may not in and of themselves be sufficient to confer federal jurisdiction." Opp. at 13. Thus, allowing federal question jurisdiction based on Anthem Blue Cross's contention that some of Gallo's assertions are "implicitly based on HIPAA," Opp. at 13, would effect an "end-run around clear precedent precluding a private right of action under HIPAA." *Huling v. City of Los Banos*, 2012 WL 253251, at *8 (E.D. Cal. Jan. 25, 2012); *see also Dickman v. MultiCare Health Sys.*, 2015 WL 3477178, at *3 (W.D. Wash. June 2, 2015) (concluding that "it would undermine congressional intent to allow claims for private relief into federal court through a state cause of action when a federal private right of action is unavailable" (citing *Merrell Dow*, 478 U.S. at 812)).

Accordingly, the Court concludes that Anthem Blue Cross has not met its burden to show that federal question jurisdiction exists over this action based on HIPAA.

### E. Attorney's Fees

Finally, Gallo argues that he is entitled to attorney's fees under 28 U.S.C. § 1447(c) because Anthem Blue Cross "lacked an objectively reasonable basis for seeking removal." Mot. at 14. Under 28 U.S.C. § 1447(c), after a motion to remand "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." However, "the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

In the instant case, Anthem Blue Cross asserted two grounds for removal in its notice of removal: (1) an important federal issue regarding national security and HIPAA, and (2) ERISA. The Court concludes that Anthem Blue Cross "lacked an objectively reasonable basis for seeking removal" on any of these grounds. *Id.*

When Anthem Blue Cross filed its notice of removal, the Court had already decided *Sabatino et al. v. HMO Missouri, Inc., et al.*, 129 F. Supp. 3d 887, 897 (N.D. Cal. 2015). In

12

*Sabatino*, the Court rejected Anthem's argument that the complaint "implicate[d] a compelling federal interest under *Grable* because cyber attacks are one of the most serious national security challenges we must confront." *Id.* The *Sabatino* case was part of the same *Anthem* MDL to which the instant case was transferred after removal. ECF No. 22. Additionally, the same firm, Hogan Lovells US LLP, represented the Defendants in both *Sabatino* and the instant case. Thus, Anthem Blue Cross was well aware of the Court's prior order remanding *Sabatino* when Anthem Blue Cross removed the instant case.

Nevertheless, despite the Court's ruling in *Sabatino*, Anthem Blue Cross asserts similar "national security implications" as a ground for removal in the instant case. Opp. at 1. Anthem Blue Cross claims that the federal interests from the nationwide data breach are especially urgent because the breach of Anthem was "a cyberattack of national significance perpetrated by a foreign nation-state actor." *Id.* at 2. However, Anthem Blue Cross makes no attempt to distinguish *Sabatino* and cites no law establishing that "national security implications" alone can confer federal jurisdiction over straightforward state law claims. Instead, Anthem Blue Cross relies primarily on *New SD Inc. v. Rockwell Intl's Corp.*, 79 F. 3d 953 (9th Cir. 1996), which found federal jurisdiction because state law was preempted by federal common law. However, Anthem Blue Cross makes no argument that Gallo's state law claims are preempted by federal common law in the instant case. Furthermore, as Gallo points out in his Reply, Anthem Blue Cross does not even provide any evidence for its assertion that the Anthem data breach was caused by a state actor. ECF No. 789, at 2. As noted above, even for state law claims arising from the September 11, 2001 attacks, Congress felt compelled to enact a specific statute providing for federal jurisdiction. *See* Air Transportation Safety and System Stabilization Act of 2001, Pub. L. No. 107-42, § 408. No such statute exists here.

Additionally, in *Sabatino* the Court found that "Plaintiffs' single reference to HIPAA in a sixty-three-paragraph complaint does not convert Plaintiffs' state law claim for breach of fiduciary duty into a federal cause of action." *Sabatino*, 129 F. Supp. 3d at 897. In the instant case, it is even more obvious that HIPAA is not a basis for federal jurisdiction, because Gallo's complaint

13

contains no references at all to HIPAA, and the complaint does not even allege that Gallo's health information was stolen. Mot. at 17. Anthem Blue Cross makes no attempt to distinguish *Sabatino* or to support its assumption that HIPAA will be relevant in the instant case.

Finally, Anthem Blue Cross's notice of removal asserted ERISA preemption as a ground for removal even though Gallo's complaint made clear that Gallo is self-employed and therefore is not subject to ERISA. Compl. ¶ 11 ("Plaintiff is an attorney . . . who has practiced under the trade name, 'the Law Offices of David J. Gallo,' since the early 1990s."). Perhaps recognizing that it lacked an objective basis to remove based on ERISA preemption, Anthem Blue Cross abandoned its ERISA preemption argument in its opposition to the motion to remand.

In short, Anthem Blue Cross's arguments for federal jurisdiction in this case were already either abandoned or squarely rejected by this Court in *Sabatino*. There is no jurisdiction under § 1331 if federal law "is not a necessary element of the state law claim and no preemption exists," and yet Anthem Blue Cross has presented almost no argument that either of these factors is met. *Easton*, 114 F.3d at 982. Therefore, the Court finds that Anthem Blue Cross "lacked an objectively reasonable basis for seeking removal." *Martin*, 546 U.S. at 141. For that reason, the Court finds that an award of attorney's fees is proper.

In the declaration accompanying Gallo's motion for remand, Gallo states that he has spent ten hours in work associated with the motion for remand and the reply. Gallo also reports that his "regular published hourly rate of compensation is $550.00." ECF No. 25, at ¶ 8. Gallo graduated from the University of Texas at Austin School of Law in 1985, was admitted to both the Texas and California bars, and has been designated a Legal Specialist in Civil Trial Advocacy by the State Bar of California. *Id.* at ¶ 9. Gallo also has substantial litigation experience and has worked as a solo practitioner for 24 years. *Id.* ¶ 4. Additionally, at least one court has approved a rate of $550 for experienced litigators in San Diego. *See, e.g.*, *569 E. Cty. Boulevard LLC v. Backcountry Against the Dump, Inc.*, 6 Cal. App. 5th 426, 439 n.14 (Ct. App. 2016) ("$550 per hour for a seasoned litigator fell within the range of appropriate market rates for San Diego attorneys . . . .") Finally, Anthem Blue Cross has not objected to Gallo's hourly rate or his reported hours.

1    For these reasons, Court concludes that a $550 hourly rate is reasonable for an attorney of

2    Gallo's education and experience. The Court also concludes that ten hours is reasonable for the

3    work associated with the instant motion to remand and the reply. Therefore, the Court hereby

4    ORDERS Anthem Blue Cross to pay Gallo attorney's fees in the amount of $5,500.

5    **IV.    CONCLUSION**

6    For the foregoing reasons, the Court GRANTS Gallo's motion for remand and REMANDS

7    the instant case to San Diego County Superior Court. The Court also ORDERS Anthem Blue

8    Cross to pay Gallo attorney's fees in the amount of $5,500.

9    **IT IS SO ORDERED.**

10

11   Dated: May 31, 2017

12

13   _Lucy H. Koh_

14   LUCY H. KOH
     United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 17-CV-01465-LHK
ORDER GRANTING MOTION TO REMAND