# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| IN RE ANTHEM, INC. DATA BREACH LITIGATION | Case No. 5:15-MD-02617-LHK <br><br> **[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |
|---|---|

This matter is before the Court on Plaintiffs' motion for preliminary approval of the proposed class action settlement. Plaintiffs, individually and on behalf of the proposed settlement class, and Defendants have entered into a Settlement Agreement and Release ("Settlement Agreement") that, if approved, would settle the above-captioned litigation. Having considered the motion, the Settlement Agreement together with all exhibits and attachments thereto, the record in this matter, and the briefs and arguments of counsel, **IT IS HEREBY ORDERED** as follows:

1. Unless otherwise defined herein, all terms that are capitalized herein shall have the same meaning ascribed to those terms in the Settlement Agreement.

2. The Court has jurisdiction over this multidistrict litigation, all actions transferred to, filed in, or otherwise coordinated as part of this multidistrict litigation, Plaintiffs, Defendants, and Settlement Class Members, and any party to any agreement that is part of or related to the Settlement Agreement.

**PRELIMINARY APPROVAL**

3. The Court has reviewed the terms of the proposed Settlement Agreement, the exhibits and attachments thereto, Plaintiffs' motion papers and briefs, and the declaration of counsel. Based on its review of these papers, the Court finds that the Settlement Agreement appears to be the result of serious, informed, non-collusive negotiations conducted with the assistance of former United States District Judge Layn R. Phillips over the course of nearly three months. The Court further observes that the Settlement Agreement is the product of more than two years of litigation, including two rounds of motions to dismiss, extensive fact and expert discovery, and briefing on Plaintiffs' motion for class certification and the Parties' motions to exclude expert testimony. The terms of the Settlement Agreement do not improperly grant preferential treatment to any individual or segment of the Settlement Class and fall within the range of possible approval as fair, reasonable, and adequate.

4. The Court therefore GRANTS preliminary approval of the Settlement Agreement and all of the terms and conditions contained therein.

**PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS**

5. Pursuant to Federal Rule of Civil Procedure 23, the Court preliminarily certifies, for settlement purposes only, the Settlement Class defined as follows:

> All Individuals whose Personal Information was maintained on Anthem's Enterprise Data Warehouse and are included in Anthem's Member Impact Database and/or received a notice relating to the Data Breach; provided, however, that the following are excluded from the Settlement Class: (i) Defendants, any entity in which Defendants have a controlling interest, and Defendants' officers, directors, legal representatives, successors, subsidiaries, and assigns; (ii) any judge, justice, or judicial officer presiding over this matter and the members of

their immediate families and judicial staff; and (iii) any individual who timely and validly opts-out from the Settlement Class

6. The Court preliminarily finds that the Settlement Class satisfies the requirements of Federal Rule of Civil Procedure 23(a): the Settlement Class is comprised of approximately 79 million individuals; there are questions of law or fact common to the Settlement Class; the Settlement Class Representatives' claims are typical of those of Settlement Class Members; and the Settlement Class Representatives will fairly and adequately protect the interests of the Settlement Class.

7. The Court preliminarily finds that the Settlement Class satisfies the requirements of Federal Rule of Civil Procedure 23(b)(3): the questions of law or fact common to the Settlement Class predominate over individual questions, class action litigation is superior to other available methods for the fair and efficient adjudication of this controversy, and defendants have acted or refused to act on grounds that apply generally to the Settlement Class.

