United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE ANTHEM, INC. DATA BREACH LITIGATION | Case No.15-MD-02617-LHK<br>**ORDER GRANTING SEALING MOTION**<br>Re: Dkt. No. 869 |

Before the Court is the parties' Joint Administrative Motion to File Under Seal, ECF No. 869. The joint motion seeks to file under seal portions of Plaintiffs' motion for preliminary approval and two exhibits in support of that motion. For the reasons discussed below, the Court GRANTS IN PART and DENIES IN PART the parties' motion.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Thus, when considering a sealing request, "a strong presumption in favor of access is the starting point." *Id.* (internal quotation marks omitted).

Parties seeking to seal judicial records relating to motions that are "more than tangentially

1

Case No. 15-MD-02617-LHK
ORDER GRANTING SEALING MOTION

related to the underlying cause of action," *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016), bear the burden of overcoming the presumption with "compelling reasons supported by specific factual findings" that outweigh the general history of access and the public policies favoring disclosure. *Kamakana*, 447 F.3d at 1178–79 (9th Cir. 2006). Compelling reasons justifying the sealing of court records generally exist "when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

Records attached to motions that are "not related, or only tangentially related, to the merits of a case," are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action." (internal quotation marks omitted)). Parties moving to seal records attached to motions unrelated or only tangentially related to the merits of a case must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Ctr. for Auto Safety*, 809 F.3d at 1098-99; *Kamakana*, 447 F.3d at 1179–80. The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

Pursuant to Rule 26(c), a trial court has broad discretion to permit sealing of court documents for, inter alia, the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). The Ninth Circuit has

2

adopted the definition of "trade secrets" set forth in the Restatement of Torts, holding that "[a] trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972) (quoting Restatement (First) of Torts § 757 cmt. b). "Generally [a trade secret] relates to the production of goods. . . . It may, however, relate to the sale of goods or to other operations in the business. . . ." *Id.* (ellipses in original). In addition, the U.S. Supreme Court has recognized that sealing may be justified to prevent judicial documents from being used "as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598.

In addition, parties moving to seal documents must comply with the procedures established by Civil Local Rule 79-5. Pursuant to that rule, a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civ. L. R. 79-5(b). "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." *Id.* Civil Local Rule 79-5(d), moreover, requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" and that "lists in table format each document or portion thereof that is sought to be sealed," as well as an "unredacted version of the document" that "indicate[s], by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." *Id.* R. 79-5(d)(1).

In the instant case, the parties seek to seal portions of the motion for preliminary approval, portions of Exhibit 2 to the Settlement Agreement, and the entirety of the Statement Regarding Exclusion of Settlement Class Members. ECF No. 869. The parties submit that there are "compelling reasons" to seal these materials. *See Johnson v. Quantum Learning Network, Inc.*, 2016 WL 4472993, at *2 (N.D. Cal. Aug. 22, 2016) (applying "compelling reasons" standard to motion to file under seal in connection with motion for preliminary approval of class action settlement); *In re Animation Workers Antitrust Litigation*, No. 14-CV-04062, ECF No. 379, at *3–

1   4 (N.D. Cal. Mar. 2, 2017) (same). Additionally, the motion for preliminary approval, which seeks to certify a class for settlement purposes and to preliminary approve a settlement resolving the class's claims, is "more than tangentially related to the underlying cause of action," *Ctr. for Auto Safety*, 809 F.3d at 1099. Therefore, the Court applies the compelling reasons standard to the instant motion.

The parties' motion seeks to seal two types of information. First, the parties seek to seal confidential information regarding Anthem's information security, including current methods for data security, methods for data security that Anthem intends to implement in the future pursuant to the Settlement Agreement, and specific amounts of funding that Anthem will spend on cybersecurity measure pursuant to the Settlement Agreement. This information includes descriptions of cybersecurity practices and protocols. The parties argue that compelling reasons exist to seal this information because this information, "if publicly disclosed, could substantially harm Anthem and its members by giving potential cyberattackers insights into Anthem's cybersecurity practices and protocols." *Id.* The parties state that if disclosed, information regarding specific funding levels "could damage Anthem's business interests or competitive standing." *Id.* The Court agrees that if specific information regarding Anthem's cybersecurity practices were disclosed, this could allow cyberattackers greater opportunity to defeat these defenses and substantially harm both Anthem and putative class members. *See Bell v. Home Depot U.S.A., Inc.*, 2015 WL 6082460, at *2 (E.D. Cal. Oct. 15, 2015) (finding "compelling reasons" to seal documents that contained the defendant's "security protocols in opening and closing its stores, the disclosure of which could threaten its stores' security and its employees' safety"). The Court also agrees that disclosing specific funding levels could allow Anthem's competitors to have an advantage over Anthem in providing cybersecurity services. Therefore, the Court finds that compelling reasons exist to seal specific information regarding Anthem's cybersecurity practices and funding. The Court thus GRANTS the parties' motion to seal this information.

Second, the parties seek to seal the Statement Regarding Exclusion of Settlement Class

4

Case No. 15-MD-02617-LHK
ORDER GRANTING SEALING MOTION

United States District Court
Northern District of California

Members, ECF No. 869-18, which contains the number of opt-outs from the settlement that would trigger Anthem's right to terminate the Settlement Agreement. This Court and other courts have found that such information is sealable in order to "prevent third parties from utilizing [this provision] for the improper purpose of obstructing the settlement and obtaining higher payouts." *In re Animation Workers Antitrust Litigation*, No. 14-CV-04062, ECF No. 379, at *4 (N.D. Cal. Mar. 2, 2017) (quoting *Thomas v. Magnachip Semiconductor Corp.*, 2016 WL 3879193, at *7 (N.D. Cal. July 18, 2016)); *see also In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 948 (9th Cir. 2015) (affirming an order sealing the "exact threshold" of opt-outs that would have triggered a defendant's right to terminate the settlement agreement."). If revealed, this information could lead to court files "becom[ing] a vehicle for improper purposes." *Kamakana*, 447 F.3d at 1179. Both class members and Defendants have a strong interest in avoiding strategic conduct by potential objectors in targeting a specific number of opt-outs. Thus, the Court finds that compelling reasons exist to seal this information and therefore GRANTS the parties' request to seal the Statement Regarding Exclusion of Settlement Class Members.

Thus, the Court GRANTS the parties' motion to seal.

**IT IS SO ORDERED.**

Dated: August 25, 2017

_____
LUCY H. KOH
United States District Judge