Theodore H. Frank (SBN 196332)
COMPETITIVE ENTERPRISE INSTITUTE
  CENTER FOR CLASS ACTION FAIRNESS
1310 L Street NW 7th Floor
Washington, DC 20005
Voice: 202-331-2263
Email: ted.frank@cei.org
*Attorneys for Objector Adam E. Schulman*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| *In Re Anthem, Inc. Data Breach Litigation* | Case No. 15-md-02617-LHK |
| | **DECLARATION OF ADAM E. SCHULMAN** |
| | Judge:       Hon. Lucy H. Koh |
| ADAM E. SCHULMAN, | Courtroom:   8, 4th Floor |
| | Date:        February 1, 2018 |
| Objector. | Time:        1:30 P.M. |

I, Adam Schulman, declare as follows:

1.      I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

2.      My full name is Adam Ezra Schulman. My business address is 1310 L Street NW, 7th Floor, Washington, DC 20005.  My telephone number is 610-457-0856.  My email address adam.schulman@cei.org. I am a United States citizen and resident, currently domiciled in Virginia. I am a member of the state bars of Pennsylvania and the District of Columbia.

3.      I am an attorney with the Competitive Enterprise Institute ("CEI"), a 501(c)(3) non-profit based out of Washington D.C. Specifically, I work within CEI's Center for Class Action Fairness ("CCAF"), a division within their law and litigation unit. I have been with CCAF since March of 2011, following my 2010 graduation from Georgetown University Law Center. Before my employment at CCAF, I was a fellow at the Student Press Law Center.

4.      In addition to my own legal work on this objection, I am represented by several other CEI attorneys, including Frank Bednarz, Anna St. John, Melissa Holyoak, and Theodore H. Frank. Frank is a member of the bar of this Court and will appear on my behalf at the final approval hearing. I do not intend to appear personally or testify at the final approval hearing, nor do I intend to call any witnesses, but I reserve the right to cross-examine any witnesses that other parties may call.

5.      As an attorney at CCAF, I represent class members *pro bono* in objecting to class action settlements that work to the detriment of absent class members, including but not limited to cases in which class counsel requests an excessive fee. *See., e.g., In re Dry Max Pampers Litig.*, 724 F.3d 713, 716-17 (6th Cir. 2013) (describing my client's objections as "numerous, detailed, and substantive."); *Richardson v. L'Oreal USA, Inc.*, 991 F. Supp. 2d 181, 205 (D.D.C. 2013) (describing my client's objection as "comprehensive and sophisticated" and noting that "[o]ne good objector may be worth many frivolous objectors in ascertaining the fairness of a settlement."); *Rougvie v. Ascena Retail Group, Inc.*, No. 15-cv-724, 2016 WL 6069968, at *4 (E.D. Pa. Oct. 14, 2016) (lauding our objections as "among the strongest"). Since it was founded in 2009, CCAF has "recouped more than $100 million for class members" by driving the settling parties to reach an improved

bargain or by reducing outsized fee awards. Andrea Estes, *Critics hit law firms' bills after class-action lawsuits,* BOSTON GLOBE (Dec. 17, 2016). *See, e.g., Edwards v. Nat'l Milk Producers Fed'n,* No. 11-cv-04766-JSW, Dkt. 519 (N.D. Cal. Sept. 13, 2017) (crediting CCAF's "skillful work" for contributing to saving the class more than $4 million from an excessive fee request); *In re Citigroup Inc. Secs. Litig.,* 965 F. Supp. 2d 369 (S.D.N.Y. 2013) (reducing fees by $26 million after CCAF objection); *McDonough v. Toys "R" Us,* 80 F. Supp. 3d 626, 661 (E.D. Pa. 2015) (approving renegotiated settlement after successful CCAF appeal that increased class recovery by ~$15 million). Commentators too have recognized that CCAF has "develop[ed] the expertise to spot problematic settlement provisions and attorneys' fees." Elizabeth Chamblee Burch, *Public Funded Objectors,* THEORETICAL INQUIRIES IN LAW, at 9 n.35 (forthcoming 2017), *available at* https://papers.ssrn.com/sol3/papers2.cfm?abstract_id=2923785. The contemporaneously-filed declaration of my attorney Theodore H. Frank goes into more detail about CCAF's history.

