# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| IN RE ANTHEM, INC. DATA BREACH LITIGATION | Case No. 5:15-MD-02617-LHK<br><br>**[PROPOSED] ORDER GRANTING MOTION FOR FINAL APPROVAL AND JUDGMENT OF CLASS ACTION SETTLEMENT** |

This matter is before the Court on Plaintiffs' motion for final approval of the proposed class action settlement and entry of final judgment. Plaintiffs, individually and on behalf of the proposed settlement class, and Defendants have entered into a Settlement Agreement and Release ("Settlement Agreement") that settles the above-captioned litigation. Having considered the motion, the Settlement Agreement together with all exhibits and attachments thereto, the record, and the briefs and oral argument in this matter, **IT IS HEREBY ORDERED** as follows:

1. Unless otherwise defined herein, all terms that are capitalized herein shall have the same meaning ascribed to those terms in the Settlement Agreement.

2. The Court has jurisdiction over this multidistrict litigation, all actions transferred to, filed in or otherwise coordinated as part of this multidistrict litigation, Plaintiffs, Defendants,

and Settlement Class Members, and any party to any agreement that is part of or related to the Settlement Agreement.

## FINAL SETTLEMENT AGREEMENT APPROVAL

3. Federal Rule of Civil Procedure 23(e)(2) requires the Court to determine whether the Settlement Agreement is "fair, reasonable, and adequate." The Court may consider the following factors in evaluating the Settlement Agreement under this standard: "the strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement." *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982); *accord Torrisi v. Tuscon Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993).

4. The Court finds that the Settlement Agreement is fair, adequate, and reasonable in light of these factors. First, the Settlement reflects the strength of Plaintiffs' case as well as the Defendants' position. This Court has been "'exposed to the litigants and their strategies, positions and proof,'" *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1988) (*quoting Officers for Justice*, 688 F.2d at 626), and finds that the judicial policy favoring the compromise and settlement of class action suits is applicable here. *See Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992).

5. The Court further finds the Settlement Agreement was reached after arm's length negotiations by capable counsel, aided by an experienced mediator, former United States District Judge Layn R. Phillips, and that it was not the product of fraud, overreaching, or collusion among the parties.

6. Second, the risks, expense, complexity, and likely duration of further litigation also support approval of the Settlement. Even if the Court granted Plaintiffs' motion for class certification of the selected claims, Plaintiffs still would have faced Defendants' motion for summary judgment, trial, and appeals. Trial of any case, let alone a large class action, is inherently risky.

7. Third, the extent of discovery completed also supports approval. During fact discovery, Plaintiffs' Counsel reviewed almost 4 million pages of documents. The parties also exchanged expert and rebuttal expert reports. Plaintiffs took 80 percipient and corporate designee depositions, produced 105 Plaintiffs for deposition, and took and defended expert depositions. Plaintiffs also briefed 14 joint discovery letters in this Court and moved to compel third-party discovery in other jurisdictions. Accordingly, the Parties have ample information with which to weigh the relative merits of settlement and continued litigation.

8. Fourth, the consideration provided, a Settlement Fund of $115 million, is substantial, and the parties have structured the benefits to maximize the benefits to the Settlement Class.

9. Fifth, the views of Class Counsel, who are experienced in litigating and settling data breach and privacy class actions, weigh in favor of final approval. *See Linney v. Cellular Alaska P'Ship*, No. 96-3008-DJL, 1997 WL 450064, at *5 (N.D. Cal. July 18, 1997), *aff'd* 151 F.3d 1234 (9th Cir. 1998). Class Counsel endorse the Settlement as fair, adequate, and reasonable.

10. Finally, the reaction of the Settlement Class Members supports final approval of the Settlement. Of the approximately 79 million class members, 21 class members objected to the settlement and an additional 335 class members excluded themselves from the settlement. The vastly larger number of submitted claims, compared to the small number of objections and opt outs, favors final approval. *See Rodriguez v. West Publishing Corp.*, 563 F.3d 948, 967 (9th Cir. 2009) (low number of objections supports fairness of settlement).

11. The Court has carefully and independently evaluated each of the objections submitted by every objector.[1] *See Browne v. Am. Honda Motor Co.*, 2010 WL 9499072, *15 (C.D. Cal. July 29, 2010) ("The fact that there is opposition does not necessitate disapproval of the settlement. Instead, the court must independently evaluate whether the objections being raised

---

[1] This includes the objections of Andrianopoulos, Boone, Chattopadhyay, Andre and Danette Coddington, Cowdrey, Deibel, Douglas, Graham, Grondona, Hurt, Kress, Mayo, McClellan, Mitchell, Orlowske, Pflug, Prada, Schulman, Talbott, Walton, and Ziecker.

