ALTSHULER BERZON LLP
EVE CERVANTEZ (SBN 164709)
ecervantez@altshulerberzon.com
JONATHAN WEISSGLASS (SBN 185008)
jweissglass@altshulerberzon.com
DANIELLE E. LEONARD (SBN 218201)
dleonard@altshulerberzon.com
MEREDITH A. JOHNSON (SBN 291018)
mjohnson@altshulerberzon.com
TONY LOPRESTI (SBN 289269)
tlopresti@altshulerberzon.com
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064

COHEN MILSTEIN SELLERS & TOLL PLLC
ANDREW N. FRIEDMAN (admitted *pro hac vice*)
afriedman@cohenmilstein.com
GEOFFREY GRABER (SBN 211547)
ggraber@cohenmilstein.com
SALLY M. HANDMAKER (SBN 281186)
shandmaker@cohenmilstein.com
ERIC KAFKA (admitted *pro hac vice*)
ekafka@cohenmilstein.com
1100 New York Ave. NW
Suite 500, West Tower
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile:  (202) 408-4699

*Co-Lead Plaintiffs' Counsel*

*Additional Counsel on Signature Page*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| *In Re Anthem, Inc. Data Breach Litigation* | Case No:  15-md-02617-LHK (NC) <br><br> **PLAINTIFFS' SUPPLEMENTAL BRIEF REGARDING *HYUNDAI* IN SUPPORT OF FINAL APPROVAL** <br><br> Date: February 1, 2018 <br> Time: 1:30 p.m. <br> Judge: Lucy H. Koh <br> Crtrm: 8, 4th Floor |

The decision in *In re Hyundai and Kia Fuel Econ. Litig.*, 2018 WL 505343 (9th Cir. Jan. 23, 2018) reiterates that a court considering a nationwide class "must consider the impact of potentially varying state laws," but, following long-standing precedent, "'[v]ariations in state law do not necessarily preclude a 23(b)(3) action.'" *Id.* at *3 (*quoting Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1022 (9th Cir. 1998)); *see also Just Film, Inc. v. Buono*, 847 F.3d 1108, 1122 (9th Cir. 2017). The Court confirmed that the predominance standard that applies in the context of a multi-state class action is the same as in any other case, asking whether "'the common, aggregation-enabling, issues in the case are more prevalent or important than the non-common, aggregation-defeating, individual issues.'" *Id.* at *12 (*quoting Tyson Foods, Inc. v. Bouaphakeo*, -- U.S. --, 136 S.Ct. 1036, 1045 (2016).

The district court in *Hyundai* "granted class certification without ever addressing variations in state law." *Id.* at *11. In so doing, the Ninth Circuit held that the court committed two legal errors. First, the court "fail[ed] to apply California choice of law rules," including examining variations in state law, to determine whether one state's law could apply nationwide. *Id.* at *12. Second, it failed to analyze *at all* whether applicable state laws materially differed or to consider those differences for purposes of predominance. *Id.*[1]

The first error has no application here because, unlike in *Hyundai*, Plaintiffs have never contended here that the law of a single state should apply nationwide. ECF 714-4, 743-11. And the second error can be easily avoided when this Court, which is familiar with the issues in this litigation, conducts its predominance analysis to assess whether the common legal and factual issues outweigh any "questions affecting only individual members." F.R.C.P. 23(b)(3). That analysis is governed by familiar standards, which *Hyundai* did not change. Here, as in in *Hanlon*, "a common nucleus of facts and potential legal remedies dominate this litigation." 150 F.3d at 1022. Thus, any variations in state law do not outweigh the predominance of factual and legal issues with respect to the constellation of claims in this case. *Id.* at 1022–23 (holding that "idiosyncratic differences between state consumer protection laws are not sufficiently substantive to predominate over the shared claims").

---

[1] *Hyundai* also addressed attorneys' fees, but focused on the district court's use of the lodestar methodology without any comparison to the value of the settlement, an issue Plaintiffs have invited this Court to consider (and thereby avoid any concern addressed in *Hyundai*). 2018 WL 505343 at *15.

This Court has closely managed this litigation and is well-positioned to determine that the important and prevalent factual and legal issues raised by class members' common law and statutory claims are common, and far outweigh any issues affecting only individuals. This case involves a single event that impacted all class members in this case whose data was stolen at once, giving rise to claims under state law that *all* share the same common nucleus of facts and law pertaining to the duty of care and whether Anthem violated it. ECF 743-12 at 2-5 (collecting evidence) & 6-7; *see also* ECF 903 at 3.[2] Those central issues are by far the most important factual and legal issues here. In contrast, in *Hyundai*, defendants had previously identified material differences across states that the trial court tentatively held undermined class certification, and the Ninth Circuit was concerned that liability might turn on issues affecting individual class members differently. 2018 WL 505343 at *7-8, 12.

