COMPETITIVE ENTERPRISE INSTITUTE
CENTER FOR CLASS ACTION FAIRNESS
THEODORE H. FRANK (SBN 196332)
FRANK BEDNARZ (admitted *pro hac vice*)
1310 L Street NW 7th Floor
Washington, DC 20005
Voice: 202-331-2263
Email: ted.frank@cei.org
*Attorneys for Objector Adam Schulman*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| **IN RE ANTHEM, INC. DATA BREACH LITIGATION** | Case No: 15-md-02617-LHK (NC) <br><br> **OBJECTOR SCHULMAN'S RESPONSE TO JUNE 12 ORDER** <br><br> Hearing Date: June 14, 2018 <br> Time: 1:30 p.m. <br> Judge: Hon. Lucy H. Koh <br> Crtrm: 8, 4th Floor |

Objector Schulman submits the following statement in an attempt to comply with the Court's order of June 12, 2018, requiring a joint submission by 9:30 a.m. this morning. After close of business last night, class counsel indicated for the first time that Schulman's proposal regarding supplemental notice would create problems with a contract with Experian. Schulman quickly drafted proposed language indicating his position on the matter with space for class counsel to indicate their opposing position, and submitted it to class counsel at 9:14 p.m. last night. At 12:22 a.m. this morning, class counsel indicated objections to Schulman's proposed joint statement language. Schulman proposed alternative language at 4:49 a.m. this morning. Class counsel indicated that they would agree to file with the alternative language at 9:09 a.m. Schulman relied on that representation. But class counsel did not file as of the court's 9:30 a.m. deadline. Schulman files this statement unilaterally to demonstrate his good-faith attempt to comply with the Court's order; Schulman's counsel, Mr. Bednarz, is currently on a plane to San Jose to attend the hearing.

It is Schulman's understanding that if the Court grants final approval to the parties' proposed amended Settlement Agreement (ECF 1007-2), the parties and Schulman agree that the following should occur:

1) The approximately 420 individuals who timely opted out of the Settlement Class should be given the opportunity to rejoin the Settlement Class and file claims for Credit Monitoring, Alternative Compensation, and/or Out of Pocket Expenses.  The notice and claim form should be in substantially the form filed with the proposed amended Settlement Agreement as Exhibits 13 and 14 thereto (ECF 1007-3 and 1007-4), and should be mailed to those persons who opted out within 10 days of the order granting final approval. Such individuals should be given 90 days from the date of final approval in which to rescind their request for exclusion, rejoin the Settlement Class, and file a claim for Credit Monitoring or Alternative Compensation.  (The deadline to file a claim for Out of Pocket Expenses will not occur for another year.)

2) Claims for Credit Monitoring and Alternative Compensation should be deemed timely so long as they are submitted within 90 days of the Court's order granting final approval to the parties' proposed amended Settlement Agreement. The Settlement Website is currently still

accepting claim submissions for Credit Monitoring and Alternative Compensation. The Settlement Website shall continue to accept claim submissions for Credit Monitoring and Alternative Compensation until the additional 90 day period has run. After that time, the Settlement Administrator shall modify the Settlement Website so that it is no longer able to accept claims for Credit Monitoring or Alternative Compensation, and instead informs Settlement Class Members that the deadline for filing a claim for Alternative Compensation or Credit Monitoring has passed. All Credit Monitoring or Alternative Compensation claims submitted through the claims website within the 90 day window, or postmarked by the 90th day, should be deemed timely.

3) There is no requirement that the Settlement Class be notified of the modified Settlement Agreement. Nevertheless, the parties and Schulman agree that the Settlement Website should be updated to (a) inform Settlement Class Members of the terms of the modified Settlement Agreement and (b) inform Settlement Class Members that the Court has extended the claims-filing deadline. The parties and Schulman propose that the Settlement Website be updated with the language provided in **Exhibit A** attached hereto.

4) The Settlement Administrator shall treat previously untimely claims as timely filed, including the 30,658 untimely claim forms it previously reported (ECF 1029).

5) Objector Schulman and the parties disagree about whether supplemental email notice is within the scope of the Court's Order.

5)(a) Objector Schulman proposes that, if feasible, inexpensive email notices with the content of Exhibit A be sent to absent class members whose email address is known to the settlement administrator. The email should be titled "Claims Period Reopened For Anthem Data Breach Class Action Settlement," and introductory text should state, "This is a Court approved supplemental Legal Notice. This is not an advertisement. If you have already filed a claim in the Anthem Data Breach Class Action Settlement, no further action is required."

As of last night, Schulman's counsel has been advised that such email imperils the quoted price for credit monitoring, which explicitly rested on assumptions about the notice program. Experian has reportedly reserved its right to modify pricing if class members receive any more

than one direct written communication about the claims process. Objector Schulman does not wish to jeopardize class relief. That said, the Court should inquire to the terms of any agreement contingent on particular forms of notice. Schulman contends such an agreement is "made in connection" with the proposed settlement, so relevant terms should be disclosed under Rule 23(e)(3). "In exercising discretion under this rule, the court may act in steps, calling first for a summary of any agreement that may have affected the settlement and then for a complete version if the summary does not provide an adequate basis for review." 2003 Advisory Committee Notes.

Assuming the agreement(s) with Experian or other vendors effectively preclude an inexpensive reminder email, Schulman agrees that such an email is not worth jeopardizing class benefits. Schulman reserves all potential objections arising from the agreement(s) until he has a better understanding of what, precisely, they require.

5)b) Class counsel has not made the specifics of their objection to Schulman's Paragraph 5(a) known to Schulman as of 9:54 a.m. this morning.

Dated: June 13, 2018

By: /s/ Theodore H. Frank
COMPETITIVE ENTERPRISE INSTITUTE
CENTER FOR CLASS ACTION FAIRNESS
Theodore H. Frank
Frank Bednarz
1310 L Street NW 7th Floor
Washington, DC 20005
Voice: 202-331-2263
Email: ted.frank@cei.org

*Attorneys for Objector Adam Schulman*