UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| IN RE ANTHEM, INC. DATA BREACH LITIGATION | Case No: 15-md-02617-LHK (NC) |

### OBJECTOR TERESA MAYO'S MOTION FOR ATTORNEY FEES

Objector, Teresa Mayo ("Objector" or "Mayo"), and her attorney, hereby request the Court to award attorney's fees and costs to Objector's counsel for increasing the fund and otherwise substantially benefitting the class members.

**Summary of Procedural History and Objector's Substantial Benefit to Class**

Mayo is a class member who was a victim of the Defendant's data breach. On December 1, 2017, Class Counsel submitted its Motion and Memorandum for Final Approval of Class Action Settlement and its Motion for Attorney's Fees, Litigation Expenses, and Service Awards to Class Representatives. The proposed settlement terms included a total of $115 million for class members and $37.95 million in attorney fees.

On January 2, 2018, Objector filed an objection to the fairness and reasonableness of the proposed settlement terms, including the attorney fees. *See* Doc. No. 932. Among various arguments, Objector contended that the funds belonged to class members and only minimal amounts should be distributed to class members. *Id.* Objector also objected that class counsel's fees were excessive and should be capped at 25 percent. *Id.* A fairness hearing on the proposed settlement was held on February 1, 2018 and then on June 14, 2018.

On August 15, 2018 and August 17, 2018, following the fairness hearing, the Court entered an extensive Order granting final approval of the proposed settlement and approving attorney fees,

1

respectively. Some of the arguments raised by Mayo in her objection were also referenced and adopted by the Court as part of its Order. In particular, the Court said the following:

> First, Teresa Mayo objects that the remaining funds will be given as a cy pres award to the Center for Education and Research in Information Assurance Security at Purdue University and the Electronic Frontier Foundation. ECF No. 932 at 2. In her view, any leftover funds should go to Settlement Class Members. Id. at 3. Before the April 2018 amendment, residual funds would be used to augment alternative cash payments up to $50 and to extend credit monitoring services from two years up to four years. The cy pres recipients would receive any remaining funds. Because of the four-year limit on credit monitoring services and the low response rate from the Settlement Class, at the time of the Final Approval Hearing, approximately $3.3 million would be distributed to the cy pres recipients. ECF No. 960-3. In response, the parties negotiated the April 2018 amendment. Under the amendment, there are additional distributions to the Class. First, after all other claims and expenses have been paid, any remaining funds will be used to supplement the $15 million reserve for out-of-pocket costs. ECF No. 1007-2 ¶ 4.8. Second, if any funds still remain, those funds will be used to pay for as many extra months of credit monitoring services as possible. Id. In this way, excess funds will be distributed to the Class, and an amount no greater than the cost of one month of credit monitoring ($416,666.66, or about 0.5 cents per Settlement Class Member) will be awarded to cy pres recipients. This setup comports with the law's general preference for cy pres awards to be limited to scenarios where it is not feasible to make further distributions to class members. *See Nachshin v. AOL, LLC*, 663 F.3d 1034, 1038 (9th Cir. 2011) ("[F]ederal courts frequently use the cy pres doctrine in the settlement of class actions where the proof of individual claims would be burdensome or distribution of damages costly." (internal quotation marks and citation omitted)); *see also* Principles of the Law of Aggregate Litig. § 3.07 (Am. Law Inst. 2010); *In re BankAmerica Corp. Sec. Litig.*, 775 F.3d 1060, 1064 (8th Cir. 2015); *Klier v. Elf Atochem N. Am., Inc.*, 658 F.3d 468, 475 (5th Cir. 2011).

Final Order Approving Settlement, p. 51 and 52.

The Court awarded fees in the amount of $31.05 million instead of 37.95 million, reasoning that utilizing the 25 percent of the total fund as a starting point was more in line with 9th Circuit precedent instead of the 33 percent requested, as suggested by Objector.

As a result, the amount of money available to the class is almost $10 million ($2,883,333.34 + $6.9 million) greater than what Class Counsel asked for. Mayo's objection increased the fund available to class members and conferred a substantial benefit on the class.

