UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE ANTHEM, INC. DATA BREACH LITIGATION | Case No. 15-MD-02617-LHK<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION FOR ATTORNEY FEES AND OBJECTION FOR LACK OF JURISDICTION**<br><br>Re: Dkt. Nos. 1056, 1057 |

On August 15, 2018, this Court issued an Order Granting Plaintiffs' Motion for Final Approval of Class Action Settlement. ECF No. 1046. On August 16, 2018, this Court issued an Order Adopting in Part Special Master's Report and Recommendation Re: Motion for Attorneys' Fees, Litigation Expenses, and Service Awards to Class Representatives. ECF No. 1047. After issuing these two orders, this Court entered judgment on August 16, 2018. ECF Nos. 1048. On August 17, 2018, this Court issued a revised Order Adopting in Part Special Master's Report and Recommendation Re: Motion for Attorneys' Fees, Litigation Expenses, and Service Awards to Class Representatives. ECF No. 1049. Specifically, the Court made non-substantive revisions to

1

Case No. 15-MD-02617-LHK
ORDER DENYING WITHOUT PREJUDICE MOTION FOR ATTORNEY FEES AND OBJECTION FOR LACK OF JURISDICTION

United States District Court
Northern District of California

1    the attorneys' fees order's description of *In re High-Tech Employee Antitrust Litigation*, No. 11-

2    CV-02509-LHK, 2015 WL 5158730 (N.D. Cal. Sept. 2, 2015).  ECF No. 1049 at 28, 42, 43.

3         On September 11, 2018, a set of objectors filed a notice of appeal from the Court's final

4    approval order, attorneys' fees order, and final judgment.  ECF No. 1051.  On September 13,

5    2018, two additional objectors filed two separate notices of appeal from the Court's final approval

6    order, attorneys' fees order, and final judgment.  ECF Nos. 1053, 1055.  After the filing of these

7    three notices of appeal, the Court received two additional filings in this case on September 14,

8    2018.  First, Robert Grondona filed an Objection to Settlement and Conditional Exclusion by

9    Named Plaintiff.  ECF No. 1056.  Second, objector Teresa Mayo filed a Motion for Attorney Fees.

10   ECF No. 1057.

11        On September 17, 2018, the Court requested that the parties file a joint response to these

12   two filings by September 20, 2018.  ECF No. 1059.  The Court asked the parties to "address the

13   merits of the two filings and whether the Court has jurisdiction in light of the three pending

14   notices of appeal."  *Id.* at 2.  On September 20, 2018, the Court granted the parties' request for a

15   one-day extension to file their joint response.  ECF Nos. 1060, 1061.  On September 21, 2018, the

16   parties filed their joint response to Mr. Grondona's and Ms. Mayo's filings.  ECF No. 1064.

17        In that joint response, the parties argue that the Court lacks jurisdiction to grant the relief

18   requested by Mr. Grondona and Ms. Mayo.  *Id.* at 1.  The Court agrees.  A notice of appeal

19   generally "confers jurisdiction on the court of appeals and divests the district court of its control

20   over those aspects of the case involved in the appeal."  *Griggs v. Provident Consumer Disc. Co.*,

21   459 U.S. 56, 58 (1982).  Although district courts retain jurisdiction to address certain collateral

22   matters, "if the order from which the appeal is taken is the very order that a party seeks to

23   augment, then the district court cannot retain control of the aspects of the case on appeal."

24   *Hendricks v. Starkist Co.*, No. 13-CV-00729-HSG, 2017 WL 2289210, at *2 (N.D. Cal. May 25,

25   2017) (internal quotation marks and citation omitted).

