1  Craig A. Hoover, SBN 113965
   E. Desmond Hogan (admitted *pro hac vice*)
2  Peter R. Bisio (admitted *pro hac vice*)
   Michelle A. Kisloff (admitted *pro hac vice*)
3  Allison M. Holt (admitted *pro hac vice*)
   Adam A. Cooke (admitted *pro hac vice*)
4  **HOGAN LOVELLS US LLP**
   555 Thirteenth Street, NW
5  Washington, DC 20004
   Tel: (202) 637-5600
6  Fax: (202) 637-5910
   craig.hoover@hoganlovells.com
7  desmond.hogan@hoganlovells.com
   peter.bisio@hoganlovells.com
8  michelle.kisloff@hoganlovells.com
   allison.holt@hoganlovells.com
9  adam.a.cooke@hoganlovells.com

10 Michael M. Maddigan, SBN 163450
   **HOGAN LOVELLS US LLP**
11 1999 Avenue of the Stars, Suite 1400
   Los Angeles, CA 90067
12 Tel: (310) 785-4600
   Fax: (310) 785-4601
13 michael.maddigan@hoganlovells.com

14 *Attorneys for Defendant Anthem, Inc.*
   Additional Defendants' Counsel Listed on Signature Page
15

16                    **UNITED STATES DISTRICT COURT**

17                    **NORTHERN DISTRICT OF CALIFORNIA**

18                              **SAN JOSE DIVISION**

| IN RE ANTHEM, INC. DATA BREACH LITIGATION | Case No. 5:15-MD-02617-LHK<br><br>**ANTHEM, INC.'S RESPONSE TO SUA SPONTE REFERRAL ORDER**<br><br>The Honorable Lucy H. Koh |
|---|---|

On October 31, 2018, United States District Judge Jeffrey White issued a Sua Sponte Referral Order referring *Arnold v. Anthem Inc.*, No. 18-cv-02981-JSW ("*Arnold*"), to this Court "for the purposes of determining whether it is related to *In re Anthem Inc. Data Breach Litigation*, No. 15-md-2617 [(the "*Anthem* MDL")]." Dkt. No. 1073. Pursuant to Civil Local Rule 13-2, Defendant Anthem, Inc. ("Anthem") responds to the Sua Sponte Referral Order as follows.[1]

## INTRODUCTION

There is no question that *Arnold* is related to the *Anthem* MDL. The plaintiff in *Arnold* ("Plaintiff") has sued Anthem, which was the primary defendant in the *Anthem* MDL, alleging that she suffered various harms purportedly connected to the cyber attack that is at the core of the *Anthem* MDL. It would be inefficient, a waste of judicial resources, and create a risk of conflicting results for *Arnold* to proceed separately before a different Judge, particularly where, as here, this Court has granted final approval to a class action settlement resolving the *Anthem* MDL while retaining jurisdiction over this matter and the settlement. *See* Dkt. No. 1048.

## ARGUMENT

The Court should find that *Arnold* is related to the *Anthem* MDL. "An action is related to another when:

(1) The actions concern substantially the same parties, property, transaction or event; and

(2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges."

Civil L.R. 3-12(a). Both of those requirements are fully satisfied here.

The First Amended Complaint ("FAC") in *Arnold*, a copy of which is attached hereto as Exhibit 1, demonstrates that *Arnold* concerns substantially the same parties as the *Anthem* MDL. Anthem is the only defendant in *Arnold*, and it also is the first-named defendant in the *Anthem* MDL. *Compare Arnold* FAC at 2 *with Anthem* MDL Fourth Consolidated Amended Class Action Complaint, Dkt. No. 713-4 at 45. While Plaintiff was not a named plaintiff in the *Anthem*

---

[1] Anthem has not been served with the Summons and Complaint in *Arnold* and files this Response to Sua Sponte Referral Order without waiving any of its rights and defenses.

MDL, she was a member of the putative classes the Anthem MDL plaintiffs moved to certify. *See* Dkt. No. 719-3 (moving to certify classes including California residents whose information was "compromised as a result of the breach announced by Anthem on or around February 5, 2015"). She also is a member of the Settlement Class that the Court did certify. *See* Dkt. No. 1046 at 2. This is demonstrated by that fact that Plaintiff received a class notice postcard addressed to her from the Settlement Administrator, which Plaintiff attached as an exhibit to her FAC. *See Arnold* FAC Ex. A. As the long form notice the Court approved explained: "If you receive a postcard Notice of this Settlement, you have been identified by the Settlement Administrator as a Settlement Class Member." *See* Dkt. No. 869-14 at 12. Thus, because Plaintiff did not opt out of the Settlement Class, *see* Dkt. No. 1041, Ex. C., she is unquestionably a Settlement Class Member.

