384737-6-6-PRI



Address Service Requested

PRESORTED
FIRST-CLASS MAIL
U.S. POSTAGE PAID
C2M LLC
22202



First Class
Accepted:
9/4/20, 3:17 PM (EDT-04:00)

1*************************SNGLP 480

Honorable Lucy H. Koh, US District Judg
280 S 1st St
San Jose, CA 95113-3002

## Document Information:
- 2 pages in the enclosed document
- 2 single sided sheets of paper

*This page was added by Docsmit and is not part of the document from the sender, which starts on the next page.*

George Mardikian

▮▮▮▮▮▮▮▮

Honorable Lucy H. Koh
United States District Judge
280 South First Street
San Jose CA 95113

Case # 15-MD-02617-LHK   *In Re Anthem Data Breach Litigation*

Your Honor,

I am a California attorney, however today I am writing in my personal capacity as a consumer and class member in the Anthem class action. I have personally observed gross negligence and deficiencies in the administration of payments to class members, and I am compelled to alert the Court, as I believe such actions affect many more claims than just my own personal claim, which remains improperly underpaid.

To provide a brief summary of my personal events, I was a victim of the Anthem data breach and subsequently suffered an incidence of ID theft in which an unauthorized account was opened in my name, using my social security number and personal information. In order to resolve the identity theft, I engaged the services of outside legal counsel to represent me. $8775 in professional fees were incurred in connection with the identity theft. I included the receipt for hiring such outside counsel to assist me in addressing the ID theft. I included this receipt along with my Class Action claim form, precisely as instructed on the Claim form. I also filed a claim for my personal time, which has a $150 maximum cap.

On August 6, 2020 I received a Notice of Denial of my claim from the Settlement Administrator. This letter shockingly stated I could not be located in the database, that all funds had been disbursed and no further funds were available, and that the decision was final and could not be appealed. Clearly, this letter was false, as my claim for personal time was paid in the sum of $150. However, my claim for professional fees incurred had not been paid.

I contacted both the Settlement Administrator and Class Counsel. A clerk from Lief Cabraser told me the denial letter was wrong. I expressed my concern that other class members had received a similar incorrect denial letter. I also contacted Lead Class Counsel Eve Cervantez. I received a call back from Class Counsel David Berger. He confirmed the letter from the Settlement Administrator was incorrect, that I was in the database, and that plenty of funds were still available to pay claims for professional fees. Mr. Berger advised me to submit a Declaration, which I did. On September 3, 2020 I received a check from the Settlement Administrator for $4000, again with no explanation or instruction on how to cure any deficiencies in my claim, in order to obtain full payment.

In 2017 My attorney negotiated a (confidential) settlement with the card issuer related to the ID theft. My bill for professional fees was $8775. Rather than write a check to my attorney for $8775, I decided it was easier for my counsel to retain the settlement monies, and I would issue him a check for $4000. This arrangement should not reduce my claim in the Anthem class action.

I strongly believe I am entitled to $8775 per the terms and language of the Anthem Blue Cross settlement. The claim form asks for the amount of professional fees incurred. If any offset or reduction of my claim were allowed, Anthem Blue Cross would be the party benefitting from the work of my attorney against the card issuer. Therefore, because I have already been paid $4000, I believe an additional $4775 is still due to me under the terms of the Anthem settlement.

Moreover, and my main reason for writing to the court, is to document the constant pattern of gross negligence in the administration of payments to class members. It is unconscionable I was sent a Notice of Denial stating they could not locate me in the class files. It was further unconscionable to lie to claimants and state that all funds had been disbursed. Lastly, it is unconscionable that my claim was not fully paid, without any explanation or justification. The Settlement Administrator, in its sworn Declarations to the Court, stated that Claimants would be notified of any deficiency, and would provide claimants specific information on how to cure any deficiency. This too did not happen.

No doubt scores of other claimants received erroneous denial letters, and either do not know how to follow up, or relied on the language of the denial letter which falsely stated all funds had been distributed. Even as an attorney, the difficulty I have experienced with my own claim suggests many other claimants have not had their claims properly reviewed or paid.

It may be prudent for this Court, on its own motion, to require Class Counsel and /or the Settlement Administrator to provide data of all claims for "professional fees incurred" which were denied, as I believe every single claim for professional expenses was improperly and negligently denied. This Court may wish to review written communications sent by the Settlement Administrator to the denied claimants. Further, the Settlement Administrator should provide evidence to show each denied claimant was given written instruction on how to cure any deficiencies with their claim. This should occur while there are still funds available to compensate claimants. In the third Declaration of the Settlement Administrator, she declared sufficient funds were available to fully pay (up to the $10,000 per claimant maximum) each and every claimant who filed a claim for professional fees incurred.

I am hopeful this letter reaches the Court in time to take action before the settlement funds are misappropriated. This is the first time in over 17 years of practice I have been compelled to notify a Court concerning a class action being administered in a wrongful fashion. Should you require additional information, feel free to contact me. This letter is electronically signed this 4th day of September, 2020.

Respectfully,
/s/ GEORGE MARDIKIAN
George Mardikian

CC: Eve Cervantez, Esq. (By Email) David Berger, Esq. (By Email)