ALTSHULER BERZON LLP
EVE CERVANTEZ (SBN 164709)
ecervantez@altshulerberzon.com
DANIELLE E. LEONARD (SBN 218201)
dleonard@altshulerberzon.com
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064

COHEN MILSTEIN SELLERS & TOLL PLLC
ANDREW N. FRIEDMAN (admitted pro hac vice)
afriedman@cohenmilstein.com
GEOFFREY GRABER (SBN 211547)
ggraber@cohenmilstein.com
ERIC KAFKA (admitted pro hac vice)
ekafka@cohenmilstein.com
1100 New York Ave. NW
Suite 500, West Tower
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile:  (202) 408-4699

*Lead Plaintiffs' Counsel*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| *In Re Anthem, Inc. Data Breach Litigation* | Case No. 15-MD-02617-LHK<br><br>**DECLARATION OF DAVID BERGER IN SUPPORT OF CLASS COUNSEL'S RESPONSE TO GEORGE MARDIKIAN'S LETTER TO THE COURT**<br><br>Date: N/A<br>Time: N/A<br>Judge: Hon. Lucy H. Koh<br>Crtrm: 8, 4th Floor |

I, David Berger, declare as follows:

1. I am a member in good standing of the California State Bar and the bar of this Court, and am a partner at Gibbs Law Group, LLP, one of the firms appointed as Class Counsel in this matter.

2. I have personal knowledge of the matters set forth herein, and could and would testify competently thereto if called upon to do so. I submit this declaration in support of Class Counsel's Response to George Mardikian's Letter to the Court.

3. In connection with Mardikian's claims submission, I confirmed with KCC, the Court-appointed Settlement Administrator that George Mardikian is a member of the settlement class that this Court approved.

4. Mr. Mardikian informed me that in 2015, he was the victim of an identity theft incident in which criminals used his personal information to open an account with a card issuer.

5. During my discussions with Mr. Mardikian, he told me that he does not claim that he suffered any out-of-pocket losses as a result of the 2015 identity theft incident because the card issuer determined the account had been opened fraudulently, closed the account and reversed all charges.

6. Mr. Mardikian also informed me that he filed an arbitration against the card issuer that was eventually settled with the card issuer paying $4,775 to Mardikian's attorney. The $4,775 was used to reduce Mardikian's unpaid balance of $8,775 in legal expenses. Mardikian later wrote his counsel a personal check for the remaining $4,000.

7. In July 2019, Mr. Mardikian submitted his out-of-pocket expenses claim to KCC, the Settlement Administrator, which I have obtained and reviewed. He requested compensation for 17 hours of time that he spent responding to the identity theft incident and $8,775 in attorneys' fees. He documented this claim by attaching an invoice from a law firm showing an unpaid balance.

8. KCC has informed me that when Mardikian submitted his initial claim, it approved the compensable time component and sent Mardikian a check for $150. KCC also denied

Mardikian's first request for attorneys' fees as insufficiently documented in that the invoice Mardikian submitted did not indicate either the nature of the arbitration or that Mardikian actually incurred any fees.  KCC also informed me that the KCC employee who adjudicated Mardikian's claim inadvertently misclassified it.  As a result, KCC did not send Mardikian a Notice of Deficiency letter, as per standard procedure in handing Anthem Data Breach claims.  Instead, in August 2020, KCC sent Mardikian a Notice of Denied Claim letter, which erroneously stated that KCC could not match Mardikian's information to the class list.  The Notice of Denied Claim letter, like all other notices KCC sent class members, provided a toll-free number for class members to contact Class Counsel.  Finally, I have reviewed the Notice of Denied Claim letter KCC sent Mardikian.  Contrary to Mardikian's repeated statements to the Court, the letter did not state that all settlement funds had been disbursed, that no further funds were available, or make any similar statements.

9. Mardikian contacted class counsel in mid-August 2020, seeking verification that he was actually a class member and later disputing KCC's decision to deny his claim.  Mr. Mardikian's claim was initially handled by a law clerk at another law firm.  When Mardikian became irate with the law clerk, the issue was escalated to my attention.  I reviewed Mr. Mardikian's claim submission, including his claim form and supporting documentation. In mid-August, I spent approximately 45 minutes speaking with Mr. Mardikian, discussing the settlement administration process, and the best ways to document his personal claim.  I also told Mr. Mardikian that there had been an error processing his claim, which resulted in him being sent a Notice of Denied Claim form instead of a Notice of Deficient Claim form.  I explained that this error had prevented him from providing additional information to bolster his out-of-pocket expenses claim. To rectify the situation, I spoke with my contacts at KCC, who immediately agreed that Mr. Mardikian would be provided an opportunity to cure the deficiencies. To speed up the process, I asked Mr. Mardikian to send his supplemental claim information to me directly and I would ensure that KCC reviewed it very quickly.

10. Ultimately, Mardikian provided me with a declaration, a copy of the $4,000 check he sent his attorney, and a document he described as privileged and confidential.

11. I promptly sent the declarations and check copy to KCC to supplement Mardikian's out-of-pocket expenses claim.

12. In late August, KCC told me that it had approved a $4,000 payment to Mardikian and explained its reasoning for denying the remainder of his claim, including that Mardikian had not alleged that he had actually incurred any unreimbursed expenses. Before KCC issued Mr. Mardikian's check, I repeatedly tried to contact Mardikian to explain the basis for KCC's determination, including on August 28, August 31, and September 1, 2020, and left him voicemail messages asking him to call me. Mardikian did not answer or return any of my calls.

13. I have had regular contact with KCC throughout the settlement administration process and received daily summary reports of class member inquiries regarding the settlement. I am not aware of any pattern of misconduct or widespread processing errors. In the relatively small number of errors, Class Counsel has worked with KCC to promptly correct and rectify these few errors.

14. I declare under penalty of perjury that the foregoing is true and correct. Executed this 29th day of September, 2020, at Oakland, California.

Dated: September 29, 2020          By: /s/ David M. Berger
                                   **GIBBS LAW GROUP, LLP**
                                   DAVID M. BERGER

- 3 -                BERGER DECL. SUPP. RESPONSE TO GEORGE
                     MARDIKIAN'S LETTER
                     CASE NO. 15-MD-02617-LHK