1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ALTSHULER BERZON LLP
EVE CERVANTEZ (SBN 164709)
ecervantez@altshulerberzon.com
DANIELLE E. LEONARD (SBN 218201)
dleonard@altshulerberzon.com
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064

COHEN MILSTEIN SELLERS & TOLL PLLC
ANDREW N. FRIEDMAN (admitted pro hac vice)
afriedman@cohenmilstein.com
1100 New York Ave. NW
Suite 500, West Tower
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile:  (202) 408-4699

*Class Counsel and Lead Plaintiffs' Counsel*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| *In Re Anthem, Inc. Data Breach Litigation* | Case No. 15-MD-02617-LHK |
| | **CLASS COUNSEL'S RESPONSE TO FEBRUARY 9, 2021 LETTER FROM GEORGE MARDIKIAN** |
| | Date: N/A<br>Time: N/A<br>Judge: Hon. Lucy H. Koh<br>Crtrm: 8, 4th Floor |

1   **I.    INTRODUCTION**

2          On February 9, 2021, the Court posted correspondence from class member and attorney

3   George Mardikian, ECF No. 1102, and ordered Plaintiffs' counsel David Berger and Class

4   Counsel/Co-Lead Plaintiffs' Counsel Eve Cervantez to respond to Mr. Mardikian's letter, ECF

5   No. 1103.  Mr. Mardikian appears to raise three main concerns related to his settlement claim.

6   First, he falsely claims that attorney David Berger lied to the Court, an allegation conclusively

7   refuted below.  Second, he incorrectly claims that he was not provided with notice of the

8   deficiencies in his claim and an opportunity to cure those deficiencies and speculates that

9   "hundreds of other claimants" may be in the same position.  Finally, Mr. Mardikian alleges that

10  Class Counsel and Co-Lead Plaintiffs' Counsel, Eve Cervantez, has failed to intervene on his

11  behalf and thus "consented to such deceit with intent to deceive this court, and this party."  ECF

12  No. 1102 at 3.  Mr. Mardikian's allegations are entirely meritless.

13  **II.   BACKGROUND**

14         The factual background concerning how Mr. Mardikian's claim was handled and the

15  Settlement Administrator's reasons for awarding him $4,000 rather than the requested $8,775 is

16  laid out in detail in Class Counsel's September 29, 2020 filings, and further explained in the

17  Declarations of Eve Cervantez and Lana Lucchesi, filed herewith.  *See* ECF Nos. 1101-1102.  In

18  addition, the following facts are relevant to Mr. Mardikian's latest correspondence.

19         On September 4, 2020, Mr. Mardikian wrote to this Court complaining of the Settlement

20  Administrator's claims adjudication decision and the manner in which his out-of-pocket

21  compensation claim had been handled.  *See* ECF No. 1099.  Class Counsel filed a response to Mr.

22  Mardikian's letter on September 29, 2020.  ECF Nos. 1100-1101.

23         On November 17, 2020, Mr. Mardikian sent Class Counsel an email that accused attorney

24  David Berger of lying to the Court in his September 29, 2020 Declaration.  *See* ECF No. 1102 at

25  8.  Class Counsel responded to Mr. Mardikian's concerns in a December 9, 2020 letter, which Mr.

26  Mardikian omitted from his most recent filing.[1]  *Id.* at 7-8.  Between December 9 and 10, Class

27  ───────────────
    [1] Class Counsel have not attached their December 9 letter because Mr. Mardikian may have
28  omitted it from the record in the belief that portions of the letter are protected by the attorney-
    client privilege.

CLASS COUNSEL'S RESPONSE TO FEBRUARY
                                               9, 2021 LETTER FROM GEORGE MARDIKIAN
                                                            CASE NO. 15-MD-02617-LHK

1   Counsel exchanged several emails with Mr. Mardikian.  *Id.* at 7.  The correspondence ended

2   when Class Counsel refused to continue discussing Mr. Mardikian's unfounded allegations of

3   perjury, which have no bearing on his out-of-pocket compensation claim.

4         On February 2, 2021, Mardikian wrote to the Court once again, reiterating his allegations

5   that his out-of-pocket compensation claim had been mishandled, that Mr. Berger lied to the Court,

6   and accusing Class Counsel and Co-Lead Plaintiffs' Counsel, Eve Cervantez, of being complicit

7   in the alleged malfeasance.  *See* ECF No. 1102.

8   **III.    ARGUMENT**

9         **A.      Mr. Mardikian Had a Full Opportunity to Cure His Deficient Claim.**

10        Mr. Mardikian cannot credibly claim he was not given the opportunity to cure his

11  deficient claim.  Attorney David Berger, acting for Class Counsel, personally advised Mr.

12  Mardikian about the problems with his original claim, suggested improvements, and submitted

13  his supplemental documentation to the Settlement Administrator for him.  *See* ECF No. 1100 at 3.

14  Mr. Mardikian nonetheless claims that he was never provided with a "Notice of Deficiency" or an

15  opportunity to cure his deficient claim submission.  *See* 2/9/21 Mardikian Letter, ECF No. 1102.