8. The Court hereby appoints as Class Representatives: Cindy Chadwick, Pearl Bruno, Daniel Randrup, Mary Ella Carter (on behalf of her minor daughter T), Kenneth Coonce, Steve Kawai, Kenneth Solomon, Joseph and Karen Jo Blanchard, Lillian Brisko, Alvin Lawson, James Schatzman, Janet Brunton, Kimberly Kos-Williams, Gary Lasneski, Ralph Staffieri, Jessica Holguin, Danielle DiFonzo, Glenn Kahn, Gerald Keaton, John McAffry, Charles Platt, John Thomas, II, Lauren Roberts, Karen Coppedge, Allison Swank, Kevin Donnelly, Harold Lott, Cynthia Kelley, Mary Wicklund, David Klemer, Nadine Foster, Cynthia Reichrath, Wanda Pratt, Brent Harris, Steven Quinnette, Darrell Hunter, Cheryl Grissom, Melinda Lambert, Amy Whittaker, Shantel and Rahman Jones, Jason Jenkins, Kelli Smith (on her own behalf and on behalf of her three minor children), Dianne Reistroffer, Christopher Ruberg, Frank Bailey, Jason Baker, Meredith Fisse, Robin Wilkey, Gary Bellegarde, Mark Hatcher, Don West, Denese Depeza, Claudia Cass, Robert Roy, Carrie Ramos, Lisa Daniels, Michelle Kaseta-Collins, Lyle Nichols, Hank Maurer, Jack Wenglewick, Charles McCullough, Debbie Stein, Melody Eads, Christopher Allen, Jill Noble, Cherri and Gregory Hawes, Christina Renkoski (previously Novak), Shawn Crane, Troy Hobbs, David Ifversen, Angelin Gonzalez, Joseph LeBrun, Brenda

| | |
|---|---|
| 1 | Harrington, Elizabeth Ames, Ronald Percy, Barbara Gold, Matthew Gates, Marne Onderdonk, |
| 2 | Frank Pacilio, Valerie Brescia, Randy Polacsek, Francis Nicosia, Connie McDaniel, Rachel Calo, |
| 3 | Nicholas Bowes, Martin Williams, Rosanne M. Stanley, Gregory Kremer, Denise Masloski, Alan |
| 4 | Voll, Lakeysha Gant, Jonathan B. Pulcini, Patrick Kimbrell, William Ansah-Dawson, C. |
| 5 | Wheelwright, Michael S. Weinberger, Vernon Davitte, Jennifer Mertlich, Simon Kaufman, Lisa |
| 6 | Shiltz, Susan H. Jones, and Jennifer Rud. |

9. The Court hereby appoints as Class Counsel Eve Cervantez, Andrew N. Friedman, Michael W. Sobol, and Eric Gibbs, as well as their respective firms: Altshuler Berzon LLP; Cohen Milstein Sellers & Toll PLLC; Lieff Cabraser Heimann & Bernstein LLP; and Girard Gibbs LLP.

## NOTICE & ADMINISTRATION

10. Pursuant to the Settlement Agreement, the Parties have designated KCC as the Settlement Administrator. The Settlement Administrator shall perform all the duties of the Settlement Administrator set forth in the Settlement Agreement.

11. The Court finds that the Notice and Notice Plan set forth in the Settlement Agreement satisfy the requirements of due process and Federal Rule of Civil Procedure 23 and provide the best notice practicable under the circumstances. The Notice and Notice Plan are reasonably calculated to apprise Settlement Class Members of the nature of this litigation, the scope of the Settlement Class, the terms of the Settlement Agreement, the right of Settlement Class Members to object to the Settlement Agreement or exclude themselves from the Settlement Class and the process for doing so, and of the Final Approval Hearing. The Court therefore approves the Notice and Notice Plan and directs the parties and the Settlement Administrator to proceed with providing notice to Settlement Class Members pursuant to the terms of the Settlement Agreement and this Order.

12. Under the terms of the Settlement Agreement, the Settlement Administrator shall disseminate the Notice and implement the Notice Plan on or before October 23, 2017.

13. The Court also approves the Claim Form and the Out-of-Pocket Costs Claim Form, as well as the administration and/or enrollment procedures for Out-of-Pocket Costs claims, Alternative Compensation claims, and obtaining Credit Services.

**EXCLUSION and OBJECTIONS**

14. Settlement Class Members who wish to opt-out and exclude themselves from the Settlement Class may do so by notifying the Settlement Administrator in writing, postmarked no later than December 22, 2017 (60 calendar days after October 23, 2017). To be valid, each request for exclusion must be made in writing, set forth the name of the individual, and request exclusion for that individual, not a group or class of individuals.

15. All Settlement Class Members who do not opt out and exclude themselves shall be bound by the terms of the Settlement Agreement upon entry of the Final Approval Order and Judgment.