      6.       Neither CCAF nor CEI has an "ideological crusade against class actions" as our adversaries' boilerplate often accuses. Our only agenda is that put forward in our briefs: class attorneys have a fiduciary duty to their class clients, and should not engage in self-dealing or requests for excessive fees at class expense. On multiple occasions, successful objections brought by CCAF have resulted in new class-action settlements where the defendants pay substantially more money to the plaintiff class without CCAF objecting to the revised settlement. On other occasions, CCAF has sought to recoup unjust gains procured by professional objectors that delayed the consummation of legitimate settlements. *See Pearson v. NBTY, Inc.,* No. 11-cv-7972 (N.D. Ill.), *appeal pending* No. 17-2275 (7th Cir.); *Rougvie v. Ascena Retail Group,* No. 15-cv-724, 2017 WL 2624544 (E.D. Pa. June 16, 2017).

      7.       Pursuant to paragraph 17 of the Court's preliminary approval order (Dkt. 903), I declare that I have objected to 6 settlements in the past three years. Each of the six settlements to which I objected were consolidated within the MDL in *In re: Motor Fuel Temperature Sales Practices Litigation,* No. 07-md-1840-KHV-JPO (D. Kan.). My single objection to all six settlements was filed in March of 2015. Additionally, in 2013, I objected to the settlement in *Berry v. LexisNexis Risk & Information Analytics,* No. 11-cv-00754 (E.D. Va.). Although this objection was filed outside the three-year window, it was not until 2016 that the appeal process

of the case concluded. Therefore, I identify it here in case there is any ambiguity as to whether an appeal from an overruled objection itself constitutes an objection within the time period.

8.      Over the same previous three-year period, I have represented objectors objecting to numerous settlements, and would be happy to identify these representations if the Court believes it is of relevance, but in good faith I do not interpret the preliminary approval order to require that listing as part of my objection.

9.      In early October 2017, I received postcard notice sent to my parents' address (700 Trephanny Lane, Wayne, PA 19087), informing me that the claims administrator had identified me as a member of the settlement class in this action, presumably because my personal information was taken during the data breach, and is included in Anthem's Member Impact Database. The postcard notice provided a Claim # and a ClaimID. My Claim # is AAB-1045143109001-1598690. My ClaimID is 1045143109001.

10.     I am not a judicial officer presiding over this action, a member of the immediate family or judicial staff of such an officer. Nor am I an officer, director, legal representative, successor, subsidiary or assign of any of the defendants in this action. I have not opted out of the settlement class.

11.     I am thus a member of the proposed settlement class with standing to object.

12.     On December 12, 2017, I filed a claim for credit monitoring through the settlement website (http://www.databreach-settlement.com/). A true and correct copy of my receipt for the claim I submitted is attached to this declaration as Exhibit A.

13.     To my knowledge I was ineligible to file an alternative claim for cash compensation, as I could not attest that I currently maintain credit monitoring services and will in the future.

14.     Although I have not yet enrolled, due to the 2017 Equifax data breach I am eligible to enroll for free in TrustedID Premier credit monitoring.

15.     I do not value the credit monitoring provided by this settlement at $9/month. In fact, I would value any cash compensation as better than the credit monitoring provided.

16.     I have reviewed class counsel's fee motion and papers, including the Declaration of Eve H. Cervantez (Dkt. 916-8) and its accompanying exhibits. By culling the exhibits (in particular Dkt. 916-10) for the hours listed as "contract attorney" time, I have created a spreadsheet tallying all such hours. A true and correct copy of that spreadsheet is attached to this declaration as Exhibit B.

17.     The specific grounds of my objection are identified in my contemporaneously-filed objection.

18.     I am willing to demonstrate my good faith by stipulating to an injunction barring me from withdrawing my objection in exchange for payment. This is the best way of eliminating bad faith objectors. *See generally* Brian T. Fitzpatrick, *The End of Objector Blackmail?*, 62 Vand. L. Rev. 1623 (2009).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 29, 2017, in Alexandria, VA.

_____
Adam E. Schulman

PROOF OF SERVICE

I hereby certify that on this day I electronically filed the foregoing Declaration of Adam E. Schulman using the CM/ECF filing system thus effectuating service of such filing on all ECF registered attorneys in this case.

In addition, I caused to be mailed the foregoing declaration along with other contemporaneously-filed documents to the following individual:

LHK Courtroom Deputy
United States District Court for the Northern District of California
Robert F. Peckham Federal Bldg.
280 1st Street
San Jose, CA 95113

DATED this 29th day of December, 2017.

 /s/ Theodore H. Frank
Theodore H. Frank