suggest serious reasons why the proposal might be unfair.") (internal quotation marks omitted). None of the objections reveal that the Settlement is not fair, reasonable, or adequate, and none present serious reasons to disapprove the Settlement. For instance, the most common objection – that class members should receive lifetime credit monitoring – reflects, at least implicitly, the value of the credit monitoring services made available by the Settlement. As Plaintiffs argue, the Settlement came about only after intense, prolonged litigation and strenuous negotiations. The duration of the credit monitoring was a product of that process, and reflects a duration consistent with that recommended by Plaintiffs' own expert's testimony. Bearing additional litigation risk to secure lifelong services would not have been fruitful, and would have jeopardized the considerable relief being made available to class members. Similarly, none of the other objections, including but not limited to those relating to Anthem's data security procedures, the monetary relief, and sealing of sensitive information about Anthem's cybersecurity practices, suggest serious reasons why the proposal might be unfair given the risk, delay, and expense of continued proceedings. Each of the objections is therefore OVERRULED.

12.     The Court, therefore, finds that the Settlement Agreement is in the best interests of Settlement Class Members, is fair, reasonable, and adequate within the meaning of Federal Rule of Civil Procedure 23, and GRANTS final approval of the Settlement Agreement and all of the terms and conditions contained therein.

## APPROPRIATE NOTICE

13.     Federal Rule of Civil Procedure 23(c)(2)(B) requires that Settlement Class Members be provided "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort.  The notice must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)."

14.     The Court finds that the Notice Plan the Court previously approved has been implemented and satisfies the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process.  The Notice, which the Court approved, clearly defined the Settlement Class and explained the rights and obligations of the Settlement Class Members.  The Notice explained how to obtain credit monitoring services, cash payments for those who already had credit monitoring services, and reimbursement for out of pocket costs, and how to contact Class Counsel and the Settlement Administrator.  The Court appointed KCC as the Settlement Administrator to fulfill the duties set forth in the Notice Plan.

15.     The Notice Plan permitted Class Members to access information and documents about the case to inform their decision about whether to opt out of or object to the Settlement.

## FINAL CERTIFICATION OF SETTLEMENT CLASS

16.     The Court preliminarily found (ECF 903 at 3) class certification appropriate under Federal Rule of Civil Procedure 23. For the reasons set forth below, the Court finds final certification of the settlement class appropriate, as well. Accordingly, pursuant to Federal Rule of Civil Procedure 23, the Court finally certifies, for settlement purposes only, the Settlement Class defined as follows:

> All Individuals whose Personal Information was maintained on Anthem's Enterprise Data Warehouse and are included in Anthem's Member Impact Database and/or received a notice relating to the Data Breach; provided, however, that the following are excluded from the Settlement Class: (i) Defendants, any entity in which Defendants have a controlling interest, and Defendants' officers, directors, legal representatives, successors, subsidiaries, and assigns; (ii) any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff; and (iii) any individual who timely and validly opts-out from the Settlement Class.

17.     As a general matter, following a rigorous Rule 23 analysis, the Court may certify a national or multi-state settlement class. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1022–23 (9th

Cir. 1998); *see also In re Hyundai and Kia Fuel Economy Litigation.*, No. 1556014 at 52 (9th Cir. Jan. 23, 2018).

18. The Court has conducted such a rigorous Rule 23 analysis and finds that the Settlement Class satisfies the requirements of Federal Rule of Civil Procedure 23(a): the Settlement Class is comprised of approximately 79 million individuals; there are questions of law or fact common to the Settlement Class, such as whether Anthem adequately secured its data; the Settlement Class Representatives' claims are typical of those of Settlement Class Members, as they each were subject to the Anthem data breach; and, as the record more than reflects, the Settlement Class Representatives and their counsel have fairly and adequately protected the interests of the Settlement Class, and shall continue to do so.

19. The Court finds that the Settlement Class satisfies the requirements of Federal Rule of Civil Procedure 23(b): the questions of law or fact common to the Settlement Class predominate over individual questions, and class action litigation is superior to other available methods for the fair and efficient adjudication of this controversy. Whether Anthem adequately secured its data is a question shared by all class members and every state-law and federal claim in this litigation, the answer to which rests on common evidence. Further, whether Anthem's alleged failure to secure the data constituted a breach of its applicable privacy policies and the applicable standard of care is a question shared by the Settlement Class. Even if just one common question predominates, "the action may be considered proper under Rule 23(b)(3) even though other important matters will have to be tried separately, such as damages or some affirmative defenses peculiar to some individual class members." *Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036 at 1045 (2016) (citation omitted); *see also Just Film, Inc. v. Buono*, 847 F.3d 1108, 1122 (9th Cir. 2017). Here, the factual dispute about the adequacy of Anthem's pre-breach cybersecurity and whether any inadequacy constituted a breach of its duty under the applicable privacy policies and the applicable standard of care far outweighs any individualized questions. *Cf. In re Conseco Life Ins. Co. LifeTrend Ins. Sales and Marketing Litigation*, 2010 WL 3931096 (N.D. Cal. Oct 06, 2010) (certifying national 23(b)(2) class; finding Rule 23(a)(2) satisfied because "the law relating to the element of breach [of contract] does not vary greatly from state to state"); *Steinberg v.*

1   *Nationwide Mut. Ins. Co.*, 224 F.R.D. 67, 79 (E.D.N.Y. 2004); *In re Checking Account Overdraft*
2   *Litigation*, 286 F.R.D. 645, 652 (S.D. Fla. 2012).