As previously approved by the Ninth Circuit, this Court can address whether any variations in state law impact the balance of common versus individualized issues categorically. *Hanlon*, 150 F.3d at 1022; *Just Film,* 847 F.3d at 1122.[3] First, Plaintiffs assert two common law claims that blanket the class: breach of contract and negligence. The basic elements of contract law are the same across states. *See In re Conseco Life Ins. Co. LifeTrend Ins. Sales and Mktg. Litig*., 2010 WL 3931096 (N.D. Cal. Oct 6, 2010); *cf. American Airlines v. Wolens*, 513 U.S. 219, 233 n.8 (1995) ("Because contract law is not at its core 'diverse, nonuniform, and confusing,' we see no large risk of nonuniform adjudication….") (citations omitted). The contract dispute across the state law claims focuses on issues of contract interpretation and breach, both of which are subject to common proof. ECF 743-12 at 2-5, 8-9, 11, 19-25; ECF 832-5 at 2-3, 9-10, 22. There are no material differences in state law with respect to interpretation or breach that would require *individualized* adjudication. *Just Film,* 847 F.3d at 1123.

---

[2] Consistent with this Court's scheduling orders, fact discovery closed for *all* claims prior to the class certification briefing. The record before the Court supporting Plaintiffs' motion for class certification with respect to the four selected bellwether claims therefore contains significant evidence that applies nationwide, including all of the evidence pertaining to Anthem's alleged security failures. ECF 743-12 at 2-5; ECF 832-5 at 2-4.

[3] Had this Court needed to proceed with its efficient plan to consider first selected claims and then resolve certification for the remaining claims, Plaintiffs would have presented a manageable, categorical approach that relied heavily on the common evidence already before this Court, and sorted the various claims and classes according to type and issues raised.

As with contract law, the commonalities with respect to the important facts and legal issues relevant to Plaintiffs' negligence claims greatly outweigh any individualized differences. The evidence pertaining to Defendants' duty and breach is already in the record on class certification, and all entirely common. This case does not raise the types of individualized proximate cause issues, for example, that can plague other negligence actions. *E.g.*, *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1231 (9th Cir. 1996) (contrasting products liability with mass tort cases involving a "single catastrophic event"); *cf. Sterling v. Velsicol Chem.*, 855 F.2d 1188, 1197 (6th Cir. 1988) ("In mass tort accidents, the factual and legal issues of a defendant's liability do not differ dramatically from one plaintiff to the next.").

Like the common law claims, the primary and most important issues pertaining to Plaintiffs' statutory claims are the common issues of the legal and factual questions regarding Anthem's duty of care and alleged violations. In light of the common factual evidence, this Court can conclude that "common, aggregation-enabling, issues in the case are more prevalent or important" (*Tyson Foods*, 136 S.Ct. at 1045) even if there are variations between the state statutory claims, particularly where much of that variation applies statewide rather than individually. For all of these claims, variations in state law that apply statewide, or to other large sub-groups of the class, do not pose individualized issues at all, and raise only questions of manageability irrelevant to settlement under governing law. *Hyundai*, 2018 WL 505343 at *12; *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623 (1997). Likewise, *Hyundai* did not alter the long-standing rule that any individualized damages issues do not defeat predominance. *Tyson Foods*, 136 S.Ct. 1036 at 1045; *Vaquero v. Ashley Furn.*, 824 F.3d 1150, 1155 (9th Cir. 2016).

Given the common experience of every individual in this class with respect to the single catastrophic event of the Anthem data breach, the common evidence pertaining to data security and the breach, the common legal issues across the common law claims and statutory claims here at issue, the record before the Court demonstrates the proposed class is "sufficiently cohesive to warrant adjudication by representation." *Amchem Prods.*, 521 U.S. at 623.

Respectfully Submitted,

**ALTSHULER BERZON LLP**
EVE H. CERVANTEZ
JONATHAN WEISSGLASS
DANIELLE LEONARD
MEREDITH JOHNSON
TONY LOPRESTI

Dated:  January 31, 2018            By: /s/ *Eve H. Cervantez*
                                         Eve H. Cervantez

**COHEN MILSTEIN SELLERS & TOLL PLLC**
ANDREW N. FRIEDMAN
GEOFFREY GRABER
SALLY M. HANDMAKER
ERIC KAFKA

Dated:  January 31, 2018            By: */s/ Andrew N. Friedman*
                                         Andrew N. Friedman

*Lead Plaintiffs' Counsel*

**LIEFF CABASER HEIMANN & BERNSTEIN, LLP**
MICHAEL SOBOL
JASON LICHTMAN

**GIRARD GIBBS LLP**
ERIC GIBBS
DAVID BERGER

*Plaintiffs' Steering Committee*