**I. Objector Mayo's Attorney is Entitled to Attorney's Fees**

Although an objector to a class action settlement is not automatically entitled to a fee award, "objectors are entitled to compensation for attorneys' fees and expenses if the settlement was improved as a result of their efforts." *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 273 F. Supp. 2d 563, 565 (D.N.J. 2003) (objectors awarded attorney fee of $1,260,000.00, which was 1.4% of the total attorney fee, because objections were responsible for 1.4% of the value of the fund). For example, in *Rodriguez v. West Publg. Corp.*, 563 F.3d 948, 963 (9th Cir. 2009), the Ninth Circuit held that objectors who had influenced the district court's examination of certain elements, resulting in an increase to the settlement-distribution fund, were entitled to an award of reasonable attorney's fees. Furthermore, if objectors "are successful in challenging an award of attorneys' fees to lead class counsel, their objections have conferred a benefit on the class." *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 273 F. Supp. 2d at 565.

Pursuant to the Ninth Circuit's holding in *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1051 (9th Cir. 2002), an objector should be paid attorney's fees if, through their efforts, they "increase the fund or otherwise substantially benefit the class members." *See also Great Neck Capital Appreciation Inv. Partn., L.P. v. PricewaterhouseCoopers, L.L.P.,* 212 F.R.D. 400, 417 (E.D. Wis. 2002) (objectors awarded $152,250.00 for securing exclusion of ERISA claims release). While the "substantial benefit" standard in *Vizcaino* is usually applied in the context of non-monetary improvements to a settlement, the Ninth Circuit has affirmed an award of attorney fees to an objector who merely "provided some - though not a major or extensive - benefit to the common fund." *In re Riverstone Networks, Inc.*, 256 Fed. Appx. 168, 170 (9th Cir. 2007)(unpublished).

In the case at bar, it is clear that Objector increased the fund for the benefit of the class members. The Court relied upon Objector's arguments in connection with its reduction of cy pres awards and award of attorney fees. Objectors have been awarded attorney's fees for far less of a contribution to the outcome of a class action. For instance, in *Shaw v. Toshiba Am. Info. Sys., Inc.*, 91 F. Supp. 2d 942, 983 (E.D. Tex. 2000), attorney fees were awarded to an objector who secured six additional months for the redemption of coupons, which was found to be a substantial benefit to the class. Here, the efforts of Objector allowed for roughly $10 million to be placed back in the hands of class members.

## II. Objector Mayo's Attorney is Entitled to a Reasonable Percentage of the Fees Earned by Class Counsel

Along with making a determination that Mayo's attorney is entitled to attorney's fees and costs, the Court must evaluate the reasonableness of the amount of the fee to be awarded to Mayo's attorney. It is common for Courts to award objectors an attorney's fee, as a percentage of the class counsel's fee, that is based on the percentage increase in the total value of the fund that is attributable to the objection. *See In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 273 F. Supp. 2d at 565 (objectors awarded attorney fee of $1,260,000.00, which was 1.4% of the total attorney fee, because objections were responsible for 1.4% of the value of the fund). The percentage-of-recovery method "is designed to allow courts to award fees from the fund 'in a manner that rewards counsel for success and penalizes it for failure.'" *Id.* at 566.

The efforts of Mayo's attorney substantially contributed to the recovery of the class members by pointing out the deficiencies of the proposed settlement. Fairness dictates that Mayo's attorney should be awarded a reasonable percentage of the attorney's fees and costs to be recovered

by class counsel. Based upon the outcome of this matter, Mayo requests 5% of the $9.78 million ($489,000) that is now going to the class instead of going to Class Counsel.

The requested fee percentage is supported by the skill and efficiency of the attorney involved in prosecution Mayo's objection, along with the risk of nonpayment taken by Mayo's attorney and the amount of time that was devoted to reviewing, analyzing, researching and presenting the grounds for the objection to the proposed settlement.

In summary, the Court should award Mayo's attorney a fee of 5% of the $10 million that will be added to the class fund.

Date: 9-4-18

*/s/ Annette Borzakian*

Annette Borzakian

601 South Figueroa ST, Suite 4050

Los Angeles, CA 90017-5879

annette@mamatried.org

213-330-4235

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was filed electronically via CM/ECF on September 4, 2018, and served by the same means on all counsel of record.

*/s/ Annette Borzakian*

Annette Borzakian