26

27                                          2

28   Case No. 15-MD-02617-LHK
     ORDER DENYING WITHOUT PREJUDICE MOTION FOR ATTORNEY FEES AND OBJECTION FOR LACK
     OF JURISDICTION

United States District Court
Northern District of California

1    Both Mr. Grondona's request and Ms. Mayo's request seek to augment orders from which

2 an appeal has been taken.  Mr. Grondona objects to the terms of the settlement, particularly to the

3 language of the release.  *See* ECF No. 1056 at 4–5.  The Court could address Mr. Grondona's

4 objection only by amending the final approval order, from which an appeal already has been

5 noticed.  Even if Mr. Grondona's objection could be construed as a motion to amend the judgment

6 under Federal Rule of Civil Procedure 59(e) or a motion for relief from the final judgment under

7 Federal Rule of Civil Procedure 60(b), such a motion would be untimely to toll the time to appeal.

8 Under Federal Rule of Appellate Procedure 4(a)(4)(A), a motion under Rule 59(e) or Rule 60(b)

9 must be filed within 28 days of the entry of judgment.  *See* Fed. R. App. P. 4(a)(4)(A)(vi)

10 (providing that a motion under Rule 60 must be "filed no later than 28 days after the judgment is

11 entered"); Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later

12 than 28 days after the entry of the judgment.").  Not only was Mr. Grondona's September 14, 2018

13 objection filed more than eight months after the December 29, 2017 deadline for submitting

14 objections, ECF No. 903 at 5, but his objection was filed 29 days after the Court entered final

15 judgment approving the settlement on August 16, 2017.  Thus, in light of the three pending notices

16 of appeal, the Court lacks jurisdiction to grant Mr. Grondona's requested relief.

17    The Court also lacks jurisdiction to rule on Ms. Mayo's motion for attorney fees.  Ms.

18 Mayo seeks an award of fees from the settlement fund.  ECF No. 1064 at 2.  The Court could

19 address Ms. Mayo's request only by amending the attorneys' fees order, from which an appeal

20 already has been noticed.  Moreover, Ms. Mayo cannot argue that her motion should be construed

21 as a tolling motion that would keep jurisdiction in the district court.  Ms. Mayo's request for

22 "attorney's fees and costs" is governed by Federal Rule of Civil Procedure 23(h).  *See* Fed. R. Civ.

23 P. 23(h) advisory committee's note to 2003 amendment (noting that Rule 23(h) applies to

24 "attorneys who represented objectors to a proposed [class action] settlement").  Rule 23(h)(1), in

25 turn, adopts the procedures of Rule 54(d)(2).  Under that rule, a third-party fee request must "be

26 filed no later than 14 days after the entry of judgment" unless "a statute or a court order provides

27

28 Case No. 15-MD-02617-LHK
ORDER DENYING WITHOUT PREJUDICE MOTION FOR ATTORNEY FEES AND OBJECTION FOR LACK
OF JURISDICTION

3

otherwise." Fed. R. Civ. P. 54(d)(2)(B)(i); Civil L. R. 54-5(a) ("[M]otions for awards of attorney's fees by the Court must be served and filed within 14 days of entry of judgment by the District Court."); *see also* 5 William B. Rubenstein, Newberg on Class Actions § 15:13 (5th ed. 2018) ("Absent such a court-designated deadline, third-party fee requests would be governed by Rule 54(d)(2)(B)(i)'s 14-day time frame."). Ms. Mayo has not identified, and the Court has not found, any statute or court order providing for more than 14 days to file a motion for attorneys' fees. Thus, Ms. Mayo's September 14, 2018 motion was untimely because it was filed 29 days after the Court entered final judgment on August 16, 2018.[1] Accordingly, the Court DENIES without prejudice Ms. Mayo's motion for attorney fees because the notices of appeal divest the Court of jurisdiction.

**IT IS SO ORDERED.**

Dated: September 24, 2018

LUCY H. KOH
United States District Judge

---

[1] Ms. Mayo's motion would be untimely even if the deadline were measured from the Court's August 17, 2018 revised attorneys' fees order.

Case No. 15-MD-02617-LHK
ORDER DENYING WITHOUT PREJUDICE MOTION FOR ATTORNEY FEES AND OBJECTION FOR LACK OF JURISDICTION