The *Arnold* FAC also demonstrates that *Arnold* and the *Anthem* MDL concern substantially the same transaction or event. Although much of the FAC is impossible to decipher, it is clear that the allegations in the FAC are connected to the cyber attack Anthem announced in February 2015 that gave rise to the *Anthem* MDL. For example, the first sentence of the "Statement of Facts" in the FAC references "Defendant Anthem Inc. Data Breach Litigation" and a "2015 Class Action Claim ID." *Arnold* FAC at 2. That Claim ID matches the Claim ID included on another postcard attached to the FAC that the *Anthem* MDL Settlement Administrator sent to the "Parent or Guardian of" a minor," whom Plaintiff alleges is a family member. *See Arnold* FAC Ex. A; *id.* at 2. The FAC further alleges that "Anthem holds plaintiff's personal information such as SSN, address, [and] phone number," that that "Plaintiff and her family [are] part of Anthem Inc. Data Breach." *Id.* at 2, 3. According to Plaintiff, "she had [a] normal life until **breach of medical records**, all her sensitive psy records got expose[d] by cyber attack."[2] *Id.* at 4 (emphasis in original). Plaintiff also claims that the "[n]egligence and carelessness of Defendant's technology caused harm to customers," referencing "80 million customer[s]," the

---

[2] Plaintiff is wrong to the extent she alleges that medical records were impacted by the 2015 cyber attack. However, Plaintiff's error does not undercut the fact that *Arnold* concerns substantially the same parties, transactions, and events as the *Anthem* MDL.

approximate number of individuals impacted by the 2015 Anthem cyber attack. *Id*. The very last allegation in the FAC further underscores the undeniable connection between *Arnold* and the *Anthem* MDL: "Defendant implied obligation by breaching personal health information in carelessness, wrongful conduct intentionally breaching patients health information Anthem Inc. Data Breach (***Anthem Inc. Data Breach* (Exhibit A) *Litigation*) Case No. 15-MD-02617-LHK** Defendant breach of contract, data breach." *Id.* at 7-8 (emphasis in original).

Finally, allowing *Arnold* to proceed before a separate Judge would be inefficient, a waste of judicial resources, and could lead to conflicting results. This Court is intimately familiar with the legal and factual issues relating to the 2015 cyber attack as a result of having adjudicated multiple rounds of motions to dismiss and deciding numerous other issues, while overseeing extensive factual and expert discovery. Permitting *Arnold* to proceed before another Judge would be inefficient because it would require that Judge to develop a similar familiarity with legal and factual issues relating to the 2015 cyber attack. It also might lead to inconsistent results because another Judge might view those legal and factual issues differently than this Court. Further, because one of the issues that will have to be decided is whether Plaintiff's claims are barred by the settlement of the *Anthem* MDL, permitting *Arnold* to proceed before another Judge would be inconsistent with this Court's retention of jurisdiction over the settlement. *See* Dkt. No. 1048.

## CONCLUSION

For the foregoing reasons, the Court should find *Arnold* related to the *Anthem* MDL.

Respectfully submitted,

**HOGAN LOVELLS US LLP**
CRAIG A. HOOVER
E. DESMOND HOGAN
PETER R. BISIO
MICHELLE A. KISLOFF
ALLISON M. HOLT
ADAM A. COOKE

Dated: November 5, 2018    By:   /s/ Craig A. Hoover

Craig A. Hoover (SBN 113965)

|   |   |
|---|---|
| 1 | craig.hoover@hoganlovells.com |
| 2 | E. Desmond Hogan (admitted pro hac vice) |
|   | desmond.hogan@hoganlovells.com |
| 3 | Peter R. Bisio (admitted pro hac vice) |
|   | peter.bisio@hoganlovells.com |

craig.hoover@hoganlovells.com
E. Desmond Hogan (admitted pro hac vice)
desmond.hogan@hoganlovells.com
Peter R. Bisio (admitted pro hac vice)
peter.bisio@hoganlovells.com
Michelle A. Kisloff (admitted pro hac vice)
michelle.kisloff@hoganlovells.com
Allison M. Holt (admitted pro hac vice)
allison.holt@hoganlovells.com
Adam A. Cooke (admitted pro hac vice)
adam.a.cooke@hoganlovells.com
555 Thirteenth Street, NW
Washington, DC  20004-1109
Telephone:     (202) 637-5600
Facsimile:      (202) 637-5910

Michael Maddigan (SBN 163450)
michael.maddigan@hoganlovells.com
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA  90067
Telephone:     (310) 785-4600
Facsimile:      (310) 785-4601

*Attorneys for Defendant Anthem, Inc.*

**TROUTMAN SANDERS LLP**
CHAD R. FULLER

Dated: November 5, 2018         By:    /s/ Chad R. Fuller

Chad R. Fuller (SBN 190830)
chad.fuller@troutmansanders.com
11682 El Camino Real, Suite 400
San Diego, CA 92130
Telephone:     (858) 509-6056
Facsimile:      (858) 509-6040

*Attorney for Defendant Anthem, Inc.*

**NELSON MULLINS RILEY & SCARBOROUGH LLP**
JOHN D. MARTIN
LUCILE H. COHEN

Dated: November 5, 2018         By:    /s/ John D. Martin

John D. Martin (admitted pro hac vice)
john.martin@nelsonmullins.com

Lucile H. Cohen (admitted pro hac vice)
lucie.cohen@nelsonmullins.com
1320 Main Street, 17th Floor
Columbia, SC 29201
Telephone:  (803) 255-9241
Facsimile:  (858) 256-7500

*Attorneys for Defendant Anthem, Inc.*

### SIGNATURE ATTESTATION

Pursuant to Civil L.R. 5-1(i)(3), I hereby attest that concurrence in the filing of this document has been obtained from the signatories shown above.

Date: November 5, 2017     By:     /s/ *Craig A. Hoover*
                                                Craig A. Hoover