16  Mr. Mardikian is mistaken.

17        To the extent Mr. Mardikian's grievance is that he was not provided a *written* notice of

18  deficiencies, he misunderstands what the Settlement Agreement provides.  The Settlement

19  Agreement entitles class members to receive notice and a single opportunity to cure their

20  deficient claims, but does not require the notice to take any particular form.  The relevant

21  provision of the Settlement Agreement states:

22
23        To the extent the Settlement Administrator determines a claim for Out-of-Pocket
          Costs is deficient, within ten (10) days of making such a determination, the
          Settlement Administrator shall notify the Settlement Class Member of the
24        deficiencies and give the Settlement Class Member thirty (30) days to cure the
          deficiencies.  The Settlement Administrator shall have the sole discretion and
25        authority to determine whether the Settlement Class Member has cured the deficient
          claim such that it reflects valid Out-of-Pocket Costs actually incurred that are fairly
26        traceable to the Data Breach.

27

28

CLASS COUNSEL'S RESPONSE TO FEBRUARY
                                     9, 2021 LETTER FROM GEORGE MARDIKIAN
                                              CASE NO. 15-MD-02617-LHK

1   Settlement Agreement, ECF No. 869-8, § 6.2.  Given the large number of claims in this

2   settlement, the normal procedure was for the Settlement Administrator to issue written deficiency

3   notices, but that process was not mandatory.

4          In fact, the process provided to Mr. Mardikian far exceeded what was required.  After

5   Class Counsel realized that KCC had sent Mr. Mardikian the wrong letter (a denial letter rather

6   than a deficiency letter), Mr. Berger researched Mr. Mardikian's claim in detail.  *See* Berger

7   Decl., ECF No. 1101 ¶ 9.  Mr. Mardikian received notice of the deficiencies in his original claim

8   submission when Mr. Berger spent 45 minutes on the phone with Mr. Mardikian discussing the

9   materials Mr. Mardikian submitted in support of his original claim, why the documentation was

10  deficient, and the best ways to cure those deficiencies. *Id.*  During that conversation, Mr. Berger

11  reiterated that Mr. Mardikian would have one opportunity to cure the defects in his claim, just as

12  other class members only had one opportunity to cure.  *Id.*  Mr. Mardikian provided Mr. Berger

13  with documents and information, which Mr. Berger submitted to the Settlement Administrator.

14  *Id.* ¶¶ 9-11.

15         Ultimately, the Settlement Administrator determined that Mr. Mardikian had substantiated

16  $4,000 of the $8,775 he requested for reimbursement of compensable out-of-pocket costs.[2]  *See*

17  Lucchesi Decl. ¶ 3.  Mr. Mardikian may disagree with the Settlement Administrator's decision,

18  but that decision is now final.  *See* ECF No. 1100 at 4-6 (explaining the basis for Settlement

19  Administrator's determination); Settlement Agreement, ECF No. 869-8, § 6.2 (Settlement

20  Administrator shall have "sole discretion" to determine whether and to what extent a claim is

21  compensable and whether a Settlement Class Member has cured a deficient claim).

22         Mr. Mardikian also refers to the fact that the Settlement Administrator erroneously sent

23  him a "Notice of Denial" letter in August 2020.  Class Counsel addressed this issue in their

24  September 2020 filing.  *See* ECF No. 1100 at 6.  In that filing, Class Counsel explained that they

25  had undertaken another quality assurance review of the claims process to identify and remedy any

26  similar errors.  The Settlement Administrator completed that review shortly after Class Counsel

27

28

[2] Class Counsel's response to Mr. Mardikian's September 2020 letter provides a thorough discussion of the merits of Mr. Mardikian's out-of-pocket expenses claim and explains the Settlement Administrator's rationale for awarding him $4,000.  *See* ECF No. 1100.

CLASS COUNSEL'S RESPONSE TO FEBRUARY 9, 2021 LETTER FROM GEORGE MARDIKIAN
CASE NO. 15-MD-02617-LHK

1    filed their Response and reports that it did not detect any additional claims administration errors.

2    *See* Lucchesi Decl. ¶ 4.

3              **B.    Mr. Mardikian's False Allegations Concerning Class Counsel**

4              Mr. Mardikian devotes the majority of his latest filing to accusing attorney David Berger

5    of lying to the Court—an allegation that is demonstrably false.  Class Counsel take these charges

6    extremely seriously and fully refutes them below.  But whether and when Class Counsel or their

7    designees placed courtesy calls to Mr. Mardikian is irrelevant to his grievances about how his

8    claim was handled.

9              Mr. Mardikian claims that the following statement from Mr. Berger's September 2020

10   Declaration is a lie:

11
        Before KCC issued Mr. Mardikian's check, I repeatedly tried to contact Mardikian

12      to explain the basis for KCC's determination, including on August 28, August 31,
        and September 1, 2020, and left him voicemail messages asking him to call me.

13      Mardikian did not answer or return any of my calls.

14

15   *See* 2/9/21 Mardikian Letter, ECF No. 1102 at 3 (referencing Berger Decl., ECF No. 1101 ¶ 12).