16. Settlement Class Members who wish to object to the Settlement may do so by submitting a written objection to the Court in accordance with the procedures outlined in the Notice no later than December 22, 2017 (60 calendar days after October 23, 2017). Any Settlement Class Member wishing to comment on or object to the Settlement Agreement shall mail such comment or objection in writing to:

LHK Courtroom Deputy
United States District Court for the Northern District of California
Robert F. Peckham Federal Bldg.
280 1st Street
San Jose, CA 95113

Re: In re: Anthem Data Breach Litigation, 5:15-MD-02617

17. The written objection must contain: the objector's name, address, personal signature, a statement of grounds for the objection, a statement indicating the basis for the objector's belief that he or she is a member of the Settlement Class (to the extent the objector did not receive Class Notice), a statement identifying the number of class action settlements objected to by the Settlement Class Member in the last three years, a statement whether the objector intends to appear at the Final Approval Hearing, either in person or through counsel, and if through counsel, identifying counsel by name, address, and telephone number. In addition to the

foregoing, if the Settlement Class Member is represented by counsel and such counsel intends to speak at the Final Approval Hearing, the written objection must include a detailed statement of the specific legal and factual basis for each and every objection and a detailed description of any and all evidence the objecting Settlement Class Member may offer at the Final Approval Hearing, including copies of any and all exhibits that the objecting Class member may introduce at the Final Approval Hearing.

18. Any Settlement Class Member who does not timely submit a written objection in accordance with these procedures and the procedures detailed in the Notice and Settlement Agreement, shall be deemed to have waived any objection, shall not be permitted to object to the Settlement, and shall be precluded from seeking any review of the Settlement Agreement and/or the Final Approval Order and Judgment by appeal or other means.

## FINAL APPROVAL HEARING

19. The Court will hold a Final Approval Hearing on _____, 2017 at _____ in Courtroom 8, 4th Floor, of the Northern District of California, 280 South 1st Street, San Jose, CA 95113.

20. At the Final Approval Hearing, the Court will consider whether: (a) the Settlement is fair, reasonable, and adequate; (b) the Settlement Class should be finally certified; (c) a final judgment should be entered; (d) Class Counsel's motion for attorneys' fees and costs should be granted; and (e) the Service Payments sought for Settlement Class Representatives should be awarded.

21. The Court reserves the right to continue the date of the Final Approval hearing without further notice to Settlement Class Members.

## DEADLINES, INJUNCTION & TERMINATION

| Event | Date |
|---|---|
| Notice of Class Action Settlement completed as per Notice Plan | October 23, 2017 |
| Class Counsel Motion for Attorneys' Fees and Costs | December 1, 2017 |
| Motion for Final Approval | December 1, 2017 |
| Opt-Out and Objection Deadline | December 22, 2017 |
| Reply in Support of Motion for Final Approval and Attorneys' Fees and Costs | January 18, 2018 |
| Final Approval Hearing | January 25, 2018 |

- 6 -

22. All proceedings and deadlines in this matter, except those necessary to implement this Order and the Settlement, are hereby stayed and suspended until further order of the Court.

23. All Settlement Class Members who do not validly opt out and exclude themselves are hereby enjoined from pursuing or prosecuting any of the Released Claims as set forth in the Settlement Agreement until further order of the Court.

24. In the event that the Settlement Agreement is terminated pursuant to the terms of the Settlement Agreement, (a) the Settlement Agreement and this Order shall become void, shall have no further force or effect, and shall not be used in any Action or any other proceedings for any purpose other than as may be necessary to enforce the terms of the Settlement Agreement that survive termination; (b) this matter will revert to the status that existed before execution of the Settlement Agreement; and (c) no term or draft of the Settlement Agreement or any part of the Parties' settlement discussions, negotiations or documentation (including any briefs filed in support of preliminary or final approval of the Settlement) shall (i) be admissible into evidence for any purpose in any Action or other proceeding other than as may be necessary to enforce the terms of the Settlement Agreement that survive termination, (ii) be deemed an admission or concession by any Party regarding the validity of any Released Claim or the propriety of certifying any class against Defendants, or (iii) be deemed an admission or concession by any Party regarding the truth or falsity of any facts alleged in the Actions or the availability or lack of availability of any defense to the Released Claims.

**IT IS SO ORDERED**.

Dated: _____, 2017      _____
The Honorable Lucy H. Koh
U.S. DISTRICT COURT JUDGE