### THE REQUEST FOR ATTORNEYS' FEES IS REASONABLE

20.    The Court has reviewed the application for an award of fees submitted by Class Counsel and the exhibits, memoranda of law, and other materials submitted regarding that application. On the basis of its review of the foregoing, the Court hereby awards $37,950,000 in attorneys' fees, to be paid in accordance with the provisions of the Settlement Agreement.

### THE REQUEST FOR COSTS IS REASONABLE

21.    The Court has reviewed the application for reimbursement of costs submitted by Class Counsel and the exhibits, memoranda of law, and other materials submitted regarding that application. On the basis of its review of the foregoing, the Court hereby awards $2,005,068.59 in costs, to be paid in accordance with the provisions of the Settlement Agreement, and further allows a reserve of $60,000 for expert review of Anthem's annual cybersecurity report and $72,000 to maintain the call center, with all reserves not spent to revert to the Settlement Fund.

### THE REQUEST FOR SERVICE PAYMENTS IS REASONABLE

22.    The Court has reviewed the application for an award of Service Payments to Settlement Class Representatives submitted by Class Counsel and the exhibits, memoranda of law, and other materials submitted regarding that application. On the basis of its review of the foregoing, the Court hereby awards Service Payments in the amount of $5,000 per Settlement Class Representative whose computer was forensically imaged and $7,500 per Settlement Class Representative whose computer was not forensically imaged, to be paid in accordance with the provisions of the Settlement Agreement.

### NO ADMISSION OF LIABILITY

23.    This final approval order shall not be offered or received against any Defendant as evidence of or construed as or deemed to be evidence of any presumption, concession or admission by any Defendant with respect to the truth of any fact alleged by any Plaintiff or the validity of any claim that has been or could have been asserted in the Actions or in any litigation,

- 7 -
[PROPOSED] ORDER GRANTING MOTION FOR FINAL APPROVAL AND JUDGMENT OF CLASS ACTION SETTLEMENT
Case No. 5:15-MD-02617-LHK

or the deficiency of any defense that has been or could have been asserted in the Actions or any litigation, or of any liability, negligence, fault, breach of duty or wrongdoing of any Defendant.

24.     This final approval order shall not be used for any purpose in this or any other matter or proceeding other than as may be necessary to enforce the terms of the Settlement Agreement or this final approval order and judgment.

**DISMISSAL AND RELEASE**

25.     Upon the Effective Date, all Actions are dismissed with prejudice, with each Party to bear its own costs and attorneys' fees except as provided by the terms of the Settlement Agreement.  Every Settlement Class Member who did not timely and validly opt-out and exclude himself or herself from the Settlement Class fully, finally, and forever releases any and all Released Claims in accordance with the terms of the Settlement Agreement.  All Settlement Class Members shall be bound by the terms of the Settlement Agreement upon entry of this final approval order.

**TERMINATION**

26.     In the event that the Settlement Agreement is terminated pursuant to the terms of the Settlement Agreement, (a) the Settlement Agreement and this order shall become void, shall have no further force or effect, and shall not be used in any Action or any other proceedings for any purpose other than as may be necessary to enforce the terms of the Settlement Agreement that survive termination; (b) this matter will revert to the status that existed before execution of the Settlement Agreement; and (c) no term or draft of the Settlement Agreement or any part of the Parties' settlement discussions, negotiations or documentation (including any briefs filed in support of preliminary or final approval of the Settlement) shall (i) be admissible into evidence for any purpose in any Action or other proceeding other than as may be necessary to enforce the terms of the Settlement Agreement that survive termination, (ii) be deemed an admission or concession by any Party regarding the validity of any Released Claim or the propriety of certifying any class against Defendants, or (iii) be deemed an admission or concession by any Party regarding the truth or falsity of any facts alleged in the Actions or the availability or lack of availability of any defense to the Released Claims.

**JURISDICTION**

27. Without affecting the finality of the Court's judgment, the Court retains jurisdiction over the implementation, administration, effectuation, and enforcement of the Settlement Agreement and its terms.  The Court also has the jurisdiction and authority to enforce the provisions of this final approval order and the Court's judgment.

**ENTRY OF FINAL JUDGMENT**

28. The Court finds there is no just reason for delay and DIRECTS the Clerk to enter judgment pursuant to Federal Rule of Civil Procedure 54 immediately.

**IT IS SO ORDERED**.


Dated: _____, 2018          _____
                                    The Honorable Lucy H. Koh
                                    U.S. DISTRICT COURT JUDGE