16             Mr. Berger's Declaration is entirely truthful and accurate.  After the Settlement

17   Administrator informed Class Counsel of its decision concerning Mr. Mardikian's claim, Mr.

18   Berger decided to contact Mr. Mardikian to personally explain the Settlement Administrator's

19   reasoning.  *See* Berger Decl. ¶ 4.  To be clear, the Settlement Agreement does not require Class

20   Counsel to explain the reasoning behind the Settlement Administrator's claims adjudication

21   decisions.  Any such requirement, with a class numbering in the tens of millions, would be

22   completely unworkable. Mr. Berger attempted to explain the Settlement Administrator's

23   reasoning purely as a courtesy to Mr. Mardikian.

24             Because he did not regularly speak with Mr. Mardikian, Mr. Berger had to look up Mr.

25   Mardikian's phone number in his records.  To accomplish this, Mr. Berger reviewed reports that

26   memorialized communications between class members and the call center that Class Counsel had

27   established to assist them.  *Id.* ¶ 5.  That correspondence listed several telephone numbers for Mr.

28

CLASS COUNSEL'S RESPONSE TO FEBRUARY
9, 2021 LETTER FROM GEORGE MARDIKIAN
CASE NO. 15-MD-02617-LHK

1    Mardikian, including (650) 520-0226, a number that Mr. Mardikian apparently provided to the

2    call center.  *Id.*

3            Mr. Berger's phone records confirm that he called Mr. Mardikian at the (650) 520-0226

4    number on August 28, August 31, and September 1, 2020.  *Id.* ¶¶ 6-10, Exs. A-B.  The durations

5    of those calls are consistent with Mr. Berger's statements that he left voicemail messages for Mr.

6    Mardikian.  *Id.*

7            In his latest filing, Mr. Mardikian states that he only has one telephone number in the 650

8    area code, which is not the number Mr. Berger called.  *See* ECF No. 1102 at 3.  A free, online

9    reverse telephone directory, however, indicates that the (650) 520-0226 phone number Mr. Berger

10   dialed is associated with Mr. Mardikian.  *See* Berger Decl. ¶ 11-12, Ex. C.  These records prove

11   that Mr. Berger's representations to the Court were completely accurate and truthful.

12   Accordingly, the Court need not take further action in response to Mr. Mardikian's baseless and

13   defamatory allegations.

14           **C.      Mr. Mardikian's Allegations Concerning Ms. Cervantez Are Unfounded.**

15           In the final paragraph of his letter to the Court, Mr. Mardikian accuses Co-Lead Class

16   Counsel Eve Cervantez of being complicit in the alleged attempt to deceive the Court.  *See* ECF

17   No. 1102 at 3.  As explained above, however, Mr. Mardikian's allegations of wrongdoing are

18   baseless.  Instead, the fact that Ms. Cervantez has kept apprised of attorney Berger's

19   communications with Mr. Mardikian and other class members demonstrates that she continues to

20   fulfill her duty to the Anthem settlement class members she was appointed to represent.  *See*

21   Cervantez Decl. ¶¶ 3-15 (explaining how Ms. Cervantez and Class Counsel worked to assist class

22   members generally, and Mr. Mardikian in particular).

23

24   **IV.    CONCLUSION**

25           Class Counsel have provided Mr. Mardikian and all other Anthem class members with

26   excellent representation and they continue to assist class members years after the Court approved

27   the settlement in this matter.  Mr. Mardikian's allegations are entirely meritless.

28

1   Dated: February 17, 2021

2                                           **COHEN MILSTEIN SELLERS & TOLL PLLC**
                                            ANDREW N. FRIEDMAN
3
                                            By: /s/ Eve H. Cervantez
4
                                            **ALTSHULER BERZON LLP**
5                                           EVE H. CERVANTEZ
                                            DANIELLE E. LEONARD
6
                                            *Class Counsel and Lead Plaintiffs' Counsel*
7
                                            By: /s/ David M. Berger
8
                                            **GIBBS LAW GROUP LLP**
9                                           ERIC GIBBS
                                            DAVID M. BERGER
10                                          505 14th Street, Suite 1110
                                            Oakland, California 94612
11                                          Telephone: (510) 350-9700
                                            Facsimile: (510) 350-9701
12
                                            **LIEFF CABRASER HEIMANN & BERNSTEIN,
13                                          LLP**
                                            MICHAEL W. SOBOL
14                                          275 Battery Street, 29th Floor
                                            San Francisco, CA 94111-3339
15
                                            *Class Counsel and Plaintiffs' Steering Committee*
16

17

18

19                              **SIGNATURE ATTESTATION**

20          Pursuant to Civil L.R. 5-1(i)(3), I hereby attest that I am the ECF user whose user ID and

21   password are being utilized in the electronic filing of this document and concurrence in the filing

22   of this document has been obtained from the signatories shown above.

23                                  */s/ David M. Berger*

24

25

26

27

28

CLASS COUNSEL'S RESPONSE TO FEBRUARY
                                            9, 2021 LETTER FROM GEORGE MARDIKIAN
                                            CASE NO. 15-MD-02617-LHK